94. On or about February 26, 2001, the Plaintiff saw a pair of women's underwear on the bulletin board in the guard room of the Revere Police Department. The room is accessible to members of the Department and the general public.

95. The Plaintiff saw the underwear on display until March 2, 2001. No ranking officer removed the offending article for several days. This incident and the conduct of the supervisors were consistent with the culture of degradation, humiliation and hostility that the Plaintiff was experiencing.

96. The "underwear incident" appeared to be an escalation of a 1998 incident when Plaintiff and other female officers observed a penis drawn on the chalk board located by the radio communication room.

97. The Plaintiff and the other females found these incidents offensive, demeaning, and intimidating. The hostile environment created a formidable barrier to the Plaintiff's full participation in the work of the Revere Police Department.

98. The Plaintiff's supervisor, Lieutenant Ford, made derogatory remarks about Plaintiff's race and national origin. On or about November 1998, Lieutenant Ford asked Plaintiff, in front of Officer Burke, "What are you? Spanish, Mexican, Cuban, you're all alike, a bunch of cockroaches." Plaintiff did not respond.

99. On or about July 1, 2000, the Plaintiff was present at a roll call. The officer in charge mentioned that several of the people arrested were from the City of Chelsea. Lieutenant Ford commented: "The sewage people." On or about October 12, 2000, Plaintiff filed a formal complaint against Lieutenant Ford based on his harassment of her.

100. On or about February 28, 2000, Lieutenant Foster walked into the radio room and angrily told Plaintiff to pick up her hair. He remarked "What do you think, you're special?" Plaintiff replied that her hair was up. Lieutenant Foster responded that Plaintiff should get it off her shoulders or get it cut. Plaintiff was hurt and humiliated by this remark because Lieutenant Foster did not make the same demand of white female officers. Lieutenant Foster made this remark in front of other male officers. The Plaintiff's hairstyle is not a bona fide personnel decision for Lieutenant Foster.

101. On or about February 29, 2000, Lieutenant Foster handed Plaintiff the schedule for March 2000. Plaintiff noticed that she was not scheduled to work the radio for the entire month of March. Lieutenant Foster did not assign the plaintiff to work the radio for two additional months. His decisions deprived the Plaintiff of valuable and necessary professional experience. They posed a formidable barrier to Plaintiff's full participation in the work of the Revere Police Department and were not bona fide personnel decisions.

102. Plaintiff has a hearing impairment. This impairment was known at the beginning of Plaintiff's employment. Lieutenant Foster routinely made disparaging remarks and mocking sign language gestures instead of providing reasonable accommodation to the

Plaintiff's disability. On or about March 1, 2001, the Plaintiff and other officers heard Lieutenant Foster say to Plaintiff, "Why don't you put the phone in your good ear."

103. This was not the only occasion on which Lieutenant Foster made such a remark. On or about January 23, 2001, Lieutenant Foster accused Plaintiff of not paying attention and stated, "Why don't you turn up those hearing aides?" Disrespectful treatment was practiced by the male officers and the supervisors took no remedial action. On or about December 7, 2001, Plaintiff was assigned to dispatch. Officer Crevoiserat yelled at the Plaintiff in an unprofessional manner using the Department's radio. His behavior was overheard by several local merchants and members of the general public who were listening on the scanner. On or about December 16, 2001, Maria Rizzo, a local business owner thought Crevoiserat treated Plaintiff, Sonia Fernandez, in an unprofessional manner. The owner of Lake's Towing Company also heard the exchange and was scandalized by Crevoiserat's behavior. Sergeant Picardi was working a paid detail at the time, he also heard the exchanges. He told the Plaintiff that Crevoiserat's behavior was a disgrace and inquired whether and remedial action had been taken. No remedial action was taken.

104. The Plaintiffs, Terri Pechner-James and Sonia Fernandez were attending the Police Academy in 1995. On one occasion, Chief Russo called Plaintiff, Sonia Fernandez, into his office and confronted her about an anonymous letter he received. The letter alleged that the Plaintiff was suicidal, was on drugs, and that her family was known to the police. The Plaintiff was intimidated by this meeting. The Chief increased Plaintiff's fear when he asked to record their conversation. The Plaintiff reluctantly agreed because she was afraid that she would not be allowed to finish her training and would lose the position that she fought so hard to achieve.

