# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and<br>Sonia Fernandez,<br>      Plaintiffs<br><br>v.<br><br>City of Revere, Thomas Ambrosino, Mayor<br>City of Revere, Police Department,<br>Terrence Reardon, Chief,<br>Bernard Foster, Salvatore Santoro, Roy<br>Colannino, Frederick Roland, Thomas Doherty,<br>John Nelson, James Russo, Michael Murphy,<br>and Steven Ford,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. # 03-1249 MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY, AND STEVEN FORD'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

Now come the aforementioned defendants and answer the plaintiffs complaint as follows:

A.    The defendants deny allegations of paragraph A of the complaint.

B.    The defendants deny allegations of paragraph B of the complaint.

C.    The defendants deny allegations of paragraph C of the complaint.

1.    The defendants admit that Thomas Ambrosino is the Mayor, but deny the remaining allegations of paragraph one of the complaint.

2.    The defendants admit that Terrence Reardon is Chief of the Revere Police Department, but deny the remaining allegations of paragraph two of the complaint.

3.    The defendants admit that Bernard Foster and Steven Ford were Lieutenants in the

Revere Police Department, but deny the remaining allegations of paragraph three of the complaint.

4. The defendants admit that Salvatore Santoro was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph four of the complaint.

5. The defendants admit that Roy Colannino was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph five of the complaint.

6. The defendants admit that Fredrick Roland was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph six of the complaint.

7. The defendants admit that Thomas Doherty was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph seven of the complaint.

8. The defendants admit that John Nelson was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph eight of the complaint.

9. The defendants admit that James Russo was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph nine of the complaint.

10. The defendants admit that Michael Murphy was ranking officer in the Revere Police Department, but deny the remaining allegations of paragraph ten of the complaint.

11. The defendants deny the allegations of paragraph eleven of the complaint.

12. Paragraph twelve of the complaint requires no answer because it is a statement of law, and to the extent it contains any alleged facts, the defendants deny such.

13. Paragraph thirteen of the complaint requires no answer because it is a statement of law, and to the extent it contains any alleged facts, the defendants deny such.

14. The defendants admit the plaintiffs were sworn in as Revere Police Officers at various

2

times, but deny the remaining allegations of paragraph fourteen of the complaint.

15.    The defendants deny the allegations of paragraph fifteen of the complaint.

16.    The defendants are without sufficient knowledge to admit or deny the allegations of paragraph sixteen of the complaint.

17.    The defendants admit Lieutenant Foster was, at times, Pechner-James' supervisor, but deny the remaining allegations of paragraph seventeen of the complaint.

18.    The defendants deny the allegations of paragraph eighteen of the complaint.

19.    The defendants deny the allegations of paragraph nineteen of the complaint.

20.    The defendants deny the allegations of paragraph twenty of the complaint.

21.    The defendants deny the allegations of paragraph twenty-one of the complaint.

22.    The defendants deny the allegations of paragraph twenty-two of the complaint.

23.    The defendants deny the allegations of paragraph twenty-three of the complaint.

24.    The defendants deny the allegations of paragraph twenty-four of the complaint.

25.    The defendants deny the allegations of paragraph twenty-five of the complaint.

26.    The defendants deny the allegations of paragraph twenty-six of the complaint.

27.    The defendants deny the allegations of paragraph twenty-seven of the complaint.

28.    The defendants deny the allegations of paragraph twenty-eight of the complaint.

29.    The defendants deny the allegations of paragraph twenty-nine of the complaint.

30.    The defendants deny the allegations of paragraph thirty of the complaint.

31.    The defendants deny the allegations of paragraph thirty-one of the complaint.

32.    The defendants deny the allegations of paragraph thirty-two of the complaint.

33.    The defendants deny the allegations of paragraph thirty-three of the complaint.

34.    The defendants deny the allegations of paragraph thirty-four of the complaint.

35.    The defendants deny the allegations of paragraph thirty-five of the complaint.

36.    The defendants are without sufficient knowledge to admit or deny the allegations of
       paragraph thirty-six of the complaint.

37     The defendants deny the allegations of paragraph thirty-seven of the complaint.

38.    The defendants are without sufficient knowledge to admit or deny the allegations of
       paragraph thirty-eight of the complaint.

