UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and )<br>Sonia Fernandez, )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>City of Revere, et al )<br>    Defendants. )<br>) | C.A. # 03-12499 MLW |

**DEFENDANTS CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE, POLICE DEPARTMENT, TERRANCE REARDON, CHIEF, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY, AND STEVEN FORD'S MOTION TO STRIKE PORTIONS OF TERRI PECHNER-JAMES' AFFIDAVIT and EXHIBITS IN PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come the Defendants by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 56(e) and Local Rule 56.1, and hereby move this Court to Strike Portions of Terri Pechner-James' Affidavit and Exhibits in Plaintiff's Partial Motion for Partial Summary Judgment. As grounds therefore, the Defendants state the following:

I.  **STANDARD OF REVIEW**

Fed.R.Civ.P. 56(e) provides, in pertinent part: "[s]upporting and opposing affidavits [for motions for summary judgment] shall be made on personal knowledge...[and] shall set forth such facts as would be admissible in evidence..."

As such, in reviewing an affidavit filed pursuant to Rule 56, this Court is to evaluate the sufficiency of the document by not only determining that the statements made are predicated upon personal knowledge; but also that the specific facts enunciated in the affidavit are of a

quality that would render them admissible at trial. Any statements failing to meet one or both of these prongs should be stricken as in violation of Rule 56.

## II.   ARGUMENT

### A.   Plaintiff's Affidavit Does Not Conform with Fed.R.Civ.P.56 or Local Rule 56.1 and Should Be Stricken From the Summary Judgment Record.

At various points in her affidavit, Terri Pechner-James makes statements which are either not based upon her personal knowledge or constitute statements which would be inadmissible at trial. Pursuant to the requirements of Fed.R.Civ.P. 56(e), these statements are inappropriate and should be stricken from the summary judgment record. It is only once this affidavit has been properly redacted that this Court will be able to make the determination as to whether there exist any genuine issues of material fact and rule upon the defendants' motions for summary judgment. The following numbered paragraphs correspond to the enumerated paragraphs in Plaintiff's Affidavit offered in support of her request for summary judgment.

> ¶3.   "The Revere Police Department is a Department of the City of Revere; they were my employer and the employer of my supervisors. During the years of my employment, I experienced a prolonged, severe, pervasive, hostile and abusive work environment."

Pechner-James articulates no facts, and cites no specific examples in paragraph 3 to support such an assertion of prolonged, severe, pervasive, hostile and abusive work environment. Further, within the context of a lawsuit alleging sexual harassment / hostile work environment, Pechner-James' statements are irrelevant, as they have no tendency to impact the question as to whether there was a sexually hostile work environment, without facts or examples regarding the treatment of other Revere officers. Without a factual foundation for this statement of opinion,

this paragraph must be stricken from the summary judgment record.

> ¶4. "The last day I was able to work at the Revere Police Department was March 13, 2001. I was constructively discharged from my employment on that date."

Pechner-James articulates no facts, and cites no specific examples in this paragraph to support such an assertion of constructive discharge. Further, within the context of a lawsuit alleging sexual harassment / hostile work environment, Pechner-James' statements are irrelevant, as it has no tendency to impact the question as to whether there was a sexually hostile work environment, without facts or examples regarding the treatment of other Revere officers. Without a factual foundation for this statement of opinion, this paragraph must be stricken from the summary judgment record.

> ¶5. "The conduct stated in my Complaint was hostile, based on gender and performed by my supervisors. This conduct altered my working environment and became a formidable barrier to my full participation in the work place of the Revere Police Department."

Pechner-James articulates no facts, and cites no specific examples in paragraph 5 to support such an assertion of constructive discharge. Further, within the context of a lawsuit alleging sexual harassment / hostile work environment, Pechner-James' statements are irrelevant, as it has no tendency to impact the question as to whether there was a sexually hostile work environment, without facts or examples regarding the treatment of other Revere officers. Without a factual foundation for this statement of opinion, this paragraph must be stricken from the summary judgment record.

> ¶6. "On March 13, 2001, this environment of severe, pervasive and prolonged hostility culminated in an act of sexual harassment that made it impossible for me to continue to work in that Department and precipitated my constructive discharge."

