# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and<br>Sonia Fernandez,<br>     Plaintiffs<br><br>v.<br><br>City of Revere, Thomas Ambrosino, Mayor<br>City of Revere, Police Department,<br>Terrence Reardon, Chief,<br>Bernard Foster, Salvatore Santoro, Roy<br>Colannino, Frederick Roland, Thomas Doherty,<br>John Nelson, James Russo, Michael Murphy,<br>and Steven Ford,<br>     Defendants. | C.A. # 03-12499 MLW |

---

## DEFENDANTS CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE, POLICE DEPARTMENT, TERRANCE REARDON, CHIEF, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY, AND STEVEN FORD'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Now come the Defendants, by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure oppose Plaintiff Terri Pechner-James' motion for Partial Summary Judgment. Plaintiff Terri Pechner- James brings the instant motion seeking partial summary judgment on Count I (sexual harassment / hostile work environment) and Count II (constructive discharge) of her Complaint. For the foregoing reasons, along with the Exhibits attached hereto, the motion should be denied.

1

# ARGUMENT

## I.    STANDARD OF REVIEW

Summary judgment shall be granted when there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, a court should bear in mind that "[a] dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.  A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000)(internal citations omitted).  Once the moving party comes forward identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" which "it believes demonstrate the absence of a genuine issue of material fact," the adverse party may avoid summary judgment only by providing properly supported evidence of disputed material facts which would require trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden placed upon the party moving for summary judgment, specifically the burden of showing there to be no genuine issues of material fact rendering judgment as a matter of law appropriate, can be met in two ways.  First, a party "may submit affirmative evidence that negates an essential element of the opposing party's claim." *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 715 (1991) (quoting *Celotex*, 477 U.S. at 331-32).  Or secondly, a party may attack the opposing party's prima facie claim by demonstrating to the court that the presented evidence insufficiently establishes an essential element of the claim. *Id.*

As the Plaintiff's Exhibits attached to her motion have borne out, the foundation of most

2

of the Plaintiff's alleged incidents of harassment and discrimination on the basis of gender is built upon inadmissible hearsay evidence. As Fed..R.Civ.P. 56(e) states, affidavits "shall be made on personal knowledge...[and] shall set forth such facts as would be admissible in evidence...." To the extent that the Plaintiff's summary judgment motion consists of hearsay and other inadmissible evidence, the plaintiff's motion must be stricken. The Plaintiff cannot blunt the blow of the summary judgment opposition ax with evidence not based upon her own, or other affiants' personal knowledge.

## II.  PLAINTIFF NEITHER CONFERRED, NOR ATTEMPTED TO CONFER WITH COUNSEL IN VIOLATION OF LOCAL RULE 7.1.

Local Rule 7.1 of the United States District Court states that "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiffs in this matter did not comply with Rule 7.1 by conferring with counsel or by certifying to such in her filing. As such, this Court should reject the filing of the plaintiffs' motion.

## III.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DOES NOT CONFORM WITH FED.R.CIV.P. 56 OR LOCAL RULE 56.1.

Local Rule 56.1 of the United States District Court states that "Motions for Summary Judgment shall include a concise statement of the material facts . . . with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion." The Plaintiff's motion fails to comport with these standards. The Plaintiff's purported 'Factual Background" does not include a concise statement of facts with page references to the attachments. At worst, Plaintiff provides no references for her factual assertions. At best, plaintiff's motion vaguely references the attachments, or other documents

3

not attached to the memorandum. For example, Plaintiff's only references to her summary judgment record states " (See Plaintiff's Affidavit and Attached Exhibits)." (See Plaintiff's Memorandum of Law at 2). The result of the Plaintiff's procedural failures is that both the Court and the defendants must now guess and wonder what facts are alleged to be undisputed, thus making the task of opposing such a motion, and in turn formulating a judicial ruling on such a vague motion, more difficult. Clearly, Plaintiff's motion does not meet or serve the purpose of Rule 56.

In addition, the Plaintiff's factual statement does not consist of personal knowledge, but rather hearsay and other inadmissible evidence in non-sworn statements in violation of Fed.R.Civ.P. 56.[1] Accordingly, Plaintiff's motion for partial summary judgment must be denied for these significant and prejudicial errors.

## III.     FACTUAL STATEMENT

Plaintiff's Motion for Partial Summary Judgment includes a Section entitled "FACTS." (Plaintiff's Memorandum of Law at p.2-3). This section appears to be Plaintiff's endeavor to set forth the undisputed facts upon which the Plaintiff relies in seeking summary judgment. As is plainly set out below, the Plaintiff's ostensible assertion that the "facts" raised by the Plaintiff are not undisputed is not only misplaced, but also hotly contested.[2] Accordingly, the Defendants' foregoing factual statement reflects that genuine issues of material facts exist, thus summary

---

[1] The defendants have filed a Motion to Strike Affidavit and Exhibits in Support of Plaintiffs' Motion for Partial Summary Judgment as they are Rule 56 supportable exhibits based on personal knowledge and admissible in Court. Please see that Motion for issues pertaining to the improper documents offered by Plaintiff in support of her motion.

