```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

TERRI PECHNER-JAMES and SONIA    )
FERNANDEZ,                       )
    Plaintiffs,                  )
                                 )
    v.                           )    C.A. No. 03-12499-MLW
                                 )
CITY OF REVERE, et al.,          )
    Defendants.                  )

                              ORDER

WOLF, D.J.                                          June 2, 2004

    This case was removed from state court on December 11, 2003. On January 8, 2004, the state court record was filed in the Clerk's Office. On February 12, 2004, plaintiff Terri Pechner-James filed a motion for partial summary judgment (the "Motion"). Counsel for Pechner-James have failed to comply with Local Rules 5.1(a)(1),[1] 7.1(a)(2)[2] and 56.1[3] with respect to the Motion. Moreover, the court has yet to conduct an initial scheduling conference and it appears that no discovery has yet taken place.

    Accordingly, it is hereby ORDERED that:

---

[1] "The board of bar overseers registration number of each attorney signing such documents, except the United States Attorney and his staff, shall be inscribed below the signature."

[2] "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

[3] "Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, <u>with page references to affidavits, depositions and other documentation</u>. Failure to include such a statement constitutes grounds for denial of the motion." (emphasis added).

    1.    Plaintiff Terri Pechner-James' Motion for Partial Summary Judgment (Docket No. 3) is DENIED WITHOUT PREJUDICE.  See Fed. R. Civ. P. 56(f); Local Rule 56.1.

    2.    The parties shall comply with the attached Notion of Scheduling Conference.

```
                              /s/ Mark L. Wolf
                          UNITED STATES DISTRICT JUDGE
```

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**TERRI PECHNER-JAMES**

                v.                                       **Civil Action No.   03-12499-MLW**

**CITY OF REVERE**

### NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. __10__ on the __5th__ floor at __3:30__ p.m. on __June 24, 2004__, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[4] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

    __June 2, 2004__                                                                      Mark L. Wolf
             Date                                                               United States District Judge

                                                                          By:    __/s/ Dennis O'Leary__
                                                                                   Deputy Clerk

---

[4] These sections of Local Rule 16.1 provide:

    (B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

        (1) preparing an agenda of matters to be discussed at the scheduling conference,

        (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

        (3) considering whether they will consent to trial by magistrate judge.

    (C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    (D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

        (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

            (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

            (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

        (2) a proposed schedule for the filing of motions; and

        (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

            (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

            (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.