UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT TERENCE REARDON'S**
**MOTION FOR SUMMARY JUDGMENT**

**NOW COMES** the Defendant, **POLICE CHIEF TERENCE REARDON** and moves for Summary Judgment in accordance with Federal Rules of Civil Procedure, Rule 56.

**I.**

**OVERVIEW OF COMPLAINT**

A.  **Structure of the Complaint:**

The <u>Verified</u> Complaint of Plaintiff's Terri Pechner-James and Sonia Fernandez is structured as follows:

1. Party allegations are set forth in paragraphs A through C and 1- 10 (Complaint pages 1-2).

2. Compliance with state claim filing requirements is alleged in paragraph 11 (Complaint page 2).

3. A statement of law is set forth in paragraphs 12-13 (Complaint pages 2-3).

4. Common background facts are alleged in paragraphs 14-15 (Complaint page 3).

   In addition, two incidents common to both plaintiffs are also alleged later in the Complaint. The first occurred in January of 1999 and involves a Departmental meeting held at the request of the female officers in response to their allegedly experiencing a hostile working environment. This meeting resulted in a report produced by Captain Chaulk and Captain Roland (Complaint, pages 10-11, paragraphs 70-70 and page 13, paragraphs 91-93). The second allegedly occurred from February 26, 2001 to March 2, 2001 and involves what plaintiffs have called the underwear incident. (Complaint page 10-11, paragraphs 70-79 and page 14, paragraphs 94-97).

5. Facts specific to Plaintiff Terri Pechner-James (plaintiff Pechner) are set out in the Complaint on pages 4-11, paragraphs 16 –79: Lieutenant Foster, 1997-1999, paragraphs 17-33; Lieutenant Murphy, 2001, paragraph 34; Lieutenant Santoro, 1998-2001, paragraph 35-47; Acting Chief Colannino and Captain Roland, undated, paragraphs 48-51; Sergeant Doherty, 1997-1999, paragraphs 52-61; Sergeant Nelson, undated, paragraphs 62-64; Chief Russo, 1997, paragraphs 65-69.

   The last day that Plaintiff Pechner alleges she was able to work at the Revere Police Department was March 13, 2001. (Complaint page 3, paragraph 16, and page 11, paragraphs 78-79).

6. Facts specific to Plaintiff Sonia Fernandez (plaintiff Fernandez) are set out in the Complaint on pages 11-16, paragraphs 80-107: Unnamed and undated intimidation, humiliation and stigmatization, paragraph 81; Unnamed and undated hostile work environment, paragraphs 82 and 97; Captain Roland, 1996, paragraph 83; Trips to hospital due to work related stress on June 24, 1997 and November 11, 1997, paragraph 85; Lieutenant Ford, 1996-2000, paragraphs 84, 98-99; Captain Chaulk, 1997, paragraph 87; Unnamed and undated incident of racial harassment from supervisors, paragraph 90; Lieutenant Foster, 2000-2001, paragraphs 100-103; Chief Russo, 1995, paragraph 104.

7. Plaintiff Pechner's Causes of Action for Hostile Work Environment/Sexual Harassment, Constructive Discharge, Disparate Treatment, and Infliction of Emotional Distress are set forth on pages 16-19, paragraphs 108-122.

8. Plaintiff Fernandez's Causes of Action for Hostile Work Environment/Sexual and Racial Harassment, Constructive Discharge, Disparate Treatment and Infliction of Emotional Distress are set forth on pages 19-23, paragraphs 123-140.

9. Affidavit of Sonia Fernandez attached.

10. Affidavit of Terri Pechner-James attached.

B. **Allegations Regarding Chief Reardon:**

With respect to Chief Reardon, the only allegation that specifically refers to him by name is found in paragraph 2, page 1 of the Complaint, which states:

> "The Defendant, Ter[r]ance Reardon, is the Chief of the Revere Police Department. He and his predecessors were at all relevant times and or all relevant purposes supervisors of the Plaintiffs."

To the extent that he may be the person referred to as the Chief of Police, he may also be the subject of the allegations in paragraphs 116, 121, 134 and 139 which state as follows:

Pechner

> "116 The Plaintiff, Terri Pechner-James, met with the Mayor, the Chief of Police and Captain Roland and along with other females officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This Plaintiff offered medical evidence of her condition and requested the same leave with pay as is done for male employees"

> "121 The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration Commission, the Defendants have refused to send the Plaintiff the notice required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to this Plaintiff."

