strict liability for employer violation of these statutes in <u>College Town, Div. of Interco, Inc. v Massachusetts Commission Against Discrimination</u>, 508 N.E.2d 587, 400 Mass. 156 (1987) and several subsequent cases. Federal law has likewise established a policy of strict liability for similar violations of 42 U.S.C. § 2000 (e)-2. See <u>Burlington Indistries, Inc. v Ellerth</u>, 524 U.S. 742; <u>Faragher v City of Boca Raton</u>, 524 U.S. 775 (1990). See also <u>Suders v Easton</u> No. 01-3512 (April 16, 2003.) 3rd Circuit.)

<u>Background:</u>
14. Plaintiffs were sworn in as Revere Police Officers on September 21, 1995. They have held the title of patrol officer since that time. Plaintiffs were part of a group of seven female officers who were hired by the Revere Police Department at that time. Four of these officers have left the Department and three have filed complaints with the Massachusetts Commission Against Discrimination. Plaintiffs experienced a prolonged, severe, pervasive, hostile, and abusive work environment during their almost six years of employment. They also experienced discrimination based on their sex and race, in the case of Sonia Fernandez. They experienced intimidation, humiliation, and stigmatization. The conduct of the Defendants, all of whom were supervisors, posed formidable barriers to both Plaintiffs full participation in the workplace. These barriers were so formidable, the hostility of the work environment so prolonged, severe and pervasive that both Plaintiffs were diagnosed with Post Traumatic Stress Disorder and were constructively discharged from their employment. A Medical Panel of the Public Employee Retirement Administration Commission unanimously adjudicated, on July 28, 2003, that the Plaintiff, Terri Pechner-James, was emotionally disabled by Post Traumatic Stress Disorder and had been constructively discharged from her employment at the Revere Police Department A subsequent medical opinion, requested by the City of Revere, substantiated that Sonia Fernandez also suffers from Post Traumatic Stress Disorder and is incapable of returning to work at the Revere police Department.

15. The Defendants, City of Revere, and the Revere Police Department permitted the supervisors named in this complaint to create a hostile and intolerable work environment and to engage in racial and sexual discrimination and harassment toward the Plaintiffs, Terri Pechner-James and Sonia Fernandez. The Defendants are strictly liable to the Plaintiffs for damages because of the hostile environment they created and because they constructively discharged the Plaintiffs from their employment.

<u>FACTS: Terri Pechner-James</u>
The facts that give rise to the claim of Terri Pechner-James incorporate the paragraphs stated above and the events described below:

16. Plaintiff, Terri Pechner-James, was a competent police officer. She received several letters of commendation. She also received an Official Citation from the Massachusetts State Senate. The last day that the Plaintiff was able to work at the Revere Police Department was March 13, 2001.

74. On or about February 26, 2001, a pair of women's underwear was hung on the bulletin board in the guard room of the Revere Police Department. **(See Attached Fist Report)** This room is accessible to members of the Department as well as the general public. The underwear was placed in prominent position where it was visible to both the general public and the members of the Department.

75. The underwear remained on display until March 2, 2001. No one, including the ranking officer in charge, removed the offending article for several days. **(See Attached Second Report)** This incident was consistent with the culture of degradation, humiliation, and hostility that the Plaintiffs and other females experienced during the period the were employed by the Revere Police Department.

76. The Revere Police Department did not respond promptly. It did not investigate. It took no remedial action. It had no policy for dealing with complaints for sexual harassment. It had no maternity leave policy.

77. The Plaintiffs experienced the "underwear incident" as retaliation against them and the females who complained. Retaliation creates fear. The Plaintiffs and other female officers found the incident offensive, demeaning and intimidating. It constituted a form of public humiliation that had a negative impact on the terms and conditions of the female officers and their effectiveness with the public.

78. The Plaintiff, Terri Pechner-James, was diagnosed with Post-Traumatic Stress Disorder. The Division of Administrative Law Appeals made a final adjudication and recommended consideration of her condition to a Medical Panel. The Regional Medical Panel of the Public Employee Retirement Administration Commission on July 28, 2003, unanimously confirmed this diagnosis. **(See Attached Medical Panel Decision).** She has been unable to work at the Revere Police Department since March 13, 2001. At the time of her constructive discharge in 2001, the Plaintiff was earning approximately $40,000 annually. She filed a request for benefits. Despite the diagnosis, Mayor Ambrosino denied Plaintiff's request for benefits pursuant to M.G.L.c 41 § 111F. Again in 2003, despite the unanimous decision of the Medical Panel on July 28, 2003, the City of Revere and its Retirement Board has continued to deny the Plaintiff, Terri Pechner-James, her disability retirement benefits. The Plaintiff has been unpaid since March 13, 2001.

79. The barriers created by the Defendants were so formidable that the Plaintiff, Terri Pechner-James, has been unable to work at the Revere Police Department since March 13, 2001. On March 12, 2001, the Plaintiff filed the requisite Complaint with the Massachusetts Commission Against Discrimination.

**Facts: Sonia Fernandez**
The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and events described in detail below: