

**COMMONWEALTH OF MASSACHUSETTS**
*Division of Administrative Law Appeals*
*133 Portland Street, 3rd Floor*
*Boston, MA 02114*
www.state.ma.us/dala

Tel: 617-727-7060

March 7, 2003

Carlton Dasent, Esq.　　　　　　　　　Ira H. Zaleznik, Esq.
Grayer & Dilday　　　　　　　　　　　Lawson & Weitzen, LLP
27 School St.　　　　　　　　　　　　 88 Black Falcon Terminal, Suite 345
Boston, MA 02108　　　　　　　　　　 Boston, MA 02210

Re: Terri James v. Revere Retirement Board, CR-02-1308

Dear Sir/Madam:

Enclosed is a decision in the above-captioned appeal.

Massachusetts General Laws, Chapter 32, section 16 (4) provides that this decision:

shall be final and binding upon the board involved and upon all other
parties, and shall be complied with by such board and by such parties,
unless within fifteen days after such decision, (1) either party objects to
such decision, in writing, to the contributory retirement appeal
board, or (2) the contributory retirement appeal board orders, in writing,
that said board shall review such decision…

A party objecting to the enclosed decision shall file **three** copies of specific objections to the decision with the Chairman of the Contributory Retirement Appeal Board ("CRAB"): **Anthony E. Penski, Esq., Administrative Law Division, Office of the Attorney General, Room 2019, One Ashburton Place, Boston, MA 02108.** A copy of the objections must also be sent to all parties.

The objecting party has an additional 30 days after the 15-day period to forward copies of the exhibits (three sets of exhibits to CRAB c/o Anthony E. Penski, Esq. and a set to the other party). The objecting party should number the exhibits as they were numbered at the hearing. CRAB will not put any case on its agenda until exhibits and copies of the DALA decision have been received.

　　　　　　　　　　　　　　　　　　DIVISION OF ADMINISTRATIVE LAW APPEALS

　　　　　　　　　　　　　　　　　　*Kimberly A. Fletcher*
　　　　　　　　　　　　　　　　　　Kimberly A. Fletcher
　　　　　　　　　　　　　　　　　　First Administrative Magistrate

cc: Anthony E. Penski, Esq.

## THE COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                    Division of Administrative Law Appeals

Terri James,
    Petitioner

v.                                                                      Docket No. CR-02-1308

Revere Retirement Board,
    Respondent

Appearance for Petitioner:                         Carlton Dasent, Esquire
                                                   Grayer & Dilday
                                                 27 School Street
                                                 Boston, MA 02108

Appearance for Respondent:                      Ira H. Zalcznik, Esquire
                                                 Lawson & Weitzen, LLP
                                                 88 Black Falcon Terminal, Suite 345
                                                 Boston, MA 02210

Administrative Magistrate:                         Judithann Burke

## DECISION

Pursuant to M.G.L.c. 32 s. 16(4), the Petitioner, Terri James, is appealing from the October 23, 2002 decision of the Respondent, Revere Retirement Board, denying the involuntary accidental disability retirement application of her former supervisor, Revere Police Chief Terence K. Reardon. The appeal was timely filed (Exhibits 1, 6 and 7). A hearing was held on February 4, 2003 at the offices of the Division of Administrative Law Appeals (DALA), 133 Portland Street, Boston, MA.

At the hearing, forty-five (45) exhibits were marked. No testimony was taken. The parties submitted their cases on the documents and argued their respective cases. One (1) tape was made of the proceedings.

## FINDINGS OF FACT

Based upon the evidence submitted at the hearing in the above-entitled matter, I hereby render the following findings of fact:

1. The Petitioner, Terri James, d.o.b. 4-29-73, became a police officer in the City of Revere on September 21, 1995.

2. During the six (6) years of her employment, the Petitioner complained of a prolonged, severe, pervasive, hostile and abusive work environment and gender discrimination. She also complained of the resultant intimidation, humiliation and stigmatization.

