UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and
Sonia Fernandez
    Plaintiff

C.A. #03-1249MLW

V

City of Revere et al.

## EMERGENCY MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV.P. 26(c) and REQUEST FOR HEARING

Now comes the Plaintiffs, a party to this action and a party from whom discovery is sought, and moves this Honorable Court to grant them a Protective Order. The Plaintiffs state that this Order is necessary to protect Plaintiffs from the multiplication of litigation, the undue burden and expense to which they are being subjected by Walter H. Porr, Esq. and Paul Capizzi, Esq. of the office of the City Solicitor of the City of Revere. The Plaintiffs state the following as grounds for their motion:

1. During the first week of March 2005, defense counsels, Walter H. Porr, Esq and Paul Capizzi Esq prepared and served on Plaintiffs counsel the following documents:

    (i) Denial of Request for Production of Documents: prepared 3-1-05, served 3-2-05.

    (ii) 1st Set of Interrogatories to Sonia Fernandez – 133 Interrogatories: prepared 3-1-05 served 3-2-05

    (iii) 1st Set of Interrogatories to Terri Pechner-James – 178 Interrogatories: prepared 3-1-05, served 3-2-05.

    (iv) Statement of Undisputed Material Facts prepared without consultation: 2-28-05 served 3-1-05

(v) Terence Reardon's Motion for Summary Judgment prepared 2-28-05, served 3-1-05.

2. These pleadings were prepared and served upon the Plaintiffs but defense counsel did not confer or attempt to confer with the Plaintiffs counsel in an effort to resolve the dispute without court action.

3. Defense counsels did request the professional courtesy of filing interrogatories that exceed twenty-five. Plaintiffs attorneys extended the professional courtesy. Defense counsels abused this privilege. They served more than seven (7) times the twenty-five interrogatories allowed, in one case(178), and almost six (6) times the twenty-five interrogatories allowed, in the other case(138).

4. There are three hundred and eleven (311) interrogatories among the documents served by defense counsels. Defense counsels did not confer or attempt to confer with Plaintiffs counsel prior to serving these interrogatories. It does not appear that they conferred or attempted to confer with the office that represents the other defendants in this case - Edward P. Reardon, P.C. Their interrogatories serve only to duplicate questions already asked by the offices of Edward P. Reardon, P. C. Worcester, Massachusetts and to multiply litigation.

5. The Plaintiffs have sought to meet with defense counsel as required by Fed. R. Civ. P. 26(f). Defense counsels have not responded. Plaintiffs have attempted to confer and to implement the intent of Fed. R. Civ. P. 26(f). Defense counsels have not responded. Plaintiffs have served defense counsels with several settlement memorandums. Defense counsels have not responded. Plaintiffs have presented proposals for settlement. Defense counsels have never responded. Plaintiffs have extended professional courtesy. Defense counsels have abused that courtesy.

6. On March 31, 2005, defense counsels, in addition to the documents already described in this document, sent the following new documents, hand delivered to Plaintiffs attorney:

(i) Defendant, Chief of Police Terence Reardon's Certificate of Compliance with Local Rule 7-1(a)(2).

(ii) Defendant Mayor Ambrosino's Statement of Undisputed Material Facts,

(iii) Affidavit of Walter H. Porr, Jr.

(iv) The Revised Ordinances of the City of Revere, Massachusetts

(v) Affidavit of Diane Collela

(vi) Excerpt from Terri Pechner-James, Motion for Partial Summary Judgment,

(vii) Affidavit of Carolyn Russo,

(viii) Affidavit of Michael Murphy,

(ix) Affidavit of Thomas Ambrosino

(x) Letter from the Massachusetts Commission Against Discrimination dated 3-12-01 and additional exhibits lettered I through P.

7. Defense counsels have not only abused the professional courtesies extended by Plaintiffs attorneys, they have abused the discovery process. The plethora of documents filed by defense counsels have not served to identify or clarify the issues of municipal liability or the issue of damages. The purpose of these pleadings is clear. Their contents are not based on reasonable inquiry; they are not consistent with the Federal Rules of Procedure; they are unwarranted by existing law.

8. Both Plaintiffs, Terri Pechner-James and Sonia Fernandez have been adjudicated as disabled and have been awarded disability retirement benefits. The basis of their disability is the traumatic effect of the hostile work environment they suffered at the Revere Police Department. **See Attached Exhibits A & B**

9. Given the needs of this case, the discovery already requested by the offices of Edward P. Reardon, P.C., the fact that the issue is municipal, not personal liability, defense counsel's pleadings are unreasonable, unduly burdensome, repetitious, and expensive.

They have been interposed for the improper purpose of causing unnecessary delay and needless expense.

WHEREFORE, the Plaintiffs request the following:

1. An Order protecting the Plaintiffs from the defense counsels plan to vexatiously multiply litigation, cause the Plaintiffs the undue burden, increase Plaintiffs costs and expenses, and disrupt the discovery schedule established by this Court;

2. Establish a reasonable discovery schedule that is coordinated with the schedule of Edward P. Reardon, P.C.;

3. Award the Plaintiffs expenses incurred in relation to this motion and such other relief as the Court deems just and proper.

Terri Pechner-James and
Sonia Fernandez
By their Counsel

*/s/ Carlton Dasent*

Carlton J. Dasent, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
(617) 894-2087

## CERTIFICATE OF SERVICE

I, Carlton J. Dasent Esq., Attorney for the Plaintiffs, hereby certify that I have, this day served a copy of the attached Emergency Motion for Protective Order Pursuant to Fed. R. Civ. P 26(c) and Request for Hearing on the parties listed below by mailing to them postage prepaid at the addresses listed below:

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

_/s/ Carlton Dasent_
Carlton J. Dasent, Esq.
James S. Dilday, Esq
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
(617) 394-2087

Dated 4-11-05.