UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03-1249-mcw

**Terri Pechner-James and
Sonia Fernandez**

V

**City of Revere et al**

### Plaintiffs Opposition to Defendant, Terence Reardon's Motion for Summary Judgment

Now comes the Plaintiffs and move this Honorable Court to deny the motion for summary judgment filed without affidavits by the Defendant, Terence Reardon, Chief of the Revere Police Department. The Plaintiff states that there are genuine issues of material fact that affect the question of municipality liability that were not raised and therefore cannot be resolved by this motion. The law favors the Plaintiff, the Federal Rules of Civil Procedure favor the Plaintiffs and the Defendant has stated no reason why he is entitled to summary judgment as a matter of law. The Plaintiffs state the following as grounds for their opposition:

1. The gist of the Defendant's motion is that the events that gave rise to the plaintiffs causes of action occurred between 1995 and 2001. During this period, the Defendant, Terence Reardon, was a high-ranking officer in the Revere Police Department but not yet the Chief of Police.

2. Terence Reardon now holds the title of Chief of Police in the Revere Police Department and he is the successor of the Chiefs who held the title during the period covered by the Plaintiffs complaint.

3. Actions of subordinate officials alone cannot create municipal liability. Municipal liability is created by the final policy maker(s) who execute a municipal policy or custom.

4. The Chief of Police was held to be a final policy maker in <u>Flanagan v Munger</u>, 890 F.2d 1557 (1989); final policymaking was held to be shared between the Chief of Police and the Mayor in <u>Bardanoro v McLoed,</u> 871 F.2d 1151, 1161 (1989). The United States Supreme Court recognized the principle of shared policymaking in <u>City of St. Louis v Proprotnik,</u> 485 U.S. 112, 123 (1988).

5. Federal Rules of Civil Procedure 25(d), Federal Rules of Appellate Procedure 43©(2) and the United States Supreme Court Rule 35.3 all provide for automatic substitution of public officials as parties in the event of death or replacement. Chief Reardon is a public official and the Chief of Police is a necessary party to this action. This motion is unsupported by law, nonetheless, the Defendant has filed this motion in violation of Local Rule 7.1(a)(2) and bypassed and rejected any attempt at settlement.

6. Whether Chief Reardon is a final policymaker, a shared policymaker or has no policymaking responsibility is a genuine issue of material fact. It has not been raised by the Defendant's motion and cannot be answered by the materials provided by the Defendant in support of its motion.

7. Actions of subordinate officials alone cannot create municipal liability. Implementation of municipal policy and custom by the final policymakers is essential to municipal liability. Terence Reardon is a veteran of the Revere Police Department and was a high-ranking officer during the times covered by the complaint. He is currently the Chief of the Revere Police Department and the supervisor of that department. Whether he or his predecessors are final policymakers for the purposes of this case cannot be determined by the information contained in this motion.

8. The Defendant's motion is premature, frivolous and filed without reasonable inquiry and without meeting the procedural requirement of Local Rule 7.1(a)(2).

WHEREFORE, the Plaintiffs move that the Defendant's motion for summary judgment be dismissed on the grounds that there are genuine issues of material fact and the Defendant is not entitled to judgment as a matter of law.

Terri Pechner-James
Sonia Fernandez
By their attorneys

*Carlton Dasent*

Carlton J. Dasent, Esq.
James S Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
(617) 894-2087

3