UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and
Sonia Fernande

03-12499- mcw

V

City of Revere et al

### Plaintiffs Memorandum ins Support of Their Opposition to Defendant, Terence Reardon's Motion for Summary Judgment

**FACTS:**

The Defendant, Terence Reardon, Chief of the Revere police Department, by his counsel, Walter H. Porr, Jr. Esq. and Paul Capizzi Esq. filed this motion for summary judgment without supporting affidavits. The motion was filed in violation of Local Rule 7.1(a)(2) in violation of the Judge's instructions at the last pretrial conference and for the purpose of causing unnecessary delay and increasing the plaintiffs cost of litigation.

This pleading is part of a pattern of conduct in which the Defendants and their counsel have (1) refused to respond to requests and orders from the court to confer on issues, and (2) have chosen, instead, to engage in the vexatious multiplication of litigation by serving over three hundred (300) interrogatories on the Plaintiffs while refusing to respond to settlement memorandums and proposals presented by the Plaintiffs.

Both the Revere Police Department and its Chief of Police, Terence Reardon, are essential parties to this matter. Actions of subordinate officials alone cannot create municipal liability. It is necessary to have a final policymaker, a Chief of Police, Mayor or the City Council or a combination of these parties. Defendant's counsel filed this motion without reasonable inquiry into the applicable and governing law of this case and the use of Local Rule 7.1(a)(2).

### ARGUMENT-Introduction

Fed. R. Civ. P. 56 (c) provides that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Defendant, Terence Reardon, Chief of the Revere Police Department has filed what is in essence a frivolous motion to strike clad in the garb of a motion for summary judgment without affidavits. The motion seeks to remove Chief Reardon, as a named defendant, and have all legal and factual issues resolved in his favor. Whether Chief Reardon is a final policymaker or whether he shares policymaking responsibility with the Mayor and the City Council of the City of Revere cannot be resolved by this motion.

The Defendant has not addressed the issue of municipal liability and has provided no "depositions, answers to interrogatories and admissions on file; there are no affidavits or other pleadings that support a grant of summary judgment to the Defendant.

### Summary Judgment is premature and not appropriate.

Summary judgment is inappropriate if there remains a genuine issue as to any material fact. Gavin v People's Natural Gas Co. 613 F2d. 482 (1980). Summary judgment may not be granted unless movant has established his right to judgment with such clarity as to leave no room for controversy that the other party is not entitled to recover under any discernable circumstances. Robert Johnson Grain co., v Chemical Interchange Co., 541 F.2d 207 (1976).

This motion seeks to preclude Chief Reardon as a party to this action but it has not established his right to judgment with such clarity as to leave no room for controversy. Summary judgment should be denied in this case and it has been held that it has been

5

appropriately denied where adjudication is on so limited a basis if issue and party preclusion and on so inadequate a factual record that it is likely to be inconclusive of the underlying rights at issue. Forest Hills Early Learning Center, Inc. v Lukhard, 728 F.2d 230 (1984). This motion seeks both issue and party preclusion based on an inadequate factual record and on an even more inadequate legal basis.

The Defendant has cited no statute, no case law, no regulation and no legal precedent to support his motion. The limited and inadequate factual record on which he relies is likely to be inconclusive because it fails to encompass the total responsibility of the Chief of Police and the full extent of the underlying rights of the Plaintiffs. This is a complex case. Complex cases where questions are not, and often cannot be conveniently isolated as pure questions of law are not appropriately isolated as pure questions of law are not appropriately disposed of by summary judgment. Eliott v Elliott, 49 FRD 283 (1970).

### The Chief of Police may be a final policymaker but that question cannot be determined by this motion.

> A government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy..the government as an entity is responsible under 1983. Monell v New York City Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018 cited in Flanagan v Munger, 890 F2d. 1557.

The Chief of Police in Munger was held to be a final policymaker despite the language of the ordinances of the City of Colorado Springs. The "custom" or standard operating procedures prevailed over the language of the ordinances.

The Revere City Ordinances provide:

> 2.60.030 Chief of Police
>
> A. The chief of police shall have general charge and supervision of all officers and patrolmen and other personnel of the police department, shall have precedence and control of the same whenever engaged in the same service.....

6

> 2.60.050
>
> The chief of police shall, at least once every five years, review and establish rules and regulations for the government of the police department....

The Chief of Police of the Revere Police Department clearly has some policymaking authority but neither these ordinances not this motion can be dispositive because it is the "custom" that governs and determines the outcome. See <u>Munger</u> at 1569 and <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. at 918-919 (1996).

**Conclusion:**

Summary judgment is premature. The Defendant's motion is frivolous and was filed without reasonable inquiry and the proper use of Local Rule 7.1(a)(2). The improper purpose for which this motion was filed and the vexatious multiplication of litigation is underscored by the fact that the Defendant has cited no statute, no case law, no regulation and has produced no legal precedent to support its position that Chief Reardon is not a policymaker and should not be substituted for his predecessors.

Terri Pechner-James
Sonia Fernandez
By their attorneys

_____
Carlton J. Dasent, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470
(617) 394-2087

7

## CERTIFICATE OF SERVICE

I, Carlton J. Dasent Esq., Attorney for the Plaintiffs, hereby certify that I have, this day served a copy of the attached Plaintiffs Opposition to Defendant, Terrence Reardon's Motion for Summary Judgment and Memorandum in Support of Plaintiffs Opposition to Defendant. Terrence Reardon's Motion for Summary Judgment on the parties listed below by mailing to them postage prepaid at the addresses listed below:

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151


Michael Akerson, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

*/s/ Carlton Dasent*

Carlton J. Dasent, Esq.
James S. Dilday, Esq
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
(617) 894-2087

Dated: 4-11-05