UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03-12499-MLW |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

DEFENDANT THOMAS AMBROSINO'S
MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, **MAYOR, THOMAS AMBROSINO** and moves for

Summary Judgment in accordance with Federal Rules of Civil Procedure, Rule 56.

## I.

## OVERVIEW OF COMPLAINT

**A.    Structure of the Complaint:**

The Verified Complaint of Plaintiff's Terri Pechner-James and Sonia Fernandez is organized

as follows:

1.    Party allegations are set forth in paragraphs A through C and 1- 10 (Complaint pages 1-2).

2.    Compliance with claim filing requirements is alleged in paragraph 11 (Complaint page 2).

3.    Statements of law are set forth in paragraphs 12-13 (Complaint pages 2-3).

4.      Common background facts are alleged in paragraphs 14-15 (Complaint page 3).

In addition, two incidents common to both plaintiffs are also alleged later in the Complaint. The first occurred in January of 1999 and involves a Departmental meeting held at the request of the female officers in response to their allegedly experiencing a hostile working environment. This meeting resulted in a report produced by Captain Chaulk and Captain Roland (Complaint, pages 10-11, paragraphs 70-70 and page 13, paragraphs 91-93). The second allegedly occurred from February 26, 2001 to March 2, 2001 and involves what plaintiffs have called the underwear incident. (Complaint page 10-11, paragraphs 70-79 and page 14, paragraphs 94-97).

5.      Facts specific to Plaintiff Terri Pechner-James (plaintiff Pechner) are set forth in the Complaint on pages 4-11, paragraphs 16 –79: Lieutenant Foster, 1997-1999, paragraphs 17-33; Lieutenant Murphy, 2001, paragraph 34; Lieutenant Santoro, 1998-2001, paragraph 35-47; Acting Chief Colannino and Captain Roland, undated, paragraphs 48-51; Sergeant Doherty, 1997-1999, paragraphs 52-61; Sergeant Nelson, undated, paragraphs 62-64; Chief Russo, 1997, paragraphs 65-69.

The last day that Plaintiff Pechner alleges she was able to work at the Revere Police Department was March 13, 2001. (Complaint page 3, paragraph 16, and page 11, paragraphs 78-79).

6.      Facts specific to Plaintiff Sonia Fernandez (plaintiff Fernandez) are set out in the Complaint on pages 11-16, paragraphs 80-107: Unnamed and undated intimidation, humiliation and stigmatization, paragraph 81; Unnamed and undated hostile work environment, paragraphs 82 and 97; Captain Roland, 1996, paragraph 83; Trips to hospital due to work related stress on June 24, 1997 and November 11, 1997, paragraph 85; Lieutenant Ford, 1996-2000, paragraphs 84, 98-99; Captain Chaulk, 1997, paragraph 87; Unnamed and undated incident of racial harassment from supervisors, paragraph 90; Lieutenant Foster, 2000-2001, paragraphs 100-103; Chief Russo, 1995, paragraph 104.

7.      Plaintiff Pechner's Causes of Action for Hostile Work Environment/Sexual Harassment, Constructive Discharge, Disparate Treatment, and Infliction of Emotional Distress are set forth on pages 16-19, paragraphs 108-122.

8.      Plaintiff Fernandez's Causes of Action for Hostile Work Environment/Sexual and Racial Harassment, Constructive Discharge, Disparate Treatment and Infliction of Emotional Distress are set forth on pages 19-23, paragraphs 123-140.

Attached to the Complaint are the Affidavits of Sonia Fernandez and Terri Pechner-James.

**B.      Allegations Regarding Mayor Ambrosino:**

With respect to Mayor Ambrosino, the only allegations that specifically refer to him by name

are found in paragraphs 1 and 105 of the Complaint, which state:

"1. The Defendant, Thomas Ambrosino, is the Mayor of the City of Revere. The City of Revere was at all relevant times and for all relevant purposes the employer of the Plaintiffs; the Mayor and his predecessors were at all relevant times and for all relevant purposes the supervisors of the Plaintiffs."

