UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
)
v. ) C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

### DEFENDANT, CHIEF OF POLICE TERENCE REARDON'S CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

On March 4, 2005, Defendant Terence Reardon, through Counsel, filed his motion for summary judgment in the instant matter. On March 15, 2005, Counsel for Defendant Reardon realized that he had overlooked Local Rule 7.1(a)(2)'s meet and confer requirement. In light thereof, Counsel sent a meet and confer letter to Plaintiffs' Counsel to remedy this oversight. A true and correct copy of said letter is attached hereto.

On March 23, 2005 Defendant Reardon's Counsel received a telephone call from Plaintiffs' Counsel concerning the outstanding motion. In a letter of that date, Defendant Reardon's Counsel responded to the issues raised during the course of said telephone call. A true and correct copy of said letter is attached hereto. Also on March 23, 2005 Defendant Reardon's counsel received a letter dated March 17, 2005 from Plaintiffs' Counsel responding to the March 15 letter. A true and correct copy of said letter is

attached hereto. On March 23, 2005 Defendant Reardon's Counsel responded to Plaintiffs' Counsel's letter of the 17th. A true and correct copy of said letter is attached hereto.

Having attempted to narrow and resolve the issues presented by Defendant Reardon's motion for summary judgment without success, said Defendant now files his certificate of compliance pursuant to local rule 7.1(a)(2).

For the Defendant, POLICE CHIEF TERENCE REARDON,

By his Attorneys,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 31, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant, Chief of Police Terence Reardon's Certificate of Compliance with Local Rule 7.1(a)(2), to all parties herein by personal service or mailing same, this date, via first class mail, postage prepaid to:

By Personal Service:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs


By U.S. Mail:

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

/s/ Walter H. Porr
Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA  02151
781-286-8166

Dated: March 31, 2005

# THE CITY OF REVERE, MASSACHUSETTS
### 281 Broadway
### Revere, MA 02151



**Thomas G. Ambrosino**
**Mayor**

OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

March 15, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

    Upon further review of the local rules for the District Court of Massachusetts, I noticed that I have overlooked local rule 7.1(A)(2) regarding motion practice and the requirement to confer with counsel in a good faith attempt to resolve or narrow the issues related to the proposed motion before it is filed. Hence, I write with respect to the motion for summary judgment filed on behalf of Chief Reardon to correct this oversight.

    With the motion in hand, I trust that you have had the benefit of my thinking concerning the claims alleged against him. Without rehashing my motion here, I would simply emphasize that it appears that all of your clients' claims pre-date Chief Reardon's tenure as the Chief of the Revere Police Department, nor are their any allegations made against him in his capacity as an officer serving in a lower grade. Indeed, your client's MCAD complaints of March 2001 pre-date his appointment as Chief by ten (10) months. Moreover, my investigation of the allegations of the complaint concerning the meeting between the Mayor and the Chief alleged in paragraphs 49, 105, 116 and 134 lead me to believe that this meeting must have occurred in March or April of 2001 when Captain Roland was the acting Chief while Chief Colannino was on extended sick leave pending retirement. Likewise, Ms. Pechner alleges that March 13, 2001 was her last day on the job (complaint, paragraphs 14, 78 and 79), again a time-frame which pre-date Chief Reardon's appointment by ten (10) months. While Ms. Fernandez' allegations regarding when she finally left the job are less clear, there seem to be no allegations expressly directed at Chief Reardon in any event.

    Thus, as to Ms. Pechner, Chief Reardon's only act has been to submit her retirement application. Once submitted, the disposition of the retirement application was beyond his control. Likewise, the resolution of Ms. Fernandez' employment status also appears to be something over which Chief Reardon did not engage in actionable conduct.

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
Page 2
March 15, 2005

    With the foregoing in mind, I am soliciting your reply in compliance with local rule 7.1(A)(2). Please advise me if there is any way we can resolve or narrow the issues raised by Chief Reardon's motion.

    Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

                                    Sincerely,

                                    Walter H. Porr, Jr.
                                    Assistant City Solicitor

Cc:    Michael J. Akerson, Esq.



# THE CITY OF REVERE, MASSACHUSETTS
281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

March 23, 2005

James S. Dilday, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

Carlton J. Dasent, Esq.
Law Offices of Carlton J. Dasent
27 School Street, Suite 400
Boston, MA 02108

Re: Pechner-James, et al., v. City of Revere, et al.
USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

The purpose of this letter is to acknowledge Mr. Dasent's telephone call of this morning in relation to the outstanding motion for summary judgment of Chief Reardon. I have read the case of *Gonsalves v. City of New Bedford*, 939 F.Supp. 915 (D.Mass. 1996) as suggested by Mr. Dasent, but must confess that I find it to be inapplicable on the facts of this case. Moreover, to the extent *Gonsalves* includes a general analysis of municipal liability principles under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny, while I have no issue with that analysis, it does not change the justification and basis for Chief' Reardon's motion in any event.

