# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
     Plaintiffs, )
     )
v. )    **C.A. No. 03-12499-MLW**
     )
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
     Defendants, )

## DEFENDANT, MAYOR THOMAS AMBROSINO'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    On March 4, 1901 the City of Revere placed its police personnel under the state

civil service system pursuant to Massachusetts General Law, chapter 31, section 48

(Affidavit of Walter H. Porr, Jr., and Revere Revised Ordinances, Table II, Division 2,

General Laws Accepted, page 391 attached thereto which are attached hereto as Exhibit

"A").

2.    On November 3, 1936 the City of Revere placed its municipal employees under

the state retirement law pursuant to Massachusetts General Law, chapter 32  (Affidavit of

Walter H. Porr, Jr., and Revere Revised Ordinances, Table II, Division 2, General Laws

Accepted, page 391 attached thereto which are attached hereto as Exhibit "A").

3.    Pursuant to Acts 1964, Chapter 115, the citizens for the City of Revere were

authorized "to vote at the biennial state election in the current year on the question of

adopting the 'Plan B' form of government." (Affidavit of Walter H. Porr, Jr., and Revere

Revised Ordinances, Division 1 of Table II, Special Acts, page 386 attached thereto which are attached hereto as Exhibit "A").

4.     On November 3, 1964, the citizens of the City of Revere adopted the "Plan B" form of government.  (Affidavit of Diane Colella attached hereto as Exhibit "B").

5.     On September 21, 1995 Plaintiffs Terri Pechner-James and Sonia Fernandez were sworn in as Revere Police Officers (Plaintiff Pechner's Motion for Partial Summary Judgment, page 2, Facts, paragraph 1, attached hereto as Exhibit "C" and Complaint, paragraphs 14 and 80).

6.     At the time Officers Pechner and Fernandez were hired, James Russo was the Chief of Police (Complaint, paragraphs 9, 65-69 and 104).

7.     On February 28, 1999 Chief Russo retired.  (Affidavit of Carolyn Russo attached hereto as Exhibit "D").

8.     On March 1, 1999 Roy Colannino was appointed as the Acting Chief of Police for the City of Revere by then Mayor Robert Haas.  (Affidavit of Michael Murphy attached hereto as Exhibit "E").

9.     On January 3, 2000 defendant Thomas Ambrosino was sworn in as Mayor of the City of Revere (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

10.     On July 1, 2000 the City of Revere and its Police officers entered into a new Agreement for the time-frame of July 1, 2000 to June 30, 2003.  (Affidavit of Michael Murphy and Agreement between Teamsters Local 25 and the City of Revere attached thereto which are attached hereto as Exhibit "E").

11     On August 31, 2000, Acting Chief Colannino started an extended period of sick leave due which eventually ended with his retirement.  At that time, Captain Frederick

Roland was named as the Captain in Charge of the Revere Police Department and assumed responsibility for the day- to-day supervision and operation of the department. (Affidavit of Michael Murphy and Revere Police Department Personnel Order P00-12 attached thereto which are attached hereto as Exhibit "E").

12.     On March 12, 2001, Plaintiffs Pechner and Fernandez filed their complaints with the Massachusetts Commission Against Discrimination (Complaint, paragraphs 11, 14, 79 and 105). A true and correct copy of said MCAD complaints are attached here to as Exhibit "G"). (Affidavit of Walter H. Porr, Jr. attached hereto as Exhibit "A").

13.     On March 13, 2001 Plaintiff Pechner discontinued her service as a Revere Police Officer (Plaintiff's Verified Complaint, paragraphs 16, 78 and 79).

14.     Sometime during March-April 2001, Defendant Ambrosino met with Plaintiffs Pechner and Fernandez regarding their complaints/allegations of sexual harassment and hostile work environment (Complaint, paragraphs 49, 105, 116 and 134; Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

15.     On April 2, 2001, Plaintiff Fernandez was granted a three month leave of absence without pay by Defendant Ambrosino. (Affidavit of Thomas Ambrosino and letter of April 2, 2001 attached thereto which are attached hereto as Exhibit "F").

16.     On April 9, 2001, the dates of Plaintiff Fernandez' three month leave of absence without pay were modified to April 1, 2001 to June 30, 2001 by Defendant Ambrosino. (Affidavit of Thomas Ambrosino and letter of April 9, 2001 attached thereto which are attached hereto as Exhibit "F").

17.     On April 19, 2001 Plaintiff Pechner filed an Application for Indemnification Under Massachusetts General Laws Chapter 41, Section 100 and an Application for

Leave Without Loss of Pay Under Massachusetts General Laws Chapter 41, Section 111F (Complaint, paragraph 78; Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 22, attached hereto as Exhibit "H").

18.     On April 23, 2001 defendant Ambrosino denied Pechner's request for a three month paid leave of absence, but instead offered an unpaid leave of absence (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 24, attached hereto as Exhibit "I"; Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

19.     On June 1, 2001 Pechner's Application for Leave Without Loss of Pay Under Massachusetts General Laws Chapter 41, Section 111F was denied based on a recommendation of the Third Party Claims Administrator for the City of Revere (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 27, attached hereto as Exhibit "J").

20.     On July 5, 2001, Plaintiff Fernandez' was granted an additional three months leave of absence without pay from July 1, 2001 to September 30, 2001 by Defendant Ambrosino (Affidavit of Thomas Ambrosino and letter of July 5, 2001 attached thereto which are attached hereto as Exhibit "F").

21.     On October 8, 2001, Plaintiff Fernandez returned to work from her unpaid leave of absence (Affidavit of Thomas Ambrosino and letter of October 6, 2001 attached thereto which are attached hereto as Exhibit "F").

22.     On October 11, 2001 the Massachusetts Senate and House of Representatives in the General Court assembled passed Senate Bill 1886 – An Act Providing Requirements for Appointment of the Chief of Police of the City of Revere which exempted the Chief of Police of the City of Revere from chapter 31 of the General Laws [the civil service

4

system] (Affidavit of Walter H. Porr, Jr., and copy of Massachusetts Advance Legislative Service 2001 Mass ALS 102 attached thereto which are attached hereto as Exhibit "A").

23.    On October 17, 2001 the Revere Police Department received a letter dated October 11, 2001 from Plaintiff Pechner seeking an examination by the City of Revere doctor (Affidavit of Michael Murphy and letter of October 11, 2001 attached thereto which are attached hereto as Exhibit "E").

24.    On October 17, 2001 the Revere Police Department received an undated letter from Plaintiff Pechner invoking the grievance procedure under the union contract (Affidavit of Michael Murphy and undated letter attached thereto which are attached hereto as Exhibit "E").

25.    On October 22, 2001 Captain in Charge Frederick Roland acknowledged Plaintiff Pechner's October 11, 2001 letter in writing (Affidavit of Michael Murphy and letter of October 22, 2001 attached thereto which are attached hereto as Exhibit "E").

26.    On October 24, 2001 Captain in Charge Frederick Roland responded to Plaintiff Pechner's undated grievance letter in writing denying same (Affidavit of Michael Murphy and letter of October 24, 2001 attached thereto which are attached hereto as Exhibit "E").

27.    On November 9, 2001 Plaintiff Pechner, through her union representative, notified Captain Roland that she was pursuing her grievance to Step 3 under the union contract (Affidavit of Michael Murphy and letter of November 9, 2001 attached thereto which are attached hereto as Exhibit "E").

28.    On November 13, 2001 Defendant Ambrosino sent written notification to Plaintiff Pechner through her union representative that her Step 3 grievance hearing was set for

November 21, 2001 (Affidavit of Thomas Ambrosino and letter of November 13, 2001 attached thereto which are attached hereto as Exhibit "F").

29.    On November 21, 2001 Defendant Ambrosino conducted the Pechner grievance hearing. He rendered his written decision on November 26, 2001 and a copy of same was forward to Plaintiff Pechner by cover letter of even date (Affidavit of Thomas Ambrosino and decision and letter of November 26, 2001 attached thereto which are attached hereto as Exhibit "F").

30.    On December 21, 2001, Plaintiff Pechner filed suit against the City of Revere in a case entitled Pechner-James v. Frederick Roland, acting Chief Revere Police Department and Thomas Ambrosino, Mayor City of Revere, Suffolk County Superior Court, Case No. SUCV2001-05837.  A certified copy of the complaint in said case is attached hereto as Exhibit "K."

31.    On December 27, 2001, Plaintiff Fernandez was granted a two week unpaid leave of absence due to personal reasons by Defendant Ambrosino (Affidavit of Thomas Ambrosino and letter of December 27, 2001 attached thereto attached hereto as Exhibit "F").

32.    On January 6, 2002, Chief Colannino retired (Affidavits of Carolyn Russo attached hereto as Exhibit "D" and Affidavit of Michael Murphy attached hereto as Exhibit "E").

33.    On January 15, 2002, Terence Reardon was appointed as the Chief of Police for the City of Revere (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F" and Affidavit of Michael Murphy attached hereto as Exhibit "E").

34.    On July 17, 2002 Plaintiff Pechner's Involuntary Retirement Application was filed with the Revere Retirement Board by Police Chief Terence Reardon (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibits 1-5, attached hereto as Exhibit "L"; Affidavit of Carolyn Russo attached hereto as Exhibit "D").

35.    On October 23, 2002 Plaintiff Pechner's Involuntary Retirement Application was denied by the Revere Retirement Board (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 6, attached hereto as Exhibit "M").

36.    On October 30, 2002 Plaintiff Pechner appealed the decision of the Revere Retirement Board (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 7, attached hereto as Exhibit "N").

37.    On February 5, 2003, Plaintiff Pechner filed a voluntary Application for Disability Retirement with the Revere Retirement Board. (Affidavit of Carolyn Russo to which a true and correct copy of said application is attached which are attached hereto as Exhibit "D").

38.    On March 7, 2003 the Division of Administrative Law Appeals overturned the October 23, 2002 decision of the Revere Retirement Board and the matter was remanded to said board for the purpose of convening a Regional Medical Panel of experts in psychiatry in order to evaluate defendant Reardon's Involuntary Retirement Application filed on behalf of Pechner. In so doing, the Opinion of the Division stated: ""[w]hen the Revere Retirement Board reviewed Chief Reardon's application for Involuntary Accidental Disability Retirement on Officer [Pechner] James' behalf in October 2002, she did not meet the requisite criteria set forth in M.G.L.c. 32 s. 7 for the convening of a Regional Medical Panel. Her treating doctor, Dr. Keroack, did not state that she was

totally and permanently disabled and that said disability was such as might be the natural and proximate result of the personal injury or hazard undergone on account of which retirement was claimed. <u>As such, the board was correct in failing to convene a Medical Panel</u>" (Plaintiff Pechner's Motion for Partial Summary Judgment, Exhibit 43, attached hereto as Exhibit "O").

39.    On March 27, 2003, Plaintiff Pechner dismissed her action against the City of Revere (Pechner-James v. Frederick Roland, et al), Suffolk County Superior Court, Case No. SUCV2001-05837.  A certified copy of said dismissal is attached hereto as Exhibit "P".

40.    On October 6, 2003 Plaintiff's Pechner and Fernandez filed the instant action in the Suffolk County Superior Court (Judicial Notice of the Court's file herein.  Federal Rules of Evidence, Rule 201).

41.    On April 14, 2004 the Revere Retirement Board approved Plaintiff Pechner's voluntary Application for Disability Retirement (Affidavit of Carolyn Russo to which a true and correct copy of said approval is attached which are attached hereto as Exhibit "D").

42.    On April 23, 2004 Plaintiff Fernandez's Involuntary Retirement Application was filed with the Revere Retirement Board by Police Chief Terence Reardon (Affidavit of Carolyn Russo to which a true and correct copy of said application is attached which is attached hereto as Exhibit "D").

43.    On June 4, 2004 the Public Employee Retirement Administration Commission for the Commonwealth of Massachusetts approved Plaintiff Pechner's voluntary Application for Disability Retirement effective January 17, 2002 (Affidavit of Carolyn

Russo to which a true and correct copy of said approval is attached which are attached hereto as Exhibit "D").

44.    On November 10, 2004 the Revere Retirement Board approved Plaintiff Fernandez's involuntary Application for Disability Retirement (Affidavit of Carolyn Russo to which a true and correct copy of said approval is attached which is attached hereto as Exhibit "D").

45.    On December 17, 2004 the Public Employee Retirement Administration Commission  for the Commonwealth of Massachusetts approved Plaintiff Pechner's voluntary Application for Disability Retirement effective December 21, 2004 (Affidavit of Carolyn Russo to which a true and correct copy of said approval is attached which are attached hereto as Exhibit "D").

