## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
     )
v. )    **C.A. No. 03-12499-MLW**
     )
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

### DEFENDANTS, CITY OF REVERE'S, CITY OF RVERE POLICE DEPARTMENT'S,  MAYOR THOMAS AMBROSINO'S, AND POLICE CHIEF TERENCE REARDON'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OPF DOCUMENTS

NOW COME Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon who hereby submit the following opposition to Plaintiffs' motion to compel production of documents:

### THE MOTION IS WITHOUT MERIT AND MUST BE DENIED

Plaintiff's bring this motion pursuant to Federal Rules of Civil Procedure, Rule 37(a)(2). Rule 37(a)(2) states in relevant part that "[i]f . . . a party fails to respond that inspection will be permitted as requested or fails to permit inspection as, the discovering party may move for an order compelling . . . inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action"

**A.     Plaintiffs Have Failed to Satisfy Rule 37(a)(2)'s Requirement to Confer:**

Plaintiffs' motion is <u>not</u> supported by an affidavit from either of her counsel attesting to their compliance with Rule 37(a)(2)'s requirement to confer.  Moreover, Plaintiffs motion does <u>not</u> even allege that there was an effort to comply with Rule 37(a)(2)'s requirement to confer.[1]

As set forth in the affidavit of Walter H. Porr, Jr., filed concurrently herewith, Plaintiffs' Counsel's only effort to confer regarding the issues raised by the instant motion was a brief telephone call in early to mid-March wherein he stated he disagreed with Defendants' position as set forth in their discovery responses and would be sending a letter outlining his reasons why in the near future.  No such letter was forthcoming and Defendants' Counsel first learned of the motion when the service copy was received in the mail on Thursday, April 14, 2005 and he was notified electronically of its filing by PACER that same day.  Affidavit of Walter H. Porr, Jr., filed concurrently herewith.

Having failed to satisfy Rule 37(a)(2)'s requirement to confer, the motion should be denied without further consideration.

**B.     Defendants Object to and Move the Court to Strike The Boston Globe Article:**

Defendants object to the Boston Globe article attached to the motion as Exhibit B on the grounds that it is inadmissible hearsay not within an exception.  (Federal Rules of Evidence, Rules 802 and 803).  Moreover, the Article concerns the Boston Police Department and not the Revere Police Department and is therefore irrelevant and inadmissible as not being probative of any facts relevant to the Revere Police

---

[1]    Plaintiffs' allegations that they sought this discovery informally to no avail and then pursued this discovery formally (Motion to Compel, page 2, paragraphs 7-9) while true is of no consequence in the context of a motion to compel being filed subsequent to the Defendants' responses.

Department. Finally, the article was published in March of 2005 and concerned Boston Police salaries for calendar year 2004 which is well after the complaint was filed herein and is thus irrelevant and inadmissible because of a lack of temporal relationship to the facts of this case.

Thus, Defendants object to this article and move the court to strike same.

## C.    **Defendants' Responses Were Appropriate:**

Rule 34(a) allows for the production of documents "which constitute or contain matters within the scope of Rule 26(b) . . ." Rule 26(b) states in relevant part that "Parties may obtain discovery regarding any matter . . . that is relevant to the claim . . . of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In this regard, Plaintiffs make the conclusory allegation that the "documents requested are relevant to the issue of damages and to liability." (Motion to Compel, page 3, paragraph 11). The only factual support they offer in support of this allegation is the reference to a Boston Globe article (Exhibit B to the motion) which is inadmissible for then reasons set forth above. They offer no legal support for this conclusory claim.

Thus, at the outset, Plaintiffs' motion to compel fails to show that the requested discovery satisfies Rule 26(b)'s relevancy requirements and should be denied on this ground as well.

Nonetheless, Defendants will demonstrate that the requests do not satisfy Rule 26(b).

3

Request No. 1:    Request No. 1 seeks full and complete copies of documents related to "paid detail" work for male employees.

At the outset it must be observed that the complaint is absolutely silent as to any allegations related to paid detail work. In fact, the complaint is absolutely silent about any pay related claims at all. More particularly, the complaint is absolutely silent about any claims that male officers and female officers were treated differently vis-à-vis paid detail work.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 2:    Request No. 2 seeks full and complete copies of documents related to the annual amount of "paid detail" received by the Plaintiffs.

In the first place, this information should already be in Plaintiffs' possession by virtue of their weekly pay stubs and annual IRS form W-2s. Certainly their tax records should also contain this information and to the extent they have not preserved their tax filings, these records are obtainable from the IRS.

In any event, their request for paid detail work information is still irrelevant and not likely to lead to the discovery of relevant information. In the first place, the complaint is absolutely silent as to any allegations related to paid detail work. In fact, the complaint is absolutely silent about any pay related claims at all.

Moreover, to the extent Plaintiff is trying to claim paid detail work as part of their damages, this claim fails as well. Paid detail work is NOT salary. Salary is regular and predictable compensation. It is set by contract approved by the City Council. It is a fixed and definable amount. Paid detail work, like overtime, is not. Paid detail work is

4

contingent on many variables. In the first place, there is no guarantee that there will be any paid detail work in the first instance. Secondly, even assuming that there may be paid detail work, there is no guarantee that either Plaintiff would be eligible for the assignment since paid detail work is assigned on a formulaic basis and thus, Plaintiffs would not necessarily be eligible for any particular assignment. Third, there is no guarantee either Plaintiff would have applied for paid detail work for which they were eligible.

