UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>   Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>   Defendants, | C.A. No. 03-12499-MLW |

### DEFENDANTS, CITY OF REVERE'S, CITY OF RVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S, AND POLICE CHIEF TERENCE REARDON'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER

NOW COME Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon who hereby submit the following opposition to Plaintiffs' emergency motion for protective order:

### THE MOTION IS WITHOUT MERIT AND MUST BE DENIED

Plaintiff's bring this motion pursuant to Federal Rules of Civil Procedure, Rule 26(c). Rule 26 (c) states in relevant part that "[u]pon motion by a party . . ., accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . ."

A.      **Plaintiffs Have Failed to Satisfy Rule 26(c)'s Requirement to Confer:**

The Notes of Advisory Committee on the 1993 amendments to Rule 26 state the following concerning Subdivision (c) of the Rule "The revision requires that before filing a motion for a protective order the movant must confer--either in person or by telephone--with the other affected parties in a good faith effort to resolve the discovery dispute without the need for court intervention. If the movant is unable to get opposing parties even to discuss the matter, the efforts in attempting to arrange such a conference should be indicated in the certificate."

As set forth in the affidavit of Walter H. Porr, Jr., filed concurrently herewith, Plaintiffs' Counsel made no effort to confer regarding the issues raised by their emergency motion for protective order.

Having failed to satisfy Rule 26(c)'s requirement to confer, the motion should be denied without further consideration.

B.      **Defendants' Interrogatories Were the Subject of a Stipulation and Order Entered Herein on March 24, 2005:**

The interrogatories served upon the Plaintiffs and of which they complain by their emergency motion are the subject of a stipulation and order entered herein on March 24, 2005 and thus, by definition, can not form the basis for any claim that they are "annoying, embarrassing, oppressive, or unduly burdensome or expensive." (See Stipulation and Order Permitting Service of Written Interrogatories Exceeding 25 in Number entered herein on March 24, 2005, Docket No. 31.)

Moreover, Plaintiffs representation that "Defense counsels (sic) did not confer or attempt to confer with Plaintiff's counsel prior to serving these interrogatories" (Emergency Motion, page 2, paragraph 4) is patently false. On March 2, 2005,

Defendants' Counsel served the interrogatories on Plaintiffs' Counsel accompanied by a lengthy letter detailing the justification for same. See Affidavit of Walter H. Porr, Jr., filed concurrently herewith to which a copy of said letter is attached. It was based upon this letter that Plaintiffs' Counsel stipulated to the interrogatories.

Having stipulated to the interrogatories in question, Plaintiffs are estopped from arguing that they are improper thereby entitling them to a protective order.

C.  **The Motions for Summary Judgment on Behalf of Chief Reardon and Mayor Ambrosino are Properly and Legitimately Filed:**

In their memorandum in support of their emergency motion, Plaintiffs argue that the motions for summary judgment are improper because they do not address the final policymaker issue. (Memorandum in Support of Emergency Motion, pages 5-6). The reason, according to Plaintiffs, why this omission is fatal is because "until the Court made (sic) a determination on the final policymaker or policymakers, their motion to strike both the Chief of Police and the Mayor of the City of Revere were (sic) premature. (Memorandum in Support of Emergency Motion, page 6, first paragraph).

In the first place, the motions on behalf of Mayor Ambrosino and Chief Reardon are motions for summary judgment and not motions to strike. Secondly, these motions are addressed to the alleged personal liability of these officials (see Complaint, paragraphs 1, 2, 49, 105, 112, 113, 115, 116, 119 and punitive damage claim in the Wherefore clause which follows, 121, 122 and punitive damage claim in the Wherefore clause which follows, 123, 130, 131, 134, 137, 139, 140 and punitive damage claim in the Wherefore clause which follows).

Plaintiffs have clearly confused potential City liability which may emanate from any decisions these moving Defendants have made from their personal liability for

3

making these decisions. The determination of whether or not these moving Defendants are final policymakers simply is not relevant to their motions addressed to their alleged individual liability. Thus, the motions are properly made.

With respect to both motions, certificates of compliance regarding the filing of same have been filed by the Defendants and they will stand on the contents thereof.

Finally, the scheduling order entered herein on September 24, 2004, states on page 3 at paragraph 13 that "Counsel for the parties shall confer and, by <u>OCTOBER 19, 2005</u>, file a report as to the prospects of settlement and whether either party feels there is a proper basis for filing a motion for summary judgment." Defendants' Counsel does not read this order as precluding the filing of a summary judgment motion before that time if it is determined that a proper basis therefore exists.

Thus, the motions are legitimately and properly before the Court.

**D.     <u>A Protective Order Does Not Lie as a Means to Compel Discovery</u>:**

The final basis for the protective order sought by the emergency motion is the contention that Defendant, City of Revere, has failed to properly respond to a document request (Memorandum in Support of Emergency Motion, pages 1-3). Such a motion is subject to the requirements of Rule 37, not 26(c). Moreover, Plaintiffs have filed a separate motion addressing this issue. Thus, Defendant, City of Revere, will likewise respond by filing an opposition thereto concurrently herewith, which the City incorporates herein by reference.

WHEREFORE, the premises being considered, Plaintiffs' emergency motion for a protective order must be denied.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO, POLICE CHIEF TERENCE REARDON,

By their Attorneys,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: April 15, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing City of Revere's, City of Rvere Police Department's, Mayor Thomas Ambrosino's, and Police Chief Terence Reardon's Opposition to Plaintiffs' Emergency Motion for Protective Order, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Carlton J. Dasent, Esq. | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Atttorneys for the Plaintiffs | Attorneys for Defendants |
| | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: April 15, 2005

5