UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
)
v. )    C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO,)
FREDERICK ROLAND, THOMAS DOHERTY,)
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

## AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT OF OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

I, Walter H. Porr, Jr., do hereby depose and state:

1. I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Chief of Police Terence Reardon in this action. I was responsible for the preparation and filing of the interrogatories propounded by the City of Revere to both Plaintiffs, the motions for summary judgment and the separate statements of undisputed material facts for both the Mayor and the Chief of Police.

2. At no time prior to the filing of the instant emergency motion for protective order did either Counsel for the Plaintiff contact me to confer about the same. I first learned of the emergency motion when the service copy arrived by mail on Thursday, April 14, 2005 and when I received electronic notification of same on the same date via PACER.

3. Attached hereto is a true and correct copy of my letter to Plaintiffs' Counsel dated March 2, 2005 concerning the interrogatories I propounded upon Plaintiffs herein.

Signed under the pains and penalties of perjury this /5 TH day of April, 2005.

                                              Respectfully submitted,

                                              _____
                                              Walter H. Porr, Jr.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Affidavit of Walter H. Porr, Jr., in Support of Opposition to Plaintiffs' Emergency Motion for Protective Order, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Carlton J. Dasent, Esq. | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Atttorneys for the Plaintiffs | Attorneys for Defendants |
| | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |

                                              _____
                                              Walter H. Porr, Jr.

Dated: April /5, 2005

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

March 2, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re:  Pechner-James, et al., v. City of Revere, et al.
     USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

Enclosed herewith please find the City's, etc., answers to interrogatories and first production request in hard copy and on disk.

Also enclosed, please find the City's first set of interrogatories to both plaintiffs in hard copy and on disk. With respect to these interrogatories, I am requesting that we stipulate and agree that the City can ask the interrogatories I am propounding which are admittedly more than the allotted 25 under Federal Rule of Civil Procedure, Rule 33(a). My reasons for the request are as follows:

1. You have sued the City, the City Police Department, the Mayor and the current Chief of Police along with many other named defendants. As you know, we represent these four defendants. In theory, each of these defendants would be entitled as a matter of right to propound 25 interrogatories, for a total of 100. In Terri Pechner's case, I am asking 179 interrogatories and in Sonia Fernandez' case 132, or 20 extra per defendant for Ms. Pechner and 8 extra per defendant for Ms. Fernandez. Under the circumstances, I do not believe that this is excessive. Moreover, combining these interrogatories into one set as opposed to four separate sets seems to me to be more efficient. Also, I have provided the interrogatories on disk so that they may be loaded into your computer to facilitate the preparation of your client's responses.

2. The Plaintiff's complaint features 140 paragraphs whose allegations span an approximate seven year time-frame. Many of these paragraphs feature multiple sentences and allegations concerning different people, events and times. In some cases, the allegations are neither person, date, time nor location specific. If you assume that one interrogatory per paragraph would be reasonable, which I think is a fair assumption all things being equal, then in Ms. Pechner's case we are asking 39 interrogatories over, or 5 per defendant, whereas in Ms. Fernandez' case we are 8 under.

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
Page 2
March 2, 2005

3. If you review the interrogatories, you will see that many of them are specifically targeted to those paragraphs of the complaint which do not specifically allege names, dates, times and locations. Thus the answer sought is discrete and relatively finite. In those cases where the paragraph cited alleges a conclusion of fact or law, or both, the interrogatory seeks the basis for those conclusions (see Federal Rules of Civil Procedure, Rule 33(c)).

4. Your clients filed a <u>verified</u> complaint. Before that, they filed a complaint with the Massachusetts Commission Against Discrimination. Presumably you and they have alleged these 140 paragraphs in good faith. Thus, you and your clients must know the answers to these interrogatories since they simply seek the facts and basis for the allegations of the complaint made under oath. Moreover, you will no doubt be reviewing all of this information to respond to the other named defendants interrogatories, even though they are what I would describe as more thematic in nature, and to prepare for your clients' depositions set for mid-April.

5. With respect to your clients' depositions, given the length and breadth of the allegations set forth in the complaint, my intention is to shorten the deposition process by obtaining the answers to these questions by interrogatory rather than by lengthy deposition questioning. Moreover, you and your clients have the benefit of time and the ability to consult in responding to these interrogatories, rather than having to answer them on the spot at a deposition.

6. The purpose of interrogatories is "to facilitate trial preparation, to provide facts, to narrow issues, and to reduce the chance of surprise." *Rickles, Inc. v. Frances Denny Corp.*, 508 F.Supp. 4, 9, n. (D.C.Mass. 1980). This purpose is consistent with the purpose of discovery in general which is to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958). I believe these interrogatories are consistent with these purposes.

7. Your clients' are seeking multiple millions of dollars. The alleged value of their claims alone not only necessitates, but justifies this level of discovery.

I trust the foregoing paragraphs answer any concerns which you may have concerning these interrogatories. If you nonetheless decide to decline to stipulate to my asking those interrogatories either in excess of 25 (by the City) or 100 (by the City on behalf of the four defendants which we represent), then please advise me immediately so that I may timely file a motion with the court pursuant to Federal Rules of Civil Procedure, Rule 33(a). In this context, I note that rule 33(a) specifically states that "[l]eave to serve additional interrogatories <u>shall be granted</u> to the extent consistent with the principles of Rule 26(b)(2)." For the reasons set forth above, I believe these interrogatories are "consistent with the principles of Rule 26(b)(2)."

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
Page 3
March 2, 2005

Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc: Michael J. Akerson, Esq.