UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
      Plaintiffs, )
)
v. ) C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO,)
FREDERICK ROLAND, THOMAS DOHERTY,)
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
      Defendants, )
_____)

### DEFENDANT, CITY OF REVERE'S, FIRST SET OF INTERROGATORIES TO PLAINTIFF, SONIA FERNANDEZ

    Pursuant to Federal Rules of Civil Procedure, Rules 26 and 33, and Local Rule 26.5, defendant, City of Revere, hereby propounds the following interrogatories to plaintiff, Sonia Fernandez. A copy of the answers to these interrogatories shall be served upon all counsel of record within thirty (30) days after service of these interrogatories.

### DEFINITIONS

    Pursuant to Local Rule 26.5(a), the definitions set forth in Local Rule 26.5(c) are hereby incorporated herein by reference. Where used, defined terms will be capitalized and bolded. The term "**INCIDENT**" as used herein refers to the events that involved the plaintiff and the defendants, which form the basis of the Plaintiff's Complaint. The term "**COMPLAINT**" as used herein refers to the Verified Complaint filed by you in the Superior Court of Suffolk County on October 8, 2003, under case no. 03-4685-G and which forms the basis of this action.

### INTERROGATORIES

1.    **IDENTIFY** the "seven female officers who were hired by the Revere Police Department" as set forth in paragraphs 14 and 80 of your **COMPLAINT**.

2.    **IDENTIFY** the three female officers who "have filed complaints with the Massachusetts Commission Against Discrimination" as set forth in paragraph 14 of your **COMPLAINT**.

3. **STATE THE BASIS** for your allegation that you "experienced discrimination" based upon your race as set forth in paragraph 14 of your **COMPLAINT**.

4. Reference is made to the last paragraph of page 11 of your **COMPLAINT** which states: "Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below:" Identify each and every event alleged in paragraphs 17 – 79 of the **COMPLAINT** which you witnessed personally.

5. Reference is made to the last paragraph of page 11 of your **COMPLAINT** which states: "Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below:" Identify each and every event alleged in paragraphs 17 – 79 of the **COMPLAINT** which you did not witness personally, but of which you were informed by a third party.

6. Reference is made to the last paragraph of page 11 of your **COMPLAINT** which states: "Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below:" For each event alleged in paragraphs 17 – 79 of the **COMPLAINT** which you did not witness personally, but of which you were informed by a third party, **IDENTIFY** the third-party who so informed you and the state the exact date, or the closest approximation you have thereof, upon which you were so informed.

7. **STATE THE BASIS** for your allegation that "[d]uring the years of [your] employment [you] experienced intimidation, humiliation, and stigmatization" as set forth in paragraph 81 of your **COMPLAINT**.

8. **STATE THE BASIS** for your allegation that the "conduct of the Defendants posed a formidable barrier to [your] full participation in the workplace" as set forth in paragraph 81 of your **COMPLAINT**.

9. **IDENTIFY** "the Defendants" to whom you are referring in paragraph 81 of your **COMPLAINT**.

10. **IDENTIFY** "the supervisors and ranking officers" who "created a hostile environment" as set forth in paragraph 82 of your **COMPLAINT**.

11. **STATE THE BASIS** for your allegation that you were constructively discharged as set forth in paragraph 82 of your **COMPLAINT**.

12. **IDENTIFY** "the Revere Police Officer[ who] looked at [you] and asked [you] if [you were] working as an undercover hooker that night" as set forth in paragraph 83 of your **COMPLAINT**.

13. **IDENTIFY** "the supervisor [who] had devalued [your] professional skills and abilities" as set forth in paragraph 83 of your **COMPLAINT**.

14. **IDENTIFY** the "[o]ther officers at the scene [who] commented on [your] diminished status" as set forth in paragraph 83 of your **COMPLAINT**.

