UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>  Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>  Defendants, | C.A. No. 03-12499-MLW |

A

## DEFENDANT, CITY OF REVERE'S, FIRST SET OF INTERROGATORIES TO PLAINTIFF, TERRI PECHNER-JAMES

Pursuant to Federal Rules of Civil Procedure, Rules 26 and 33, and Local Rule 26.5, defendant, City of Revere, hereby propounds the following interrogatories to plaintiff, Terri Pechner-James. A copy of the answers to these interrogatories shall be served upon all counsel of record within thirty (30) days after service of these interrogatories.

### DEFINITIONS

Pursuant to Local Rule 26.5(a), the definitions set forth in Local Rule 26.5(c) are hereby incorporated herein by reference. Where used, defined terms will be capitalized and bolded. The term "INCIDENT" as used herein refers to the events that involved the plaintiff and the defendants, which form the basis of the Plaintiff's Complaint. The term "COMPLAINT" as used herein refers to the Verified Complaint filed by you in the Superior Court of Suffolk County on October 8, 2003, under case no. 03-4685-G and which forms the basis of this action.

### INTERROGATORIES

1. **IDENTIFY** the "seven female officers who were hired by the Revere Police Department" as set forth in paragraph 14 of your **COMPLAINT**.

2. **IDENTIFY** the three female officers who "have filed complaints with the Massachusetts Commission Against Discrimination" as set forth in paragraph 14 of your **COMPLAINT**.

3.  State the exact date, or the closest approximation you have thereof, of the first incident which you contend started the "prolonged, severe, pervasive, hostile, and abusive work environment" as alleged in paragraph 14 of your **COMPLAINT**.

4.  **STATE THE BASIS** for your allegation that the "last day that the Plaintiff was able to work at the Revere Police Department was March 13, 2001" as set forth in paragraph 16 of your **COMPLAINT**.

5.  **STATE THE BASIS** for your allegation that Lt. Foster "was consistently hostile and punitive" as set forth in paragraph 17 of your **COMPLAINT**.

6.  **STATE THE BASIS** for your allegation that Lt. Foster "treated [you] in a harsh and demeaning manner" as set forth in paragraph 17 of your **COMPLAINT**.

7.  **STATE THE BASIS** for your allegation that Lt. Foster "intentionally deprived [you] of full participation in the work of the Revere Police Department" as set forth in paragraph 17 of your **COMPLAINT**.

8.  **STATE THE BASIS** for your allegation that Lt. Foster "routinely allowed male officers to watch television while working in the radio room" as set forth in paragraph 18 of your **COMPLAINT**.

9.  **STATE THE BASIS** for your allegation that "Lieutenant Foster's conduct clearly deprived [you] of full participation in the work of the Revere Police Department" as set forth in paragraph 21 of your **COMPLAINT**.

10. **STATE THE BASIS** for your allegation that Lieutenant Foster's "decision was not based on the public interest" as set forth in paragraph 21 of your **COMPLAINT**.

11. **STATE THE BASIS** for your allegation that Lieutenant Foster's "order to [you] had no relationship to the bona fide occupational qualifications of [yours] or to the requirements of the job" as set forth in paragraph 21 of your **COMPLAINT**.

12. **STATE THE BASIS** for your allegation that "on August 26, 1997, [you were] experiencing great emotional distress because of Lieutenant Foster's 'punishment program' " as set forth in paragraph 22 of your **COMPLAINT**.

13. **STATE THE BASIS** for your allegation that as of August 26, 1997, you had been assigned "excessive walking assignments" as set forth in paragraph 22 of your **COMPLAINT**.

14. **STATE THE BASIS** for your allegation that "these kind of assignments are well-known within the Department as 'punishment' " as set forth in paragraph 22 of your **COMPLAINT**.

15. **STATE THE BASIS** for your allegation that you "felt constantly humiliated" as set forth in paragraph 22 of your **COMPLAINT**.

16.     **STATE THE BASIS** for your allegation that you "survived by switching shifts with other officers and by taking sick days in order to avoid Lieutenant Foster" as set forth in paragraph 23 of your **COMPLAINT**.

17.     In reference to paragraph 23 of your **COMPLAINT**, if you contend that Lieutenant Foster's alleged conduct caused your Irritable Bowel Syndrome, **STATE THE BASIS** for such contention.

