UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TERRI PECHNER-JAMES and SONIA FERNANDEZ,**
**Plaintiffs,**

**v.** **C.A. No. 03-12499-MLW**

**CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**
**Defendants,**

**AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

I, Walter H. Porr, Jr., do hereby depose and state:

1. I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Chief of Police Terence Reardon in this action. I was responsible for the preparation and service of the interrogatories propounded by the City of Revere to both Plaintiffs.

2. On March 2, 2005 I propounded to the Plaintiff's the interrogatories which are the subject of the instant motion in support of which this affidavit has been prepared and filed. Accompanying the service of these interrogatories was a cover letter of even date explaining the rationale for the number of interrogatories propounded and seeking a stipulation from Plaintiffs' Counsel that the same could be propounded with the need for a motion to the Court. A true and accurate copy of this letter is attached hereto as Exhibit "1".

3. On and before March 11, 2005 Plaintiffs' Counsel, James S. Dilday, and myself exchange telephone messages and then finally spoke in person concerning my request for a stipulation as to the propounded interrogatories. Mr. Dilday agreed to stipulate to the same and on or about March 11, 2005 I hand delivered the proposed stipulation to is office for execution and eventual filing with the Court. A true and accurate copy of the proposed stipulation is attached hereto as Exhibit "2".

4. Between March 12 and March 14, 2005 I made one or more telephone calls to Mr. Dilsay's office concerning the status of the stipulation. On the afternoon of March 14, 2005 Mr. Dilday called my office and a message was left for me indicating that he had signed the stipulation and would be filing the same with the Court. A true and accurate copy of the message slip for this message is attached hereto as Exhibit "3".

5. On March 16, 2005 the signed stipulation was filed with the Court.

6. On March 21, 2005 I received a letter from Mr. Dilday dated March 17, 2005 which contained a copy of the stipulation as filed with the Court. A true and accurate copy of this letter with attachment is attached hereto as Exhibit "4".

7. On March 24, 2005 Judge Wolf signed the order approving the stipulation. A true and accurate copy of said stipulation and order as entered by the Court is attached hereto as Exhibit "5".

8. On April 12, 2005 Plaintiffs filed an Emergency Motion for Protective Order herein. One of the matters for which they sought protection are the interrogatories at issue in the instant motion.

9. On April 15, 2005 I filed an Opposition to the Emergency Motion for Protective Order accompanied by an Affidavit from myself in support of said opposition.

10. By the end of April, Plaintiffs had not responded to the outstanding interrogatories which were the subject of the above-referenced stipulation. Thus, on April 29, 2005 I sent a letter to Plaintiffs' Attorneys seeking to meet and confer about their clients failure to respond pursuant to Federal Rules of Civil Procedure, Rule 37(a)(2)(B) and Local Rule 37.1(A). A true and accurate copy of said letter is attached hereto as Exhibit "6".

11. On May 10, 2005 I received a letter from Attorney Dasent dated May 5, 2005 responding to my letter of April 29, 2005. A true and accurate copy of said letter is attached hereto as Exhibit "7".

12. On May 10, 2005 I responded to Attorney Dasent's letter of even date. A true and correct copy of said letter is attached hereto as Exhibit "8".

13. On May 12, 2005 I received a letter from Attorney Dilday dated May 11, 2005 responding to my letter of May 10, 2005 to Attorney Dasent. A true and accurate copy of said letter is attached hereto as Exhibit "9".

14. On May 12, 2005 (the letter is mistakenly dated May 11, 2005) I responded to Attorney Dilday's letter of May 11, 2005. A true and correct copy of said letter is attached hereto as Exhibit "10".

15. On May 17, 2005 Mr. Dilday and I spoke by telephone but were unable to reach agreement on the issues concerning his clients obligations to respond to the outstanding interrogatories which are the subject of the above-referenced stipulation. Mr. Dilday confirmed our impasse in a letter dated May 17, 2005 which was received in my office on May 19, 2005.

Signed under the pains and penalties of perjury this 23rd day of May, 2005.

Respectfully submitted,

Walter H. Porr, Jr.

