# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



Thomas G. Ambrosino
Mayor

OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

April 29, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

Pursuant to Federal Rules of Civil Procedure, Rule 37(a)(2)(B) and Local Rules of the District Court for the District of Massachusetts, Rule 37.1(A), I am writing to you concerning your clients' failure to respond to the interrogatories previously propounded by this office. These interrogatories were served on you on March 2, 2005. We executed a stipulation regarding same on March 11, 2005. This stipulation was filed by the Court on March 16, 2005, and bears Judge Wolf's signature as of March 24, 2005. Giving your clients the widest latitude by using the March 24, 2005 date as the starting date for the 30 day response period under Federal Rules of Civil Procedure, Rule 33(b)(3), and applying the additional time rule under Federal Rule of Civil Procedure, Rule 6(e), responses were due this last Tuesday, April 26, 2005.

It is now Friday, April 29, 2005 and I have received neither responses nor any indication that responses are forthcoming. Please advise me at your earliest possible convenience of your clients' intentions I this regard. Please be advised that pursuant to Local Rule 37.1(A), I am requesting that you confer with regarding this matter within the next seven (7) days. The Rule provides that this conference "may be conducted over the telephone."

Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc:   Michael J. Akerson, Esq.

**LAW OFFICES CARLTON J. DASENT**
27School Street, Suite 400
Boston, MA 02108
(617) 894-0287

May 5, 2005

Paul Capizzi, Esq.
Walter H. Porr, Esq.
281 Broadway
Revere, MA 02151

Re: James et al. v City of Revere et al CA# 1249 MLW

Dear Attorneys Capizzi and Porr,

I am in receipt of you recent letter in which you inquired about the greatly expanded number of interrogatories that you served to the Plaintiffs. You served 178 interrogatories on the Plaintiff, Terri Pechner-James and 133 on Plaintiff, Sonia Fernandez. Attorneys frequently stipulate to additional interrogatories and Attorney Dilday extended that professional courtesy to you. However, your present set of interrogatories are excessive, repetitive and unduly burdensome. They exceed by seven times the number permitted by the Rules of Procedure.

The Plaintiffs have filed for a Protective Order and have requested a hearing on this matter We are awaiting further direction from the Court. In the meantime, we are taking the following actions to facilitate the discovery process:

1. We are enclosing Plaintiff's Sonia Fernandez responses to the interrogatories propounded by Reardon, Joyce & Akerson;

2. We are enclosing the proposed responses of Plaintiff, Terri Pechner-James to the interrogatories propounded by Reardon, Joyce & Akerson; and

3. We have already mailed to you a copy of our response to the Request for Production of Documents filed by Reardon, Joyce and Akerson.

It would facilitate the discovery process if you would review the information provided and adjust the present set of interrogatories so that they were less burdensome and

complied with the Rules of Procedure. This letter is being sent in response to your letter and pursuant to Local Rule 37.1(A).

If you would like to confer in more detail, please contact me directly at (617) 894-2087 or Attorney Dilday at (617) 227-3470.

Sincerely,

Carlton J. Dasent

Cc: Michael Akerson

# THE CITY OF REVERE, MASSACHUSETTS



281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
   Mayor

May 10, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

    Thank you for Mr. Dasent's letter of May 5, 2005. While I appreciate the letter, I am at a loss to comprehend the sentiment of the first paragraph. The interrogatories in question were served in conjunction with my letter of March 2, 2005 seeking a stipulation as to their propounding. I can only assume that Mr. Dilday's agreement to stipulate to these interrogatories, which he obviously had in hand at the time, was based upon his conclusion that I had made my case that they were a legitimate discovery effort and that court relief would follow in the absence of a stipulation. At or about the time these interrogatories were propounded, Mr. Akerson propounded interrogatories on behalf of his clients. I have reviewed Mr. Akerson's interrogatories on behalf of his clients and would simply observe that on their face they bear very little resemblance to mine. While I suppose a modicum of overlap is inevitable in a case such as this, I do not find that there is much overlap between these sets of interrogatories and certainly, Mr. Dilday could have raised that issue if he felt it existed.

    In any event, answers to Mr. Akerson's interrogatories does not equate to answers to those which I have propounded pursuant to stipulation and court order. Thus, my client's are entitled to and I must insist upon responses to the interrogatories as propounded. Since your letter seems to suggest that such responses are not forthcoming pending the Court's ruling on your motion for protective order, I can only assume that further efforts to negotiate a resolution are at an impasse and I will proceed to draft a motion to compel accordingly. If my assumption in this regard is mistaken, please advise me accordingly.

