**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,** **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 03-12499-MLW** |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,** **Defendants,** | ) | |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, MOTION FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT IN EXCESS OF TWENTY PAGES AND ORDER**

**NOW COME** the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**, and hereby move the Court in accordance with Local Rule 7.1(B)(4) for permission to submit a memorandum in support of their motion for Summary Judgment or, in the alternative, partial Summary Judgment, in excess of twenty pages and in support thereof state as follows:

1. The Plaintiffs' 23 page verified complaint features 140 paragraphs whose allegations span an approximate nine year time-frame (1995 to 2003 inclusive). Many of the charging paragraphs contain multiple sentences with allegations concerning different people, events and dates. Between the two Plaintiffs, there are a large number of alleged incidents which must necessarily be addressed to demonstrate the Defendants' entitlement to summary judgment.

2. Each Plaintiff has explicitly alleged four claims for relief. However, their first claims for relief involve combined claims for sexual harassment and hostile work environment and in Plaintiff Fernandez's case, also includes a claim for racial harassment. All claims are being simultaneously advanced under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and Mass. Gen. Laws ch. 151B. In addition, Plaintiffs make a sweeping claim for relief under 42 U.S.C. § 1983.

3. The intended motion for summary judgment advances along two fronts: (1) as to each Plaintiff, it can largely be demonstrated on the face of the Complaint that the vast majority of alleged incidents of discrimination are time-barred; and, (2) as to each Plaintiff, it can largely be demonstrated on the face of the Complaint that a significant proportion of the alleged incidents of discrimination amount to nothing more than "garden-variety unfairness" or other acts based on non-protected characteristics. Shorn of non-actionable conduct, what little is left of the allegations of discrimination amounts to stray comments and innocuous behavior spread over a period of time spanning a number of years.

4. The intended motion must, of necessity, articulate the relevant legal standards for both statutes of limitation defenses under Title VII and 151B and the substantive bases for liability/ non-liability also under Title VII and 151B. The motion must then apply these legal standards to the facts as alleged by each Plaintiff. Given the sheer volume of alleged incidents to be addressed, there is simply no way that Defendants can address the issues within the twenty page limit imposed by Local Rule 7.1(B)(4). Frankly, the final draft is 38 pages. Split into separate motions for each Plaintiff, this would constitute two motions of 19 pages each, which would not require relief from the Court. However, both motions would necessarily be interrelated and somewhat redundant.

Defendants believe that one motion, with separate sections for each Plaintiff presents the issues in a more efficient manner for disposition.

5. Prior to the filing of this motion, Defendants attempted to resolve or narrow the issues that would necessarily have to be addressed by their intended motion for summary judgment as required by Local Rule 7.1(A)(2). To this end, on June 13, 2005, Defendants' Counsel sent a letter to Plaintiff's Counsel pursuant to Local Rule 7.1(A)(2) outlining the thrust of the motion and the basis for the Defendants' claims of defense. A true and accurate copy of that letter is attached hereto as Exhibit "A". Plaintiffs' Counsel has not responded in any manner whatsoever to this letter. Thus, Counsel's effort to narrow or resolve issues was unsuccessful, thus necessitating this motion.

6. Based upon the final draft of the motion and the anticipated editing and refinements that will be made between now and its anticipated service upon the Plaintiffs' counsel, Defendants reasonably believe that they will need between 38 – 40 pages to properly present the issues for adjudication. Since these issues will ultimately have to be decided by the Court prior to trial in any event, Defendants believe that a well briefed motion now will save the Court and the parties a significant amount of time and energy later.

WHEREFORE, the premises being considered, Defendants respectfully request leave to file a memorandum in support of their intended motion for summary judgment not to exceed 40 pages.

For the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**,

By their Attorneys,

Paul Capizzi, Esq., City Solicitor, BBO#: 646296
pcapizzi@revere.org
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#: 659462, wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: June 29, 2005

**ORDER**

The motion of Defendants, City of Revere and Revere Police Department, for leave to file a memorandum in excess of twenty pages in support of their motion for summary judgment having been read and considered by the Court and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the motion is granted as prayed.

_______________________________
Mark L. Wolf
United States District Judge

Dated: June _____, 2005.

**CERTIFICATE OF SERVICE**

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendants, City of Revere's and City of Revere Police Department's Motion for Leave to File a Memorandum in Support Of Their Motion For Summary Judgment in Excess of Twenty Pages And Order, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
Attorney for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Walter H. Porr, Jr.,

Dated: June 29, 2005

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

June 13, 2005

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re: Pechner-James ,et al., v. City of Revere, et al.
USDC MA Case No. 03-12499-MLW

Dear Mr. Dilday:

The purpose of this letter is to comply with Local Rule 7.1(A)(2) by conferring with regards to the City of Revere's and the City of Revere Police Department's potential liability in this matter prior to the filing a motion for summary judgment to adjudicate the same. In this regard, I offer the following thoughts:

1. Ms. Pechner filed her complaint with MCAD on March 12, 2001; Ms. Fernandez on March 14, 2001. These complaints were then automatically cross-filed with the EEOC by MCAD.

