UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
)
v. ) C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO,)
FREDERICK ROLAND, THOMAS DOHERTY,)
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSIONOS' AND POLICE CHIEF TERRENCE REARDON'S OPPOSITION TO PLAINTIFF PECHNER-JAMES REQUEST FOR ROOKER-FELDMAN RULING AND FURTHER INSTRUCTIONS**

NOW COMES Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their opposition to Plaintiff Terri Pechner-James "Request" for Rooker-Fledman Ruling and Further Instructions.

**THE MOTION FAILS TO COMPLY WITH LOCAL RULE 56.1
AND SHOULD BE DENIED ON THAT GROUND ALONE**

On its face, Plaintiff's "Request" meets the definition of a "motion" under Federal Rules of Civil Procedure, Rule 7(b)(1) because it amounts to an "application to the court for an order." Given the factual recitation throughout the supporting memorandum, the Defendants can only presume that Plaintiff's "Request" is in actuality a partial motion for summary judgment under Federal Rules of Civil Procedure, Rule 56(d). Since the motion is dependent upon matters outside the pleadings, it could not be properly cast as a motion for judgment on the pleadings

under Federal Rules of Civil procedure, Rule 12(c). See *Rubert-Torres ex rel. Cintron-Rupert v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475-476 (1st Cir. 2000).

That being the case, the "Request" makes no reference to the separate statement of undisputed material fact required by Local Rule 56.1.[1] "Failure to include such a statement constitutes grounds for denial of the motion" and Defendants move the Court to deny the "Request" on this ground.

Denial on this ground is particularly appropriate in this case given the fact that Plaintiffs' Counsel was advised of this defect when he pre-served the motion on Defendants as part of his Local Rule 7.1(a)(2) compliance effort. (Attached hereto as Exhibit "A" is a copy of Defendants' Counsel's June 21, 2005, letter to Plaintiff's Counsel responding to his pre-service of the motion. The separate statement issue is addressed in the second paragraph on page 1. See Affidavit of Walter H. Porr, Jr., served concurrently herewith).

## ROOKER-FELDMAN DOES NOT APPLY IN THIS CASE

Clearly, Plaintiff's "Request" attempts to rely upon the decision of a state administrative agency to bar Defendants from mounting a defense to her Title VII (42 U.S.C. § 2000e) and Mass. Gen. Laws ch. 151B claims, among others.

However, three years ago in *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2s 871 (2002), the Supreme Court observed that the ***Rooker-Feldman*** doctrine "has no application to judicial review of executive action, including determinations made by a state administrative agency." 535 U.S. at 644, fn. 3.

Thus, *Rooker-Feldman* has no application here.

---

[1] Defendants would further observe that in the cover letter of June 28, 2005, from Plaintiff's Counsel to the Clerk of the Court relative to the filing of the motion there is no mention of a separate statement and Defendants have not in fact been served with such a statement.

2

Moreover, just this year in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, ___ U.S. ___, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court stated: "The **Rooker-Feldman** doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. **Rooker-Feldman** does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." 125 S.Ct. at 1521-1522.

Obviously, the underlying disability retirement proceeding is <u>not</u> a "state-court judgment." Moreover, even if the disability retirement proceeding could be considered parallel state litigation, **Rooker-Feldman** is not triggered. "This Court has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" 125 S.Ct. at 1526-1527. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. (Citations omitted). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." 125 S.Ct. at 1527.

In this case, the administrative proceedings that resulted in Plaintiff Pechner's disability retirement did <u>not</u> address, much less adjudicate, any potential claims under either Title VII or Mass. Gen. Laws ch. 151B. The fact that Plaintiff Pechner was awarded a disability retirement simply means that she was awarded a disability retirement. It does not mean that the Defendants violated either Title VII or 151B. Plaintiff Pechner's retirement proceedings did not involve

contested evidentiary hearings applying the rules of evidence to the legal claims now being advanced. What Plaintiff Pechner is really trying to do, in essence, is apply res judicata or collateral estoppel principles to the administrative determination of her retirement eligibility. Since eligibility for retirement and violations of Title VII or 151B involve two entirely separate and distinct inquiries and determinations, the resolution of the first does not automatically lead to the resolution of the second.

Thus, *Rooker-Feldman* has no application here.

### DEFENDANTS ARE ENTITLED TO AND SHOULD BE AWARDED RULE 11 SANCTIONS

Federal Rules of Civil Procedure, Rule 11(c)(1)(A), requires a separate motion for the imposition of sanctions which must be served under Rule 5, but not "filed with or presented to the court unless, within 21 days after service of the motion [ ], the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

Concurrent with the filing of this opposition, Defendants have served upon Plaintiff a motion for Rule 11 sanctions. Obviously, that motion can not yet be filed with the Court. Who knows, maybe Plaintiff's Counsel will actually take the Supreme Court seriously and withdraw the instant motion. In the probable likelihood that he will not, Defendants anticipate that their Rule 11 motion will be filed prior to the hearing of this motion and therefore request that the motions be heard together.

For the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO AND POLICE CHIEF TERENCE REARDON**,

By their Attorneys,

/s/ Paul Capizzi

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: July ___, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Opposition to Plaintiff Pechner-James Request for Rooker-Feldman Ruling and Further Instructions, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

/s/ Walter H. Porr, Jr.

Walter H. Porr, Jr.,

Dated: July ___, 2005