UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>       Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>       Defendants, | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, MOTION FOR RELIEF FROM THE TIME LIMIT FOR DEPOSITIONS SET FORTH IN F.R.C.P. 30(d)(2) AND ORDER**

NOW COME the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**, and hereby move the Court in accordance with Federal Rule of Civil Procedure, Rule 30(d)(2) for permission to conduct depositions in excess of one day (7 hours) and in support thereof state as follows:

1. The Plaintiffs' 23 page verified complaint features 140 paragraphs whose allegations span an approximate nine year time-frame (1995 to 2003 inclusive). Many of the charging paragraphs contain multiple sentences with allegations concerning different people, events and dates. Between the two Plaintiffs, there are a large number of alleged incidents which must necessarily be addressed during their depositions.

2. Additionally, each Plaintiff has explicitly alleged four claims for relief for which they are seeking in excess of 2 million dollars apiece. Thus, in addition to liability oriented fact based testimony suggested by their Complaints, each Plaintiff will also have to be deposed concerning their

damage claims. In addition, each Plaintiff has produced some of their medical records allegedly related to the incidents alleged in their complaint and these records are themselves somewhat voluminous. Additionally, there has been some discovery by interrogatory which may require follow-up and further explanation or clarification and both Plaintiffs have filed MCAD Complaints and authored numerous other documents related to their claims upon which they will have to be examined.

3. Given the sheer volume of allegations made against a large number of people over an extended period of time by both Plaintiffs, not only in their verified complaint, but also in their MCAD filings, retirement filings and current discovery responses, coupled with their voluminous medical records and their request for millions in damages, there is simply no way that the Defendants will be able to depose either of them within the one day (7 hour) limitation imposed by the Rule.

4. Federal Rules of Civil Procedure, Rule 30(d)(2) provides that the "court **must allow** additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent . . ." (emphasis added). Under the circumstances of this case and facing the specter of multiple millions of dollar liability claims, additional time is necessary for a fair examination of these Plaintiffs in order to fairly meet their claims at trial.

5. Consistent with said Rule, on June 15, 2005, Defendants' Counsel sought a stipulation from Plaintiffs' Counsel via letter for the following suggested deposition time-frame:

> Mr. Akerson on behalf of his clients be given one day (7 hours) each for the examination of each Plaintiff; the City Solicitor on behalf of his clients be given one day (7 hours) each for the examination of each Plaintiff; Mr. Akerson on behalf of his clients be given one half day (3.5 hours) each for the follow-up examination of each Plaintiff; and, the City Solicitor on behalf of his clients be given one half day (3.5 hours) each for the examination of each Plaintiff. Thus, each

Plaintiff would be subject to three total days (21 hours) of deposition examination.

A true and accurate copy of said letter is attached to Defendants' Certificate of Compliance as Exhibit "A".

WHEREFORE, the premises being considered, Defendants respectfully request leave to depose each Plaintiff for a total of three days (21 hours) as set forth above.

For the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**,

By their Attorneys,

_____
Paul Capizzi, Esq., City Solicitor, BBO#: 646296
pcapizzi@revere.org
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#: 659462, wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: June 29, 2005

## ORDER

The motion of Defendants, City of Revere and Revere Police Department, for leave to conduct the Plaintiffs' depositions in excess of one day (7 hours) having been read and considered by the Court and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the motion is granted as prayed.

_____
Mark L. Wolf
United States District Judge

Dated: June ____, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendants, City of Revere's and City of Revere Police Department's Motion for Relief From the Time Limit for Depositions Set Forth in F.R.C.P. 30(D)(2) and Order, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

Dated: June 29, 2005

Walter H. Porr, Jr.,

Case 1:03-cv-12499-MLW    Document 59    Filed 06/29/2005    Page 5 of 7

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

June 15, 2005

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mr. Dilday:

Anticipating that we will eventually be successful in scheduling and taking your clients' depositions, I am writing now to enquire about a stipulation to relieve the defendants of the one day (7 hour) limitation imposed by Federal Rules of Civil Procedure, Rule 30(d)(2). Said Rule provides that the "court **must allow** additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent . . ." (emphasis added).

In this case, given the sheer volume of allegations made against a large number of people over an extended period of time by both Plaintiffs, not only in their verified complaints, but also in their MCAD filings, retirement filings and current discovery responses, coupled with their voluminous medical records, there is simply no way that the defendants will be able to depose either of them within the one day (7 hour) limitation imposed by the Rule. Notably, the foregoing concerns only address liability. Given your clients multi-million dollar damage demands, there will also need to be adequate time to examine them on that aspect of their claims as well.

Accordingly, I would propose the following: Mr. Akerson on behalf of his clients be given one day (7 hours) each for the examination of each Plaintiff; the City Solicitor on behalf of his clients be given one day (7 hours) each for the examination of each Plaintiff; Mr. Akerson on behalf of his clients be given one half day (3.5 hours) each for the follow-up examination of each Plaintiff; and, the City Solicitor on behalf of his clients be given one half day (3.5 hours) each for the examination of each Plaintiff. Thus, each Plaintiff would be subject to three total days (21 hours) of deposition examination.

Given the scope and magnitude of this case, I do not believe that this request is unreasonable. Given the instruction in Rule 30(d)(2) that the "court **must allow** additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent," I do not believe a request to the Court for this scope of examination would be denied.

James S. Dilday, Esq.
Page 2
June 15, 2005

    Thus, I write seeking a stipulation regarding the time limitations for the deposition of your clients consistent with the foregoing. By carbon copy of this letter to Mr. Akerson, I am seeking his agreement to the foregoing proposal as well.

    Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

                                        Sincerely,

                                        Walter H. Porr, Jr.
                                        Assistant City Solicitor

Cc:    Michael J. Akerson, Esq.