UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and                    C.A. #03-12499MLW
Sonia Fernandez

V

City of Revere et al.

PLAINTIFFS OPPOSITION TO DEFENDANT, THOMAS AMBROSINO'S MOTION
FOR SUMMARY JUDGMENT

Now comes the Plaintiffs and move this Honorable Court to deny the summary judgment motion of Defendant, Thomas Ambrosino, Mayor of the City of Revere filed without affidavits. The Plaintiffs have filed for a protective order and included the Defendant's motion in that request. The Plaintiffs filed this in response as a supplement to the protective order request.

The Plaintiffs state that there are genuine issues of material that affect municipality. The issue of municipal liability was not raised by the defendants in their motion. This genuine issue of material fact therefore cannot be resolved by this motion.

The Federal Rules of Civil Procedure require the defendant to remain a party to this action as long as he retains his capacity of mayor. The Federal Rules of Appellate Procedure and the Rules of the United States Supreme court also require that he remain a party. The defendant has stated a conclusion but has stated no reason why he is entitled to summary judgment as a matter of law. The Plaintiffs state the following as grounds for their opposition:

1. Thomas Ambrosino is currently mayor of the city of revere and was mayor of the city of revere during the time the plaintiffs were employees of revere police department.

2. Actions of subordinate officials alone cannot create municipal liability. Municipal liability is created by the final policymaker(s) who execute a municipal policy or custom.

3. Final policymaking was held to be shared between the chief of police and the mayor in Bardanaro v McLoed, 871 F2d 1151, 1161 (1989). The United States Supreme Court recognized the principle of shared policymaking in City of St. Louis v Proprotnik, 485 U.S. 123 (1988).

4. Federal Rules of Civil Procedure 25(d), Federal Rules of Appellate Procedure 43(c)(2) and the United States Supreme Court Rule 35.3 all provide for the automatic substitution of public officials as parties in the event of death or replacement. If either the mayor or

the chief of police were to be replaced, their successors would be substituted. This motion is unsupported by law.

5. Whether the mayor, like the chief of police, is a final policymaker or whether he has no policymaking responsibility is a genuine issue of material fact. The defendant has not raised this pivotal issue, the court cannot address this pivotal issue and there remains a genuine issue of material fact. The defendant is not entitled to summary judgment.

6. Implementation of municipal policy and custom by the final policymakers is essential to municipal liability. The chief of police and the mayor can be jointly and/or severally liable for the implementation of municipal policy and custom of the city of revere.

7. The defendant has filed a motion that is premature, frivolous and brought without reasonable inquiry into the substantive that govern municipal liability.

WHEREFORE, the Plaintiffs request that the defendant's motion for summary judgment be dismissed on the grounds that municipal liability presents a genuine issue of material fact and the defendant is not entitled to judgment as a matter of law.

Terri Pechner-James and
Sonia Fernandez
By their attorneys

*James S. Dilday*
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470