UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and
Sonia Fernandez

C.A. #03-12499MLW

V

City of Revere et al.

PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Background

The defendants counsel has filed motions to remove both the chief of police and the mayor of the city of revere from the cause of action. The argument in both cases appears to be that they came to occupy their offices only after a majority of the conduct described in the complaint had occurred and they are therefore not personally responsible for the conduct that caused the plaintiffs injury. The plaintiffs have filed for a protective order from the multiplication of litigation that the defendant has pursued and that request included the defendants motion for summary judgment. The plaintiffs file this response as a supplement to that request for protective order.

Argument:

It is well settled that local government or municipal officials like chief Terrence Reardon and mayor Thomas Ambrosino may be sued in their official capacities for the purposes of 42 U.S.C. 1983

Over thirty-five years ago, the United States Supreme court established that municipalities and local governmental entities like the revere police department and the

city of revere are "persons" under 42 U.S.C. Sec. 1983, and subject to liability for constitutional violations under the Act. Monell v Dept. of Social Services, 436 U.S. 658 (1978). It is well settled that local government or municipal officials like chief Terrence Reardon and mayor Thomas Ambrosino may be sued in their official capacities for the purposes of 42 U.S.C. 1983. Stathos v Bowden, 514 F. Supp. 1288, 1289 (1981).

An official-capacity suit against a named official is one way of pleading an action against the governmental entity of which the named official is an agent. See Monell supra. Unlike a personal-liability action, an official-capacity action is essentially a suit against the governmental entity and not a suit against the official personally. Kentucky v Graham, 473 U.S. 159, 165-166 (1985).

Automatic Substitution of Named Office-Holder

In an official-capacity suit, Federal Rules of Civil Procedure 25(d), Federal Rules of Appellate Procedure 43(c )(2) and the Supreme Court Rule 35.3 all substantially provide that the death or replacement of a named official results in the automatic substitution of the official's successor in office. For example, Federal Rules of Civil Procedure 25(d) reads in pertinent part:

> When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office.... the officer's successor is automatically substituted as a party.

This is so because liability and damages are asserted against the governmental office and the entity it represents, and not against the specific individual who occupied the office when the claim accrued. Brandon v Holt, 469 U.S. 464 (1985). In the present action, chief Reardon is made party to this action in his official capacity as a successor-in-office to Chief Russo and acting chief, Colannino, both of whom were replaced during the accrual and the pendency of this action. The same rule governs the presence of mayor Ambrosino in the present cause of action.

Conclusion:

The inclusion of both mayor Ambrosino and chief Reardon as successor-in-office is permissible both in law and pursuant to the procedural rules of the federal courts. Both defendants should have withdrawn these motions. Both motions were filed without proper inquiry into the substantive law that governs municipal liability. The Court should not only deny the motions filed on behalf of mayor Ambrosino and chief Reardon but it should grant the Plaintiffs the remedies they seek in their request for protective order.

Terri Pechner-James and
Sonia Fernandez
By their attorney

*/s/ James S. Dilday*

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and					C.A. #03-12499MLW
Sonia Fernandez

V

City of Revere et al.

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon the parties listed below the following documents:

1. Plaintiffs Opposition to Defendant Thomas Ambrosino's Motion for Summary Judgment

2. Plaintiffs Memorandum is Support of their Opposition to Defendant's Motion for Summary Judgment

by mailing first class mail, postage prepaid:

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
City of Revere
281 Broadway
Revere, MA 02151


Michael Akerson, Esq.
John K. Vigliotti, Esq.
Attorneys at Law
397 Grove Street
Worcester, MA 01605

*James S. Dilday* (signature)
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Date: