UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>        Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>        Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, MAYOR THOMAS AMBROSINO'S, MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING MEMORANDUM IN SUPPORT THEREOF**

**NOW COMES** Defendant, **MAYOR THOMAS AMBROSINO**, and hereby moves the Court to strike Plaintiffs' Opposition to his Motion for Summary Judgment and accompanying Memorandum in Support thereof and in support hereof state as follows:

**THE OPPOSITION IS GROSSLY AND INEXCUSABLY UNTIMELY**

Defendant, Mayor Ambrosino's, motion for summary judgment was personally served on Plaintiffs' Counsel on March 31, 2005 and filed with the Court on April 12, 2005. In light of the fact that the motion was pre-served upon Plaintiffs' Counsel as part of Defendant Ambrosino's Local Rule 7.1(A)(2) effort, it would be reasonable to consider the actual service date to be April 12, 2005, the date of filing. Since Plaintiffs' Counsel is listed as receiving electronic notification of all filings, he would have received notice of the filing of the motion on or about that day.

Pursuant to Local Rule 7.1(B)(2), Plaintiffs had fourteen (14) days from service of the motion to file their opposition, which would mean by the end of April. The opposition which they have now filed is over two (2) months late and without leave of court.

Moreover, it is not as if they were unaware that the motion was being treated as unopposed due to their lack of timely opposition. On May 23, 2005 and again on June 29, 2005, Defendant Ambrosino filed a Status Report and Request for Further Scheduling Conference and Supplemental Status Report and Request for Further Scheduling Conference, both of which referenced Defendant Ambrosino's motion as being unopposed. Plaintiffs delay until well into July to file such an opposition without leave of Court is grossly untimely and inexcusable.

### THE OPPOSITION FAILS TO COMLPY WITH LOCAL RULE 56.1

Local Rule 56.1 states in relevant part that:

"Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. . . . Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."

Plaintiffs' Opposition fails to comply with Local Rule 56.1 inasmuch as it is not supported by the required separate statement. Thus, Defendant Ambrosino's stated facts as set forth in his separate statement are deemed admitted for purposes of the instant motion despite Plaintiffs assertion to the contrary (Plaintiffs' Opposition, page 1, second full paragraph).

## THE OPPOSITION IS FRIVOLOUS

First, Plaintiffs argue that the "issue of municipal liability was not raised by the defendants (sic) in their motion." Plaintiffs' Opposition, page 1, second full paragraph. True, but so what? The motion of Mayor Ambrosino, like the motion of Chief Reardon before him, addresses his personal liability, not the City 's liability. Thus, there was no need for him to address the City's liability.

Plaintiffs then assert that "[t]his genuine issue of material fact therefore cannot be resolved by this motion." Plaintiffs' Opposition, page 1, second full paragraph. In the first place, the question of municipal liability is a question of law and not a question of genuine issues of material fact. Secondly, neither Mayor Ambrosino, nor Chief Reardon for that matter, are attempting to adjudicate the City's liability, or lack thereof, by virtue of their motion. Thus, while Plaintiffs are correct that Mayor Ambrosino's, and Chief Reardon's for that matter, motion cannot resolve the issue of the City's liability, if any, that point is simply irrelevant.

Next, Plaintiffs assert that the Federal Rules of Civil and Appellate Procedure require that the current Mayor and Chief of Police be named parties. Plaintiffs' Opposition, page 1, third full paragraph; Plaintiffs' Memorandum, page 2, section entitled Automatic Substitution of Named Office-Holder. Here again, however, this argument is pointless. Plaintiffs acknowledge that suits against these public officials in their official capacity are actually suits against the public entity itself. Plaintiffs Memorandum, pages 1-2, first argument. But the public entity is already a party to this action. And once again, these Defendants motions are addressed to their potential individual capacity liability. If neither Defendant, in his individual capacity, committed an actionable wrong, then they are entitled to judgment in their favor and ultimately, the City can not be held liable for their conduct, since it was not actionable in the first instance. This ultimate outcome, however, will be addressed only after the instant motions for summary judgment are presumably granted.

3

Plaintiffs then allude to the issue of whether or not Mayor Ambrosino or Chief Reardon are final policy makers whose actions might subject the City to liability. Plaintiffs' Opposition, page 1, numbered paragraphs 1 to 3 and page 2, numbered paragraphs 5 and 6. Whether the Mayor and the Chief of Police are final policy makers is irrelevant if the Court determines that they committed no actionable wrongs. The final policy maker issue is, once again, an issue related to City liability and not the individual liability of these City officials. Thus, Plaintiffs assertion that the "defendant has filed a motion that is premature, frivolous and brought without reasonable inquiry into the substantive (sic) that govern municipal liability" (Plaintiffs' Opposition, page 2, numbered paragraph 7) is patently erroneous since Mayor Ambrosino, like Chief Reardon before him, has filed a motion for summary judgment addressing his personal liability and not the City's liability. Thus, the motion is neither premature, nor frivolous and need not address the substantive law regarding the City's liability in any event.

WHEREFORE, the premises being considered, Defendant Ambrosino moves the Court to strike the Plaintiffs' Opposition and accompanying Memorandum for the reasons set forth above. For the Defendant, **MAYOR THOMAS AMBROSINO,**

By his Attorneys,

_____
Paul Capizzi, Esq., City Solicitor, BBO#: 646296
pcapizzi@revere.org
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#: 659462, wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: July 12, 2005

## CERTIFICATE OF SERVICE

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant, Mayor Ambrosino's Motion to Strike Plaintiffs' Opposition, etc., to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

                                                                                                     Walter H. Porr, Jr.,

Dated: July ___, 2005