UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and<br>SONIA FERNANDEZ,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO,<br>Mayor, CITY OF REVERE POLICE<br>DEPARTMENT, TERRENCE REARDON,<br>Chief, BERNARD FOSTER, SALVATORE<br>SANTORO, ROY COLANNINO, FREDERICK<br>ROLAND, THOMAS DOHERTY, JOHN<br>NELSON, JAMES RUSSO, MICHAEL<br>MURPHY and STEVEN FORD,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>: C.A. No.: 03-12499MLW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**OPPOSITION OF DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY AND STEVEN FORD TO PLAINTIFF TERRI PECHNER-JAMES' REQUEST FOR *ROOKER-FELDMAN* RULING AND FURTHER INSTRUCTIONS**

Now come the Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford (hereinafter referred to as "the individual Defendant officers"), by and through their undersigned counsel, and hereby oppose Plaintiff Terri Pechner-James' Request for *Rooker-Feldman* Ruling and Further Instructions. As grounds therefore, the individual Defendant officers state the following:

**I.   PROCEDURAL BACKGROUND**

The instant action, alleging sundry federal and state causes of action against various

municipal and individual Defendants, was commenced by means of a Verified Complaint dated September 30, 2003. This Verified Complaint alleges that the Plaintiffs; Terri Pechner-James and Sonia Fernandez; while employed as law enforcement officers for the City of Revere, were subjected to a hostile work environment in violation of federal and state law (Count I);[1] were constructively discharged from their employment with the City of Revere (Count II); were subjected to disparate treatment (Count III); and were subjected to the impermissible and intentional infliction of emotional distress by the named Defendants (Count IV).

From the time of the filing of the Verified Complaint to the present, Plaintiff Pechner-James has attached great significance, for purposes of this litigation, to the findings of a three person medical panel convened by Public Employee Retirement Administration Commission.[2] *See* Verified Complaint ¶¶ 110, 114, 117, 119, 121; *see also* Exhibits A and B appended to Verified Complaint. In considering the question of the Plaintiff's fitness to perform her duties as a police officer, this panel determined that the Plaintiff was mentally incapable of performing the essential functions of her job; that such incapacity was likely to be permanent; and, because the Plaintiff's clinical history revealed no alternate origin for her anxiety disorder, that the Plaintiff's disability was causally related to the emotional trauma alleged by the Plaintiff to have been suffered in her workplace. *See* Exhibit B appended to Verified Complaint. Relying singularly

---

[1]Although many of the Plaintiffs' claims arise out of a common nucleus of operative allegations, it should be noted that while Plaintiff Sonia Fernandez alleges that she was discriminated against on both gender and racial lines; *see* Verified Complaint, ¶¶ 123-140; Plaintiff Terri Pechner-James' allegations are confined to discrimination based on her gender. *See* Verified Complaint, ¶¶ 108-122.

[2]Because the Request for *Rooker-Feldman* Ruling and Further Instructions is advanced only on behalf of Plaintiff Pechner-James, this Opposition necessarily focuses only upon that Plaintiff.

upon this state administrative agency determination, it is the Plaintiff's position that, as it relates to this lawsuit, the issue of liability, and in particular the question of causation, has been established conclusively by the "binding" determination of the medical panel, assigning this Court to the perfunctory role of presiding over an assessment of damages. In furtherance of that position, the Plaintiff now has filed the instant "Request for *Rooker-Feldman* Ruling and Further Instructions."

## II.   ARGUMENT

Put simply, the Plaintiff's Request is nothing more than a result in search of a rationale. *See* L. Pirandello, SIX CHARACTERS IN SEARCH OF AN AUTHOR (1921). Seeking to advance the proposition that the issues of liability and causation have been resolved for purposes of this litigation, and ostensibly aware that the preclusion doctrine of collateral estoppel is of no assistance, the Plaintiff has chosen to place reliance upon the *Rooker-Feldman* doctrine. This reliance, however, is misplaced and entirely disregards the unequivocal direction that the United States Supreme Court has provided on the matter.

