# THE CITY OF REVERE, MASSACHUSETTS



281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

August 1, 2005

United States District Court
for the District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

Attn:  Dennis O'Leary
       Deputy Clerk for Judge Mark Wolf

      RE:      Terri Pechner-James and Sonia Fernandez
      C.A. No.  03-12499-MLW

Dear Mr. O'Leary:

On Friday, July 29, 2005, I received electronic notification of the Notice for the Motion Hearing set for September 23, 2005. The Notice itself simply states Motion Hearing without specifying the motions in question. The electronic notification references a few motions by docket number and short title, but not all of the motions which are currently pending. By my count, the following motions are pending:

| Docket No. | Motion | Date Filed |
|---|---|---|
| 29 | Police Chief Terence Reardon's Motion for Summary Judgment. | 3/1/05 |
| 33 | Plaintiffs' Emergency Motion for Protective Order. | 4/12/05 |
| 34 | Plaintiffs' Motion to Compel Production of Documents and Request for Sanction. | 4/12/05 |
| 37 | Mayor Thomas Ambrosino's Motion For Summary Judgment. | 4/12/05 |

Dennis O'Leary
August 1, 2005
Page 2

| | | |
|---|---|---|
| 46 | Defendant, City of Revere's, Motion to Compel Answers to Interrogatories. | 5/23/05 |
| 50 | Defendant, City of Revere's, Motion for Leave to File a Memorandum in Excess of Twenty Pages. | 6/29/05 |
| 53 | Plaintiff's Request for Rooker-Feldman Ruling and Further Instructions. | 6/29/05 |
| 59 | Defendant, City of Revere's, Motion for Relief From the Time Limit for Depositions Set Forth in F.R.C.P. 30(d)(2). | 6/29/05 |
| 64 | Mayor Thomas Ambrosino's Motion to Strike Opposition to Motion for Summary Judgment. | 7/13/05 |
| — | Defendant, City of Revere's, Motion for Rule 11 Sanctions. | 8/2/05 |

The electronic notification for the Notice of Hearing references Docket Nos. 33, 34, 46, 53 and 59. It does not reference Docket Nos. 29 (Reardon MSJ), 37 (Ambrosino MSJ), 50 (Revere Motion for Excess Pages) and 64 (Ambrosino Motion to Strike MSJ Opposition). For obvious reasons, it also does not reference the City's Motion for Rule 11 Sanctions filed concurrently herewith. Are these motions going to be included on the Docket at the hearing on September 23, 2005?

Moreover, electronic notification for the Notice of Hearing erroneously references Docket No. 31 (Stipulation and Order Permitting Interrogatories in Excess of 25 in number) as a Motion. Review of the actual document will reveal that it is indeed a stipulation and that Judge Wolf signed it on March 24, 2005. Plaintiffs are now seeking relief from their stipulation (Docket No. 33) while the City of Revere is seeking enforcement of their stipulation (Docket No. 46).


Dennis O'Leary
August 1, 2005
Page 3

    Additionally, the hearing date, September 23, 2005, is one week before Discovery cut-off, one month before a Scheduling/Settlement Conference and two months before trial. In the wake of the foregoing motions and the delay in their resolution, I have filed two status reports seeking a further scheduling conference to address the compromised schedule in this case (Docket Nos. 49 and 51). In light of the Notice of Hearing on Motion, the questions set forth above and the scheduling issues created thereby, the need for a further scheduling conference is even more pressing than before. In light of the foregoing, Judge Wolf address scheduling issues at the hearing on September 23, 2005?

    Finally, enclosed herewith for filing in the above-referenced civil action are Defendants' Motion for Rule 11 Sanctions, Affidavit of Walter H. Porr, Jr. in Support Thereof, and said Defendants' Certificate of Compliance in relation thereto. Service copies for Judge Wolf are also included.

    Thank you for your attention to this matter.

<div style="text-align:right">Very truly yours,

Walter H. Porr, Jr.
Assistant City Solicitor</div>

Enc.

Cc:    James S. Dilday, Esq.
       Michael J. Akerson, Esq.