UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | )<br>)<br>)<br>)<br>)   C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSIONOS' AND POLICE CHIEF TERRENCE REARDON'S MOTION FOR RULE 11 SANCTIONS**

NOW COMES Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their Motion for Federal Rules of Civil Procedure, Rule 11, sanctions.

**DEFENDANTS ARE ENTITLED TO AND
SHOULD BE AWARDED RULE 11 SANCTIONS**

Defendants refer to and incorporate herein by reference their opposition to Plaintiff's "Request" for Rooker-Feldman Ruling, etc.

On June 20, 2005, Defendants' Counsel received a copy of the "Request" under cover letter dated June 17, 2005. (Attached hereto as Exhibit "A" is a true and accurate copy of said letter. See Affidavit of Walter H. Porr, Jr., filed concurrently herewith). According to the cover letter, its "purpose" was "to comply with Local Rule 7.1(a)(2) by conferring with regards to the enclosed Plaintiff's Request for *Rooker-Feldman* Ruling [etc]". Exhibit "A".

Local Rule 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted **in good faith** to resolve or narrow the issues" (emphasis added). Plaintiff's purported Rule 7.1(a)(2) effort was <u>not</u> made in good faith.

On June 21, 2005, Defendants' Counsel responded to Plaintiffs' Counsel's Rule 7.1(a)(2) letter. (Attached hereto as Exhibit "B" is a true and accurate copy of said letter. See Affidavit of Walter H. Porr, Jr., filed concurrently herewith).

Rule 11(b)(2) states that "[b]y presenting to the court [ ] a pleading, written motion, or other paper, an attorney [ ] is certifying that **to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances**, the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" (emphasis added).

In this case, Plaintiff's Counsel can not satisfy any of these requirements.

In the first place, Defendants' Counsel's response demonstrated that Plaintiff's "Request" was in truth a partial motion for summary judgment and subject to the requirements of Local Rule 56.1 (Exhibit "B", page 1, 2nd paragraph), yet Plaintiff's Counsel took no notice.

Defendants' Counsel's response also brought to Plaintiff's Counsel's attention adverse and controlling authority from the Supreme Court's *Verizon* decision from 2002 (Exhibit "B", page 2, 5th paragraph) and the Supreme Court's *Exxon* decision rendered this year (Exhibit "A", page 2, 1st – 3rd paragraphs). Yet Plaintiff's Counsel took no notice.

Plaintiff's Counsel's failure to acknowledge the existence of the Supreme Court's *Verizon* and *Exxon* decisions is a direct and blatant violation of Mass. Rules of Professional Conduct, Rule 3.3(a)(3) ("A lawyer shall not knowingly fail to disclose to the tribunal legal

authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." See Comment [3] to Rule 3.3(a)(3) *Misleading Legal Argument*: "Legal argument based on a knowingly false representation of the law constitutes dishonesty towards the tribunal. A lawyer is not required to make a disinterested exposition of the law, **but must recognize the existence of pertinent legal authority**." Emphasis added.)

Here, Plaintiff's Counsel filed the "Request" in the face of clearly adverse and applicable legal precedent which he purposefully failed to recognize despite his awareness of it, thereby violating Rule 3.3(a)(3) by doing so.

Plaintiff's Counsel's failure to cite relevant, controlling authority in the "Request" is sanctionable under Rule 11 since these Supreme Court cases are determinative of Plaintiff's argument and Rule 3.3(a)(3) mandated that this adverse, controlling authority be cited. *Cousin v District of Columbia*, 142 FRD 574 (DC Dist. 1992). Where, as here, Plaintiff's Counsel simply ignored applicable Supreme Court precedent which was contrary to Plaintiff's position, the requirements of Rule 11 have not been met and sanctions are appropriate. *Schrag v Dinges*, 150 FRD 664 (DC Kan. 1993).

Finally, Plaintiff's Counsel treated the Local Rule 7.1(a)(2) requirement as a mere formality, going through the motions without engaging its substance. All of the foregoing matters were brought to his attention, yet instead of taking these realities seriously and thereby narrowing or resolving the issue (i.e., by filing a proper motion and confronting the adverse authority by (1) acknowledging its existence and (2) making a nonfrivolous argument regarding why as a matter of fact or law it should not apply in this case), Plaintiff's Counsel simply filed the "Request" as is.

"A pleading determined to be in contravention of the Rule subjects both the signer and the party he represents to 'an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.' [Rule 11]. We take as given that the District Court correctly determined that petitioner's filings were insufficiently well grounded to satisfy the Rule, **the payment of attorney's fees was a reasonable sanction in response**, and the imposition of joint and several liability was appropriate." *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992) (emphasis added).

In light of the foregoing, the City is entitled to an award of sanctions in the form of reasonable attorney's fees. "Although the 'American Rule' prohibits the shifting of attorney's fees in most cases, see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 44 L. Ed. 2d 141, 95 S. Ct. 1612, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, id., at 258-259, 260." *Chambers v. NASCO*, 501 U.S. 32 (1991).

In this context, the appropriate hourly fee to be applied in calculating award of attorney fees is the prevailing rate in the district in which suit is litigated, irrespective of the fee usually charged by the attorney. *Segarra v Messina*, 158 FRD 230 (ND NY. 1994,); *Binghamton Masonic Temple v Bares*, 168 FRD 121 (ND NY. 1996) (Attorney's fees should be calculated according to prevailing rates in community for similar services by lawyers of reasonably comparable skill, experience and reputation.)

Based upon the foregoing, Defendants seek an award of attorney's fees in the amount of $1,000.00 based upon the affidavit of Walter H. Porr, Jr., filed concurrently herewith.

For the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO AND POLICE CHIEF TERENCE REARDON,**

By their Attorneys,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: July ___, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Motion for Rule 11 Sanctions, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
Attorney for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.,

Dated: July ___, 2005