Case 1:03-cv-12499-MLW    Document 70-3    Filed 08/02/2005    Page 1 of 3

# THE CITY OF REVERE, MASSACHUSETTS



281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
    Mayor

June 21, 2005

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re:    Pechner-James, et al., v. City of Revere, et al.
        USDC MA Case No. 03-12499-MLW

Dear Mr. Dilday:

    While I am still awaiting receipt of the missing page 4 of the Memorandum in Support of Plaintiff's Request for Rooker-Feldman Ruling (see my letter of yesterday), I nonetheless thought I would provide you with the following observations, subject to any further thoughts after page 4 has been received and reviewed.

    First, on the face of the document which you sent, the nature of your "motion" is unclear. I call it a "motion" because it meets the definition of the same under Federal Rules of Civil Procedure, Rule 7(b)(1) and because you are attempting to comply with Local Rule 7.1 regarding the filing of motions. Given the factual recitation on page 3 (again I am missing page 4), I can only presume that this pleading is some sort of partial motion for summary judgment under Federal Rules of Civil procedure, Rule 56. Since it is dependent upon matters outside the pleadings, I do not believe it could properly be cast as a motion under Federal Rules of Civil procedure, Rule 12. That being the case, the document you sent me make no reference to a separate statement of undisputed material fact which would be required for such a motion.

    Second, the administrative proceedings that resulted in your clients' disability retirements did <u>not</u> address, much less adjudicate, any potential claims under either Title VII (42 U.S.C. § 2000e) or Mass. Gen. Laws ch. 151B. The fact that your clients were awarded disability retirements simply means that they were awarded disability retirements. It does not mean that the City violated either Title VII or 151B. These proceedings did not involve contested evidentiary hearings applying the rules of evidence to the legal claims now being advanced. What you are really trying to do, in essence, is apply res judicata or collateral estoppel principles to these administrative determinations of retirement eligibility. Since eligibility for retirement and violations of Title VII or 151B are two entirely separate and distinct inquiries, the resolution of the first does not automatically lead to the resolution of the second.

James S. Dilday, Esq.
Page 2
June 21, 2005

Third, *Rooker-Feldman* has absolutely no application here. Just this year in the case of *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, ___ U.S. ___, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court stated:

"The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." 125 S.Ct. at 1521-1522.

Obviously, the underlying disability retirements are not "state-court judgments." Moreover, even if the disability retirement proceedings could be considered parallel state litigation, *Rooker-Feldman* is not triggered. "This Court has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" 125 S.Ct. at 1526-1527. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. (Citations omitted). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." 125 S.Ct. at 1527.

Once again, since the disability retirement proceedings did not adjudicate your clients' Title VII and 151B claims, there is no basis for claim or issue preclusion.

Finally, three years ago in *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2s 871 (2002), the Supreme Court observed that the *Rooker-Feldman* doctrine "has no application to judicial review of executive action, including determinations made by a state administrative agency." 535 U.S. at 644, fn. 3.

Thus, there seems to be no basis in law or fact for your proposed motion.

As a closing matter, I would note that should you pursue this motion I would be compelled to seek sanctions under Federal Rules of Civil Procedure, Rule 11. Frankly, your meritless emergency motion and your refusal to answer interrogatories to which you stipulated also merited requests for sanctions under Rule 11, but I have refrained from seeking them in hopes that this matter could nonetheless be moved to resolution. This proposed motion is just another example of a litigation strategy that is grounded neither in fact nor law. Should you proceed, I will have no choice but to seek sanctions for this pattern of abusive litigation practice.

James S. Dilday, Esq.
Page 3
June 21, 2005

    Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

                                        Sincerely,

                                        Walter H. Porr, Jr.
                                        Assistant City Solicitor

Cc:    Michael J. Akerson, Esq.