UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
)
v. )    C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO,)
FREDERICK ROLAND, THOMAS DOHERTY,)
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

### AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT OF DEFEDANTS' MOTION FOR RULE 11 SANCTIONS

I, Walter H. Porr, Jr., do hereby depose and state:

1. I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Chief of Police Terence Reardon in this action.

2. On June 20, 2005, I received a letter from Plaintiff's Counsel regarding a purported attempt to comply with Local Rule 7.1(a)(2) with respect to Plaintiff's "Request" for Rooker-Feldman Ruling and Further Instructions. A true and accurate copy of said letter is attached to Defendants' Motion for Rule 11 Sanctions as Exhibit "A". On June 21, 2005, I responded to this letter with a letter of my own. A true and accurate copy of said letter is attached to Defendants' Motion for Rule 11 Sanctions as Exhibit "B".

3. I was first licensed to practice law in the State of California and the United States District Court for the Eastern District of California on December 7, 1988. I was subsequently licensed to appear before the Ninth Circuit Court of Appeals, the United States Supreme Court and the United States District Court for the Central District of California. On January 29, 2004, I was licensed to practice law in the Commonwealth of Massachusetts and the First Circuit Court of Appeals. On February 25, 2004, I was licensed to practice before the United States District Court for the District of Massachusetts.

4. Since late 1990, I have continuously been involved in the trial and/or appellate litigation of claims in the federal district and appellate courts. I have tried over 15 cases to verdict in the Eastern District of California (the vast majority of which were jury trials) and have defended approximately six cases in the Ninth Circuit Court of Appeals, two of which required oral argument. I have tried to verdict and defended on appeal a similar number of cases in state court. The majority of my trial experience was gained in my capacity as a Deputy City Attorney for the City of Bakersfield, California from December 16, 1990 to January 3, 2003.

5. I appeared as counsel for the City of Revere in the case entitled Falta v. City of Revere, Case No. 03-10065-RWZ, and was instrumental in the settlement of that case during the pre-trial conference in January 2005 before Judge Rya Zobel.

6. From 2004 to the present, I have both maintained a private practice of law in Boston and, as of December 2004, worked for the City of Revere as an Assistant City Solicitor. Based upon my own practice of law, my interaction with other practitioners in the greater Boston area, my review of outside counsel agreements for the City of Revere and my general knowledge of the local legal community, it is my opinion that an hourly rate of $250.00 per hour is reasonable for an attorney with over 16 years of trial and appellate experience in federal court.

7. Upon receipt of Plaintiff's Counsel's letter of June 17, 2005, I reviewed the attached "Request", conducted on-line legal research re: the Rooker and Feldman cases and the Rooker-Feldman Doctrine and drafted a letter in response which was mailed on June 21, 2005. These tasks took approximately two hours.

8. On June 29, 2005, I received Plaintiff's Counsel's letter of June 28, 2005 indicating that he had decided to file the "Request" with supporting documents with the Court. Service copies were attached to that letter. I then began drafting my clients' opposition to this "Request" which was completed on July 5, 2005 after the 4th of July holiday, together with my affidavit related thereto. At the same time, I also began preparation of the instant motion for Rule 11 sanctions which, along with this declaration, which were also completed on July 5, 2005 after I conducted some on-line legal research re: Rule 11 standards in this particular context. These tasks also took approximately two hours.

9. If Plaintiff's Counsel does not avail himself of the 21 day safe harbor provisions of Rule 11, then the instant motion will be filed and no doubt heard at oral argument. Travel from Revere to the Federal Court in Boston by public transportation takes approximately one half hour if all connections are timely made. Hearing on the motion may take between one half hour to an hour depending upon the Court's calendar. Thus, appearing at the hearing may take an additional two hours time.

10. Based upon the foregoing, the City of Revere is seeking sanctions in the amount of $1,000.00 based upon the expenditure of four hours time at an hourly rate of $250.00 per hour.

Signed under the pains and penalties of perjury this _____ day of July, 2005.

Respectfully submitted,

_____
Walter H. Porr, Jr.

### CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Affidavit of Walter H. Porr, Jr., in Support of Motion for Rule 11 Sanctions, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: July ____, 2005