UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

On June 21, 2005, Defendants' Counsel, Assistant City Solicitor Walter H. Porr, Jr., sent a letter to Plaintiffs' Counsel, James Dilday, regarding Plaintiffs' intended Request for Rooker-Felman Ruling and Further INstructions. A true and accurate copy of said letter is attached to Defendants' Motion for Rule 11 Sanctions as Exhibit "B". The purpose of this letter was to respond to Plaintiffs' Counsel's letter of June 17, 2005 (Exhibit "A" to the Rule 11 Motion) attempting to narrow or resolve the issues to be presented by Plaintiffs' "Request." In the letter of Defendants' Counsel, Plaintiffs' Counsel was explicitly warned that a Motion for Rule 11 Sanctions would be pursued should he proceed with Plaintiffs' meritless "Request." (See Exhibit "A" to Rule 11 Motion, page 2, last paragraph). Plaintiffs' Counsel did not reply to this letter and simply filed the "Request" in derogation of U.S. Supreme Court precedent which is both contrary to the position asserted and which Plaintiffs' Counsel chose to ignore despite being put on notice thereof and also in derogation of Local Rule 56.1.

On July 5, 2005, Defendants' Counsel made good on his warning that he would seek Rule 11 Sanctions if Plaintiff's persisted with the Rooker-Feldman "Request" by serving upon Plaintiffs' Counsel a Motion for said sanctions. In keeping with the requirements of Rule 11, said motion was not filed herein pending the passage of the 21 day safe-harbor period. A true and accurate copy of the letter of transmittal of said Motion for Rule 11 Sanctions is attached hereto as Exhibit "A".

Having attempted to narrow and resolve the issues presented by the above-referenced motion without success, said Defendants now file said motion and this certificate of compliance pursuant to local rule 7.1(a)(2).

For the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DPEARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON**,

By their Attorneys,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: August __1__, 2005.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Certificate of Compliance, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.  
27 School Street, Suite 400  
Boston, MA 02108  
Attorney for the Plaintiffs

Michael J. Akerson, Esq.  
Reardon, Joyce and Akerson, P.C.  
397 Grove Street  
Worcester, MA 01605  
Attorneys for Defendants  
Bernard Foster, Salvatore Santoro,  
Roy Colannino, Frederick Roland,  
Thomas Doherty, John Nelson,  
James Russo, Michael Murphy,  
and Steven Ford

Dated: August 1, 2005

_____  
Walter H. Porr, Jr.,