UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and
SONIA FERNANDEZ,
     Plaintiffs

CA. 03-12499-mcw

V

CITY OF REVERE et al
     Defendants

### PLAINTIFFS OPPOSITION AND AFFIRMATIVE REQUEST FOR RULE 11 SANCTIONS AGAINST DEFENDANTS, THOMAS AMBROSINO, MAYOR AND TERRENCE REARDON, CHIEF OF POLICE, CITY OF REVERE.

Now comes the Plaintiffs, Terri Pechner-James and Sonia Fernandez and hereby (1) oppose the Defendants Motion for Rule 11 Sanctions and (2) make an affirmative request for Rule 11 Sanctions against the Defendants. The Plaintiffs state the following as grounds for their opposition:

1. The Plaintiffs filed their case in the Suffolk Superior Court. Both the state courts and the federal courts had concurrent jurisdiction of this case. The Defendants removed the case to the federal district court for the express purpose of seeking to review and reverse the prior adjudications made in the state forum. The Defendants are state court losers, who waived their appeal rights in the state forum, and removed the case to the federal district court to relitigate the same issues

2. The Defendants failed to file a timely answer to Plaintiffs complaint while it was in the superior court. The Defendants failed to file a timely answer after they removed the case to the federal district court. The filed an answer only after the Plaintiff, Terri Pechner-James had filed a Motion For Partial Summary Judgment on Counts 1 and 2 of her complaint.

3. The Plaintiffs relied upon the adjudicatory determinations of the Massachusetts Division of Administrative Law Appeals (DALA) and the Public Employee Retirement Administration Commission (PERAC) in all four counts of their complaint.

4. DALA, PERAC and the Medical Panel made the adjudicatory determination that the Plaintiffs were disabled by the hostile work environment they experienced as employees of the Revere Police Department. The Defendants did not appeal these adjudicatory determinations. Both Plaintiffs now receive retirement benefits because of their disability.

5. The Plaintiffs injury and its causation were conclusively and finally determined by state adjudication. The Plaintiffs now receive retirement benefits based on these adjudications; they have property interests in the continued receipt of those benefits.

6. The Plaintiffs have filed a Request for Rooker-Feldman Ruling and Further Instructions in order to seek this court's guidance on the jurisdictional question raised by

the prior judicial state determinations on which the Plaintiffs have based their causes of action.

7. The Plaintiffs Request was made necessary by the fact that the Defendants have propounded over three hundred (300) interrogatories plus Request For Production of Documents and other pleadings in an attempt to relitigate the issues of injury and causation that have been determined in a prior state proceeding.

8. The Defendants have engaged in bad faith, they have vexatiously multiplied litigation, and they have attempted to relitigate in the federal district court prior state judicial determination.

9. The Defendants have filed a response to Plaintiffs Request For Rooker-Feldman Ruling. They have cited Exxon-Mobil Corporation v Saudi Basic Industries Corporation, 125 S.Ct. 1517, 161 L.Ed2d 454 (2005) and Verizon Md. Inc v Public Serv. Comm'n of Md., 535 U.S. 635, 122 S. Ct. 1753, 152 L.Ed2d 871 (2002).

10. Neither the Exxon-Mobil case not the Verizon case, cited by the Defendants, support the Defendants attempt to relitigate the issue of injury and causation in the federal district court. The Defendants are state court losers, who waived their appeal rights in the state forum, and removed the case to the federal district court to relitigate the same issues. This position is not supported and cannot be supported by the holding of either case because the matter is jurisdictional.

11. Defendants counsel has deliberately misinterpreted the holdings and the scope of both Exxon-Mobil and Verizon cases. He has also failed to acknowledge the adjudicatory nature of M.G.L.c. 30A and 801 and 804 CMR 1:00 et seq. and other regulations that govern adjudicatory proceedings in Massachusetts.

12. Neither Exxon-Mobil nor Verizon can empower state court losers to review and reverse state adjudicatory proceedings. _His failure to acknowledge the existence of M.G.L.c. 30A and the provisions of 801 and 804 CMR 1:00 et seq. is a direct and blatant violation of Massachusetts Rules of Professional Conduct Rule 3.3(a)(3) (A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." See Comment [3] to Rule 3.3(a)(3). Misleading Legal Argument.

13. "Legal argument based on a knowingly false representation of the law constitures dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authority."

14. Defendants counsel filed opposition to Plaintiffs Request and also filed a request for sanctions in the face of clearly adverse and well-settled Massachusetts statutes, regulations and case law. Defendants counsel has clearly violated Rule 3.3(a)(3) by these repeated failures.

4

15. Defendants counsel has ignored M.G.L.c. 30A and applicable regulations because their import is contrary to his position. He deliberately misinterprets both Exxon-Mobil and Verizon. Neither case supports the relitigation he seeks. Defendants counsel's position is frivolous, unsupported by law and a direct violation of Rule 11.

16. Plaintiffs counsel is entitled to attorneys fees and the costs incurred in the defense of the Defendants misleading opposition and frivolous motion for sanctions.

WHEREFORE, the Plaintiffs request that:

    1. The Defendants Motion For Rule 11 Sanctions be denied; and

    2. The Court impose Rule 11 sanctions upon the Defendants counsel including an assessment of the attorneys fees and costs incurred in responding to a misleading opposition and a frivolous and baseless motion for sanctions.

Terri Pechner-James
Sonia Fernandez
Plaintiffs
By their counsel

*/s/ James S. Dilday*
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Terri Pechner-James and**　　　　　　　　　　　　C.A. #03-12499MLW
**Sonia Fernandez**

V

**City of Revere et al.**

### CERTIFICATE OF SERVICE

I hereby certify that I have served upon the parties listed below the following documents:

1. Plaintiffs Opposition and Affirmative Request For Rule 11 Sanctions Against Defendants, Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police, city of Revere.

2. Certificate of Service

by mailing first class mail, postage prepaid:

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
City of Revere
281 Broadway
Revere, MA 02151


Michael Akerson, Esq.
John K. Vigliotti, Esq.
Attorneys at Law
397 Grove Street
Worcester, MA 01605

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Date: 8-15-05

6

## CERTIFICATE OF SERVICE

I, James S. Dilday, hereby certify that on August 15, 2005 I served a copy of Plaintiff's Opposition and Affirmative Request for Rule 11 Sanctions Against Defendants, Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police, City of Revere by first class mail as follows:

Walter H. Porr, Esquire
Paul Capizzi, Esquire
Office of City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esquire
John H. Vigliotti, Esquire
397 Grove Street
Worcester, MA 01605

James S. Dilday
Grayer & Dilday
27 School Street
Boston, MA 02108
(617) 227-3470
BBO# 124360

DATED: 8-15-05