UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
        Plaintiffs, )
 )
v. )   C.A. No. 03-12499-MLW
 )
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
        Defendants, )

### DEFENDANT, CITY OF REVERE'S, MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ROOKER-FELDMAN DOCTRINE

**NOW COMES** Defendant, **CITY OF REVERE**, and hereby moves the Court to strike Plaintiffs' Supplemental Memorandum in Support of Rooker-Feldman Doctrine and in support hereof state as follows:

#### PLAINTIFF'S COUNSEL SYSTEMATICALLY AND CONTINUOUSLY VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES OF COURT

1. When Plaintiff's Counsel filed a Motion for Partial Summary Judgment on Febraury 12, 2004 (Docket No. 3), he "failed to comply with Local Rules 5.1(a)(1), 7.1(a)(2) and 56.1 with respect to the motion." Order, June 2, 2004, denying motion without prejudice (Docket No. 10).

2. When Plaintiff's Counsel filed an Emergency Motion for Protective Order on April 12, 2005 (Docket No. 33), he failed to comply with Federal Rules of Civil Procedure, Rule 26(c) and Local Rule 7.1(a)(2). See Defendants' Opposition to the Motion (Docket No. 42), pages 1-2, and Affidavit of Walter H. Porr, Jr., (Docket No. 43), page 1, paragraphs 1 & 2.

3. When Plaintiff's Counsel filed a Motion to Compel Production of Documents on April 12, 2005 (Docket No. 34), he failed to comply with Federal Rules of Civil Procedure, Rule 37(a)(2) and Local Rule 7.1(a)(2). See Defendants' Opposition to the Motion to Compel (Docket No. 40), pages 1-2, and Affidavit of Walter H. Porr, Jr., (Docket No. 41), page 1, paragraph 2.

4. When Plaintiff's Counsel filed the Request for Rooker-Feldman Ruling and Further Instructions on June 23, 2005 (Docket No. 53), he failed to comply with Local Rule 56.1 and with Local Rule 7.1(a)(2). See Defendants' Opposition to Request for Rooker-Feldman Ruling (Docket No. 57), pages 1-2, Affidavit of Walter H. Porr, Jr., (Docket No. 58), page 1, paragraph 2. Indeed, Plaintiff's lack of compliance and related ethical lapses were so inexcusable with respect to his handling of this particular pleading that Defendants have since filed a Motion for Rule 11 sanctions (Docket No. 70). See also Affidavit of Walter H. Porr, Jr., in Support Thereof (Docket No. 71).

5. When Plaintiff's Counsel filed an untimely Opposition to Defendant Mayor Ambrosino's Motion for Summary Judgment on July 8, 2005 (Docket No. 61), he failed to comply with Local Rules 7.1(B)(2) and 56.1. See Defendant Ambrosino's Motion to Strike Opposition (Docket No. 64), pages 1-2.

6. When Plaintiff's Counsel filed the instant Supplemental Memorandum in Support of Rooker-Feldman Doctrine on August 10, 2005 (Docket No. 73), he failed to comply with Local Rule 7.1(B)(3) (see discussion below) resulting in the instant motion to strike.

7. And now, on August 16, 2005, Plaintiff has filed and served a so called Opposition **and Affirmative Request for Rule 11 Sanctions Against Defendants, etc.** (Docket No. 74) (emphasis added), which on its face fails to comply with Federal Rule of Civil Procedure, Rule 11, and Local Rule 7.1(A)(2). These failures will be addressed in a separate opposition and motion to strike filed concurrently herewith.

8. Plaintiff's Counsel executed a stipulation on behalf of his clients that allowed Defendant, City of Revere, to propound interrogatories in excess of the statutory limit, which stipulation was approved by the Court by order entered herein on March 24, 2005 (Docket No. 31 and Order thereon of March 24, 2005). Without obtaining relief from the Court's Order approving the Stipulation, Plaintiff's Counsel has now unilaterally refused to abide by the same (Docket No. 33), forcing Defendant, City of Revere, to file a motion to compel (Docket No. 46).

Plaintiff's Counsel has repeatedly and flagrantly violated both the Federal Rules of Civil Procedure, the Local Rules of Court and at least one Order entered during the course of this litigation. Defendants and their Counsel are entitled to rely upon and expect that the Rules of Court and Orders entered herein to be followed. Allowing Plaintiff's Counsel to violate the same with impunity creates an uneven playing field and places Defendants and their Counsel at an unfair disadvantage.

Federal Rules of Civil Procedure, Rule 41(b), provides as follows: "Involuntary Dismissal: Effect Thereof. **For failure of the plaintiff** to prosecute or **to comply with these rules or any order of court**, a defendant may move for dismissal of an action or of any claim against the defendant" (emphasis added). Certainly the Local Rules constitute an "order of court" and even more certainly, if the Court can dismiss an action or claim for failure to comply with the rules, it can strike a pleading which is part and parcel of a persistent pattern of rules violations.

Defendants are entitled to the protection of the Court from Plaintiff's Counsel's continuing pattern of rules violations.

**THE SUPPLEMENTAL MEMORANDUM VIOLATES LOCAL RULE 7.1(B)(3)**

On its face, the Supplemental Memorandum states "that the Defendants have filed two memorandums in opposition to the Plaintiffs request and the Plaintiffs need to respond to the latest

memorandum filed by the Defendants in opposition to Plaintiffs Request." Plaintiff's Supplemental Memorandum in Support of Rooker-Feldman Doctrine, page 1, first paragraph.

By definition, the Supplemental Memorandum is an "Additional Paper" under Local Rule 7.1(B)(3) which states: "**ALL** other papers not filed as indicated in subsections (B)(1) and (2), **whether in the form of a reply** or otherwise, may be submitted **only with leave of court** (emphasis added)."

Plaintiff has not obtained leave of Court, but rather has simply filed the Supplemental Memorandum as if she/they were entitled as a matter of right.

WHEREFORE, the premises being considered, Defendant, City of Revere, moves the Court to strike the Plaintiffs' Supplemental Memorandum in Support of Rooker-Feldman Doctrine for the reasons set forth above.

For the Defendant, **CITY OF REVERE**,

By its Attorneys,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@revere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: August 16, 2005

4

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendant, City of Revere's Motion to Strike Plaintiffs' Supplemental Memorandum, etc., to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: August 17, 2005