UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
)
v. )  C.A. No. 03-12499-MLW
)
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSIONOS' AND POLICE CHIEF TERRENCE REARDON'S, OPPOSITION AND MOTION TO STRIKE PLAINTIFF'S OPPOSITION AND AFFIRMATIVE REQUEST FOR RULE 11 SANCTIONS AGAINST DEFENDANTS, THOMAS AMBROSINO, MAYOR AND <u>TERRENCE REARDON, CHIEF OF POLICE, CITY OF REVERE</u>**

NOW COMES Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their Opposition to and Motion to Strike Plaintiffs Opposition and Affirmative Request for Rule 11 Sanctions and state as follows:

**THE "OPPOSITION" IS SUCH IN NAME ONLY**

Although styled an opposition, Plaintiffs' pleading does <u>not</u> respond to the arguments set forth in Defendants' Rule 11 Motion, namely that (1) the "Request" for Rooker-Feldman ruling was in reality a motion for summary judgment, or partial summary judgment, that did not comply with Local Rule 56.1; (2) Plaintiffs' Counsel's purported compliance with Local Rule

7.1(A)(2) was a sham; and, (3) Plaintiff's Counsel's failure to cite controlling, and recent, Supreme Court precedent violated his ethical obligation to cite adverse authority.

Instead, Plaintiff's Counsel recites the following non-responsive facts and argument:

1. Defendants removed the case to federal court (True) "for the express purpose of seeking to review and reverse the prior adjudications made in the state forum," where, according to him, "Defendants [were] state court losers" (False). Supplemental Memorandum, paragraph 1. Plaintiff's Counsel continues to characterize Plaintiffs' retirement proceedings as "State Court" proceedings, which, of course, they were not. In any event, this fact is not responsive to the issues presented by the Rule 11 Motion.

2. Defendants' answer was untimely. Supplemental Memorandum, paragraph 2. So what and isn't it a little late to be worrying about that now? Not responsive.

3. Plaintiffs rely upon administrative agency determinations of their retirement eligibility as the foundation for their claims herein. Supplemental Memorandum, paragraph 3. True, but non-responsive.

4. The state administrative agencies "made the adjudicatory determination that the Plaintiffs were disabled <u>by the hostile work environment they experienced as employees of the Revere Police Department.</u>" (False). Supplemental Memorandum, paragraph 4 (emphasis added). Not responsive.

5. "The Plaintiffs injury <u>and its causation were conclusively and finally determined by state adjudication.</u>" (False). Supplemental Memorandum, paragraph 5 (emphasis added). Not responsive.

2

6. Plaintiffs have filed the subject Rooker-Feldman motion. Supplemental Memorandum, paragraph 6. True, and such filing was and is sanctionable for the reasons set forth in Defendants' Rule 11 Motion.

7. "The Plaintiffs Request was made necessary [False, nothing about Defendants' interrogatories factually or legally made the Request necessary] by the fact that the Defendants have propounded over three hundred (300) interrogatories [True, because Plaintiff's Counsel stipulated to the propounding of these interrogatories and the Court entered an order approving said stipulation]. . . in an attempt to relitigate the issues of injury and causation that have been determined in a prior state proceeding" (False). Supplemental Memorandum, paragraph 7. Not responsive.

8. "The Defendants have engaged in bad faith [False], they have vexatiously multiplied litigation [again False] and they have attempted to relitigate in the federal district court prior state judicial determination." (False). Supplemental Memorandum, paragraph 8 (emphasis added). Not responsive.

9. Defendants have cited the Supreme Court's *Exxon-Mobil* and *Verizon Md.* Cases in its opposition. Supplemental Memorandum, paragraph 9. True, because they are dispositive of Plaintiffs' Request. Not responsive.

10. Plaintiff claims the Supreme Court's *Exxon-Mobil* and *Verizon Md.* Cases are not applicable here. Supplemental Memorandum, paragraph 10. BUT, if that is the case, which it obviously is not, then they should have been acknowledged in the "Request" to begin with and distinguished as being inapplicable. It is the failure to even try in this case which is ethically improper and subject to sanctions.

11. "Defendants counsel has deliberately misinterpreted the holdings and the scope of both Exxon-Mobil and Verizon cases. [False, the opposition speaks for itself on this issue]. He has also failed to acknowledge the adjudicatory nature of [various state statutes and regulations]." [False. Two words suffice to dispose of this contention: SUPREMACY CLAUSE.] Supplemental Memorandum, paragraph 11. Not responsive.

12. "Neither Exxon-Mobil nor Verizon can empower **state court losers** to review and reverse **state adjudicatory proceedings**." Supplemental Memorandum, paragraph 12 (emphasis added). Again False. Defendants were NOT state court losers. Not responsive. The balance of the paragraph accuses Defendants' Counsel of failing to acknowledge supposedly contrary state law that makes the City a state court loser. If Plaintiffs' Counsel were not so adamant about his mischaracterization of this case, the whole thing might be laughable. In any event, the short answer to paragraph 12 is the same as to paragraph 11: SUPREMACY CLAUSE.

