## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **TERRI PECHNER-JAMES and** | : | |
| **SONIA FERNANDEZ,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **C.A. No.:  03-12499MLW** |
| | : | |
| **CITY OF REVERE, THOMAS AMBROSINO,** | : | |
| **Mayor, CITY OF REVERE POLICE** | : | |
| **DEPARTMENT, TERRENCE REARDON,** | : | |
| **Chief, BERNARD FOSTER, SALVATORE** | : | |
| **SANTORO, ROY COLANNINO, FREDERICK** | : | |
| **ROLAND, THOMAS DOHERTY, JOHN** | : | |
| **NELSON, JAMES RUSSO, MICHAEL** | : | |
| **MURPHY and STEVEN FORD,** | : | |
| | : | |
| **Defendants.** | : | |

## MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND FOR AWARD OF EXPENSES OF DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY AND STEVEN FORD

Now come the Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick

Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford,

(hereinafter "Defendants"[1]) by and through their undersigned counsel and pursuant to Rule 37

(a) of the Federal Rules of Civil Procedure, and respectfully request that this Court issue an order

requiring that the Plaintiffs, Terri Pechner-James (hereinafter "Plaintiff Pechner-James" and

---

[1]    The other named Defendants, The City of Revere, Thomas Ambrosino, The City of Revere Police Department and Terrence Reardon are represented by the City of Revere Law Department and are not parties to this motion.

1

Sonia Fernandez (hereinafter "Plaintiff Fernandez"), comply with the Defendants' requests for

the production of certain documents relevant to the subject matter of this action and within the

care, custody and control of the Plaintiffs. The Defendants further request that this Court award

the Defendants the reasonable expenses associated with this motion and their attempts to resolve

the issues associate with it. As grounds therefore, the Defendants state the following:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    The instant action, alleging sundry federal and state causes of action against various municipal and individual Defendants, was commenced by means of a Verified Complaint dated September 30, 2003.

2.    This Verified Complaint alleges that the Plaintiffs Pechner-James and Fernandez; while employed as law enforcement officers for the City of Revere, were subjected to a hostile work environment in violation of federal and state law (Count I);[2] were constructively discharged from their employment with the City of Revere (Count II); were subjected to disparate treatment (Count III); and were subjected to the impermissible and intentional infliction of emotional distress by the named Defendants. (Count IV).

3.    The Plaintiffs' claims that they have become permanently disabled, have suffered severe emotional and physical damages as a direct result of the hostile environment in which they worked and the disparate treatment they were subjected to while Revere Police Officers. (Verified Compl. ¶¶ 122, 140). As a result the plaintiffs submitted applications for permanent disability with the Public Employee Retirement Administration Commission (hereinafter "PERAC").

### A.    Plaintiff Sonia Fernandez's failures in responding to Defendants' Request for Production of Documents.

4.    On August 9, 2004 the Defendants, through their counsel served upon Plaintiff

---

[2]Although many of the Plaintiffs' claims arise out of a common nucleus of operative allegations, it should be noted that while Plaintiff Sonia Fernandez alleges that she was discriminated against on both gender and racial lines; *see* Verified Complaint, ¶¶ 123-140; Plaintiff Pechner-James' allegations are confined to discrimination based on her gender. *See* Verified Complaint, ¶¶ 108-122.

Fernandez their First Request for Production of Documents. (See Defendants' Request for Production of Documents to Plaintiff Fernandez attached as Exhibit A).

5.   After reviewing the Plaintiff Fernandez's discovery responses (which were not produced in the proper form) Defendants' counsel concluded that the responses were woefully inadequate and, specifically with regard to the Plaintiff's Fernandez's medical records, contained a number of sizeable gaps both in terms of the time periods within which the Plaintiff sought treatment and from whom she sought treatment.

6.   Defendants' request for production of documents requested all treatment, diagnosis or prognosis reports from all her doctors, psychiatrists or psychologists including those five years prior to the alleged incidents in Plaintiff Fernandez's Verified Complaint. (See Defendants' Request for Production of Documents to Plaintiff Fernandez attached as Exhibit A).

