# EDWARD P. REARDON, P.C.

EDWARD P. REARDON
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

September 17, 2004

Carlton Dasent, Esq.
Grayer and Dilday
27 School Street, Suite 400
Boston, MA 02108

RE: **Terri Pechner-James and Sonia Fernandez v. City of Revere, et. al.
C.A. No. 03-1249MLW**

Dear Attorney Dasent:

    I have recently received the discovery that you sent my office in the above-mentioned case. I must say I am dismayed by the form in which the discovery was provided. First, the auto-disclosures are nothing more than photocopies of the disclosures I sent you. There were several witnesses that were doctors and friends of your client which I did not have addresses or phone numbers for. I assume since they are your client's witnesses you would have that information, yet you did not provide the required information in your auto-disclosures. Additionally, you did not provide a copy or description of all the documents in the auto-disclosures that are in your possession. I know this because you provided documents in your response to the Defendants' Request for Production of Documents that are not included in the auto-disclosures. This may have been an oversight on your part, but none the less I am requesting that you properly supplement your disclosures in order to comply with Federal Rules 26.2 and 26.1(B).

    Secondly, the form in which you responded to Defendants' Request for Production of Documents is not in accordance with the Federal Rules of Civil Procedure. The response did not provide the request and a properly formulated response. Instead, I received a bounded package which included twenty-five exhibits of which number 25 was listed as miscellaneous medical reports with no other description. This form is unacceptable, as it does not properly respond to the Request for Production of Documents. Thus, I must insist you resubmit your responses to Defendants' Request for Production of Documents in the proper form.

    Lastly, it appears your client did not fully answer all the interrogatories that were served upon her. These include interrogatory questions three, seven, eight, ten, fifteen, eighteen and twenty-six. Therefore I am requesting that she supplement the responses to the interrogatories, so

they are answered fully and properly.

    Should you have any questions please do not hesitate to contact me.

Very truly yours,

John K. Vigliotti