EXHIBIT
G

# LAW OFFICES CARLTON J. DASENT
27 School Street, Suite 400
Boston, MA 02108
Tel No: (617) 227-3470
Fax No: (617) 227-9231

April 13, 2005

Michael J. Akerson, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

Re: Pechner-James and Fernandez v City of Revere et al.

Dear Attorney Akerson,

The purpose of this letter is to respond to your letter dated March 3, 2005. The following are our responses to your questions:

> **1. Request**: Plaintiff's response to Defendants Request Number 1 fails to provide the treatment, diagnosis or prognosis reports of Sonia Fernandez from Jason Merola, M.D., Darlene Millman, M.D. or Christopher harmon, M.D.
>
> **1A. Response**: The reports provided by the three doctors named in your request contain all the information that is available from these physicians.
>
> **2. Request:** Defendants Request Numbers 2 and 13 requested medical records of treatment and examinations for Sonia Fernandez five years before the date of the incidents to present. It does not matter if it is related to the incident or not. This includes counseling, therapist, doctors, clinics or any health care provided.
>
> **2A. Response:** The Plaintiff responded to Request Number 2 as follows:
>
>> The incidents in the complaint arise from Plaintiff's employment with the Revere Police Department which began on September 15, 1995. Plaintiff has no knowledge of medical records compiled by any hospital, doctor or other medical practitioner concerning their examinations and treatment five years prior to that date.

The Plaintiffs response to Requests 2 and 13 are complete. The Plaintiff will supplement these Requests should additional information become available.

**3. Request:** Defendant's Request Numbers 5,6,8,10,12,16, and 18 through 22, requested that all documents be produced in relation to the request. Your response indicates it

includes the documents that are listed but then goes on to state they "are not limited to the documents listed."

**3A. Response:** The phrase "are not limited to the documents listed" is not meant to imply that documents are being withheld or that plaintiff has an objection. The Plaintiff can, however, supplement the Request with medical opinions from the medical panel that recommended disability retirement for the Plaintiff. These documents are already in the hands of the Defendants but the Plaintiff can provide them again if you so desire.

I hope these responses have satisfied your concerns and answered your questions. Please call if you have any questions.

Sincerely,

*Carlton Dasent*
Carlton J. Dasent, Esq.

Cc: City Solicitors Office, City of Revere