# REARDON, JOYCE & AKERSON, P.C.

|  | ATTORNEYS AT LAW | |
|---|---|---|
| EDWARD P. REARDON (Retired) | (A PROFESSIONAL CORPORATION) | 397 GROVE STREET |
| AUSTIN M. JOYCE | FAX: (508) 754-7220 | WORCESTER, MASSACHUSETTS |
| MICHAEL J. AKERSON | | 01605 |
| JOHN K. VIGLIOTTI | | (508) 754-7285 |
| ANDREW J. GAMBACCINI | | |

May 12, 2005
Via telefax 617-227-9231 & US Mail

Carlton Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108

**RE:   Pechner-James and Fernandez v. City of Revere, et als**

Dear Mr. Dasent:

While I dislike writing such letters, I feel that I must to address the "issues" raised in your letter dated May 10, 2005.

First, your disingenuous offer to reschedule the deposition of Terri Pechner-James is a clear misrepresentation of reality. You are aware that Ms. James' deposition was never scheduled for May 26 or 27, 2005. Her deposition was set for April 21, 2005 at my office, but during the week of April 4th you contacted Attorney Akerson to reschedule both Ms. James' and Sonia Fernandez's (April 19th) depositions. As a courtesy, this office agreed to reschedule the deposition to a mutually agreed upon date along with the overdue discovery responses. You indicated at that time that you would send a written confirmation, but one was never received. See Mr. Akerson's attached April 11, 2005 letter to you confirming such. Subsequently, on Tuesday, May 3rd you called twice trying to confirm depositions for May 26th or 27th. The dates were never agreed to by this office, and I since have learned that you failed to contact the City of Revere Solicitor's Office to inquire about it's availability. We will try to reach a mutually agreed upon date with **all** parties for the deposition. I intentionally have not rescheduled the depositions due to the delay and insufficiency of discovery responses recently provided.

Second, although you have responded to our request for production of documents, the production falls short of the mark. See Attorney Akerson's attached May 5, 2005 letter to you. Since it appears that many documents are omitted (treatment notes and other documents referenced in the few that were provided) we have asked that your clients provide signed releases so that we can obtain the records, but your office can pay the copy charges, if any. I note that your May 10th letter does not respond to this earlier inquiry. Consider this a Rule 7.1 conference attempt to resolve the dispute over the records provided. If no response is received by May 19, 2005, I will move the Court to enter orders regarding the production of medical records. Advise.

May 12, 2005                                                                                                                Page 2

Third, I am pleased you received the Status Report electronically filed, but from your letter you seemed concerned over the certificate of service. I assumed you were aware that electronic filings do not require a certificate of service. For your information and future use, pursuant to CM/ECF Administrative Procedures "Transmission of the NEF shall constitute service of the filed documents and shall be deemed to satisfy the requirements of Fed.R.Civ.P. 5(b)(2)(D), Fed.R.Civ.P.77(d) and Fed.R.CrimP. 49(b). A certificate of service is not necessary on electronically filed documents." I hope this clears up any concerns you have over the certificate of service.

To respond to your inquiry regarding details about a meeting, suffice it to say that you called my office to arrange such, thus I do not understand your confusion as it was **you** who requested to meet during the week of April 18, 2005. See my letters to you dated April 14 and 26, 2005 which confirm your request, our availability and your non-appearance. You indicated that you wanted to deliver the overdue discovery documents to our office in Worcester and meet as you were going to be in the area the week of April 18, 2005. I informed you that I would make myself available to meet with you when you dropped off the documents to discuss the case, but that I would review the documents separately. Your request for details about a meeting you desired befuddles me for you requested the meeting, and would therefore be in a better position to respond to your own inquiry about the meeting.

Fourth, your settlement demand has not changed since the scheduling conference wherein you were informed that the demand was unrealistic. To date you have not altered a demand despite your claim that your clients receive disability retirement benefits.

Lastly, you claim that the defendants (my clients) participated in the discovery process of the prior adjudication (presumably you mean a retirement process). This is patently false and you, as counsel during said retirement process, should know better. If, by this assertion, you mean that you will not participate in discovery in this case any further, then I shall bring these matters to the Court's attention. You write that this case is only about damages (viz a viz not liability). Extrapolating from your letter, I gather that you will not provide further documents regarding your client's claims. While this may well be a strategic decision, I find it odd, to say the least, that you demand nearly 5 million dollars yet refuse to provide documents justifying the damage claim. Frankly, this posture borders on bad faith litigation which I will need to bring to the attention of the Court in order to obtain all medical records of the plaintiff and my costs of unnecessary litigation given this perverse view of the case.

Should you have any questions or concerns please feel free to contact me.

                                                                                                    Very truly yours,


                                                                                                    John K. Vigliotti

JKV/hs
encls.
cc:     Walter Porr / Paul Capizzi  (Via telefax 781-286-8205)
        James Dilday, Esq. (Via telefax 617-227-9231 & US Mail)