# REARDON, JOYCE & AKERSON, P.C.

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

July 11, 2005

James S. Dilday, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

RE: **Pechner-James and Fernandez v. City of Revere, et al.**

Dear Attorney Dilday:

I wanted to follow up on our phone conversation today. As I am sure you recall we spoke today on speaker phone so Attorney Dasent could listen. The conversation centered around my belief that your response to Defendant's request for production of documents was inadequate. The result of our conversation was that you agreed to supplement your response by producing the following documents:

1. The complete medical records for your client Terri Pechner-James, not just the summaries of her medical treatments. These records shall include the complete medical records, including notes, treatments reports, examinations, diagnosis and prognosis for each visit to all of her doctors including Dr. Susan Rudman and Dr. Eric Keroack.

2. All medical records submitted to the PERAC medical panel.

3. The records of your client's several trips to the emergency room according to Dr. Keroack's medical summary.

4. Your client's tax returns from 2000 to the present.

5. Your client's W-2 forms for 1995, 1996 and from 2000 till the present.

6. The OSHA report referenced by your client in her interrogatory answers.

Also, after our phone conversation I realized there were additional requested records that were not contained within your production of documents. These included your client's medical records for her treatment with a Dr. Barry of Stoneham, Massachusetts for similar issue that she

was treating with Dr. Susan P. Rudman for, as indicated in Dr. Rudman's medical summary and the counseling records for the counselor your client was seeing through work. Since we do not have any of these records, despite being requested, I would also request that these medical/doctor records be provided with your supplemental response.

In order expedite the process and reduce any further issues on the production of documents I would also request that you have your client sign a medical release authorizing my office to obtain the medical records. Please advise if your client is willing to sign a release. Should your client elect not to do so please provide the above referenced documents by July 20, 2005.

Should you have any questions or concerns please feel free to contact myself or Attorney Michael Akerson.

Very truly yours,

John K. Vigliotti

cc: Paul Capizzi, City Solicitor