UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and
SONIA FERNANDEZ,
        Plaintiffs

C.A. # 03-12499MLW

V

CITY OF REVERE et al
        Defendants

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND AWARD OF EXPENSES OF DEFENDANTS, BERNARD FOSTER, SALVATORE SANTORO, ROY COLLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY AND STEVEN FORD**

Now comes the Plaintiff, Terri Pechner-James and Sonia Fernandez and hereby oppose the Defendants and their Motion for Order Compelling Production of Documents and I Award of Expenses. The Plaintiffs state the following as grounds for their well-founde opposition:

1. The Plaintiffs filed their causes of action in the Suffolk Superior Court by means of Verified Complaint dated September 30, 2003.

2. The Verified Complaint stated that the Plaintiffs, while employed as law enforceme officers of the City of Revere were subjected to a hostile work environment in violatic of both state and federal statutes; were constructively discharged from their employme with the City of Revere; were subjected to the impermissible and intentional infliction emotional distress by their supervisors, and that the municipality of Revere (Mayor an Chief of Police) are jointly and severally liable for the injury caused by the Plaintiffs supervisors.

3. The Plaintiffs were permanently disabled by their injury. Their conditions were adjudicated more than two years ago. The Plaintiffs are currently receiving disability benefits based on that adjudication.

4. The Plaintiffs disability and the causation was determined in adjudicatory proceeding held by the Division of Administrative Law Appeals (DALA) and the Public Employee Retirement Administrative Commission (PERAC).

5. DALA, PERAC and the Medical Panel determined that Plaintiffs were injured by the hostile work environment the Plaintiffs experienced while they were employees of the Revere Police Department.

6. The adjudicatory hearings held by DALA and PERAC are governed by the provision 801 CMR 1:00 et seq. and 840 CMR 1:00 et seq. These regulations provided the Defendants with ample opportunity to request the discovery they now seek in federal court. See 840 CMR 10:12 (2). The Defendants also had the ability to subpoena "any evidence, including books, records, correspondence or documents relating to any matte in question" at the hearings on the Plaintiffs disability. See 840 CMR 10:12(3)(g).

7. These Defendants failed to request the discovery they now seek in federal court and they requested no subpoenas for evidence, books, records, correspondence or documer They submitted only self-serving affidavits. There was no state bar or prohibition aga these Defendants obtaining the discovery they now seek in federal court and there was ample opportunity to obtain such information. The Defendants waived their right to th information, failed to appeal the adjudication, moved the civil case to the federal court and now seek to relitigate the same issue.

8. On June 13, 2003, the Regional Medical Panel convened. It concluded: "it is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing tl essential duties of her job as described in the current job description on the basis of

Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officers."

9. The Panel also concluded the following on the question of causality: " the said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There are no likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder."

10. The municipality requested a clarification of the Panel's decision on January 28, 2004. At no time did the Defendants introduce evidence of "an alternate etiology" or "other causative factors apparent in Ms James clinical history". These Defendants submitted affidavits but no other evidence. The municipality did not appear at the hearing held by the Medical Panel; the municipality did not participate in the hearing held by th Medical Panel; the municipality did not introduce any evidence at that hearing; the municipality did not appeal the adjudication of this matter as provided by 840 CMR 1:0 et seq.

11. The Plaintiffs filed their suit in Suffolk Superior Court. The Defendants moved the case to the federal district court. The Defendants, the municipality and the supervisors, have propounded in excess of three hundred interrogatories upon the Plaintiffs; they ha also requested numerous documents. The Plaintiffs have responded and provided adequate answers and offered the documents that were within their possession and und their control.

12. This motion is based on the following subjective determination: "Defendants coun concluded that the responses were woefully inadequate." On the basis of this subjectiv determination, these Defendants seek to relitigate the issues of injury and causation in federal court. If the Defendants genuinely believe in their theory of "woeful inadequac

3

they should have appealed the state adjudication as provided by 801 CMR 1:00 et seq. and 840 CMR 1:00 et seq.

13. The Plaintiffs have filed with this court, a Request for Rooker-Feldman Ruling and for Further Instructions. The Plaintiffs are willing to be guided by the instructions of the court on whether the issues of injury and causation that were previously adjudicated in the state proceeding and the issues that are inextricably intertwined with them can be relitigated in a federal court.

14. The issue in this case is municipality liability. The Defendants who brought this motion were supervisors. The injury they caused the Plaintiffs rendered the municipality strictly liable for the Plaintiffs injuries. College Town, Div. of Interco, Inc. v Massachusetts Commission Against Discrimination, 508 N. E. 2d 587, 400 Mass. 156 (1987). The policy makers of the City of Revere are the Mayor and the Chief of Police See Gonsalves v City of New Bedford, 939 F. Supp. 915.

15. These Defendants were represented by counsel during the adjudicatory proceedings and they provided affidavits in opposition to the Plaintiffs position. At that time, they provided no other evidence and they raised none of the issues that they now seek to relitigate in the federal court.

16. This motion is not necessary. These Defendants were supervisors of the Plaintiffs; their employer, the municipality, is strictly liable for their conduct; specifically, the conduct that caused the adjudicated injury to the Plaintiffs. College Town, Div. of Interco, Inc. v Massachusetts Commission Against Discrimination, 508 N. E. 2d 587, Mass. 156 (1987). The injury to the Plaintiffs, caused by the supervisors who brought motion, has been adjudicated in a prior state proceeding and cannot now be relitigated The discovery that these Defendants now seek is inextricably intertwined with the prior state court adjudication and cannot be relitigated in the federal district court.

4

17. These Defendants are seeking, by this motion, evidence of "pre-existing conditions c subsequent intervening events" in an effort to undermine the integrity of the state adjudication. The municipality did not file an appeal to the state adjudication, these Defendants did not file a timely answer in the state court, they moved the case to the federal district court where they are now trying to relitigate the issues of injury and causation using excessive interrogatories and burdensome and unnecessary document requests in an attempt to overturn the state adjudication. Neither the Defendants nor thei counsel should be awarded fees for filing an unnecessary motion and pursuing an objective that is not constitutionally permissible. On the contrary, the Plaintiffs and thei counsel should be awarded fees and costs for having to oppose and defend a frivolous, unnecessary and legally indefensible motion.

WHEREFORE, the Plaintiffs request that this Court deny the Defendants motion and their request for award of fees. The Plaintiffs further move this court, pursuant to Fed. R Civ. P. 37, to order these Defendants to pay Plaintiffs reasonable expenses, including attorney's fees, incurred in preparation, responding and presentation of this Opposition their Motion To Compel and in their efforts to produce an informal remedy through go faith and cooperation. Given the Defendants pursuit of an unnecessary and frivolous motion, their pursuit of a remedy that they know is constitutionally impermissible and t resultant unnecessary work by Plaintiffs counsel, the Plaintiffs suggest a reasonable award of Two thousand ($2,000) dollars as attested to by the attached affidavit of James S. Dilday, Esq.

Respectfully submitted
Terri Pechner-James
Sonia Fernandez
By their attorney

_James S. Dilday_
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470