UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
    Plaintiffs        C.A. No: 03-12499-MLW

V

CITY OF REVERE et al
    Defendants

### NOTICE OF APPEAL OF REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ON DOCKET # 29 & 37 PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez, hereby appeal the Report and Recommendation on Summary Judgment of Magistrate-Judge, Sorokin filed on October 12, 2005 in the above-captioned mater. The Plaintiffs state as grounds for their appeal that the report and recommendations are clearly erroneous and contrary to law. There are genuine issues of material fact that affect both Thomas Ambrosino and Terrence Reardon. Neither party is therefore entitled to summary judgment as a matter of law. Fed. R. Civ.P. 56. The Report and Recommendation on Docket # 29 and # 37 should be rejected in their entirety and a de novo review conducted.

Introduction:

The Plaintiffs complaint –in Paragraph 1- identifies Thomas Ambrosino, as Mayor of the City of Revere. It identifies the City of Revere as the employer of the Plaintiffs; it identifies the Mayor and his predecessors as supervisors of the Plaintiffs. The term supervisors is applied as defined by the Supreme Judicial Court in College Town, Div of Interco, Inc. v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass 156 (1987) in establishing its doctrine of strict liability for sexual harassment. The Mayor is a superior whose actions or whose indifference harmed the Plaintiffs and he is therefore strictly liable for the Plaintiffs injury.

The Magistrate's report recommends that both Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police of the City of Revere be dismissed from the case in both their individual and official capacities. The report states:

> Each defendant argues that the complaint contains no allegations that either of them committed wrongs or even held their respective positions during the time period of the allegations in the complaint."

This argument by the defendants and this conclusion by the Magistrate is clearly erroneous. The time period in the complaint is not limited to the Plaintiffs period of employment; it includes but is not limited to the period during which they sought and eventually received disability retirement benefits. Plaintiff, Terri Pechner-James, states the following in Paragraph 121 of the complaint:

> The City of Revere, its Mayor (Ambrosino) and its Police Chief (Reardon) and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration commission (PERAC) the Defendants have refused to send the Plaintiff the notices required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to the Plaintiff.

The City of Revere was intentionally hostile to Terri Pechner-James and the Mayor and the Chief of Police were deliberately indifferent to her rights and to the information she needed to prosecute her claim and to the distress caused by their actions. This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this court in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996).

Plaintiff, Sonia Fernandez, in Paragraph 139 of the complaint states the following:
> The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supports the plaintiff's position the

2

>Defendants continue to coerce, threaten and intimidate the plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) has created conflict with the Union membership, other officers and is unsupported by medical evidence.

The Police Chief was directly involved in this Plaintiff's coerced return to work. The City of Revere and the Mayor were, at a minimum, deliberately indifferent to physical and psychological pain they caused the Plaintiff by coercing her to return to a racially and sexually hostile environment. This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this Court in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996).

The Defendants have stated that Thomas Ambrosino "has been Mayor of the City of Revere since January 3, 2000. **(See Attached Affidavit of Thomas Ambrosino).** Plaintiff, Terri Pechner-James, did not end her employment until March 13, 2001; Plaintiff, Sonia Fernandez, did not end her employment until the year 2002. The Magistrate's assertion that the Mayor did not hold his position 'during the time period of the allegations in the complaint" is factually erroneous. In addition, as mentioned earlier, the time period encompassed by this complaint includes but is not limited to the period during which the Plaintiffs sought and prevailed in receiving disability benefits.

Mayor Ambrosino was directly involved and received complaints directly from the Plaintiffs and from officers directly affected by the hostile actions of the Revere Police Department. On April 17, 2001 at 2:00 p.m., Plaintiff, Terri Pechner-James met with Mayor Ambrosino. She was accompanied by her best friend, Ellen Wortman. The Plaintiff discussed with the Mayor the complaint that she had filed with the Massachusetts Commission Against Discrimination on March 12, 2001. She also informed him of several incidents that had occurred on the job, including the events of March 13, 2001 that made it impossible for her to continue her employment at the Revere Police Department.

The Plaintiff requested leave with pay. The mayor promised to respond to her request. He concluded the meeting by telling her that he had no faith in the administration of the Police Department and encouraged her to let the Massachusetts Commission Against Discrimination handle her case. On April 23, 2001, Mayor Ambrosino responded, in writing, to Plaintiff, Terri Pechner-James' verbal request. **See Attached Exhibit B** He denied her request as a matter of policy. He also denied the request of Sonia Fernandez. On September 1, 2002, Plaintiff, Terri Pechner-James, wrote to the mayor concerning her sexual harassment complaint. He did not respond.

