UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2005 OCT 20 P 3:42

U.S. DISTRICT COURT
DISTRICT OF MASS.

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**
      **Plaintiffs**

C.A. No: 03-12499-MLW

V

**CITY OF REVERE et al**
      **Defendants**

## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez hereby appeal the following recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53, Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action. Docket #53 is the pivotal request and is related to all other docket cited herein. The Plaintiffs state the following in support of their appeal.

The Magistrate judge ruled as follows:
    Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions (Docket #53) for the purpose of (1) seeking federal recognition of state determinations; (2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury and causation and (4) avoiding a result from the federal court that conflicts with the state determination on the same issue.

The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request as seeking preclusion. Preclusion can be waived, jurisdiction cannot. The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and contrary to law. The decision must be rejected and a de novo review conducted.

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law enforcement officers of the City of Revere. As a result of their experiences they suffered Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining disability retirement. The Magistrate Judge acknowledged during the hearing that both the state adjudications and the case that the Defendants moved to federal court arise from the "same common nucleus of operative fact." The following state adjudicatory bodies made the determinations that granted the Plaintiffs their disability retirement.

1. Division of Administrative Law Appeals (DALA)
2. Regional Medical Panel
3. Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1. On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.
2. On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and made the following findings: **(See Attached Exhibit A)**

    (a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her follow officers.

    (b) PERMANENCE: The incapacity mentioned above is likely to be permanent in that anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

    (c) CAUSALITY: The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder.

The Defendants requested a Clarification of the findings of the Regional Medical Panel. On March 1, 2004, the Medical Panel responded to the Defendants Request for Clarification **(See Attached Exhibit B)**.

The Medical Panel addressed the five questions raised by the Defendants and provided in depth answers to each inquiry. The Panel's entire clarification contradicted the decision of the Magistrate Judge and Inquiry No 5, in particular. That Response directly addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the source of Ms. James difficulties. Would such private concerns not possibly produce the condition that was diagnosed? Did the Panel inquire of Ms. James as to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records appeared to be related to events specific to her occupation. We did conduct a general review of psychiatric history and nothing of note was found in the records or discovered in our examination. In similar cases, when there is a history of depression or past traumas, the individual is rendered more vulnerable to the effects of later traumatic events but the psychopathology at the later time is specific to the stress of the contemporary experiences and not considered to be "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's findings of July 28, 2003.

The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal district court for the findings and the determinations made by DALA, PERAC, the initial decision of the Regional Medical Panel and the findings provided by the Clarification of the Panel.

Those state determinations are entitled to finality and comity from the federal courts. The Magistrate Judge acted contrary to law when he failed to provide that recognition. Federal review of state court decisions lies only with the United States Supreme Court. 28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332. Direct review of state court

3

decisions is barred. See <u>Brown & Root, Incorporated v Breckenridge</u>, 211 F. 3d 194, 198 (4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say "safeguarding" our dual system of government. The United States Supreme Court in <u>Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs,</u> 398 U.S. 281, 286 (1970) stated:

> From the beginning we have had in this country essentially two legal systems. Each system proceeds independently of the other with ultimate review in the [Supreme] Court of the federal questions raised in either system.

The majority of the issues in this case are state issues. Each Plaintiff filed a four (4) count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been adjudicated as disabled. The Regional Medical Panel of PERAC made a finding that the Plaintiff suffered from Post Traumatic Stress Disorder (PTSD) as a result of the hostile environment she encountered in the Revere Police Department. These finding were attached as **Exhibit B** to the Plaintiffs complaint. Plaintiff, Sonia Fernandez, has also been adjudicated with PTSD as a result of the hostile environment she encountered in the Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations. The federal claims are not only based upon but are"inextricably intertwined" with the findings of injury and causation made as a result of the state adjudication. The Defendants have made no allegation that the state court decisions on injury and causation were wrongly decided. They moved the case to federal court and are seeking to relitigate the issue.

The Defendants are barred from pursuing an appellate review of the state court findings. Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic Coastline, supra. bars not only review of state court decisions but also issues that are inextricably intertwined with the state court decision. The Defendants federal claim is "inextricably intertwined " with the state court decision because what the Defendants seek from the federal district court is a ruling that would effectively reverse the state adjudication on injury and causation and void that ruling.

**Conclusion:**

The findings of the state adjudicatory bodies of injury and causation and the medical findings of the Regional Medical Panel are not subject to appellate review by the federal court. This issue is jurisdictional. They are entitled to recognition and comity. The magistrate's decision, if allowed to stand, would effectively reverse the state decisions and void their rulings. The best the Magistrate Judge's decision can accomplish is to create, from the same admitted "nucleus of operative facts" conflicting decisions. This outcome is contrary to the Congressional intent of safeguarding our dual system of government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

5