UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>Defendants, | C.A. No. 03-12499-MLW |

**OPPOSITION TO PLAINTIFFS' APPEALS OF ORDER ON
DISCOVERY MOTION PURSUANT TO RULE 72 (DOCKET Nos. 90 and 91)**

On October 26, 2005, these opposing Defendants received electronic notification of the filing of Plaintiffs' Notice of Appeal on Discovery Motions Pursuant to Rule 72 (Docket Nos. 90 and 91). This opposition is addressed to both "appeals".

BACKGROUND

On October 6, 2005, the parties appeared before the Honorable Leo T. Sorokin, United States Magistrate Judge for the District of Massachusetts, for a Motions Hearing pursuant to an order of the Court entered herein on September 15, 2005 (Docket No. 81). On October 12, 2005, Judge Sorokin issued his Order on Discovery Motions (Docket No. 87) and his Report and Recommendations on Defendants Thomas Ambrosino's and Terence Reardon's motions for summary judgment (Docket No. 88). Plaintiffs' "appeals" purport to address Judge Sorokin's ruling on the discovery motions (Docket No. 87). For the reasons more fully set forth below, Plaintiffs objections are without merit and must be overruled since (1) Judge Sorkin's discovery

orders are neither clearly erroneous nor contrary to law, Fed.R.Civ.P. 72(a), and (2) upon de novo review, it must be seen that the Plaintiffs "appeals" are without merit.

## PLAINTIFFS OBJECTIONS MUST BE OVERRULED

**A.    Procedural Posture:**

Plaintiffs purport to "appeal" from Magistrate Judge Sorokin's discovery motions order (Docket No. 87) pursuant to Fed.R.Civ.P. 72. Their "appeals" do <u>not</u> indicate whether they are objecting under subsection (a) (nondispositive matters) or subsection (b) (dispositive motions) of Rule 72, or both, although they seek "de novo review" (Notice of Appeal, page 1, last paragraph, last sentence) which is a subsection (b) based standard of review. For their part, these objecting Defendants have always viewed Plaintiffs Rooker-Feldman "Request" as a partial motion for summary judgment seeking a determination of liability based ostensibly upon collateral estoppel grounds (see Defendants' Opposition to Plaintiffs Rooker-Feldman Request, Docket Nos. 57 and 58). Although the Magistrate Judge treated the "Request" as a nondispositive motion, the Plaintiffs did not and have not so treated it, as amply demonstrated by their appeals. Thus, these objecting Defendants view the "appeals" as to the ruling on the Rooker-Feldman Request (Docket No. 53) as falling under subsection (b) and are responding accordingly. On the other hand, the "appeals" of the discovery orders are clearly controlled by subsection (a).

**B.    The Substance of the "Appeals":**

With the exception of the attached exhibits, about which more will be said later, the five (5) pages of text in Plaintiffs' "appeals" in both Docket Nos. 90 and 91 are identical. Why duplicative "appeals" with different exhibits have been filed is nowhere explained, nor is it intuitively obvious. In any event, Plaintiffs inform the Court that they are appealing from Judge Sorkin's orders with respect to Docket No. 53 – Plaintiffs "Request" for Rooker-Feldman Ruling

and Further Instructions; Docket No. 46 – City of Revere's Motion to Compel Interrogatory Answers; Docket No. 33 – Plaintiffs Emergency Motion for Protective Order and Request for a Hearing; Docket No. 34 – Plaintiffs Motion to Compel Production of Documents; and, Docket No. 50 – City of Revere's Motion for Leave to File a Memorandum of Points and Authorities in Excess of 20 Pages. (Notice of Appeals, page 1, first paragraph). Plaintiffs further inform the Court that "Docket # 53 is the pivotal request and is related to all other docket (sic) cited herein." (Notice of Appeals, page 1, first paragraph). Indeed, so pivotal is Plaintiffs Rooker-Feldman "Request" that it is the only thing discussed for the balance of the "appeal". Thus, Plaintiffs "appeal" fails to articulate how or why the Magistrate Judge's other nondispositive rulings are "clearly erroneous of contrary to law." Fed.R.Civ.P. 72(a). The failure to argue an issue on appeal waives that issue. *Ortega Cabrera v. Municipality of Bayamon*, 562 F.2d 91, 102 n.10 (1st Cir. 1977). Thus, any claim of error as to the discovery orders themselves has been waived.

C.  **The Rooker-Feldmen Claim is Without Merit:**

Concerning their Rooker-Fledman "Request," Plaintiff states that its purpose was to "(1) seek[ ] federal recognition of state determinations; (2) raise[ ] the jurisdictional issue and (sic) (3) prevent[ ] relitigation of the issues of injury and causation and (4) avoid[ ] a result from the federal court that conflicts with the state determination on the same issue." (Notice of Appeals, page 1, third paragraph).

According to Plaintiffs, Judge Sorokin "erroneously referred to the Plaintiffs Request as seeking preclusion" and thus "identified the wrong issue and rendered a decision that is erroneous and contrary to law." (Notice of Appeals, page 1, fourth paragraph). Funny, "seeking federal recognition of state determinations," "preventing relitigation of issues," and "avoiding a result from the federal court that conflicts with the state determination on the same issue" all

sound like issue preclusion arguments to these Defendants. See *San Remo Hotel, L.P. v. City & County of San Francisco*, ___ U.S. ___, 125 S. Ct. 2491, 2500, n14 (2005) and *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Indeed, the balance of Plaintiffs' appeal is nothing more than one continuous argument in favor of issue preclusion. See e.g., Notice of Appeal, page 3, last two paragraphs and page 4, last paragraph.

The bottom line, as Defendants argued in their opposition to Plaintiffs' "Request," is that what Plaintiffs are pursuing is, in essence, a partial motion for summary judgment. In this posture, Plaintiffs' "Request" was obligated to comply with the requirements of both Fed.R.Civ.P. 56 and Local Rule 56.1. It complied with neither. This lack of compliance is crucial inasmuch as the bald assertions and leaps of evidentiary logic made by the Plaintiffs in both the "Request" itself and repeated in these "appeals" have no foundation in fact, and certainly no foundation in any undisputed material facts.

The truth of the matter is that Plaintiffs were awarded a service disability retirement, nothing more, nothing less. Nothing about this litigation will in any way change that fact, as the Magistrate Judge correctly observed during the motions hearing. Thus, the Defendants are not "appealing" the award of Plaintiffs' disability retirements. On the contrary, what Plaintiffs are now seeking is an award augmenting that disability retirement with money damages for alleged violations of their civil rights, namely, their rights to be free from alleged employment discrimination. That Plaintiffs have been the victims of employment discrimination is a claim that remains to be proven. It was <u>not</u> a claim decided by any body, much less a court of the Commonwealth of Massachusetts, prior to the instigation of this litigation.

Thus, for the reasons set forth herein, as well as those set forth in these objecting Defendants' original opposition which is incorporated herein be reference, Plaintiffs' appeals must be denied and the order of the Magistrate Judge affirmed.

For the Defendants,
**CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,**
By their Attorneys,

*/s/ Paul Capizzi*

Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Opposition to Plaintiffs' Appeals of Order on Discovery Motion Pursuant To Rule 72 (Docket Nos. 90 And 91), to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: October 31, 2005