UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, Mayor, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, Chief, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br><br>Defendants. | C.A. No.: 03-12499MLW |

### RESPONSE OF DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY AND STEVEN FORD TO NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS PURSUANT TO FED.R.CIV.P. 72

Now come the Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford (hereinafter referred to as "the individual Defendant officers"), by and through their undersigned counsel, and hereby respond[1] to the Plaintiffs' October 26, 2005 filings,[2] entitled "Notice of

---

[1] To begin, it is important to note that Fed.R.Civ.P. 72, as it concerns a party's ability to respond to the objections filed by another party arising out of a Magistrate Judge's determination on a pretrial matter, is a dualistic construct. For pretrial matters that are not dispositive of a claim or defense of a party, a party may file objections to a Magistrate Judge's determination, but Fed.R.Civ.P. 72 (a) does not provide a non-objecting party with the ability to respond to those objections. For pretrial matters dispositive of a claim or defense of a party, however, Fed.R.Civ.P. 72 (b) provides a non-objecting party with the right to respond to the objections of another party within ten days of receipt of the objections.

Appeal of Order on Discovery Motions Pursuant to Rule 72."[3]

As indicated in the "Notice of Appeal," the Plaintiffs are attempting to lodge objections to the Magistrate Judge's conclusions with respect to several different motions or requests ruled

---

Although counsel for the individual Defendants recognizes that several of the determinations placed in issue by the Plaintiffs' "appeal" involve discovery motions, and thereby would not be dispositive of a claim or defense in the ordinary course, it is critical to note that the Plaintiffs have sought to employ the *Rooker-Feldman* doctrine as a tool to render the Defendants' liability in this litigation a matter that has been established conclusively by virtue of prior state administrative proceedings, functionally leaving the only issue for resolution in this litigation the question of damages. *See* Plaintiff's Request for a *Rooker-Feldman* Ruling (Docket No. 53).
As the Plaintiffs' counsel has treated this *Rooker-Feldman* issue as dispositive, and as the Plaintiffs' instant "appeal" expressly indicates its focus to be *Rooker-Feldman* and its impact on associated discovery matters, counsel for the individual Defendant officers respectfully submits that this Court should allow a response to be filed pursuant to Fed.R.Civ.P. 72 (b). In any event, given the egregious misrepresentation of the Magistrate Judge's determination with respect to the Plaintiffs' counsel's *Rooker-Feldman* Request contained within the "Notice of Appeal," counsel for the individual Defendant officers must correct the record in order to prevent this Court from operating under any misapprehension arising out of the Plaintiffs' erroneous assertion.

[2]Although the Plaintiffs' October 26, 2005 filings appear to bear an ink stamp indicating that they were filed on October 20, 2005, electronic notices of the filings were not disseminated to counsel for the individual Defendant officers until October 26, 2005. Accordingly, for purpose of the timing of this Response, the individual Defendant officers respectfully submit that October 26, 2005 be considered the operative filing date. *See* Fed.R.Civ.P. 72 (b) ("A party may respond to another party's objections within 10 days after being served with a copy thereof.").

[3]As this Court is aware, a party filing an objection to a decision of a Magistrate Judge pursuant to Fed.R.Civ.P. 72 is not "appealing" from any order, but rather is filing written objections for the assigned District Judge's de novo review. Fed.R.Civ.P. 72 (b).
Beyond the stylistic, two separate electronic notices have been received by defense counsel that, following review, appear to be identical substantive filings purporting to object to the determinations of the Magistrate Judge. (Docket Nos. 90 and 91). Although the substantive filings associated with these two electronic notices are identical, the attachments to the filings are completely dissimilar, with each attaching entirely different materials to the substantive filing. As if that confusion were not enough, the documents referenced as attachments within the body of the Plaintiffs' substantive filings are not attached to those filings, instead other documents, nowhere referenced within the body of the substantive filings, are attached without designation.
Notwithstanding these deficiencies, counsel for the individual Defendant officers will endeavor to respond, as best as can be expected, to the substance of the Plaintiffs' filings.

