UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA )
FERNANDEZ, )
    Plaintiffs, )
 )
v. ) C.A. No. 03-12499-MLW
 )
CITY OF REVERE, THOMAS AMBROSINO, )
MAYOR, CITY OF REVERE POLICE )
DEPARTMENT, TERRENCE REARDON, )
CHIEF OF POLICE, BERNARD FOSTER, )
SALVATORE SANTORO, ROY COLANNINO, )
FREDERICK ROLAND, THOMAS DOHERTY, )
JOHN NELSON, JAMES RUSSO, MICHAEL )
MURPHY and STEVEN FORD, )
    Defendants, )

**OPPOSITION TO PLAINTIFFS' "APPEAL" OF REPORT AND RECOMMENDATION ON SUMMARY JUDMENT ON DOCKET NOS. 29 AND 37 PURSUANT TO RULE 72**

**THIS OPPOSITION SHOULD BE DEEMED TO BE TIMELY**

On October 26, 2005, these opposing Defendants received electronic notification of the filing of Plaintiffs' Notice of Appeal on Discovery Motions Pursuant to Rule 72 (Docket Nos. 90 and 91). Affidavit of Walter H. Porr, Jr., filed concurrently herewith. As of that date, Docket Nos. 90 and 91 were virtually identical documents and thus, on November 1, 2005, these Defendants filed a joint opposition explicitly citing this fact (Docket No. 92). On November 7, 2005, a docket entry was made in an attempt to correct the document filed as Docket No. 90. However, upon receiving electronic notice of this alleged correction (a copy of which is attached to the Affidavit of Walter H. Porr, Jr., filed concurrently herewith), Defendants' Counsel downloaded Docket No. 90, only to find that it looked like the same document as before. In this context, the first several pages were the same pleading as before, which is still a duplicate of Docket No. 91, and the single page labeled sealed document is also the same. What Defendants'

Counsel did not realize was that there was a third document, the instant "appeal", which had also been appended to this filing. Affidavit of Walter H. Porr, Jr., filed concurrently herewith. On November 30, 2005, Counsel learned for the first time that the instant "appeal" had been appended to Docket No. 90, rather than being docketed in its own right as it should have been. Affidavit of Walter H. Porr, Jr., filed concurrently herewith. Finally, and to make matters worse, on November 29, 2005, the parties were before the Magistrate Judge for a status conference and Counsel for these Defendants specifically stated in open court and on the record that no objection to the granting of Defendants Reardon's and Ambrosino's motions for summary judgment had been lodged and this representation was not opposed by Plaintiffs' Counsel. Affidavit of Walter H. Porr, Jr., filed concurrently herewith. Thus, under the foregoing circumstances, this opposition must be deemed to be timely filed.

## BACKGROUND

On March 1, 2005, Defendant Reardon filed his motion for summary judgment with accompanying separate statement of undisputed material fact (Docket Nos. 29 and 30). On April 12, 2005, Plaintiff's filed their opposition to Defendant Reardon's motion (Docket No. 35). Plaintiffs' opposition did not comply with Local Rule 56.1 in that no opposition to Defendant Reardon's statement of undisputed facts was filed. Thus, pursuant to said rule, Defendant Reardon's asserted facts were deemed to be admitted. Indeed, Plaintiffs submitted no factual opposition materials whatsoever (i.e., no affidavits, no deposition testimony, no discovery documents, etc.).

On April 12, 2005, Defendant Ambrosino filed his motion for summary judgment with accompanying separate statement of undisputed material fact (Docket Nos. 37 and 39). On July 8, 2005, Plaintiff's filed their untimely opposition to Defendant Ambrosino's motion (Docket

No. 61). Plaintiffs' opposition did not comply with Local Rule 56.1 in that no opposition to Defendant Reardon's statement of undisputed facts was filed. Thus, pursuant to said rule, Defendant Reardon's asserted facts were deemed to be admitted. Indeed, Plaintiffs submitted no factual opposition materials whatsoever (i.e., no affidavits, no deposition testimony, no discovery documents, etc.). Due to the untimely nature of this opposition, Defendant Ambrosino filed a motion to strike the same on July 13, 2005 (Docket No. 64). No opposition was filed to this motion.

