**Walter Porr**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Wednesday, October 26, 2005 2:08 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:03-cv-12499-MLW Pechner-James et al v. City of Revere et al "Motion for Miscellaneous Relief" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from James S. Dilday entered on 10/26/2005 at 2:08 PM EDT and filed on 10/20/2005

| | |
|---|---|
| **Case Name:** | Pechner-James et al v. City of Revere et al |
| **Case Number:** | 1:03-cv-12499 |
| **Filer:** | Terri Pechner-James |
| | Sonia Fernandez |

**Document Number:** 91

**Docket Text:**
MOTION for ne dova review re [87] Order on Motion for Miscellaneous Relief, Order on Motion for Protective Order, Order on Motion to Compel, Order on Motion for Sanctions,, Order on Motion for Leave to File,,, Order on Motion to Strike,,,,, by Terri Pechner-James, Sonia Fernandez. (Attachments: # (1) Exhibit 1 Affidavit of Thomas Ambrosia and Letter of Appointment of Terrance Reardon dated January 15, 2002# (2))Ambrosia Letter to Terri Pechner dated 4-23-05(Boyce, Kathy)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/26/2005] [FileNumber=1177133-
0] [ca35bda7246ed032aed7ac99d6242a3b255b68b9a34ff2adc914bdb2cd6dbc91c3
9ddef2785840c156e35eaca9898037c9e1cff0f6e8d8082075a00e31a51f2f]]
**Document description:**Exhibit Exhibit 1 Affidavit of Thomas Ambrosia and Letter of Appointment of Terrance Reardon dated January 15, 2002
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/26/2005] [FileNumber=1177133-
1] [d1ff0c2ebc49cf87fb3795215a8a203577cc8cf006f37ea8883817e901b069ccf4
d1ded0552bee628a9353f38edf650a0b12b98ba8816e00894493c70dd54b40]]
**Document description:**

12/1/2005

**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/26/2005] [FileNumber=1177133-
2] [bc1bb8cba3f4888d07ba00fbe92cff01f88438c5f039b6eacf4f9f4041dfb20882
e6a408197be770e212bcf8c99f43bec16e8e611756ca175429f19b2d3016b3]]

### 1:03-cv-12499 Notice will be electronically mailed to:

Michael J. Akerson     mjakerson@yahoo.com

James S. Dilday     jsdilday@juno.com

Andrew J. Gambaccini     agambaccini@epreardon.com

Austin M. Joyce     austinj@masspolice.com

Walter H. Porr , Jr     wporr@revere.org, waltporr@comcast.net

John K. Vigliotti     jvigliotti@epreardon.com

### 1:03-cv-12499 Notice will not be electronically mailed to:

Paul Capizzi
Office of the City Solicitor
City Hall, 281 Broadway
Revere, MA 02151

## Walter Porr

**From:**    ECFnotice@mad.uscourts.gov
**Sent:**    Wednesday, October 26, 2005 1:38 PM
**To:**      CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:03-cv-12499-MLW Pechner-James et al v. City of Revere et al "Objection to Report and Recommendations"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Boyce, Kathy entered on 10/26/2005 at 1:38 PM EDT and filed on 10/20/2005

**Case Name:**      Pechner-James et al v. City of Revere et al
**Case Number:**    1:03-cv-12499
**Filer:**          Terri Pechner-James
                    Sonia Fernandez

**Document Number:** 90

**Docket Text:**
OBJECTION to [88] Report and Recommendations filed by Terri Pechner-James, Sonia Fernandez. (Attachments: # (1) Attachments to Objection to Report and Recommendation)(Boyce, Kathy)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/26/2005] [FileNumber=1177061-0] [234ba30c0049a8c8ac331c9d0340b7a7d57773ec5c6f7f39b0a9fb86d695856228 04e469393304e016ce47f010a9794d8061d524439fe97f0f762fb362fb4ad2]]
**Document description:**Exhibit Attachments to Objection to Report and Recommendation
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/26/2005] [FileNumber=1177061-1] [1b75edc5e3129f5bf9f44a06a874e44806549dc14bc60bd46256713c6f16a00184 5026d143a6470f3ffaadc7630ca3b44b91c463e531d7887cf76397690219f9]]

**1:03-cv-12499 Notice will be electronically mailed to:**

Michael J. Akerson    mjakerson@yahoo.com

James S. Dilday     jsdilday@juno.com

Andrew J. Gambaccini     agambaccini@epreardon.com

Austin M. Joyce     austinj@masspolice.com

Walter H. Porr , Jr     wporr@revere.org, waltporr@comcast.net

John K. Vigliotti     jvigliotti@epreardon.com

**1:03-cv-12499 Notice will not be electronically mailed to:**

Paul Capizzi
Office of the City Solicitor
City Hall, 281 Broadway
Revere, MA 02151

Dbt f !2;14.dw235: : .NMK !!!!!Epdvn f ou: 1!!!!!Gjrfhe!21‼31‼3116!!!!!Qbhf !2!pg6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**
**Plaintiffs**

2005 OCT 20  P 3: 42

C.A. No: 03-12499-MLW

U.S. DISTRICT COURT
DISTRICT OF MASS.

**V**

**CITY OF REVERE et al**
**Defendants**

## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez hereby appeal the following recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53, Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action. Docket #53 is the pivotal request and is related to all other docket cited herein. The Plaintiffs state the following in support of their appeal.

The Magistrate judge ruled as follows:

Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions (Docket #53) for the purpose of (1) seeking federal recognition of state determinations; (2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury and causation and (4) avoiding a result from the federal court that conflicts with the state determination on the same issue.

The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request as seeking preclusion. Preclusion can be waived, jurisdiction cannot. The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and contrary to law. The decision must be rejected and a de novo review conducted.

Dbt f !2;14.dw.235: : .NMX !!!!!Epdvn f ou: 1!!!!!Gjrhe!2103103116!!!!!Qbhf !3!pg6

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law
enforcement officers of the City of Revere. As a result of their experiences they suffered
Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and
awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining
disability retirement. The Magistrate Judge acknowledged during the hearing that both
the state adjudications and the case that the Defendants moved to federal court arise from
the "same common nucleus of operative fact." The following state adjudicatory bodies
made the determinations that granted the Plaintiffs their disability retirement.

    1. Division of Administrative Law Appeals (DALA)

    2. Regional Medical Panel

    3. Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1. On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.

2. On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and
made the following findings: **(See Attached Exhibit A)**

(a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is
mentally incapable of performing the essential duties of her job as described in
the current job description on the basis of Anxiety Disorder NOS with features of
PTSD and panic disorder. The symptoms would interfere with her capacity to
react safely in emergency situations and in her ability to trust her fellow officers.

(b) PERMANENCE: The incapacity mentioned above is likely to be permanent in
that anxiety symptoms mentioned in the Prognosis section above are likely to
persist for an indefinite period of time even with continued treatment.

( c) CAUSALITY: The said incapacity is such as might be the natural and
proximate result of the personal (emotional) injury sustained or hazard undergone
on account of which retirement is claimed. There is no other likely causative
factors apparent in Ms. James clinical history to substantiate an alternate etiology
for the anxiety disorder.

