UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and                    C.A. 03-12499MLW

SONIA FERNANDEZ
       Plaintiffs

V

CITY OF REVERE, THOMAS AMBROSINO,
MAYOR, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
CHIEF OF POLICE, BERNARD FOSTER,
SALVATORE SANTORO, ROY COLANNINO,
FREDERICK ROLAND, THOMAS DOHERTY,
JOHN NELSON, JAMES RUSSO,
MICHAEL MURPHY AND STEVEN FORD.
       Defendants

### PLAINTIFFS OBJECTION TO DEFENDANTS OPPOSITION TO RECOMMENDATION ON DOCKET NOS #29 AND #37.

1. **Opposition, like original motion, is both untimely and unnecessary.**

On October 20, 2005, the Plaintiff filed two documents with the Clerk of the U.S. District Court. One document was titled: Notice of Appeal of Report and Recommendation on Summary Judgment on Docket Nos #29 & #37 Pursuant To Rule 72; the other document was titled: Notice of Appeal of Order On Discovery Motions Pursuant To Rule 72. **See Attached Exhibits A & B**. The Plaintiffs also sent a copy of both documents to the Defendants. On October 26, 2005, the Clerk's office sent electronic notification of the filing to the parties on its notification list. The Defendant did not file its purported opposition until December 1, 2005.

The reasons Defendants have articulated for their delay are confused and not well founded in fact. To make matters worse, the Defendants counsel, Walter H. Porr, Esq. made substantial misrepresentations in his self-serving affidavit that accompanied the

belated opposition. Defendants counsel seeks to blame Plaintiff's counsel for his inaccurate statements; he also seeks to claim that Plaintiffs counsel agrees with his position on the motions for summary judgments. Nothing could be further from the truth. Plaintiffs clearly articulated opposition to the Defendants motions cannot reasonably be construed as any kind of "invitation". In addition, Defendants counsel, himself, urged the Magistrate to allow the Defendants,( Ambrosino & Reardon) to respond to overdue interrogatories until after the Judge ruled on the Magistrate's recommendation on summary judgment. Defendants counsel's position is inconsistent both with non-receipt and "invitation".

2. The Defendants untimely opposition fails to address the substance of the Plaintiffs Appeal.

The Defendants opposition is based on the faulty premise that the Plaintiffs agreed with the Defendant's motions and somehow invited the Magistrate's erroneous recommendation on summary judgment. This premise stands in stark contrast to the legal requirements of the Federal Rules of Civil Procedure. The standard of summary judgment is clearly articulated in Fed. R. Civ. P. 56. It requires that there be no genuine issue of material fact, before summary judgment can be granted to the moving party.

The Plaintiffs began their employment on September 21, 1995. Mayor Haas was in office at the time. The Defendants had no sexual harassment policy, no mechanism for investigating or redressing complaints of sexual harassment. On or about April 1, 1999, the Defendants published a written policy but practices remained the same. Mayor Ambrosino succeeded Mayor Haas but his succession did not change the Defendants policy and practices. Both Plaintiffs and officer Kathy Fish met with Mayor Ambrosino to address the hostile work environment and sexual harassment they experienced at the Revere Police Department. The Mayor had no mechanism by which to address their complaints. He advised all three police officers to take their complaint to the Massachusetts Commission Against Discrimination.

There is a genuine issue of material fact concerning Mayor Ambrossino continuation of the policy of municipal indifference that injured the Plaintiffs. The Magistrate's recommendation is based on incorrect facts and clearly fails to meet the legal standards of Fed. R. Civ. P. 56; Mayor Ambrosino's conduct clearly falls with the parameters of municipal liability established by <u>Gonsalves v City of New Bedford</u>, 939 F.Supp. 915 (1996).

<u>3. The continuing "confusion and conflation" of individual and municipal liability was the basis of both Defendants motions; Plaintiffs have clearly stated their view of municipal liability.</u>

There is an obvious irony in the Defendants claim of "confusion and conflation". The Defendants motions for summary judgment and the Magistrate's erroneous recommendation are both based on a contrived and artificial distinction between personal and municipal liability for Mayor Ambrosino and Chief Terrence Reardon, appointee and agent of the City Council and the Mayor. The Defendants confused and conflated these issues in their motions. Mayor Thomas Ambrosino, like his predecessor, Robert Haas is a policymaker of the City of Revere. The policy of deliberate indifference that injured the plaintiffs, the lack of an enforceable sexual harassment policy, the absence of a mechanism for investigating and redressing sexual harassment complaints, these conditions existed under Mayor Haas and continued under Mayor Ambrosino. The defendant, Revere Police Department, published a sexual harassment policy dated April 1, 1999. The existence of this written policy did not change the reality. Mayor Ambrosino in the absence of an appropriate mechanism, recommended, that female officers, including both Plaintiffs and Kathy Fish take their sexual harassment complaint to the Massachusetts Commission Against Discrimination.

The Defendants are simply in error when they claim that Mayor Ambrosino was not Mayor during the period covered by the Plaintiffs complaint. The Mayor met with the Plaintiffs and exchanged correspondence with the Plaintiffs and recommended that they seek redress from the Massachusetts Commission Against Discrimination. The Defendants are also in error when they claim that Mayor Ambrosino was not personally involved in the Plaintiffs case. Mayor Ambrosino continued the policies that existed

3

under Mayor Haas. These policies, with regard to sexual harassment, constitute the basis of the Defendants City of Revere's municipal liability.

### 4. The final irony is that the Plaintiffs provided the Defendants with a memorandum entitled: Plaintiffs **Memorandum on Municipal Liability** prior to the filing of their Opposition

The Plaintiff provided the Defendants with the Memorandum captioned: Plaintiffs Memorandum on Municipal liability. This document attached as **Exhibit C** and the Table of Contents attached as **Exhibit D** provided the defendants with the legal theories, the factual framework and supporting documentation to support Plaintiffs claim of municipal liability.

The final irony is that the Defendant received the Plaintiffs memorandum before they filed their current opposition in which they make their claim of "confusion and conflation". The Plaintiffs memorandum established the following:

1. The leading case in this Circuit on the issue of policymakers is Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).
2. Policymaking can be shared between the Mayor and the City Council.
3. The municipal structure of the City of New Bedford is a Plan B charter, the municipal structure of the City of Revere is, similarly, a plan B charter.
4. The doctrine enunciated by the Supreme Judicial Court in College Town, Div. of Interco, Inc. Massachusetts Commission Against Discrimination, 400 Mass. 156, 508 NE 202, 589 (1989) is consistent with this Circuit's ruling in Gonsalves v City of New Bedford, supra and holds the policymakers of the City of Revere strictly liable for the conduct of those on whom they conferred authority.

Together these decisions impose strict municipal liability upon the policymakers of the City of Revere, Mayor Thomas Ambrosino and the Revere City Council

### Conclusion:

Despite the Defendants "confusion and conflation" the Plaintiffs are clear that municipal liability rests squarely with the policymakers of the City of Revere, Mayor Thomas

4

Ambrosino and the Revere City Council. The Defendants motions for summary judgment were unnecessary. The Magistrates recommendation was erroneous. Defendants opposition to Plaintiffs Appeal conflates and confuses but is not relevant to Plaintiffs appeal. The Court should allow the Plaintiffs Appeal; reject the Magistrate's erroneous recommendation, and conduct a denovo review.

Terri Pechner-James and
Sonia Fernandez
By their attorney,

_____

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470