UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**
   **Plaintiffs**

C.A. No: 03-12499-MLW

V

**CITY OF REVERE et al**
   **Defendants**

## NOTICE OF APPEAL OF REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ON DOCKET # 29 & 37 PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James and Sonia Fernandez, hereby appeal the Report and Recommendation on Summary Judgment of Magistrate-Judge, Sorokin filed on October 12, 2005 in the above-captioned mater. The Plaintiffs state as grounds for their appeal that the report and recommendations are clearly erroneous and contrary to law. There are genuine issues of material fact that affect both Thomas Ambrosino and Terrence Reardon. Neither party is therefore entitled to summary judgment as a matter of law. Fed. R. Civ.P. 56. The Report and Recommendation on Docket # 29 and # 37 should be rejected in their entirety and a de novo review conducted.

Introduction:

The Plaintiffs complaint –in Paragraph 1- identifies Thomas Ambrosino, as Mayor of the City of Revere. It identifies the City of Revere as the employer of the Plaintiffs; it identifies the Mayor and his predecessors as supervisors of the Plaintiffs. The term supervisors is applied as defined by the Supreme Judicial Court in <u>College Town, Div of Interco, Inc. v Massachusetts Commission Against Discrimination,</u> 508 N.E.2d 587, 400 Mass 156 (1987) in establishing its doctrine of strict liability for sexual harassment. The Mayor is a superior whose actions or whose indifference harmed the Plaintiffs and he is therefore strictly liable for the Plaintiffs injury.

The Magistrate's report recommends that both Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police of the City of Revere be dismissed from the case in both their individual and official capacities. The report states:

> Each defendant argues that the complaint contains no allegations that either of them committed wrongs or even held their respective positions during the time period of the allegations in the complaint."

This argument by the defendants and this conclusion by the Magistrate is clearly erroneous. The time period in the complaint is not limited to the Plaintiffs period of employment; it includes but is not limited to the period during which they sought and eventually received disability retirement benefits. Plaintiff, Terri Pechner-James, states the following in Paragraph 121 of the complaint:

> The City of Revere, its Mayor (Ambrosino) and its Police Chief (Reardon) and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration commission (PERAC) the Defendants have refused to send the Plaintiff the notices required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to the Plaintiff.

The City of Revere was intentionally hostile to Terri Pechner-James and the Mayor and the Chief of Police were deliberately indifferent to her rights and to the information she needed to prosecute her claim and to the distress caused by their actions. This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this court in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996).

Plaintiff, Sonia Fernandez, in Paragraph 139 of the complaint states the following:

> The City of Revere, its Mayor and its Police Chief and its Retirement Board have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supports the plaintiff's position the

2

> Defendants continue to coerce, threaten and intimidate the plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) has created conflict with the Union membership, other officers and is unsupported by medical evidence.

The Police Chief was directly involved in this Plaintiff's coerced return to work. The City of Revere and the Mayor were, at a minimum, deliberately indifferent to physical and psychological pain they caused the Plaintiff by coercing her to return to a racially and sexually hostile environment. This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Defendants have stated that Thomas Ambrosino "has been Mayor of the City of Revere since January 3, 2000. **(See Attached Affidavit of Thomas Ambrosino).** Plaintiff, Terri Pechner-James, did not end her employment until March 13, 2001; Plaintiff, Sonia Fernandez, did not end her employment until the year 2002. The Magistrate's assertion that the Mayor did not hold his position 'during the time period of the allegations in the complaint" is factually erroneous. In addition, as mentioned earlier, the time period encompassed by this complaint includes but is not limited to the period during which the Plaintiffs sought and prevailed in receiving disability benefits.

Mayor Ambrosino was directly involved and received complaints directly from the Plaintiffs and from officers directly affected by the hostile actions of the Revere Police Department. On April 17, 2001 at 2:00 p.m., Plaintiff, Terri Pechner-James met with Mayor Ambrosino. She was accompanied by her best friend, Ellen Wortman. The Plaintiff discussed with the Mayor the complaint that she had filed with the Massachusetts Commission Against Discrimination on March 12, 2001. She also informed him of several incidents that had occurred on the job, including the events of March 13, 2001 that made it impossible for her to continue her employment at the Revere Police Department.

3

The Plaintiff requested leave with pay. The mayor promised to respond to her request. He concluded the meeting by telling her that he had no faith in the administration of the Police Department and encouraged her to let the Massachusetts Commission Against Discrimination handle her case. On April 23, 2001, Mayor Ambrosino responded, in writing, to Plaintiff, Terri Pechner-James' verbal request. **See Attached Exhibit B** He denied her request as a matter of policy. He also denied the request of Sonia Fernandez. On September 1, 2002, Plaintiff, Terri Pechner-James, wrote to the mayor concerning her sexual harassment complaint. He did not respond.

