**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

**TERRI PECHNER-JAMES and**
**SONIA FERNANDEZ**
          **Plaintiffs**

2005 OCT 20 P 3: 42

**C.A. No: 03-12499-MLW** DISTRICT COURT
                    DISTRICT OF MASS.

**V**

**CITY OF REVERE et al**
          **Defendants**

## NOTICE OF APPEAL OF ORDER ON DISCOVERY MOTIONS  PURSUANT TO RULE 72

Plaintiffs, Terri Pechner-James  and Sonia Fernandez hereby appeal the following recommendation of the Magistrate Judge entered on October 12, 2005 on Docket # 53, Docket No.# 46, Docket # 33, Docket # 34, Docket # 50 in the above entitled action. Docket #53 is the pivotal request and is related to all other docket cited herein. The Plaintiffs state the following in support of their appeal.

The Magistrate judge ruled as follows:
       Plaintiffs Request For Rooker Feldman Ruling is DENIED. (Docket #53)

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions (Docket #53) for the purpose of (1) seeking federal recognition of state determinations; (2) raising the jurisdictional issue and (3) preventing relitigation of the issues of injury and causation and (4) avoiding  a result from the federal court that conflicts with the state determination on the same issue.

The Magistrate Judge, during the hearing, erroneously referred to the Plaintiffs Request as seeking preclusion. Preclusion can be waived, jurisdiction cannot. The Magistrate Judge identified the wrong issue and rendered a decision that is erroneous and  contrary to law.  The decision must be rejected and a de novo review conducted.

Background:

The Plaintiffs were subjected to a hostile work environment while employed as law enforcement officers of the City of Revere. As a result of their experiences they suffered Post Traumatic Stress Disorder (PTSD) and eventually were adjudicated as disabled and awarded disability retirement.

They used the same fact pattern stated in their complaint as the basis for obtaining disability retirement. The Magistrate Judge acknowledged during the hearing that both the state adjudications and the case that the Defendants moved to federal court arise from the "same common nucleus of operative fact." The following state adjudicatory bodies made the determinations that granted the Plaintiffs their disability retirement.

1.  Division of Administrative Law Appeals (DALA)
2.  Regional Medical Panel
3.  Public Employee Retirement Administration Commission (PERAC)

The adjudicatory bodies made the following decisions:

1.  On March 7, 2003, DALA ordered the convening of a Medical Panel of experts.
2.  On July 28, 2003, the Medical Panel filed with PERAC a unanimous decision and made the following findings: **(See Attached Exhibit A)**

    (a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her follow officers.

    (b) PERMANENCE: The incapacity mentioned above is likely to be permanent in that anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

    ( c) CAUSALITY: The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder.

The Defendants requested a Clarification of the findings of the Regional Medical Panel. On March 1, 2004, the Medical Panel responded to the Defendants Request for Clarification **(See Attached Exhibit B)** .

The Medical Panel addressed the five questions raised by the Defendants and provided in depth answers to each inquiry. The Panel's entire clarification contradicted the decision of the Magistrate Judge  and Inquiry No 5, in particular.  That  Response directly addressed the discovery issues considered by the Magistrate Judge:

Query No: 5.

> Could there have been other private factors in Ms. James life that could be the source of Ms. James difficulties? Would such private concerns not possibly produce the condition that was diagnosed?  Did the Panel inquire of Ms. James as to whether she experienced any of these difficulties?

The Regional Panel provided the following unequivocal reply:

> The symptoms Ms. James described and that were recorded in her records appeared to be related to events specific to her occupation. We did conduct a general review of psychiatric history and nothing of note was found in the records or discovered in our examination. In similar cases, when there is a history of depression or past traumas, the individual is rendered more vulnerable to the effects of later traumatic events but the psychopathology at the later time is specific to the stress of the contemporary experiences and not considered to be "produced or "caused" by previous symptoms.

The Clarifications, including the response to Query No:5 are consistent with the Panel's findings of July 28, 2003.

The Plaintiffs Rooker-Feldman Request sought recognition and comity from the federal district court for the findings and the determinations made by DALA, PERAC, the initial decision of the Regional Medical Panel and the findings provided by the Clarification of the Panel.

