UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, Mayor, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, Chief, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br><br>    Defendants. | C.A. No.: 03-12499MLW |

## DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY AND STEVEN FORD'S MOTION FOR SANCTIONS AND FOR AWARD OF EXPENSES

Now come the defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford, (hereinafter "Defendants"[1]) by and through their undersigned counsel and pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, and respectfully request that this Court sanction the plaintiffs, Terri Pechner-James (hereinafter "plaintiff Pechner-James") and Sonia Fernandez

---

[1] The other named Defendants, The City of Revere, Thomas Ambrosino, The City of Revere Police Department and Terrence Reardon are represented by the City of Revere Law Department and are not parties to this motion.

(hereinafter "plaintiff Fernandez"), by dismissing their complaint against the defendants with prejudice, for plaintiffs' failure to comply with this Court's order of October 6, 2005, allowing the Defendants' Motion Compel documents (Docket entry # 79). The defendants further request that this Court award the defendants the reasonable expenses associated with this motion and their attempts to resolve the issues associate with it. As grounds therefore, the defendants state the following:

I. **FACTUAL AND PROCEDURAL BACKGROUND**

1. The instant action, alleging sundry federal and state causes of action against various municipal and individual Defendants, was commenced by means of a Verified Complaint dated September 30, 2003.

2. This Verified Complaint alleges that the plaintiffs Pechner-James and Fernandez, while employed as law enforcement officers for the City of Revere, were subjected to a hostile work environment in violation of federal and state law (Count I),[2] were constructively discharged from their employment with the City of Revere (Count II); were subjected to disparate treatment (Count III); and were subjected to the impermissible and intentional infliction of emotional distress by the named Defendants. (Count IV).

3. The plaintiffs claim that they have become permanently disabled, have suffered severe emotional and physical damages as a direct result of the hostile environment in which they worked and the disparate treatment they were subjected to while Revere Police Officers. (Verified Compl. ¶¶ 122, 140).

4. On September 13, 2005 the defendants electronically filed their Motion to Compel Production of Documents with the court, as the moving defendants' counsel had prior thereto made multiple informal attempts to resolve the outstanding discovery

---

[2] Although many of the plaintiffs' claims arise out of a common nucleus of operative allegations, it should be noted that while plaintiff Sonia Fernandez alleges that she was discriminated against on both gender and racial lines; *see* Verified Complaint, ¶¶ 123-140; Plaintiff Pechner-James' allegations are confined to discrimination based on her gender. *See* Verified Complaint, ¶¶ 108-122.

issues all of which failed due to plaintiffs' dilatory tactics.[3]

5. Defendants' motion to compel requested that this Court issue an order compelling plaintiffs to produce the following documents: Plaintiff Fernandez's exam notes, treatment, diagnosis and prognosis medical records of Doctors Darlene Millman, Jason Merola, Christopher Harmon; of her PCP Ursula Kelly and social worker Judy Skolnick; and full and complete copies of any and all medical records complied by any hospital, doctor or other medical practitioner concerning their examination and treatment of the plaintiff from five years before September 15, 1995, the date the alleged incidents in the complaint began, until the present date. The motion also requested plaintiff Pechner James' exam notes, treatment, diagnosis and prognosis medical records of Doctors Eric Keroack, Barry and Elizabeth Miller; and Psychologist Susan Rudman; and full and complete copies of any and all medical records complied by any hospital, doctor or other medical practitioner concerning their examination and treatment of the plaintiff from five years before September 15, 1995, the date the alleged incidents in the complaint began, until the present date.

6. On October 6, 2005, Judge Sorokin held a hearing regarding the Defendants' Motion to Compel (Docket entry # 79). Several other motions filed by the other defendants in the case and that of the plaintiffs were heard on that same day.

7. Judge Sorokin allowed the Defendants' Motion to Compel and ordered plaintiffs' compliance by December 6, 2005.

8. On November 14, 2005 counsel for the defendants sent plaintiffs counsel a five page letter detailing the known missing documents, given the limited documents that the defendants possessed. (See letter attached as Exhibit A).

10. Defendants' counsel received a letter from Attorney Dilday dated December 5, 2005 attempting to comply with the Judge Sorokin's October 6, 2005 order. Plaintiffs produced photocopies of two Dr. Keroack reports (previously produced), a few pages of documents of irritable bowel syndrome reports, and reports related to an automobile accident of plaintiff Pechner-James. Plaintiff did not produce any of the ordered documents related to plaintiff Fernandez. (See letter attached as Exhibit B).

