# EXHIBIT E

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

December 7, 2005

John K. Vigliotti, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

Re: Pechner-James et al v City of Revere et al.

Dear Attorney Vigliotti,

The purpose of this letter is to respond to your correspondence dated December 6, 2005. This office provided a detailed response to your detailed request. We provided a response from Terri Pechner-James and a separate response from Sonia Fernandez. You made eleven requests from Terri Pechner-James. We provided you with all the records within our possession and under our control from Dr. Keroack and Dr Susan P. Rudman. We will provide additional documents as soon as they become available.

We are requesting your assistance in getting the records from Dr. Barry of Stoneham, MA. He was the psychologist who worked for the City of Revere. Both Plaintiffs were sent to meet with Dr. Barry by the City. He has records that can be helpful to the Plaintiffs and that would satisfy your request. The Plaintiffs have so far been unable to obtain those records. We provided the records from Dr. Elizabeth Miller that we have in our possession and under our control. The Plaintiff's primary care physician was Dr. Wald and we have provided you with extensive records from her.

We provided the report from Dr. Pietro Andres which addressed the hypothyroidism issue raised in your Request No.8. We provided detailed information and records on the MVA with "rib fracture" that you requested in No.9. Neither the motor vehicle accident nor the "rib fracture" have any relationship to the hostile work environment/sexual harassment or any of the Plaintiff's causes of action. We have nevertheless provided a detailed answer to your Request No.9.

We have provided you with all the documents we have concerning the ovarian cyst that your requested in No 10. Plaintiff makes no claim that this condition is related to any of her causes of action. It is not clear that a gynecological referral was made or to whom that referral was made.

It is unclear why you find all the responses made, to date, inadequate. Unlike the Defendant, City of Revere, we have not objected to your discovery requests and we have

provided you with all the information in our possession and under our control. If, however, you continue to find our responses "inadequate", it may be because you are seeking information that is either inadmissible or not reasonably calculated to lead to the discovery of admissible evidence. This kind of information is not discoverable.

Although you have not yet responded to our submissions on Sonia Fernandez, I am certain you will also find those responses "inadequate." We have provided you with all the information that is under our custody and within our control. Some of the information you requested, for example, Nos, 1,8,13 are not in our custody and not under our control; they are also no longer within the statutory preservation period of the medical profession.

We will send you copies of the PERAC submissions and the documents we stated we would send to you in our cover letters. However, if you find the latest information inadequate, your future requests should identify why the information requested is admissible and why it is reasonably calculated to lead to admissible evidence.

Conclusion:

The Plaintiffs are seeking a legal remedy for hostile work environment/sexual harassment which occurred between 1995 and the present. All discovery should be admissible on one of the counts raised in the Plaintiffs complaint. For example, automobile accidents have no relevance. The Plaintiffs have alleged that the Defendants injured them through a hostile work environment and the deliberate indifference of its policymakers, not automobile accidents. We have nonetheless provided you with detailed information that we had on the MVA you identified. We hope that his letter resolves the dispute over the records and documents pursuant to Rule 7.1.

Sincerely,

*James S. Dilday*
James S. Dilday, Esq.