UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>     Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>     Defendants, | C.A. No. 03-12499-MLW |

## DEFENDANT, CITY OF REVERE'S, MOTION FOR DISCOVERY SANCTIONS

Now comes Defendant, City of Revere, and hereby submits its motion for discovery sanctions pursuant to Federal Rules of Civil Procedure, Rule 37(b)(2).

### Pre-filing Compliance

As set forth in the Affidavit of Walter H. Porr, Jr. (Porr Affidavit), filed concurrently herewith, all pre-filing requirements that the parties meet and confer prior to the filing of the instant motion imposed pursuant to Federal Rules of Civil Procedure, Rule 37(a)(2)(A), and Local Rules 37.1 and 7.1, have been exhausted.

### Background

On March 24, 2005, the Court approved the party's stipulation regarding interrogatories propounded to the Plaintiffs (see Docket # 31). Despite this stipulation, Plaintiffs refused to answer the interrogatories, thereby necessitating the filing of a motion to compel (see Docket #'s 46-48). On October 6, 2005, the Court granted the motion to compel, ordering the Plaintiffs to

answer the interrogatories by December 6, 2005 (see Docket # 87). Despite an excess of eight (8) months within which to formulate their answers, Plaintiffs' interrogatory answers were substantially deficient, thereby necessitating another meet and confer effort. Porr Affidavit. This effort failed when Plaintiffs' counsel was not available to confer at the agreed upon date and time and failed to call after missing the agreed upon conference. Porr Affidavit. Hence, this moving Defendant is before the Court seeking sanctions for Plaintiffs failures to abide by the Court order of October 6, 2005, their failure to answer the interrogatories in question and their counsel's failure meet and confer regarding same.

## Sanctions Are Clearly Appropriate

The Plaintiffs stipulated to answer the interrogatories in question then, despite that Court approved stipulation, refused to answer them. They were then ordered to answer the interrogatories by the Court, yet in many cases failed to do so. Porr Affidavit. Finally, Plaintiffs' counsel failed to meet and confer. Porr Affidavit. Under such circumstances, sanctions are clearly appropriate under Rule 37(b)(2).

## Sanctions Requested

A.  **Dismissal Sanction:**

Pursuant to Federal Rules of Civil Procedure, Rule 41(b) "a defendant may move for dismissal of an action or of any claim against the defendant" "[f]or failure of the plaintiff to . . . comply with these rules or any order of court." ". . . Rule 41(b) dismissals [are reviewed] for abuse of discretion (citation omitted), . . . under the 'open-ended balancing test' appropriate in these matters, Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. 1990). *Pinero Capo v. United States*, 7 F.3d 283, 284 (1st Cir. 1993).

"Absent an abuse of discretion, this court may not disturb a district court's dismissal of an action for failure of the plaintiff to comply with court orders. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976). A plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering an order of dismissal under Rule 37. Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983). [¶] . . . it is well settled that the question on review is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did. National Hockey League v. Metropolitan Hockey Club, 427 U.S. at 642." *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535, 537 (1st Cir. 1988).

1. The Open-Ended Balancing Test.

"In assaying the trial judge's actions, we consider 'all pertinent circumstances,' Richman, 437 F.2d at 199, and balance 'the power of the court to prevent undue delays . . . [with] the policy of the law favoring the disposition of cases on the merits.' Id. n13  Some of our sister circuits have erected what seems to be a higher threshold for dismissals under Rule 41(b). See, e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (requiring "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice") (quoting Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980)). See also Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983) (similar). Although we prefer our open-ended balancing test over a more formulary approach, and continue to adhere to it, we note in passing that Parque's conduct in the case at bar was so appalling as to justify dismissal even under the more rigid Goforth standard. *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 917 (1st Cir. 1988).

2.     Application in the Instant Case.

Standing alone, Plaintiffs' conduct, and that of their counsel, vis-à-vis their interrogatory responses would warrant dismissal. "In these egregious circumstances, we must heed our own admonition and 'the teaching of the Court in Link v. Wabash Railroad Co., 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962), that the acts or omissions of counsel are visited upon the client[,]' United States v. One Lot of $ 25,721.00 in Currency, 938 F.2d 1417, 1422 (1st Cir. 1991); see also Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826, 74 L. Ed. 2d 63, 103 S. Ct. 60 (1982)." *Pinero Capo v. United States*, 7 F.3d 283, 285 (1st Cir. 1993).

But Plaintiffs' interrogatory failures do not stand alone. In addition to their failure to respond in a proper and timely manner to Defendant's interrogatories, they have also refused to produce their relevant medical records. In both instances, repeated motions for relief and nearly a year's worth of delay have been involved.

Under the circumstances, these compound failures merit the sanction of dismissal. See the Motion for Sanctions of the named officer defendants filed herein on January 4, 2006 (Docket # 100).

B.    **<u>Monetary Sanction</u>:**

Both subsections (a)(4)(A) and (b)(2) of Fed.R.Civ.P. Rule 37 provide for monetary sanctions under the present circumstances. This moving Defendant seeks sanctions in the amount of $4,850.00. Porr Affidavit.

C.  **Alternative Sanctions:**

1.  Issue and Evidentiary Sanctions.

Defendants are entitled to an issue and evidentiary sanction precluding Plaintiff from introducing any evidence or introducing any testimony related to the deficient interrogatory responses identified and attached to the Porr Affidavit.

2.  Full and Complete Answers.

Defendants are entitled to full, complete and responsive answers to the designated interrogatories. Porr Affidavit. Such answers must be provided forthwith and without any further delay or obfuscation.

                                                  For the Defendant, City of Revere,
By its Attorney,

_____
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: January 9, 2006

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Supplemental Production Response, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorney for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: January 9, 2006