UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

I, Walter H. Porr, Jr., do hereby depose and state:

    1.    I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Chief of Police Terence Reardon in this action. I was responsible for the preparation and service of the interrogatories propounded by the City of Revere to both Plaintiffs.

    2.    On December 7, 2005, I received Plaintiff, Sonia Fernandez's, Answers to Defendant, City of Revere's, Interrogatories. A true and accurate copy of these answers are attached hereto as Exhibit "A". On December 8, 2005, I received Plaintiff, Terri Pechner James', Answers to Defendant, City of Revere's, Interrogatories. A true and accurate copy of these answers are attached hereto as Exhibit "B".

    3.    On December 13, 2005, I began reviewing the interrogatory answers of Plaintiff, Sonia Fernandez, and immediately realized that there were substantial and significant deficiencies in the answers and I determined to keep an actual record of my time reviewing and analyzing these answers, and the answers of Plaintiff, Terri Pechner James. On December 13, 2005, I spent 1 hour reviewing the answers of Plaintiff, Sonia Fernandez. On December 14, 2005, I spent an additional 5.4 hours reviewing the answers of Plaintiff, Sonia Fernandez, and preparing the analysis required by Local Rule 37(B)(4) & (5). On December 15,

2005, I spent 0.2 hours preparing and causing to be mailed to Attorney James Dilday a cover letter and a copy of the Local Rule 37(B)(4) & (5) analysis of the deficiencies in Plaintiff, Sonia Fernandez's, interrogatory answers. A true and accurate copy of said letter and analysis is attached hereto as Exhibit "C".

4.   On December 15, 2005, I spent 6.5 hours reviewing the answers of Plaintiff, Terri Pechner James, and beginning the preparation of the analysis required by Local Rule 37(B)(4) & (5). On December 16, 2005, I spent an additional 1.6 hours completing my review of the answers of Plaintiff, Terri Pechner James, my preparation of the analysis required by Local Rule 37(B)(4) & (5), and the preparation and mailing to Attorney James Dilday of a cover letter and a copy of the Local Rule 37(B)(4) & (5) analysis of the deficiencies in Plaintiff, Terri Pechner James', interrogatory answers. A true and accurate copy of said letter and analysis is attached hereto as Exhibit "D".

5.   On December 21, 2005, I received a letter from Attorney Dilday responding to my letters of December 15 & 16, 2005, regarding our obligation to meet and confer concerning the outstanding discovery issues reflected by the analysis of the interrogatory answers attached to said letters. A true and accurate copy of said letter is attached hereto as Exhibit "E". I immediately responded to Attorney Dilday's letter with a letter dated December 21, 2005, asking him to call me to arrange a telephonic conference regarding the outstanding discovery issues. A true and accurate copy of said letter is attached hereto as Exhibit "F". I spent 0.3 hours completing the foregoing tasks.

6.   On December 23, 2005, Attorney Dilday called me regarding my letter of December 21, 2005, and we agreed upon a telephonic conference date of Thursday, January 5, 2006, at 10:00 a.m. On Thursday, January 5, 2006, at 10:00 a.m., I called Attorney Dilday's office only to be informed that he was in court for an arraignment scheduled for 9:00 a.m. and that he would call me upon his return to the office. I received no call from Attorney Dilday that day. On Friday, January 6, 2006, I began the preparation of the motion for sanctions which this Affidavit supports. I spent 1 hour beginning to draft the motion. At 2:04 p.m. on January 6, 2006, after the City Solicitior's office had closed, a voice mail message was left for me by someone from Attorney Dilday's office indicating that he had a doctor's appointment and would not be able to call me that day, but that he would call on Monday, January 9, 2006. On Monday, January 9, 2006, I completed to motion for sanctions, including conducting on-line legal research related thereto and preparing this Affidavit. I spent 1.4 hours completing these tasks.

7.   I was first licensed to practice law in the State of California and the United States District Court for the Eastern District of California on December 7, 1988. I was subsequently licensed to appear before the Ninth Circuit Court of Appeals, the United States Supreme Court and the United States District Court for the Central District of California. On January 29, 2004, I was licensed to practice law in the Commonwealth of Massachusetts and the First Circuit Court of Appeals.

On February 25, 2004, I was licensed to practice before the United States District Court for the District of Massachusetts.

8.  Since late 1990, I have continuously been involved in the trial and/or appellate litigation of claims in the federal district and appellate courts. I have tried over 15 cases to verdict in the Eastern District of California (the majority of which were jury trials) and have defended approximately six cases in the Ninth Circuit Court of Appeals, two of which required oral argument. I have tried to verdict and defended on appeal a similar number of cases in state court. The majority of my trial experience was gained in my capacity as a Deputy City Attorney for the City of Bakersfield, California from December 16, 1990 to January 3, 2003.

9.  I appeared as counsel for the City of Revere in the case entitled Falta v. City of Revere, Case No. 03-10065-RWZ, and was instrumental in the settlement of that case during the pre-trial conference in January 2005 before Judge Rya Zobel. I also successfully defended a felony criminal case in a jury trial in the Newton District Court for a private client in January of 2005.

10.  From 2004 to the present, I have both maintained a private practice of law in the Boston area and, as of December 2004, worked for the City of Revere as an Assistant City Solicitor. I have been a member of the City Solicitors and Town Counsel Association since the spring of 2004. Based upon my own practice of law, my interaction with other practitioners in the greater Boston area and the CSTCA, my review of outside counsel agreements for the City of Revere and my general knowledge of the local legal community, it is my opinion that an hourly rate of $250.00 per hour is reasonable for an attorney with over 17 years of trial and appellate experience in federal court.

11.  I have spent 17.4 hours preparing the precursor discovery motion documents required by Local Rule 37.1, the related correspondence, the instant motion and this affidavit in support thereof. I anticipate that appearing for the hearing on the instant motion will involve at least 2 additional hours of my time to travel to and from the courthouse and to appear and argue the motion. Accordingly, I am seeking attorney's fees in the amount of $4,850.00 (19.4 hours x $250.00/hour).

Signed under the pains and penalties of perjury this _9TH_ day of January, 2006.

Respectfully submitted,

Walter H. Porr, Jr.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Affidavit of Walter H. Porr, Jr., in Support of Defendants' Motion for Sanctions, to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

| | |
|---|---|
| James S. Dilday, Esq.<br>Carlton J. Dasent, Esq.<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Atttorneys for the Plaintiffs | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford |

_____
Walter H. Porr, Jr.,

Dated: January 9, 2006