# EXHIBIT B

31.     **IDENTIFY** the "mostly male officers" referred to in paragraph 30 of your **COMPLAINT**.

Answer:     The mostly male officers referred to in paragraph 30 were all members of the Revere Police Department.

Argument:     The answer is non-responsive.  Paragraph 30 alleges in part that "Lieutenant Foster called Plaintiff at home and ordered her back to the Station.  When she arrived, he berated her and demeaned her in the presence of the entire shift of mostly male officers."  It should go without saying that the "mostly male officers" referred to in paragraph 30 of the complaint were obviously Revere Police Officers.  The question is who, among those officers, is Plaintiff referring to?  Defendants are entitled to a full and complete answer to this question.

~~36.     **IDENTIFY** the "male officer who turned on the television" as set forth in paragraph 33 of your **COMPLAINT**.~~

~~Answer:     The officers from the previous shift turned on the television.  The television usually stayed on, it was unusual for it to be turned off.~~

~~Argument:     The answer is non-responsive.  Paragraph 33 alleges "On or about August 13, 1999, Plaintiff was working in the radio room.  She experienced disparate treatment.  A male officer turned on the television.  The Lieutenant on duty did not reprimand him or ask him to turn off the television.  Lieutenant Foster had previously ordered the plaintiff not to watch the same television."  The only fair and reasonable interpretation of this allegation is that Plaintiff knows who the "male officer who turned on the television" is.  Defendants are entitled to a full and complete answer to this question.~~

42.     **STATE THE BASIS** for your allegation that the incident described in paragraphs 35-41 of your complaint "affected members of the Revere Police Department who became aware of the rumor" as set forth in paragraph 42 of your **COMPLAINT**.

Answer:     Public use (sic) if the Plaintiff's history is a violation of the sexual harassment Policy now in tense (sic) at the Revere Police Department.  The Policy was not in an (sic) existence at the time of the incident described in paragraph 35-41 of the Plaintiff's complaint accord. (sic)  Sexual harassment diminished the Plaintiff and other female members of the Revere Police Department.

Argument:     The answer is both non-responsive and incomprehensible.  Paragraph 42 alleges "Plaintiff reported the incident to Captain Roland [the incident described in paragraphs 35-41].  Lieutenant Santoro's conduct diminished the stature of the Plaintiff.  It undermined her effectiveness.  The rumor affected the prisoner to whom it was made.  It affected the prisoner who overheard the remark.  It affected members of the Revere Police Department who became aware of the rumor."  The interrogatory clearly seeks the factual basis for Plaintiff's allegation that the incident involving Lieutenant Santoro "affected members of the Revere Police Department."  Defendants are entitled to a full and complete answer to this question.

46.     State the exact date, time and location, or the closest approximation you have thereof, for each occasion upon which you heard Lieutenant Santoro "remark[] about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

<u>Answer</u>:     The remarks by Lt. Santoro were made at the Revere Police Station.

<u>Argument</u>:     The answer is only partially responsive.  Defendants are entitled to know the dates and times when Plaintiff allegedly heard Lieutenant Santoro make the remarks in question.

47.     For each incident identified in response to Interrogatory No. 46, state the substance of Lieutenant Santoro's "remark[] about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

<u>Answer</u>:     The meaning of the term "substance" is not clear.  Paragraph 43 of the Plaintiff (sic) is clear on its face.

<u>Argument</u>:     The answer is non-responsive.  The meaning of the term "substance" in this context can not seriously be in dispute.  Defendants are entitled to know what Lieutenant Santoro allegedly said each time he made the alleged remarks.

48.     For each incident identified in response to Interrogatory No. 46, **IDENTIFY** all witnesses to Lieutenant Santoro's "remarks about the length and size of his penis" as set forth in paragraph 43 of your **COMPLAINT**.

<u>Answer</u>:     Lt. Santoro's conduct is a violation of the present sexual harassment policy of the City of Revere. At the time the remark were (sic) made, the defendant had no sexual harassment policy.  The Department was made aware of the incident by reports dated December 12, 1998 and January 14, 1999.  It has had a duty to investigate since April 1, 1999.  The policymakers of the City of Revere, despite the physical existence of a sexual harassment policy after April 1, 1999 have not created a mechanism by which Lt. Santoro's remarks could have been investigated and remedial action taken.

