UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES and SONIA FERNANDEZ<br>    Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPT. TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY JOHN NELSON, JAMES RUSSO MICHAEL MURPHY and STEVEN FORD<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF JAMES S. DILDAY, ESQ. IN SUPPORT OF PLAINTIFFS REQUEST FOR SANCTIONS AND THEIR OPPOSITION TO DEFENDANTS MOTION.

I, James S. Dilday, duly sworn depose and say:

1. I represent the Plaintiffs Terri Pechner-James and Sonia Fernandez in the above entitled matter.

2. Prior to December 6, 2005, I served full and complete responses upon the Defendants, City of Revere, Thomas Ambrosino, Mayor, city of Revere Police Department, Terrence Reardon, Chief of Police by mailing said responses to their legal counsels, Paul Capizzi and Walter H. Porr, Jr. who are employed by the Office of the City Solicitor of the City of Revere.

1

3. In a letter dated December 15, 2005, I received from Defendants counsel a request to supplement or amend 46 of the 180 responses that Terri Pechner-James made to their interrogatories and 41 of the 132 responses that Sonia Fernandez provided to their interrogatories.

4. Full, complete and detailed responses have been provided to the Defendants in response to their letter dated December 15, 2005. **See Attached Exhibits A & B.**

5. The Defendants letter dated December 15, 2005, stated that Defendants counsel intended to file this motion within 7days. I contacted Defendants counsel and alerted him to the meet and confer provision of Federal Rule 37 and Local Rule 7.1. We subsequently exchanged correspondence in an effort to schedule a date to meet and confer.

6. It appears from the Affidavit of Defendants counsel that while I was still attempting to comply with the requirements of Federal Rule 37 and Local Rule 7.1, Defendants counsel had already prepared the present motion.

7. The requirements of Federal Rule 37 and Local Rule 7.1 are mandatory and must be conducted in good faith.

8. This motion is both premature and unnecessary. The Plaintiffs have jointly provided more than 300 responses and more than 80 supplemental responses. In addition, they are both scheduled for depositions. Terri Pechner-James has already made herself available for one of three days of depositions. On January 10, 2006, I attended her first deposition scheduled by Defendants counsel. The Office of the City Solicitor of Revere, Walter H. Porr, Jr and Paul Capizzi were both present and had an opportunity to meet, confer and pursue any and all responses they deemed necessary.

9. The discovery is not yet complete. The Plaintiffs depositions have started but not completed; the Defendants deposition remain to be scheduled. Defendants motion was hastily filed, the remedy sought is premature, and the motion itself is without legal or factual foundation.

10. I have been an attorney for more than thirty years in Boston. I am currently in private practice; I am not employed as an attorney for a city, town or other municipality; I am a partner in the firm of Grayer & Dilday, LLP Boston, MA. I have practiced extensively in the Federal courts, including the courts of the First Circuit.

11. My firm charges $350 dollars per hour. I have spent a total of 18 hours preparing affidavits, motions, memorandums, and supplemental responses and attachments. I further anticipate that appearing for the hearing scheduled in this matter will involve more preparation and at least 2 hours of additional time. Accordingly, I am seeking attorneys fees and costs in the amount of $7,000.($350 per hour /20 hours).

12. The motion that the Defendants have filed and the sanctions they seek are inappropriate. If the Defendants had observed the mandatory provisions of Federal Rule 37 and Local Rule 37.1, the Plaintiff would not have to respond to pleadings that are unsupported by law.

Signed under the pains and penalties of perjury.

Respectfully submitted,

*James S. Dilday*
James. S. Dilday.