105. The barriers created by the Defendants were so formidable that the Plaintiffs went to see Mayor Thomas Ambrosino. The Plaintiff, Sonia Fernandez, also requested the paid leave normally given to male officers injured on the job. The Mayor offered the Plaintiff only an unpaid leave of absence. Three female officers, including the Plaintiff, Sonia Fernandez, filed complaints with the MCAD based on facts arising out of the hostile environment that existed in the Revere Police Department. The Plaintiff subsequently returned to work but has been unable to work in the environment of the Revere Police Department.

106. The Plaintiffs, Terri Pechner-James and Sonia Fernandez, suffered sexual harassment and a hostile work environment as defined by M.G.L.c. 151B § 4 and were deprived of full participation in the work of the Revere Police Department by the Defendants acting in their supervisory capacities. The Plaintiffs suffered sexual harassment and a hostile work environment, discrimination based on race and sex as defined in M.G.L.c. 151B § 4 and were deprived of full participation in the work of the Revere Police Department because of the actions of the Defendants. The Defendants, because of their supervisory capacity, are strictly liable under Massachusetts and Federal statutes for the injuries of both Plaintiffs, their lost wages and other damages.

107. The Plaintiffs, Terri Pechner-James and Sonia Fernandez, suffered intentional infliction of emotional distress and incurred medical and other expenses as a result. The Plaintiffs also suffered negligent infliction of emotional distress as demonstrated by physical manifestations and incurred and will continue to incur medical expenses. The Plaintiffs suffered intentional deprivation of employee benefits, were constructively discharged from her employment, suffered loss of income and benefits, and incurred medical and other expenses.

### Terri Pechner-James-Causes of Action

#### COUNT 1-Hostile Work Environment/Sexual Harassment

The Plaintiff, Terri Pechner-James, restates and realleges paragraphs 12 through 79 and paragraphs 104 through 107 as though fully stated herein.

108. The Defendant, City of Revere, was the Plaintiff's employer. The other Defendants were all ranking officers of the Revere Police Department and supervisors of the Plaintiff, Terri Pechner-James.

109. Together, they created a hostile work environment, sexually harassed the Plaintiff and caused the Plaintiff to become emotionally disabled. Lieutenant Bernard Foster's punishment program, Lieutenant Michael Murphy's condescending and demeaning manner, Lieutenant Salvatore Santoro's loutish behavior and his devastating accusations that the Plaintiff had sexual relations with prisoners, Acting Chief Roy Colannino and Captain Frederick Roland's discriminatory actions, Sergeant Thomas Doherty's double standard coupled with his loud and public misogynistic commentaries, Sergeant John Nelson's use of pornographic materials, Chief Russo's demeaning and humiliating public comments and behavior all combine to create an environment in which women's underwear can be placed on the public bulletin board and remain there for several days.

110. This hostile work environment and the sexual harassment that the Plaintiff experienced caused her to seek medical and hospital attention on more than 50 separate occasions. The Division of Administrative Law Appeals made a final adjudication and recommended consideration by a Medical Panel. The Medical Panel of the Public Employee Retirement Administration Commission unanimously adjudicated the Plaintiff's emotional disability on July 28, 2003. **(See Exhibits A & B.)** The Medical Panel gave great weight to the physical injury, the hospital visits, the medical treatment and psychological traumas documented in the file she presented to them.

111. The Commonwealth of Massachusetts has recognized that employers, like the City of Revere, owe a duty to protect their employees from workplace harms, including sexual harassment. This is a nondelegable duty. The Defendants, City of Revere and its Police Department, breached their nondelegable duty to this Plaintiff. They violated the statutory protections and the **strict liability** policy established by the Commonwealth in **College Town, Div. of Interco, Inc. v Massachusetts Commission Against**

**Discrimination,** 508 N.E.2d 587, 400 Mass. 156 (1987), and established by Federal law. See **Burlington Indistries, Inc. v Ellerth,** 524 U.S. 742; **Faragher v City of Boca Raton,** 524 U.S. 775 (1990). See also **Suders v Easton** No. 01-3512 (April 16, 2003.) 3rd Circuit

112. The Defendants are **strictly liable**, individually and severally, to the Plaintiff, Terri Pechner-James pursuant to M.G.L.c. 151B § 4(1) because they violated the Commonwealth's **strict liability policy** against hostile work environment/sexual harassment and similar protections provided by Federal law as stated in 42 U.S.C § 2000(e)-2.