39.    The defendants deny the allegations of paragraph thirty-nine of the complaint.

40.    The defendants deny the allegations of paragraph forty of the complaint.

41.    The defendants deny the allegations of paragraph forty-one of the complaint.

42     The defendants deny the allegations of paragraph forty-two of the complaint.

43.    The defendants deny the allegations of paragraph forty-three of the complaint.

44.    The defendants deny the allegations of paragraph forty-four of the complaint.

45.    The defendants deny allegations of paragraph forty-five of the complaint.

46     The defendants deny the allegations of paragraph forty-six of the complaint.

47.    The defendants deny the allegations of paragraph forty-seven of the complaint.

48.    The defendants deny the allegations of paragraph forty-eight of the complaint.

49.    The defendants deny the allegations of paragraph forty-nine of the complaint.

50.    The defendants deny the allegations of paragraph fifty of the complaint.

51.    The defendants deny the allegations of paragraph fifty-one of the complaint.

52.    The defendants deny the allegations of paragraph fifty-two of the complaint.

53.    The defendants deny the allegations of paragraph fifty-three of the complaint.

54.    The defendants deny the allegations of paragraph fifty-four of the complaint.

55.    The defendants deny the allegations of paragraph fifty-five of the complaint.

56.    The defendants deny the allegations of paragraph fifty-six of the complaint.

57.    The defendants deny the allegations of paragraph fifty-seven of the complaint.

58.    The defendants deny the allegations of paragraph fifty-eight of the complaint.

59.    The defendants deny the allegations of paragraph fifty-nine of the complaint.

60.    The defendants deny the allegations of paragraph sixty of the complaint.

61.    The defendants deny the allegations of paragraph sixty-one of the complaint.

62.    The defendants deny the allegations of paragraph sixty-two of the complaint.

63.    The defendants deny the allegations of paragraph sixty-three of the complaint.

64.    The defendants deny the allegations of paragraph sixty-four of the complaint.

65.    The defendants deny the allegations of paragraph sixty-five of the complaint.

66.    The defendants deny the allegations of paragraph sixty-six of the complaint.

67.    The defendants deny the allegations of paragraph sixty-seven of the complaint.

68.    The defendants deny the allegations of paragraph sixty-eight of the complaint.

69.    The defendants deny the allegations of paragraph sixty-nine of the complaint.

70.    The defendants deny the allegations of paragraph seventy of the complaint.

71.    The defendants admit that Captains Chaulk and Roland produced a report of the meeting, but deny the remaining allegations of paragraph seventy-one of the complaint.

72.    The defendants deny the allegations of paragraph seventy-two of the complaint.

73.    The defendants deny the allegations of paragraph seventy-three of the complaint.

74.    The defendants deny the allegations of paragraph seventy-four of the complaint.

75. The defendants deny the allegations of paragraph seventy-five of the complaint.

76. The defendants deny the allegations of paragraph seventy-six of the complaint.

77. The defendants deny the allegations of paragraph seventy-seven of the complaint.

78. The defendants deny the allegations of paragraph seventy-eight of the complaint.

79. The defendants deny the allegations of paragraph seventy-nine of the complaint.

80. The defendants admit the plaintiff was a Revere Police officer, but deny the remaining allegations of paragraph eighty of the complaint.

81. The defendants deny the allegations of paragraph eighty-one of the complaint.

82. The defendants deny the allegations of paragraph eighty-two of the complaint.

83. The defendants deny the allegations of paragraph eighty-three of the complaint.

84. The defendants deny the allegations of paragraph eighty-four of the complaint.

85. The defendants deny the allegations of paragraph eighty-five of the complaint.

86. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph eighty-six of the complaint.

87. The defendants deny the allegations of paragraph eighty-seven of the complaint.

88. The defendants deny the allegations of paragraph eighty-eight of the complaint.

89. The defendants admit the female patrol division requested the meeting, but deny the remaining allegations of paragraph eighty-nine.

90. The defendants deny the allegations of paragraph ninety of the complaint.

91. The defendants deny the allegations of paragraph ninety-one of the complaint.

92. The defendants deny the allegations of paragraph ninety-two of the complaint.

93. The defendants deny the allegations of paragraph ninety-three of the complaint.

6

94. The defendants deny the allegations of paragraph ninety-four of the complaint.

95. The defendants deny the allegations of paragraph ninety-five of the complaint.

96. The defendants deny the allegations of paragraph ninety-six of the complaint.

97. The defendants deny the allegations of paragraph ninety-seven of the complaint.

98. The defendants deny the allegations of paragraph ninety-eight of the complaint.

99. The defendants deny the allegations of paragraph ninety-nine of the complaint.

100. The defendants deny the allegations of paragraph one hundred of the complaint.

101. The defendants deny the allegations of paragraph one hundred one of the complaint.

102. The defendants deny the allegations of paragraph one hundred two of the complaint.

103. The defendants deny the allegations of paragraph one hundred three of the complaint.

104. The defendants deny the allegations of paragraph one hundred four of the complaint.

105. The defendants deny the allegations of paragraph one hundred five of the complaint.

106. The defendants deny the allegations of paragraph one hundred six of the complaint.

107. The defendants deny the allegations of paragraph one hundred seven of the complaint.

108. The defendants admit the plaintiff was employed by the Revere Police Department, but deny the remaining allegations of paragraph one hundred eight of the complaint.