Nothing contained in this paragraph articulates facts, and cites no specific examples in paragraph 6 to support such an assertion of severe, pervasive and prolonged hostile environment. Without a factual foundation based on personal knowledge for this statement of opinion, this paragraph must be stricken from the summary judgment record.

> ¶8.   "While I was checking cells, a prisoner named Christopher Daley asked me for a blanket. I gave him a blanket. He was someone who was known to me for many years and who I had known in high school. He told me that he had been interviewed by Detective Goodwin and that Detective Goodwin had asked him if he had ever "been with" me. The import of the detective's question was clear. He wanted to know whether the prisoner had sex with me."

Pechner-James articulates no facts, and cites no specific examples in paragraph 8 to support such an assertion of severe, pervasive and prolonged hostile environment. Also, Pechner-James does not base the asserted facts within her own personal knowledge, nor do the allegations constitute evidence admissible at trial. Here, Plaintiff's statement simply re-tells a statement from a prisoner named Daly. This hearsay statement is not admissible evidence to support her claim of prolonged, severe, pervasive, hostile and abusive work environment.

Regardless of the relevancy of this paragraph in terms of the Plaintiff's broader claims of prolonged, severe, pervasive, hostile and abusive work environment lodged against the City of Revere, the paragraph and the factual allegations contained therein, are entirely irrelevant to the Plaintiff's allegations against the above named defendants. Irrelevant evidence is that evidence which has no tendency to bear upon the determination as to whether a particular fact of consequence to the matter is more or less probable. *See, e.g.*, Fed.R.Evid. 401. Events which occurred while under the supervision of another officer not named as part of this lawsuit are

entirely irrelevant as to Pechner-James claims of prolonged, severe, pervasive, hostile and abusive work environment. As such, because this evidence would be inadmissible at trial with regard to the above named defendants, this paragraph must be stricken with regard to the claims lodged by Pechner-James against the above named individual defendants.

> ¶9. "Daley also said that the last time he was at the Revere Police station he heard Lieutenant Santoro ask, John Barker, another prisoner if he ever "fucked" me."

Nothing contained in paragraph 9 is based on asserted facts within the personal knowledge of Pechner-James nor do the allegations constitute evidence admissible at trial. Here, the Plaintiff seeks to re-tell that which another prisoner purportedly told her. This hearsay is inadmissible evidence to support her claim of prolonged, severe, pervasive, hostile and abusive work environment. No sworn affidavit is offered by John Barker, thus this paragraph must be stricken from the summary judgment record.

> ¶10. "This experience was extremely upsetting. I was emotionally distraught. I was unable to continue working and Sergeant Picardi advised me to go home. The questions asked by both Detective Goodwin and Lieutenant Santoro were unrelated to the business of the Department. They were clearly intended to demean, embarrass and humiliate me and make me less effective with prisoners and fellow officers."

Nothing contained in this paragraph articulates facts, and cites no specific examples, to support such an assertion of severe, pervasive and prolonged hostile environment. Pechner-James articulates no facts, and cites no specific examples, to support such an assertion of an intent to demean, embarrass, and humiliate or make her look less effective. Further, within the context of a lawsuit alleging hostile environment, Pechner-James' statement is irrelevant, as it has no tendency to impact the question as to whether there was a sexually hostile work environment or

disparate treatment along gender lines, without facts or examples regarding the treatment of other Revere Officers. Without a factual foundation for this statement of opinion, the paragraph must be stricken from the summary judgment record.

¶14. On Thursday, September 20, 2001, the GVB investigator, John F. McCabe met with Sergeant Cafarelli and produced a report. **(See Attached Exhibit A) and**

¶15. His report confirmed the distressing events of that shift and confirmed that Daly had overheard Lieutenant Santoro ask another prisoner, John Barker if he had ever "fucked officer James." **(See Attached Exhibit A).** John Barker also provided a written statement that confirmed Lieutenant Santoro's remarks to him.[1]

Nothing in these paragraphs is based on asserted facts within the personal knowledge of Pechner-James nor do the allegations constitute evidence admissible at trial. Aside from a bald allegation, Pechner-James offers no admissible evidence supporting her claim of prolonged, severe, pervasive, hostile and abusive work environment. Plaintiff references Exhibit A[2] which is a sworn affidavit of Revere Sergeant Joseph Cafarelli which states that he was told by Officer James (plaintiff) who was told by prisoner Daly that a Detective Goodwin asked him if the prisoner had been with the Plaintiff. Sergeant Cafarelli's affidavit, while a sworn statement, merely relays totem pole hearsay information, not information of his personal knowledge, and not admissible evidence. Likewise, the Sergeant's reciting that which prisoner Daly told him is also inadmissible hearsay. These paragraphs must be stricken from the summary judgment record.