[2] It is important to note that the Plaintiff made no discovery efforts prior to her filing the instant Rule 56 motion.

judgment must be denied.

The following six paragraphs show the Plaintiff's facts contained in her factual statement and the Defendants' responses to said alleged undisputed facts with specific reference to the attached sworn affidavits.

A.    Unnumbered Paragraph 1 [3]

This paragraph offers Plaintiff's conclusions that her entire Revere police experience has been filled with an abusive environment.  This paragraph fails to comply with Local Rule 56.1 requirements for a concise statement referencing the record.  The paragraph contains no 'facts' relevant to the dispute at bar, but merely offers opinions and conclusions.  In any event, the attached Rule 56 conforming affidavits each dispute the broad and far reaching allegations offered by the plaintiff. (See attached Exhibits 1 through 7).

B.    Unnumbered Paragraph 2

In this paragraph, the Plaintiff states that Detective Goodwin asked  prisoner Daly if he had "been with" the Plaintiff and further opines that term "been with" is commonly interpreted to mean "had sexual intercourse with."  These statements appear to be part of Plaintiff's sexual harassment claim.   As fully delineated in Defendants' Motion to Strike, the Plaintiff's alleged facts are not based on personal knowledge and are conclusory and should be stricken.  Further, Plaintiff's allegation are disputed as Detective Goodwin states that he did not ask prisoner Daley whether he had been with the Plaintiff.  (See Exhibit 1, ¶ 5).   Detective Malone also states that

---

[3]The Plaintiff's 'facts' section does not contained enumerated paragraphs, thus for referencing purposes herein, the defendants will reference the alleged undisputed material by "Unnumbered Paragraph" with a number reflecting which of the six paragraphs is being referenced.

he was with Detective Goodwin who asked no such questions of prisoner Daly. (See Exhibit 2, ¶5).

### C.    Unnumbered Paragraph 3

In this paragraph the only relevant factual assertion regarding liability is that prisoner Daly told the Plaintiff that he heard Lt. Santoro ask fellow prisoner John Barker if he had ever "fucked" the Plaintiff. As fully delineated in Defendants' Motion to Strike, the plaintiff's alleged facts are not based on personal knowledge, but should be stricken as hearsay and being conclusory. Further, Plaintiff's allegation are disputed as Lt. Santoro states that he did not ask prisoner Daly whether he had been with the plaintiff. (See Exhibit 3, ¶ 4).

### D.    Unnumbered Paragraph 4

This paragraph contains Plaintiff's opinions and conclusions about why the defendants acted the way she alleges and references her damages in that she believes she could not work for the Revere Police. Plaintiff asserts no 'facts' relating to her liability demand, but rather makes statements akin to that expected from a closing argument at a trial's conclusion. For example, Plaintiff claims that the comments she alleges Goodwin and Santoro made in thetwo preceding paragraphs was based solely on gender without providing any admissible facts based on personal knowledge with sworn affidavits in compliance with the Rules. Fed.R.Civ.P. 56; Local Rule 56.1. Plaintiff simply  spouts her opinions and expectations, presenting no facts based on personal knowledge.

6

E.    Unnumbered Paragraph 5[4]

Plaintiff vaguely asserts that other supervisory personnel helped create the sexual

harassment and hostile work environment and refers to her Complaint and her Exhibits.[5]   This

contention is not in conformance with Rule 56 or the spirit of summary judgment for it is devoid

of concise and specific facts that afford the Court and opposing party notice of the facts that are

contended to be undisputed.

Unnumbered Paragraph 5 further alleges that "Sergeant Nelson held up a magazine

centerfold of a naked woman and made comments about her breast and crotch area in the

presence of a female officer and a member of the public."    Defendants' Motion to Strike

describes that Plaintiff's alleged facts are not based on personal knowledge, but should be stricken

as hearsay.   Further, Plaintiff's allegation are disputed as Sgt. Nelson's sworn affidavit states that

he did not hold up a magazine centerfold of a naked woman and make comments about her breast

and crotch area in the presence of a female officer and a member of the public.  (See Exhibit 4,

¶5).

Unnumbered Paragraph 5 further contends that "Sergeant Doherty made loud and sexually

offensive remarks about a female sports commentator, describing her as no fucking good and

---

[4]Plaintiff's Affidavit attached to her Motion for Partial Summary Judgment, and the multitude of other exhibits, provide no references to the factual allegations in Unnumbered Paragraph 5 regarding Sgts. Nelson and Doherty.   Further, reading Unnumbered Paragraph 5 itself, it is clear that these actions, as alleged, did not take place in the presence of the Plaintiff.