Fernandez

> "134 The Plaintiff, Sonia Fernandez, met with the Mayor, Chief of Police and Captain Roland and along with other female officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This Plaintiff offered medial evidence of her condition and requested the same leave with pay as is done for male employees."

> "139 The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supported the Plaintiff's position, the Defendants continue to coerce, threaten and intimidate the Plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on

3

light duty) had created conflict with the Union membership, other officers and is unsupported by medical evidence."

Noticeably, Chief Reardon is <u>not</u> named by Pechner in paragraphs 109 and 113 or by Fernandez in paragraphs 124 and 131, which specifically allege racial and sexual harassment, hostile work environment, and constructive discharge directly related to the conduct of others as outline in subsections 4-6 of subsection A.

## II.

## UNDISPUTED MATERIAL FACTS

1. On September 21, 1995 Plaintiff Terri Pechner James was sworn in as a Revere Police Officer (Defendant's Separate Statement of Undisputed Material Facts, No. 1).

2. On March 13, 2001 Pechner discontinued her service as a Revere Police Officer on (Defendant's Separate Statement of Undisputed Material Facts, No. 2).

3. On April 19, 2001 Pechner filed an Application for Indemnification Under Massachusetts General Laws Chapter 41, Section 100 and an Application for Leave Without Loss of Pay Under Massachusetts General Laws Chapter 41, Section 111F (Defendant's Separate Statement of Undisputed Material Facts, No. 3).

4. On April 23, 2001 defendant Ambrosino denied Pechner's request for a three month paid leave of absence, but instead offered an unpaid leave of absence (Defendant's Separate Statement of Undisputed Material Facts, No. 4).

5. On June 1, 2001 Pechner's Application for Leave Without Loss of Pay Under Massachusetts General Laws Chapter 41, Section 111F was denied based on a recommendation of the Third Party Claims Administrator for the City of Revere (Defendant's Separate Statement of Undisputed Material Facts, No. 5).

6. On January 15, 2002 Chief Reardon was appointed to the position of Chief of Police for the Revere Police Department (Defendant's Separate Statement of Undisputed Material Facts, No. 6).

7. On July 17, 2002 Pechner's Involuntary Retirement Application was filed by defendants Terence Reardon and Thomas Ambrosino on (Defendant's Separate Statement of Undisputed Material Facts, No. 7).

8. On October 23, 2002 Pechner's Involuntary Retirement Application was denied by the Revere Retirement Board (Defendant's Separate Statement of Undisputed Material Facts, No 8).

9. On October 30, 2002 Pechner appealed the decision of the Revere Retirement Board (Defendant's Separate Statement of Undisputed Material Facts, No 9).

10. On March 7, 2003 the Division of Administrative Appeals overturned the October 23, 2002 decision of the Revere Retirement Board and the matter was remanded to said board for the purpose of convening a Regional Medical Panel of experts in psychiatry in order to evaluate defendant Reardon's Involuntary Retirement Application filed on behalf of Pechner (Defendant's Separate Statement of Undisputed Material Facts, No. 10).

### III.

### THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AGAINST CHIEF REARDON

A. **Plaintiff Pechner Fails to State a Cognizable Claim Against Chief Reardon**

1. COUNT 1-Hostile Work Environment/Sexual Harassment

Plaintiff Pechner's first count alleges hostile work environment and sexual harassment. In support of this claim, she re-alleges the incidents which occurred prior to defendant Reardon's

appointment as Chief of Police in 2002 (see page 16, incorporated paragraph and paragraphs 108 and 109).

As demonstrated on the face of the complaint, however, plaintiff Pechner fails to allege instances of sexual harassment or hostile work environment which occurred during the time defendant Reardon was Chief of Police.

Instead, plaintiff Pechner describes a Departmental meeting, which resulted in a report produced by Captains Chaulk and Roland, which occurred in January of 1999. Likewise, plaintiff Pechner describes what she has labeled as the "underwear incident," which took place from February 26, 2001 to March 2, 2001. These incidents occurred before Chief Reardon's tenure as Police Chief of the City of Revere.

Additionally, plaintiff Pechner's allegations involving Lieutenant Foster date from 1997-1999; those involving Lieutenant Murphy date from 2000; those involving Lieutenant Santoro date from 1998-2001; those involving <u>Acting</u> Chief Colannino and Captain Roland obviously date from a time prior to the appointment of Chief Reardon; those involving Sergeant Doherty date from 1997-1999; and, those involving Sergeant Nelson and Chief Russo date from 1997. Thus, all of these alleged incidents occurred prior to the appointment of Chief Reardon in 2002.