3. Officer James stopped working on or about March 14, 2001 and filed an injury report wherein she stated that her disability first began on that date and had resulted from a "cumulative condition". (Exhibits 4, 12, 13 and 15).

4. Terri James began treating with Eric J. Keroack, M.D. in March 2001. At that time, he reported that she was unable to carry out her police duties because her mental condition was a significant detriment to her safety and to the safety of the public at large. He reported that she was experiencing panic attacks involving shortness of breath, rapid heartbeats, dizziness, nausea (and sometimes vomiting), blurring vision, and trembling hands whenever she was faced with encounters involving the police precinct station or the alleged offenders, i.e. male police officers in the City of Revere. Dr. Keroack stated further that Ms. James' panic attacks also occurred following phone calls to her

2

home from superior officers or from incidental meetings with officers against whom she had lodged complaints of harassment. These encounters occurred both on and off duty. (Exhibit 11).

5. On June 3, 2002, Dr. Keroack, who was still Ms. James' treating physician, reported to Revere Police Chief Terence K. Reardon that his patient had a real desire to return to work. The doctor noted further that his patient might be able to return in the next three (3) months. (Exhibit 5).

6. On July 17, 2002, Chief Reardon filed an Involuntary Accidental Disability Retirement application on behalf of Terri James on the basis that she was suffering from "significant emotional stress" and referenced a diagnosis of "post traumatic stress disorder". (Exhibits 1-4)

7. The Revere Retirement Board denied Chief Reardon's application on October 23, 2002 without having convened a Regional Medical Panel. (Exhibit 6).

8. By late 2002 and early 2003, Dr. Keroack noted that Terri James continue to experience a decline in her mental and physical health whenever the prospect of her return to work was discussed. (Exhibit 11).

9. On January 23, 2003 Dr. Keroack reported that she had begun to avoid being out in public, even to buy gasoline or groceries. The doctor noted that the Petitioner had also developed crippling anxiety and worries which have not abated and have led to increased insomnia and fatigue. He concluded at this time that the loss of her ability to perform her duties as a police officer resulted in a significant insult to Officer James' identity and

3

self-worth. As a result, the doctor stated, she had become increasingly depressed and withdrawn.

Dr. Keroack went on to report that the compounding effect of multiple stressors has further deteriorated his patient's physical health and that every time she discusses the possible return to work, her physical health deteriorated further.

> ... In my opinion, Officer Pechner-James will most likely never be able to return to any form of duty within the police department... To attempt such a future reassignment involves risks to Officer Pechner-James' life that are unacceptable...
> ... But now, Officer Pechner-James is a fragile, injured, physically and mentally ill woman. This condition has most likely occurred as the direct result of failure to address the reported sexualized behaviors within a professional organization of law enforcement personnel (within the Revere Department).

(Exhibit 11).

## DECISION

When the Revere Retirement Board reviewed Chief Reardon's application for Involuntary Accidental Disability Retirement on Officer James' behalf in October 2002, she did not meet the requisite criteria set forth in M.G.L.c. 32 s. 7 for the convening of a Regional Medical Panel. Her treating doctor, Dr. Keroack, did not state that she was totally and permanently disabled and that said disability was such as might be the natural and proximate result of the personal injury or hazard undergone on account of which retirement was claimed. As such, the board was correct in failing to convene a Medical Panel.

However, at the de novo hearing at DALA on February 4, 2003, Dr. Keroack's January 22, 2003 report was marked as an exhibit. Based upon Dr. Keroack's findings as

4

Terri James                                                                                      CR-02-1308

to total and permanent disability and the possibility of a causal connection, the threshold criteria have been met for the convening of a Regional Medical Panel to evaluate her claim, in accordance with Section 7.

The decision of the Revere Retirement Board is hereby reversed and this matter is remanded to said board for the purpose of convening a Regional Medical Panel of experts in psychiatry in order to evaluate Chief Reardon's application for Section 7 retirement.

So ordered.

Division of Administrative Law Appeals,
BY:

*Judithann Burke*
Judithann Burke,
Administrative Magistrate

DATED: 3-7-03

5