"105. The barriers created by the Defendants were so formidable that the Plaintiffs went to see Mayor Thomas Ambrosino. The Plaintiff, Sonia Fernandez, also requested the paid leave normally given to male officers injured on the job. The Mayor offered the Plaintiff only an unpaid leave of absence. Three female officers, including Plaintiff, Sonia Fernandez, filed complaints with the MCAD based on facts arising out of the hostile environment that existed in the Revere Police Department. The Plaintiff subsequently returned to work but has been unable to work in the environment of the Revere Police Department."

To the extent he may be the person referred to as the Mayor, he may also be the subject of the

allegations in paragraphs 49, 50, 51, 116, 121, 134 and 139 which states as follows:

Pechner Allegations

"49. The Plaintiffs, Terri Pechner James and Sonia Fernandez, met with the [M]ayor of the City of Revere. They met with Captain Roland. They complained that the prolonged, severe, pervasive, hostile, and abusive work environment had caused them injury. They requested leave of absence with pay. These Defendants offered the Plaintiffs leaves without pay. This decision constituted disparate treatment of Plaintiffs. By this action, the Defendants constructively discharged the Plaintiffs."

"50. The denial of leaves with pay was not an isolated act of disparate treatment. The Plaintiffs experienced for many years that these superior officers practiced a double standard on their dealings with Plaintiffs and other female officers."

"51. The Plaintiffs made their superiors aware this environment posed a formidable barrier to their full participation in the work of the Revere Police Department. Their superior officers took   no remedial action. The response of these superior officers did not discourage male officers and supervisory personnel from perpetuating a hostile and discriminating work environment.   As a result of this failure of leadership, the Plaintiff[s] experienced intimidation, humiliation, and stigmatization."

"116. The Plaintiff, Terri Pechner-James, met with the Mayor, the Chief of Police and Captain Roland and along with other females officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This

Plaintiff offered medical evidence of her condition and requested the same leave with pay as is done for male employees."

"121. The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration Commission, the Defendants have refused to send the Plaintiff the notice required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to this Plaintiff."

Fernandez Allegations

"134. The Plaintiff, Sonia Fernandez, met with the Mayor, Chief of Police and Captain Roland and along with other female officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This Plaintiff offered medial evidence of her condition and requested the same leave with pay as is done for male employees."

"139. The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supported the Plaintiff's position, the Defendants continue to coerce, threaten and intimidate the Plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) had created conflict with the Union membership, other officers and is unsupported by medical evidence."

Noticeably, Mayor Ambrosino is not named by Pechner in paragraphs 109 and 113 or by Fernandez in paragraphs 124 and 131, which specifically allege racial and sexual harassment, hostile work environment, and constructive discharge directly related to the conduct of others as outlined in subsections 4-6 of subsection A above.

## II.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      On March 4, 1901 the City of Revere placed its police personnel under the state civil service system pursuant to Massachusetts General Law, chapter 31, section 48 (Defendant's Separate Statement of Undisputed Material Facts, No. 1).

2.      On November 3, 1936 the City of Revere placed its municipal employees under the state retirement law pursuant to Massachusetts General Law, chapter 32 (Defendant's Separate Statement of Undisputed Material Facts, No. 2).

3.      Pursuant to Acts 1964, Chapter 115, the citizens for the City of Revere were authorized "to vote at the biennial state election in the current year on the question of adopting the 'Plan B' form of government" (Defendant's Separate Statement of Undisputed Material Facts, No. 3).

4.      On November 3, 1964, the citizens of the City of Revere adopted the "Plan B" form of government (Defendant's Separate Statement of Undisputed Material Facts, No. 4).

5.      On September 21, 1995 Plaintiffs Terri Pechner-James and Sonia Fernandez were sworn in as Revere Police Officers (Defendant's Separate Statement of Undisputed Material Facts, No. 5).

6.      At the time Officers Pechner and Fernandez were hired, James Russo was the Chief of Police (Defendant's Separate Statement of Undisputed Material Facts, No. 6).

7.      On February 28, 1999 Chief Russo retired (Defendant's Separate Statement of Undisputed Material Facts, No. 7).

8.      On March 1, 1999 Roy Colannino was appointed as the Acting Chief of Police for the City of Revere by then Mayor Robert Haas (Defendant's Separate Statement of Undisputed Material Facts, No. 8).

9.      On January 3, 2000 defendant Thomas Ambrosino was sworn in as Mayor of the City of Revere (Defendant's Separate Statement of Undisputed Material Facts, No. 9).