As to Chief Reardon, his position as articulated in his motion is that he did not engage in acts of sexual harassment, a position with which the Plaintiffs seem to be in agreement since there are no allegations in the complaint that he did. Additionally, it is Chief Reardon's position that he did not cause or create the existence of a hostile work environment. In large part this is based upon the fact that all of the alleged acts of sexual harassment which allegedly created the hostile work environment occurred prior to his tenure as Chief. I find nothing in *Gonsalves* which addresses facts of this nature or the law applicable thereto vis-à-vis the Chief. To the extent the Plaintiffs might be trying to hold the City of Revere strictly or vicariously liable for the alleged hostile work environment, I find nothing in *Gonsalves* which speaks to this issue either.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc: Michael J. Akerson, Esq.

**LAW OFFICES CARLTON J. DASENT**
27 School Street, Suite 400
Boston, MA 02108
Tel No: (617) 894-2087
Fax No: (508) 758-6591

March 17, 2005

Walter H. Porr, Jr.
Office of the City Solicitor
281 Broadway
Revere, Massachusetts 02151

Re:  <u>Defendant Terence Reardon's Motion for Summary Judgment</u>
     Pechner-James, et al., v. City of Revere, et al.
     USDC MA Case No. 03-12499-MLW

Dear Mr. Porr:

I write in response to your letter of March 15, 2005 regarding Defendant Terence Reardon's Motion for Summary Judgment, and your request that we attempt to resolve or narrow the issues presented in that motion pursuant to local rule 7.1(A)(2). Because you have already filed Chief Reardon's motion with the Court, compliance with local rule 7.1(A)(2) regarding this motion and the issues discussed therein is no longer possible. In addition, I find the arguments presented in support of Chief Reardon's motion to be without merit and wholly unsupported in law.

For the following reasons, and in an attempt to genuinely narrow and resolve the issues related to Chief Reardon's motion pursuant to local rule 7.1(A)(2), I *propose* and *offer* to you the opportunity to *withdraw* Terence Reardon's Motion for Summary Judgment.

<u>Official-Capacity Actions</u>

Chief Reardon's motion argues incorrectly for his removal as a party to the action because he came to occupy the office of Chief of Police only after a majority of the conduct described in Verified Complaint Counts I, II, III, and IV occurred. As described

SOLICITOR
MAR 23 AM 11:15
CITY OF REVERE
RECEIVED

below, this argument fails because Chief Reardon is made a party to the action, not personally, but by virtue of his official capacity as Chief of Police and the municipal entity which it represents.

Over thirty-five years ago, the U.S. Supreme Court established that municipalities and local governmental entities like the Revere Police Department are "persons" under 42 U.S.C. §1983, and subject to liability for constitutional violations under the Act. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). It is also well settled that local government or municipal officials like Chief Terence Reardon may be sued in their official capacity for the purposes of 42 U.S.C. §1983. Stathos v. Bowden, 514 F. Supp. 1288, 1291 (1981).

An official-capacity suit against a named official is one way of pleading an action against the governmental entity of which the named official is an agent. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Unlike a personal-liability action, an official-capacity action is essentially a suit against the governmental entity and not a suit against the official personally. Kentucky v. Graham 473 U.S. 159, 165-66 (1985).

Automatic Substitution of Named Officer-Holder

In an official-capacity suit, Federal Rule of Civil Procedure 25(d), Federal Rule of Appellate Procedure 43(c)(2), and Supreme Court Rule 35.3 all substantially provide that the death or replacement of a named official results in the automatic substitution of the official's successor in office. For example, Federal Rule of Civil Procedure 25(d) reads in pertinent part:

> When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office ... the officer's successor is automatically substituted as a party.

This is so because liability and damages are asserted against the governmental office and the entity it represents, and not against the specific individual who occupied the office when the claim accrued. Brandon v. Holt, 469 U.S. 464 (1985). In the present action, Chief Reardon is made a party in his official capacity as a successor-in-office to Chief Russo and Acting Chief Colannino, both of whom were replaced during the accrual and pendency of this action.