46.    During the course of the meeting between Mayor Ambrosino and Plaintiffs Pechner and Fernandez in March or April 2001 (see Complaint, paragraphs 49, 105,116 and 134) some of the events identified in the Complaint (See Ambrosino Affidavit, paragraphs 5 and 6) may have been discussed.    (Obviously, this would exclude the incidents of December 2001 involving Officer Fernandez which had not yet occurred). This would have been the first time that Mayor Ambrosino was notified of these events, if they were in fact discussed during this meeting.  Mayor Ambrosino was not personally aware of the incidents alleged in the Complaint on file herein and only learned of these alleged incidents through the combination of his meeting with Officers Pechner and Fernandez, their filing of the their complaints with the Massachusetts Commission Against Discrimination and their filing of the instant Complaint (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

47.     Mayor Ambrosino serves as the Executive Officer for the City of Revere.  He is not responsible for the day-to-day supervision, management or operation of the Revere Police Department.  Those responsibilities are entrusted to the Police Chief pursuant to Section 2.60.030 of the Revised Ordinances of the City of Revere.  Mayor Ambrosino was not and has never been a Supervisor of either Officer Terri Pechner or Officer Sonia Fernandez.  The allegation in paragraph 1 on page 1 of the Complaint that the Mayor was "at all relevant times and for all relevant purposes [the] supervisor[] of the Plaintiffs" is not a correct statement of Mayor Ambrosino's duties and responsibilities as the Mayor of the City of Revere (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

48.     Since assuming office in January, 2000 Mayor Ambrosino has authorized unpaid leaves of absence to Revere City police officers without regard to race or gender.  He has also approved paid leaves of absence without regard to race or gender (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

49.    Mayor Ambrosino's only involvement with the Revere Retirement Board is to select the second member thereof pursuant to General Law Chapter 20, section (4)(b) and to receive their annual request for appropriation under General Law Chapter 20, section (5)(f), which is then evaluated as part of the annual budget process. Mayor Ambrosino does not participate in, nor does he attempt to influence, the Board in the performance of its duties under General Law Chapter 20, section (5) (Affidavit of Thomas Ambrosino attached hereto as Exhibit "F").

For the Defendant, MAYOR THOMAS AMBROSINO,

By his Attorneys,

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 30, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant, Mayor Thomas Ambrosino's Statement of Undisputed Material Facts, to all parties herein by personal service or mailing same, this date, via first class mail, postage prepaid to:

By Personal Service:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs


By U.S. Mail:

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 31, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA | ) | |
| FERNANDEZ, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-12499-MLW |
| | ) | |
| CITY OF REVERE, THOMAS AMBROSINO, | ) | |
| MAYOR, CITY OF REVERE POLICE | ) | |
| DEPARTMENT, TERRENCE REARDON, | ) | |
| CHIEF OF POLICE, BERNARD FOSTER, | ) | |
| SALVATORE SANTORO, ROY COLANNINO, | ) | |
| FREDERICK ROLAND, THOMAS DOHERTY, | ) | |
| JOHN NELSON, JAMES RUSSO, MICHAEL | ) | |
| MURPHY and STEVEN FORD, | ) | |
|     Defendants, | ) | |

## AFFIDAVIT OF WALTER H. PORR, JR.

I, Walter H. Porr, Jr., do hereby depose and state:

1.    I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendant, Thomas Ambrosino, Mayor of the City of Revere. I am responsible for the preparation and filing of the instant motion for summary judgment and separate statement of undisputed material facts to which this affidavit is attached.

2.    Attached hereto are true and correct copies of the Cover Page and pages i-v, 13, 14, 22, 43, 44, City Council Order No. 04-632, 367, 381, 383, 386 and 391 of the Revised Ordinances of the City of Revere, Massachusetts, Revised and Republished 2001.

3.    Attached hereto is a true and correct copy of Massachusetts Advance Legislative Service 2001 Mass ALS 102 which is Chapter 102 of the 2001 Regular Session of the Massachusetts General Court which was downloaded from LEXIS.

4.    Attached to Defendant Ambrosino's Statement of Undisputed Material Facts as Exhibit "G" are true and correct copies of the MCAD complaints filed by Plaintiff Terri Pechner-James and Sonia Fernandez as served upon this office and maintained in our files relative to those cases.

Signed under the pains and penalties of perjury this 25th day of March, 2005.

Respectfully submitted,

Walter H. Porr, Jr.

ɪ. 6.060

# THE REVISED ORDINANCES

# OF THE CITY

# OF

# REVERE, MASSACHUSETTS

### A Codification of the General Ordinances
### of the City of Revere, Massachusetts

**Codified 1983**

**Revised and Republished 2001**

**LexisNexis Municipal Codes**
**Matthew Bender & Company, Inc.**
**701 East Water Street**
**Charlottesville, VA 22902**
**866-501-5155**


LexisNexis·
Municipal Codes

# TABLE OF CONTENTS

**Title 1**    **General Provisions**

| | | |
|---|---|---|
| Chapter | 1.01 | Adoption of Revised Ordinances |
| | 1.04 | General Provisions |
| | 1.08 | City Seal |
| | 1.12 | Regulations of Municipal Officers, Boards, Commissions and Departments |
| | 1.16 | General Penalty |
| | 1.17 | General Requirements Regarding Applications for Certain Authorizations and Permits |

**Title 2**    **Administration and Personnel**

| | | |
|---|---|---|
| Chapter | 2.03 | Officers and Employees |
| | 2.06 | Personnel |
| | 2.09 | Mayor |
| | 2.12 | City Council |
| | 2.15 | City Clerk |
| | 2.18 | City Solicitor |
| | 2.20 | Director of Finance |
| | 2.21 | City Treasurer |
| | 2.24 | City Auditor |
| | 2.27 | City Collector |
| | 2.30 | City Physician |
| | 2.33 | Harbormaster |
| | 2.36 | Fence Viewers |
| | 2.39 | Sealer of Weights and Measures |
| | 2.42 | Cemetery Department |
| | 2.45 | Civil Defense Department |
| | 2.48 | Engineering Department |
| | 2.51 | Fire Department |
| | 2.54 | Division of Fire Prevention |
| | 2.57 | Parks and Recreation Department |
| | 2.60 | Police Department |
| | 2.63 | Department of Public Works |
| | 2.66 | Purchasing Department |
| | 2.69 | Department of Veterans' Services |
| | 2.75 | Board of Assessors |
| | 2.78 | Board of Health |
| | 2.81 | Board of Trustees of Public Library |
| | 2.84 | Council on Elder Affairs |
| | 2.87 | Awards Committee |
| | 2.88 | Senior Citizen Property Tax Work-Off Abatement |

i

**Title 3**      **Revenue and Finance**

    **Chapter**   **3.01**   **Stabilization Fund**
            **3.04**   **Purchasing**

**Title 4**      **(Reserved)**

**Title 5**      **Business Licenses, Regulations and Permits**

    **Chapter**   **5.04**   **Licenses Generally**
            **5.08**   **Hawkers and Peddlers**
            **5.12**   **Transient Vendors**
            **5.16**   **Junk and Secondhand Dealers**
            **5.20**   **Pawnbrokers**
            **5.24**   **Parking Lots**
            **5.28**   **Child-related Businesses**
            **5.36**   **Poolrooms and Bowling Alleys**
            **5.44**   **Taxicabs**
            **5.45**   **Liveries and Limousines**
            **5.48**   **Shellfish**
            **5.52**   **Convenience Stores**
            **5.56**   **Newsracks**

**Title 6**      **Animals**

    **Chapter**   **6.04**   **Generally**

**Title 7**      **(Reserved)**

**Title 8**      **Health and Safety**

    **Chapter**   **8.04**   **Offenses Generally**
            **8.08**   **Sanitary Fitness of Rental Units**
            **8.12**   **Fumigation**
            **8.16**   **Fire Prevention**
            **8.20**   **Aboveground Storage of Flammable Liquids**
            **8.28**   **Explosives**
            **8.32**   **Suffolk Downs Racetrack**
            **8.36**   **Sale of Tobacco Products**

**Title 9**      **Public Peace, Safety and Welfare**

    **Chapter**   **9.04**   **Offenses Against Public Decency**
            **9.08**   **Offenses Against the Public Peace**
            **9.12**   **Offenses Against Property**
            **9.16**   **Offenses By or Against Minors**
            **9.20**   **Weapons**

|       | 9.24  | Fair Housing |
|       | 9.28  | Human Rights Commission |

**Title 10**    **Vehicles and Traffic**

| Chapter | 10.04 | General Provisions |
|---------|-------|--------------------|
|         | 10.08 | Police Authority |
|         | 10.12 | Signing |
|         | 10.16 | Driving Rules |
|         | 10.20 | Turns |
|         | 10.24 | Restricted Streets |
|         | 10.28 | Funerals and Other Processions |
|         | 10.32 | Standing, Stopping and Parking Generally |
|         | 10.36 | Parking Meters |
|         | 10.40 | Abandoned Vehicles |
|         | 10.44 | Tow-away Regulations |
|         | 10.48 | Pedestrians |

| Schedule | I     | Parking Penalties |
|----------|-------|-------------------|
|          | II    | Prohibited Turns |
|          | III   | Through Ways |
|          | IV    | Isolated Stop Signs |
|          | V     | One-way Streets |
|          | VI    | Heavy Commercial Vehicles—Restricted Streets |
|          | VIA   | Hazardous Materials Transport Vehicles—Restricted Streets |
|          | VII   | Sidewalk Parking Allowed |
|          | VIII  | Parking Restrictions Generally |
|          | IX    | Resident Parking Sticker Areas |
|          | X     | Ambulance Zones |
|          | XI    | Handicapped Person Parking Areas |
|          | XII   | Fire Lanes |
|          | XIII  | Safety Zones |
|          | XIV   | Bus Stops |
|          | XV    | Taxicab Stands |
|          | XVI   | Service Zones |
|          | XVII  | Angle Parking Areas |
|          | XVIII | Off-street Parking Meter Zones |
|          | XIX   | On-street Parking Meter Zones |
|          | XX    | Tow-away Zones |

**Title 11**    **(Reserved)**

**Title 12**    **Streets, Sidewalks and Public Places**

        **Chapter**    **12.04**    **Use, Maintenance and Encroachment Generally**
                **12.08**    **House and Building Numbering**
                **12.12**    **Public Street Dedication, Changes and Discontinuance**
                **12.16**    **Private Street Layout, Construction and Alteration**
                **12.20**    **Poles, Wires and Cables**

**Title 13**    **Public Services**

        **Chapter**    **13.04**    **Water**
                **13.08**    **Sewers**

**Title 14**    **(Reserved)**

**Title 15**    **Buildings and Construction**

        **Chapter**    **15.04**    **Building Code**
                **15.08**    **Signs**
                **15.12**    **Moving Buildings**
                **15.16**    **Revere Residents Construction Employment**

**Title 16**    **Environment**

        **Chapter**    **16.04**    **Wetlands Protection**

**Title 17**    **Zoning**

        **Chapter**    **17.04**    **General Provisions**
                **17.08**    **Definitions**
                **17.12**    **Districts and Map**
                **17.16**    **Use Regulations**
                **17.17**    **Site Plan Review**
                **17.20**    **Planned Unit Development**
                **17.22**    **Additional Development in Planned Development District (PDD1)**
                **17.24**    **Dimensional Regulations**
                **17.28**    **Off-street Parking and Loading**
                **17.32**    **Screening**
                **17.36**    **Sign Control**
                **17.40**    **Nonconforming Uses and Structures**
                **17.44**    **Home Occupations**

17.46    Flood Plain District Regulations
17.47    Community Improvement Trust Fund
17.48    Certificates and Permits
17.52    Board of Appeal—Appeals and Variances
17.56    Amendments
17.60    Enforcement

**Statutory References**

**Appendix**

Table    I      Fee Schedule
         II     Special Acts and General Laws
         III    Salaries
         IV     Cross-reference Table
         V      Ordinance List and Disposition Table
         VI     Traffic Commission Regulation List and Disposition Table

**Index**

v

Title 2

## ADMINISTRATION AND PERSONNEL*

Chapters:

| | |
|---|---|
| 2.03 | Officers and Employees |
| 2.06 | Personnel |
| 2.09 | Mayor |
| 2.12 | City Council |
| 2.15 | City Clerk |
| 2.18 | City Solicitor |
| 2.20 | Director of Finance |
| 2.21 | City Treasurer |
| 2.24 | City Auditor |
| 2.27 | City Collector |
| 2.30 | City Physician |
| 2.33 | Harbormaster |
| 2.36 | Fence Viewers |
| 2.39 | Sealer of Weights and Measures |
| 2.42 | Cemetery Department |
| 2.45 | Civil Defense Department |
| 2.48 | Engineering Department |
| 2.51 | Fire Department |
| 2.54 | Division of Fire Prevention |
| 2.57 | Parks and Recreation Department |
| 2.60 | Police Department |
| 2.63 | Department of Public Works |
| 2.66 | Purchasing Department |
| 2.69 | Department of Veterans' Services |
| 2.75 | Board of Assessors |
| 2.78 | Board of Health |
| 2.81 | Board of Trustees of Public Library |
| 2.84 | Council on Elder Affairs |
| 2.87 | Awards Committee |
| 2.88 | Senior Citizen Property Tax Work-Off Abatement |