It is axiomatic that damages may not be speculative. *Barnosky Oils, Inc. v. Union Oil Co.*, 665 F.2d 74, 82 (6th Cir., 1981) ("it is hornbook law, in antitrust actions as in others, that even if injury and a cause of action have accrued as of a certain date, future damages that might arise from the conduct sued on are unrecoverable if the fact of their accrual is speculative or their amount and nature unprovable. Moe Light, Inc. v. Foreman, 238 F.2d 817, 818 (C.A.6 1956); Chicago & N. W. R. Co. v. DeClow, 124 F. 142, 143 (C.A.8 1903); Culley v. Pennsylvania R. Co., 244 F. Supp. 710, 715 (D.C.Del.1965). Cf. Howard v. Stillwell & Bierce Mfg. Co., 139 U.S. 199, 206, 11 S. Ct. 500, 35 L. Ed. 147, 150 (1891)).

It is settled law that claims for paid detail work are clearly speculative in this regard. See *White v. City of Boston*, 57 Mass. App. Ct. 356, 783 N.E.2d 467 (2003); *Board of Selectmen of Framingham v. Municipal Court of the City of Boston*, 11 Mass. App. Ct. 659, 418 N.E.2d 640 (1981).

At best, Plaintiffs can prove what they have earned historically, which may or may not include paid detail work, and argue that they would have been compensated in each succeeding year at a similar rate. Any other damage claim is purely speculative.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 3:    Request No. 3 seeks full and complete copies of documents related to the annual amount of "overtime pay" for male employees.

What has been said in response to Request No. 1 applies with equal force here. Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 4:    Request No. 4 seeks full and complete copies of documents related to the annual amount of "overtime pay" received by the Plaintiffs.

What has been said in response to Request No. 2 applies with equal force here. It is settled law that claims for overtime pay are clearly speculative in this regard. See *White v. City of Boston*, 57 Mass. App. Ct. 356, 783 N.E.2d 467 (2003); *Board of Selectmen of Framingham v. Municipal Court of the City of Boston*, 11 Mass. App. Ct. 659, 418 N.E.2d 640 (1981).

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 5:    Request No. 5 seeks historic cost of living increases related to salaries generally.

Here again, to the extent that there have historically been cost of living based increases in salary, these will be reflected in the pay already received by the Plaintiffs. Thus, they already have these numbers. They also have the union contract from 2000 to 2003 which is attached to Mayor Ambrosino's motion for summary judgment.

Moreover, whether or not any future contracts will include a cost of living adjustment, and precisely how much such an adjustment might be, is once again purely speculative.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 6:        Request No. 6 seeks historic cost of living increases related to the salaries of the Plaintiffs specifically. In the first place, this information should already be in Plaintiffs' possession by virtue of their weekly pay stubs and annual IRS form W-2s. Certainly their tax records should also contain this information and to the extent they have not preserved their tax filings, these are obtainable from the IRS.

Moreover, what has been said in response to Request No. 5 applies with equal force here. Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 7:        Request No. 7 seeks the "annual value" of the benefit package provided to Revere Police Officers generally.

The short answer to this request is that the City of Revere does not calculate the "annual value" of these benefits. Certainly it negotiates benefit packages for its employees as part of their compensation, but the "value" of these benefits is not something the City calculates and documents. Again, there may be costs associated with the benefits provided, but these are costs borne by the City and not the Plaintiffs and are in no way attributable to Plaintiffs' damages claims.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 8:    Request No. 8 seeks the "annual value" of the benefit package provided to Plaintiffs specifically.

What has been said in response to Request No. 7 applies with equal force here. Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 9:    Request No. 9 seeks all salary and disability payments made to the Plaintiffs.

This information should already be in Plaintiffs' possession by virtue of their weekly pay stubs and annual IRS form W-2s. Certainly their tax records should also contain this information and to the extent they have not preserved their tax filings, these records are obtainable from the IRS.

Moreover, past disability payments are again irrelevant as there is no basis for assuming that their would be future disability payments, which would be substitute salary payments in any event, and thus, this information is once again related to a speculative claim which is not maintainable.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 10:    Request No. 10 seeks payments made for medical and/or health related services paid on behalf of Plaintiffs.

Once again, these are historic payments which have no bearing on Plaintiffs' damage claims for lost wages. The fact that the City may or may not have paid a sum certain in years past for medical and/or health related services for Plaintiffs has no bearing on whether they would have made such payments in the future. Any such claims

are clearly speculative and thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

Request No. 11:        Request No. 11 seeks full and complete copies regarding the OSHA report concerning poor working conditions at the Revere Police Department.

Here again, this issue simply is not relevant to the outcome of this case. The allegedly poor working conditions at the Revere Police Department are NOT a subject of any of the allegations of the complaint, nor is the OSHA report or investigation even mentioned therein.

Thus, this request is neither relevant, nor is it reasonably calculated to lead to the discovery of such evidence, and hence, the Defendants' response was proper.

WHEREFORE, the premises being considered, Plaintiffs' motion compel must be denied.


For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO, POLICE CHIEF TERENCE REARDON,

By their Attorneys,

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: April 15??, 2005.

9

# CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing City of Revere's, City of Rvere Police Department's, Mayor Thomas Ambrosino's, and Police Chief Terence Reardon's Opposition to Plaintiffs' Motion to Compel, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Walter H. Porr, Jr.,

Dated: April 15th, 2005

10