15. State the exact dates, times and locations, or the closest approximation you have thereof, for each "occasion[] during 1996 and 1997 [that] Lieutenant Ford routinely made personal and hostile comments about [your] physical appearance, hair and weight" as set forth in paragraph 84 of your **COMPLAINT**.

16. State the substance of each "hostile comment[] about [your] physical appearance, hair and weight" made by Lieutenant Ford during 1996 and 1997 as set forth in paragraph 84 of your **COMPLAINT**.

17. **IDENTIFY** each and every person who witnessed or overheard each and/or any of Lieutenant Ford's hostile comments as set forth in paragraph 84 of your **COMPLAINT**.

18. **STATE THE BASIS** for your allegation that you "experienced hardship and stress because of working conditions at the Revere Police Station" as set forth in paragraph 84 of your **COMPLAINT**.

19. **STATE THE BASIS** for your allegation that you "experienced repeated emotional trauma as a result of [your] working environment" as set forth in paragraph 85 of your **COMPLAINT**.

20. Describe in detail the event(s) or incident(s) which occurred on or before June 24, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

21. **IDENTIFY** the person(s) who caused or contributed to the event(s) or incident(s) which occurred on or before June 24, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

22. **IDENTIFY** the hospital to which you went on June 24, 1997, as set forth in paragraph 85 of your **COMPLAINT**.

23. If you contend that you were "experiencing loss of appetite, sleeplessness, and crying spells" as a result of the event(s) or incident(s) which occurred on or before June 24, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT, STATE THE BASIS** for this contention.

24. **IDENTIFY** all health care professional(s) who you contend made a diagnoses that your "loss of appetite, sleeplessness, and crying spells" was caused by the event(s) or incident(s) which occurred on or before June 24, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

25. **STATE THE BASIS** for your allegation that "on or about November 11, 1997, [you] went to the hospital suffering from work-related stress" as set forth in paragraph 85 of your **COMPLAINT**.

3

26. Describe in detail the event(s) or incident(s) which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

27. **IDENTIFY** the person(s) who caused or contributed to the event(s) or incident(s) which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

28. **IDENTIFY** the hospital to which you went on or about November 11, 1997, as set forth in paragraph 85 of your **COMPLAINT**.

29. If you contend that you were "suffering work-related stress" as a result of the event(s) or incident(s) which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT, STATE THE BASIS** for this contention.

30. **IDENTIFY** all health care professional(s) who you contend made a diagnoses that your "work-related stress" was caused by the event(s) or incident(s) which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of your **COMPLAINT**.

31. With reference to paragraph 86 of the **COMPLAINT**, state the dates during which you received counseling from the North Suffolk Counseling Services of Chelsea, Massachusetts.

32. With reference to paragraph 86 of the **COMPLAINT, IDENTIFY** the health care professional(s) and/or counselor(s) from whom you received counseling from the North Suffolk Counseling Services of Chelsea, Massachusetts.

33. Describe in detail the physical disability which prevents you from "perform[ing] the essential tasks of a Police Officer without posing a risk to [yourself], [your] fellow officers and/or the public at large" as set forth in paragraph 86 of your **COMPLAINT**.

34. State the exact date, or the closest approximation you have thereof, upon which you became physically disabled as set forth in paragraph 86 of your **COMPLAINT**.

35. Has the physically disability from which you allegedly suffer as set forth in paragraph 86 of your **COMPLAINT** been continuous and uninterrupted to the present date from the date of onset identified in response to interrogatory 34?

36. If the physically disability from which you allegedly suffer as set forth in paragraph 86 of your **COMPLAINT** has not been continuous and uninterrupted to the present date from the date of onset identified in response to interrogatory 34, state the inclusive dates of each and every period of said disability.

37. State the exact date, or the closest approximation you have thereof, for the date to which you are referring when you state "[i]n the winter of 1997" as set forth in paragraph 87 of your **COMPLAINT**.

4

38.     **STATE THE BASIS** for your allegation that "[i]n the winter of 1997, [you] were placed on 'walking routes (sic) more frequently than the male members of the Department" as set forth in paragraph 87 of your **COMPLAINT**.