18.     **STATE THE BASIS** for your allegation that you "attempted to seek a remedy from the clearly humiliating and hostile environment created by her supervisor, Lieutenant Foster" as set forth in paragraph 24 of your **COMPLAINT**.

19.     **STATE THE BASIS** for your allegation that the environment created by Lieutenant Foster was "clearly humiliating and hostile" as set forth in paragraph 24 of your **COMPLAINT**.

16.     **STATE THE BASIS** for your allegation that Lieutenant Foster "learned of [your] efforts to seek assistance and redress and retaliated against [you]" as set forth in paragraph 24 of your **COMPLAINT**.

20.     **STATE THE BASIS** for your allegation that Lieutenant Foster "made several other humiliating remarks to [you]" as set forth in paragraph 26 of your **COMPLAINT**.

21.     State the exact date, time and location, or the closest approximation you have thereof, of Lieutenant Foster's alleged accusation that you smoked marijuana on your vacation as set forth in paragraph 26 of your **COMPLAINT**.

22.     **STATE THE BASIS** for your allegation that Captain Colannino "failed to remedy Lieutenant Foster's punishment of [you]" as set forth in paragraph 27 of your **COMPLAINT**.

23.     **STATE THE BASIS** for your allegation that Lieutenant "Foster's punishment of [you] was well known within the Department" as set forth in paragraph 27 of your **COMPLAINT**.

24.     **STATE THE BASIS** for your allegation that Lieutenant Foster's punishment of you "had become a department scandal" as set forth in paragraph 27 of your **COMPLAINT**.

25.     Describe in detail the "menial assignments" to which you refer in paragraph 27 of your **COMPLAINT**.

26.     For each "menial assignment" identified in response to Interrogatory No. 25, state the exact date, time and location, or the closest approximation you have thereof, for each such assignment.

27.     **STATE THE BASIS** for your allegation that your "punishment continued through the end of September 1997, and beyond" as set forth in paragraph 28 of your **COMPLAINT**.

3

28.     **STATE THE BASIS** for your allegation that "on August 4, 1999, [you] became sick on the job because of the stressful conditions created by Lieutenant Foster" as set forth in paragraph 30 of your **COMPLAINT**.

29.     **STATE THE BASIS** for your allegation that on August 4, 1999, you were experiencing stressful job conditions created by Lieutenant Foster as set forth in paragraph 30 of your **COMPLAINT**.

30.     **STATE THE BASIS** for your allegation that on August 4, 1999, Lieutenant Foster "berated and demeaned [you] in the presence of the entire shift of mostly male officers" as set forth in paragraph 30 of your **COMPLAINT**.

31.     **IDENTIFY** the "mostly male officers" referred to in paragraph 30 of your **COMPLAINT**.

32.     **IDENTIFY** the female officer(s) who witnesses the incident set forth in paragraph 30 of your **COMPLAINT**.

33.     **STATE THE BASIS** for your allegation that "on August 7, 1999, Lieutenant Foster made [you] work inside as punishment" as set forth in paragraph 31 of your **COMPLAINT**.

34.     Describe in detail the "inside" assignment to which you refer in paragraph 31 of your **COMPLAINT**.

35.     **IDENTIFY** the "several members of the Department" who approached you on August 12, 1999, and told you that Lieutenant Foster had stated in their presence: "Pechner is going to be assigned inside until further notice because she left early and that only certain people when assigned inside are going to be allowed to operate the radio" as set forth in paragraph 32 of your **COMPLAINT**.

36.     **IDENTIFY** the "male officer who turned on the television" as set forth in paragraph 33 of your **COMPLAINT**.

37.     **STATE THE BASIS** for your allegation that "Lieutenant Foster had previously ordered [you] not to watch the same television" as set forth in paragraph 33 of your **COMPLAINT**.

38.     **STATE THE BASIS** for your allegation that "Lieutenant Murphy responded [to your vacation day request] in a condescending and demeaning manner" as set forth in paragraph 34 of your **COMPLAINT**.

39.     **STATE THE BASIS** for your allegation that "Lieutenant Santoro played a pivotal role in creating the hostile work environment experienced" by you as set forth in paragraph 35 of your **COMPLAINT**.