**CERTIFICATE OF SERVICE**

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Affidavit of Walter H. Porr, Jr., in Support of Defendants' Motion to Compel, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Walter H. Porr, Jr.,

Dated: May 23, 2005

THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

March 2, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re: Pechner-James ,et al., v. City of Revere, et al.
USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

Enclosed herewith please find the City's, etc., answers to interrogatories and first production request in hard copy and on disk.

Also enclosed, please find the City's first set of interrogatories to both plaintiffs in hard copy and on disk. With respect to these interrogatories, I am requesting that we stipulate and agree that the City can ask the interrogatories I am propounding which are admittedly more than the allotted 25 under Federal Rule of Civil Procedure, Rule 33(a). My reasons for the request are as follows:

1. You have sued the City, the City Police Department, the Mayor and the current Chief of Police along with many other named defendants. As you know, we represent these four defendants. In theory, each of these defendants would be entitled as a matter of right to propound 25 interrogatories, for a total of 100. In Terri Pechner's case, I am asking 179 interrogatories and in Sonia Fernandez' case 132, or 20 extra per defendant for Ms. Pechner and 8 extra per defendant for Ms. Fernandez. Under the circumstances, I do not believe that this is excessive. Moreover, combining these interrogatories into one set as opposed to four separate sets seems to me to be more efficient. Also, I have provided the interrogatories on disk so that they may be loaded into your computer to facilitate the preparation of your client's responses.

2. The Plaintiff's complaint features 140 paragraphs whose allegations span an approximate seven year time-frame.. Many of these paragraphs feature multiple sentences and allegations concerning different people, events and times. In some cases, the allegations are neither person, date, time nor location specific. If you assume that one interrogatory per paragraph would be reasonable, which I think is a fair assumption all things being equal, then in Ms. Pechner's case we are asking 39 interrogatories over, or 5 per defendant, whereas in Ms. Fernandez' case we are 8 under.

3. If you review the interrogatories, you will see that many of them are specifically targeted to those paragraphs of the complaint which do not specifically allege names, dates, times and locations. Thus the answer sought is discrete and relatively finite. In those cases where the paragraph cited alleges a conclusion of fact or law, or both, the interrogatory seeks the basis for those conclusions (see Federal Rules of Civil Procedure, Rule 33(c)).

4. Your clients filed a verified complaint. Before that, they filed a complaint with the Massachusetts Commission Against Discrimination. Presumably you and they have alleged these 140 paragraphs in good faith. Thus, you and your clients must know the answers to these interrogatories since they simply seek the facts and basis for the allegations of the complaint made under oath. Moreover, you will no doubt be reviewing all of this information to respond to the other named defendants interrogatories, even though they are what I would describe as more thematic in nature, and to prepare for your clients' depositions set for mid-April.

5. With respect to your clients' depositions, given the length and breadth of the allegations set forth in the complaint, my intention is to shorten the deposition process by obtaining the answers to these questions by interrogatory rather than by lengthy deposition questioning. Moreover, you and your clients have the benefit of time and the ability to consult in responding to these interrogatories, rather than having to answer them on the spot at a deposition.

6. The purpose of interrogatories is "to facilitate trial preparation, to provide facts, to narrow issues, and to reduce the chance of surprise." *Rickles, Inc. v. Frances Denny Corp.*, 508 F.Supp. 4, 9, n. (D.C.Mass. 1980). This purpose is consistent with the purpose of discovery in general which is to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958). I believe these interrogatories are consistent with these purposes.

7. Your clients' are seeking multiple millions of dollars. The alleged value of their claims alone not only necessitates, but justifies this level of discovery.

I trust the foregoing paragraphs answer any concerns which you may have concerning these interrogatories. If you nonetheless decide to decline to stipulate to my asking those interrogatories either in excess of 25 (by the City) or 100 (by the City on behalf of the four defendants which we represent), then please advise me immediately so that I may timely file a motion with the court pursuant to Federal Rules of Civil Procedure, Rule 33(a). In this context, I note that rule 33(a) specifically states that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." For the reasons set forth above, I believe these interrogatories are "consistent with the principles of Rule 26(b)(2)."

Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc: Michael J. Akerson, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**TERRI PECHNER-JAMES and SONIA FERNANDEZ,**
**Plaintiffs,**

**v.** **C.A. No. 03-12499-MLW**

**CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**
**Defendants,**

**STIPULATION AND ORDER PERMITTING SERVICE OF WRITTEN INTERROGATORIES EXCEEDING 25 IN NUMBER**

The parties, by and through their respective counsel of record, hereby stipulate and agree that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

For the Plaintiffs:

_______________________
James S. Dilday, Esq.
BBO#: 124360
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108
617-227-3470

For the Defendants:

_______________________
Walter H. Porr, Jr., Esq.
BBO#: 659462
Assistant City Solicitor
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 11, 2005

**ORDER**

The stipulation of the parties having been read and considered by the court and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

_______________________________
Mark L. Wolf
United States District Judge

Dated: March _____, 2005.

3



PHONE CALL

FOR Walter DATE 3/14/05 TIME 4:00 A.M. P.M.

M Jim Dilday

OF 617-227-3470

PHONE AREA CODE NUMBER EXTENSION

MESSAGE Re Pechner James signed off on Stipulations. He's in Court on Weds - He can file it then + send you a copy - OK with you? Pls Call - leave msg

PHONED
RETURNED YOUR CALL
PLEASE CALL ✓
WILL CALL AGAIN
CAME TO SEE YOU
WANTS TO SEE YOU

SIGNED

Universal 48003

**Grayer & Dilday, LLP**

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

4

March 17, 2005

Walter H Porr, Jr., Esquire
City Hall
281 Broadway
Revere, MA 02151

**Re: Terri Pechner-James and Sonia Fernandez**
**Vs. City of Revere, et al**
**U.S. District Court**
**<u>Civil Action No. 03-12499-MLW</u>**

Dear Mr. Porr:

Enclosed for your file please find a copy of the Stipulation that was filed with the Court.

Very truly yours,

James S. Dilday

JSD:jab
Enclosure

RECEIVED
CITY OF REVERE
05 MAR 21 AM 10:44
SOLICITOR

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 03-12499-MLW** |
| | ) | |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,** | ) | |
| **Defendants,** | ) | |

**STIPULATION AND ORDER PERMITTING SERVICE OF**
**WRITTEN INTERROGATORIES EXCEEDING 25 IN NUMBER**

The parties, by and through their respective counsel of record, hereby stipulate and agree that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

For the Plaintiffs:

James S. Dilday, Esq.
BBO#: 124360
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108
617-227-3470

For the Defendants:

Walter H. Porr, Jr., Esq.
BBO#: 659462
Assistant City Solicitor
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 11, 2005

RECEIVED
CITY OF REVERE
05 MAR 21 AM 10:44
SOLICITOR

**ORDER**

The stipulation of the parties having been read and considered by the court and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

______________________________
Mark L. Wolf
United States District Judge

Dated: March _____, 2005.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED IN CLERKS OFFICE
2005 MAR 16 P 2:37
U.S. DISTRICT COURT DISTRICT OF MASS.

**TERRI PECHNER-JAMES and SONIA FERNANDEZ,**
**Plaintiffs,**

**v.**

**CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**
**Defendants,**

**C.A. No. 03-12499-MLW**

SCANNED
DATE: 3-22-05
BY: Kathleen Boyce

**STIPULATION AND ORDER PERMITTING SERVICE OF WRITTEN INTERROGATORIES EXCEEDING 25 IN NUMBER**

The parties, by and through their respective counsel of record, hereby stipulate and agree that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

For the Plaintiffs:

James S. Dilday, Esq.
BBO#: 124360
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108
617-227-3470

Dated: March 11, 2005

For the Defendants:

Walter H. Porr, Jr., Esq.
BBO#: 659462
Assistant City Solicitor
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

31

SOLICITOR
05 MAR 28 AM 9:43
CITY OF REVERE
RECEIVED

**ORDER**

The stipulation of the parties having been read and considered by the court and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant, City of Revere, for itself and on behalf of Defendants, City of Revere Police Department, Thomas Ambrosino, Mayor and Terence Reardon, Chief of Police, may propound to Plaintiffs Terri Pechner-James and Sonia Fernandez the interrogatories which were served upon their counsel on March 2, 2005 and which, in Plaintiff Pechner's case totaled 179 in number and in Plaintiff Fernandez' case totaled 132 in number.

Mark L. Wolf
United States District Judge

Dated: March 24, 2005.