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
May 10, 2005
Page 2

    Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

                                              Sincerely,

                                              Walter H. Porr, Jr.
                                              Assistant City Solicitor

Cc:    Michael J. Akerson, Esq.

# Grayer & Dilday

COUNSELLORS-AT-LAW
27 SCHOOL STREET - SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL (617) 227-3470 • FAX (617) 227-9231

RECEIVED
CITY OF REVERE
05 MAY 12 AM 10: 42
SOLICITOR

May 11, 2005

Walter E. Porr, Jr.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Re: Pechner-James, et al, v. City of Revere, et al.

Dear Mr. Porr:

I am responding to your letter dated May 10, 2005 in which you stated that you would file a motion to compel unless we answered the total of 311 interrogatories that you have propounded consisting of 178 for Pechner-James and 133 for Fernandez. I admit that I agreed to allow you to file more than the 25 interrogatories as limited by the rules. However, I did not assent to a total of 311 interrogatories and I feel that you are trying to take advantage of my good will in this situation.

Mr. Dasent was trying to accommodate you when he sent you the answers we filed with attorney Akerson. If you are serious about litigating this matter in an amicable manner, I suggest that you review the answers provided to Mr. Akerson and then limit your additional requests to items that were not covered in those submissions. Otherwise, we will pursue a hearing on our request for a protective order.

I do not know if you have tried cases in front of Judge Wolf before, but I can assure you that he will not be happy when he finds out that I acquiesced in your filing additional interrogatories beyond the fifty that you were allowed and you abused that privilege by filing over three hundred interrogatories. Accordingly, I suggest that you try to work out some reasonable compromise along the lines that both Mr. Dasent and I have suggested.

Thank you for your attention to this letter.

Very truly yours,

James S. Dilday

JSD/js
Copy: Michael Akerson

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

May 11, 2005

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

   Yesterday I received a letter from Mr. Dasent dated May 5, 2005 concerning the outstanding interrogatories propounded on behalf of my clients. Today I received a letter from Mr. Dilday dated May 11, 2005 on the same subject. As I stated in my letter of yesterday, while I appreciate your letter, I am at a loss to comprehend the sentiments expressed therein. As I indicated in yesterday's letter, the interrogatories in question were served in conjunction with my letter of March 2, 2005 seeking a stipulation as to their propounding. Moreover, the stipulation itself clearly and unambiguously set forth the number of interrogatories being propounded on its face. Mr. Dilday's signature on the stipulation led me to believe that he had acquiesced to the reasoning set forth in my accompanying letter and that he agreed that the interrogatories which he had in hand were reasonable. Thus, I fail to see how you can now claim that I am "trying to take advantage of [your] good will in this situation." To the contrary, I am trying to get you and your clients to comply with a stipulation approved by the Court. Thus, my client's are entitled to and I must insist upon responses to the interrogatories as propounded. As for Mr. Akerson's interrogatories, I stand by what I said in yesterday's letter in relation thereto.

   Since today's letter seems to suggest, as did the previous letter, that such responses are not forthcoming pending the Court's ruling on your motion for protective order, I can only assume that further efforts to negotiate a resolution are at an impasse and I will proceed to draft a motion to compel accordingly. If my assumption in this regard is mistaken, please advise me accordingly. Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc:   Michael J. Akerson, Esq.

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

May 17, 2005

Walter H. Porr, Jr.
Assistant City Solicitor
City of Revere
281 Broadway
Revere, Ma 02151

Re: Pechner-James et. al, v. City of Revere

Dear Mr. Porr:

Pursuant to our telephone conversation of even date, I am advising you that when I agreed to allow you to file additional Interrogatories, I did not review the entire document and did not realize that you were seeking my permission to file over three hundred interrogatories. Had I been aware of the number of Interrogatories you had in mind, I would never have agreed.

As I stated in my last letter, I suggest that you review the discovery provided Mr. Akerson and after doing so, narrow your discovery requests to what was not provided to Mr. Akerson. Also be advised that if you are not willing to concur in this request, I suggest that you take the issue to Judge Wolf.

Very truly yours,

James S. Dilday

JSD/js

RECEIVED
CITY OF REVERE
05 MAY 19 AM 11:03
SOLICITOR