2. The complaint in this matter was filed on October 6, 2003.

3. The relevant statutes of limitations for alleged acts of discrimination are as follows:

Title VII – 240 days from the date of filing, or, in this case, July 16, 2000.
151B – 3 years prior to filing suit, or, in this case, October 6, 2000.

Alleged acts of discrimination occurring prior to these dates are time-barred.

4. Conduct which is not based upon a protected characteristic and/or "garden-variety unfairness" is not actionable under either Title VII or 151B.

5. Stray comments, merely offensive utterances and innocuous behavior does not violate Title VII or 151B.

6. Shorn of non-actionable conduct and giving your clients the benefit of the doubt with regards to conduct which is potentially actionable, the respective complaints of Ms. Pechner and Ms. Fernandez can be summarized as follows:

Pechner:

| Date | Event |
|---|---|
| 2/23/97 | Chief Russo utters a stray comment about the good old days. |
| 7/5/97 | Lt. Foster orders Pechner to turn off the TV while male officers are allowed to watch the TV. |
| 1/25/98 | Sgt. Doherty utters stray comment about female sports broadcaster. |
| 12/11/98 | Lt. Santoro asks an offensive question of a suspect about whether or not the suspect and Officer Pechner had ever had sexual relations. |
| 1/7/99 (prior to) | Chief Russo utters stray WIC comment. [He retires 2/28/99.] |
| | Sgt. Nelson holds up centerfold picture and makes offensive comments. |
| | Lt. Santoro makes offensive comments about his penis and female officers bodies. |
| | Sgt. Doherty exhibits double standard about female officers swearing. |
| **1/7/99** | **Capts Chaulk and Roland meet with female officers concerning complaints of sexual harassment.** |
| 8/13/99 | Male Officer turns on TV and is not reprimanded by Lt. Foster. |
| 6/26/00 | Lt. Murphy utters stray secretary comment. |
| **7/16/00** | **Title VII Statute of Limitations.** |
| **10/6/00** | **151B Statute of Limitations.** |
| 2/28/01 | The so-called "underwear incident." |
| 3/12/01 | An unnamed Detective asks an offensive question of a suspect about whether or not the suspect and Officer Pechner had ever had sexual relations. |

Fernandez:

| Date | Event |
|---|---|
| 5/96 | Male co-worker utters stray "hooker" comment. |
| 2/23/97 | Chief Russo utters a stray comment about the good old days. |
| Winter, 97 | Fernandez assigned to walking routes more frequently than male officers, by whom the Complaint does not state. |
| 1/25/98 | Sgt. Doherty utters stray comment about female sports broadcaster. |
| 1998 | Male penis drawn on chalkboard in radio room. |
| 11/1/98 | Lt. Ford disparages Hispanic race. |
| 1/7/99 (prior to) | Chief Russo utters stray WIC comment. [He retires 2/28/99.] |
| | Sgt. Nelson allegedly holds up centerfold picture and makes offensive comments. |
| | Lt. Santoro makes offensive comments about his penis and female officers bodies. |
| | Sgt. Doherty exhibits double standard about female officers swearing. |
| **1/7/99** | **Capts Chaulk and Roland meet with female officers concerning complaints of sexual harassment.** |
| **7/16/00** | **Title VII Statute of Limitations.** |
| **10/6/00** | **151B Statute of Limitations.** |
| 2/28/01 | The so-called "underwear incident." |

The long and the short of the matter is that the "underwear incident" is an isolated and innocuous event which simply does not rise to the level of sexual harassment. In Pechner's case, adding the co-workers question to the suspect adds nothing since that incident is not actionable either. Thus, there are no timely complaints which are actionable under either Title VII or 151B.

Moreover, the continuing violation doctrine will not rescue the time-barred claims for two reasons. First, both Pechner and James knew they were allegedly being discriminated against, hence their participation in the January 1999 meeting with Capts. Chaulk and Roland. Since they were on notice as of January 1999, they can not use the continuing violation doctrine to save their time barred claims. Secondly, there must be a timely claim upon which to anchor time-barred claims. In this case, as demonstrated above, there are no potentially timely actionable claims of discrimination.

Finally, even if you look at the pattern of alleged claims, you have a handful of stray comments, merely offensive utterances or innocuous events happening over a lengthy period of time. Many of the incidents are one time events involving co-workers which would not subject the City to vicarious liability under either federal or state law. I the long run, the events are neither severe enough or pervasive enough to state a claim.

I am prepared to test my analysis of the case by summary judgment, even at this stage and despite your clients' discovery failures and the further fact that they have yet to be deposed. As indicated above, I am writing to comply with my obligations under Local Rule 7.1(A)(2). Moreover, please be advised that I have almost completed my drafting of the City's motion and that I anticipate that such a motion would run to between 30 – 35 pages. Thus, if we are unable to resolve or narrow some of the issues raised by your clients' complaint, I will also need to file a motion with the Court to exceed the 20 page limitation for supporting memoranda imposed by Local Rule 7.1(B)(4).

Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc: Michael J. Akerson, Esq.