Although it is unnecessary to repeat the arguments presented in the Opposition filed on behalf of Defendants City of Revere, City of Revere Police Department, Mayor Ambrosino and Police Chief Reardon, it is worthwhile to highlight briefly the contours of the *Rooker-Feldman* doctrine, as recently clarified by the United States Supreme Court. A jurisdictional rule, the *Rooker-Feldman* doctrine arises out of the preclusive impact that the United States Supreme Court's appellate jurisdiction over state court judgments; *see* 28 U.S.C. § 1257; has upon a United States District Court's grant of original jurisdiction for the adjudication of certain well-defined subject-matter. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. ___, ___,

125 S.Ct. 1517, 1526 (2005)  As explained in Justice Ginsburg's recent opinion for a unanimous Court, "*Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments . . . precludes a United States [D]istrict [C]ourt from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority . . . ." *Id.*

These circumstances, the *Exxon* Court explained, are narrow and are "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [D]istrict [C]ourt proceedings commenced and inviting [D]istrict [C]ourt review and rejection of those judgments." *Id.*, 544 U.S. at ___, 125 S.Ct. at 1521-22. Beyond this articulation of the proper scope of the doctrine, the *Exxon* Court also cited approvingly of footnote three in *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 (2002), in which the Court concluded that the doctrine does not apply to preclude a federal District Court's jurisdiction in the context of litigation seeking review of state *agency* action. *Exxon Mobil Corp.*, 544 U.S. at ___, 125 S.Ct. at 1523.

Applying these principles to this matter leads ineluctably to the conclusion that the *Rooker-Feldman* doctrine is of no moment whatsoever to this litigation and the Plaintiff's attempt to seek a determination from this Court that the doctrine conclusively resolves the question of liability must be rejected. First, the disability retirement proceeding underlying the Plaintiff's Request was conducted by a medical panel convened by the Public Employee Retirement Administration Commission, an agency of the executive branch of government

-4-

created by Mass. Gen. Laws ch. 7, § 49.³ Consequently, the determination of such an administrative agency may not lead to subsequent application of the *Rooker-Feldman* doctrine, which is confined entirely to federal judicial review of state judicial judgments. *See Verizon Md. Inc.*, 535 U.S. at 644 n.3.

Second, this is not an instance in which a state-court loser seeks federal District Court rejection of that state judicial determination--an instance in which the doctrine may apply to bar such federal review. Quite the opposite, this is an instance in which the "prevailing" party in the state proceeding essentially seeks federal affirmation of the result of the state proceeding. In this construct, the *Rooker-Feldman* doctrine, as recently clarified by the Supreme Court, has no application. *See Exxon Mobil Corp.*, 544 U.S. at ___, 125 S.Ct. at 1521-22.

Finally, although not on point on the *Rooker-Feldman* issue, but speaking to the broader question of the preclusive impact, if any, that this panel's determination has upon this litigation, it should be noted that the individual Defendant officers had no role as individuals in that state proceeding, to which the parties in interest were the City of Revere and the Plaintiff. As named parties to a civil lawsuit that follows a state administrative proceeding, to which the individual Defendant officers were not parties, and in which there was no full and fair opportunity to litigate on their behalf and defend against allegations of wrongdoing, the disability retirement proceeding and judgment may not operate preclusively to bar the individual Defendants' defense on the merits in this forum. *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 (1st Cir. 1992)

---

³Massachusetts General Laws ch. 7, § 49 (a) provides in relevant part: "There shall be within the executive office of administration and finance, but not subject to its control, a public employee retirement administration commission consisting of seven members, three of whom shall be appointed by the governor, three of whom shall be appointed by the state auditor, and one of whom shall be chosen by the first six members and who shall be chairman. . . ."

(looking to state law for purposes of collateral estoppel; in Massachusetts, although mutuality of parties is not necessary for estoppel to apply, "where the party in whose favor collateral estoppel is to be applied was not a litigant in the original action, the central inquiry is whether the party against whom issue preclusion will be applied had a fair opportunity to litigate the issue fully or whether reasons exist to afford the party a chance to relitigate the issue. . . ." (Citations omitted)).

### III.  CONCLUSION

WHEREFORE, the individual Defendant officers respectfully request that the Plaintiff's Request for *Rooker-Feldman* Ruling and Further Instructions be denied.

>Defendants Bernard Foster, Salvatore
>Santoro, Roy Colannino, Frederick
>Roland, Thomas Doherty, John Nelson, James
>Russo, Michael Murphy and Steven Ford,
>By their attorneys,
>
>/s/ Andrew J. Gambaccini
>Michael J. Akerson
>BBO #: 558565
>Andrew J. Gambaccini
>BBO #: 654690
>Reardon, Joyce & Akerson, P.C.
>397 Grove Street
>Worcester, MA 01605
>(508) 754-7285