13. Plaintiff's counsel accuses Defendants' Counsel of a knowing false representation. Supplemental Memorandum, paragraph 13. False. SUPREMACY CLAUSE. Not responsive.

14. Plaintiff's counsel accuses Defendants' Counsel of a knowing false representation. Supplemental Memorandum, paragraph 14. False. SUPREMACY CLAUSE. Not responsive.

Plaintiffs' Opposition does not address the failure to comply with Local Rule 56.1, their Counsel's sham compliance with Local Rule 7.1(A)(2) or their Counsel's even more troubling

ethical failure to acknowledge binding Supreme Court precedent contrary to the position being asserted.

Plaintiff's Counsel's failure to respond to the issues presented by the Rule 11 Motion is tantamount to an admission of their merit and a waiver of any argument to the contrary. See *U.S. Trust Co. v. Raritan River Steel Co. (In re Am. Spring Bed Mfg. Co.)*, 153 B.R. 365, 372 (Bankr. D. Mass. 1993) ("UST briefed the remaining affirmative defenses raised by Raritan, including failure to state a cause of action, equitable subordination, estoppel, and receipt of a preference. In view of Raritan's failure to either substantiate its defenses or respond to UST's arguments and due to the patent lack of viability of these defenses (with the exception of the equitable subordination defense which is the subject of a counterclaim by the Trustee), the Court shall allow UST's motion for summary judgment with respect to Raritan's first, second, fourth, fifth and sixth affirmative defenses and Count I of its counterclaim against UST.) See also *Commerce Bank & Trust Co. v. Vulcan Indus.*, 14 Mass. L. Rep. 682 (Mass. Super. Ct. 2002) ("The Court also will allow Commerce's motion with regard to the fraudulent conveyance count. Vulcan has not responded to Commerce's charge that it has failed to assert the statutory elements of such a charge. The Court takes this failure to respond as a waiver of the allegations.")

In view of the fact that Defendants' Rule 11 motion is for all practical purposes unopposed, it must be granted.

### THE "AFFIRMATIVE REQUEST" IS A MOTION WHICH DOES NOT COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 11, OR LOCAL RULE 7.1(A)(2)

By definition, "[a]n application to the court for an order shall be by motion which . . . shall be made in writing . . ." Federal Rules of Civil Procedure, Rule 7(b)(1). Plaintiffs' "Affirmative Request" is therefore a motion.

5

### A.    The Motion Fails to Comply With Rule 11:

A motion for sanctions pursuant to Federal Rules of Civil Procedure, Rule 11, must obviously comply with that rule, including the 21 day safe harbor provision. Federal Rule of Civil Procedure, Rule 11(c)(1)(A).

"[A] motion for Rule 11 sanction is barred where the moving party fails to provide the other party with a 21-day window within which to withdraw allegedly offending papers. See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328 (2d Cir. 1995); Weeks Stevendoring, Co., Inc., v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 1997 WL 316453 (S.D.N.Y.), at *4; Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 451-52 (E.D.N.Y. 1995)." *Martins v. Charles Hayden Goodwill Inn Sch.*, 178 F.R.D. 4, 7 (D. Mass. 1997).

The "Affirmative Request" for Rule 11 sanctions must be denied for failure to comply with Rule 11.

### B.    The Motion Fails to Comply With Local Rule 7.1(A)(2):

Local Rule 7.1(A)(2) provides that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." No such certification has been filed here and no such certification could be filed here since Plaintiff's Counsel has not even attempted to comply with this rule. See Affidavit of Walter H. Porr, Jr., filed concurrently herewith.

The "Affirmative Request" for Rule 11 sanctions must be denied for failure to comply with Local Rule 7.1(A)(2).

C.   **The Motion is Utterly and Completely Without Merit:**

Plaintiffs' contention that the Supreme Court's decisions in *Exxon-Mobil* and *Verizon Md.* are somehow trumped by state law either betrays a profound inability to comprehend the plain language employed in both cases by the Supreme Court, or an equally profound inability to comprehend the application of the Supremacy Clause of the United States Constitution, or an exponentially more profound inability to comprehend both.

Whatever the case may be, Defendants' Opposition to the Rooker-Feldman Request (Docket No. 57) clearly demonstrates that it has no play here and that no reasonable attorney could or would think otherwise. Plaintiffs' Counsel's response, as rehearsed above, not only fails to counter this reality, but actually serves to reinforce it.

Thus, the "Affirmative Request" for Rule 11 sanctions must be denied for lack of merit.

For the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO AND POLICE CHIEF TERENCE REARDON,**

By their Attorneys,

/s/ Paul Capizzi
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: August 16, 2005.

## CERTIFICATE OF SERVICE

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Opposition and Motion to Strike Plaintiffs Opposition and Affirmative Request for Rule 11 Sanctions, etc., to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
Attorney for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Dated: August 17, 2005

Walter H. Porr, Jr.,