7.   As examples, Plaintiff Fernandez alleges in her complaint that the Defendants' conduct that caused emotional distress and physical pain existed during the approximately six (6) years she was employed by the Revere Police Department. See Verified Complaint ¶ 14 . Despite this claim Plaintiff Fernandez has only produced medical summaries of three doctors she saw in an attempt to receive disability benefits in 2001. Plaintiff Fernandez has failed to produce any records from her primary care provider, Ursula Kelly who referred her for an evaluation of depression and anxiety as referenced in the limited documents provided. Additionally, Doctor Christopher Harmon indicates in his medical summary that he had treating Plaintiff Fernandez since April 14, 2003 yet Plaintiff has not produced any medical records from Doctor Harmon. In 1992 Plaintiff Fernandez saw a counselor at the Chelsea Counseling Center but she has not provided those records. In 1997 she sought assistance from Urgent Care (center name not provided in medical record) yet she has not provided those records.

8.   Following the receipt of the Plaintiff Fernandez's discovery responses, Defendants counsel made a number of requests to counsel for the Plaintiff by mail and telephone to address the discovery failures.

9.   The Defendants' attempts to have Plaintiff Fernandez comply with their discovery request began back on September 17, 2004. On the 17th Defendants' counsel sent a letter to Attorney Dasent addressing the Plaintiff's discovery failures in an attempt to rectify the issue. (See letter attached as Exhibit B).

10.  The attempt by Plaintiff Fernandez to address the discovery inadequacies was woeful. The only attempt made to address the failures was to repackage the same documents previously sent, without including the missing medical records.

3

11.   On March 3, 2005 Defendants' counsel sent another letter to Plaintiff's counsel
      which specifically addressed the inadequacies that needed to be addressed with
      Plaintiff Sonia Fernandez's production of documents. (See attached letters as
      Exhibits C).

12.   Approximately a month had gone by without any response from Plaintiff's
      counsel. Therefore on April 1, 2005 Defendants' counsel sent another letter to
      Plaintiff's counsel requesting a response to the March 3, 2005 letter. (See attached
      letters as Exhibit D).

13.   As a result of these requests and ostensibly in recognition of the inadequacy of the
      initial responses, on April 11, 2005, almost eight months after Plaintiff
      Fernandez's discovery was initially served, during a telephone conversation with
      Plaintiff's counsel he indicated that he had a box of documents believed to be
      responsive to Defendants'counsel's earlier request to supplement Defendants'
      request for production of documents. Plaintiff's counsel indicated that he would
      deliver the documents to Defendants' counsel's Worcester office during the week
      of April 18, 2005 as he was due to be in the area. On April 14, 2005 Defendants'
      counsel sent a confirming letter to Attorney Dasent of the April 11, 2005 phone
      call via telefax and U.S. mail. (See letter attached as Exhibit E).

14.   The week of April 18 came and went and the documents were neither delivered
      nor was there any communication by Attorney Dasent. Defendants' counsel
      followed up with a letter on April 26, 2005 to Attorney Dasent again requesting
      the discovery be provide and addressing his failures to follow through on the
      agreement reached. (See letter attached as Exhibit F).

15.   Defendants' counsel subsequently received a letter from attorney Dasent dated
      April 13, 2005 but was received well after that date. In the letter Attorney Dasent
      indicated Plaintiff Fernandez's doctors' summary reports "provided by the three
      doctors named in your request contain all the information that is available from
      these physicians." (Attorney Dasent letter dated April 13, 2005 attached as
      Exhibit G). The letter also indicated that Plaintiff Fernandez has no medical
      records complied by any hospital, doctor or other medical practitioner concerning
      their examinations and treatment five years prior to September 15, 1995. (See
      letter attached as Exhibit G).

16.   It is obvious from the limited records that were provided that the Plaintiff was
      receiving ongoing treatment and that many more treatment records exist. Plaintiff
      Fernandez was receiving treatment from three doctors, Darlene Millman, M.D.,
      Jason Merola, M.D. and Christopher Harmon, M.D. Despite this obvious fact,
      Plaintiff has failed to provide any treatment, diagnosis or prognosis reports for
      any of these doctors nor has she provided any medical records for the five years
      prior to September 1995 as requested in Defendants' Request for Production of

4

Documents..