On January 25, 2001, Mayor Ambrosino also met with officer, Kathy Fish and her husband. Kathy Fish is not a plaintiff in this action but she filed a separate complaint with the Massachusetts Commission Against Discrimination based upon her experiences at the Revere Police Department.. She discussed her situation with the Mayor, she discussed the general condition of discrimination as it affected her fellow female recruits in the Revere Police Department. She requested leave without pay. The mayor denied her request in accordance with the policy of the City of Revere.

Mayor Thomas Ambrosino is a policymaker for the City of Revere and has been a policymaker since January 3, 2000. The denial he issued to Kathy Fish is consistent with the denials he issued the Plaintiffs and the policies of the City of Revere as practiced by this Mayor and his predecessors and they constitute a violation of the parity that the Commonwealth has established between psychological and physical injuries.

The actions of the Defendant, City of Revere and the indifference of its Mayor injured the Plaintiffs. All four (4) counts of each Plaintiff's complaint is based on the theory of municipal liability and the responsibility of the policy makers, the implementation of whose policies by their supervisors caused injury to the Plaintiffs who were officers of the Revere Police Department. The Plaintiffs filed their present causes of action based on M.G.L.c. 151 § 4, the decision of the Supreme Judicial Court in <u>College Town, Div. of Interco, Inc. v Massachusetts Commission Discrimination,</u> 508 N.E. 587, 400 Mass 156 (1987) and the parallel provisions of 42 U.S.C. § 200(e)-2. The Massachusetts Supreme

4

Judicial Court in College Town established a policy of strict liability and holds employers strictly liable for acts of sexual discrimination performed by supervisors. The Magistrates recommendation on Mayor Ambrosino does not survive the College Town test; it also does not survive the federal policy established for violations 42 U.S.C. § 2000(e)-2. enunciated by the U.S. Supreme Court in Burlington Industries, Inc. v Ellerth, 542 U.S. 742; Faragher v City of Boca Raton, 524 U.S. 775 (1990) and the definition of tangible job action in Suders v Easton, No:01-3512 (April 16, 2003) 3rd Circuit. In addition, Mayor Ambrosino is a relevant policy maker for the City of Revere and he has acted in his capacity as a policy maker. The Magistrate's recommendation is therefore contrary to the criteria established by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Magistrate's report also recommends a grant of summary judgment to Terrence Reardon, Chief of Police in his personal and his official capacities. This recommendation is also based on clearly erroneous factual information and is contrary to the legal requirements of municipal liability enunciated in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996). This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Plaintiffs complaint-in Paragraph 1- identifies Terrence Reardon, as the Chief of the Revere Police Department; it also identifies him and his predecessors as supervisors of the Plaintiffs. The theory of municipal liability encompasses both his policies and the policies of his predecessors. The Plaintiffs acknowledge that Terrence Reardon was confirmed as Chief of Police on January 14, 2002 as stated in the affidavit of Thomas Ambrosino. However, as stated earlier, the time period encompassed by their complaint includes, but is not limited to the period during which they sought redress from the Defendants, including but not limited to the period during which the sought and successfully secured disability benefits as described in paragraphs 121 and 139 of their complaint.

5

After January 14, 2002, Terrence Reardon was an official policymaker of the City of Revere. Prior to that date, he was a high-ranking official who helped to implement the policies of the City. He was directly involved in Plaintiff, Sonia Fernandez coerced return to work; he was directly involved in both Plaintiffs three-year struggle to secure disability retirement benefits and was a policy maker during this period.

Conclusion:

Both Mayor Thomas Ambrosino and Chief Terrence Reardon are policy makers of the City of Revere and were policy makers during periods encompassed by the Plaintiffs complaint. Municipal liability can be established by their actions and by their deliberate indifference to the injuries of the Plaintiffs. The recommendations of the magistrate on both Mayor Thomas Ambrosino and Chief Terrence Reardon are factually erroneous, inconsistent with their demonstrated actions as policy makers and contrary to Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996); College Town, Div of Interco, Inc. v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass 156 (1987) and because of the tangible job actions Suders v Easton, No: 01-3512 (April 16, 2003.) 3rd Circuit. There are genuine issues of material fact about the role of Thomas Ambrosino and Terrence Reardon as policy makers for the City of Revere; they are therefore not entitled to summary judgment as a matter of law. The report and recommendations of the Magistrate Judge on Docket No. #29 and #37 should be rejected and the Court should conduct a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470