on by Magistrate Judge Sorokin. *See* Not. of Appeal, p. 1. Specifically, the Plaintiffs have objected to the Magistrate Judge's determinations made with respect to the Plaintiffs' Emergency Motion for a Protective Order (Docket No. 33); the Plaintiffs' Motion to Compel Production (Docket No. 34); certain Defendants' Motion to Compel Interrogatory Responses (Docket No. 46); certain Defendants' Motion for Leave to File a Summary Judgment Memorandum in Excess of Forty Pages (Docket No. 50);[4] and, Plaintiff Pechner-James' Request for a *Rooker-Feldman* Ruling (Docket No. 53). After proper referral to Magistrate Judge Sorokin for resolution, and following a hearing during which the parties presented oral argument, each of these Motions or Requests was resolved by the Magistrate Judge in an Order on Discovery Motions entered on October 12, 2005. *See* Docket No. 87. The Plaintiffs thereafter filed written objections.

To begin, it is essential to correct the misrepresentation contained within the Plaintiffs' "Notice of Appeal" as relates to its description of the Magistrate Judge's reasoning and subsequent determination on the *Rooker-Feldman* issue. Namely, within the "Notice of Appeal," Plaintiffs' counsel asserts that "[t]he Magistrate Judge, during the hearing, erroneously referred to the Plaintiff['s] Request [for a *Rooker-Feldman* Ruling] as seeking preclusion. . . . The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and contrary to law." Not. of Appeal, p. 1. Without mincing words, the Magistrate Judge did no such thing, instead concluding only that the *Rooker-Feldman* doctrine, and its jurisdictional

---

[4] It is not at all clear to counsel for the individual Defendant officers as to why the Plaintiffs, on the asserted basis of the applicability of the *Rooker-Feldman* doctrine; *see* Not. of Appeal, pp. 1-5; have filed objections to the Magistrate Judge's determination with respect to this particular Motion.

-3-

consequences, is inapplicable to this matter.[5] The Magistrate Judge did express that it sounded to him as if the Plaintiffs' counsel was seeking to establish the preclusive effect of a prior administrative determination within this litigation, but further took meticulous pains to indicate that the issue of preclusion was not before him insofar as the *Rooker-Feldman* Request did not raise such an issue of preclusion, instead focusing entirely upon the separate and distinct jurisdictional rule of *Rooker-Feldman*, and because the parties had not briefed the applicability of any other jurisdictional precept, including preclusion. Any assertion by the Plaintiffs' to the contrary would be belied by the record of the hearing conducted before Magistrate Judge Sorokin.

With the setting thus cleared of misrepresented argument, there is but one brief substantive point to raise in connection with the instant request seeking review of the Magistrate Judge's *Rooker-Feldman* determination. As is demonstrated by a review of the Plaintiffs' counsel's filings on the *Rooker-Feldman* issue, and in particular the response to the opposing paperwork submitted by the Defendants, the argument as to the alleged applicability of the doctrine centers upon the claim that, because a judicial appeal route was available to the City of Revere following the state administrative agency determination and, further, because the state

---

[5]Counsel for the individual Defendant officers refers this Court to the opposition paperwork submitted by the various Defendants following the initial Request for a *Rooker-Feldman* Ruling. By way of summary argument, the United States Supreme Court has "confined [the doctrine] to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [D]istrict [C]ourt proceedings commenced and inviting [D]istrict [C]ourt review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. ___, ___, 125 S.Ct. 1517, 1521-2 (2005). This succinct statement for a unanimous Supreme Court completely precludes any notion that the doctrine applies in this litigation, as more fully explained within the opposition paperwork previously filed on behalf of the various Defendants.

administrative agency proceeding was quasi-judicial, the decisions of the United States Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. ___, ___, 125 S.Ct. 1517, 1526 (2005) and *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 (2002) do not apply to bar the applicability of the doctrine in this instance as the Defendants here are "state-court losers."[6]

This position is demonstrably false. In *Verizon*, the issue presented for United States Supreme Court review involved a decision of the Maryland Public Service Commission, a state administrative agency conducting itself according to quasi-judicial procedures; *see* MD. CODE ANN., Public Utility Companies § 2-101 et seq. (1957); that had been appealed by Verizon and thereafter made the subject of judicial review in Maryland state courts. *Verizon*, 535 U.S. at 639. Notwithstanding the fact that the agency determination followed a quasi-judicial proceeding, or the fact that such agency determination subsequently was subjected to judicial review, the Supreme Court dismissed the notion that the *Rooker-Feldman* doctrine applied, concluding that the doctrine is not implicated in the context of the review of state agency action. *Id.*, 644 n.3.