On October 12, 2005, Judge Sorokin issued his Report and Recommendations on Defendants Thomas Ambrosino's and Terence Reardon's motions for summary judgment (Docket No. 88) which is the subject of the instant "appeal."

## PLAINTIFFS' "APPEAL" FAILS TO COMPLY WITH RULE 72

Since this "appeal" is from a Magistrate Judge's findings and recommendations on a dispositive motion, it is controlled by Fed.R.Civ.P. 72(b) which states in the second paragraph that "A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs." In this case, there is no indication whatsoever that Plaintiffs have complied with this aspect of Rule 72. Given the fact that the Plaintiffs contend throughout their "appeal" that the Magistrate Judge made erroneous findings, this failure is particularly egregious. Moreover, as set forth in the Magistrate Judge's findings and recommendations, Plaintiffs' Counsel conceded on the record and in open court that neither of these Defendants was being sued in his individual capacity (Docket No. 88, page 1, paragraph 1). Additionally, representations about the official capacity status of these Defendants were also made by Plaintiffs' Counsel on the record and in open court which were likewise referred to by

the Magistrate Judge (Docket No. 88, page 1, paragraph 2). Indeed, these concessions by Plaintiffs' Counsel were the subject of discussion at the Status Conference conducted on November 29, 2005, in relation to interrogatories which had been served upon these Defendants despite the Magistrate Judges findings and recommendations and Plaintiffs' Counsel's representation that they were not being sued individually. Affidavit of Walter H. Porr, Jr., filed concurrently herewith. Given the Magistrate Judge's reliance upon concessions made in open court, concessions which it now appears that Plaintiffs' Counsel is trying to avoid, the failure to comply with Rule 72 is not simply an arcane procedural matter, but rather a matter of significant importance (See the invited error argument immediately below). Thus, the objection ("appeal") should be overruled outright for Plaintiffs failure to comply with Rule 72.

### PLAINTIFFS INVITED THE ERROR TO WHICH THEY NOW OBJECT

Plaintiffs complain that the Magistrate Judge's report is erroneous because it states that "Each defendant argues that the complaint contains no allegations that either of them committed wrongs or even held their respective positions during the time period of the allegations in the complaint." (Plaintiffs' "Appeal", page 2.) But Plaintiff's invited this error. During the course of the hearing, when the Magistrate Judge reached the motions for summary judgment, which he took together, he summarized the defense position as set out in the motions in a manner consistent with the quoted portion of his report. As the report indicates, "As to this argument, at the hearing, plaintiffs' counsel agreed that the complaint contained no such allegations and further agreed that the complaint made no claims against these two defendants in their individual capacities." (Docket No. 88, page 1, paragraph 1).

"In general, 'a party may not appeal from an error to which he contributed, either by failing to object or by affirmatively presenting to the court the wrong law.'" *P.R. Hosp. Supply,*

4

*Inc. v. Boston Sci. Corp.*, 426 F.3d 503, 505 (1st Cir. 2005) (citing *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 15 (1st Cir. 1983) (citing McPhail v. Mun. of Culebra, 598 F.2d 603, 607 (1st Cir. 1979)). Here, the report of the Magistrate Judge clearly reflects that the Plaintiffs agreed with his characterization of the complaint and the Defendants' motions for summary judgment. Having made these concessions on the record in open court, Plaintiffs can not now be heard to complain about them.

### THE OBJECTION MUST BE OVERRULED

"Under Rule 56, once the moving party has pointed to the absence of adequate evidence supporting its opponent's case, the onus is on the party resisting the motion for summary judgment to respond by presenting facts that show that there is a 'genuine issue for trial.' LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841-42 (1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). **To oppose the motion successfully, the nonmoving party 'may not rest upon mere allegations or denials of his pleading.'** Anderson, 477 U.S. at 256. '**The nonmoving party must establish a trial-worthy issue by presenting 'enough competent evidence to enable a finding favorable to the nonmoving party.'** LeBlanc, 6 F.3d at 842 (quoting Anderson, 477 U.S. at 249). *Serrano-Cruz v. DFI Puerto Rico*, 109 F.3d 23, 25 (1st Cir. 1997) (bold added).