2

The Defendants requested a Clarification of the findings of the Regional Medical Panel.
On March 1, 2004, the Medical Panel responded to the Defendants Request for
Clarification **(See Attached Exhibit B)** .

The Medical Panel addressed the five questions raised by the Defendants and provided in
depth answers to each inquiry. The Panel's entire clarification contradicted the decision
of the Magistrate Judge  and Inquiry No 5, in particular.  That  Response directly
addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the
> source of Ms. James difficulties. Would such private concerns not possibly
> produce the condition that was diagnosed?  Did the Panel inquire of Ms. James as
> to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records
> appeared to be related to events specific to her occupation. We did conduct a
> general review of psychiatric history and nothing of note was found in the records
> or discovered in our examination. In similar cases, when there is a history of
> depression or past traumas, the individual is rendered more vulnerable to the
> effects of later traumatic events but the psychopathology at the later time is
> specific to the stress of the contemporary experiences and not considered to be
> "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's

findings of July 28, 2003.


The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal

district court for the findings and the determinations made by DALA, PERAC, the initial

decision of the Regional Medical Panel and the findings provided by the Clarification of

the Pane...


Those state determinations are entitled to finality and comity from the federal courts. The

Magistrate Judge acted contrary to law when he failed to provide that recognition.

Federal review of state court decisions lies only with the United States Supreme Court.

28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only

original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332.  Direct review of state court

decisions is barred. See <u>Brown & Root, Incorporated v Breckenridge,</u> 211 F. 3d 194, 198
(4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say
"safeguarding" our dual system of government.  The United States Supreme Court in
<u>Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs,</u> 398 U.S. 281, 286 (1970)
stated:

> From the beginning we have had in this country essentially two legal
> systems. Each system proceeds independently of the other with ultimate
> review in the [Supreme] Court of the federal questions raised in either
> system.

The majority of the issues in this case are state issues. Each Plaintiff filed a four (4)
count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-
Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional
Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been
adjudicated as disabled. The Regional Medical Panel of PERAC made a finding that the
Plaintiff suffered from  Post Traumatic Stress Disorder (PTSD) as a result of the hostile
environment she encountered in the Revere Police Department. These finding were
attached as **Exhibit B** to the Plaintiffs complaint. Plaintiff, Sonia Fernandez, has also
been adjudicated with PTSD as a result of the hostile environment she encountered in the
Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the
injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the
Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the
parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations.
The federal claims are not only based upon but are"inextricably intertwined" with the
findings of injury and causation made as a result of the state adjudication. The
Defendants have made no allegation that the state court decisions on injury and causation
were wrongly decided. They moved the case to federal court and are seeking  to relitigate
the issue.

4

The Defendants are barred from pursuing an appellate review of the state court findings.
Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic
Coastline, supra. bars not only review of state court decisions but also issues that are
inextricably intertwined with the state court decision. The Defendants federal claim is
"inextricably intertwined " with the state court decision because what the Defendants
seek from the federal district court is a ruling that would effectively reverse the state
adjudication on injury and causation and void that ruling.

### Conclusion:

The findings of the state adjudicatory bodies of injury and causation and the medical
findings of the Regional Medical Panel are not subject to appellate review by the federal
court. This issue is jurisdictional. They are entitled to recognition and comity. The
magistrate's decision, if allowed to stand, would effectively reverse the state decisions
and void their rulings. The best the Magistrate Judge's decision can accomplish is to
create, from the same admitted "nucleus of operative facts" conflicting decisions. This
outcome is contrary to the Congressional intent of safeguarding our dual system of
government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs
is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the
common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's
Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

5

Dbt f !2;14.dw235: : .NMX !!!!!Epdvn f ou: 1!!!!!Gjrhe!21⊡1⊡116!!!!!Qbhf !2!pg2

# SEALED   DOCUMENT

Dbt f !2;14.dw.235: : .N MX !!!!!Epdvn f ou: 2!!!!!Gjrhe!21C31C31116!!!!!Qbhf !2!pg7



*The City of* REVERE, MASSACHUSETTS

Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

β

THOMAS G. AMBROSINO
Mayor

April 23, 2001

Ms. Terri Pechner
63 Lancaster Avenue
Revere, Massachusetts 02151

Re:    *Leave of Absence*

Dear Ms. Pechner:

I am writing in response to your oral request that I provide you with a paid leave of absence for the next three months.

After careful review of the situation, I deny your request for a paid leave of absence. However, consistent with the policy that has been applied to similarly situated police officers and City employees, I am willing to provide you with an *unpaid* leave of absence for a period of three months. Please let me know promptly if you will take advantage of this offer.

You should know that this letter is written solely in response to your oral request directly to me for a paid leave. I understand that since that request, you have filed a written request with the Chief of Police for Chapter 41, Section 111F benefits. The Police Department will handle that specific request in accordance with the City's practice for dealing with Section 111F claims. This letter is not intended in any way as a response to that claim.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy A. Colannino
Paul Mulkern, Esq.

Dbt f !2;14.dw.235: : .NMX !!!!!Epdvn f ou: 2!!!!!Gjrhe!21C3103116!!!!!Qbhf !3!pg7

## *The City of* REVERE, MASSACHUSETTS
### Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

January 29, 2001

Ms. Katherine M. Fish
4 Aricia Lane
Stoneham, Massachusetts 02180

> Re:    *Leave of Absence*

Dear Ms. Fish:

Upon consideration of your written request, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, January 26, 2001 until Monday, April 26, 2001 due to personal reasons.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy Colannino

Dbt f !2;14.dw235: : .NMK !!!!!Epdvn f oU: 2!!!!!Gjrhe!21⅃3103116!!!!!Qbhf !4!pg7
*The City of* REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

April 2, 2001

Ms. Sonia Fernandez
34 Burnett Road
Revere, Massachusetts 02151

Re:    *Leave of Absence*

Dear Ms. Fernandez:

Upon consideration of the written request from your physician, and acting pursuant to
M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday,
March 16, 2001 until Saturday, June 16, 2001 due to medical reasons.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy Colannino
       Captain Fred Roland

Dbt f !2;14.dw235: : .NMK !!!!!Epdvn f oU: 2!!!!!Gjrhe!21OB1OB116!!!!!Qbhf !5!pgd7
The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

03-14-2001

Sonia Fernandez
34 Burnette Road
Revere, MA 02151

RE:Sonia Fernandez
vs.:C - Revere Police Department
Docket Number:01130696
EEOC/HUD Number:

Dear Ms. Fernandez:

Please be advised that the Massachusetts Commission · Against
Discrimination (MCAD) has assigned Edward Cassella to investigate
the above referenced complaint of discrimination. The Commission's
investigator will review the allegations in the complaint and will
keep the parties informed of developments arising from that
investigation.