On January 25, 2001, Mayor Ambrosino also met with officer, Kathy Fish and her husband. Kathy Fish is not a plaintiff in this action but she filed a separate complaint with the Massachusetts Commission Against Discrimination based upon her experiences at the Revere Police Department.. She discussed her situation with the Mayor, she discussed the general condition of discrimination as it affected her fellow female recruits in the Revere Police Department. She requested leave without pay. The mayor denied her request in accordance with the policy of the City of Revere.

Mayor Thomas Ambrosino is a policymaker for the City of Revere and has been a policymaker since January 3, 2000. The denial he issued to Kathy Fish is consistent with the denials he issued the Plaintiffs and the policies of the City of Revere as practiced by this Mayor and his predecessors and they constitute a violation of the parity that the Commonwealth has established between psychological and physical injuries.

The actions of the Defendant, City of Revere and the indifference of its Mayor injured the Plaintiffs. All four (4) counts of each Plaintiff's complaint is based on the theory of municipal liability and the responsibility of the policy makers, the implementation of whose policies by their supervisors caused injury to the Plaintiffs who were officers of the Revere Police Department. The Plaintiffs filed their present causes of action based on M.G.L.c. 151 § 4, the decision of the Supreme Judicial Court in College Town, Div. of Interco, Inc. v Massachusetts Commission Discrimination, 508 N.E. 587, 400 Mass 156 (1987) and the parallel provisions of 42 U.S.C. § 200(e)-2. The Massachusetts Supreme

4

strictly liable for acts of sexual discrimination performed by supervisors. The Magistrates recommendation on Mayor Ambrosino does not survive the College Town test; it also does not survive the federal policy established for violations 42 U.S.C. § 2000(e)-2. enunciated by the U.S. Supreme Court in Burlington Industries, Inc. v Ellerth, 542 U.S. 742; Faragher v City of Boca Raton, 524 U.S. 775 (1990) and the definition of tangible job action in Suders v Easton, No:01-3512 (April 16, 2003) 3rd Circuit. In addition, Mayor Ambrosino is a relevant policy maker for the City of Revere and he has acted in his capacity as a policy maker. The Magistrate's recommendation is therefore contrary to the criteria established by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Magistrate's report also recommends a grant of summary judgment to Terrence Reardon, Chief of Police in his personal and his official capacities. This recommendation is also based on clearly erroneous factual information and is contrary to the legal requirements of municipal liability enunciated in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996). This combination of intentional hostility and deliberate indifference by the City of Revere and its policymakers constitute municipality liability as defined by this Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

The Plaintiffs complaint-in Paragraph 1- identifies Terrence Reardon, as the Chief of the Revere Police Department; it also identifies him and his predecessors as supervisors of the Plaintiffs. The theory of municipal liability encompasses both his policies and the policies of his predecessors. The Plaintiffs acknowledge that Terrence Reardon was confirmed as Chief of Police on January 14, 2002 as stated in the affidavit of Thomas Ambrosino. However, as stated earlier, the time period encompassed by their complaint includes, but is not limited to the period during which they sought redress from the Defendants, including but not limited to the period during which the sought and successfully secured disability benefits as described in paragraphs 121 and 139 of their complaint.

After January 14, 2002, Terrence Reardon was an official policymaker of the City of Revere. Prior to that date, he was a high-ranking official who helped to implement the policies of the City. He was directly involved in Plaintiff, Sonia Fernandez coerced return to work; he was directly involved in both Plaintiffs three-year struggle to secure disability retirement benefits and was a policy maker during this period.

Conclusion:

Both Mayor Thomas Ambrosino and Chief Terrence Reardon are policy makers of the City of Revere and were policy makers during periods encompassed by the Plaintiffs complaint. Municipal liability can be established by their actions and by their deliberate indifference to the injuries of the Plaintiffs. The recommendations of the magistrate on both Mayor Thomas Ambrosino and Chief Terrence Reardon are factually erroneous, inconsistent with their demonstrated actions as policy makers and contrary to Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996); College Town, Div of Interco, Inc. v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass 156 (1987) and because of the tangible job actions Suders v Easton, No: 01-3512 (April 16, 2003.) 3rd Circuit. There are genuine issues of material fact about the role of Thomas Ambrosino and Terrence Reardon as policy makers for the City of Revere; they are therefore not entitled to summary judgment as a matter of law. The report and recommendations of the Magistrate Judge on Docket No. #29 and #37 should be rejected and the Court should conduct a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