Those state determinations are entitled to finality and comity from the federal courts. The Magistrate Judge acted contrary to law when he failed to provide that recognition. Federal review of state court decisions lies only with the United States Supreme Court. 28 U.S.C. § 1257(a). Congress has empowered the federal district courts to exercise only original, not appellate jurisdiction. 28 U.S.C. § 1331, 1332.  Direct review of state court

3

decisions is barred. See <u>Brown & Root, Incorporated v Breckenridge,</u> 211 F. 3d 194, 198 (4th Cir. 2000). This doctrine is one of a number of doctrines reflecting, some courts say "safeguarding" our dual system of government.   The United States Supreme Court in <u>Atlantic Coastline R.R. v Brotherhood of Locomotive Eng'rs,</u> 398 U.S. 281, 286 (1970) stated:

> From the beginning we have had in this country essentially two legal systems. Each system proceeds independently of the other with ultimate review in the [Supreme] Court of the federal questions raised in either system.

The majority of the issues in this case are state issues.  Each Plaintiff filed a four (4) count complaint: Count 1-Hostile Work Environment/Sexual Harassment; Count 2-Constructive Discharge; Count 3-Disparate Treatment; Count 4-Infliction of Emotional Distress. At the time the complaint was prepared, Plaintiff, Terri Pechner-James has been adjudicated as disabled.  The Regional Medical Panel of PERAC made a finding that the Plaintiff suffered from  Post Traumatic Stress Disorder (PTSD) as a result of the hostile environment she encountered in the Revere Police Department. These finding were attached as **Exhibit B** to the Plaintiffs complaint.  Plaintiff, Sonia Fernandez, has also been adjudicated with PTSD as a result of the hostile environment she encountered in the Revere Police Department. **See Attached Exhibit C.**

All four counts of both Plaintiffs complaints are based upon the state adjudication that the injury to both Plaintiffs (PTSD) is based on the hostile work environment created by the Defendants in the Revere Police Department. The violations of M.G.L.c 151B § 4 and the parallel violations of 42 U.S.C 2000(e)-2 are based upon the same state determinations. The federal claims are not only based upon but are"inextricably intertwined" with the findings of injury and causation made as a result of the state adjudication. The Defendants have made no allegation that the state court decisions on injury and causation were wrongly decided. They moved the case to federal court and are seeking  to relitigate the issue.

The Defendants are barred from pursuing an appellate review of the state court findings. Pennzoil Co., v Texaco, 481 U.S. 1, 25 (1987). The doctrine enunciated in Atlantic Coastline, supra. bars not only review of state court decisions but also issues that are inextricably intertwined with the state court decision. The Defendants federal claim is "inextricably intertwined " with the state court decision because what the Defendants seek from the federal district court is a ruling that would effectively reverse the state adjudication on injury and causation and void that ruling.

## Conclusion:

The findings of the state adjudicatory bodies of injury and causation and the medical findings of the Regional Medical Panel are not subject to appellate review by the federal court. This issue is jurisdictional. They are entitled to recognition and comity. The magistrate's decision, if allowed to stand, would effectively reverse the state decisions and void their rulings. The best the Magistrate Judge's decision can accomplish is to create, from the same admitted "nucleus of operative facts" conflicting decisions. This outcome is contrary to the Congressional intent of safeguarding our dual system of government and the historical operation of the two separate legal systems.

The only issue that remains to be litigated is whether the PTSD suffered by the Plaintiffs is a violation of M.G.L. c. 151B § 4, its federal parallel 42 U.S.C. § 2000(e)-2 and the common-law theories contained in the Plaintiffs complaint. The Magistrate Judge's Order on Discovery must be rejected and the issues subjected to a de novo review.

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02018
(617) 227-3470

1(F) M.F.H. Whble - 12-29-99

# PERAC

**COMMONWEALTH OF MASSACHUSETTS | PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION**

JOSEPH F. CONNARTON, *Executive Director*

TO:        REVERE RETIREMENT BOARD

FROM:      MEDICAL PANEL UNIT

DATE:      July 28, 2003

RE:        REVIEW OF MEDICAL PANEL CERTIFICATE

---

Please be advised that P.E.R.A.C. has completed its review of the following Medical Panel Certificate(s) and found the Certificate(s) to be in order: **Drs. Sherry-Friedman-Dominiak**

## TERRI JAMES

**Your retirement board is encouraged to review the attached report(s) to determine if it is completed to your satisfaction.**

If upon review of the enclosed report, your board determines that additional information or clarification is required, the board may submit to PERAC in writing, a request which identifies the additional information which is desired. The board's request will then be forwarded by this office to the physicians.