11. The undersigned defendants' counsel, responding to Attorney Dilday inadequate

---

[3]Defendants' Motion to Compel, Docket entry # 79, details the numerous attempts the defendants, over several months, to resolve the discovery issues with the plaintiffs prior to filing their motion to compel. The informal attempts to resolve the discovery issues were to no avail and necessitated this Court's intervention.

production, sent a letter dated December 6, 2005 to Attorney Dilday, seeking supplementation, information and plaintiffs' intent. (See letter attached as Exhibit C).

12. On December 7, 2005 defendants' counsel received a second letter from Attorney Dilday dated December 6, 2005 which appeared to be an attempt to comply with plaintiff Fernandez's documents response. Attached to said letter were only two 1 page documents from North Suffolk County Counseling Service. (See letter and documents attached as Exhibit D).

13. On December 8, 2005 defendants' counsel received a second letter from Attorney Dilday which responded to defendants' counsel's December 6, 2005. Attorney Dilday claimed he provided "all the records within our possession and under our control and would provide additional documents as soon as they become available, but indicated that if the Defendants found "the information inadequate that future request should identify why the information requested is admissible and why it is reasonably calculated to lead to admissible evidence." (See letter attached as Exhibit E).

14. The documents that were the subject of the Defendants' Motion to Compel Production of Documents have not been produced as ordered by this Court on October 6, 2005.

## II. ARGUMENT

The plaintiffs, by virtue of the various physical and emotional traumas claimed to have been visited upon them by the actions or omissions of the defendants, have squarely put in issue their physical, mental and emotional condition. (Verified Complaint ¶¶ 112, 140). This includes not only any purported traumas associated with the incidents themselves, but also, for purposes of impeachment and proper consideration of any pre-existing conditions or subsequent intervening events, their physical and mental condition for a discrete period prior to the incident as well as since the incident. *See* Fed.R.Civ.P. 26 (b) (1). The issue over these damages and the documents supporting them, which were not produced by the Plaintiffs, was the subject matter of the Defendants' Motion to Compel the Production of Documents (Docket Entry # 79) filed on

September 13, 2005 with the court. Judge Sorokin held a hearing on this motion on October 6, 2005 and allowed the Defendants' Motion to Compel, requiring the plaintiffs to produce numerous missing medical records, including the plaintiffs exam notes, treatment, diagnosis and prognosis records by December 6, 2005. The plaintiffs have failed to comply with the Court's order. The plaintiffs' "pattern of recalcitrance in violation of the court orders and rules of civil procedure" must result in this court imposing sanctions upon them. *Melo-Tone Vending, Inc. v. Sherry, Inc.*, 39 Mass. App. Ct. 315, 320 (1995). Fed.R.Civ.P. 37(b). The question then for the court is what is the appropriate sanction to impose.

In the case at bar, despite plaintiffs' filing a complaint and seeking five million dollars from the defendants, they have consistently failed to meet their discovery obligations. Moreover, since this Court's October 6, 2005 order compelling production of documents, it is now three months later (and nearly 30 days after the deadline) and plaintiffs' continue to flaunt the discovery process and the Court's order. Plaintiffs' counsel's December 7, 2005 letter (attached as Exhibit E) claims the plaintiffs have produced all the documents in their possession and control, but then states he "will produce additional documents as soon as they become available."[4] The plaintiffs have had greater than two years to compile the requested records which they believe supports their claim for damages, but they have not done so, despite a court order compelling such.

---

[4]Plaintiffs' letter offers additional vague and nonsensical reasons for their lack of compliance with this Court. At one point, plaintiffs' letter asserts that defense counsel must prove document by document that the requested documents are admissible for the plaintiffs to produce them. Plaintiffs either misunderstand the discovery process, or continue to persist in dilatory tactic to the defendants' detriment. Either way, it is clear and more important to note plaintiffs' lack of regard for fairness in the legal process and their stark disregard for this Court's orders.