<u>Argument</u>:     The answer is non-responsive.  Defendants are entitled to know the names of all persons who witnessed (i.e., heard) the remarks allegedly made by Lieutenant Santoro. Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.

49.     **IDENTIFY** the "female officers in the Department" about whom Lieutenant Santoro "made disparaging comments" concerning their bodies as set forth in paragraph 43 of your **COMPLAINT**.

<u>Answer</u>:     Making disparaging remarks and sexual comments about female Officers violates the current sexual harassment Policy of the Revere Police Department.  For the first four years of the Plaintiff's employment, neither the Plaintiff nor fellow female officers were able to make complaints, pursue investigations or get redress.

Argument:   The answer is non responsive.  Defendants are entitled to know who Lieutenant Santoro was allegedly making the disparaging remarks about.  Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.

50.   **IDENTIFY** the "disparaging comments" Lieutenant Santoro allegedly made concerning the bodies of the "female officers in the Department" as set forth in paragraph 43 of your **COMPLAINT**.

Answer:   The Defendants now have a sexual harassment policy but at the time of the events enumerated in paragraph 43 the Department's (sic) had no policy for redress of sexual harassment for investigating such incidents.  This policy or (sic) deliberate indifference (sic) environment in which Lt. Santoro made the remarks that injured the plaintiff.  The Plaintiff and other female officers mentioned Lt Santoro's disparaging remarks during the January 7, 1999 meeting.  There was no mechanism for them to pursue complaints or investigations of this treatment prior to that meeting.  This policy of deliberate indifference caused the officers affected to be unwilling to risk public identification of such conduct by a superior officer.

Argument:   The answer is non responsive.  Defendants are entitled to know what Lieutenant Santoro allegedly said that was disparaging.  Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.

51.   **STATE THE BASIS** for your allegation that "on several occasions [you] and other female officers complained to Lieutenant Santoro about the sexually offensive remarks made by other male officers" as set forth in paragraph 44 of your **COMPLAINT**.

Answer:   The Revere Police Department Sexual Harassment Reports attached to Plaintiff's complaint as exhibits C & D document the events of paragraph 44.  At the time of those events the Department had no sexual harassment policy.  Investigation on report to Mayor or City Council (sic).  This environment combined with the deliberate indifference of the Mayor and City Council caused the Plaintiff's injury and provided no avenue of redress.

Argument:   The answer in non responsive and incomprehensible.  Defendants are entitled to know the factual basis for the allegations set forth in paragraph 44.  Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.

52.   **IDENTIFY** the "other female officers" to whom you are referring in paragraph 44 of your **COMPLAINT**.

Answer:   There were seven females including the Plaintiff's (sic) who joined the Revere Police Department on September 15, 1995.  They experienced the hostile work environment created by the deliberate indifference of the policymaker of the City of Revere, Mayor and City Council.

Argument:   The answer in non responsive and/or ambiguous.  If Plaintiff means to answer by asserting that all six of the other females are the other females to whom she is referring in paragraph 44, then Defendants are entitled to a clear statement to that effect.  If it is some group

~~less than all six, then the individuals who make up the group need to be identified. Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.~~

54.     State the exact date, time and location, or the closest approximation you have thereof, for each occasion upon which you heard "other male officers" make "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

Answer:     Sexually offensive remarks created a hostile work environment even if they were not aimed directly at the Plaintiff's. These remarks are now a violation of the present sexual harassment policy. At the time the Defendants made those remarks and engaged in the offending conduct, the defendants only (sic) had no sexual harassment policy. The Plaintiff experienced a hostile work environment created (sic) the actions and the remarks of Defendants and the deliberate indifference of the policymakers of the City of Revere.

Argument:     The answer is non-responsive. Defendants are entitled to know the dates and times of the events alleged in paragraph 44 of the complaint. Furthermore, Plaintiff's "Policy diatribe" is fatuous and has no place in her response and must be stricken there from.

56.     For each incident identified in response to Interrogatory No. 54, **IDENTIFY** all witnesses to the "sexually offensive remarks" as set forth in paragraph 44 of your **COMPLAINT**.

Answer:     Sexually offensive remarks affect not only witnesses but members of the Department who are part of the environment.

Argument:     The answer is non-responsive. Defendants are entitled to know the names of the witnesses to the events alleged in paragraph 44 of the complaint.

58.     **IDENTIFY** the person who "instructed [you] to prepare warrants for the arrest of Christopher Daley" as set forth in paragraph 45 of your **COMPLAINT**.