WHEREFORE, this Plaintiff seeks $5 Million Dollars in damages for having endured more than seven (7) years of prolonged, severe, pervasive, hostile and abusive work environment and the intimidation, humiliation, stigmatization experienced during this period plus compensatory damages, medical and professional expenses, attorneys fees and costs and other damages incurred as a consequence of Defendants violation of the Commonwealth's policy of **strict liability**.

## COUNT II-Constructive Discharge

The Plaintiff, Terri Pechner-James, restates and realleges paragraphs 12 through 79 and paragraphs 104 through 107 as though fully stated herein.

113. The Defendants were all ranking officers of the Revere Police Department and supervisors of the Plaintiff. They created a hostile work environment, sexually harassed the Plaintiff and constructively discharged the Plaintiff in violation of M.G.L.c. 151 § 4(1). and 42 U.S.C. § 2000(e)-2. The conditions that the Defendants created were so intolerable that they altered the terms, conditions, and privileges of her employment. Lieutenant Salvatore Santoro's hostile behavior and his devastating accusations that the Plaintiff had sexual relations with prisoners, Acting Chief Roy Colannino and Captain Frederick Roland's discriminatory actions, Sergeant Thomas Doherty's double standard coupled with his loud and public misogynistic commentaries, Sergeant John Nelson's use of pornographic materials are among the many conditions that made the Plaintiff's work conditions intolerable. The last day the Plaintiff was able to work at the Revere Police Department was March 13, 2001.

114. The Defendants, as a result of their hostility and harassment, caused the Plaintiff to suffer emotional disability. On July 28, 2003, the Medical Panel of the Public Employee Retirement Administration Commission held that the Plaintiff was emotionally disabled from working as a public officer in the Revere Police Department. **(See Exhibits A&B)**

115. The Defendants are **strictly liable**, individually and severally, for damages to the Plaintiff, Terri Pechner-James resulting from their constructive discharge of Plaintiff in violation of M.G.L.c. 151B § 4(1) & (1)(C) and 42 U.S.C. § 2000(e)-2.

WHEREFORE, the Plaintiff seeks $150,000 in lost wages, $1,500,000 in future wages and benefits, plus medical and professional expenses and attorneys fees and costs.

### COUNT III-Disparate Treatment

The Plaintiff, Terri Pechner-James, restates and realleges paragraphs 12 through 79 and paragraphs 104 through 107 as though fully stated herein.

116. The Plaintiff, Terri Pechner-James, met with the Mayor, the Chief of Police and Captain Roland and along with other female officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause her injury. This Plaintiff offered medical evidence of her condition and requested the same leave with pay as is done for male employees.

117. The Defendants denied the Plaintiff's request, despite a letter from Plaintiff's counsel advising the Defendants that this decision was an act of disparate treatment. The Defendants offered the Plaintiff leave without pay. The Plaintiff's position has since been vindicated. Her emotional disability has since been adjudicated by two of the Commonwealth's administrative agencies. **(See Exhibits A & B.)**

118. The Defendants discriminated against the Plaintiff, and their actions constituted a bar to the Plaintiff. They barred the Plaintiff from full participation in the compensation, the terms, the conditions and the privileges of employment in violation of M. G. L. c. 151B §1 & (1)(C) and 42 U.S.C § 2000(e)-2.

119. Despite the adjudication of both the Division of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employees Retirement Administration Commission, the Defendants continue to deny the Plaintiff her disability retirement benefits, her lost wages and other privileges of her employment and continues to treat the Plaintiff in a manner different that other disability retirement cases.

WHEREFORE, the Plaintiff seeks $1 Million Dollars in damages for Discrimination and $5 Million Dollars for Defendants continuing violation of M.G. L. c. 151B § 4 and 42 U.S.C. § 2000 (e)-2 in defiance of State administrative decisions. Plaintiff also seeks medical costs, attorneys fees and costs and punitive damages.

### COUNT IV- Infliction of Emotional Distress

The Plaintiff, Terri Pechner-James, restates and realleges paragraphs 12 through 79 and paragraphs 104 through 107 as though fully stated herein.