109. The defendants deny the allegations of paragraph one hundred nine of the complaint.

110. The defendants deny the allegations of paragraph one hundred ten of the complaint.

111. the defendants deny the allegations of paragraph one hundred eleven of the complaint.

112. The defendants deny the allegation of paragraph one hundred twelve of the complaint.

113. The defendants deny the allegations of paragraph one hundred thirteen of the complaint.

114. The defendants deny the allegations of paragraph one hundred fourteen of the complaint.

7

115. the defendants deny the allegations of paragraph one hundred fifteen of the complaint.

116. The defendants deny the allegations of paragraph one hundred sixteen of the complaint.

117. The defendants deny the allegations of paragraph one hundred seventeen of the complaint.

118. The defendants deny the allegations of paragraph one hundred eighteen of the complaint.

119. The defendants deny the allegations of paragraph one hundred nineteen of the complaint.

120. The defendants deny the allegations of paragraph one hundred twenty of the complaint.

121. The defendants deny the allegations of paragraph one hundred twenty-one of the complaint.

122. The defendants deny the allegations of paragraph one hundred twenty-two of the complaint.

123. The defendants admit the plaintiff was employed at the Revere Police Department, but deny the remaining allegations of paragraph one hundred twenty-three of the complaint.

124. The defendants deny the allegations of paragraph one hundred twenty-four of the complaint.

125. The defendants deny the allegations of paragraph one hundred twenty-five of the complaint.

126. The defendants deny the allegations of paragraph one hundred twenty-six of the complaint.

127. The defendants deny the allegations of paragraph one hundred twenty-seven of the complaint.

128. The defendants deny the allegations of paragraph one hundred twenty-eight of the

complaint.

129.  The defendants deny the allegations of paragraph one hundred twenty-nine of the complaint.

130.  The defendants deny the allegations of paragraph one hundred thirty of the complaint.

131.  The defendants deny the allegations of paragraph one hundred thirty-one of the complaint.

132.  The defendants deny the allegations of paragraph one hundred thirty-two of the complaint.

133.  The defendants deny the allegations of paragraph one hundred thirty-three of the complaint.

134.  The defendants deny the allegations of paragraph one hundred thirty-four of the complaint.

135.  The defendants deny the allegations of paragraph one hundred thirty-five of the complaint.

136.  The defendants deny the allegations of paragraph one hundred thirty-six of the complaint.

137.  The defendants deny the allegations of paragraph one hundred thirty-seven of the complaint.

138.  The defendants deny the allegations of paragraph one hundred thirty-eight of the complaint.

139.  The defendants deny the allegations of paragraph one hundred thirty-nine of the complaint.

140.  The defendants deny the allegations of paragraph one hundred forty of the complaint.

GENERAL OBJECTION: The defendants object to and deny plaintiffs' unnumbered

statements/allegations contained in plaintiffs' Complaint.

### First Affirmative Defense

The plaintiffs fail to a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiffs are collaterally estopped from recovery.

### Third Affirmative Defense

The plaintiffs are barred from recovery by res judicata.

### Fourth Affirmative Defense

The plaintiffs consented to the actions of the defendants.

### Fifth Affirmative Defense

The defendants' actions were justified.

### Sixth Affirmative Defense

The defendants acted out of necessity.

### Seventh Affirmative Defense

The defendants acted in good faith and with probable cause.

### Eighth Affirmative Defense

The defendants have qualified immunity.

### Ninth Affirmative Defense

The defendants are immune from the suit.

### Tenth Affirmative Defense

The plaintiffs have failed to commence this action within the appropriate statute of

limitations.

## Eleventh Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

## Twelfth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence so that any recovery should be reduced in proportion to that negligence.

## Thirteenth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

## Fourteenth Affirmative Defense

The plaintiffs have failed to exhaust her administrative remedies and is thus barred from bringing this suit.

## Fifteenth Affirmative Defense

The plaintiffs have failed to properly name defendants as parties/respondents in the state agency action, and is thus barred from bring this claim.

## Sixteenth Affirmative Defense

The plaintiffs have failed to satisfy the prerequisites of timely and properly filing at the appropriate state agency and/or federal agency prior to the commencement of this action.

**WHEREFORE** the defendants request this Honorable Court to enter judgment in their favor and award them their costs.

11

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

The Defendants,
By their attorneys,

Michael J. Akerson, Esq.,
BBO # 558565
Austin M. Joyce, Esq..
BBO # 255040
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester MA. 01605
(508) 754-7285

## CERTIFICATE OF SERVICE

I, Michael J. Akerson, hereby certify that I have on this 23rd day of February, 2004, mailed copy of the enclosed Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford's Answer to Plaintiffs' Complaint and Jury Demand, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

Ira H. Zaleznik, Esq.
Lawson and Weitzen, LLP
Attorneys at Law
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

12

By: _____
    Michael J. Akerson