---

[1] The 'John Barker' statement will be addressed in a separate section of this motion *infra*.

[2] Note for the record that Plaintiff's Exhibit A (Sergeant Joseph's Cafarelli's statement) is also included in the record as Exhibit 15.

> ¶16. "On October 15, 2001, Sergeant Picardi met with investigator, John F. McCabe and prepared a report. **(See Attached Exhibit B).** The report confirms that Sergeant Picardi returned to the station, at Sergeant Cafarelli's request, and observed that I "was visibly upset and crying." This report confirms that I was so upset that Sergeant Picardi sent me home."

Nothing in this paragraph is based on asserted facts within the personal knowledge of Pechner-James nor do the allegations constitute evidence admissible at trial. Aside from a bald allegation, Pechner-James offers no admissible evidence supporting her claim of prolonged, severe, pervasive, hostile and abusive work environment. Plaintiff references Exhibit B[3] which is a sworn affidavit of Revere Sergeant James Picardi which states that he was told by Officer James (plaintiff) and Sergeant Cafarelli that they were told by a prisoner named Daly that a Detective Goodwin asked him if the prisoner had ever had sex with the Plaintiff. Sergeant Picardi's affidavit, while a sworn statement, merely relays double and triple hearsay information, not information of his personal knowledge, and not admissible evidence. Likewise, Sergeant Picardi's restatement of prisoner Daly's comments are also inadmissible hearsay. This paragraph also contains other irrelevant information to the issues of liability. This paragraph must be stricken from the summary judgment record.

> ¶17. Christopher Daley gave the supervisors, Cafarelli, Picardi and Nelson, a written statement that confirms the events of that evening. **(See Attached Exhibit C).**[4] John Barker also gave the investigator a written statement that corroborates the behavior of both Detective Goodwin and Lieutenant Santoro. **(See Attached**

---

[3]Note for the record that Plaintiff's Exhibit B (Sergeant James Picardi's statement) is also included in the record as Exhibit 16.

[4]Note for the record that Plaintiff's Exhibit C (Christopher Daly's unsworn statement) is also included in the record as Exhibit 13.

7

**Exhibit D).**[5]

Nothing in this paragraph is based on asserted facts within the personal knowledge of Pechner-James nor do the allegations constitute evidence admissible at trial. Christopher Daley and John Barker's written statements are not sworn under the pains and penalty of perjury as required under Fed.R.Civ.P. 56(e) to be deemed admissible and as such should be stricken from the record for that procedural failure alone.

¶18.  "The events of March 13, 2001, were the cumulative result of a climate of hostility and sexual harassment at the Revere Police Department. In addition to the medical opinions of my doctors and the Exhibits attached to my complaint[6], the Medical Progress Reports of the Massachusetts General hospital clearly show the physical and the medical effect of the years of hostility and sexual harassment at the Revere Police Department. **(See Attached Exhibit E)."**

Paragraph eighteen and the exhibits referenced therein are not based on asserted facts within the personal knowledge of Pechner-James nor do the allegations constitute evidence admissible at trial. Aside from a bald allegation, Pechner-James offers no admissible evidence supporting her claim of prolonged, severe, pervasive, hostile and abusive work environment. Exhibit E which Plaintiff purports to support her liability claim consists of 46 different documents. Included in this array, but not exhaustively, are the following:

- Retirement application regarding the Plaintiff;

- Letters from the Revere Police Department to Plaintiff;

- Various letters of the Plaintiff from Revere Police and Mayor;

---

[5]Note for the record that Plaintiff's Exhibit D (John Barker's unsworn statement) is also included in the record as Exhibit 14.

[6]Plaintiff did not include her Complaint (with attachments) as an Exhibit to her motion in violation of Local Rule 56.1.

8