[5]It should be noted that the Plaintiff did not include a copy of the Complaint as an Exhibit to her Summary Judgment motion despite her periodic vague references to it.  Plaintiff's action violates Local Rule 56.1 which requires that "copies of all referenced documentation shall be filed as Exhibits to the motion . . ."   Given this Rule violation, the Plaintiff cannot rely on the Complaint or its attachments as documents supporting her claim for summary judgment.

stating that women should not be allowed to comment on sports events and that the sports commentator probably gave a blow job to someone for the job." Defendants' Motion to Strike relays that Plaintiff's alleged facts are not based on personal knowledge, but rather should be stricken as hearsay. Further, Plaintiff's allegations are disputed as Sgt. Doherty states in his sworn affidavit that he did not make loud and sexually offensive remarks regarding a female sports commentator, and that the sports commentator probably gave a blow job to someone for the job. (See Exhibit 4, ¶5).

     F.     <u>Unnumbered Paragraph 6</u>

This paragraph alleges that other incidents, including the "Underwear Incident" created a sexually harassing work environment. Plaintiff does not identify or specify the 'other incidents' she alleges in violation of Rule 56. Likewise, with regard to the "underwear incident" Plaintiff fails to concisely state her objections to said incident or in any way identify how the incident relates to her liability claim for judgment. Despite the Plaintiff's procedural and legal shortcomings, in a sworn affidavit, Revere Police Lieutenant Bernard Foster states that on March 2, 2001 he observed some underwear hanging on a bulletin board in the police station and he threw the underwear away in the trash. (See Exhibit 6, ¶5). Lt. Foster identified the narrow time period that the underwear could have been hung on the bulletin board was at most a 12 hour window. The incident alleged in Unnumbered Paragraph 6 is of neither factual nor legal significance and the only Rule 56 proper affidavit is that of Lt. Foster.

8

IV.    **THE DEFENDANTS DID NOT SEXUALLY HARASS THE PLAINTIFF OR CREATE A HOSTILE WORK ENVIRONMENT IN VIOLATION OF LAW (COUNT I).**

Plaintiff contends in her motion that her Facts Section of said motion, along with the attached Exhibits require judgment for the plaintiff on her claims of sexual harassment and a hostile work environment.  To support this proposition the Plaintiff singularly relies on one case, *College-Town v. Massachusetts Commission Against Discrimination,* 400 Mass. 156 (1987). Specifically, the plaintiff relies on the Supreme Judicial Court quote that *"College Town* is, in this case, vicariously liable for the acts of its agents – its supervisory personnel." *Id* at 165. Curiously, the Plaintiff errantly transforms the above-quoted verbiage drawn verbatim from the case to state that the City of Revere is strictly liable. (Plaintiff's Memorandum of Law at p.6-8). *College Town* does not state this.   Apparently the Plaintiff appears to assert that this is the legal standard for placing liability under M.G.L. c. 151B as the Plaintiff offers no other legal standards necessary for 151B sexual harassment/hostile work environment liability.   This is not so. Plaintiff misunderstands the *College Town* case in that the proposition that employers may, in certain circumstances, be vicariously liable for their supervisor's actions does not automatically equal the assignment of liability.

M.G.L. c. 151B, § 4(1) prohibits workplace discrimination, including sexual harassment and gender-based harassment. *See Ramsdell v. Western Bus Lines Inc.,* 415 Mass. 673, 677 (1993). Sexual harassment is also explicitly prohibited in M.G.L. c. 151B, § 4(16A).  As defined in M.G.L. c. 151B, §1(18), sexual harassment includes "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when ... (b) such advances,

9

requests or conduct have the *purpose or effect* of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work *environment.*" Such harassment is actionable if it is "so 'severe *or pervasive*' as to 'alter the conditions of (the victim's) employment and create an abusive working environment.'" *See College-Town Division of Interco v. MCAD*, 400 Mass. 156, 165 (1987). The unwelcome conduct must be both subjectively and objectively offensive. *See College-Town*, 400 Mass. at 162 (1987); *Ramsdell v. Western Mass. Bus Lines. Inc.*, 415 Mass. 673, 678 (1993). The harassment must be carried out by an employee with a supervisory relationship to Complainant or by a co-worker under circumstances in which the employer knew or should have known about the harassment and failed to take prompt and effective remedial action. *See College-Town,* 400 Mass. at 162.