Consequently, plaintiff Pechner does not allege a single incident which occurred during Chief Reardon's tenure and this Count I fails as to him.

2.   <u>COUNT 2-Constructive Discharge</u>

Plaintiff Pechner's second count alleges constructive discharge. In support of this claim she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see page 17, paragraph 113).

Moreover, plaintiff Pechner clearly states multiple times in her complaint (page 3, paragraph 16, and page 11, paragraphs 78 and 79) that she was unable to work at the Revere Police Department after March 13, 2001, which was almost a year prior to the appointment of Chief Reardon.

Thus, Count II fails as to Chief Reardon as well.

3. COUNT 3-Disparate Treatment

Plaintiff Pechner's third count alleges disparate treatment. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see page 18, paragraphs 116 and 117).

As with the hostile work environment/sexual harassment count, this count must fail since it involves incidents which occurred prior to Chief Reardon's tenure.

4. COUNT 4-Infliction of Emotional Distress

Plaintiff Pechner's fourth count alleges infliction of emotional distress. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see pages 18 and 19, paragraph 120). Moreover, plaintiff's conclusory allegations concerning Chief Reardon's participation in her retirement proceedings (page 19, paragraph 121), fail to state a claim for emotional distress.

Thus, as with the other counts, this count too must fail due to Chief Reardon's non-involvement.

**B.     Plaintiff Fernandez Fails to State a Cognizable Claim Against Chief Reardon**

    1.     COUNT 1-Hostile Work Environment/Sexual/Racial Harassment

Plaintiff Fernandez's first count alleges hostile work environment and sexual/racial harassment. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see pages 19-20, paragraphs 123-128).

As demonstrated on the face of the complaint plaintiff Fernandez fails to allege instances of sexual or racial harassment, hostile work environment or constructive discharge which occurred during the time defendant Reardon was Chief of Police.

As with plaintiff Pechner, plaintiff Fernandez describes a Departmental meeting, which resulted in a report produced by Captains Chaulk and Roland, which occurred in January of 1999.

Likewise, plaintiff Fernandez also describes the "underwear incident," which took place from February 26, 2001 to March 2, 2001. These incidents occurred before Chief Reardon's tenure as Police Chief of the City of Revere.

Additionally, plaintiff Fernandez's allegations involving Chief Russo, Captain Roland and Captain Chaulk date from 1995, 1996, and 1997 respectfully; while those involving Lieutenants Ford and Foster date from 1996-2001. Additionally, plaintiff Fernandez claims hospitalization on June 24, 1997 and November 11, 1997, allegedly due to work related stress. All of these incidents occurred prior to Chief Reardon's appointment in 2002.

Consequently, plaintiff Fernandez does not allege a single incident which occurred during Chief Reardon's tenure. As such, she has failed to state a cognizable claim against Chief Reardon and thus Count I fails as to him.

2.  COUNT 2-Constructive Discharge

Plaintiff Fernandez's second count alleges constructive discharge. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see page 21, paragraph 131).

Thus, Count II fails as to Chief Reardon as well.

3.  COUNT 3-Disparate Treatment

Plaintiff Fernandez's third count alleges disparate treatment. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see pages 21 and 22, paragraphs 134 and 135).

As with the hostile work environment/sexual and racial harassment claim, this claim must fail since it involves incidents which occurred prior to Chief Reardon's tenure.

4.  COUNT 4-Infliction of Emotional Distress

Plaintiff Fernandez's fourth count alleges emotional distress. In support of this claim, she alleges incidents that occurred prior to defendant Reardon's appointment as Chief of Police in 2002 (see page 22, paragraph 138). Moreover, plaintiff Fernandez's conclusory allegations regarding her return to duty (page 22, paragraph 139) fail to state a claim for emotional distress.

As with the other counts, this count must also fail due to Chief Reardon's non-involvement.

WHEREFORE, the premises being considered, defendant Police Chief Terence Reardon moves the Court to grant his Motion for Summary Judgment as to all plaintiffs and all claims.

For the Defendant, POLICE CHIEF TERENCE REARDON,

By his Attorneys,

*(signature)*

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: February 25, 2005

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendant, Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant Terence Reardon's Motion for Summary Judgment to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs

Michael J. Akerson, Esq.
Edward P. Reardon, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March ___, 2005