10.     On July 1, 2000 the City of Revere and its Police officers entered into a new Agreement for the time-frame of July 1, 2000 to June 30, 2003 (Defendant's Separate Statement of Undisputed Material Facts, No. 10).

11      On August 31, 2000, Acting Chief Colannino started an extended period of sick leave due which eventually ended with his retirement. At that time, Captain Frederick Roland was named as the Captain in Charge of the Revere Police Department and assumed responsibility for the day-to-day supervision and operation of the Department (Defendant's Separate Statement of Undisputed Material Facts, No. 11).

12.     On March 12, 2001, Plaintiffs Pechner and Fernandez filed their complaints with the Massachusetts Commission Against Discrimination (Complaint, paragraphs 11, 14, 79 and 105). A true and correct copy of said MCAD complaints are attached here to as Exhibit "G" (Defendant's Separate Statement of Undisputed Material Facts, No. 12).

13.     On March 13, 2001 Plaintiff Pechner discontinued her service as a Revere Police Officer (Defendant's Separate Statement of Undisputed Material Facts, No. 13).

14.     Sometime during March-April 2001, Defendant Ambrosino met with Plaintiffs Pechner and Fernandez regarding their complaints/allegations of sexual harassment and hostile work environment (Defendant's Separate Statement of Undisputed Material Facts, No. 14).

15.     On April 2, 2001, Plaintiff Fernandez was granted a three month leave of absence without pay by Defendant Ambrosino (Defendant's Separate Statement of Undisputed Material Facts, No. 15).

16.     On April 9, 2001, the dates of Plaintiff Fernandez' three month leave of absence without pay were modified to April 1, 2001 to June 30, 2001 by Defendant Ambrosino (Defendant's Separate Statement of Undisputed Material Facts, No. 16).

17.     On April 19, 2001 Plaintiff Pechner filed an Application for Indemnification Under Massachusetts General Laws Chapter 41, Section 100 and an Application for Leave Without Loss of

Pay Under Massachusetts General Laws Chapter 41, Section 111F (Defendant's Separate Statement of Undisputed Material Facts, No. 17).

18.    On April 23, 2001 defendant Ambrosino denied Pechner's request for a three month paid leave of absence, but instead offered an unpaid leave of absence (Defendant's Separate Statement of Undisputed Material Facts, No. 18).

19.    On June 1, 2001 Pechner's Application for Leave Without Loss of Pay Under Massachusetts General Laws Chapter 41, Section 111F was denied based on a recommendation of the Third Party Claims Administrator for the City of Revere (Defendant's Separate Statement of Undisputed Material Facts, No. 19).

20.    On July 5, 2001, Plaintiff Fernandez' was granted an additional three months leave of absence without pay from July 1, 2001 to September 30, 2001 by Defendant Ambrosino (Defendant's Separate Statement of Undisputed Material Facts, No. 20).

21.    On October 8, 2001, Plaintiff Fernandez returned to work from her unpaid leave of absence (Defendant's Separate Statement of Undisputed Material Facts, No. 21).

22.    On October 11, 2001 the Massachusetts Senate and House of Representatives in the General Court assembled passed Senate Bill 1886 – An Act Providing Requirements for Appointment of the Chief of Police of the City of Revere which exempted the Chief of Police of the City of Revere from chapter 31 of the General Laws [the civil service system] (Defendant's Separate Statement of Undisputed Material Facts, No. 22).

23.    On October 17, 2001 the Revere Police Department received a letter dated October 11, 2001 from Plaintiff Pechner seeking an examination by the City of Revere doctor (Defendant's Separate Statement of Undisputed Material Facts, No. 23).

24.     On October 17, 2001 the Revere Police Department received an undated letter from Plaintiff Pechner invoking the grievance procedure under the union contract (Defendant's Separate Statement of Undisputed Material Facts, No. 24).

25.     On October 22, 2001 Captain in Charge Frederick Roland acknowledged Plaintiff Pechner's October 11, 2001 letter in writing (Defendant's Separate Statement of Undisputed Material Facts, No. 25).

26.     On October 24, 2001 Captain in Charge Frederick Roland responded to Plaintiff Pechner's undated grievance letter in writing denying same (Defendant's Separate Statement of Undisputed Material Facts, No. 26).