Chief Reardon's Motion

Chief Reardon's motion should be withdrawn because the Verified Complaint clearly sets out an official-capacity suit against Chief Terence Reardon as the Chief of Revere Police, as well as the municipal entity which that office represents. Specifically, the Verified Complaint names "Terrence Reardon, *Chief of Police*" as a named party to the action. Furthermore, paragraph 2 on page 1 of the Complaint describes that, "The Defendant, Terrence Reardon, is the *Chief of the Revere Police Department. He and his predecessors* were at all relevant times ... supervisors of the Plaintiffs." Other numerous times, the Complaint refers to Chief Reardon in his official capacity, including allegations 116, 121, 134, and 139 which refer to either the "*Chief of Police*" or to "*the Police Chief*".

The use of these references to Terence Reardon's official title as Chief of Police, frequent references to the office of Chief of Police, and reference to his predecessors-in-office, clearly create an official-capacity action. Furthermore, while he did not occupy the office of Chief of Police during the events described in the Verified Complaint, Terence Reardon was at all relevant times a ranking officer and supervisor at the Revere Police Department. As such, Terence Reardon had substantial knowledge of the policies and customs of the Department.

The inclusion of Chief Reardon as a successor-in-office is permissible both in law and pursuant to the rules of the several courts. For the above mentioned reasons, Defendant Terence Reardon's Motion for Summary Judgment should be withdrawn.

Please do not hesitate to contact me should you have any questions or concerns.

Sincerely,

*[signature: Carlton Dasent]*

James S. Dilday, Esq.
Carlton J. Dasent, Esq.,
Attorneys for Plaintiffs

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

March 23, 2005

James S. Dilday, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

Carlton J. Dasent, Esq.
Law Offices of Carlton J. Dasent
27 School Street, Suite 400
Boston, MA 02108

Re:  Pechner-James, et al., v. City of Revere, et al.
     USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

   Thank you for your letter of March 17, 2005 in response to mine of the 15th seeking to comply with Local Rule 7.1(a)(2) of the Federal District Court. As I did in my letter of March 15, I acknowledge that I failed to comply with the rule in form, though I am obviously trying to do so in substance. In that regard, I appreciate that your letter responded on this level as well.

   As I read it, the thrust of your response centers around the contention that "Chief Reardon is made a party to this action, **not personally**, but by virtue of his official capacity as Chief of Police and the municipal entity which it represents." (Emphasis added). (Letter, page 2, line 1). Thus, you go on to state that "[u]nlike a personal-liability action, an official-capacity action is essentially a suit against the governmental entity and not a suit against the official personally." (Letter, page 2, lines 14-16).

   If this is in fact the case, then I question the need for the Chief to be named at all inasmuch as you have named the City of Revere and the City of Revere Police Department, as well as the Mayor. As your letter argues, "the U.S. Supreme Court established that municipalities and local governmental entities like the Revere Police Department are 'persons' under 42 U.S.C. § 1983, and subject to liability for constitutional violations under the Act." (Letter, page 2, lines 4-6). Thus, it seems to me that there is no need to name Chief Reardon at all under these facts.

   Moreover, your complaint does not seek injunctive or any other form of prospective relief which the Court would be ordering Chief Reardon, as the current officer holder, to provide to the plaintiffs. Instead, you seek only monetary damages for past wrongs. Implicit in your letter is a concurrence with the central premise of the Chief's motion that he did not engage in any acts of sexual harassment or in creating the alleged hostile work environment. Thus, there would be no basis for an award of damages against Chief Reardon, or any of the other defendants for that matter, due to Chief Reardon's conduct and thus no basis for his presence in this action.

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
March 23, 2005
Page 2

    In light of the foregoing, I would propose that we stipulate to the dismissal of Chief Reardon as a party defendant in this action and further stipulate that neither the City of Revere, its Police Department, nor any other defendant, will be liable herein due to the acts or conduct of Chief Reardon, or his failure to so act. We will gladly stipulate that Chief Reardon is the current Chief.

    In the foregoing analysis, I have taken your letter at face value. Frankly, in light of the allegations of the complaint directed at the Chief either by name, or as one of the Police Department Supervisor Defendants, or as a Defendant generally, the position stated in your letter came as a complete surprise. Be that as it may, if Chief Reardon is really and truly **not** being sued in his personal capacity (Letter, page two, lines 1-2), then I see no reason why the foregoing proposal should be rejected.

    Thank you for your attention to this matter. I await your reply. In this context, I would respectfully request that I hear from you within a week's time as I intend to file a Certificate of Compliance and request for hearing if we can not reach a resolution of these issues informally.

    Should you have any questions, please do not hesitate to contact me.

                                 Sincerely,

                                 Walter H. Porr, Jr.
                                 Assistant City Solicitor

Cc:    Michael J. Akerson, Esq. w/encl.