---

\*    As to zoning board of appeal, see Ch. 17.52 of this revision. For provisions on the following, see the statutes indicated:

| | |
|---|---|
| Building inspector | G.L. Ch. 143, § 3, 3y |
| Conservation commission | G.L. Ch. 40, § 8C |

13

(Revere Supp. No. 1, 4-04)

| | |
|---|---|
| Contributory retirement board | G.L. Ch. 32, § 20(4) |
| Election commission | G.L. Ch. 424, 1952 Acts & Resolves |
| Gas inspector | G.L. Ch. 142, § 11 |
| Handicapped commission | G.L. Ch. 40, § 8J |
| Historical and cultural commission | G.L. Ch. 40, § 8D |
| Industrial development commission | G.L. Ch. 40, § 8A |
| License commission | |
| Ch. 687 of 1914, Ch. 188 of 1934 Acts & Resolves; G.L. Chs. 138, 140 | |
| Planning Board | G.L. Ch. 41, §§ 70, 72, 73, 81A—J |
| Plumbing inspector | G.L. Ch. 142, § 11 |
| Retirement Board | G.L. Ch. 32, § 20 |
| School committee | G.L. Ch. 71 |
| Traffic commission | Ch. 185, 1983 Acts & Resolves |
| Wire inspector | G.L. Ch. 166, § 32 |
| Workers' compensation | G.L. Ch. 152, § 75 |
| Zoning board of appeal | G.L. Ch. 40A, § 12 |

## Chapter 2.09

## MAYOR* **

Sections:
2.09.010    Powers and duties generally.
2.09.020    Presentation of municipal budget.
2.09.030    Submission to supplemental
            appropriation requests to the city
            council.
2.09.040    Submission of revenue estimates
            and certain anticipated
            expenditures to be raised to
            establish the fiscal year tax rate.

\*  For the law of the Commonwealth relative to Mayor of Plan B cities
   generally, see G.L. Ch. 43 et seq.

\*\*  On November 6, 2001 the voters of the city of Revere approved a
    referendum, pursuant to the provisions of Section 17C of Chapter 43
    G.L., changing the term of the mayor from two years to four years.

**2.09.010    Powers and duties generally.**
The mayor shall have the powers and perform such
duties as are set forth in the Charter and under the General
Laws, or as may be prescribed by the provisions of this
revision and other ordinances adopted by the city council.
(Prior revision § 2-16)

**2.09.020    Presentation of municipal budget.**
In addition to the information required by Chapter 44,
Section 32 of the General Laws, the mayor shall present
the city's annual municipal budget providing for the fol-
lowing information beside each salary classification:
A.    Name of employee;
B.    Employment status: full-time, part-time, hourly
rate or contractual;
C.    Job classification;
D.    Job status: civil service, provisional civil service,
appointed, contractual or elected;
E.    Tenured, if received, and date;
F.    Length of time working in job classification and
total length of employment with the city. (C.O. 82-44(a)
§ 1: prior revision § 2-16A)

**2.09.030    Submission to supplemental
            appropriation requests to the city
            council.**
Notwithstanding any contrary provisions of the General
Laws or Special Acts, within sixty-five days following the
commencement of each fiscal year, the mayor shall have
submitted to the city council all of his/her recommenda-
tions for supplemental appropriations, deemed necessary,

by the mayor, for the operation of the city government for
the fiscal year excluding appropriations requested by the
mayor from time to time by means of transfer (provided
for by Section 33B of Chapter 44 of the General Laws).
(C.O. 98-45 § 1)

**2.09.040    Submission of revenue estimates and
            certain anticipated expenditures to
            be raised to establish the fiscal year
            tax rate.**
In addition to the information required by Chapter 44,
Section 32 of the General Laws, to be provided to the city
council to review and act upon the city's annual budget,
the mayor shall also submit to the city council, at the time
of his or her submission of his or her annual budget, all of
the available information that the city annually submits to
the Commonwealth of Massachusetts Department of
Revenue, on State Tax Form 31C, the tax rate recapitula-
tion statement. (C.O. 98-106 § 1)

## Chapter 2.60

## POLICE DEPARTMENT* **

Sections:
| | |
|---|---|
| 2.60.010 | Composition. |
| 2.60.020 | Incumbents. |
| 2.60.030 | Chief of police. |
| 2.60.040 | Firearm permits. |
| 2.60.050 | Rules and regulations. |
| 2.60.070 | Seniority. |
| 2.60.080 | Absence or disability of chief. |
| 2.60.100 | Special police. |
| 2.60.110 | Private hiring. |

\* As to authority of the police department to aid other cities and towns, see § 2.45.040 of this revision. As to the fire department generally, see Ch. 2.51. As to notice to the police department, etc., prior to fumigation, see § 8.12.020. As to obedience to police officer with regard to traffic, see § 10.04.040. As to authority and duties of police in connection with motor vehicles and traffic, see Ch. 10.08. As to the authority of police in connection with tow-away zone regulations, see § 10.44.020. As to the duty of police in connection with inspection of pawnbrokers' records, articles, etc., see §§ 5.20.120 and 5.20.130. As to salaries of protective forces, see Table III.

\** For the law of the Commonwealth as to police officers generally, see G.L. Ch. 41, § 96 to 101. As to powers and duties of police officers generally, see G.L. Ch. 41 § 98.

## 2.60.010    Composition.

A.    The police department shall consist of a chief of police and the following personnel: three captains, ten lieutenants, seventeen sergeants, and such number of patrolmen as may be appointed by the mayor and provided for by the city council.

B.    There shall also be the following nonuniformed personnel in the police department: one senior custodian, one junior custodian, one dog officer, one matron, one principal clerk, one junior clerk-typist and such other personnel as may be appointed by the mayor and provided for by the city council.

C.    There is hereby created and established in accordance with the provisions of Section 60, of Chapter 31 of the General Laws an intermittent police force which shall be subject to the applicable civil service law and rules.

There is hereby created and established an executive officer of the Revere police department. Such executive officer shall be chosen by the police chief from the ranks of any captain or those lieutenants who have served in the rank of lieutenant for at least five years. The salary of such executive officer shall be equivalent to the salary of the senior captain (C.O. 01-17B § 2; C.O. 95-515 § 2; C.O.

94-402 §§ 1—4, C.O. 91-285A § 2; C.O. 83-52 § 70 (part): prior revision § 15-1)

## 2.60.020    Incumbents.

Any police officer who immediately prior to the effective date of the ordinance from which this chapter derives,* held permanent appointment in his grade without impairment of civil service stature, seniority, retirement and other rights of the employee and without reduction in the employee's compensation and salary grade; provided, however, that until further amendment by the city council no appointments shall be made in the personnel of the police department in excess of those enumerated in Section 2.60.010. (C.O. 78-166 (part), 1978; prior revision § 15-2)

\* Editor's Note: The ordinance from which this chapter derives was adopted June 30, 1969, and approved by the mayor July 12, 1969.

## 2.60.030    Chief of police.

A.    The chief of police shall have the general charge and supervision of all officers and patrolmen and other personnel of the police department, shall have the precedence and control of the same whenever engaged in the same service and shall report forthwith to the mayor any violation of duty on the part of any member of the department.

B.    The chief shall report immediately to the city engineer any defect in any of the streets, roads or bridges which the chief may personally discover or which may be reported to the chief by any member of the police department.

C.    The chief shall also report forthwith to the proper board or head of department all nuisances and obstructions in the streets, lanes, alleys, squares and public grounds of the city, and all nuisances, sources of filth and causes of sickness which the chief may personally discover or which may be reported to the chief by any member of the police department.

D.    It is the duty of the chief to enforce all laws and the provisions of this revision and other city ordinances and to receive complaints for violation of them.

E.    The chief shall comply with and execute the orders of the mayor. (Prior revision § 15-3)

## 2.60.040    Firearm permits.*

The chief may require an examination to be taken by applicants for a license to carry a pistol or revolver before granting such permit, in order to assist him to determine that the applicant is a suitable person to be so licensed in accordance with the provisions of Chapter 140, Section 131 of the General Laws. The chief of police may charge

for such examination a fee to be paid by such applicant, not in excess of the amount provided for in Table I of this revision, all of which fees are to be paid to the city. (C.O. 83-52 §§ 70 (part), 75 (part): prior revision § 15-4 (part))

* As to licenses and permits generally, see Ch. 5.04 of this revision.
  As to discharging firearms, see § 9.24.010.

#### 2.60.050     Rules and regulations.

The chief of police shall, at least once every five years, review and establish rules and regulations for the government of the police department, subject to the approval of the mayor. (Prior revision § 15-5)

#### 2.60.070     Seniority.

A.    Seniority of officers in the same grade shall be determined by the highest civil service mark that the officers received in the examination for such grade, including credits awarded in civil service appeal procedures. Between officers of the same grade and civil service mark the relative rank shall be determined by considering dates of rank in lower grades, until seniority is established. If seniority is not so established, it will be decided by the date of the appointment of an officer to the city police department.

B.    The seniority in grade list, as established in this section, shall be added to in the same manner when additional officers are appointed and qualified in such grade. (Prior revision § 15-6)

#### 2.60.080     Absence or disability of chief.

In the absence or disability of the chief of police, the executive officer of the police department who shall be a captain shall be acting chief of police with all the powers and duties of the chief of police in the administration and enforcement of all laws, rules and regulations which it is the duty of the chief of police to administer and enforce. (C.O. 83-52 § 70 (part): prior revision § 15-7)

#### 2.60.100     Special police.

The mayor may appoint annually such number of persons as he shall deem necessary who shall constitute the special police; provided, however, that no person shall be eligible for appointment by the mayor unless said person shall satisfactorily complete the requirements for appointment as prescribed by the chief of police. Such requirements may include, but need not be limited to, the successful completion of medical examinations, background checks, training in the use of firearms, first aid, CPR, criminal law and other necessary police techniques. The chief of police may alter or change the requirements from time to time as he may deem appropriate. Any person

seeking appointment as a special police officer may be charged a reasonable fee for completing the eligibility requirements. (C.O. 90-62 § 1)

#### 2.60.110     Private hiring.*

Any contractor, private contractor or other person who hires the services of any member of the police department, reserve or regular, shall compensate such policemen according to the terms of a contract made pursuant to General Laws, Chapter 149, Section 1781. (Prior revision § 15-11)

* As to pay for firemen hired by private individuals, see § 2.51.090.



City of Revere
City Council

Date: **September 20, 2004**

City Council Order No. **04-632**

Offered By Councillor **Zambuto**

---

## BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF REVERE, AS FOLLOWS:

*An Ordinance Relative To The Composition of the City of Revere Police Department*

Whereas, the deferred operation of this ordinance would tend to defeat its purpose, which is to immediately change the composition of the City of Revere Police Department, thereof it is hereby declared to be an emergency ordinance necessary for the immediate preservation of the public safety and public convenience.

Be it Ordained by the Revere City Council of the City of Revere
as follows:

Section 1. Title 2, Chapter 2.60, Section 2.60.010 of the Revised Ordinances of the City of Revere is hereby amended in paragraph A line two by deleting the word "ten" and by inserting in place thereof the word "twelve".

September 20, 2004 — **Emergency Preamble was Ordered on a Roll Call: Councillors Colella, Correggio, Guinasso, Haas, Novoselsky, Powers, Rizzo, Rotondo, Zambuto and Casella voting "yes." Councillor Goodwin absent.**

September 20, 2004 — **Ordered to a second, third and final reading.**

September 20, 2004 — **Ordered Engrossed and Ordained a Roll Call: Councillors Colella, Correggio, Guinasso, Haas, Novoselsky, Powers, Rizzo, Rotondo, Zambuto and Casella voting "yes." Councillor Goodwin absent.**

Attest: John J. Henry, City Clerk

Approved by:

Mayor Thomas G. Ambrosino

9/20/04

Date

Attest:

John J. Henry
City Clerk

RECEIVED
CITY OF REVERE
04 SEP 24  AM 9:46
SOLICITOR

# APPENDIX

**Tables:**

| | |
|---|---|
| I | Fee Schedule *amended  8/2/05* |
| II | Special Acts and General Laws *amended* |
| III | Salaries |
| IV | Cross-reference Table |
| V | Ordinance List and Disposition Table |
| VI | Traffic Commission Regulation List and Disposition Table |

**Table II**

**SPECIAL ACTS AND GENERAL LAWS**

Divisions:
1    **Special Acts** *amended*
2    **General Laws Accepted**
3    **"Temporary" Acts Accepted**
4    **Special Acts Concerning All Cities**

## Division 1 of Table II

## SPECIAL ACTS

Legislative acts passed with special reference to the towns of Chelsea, North Chelsea and Revere, and the city of Revere.