39.     State the exact date, or the closest approximation you have thereof, for the date to which you are referring when you state that "[o]n one occasion, that winter, the Captain ordered [you] out of a cruiser and placed [you] of 1997" as set forth in paragraph 87 of your **COMPLAINT**.

40.     **STATE THE BASIS** for your allegation that you were placed on the walking route "without work related justification" as set forth in paragraph 87 of your **COMPLAINT**.

41.     Describe in detail "the physical and emotional strain of the job" to which you refer in paragraph 87 of your **COMPLAINT**.

42.     State the exact date, or the closest approximation you have thereof, for the date to which you are referring when you state that "[a]s a direct and proximate cause of the Defendant's conduct [you were] forced to withdraw from the Revere Police Department" as set forth in paragraph 88 of your **COMPLAINT**.

43.     **STATE THE BASIS** for your allegation that "[a]s a direct and proximate cause of the Defendant's conduct [you were] forced to withdraw from the Revere Police Department" as set forth in paragraph 88 of your **COMPLAINT**.

44.     State the exact date, or the closest approximation you have thereof, for the date to which you are referring when you state that "[p]rior to [your] withdrawal, [you] requested a leave of absence with pay" as set forth in paragraph 88 of your **COMPLAINT**.

45.     **STATE THE BASIS** for your allegation that being offered a leave of absence without pay "constituted disparate treatment of [you]" as set forth in paragraph 88 of your **COMPLAINT**.

46.     **STATE THE BASIS** for your allegation that you were "constructively discharged" as set forth in paragraph 88 of your **COMPLAINT**.

47.     State the exact dates, or the closest approximation you have thereof, for the dates to which you are referring when you state that "[you] returned to work temporarily" as set forth in paragraph 88 of your **COMPLAINT**.

48.     **STATE THE BASIS** for your allegation that you were "unable to return to [your] usual work in an environment free from sexual hostility" as set forth in paragraph 88 of your **COMPLAINT**.

49.     **IDENTIFY** the supervisors who referred to "Hispanics as 'Spics' and African-Americans as 'Niggers'" as set forth in paragraph 90 of your **COMPLAINT**.

50. **IDENTIFY** the coworkers who referred to "Hispanics as 'Spics' and African-Americans as 'Niggers'" as set forth in paragraph 90 of your **COMPLAINT**.

51. State the exact dates, or the closest approximation you have thereof, for the dates upon which either a supervisor or coworker referred to "Hispanics as 'Spics' and African-Americans as 'Niggers'" as set forth in paragraph 90 of your **COMPLAINT** and provide the identity for the speaker(s) for such date(s).

52. State the exact date(s), or the closest approximation you have thereof, for the date(s) upon which or during which the altered booking photo was "circulat[ed] within the Revere Police Department" as set forth in paragraph 90 of your **COMPLAINT**.

53. **IDENTIFY** the person(s) who created the altered booking photo was "circulat[ed] within the Revere Police Department" as set forth in paragraph 90 of your **COMPLAINT**.

54. **IDENTIFY** the person(s) who circulated the altered booking photo "within the Revere Police Department" as set forth in paragraph 90 of your **COMPLAINT**.

55. **STATE THE BASIS** for your allegation that you "experience (sic) stress, fatigue, loss of appetite and sleeplessness as a direct result of this offensive and discriminatory environment" as set forth in paragraph 90 of your **COMPLAINT**.

56. **IDENTIFY** all health care professional(s) who you contend made a diagnoses that your "stress, fatigue, loss of appetite and sleeplessness" was caused by the "offensive and discriminatory environment" as set forth in paragraph 90 of your **COMPLAINT**.

57. **STATE THE BASIS** for your allegation that City of Revere Police Department did not have a sexual harassment policy as of January 7, 1999, as set forth in paragraph 91 of your **COMPLAINT**.