4

40.     **STATE THE BASIS** for your allegation that "Lieutenant Santoro played a pivotal role in creating the hostile work environment experienced" by other female officers as set forth in paragraph 35 of your **COMPLAINT**.

41.     **STATE THE BASIS** for your allegation that you reported the incident described in paragraphs 35-41 of your complaint to Captains Roland and Chaulk as set forth in paragraph 42 of your **COMPLAINT**.

42.     **STATE THE BASIS** for your allegation that the incident described in paragraphs 35-41 of your complaint "affected members of the Revere Police Department who became aware of the rumor" as set forth in paragraph 42 of your **COMPLAINT**.

43.     **STATE THE BASIS** for your allegation that "Lieutenant Santoro routinely subjected females in the Department to sexually offensive behavior" as set forth in paragraph 43 of your **COMPLAINT**.

44.     **IDENTIFY** the "subjected females in the Department" to whom you are referring in the first sentence of paragraph 43 of your **COMPLAINT**.

45.     **STATE THE BASIS** for your allegation that Lieutenant Santoro "made daily remarks about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

46.     State the exact date, time and location, or the closest approximation you have thereof, for each occasion upon which you heard Lieutenant Santoro "remark[] about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

47.     For each incident identified in response to Interrogatory No. 46, state the substance of Lieutenant Santoro's "remark[] about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

48.     For each incident identified in response to Interrogatory No. 46, **IDENTIFY** all witnesses to Lieutenant Santoro's "remarks about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

49.     **IDENTIFY** the "female officers in the Department" about whom Lieutenant Santoro "made disparaging comments" concerning their bodies as set forth in paragraph 43 of your **COMPLAINT**.

50.     **IDENTIFY** the "disparaging comments" Lieutenant Santoro allegedly made concerning the bodies of the "female officers in the Department" as set forth in paragraph 43 of your **COMPLAINT**.

51.     **STATE THE BASIS** for your allegation that "on several occasions [you] and other female officers complained to Lieutenant Santoro about the sexually offensive remarks made by other male officers" as set forth in paragraph 44 of your **COMPLAINT**.

52. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 44 of your **COMPLAINT**.

53. **IDENTIFY** the "other male officers" who made "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

54. State the exact date, time and location, or the closest approximation you have thereof, for each occasion upon which you heard "other male officers" make "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

55. For each incident identified in response to Interrogatory No. 54, state the substance of the "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

56. For each incident identified in response to Interrogatory No. 54, **IDENTIFY** all witnesses to the "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

57. **IDENTIFY** the "Detective" who spoke to Christopher Daley as set forth in paragraph 45 of your **COMPLAINT**.

58. **IDENTIFY** the person who "instructed [you] to prepare warrants for the arrest of Christopher Daley" as set forth in paragraph 45 of your **COMPLAINT**.

59. **IDENTIFY** the supervisor to whom you reported the incident alleged in paragraph 45 of your **COMPLAINT** and who authorized you to leave because you were unable to finish your shift as set forth in paragraph 46 of your **COMPLAINT**.

60. **STATE THE BASIS** for your allegation that "other ranking officers contributed to the climate of sexual innuendo and hostility that permeated the work environment in the Revere Police Department" as set forth in paragraph 47 of your **COMPLAINT**.

61. **IDENTIFY** the "other ranking officers" who allegedly "contributed to the climate of sexual innuendo and hostility that permeated the work environment in the Revere Police Department" as set forth in paragraph 47 of your **COMPLAINT**.

62. **IDENTIFY** the "relevant times" to which you are referring in paragraph 48 of your **COMPLAINT**.

63. State the exact date, time and location, or the closest approximation you have thereof, for you meeting with the Mayor as set forth in paragraph 49 of your **COMPLAINT**.

64. State the exact date, time and location, or the closest approximation you have thereof, for you meeting with Captain Roland as set forth in paragraph 49 of your **COMPLAINT**.

65. **STATE THE BASIS** for your allegation that you "complained about the prolonged, severe, pervasive, hostile, and abusive work environment [that] had caused [you] injury" as set forth in paragraph 49 of your **COMPLAINT**.

66. **IDENTIFY** any and all documents you presented to the Mayor during the meeting referred to in paragraph 49 of your **COMPLAINT**.

67. **IDENTIFY** any and all documents you presented to Captain Roland during the meeting referred to in paragraph 49 of your **COMPLAINT**.