17.    Additionally, the documents provided by Plaintiff Fernandez show that copies of her treatment with the East Boston Neighborhood Health Center were sent to an Ursula Kelly, RNP and a Judy Skolnick. According to the records Ursela Kelly was Plaintiff Fernandez's primary care physician and Judy Skolnick appears to have been Plaintiff's licensed social worker. Despite these facts no records have been produced for Ursula Kelly and only one document from Judy Skolnick.

18.    Plaintiffs' counsel has never claimed the records do not exist, nor have they objected to the request on grounds of relevancy or constituting request beyond the scope of permissible discovery as contemplated by the Federal Rules of Civil Procedure. Rather, Plaintiff seeks to claim 2.5 million in damages without fairly or ethically litigating the case to the Defendants' detriment.

19.    Attorney Dasent has taken the position that the summary reports provided by the three doctors named in Defendants' request "contain all the information available from the physicians." (See attached Exhibit G). This response is unacceptable. Defendants should not be prejudiced because it is Plaintiff Fernandez's counsel's belief that the medical summaries contain all the information. It is improper and Defendants' counsel can make their own decision upon review of the **complete** records whether or not the medical summaries contain all the information from the Plaintiff's treatment with her doctors.

**B.    Plaintiff Terri Pechner-James' failures to produce all documents in response to Defendants' Request for Production of Documents.**

20.    On April 1, 2005 while the dispute regarding the inadequacies of Plaintiff Fernandez production of documents was ongoing Defendants' counsel was required to send another letter to Plaintiffs' counsel to address the failure to respond to the discovery served upon Plaintiff Pechner-James on February 17, 2005. (See letter attached as Exhibit H; See Defendants' Request for Production of Documents to Plaintiff Pechner-James attached as Exhibit I).

21.    On April 11, 2005 during a phone conversation with Plaintiff's counsel he indicated that he had a box of documents believed to be responsive to Defendants' request for production of documents for both Plaintiff Fernandez and Plaintiff Pechner-James. As discussed in Section I A, Plaintiff's counsel indicated that he would deliver the documents to Defendants' counsel's Worcester office during the week of April 18, 2005 which was confirmed by a letter to Attorney Dasent. (See letter attached as Exhibit E). This did not occur as discussed above in Section I. A.

22.    On April 28, 2005 Plaintiff Pechner- James' discovery responses were received

by mail, (a month and a half overdue). The discovery responses were nowhere near complete or responsive to the documents requested. In an attempted to settle the ongoing discovery dispute with both Plaintiffs, Defendants' counsel sent a letter dated May 5, 2005 to Attorneys Dilday and Dasent. (See letter attached as Exhibit J).

23.    In the May 5, 2005 letter it was explained to Plaintiff Pechner-James' counsel that the medical summaries/opinions provided reference other documents and other treatment sessions over time, but no such treatment notes were provided. Defendants' counsel made it a point to show that its March 3, 2005 letter also reflected the same deficiencies with Plaintiff Fernandez's document responses. Plaintiffs' counsel was also informed that the April 13, 2005 letter from Attorney Dasent was insufficient and shows no desire to satisfy the document gap.

24.    Defendants' counsel offered to solve the issue by providing releases for Plaintiffs to expeditiously sign and return so all the records could be obtained, thus saving the Plaintiffs the effort, but required their office to pick-up the copy charges, if any. Defendants counsel asked to be advised if this was acceptable and if not to consider the letter a request under Local Rule 7.1 for discussion.

25.    Plaintiffs' counsel response was once again defiant and Defendants' counsel was once again required to address the inadequacies of the discovery responses in a May 12, 2005 letter which addressed the ongoing attempt to receive discovery in which the Defendants were entitled to receive. (See letter attached as Exhibit K).

26.    On July 11, 2005 Defendants' counsel spoke to Attorney Dilday and informed him of the inadequacies with the production of documents. At the time Attorney Dilday agreed to supplement the discovery. A letter was forwarded to Attorney Dilday recapping the phone conversation and once again Defendants' counsel requested releases be executed by the Plaintiffs because of the extraordinary time which had already passed and the constant reluctance of the Plaintiffs to produce the requested documents. (See letter attached as Exhibit L).