Here, to the extent that the Plaintiffs' claim is that *Rooker-Feldman* applies to establish conclusively matters previously the subject of determination by a Massachusetts administrative agency, because that agency operates according to quasi-judicial rules of procedure and because the City of Revere could have subjected such agency determination to judicial review within the Massachusetts state courts, the foundational premise of the Plaintiffs' claim is foreclosed by

---

[6]Curiously, Plaintiffs' counsel has never responded to the argument, contained within the individual Defendant officers' opposition paperwork, that the individual Defendant officers were not parties to the state administrative agency proceedings and, therefore, cannot be said to have matters determined in those proceedings conclusively established against them for purposes of this litigation. *See* Opp. of Indiv. Officers, pp. 5-6.

*Verizon.* As relevant here, the procedural predicate in *Verizon* involved both a quasi-judicial administrative proceeding, followed by *actual* judicial review. Despite that procedural history, the United States Supreme Court in *Verizon* concluded that the matter involved state agency action, to which the *Rooker-Feldman* doctrine was inapplicable. The same is true in this setting.

Finally, it is rather unfortunate, for defense counsel as well as this Court, that the normal and expected course of this litigation has become one beset with confusion at every turn, based upon the Plaintiffs' counsel's litigation conduct. Beyond the deficiencies noted in this Response; see footnotes 2-5 and accompanying text; this litigation has been infected with technical, procedural and substantive infirmity throughout. For instance, counsel for the individual Defendant officers notes that, although the Plaintiffs' "Notice of Appeal" purports to object to the Magistrate Judge's determination on the *Rooker-Feldman* issue on behalf of both Plaintiffs, the initial *Rooker-Feldman* Request was advanced only on behalf of Plaintiff Pechner-James. *See* Docket No. 53. Similarly demonstrative of the frustration now being carried by defense counsel, on the subject of the individual Defendant officers' discovery requests, Plaintiffs' counsel time and again was asked to produce relevant medical or health records and, once production took place, was advised time and again that the responses were entirely inadequate and incomplete. Following the extension and breach of several deadlines for the supplementing of such responses, all following Plaintiffs' counsel's protestations that the materials would be produced, judicial intervention became the necessary means to attempt to secure the material. *See* Docket No. 79. It was not until the Plaintiffs' counsel filed a written response to that Motion to Compel that Plaintiffs' counsel advanced the position that production was not required, insofar as the ubiquitous *Rooker-Feldman* doctrine established the individual Defendant officers'

liability, leaving only damages at issue.[7] The individual Defendant officers, as well as the other Defendants to this action, have been prejudiced, and continue to be prejudiced, by this course of litigation conduct. Counsel has wasted significant time and resources in attempting to decipher Plaintiffs' counsels' filings, or otherwise to formulate responses to the Plaintiffs' counsels' repeated vacillations in all manner of litigation action. Although, at this time, counsel for the individual Defendant officers is not seeking any sort of litigation sanction, it has become imperative to create a record in the event that such a request is made necessary in the future.

WHEREFORE, the individual Defendant officers respectfully request that this Court accept the determinations of the Magistrate Judge to which the Plaintiffs have objected, and enter an order accordingly.

Defendants Bernard Foster, Salvatore
Santoro, Roy Colannino, Frederick
Roland, Thomas Doherty, John Nelson, James
Russo, Michael Murphy and Steven Ford,
By their attorneys,


/s/ Andrew J. Gambaccini
Michael J. Akerson
BBO #: 558565
Andrew J. Gambaccini
BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

---

[7] Even if this proposition was true, it is difficult to fathom why such production still would not be necessary and appropriate, insofar as such materials would bear upon the question of the assessment of damages.