Despite the clear requirements of the law and the rules of civil procedure, Plaintiffs "appeal" suffers from the same defects as its opposition to the motions in the first instance. Plaintiffs rely upon their pleadings as if they were uncontroverted facts, while at the same time, they have submitted <u>no</u> evidentiary material whatsoever in response to the Defendants amply supported motions.

5

Moreover, Plaintiffs compound their error by referring to matters nowhere to be found even in the complaint, much less the summary judgment record. In this regard, in the last paragraph on page 3, Plaintiffs make reference to a meeting with the Mayor for which there is absolutely no evidentiary support in the summary judgment record whatsoever and only a factually bare reference in the complaint. Likewise, in the second paragraph of page 4, Plaintiffs refer to the Mayor's meeting with a person named Kathy Fish. There is absolutely no evidentiary support in the summary judgment record for these factual assertions and absolutely nothing in the complaint as well.

On the summary judgment record which exists in this case, the objections must be overruled and the report and recommendation of the Magistrate Judge adopted.

### THE CONTINUING CONFUSION AND CONFLATION OF INDIVIDUAL LIABILITY AND MUNICIPAL LAIBILITY

Near the bottom on page 2 of the "appeal," Plaintiffs argue, based solely upon their pleadings, that the Mayor and Chief of Police were intentionally hostile and deliberately indifferent. "This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers **constitute municipal liability** as defined by this court in <u>Gonsalves v City of New Bedford</u>, 939 F.Supp. 915 (1996)." (Bold added). Plaintiffs make the identical argument at the top of page 3 and in the middle paragraph of page 5.

At the bottom of page 4, Plaintiffs argue that "All four (4) counts of each Plaintiff's complaint is based upon **the theory of municipal liability** and the responsibility of the policy makers, . . ." (Bold added). Likewise, in the last paragraph of page 5, Plaintiff argues that "**The theory of municipal liability** encompasses both his policies and the policies of his predecessors." (Bold added).

Finally, in their Conclusion on page 6, Plaintiffs state that "**Municipal liability** can be established by [the actions of the Mayor and Police Chief] and by their deliberate indifference to the injuries of the Plaintiffs." (Bold added).

Thus, according to the Plaintiffs, "There are genuine issues of material fact about the role of Thomas Ambrosino and Terrence Reardon as policy makers for the City of Revere; they are therefore not entitled to summary judgment."

What should be patently obvious from the foregoing is that Plaintiffs continue to confuse and conflate individual liability and municipal liability. The motions before the Court were and are motions for summary judgment by the Mayor and the Police Chief, NOT the City of Revere and/or its Police Department. In both motions, the Mayor and Police Chief presented undisputed material facts which demonstrated that they had not engaged in any actionable conduct via-a-vis the Plaintiffs, either because the alleged conduct occurred before their tenure or because the conduct which occurred during their tenure was not a violation of the Plaintiffs rights in the first instance. Plaintiffs presented no controverting evidence in opposition to these motions. Thus, these individual Defendants were and are entitled to summary judgment, regardless of the fact that the issue of municipal liability remains to be resolved.

Thus, for the reasons set forth herein, Plaintiffs' "appeal" must be denied and the report and recommendation of the Magistrate Judge granting the motions for summary judgment must be adopted.

[Signature on next page.]

For the Defendants,
THOMAS AMBROSINO and TERENCE REARDON,
By their Attorneys,

_____
Paul Capizzi, Esq., City Solicitor
BBO#: 646296, pcapizzi@rvere.org
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#: 659462, wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: December 1, 2005

### CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Opposition to Plaintiffs' Appeal of Report and Recommendation on Summary Judgment on Docket Nos. 29 and 37Motion Pursuant To Rule 72, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: December 1, 2005