In order to reduce the time necessary to investigate and resolve
complaints of discrimination, the MCAD schedules an Investigative
Conference with the parties shortly after the complaint is filed.
Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be
held at the Commission's Office, One Ashburton Place, Boston, MA
02108 at 10:30AM on 04-23-2001. You are required to attend this
conference and your failure to do so will be taken as representing a
lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine
whether the parties are willing to consider a rapid, informal and
voluntary resolution of this dispute. The Commission encourages such
resolution as an alternative to the often lengthy and expensive
litigation process.

If you have any questions pertaining to the Investigative
Conference, please contact Edward Cassella at (617) 727-3990 Ext.
26079.

Very truly yours,

Edward Cassella
Investigator
Form: MCAD Complaint; Ltr.to.Cpt



The Commonwealth of Massachusetts
Commission Against Discrimination

---

| DOCKET NUMBER:01130696 | EEOC/HUD NUMBER: |
|---|---|
| FILING DATE:03-14-2001 | VIOLATION DATE:02/26/01 |

------------------------------------------------------------------

<u>Name of Aggrieved Person or Organization:</u>
Sonia Fernandez
34 Burnette Road
Revere, MA 02151
Telephone Number: (781) 286-2286
------------------------------------------------------------------
<u>Named is the employer, labor organization, employment agency, or state/local</u>
<u>government agency who discriminated against me:</u>
C - Revere Police Department
Attn:Department Headquarters
23 Pleasant Street
Revere, MA 02151
Telephone Number:(781) 284-1212    No. of Employees:20 +

Work Location: Revere, MA
------------------------------------------------------------------
<u>Cause of Discrimination based on:</u>
Sex
Disability
Race, Color.
(Female
Other hearing problem
Hispanic).
------------------------------------------------------------------
<u>The particulars are:</u>
I, Sonia Fernandez, the Complainant believe that I was discriminated
against by C - Revere Police Department, on the basis of Sex
Disability Race, Color. This is in violation of M. G. L. Chapter
151B S4 P1,1,16.

I believe I am being discriminated against by my employer C - Revere
Police Department due to my sex, Female hearing problem, and my
race/color, Hispanic. This is in violation of MGL CH.151B Section 4
Paragraphs 1,1,16 Title VII and The ADA. I have served on the C -
Revere Police Department for over five (5) years. I was pulled aside
by Leuitenant, Bernard Foster who told me I did not write enough
citations, and was put on desk duty for two weeks. There was a male
officer who committed the same alleged act, yet he was only spoken
to and at the time was not disciplined in the same manner as myself.
In my five (5) years with the department the only officers put on
the desk were officers who on punishment. The situation was brought
to the union's attention. The union went to Chief, Roy Colannino who
said they "would try to resolve it". I have been continously
harassed by Lt. Foster due to my hearing problem. Lt. Foster has
made inappropriate comments such as "turn up your hearing aide".
"Why don't you put the phone in your good ear". For several months
during 2000, I was not given dispatch duty. On or about 4/5/00, Lt.
Foster took me off dispatch, and made hand gestures mocking me due
to my hearing problem. I have been the subject of offensive comments
by Leuitenant Steven Ford due to my race/color, Hispanic. Lt. Ford

lunch of "Don't kiss us" etc. On My Hiredown four 2000 June 210 and 1611 Chhi ohf 17pg7he presence of another male officer said "the next female that complains will be downstairs working as a matron". I took these comments as a threat because I was the only female officer present. On or about 8/13/00, while eating lunch Lt. Ford took a knife and made a stab towards me. On or about 10/12/00, I filed a formal complaint of harassment against Lt. Ford. Someone had drawn a dildo on the chalkboard facing the radioroom. On or about 2/26/01, my firstday in there was womens underwear hanging in the guard room during roll - call. On 2/27/01, I noticed the underwear were still there. The underwear were finally removed after roll - call on 2/28/01. I found this act very offensive, and disrespectful towards female officers. I have attempted to persue the internal chain of command in search of a resolution to this matter, with no results. The harassment I have endured has caused a hostile work environment that has become intolerable.

-------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_____
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th Day of March, 2001

NOTARY PUBLIC: *JEROME E. Mack*

SIGNATURE    NOTARY    PUBLIC: *Jerome E. Mack* MY COMMISSION
EXPIRES: *7/14/06*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

**TERRI PECHNER-JAMES and
SONIA FERNANDEZ**
**Plaintiffs**

2005 OCT 20  P 3: 42

**C.A. No: 03-12499-MLW**

U.S. DISTRICT COURT
DISTRICT OF MASS.

**V**

**CITY OF REVERE et al**
**Defendants**

## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS  PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James  and Sonia Fernandez hereby appeal the following recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53, Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action. Docket #53 is the pivotal request and is related to all other docket cited herein. The Plaintiffs state the following in support of their appeal.

The Magistrate judge ruled as follows:

   Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions (Docket #53) for the purpose of (1) seeking federal recognition of state determinations; (2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury and causation and (4) avoiding  a result from the federal court that conflicts with the state determination on the same issue.

The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request as seeking preclusion. Preclusion can be waived, jurisdiction cannot.  The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and  contrary to law.  The decision must be rejected and a de novo review conducted.

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law enforcement officers of the City of Revere. As a result of their experiences they suffered Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining disability retirement. The Magistrate Judge acknowledged during the hearing that both the state adjudications and the case that the Defendants moved to federal court arise from the "same common nucleus of operative fact." The following state adjudicatory bodies made the determinations that granted the Plaintiffs their disability retirement.

1.  Division of Administrative Law Appeals (DALA)
2.  Regional Medical Panel
3.  Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1.  On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.
2.  On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and made the following findings: **(See Attached Exhibit A)**

    **(a) DISABILITY:** It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her follow officers.

    **(b) PERMANENCE:** The incapacity mentioned above is likely to be permanent in that anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

    **( c) CAUSALITY:** The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder.

2

The Defendants requested a Clarification of the findings of the Regional Medical Panel. On March 1, 2004, the Medical Panel responded to the Defendants Request for Clarification (**See Attached Exhibit B**) .

The Medical Panel addressed the five questions raised by the Defendants and provided in depth answers to each inquiry. The Panel's entire clarification contradicted the decision of the Magistrate Judge and Inquiry No 5, in particular.  That Response directly addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the source of Ms. James difficulties. Would such private concerns not possibly produce the condition that was diagnosed?  Did the Panel inquire of Ms. James as to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records appeared to be related to events specific to her occupation. We did conduct a general review of psychiatric history and nothing of note was found in the records or discovered in our examination. In similar cases, when there is a history of depression or past traumas, the individual is rendered more vulnerable to the effects of later traumatic events but the psychopathology at the later time is specific to the stress of the contemporary experiences and not considered to be "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's findings of July 28, 2003.

The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal district court for the findings and the determinations made by DALA, PERAC, the initial decision of the Regional Medical Panel and the findings provided by the Clarification of the Panel.

Those state determinations are entitled to finality and comity from the federal courts. The Magistrate Judge acted contrary to law when he failed to provide that recognition. Federal review of state court decisions lies only with the United States Supreme Court. 28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332.  Direct review of state court

3

decisions is barred. See Brown & Root, Incorporated v Breckenridge, 211 F. 3d 194, 198 (4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say "safeguarding" our dual system of government. The United States Supreme Court in Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970) stated:

> From the beginning we have had in this country essentially two legal systems. Each system proceeds independently of the other with ultimate review in the [Supreme] Court of the federal questions raised in either system.