## LIST OF EXHIBITS

A. Affidavit of Thomas Ambrosino & Letter of Appointment of Terrence Reardon dated January 15, 2002.

B. Ambrosino Letter to Terri Pechner dated 4-23-01; Ambrosino Letter to Katherine M. Fish dated 1-29-01; Ambrosino Letter to Sonia Fernandez dated 4-2-01. All denying paid leave. MCAD complaint of Sonia Fernandez

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | C.A. No. 03-12499-MLW |

### AFFIDAVIT OF THOMAS AMBROSINO

I, Thomas Ambrosino, do hereby depose and state:

1. I have been the Mayor of the City of Revere since January 3, 2000.

2. On January 14, 2002 the City Council confirmed my appointment of Terence Reardon as Chief of Police for the City of Revere in accordance with Chapter 102 of the Acts of 2001.

3. Chief Reardon's appointment was confirmed in writing by letter dated January 15, 2002 a copy of which is attached hereto.

Signed under the pains and penalties of perjury.

Respectfully submitted

_____
Thomas Ambrosino
Mayor
City of Revere



# The City of REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

**THOMAS G. AMBROSINO**
Mayor

January 15, 2002

Mr. Terence Reardon
C/o Revere Police Department
23 Pleasant Street
Revere, Massachusetts 02151

Re:   *Appointment to Permanent Police Chief of the Revere Police Department*

Dear Mr. Reardon:

I am writing to inform you that on Monday evening, January 14, 2002, the Revere City Council confirmed your appointment as permanent Chief of the Revere Police Department pursuant to Chapter 102 of the Acts of 2001.

In accordance with the special legislation, we will commence negotiation on a five year contract for the Police Chief position. In the interim period, this letter will confirm that you will be sworn in immediately and act in the capacity of Police Chief with the same employment benefits you have enjoyed as Lieutenant, except that, effective today, your pay shall be based on twice the salary of a patrol officer at the highest salary step, which is consistent with current pay practice for those acting in the capacity of Police Chief.

Very truly yours,

Thomas G. Ambrosino
Mayor

---

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk:ss

Then personally appeared before me the within named Terence Reardon who gave oath to the faithful performance of the duties of said office.

Subscribed to:

John J. Henry
City Clerk

Before me:

Thomas G. Ambrosino
Mayor



# The City of REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110   Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

April 23, 2001

Ms. Terri Pechner
63 Lancaster Avenue
Revere, Massachusetts 02151

Re:   *Leave of Absence*

Dear Ms. Pechner:

I am writing in response to your oral request that I provide you with a paid leave of absence for the next three months.

After careful review of the situation, I deny your request for a paid leave of absence. However, consistent with the policy that has been applied to similarly situated police officers and City employees, I am willing to provide you with an *unpaid* leave of absence for a period of three months. Please let me know promptly if you will take advantage of this offer.

You should know that this letter is written solely in response to your oral request directly to me for a paid leave. I understand that since that request, you have filed a written request with the Chief of Police for Chapter 41, Section 111F benefits. The Police Department will handle that specific request in accordance with the City's practice for dealing with Section 111F claims. This letter is not intended in any way as a response to that claim.

Very truly yours,

Thomas G. Ambrosino
Mayor

Cc:   Chief Roy A. Colannino
      Paul Mulkern, Esq.



**The City of REVERE, MASSACHUSETTS**
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110   Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

January 29, 2001

Ms. Katherine M. Fish
4 Aricia Lane
Stoneham, Massachusetts 02180

    Re:   *Leave of Absence*

Dear Ms. Fish:

    Upon consideration of your written request, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, January 26, 2001 until Monday, April 26, 2001 due to personal reasons.

                                 Very truly yours,

                                 Thomas G. Ambrosino
                                 Mayor

Cc:   Chief Roy Colannino



*The City of* REVERE, MASSACHUSETTS
Office of the Mayor
281 Broadway, Revere, MA 02151
(781) 286-8110    Fax (781) 286-8199

THOMAS G. AMBROSINO
Mayor

April 2, 2001

Ms. Sonia Fernandez
34 Burnett Road
Revere, Massachusetts 02151

    Re:   *Leave of Absence*

Dear Ms. Fernandez:

    Upon consideration of the written request from your physician, and acting pursuant to M.G.L. c. 31, §37, I hereby grant you a three-month unpaid leave of absence effective Friday, March 16, 2001 until Saturday, June 16, 2001 due to medical reasons.