Your retirement board may also choose to write directly to the medical panel for clarification. **PERAC must be provided with a copy of all correspondence between the board and the medical panel.**

If you should have any questions regarding the enclosed material, please do not hesitate to contact this office.

BL/kmh
Enclosure



**Commonwealth of Massachusetts**
**Public Employee Retirement Administration Commission**
5 Middlesex Avenue, 3rd Floor
Somerville, MA  02145
(617) 591-8956
Fax (617) 628-4414

COMM. OF MASS.
P.E.R.A.C.

2003 JUL 28  A 9: 52

RECEIVED

## APPLICANT INFORMATION

**PERAC ID:   2003237650    TYPE OF DISABILITY:   ACC (M)**

**SOCIAL SECURITY NUMBER:**          017565959

**MEMBER:**          Terri  James

**MEMBER ADDRESS:**          1204 S.W. 28th Street

Cape Coral, FL 33914

**RETIREMENT BOARD:**          Revere Retirement Board

**OCCUPATION:**          POLICE

**EMPLOYER:**          Chief Terrance Reardon

**REGIONAL MEDICAL PANEL**
**PHYSICIAN:**          Susannah Sherry, M.D. -- PSYCHI
Mark Friedman, M.D. -- INTERN
George Dominiak, M.D. -- PSYCHI

**MEDICAL PANEL SPECIALTY:**          PSYCHI

**EXAMINATION LOCATION:**          575 Mount Auburn Street
Suite 201
Cambridge, MA 02138

**DATE:**          Friday, June 13, 2003

**TIME:**          02:30 PM

## COMMONWEALTH OF MASSACHUSETTS
## PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
## REGIONAL MEDICAL PANEL CERTIFICATE

COMM. OF MASS.
P.E.R.A.C.

**MEMBER:** Terri James
**PERAC ID:** 2003237650

**S.S. #:** 017565959
**TYPE OF DISABILITY:** ACC

2003 JUL 28   A  9:52

The member's retirement board will provide you with all information relating to the member's claimed disability and the current job description. This information is critical to your ability to perform a comprehensive medical evaluation and assess the member's ability to perform the essential duties of his/her job. If this information has not been received, please contact the PERAC Medical Panel Unit.

---

**DID THE MEDICAL PANEL REVIEW THE MEMBER'S JOB DESCRIPTION?**

YES ☑    NO ☐

**DID THE MEDICAL PANEL RECEIVE AND REVIEW MEDICAL RECORDS IDENTIFIED ON THE TRANSMITTAL OF BACKGROUND INFORMATION TO A REGIONAL MEDICAL PANEL FORM PRIOR TO RENDERING A MEDICAL OPINION IN THIS CASE?**

YES ☑    NO ☐

**PLEASE LIST ANY RECORDS NOT LISTED ON THE TRANSMITTAL OF BACKGROUND INFORMATION TO A REGIONAL MEDICAL PANEL FORM, WHICH THE PANEL REVIEWED.**

**1. IS THE MEMBER MENTALLY OR PHYSICALLY INCAPABLE OF PERFORMING THE ESSENTIAL DUTIES OF HIS OR HER JOB AS DESCRIBED IN THE CURRENT JOB DESCRIPTION?**

YES ☑    NO ☐

Please continue ONLY if you answered yes to question #1.

**2. IS SAID INCAPACITY LIKELY TO BE PERMANENT?**

YES ☑    NO ☐

**PERMANENCY:** A disability is permanent if it will continue for an indefinite period of time which is likely never to end even though recovery at some remote, unknown time is possible. If the medical panel is unable to determine when the applicant will no longer be disabled, they must consider the disability to be permanent. However, if the recovery is reasonably certain after a fairly definite time, the disability cannot be classified as permanent. It is imperative that the medical panel make its determination based on the actual examination of the applicant and other available medical tests or medical records which have been provided. It is *not* the physician's task to look into employment possibilities that may become available to an applicant at some future point in time.