The plaintiffs have flouted this Court's order and it is settle law that they do so at their own peril. *Torres-Vargas v. Pereira*, 2005 WL 3454686, at *4 (1st Cir.(Puerto Rico)), citing *Rosario-Diaz v. Gonzales*, 140 F. 3d 312, 315 (1st Cir. 1998). In cases of extreme misconduct the federal courts have held that it is not an abuse of discretion to dismiss a plaintiff's complaint. *Id.* Using dismissal as a sanction in such a case recognizes the court's strong interest in "maintaining discipline and husbanding scarce judicial resources." *Id.* The disregard of the court's order by the plaintiffs is the type of extreme misconduct that justifies this court to sanction them by dismissing the complaint against the defendants. Such "a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example." *Id.*, See *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). In *Torres-Vargas v. Pereira*, the court found there was no abuse of discretion by the lower court judge by using dismissal as a sanction where the plaintiff failed to comply with deadlines mandated by the Civil Rules, even after deadlines were voluntarily extended by the defendants, misrepresented that he had fully complied with the discovery request while never fully meeting his responsibilities for document production and failed to obey the court's order to produce the discovery by a date certain. Like the *Torres-Vargas* trial judge, Judge Sorokin forewarned the plaintiffs during the October 6, 2005 hearing that they were to comply with the court's order to produce the documents or face stiff sanctions.[5] Plaintiffs' defiance exhibited throughout the discovery process and defiance of the court's order has prejudiced the defendants'

---

[5] At that court hearing date, defendants' presented the Court with a request for costs accompanying their Motion to Compel, but the Court, using its discretion, reserved on issuing sanctions at that time and granted plaintiffs an additional 60 days for complete compliance. By the filing of the instant motion for sanctions, this court has the discretion to dismiss the case for plaintiffs' failures.

ability to prepare a defense, delayed the taking of the Plaintiffs' depositions on several occasions and caused delays in the case's progression, including the retention of expert witnesses and determining desired deponents, not to mention the undue litigation expenditures with no satisfaction. Since the plaintiffs actions here have risen to the level of extreme misconduct, the court need not exhaust less toxic sanctions before dismissing a case with prejudice. *Torres-Vargas v. Pereira*, 2005 WL 3454686, at *4 (1st Cir.(Puerto Rico)), See *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003) ( a finding of bad faith is not a condition precedent to imposing a sanction of dismissal). It is well within the Court's authority to dismiss plaintiffs' case with prejudice given plaintiffs' defiance with orders of the court. *Torres-Vargas v. Pereira*, 2005 WL 3454686, at *4 (1st Cir.(Puerto Rico)).

In addition, the defendants further move this court, pursuant to Fed. R. Civ. P. 37 (b)(2), to order plaintiff to pay defendants' reasonable expenses, including attorney's fees, incurred in the preparation and presentation of the Motions for Sanctions (2), the earlier Motion to Compel, attendance at Court proceedings, and the multiple earlier efforts to produce an informal remedy through good faith effort and cooperation in the spirit of the Federal Rules of Civil Procedure. Given plaintiffs' actions and the resultant unnecessary work by defendants' counsel, the defendant suggest a reasonable award of one thousand ($2,500.00) dollars as attested to by the attached affidavit of Attorney John K. Vigliotti as Exhibit F.

WHEREFORE, the defendants request that this Honorable Court sanction the plaintiffs by dismissing the case and awarding them their expenses, including attorneys' fees and whatever other sanction deemed just.

> Defendants Bernard Foster, Salvatore
> Santoro, Roy Colannino, Frederick
> Roland, Thomas Doherty, John Nelson, James
> Russo, Michael Murphy and Steven Ford,
> By their attorneys,
>
> /s/ John K. Vigliotti
> Michael J. Akerson
> BBO#: 558565
> John K. Vigliotti
> BBO#: 642337
> REARDON, JOYCE & AKERSON, P.C.
> 397 Grove Street
> Worcester, MA 01605
> (508) 754-7285

Dated: January 4, 2006

## CERTIFICATE OF SERVICE

I, John K. Vigliotti, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of January, 2006.

> /s/ John K. Vigliotti
> John K. Vigliotti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and<br>SONIA FERNANDEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO,<br>Mayor, CITY OF REVERE POLICE<br>DEPARTMENT, TERRENCE REARDON,<br>Chief, BERNARD FOSTER, SALVATORE<br>SANTORO, ROY COLANNINO, FREDERICK<br>ROLAND, THOMAS DOHERTY, JOHN<br>NELSON, JAMES RUSSO, MICHAEL<br>MURPHY and STEVEN FORD,<br><br>    Defendants. | C.A. No.: 03-12499MLW |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Now comes counsel for Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford, (hereinafter "Defendants") and hereby certifies that a good faith attempt to resolve or narrow the issue(s) presented by this **MOTION FOR SANCTIONS AND FOR AWARD OF EXPENSES** has been made pursuant to Local Rule 7.1 of the District Court.

                                                                               /s/ John K. Vigliotti
                                                                               John K. Vigliotti