Answer:     Christopher Delay (sic) was arrested on outstanding warrants by Detective Brian Goodwin on March 13, 2001.

Argument:     The answer is non-responsive. Plaintiff alleges she was instructed to prepare the warrant in question. The interrogatory seeks the name of the person who so instructed her. If it was Detective Goodwin, then the answer needs to state that unambiguously.

~~60.     **STATE THE BASIS** for your allegation that "other ranking officers contributed to the climate of sexual innuendo and hostility that permeated the work environment in the Revere Police Department" as set forth in paragraph 47 of your **COMPLAINT**.~~

~~Answer:     The supervisors who contributed to the climate of sexual hostility that permeated the work of the Revere Police Department are named in Plaintiff's complaint. Defendants Doherty, Nelson, Santoro, Russo, Foster, Murphy, Ford and Colannino.~~

4

~~Argument:   The answer is non responsive. It appears that this should be the answer to interrogatory no. 61, which, as set forth below, is also subject to amendment or supplementation. In any event, Defendants are entitled to know the factual basis for the allegation as made.~~

~~61.   **IDENTIFY** the "other ranking officers" who allegedly "contributed to the climate of sexual innuendo and hostility that permeated the work environment in the Revere Police Department" as set forth in paragraph 47 of your **COMPLAINT**.~~

~~Answer:   The other ranking officers the (sic) named as defendants in this case.~~

~~Argument:   The answer is non-responsive. As noted immediately above, it appears that the answer to this interrogatory was given in response to interrogatory no. 60. In any event, the Mayor is a named Defendant in this case, but was/is not a "ranking officer" of the Police Department. Also, the context of paragraph 47 differentiates Lieutenant Santoro from the "other ranking officers." Thus, simply referring to the named defendants is non-responsive. Defendants are entitled to a full and complete answer to the interrogatory.~~

62.   **IDENTIFY** the "relevant times" to which you are referring in paragraph 48 of your **COMPLAINT**.

Answer:   The relevant times include the times during which the Plaintiff was an employee of the Revere Police Department, September 21, 1995 to the date of the award of her retirement disability and to the present for the purposes of deliberate indifference to sexual harassment and maternity leave policies.

Argument:   The answer is non-responsive. Paragraph 48 alleges "At all relevant times, Roy Colannino held the title of Captain and Acting Chief of Police of the Revere Police Department. Frederick Roland held the title of Captain in the Revere Police Department." The interrogatory seeks a clarification of precisely which "times" Plaintiff is referring to since the complaint itself acknowledges that James Russo was also Chief of the Revere Police Department at some relevant times. See paragraphs 9, 65-69, 104 and 109. Moreover, Captain Roland also served as the Acting Chief for a period of time. Finally, Chief Reardon was appointed in January of 2002. Thus, the allegation of paragraph 48 necessitated clarification through an appropriate interrogatory. Defendants are entitled to a full and complete answer to this interrogatory.

63.   State the exact date, time and location, or the closest approximation you have thereof, for you meeting with the Mayor as set forth in paragraph 49 of your **COMPLAINT**.

Answer:   On April 17, 2001, at 2:00 pm the Plaintiff had a meeting with Mayor Ambrosino. She discussed her complaint to the Massachusetts Commission Against Discrimination. The Plaintiff handed the Mayor a letter regarding her return to work. She informed him of the instances of sexual harassment that she has experienced. She discussed the incident with Lt. Santoro and Detective Goodwin. She requested a paid leave of absence from him. Mayor Ambrosino told the Plaintiff that he could not give an answer at that time but it more (sic) probable that (sic) not he would be able to give paid leave. The mayor explained that he had no faith in the administration as the police department. He advised the Plaintiff to let the

5

Massachusetts Commission Against discrimination (sic) handle the case. Mayor Ambrosino acknowledged by his response that although a sexual harassment policy had been published since April 1, 1999, he was still pursuing the policies of Mayor Haas and their predecessors. He recommended the Plaintiff to the MCAD because as policymakers, neither he nor the City Council had created a mechanism to ensure a workplace free from sexual harassment.

Argument:    Only the first sentence of the answer is responsive. The remaining diatribe is non-responsive and should be stricken. Interrogatories are not invitations for ad hominem diatribes.

64.    State the exact date, time and location, or the closest approximation you have thereof, for you (sic) meeting with Captain Roland as set forth in paragraph 49 of your **COMPLAINT**.