120. The Defendants have by their acts and failures enumerated herein caused severe emotional distress to the Plaintiff. The Defendants intended to inflict or knew or should have known that emotional distress was the likely result of Sergeant Doherty's misogynistic outburst while watching a football game, Sergeant Nelson's use of

pornography, and Lieutenant Santoro's blatantly offensive behavior and the common use of sexually offensive language.

121. The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration Commission, the Defendants have refused to send the Plaintiff the notices required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to this Plaintiff.

122. Defendants conduct was extreme and outrageous. It shocks the conscience and violates the law. It was, and continues to be, beyond all possible bounds of human decency and utterly intolerable in a civilized community. Their present conduct displays the same callous disregard for the Plaintiff's emotional, physical and financial welfare that they began more than seven (7) years ago. By their conduct, the Defendants have intimidated, threatened and coerced the Plaintiff, caused her to develop Irritable Bowel Syndrome and other physical ailments relied upon by the Medical Panel. The emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff, Terri Pechner-James, seeks $2.5 Million Dollars for the emotional distress, the intimidation, the humiliation and the physical pain she has endured as a direct result of the Defendants conduct, both past and present and their continuing violations of M.G.L.c. 151B § 4A and 42 U.S.C. § 2000(e)-2. Plaintiff also seeks to recover miscellaneous expenses and damages that continue to accrue, punitive damages and any other remedy deemed just and proper by a Court sitting with or without a jury.

### Sonia Fernandez-Causes of Action

### COUNT 1-Hostile Work Environment/Sexual/Racial Harassment

The Plaintiff, Sonia Fernandez, restates and realleges paragraphs 48 through 51 and paragraphs 80 through 107 as though fully stated herein.

123. The Defendant, City of Revere and its Police Department were the Plaintiff's employer. The other Defendants were all employees of the City of Revere and ranking officers of the Revere Police Department and supervisors of the Plaintiff, Sonia Fernandez.

124. Together, they created a hostile work environment, sexually and racially harassed the Plaintiff and caused the Plaintiff to become emotionally disabled. The Plaintiff's emotional disability has been documented by her physician. The Defendants created a work environment in which Plaintiff's superior, Lieutenant Steven Ford, could make derogatory remarks about the Plaintiff's race and national origin with impunity.

125. On or about November 1998, Lieutenant Ford asked the Plaintiff, in the presence of another officer, "What are you? Spanish, Mexican, Cuban? You're all alike a bunch of cockroaches." On another occasion, he referred to people from Chelsea, Plaintiff's home town, as "sewerage people." This racially offensive and derogatory remark was not an isolated incident. Members of the Police Department routinely used the word "Spics" to describe Hispanics and "Niggers" to describe African-Americans.

126. **Exhibit G-Booking Photo** clearly demonstrates the racial climate and the culture of racial intolerance within the Revere Police Department. Exhibit G is an unflattering, racially offensive caricature of an African-American male. His booking photo has been altered to include a grass skirt, a spear, and flies emanating from his head. This caricature was widely disseminated within the Revere Police Department.

127. Defendant Lieutenant Bernard Foster, also subjected the Plaintiff to his "punishment program" which involved activities and assignments not related to the bona fide occupational qualifications of the Plaintiff. In addition, the Plaintiff has a hearing impediment. She was, however, capable of performing and she performed the essential functions of her position. Lieutenant Foster repeatedly mocked the Plaintiff's disability and imitated sign language gestures when communicating with Plaintiff. His conducted clearly violated M.G.L.c. 151B § 16.

128. The Plaintiff's worked in the same misogynistic environment as the CoPlaintiff. She experienced the same pornography, the blatantly offensive remarks and conduct directed at the females who worked in the Revere Police Department. In recent months, the Plaintiff became disabled, the Defendant, Revere Police Department ordered her back to work before she was physically able and before she had received medical authorization to return.

129. The Plaintiff has a peptic ulcer which has been aggravated by the stress created by the hostile work environment. She has received a diagnosis of Post Traumatic Stress Disorder and she continues to recover from her physical injury. She has received medical confirmation of her diagnosis and other supporting medical evidence is contained in her medical file which is attached as **Exhibit G.**

130. The Defendants are **strictly liable**, individually and severally, to the Plaintiff, Sonia Fernandez, pursuant to M.G.L.c. 151B § 4(1) because they violated the Commonwealth's **strict liability policy** against hostile work environment/sexual and racial harassment and Federal law as stated in 42 U.S.C. § 2000 (e)-2.