The determination whether a particular work environment is severe or pervasive enough to create an objectively "hostile work environment" requires a determination of whether a reasonable woman in Plaintiff's position would find the behavior in question so offensive and oppressive that staying on the job and seeking redress would be intolerable. *See Keeler v. Putnam Fiduciary Trust Co.*, 238 F.3d 5, 9-10 (1st Cir. 2001). The fact finder must examine all the circumstances. These include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, whether it unreasonably interferes with the worker's performance, and what psychological harm, if any resulted. These factors should be considered cumulatively in order to obtain a realistic picture of the conduct and its impact on the worker. *See College-Town* 400 Mass. at 162. Occasional comments and isolated incidents, unless extremely serious, are not sufficient to alter the terms and conditions of employment. *See Clark*

10

*County School District v. Breeder*, 532 U.S. 268 (2001) ("simple teasing, offhand comments, and isolated incidents unless extremely serious will not amount to discriminatory changes in the terms and conditions of employment"). Plaintiff's proffered undisputed facts do not present a prime facie case of find liability under 151B for sexual harassment/hostile work environment.

Moreover, as referenced in Section III above, there are substantial issues of fact to be sort out during discovery and trial before liability can be placed with the Defendants. The Defendants attach hereto properly sworn affidavits based on personal knowledge of the affiants to show this Court that genuine issues of material facts exist in this case, thus precluding judgment for the Plaintiff. *See* Fed.R.Civ.P.56 and Exhibits 1 through 7. This is so even assuming that the Plaintiff's "Facts" section of her Memorandum of Law with attached exhibits are taken at face value and fully credited for purposes of a Rule 56 motion. Coupling the Defendants' affidavits offered in their opposition to Plaintiff's motion and their Motion to Strike Plaintiff's Exhibits, it is convincingly clear that the Plaintiff is not entitled to judgment as a matter of law given the presentation made in her motion and her supporting exhibits.

## V.  THE DEFENDANTS DID NOT CONSTRUCTIVELY DISCHARGE THE PLAINTIFF. (COUNT II).

Plaintiff's complaint Count II suggests that she was constructively discharged from her police employment with the City of Revere due to the sexual harassment/hostile work environment. Plaintiff's Memorandum of Law neither argues nor mentions Count II, but for the facts alleging sexual harassment/hostile work environment. Given this, the Defendants direct this Honorable Court to Section III above wherein the Defendants reference the attached properly sworn affidavits based on personal knowledge of the affiants, evidencing that there are genuine

11

issues of material facts for trial. *See* Fed.R.Civ.P.56 and Exhibits 1 through 7. Further, the

Defendants refer this Court to their Motion to Strike Plaintiff's Exhibits. Accordingly, summary

judgment cannot enter in favor of the Plaintiff.

Even if one were to ignore the evidence against the plaintiff, it would still be far from clear

that Plaintiff was constructively discharged. "To prove a constructive discharge, a plaintiff must

usually 'show that her working conditions were so difficult or unpleasant that a reasonable person

in [her] shoes wuld have felt compelled to resign.'" *Lee-Cresp v. Schering-Plough Del Caribe*

*Inc.*,354 F.3d 34 (1st Cir. 2003), quoting from *Marrero v. Goya of P.R., Inc.*, 304 F.3d 7, 28 (1st

Cir. 2002). Plaintiff's showing falls far short of this standard.

Even if this court could fashion a constructive discharge claim from the materials

submitted by the Plaintiff, the Plaintiff would nonetheless not be entitled to partial summary

judgment. There would still be a genuine issue of material fact as to whether Revere is entitled to

avail itself of the affirmative defense under *Burlington Industries v. Ellerth*, 524 U.S. 742, 764-

765 (1998). The summary judgment materials demonstrate that Revere promulgated an anti-

harassment policy, and that plaintiff did not follow the steps outlined under the policy. While

detailed analysis requires further development of the facts as this case progresses, it is clear at this

point that summary judgment is not appropriate. *See Reed v. MBNA Marketing Systems, Inc.*,

333 F.3d 27 (1st Cir. 2003).

## VI.    CONCLUSION

For the reasons cited herein, along with the Affidavits attached to this opposition, the

plaintiff is not entitled to Summary Judgment as a Matter of Law under Fed.R.Civ.P. 56.

Defendants
by their attorneys,

_____
Michael J. Akerson, Esq.
Austin M. Joyce, Esq.
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

Defendants
By their attorneys

_____
Ira Zaleznik, Esq.
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

## Certification of Service

The undersigned certifies that he has mailed the instant motion to plaintiff's counsel by first class mail this March 15, 2004.

_____
Michael J. Akerson, Esq.

13

**SUMMARY JUDGMENT OPPOSITION EXHIBIT LISTING**

# AFFIDAVITS

1. **Brian Goodwin**

2. **Thomas Malone**

3. **Salvatore Santoro**

4. **John Nelson**

5. **Thomas Doherty**

6. **Bernard Foster**

7. **Michael Murphy**