27.     On November 9, 2001 Plaintiff Pechner, through her union representative, notified Captain Roland that she was pursuing her grievance to Step 3 under the union contract (Defendant's Separate Statement of Undisputed Material Facts, No. 27).

28.     On November 13, 2001 Defendant Ambrosino sent written notification to Plaintiff Pechner through her union representative that her Step 3 grievance hearing was set for November 21, 2001 (Defendant's Separate Statement of Undisputed Material Facts, No. 28)

29.     On November 21, 2001 Defendant Ambrosino conducted the Pechner grievance hearing. He rendered his written decision on November 26, 2001 and a copy of same was forward to Plaintiff Pechner by cover letter of even date (Defendant's Separate Statement of Undisputed Material Facts, No. 29).

30.     On December 21, 2001, Plaintiff Pechner filed suit against the City of Revere in a case entitled Pechner-James v. Frederick Roland, acting Chief Revere Police Department and Thomas Ambrosino, Mayor City of Revere, Suffolk County Superior Court, Case No. SUCV2001-05837. A

certified copy of the complaint in said case is attached hereto as Exhibit "K" (Defendant's Separate Statement of Undisputed Material Facts, No. 30).

31.    On December 27, 2001, Plaintiff Fernandez was granted a two week unpaid leave of absence due to personal reasons by Defendant Ambrosino (Defendant's Separate Statement of Undisputed Material Facts, No. 31).

32.    On January 6, 2002, Chief Colannino retired (Defendant's Separate Statement of Undisputed Material Facts, No. 32).

33.    On January 15, 2002, Terence Reardon was appointed as the Chief of Police for the City of Revere (Defendant's Separate Statement of Undisputed Material Facts, No. 33).

34.    On July 17, 2002 Plaintiff Pechner's Involuntary Retirement Application was filed with the Revere Retirement Board by Police Chief Terence Reardon (Defendant's Separate Statement of Undisputed Material Facts, No. 34).

35.    On October 23, 2002 Plaintiff Pechner's Involuntary Retirement Application was denied by the Revere Retirement Board (Defendant's Separate Statement of Undisputed Material Facts, No. 35).

36.    On October 30, 2002 Plaintiff Pechner appealed the decision of the Revere Retirement Board (Defendant's Separate Statement of Undisputed Material Facts, No. 36).

37.    On February 5, 2003, Plaintiff Pechner filed a voluntary Application for Disability Retirement with the Revere Retirement Board. (Defendant's Separate Statement of Undisputed Material Facts, No. 37).

38.    On March 7, 2003 the Division of Administrative Appeals overturned the October 23, 2002 decision of the Revere Retirement Board and the matter was remanded to said board for the purpose of convening a Regional Medical Panel of experts in psychiatry in order to evaluate defendant

Reardon's Involuntary Retirement Application filed on behalf of Pechner (Defendant's Separate Statement of Undisputed Material Facts, No. 38).

39.    On March 27, 2003, Plaintiff Pechner dismissed her action against the City of Revere (Pechner-James v. Frederick Roland, et al), Suffolk County Superior Court, Case No. SUCV2001-05837. A certified copy of said dismissal is attached hereto as Exhibit "P". (Defendant's Separate Statement of Undisputed Material Facts, No. 39).

40.    On October 6, 2003 Plaintiff's Pechner and Fernandez filed the instant action in the Suffolk County Superior Court (Judicial Notice of the Court's file herein. Federal Rules of Evidence, Rule 201). (Defendant's Separate Statement of Undisputed Material Facts, No. 40).

41.    On April 14, 2004 the Revere Retirement Board approved Plaintiff Pechner's voluntary Application for Disability Retirement (Defendant's Separate Statement of Undisputed Material Facts, No. 41).

42.    On April 23, 2004 Plaintiff Fernandez's Involuntary Retirement Application was filed with the Revere Retirement Board by Police Chief Terence Reardon (Defendant's Separate Statement of Undisputed Material Facts, No. 42).

43.    On June 4, 2004 the Public Employee Retirement Administration Commission  for the Commonwealth of Massachusetts approved Plaintiff Pechner's voluntary Application for Disability Retirement effective January 17, 2002 (Defendant's Separate Statement of Undisputed Material Facts, No. 43).