Acts 1846, Ch. 127. To incorporate the town of North Chelsea. Accepted March 19, 1846.

Acts 1850, Ch. 299, as amended by Acts 1851, Ch. 336. Providing for county commissioners for Chelsea and North Chelsea (Chelsea out later). Accepted March 3, 1851. Repealed by Acts 1939, Ch. 31, §§ 1—5.

Acts 1871, Ch. 126. To provide for the renaming of North Chelsea to the town of Revere. Accepted April 3, 1871.

Acts 1875, Ch. 120. Authorizes Revere and Chelsea to construct a bridge across Chelsea Creek. No acceptance required.

Acts 1890, Ch. 77. An act to authorize the Boston, Winthrop and Shore Railroad Company to discontinue and abandon a part of its road in the town of Revere. No acceptance required.

Acts 1892, Ch. 126. Establishing cellar grade at "grade 14." Accepted April 28, 1892. (See Acts 1917, Ch. 358.)

Acts 1894, Ch. 311. Reclaiming of marsh lands between Orient Heights and Revere. No acceptance required.

Acts 1894, Ch. 483. Authorizes the commonwealth to acquire the location, in part, of the Boston, Revere Beach and Lynn Railroad and to authorize a relocation, in part, of that railroad. No acceptance required.

Acts 1895, Ch. 305. Providing for the taking of land in connection with the B.R.B. and Lynn Ry. Co., also Boston and Maine R.R. Co. No acceptance required.

Acts 1895, Ch. 488. Provides for a metropolitan water supply. Repealed by Acts 1947, Ch. 583. Now G.L. Ch. 92, § 10.

Acts 1896, Ch. 417. Authorizing the election of a board of survey. No acceptance required.

Acts 1897, Ch. 238. Confirming new location of Boston and Maine R.R. Co. and B.R.B. and Lynn Ry. Co. No acceptance required.

Acts 1900, Ch. 274. Abolishing the board of survey. (Such powers and duties are not exercised by the planning board.) Accepted November 6, 1900.

Acts 1900, Ch. 445. Relative to the completion of the parkway connecting Revere, Chelsea and Everett. No acceptance required.

Acts 1904, Ch. 457. Authorizing the town to supply itself with water. Accepted October 24, 1904.

Acts 1905, Ch. 108. Relative to the construction of a stone breakwater off the town of Revere. (See Acts 1906, Ch. 99, Acts 1907, Ch. 9, Acts 1909, Ch. 4.)

Acts 1909, Ch. 203. Relative to removal of remains of disused graveyards. No acceptance required.

Acts 1910, Ch. 646. Authorizes the Massachusetts Highway Commission to take land and construct a state highway from Revere Street to Point of Pines. No acceptance required. (See Acts 1911, Ch. 557; Acts 1912, Ch. 697; Acts 1913, Ch. 639.)

Acts 1911, Ch. 135. Providing for investigation of a parkway between Revere and Winthrop. No acceptance required. (See Acts 1912, Ch. 699, and Acts 1921, Ch. 397.)

Acts 1911, Ch. 213. Relative to the powers and authority of water commissioner to expend five thousand dollars each year. No acceptance required.

Acts 1911, Ch. 479. Authorizing Revere to use part of a burial ground for a public way (Cary Avenue). No acceptance required. (See Acts 1909, Ch. 203.)

Acts 1912, Ch. 667. Authorizing the town to reopen Belle Isle Inlet. No acceptance required.

Acts 1913, Ch. 470. Providing for appointment of a commission to apportion expenses of Suffolk County. No acceptance required. Report made to legislature 1914. Not accepted.

Acts 1914, Ch. 259. Authorizes construction of an additional metropolitan sewer to provide for the sewage of the town of Revere. No acceptance required.

Acts 1914, Ch. 466. Providing for an enclosed athletic field (Curtis Park). Accepted December 14, 1915.

Acts 1914, Ch. 687. To incorporate the city of Revere. Accepted November 3, 1914.

Acts 1916, Ch. 303. Relative to construction of sewers and drains. No acceptance required. (Acts 1900, Ch. 250 repealed.)

Acts 1916, Ch. 43. To amend Charter providing for an increase in the school committee. No acceptance required.

Acts 1916, Ch. 360. Relative to civil service extended to chief of police. Accepted December 12, 1916.

Acts 1917, Ch. 140. Providing a chief of the fire department under the tenure of office. Accepted December 11, 1917. (See Acts 1972, Ch. 551. No acceptance required.)

Acts 1917, Ch. 177. Provides compensation to the city for the use of its sewerage system by the Metropolitan Park Commission. No acceptance required.

Acts 1917, Ch. 358. Relative to cellar grade at "grade 12" above Boston City Base. Accepted October 15, 1917. (See Acts 1892, Ch. 126.)

Acts 1955, Ch. 473. Relative to the Metropolitan District Commission raising the seawall at Shaw Beach and Roughan's Point in Beachmont. No acceptance required.

Acts 1955, Ch. 574. Authorizes the Metropolitan District Commission to construct certain drainage and flood-control facilities in Stoneham, Wakefield, Melrose, Malden, Everett and Revere. No acceptance required. (See Acts 1956, Ch. 332; Acts 1957, Ch. 653; Acts 1961, Ch. 519; Acts 1963, Ch. 595; Acts 1967, Ch. 640; Acts 1968, Ch. 683; Acts 1969, Ch. 527; Acts 1970, Ch. 671; Acts 1972, Ch. 648; Acts 1975, Ch. 293.)

Acts 1956, Ch. 347. Relative to placing the incumbent of the office of assistant city planner of Revere under the civil service laws. Accepted June 4, 1956.

Acts 1956, Ch. 574. Providing funds for the reimbursement of certain property owners for damage caused by the dumping of sewage. No acceptance required.

Acts 1958, Ch. 340. Authorizes the city to increase the retirement allowance of George J. Porter. Accepted May 26, 1958.

Acts 1958, Ch. 393. Transfers the care, control and maintenance of Broadsound Avenue in the city to the Metropolitan District Commission. No acceptance required.

Acts 1959, Ch. 29. Designates the Metropolitan District Commission ice skating arena in Revere as the S/Sgt. Paul W. Cronin Memorial Arena. No acceptance required.

Acts 1960, Ch. 515. Authorizes the Metropolitan District Commission to establish a parking area in the city. No acceptance required.

Acts 1962, Ch. 138. Providing for the appointment of ten additional members to the reserve police force of Revere. No acceptance required.

Acts 1962, Ch. 703. To authorize the formation of a regional vocational school district by the cities of Chelsea, Malden, Melrose, Revere and Woburn, and the towns of North Reading, Reading, Saugus, Stoneham, Wakefield and Winchester, and authorizing the inclusion of the town of Winthrop in such district. Appointments made September 24, 1962, October 15, 1962 and December 3, 1962. (See Acts 1963, Ch. 682. Accepted November 5, 1963.)

Acts 1963, Ch. 266. Designating the Metropolitan District Commission bathhouse in the city as the William H.J. Rowan bathhouse. No acceptance required.

Acts 1963, Ch. 682. Relative to the law authorizing the formation of a regional vocational school district by the cities of Chelsea, Malden, Melrose, Revere and Woburn, and the towns of North Reading, Reading, Saugus, Stoneham, Wakefield and Winchester, and authorizing the inclusion of the town of Winthrop in such district (Northeast Metropolitan Regional Vocational School). Accepted November 5, 1963.

Acts 1963, Ch. 751. Directs the Department of Public Works to pay damages to John D. Cammarata and Fannie Cammarata for certain land taken by such Department. Accepted December 4, 1963.

Acts 1964, Ch. 115. Authorizing Revere to vote at the biennial state election in the current year on the question of adopting the "Plan B" form of city government. (Accepted November 3, 1964.)

Acts 1965, Ch. 90. Relative to the jurisdiction and control of an athletic field in Revere (Paul Revere Park). Accepted March 8, 1965. (See Acts 1954, Ch. 473. Not accepted.)

Acts 1965, Ch. 402. Providing that meetings of the city council and of all other boards and commissions in the city be open to the public with the public having the opportunity to be heard. Accepted January 4, 1966.

Acts 1964, Ch. 403. Directing the Metropolitan District Commission to construct additional water supply mains in the cities of Everett, Revere and Somerville. No acceptance required.

Acts 1965, Ch. 589. Authorizing the city of Revere to pay certain claims against such city, and to borrow money for such purpose. No acceptance required.

Acts 1965, Ch. 638. Establishing the Essex County, city of Revere and town of Winthrop mosquito control project. No acceptance required.

Acts 1965, Ch. 762. Relative to the basis for the annual assessment for the Essex County, city of Revere and town of Winthrop mosquito control project. No acceptance required.

Acts 1966, Ch. 275. Authorizing local licensing authorities to regulate further closing hours for establishments serving alcoholic beverages in Suffolk County. No acceptance required.

Acts 1966, Ch. 377. Authorizing the city of Revere to appropriate during the current year the proceeds of sales of lands acquired through tax lien foreclosure during such year for the acquisition of land for school purposes. Accepted July 5, 1966.

Acts 1967, Ch. 39. Authorizing Revere to appropriate during the current year the proceeds of sales of lands acquired through the tax lien foreclosure during such year for school purposes. Accepted March 13, 1967.

Acts 1967, Ch. 108. Establishing the Essex County, city of Revere and towns of Winthrop and North Reading mosquito control project. No acceptance required.

Acts 1967, Ch. 553. Relative to the basis for the annual assessment for the Essex County, city of Revere and towns of Winthrop and North Reading mosquito control project. No acceptance required.

Division 2 of Table II

GENERAL LAWS ACCEPTED

General Laws accepted by the towns of Chelsea, North Chelsea, town of Revere and the city of Revere.

G.L. Ch. 31, § 47. Placing official and labor services of municipal departments under civil service. Accepted April 29, 1918.

G.L. Ch. 31, § 48. Placing police or fire forces under civil service. Accepted, police, March 4, 1901; fire, June 3, 1901.

G.L. Ch. 31, § 49A. Placing one or more specific local offices, to be named in ballot question, under civil service and continuing incumbents at time therein. (See Division I for specific offices.)

G.L. Ch. 31, §§ 61A and 61B. Resulting in the removal of a maximum age for eligibility for appointment for police officer or firefighter. Accepted October 29, 1990.

G.L. Ch. 32. Exemption authorizing early retirement incentive program. Accepted June 12, 2002 (Chapter 116 Acts of 2002.)

G.L. Ch. 32. Exemption authorizing early retirement incentive program. Accepted October 29, 2003 (Chapter 46 Acts of 2003.)

G.L. Ch. 32, § 1, as amended by Ch. 71 of the Acts of 1996. Authorizing certain public employees creditable retirement service time for active service in the armed forces. Accepted August 19, 1996.

G.L. Ch. 32, § 5, Clause 17D. Real estate tax exemption (Chapter 73 Acts of 1986). Accepted January 04, 2002 (Chapter 73 Acts of 1986). Accepted October 20, 2003.

G.L. Ch. 32, § 6(1). Relative to ten-year eligibility for ordinary disability pension. Accepted February 6, 1989.

G.L. Ch. 32, § 20(6). Relative to the compensation of retirement board members. Accepted June 13, 1996.

G.L. Ch. 32 § 9D¹/₂. Relative to providing that the surviving spouse of retired employees shall pay the same amount for health insurance as the retiree paid. November 01, 1994.

G.L. Ch. 32, §§ 1—28. Placing municipal employees under retirement law. Accepted at state election, November 3, 1936.

G.L. Ch. 32, § 20 (C¹/₂, F¹/₂). Raising the salaries of city auditor and treasurer for services to retirement board. Accepted June 28, 1982.

G.L. Ch. 32, § 20(6). Compensation of retirement board members. Accepted June 13, 1996.

G.L. Ch. 32, § 21(3), as amended by § 1 of Ch. 17 of the Acts of 1997. Relative to the annual cost of living adjustments for retirees. Accepted June 9, 1998.

G.L. Ch. 32, § 22P. Pertaining to retirement system funding schedule establishment annual pension funding. Accepted December 17, 1990.

G.L. Ch. 32, § 44. Relative to pensions for incapacitated school janitors hired prior to June 30, 1937. Accepted March 4, 1935.

G.L. Ch. 32, §§ 45A, 45B. Relative to pensions of janitors subject to G.L. Ch. 32, § 44. Accepted April 24, 1950.