58. **STATE THE BASIS** for your allegation that City of Revere Police Department did not have a maternity leave policy as of January 7, 1999, as set forth in paragraph 91 of your **COMPLAINT**.

59. **STATE THE BASIS** for your allegation that City of Revere Police Department was in violation of M.G.L.c 151 § 3 (a)(1) as of January 7, 1999, as set forth in paragraph 91 of your **COMPLAINT**.

60. **STATE THE BASIS** for your allegation that City of Revere Police Department took no action on the report and recommendations of January 14, 1999, as set forth in paragraph 93 of your **COMPLAINT**.

61. **STATE THE BASIS** for your allegation that the "environment seemed to become more hostile" after the January 7, 1999 meeting as set forth in paragraph 93 of your **COMPLAINT**.

62. If you contend that the vandalism of the assigned cruiser as set forth in paragraph 93 of your **COMPLAINT** was caused by any employee of the City of Revere Police Department, **STATE THE BASIS** for this contention.

63. If your answer to Interrogatory No. 62 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere Police Department who caused or contributed to the vandalism set forth in paragraph 93 of your **COMPLAINT**.

64. If you contend that the vandalism of the assigned cruiser as set forth in paragraph 93 of your **COMPLAINT** was caused by any employee of the City of Revere other than an employee of the Police Department, **STATE THE BASIS** for this contention.

65. If your answer to Interrogatory No. 64 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere who caused or contributed to the vandalism set forth in paragraph 93 of your **COMPLAINT**.

66. **STATE THE BASIS** for your allegation that you "began to fear for [your] physical safety" as set forth in paragraph 93 of your **COMPLAINT**.

67. **STATE THE BASIS** for your allegation that "other females in the Department began to fear for their physical safety" as set forth in paragraph 93 of your **COMPLAINT**.

68. **IDENTIFY** the "other females in the Department" to whom you are referring in paragraph 93 of your **COMPLAINT**.

69. **IDENTIFY** the person(s) who hung the women's underwear on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 94 of your **COMPLAINT**.

70. **STATE THE BASIS** for your identification of the person(s) named in response to interrogatory No. 69.

71. State the exact date and time, or the closest approximation you have thereof, for when you first noticed the underwear which was hung on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 94 of your **COMPLAINT**.

72. Describe in detail what, if any, actions you took as a result of seeing the underwear hanging on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 94 of your **COMPLAINT**.

73. State the exact date, or the closest approximation you have thereof, for the date in 1998 on which "[you] observed a penis drawn on the chalk board located by the radio communication room" as set forth in paragraph 96 of your **COMPLAINT**.

74. **IDENTIFY** the "other female officers" who "observed [the] penis drawn on the chalk board located by the radio communication room" as set forth in paragraph 96 of your **COMPLAINT**.

75. **IDENTIFY** the person(s) who drew the penis "on the chalk board located by the radio communication room" as set forth in paragraph 96 of your **COMPLAINT**.

76. **STATE THE BASIS** for your identification of the person named in response to interrogatory No. 70.

77. Identify the "incidents" to which you are referring in the first sentence of paragraph 97 of your **COMPLAINT**.

78. **IDENTIFY** the "other female officers" who "found these incidents offensive, demeaning, and intimidating" as set forth in paragraph 97 of your **COMPLAINT**.

79. **IDENTIFY** the officer in charge of roll call referred to in paragraph 99 of your **COMPLAINT**.

80. **IDENTIFY** the "white female officers" to whom you are referring in paragraph 100 of your **COMPLAINT**.

81. **IDENTIFY** the "other male officers" to whom you are referring in paragraph 100 of your **COMPLAINT**.

82. **STATE THE BASIS** for your allegation that your "hairstyle is not a bona fide personnel decision for Lieutenant Foster" as set forth in paragraph 100 of your **COMPLAINT**.

83. **STATE THE BASIS** for your allegation that your non-assignment to work the radio from March to May, 2000 "posed a formidable barrier to [your] full participation in the work of the Revere Police Department" as set forth in paragraph 101 of your **COMPLAINT**.