68. **STATE THE BASIS** for your allegation that the "decision [to offer you and Sonia Fernandez leaves of absence without pay] constituted disparate treatment" as set forth in paragraph 49 of your **COMPLAINT**.

69. **STATE THE BASIS** for your allegation that the decision to offer you and Sonia Fernandez leaves of absence without pay constructively discharged you and Sonia Fernandez as set forth in paragraph 49 of your **COMPLAINT**.

70. **STATE THE BASIS** for your allegation that the "denial of leaves of absence with pay was not an isolated act of disparate treatment" as set forth in paragraph 50 of your **COMPLAINT**.

71. **STATE THE BASIS** for your allegation that "for many years [ ] these superior officers practiced a double standard on (sic) their dealings with [you] and other female officers" as set forth in paragraph 50 of your **COMPLAINT**.

72. **IDENTIFY** the "superior officers" to whom you are referring in paragraph 50 of your **COMPLAINT**.

73. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 50 of your **COMPLAINT**.

74. Describe in detail each and every act of "disparate treatment" to which you are alluding in paragraph 50 of your **COMPLAINT**.

75. For each act of "disparate treatment" identified in response to Interrogatory No. 74, state the exact date, time and location for each act, or the closest approximation you have thereof.

76. For each act of "disparate treatment" identified in response to Interrogatory No. 74, **IDENTIFY** the person(s) responsible for the act.

77. For each act of "disparate treatment" identified in response to Interrogatory No. 74, **IDENTIFY** each and every witness to each and every act so indentified.

78. **STATE THE BASIS** for your allegation that you and Sonia Fernandez "made [your] supervisors aware this environment posed a formidable barrier to [your] full participation in the work of the Revere Police Department" as set forth in paragraph 51 of your **COMPLAINT**.

79. **IDENTIFY** the "superior officers" to whom you are referring in paragraph 51 of your **COMPLAINT**.

80. **STATE THE BASIS** for your allegation that your "superior officers took no remedial action" as set forth in paragraph 51 of your **COMPLAINT**.

81. **IDENTIFY** the "male officers" to whom you are referring in the third sentence of paragraph 51 of your **COMPLAINT**.

82. **STATE THE BASIS** for your allegation that you "experienced intimidation, humiliation, and stigmatization" as set forth in paragraph 51 of your **COMPLAINT**.

83. **IDENTIFY** the "other ranking officers" who allegedly "practiced the double standard toward females that helped to create a hostile work environment that [you] experienced" as set forth in paragraph 52 of your **COMPLAINT**.

84. **STATE THE BASIS** for your allegation that there was a double standard toward females that helped to create a hostile work environment that [you] experienced" as set forth in paragraph 52 of your **COMPLAINT**.

85. **STATE THE BASIS** for your allegation that "Sergeant Doherty deliberately embarrassed female officers, screamed at them, made remarks about their abilities and conduct and did not treat them in the same manner he treated male officers" as set forth in paragraph 52 of your **COMPLAINT**.

86. **IDENTIFY** the "female officers" to whom you are referring in paragraph 52 of your **COMPLAINT**.

87. State the exact dates, times and locations, of the closest approximation you have thereof, for each incident when Sergeant Doherty "deliberately embarrassed female officers, screamed at them, made remarks about their abilities and conduct and did not treat them in the same manner he treated male officers" as set forth in paragraph 52 of your **COMPLAINT**.

88. **IDENTIFY** the "female officers" who Sergeant Doherty "deliberately embarrassed [ ], screamed at [ ], made remarks about their abilities and conduct and did not treat [ ] in the same manner he treated male officers" as set forth in paragraph 52 of your **COMPLAINT**.

89. **IDENTIFY** the "one officer" to whom you are referring in the second sentence of paragraph 53 of your **COMPLAINT**.

90. **STATE THE BASIS** for your allegation that "Sergeant Doherty's double standard was well known as it pertains to the use of profanity" as set forth in paragraph 53 of your **COMPLAINT**.

91. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 54 of your **COMPLAINT**.

92. **STATE THE BASIS** for your allegation that Sergeant Doherty had a double standard as set forth in paragraph 54 of your **COMPLAINT**.