27.    The letter addressed the failure to produce all the medical records of Plaintiff Pechner-James and also the failure to produce any medical records of a Doctor Barry of Stoneham, Massachusetts, a doctor referenced in Plaintiff Pechner-James' doctors medical summary as a doctor she was seeing. Despite this notation, this doctor has never been disclosed nor has any medical records for Dr. Barry been produced.

28.    Additionally, the medical records provided show that in 2001 Plaintiff Terri Pechner-James' primary care physician was an Elizabeth Miller. Defendants's requested all medical records from Plaintiff Pechner-James, which included the year 2001, but no records were produced for Doctor Miller nor was she every

disclosed as a doctor for Plaintiff Pechner-James.

29.     On July 12, 2005 Defendants counsel received a letter from Plaintiffs' counsel
        attempting to satisfy Defendants' documents request. (See letter attached as
        Exhibit M). The Plaintiffs' response was inadequate and failed to provide any
        medical records for Dr. Barry or Dr. Elizabeth Miller and still failed to provide
        the exam notes, treatment, prognosis or diagnosis records for Plaintiff Pechner-
        James treatment from the doctors that were disclosed, Eric Keroack, M.D. and
        Susan Rudman, Ed. D.

**C.     Attempts by Defendants' Counsel to Resolve the Discovery Disputes without
        the Courts intervention.**

30.     On July 13, 2005, Defendants' counsel once again spoke to Attorney Dilday
        regarding the requested documents and whether his clients were willing to sign
        releases so their medical records could be obtained by Defendants' counsel, as not
        to delay discovery any further. Attorney Dilday indicated that this was a good
        idea and would satisfy Defendants' Request for Production of Documents for both
        Plaintiff Fernandez and Plaintiff Pechner-James, but needed to speak with his
        clients and would get back to Defendants' counsel within a day.

31.     Attorney Dilday did not respond within the time frame discussed. As a result
        Defendants' counsel sent another letter to Attorney Dilday informing him that if
        all the documents were not produce or the releases executed by July 20, 2005 then
        Court intervention would be necessary. (See letter attached as Exhibit N).

32.     The July 20, 2005 deadline passed and Plaintiffs did not produced the documents
        or sign releases. Instead Attorney Dilday sent a letter with attached copies of
        letters to two of Plaintiff Pechner-James' doctors requesting limited medical
        records, not the complete medical records requested by Defendants in their
        request for Production of Documents. (See letter attached as Exhibit O). Again,
        Plaintiffs have failed to adequate respond to Defendants' request to properly
        supplement their discovery responses.

33.     The difficulty and resistance that Defendants' counsel has faced in the attempt to
        secure the necessary medical documents to provide a defense for the Defendants
        has been ongoing since Plaintiff Fernandez was originally served with discovery
        in August of 2004 and Plaintiff Pechner James in February of 2005.

34.     Defendants' counsel has been more than accommodating to Plaintiffs but delay
        after delay and the excuses have crossed the line of decency and fair dealing and
        thus the Defendants' must seek the court's intervention to ensure a fair trial takes
        place.

7

35. Several requests have been made by Defendants' counsel for the production of these materials, or the justification for refusing to produce the materials, and all such requests have been met with resilience.

36. Given the lengthy delays in obtaining a meaningful response from Plaintiffs' counsel, counsel for Defendants, orally and in written correspondence, have made numerous attempts pursuant to Local Rule 7.1 to resolve the issue but have been unsuccessful, resulting in this motion.

## II.    ARGUMENT

Rule 26 (b) (1) of the Federal Rules of Civil Procedure provides in relevant part:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The Plaintiffs, by virtue of the various physical and emotional traumas claimed to have been visited upon them by the actions or omissions of the Defendants, has squarely put in issue their physical, mental and emotional condition. (Verified Complaint ¶¶ 112, 140). This includes not only any purported traumas associated with the incidents themselves, but also, for purposes of impeachment and proper consideration of any pre-existing conditions or subsequent intervening events, their physical and mental condition for a discrete period prior to the incident as well as since the incident. *See* Fed.R.Civ.P. 26 (b) (1).[3]

Moreover, the Plaintiff's written discovery responses contain no objection to producing

---

[3] One's ability to work obviously can be impacted not only by physical limitations, but also by mental or emotional concerns or limitations. These records, therefore, remain entirely relevant to this litigation. Similarly, any pain and suffering allegations, which the Plaintiffs have indicated that they continues to assert, may be colored or impacted by other mental or emotional issues, as would be evidenced in the Plaintiffs' treatment records.

this information and they have expressly waived any privilege, whether doctor-patient, psychotherapist-patient or otherwise by claiming such damages. To the extent that the Plaintiffs contend such documents and information are privileged in such a manner, the Defendants are willing to enter into a mutually-agreed upon protective order to safeguard such sensitive information.