The majority of the issues in this case are state issues. Each Plaintiff filed a four (4) count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been adjudicated as disabled. The Regional Medical Panel of PERAC made a finding that the Plaintiff suffered from Post Traumatic Stress Disorder (PTSD) as a result of the hostile environment she encountered in the Revere Police Department. These finding were attached as **Exhibit B** to the Plaintiffs complaint. Plaintiff, Sonia Fernandez, has also been adjudicated with PTSD as a result of the hostile environment she encountered in the Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations. The federal claims are not only based upon but are"inextricably intertwined" with the findings of injury and causation made as a result of the state adjudication. The Defendants have made no allegation that the state court decisions on injury and causation were wrongly decided. They moved the case to federal court and are seeking to relitigate the issue.

4

The Defendants are barred from pursuing an appellate review of the state court findings. Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic Coastline, supra. bars not only review of state court decisions but also issues that are inextricably intertwined with the state court decision. The Defendants federal claim is "inextricably intertwined " with the state court decision because what the Defendants seek from the federal district court is a ruling that would effectively reverse the state adjudication on injury and causation and void that ruling.

**Conclusion:**

The findings of the state adjudicatory bodies of injury and causation and the medical findings of the Regional Medical Panel are not subject to appellate review by the federal court. This issue is jurisdictional. They are entitled to recognition and comity. The magistrate's decision, if allowed to stand, would effectively reverse the state decisions and void their rulings. The best the Magistrate Judge's decision can accomplish is to create, from the same admitted "nucleus of operative facts" conflicting decisions. This outcome is contrary to the Congressional intent of safeguarding our dual system of government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        C.A. No. 03-12499-MLW |

### AFFIDAVIT OF THOMAS AMBROSINO

I, Thomas Ambrosino, do hereby depose and state:

1. I have been the Mayor of the City of Revere since January 3, 2000.

2. On January 14, 2002 the City Council confirmed my appointment of Terence Reardon as Chief of Police for the City of Revere in accordance with Chapter 102 of the Acts of 2001.

3. Chief Reardon's appointment was confirmed in writing by letter dated January 15, 2002 a copy of which is attached hereto.

Signed under the pains and penalties of perjury.

Respectfully submitted,

Thomas Ambrosino
Mayor
City of Revere



## The City of REVERE, MASSACHUSETTS
### Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

β

THOMAS G. AMBROSINO
Mayor

April 23, 2001

Ms. Terri Pechner
63 Lancaster Avenue
Revere, Massachusetts 02151

    Re:    *Leave of Absence*

Dear Ms. Pechner:

    I am writing in response to your oral request that I provide you with a paid leave of absence for the next three months.

    After careful review of the situation, I deny your request for a paid leave of absence. However, consistent with the policy that has been applied to similarly situated police officers and City employees, I am willing to provide you with an *unpaid* leave of absence for a period of three months. Please let me know promptly if you will take advantage of this offer.

    You should know that this letter is written solely in response to your oral request directly to me for a paid leave. I understand that since that request, you have filed a written request with the Chief of Police for Chapter 41, Section 111F benefits. The Police Department will handle that specific request in accordance with the City's practice for dealing with Section 111F claims. This letter is not intended in any way as a response to that claim.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy A. Colannino
       Paul Mulkern, Esq.

*The City of* REVERE, MASSACHUSETTS

Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

January 29, 2001

Ms. Katherine M. Fish
4 Aricia Lane
Stoneham, Massachusetts 02180

Re:    *Leave of Absence*

Dear Ms. Fish:

Upon consideration of your written request, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, January 26, 2001 until Monday, April 26, 2001 due to personal reasons.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy Colannino

*The City of* REVERE, MASSACHUSETTS

Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110      Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

April 2, 2001

Ms. Sonia Fernandez
34 Burnett Road
Revere, Massachusetts 02151

Re:      *Leave of Absence*

Dear Ms. Fernandez:

Upon consideration of the written request from your physician, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, March 16, 2001 until Saturday, June 16, 2001 due to medical reasons.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:      Chief Roy Colannino
         Captain Fred Roland

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

03-14-2001

Sonia Fernandez
34 Burnette Road
Revere, MA 02151

RE:Sonia Fernandez
vs.:C - Revere Police Department
Docket Number:01130696
EEOC/HUD Number:

Dear Ms. Fernandez:

Please be advised that the Massachusetts Commission Against
Discrimination (MCAD) has assigned Edward Cassella to investigate
the above referenced complaint of discrimination. The Commission's
investigator will review the allegations in the complaint and will
keep the parties informed of developments arising from that
investigation.

In order to reduce the time necessary to investigate and resolve
complaints of discrimination, the MCAD schedules an Investigative
Conference with the parties shortly after the complaint is filed.
Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be
held at the Commission's Office, One Ashburton Place, Boston, MA
02108 at 10:30AM on 04-23-2001. You are required to attend this
conference and your failure to do so will be taken as representing a
lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine
whether the parties are willing to consider a rapid, informal and
voluntary resolution of this dispute. The Commission encourages such
resolution as an alternative to the often lengthy and expensive
litigation process.

If you have any questions pertaining to the Investigative
Conference, please contact Edward Cassella at (617) 727-3990 Ext.
26079.

Very truly yours,

Edward Cassella
Investigator
Form: MCAD Complaint; Ltr.to.Cpt

**Walter Porr**

**From:** ECFnotice@mad.uscourts.gov

**Sent:** Monday, November 07, 2005 2:45 PM

**To:** CourtCopy@mad.uscourts.gov

**Subject:** Activity in Case 1:03-cv-12499-MLW Pechner-James et al v. City of Revere et al "Notice of correction to docket made by Court staff"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Boyce, Kathy entered on 11/7/2005 at 2:44 PM EST and filed on 11/7/2005
**Case Name:**        Pechner-James et al v. City of Revere et al
**Case Number:**     1:03-cv-12499
**Filer:**
**Document Number:**

**Docket Text:**
Notice of correction to docket made by Court staff. Correction: Document No. 90 corrected: to add the correct pdf document entry as the pdf document previously attached was the incorrect in that it was the pdf document belonging to Document No. 91 (Boyce, Kathy)

The following document(s) are associated with this transaction:

### 1:03-cv-12499 Notice will be electronically mailed to:

Michael J. Akerson      mjakerson@yahoo.com

James S. Dilday      jsdilday@juno.com

Andrew J. Gambaccini      agambaccini@eprcardon.com

Austin M. Joyce      austinj@masspolice.com

Walter H. Porr , Jr      wporr@revere.org, waltporr@comcast.net

John K. Vigliotti      jvigliotti@epreardon.com

### 1:03-cv-12499 Notice will not be electronically mailed to:

Paul Capizzi

12/1/2005

**Office of the City Solicitor**
**City Hall, 281 Broadway**
**Revere, MA 02151**

UNITED STATES DISTRICT COURT     FILED
DISTRICT OF MASSACHUSETTS IN CLERKS OFFICE

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**                          2005 OCT 20  P 3: 42
      **Plaintiffs**              **C.A. No: 03-12499-MLW**
                                                 U.S. DISTRICT COURT
                                                 DISTRICT OF MASS.
**V**

**CITY OF REVERE et al**
      **Defendants**

## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez hereby appeal the following recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53, Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action. Docket #53 is the pivotal request and is related to all other docket cited herein. The Plaintiffs state the following in support of their appeal.