                                   Very truly yours,

                                   Thomas G. Ambrosino
                                   Mayor

Cc:    Chief Roy Colannino
        Captain Fred Roland

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

03-14-2001

Sonia Fernandez
34 Burnette Road
Revere, MA 02151

RE: Sonia Fernandez
vs.:C - Revere Police Department
Docket Number:01130696
EEOC/HUD Number:

Dear Ms. Fernandez:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has assigned Edward Cassella to investigate the above referenced complaint of discrimination. The Commission's investigator will review the allegations in the complaint and will keep the parties informed of developments arising from that investigation.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Office, One Ashburton Place, Boston, MA 02108 at 10:30AM on 04-23-2001. You are required to attend this conference and your failure to do so will be taken as representing a lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolution as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Edward Cassella at (617) 727-3990 Ext. 26079.

Very truly yours,


Edward Cassella
Investigator
Form: MCAD Complaint; Ltr.to.Cpt

The Commonwealth of Massachusetts
Commission Against Discrimination

---

DOCKET NUMBER:01130696
FILING DATE:03-14-2001

EEOC/HUD NUMBER:
VIOLATION DATE:02/26/01

---

Name of Aggrieved Person or Organization:
Sonia Fernandez
34 Burnette Road
Revere, MA 02151
Telephone Number: (781) 286-2286

---

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
C - Revere Police Department
Attn:Department Headquarters
23 Pleasant Street
Revere, MA 02151
Telephone Number:(781) 284-1212    No. of Employees:20 +

Work Location: Revere, MA

---

Cause of Discrimination based on:
Sex
Disability
Race, Color.
(Female
Other hearing problem
Hispanic).

---

**The particulars are:**
I, Sonia Fernandez, the Complainant believe that I was discriminated against by C - Revere Police Department, on the basis of Sex Disability Race, Color. This is in violation of M. G. L. Chapter 151B S4 P1,1,16.

I believe I am being discriminated against by my employer C - Revere Police Department due to my sex, Female hearing problem, and my race/color, Hispanic. This is in violation of MGL CH.151B Section 4 Paragraphs 1,1,16 Title VII and The ADA. I have served on the C - Revere Police Department for over five (5) years. I was pulled aside by Leuitenant, Bernard Foster who told me I did not write enough citations, and was put on desk duty for two weeks. There was a male officer who committed the same alleged act, yet he was only spoken to and at the time was not disciplined in the same manner as myself. In my five (5) years with the department the only officers put on the desk were officers who on punishment. The situation was brought to the union's attention. The union went to Chief, Roy Colannino who said they "would try to resolve it". I have been continously harassed by Lt. Foster due to my hearing problem. Lt. Foster has made inappropriate comments such as "turn up your hearing aide". "Why don't you put the phone in your good ear". For several months during 2000, I was not given dispatch duty. On or about 4/5/00, Lt. Foster took me off dispatch, and made hand gestures mocking me due to my hearing problem. I have been the subject of offensive comments by Leuitenant Steven Ford due to my race/color, Hispanic. Lt. Ford

asked me about my national origin then said you are all the same a bunch of "cockroaches". On or about 8/7/00, Lt. Ford while in the presence of another male officer said "the next female that complains will be downstairs working as a matron". I took these comments as a threat because I was the only female officer present. On or about 8/13/00, while eating lunch Lt. Ford took a knife and made a stab towards me. On or about 10/12/00, I filed a formal complaint of harassment against Lt. Ford. Someone had drawn a dildo on the chalkboard facing the radioroom. On or about 2/26/01, my firstday in there was womens underwear hanging in the guard room during roll - call. On 2/27/01, I noticed the underwear were still there. The underwear were finally removed after roll - call on 2/28/01. I found this act very offensive, and disrespectful towards female officers. I have attempted to persue the internal chain of command in search of a resolution to this matter, with no results. The harassment I have endured has caused a hostile work environment that has become intolerable.

-----------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_Sonia Fernandez_
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th Day of March 2001

NOTARY PUBLIC: _Jerome E. Mack_

SIGNATURE NOTARY PUBLIC: _Jerome E. Mack_ MY COMMISSION EXPIRES: _7/14/06_

## LIST OF EXHIBITS

A   Terri Pechner-James –PERAC Certificate dated July 28, 2003.

B. Clarification of Pechner-James Medical Panel Certificate dated March 29, 2004.

C. Sonia Fernandez-PERAC Medical Panel Certificate dated September 20, 2004