# COMMONWEALTH OF MASSACHUSETTS
## PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
### CERTIFICATE FOR ACCIDENTAL DISABILITY

**MEMBER:** Terri James

**PERAC ID:** 2003237650          S.S. #: 017565959          **TYPE OF DISABILITY:** ACC

2003 JUL 28  A 9: 52

## PLEASE CONSIDER POINTS A AND B BEFORE RESPONDING TO QUESTION #3.
## POINTS A AND B SHOULD ALSO BE DISCUSSED IN YOUR NARRATIVE.

**A.** Whether there is any other event or condition in the member/applicant's medical history, or in any other evidence provided to the panel, other than the personal injury sustained or hazard undergone upon which the disability retirement is claimed, that might have contributed to or resulted in the disability claimed.

**B.** Whether it is more likely than not that the disability was caused by the condition or event described in (A) rather than the personal injury sustained or hazard undergone which is the basis for the disability claim, and the basis for your conclusion.

**3. IS SAID INCAPACITY SUCH AS MIGHT BE THE NATURAL AND PROXIMATE RESULT OF THE PERSONAL INJURY SUSTAINED OR HAZARD UNDERGONE ON ACCOUNT OF WHICH RETIREMENT IS CLAIMED?\***

YES ☑          NO ☐

**Aggravation of a Pre-Existing Condition Standard:** If the acceleration of a pre-existing condition or injury is as a result of an accident or hazard undergone, in the performance of the applicant's duties, causation would be established. However, if the disability is due to the natural progression of the pre-existing condition, or was not aggravated by the alleged injury sustained or hazard undergone, causation would not be established.

**\*PLEASE NOTE:** When constructing your response to the question of causality (#3) in accidental disability narrative reports, your opinion must be stated in terms of medical possibility and not in terms of medical certainty.

COMM. OF MASS.
P.E.R.A.C.

# COMMONWEALTH OF MASSACHUSETTS
## PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION

## CERTIFICATION OF MEDICAL PANEL FINDINGS

2003 JUL 28 A 9:52

**MEMBER:** Terri James
**PERAC ID:** 2003237650

**S.S. #:** 017565959
**TYPE OF DISABILITY:** ACC

RECEIVED

---

### MAJORITY OPINION

*In the case of a joint examination, all three physicians must sign if they are in agreement
with the majority opinion.*

I hereby certify that I have examined the member named on this certificate, and that the findings
stated in this certificate and narrative express my professional medical opinion which was arrived
at in an independent manner and free of undue influence.

_____ **M.D.**

_____ **M.D.**

_____ **M.D.**

---

### MINORITY OPINION

*To be completed only if a joint examination is conducted by all three physicians.*
*The dissenting physician MUST also complete the Medical Panel Certification Minority Report.*

I hereby certify that I have examined the member along with the other members of
the medical panel and that I respectfully disagree with the Majority findings.

_____ **M.D.**

---

### APPLICANT PHYSICIAN AND/OR EMPLOYER'S PHYSICIAN

I hereby certify that I was present at the examination conducted by the Regional
Medical Panel Physician(s). I understand that I have a right to submit a written
opinion to the Retirement Board.

_____ **M.D.**

_____ **M.D.**

COMM. OF MASS.
P.E.R.A.C.

## GEORGE M. DOMINIAK, M.D.
### 300 Mount Auburn Street
### Suite 307
### Cambridge, MA 02138

2003 JUL 28  A 9: 52

### (617) 686-7299

RECEIVED

**APPLICANT:**       **Terri James**
**PERAC NO.:**       **2003237650**
**EXAM DATE:**       **Friday, June 13, 2003, 02:30 PM**
**IN ATTENDANCE:**   **Ms. James, Attorney Carlton Dasent, Panel MD's**

**HISTORY OF ILLNESS:** Ms. James is a 30 y.o. Police Officer serving Revere, MA for approximately 6 years between 1995 and 2001. She is applying for Accidental Disability Retirement on the basis of Posttraumatic Stress Disorder (PTSD), Depression and Anxiety related symptoms such as Irritable Bowel Syndrome, migraine headaches and panic attacks.