Answer:    On April 26, 2001, at 12:30 pm Plaintiff entered the rear of the police station where Captain Roland was just entering his vehicle with the chiefs (sic) secretary, Connie Anderson. Ms. Anderson stated: "Oh Terri, I have the letter that the chief wanted you to have, you need to sign it." The Plaintiff and Ms. Anderson went into the station and retrieved the letter. After retrieving the letter, the Plaintiff also asked Captain Roland if she could speak with him. The Plaintiff asked Captain Roland for a copy of the letter Christopher Daley wrote in regards to the events of March 13, 2001. Captain Roland replied that he knew nothing about any investigation or letter, he told her that she would have to speak with Captain Gerald Chaulk. The Plaintiff asked again for the letter. Captain Roland replied: No. Walked away. On October 11, 2001, the Plaintiff sent a letter to Captain Roland requesting an appointment to be examined by the City of Revere's doctor. She also requested information on her sexual harassment complaint. On October 24, 2001, Captain Roland sent a letter in response to her request. On September 5, 2001, (sic ??) the Plaintiff again requested from Captain Roland any and all information that pertained to the investigation of her sexual harassment complaint based on the events of March 13, 2001. Captain Roland was acting chief of police at the time. She received no response. The way in which the Revere Police Department handled the Plaintiff's complaint is the direct consequence of the deliberate indifference and the failure of the policymakers of the City of Revere to establish policies and procedures for the proper investigation of sexual harassment complaints.

Argument:    Only the first sentence of the answer appears to be responsive. However, the chronology of events which follows confuses the issue. It appears that this rambling discourse is non-responsive and should be stricken. Moreover, Plaintiff's policy diatribe which concludes the answer is similarly non-responsive and must be stricken.

68.    ~~**STATE THE BASIS** for your allegation that the "decision [to offer you and Sonia Fernandez leaves of absence without pay] constituted disparate treatment" as set forth in paragraph 49 of your **COMPLAINT**.~~

~~Answer:    The defendants have offered disabled members of the Revere Police Department leave with pay. The decision to deny leave without pay to these female officers who applied is a demonstration of disparate treatment. Historically, there were no women in the department to apply for leave with pay.~~

6

~~Argument:  The answer is non responsive and incomprehensible.  Merely restating the allegation is not an answer.  Defendants are entitled to know the factual basis for the allegation itself.  Thus, Defendants are entitled to a full and complete response.~~

70.     **STATE THE BASIS** for your allegation that the "denial of leaves of absence with pay was not an isolated act of disparate treatment" as set forth in paragraph 50 of your **COMPLAINT**.

Answer:     The defendant had a policy in place that denied leave with pay for purely psychological injuries such as Post Traumatic Stress Disorder.

Argument:    The answer is non-responsive and incomprehensible.  The allegation asserts that the complained of conduct "was not an isolated act of disparate treatment."  Defendants are entitled to know the factual basis for the allegation itself.  The fact, if it is one, that purely psychological injuries did not merit leave with pay does not respond to the allegation that the conduct was not isolated, meaning and/or implying that it was regular, ongoing or commonplace.  Thus, Defendants are entitled to a full and complete response.

~~71.    **STATE THE BASIS** for your allegation that "for many years [ ] these superior officers practiced a double standard on (sic) their dealings with [you] and other female officers" as set forth in paragraph 50 of your **COMPLAINT**.~~

~~Answer:     The female officer who joined the Revere Police Department on September 21, 1995 experienced discrimination from the supervisor named in the Plaintiffs (sic) complaint.  The Plaintiff and Kathy Fish filed complaints with the Massachusetts Commission Against Discrimination to document their experiences.  The male officers had locker rooms and toilet facilities.  The Department was ordered by the Commonwealth to provide toilet facilities for female officers. It did not. The Department had no maternity leave policy during the period of Plaintiff's employment. It still may not.~~

~~Argument:    The answer is non responsive.  The allegation concerns an alleged double standard that allegedly existed over many years.  The interrogatory seeks the factual basis for the allegation.  The answer fails to respond to the interrogatory as framed.~~

~~72.    **IDENTIFY** the "superior officers" to whom you are referring in paragraph 50 of your **COMPLAINT**.~~

~~Answer:     The superior officers referred to in paragraph 58 are named as Defendants in the case.~~