WHEREFORE, this Plaintiff seeks $5 Million Dollars in damages for having endured more than seven (7) years of prolonged, severe, pervasive, hostile and abusive work environment and the intimidation, humiliation, stigmatization experienced during this period plus compensatory damages, medical and professional expenses, attorneys fees and costs and other damages incurred as a consequence of Defendants violation of both State and Federal policies of **strict liability**.

## COUNT II-Constructive Discharge

The Plaintiff, Sonia Fernandez, restates and realleges paragraphs 48 through 51 and paragraphs 80 through 107 as though fully stated herein.

131. The Defendant, City of Revere, was the employer of the Plaintiff. The other Defendants were all ranking officers of the Revere Police Department and supervisors of the Plaintiff. They created a hostile work environment, sexually and racially harassed the Plaintiff and constructively discharged the Plaintiff in violation of M.G.L.c. 151 § 4(1) and 42 U.S.C. § 2000 (e)-2. The conditions that the Defendants created were so intolerable that they altered the terms, conditions, and privileges of her employment. Lieutenant Salvatore Santoro's hostile behavior and his devastating accusations that the Plaintiff had sexual relations with prisoners, Acting Chief Roy Colannino and Captain Frederick Roland's discriminatory actions, Sergeant Thomas Doherty's double standard coupled with his loud and public misogynistic commentaries, Sergeant John Nelson's use of pornographic materials, the use of racial slurs and racial caricatures are among the many conditions that made the Plaintiff's work conditions intolerable. In addition, the Plaintiff was required to return to work while she was medically and physically unable to do so.

132. The Defendants, as a result of their hostility and harassment, caused the Plaintiff to suffer emotional disability. Her condition was confirmed by the medical report included in **Exhibit G.** The medical report, requested by the City of Revere, confirms that the Plaintiff is incapable of working, as a police officer, in the Revere Police Department. The Defendants have constructively discharged the plaintiff from her employment with the Revere Police Department.

133. The Defendants are **strictly liable**, individually and severally, for damages to the Plaintiff, Sonia Fernandez, resulting from their constructive discharge of Plaintiff in violation of M.G.L.c. 151B § 4(1) & (1)(C) and 42 U.S.C. § 2000 (e)-2.

WHEREFORE, the Plaintiff seeks $150,000 in lost wages, $1,500,000 in future wages and benefits, plus medical and professional expenses and attorneys fees and costs.

## COUNT III-Disparate Treatment

The Plaintiff, Sonia Fernandez, restates and realleges paragraphs 48 through 51 and paragraphs 80 through 107 as though fully stated herein.

134. The Plaintiff, Sonia Fernandez, met with the Mayor, the Chief of Police and Captain Roland and along with other female officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause her injury. This Plaintiff offered medical evidence of her condition and requested the same leave with pay as is done for male employees.

135. The Defendants denied the Plaintiff's request, despite a letter from Plaintiff's counsel advising the Defendants that this decision was an act of disparate treatment. The Defendants offered the Plaintiff leave without pay. The Plaintiff's position has since been vindicated. Her emotional disability has since been recognized by a medical opinion requested by the City of Revere. **(See Exhibit G)**

136. The Defendants discriminated against the Plaintiff, and their actions constituted a bar to the Plaintiff. They barred the Plaintiff from full participation in the compensation, the terms, the conditions and the privileges of employment in violation of M. G. L. c. 151B §1 & (1)( C) and 42 U.S.C. § 2000 (e)-2.

137. Despite the Medical Opinion that states categorically that the Plaintiff is incapable of returning to work as a Revere Police Officer, the Defendants continue to insist that the Plaintiff return to work in violation of Union rules and medical advice. The Defendants continue to treat the Plaintiff in a manner different that other disability cases.

WHEREFORE, the Plaintiff seeks $ 1 Million Dollars in damages for Discrimination and $5 Million Dollars for Defendants continuing violation of M.G. L. c. 151B § 4 and 42 U.S.C. § 2000 (e)-2. and their continuing defiance of binding contracts and medical opinions. .

## COUNT IV- Infliction of Emotional Distress

The Plaintiff, Sonia Fernandez, restates and realleges paragraphs 48 through 51 and paragraphs 80 through 107 as though fully stated herein.