44.    On November 10, 2004 the Revere Retirement Board approved Plaintiff Fernandez's involuntary Application for Disability Retirement (Defendant's Separate Statement of Undisputed Material Facts, No. 44).

45.     On December 17, 2004 the Public Employee Retirement Administration Commission for the Commonwealth of Massachusetts approved Plaintiff Pechner's voluntary Application for Disability Retirement effective December 21, 2004 (Defendant's Separate Statement of Undisputed Material Facts, No. 45).

46.     During the course of the meeting between Mayor Ambrosino and Plaintiffs Pechner and Fernandez in March or April 2001 (see Complaint, paragraphs 49, 105,116 and 134) some of the events identified in the Complaint (See Ambrosino Affidavit, paragraphs 5 and 6) may have been discussed.    (Obviously, this would exclude the incidents of December 2001 involving Officer Fernandez which had not yet occurred). This would have been the first time that Mayor Ambrosino was notified of these events, if they were in fact discussed during this meeting.  Mayor Ambrosino was not personally aware of the incidents alleged in the Complaint on file herein and only learned of these alleged incidents through the combination of his meeting with Officers Pechner and Fernandez, their filing of the their complaints with the Massachusetts Commission Against Discrimination and their filing of the instant Complaint (Defendant's Separate Statement of Undisputed Material Facts, No. 46).

47.     Mayor Ambrosino serves as the Executive Officer for the City of Revere.  He is not responsible for the day-to-day supervision, management or operation of the Revere Police Department.  Those responsibilities are entrusted to the Police Chief pursuant to Section 2.60.030 of the Revised Ordinances of the City of Revere.  Mayor Ambrosino was not and has never been a Supervisor of either Officer Terri Pechner or Officer Sonia Fernandez.  The allegation in paragraph 1 on page 1 of the Complaint that the Mayor was "at all relevant times and for all relevant purposes [the] supervisor[] of the Plaintiffs" is not a correct statement of Mayor Ambrosino's duties and

responsibilities as the Mayor of the City of Revere (Defendant's Separate Statement of Undisputed Material Facts, No. 47).

48.    Since assuming office in January, 2000 Mayor Ambrosino has authorized unpaid leaves of absence to Revere City police officers without regard to race or gender. He has also approved paid leaves of absence without regard to race or gender (Defendant's Separate Statement of Undisputed Material Facts, No. 48).

49.    Mayor Ambrosino's only involvement with the Revere Retirement Board is to select the second member thereof pursuant to General Law Chapter 20, section (4)(b) and to receive their annual request for appropriation under General Law Chapter 20, section (5)(f), which is then evaluated as part of the annual budget process. Mayor Ambrosino does not participate in, nor does he attempt to influence, the Board in the performance of its duties under General Law Chapter 20, section (5) (Defendant's Separate Statement of Undisputed Material Facts, No. 49).

### III.

### THE COMPLAINT FAILS TO STATE A
### COGNIZABLE CLAIM AGAINST MAYOR AMBROSINO

The City of Revere has adopted a Plan B form of Government pursuant to M.G.L. c. 43, s. 56. (Undisputed Material Fact ("UMF") Nos. 3 & 4; see also *Sherriff v. Mayor of Revere*, 355 Mass. 133, 135, 235 N.E. 185, 186 (1969)). Under Plan B, the Mayor "shall be the chief executive officer of the city." (M.G.L. c. 43, s. 58). However, Plan B "is silent as to any specific power which [the mayor] may have to remove subordinate officers who are under the charge of the heads of various departments." *Sherriff v. Mayor of Revere, supra,* at 135-136, 243 N.E. at 186-187 quoting *Duggan v. Third Dist. Court of E. Middlesex*, 298 Mass. 274, 280, 10 N.E.2d 61 (1937). Thus, a mayor under a Plan B form of government does <u>not</u> have an inherent power to appoint or remove

12

subordinate officers and employees of the various departments under his supervision. *Sherriff v. Mayor of Revere, supra,* at 136, 243 N.E. at 187.