G.L. Ch. 32, § 45C. Relative to improved pension schedule for janitors subject to G.L. Ch. 32, § 44. Accepted August 1, 1960.

G.L. Ch. 32, §§ 56 to 60. Relative to pensions for veterans. Accepted February 6, 1940.

G.L. Ch. 32, § 77. Relative to pensions for incapacitated municipal laborers, foremen, inspectors, mechanics, etc. Accepted November 5, 1912; May 20, 1931; June 6, 1938.

G.L. Ch. 32, § 77B. Pertaining to increased noncontributory pensions of certain laborers. Accepted August 1, 1960.

G.L. Ch. 32, § 80. Concerning pensions for disabled city firemen. Accepted March 30, 1908.

G.L. Ch. 32, § 81A. Relative to pensions of aged or disabled city firemen. Accepted February 3, 1947.

G.L. Ch. 32, § 83. Relative to pensions of disabled or aged city policemen and firemen. Accepted March 30, 1908.

G.L. Ch. 32, § 83A. Concerning pensions for aged or disabled policemen in cities. Accepted February 3, 1947.

G.L. Ch. 32, § 85I. Pertaining to retirement credits of municipal policemen and firemen. Accepted August 2, 1954.

G.L. Ch. 32, § 85J. Pertaining to pensions of policemen, firemen and their widows. Accepted January 6, 1969; rescinded May 12, 1969.

G.L. Ch. 32, § 89A. Relative to annuities to dependents of certain public employees killed, etc., in the line of duty. Accepted January 19, 1958.

G.L. Ch. 32, § 89B. Relative to annuities to dependents of certain policemen and firemen killed in the line of duty. Accepted June 19, 1963.

G.L. Ch. 32, § 89C. Pertaining to annuities to certain widows of public employees killed, etc., in line of duty. Accepted April 5, 1965.

G.L. Ch. 32, § 90C. Relative to increasing the retirement allowance of certain former employees retired on superannuation. Accepted November 17, 1969.

391

LEXSEE 2001 MASS ALS 102

MASSACHUSETTS ADVANCE LEGISLATIVE SERVICE
STATENET
Copyright © 2001 by Information for Public Affairs, Inc.

MASSACHUSETTS 182ND GENERAL COURT -- 2001 REGULAR SESSION

CHAPTER 102

SENATE BILL 1886

*2001 Mass. ALS 102; 2001 Mass. S.B. 1886*

BILL TRACKING SUMMARY FOR THIS DOCUMENT

**SYNOPSIS:** AN ACT PROVIDING REQUIREMENTS FOR APPOINTMENT OF THE CHIEF OF POLICE OF THE CITY OF REVERE.

--------------------- --------------------------------------------------------
To view the next section, type .np* TRANSMIT.
To view a specific section, transmit p* and the section number. e.g. p*1
 --------------------- --------------------------------------------------------

Be it enacted by the Senate and the House of Representatives in the General Court assembled, and by the authority of the same, as follows:

**[*1]** SECTION 1. The position of police chief of the city of Revere shall be exempt from chapter 31 of the General Laws.

**[*2]** SECTION 2. The police chief of the city of Revere shall be appointed by the mayor for a term of office of 5 years subject to the confirmation of the city council.

**[*3]** SECTION 3. Appointments to the position of police chief of the city of Revere shall be limited to officers of the Revere police department who have attained the rank of lieutenant and who have served in that rank for 5 years or more, and to officers of the department who have attained the rank of captain.

**[*4]** SECTION 4. This act shall take effect upon its passage.

**HISTORY:**
Approved October 11, 2001

**SPONSOR:** Travaglini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03-12499-MLW |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

## AFFIDAVIT OF DIANE COLELLA

I, Diane Collela, do hereby depose and state:

1.    I am the Election Commissioner for the City of Revere.

2.    In my capacity as Election Commissioner for the City of Revere, I maintain the books and records of the City of Revere Election Office, including the records for results from previous years elections.

3.    During the State-wide election of November 3, 1964, the citizens of the City of Revere were presented with several questions on their ballot. Among those questions was question No. 8 which concerned adopting the Plan B form of government for the City. A true and correct copy of that portion of the ballot with this question as it appeared thereon is attached hereto.

4.    Question No. 8 passed, with in person vote totals reflecting 12,630 in favor; 4,153 against; and 3,329 blank ballots for a total of 20,112 votes, not including the less than 300 absentee ballots which were submitted. A true and correct copy of the vote totals referred to above is attached hereto.

Signed under the pains and penalties of perjury this _____ day of March, 2005.

Respectfully submitted,

*Diane R. Colella*

Diane Colella

**To vote on a Question, mark a Cross X in the Square at the right of YES or NO.**   X

movals must still receive Council approval. As in the case of appointments still requiring Council approval, such recommended removal from the Youth Service Board must be acted upon by the Council within thirty calendar days; otherwise the proposed removal shall become effective as if approval had been given. In the case of any appointment which heretofore required Council approval the Governor may, within fifteen days of the making of the appointment, remove any person appointed without cause.

The Council shall no longer be required to approve the fixing of any compensation for services rendered in the executive department. And henceforth there need be no approval by the Council of actions or agreements by executive officers, including but not limited to borrowings and loans, investments, leases, licenses, purchases and conveyances, and contracts, and also including the promulgation of rules and regulations.

Notwithstanding the foregoing, the Governor shall at all times remain free to seek the advice and consent of the Council upon any matter.

## QUESTION NO. 6

Do you approve of a law summarized below, which was approved in the House of Representatives by a vote of 180 in the affirmative and 40 in the negative and was approved in the Senate by a vote of 28 in the affirmative and 5 in the negative?

| | |
|---|---|
| **YES** | |
| **NO** | |

### LAW SUBMITTED UPON REFERENDUM AFTER PASSAGE

#### SUMMARY

Under the Act, effective as of January 1, 1964, each member of the General Court shall receive seventy-eight hundred dollars for each regular annual session, the President of the Senate and Speaker of the House of Representatives shall each receive the same amount as additional compensation, and the floor leaders of each of the major political parties in the Senate and House, the Chairman and Vice-Chairman of that committee of the Senate Committee on Ways and Means and the Chairman and Vice-Chairman of that committee of the House, shall each receive thirty-nine hundred dollars as additional compensation, to be paid as provided in the Act. After the same date the annual expense allowance is to be six hundred dollars for each member and the travel allowance is to be eight cents per mile with a stated minimum and an alternative, and a member chosen to fill a vacancy or who resigns during a session is to be entitled to per diem compensation at the rate for each regular annual session and to the allowances for travel and other expenses for the time of his membership.

It is also provided that in addition to the compensation for the 1963 annual session the President of the Senate and Speaker of the House shall be paid thirty-nine hundred dollars, the floor leaders of each major political party in the Senate and House, the Chairman of ...

**To vote on a Question, mark a Cross X in the Square at the right of YES or NO.**   X

## QUESTION NO. 8

"Shall the city of Revere adopt the form of government defined as Plan B and consisting of government by a mayor and councillors elected partly at large and partly from wards or districts, with elections to be held biennially in every odd-numbered year, according to chapter forty-three of the General Laws relative to city charters?"

| | |
|---|---|
| **YES** | |
| **NO** | |

REVERE

**To vote on a Question, mark a Cross X in the Square at the right of YES or NO.**   X

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **QUESTION NO. 4** | | | | | | | | | | |
| Yes | 473 | 471 | 383 | 499 | 355 | 287 | 460 | 312 | 642 | 536 |
| No | 86 | 63 | 76 | 48 | 51 | 28 | 65 | 40 | 113 | 88 |
| BLANKS | 336 | 252 | 237 | 251 | 339 | 201 | 303 | 223 | 381 | 598 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| **QUESTION NO. 5** | | | | | | | | | | |
| Yes | 331 | 326 | 274 | 322 | 255 | 200 | 353 | 217 | 408 | 602 |
| No | 230 | 205 | 188 | 212 | 156 | 109 | 169 | 132 | 247 | 196 |
| BLANKS | 334 | 255 | 234 | 264 | 334 | 207 | 306 | 226 | 481 | 424 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| **QUESTION NO. 6** | | | | | | | | | | |
| Yes | 207 | 178 | 148 | 192 | 136 | 108 | 175 | 128 | 251 | 274 |
| No | 359 | 337 | 314 | 355 | 259 | 198 | 327 | 199 | 469 | 331 |
| BLANKS | 329 | 271 | 234 | 251 | 350 | 210 | 326 | 248 | 416 | 617 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| **QUESTION NO. 7** | | | | | | | | | | |
| A YES | 501 | 447 | 411 | 446 | 379 | 281 | 444 | 328 | 632 | 611 |
| No | 190 | 177 | 155 | 196 | 166 | 97 | 185 | 95 | 268 | 207 |
| BLANKS | 204 | 162 | 130 | 156 | 200 | 138 | 199 | 152 | 236 | 404 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| B Yes | 240 | 196 | 162 | 179 | 239 | 167 | 251 | 175 | 279 | 435 |
| No | 180 | 162 | 144 | 181 | 136 | 81 | 161 | 84 | 242 | 206 |
| BLANKS | 475 | 428 | 390 | 438 | 370 | 268 | 416 | 316 | 615 | 581 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| C Yes | 523 | 451 | 413 | 459 | 395 | 267 | 447 | 325 | 651 | 643 |
| No | 140 | 138 | 127 | 161 | 124 | 76 | 145 | 75 | 220 | 199 |
| BLANKS | 232 | 197 | 156 | 178 | 226 | 173 | 236 | 175 | 265 | 360 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |
| **QUESTION NO. 8 (PLAN B)** | | | | | | | | | | |
| Yes | 525 | 486 | 422 | 512 | 454 | 316 | 527 | 353 | 734 | 775 |
| No | 216 | 167 | 175 | 181 | 126 | 100 | 150 | 99 | 230 | 178 |
| BLANKS | 154 | 133 | 99 | 105 | 165 | 100 | 151 | 123 | 172 | 269 |
| TOTAL | 895 | 786 | 696 | 798 | 745 | 516 | 828 | 575 | 1136 | 1222 |

| Col 1 | Col 2 | Col 3 | Col 4 | Col 5 | Col 6 | Col 7 | Col 8 | Col 9 | Col 10 | Col 11 | Col 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 96/663 | 400/167 | 166/663 | 388/114 | 175/66 | 146/66 | 388/130 | 256/663 | 227/66 | 288/152 | 210/69 | 390/63 |
| 163/815 | 505/147 | 301/815 | 304/815 | 394/117 | 274/815 | 411/130 | 417/815 | 416/815 | 232/167 | 407/815 | 341/67 |
| 80/574 | 333/161 | 151/574 | 152/574 | 335/88 | 311/111 | 320/123 | 193/574 | 130/251 | 247/130 | 185/574 | 339/50 |
| 115/604 | 364/125 | 182/604 | 183/604 | 336/86 | 322/99 | 324/112 | 266/604 | 111/227 | 220/128 | 260/604 | 291/53 |
| 260/1195 | 743/192 | 446/1195 | 443/1195 | 608/141 | 597/155 | 627/175 | 591/1195 | 257/347 | 393/229 | 568/1195 | 514/113 |
| 53/413 | 266/94 | 84/413 | 90/413 | 250/79 | 230/93 | 235/103 | 75/186 | 96/186 | 156/135 | 119/413 | 243/51 |
| 114/813 | 472/227 | 185/813 | 188/813 | 467/161 | 444/181 | 443/207 | 163/813 | 148/338 | 311/208 | 306/813 | 438/69 |
| 79/528 | 346/103 | 148/528 | 157/528 | 284/96 | 273/98 | 261/116 | 151/528 | 97/190 | 192/107 | 223/528 | 266/39 |
| 90/805 | 485/230 | 157/805 | 185/805 | 484/164 | 458/162 | 489/166 | 150/805 | 211/330 | 351/205 | 255/805 | 477/73 |
| 167/1000 | 648/185 | 298/1000 | 305/1000 | 544/158 | 524/171 | 554/179 | 267/1000 | 234/318 | 371/196 | 415/1000 | 514/71 |
| 131/955 | 630/194 | 240/955 | 269/955 | 517/198 | 474/212 | 516/230 | 209/955 | 213/395 | 377/243 | 323/955 | 541/91 |
| 170/1088 | 729/189 | 339/1088 | 359/1088 | 606/143 | 570/159 | 610/215 | 263/1088 | 225/428 | 399/240 | 444/1088 | 520/124 |
| 85/644 | 457/102 | 171/644 | 175/644 | 361/108 | 383/90 | 382/115 | 147/361 | 141/268 | 247/157 | 226/644 | 347/71 |
| 140/1076 | 645/291 | 272/1076 | 283/1076 | 619/185 | 602/191 | 613/213 | 250/1076 | 290/435 | 351/1076 | 330/1076 | 641/105 |
| 84/450 | 277/89 | 114/450 | 124/450 | 253/83 | 233/93 | 250/93 | 107/450 | 101/191 | 158/450 | 158/450 | 235/57 |

235  212
57   12

158  163  157  141  158
450  100  450  191  450

68   113  79   113  66
292  100  292  113  292

110  107  124  114
83        50   50

186  49   61   61
57   292  292  292
     178  185
     53   46

277  84
89   450

226  31
35   292

10727   7707   7774   4478   7978   11088
1767    4631   20112  7656   20112  4100

7618
20112

4924    5774    5535    12630   3329
20112   20112   20112   4153    20112
10642   11226
3696    3351

insufficient to defeat summary judgment. <u>First National Bank of Boston v Slade</u>, 379 Mass. 243, 246 (1979); <u>Albre Marble & Tile Co. Inc., v John Bowen Co.</u>, 338 Mass 394, 397 (1959). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion of summary judgment, the requirement is that there be no genuine issue of material fact. <u>Anderson v Liberty</u>, 477 U.S. 242, 247-48 (1986); <u>Beatty v NP Corp.</u>, 31 Mass. App. Ct. 606, 608 (1991). A fact is deemed material only "if it might affect the outcome of a suit under the governing substantive law." <u>Norske Bank v First National Bank of Boston</u>, 838 F. Supp. 19, 25 (D. Mass. 1993).