84. **STATE THE BASIS** for your allegation that your non-assignment to work the radio from March to May, 2000 was not a bona fide personnel decision as set forth in paragraph 101 of your **COMPLAINT**.

85. State the exact dates, or the closest approximation you have thereof, for the dates upon which "Lieutenant Foster routinely made disparaging remarks and mocking sign language gestures" in relation to your hearing impairment as set forth in paragraph 102 of your **COMPLAINT** and provide the substance of the remark and/or the nature of the "mocking sign language gesture" for each and every such date(s).

86. **IDENTIFY** the "other officers" to whom you are referring in paragraph 102 of your **COMPLAINT**.

87. State the exact dates, or the closest approximation you have thereof, for the dates upon which "[d]isrespectful treatment was practiced by male officers" as set forth in paragraph 103 of your **COMPLAINT** and describe in detail the "disrespectful treatment " for each and every such date(s).

88.  **IDENTIFY** the "male officers" who practiced disrespectful treatment as set forth in paragraph 102 of your **COMPLAINT**.

89.  State the exact date, or the closest approximation you have thereof, for the date of your meeting with Chief Russo as set forth in paragraph 104 of your **COMPLAINT**

90.  **STATE THE BASIS** for your allegation that you were intimidated by your meeting with Chief Russo as set forth in paragraph 104 of your **COMPLAINT**.

91.  **STATE THE BASIS** for your allegation that Chief Russo increased your fear by asking to record the meeting as set forth in paragraph 104 of your **COMPLAINT**.

92.  **STATE THE BASIS** for your allegation that you reluctantly agreed to allow Chief Russo to record the meeting because you were "afraid that [you] would not be allowed to finish [your] training and would lose the position that [you] had fought so hard to achieve" as set forth in paragraph 104 of your **COMPLAINT**.

93.  Describe in detail what you mean by the allegation that you "had fought so hard to achieve" your position as an attendee of the police Academy as set forth in paragraph 104 of your **COMPLAINT**.

94.  State the exact date, or the closest approximation you have thereof, on which you saw Mayor Ambrosino as alleged in paragraph 105 of your **COMPLAINT**.

95.  Is the meeting with the Mayor alleged in paragraph 105 of your **COMPLAINT** the same meeting as the one alleged in paragraph 49 of your **COMPLAINT**?

96.  **IDENTIFY** every person who was present during your meeting with Mayor Ambrosino referred to in paragraph 105 of your **COMPLAINT**.

97.  **STATE THE BASIS** for your allegation that you "requested the paid leave normally given to male officers injured on the job" as set forth in paragraph 105 of your **COMPLAINT**.

98.  **IDENTIFY** the "male offers injured on the job" who were given "paid leave" as set forth in paragraph 105 of your **COMPLAINT**.

99.  For each male officer identified in response to Interrogatory No. 98, describe in detail the date and circumstances of their injury which resulted in their receiving paid leave.

100. State the exact date, or the closest approximation you have thereof, on which you returned to work as alleged in paragraph 105 of your **COMPLAINT**.

101. **STATE THE BASIS** for your allegation that you were "unable to work in the environment of the Revere Police Department" after your return as set forth in paragraph 105 of your **COMPLAINT**.

9

102. Do the allegations of paragraph 105 of your **COMPLAINT** describe the same incident or event as alleged in paragraph 88 of your **COMPLAINT**?

103. **STATE THE BASIS** for your allegation that you "suffered sexual harassment and a hostile work environment as defined by M.G.L.c. 151B § 4" as set forth in paragraph 106 of your **COMPLAINT**.

104. **STATE THE BASIS** for your allegation that you "were deprived of full participation in the work of the Revere Police Department by the Defendants acting in their supervisory capacities" as set forth in paragraph 106 of your **COMPLAINT**.