93. **STATE THE BASIS** for your implied allegation that Sergeant Doherty threatened female officers with dismissal as set forth in paragraph 54 of your **COMPLAINT**.

94. **IDENTIFY** each and every female officer whom you contend Sergeant Doherty threatened with dismissal as impliedly set forth in paragraph 54 of your **COMPLAINT**.

95. State the exact dates, times and locations, of the closest approximation you have thereof, for each incident when Sergeant Doherty threatened a female officer with dismissal as impliedly set forth in paragraph 54 of your **COMPLAINT**.

96. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 54 of your **COMPLAINT**.

97. **STATE THE BASIS** for your allegation that Sergeant Doherty's alleged double standard "had a negative impact on the terms and conditions of [your] employment" as set forth in paragraph 54 of your **COMPLAINT**.

98. **IDENTIFY** the location where Sergeant Doherty allegedly made the "several sexually offensive remarks" about the female sports commentator for the 1998 Superbowl as set forth in paragraph 59 of your **COMPLAINT**.

99. **IDENTIFY** the "several female officers" to whom you are referring in paragraph 60 of your **COMPLAINT**.

100. **STATE THE BASIS** for your allegation that "Sergeant Doherty's negative opinion of female professional abilities, including the professional abilities of Plaintiff's, heightened the hostility, humiliation, and degradation that permeated the workplace environment" as set forth in paragraph 61 of your **COMPLAINT**.

101. If you contend that Sergeant Doherty expressed a negative opinion of your professional ability as implied in paragraph 61 of your **COMPLAINT**, **STATE THE BASIS** for your contention.

102. State the date of the alleged incident involving Sergeant Nelson as set forth in paragraph 63 of your **COMPLAINT**.

103. **STATE THE BASIS** for your allegation that "Chief Russo's treatment of female officers gave permission to his male subordinates to treat female officers in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

104. **IDENTIFY** the "male subordinates [who] treat[ed] female officers in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

105. **IDENTIFY** the "female officers" who were allegedly treated "in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

106. Identify each act by a male subordinate which you contend constituted treatment "in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

107. Identify each comment by Chief Russo which you contend "stigmatized female officers, including [yourself]" as set forth in paragraph 65 of your **COMPLAINT**.

108. Identify the conduct by Chief Russo which you contend "stigmatized female officers, including [yourself]" as set forth in paragraph 65 of your **COMPLAINT**.

109. **STATE THE BASIS** for your allegation that "Chief Russo's demeanor created the impression that female officers, including [yourself], were less capable, competent, members of the Department" as set forth in paragraph 65 of your **COMPLAINT**.

110. **IDENTIFY** the "several female officers" to whom you are referring in paragraph 68 of your **COMPLAINT**.

111. **IDENTIFY** the "four (4) female officers" to whom you are referring in paragraph 69 of your **COMPLAINT**.

112. State the date of the alleged incident involving Chief Russo as set forth in paragraph 69 of your **COMPLAINT**.

113. **STATE THE BASIS** for your allegation that the City of Revere Police Department did not have a sexual harassment policy as of January 7, 1999, as set forth in paragraph 70 of your **COMPLAINT**.

114. **STATE THE BASIS** for your allegation that the City of Revere Police Department did not have a maternity leave policy as of January 7, 1999, as set forth in paragraph 70 of your **COMPLAINT**.

115. **STATE THE BASIS** for your allegation that the City of Revere Police Department was in violation of M.G.L.c 151 § 3(a)(1)(2) as of January 7, 1999, as set forth in paragraph 70 of your **COMPLAINT**.

10

116.    **STATE THE BASIS** for your allegation that the City of Revere Police Department took no action on the report and recommendations of January 14, 1999, as set forth in paragraph 72 of your **COMPLAINT**.

117.    **STATE THE BASIS** for your allegation that the "environment seemed to become more hostile as a result of the [January 7, 1999] meeting and subsequent report [of January 14, 1999]" as set forth in paragraph 73 of your **COMPLAINT**.

118.    If you contend that the vandalism of the assigned automobile as set forth in paragraph 73 of your **COMPLAINT** was caused by any employee of the City of Revere Police Department, **STATE THE BASIS** for this contention.

119.    If your answer to Interrogatory No. 118 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere Police Department who caused or contributed to the vandalism set forth in paragraph 73 of your **COMPLAINT**.