Rule 37 (a) of the Federal Rules of Civil Procedure provides this Court with the authority to issue an order requiring that the Plaintiff comply with the rules of discovery by producing the Plaintiff's exam notes, treatment, diagnosis and prognosis records. These materials are relevant to the subject matter of this action, or, at the very least, are "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26 (b) (1).

WHEREFORE, the Defendants respectfully request that this Court issue an order compelling the production of all of the following:

Plaintiff Fernandez's exam notes, treatment, diagnosis and prognosis medical records of Doctors Darlene Millman, Jason Merola, Christopher Harmon; of her PCP Ursula Kelly and social worker Judy Skolnick; and full and complete copies of any and all medical records complied by any hospital, doctor or other medical practitioner concerning their examination and treatment of the plaintiff from five years before September 15, 1995, the date the alleged incidents in the complaint began, until the present date.

Plaintiff Pechner James' exam notes, treatment, diagnosis and prognosis medical records of Doctors Eric Keroack, Barry and Elizabeth Miller; and Psychologist Susan Rudman; and full and complete copies of any and all medical records complied by any hospital, doctor or other medical practitioner concerning their examination and treatment of the plaintiff form five years

9

before September 15, 1995, the date the alleged incidents in the complaint began, until the present date.

These request were covered in Defendants' Request for Production of Documents to both Plaintiffs. In the alternative the Defendants would respectfully request that this court order that Plaintiffs execute releases allowing Defendants to obtain the necessary and relevant documents and requiring Plaintiff to pay for the Defendants' cost associated with obtaining the records. The Defendant further moves this court, pursuant to Fed. R. Civ. P. 37, to order Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, incurred in preparation and presentation of this Motion to Compel and in his efforts to produce an informal remedy through good faith effort and cooperation. Given Plaintiffs' failures in this regard, and the resultant unnecessary work by Defendants' counsel, the Defendant suggest a reasonable award of one thousand ($1,000.00) dollars as attested to by the attached affidavit of Attorney John K. Vigliotti as Exhibit P.

> Defendants Bernard Foster, Salvatore
> Santoro, Roy Colannino, Frederick
> Roland, Thomas Doherty, John Nelson, James
> Russo, Michael Murphy and Steven Ford,
> By their attorneys,
>
>
> /s/ John K. Vigliotti
> Michael J. Akerson
> BBO#: 558565
> John K. Vigliotti
> BBO#: 642337
> REARDON, JOYCE & AKERSON, P.C.
> 397 Grove Street
> Worcester, MA 01605
> (508) 754-7285

Dated: September 13, 2005

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES and** <br> **SONIA FERNANDEZ,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **C.A. No.: 03-12499MLW** |
| : | |
| **CITY OF REVERE, THOMAS AMBROSINO,** : <br> **Mayor, CITY OF REVERE POLICE** <br> **DEPARTMENT, TERRENCE REARDON,** : <br> **Chief, BERNARD FOSTER, SALVATORE** <br> **SANTORO, ROY COLANNINO, FREDERICK** : <br> **ROLAND, THOMAS DOHERTY, JOHN** <br> **NELSON, JAMES RUSSO, MICHAEL** : <br> **MURPHY and STEVEN FORD,** | |
| : | |
| **Defendants.** : | |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Now comes counsel for Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino,

Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven

Ford, (hereinafter "Defendants") and hereby certifies that a good faith attempt to resolve or

narrow the issue(s) presented by this **MOTION FOR ORDER COMPELLING**

**PRODUCTION OF DOCUMENTS AND FOR AWARD OF EXPENSES** has been made

pursuant to Local Rule 7.1 of the District Court.


/s/ John K. Vigliotti
John K. Vigliotti


1