The Magistrate judge ruled as follows:

    Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions (Docket #53) for the purpose of (1) seeking federal recognition of state determinations; (2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury and causation and (4) avoiding a result from the federal court that conflicts with the state determination on the same issue.

The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request as seeking preclusion. Preclusion can be waived, jurisdiction cannot. The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and contrary to law. The decision must be rejected and a de novo review conducted.

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law enforcement officers of the City of Revere. As a result of their experiences they suffered Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining disability retirement. The Magistrate Judge acknowledged during the hearing that both the state adjudications and the case that the Defendants moved to federal court arise from the "same common nucleus of operative fact." The following state adjudicatory bodies made the determinations that granted the Plaintiffs their disability retirement.

1. Division of Administrative Law Appeals (DALA)
2. Regional Medical Panel
3. Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1. On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.
2. On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and made the following findings: **(See Attached Exhibit A)**

(a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her follow officers.

(b) PERMANENCE: The incapacity mentioned above is likely to be permanent in that anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

( c) CAUSALITY: The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder.

2

The Defendants requested a Clarification of the findings of the Regional Medical Panel.
On March 1, 2004, the Medical Panel responded to the Defendants Request for
Clarification (**See Attached Exhibit B**) .

The Medical Panel addressed the five questions raised by the Defendants and provided in
depth answers to each inquiry. The Panel's entire clarification contradicted the decision
of the Magistrate Judge and Inquiry No 5, in particular. That Response directly
addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the
> source of Ms. James difficulties. Would such private concerns not possibly
> produce the condition that was diagnosed? Did the Panel inquire of Ms. James as
> to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records
> appeared to be related to events specific to her occupation. We did conduct a
> general review of psychiatric history and nothing of note was found in the records
> or discovered in our examination. In similar cases, when there is a history of
> depression or past traumas, the individual is rendered more vulnerable to the
> effects of later traumatic events but the psychopathology at the later time is
> specific to the stress of the contemporary experiences and not considered to be
> "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's
findings of July 28, 2003.

The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal
district court for the findings and the determinations made by DALA, PERAC, the initial
decision of the Regional Medical Panel and the findings provided by the Clarification of
the Panel.

Those state determinations are entitled to finality and comity from the federal courts. The
Magistrate Judge acted contrary to law when he failed to provide that recognition.
Federal review of state court decisions lies only with the United States Supreme Court.
28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only
original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332. Direct review of state court

3

decisions is barred. See <u>Brown & Root, Incorporated v Breckenridge</u>, 211 F. 3d 194, 198
(4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say
"safeguarding" our dual system of government.    The United States Supreme Court in
<u>Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs</u>, 398 U.S. 281, 286 (1970)
stated:

> From the beginning we have had in this country essentially two legal
> systems. Each system proceeds independently of the other with ultimate
> review in the [Supreme] Court of the federal questions raised in either
> system.

The majority of the issues in this case are state issues. Each Plaintiff filed a four (4)
count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-
Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional
Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been
adjudicated as disabled. The Regional Medical Panel of PERAC made a finding that the
Plaintiff suffered from  Post Traumatic Stress Disorder (PTSD) as a result of the hostile
environment she encountered in the Revere Police Department. These finding were
attached as **Exhibit B** to the Plaintiffs complaint. Plaintiff, Sonia Fernandez, has also
been adjudicated with PTSD as a result of the hostile environment she encountered in the
Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the
injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the
Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the
parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations.
The federal claims are not only based upon but are"inextricably intertwined" with the
findings of injury and causation made as a result of the state adjudication. The
Defendants have made no allegation that the state court decisions on injury and causation
were wrongly decided. They moved the case to federal court and are seeking  to relitigate
the issue.

4

The Defendants are barred from pursuing an appellate review of the state court findings. Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic Coastline, supra. bars not only review of state court decisions but also issues that are inextricably intertwined with the state court decision. The Defendants federal claim is "inextricably intertwined " with the state court decision because what the Defendants seek from the federal district court is a ruling that would effectively reverse the state adjudication on injury and causation and void that ruling.

**Conclusion:**

The findings of the state adjudicatory bodies of injury and causation and the medical findings of the Regional Medical Panel are not subject to appellate review by the federal court. This issue is jurisdictional. They are entitled to recognition and comity. The magistrate's decision, if allowed to stand, would effectively reverse the state decisions and void their rulings. The best the Magistrate Judge's decision can accomplish is to create, from the same admitted "nucleus of operative facts" conflicting decisions. This outcome is contrary to the Congressional intent of safeguarding our dual system of government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

5

# SEALED  DOCUMENT

# SEALED DOCUMENT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

*FILED*
*IN CLERKS OFFICE*

*2005 OCT 20 P 3:42*

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**
           **Plaintiffs**

**C.A. No: 03-12499-MLW**

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

**V**

**CITY OF REVERE et al**
           **Defendants**

## NOTICE OF APPEAL OF REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ON DOCKET # 29 & 37 PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez, hereby appeal the Report and Recommendation on Summary Judgment of Magistrate-Judge, Sorokin filed on October 12, 2005 in the above-captioned mater. The Plaintiffs state as grounds for their appeal that the report and recommendations are clearly erroneous and contrary to law. There are genuine issues of material fact that affect both Thomas Ambrosino and Terrence Reardon. Neither party is therefore entitled to summary judgment as a matter of law. Fed. R. Civ.P. 56. The Report and Recommendation on Docket # 29 and # 37 should be rejected in their entirety and a de novo review conducted.

Introduction:

The Plaintiffs complaint –in Paragraph 1- identifies Thomas Ambrosino, as Mayor of the City of Revere. It identifies the City of Revere as the employer of the Plaintiffs; it identifies the Mayor and his predecessors as supervisors of the Plaintiffs. The term supervisors is applied as defined by the Supreme Judicial Court in <u>College Town, Div of Interco, Inc. v Massachusetts Commission Against Discrimination,</u> 508 N.E.2d 587, 400 Mass 156 (1987) in establishing its doctrine of strict liability for sexual harassment. The Mayor is a superior whose actions or whose indifference harmed the Plaintiffs and he is therefore strictly liable for the Plaintiffs injury.

The Magistrate's report recommends that both Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police of the City of Revere be dismissed from the case in both their individual and official capacities. The report states:

> Each defendant argues that the complaint contains no allegations that either of
> them committed wrongs or even held their respective positions during the time
> period of the allegations in the complaint."