Ms. James had no past psychiatric history prior to working as a police officer. She reports persistent abusive behavior by her superiors and fellow officers. She alleges discrimination and threatening behavior. She felt demeaned and that her privacy was threatened. As an example she related the story of a prisoner who was someone Ms James knew as a friend from the past. He was allegedly questioned openly about having ever had a sexual relationship with Ms. James and about graphic details regarding sexual behaviors with her. She felt this was crude, abusive, humiliating, invading her privacy, hurtful. She alleges there was no basis for the questioning. Numerous examples were provided during the interview such as finding a bullet hole in her bumper and having tires slashed.

As a result of these kind of experiences she reports she had developed sleep disturbance (insomnia and nightmares), anxiety, fear of retaliation from other police officers, genuine concern for her safety leading her to move to another state, panic attacks, anxiety, uncontrolled crying, depressed mood and hopelessness. She wanted to try to return to work but felt she could not. In 2001, she attended a police sponsored treatment program "On-site Academy" for 1 solid week and 4 additional days later. EMDR (a treatment used to control symptoms of PTSD) was attempted during that time.

Ms. James also described developing loss of appetite, and problems with gastrointestinal discomfort and control. She was evaluated in 1998 at the MGH GI Clinic and followed at the MGH Revere Health Care Center. Irritable Bowel Syndrome was diagnosed. Her PCP, Dr. Wald diagnosed Major Depression and anxiety (office note 05/30/00) and prescribed Zoloft and Trazodone for depression, anxiety and insomnia. She had been seeing Susan Rudman, EdD in psychotherapy since 03/21/01 and Dr. Eric Keroack (gynecologist and counselor) for medication management.

COMM. OF MASS.
_ P.E.R.A.C.

In sum, Ms. James feels she could not perform safely as a police officer because of anxiety and depression and in particular because she could not trust that she would be given adequate back-up when needed.                                          2003 JUL 28 A 9: 52

**CURRENT SYMPTOMS:** Ms. James reports ongoing anxiety symptoms with sleep disturbance and fearfulness for her safety and the safety of her family. She avoids police related activities or TV programs, crowds or open public places. Since her move she has continued contact with her previous psychiatric providers by phone essentially weekly RECEIVED and infrequently in person when she returns locally. She has not been able to find providers in her new location as of yet. Her medication regimen includes Xanax 2 mg daily for anxiety and sleep and Lexapro (she could not recall the dose) for depression and anxiety. She also takes medication for migraine and irritable bowel. She denied alcohol use.

**PAST MEDICAL HISTORY:** Non-contributory other than mentioned above with the addition of a history of hypothyroidism.

**MEDICAL RECORD REVIEW:** All available medical records and a job description were reviewed by the members of the Panel. Documents from Dr. Keroack 06/03/02 and 02/18/03 describe the diagnoses of "complex" PTSD, panic symptoms with an initially attempted return to work date of September 2002. She was not able to return after meeting with the Chief. Dr. Keroack's letter of 02/18/03 labeled her work experience as "repetitive trauma of harassment" leading to the interview with our panel. Therapist Rudman's records describe the same clinical picture.

**EXAMINATION:** Ms. James presented as pleasant attractive and cooperative. She showed some lability (shifting) of affect, anxiety and some tearfulness. Her symptoms were described as above. There were no signs of psychosis, mania or obvious intellectual impairment.

**RELEVANT PERSONAL AND FAMILY HISTORY:** Non contributory.

**DIAGNOSES:** Ms. James meets the DSM IVTR criteria for Anxiety Disorder NOS with features of PTSD and features of panic disorder.

**PROGNOSIS:** As compared to the reported clinical history, Ms. James has already shown significant remission in depressive symptoms. The anxiety symptoms as they relate to her work experiences including sleep disturbance, irrational fears, avoidance and emotional numbing, will likely persist and may exacerbate in the context of a police environment. It is impossible to accurately opine regarding prognosis for these symptoms. Living in a new community and not entering this kind of work or activity would be essential in healing.

**CONCLUSIONS:**

1. DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officers.

2. PERMANENCE: The incapacity mentioned above is likely to be permanent in that the anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

3. CAUSALITY: The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There are no other likely causative factors apparent in Ms. James' clinical history to substantiate an alternate etiology for the anxiety disorder.