~~Argument:    The answer is non responsive.  The Mayor is a named Defendant, but is not a superior officer of the Police Department.  Simply stating the Defendants in the case evades answering the question.  Moreover, the events alleged in the complaint do not support a claim that each and every superior officer named in the case employed a double standard.  Defendants are entitled to a full and complete answer.~~

74. ~~Describe in detail each and every act of "disparate treatment" to which you are alluding in paragraph 50 of your **COMPLAINT**.~~

~~Answer:    Disparate treatment is the experience at the heart of discrimination, sexual harassment and other negative experiences on which the Plaintiffs Complaint is based.~~

~~Argument:   The answer is non responsive. Discoursing on the nature of discrimination does not answer a question which asks for a detailed statement concerning each alleged act of a particular form of discrimination, in this case, disparate treatment. Paragraph 50 alleges "The denial of leaves with pay was not an isolated act of disparate treatment. The Plaintiffs experienced for many years that these superior officers practiced a double standard on their dealings with the Plaintiffs and other female officers." The interrogatory seeks an identification of each act of disparate treatment (double standard) to which the Plaintiff is referring in this paragraph of the complaint. Defendants are entitled to a full and complete answer.~~

75. For each act of "disparate treatment" identified in response to Interrogatory No. 74, state the exact date, time and location for each act, or the closest approximation you have thereof.

Answer:    Disparate treatment is response to Interrogatory 74 existed throughout the period of the Plaintiff's employment. There were individual acts but those individual acts were the result of the policy of deliberate indifference by the policymakers of the City of Revere. The absence and subsequent non-enforcement of a sexual harassment policy affected all female members of the Department; the absence of a maternity leave policy affected all female members of the Department; the absence of toilet facilities for female officers despite an order by the Commonwealth. The disparate treatment of female police officers has its origins in the environment created by the policymakers through their deliberate indifference to these conditions.

Argument:   The answer is non-responsive. Plaintiff's failure to answer interrogatory 74 leads to her inevitable failure to answer interrogatory 75. While conceding that there were individual acts, she refuses to state the dates and times of these acts. Resorting to her "Policy diatribe" is no substitute for the answer to which Defendants are entitled.

77. ~~For each act of "disparate treatment" identified in response to Interrogatory No. 74, **IDENTIFY** each and every witness to each and every act so identified.~~

~~Answer:    Both Plaintiffs and the other female members of the Department witnessed and were affected by the policy of deliberate indifference identified in the Plaintiff's answer to interrogatory 74.~~

~~Argument:   The answer is non responsive. Plaintiff has claimed she was the victim of disparate treatment. If others witnessed the alleged acts of disparate treatment, Defendants are entitled to know who these witnesses are. Plaintiff's resort to her "Policy diatribe" is no substitute for the answer to which Defendants are entitled.~~

8

79. **IDENTIFY** the "superior officers" to whom you are referring in paragraph 51 of your **COMPLAINT**.

Answer:   The superior officers are included as Defendants in this complaint.

Argument:   The answer is non-responsive.   The Mayor is a named Defendant, but is not a superior officer of the Police Department.  Simply stating the Defendants in the case evades answering the question.  Moreover, the events alleged in the complaint do not support a claim that each and every superior officer named in the case failed to take remedial action for the alleged acts of disparate treatment.  Defendants are entitled to a full and complete answer.

81. **IDENTIFY** the "male officers" to whom you are referring in the third sentence of paragraph 51 of your **COMPLAINT**.

Answer:   The male officers referred to in the third sentence of Paragraph 51 are male officers of the Revere Police Department.

Argument:   The answer is non-responsive.  Paragraph 51 alleges in part that "The response of these superior officers did not discourage male officers and supervisory personnel from perpetuating a hostile and discriminating work environment."  Defendants are entitled to know which "male officers" Plaintiff is contending perpetuated a hostile and discriminating work environment.  By definition these "male officers" must be "male officers of the Revere Police Department."  Defendants are entitled to a full and complete answer.

83. ~~**IDENTIFY** the "other ranking officers" who allegedly "practiced the double standard toward females that helped to create a hostile work environment that [you] experienced" as set forth in paragraph 52 of your **COMPLAINT**.~~

~~Answer:   The other ranking officers the named (sic) as defendants in this case.~~

~~Argument:   The answer is non responsive.  The Mayor is a named Defendant, but is not a ranking officer of the Police Department.  Simply stating the Defendants in this case evades answering the question.  Moreover, the events alleged in the complaint do not support a claim that each and every ranking officer named in the case "practiced the (sic) double standard toward females that helped to create the hostile environment that the Plaintiff experienced."  Defendants are entitled to a full and complete answer.~~

88. **IDENTIFY** the "female officers" who Sergeant Doherty "deliberately embarrassed [ ], screamed at [ ], made remarks about their abilities and conduct and did not treat [ ] in the same manner he treated male officers" as set forth in paragraph 52 of your **COMPLAINT**.