138. The Defendants have by their acts and failures enumerated herein caused severe emotional distress to the plaintiff. The Defendant intended to inflict or knew or should have known that emotional distress was the likely result of Sergeant Doherty's misogynistic outbursts, Sergeant Nelson's use of pornography, and Lieutenant Santoro's sexually offensive behavior, and the racial epithets and stereotyping that was commonplace in the Department.

139. The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supports the Plaintiff's position, the Defendants continue to coerce, threaten and intimidate the Plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) has created conflict with the Union membership, other officers and is unsupported by medical evidence.

140. The Defendants conduct was extreme and outrageous. It shocks the conscience and violates the law. It was beyond all possible bounds of human decency and was utterly intolerable in a civilized community. It exposed the Plaintiff to physical danger, financial risk and emotional peril. The Plaintiff has a peptic ulcer that has been aggravated by environment created by the Defendants. The Plaintiff's present physical and emotional

condition is a direct result of the hostile environment in which she has worked and the disparate treatment she has received from the Defendants over the seven (7) years that she has worked with the Revere Police Department. By their conduct, the Defendants have intimidated, threatened and coerced the Plaintiff in violation of M.G.L.c. 151B § 4A and 42 U.S.C. § 2000 (e)-2. This pattern of conduct continues unchanged.

WHEREFORE, the Plaintiff, Sonia Fernandez, seeks $2.5 Million Dollars for the emotional distress, the intimidation, the humiliation and the physical pain she has endured as a direct result of the Defendants negligent conduct, both past and present. Plaintiff also seeks to recover attorneys fees and costs, miscellaneous expenses and damages that continue to accrue, punitive damages and any other remedy deemed just and proper by a Court sitting with or without a jury.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Terri Pechner-James
Sonia Fernandez
By their attorney,

_____
James S. Dilday, Esq.

_____
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

I HEREBY ATTEST AND CERTIFY ON
DEC. 31, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
        ASSISTANT CLERK.

# COMMONWEALTH OF MASSACHUSETTS

Suffolk ,ss                                                        Civil Action:

Terri Pechner-James
Sonia Fernandez

V

City of Revere, Thomas Ambrosino, Mayor
City of Revere, Police Department, Terrence Reardon,
Chief Bernard Foster, Salvatore Santoro, Roy Colannino,
Frederick Roland, Thomas Doherty, John Nelson,
James Russo, Michael Murphy and Steven Ford.

## AFFIDAVIT

I, Sonia Fernandez, upon oath swear and affirm as follows:

1. I am a Plaintiff in the above-named action.
2. I have read the Complaint in this action.
3. The statements in the Complaint are true to the best of my knowledge and belief.

Date: September 30, 2003            Signature: _Sonia Fernandez_

## COMMONWEALTH OF MASSACHUSETTS

Suffolk ,ss                                                              Civil Action:

Terri Pechner-James
Sonia Fernandez

V

City of Revere, Thomas Ambrosino, Mayor
City of Revere, Police Department, Terrence Reardon,
Chief Bernard Foster, Salvatore Santoro, Roy Colannino,
Frederick Roland, Thomas Doherty, John Nelson,
James Russo, Michael Murphy and Steven Ford.

## **AFFIDAVIT**

I, Terri Pechner-James, upon oath swear and affirm as follows:

1. I am a Plaintiff in the above-named action.
2. I have read the Complaint in this action.
3. The statements in the Complaint are true to the best of my knowledge and belief.

Date:                                          Signature:_____

COMMONWEALTH OF MASSACHUSETTS

Suffolk ,ss                                                                 Civil Action:

Terri Pechner-James
Sonia Fernandez

V

City of Revere, Thomas Ambrosino, Mayor
City of Revere, Police Department, Terrence Reardon, Chief
Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy.

## **LIST OF ATTACHMENTS**

A. DALA decision to allow convening of Medical Panel dated 3-7-2003

B. Medical Panel Decision dated 7-28-2003

C. Revere Police Department Sexual Harassment Report dated 12-21-1998

D. Revere Police Department Sexual Harassment Report dated 1-14-1999

E. Underwear Incident Report dated 2-26-2001

F. Underwear Incident Report dated 3-20-2001

G. Sonia Fernandez- Package of Medical Reports

H. Booking Photograph of African-American-Altered