Pursuant to section 2.60.010(a) of the Revised Ordinances, the Mayor is the appointing authority for the Police Department. However, pursuant to section 2.60.030, the Police Chief "shall have the general charge and supervision of all officers and patrolmen and other personnel of the police department." Moreover, the Police Officers in the City of Revere are protected under the State Civil Service System (M.G.L. c. 31, s. 48) (UMF No. 1). In addition, they are also protected by a union contract. (UMF No. 10). Finally, their retirement rights are controlled by the State Retirement Board System (M.G.L. c. 32, s. 20) (UMF No. 2).

**A.    Plaintiff Pechner Fails to State a Cognizable Claim Against Mayor Ambrosino:**

1.    COUNT 1 - Hostile Work Environment/Sexual Harassment.

Plaintiff Pechner's first count alleges hostile work environment and sexual harassment. In support of this claim, she alleges incidents which largely occurred prior to defendant Ambrosino's swearing in as Mayor of the City of Revere on January 3, 2000 (see page 16, unnumbered incorporation paragraph and paragraph 109). Indeed, paragraph 109 does not allege any conduct on Mayor Ambrosino's part whatsoever. Moreover, the incidents alleged in the complaint were not brought to the Mayor's attention until months, if not years, after their occurrence (UMF No. 46). Finally, contrary to the allegations of paragraph 108, the Mayor was not Plaintiff Pechner's supervisor, either directly or indirectly (UMF No. 47).

Consequently, plaintiff Pechner does not allege a single incident that occurred during Mayor Ambrosino's tenure of which he knew or should have known within a reasonable time frame that would have allowed him to address the situation. In fact, it appears Plaintiff Pechner concedes this reality inasmuch as she alleges in paragraph 111 of the complaint that it was "Defendants, City of

Revere and its Police Department [who] breached their nondelegable duty to this Plaintiff." See also paragraph 108 which is directed specifically at the Police Department and Police Department defendants.

As such, Count 1 fails as to Mayor Ambrosino.

2.    COUNT 2 - Constructive Discharge.

In paragraph 115 of the complaint, Plaintiff alleges that "Defendants are strictly liable, individually and severally, for damages to [her] resulting from their constructive discharge of Plaintiff in v olation of M.G.L.c. 151B § 4(1) & (1)(C) and 42 U.S.C. § 2000(e)-2"(emphasis added). In support of this claim, Plaintiff Pechner relies generally upon the allegations of her complaint and specifically upon paragraph 113.

Paragraph 113 starts with the allegation that the "Defendants were all ranking officers of the Revere Police Department and supervisors of the Plaintiff." As set forth above, the Mayor was not Plaintiff's supervisor either directly or indirectly. Moreover, none of the allegations of paragraph 113 allege any conduct on the Mayor's part whatsoever. Moreover, the incidents alleged therein were not brought to his attention until months, if not years, after their occurrence.

Thus, Count 2 fails at to Mayor Ambrosino.

3.    COUNT 3 - Disparate Treatment.

Plaintiff Pechner's third count alleges disparate treatment because she was denied leave with pay (paragraphs 116 to 118) and because her disability retirement application has been contested (paragraph 119).

With respect to her injured on duty claim, Plaintiff Pechner originally filed suit as authorized by M.G.L. c. 41, s. 100 on December 21, 2001. This suit was later dismissed without prejudice on March 27, 2003. Two years have elapsed since the injured on duty claim accrued and the action

thereon was dismissed.  Plaintiff Pechner has clearly allowed her injured on duty claim to lapse under the applicable two year statute of limitations.

Thus, Plaintiff Pechner has failed to pursue her statutory remedy to determine whether or not the City's decision to deny her injured on duty claim was valid.  In the absence of this determination, there is no basis for her claim of disparate treatment since she has not demonstrated that she was entitled to the benefit in the first instance.

In any event, Mayor Ambrosino's denial of plaintiff Pechner's request for paid leave was made in a non-discriminatory manner and in accordance with his practice of granting unpaid leave to similarly situated police officers and City employees (UMF No. 48).