## FACTS

The Plaintiff, Terri Pechner James, was sworn in as a Revere Police Officer on September 21, 1995. She was constructively discharged from her employment on March 13, 2001. The prolonged, severe, pervasive, hostile and abusive work environment she experienced during the period of her employment culminated in an incident that made it impossible for her to continue to work at the Revere Police Department after March 13, 2001.

That evening Plaintiff was working the 4:00 p.m. to midnight shift. She was a dispatcher for that shift. One of her duties was to periodically check on prisoners being held at the station. While she was performing her duties, a prisoner named Christopher Daley asked her for a blanket. The Plaintiff offered him the blanket. The Plaintiff knew the prisoner from their days in the same high school. He told her that Detective Goodwin had asked him if he had ever "been with" the Plaintiff. The term "been with" is commonly interpreted to mean "had sexual intercourse with." **(See Plaintiff's Affidavit & Attached Exhibits.)**

The prisoner also stated that the last time he was at the station he heard Lieutenant Santoro, one of Plaintiff's supervisors, and a Defendant in this case, ask John Barker, another prisoner, if he had ever "fucked" the Plaintiff. **(See Plaintiff's Affidavit & Attached Exhibits.)** The events were later confirmed by independent investigations. The Plaintiff became extremely upset and emotionally distraught by these attacks from her

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-12499-MLW |
| | ) | |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

## AFFIDAVIT OF CAROLYN RUSSO

I, Carolyn Russo, do hereby depose and state:

1.  I am a Retirement Analyst for the City of Revere and have been so employed since September of 1993.

2.  In my capacity as a Retirement Analyst for the City of Revere, I review and process applications for retirement by employees of the City of Revere. In addition, my office maintains the Revere Retirement Board's records of retirement applications, approvals, denials and related records for city employees.

3.  Attached hereto are redacted copies of the retirement approvals for former Police Chief James Russo and former Police Chief Roy Colannino. As reflected thereon, Chief Russo retired effective February 28, 1999 and Chief Colannino retired effective January 6, 2002.

4.  Attached hereto are redacted copies of the Voluntary Application for Disability Retirement for Terri Pechner and the Approval of said Application by the Revere Retirement Board and the Public Employee Retirement Administration Commission.

5.  Attached hereto are redacted copies of the Involuntary Application for Disability Retirement for Sonia Fernandez and the Approval of said Application by the Revere Retirement Board and the Public Employee Retirement Administration Commission.

Signed under the pains and penalties of perjury this _28th_ day of March, 2005.

Respectfully submitted,

Carolyn Russo



# MASSACHUSETTS

PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION
COMMISSION
5 MIDDLESEX AVENUE, 3ᴿᴰ FLOOR
SOMERVILLE, MA 02145
(617) 666-4446
FAX: (617) 628-4002    TTY: (617) 591-8917
www.state.ma.us/PERAC

**ROBERT F. STALNAKER**
EXECUTIVE DIRECTOR
**April 13, 1999**

**COMMISSION MEMBERS**
ELIZABETH E. LAING, CHAIR
A. JOSEPH DeNUCCI, VICE CHAIR
JOHN R. ABBOTT
CHARLES D. BAKER
KENNETH J. DONNELLY
DONALD R. MARQUIS
DIANNE HYDE RUSSELL

**Revere Retirement Board**
**281 Broadway**
**City Hall**
**Revere, MA 02151**

Dear Director:

Department approval is hereby granted for payment of the following retirement allowance to JAMES RUSSO as of February 28, 1999.

### Retirement Allowance



| | |
|---|---|
| **Annuity** | $ |
| **Additional Annuity** | $ |
| **Pension** | $ |
| **Yearly** | $ |
| **Monthly** | $ |

This is a Superannuation retirement allowance calculated under option B.

The accumulated total deductions should be transferred to the annuity reserve fund for the payment of the annuity portion of this allowance. The pension portion of the allowance is payable from the pension fund.

Very Truly Yours

*Robert F. Stalnaker*

**Robert F. Stalnaker**
**Executive Director**

sch

# PERAC

**COMMONWEALTH OF MASSACHUSETTS | PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION**

ROBERT E. TIERNEY, Chairman | A. JOSEPH DeNUCCI, Vice-Chairman                    JOSEPH E. CONNARTON, Executive Director
JOHN R. ABBOTT | C. CHRISTOPHER ALBERTI | STEPHEN P. CROSBY | KENNETH J. DONNELLY | DONALD R. MARQUIS

March 05, 2002

Revere Retirement Board
281 Broadway
City Hall
Revere, MA  02151

Dear Director:

Commission approval is hereby granted for payment of the following retirement allowance to
ROY COLANNINO as of January 06, 2002.

### Retirement Allowance

| | |
|---|---|
| Annuity | $ ▉▉▉ |
| Additional Annuity | $ ▉▉▉ |
| Pension | $ ▉▉▉ |
| Yearly | $ ▉▉▉ |
| Monthly | $ ▉▉▉ |

This is a Superannuation retirement allowance calculated under option A.

The accumulated total deductions should be transferred to the annuity reserve fund for the payment of the
annuity portion of this allowance. The pension portion of the allowance is payable from the pension fund.

Very Truly Yours

*Joseph E. Connarton*

Joseph E. Connarton
Executive Director


JFD

FIVE MIDDLESEX AVENUE, THIRD FLOOR | SOMERVILLE, MA 02145
PH: 617.666.4446 | FAX: 617.628.4002 | TTY: 617.591.8917 | WEB: WWW.STATE.MA.US/PERAC

 

# PERAC

PERAC

PUBLIC EMPLOYEE
RETIREMENT
ADMINISTRATION
COMMISSION

## MEMBER'S
## APPLICATION

# for Disability Retirement

# MEMBER'S APPLICATION for Disability Retirement

PREVIOUSLY IDENTIFIED AS PERA 10-1, 10-3, 10-4, 10-5, 10-6 [1-3], 10-19A-792

## Intent to Retire

| JAMES | TERRI | L |
|---|---|---|
| **NAME OF APPLICANT [LAST]** | **[FIRST]** | **[M.I.]** |

FORMER OR MAIDEN NAME [IF DIFFERENT]: PECHNER

STREET ADDRESS: 157 Conant Street

SOCIAL SECURITY #: 017 - 56 - 5959

CITY: Revere    STATE: Ma    ZIP: 02151

PHONE #: [781] 284-4638

DATE OF BIRTH: 04-29-73    PLACE OF BIRTH: Lynn, MA.

SEX: ☐ M  ☒ F

ARE YOU A VETERAN? ☐ YES  ☒ NO

If you will be residing at an address other than the one above [for example, a summer or retirement address] within the next 12 months, please list your alternate address below.

ALTERNATE STREET ADDRESS: [ ]

PHONE #: [ ]

CITY:    STATE:    ZIP:

FROM    TO

DATES IN RESIDENCE AT YOUR ALTERNATE ADDRESS

I understand that I have the right to apply for Accidental Disability and/or Ordinary Disability Retirement benefits. If I believe my disability may be the result of a job-related incident or injury, I may apply for Accidental Disability benefits and must answer all of the questions on this application. I will be required to provide evidence that my disability occurred as a result of a personal injury sustained or a hazard undergone while in the performance of my duties at a definite place and time without serious and willful misconduct on my part.

If I apply for Accidental Disability and PERAC approves my application after considering the Retirement Board's findings, the Regional Medical Panel Report and other evidence, I will be granted an Accidental Disability.

If I apply for an Accidental Disability and PERAC approves an Ordinary Disability application for me based on the Retirement Board's findings, the Regional Medical Panel Report and other evidence, then I may be retired for Ordinary Disability based on this application, if that is my preference and I meet the other requirements for Ordinary Disability benefits.

## I APPLY TO BE RETIRED ON THE BASIS OF [PLEASE CHECK ONE]:

☒ ACCIDENTAL DISABILITY    ☐ ORDINARY DISABILITY    ☐ BOTH ACCIDENTAL AND ORDINARY DISABILITY

I sign this application under the pains and penalties of perjury. I affirm that the information presented in this application is correct, complete and accurately presented. I understand that giving false or incomplete information on this application may subject me to loss of my benefits as well as civil and criminal penalties.

APPLICANT'S SIGNATURE _____    DATE 2/5/03

**PERAC**

WWW.STATE.MA.US/PERAC

**RETIREMENT BOARD:** AFFIX YOUR ADDRESS LABEL IN THE BOX PROVIDED AT RIGHT.

## INTRODUCTION

# MEMBER'S APPLICATION for Disability Retirement

**THE "MEMBER'S APPLICATION FOR DISABILITY RETIREMENT" IS A NEW COMPILATION OF FORMS PREVIOUSLY IDENTIFIED AS:**

| | |
|---|---|
| **10-1-792** | Intent to Retire |
| **10-3-792** | Statement of Circumstances of Personal Injury or Hazard Undergone |
| **10-4-792** | Statement of Applicant's Duties |
| **10-5-792** | Statement of Background, Qualifications and Physical Activities |
| **10-6[1]-792** | Authorization for the Release of Medical Records |
| **10-6[2]-792** | Authorization for the Release of Insurance Records |
| **10-6[3]-792** | Authorization for the Release of Tax Records |
| **10-19-[A]-792** | Applicant's Medical Panel Selection Form |

The forms listed above and the numbering system are no longer being used.

**BEFORE YOU FILE AN APPLICATION FOR A DISABILITY RETIREMENT ALLOWANCE, PLEASE NOTE THAT YOU SHOULD:**

- Contact your retirement board. This is an important step in ensuring that you have all of the information that you need. The staff at your retirement board will help you understand the process and respond to your questions throughout the process.

- Read the Guide to Disability Retirement for Public Employees. This guide will give you general information about the disability process. Your retirement board can also furnish you with a copy of this guide.

**NEXT STEP**

- Be sure to complete the entire application, including the release forms and attach all required documents before returning your application to your retirement board. If your Application is incomplete; the application process will be delayed. Until all of the required information has been submitted, your retirement board cannot assign a date of application, which will be very important in determining your effective date of retirement and retirement allowance date. Your retirement board can prepare an estimate of your retirement allowance for planning purposes at any time, but an official retirement allowance cannot be calculated until your application has been approved. If your Application is approved, you may need to submit additional documents, including, if applicable, your marriage certificate, your spouse's birth certificate, and your dependent children's birth certificates.

- Before you send your Application and your documents to your retirement board, make a photocopy of them for your own records.



WWW.STATE.MA.US/PERAC

# MEMBER'S APPLICATION for Disability Retirement

[PAGE 2]

| JAMES | TERRI | L | 017 - 56 - 5859 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

## Statement of Applicant's Duties

In order to receive a disability retirement allowance, a member must be permanently and totally disabled from performing the essential duties of their position. Essential duties are those duties or functions of a job or position that must necessarily be performed by an employee to accomplish the principal object[s] of the job or position. In accordance with PERAC's regulations, 840 CMR 10.07, your employer is required to identify the essential duties of your position.

[1] Please state the medical reason for which you are filing this application for disability retirement.

Post Traumatic Stress Disorder, Stress induced illness, Irritable Bowel syndrome, Frequent migraine headaches, Panic attacks, anxiety, dizziness, Shortness of breath, nausea, vomiting, trembling in my hands.

[2] Please describe the duties that are required to perform in your current position.