105. **IDENTIFY** the "defendants" to whom you are referring in the first sentence of paragraph 106 of your **COMPLAINT**.

106. **IDENTIFY** the physician who you contend documented your emotional disability as set forth in paragraph 124 of your **COMPLAINT**.

107. **IDENTIFY** all health care professional(s) who you contend made a diagnoses that your "emotional disability" was caused by the alleged hostile work environment and/or the sexual and/or racial harassment as set forth in paragraph 124 of your **COMPLAINT**.

108. Are the alleged incidents set forth in paragraph 125 of your **COMPLAINT** the same incidents as set forth in paragraphs 98 and 90 of your **COMPLAINT**?

109. If you answer to interrogatory No. 107 is in the negative, **STATE THE BASIS** for your allegations as set forth in paragraph 125 of your **COMPLAINT**.

110. Is the incident set forth in paragraph 126 of your **COMPLAINT** the same incident as set forth in paragraph 90 of your **COMPLAINT**?

111. If you answer to interrogatory No. 109 is in the negative, **STATE THE BASIS** for your allegations as set forth in paragraph 126 of your **COMPLAINT**.

112. Are the alleged incidents involving Lieutenant Foster set forth in paragraph 127 of your **COMPLAINT** the same incidents as set forth in paragraphs 100 to 103 of your **COMPLAINT**?

113. If you answer to interrogatory No. 111 is in the negative, **STATE THE BASIS** for your allegations as set forth in paragraph 127 of your **COMPLAINT**.

114. Is the pornography to which you refer in paragraph 128 of your **COMPLAINT** the same pornography to which you refer in paragraphs 62 to 64 of your **COMPLAINT**?

115. If you answer to interrogatory No. 113 is in the negative, **STATE THE BASIS** for your allegations as regarding pornography set forth in paragraph 128 of your **COMPLAINT**.

116. If you answer to interrogatory No. 113 is in the affirmative, state the exact date, or the closest approximation you have thereof, of the alleged incident involving Sergeant Nelson as set forth in paragraph 63 of your **COMPLAINT**

117. **STATE THE BASIS** for your allegation that Lieutenant Salvatore Santoro's behavior towards you was hostile as set forth in paragraph 131 of your **COMPLAINT**.

118. **STATE THE BASIS** for your allegation that Lieutenant Salvatore Santoro devastatingly accused you of having sexual relations with prisoners as set forth in paragraph 131 of your **COMPLAINT**.

119. State the date on which you met with the Mayor as alleged in paragraph 134 of your **COMPLAINT**.

120. **IDENTIFY** the Chief of Police to whom you are referring in paragraph 134 of your **COMPLAINT**.

121. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 134 of your **COMPLAINT**.

122. **IDENTIFY** the documents to which you are referring in paragraph 134 of your **COMPLAINT**.

123. **IDENTIFY** the "male employees" to whom you are referring in paragraph 134 of your **COMPLAINT**.

124. **STATE THE BASIS** for your allegation that "the Defendants continue to coerce, threaten and intimidate [you] into returning to a sexually and racially hostile environment" as set forth in paragraph 139 of your **COMPLAINT**.

125. **STATE THE BASIS** for your allegation that your "coerced return (on light duty) has created conflict with the Union membership, other officers and is unsupported by medical evidence" as set forth in paragraph 139 of your **COMPLAINT**.

126. **IDENTIFY** the "Union membership" to whom you are referring in paragraph 134 of your **COMPLAINT**.

127. **IDENTIFY** the "other officers" to whom you are referring in paragraph 134 of your **COMPLAINT**.

128. Where do you currently reside?

129. How long have you resided at this address?

130. If you are presently employed, **IDENTIFY** your employer.

11

131. If you are presently employed, state when this employment began.

132. If you are presently employed, state the title of your position and provide a description of your job duties.

*[signature]*
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 1, 2005

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendants, City of Revere's, First Set of Interrogatories to Plaintiff, Sonia Fernandez to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs


Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 2, 2005