120.    If you contend that the vandalism of the assigned automobile as set forth in paragraph 73 of your **COMPLAINT** was caused by any employee of the City of Revere other than an employee of the Police Department, **STATE THE BASIS** for this contention.

121.    If your answer to Interrogatory No. 120 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere who caused or contributed to the vandalism set forth in paragraph 73 of your **COMPLAINT**.

122.    **STATE THE BASIS** for your allegation that you "began to fear for [your] physical safety" as set forth in paragraph 73 of your **COMPLAINT**.

123.    **STATE THE BASIS** for your allegation that "other females in the Department began to fear for their physical safety" as set forth in paragraph 73 of your **COMPLAINT**.

124.    **IDENTIFY** the "other females in the Department" to whom you are referring in paragraph 73 of your **COMPLAINT**.

125.    **IDENTIFY** the person who hung the women's underwear on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 74 of your **COMPLAINT**.

126.    **STATE THE BASIS** for your identification of the person(s) named in response to Interrogatory No. 125.

127.    State the exact date and time, or the closest approximation you have thereof, for when you first noticed the underwear which was hung on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 74 of your **COMPLAINT**.

128.    Describe in detail what, if any, actions you took as a result of seeing the underwear hanging on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 74 of your **COMPLAINT**.

129. **STATE THE BASIS** for your allegation that there was a "culture of degradation, humiliation, and hostility that the Plaintiffs and other females experienced during the period the (sic) were employed by the Revere Police Department" as set forth in paragraph 75 of your **COMPLAINT**.

130. **IDENTIFY** the "other females" who you contend experienced the "culture of degradation, humiliation, and hostility" as set forth in paragraph 75 of your **COMPLAINT**.

131. **STATE THE BASIS** for your allegation that the "Revere Police Department did not respond promptly" as set forth in paragraph 76 of your **COMPLAINT**.

132. **STATE THE BASIS** for your allegation that the Revere Police Department "did not investigate" as set forth in paragraph 76 of your **COMPLAINT**.

133. **STATE THE BASIS** for your allegation that the Revere Police Department "took no remedial action" as set forth in paragraph 76 of your **COMPLAINT**.

134. **STATE THE BASIS** for your allegation that the Revere Police Department "had no policy for dealing with complaints for sexual harassment" as set forth in paragraph 76 of your **COMPLAINT**.

135. **STATE THE BASIS** for your allegation that you "experienced the 'underwear incident' as retaliation against [you] and the females who complained" as set forth in paragraph 77 of your **COMPLAINT**.

136. To which complaint are you referring in the first sentence of paragraph 77 of your **COMPLAINT**?

137. **IDENTIFY** the "other female officers [who] found the [underwear] incident offensive, demeaning and intimidating" as set forth in paragraph 77 of your **COMPLAINT**.

138. **STATE THE BASIS** for your allegation that the "underwear incident" "had a negative impact on the terms and conditions of the female officers and their effectiveness with the public" as set forth in paragraph 77 of your **COMPLAINT**.

139. **IDENTIFY** the "female officers" to whom you are referring in the last sentence of paragraph 77 of your **COMPLAINT**.

140. **STATE THE BASIS** for your allegation that the "barriers created by the Defendants were so formidable that [you] have been unable to work at the Revere Police Department since March 13, 2001" as set forth in paragraph 79 of your **COMPLAINT**.

141. If you witnessed the incident described in paragraph 83 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

142. If you witnessed the incident described in paragraph 84 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

143. If you witnessed the incident described in paragraph 90 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

144. If you witnessed the "penis" incident described in paragraph 96 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

145. If you witnessed the incident described in paragraph 98 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

146. If you witnessed the incident described in paragraph 99 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

147. If you witnessed the incident described in paragraph 100 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

148. If you witnessed the incident described in paragraph 102 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

149. If you witnessed the incident described in paragraph 103 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.

150. State the exact date, or the closest approximation you have thereof, on which you met Mayor Ambrosino as alleged in paragraph 105 of your **COMPLAINT**.

151. Is the meeting with the Mayor alleged in paragraph 105 of your **COMPLAINT** the same meeting as the one alleged in paragraph 49 of your **COMPLAINT**?

152. **IDENTIFY** every person who was present during your meeting with Mayor Ambrosino referred to in paragraph 105 of your **COMPLAINT**.