This argument by the defendants and this conclusion by the Magistrate is clearly erroneous. The time period in the complaint is not limited to the Plaintiffs period of employment; it includes but is not limited to the period during which they sought and eventually received disability retirement benefits. Plaintiff, Terri Pechner-James, states the following in Paragraph 121 of the complaint:

> The City of Revere, its Mayor (Ambrosino) and its Police Chief (Reardon) and its
> Retirement Board have continued the pervasive pattern of hostility that injured the
> Plaintiff. Despite adjudication of the Department of Administrative Appeals and
> the unanimous decision of the Medical Panel of the Public Employee Retirement
> Administration commission (PERAC) the Defendants have refused to send the
> Plaintiff the notices required by law and they have failed to act in accordance with
> agency directives or otherwise discharge their duty to the Plaintiff.

The City of Revere was intentionally hostile to Terri Pechner-James and the Mayor and the Chief of Police were deliberately indifferent to her rights and to the information she needed to prosecute her claim and to the distress caused by their actions. This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

Plaintiff, Sonia Fernandez, in Paragraph 139 of the complaint states the following:

> The City of Revere, its Mayor and its Police Chief and its Retirement Board have
> continued the pervasive pattern of hostility that injured the Plaintiff. Despite the
> fact that the medical opinion they requested supports the plaintiff's  position the

2

Defendants continue to coerce, threaten and intimidate the plaintiff into returning
to a sexually and racially hostile environment. Her coerced return (on light duty)
has created conflict with the Union membership, other officers and is unsupported
by medical evidence.

The Police Chief was directly involved in this Plaintiff's coerced return to work. The City
of Revere and the Mayor were, at a minimum, deliberately indifferent to physical and
psychological pain they caused the Plaintiff by coercing her to return to a racially and
sexually hostile environment. This combination of intentional hostility and deliberate
indifference by the City of Revere and its policymakers constitute municipality liability
as defined by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Defendants have stated that Thomas Ambrosino "has been Mayor of the City of
Revere since January 3, 2000. (See Attached Affidavit of Thomas Ambrosino).
Plaintiff, Terri Pechner-James, did not end her employment until March 13, 2001;
Plaintiff, Sonia Fernandez, did not end her employment until the year 2002. The
Magistrate's assertion that the Mayor did not hold his position 'during the time period of
the allegations in the complaint" is factually erroneous. In addition, as mentioned earlier,
the time period encompassed by this complaint includes but is not limited to the period
during which the Plaintiffs sought and prevailed in receiving disability benefits.

Mayor Ambrosino was directly involved and received complaints directly from the
Plaintiffs and from officers directly affected by the hostile actions of the Revere Police
Department. On April 17, 2001 at 2:00 p.m., Plaintiff, Terri Pechner-James met with
Mayor Ambrosino. She was accompanied by her best friend, Ellen Wortman. The
Plaintiff discussed with the Mayor the complaint that she had filed with the
Massachusetts Commission Against Discrimination on March 12, 2001. She also
informed him of several incidents that had occurred on the job, including the events of
March 13, 2001 that made it impossible for her to continue her employment at the Revere
Police Department.

3

The Plaintiff requested leave with pay. The mayor promised to respond to her request. He
concluded the meeting by telling her that he had no faith in the administration of the
Police Department and encouraged her to let the Massachusetts Commission Against
Discrimination handle her case.   On April 23, 2001, Mayor Ambrosino responded, in
writing, to Plaintiff, Terri Pechner-James' verbal request. **See Attached Exhibit B** He
denied her request as a matter of policy. He also denied the request of Sonia Fernandez.
On September 1, 2002, Plaintiff, Terri Pechner-James, wrote to the mayor concerning her
sexual harassment complaint. He did not respond.

On  January 25, 2001, Mayor Ambrosino also met with officer, Kathy Fish and her
husband. Kathy Fish is not  a plaintiff in this action but she filed a separate complaint
with the Massachusetts Commission Against Discrimination based upon her experiences
at the Revere Police Department.. She discussed her situation with the Mayor, she
discussed the general condition of discrimination as it affected her fellow female recruits
in the Revere Police Department. She requested leave without pay. The mayor denied her
request in accordance with the policy of the City of Revere.

Mayor Thomas Ambrosino is a policymaker for the City of Revere  and has been a
policymaker since January 3, 2000. The denial he issued  to Kathy Fish is consistent with
the denials he issued the Plaintiffs and the policies of the City of Revere as practiced by
this Mayor and his predecessors and they constitute a violation of the parity that the
Commonwealth has established between psychological and physical injuries.

The actions of the Defendant, City of Revere and the indifference of its Mayor injured the
Plaintiffs. All four (4) counts of each Plaintiff's complaint is based on the theory of
municipal liability and the responsibility of the policy makers, the implementation of
whose policies by their supervisors caused injury to the Plaintiffs who were officers of
the Revere Police Department.  The Plaintiffs filed their present causes of action based on
M.G.L.c. 151 § 4, the decision of the Supreme Judicial Court in College Town, Div. of
Interco, Inc. v Massachusetts Commission Discrimination, 508 N.E. 587, 400 Mass 156
(1987) and the parallel provisions of 42 U.S.C. § 200(e)-2.  The Massachusetts Supreme

4

Judicial Court in *College Town* established a policy of strict liability holding employers strictly liable for acts of sexual discrimination performed by supervisors. The Magistrates recommendation on Mayor Ambrosino does not survive the <u>College Town</u> test; it also does not survive the federal policy established for violations 42 U.S.C. § 2000(e)-2. enunciated by the U.S. Supreme Court in <u>Burlington Industries, Inc. v Ellerth</u>, 542 U.S. 742; <u>Faragher v City of Boca Raton</u>, 524 U.S. 775 (1990) and the definition of tangible job action in <u>Suders v Easton</u>, No:01-3512 (April 16, 2003) 3rd Circuit. In addition, Mayor Ambrosino is a relevant policy maker for the City of Revere and he has acted in his capacity as a policy maker. The Magistrate's recommendation is therefore contrary to the criteria established by this Court in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996).

The Magistrate's report also recommends a grant of summary judgment to Terrence Reardon, Chief of Police in his personal and his official capacities. This recommendation is also based on clearly erroneous factual information and is contrary to the legal requirements of municipal liability enunciated in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996). This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this Court in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996).

The Plaintiffs complaint-in Paragraph 1- identifies Terrence Reardon, as the Chief of the Revere Police Department; it also identifies him and his predecessors as supervisors of the Plaintiffs. The theory of municipal liability encompasses both his policies and the policies of his predecessors. The Plaintiffs acknowledge that Terrence Reardon was confirmed as Chief of Police on January 14, 2002 as stated in the affidavit of Thomas Ambrosino. However, as stated earlier, the time period encompassed by their complaint includes, but is not limited to the period during which they sought redress from the Defendants, including but not limited to the period during which the sought and successfully secured disability benefits as described in paragraphs 121 and 139 of their complaint.