George M. Dominiak, M.D.
Panel Chair

COMM. OF MASS.
P.E.R.A.C.

2003 JUL 28  A 9: 53

RECEIVED

Member Name:   TERRI JAMES

PERAC ID:   2003257650

Date:   06/13/03

---

I have reviewed the attached report and agree with the opinions expressed therein.

Panel Physicians:

_____
Mark Friedman, M.D.

_____
Susannah Sherry, M.D.

_____
George Dominiak, M.D.



**PERAC**

COMMONWEALTH OF MASSACHUSETTS │ PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION

ROBERT E. TIERNEY, *Chairman* │ A. JOSEPH DeNUCCI, *Vice Chairman*                JOSEPH E. CONNARTON, *Executive Director*
C. CHRISTOPHER ALBERTI │ KENNETH J. DONNELLY │ ERIC A. KRISS │ JAMES M. MACHADO │ DONALD R. MARQUIS

TO:        REVERE RETIREMENT BOARD

FROM:    MEDICAL PANEL UNIT

DATE:     MARCH 29, 2004

RE:        REVIEW OF MEDICAL PANEL **CLARIFICATION**

Please be advised that P.E.R.A.C. has completed its review of the following Medical Panel
Clarification(s) and found the **Clarification(s)** to be in order:

**TERRI JAMES**      SS# 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
From Drs. Dominiak, S. Sherry and Friedman

**Your retirement board is encouraged to review the attached report(s) to determine if it
is completed to your satisfaction.**

If upon review of the enclosed report, your board determines that additional information or
clarification is required, the board may submit to PERAC in writing, a request which
identifies the additional information which is desired.   This office will forward the
retirement board's request to the medical panel physician(s).

Your retirement board may also choose to write directly to the medical panel for clarification.
**PERAC must be provided with a copy of all correspondence between the board and the
medical panel.**

If you should have any questions regarding the enclosed material, please do not hesitate to
contact this office.

Enclosure

KMH




COMM. OF MASS.
P.E.R.A.C.

## GEORGE M. DOMINIAK, M.D.
### 300 Mount Auburn Street
### Suite 307
### Cambridge, MA 02138

2004 MAR 29  A 7 37

### 617 686-7299

RECEIVED

March 01, 2004

Ira H. Zaleznik
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210

RE: Panel Examination of Terri James (SS# 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): Request for Clarification

Dear Mr. Zaleznik:

We have revisited the case of Ms. Teri James. The following are clarifying comments to
the questions you posed for our Panel in your letter of January 28, 2004.

1. *The Board would like to know whether the opinion that Ms. James' incapacity
   would persist for an indefinite period of time is based on her receptiveness or lack
   thereof to treatment or whether the nature of her condition itself precludes
   recovery in a definite period of time? Dr. Keroack was perceived to shift his
   position regarding capacity to return to work between the summer of 2002 and
   January 2003.* You asked: *"This shift in position suggests that Ms. James was not
   receptive to treatment that could have permitted her return to work. Is this
   perception accurate or inaccurate?"*

Receptiveness to treatment may vary widely in individuals with anxiety symptoms
similar to Ms. James' condition. Therefore, relative receptivity to treatment in this case is
irrelevant to our determination regarding her capacity to perform her job. Also, let me
bring to your attention, as mentioned in our report, that after Dr. Keroack opined work
capacity, Ms. James did meet with her Chief, consistent with a good faith attempt, as we
saw it, to re-enter her workplace. Apparently something went badly then and she was not
able to continue/return to her employment. It appears that Dr. Keroack's perceived shift
was related to a failed attempt at initiating a return to the workplace.

2. *Other circumstances that in the opinion of the Board, as represented by Mr.
   Zaleznik, "could have an impact upon it's (the Panel's) opinion." Ms. James'
   husband having served the Revere Police Department, retired on accidental
   disability and moved to Florida. Ms. James having brought a lawsuit against the
   City of Revere and members of the Revere Police Department "in which she seeks
   over two million dollars in damages." According to Mr. Zaleznik's question:*

COURT OF MASS.