Answer:   The officers set forth in paragraph 52 are plaintiffs, officer Curcio, Fish and Malatesta and any other female officer who said anything he considered profanity.

Argument:   The answer is non-responsive.  The portion of the response which states "and any other female officer who said anything he considered profanity" is evasive.  The complaint

alleges that "Sergeant Doherty deliberately embarrassed female officers, screamed at them, made remarks about their abilities and conduct and did not treat them in the same manner he treated male officers." Defendants are entitled to know which female officers Sergeant Doherty allegedly treated in the manner alleged.

89. ~~**IDENTIFY** the "one officer" to whom you are referring in the second sentence of paragraph 53 of your **COMPLAINT**.~~

~~Answer:    The officers and the superiors conducting the January 7, 1999 meeting agreed to protect the anonymity of the officers who participated in the meeting.~~

~~Argument:    The answer is non responsive. The Plaintiff, having brought an action by which she seeks to recover multiple millions of dollars from the Defendants, can not hide behind some alleged confidentiality agreement, which in the context of this Public Entity Defendant and employer would probably be against public policy. In any event, Defendants are entitled to know the name of the "one officer" since Plaintiff has chosen to make allegations about that officer in her complaint.~~

93. ~~**STATE THE BASIS** for your implied allegation that Sergeant Doherty threatened female officers with dismissal as set forth in paragraph 54 of your **COMPLAINT**.~~

~~Answer:    Paragraph 54 does not state that Sgt. Doherty threatened female officers with dismissal.~~

~~Argument:    The answer is non-responsive. Paragraph 54 alleges "Sergeant Doherty did not make the same kind of remark, make the same kind of comparison with his son or father, *or threaten male officers with dismissal for using profanity*. The Plaintiffs and other female officers found Sergeant Doherty's double standard had a negative impact on the terms and conditions of their employment of (sic) the female officers." Emphasis added. The implication is clear. Sergeant Doherty threatened female officers with dismissal for using profanity at a time when he did not threaten male officers with dismissal for using profanity. Hence the double standard alleged in paragraphs 52 and 53 immediately preceding. Defendants are entitled to an answer to the question as framed.~~

94. ~~**IDENTIFY** each and every female officer whom you contend Sergeant Doherty threatened with dismissal as impliedly set forth in paragraph 54 of your **COMPLAINT**.~~

~~Answer:    Your term "impliedly set forth" is ambiguous. Sgt Doherty told that (sic) Plaintiff that if she used language he considered profane, he would send her home. That statement is clear.~~

~~Argument:    The answer is non-responsive. The interrogatory is not ambiguous. The implication from the allegations of paragraph 54 is clear. Sergeant Doherty threatened female officers with dismissal for using profanity at a time when he did not threaten male officers with dismissal for using profanity. Hence the double standard alleged in paragraphs 52 and 53~~

10

~~immediately preceding. Defendants are entitled to a full and complete answer to the question as framed.~~

95.   State the exact dates, times and locations, of the closest approximation you have thereof, for each incident when Sergeant Doherty threatened a female officer with dismissal as impliedly set forth in paragraph 54 of your **COMPLAINT**.

Answer:   The term "impliedly set forth" is ambiguous. Sgt Doherty told that (sic) Plaintiff that if she used language he considered profane, he would send her home. That statement is clear.

Argument:   The answer is non-responsive. The interrogatory is not ambiguous. The implication from the allegations of paragraph 54 is clear. Sergeant Doherty threatened female officers with dismissal for using profanity at a time when he did <u>not</u> threaten male officers with dismissal for using profanity. Hence the double standard alleged in paragraphs 52 and 53 immediately preceding. Defendants are entitled to a full and complete answer to the question as framed.

101.   If you contend that Sergeant Doherty expressed a negative opinion of your professional ability as implied in paragraph 61 of your **COMPLAINT, STATE THE BASIS** for your contention.

Answer:   Paragraph 61 does not make statement (sic) relied upon by the Defendant as the basis for its question.