With respect to the decisions of the Retirement Board, Mayor Ambrosino has no control over this statutorily created board (see M.G.L. c. 32, s.20) (UMF No. 49).  Moreover, the Division of Administrative Law Appeals determined that "[w]hen the Revere Retirement Board reviewed Chief Reardon's application for Involuntary Accidental Disability Retirement on Officer [Pechner] James' behalf in October 2002, she did <u>not</u> meet the requisite criteria set forth in M.G.L.c. 32 s. 7 for the convening of a Regional Medical Panel.  Her treating doctor, Dr. Keroack, did <u>not</u> state that she was totally and permanently disabled and that said disability was such as might be the natural and proximate result of the personal injury or hazard undergone on account of which retirement was claimed.  <u>As such, the board was correct in failing to convene a Medical Panel</u>" (emphasis added) (Exhibit "O," page 4) (UMF No. 38).

Thus, Count 3 must fail because Plaintiff Pechner has failed to demonstrate any disparate treatment by defendant Ambrosino and furthermore, at the time the Revere Retirement Board denied her retirement, they did so lawfully since she did <u>not</u> meet the criteria for said retirement at that time.

4.    COUNT 4 - Infliction of Emotional Distress.

Plaintiff Pechner's fourth count alleges intentional infliction of emotional distress. In support of this claim, she once again relies upon incidents that largely occurred prior to Defendant Ambrosino's swearing in as Mayor in 2000 (see pages 18 and 19, paragraph 120). Additionally, Plaintiff makes conclusory allegations which are factually erroneous concerning Mayor Ambrosino's participation in her retirement proceedings (page 19, paragraph 121). Nonetheless, the Retirement Board's decision was lawful and appropriate at the time it was rendered (See Exhibit "O," page 4).

> [n5] In order to recover for negligently inflicted emotional distress, a plaintiff had to prove '(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.' [*Payton v. Abbott Labs,* 386 Mass. 540, 557, 437 N.E.2d 171 (1982).] Moreover, the plaintiff was required to substantiate the physical harm with expert medical testimony. Id. at 556.

> n5 'Although this court has allowed recovery for emotional distress absent physical harm, it has done so only where the defendant's conduct was extreme and outrageous, and was either intentional or reckless.' Payton v. Abbott Labs, supra at 547. See Simon v. Solomon, 385 Mass. 91, 95, 431 N.E.2d 556 (1982); Agis v. Howard Johnson Co., 371 Mass. 140, 144-145, 355 N.E.2d 315 (1976)."

> *Rodriguez v. Cambridge Housing. Authority*, 443 Mass. 697, ___, ___ N.E.2d ___ (2005).

As for any negligent infliction of emotional distress claim, Plaintiff Pechner can prove neither negligence or causation on the part of Mayor Ambrosino. As for any intentional infliction of emotional distress claim, she can prove neither extreme or outrageous conduct nor intentional or reckless conduct. Thus, as with the other counts, this count too must fail.

5.    Conclusion.

In light of the foregoing, Mayor Ambrosino is entitled to summary judgment on all counts and claims made by Plaintiff Pechner.

**B.**     **Plaintiff Fernandez Fails to State a Cognizable Claim Against Mayor Ambrosino:**

1.     COUNT 1 - Hostile Work Environment/Sexual/Racial Harassment.

Plaintiff Fernandez's first count alleges hostile work environment and sexual/racial harassment.  In support of this claim, she alleges incidents that largely occurred prior to defendant Ambrosino's appointment as Mayor in 2000 (see pages 19-20, paragraphs 123-128).  Indeed, paragraphs 124 to 128 do not allege any conduct on Mayor Ambrosino's part whatsoever.  Moreover, the incidents alleged in the complaint were not brought to the Mayor's attention until months, if not years, after their occurrence (UMF No. 46).  Finally, contrary to the allegations of paragraph 123, the Mayor was not Plaintiff Fernandez' supervisor, either directly or indirectly (UMF No. 47).

Consequently, plaintiff Fernandez does not allege a single incident that occurred during Mayor Ambrosino's tenure of which he knew or should have known within a reasonable time frame that would have allowed him to address the situation.  See paragraph 123 which is directed specifically at the Police Department and Police Department defendants.

As such, Count 1 fails as to Mayor Ambrosino.

2.     COUNT 2 - Constructive Discharge.

In paragraph 133 of the complaint, Plaintiff alleges that "Defendants are strictly liable, individually and severally, for damages to [her] resulting from their constructive discharge of Plaintiff in violation of M.G.L.c. 151B § 4(1) & (1)(C) and 42 U.S.C. § 2000(e)-2" (emphasis added). In support of this claim, Plaintiff Fernandez relies generally upon the allegations of her complaint and specifically upon paragraph 131.