Protect life and property, Preserve the peace, Prevent crime, detect and arrest violators of the law, enforce all laws coming within departmental jurisdiction, supervise public functions and respond to all public emergencies.

[3] How frequently are you required to perform these duties?

All the time

[4] Please describe the duties that you are unable to perform as a result of your disability.

All above

[5] When did you cease to be able to perform all of the essential duties of your position?

March 13, 2001

# MEMBER'S APPLICATION for Disability Retirement

[PAGE 3]

| James | Terri | L | 017-56 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Your Employment History

## YOUR CURRENT POSITION [FROM WHICH YOU PLAN TO RETIRE]

| Police Officer | Revere Police |
|---|---|
| TITLE | NAME OF DEPARTMENT |
| 23 Pleasant Street | Chief Terrance Reardon |
| EMPLOYER'S STREET ADDRESS | NAME OF HEAD OF DEPARTMENT |

| Revere | MA | 02151 | |
|---|---|---|---|
| CITY | STATE | ZIP | NAME OF DIRECT SUPERVISOR |

| (781) 284-1212 | ( ) | FROM 9/24/95 TO Current |
|---|---|---|
| PHONE # | FAX # | DATES EMPLOYED |

## ALL OF YOUR PREVIOUS POSITIONS

Please list all previous employment in chronological order, beginning with your first position. Include all prior public and private employment. Please note that if any other Massachusetts agency or unit has ever employed you, you may be eligible to purchase creditable service for that public sector employment. Contact your retirement board for further information about making such a purchase. If you need additional space, please attach a separate sheet.

| Ames Dept Store | FROM 95 - TO 95 |
|---|---|
| EMPLOYER'S NAME | DATES EMPLOYED |

| Squire Rd. | Revere | MA | 02151 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| Filenes Basement | FROM 93 TO 95 |
|---|---|
| EMPLOYER'S NAME | DATES EMPLOYED |

| Rt 1 Saugus MA. | Saugus | MA | |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| | FROM TO |
|---|---|
| EMPLOYER'S NAME | DATES EMPLOYED |

| | | | |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

MEMBER'S APPLICATION for Disability Retirement

[PAGE 4]

| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |
|---|---|---|---|
| James | Terri | L | 017 56 5959 |

# Statements About Your Background, Qualifications & Recent Physical Activities

**[1] Are you a high school graduate?**  ☒ Yes  ☐ No
If you completed some but not all of high school, please indicate the last grade that you did complete. _____

**[2] Are you a college graduate?**  ☒ Yes  ☐ No
If you completed some but not all of college, please indicate the last year that you did complete. _____

**[3] Special qualifications, certifications or licenses that you hold:**

~~Administra~~ Associate Degree Criminal Justice

**[4] For the period of the last year, please describe your physical activities, including:**

**[A] Medical rehabilitation activities**

therpy with DR. Keracts, DR. Susan Rudman, 2 weeks
at On site Academy, Gardner Ma. DR. Lalith Tissera MD.

**[B] Activities of daily living [for example, driving, cleaning, etc.]**

Driving, Cleaning, cooking, taking care of my
Childrch, shower

**[C] Sports or other strenuous activities**

None

**[D] Other employment since the onset of your disability**

None

If you are applying for ordinary disability, you are not required to complete pages 5-8. However, if you feel that responses in this section are relevant, you may offer them.

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 5]

| JAMES | TeRRi | L | 017 - 56 - 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Reason for Accidental Disability

One of the conditions for receiving approval of an application for accidental disability retirement is that your Retirement Board must find that your disability is the natural and proximate result of either a personal injury you sustained (usually, one or several specific incidents), or a hazard undergone (generally, exposure to a harmful situation over a period of time).

**PLEASE IDENTIFY THE REASON FOR YOUR DISABILITY** ☒ PERSONAL INJURY ☒ HAZARD

In describing the personal injury that you sustained or the hazard to which you were exposed, it is important to be as specific as possible.

**[1] DATE[S]**

8/21/96   (8/24/97 - 10-97)   6/98   7/21/98   8-6-98,
11-19-98,   12-12-98,   12-25-98,   1-7-99,   1-30-99,   2-7/99
2-9-99,   4-4-99,   7-5-99,   8-4-99,   8-5-99,   8-10-99,   8-13-99
8-24-99,   11-23-99,   12-6-99,   12-7-99   2-17-2000 - 3-9-2000,   4-20-2000,

**[2] SPECIFIC TIME[S] OR IF HAZARD, LENGTH OF TIME EXPOSED** 5-3-2000,   5-25-2000,   5-26-2000

6-23-2000,   6-30-2000,   9-22000,   2-26-2001   3-13-2001

The Six years I spent on the Job

**[3] LOCATION[S]**

23 Pleasant Street, Revere Ma. 02151
On the Streets in City of Revere
IN A CRUISER

**[4] DESCRIPTION OF INCIDENT[S] OR HAZARD**

Continues Sexual Comments and harassment. A hostile
Working environment, Inappropriate physical contact,

**[5] PLEASE DESCRIBE THE JOB DUTIES YOU WERE PERFORMING JUST PRIOR TO AND AT THE TIME YOU SUSTAINED YOUR PERSONAL INJURY OR WERE EXPOSED TO THE HAZARD.**

Protect + Service Police Officer

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 6]

| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |
|---|---|---|---|
| JAMES | Terri | L | 017 - 56 - 5959 |

## Incident Reports

Please provide the following information about each person or agency with which you filed a report of the incident[s] that you sustained or the hazard to which you were exposed.

| NAME [LAST, FIRST, MIDDLE INITIAL] | AGENCY |
|---|---|
| AMBROSINO, THOMAS | City of Revere Mayor |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| Broadway | Revere | MA | 02151 |

| PHONE # | DATE YOU FILED REPORT |
|---|---|
| (81) 286-8110 | 4-17-2001   2:00 PM |

City of Revere Police Dept. Date of report filed - 4-19-2001.
For .111F Benefits for PTSD

| NAME [LAST, FIRST, MIDDLE INITIAL] | AGENCY |
|---|---|
| MASSAChusetts Commission Against Discrm | MCAD (Jessica Thrall) |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 1 Ashburton Place | Boston | MA | 0210F |

| PHONE # | DATE YOU FILED REPORT |
|---|---|
| (617) 727-3990 | March 12, 2001 |

## Witness Data

For each witness to the incident[s] or hazard[s] that you've described, please provide the following information.

| NAME [LAST, FIRST, MIDDLE INITIAL] | PHONE # | RELATIONSHIP TO YOU |
|---|---|---|
| Picardi, James | (781) 284-1212 | Sgt. from R.P.D |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 23 Pleasant Street | Revere | MA | 02151 |

| NAME [LAST, FIRST, MIDDLE INITIAL] | PHONE # | RELATIONSHIP TO YOU |
|---|---|---|
| Cafarelli, Joseph | (781) 284-1212 | Sgt. from R.P.D |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 23 Pleasant Street | Revere | MA | 02151 |

GVB Security and Investigative Corp.
John F. McCabe, Investigator (508) 359-1916

**MEMBER'S APPLICATION** for Disability Retirement

| JAMES | TERRI | L | 017 - 56 - 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

## Other Actions Taken

As a result of the incidents or hazards that you have described, have you filed a grievance pursuant to a collective bargaining agreement?

☐ **NOT APPLICABLE**    ☐ **NO**    ☒ **YES**

If "yes", please describe the status of your grievance.

Grievance was denied by Mayor Ambrosino on 11-26-01

Did your employer take any administrative or disciplinary action as a result of the incidents or hazards you have described?

NO

## Workers' Compensation

Have you applied for, or are you receiving, or have you received weekly Workers' Compensation benefits or a Workers' Compensation settlement related to your claimed disability?

NO

## Section 111F Benefits

Have you received or are you receiving benefits, related to your claimed disability, pursuant to G.L. c. 41, § 111F?

I applied and was denied

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 8]

| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |
|---|---|---|---|
| JAMES | TERRI | L | 017 - 56 - 5959 |

# Emergency Medical Treatment

If you received emergency medical treatment as a result of the incident(s) or hazard(s) you've described, please provide the following information about each health care provider who furnished such treatment to you.

**HEALTH CARE PROVIDER'S NAME:** Emergency Room Doctor
**HOSPITAL/FACILITY:** MGH Emergency

**STREET ADDRESS:** 151 Elect Ave
**CITY:** Chelsea **STATE:** MA **ZIP:** 02150

**PHONE #:** [617] 884-8300
**FROM:** 8/4/97 **TO:** ___
**DATE(S) OF TREATMENT**

---

**HEALTH CARE PROVIDER'S NAME:** Dr. Jessica Peters
**HOSPITAL/FACILITY:** MGH Boston Emergency

**STREET ADDRESS:** 55 Fruit Street
**CITY:** Boston **STATE:** MA **ZIP:** ___

**PHONE #:** [617] 726-2000
**FROM:** 7/17/01 **TO:** ___
**DATE(S) OF TREATMENT**

---

**HEALTH CARE PROVIDER'S NAME:** ___
**HOSPITAL/FACILITY:** ___

**STREET ADDRESS:** ___
**CITY:** ___ **STATE:** ___ **ZIP:** ___

**PHONE #:** [   ]
**FROM:** ___ **TO:** ___
**DATE(S) OF TREATMENT**

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 9]

| JAMES | TERRI | L | 017 - 56 - 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Hospitals and Medical Facilities

Please list **all** hospitals and medical facilities with which you have consulted or at which you have received any treatment for any condition within the last five years. Begin with the hospital or medical facility from which you first sought a consultation or treatment. If you need more space, you may attach additional sheets.

| MASS General Hospital | fatique & Sleeplesness |
|---|---|
| NAME OF FACILITY | REASON FOR VISIT  IBS, Stress, Headaces. |
| 300 Ocean Ave | Revere | Ma | 02151 |
| STREET ADDRESS | CITY | STATE | ZIP |
| (781) 485-6000 | FROM  7-21-98  TO  Current |
| PHONE # | DATE[S] OF TREATMENT |

| On Site Academy | Post tramatic stress |
|---|---|
| NAME OF FACILITY | REASON FOR VISIT |
| 216 mill Street, P.O. box 1031 | Gardner | MA | 01440-603 |
| STREET ADDRESS | CITY | STATE | ZIP |
| [978] 632-3518 | FROM  9-2001  TO  Current |
| PHONE # | DATE[S] OF TREATMENT |

| | |
|---|---|
| NAME OF FACILITY | REASON FOR VISIT |
| | | | |
| STREET ADDRESS | CITY | STATE | ZIP |
| [    ] | FROM  .  TO |
| PHONE # | DATE[S] OF TREATMENT |

# MEMBER'S APPLICATION for Disability Retirement

[PAGE 10]

| JAMES | TERRI | L | 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 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Physicians

Please list **all** physicians with whom you have consulted or from whom you have received any treatment for any condition within the last five years. Begin with the physician you consulted first. If you need more space, you may attach additional sheets.

| Dr. Waid, Dr. Elizabeth Millie MD. | IBS, Headaches, Sleep disc |
|---|---|
| NAME OF PHYSICIAN | REASON FOR VISIT |

| 300 Ocean Ave | Revere | MA | 02151 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| [781] 485-6000 | FROM 96  TO Current |
|---|---|
| PHONE # | DATE[S] OF TREATMENT |

| Dr. Eric Kerdock, MD. | Everything |
|---|---|
| NAME OF PHYSICIAN | REASON FOR VISIT |

| 103 Broadway | Revere | MA | 02151 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| [781] 289-2683 | FROM 2/5/01  TO Current |
|---|---|
| PHONE # | DATE[S] OF TREATMENT |

| Dr. Susan Budman | PTSD |
|---|---|
| NAME OF PHYSICIAN | REASON FOR VISIT |

| 70 Washington Street #211 | Salem | MA | 01970 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| [988] 741-7897 | FROM 3/21/01  TO Current |
|---|---|
| PHONE # | DATE[S] OF TREATMENT |

Dr. Lalith M. Tissera, MD. 781-224-0611
11 Lafayette Street.
Wakefield Ma. 01880        From- 2/20/03 - Current

# MEMBER'S APPLICATION for Disability Retirement

| JAMES | TERRI | L | 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 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

## Primary Treating Physician

Your retirement board will request a statement certifying your disability status from the physician who is treating you for your disability. Please provide the following information about the physician who has provided you with primary treatment in connection with your disability.

| ERIC J. KEROACK, MD | [781] 289-2683 |
|---|---|
| NAME OF PRIMARY TREATING PHYSICIAN | PHONE # |

| 103 Broadway | Revere | MA | 02151 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| | Family Health Insurance |
|---|---|
| | TYPE OF COVERAGE |

## Other Conditions

Please describe any other circumstances, events or physical conditions that contributed or may have contributed to your disability.