153. **STATE THE BASIS** for your allegation that you "suffered sexual harassment and a hostile work environment as defined by M.G.L.c. 151B § 4" as set forth in paragraph 106 of your **COMPLAINT**.

154. **STATE THE BASIS** for your allegation that you "were deprived of full participation in the work of the Revere Police Department by the Defendants acting in their supervisory capacities" as set forth in paragraph 106 of your **COMPLAINT**.

155. **IDENTIFY** the "defendants" to whom you are referring in the first sentence of paragraph 106 of your **COMPLAINT**.

156. State each and every date on which you sought medical and hospital attention as alleged in paragraph 110 of your **COMPLAINT**.

157. For each and every date upon which you sought medical and hospital attention as alleged in paragraph 110 of your **COMPLAINT**, **IDENTIFY** the health care professional or facility which provided such attention.

158. State the exact date, or the closest approximation you have thereof, on which you met the Mayor as alleged in paragraph 116 of your **COMPLAINT**.

159. Is the meeting with the Mayor alleged in paragraph 116 of your **COMPLAINT** the same meeting as the one alleged in paragraphs 49 and 105 of your **COMPLAINT**?

160. **IDENTIFY** the Chief of Police to whom you are referring in paragraph 116 of your **COMPLAINT**.

161. **IDENTIFY** the "other female officers" to whom you are referring in paragraph 116 of your **COMPLAINT**.

162. **IDENTIFY** the documents to which you are referring in paragraph 116 of your **COMPLAINT**.

163. **IDENTIFY** the "male employees" to whom you are referring in paragraph 116 of your **COMPLAINT**.

164. **STATE THE BASIS** for your allegation that "the Defendants have intimidated, threatened and coerced" you as set forth in paragraph 122 of your **COMPLAINT**.

165. **IDENTIFY** "the Defendants" who have allegedly "intimidated, threatened and coerced" you as set forth in paragraph 122 of your **COMPLAINT**.

166. **STATE THE BASIS** for your allegation that the Defendants caused you "to develop Irritable Bowel Syndrome" as set forth in paragraph 122 of your **COMPLAINT**.

167. **IDENTIFY** all health care professionals who you contend made a finding that your Irritable Bowel Syndrome was caused by "the Defendants" as set forth in paragraph 122 of your **COMPLAINT**.

168. **STATE THE BASIS** for your allegation that the Defendants caused you "to develop . . . other physical ailments" as set forth in paragraph 122 of your **COMPLAINT**.

169. State the nature of the "other physical ailments" to which you are referring in paragraph 122 of your **COMPLAINT**.

170. **IDENTIFY** all health care professionals who you contend made a finding that your "other physical ailments" were caused by "the Defendants" as set forth in paragraph 122 of your **COMPLAINT**.

171. **STATE THE BASIS** for your allegation that your "emotional distress . . . was severe and of a nature that no reasonable person could be expected to endure" as set forth in paragraph 122 of your **COMPLAINT**.

172. Is the incident described in paragraph 125 of your **COMPLAINT** the same incidents which are described in paragraphs 90 and 98 of your **COMPLAINT**?

173. Is the incident described in paragraph 126 of your **COMPLAINT** the same incident which is described in paragraph 90 of your **COMPLAINT**?

174. Where do you presently reside?

175. How long have you resided at this address?

176. If you own the property where you presently reside, when did you purchase it?

177. If you are presently employed, **IDENTIFY** your employer.

178. If you are presently employed, state when this employment began.

179. If you are presently employed, state the title of your position and provide a description of your job duties.

                                                                     */s/ Walter H. Porr, Jr.*
                                                                    Paul Capizzi, Esq.
                                                                    City Solicitor
                                                                    BBO#: 646296
                                                                    Walter H. Porr, Jr., Esq.
                                                                    Assistant City Solicitor
                                                                    BBO#: 659462
                                                                    City Hall, 281 Broadway
                                                                    Revere, MA 02151
                                                                   781-286-8166

Dated: March 1, 2005

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendants, City of Revere's, First Set of Interrogatories to Plaintiff, Terri Pechner-James to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.,
Assistant City Solicitor
BBO# 659462
City Hall, 281 Broadway
Revere, MA  02151
781-286-8166

Dated: March 2, 2005