5

After January 14, 2002, Terrence Reardon was an official policymaker of the City of Revere. Prior to that date, he was a high-ranking official who helped to implement the policies of the City. He was directly involved in Plaintiff, Sonia Fernandez coerced return to work; he was directly involved in both Plaintiffs three-year struggle to secure disability retirement benefits and was a policy maker during this period.

Conclusion:

Both Mayor Thomas Ambrosino and Chief Terrence Reardon are policy makers of the City of Revere and were policy makers during periods encompassed by the Plaintiffs complaint. Municipal liability can be established by their actions and by their deliberate indifference to the injuries of the Plaintiffs. The recommendations of the magistrate on both Mayor Thomas Ambrosino and Chief Terrence Reardon are factually erroneous, inconsistent with their demonstrated actions as policy makers and contrary to Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996); College Town, Div of Interco, Inc, v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass 156 (1987) and because of the tangible job actions Suders v Easton, No: 01-3512 (April 16, 2003.) 3rd Circuit. There are genuine issues of material fact about the role of Thomas Ambrosino and Terrence Reardon as policy makers for the City of Revere; they are therefore not entitled to summary judgment as a matter of law. The report and recommendations of the Magistrate Judge on Docket No. #29 and #37 should be rejected and the Court should conduct a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

UNITED STATES DISTRICT COURT    FILED
DISTRICT OF MASSACHUSETTS IN CLERKS OFFICE

TERRI PECHNER-JAMES and
SONIA FERNANDEZ                                        2005 OCT 20  P 3: 42
    Plaintiffs                    C.A. No: 03-12499-MLW
                                                      U.S. DISTRICT COURT
                                                      DISTRICT OF MASS.

V

CITY OF REVERE et al
    Defendants


## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez hereby appeal the following

recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53,

Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action.

Docket #53 is the pivotal request and is related to all other docket cited herein. The

Plaintiffs state the following in support of their appeal.


The Magistrate judge ruled as follows:

    Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)


The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions

(Docket #53) for the purpose of (1) seeking federal recognition of state determinations;

(2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury

and causation and (4) avoiding a result from the federal court that conflicts with the state

determination on the same issue.


The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request

as seeking preclusion. Preclusion can be waived, jurisdiction cannot. The Magistrate

Judge identified the wrong issue and rendered a decision that is erroneous and contrary

to law. The decision must be rejected and a de novo review conducted.

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law
enforcement officers of the City of Revere. As a result of their experiences they suffered
Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and
awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining
disability retirement. The Magistrate Judge acknowledged during the hearing that both
the state adjudications and the case that the Defendants moved to federal court arise from
the "same common nucleus of operative fact." The following state adjudicatory bodies
made the determinations that granted the Plaintiffs their disability retirement.

1. Division of Administrative Law Appeals (DALA)

2. Regional Medical Panel

3. Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1. On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.

2. On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and
   made the following findings: (See Attached Exhibit A)

   (a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is
   mentally incapable of performing the essential duties of her job as described in
   the current job description on the basis of Anxiety Disorder NOS with features of
   PTSD and panic disorder. The symptoms would interfere with her capacity to
   react safely in emergency situations and in her ability to trust her follow officers.

   (b) PERMANENCE: The incapacity mentioned above is likely to be permanent in
   that anxiety symptoms mentioned in the Prognosis section above are likely to
   persist for an indefinite period of time even with continued treatment.

   ( c) CAUSALITY: The said incapacity is such as might be the natural and
   proximate result of the personal (emotional) injury sustained or hazard undergone
   on account of which retirement is claimed. There is no other likely causative
   factors apparent in Ms. James clinical history to substantiate an alternate etiology
   for the anxiety disorder.

2

The Defendants requested a Clarification of the findings of the Regional Medical Panel. On March 1, 2004, the Medical Panel responded to the Defendants Request for Clarification **(See Attached Exhibit B)** .

The Medical Panel addressed the five questions raised by the Defendants and provided in depth answers to each inquiry. The Panel's entire clarification contradicted the decision of the Magistrate Judge and Inquiry No 5, in particular. That Response directly addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the source of Ms. James difficulties. Would such private concerns not possibly produce the condition that was diagnosed? Did the Panel inquire of Ms. James as to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records appeared to be related to events specific to her occupation. We did conduct a general review of psychiatric history and nothing of note was found in the records or discovered in our examination. In similar cases, when there is a history of depression or past traumas, the individual is rendered more vulnerable to the effects of later traumatic events but the psychopathology at the later time is specific to the stress of the contemporary experiences and not considered to be "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's findings of July 28, 2003.

The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal district court for the findings and the determinations made by DALA, PERAC, the initial decision of the Regional Medical Panel and the findings provided by the Clarification of the Panel.

Those state determinations are entitled to finality and comity from the federal courts. The Magistrate Judge acted contrary to law when he failed to provide that recognition. Federal review of state court decisions lies only with the United States Supreme Court. 28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332. Direct review of state court

decisions is barred. See <u>Brown & Root, Incorporated v Breckenridge</u>, 211 F. 3d 194, 198
(4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say
"safeguarding" our dual system of government.   The United States Supreme Court in
<u>Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs,</u> 398 U.S. 281, 286 (1970)
stated:

> From the beginning we have had in this country essentially two legal
> systems. Each system proceeds independently of the other with ultimate
> review in the [Supreme] Court of the federal questions raised in either
> system.

The majority of the issues in this case are state issues.  Each Plaintiff filed a four (4)
count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-
Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional
Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been
adjudicated as disabled.  The Regional Medical Panel of PERAC made a finding that the
Plaintiff suffered from  Post Traumatic Stress Disorder (PTSD) as a result of the hostile
environment she encountered in the Revere Police Department. These finding were
attached as **Exhibit B** to the Plaintiffs complaint.  Plaintiff, Sonia Fernandez, has also
been adjudicated with PTSD as a result of the hostile environment she encountered in the
Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the
injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the
Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the
parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations.
The federal claims are not only based upon but are"inextricably intertwined" with the
findings of injury and causation made as a result of the state adjudication. The
Defendants have made no allegation that the state court decisions on injury and causation
were wrongly decided. They moved the case to federal court and are seeking  to relitigate
the issue.

4

The Defendants are barred from pursuing an appellate review of the state court findings. Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic Coastline, supra. bars not only review of state court decisions but also issues that are inextricably intertwined with the state court decision. The Defendants federal claim is "inextricably intertwined " with the state court decision because what the Defendants seek from the federal district court is a ruling that would effectively reverse the state adjudication on injury and causation and void that ruling.

## Conclusion:

The findings of the state adjudicatory bodies of injury and causation and the medical findings of the Regional Medical Panel are not subject to appellate review by the federal court. This issue is jurisdictional. They are entitled to recognition and comity. The magistrate's decision, if allowed to stand, would effectively reverse the state decisions and void their rulings. The best the Magistrate Judge's decision can accomplish is to create, from the same admitted "nucleus of operative facts" conflicting decisions. This outcome is contrary to the Congressional intent of safeguarding our dual system of government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. No. 03-12499-MLW |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, Defendants, | ) ) ) ) ) ) ) ) ) ) | |

### AFFIDAVIT OF THOMAS AMBROSINO

I, Thomas Ambrosino, do hereby depose and state:

1.    I have been the Mayor of the City of Revere since January 3, 2000.

2.    On January 14, 2002 the City Council confirmed my appointment of Terence Reardon as Chief of Police for the City of Revere in accordance with Chapter 102 of the Acts of 2001.