*"This lawsuit suggests that there could be a conscious or unconscious economic incentive on the part of Ms. James to avoid being receptive to treatment that could lead to her recovery." Would these facts change, in any way, the Panel opinion?*

2004 MAR 29  A  7 37

We were aware that Ms. James' husband was also at one time employed by the Revere Police Department. Our evaluation of Ms. James was based on a face-to-face clinical examination and assessment of available facts. There was no evidence during our evaluation or to our reading of the available medical records of malingering, symptom magnification or the apparent influence of secondary gain.

3.  *Was the history as presented by Ms. James and Dr. Keroack decisive in the panel reaching its conclusions? Was there any other history than that provided by Ms. James and Dr. Keroack.*

As described in our report, regarding Dr. Keroack's comments in his letter of 02/18/03: "Therapist Rudman's records describe the same clinical picture." Other than the consistency implied by this corroborating opinion, no other records of clinical assessment were made available to us for consideration.

4.  *Were there links of incidents or series of incidents at work with specific anxiety attacks or other problems requiring treatment or would the nature of Ms. James' diagnosed condition not result in specific episodes requiring immediate attention?*

The latter is more typical of a longstanding anxiety disorder with features of PTSD. Though acute stress reactions such as the reported poor outcome of Ms. James' meeting with her Chief around September of 2002 leaving her feeling it would be impossible to return, can occur in the context of a developing impairing anxiety disorder, it is the cumulative effect that leads to persistent symptoms and extreme-reactions to work-related experiences. The extreme-reactions to related "triggering" stimuli themselves often require interventions on a regular basis. During our examination, there was not an obvious correlation made between events and episodes of acute symptom exacerbation.

5.  *Could there have been other, private, factors in Ms. James' life that could be the source of Ms. James' difficulties? Would such private concerns not possibly produce the condition that was diagnosed? Did the Panel inquire of Ms. James as to whether she experienced any of these difficulties?*

The symptoms Ms. James described and that were recorded in her records appeared to be related to events specific to her occupation. We did conduct a general review of psychiatric history and nothing of note was found in the records or discovered in our examination. In similar cases, when there is a history of depression or past traumas, the individual is rendered more vulnerable to the effects of later traumatic events but the psychopathology at the later time is specific to the stress of the contemporary experiences and not considered to be "produced" or "caused" by the previous symptoms.

3

COURT OF MASS.

6. *Is it the Panel opinion that Ms. James is permanently disabled from performing police work or that she is permanently disabled from performing police work for the Revere Police Department?*

Ms. James' condition as described in her records and as seen to our examination is such as would likely preclude her from performing the essential duties of her job as described in the current job description, i.e. her occupation of police work, and is not likely to be specific to her work site.

RECEIVED

George M. Dominiak, M.D.

Mark Friedman, M.D.

Susannah Sherry, M.D.

3



COMMONWEALTH OF MASSACHUSETTS | PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION

DOMENIC J. F. RUSSO, *Chairman* | A. JOSEPH DeNUCCI, *Vice Chairman*                                  JOSEPH E. CONNARTON, *Executive Director*
KENNETH J. DONNELLY | ERIC A. KRISS | JAMES M. MACHADO | DONALD R. MARQUIS

TO:       REVERE RETIREMENT BOARD

FROM:    MEDICAL PANEL UNIT

DATE:    NOVEMBER 8, 2004

RE:       REVIEW OF MEDICAL PANEL CERTIFICATE

Please be advised that P.E.R.A.C. has completed its review of the following Medical Panel
Certificate(s) and found the Certificate(s) to be in order: **Drs. Caprio-Fine-Edelstein-Hewson**

## SONIA FERNANDEZ

**Your retirement board is encouraged to review the attached report(s) to determine
if it is completed to your satisfaction.**

If upon review of the enclosed report, your board determines that additional information
or clarification is required, the board may submit to PERAC in writing, a request which
identifies the additional information which is desired. The board's request will then be
forwarded by this office to the physicians.

Your retirement board may also choose to write directly to the medical panel for
clarification. **PERAC must be provided with a copy of all correspondence between
the board and the medical panel.**

If you should have any questions regarding the enclosed material, please do not hesitate to
contact this office.

BL/kmh
Enclosure