Argument:   The answer is non-responsive and incomprehensible. Paragraph 61 alleges in pertinent part "Sergeant Doherty's comments [about the female sportscaster] were load, demeaning, deeply offensive, and humiliating to the female officers in the Department, *including Plaintiff*. . . . As a superior officer of the Revere Police Department, Sergeant Doherty's negative opinion of female professional abilities, *including the professional abilities of the Plaintiffs*, heightened the hostility, humiliation, and degradation that permeated the workplace environment. Emphasis added. The implication is clear. Sergeant Doherty expressed a negative opinion of Plaintiff's professional ability. The interrogatory is intended to make the implication express. Plaintiff's answer is non-responsive and evasive. Defendants are entitled to a direct answer.

~~102.   State the date of the alleged incident involving Sergeant Nelson as set forth in paragraph 63 of your **COMPLAINT**.~~

~~Answer:   The incident involving Sgt. Nelson as set forth in paragraph 63 was included in the sexual harassment report dated January 7, 1999. The specific date was not stated.~~

~~Argument:   The answer is non-responsive. It was precisely because the date was not stated, in the complaint or the January 14, 1999, report, that the interrogatory was asked in the first place. Defendants are entitled to a full and complete answer to the question.~~

11

104.    **IDENTIFY** the "male subordinates [who] treat[ed] female officers in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

Answer:    The male subordinates are the supervisors named as defendant (sic) in the case.

Argument:    The answer is non-responsive and incomprehensible. By definition, a subordinate is not a supervisor. The answer is evasive. Alternatively, the complaint is in error and Plaintiff must acknowledge the error if the answer is intended to stand. Defendants are entitled to a full and complete answer to the question.

106.    Identify each act by a male subordinate which you contend constituted treatment "in a demeaning and humiliating manner" as set forth in paragraph 65 of your **COMPLAINT**.

Answer:    Paragraph 65 addresses the environment; it does not address individual acts.

Argument:    The answer is non-responsive. One would think that it is self-evident that "environments" do not exist in a vacuum, but are themselves the product of individual acts. Indeed, a hostile work "environment" results from a combination of hostile acts, as Plaintiff's complaint itself demonstrates. Thus, Plaintiff's response is clearly evasive and Defendants are entitled to a full and complete answer.

~~107.    Identify each comment by Chief Russo which you contend "stigmatized female officers, including [yourself]" as set forth in paragraph 65 of your **COMPLAINT**.~~

~~Answer:    The chief's comments, ever (sic) though they were not aimed directly at the Plaintiff, are a violation of the present sexual harassment policy. At the time he made the comments the department had no sexual harassment policy but his comments made the female officers present and the officers who learned about the comments feel welcome in the department.~~

~~Argument:    The answer is non-responsive. Defendants are entitled to know the comments upon which Plaintiff makes the allegation set forth in paragraph 65. Plaintiff's resort to her "Policy diatribe" is no substitute for the answer to which Defendants are entitled.~~

~~111.    **IDENTIFY** the "four (4) female officers" to whom you are referring in paragraph 69 of your **COMPLAINT**.~~

~~Answer:    The four female officers referred in paragraph 69 spoke on the condition of anonymity at the sexual harassment meeting on January 7, 1999. Their names were not included in the report.~~

~~Argument:    The answer is non responsive. The Plaintiff, having brought an action by which she seeks to recover multiple millions of dollars from the Defendants, can not hide behind some alleged confidentiality agreement, which in the context of this Public Entity Defendant and employer would probably be against public policy. In any event, Defendants are entitled to~~

12

~~know the names of the four female officers since Plaintiff has chosen to make allegations about those officers in her complaint.~~

~~118.   If you contend that the vandalism of the assigned automobile as set forth in paragraph 73 of your **COMPLAINT** was caused by any employee of the City of Revere Police Department, **STATE THE BASIS** for this contention.~~

~~Answer:   The vandalism of the cruiser that was assigned to the female officers was never investigated.  The Plaintiff feared for her safety after that incident.~~

~~Argument:   The answer is non responsive.  Defendants are entitled to know if the Plaintiff is contending that Officers of the Revere Police Department caused the alleged vandalism and the factual basis for any such contention.~~

119.   If your answer to Interrogatory No. 118 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere Police Department who caused or contributed to the vandalism set forth in paragraph 73 of your **COMPLAINT**.