Paragraph 131 starts with the allegation that the "Defendant, City of Revere, was the employer of the Plaintiff.  The other Defendants were all ranking officers of the Revere Police

Department and supervisors of the Plaintiff." As set forth above, the Mayor was not Plaintiff's supervisor either directly or indirectly. Moreover, none of the allegations of paragraph 131 allege any conduct on the Mayor's part whatsoever. Moreover, the incidents alleged therein were not brought to his attention until months, if not years, after their occurrence.

Thus, Count 2 fails at to Mayor Ambrosino.

3.      COUNT 3 - Disparate Treatment.

Plaintiff Fernandez's third count alleges disparate treatment because she was denied leave with pay (paragraphs 134 to 136) and because the Defendants allegedly "insist[ed] that [she] return to work in violation of Union rules and medical advice" (paragraph 135). Mayor Ambrosino's denial of plaintiff Fernandez' request for paid leave was made in a non-discriminatory manner and in accordance with his practice of granting unpaid leave to similarly situated police officers and City employees (UMF No. 48). In this respect, Plaintiff Fernandez was granted a six months unpaid leave of absence from April 1 to October 7, 2001 (UMF Nos. 15, 16, 20 & 21). The only incident which occurred post-October 2001 after Plaintiff Fernandez returned to work was an incident involving Officer Crevoiserat who "yelled at the Plaintiff in an unprofessional manner using the Department's radio" (Complaint, paragraph 103; see paragraphs 80 to 107 and 123 to 140).

Given the fact that the complaint is silent as to any gender based incidents post-October 2001 and that Plaintiff Fernandez was on unpaid leave from April 1, 2001, there simply is no factual basis for any allegation that her return to work in October 2001 was in violation of Union rules and medical advice. And even if it was, Plaintiff Fernandez could have pursued her Union grievance rights and/or applied for injured on duty status or retirement for disability.

As it was, on April 23, 2004 Chief Reardon filed an Involuntary Disability Retirement Application for Plaintiff Fernandez (UMF No. 42) which was approved by the Revere Retirement

Board on November 10, 2004 (UMF No. 44) and the Public Employees Retirement Administration Commission on December 17, 2004 (UMF No. 45).

Thus, Count 3 must fail because plaintiff failed to demonstrate any disparate treatment by defendant Mayor Ambrosino.

4.    COUNT 4 - Infliction of Emotional Distress.

Plaintiff Fernandez's fourth count alleges emotional distress. In support of this claim, she alleges incidents that occurred prior to Mayor Ambrosino's swearing in as Mayor in 2000 (see page 22, paragraph 138). Additionally, Plaintiff makes conclusory allegations regarding her return to duty (page 22, paragraph 139) when there are no allegations in the complaint whatsoever that any gender based discriminatory conduct occurred after her return.

In any event, an intentional emotional distress claims requires negligence and causation, among other things, *Rodriguez v. Cambridge Housing. Authority, supra*, and with respect to Mayor Ambrosino, there is no conduct on his part which is either negligent, or causative, of Plaintiff's alleged emotional distress. Likewise, for intentional infliction of emotional distress, the conduct must be extreme and outrageous and/or intentional or reckless. *Rodriguez v. Cambridge Housing. Authority, supra*. Again, Mayor Ambrosiono's conduct, which was not tortuous to begin with, does not even remotely approach this standard.

Thus, as with the other counts, this count must also fail.

5.    Conclusion.

In light of the foregoing, Mayor Ambrosino is entitled to summary judgment on all counts and claims made by Plaintiff Fernandez.

WHEREFORE, the premises being considered, defendant Mayor Thomas Ambrosino moves the Court to grant his Motion for Summary Judgment as to all plaintiffs and all claims.

For the Defendant, MAYOR THOMAS AMBROSINO,

By his Attorneys,

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant, Mayor Thomas Ambrosino's Motion for Summary Judgment, to all parties herein by personal service or mailing same, this date, via first class mail, postage prepaid to:

By Personal Service:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs


By U.S. Mail:

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 31, 2005