_____

_____

_____

## Attorney Information

If you are represented by an attorney in this disability retirement application process, please provide the following information so that we may contact him or her as necessary.

| JAMES Dilday |
|---|
| NAME OF ATTORNEY |

| GRAYER + DILDAY | [617] 227-3470 |
|---|---|
| NAME OF FIRM | PHONE # |

| 27 School Street | Boston | MA | 02108 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

MEMBER'S APPLICATION for Disability Retirement

[PAGE 13]

| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |
|---|---|---|---|
| JAMES | TERRI | L | 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 |

# Applicant's Authorization for Release of Insurance Records
## APPLICANT MUST COMPLETE THIS SECTION

NAME OF APPLICANT [PLEASE PRINT]: TERRI JAMES

SOCIAL SECURITY #: 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

STREET ADDRESS: 154 Cortant Street

CITY: Revere

STATE: MA

ZIP: 02151

I authorize my retirement board, City of Revere, to submit this release to, and to request my insurance records from, any insurer or agency I have listed in this Disability Retirement Application. Additionally, I understand that if the insurer or agency charges any fee for providing these records; I will be responsible for the payment of such fee.

I authorize the below-named individual, insurer or agency to release to my retirement board, City of Rever, any and all information, reports and records it may have regarding any application or claim for insurance I have made during the five [5] years preceding the date beside my signature, below. The scope of this authorization includes the release and copying of such information, reports and records, including but not limited to: correspondence, application forms, claim forms and medical examinations. A photocopy of this document, including my signature, shall be as valid and effective as the original.

SIGNATURE: Terri James     DATE: 02/05/03

# Request for Insurance Records
## RETIREMENT BOARD TO COMPLETE THIS SECTION

To the Keeper of the Records: The above noted individual in his or her application for disability retirement has named you as having provided insurance coverage. In accordance with the above authorization, please submit your insurance records regarding this individual by

_____, directly to:
[DATE]

_____
[STREET ADDRESS]

_____
[CITY]                [STATE]        [ZIP]

| KEEPER OF THE RECORDS | NAME OF INSURER AND/OR AGENCY |
|---|---|

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| NAME OF RECORD SUBJECT'S EMPLOYER/GROUP | POLICY/CERTIFICATE # |
|---|---|

## MEMBER'S APPLICATION for Disability Retirement

[PAGE 14]

| JAMES | TERRI | L | OM - 56 - 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Applicant's Authorization for Release of Medical Records

**APPLICANT MUST COMPLETE THIS SECTION**

| TERRI JAMES | 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 |
|---|---|
| NAME OF APPLICANT [PLEASE PRINT] | SOCIAL SECURITY # |

| 1st Coriant Street | Revere | MA | 02151 |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

I authorize my retirement board, **City of Revere** to submit this release to, and to request my medical records from, any hospital, or medical facility or any physician I have listed in this Disability Retirement Application. Additionally, I understand that if the hospital, institution or medical facility charges any fee for providing these records; I will be responsible for the payment of such fee.

I authorize the below-named individual, hospital, or medical facility or physician to release to my retirement board, **City of Revere**, any and all information, reports and records it may have regarding my physical or mental health while I was under its observation, care or treatment during the five [5] years preceding the date beside my signature, below. The scope of this authorization includes the release and copying of such information, reports and records, including but not limited to: medical history obtained, x-rays, physical and laboratory findings, diagnosis and prognosis records. A photocopy of this document, including my signature, shall be as valid and effective as the original.

SIGNATURE: _Terri James_        DATE: 02/05/03

# Request for Medical Records

**RETIREMENT BOARD TO COMPLETE THIS SECTION**

To the Keeper of the Records: Your hospital, institution or medical facility has been named as having provided health care or consultation by the above noted individual in his or her application for disability retirement. In accordance with the above authorization, please submit your medical records regarding this individual by _____, directly to:

[DATE]

[STREET ADDRESS]

[CITY]                    [STATE]        [ZIP]

| | |
|---|---|
| KEEPER OF THE RECORDS | NAME OF INSURER AND/OR AGENCY |

| | | | |
|---|---|---|---|
| STREET ADDRESS | CITY | STATE | ZIP |

| | |
|---|---|
| NAME OF RECORD SUBJECT'S EMPLOYER/GROUP | POLICY/CERTIFICATE # |

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 15]

| JAMES | TERRI | L | 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 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

# Applicant's Authorization for Release of Tax Records

This will certify that I authorize release of information from the federal Internal Revenue Service and the Massachusetts Department of Revenue relative to my annual gross earned income pursuant to any agreement between the federal Internal Revenue Service, the Massachusetts Department of Revenue and the Public Employee Retirement Administration Commission.

I understand that G.L. c. 32, § 6 and 7 require this authorization and my failure to provide this release may result in the denial, suspension and/or termination of my benefits.

_____
SIGNATURE OF APPLICANT

TERRI JAMES

_____
NAME OF APPLICANT [PLEASE PRINT]

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

_____
SOCIAL SECURITY #

**MEMBER'S APPLICATION** for Disability Retirement

[PAGE 16]

| NAME OF APPLICANT LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |
|---|---|---|---|
| JAMES | TERRI | L | 0Π - 56 - 5959 |

# Regional Medical Panel Selection Form

Unless your retirement board denies your application as a result of an initial fact-finding hearing, you must have a regional medical panel examination. The Public Employee Retirement Administration Commission [PERAC] appoints all regional medical panels.

When your retirement board determines that your application for disability retirement is complete, the board [which meets at least once each month] may petition PERAC to appoint a three member, state-financed, independent regional medical panel to examine you.

- No physician who has already examined you or treated you, except as part of a prior regional medical panel, can be appointed to a panel to examine you.

- PERAC will schedule the regional medical panel examination[s] and notify you are least 14 days in advance of the date[s], time[s], and location[s].

## THREE SEPARATE SINGLE EXAMINATIONS OR ONE JOINT EXAMINATION

- You have the right to request three separate single physician examinations when you file your disability application. Such separate examinations can be scheduled by PERAC to take place on three separate days in three separate locations.

- If you do not request separate single examinations at application filing time, PERAC will generally schedule a joint examination. In instances where a joint examination cannot be convened in a timely fashion, PERAC may schedule separate single examinations instead.

- You may request separate examinations at any time prior to a joint examination date but PERAC will not ordinarily consider requests for separate examinations less than 48 hours prior to a scheduled joint examination.

## YOU MUST INDICATE WHETHER YOU PREFER ONE JOINT EXAMINATION OR THREE SEPARATE SINGLE EXAMINATIONS BY CHECKING ONE OF THE BOXES BELOW:

☒ I want to be examined by a joint regional medical panel.

☐ I want to be scheduled for three separate single examinations.

By signing, I acknowledge that if I fail to appear at the scheduled medical appointment[s], I will be required to reimburse the Commonwealth for the cost of the examination, prior to the scheduling of a new examination.

SIGNATURE OF APPLICANT          DATE  2/5/03

# MEMBER'S APPLICATION for Disability Retirement

| IAMISS | TERRI | L | 017 - 56 - 5959 |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | SOCIAL SECURITY # |

The following authorization and selection forms are included in your application. Make sure that you complete each of these forms and return them to your retirement board along with the rest of your completed application:

- Your signed Authorization for Release of Insurance Records

- Your signed Authorization for Release of Medical Records

- Your signed Authorization for Release of Tax Records

- Your signed Regional Medical Panel Selection Form

Copies of the following documents should be attached to your Application, if applicable to your personal situation:

- Your birth certificate

- Your military form DD214

- Copies of incident reports that you filed

If your application is approved, you may need to submit additional documents, including, if applicable:

- Your marriage certificate

- Your spouse's birth certificate

- Your dependent children's birth certificates

# Disability Transmittal to the Commission

APR23'04 PM12:54 PERAC

Updated August, 2003

**Retirement Board:** Please place your address and phone number here. ▶

**REVERE RETIREMENT BOARD**
**281 BROADWAY**
**REVERE, MA 02151**
**(781)286-8173**

| JAMES | TERRI | L | REVERE |
|---|---|---|---|
| Member's Last Name | First | M.I. | Retirement Board |

017 56 5955
Social Security #

☑ Accidental Disability    ☐ Ordinary Disability    ☐ Accidental Death
(Please check one)

## Retirement Board Decision

To the Commission:

We hereby certify that we have received the application of the above named member for a disability retirement/accidental death benefit and have voted to grant the benefit in accordance with the provisions of M.G.L. chapter 32, section [ 7 ]. Pursuant to G.L. c. 32, § 21(1)(d), § 21(4) and PERAC regulations 840 CMR 10.13(1)(A) and 840 CMR 9.02, we are hereby forwarding our decision to you for your review.

If this application is based on a presumption under G.L. c. 32, § 94 or § 94A or § 94B, we made the following findings of fact. (By placing a check mark in the box to the left of the finding, the board certifies that it has made the finding of fact.):

☐ The member successfully passed a physical examination upon entry to service or subsequent thereto, which failed to reveal evidence of such a condition.

☐ There is no contrary evidence sufficient to overcome the applicable presumption.

☐ Other causal factors related to the member's physical or mental condition did not contribute to the member's disability.

☐ No event other than the accident or hazard upon which the disability retirement is claimed contributed to the member's disability.

If the member is claiming the presumption contained in Section 94B:

☐ He(she) did respond to calls in the line of duty that would have involved the inhalation of or exposure to noxious fumes or poisonous gases.

☐ He(she) has served in a position that renders him(her) eligible for the application of the presumption for at least five years and regularly responded to calls of fire during some portion of his(her) service.

☐ The condition upon which the presumption is based was discovered within five years of the last date on which the member actively served.

_Laurie Giardella_ byCmR _____ Chair

_____ Member

_____ Member

_____ Member

_____ Member

___ 4/14/04 _____ Date of Vote



Disability Transmittal to the Commission                                    2

| JAMES | | TERRI | | | 017 56 5959 |
| Member's Last Name | | First | | M.I. | Social Security # |

| CITY OF REVERE | | POLICE OFFICER / 4 |
| Name of Unit | | Job Title/Group |

| 4/29/73 | 1/17/02 | 9/19/95 |
| Date of Birth | Date of Retirement | Date of Membership |

Years: 5    Months: 7    ☐ Yes    ☑ No
Total Creditable Service                Veteran Status

[          ] Annual rate of regular compensation on date of injury, **or**

$43,118.90 Average annual rate of regular compensation for 12-month period last received

In case of an accidental disability/accidental death (other than in presumption cases), check appropriate provision:

☐ Notice to board within 90 days?

☐ Accident occurred within 2 years preceding date of application?

☐ Group 4 member: is the record of the injury on file in the official records of his/her department?

Information required in connection with G.L. c. 152 (Workers' Compensation) and G.L. c. 41, § IIIF (Injured On Duty)

Covered by the Workers' Compensation Act?                     ☐ Yes    ☑ No

Date compensation first received in connection with this accident? [          ]

At what weekly rate? [          ]

What period covered? [          ]

Receiving G.L. c. 41, § IIIF benefits?                          ☐ Yes    ☑ No

G.L. c. 32, § 15
Has the Retirement Board been made aware that this employee has been officially investigated for or charged with misappropriation of funds from his/her employer or convicted of any crime related to his/her office or position?                     ☐ Yes    ☑ No
If **yes**, please provide documentation.

Disability Transmittal to the Commission                                              3

| JAMES | | | | TERRI | | | L | 07-56-5959 |
| Name | | | | First | | | M.I. | Social Security # |

After completing this form, submit it and the following attachments to PERAC for approval:

- Statement of facts found by the retirement board

- Certificate and narrative report of the regional medical panel

- Certificate and narrative report of the applicant's physician

- Description of the accident, if applicable

- Injury report(s) from official department files

- All descriptions of the applicant's essential duties

- The employer's statement

- Applicant's complete disability retirement application

- Proof of veteran's status including dates of active service, if applicable

- Proof of physical examination upon entry to service or subsequent to entry, if applying under a presumption

- Death certificate, if applicable

## Commission Approval

To the Retirement Board:

Pursuant to the authority granted to the Commission by G.L. c. 32, § 21(1)(d) and § 21(4), the Commission has reviewed your decision to grant a disability/~~accidental death~~ benefit to: _Terri L. James_ .
The retirement board's decision is hereby **approved**.

_5/4/04_                            _Joseph E. Connarton_
Date                                 Executive Director, Public Employee Retirement Administration Commission

Upon receipt of this approval, the retirement board shall complete and submit the following attachments to PERAC for approval: the appropriate PERAC calculation sheet, annuity card, dependent children's birth certificate(s), and proof of physical incapacity of any children.

Send To:
   Public Employee Retirement Administration Commission
   Actuarial Unit
   5 Middlesex Avenue, Third Floor
   Somerville, MA 02145