3.    Chief Reardon's appointment was confirmed in writing by letter dated January 15, 2002 a copy of which is attached hereto.

Signed under the pains and penalties of perjury.

Respectfully submitted

Thomas Ambrosino
Mayor
City of Revere



## *The City of* REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

$\beta$

THOMAS G. AMBROSINO
Mayor

April 23, 2001

Ms. Terri Pechner
63 Lancaster Avenue
Revere, Massachusetts 02151

     Re:   *Leave of Absence*

Dear Ms. Pechner:

    ·   I am writing in response to your oral request that I provide you with a paid leave of absence for the next three months.

    After careful review of the situation, I deny your request for a paid leave of absence. However, consistent with the policy that has been applied to similarly situated police officers and City employees, I am willing to provide you with an *unpaid* leave of absence for a period of three months. Please let me know promptly if you will take advantage of this offer.

    You should know that this letter is written solely in response to your oral request directly to me for a paid leave. I understand that since that request, you have filed a written request with the Chief of Police for Chapter 41, Section 111F benefits. The Police Department will handle that specific request in accordance with the City's practice for dealing with Section 111F claims. This letter is not intended in any way as a response to that claim.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy A. Colannino
        Paul Mulkern, Esq.

*The City of* REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

January 29, 2001

Ms. Katherine M. Fish
4 Aricia Lane
Stoneham, Massachusetts 02180

Re:    *Leave of Absence*

Dear Ms. Fish:

Upon consideration of your written request, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, January 26, 2001 until Monday, April 26, 2001 due to personal reasons.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:    Chief Roy Colannino

*The City of* REVERE, MASSACHUSETTS

Office of the Mayor

281 Broadway, Revere, MA 02151

(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

April 2, 2001

Ms. Sonia Fernandez
34 Burnett Road
Revere, Massachusetts 02151

   Re:  *Leave of Absence*

Dear Ms. Fernandez:

  Upon consideration of the written request from your physician, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, March 16, 2001 until Saturday, June 16, 2001 due to medical reasons.

         Very truly yours,

         Thomas G. Ambrosino
         Mayor

Cc:  Chief Roy Colannino
   Captain Fred Roland

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

03-14-2001

Sonia Fernandez
34 Burnette Road
Revere, MA 02151

RE:Sonia Fernandez
vs.:C - Revere Police Department
Docket Number:01130696
EEOC/HUD Number:

Dear Ms. Fernandez:

Please be advised that the Massachusetts Commission Against
Discrimination (MCAD) has assigned Edward Cassella to investigate
the above referenced complaint of discrimination. The Commission's
investigator will review the allegations in the complaint and will
keep the parties informed of developments arising from that
investigation.

In order to reduce the time necessary to investigate and resolve
complaints of discrimination, the MCAD schedules an Investigative
Conference with the parties shortly after the complaint is filed.
Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be
held at the Commission's Office, One Ashburton Place, Boston, MA
02108 at 10:30AM on 04-23-2001. You are required to attend this
conference and your failure to do so will be taken as representing a
lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine
whether the parties are willing to consider a rapid, informal and
voluntary resolution of this dispute. The Commission encourages such
resolution as an alternative to the often lengthy and expensive
litigation process.

If you have any questions pertaining to the Investigative
Conference, please contact Edward Cassella at (617) 727-3990 Ext.
26079.

Very truly yours,

Edward Cassella
Investigator
Form: MCAD Complaint; Ltr.to.Cpt



Commission Against Discrimination

---

DOCKET NUMBER:01130696                          EEOC/HUD NUMBER:
FILING DATE:03-14-2001                              VIOLATION DATE:02/26/01
------------------------------------------------------------------------
Name of Aggrieved Person or Organization:
Sonia Fernandez
34 Burnette Road
Revere, MA 02151
Telephone Number: (781) 286-2286
------------------------------------------------------------------------
Named is the employer, labor organization, employment agency, or state/local
government agency who discriminated against me:
C - Revere Police Department
Attn:Department Headquarters
23 Pleasant Street
Revere, MA 02151
Telephone Number:(781) 284-1212      No. of Employees:20 +

Work Location: Revere, MA
------------------------------------------------------------------------
Cause of Discrimination based on:
Sex
Disability
Race, Color.
(Female
Other hearing problem
Hispanic).
------------------------------------------------------------------------
The particulars are:
I, Sonia Fernandez, the Complainant believe that I was discriminated
against by, C - Revere Police Department, on the basis of Sex
Disability Race, Color. This is in violation of M. G. L. Chapter
151B S4 P1,1,16.

I believe I am being discriminated against by my employer C - Revere
Police Department due to my sex, Female hearing problem, and my
race/color, Hispanic. This is in violation of MGL CH.151B Section 4
Paragraphs 1,1,16 Title VII and The ADA. I have served on the  C -
Revere Police Department for over five (5) years. I was pulled aside
by Leuitenant, Bernard Foster who told me I did not write enough
citations, and was put on desk duty for two weeks. There was a male
officer who committed the same alleged act, yet he was only spoken
to and at the time was not disciplined in the same manner as myself.
In my five (5) years with the department the only officers put on
the desk were officers who on punishment. The situation was brought
to the union's attention. The union went to Chief, Roy Colannino who
said they "would try to resolve it". I have been continously
harassed by Lt. Foster due to my hearing problem. Lt. Foster has
made inappropriate comments such as "turn up your hearing aide".
"Why don't you put the phone in your good ear". For several months
during 2000, I was not given dispatch duty. On or about 4/5/00, Lt.
Foster took me off dispatch, and made hand gestures mocking me due
to my hearing problem. I have been the subject of offensive comments
by Leuitenant Steven Ford due to my race/color, Hispanic. Lt. Ford

lunch of "the presence of another male officer said "the next female that complains will be downstairs working as a matron". I took these comments as a threat because I was the only female officer present. On or about 8/13/00, while eating lunch Lt. Ford took a knife and made a stab towards me. On or about 10/12/00, I filed a formal complaint of harassment against Lt. Ford. Someone had drawn a dildo on the chalkboard facing the radioroom. On or about 2/26/01, my firstday in there was womens underwear hanging in the guard room during roll - call. On 2/27/01, I noticed the underwear were still there. The underwear were finally removed after roll - call on 2/28/01. I found this act very offensive, and disrespectful towards female officers. I have attempted to persue the internal chain of command in search of a resolution to this matter, with no results. The harassment I have endured has caused a hostile work environment that has become intolerable.

---

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_(Signature of Complainant)_

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th Day of March 2001

NOTARY PUBLIC: _Jerome E. Mack_

SIGNATURE    NOTARY    PUBLIC _Jerome E. Mack_ MY    COMMISSION
EXPIRES: 7/14/06