Answer:   The Plaintiff reported the vandalism of her vehicle the (sic) Revere Police Department.  The Revere Police Department failed to determine who caused or contributed to the vandalism.

Argument:   The answer is non-responsive.  If the Plaintiff is contending that Officers of the Revere Police Department caused the alleged vandalism, then Defendants are entitled to know the name(s) of the Officer(s) of the Revere Police Department who allegedly caused the vandalism or, in the alternative, if Plaintiff does not know who caused the vandalism, then they are entitled to know that as well.

120.   If you contend that the vandalism of the assigned automobile as set forth in paragraph 73 of your **COMPLAINT** was caused by any employee of the City of Revere other than an employee of the Police Department, **STATE THE BASIS** for this contention.

Answer:   The Revere Police Department failed to determine the vandalism (sic) of two of their vehicles in which all eight tires were slashed.  The Revere Police Department failed to investigate or to determine who caused or contributed to the vandalism of its vehicles.

Argument:   The answer is non-responsive.  If the Plaintiff is contending that employees of the City of Revere other than Officers of the Revere Police Department caused the alleged vandalism, then Defendants are entitled to know the factual basis for this contention.  If Plaintiff is not so contending, then Defendants are entitled to know this as well.

121.   If your answer to Interrogatory No. 120 is an affirmative of the contention, **IDENTIFY** the employee(s) of the City of Revere who caused or contributed to the vandalism set forth in paragraph 73 of your **COMPLAINT**.

Answer:   The answer to interrogatory 120 can not be affirmative or negative because the Revere Police Department failed to determine who caused or contributed to the vandalism.

Argument:   The answer is non-responsive. If the Plaintiff is contending that employees of the City of Revere other than Officers of the Revere Police Department caused the alleged vandalism, then Defendants are entitled to know the name(s) of these employees or, in the alternative, if Plaintiff does not know who caused the vandalism, then they are entitled to know that as well.

~~141.   If you witnessed the incident described in paragraph 83 of your **COMPLAINT**, describe in detail the facts and circumstances surrounding this incident and **IDENTIFY** the person(s) who were a party thereto.~~

~~Answer:   The report identified as an OSHA report is a report by the Division of Occupational Safety, an agency of the Commonwealth of Massachusetts. The remaining parts of paragraph 83 pertain to Sonia Fernandez.~~

~~Argument:   The answer is non-responsive. Paragraph 83 does not involve the OSHA report at all, but rather the incident when Plaintiff Fernandez was called to a homicide scene. By definition the interrogatory recognizes that "paragraph 83 pertain[s] to Sonia Fernandez." The question was, did Plaintiff Pechner witness this incident and if so, what did she see and hear? Defendants are entitled to a full and complete answer to this question.~~

151.   Is the meeting with the Mayor alleged in paragraph 105 of your **COMPLAINT** the same meeting as the one alleged in paragraph 49 of your **COMPLAINT**?

Answer:   The response to Interrogatory 63 addresses the meeting of Plaintiff, Terry (sic) Pechner-James with the Mayor.

Argument:   The answer is non-responsive. Interrogatory 63 addressed the allegations of paragraph 49 concerning the Plaintiff's meeting with the Mayor. Paragraph 105 also alleges that there was a meeting with the Mayor. This interrogatory seeks to know if the meeting alleged in paragraph 105 is the same meeting alleged in paragraph 49. If so, then that obviously means there was only one such meeting. If not, then that means there were at least two such meetings. Defendants are entitled to a straight forward answer to the question.

~~163.   **IDENTIFY** the "male employees" to whom you are referring in paragraph 116 of your **COMPLAINT**.~~

~~Answer:   The male employees referred to in paragraph 116 are the male employees of the Revere Police Department who have received leave with pay.~~

~~Argument:   The answer is non-responsive. Defendants are entitled to know which "male employees" Plaintiff is contending received leave with pay. By definition these "male employees" must be "male employees of the Revere Police Department." Defendants are entitled to a full and complete answer.~~

165. ~~**IDENTIFY** "the Defendants" who have allegedly "intimidated, threatened and coerced" you as set forth in paragraph 122 of your **COMPLAINT**.~~

~~Answer:       The City of Revere and its agents.~~

~~Argument:     The answer is non-responsive. Defendants are entitled to know which "agents" of the City of Revere allegedly "intimidated, threatened and coerced" the Plaintiff as set forth in paragraph 122 of her complaint.~~