UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES        )
and SONIA FERNANDEZ           )
    Plaintiffs                )
                              )
VS.                           )
                              )
CITY OF REVERE, THOMAS        )
AMBROSINO, MAYOR, CITY        )
OF REVERE POLICE DEPT.        )
TERRENCE REARDON, CHIEF       )
OF POLICE, BERNARD FOSTER)
SALVATORE SANTORO, ROY        )
COLANNINO, FREDERICK          )
ROLAND, THOMAS DOHERTY        )
JOHN NELSON, JAMES RUSSO      )
MICHAEL MURPHY and            )
STEVEN FORD                   )
    Defendants                )

### PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Now comes the Plaintiffs, Terri Pechner-James and Sonia Fernandez and respectfully requests that the Presiding Judge of this Court grant them permission to appeal pursuant to 28 U.S.C. § 1292(b) the following questions to the First Circuit Court of Appeals.

Questions Presented:

1. Whether the adjudicatory decisions of the Massachusetts Division of Administrative Law Appeals (DALA) and the Medical Panel of the Massachusetts Public Employee Retirement Administration Commission PERAC) are entitled to comity from the Federal District Court.

1

2. Whether the Defendants can relitigate in a Federal District Court the identical issues of injury and causation that arise from the same nucleus of operative fact, involve the identical Plaintiffs and the identical period of time.

The Plaintiffs state that their request for permission meets the criteria established by 28 U.S.C. § 1292(b).

>   (i) The questions stated above involve controlling questions of law;
>
>   (ii) There is substantial ground for difference of opinion; and
>
>   (iii) Immediate appeal would materially advance the ultimate termination of this litigation.

WHEREFORE, the Plaintiffs request that this Court grant its permission so that they can seek an immediate appeal of the questions stated herein to the First Circuit Court of Appeals.


Respectfully submitted
Terri Pechner-James and
Sonia Fernandez
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and SONIA FERNANDEZ | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER | ) |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
|     Defendants | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS REQUEST FOR PERMISSION TO APPEAL PURSUANT TO U.S.C. § 1292 (b).

**Background:**

The Plaintiffs filed a verified complaint dated September, 30, 2003 in Suffolk Superior Court. The Plaintiffs complaint states that they were subjected to a hostile work environment during their employment at the Revere Police Department.(Count 1); they were constructively discharged from their employment (Count 2); they were subjected to disparate treatment (Count 3); and they were subjected to intentional infliction of emotional distress (Count 4). All four counts of both Plaintiffs are based upon the same facts as the state adjudication. The violations of M.G.L.c. 151B § 4 and the parallel

3

violations of 42 U.S.C § 2000(e)2 are based upon the same state determinations. The Plaintiffs federal claims are not only based upon but "inextricably intertwined" with the findings injury, disability and causation determined in the state adjudications.

Both Plaintiffs also sought adjudications of disability from the Division of Administrative Law Appeals (DALA) and the Public Employee Retirement Administration Commission (PERAC). Both bodies conducted adjudicatory hearings; both Plaintiffs were adjudicated disabled. Their disability was Post Traumatic Stress Disorder (PTSD); the cause of their disability was the hostile work environment they experienced at the Revere Police Department. This disability was the basis of their retirement. The Plaintiffs provided DALA and PERAC with the same facts they stated in their complaint.

The Defendants did not appeal the decisions of these adjudicatory bodies as provided by M.G.L.c. 30A. The appeal period expired and these adjudication became the final judgment of the Commonwealth on these issues. The Defendants have, however, removed this cause of action to the Federal District Court and are attempting to relitigate the issues of disability, injury and causation that were the subject of prior state adjudication.

The Plaintiffs filed a Request For Rooker-Feldman Ruling and Further Instructions with Memorandum attached. See **Exhibits A & B**. The Plaintiffs, in response to Defendants second memorandum in which they relied on the Exxon-Mobil decision, filed a Supplement Memorandum in support of Rooker-Feldman. **See Exhibit C.**

On October 12, 2005, the Magistrate-Judge recommended to the District Court Judge that Plaintiffs Request be denied. The Plaintiffs appealed. See **Exhibit D**. For the reasons stated herein, the Plaintiffs seek an order that certifies the questions presented for immediate appeal to the Court of Appeals.

(1) The questions presented contain controlling questions of law.

A controlling question of law under § 1292(b) is "one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings for the court's or the parties resources." Judicial Watch, Inc v Nat'l Energy Policy Dev. Group, 223 F. Supp. 2d 16, 19 (D.D.C. 2002). Whether the adjudicatory decisions of the Massachusetts Division of Administrative Law Appeals (DALA) and the Medical Panel of the Massachusetts Public Employee Retirement Administration Commission PERAC) are entitled to comity from the Federal District Court and whether the Defendants can relitigate in a Federal District Court the identical issues of injury and causation that arise from the same nucleus of operative fact, involve the identical Plaintiffs and the identical period of time. These questions of law are controlling because, if the federal court incorrectly decides these questions, it would exercise jurisdiction over prior state adjudications. This decision would require reversal. In addition, a decision on these issues would materially shorten the course of litigation because the court would have only to decide (1) whether the facts and findings of the state adjudications are violations of the state and federal civil rights laws; and (2) what are the damages that naturally flow from said violations. This decision would materially narrow the scope of this litigation and would result in savings for the court and for the parties involved. These questions are also controlling because even though the answer would not terminate the

action the questions involve a procedural determination that will significantly impact this case. APCC Services, Inc. v AT&T Corp., 297 F. Supp. 2d 101,105 (D.D.C. 2003) citing Klinghoffer v S.N.C. Achille Lauro, 921 F.2d 21, 24 (1990).

Federal review of final state decisions lies only with the United States Court. 28 U.S.C. § 1257(a) Congress has empowered the federal district courts to exercise original but not appellate jurisdiction 28 U.S.C.§ 1331, 1332. Direct review of state court decisions is barred. Brown & Root, Inc. v Breckenridge, 211 F.3d 194, 198 (2000) quoting District of Columbia Court of Appeals v Feldman, 460 U.S. 462 (1983). This doctrine is one of a number of doctrines reflecting, some courts say "safeguarding" our dual system of government. Federal courts have resisted complaints that seek to review and reverse unfavorable state-court judgments. Federacion de Maestros de Puerto Rico v Junta de Relaciones de Trabajo del Puerto Rico, 410 F. 3d 17, 20 (2005).

(2) An interlocutory appeal will materially advance this litigation.

Whether an order presents a controlling question of law and whether an interlocutory appeal will materially advance the litigation are closely related and, indeed, blend together. See 16C Wright, A. Miller & E. cooper, FEDERAL PRACTICE § 3930 at 415-16 2d. ed. 1996. If the federal court lacks jurisdiction to review final state decisions, the state determinations of disability, injury and causation will stand. The only issues that will remain in this case are (1) whether the facts and finding of those prior determination

6

also constitute violations of M.G.L.c. § 151B and 42 U.S.C § 1983 & 2000 (e)2 and (2) what are the damages that naturally flow from these violations. Relitigation of the factual, medical and other aspects of this case would take significantly longer and increase substantially the cost to all parties.

(3) Substantial ground for difference of opinion exists with respect to the questions presented.

There is substantial difference of opinion between Plaintiffs counsel and Defendants counsel, and no little confusion about the possible interpretation the United States Supreme Court's decision in Exxon-Mobil v Saudi Basic Industries, Corp., 554 U.S. ---, 125 S.Ct. 1517, 1526 (2005). The questions presented are:

1. Whether the adjudicatory decisions of the Massachusetts Division of Administrative Law Appeals (DALA) and the Medical Panel of the Massachusetts Public Employee Retirement Administration Commission PERAC) are entitled to comity from the Federal District Court.

2. Whether the Defendants can relitigate in a Federal District Court the identical issues of injury and causation that arise from the same nucleus of operative fact, involve the identical Plaintiffs and the identical period of time.

The Plaintiffs filed a motion entitled Request For Rooker-Feldman Ruling and For Further Instructions. The Plaintiffs argued that the adjudications of disability by DALA and PERAC which were not appealed became a final state decision. The Defendants argued that the recent case of Exxon-Mobil v Saudi Basic Industries Corp., supra. allowed federal courts to review prior final state decisions. The Magistrate-Judge agreed with the Defendants and recommended to the District Court Judge that the Defendants be allowed to relitigate prior final state decisions. The District Court Judge has not yet acted

7

on the recommendation of the Magistrate Judge. The Plaintiffs seek an order that certifies the questions presented for immediate appeal to the Court of Appeals.

Conclusion:

Section 1292(b) was enacted for the express purpose of resolving the issues presented in this case. The Court relied upon the intent of Congress in McFarlin v Conseco Services, LLC. 381 F.3d 1251(2004). The Court cites the Senate Judiciary Committee Report, S. Rep. No 2424 (1958) and states in relevant part:

> In a recent case, a motion to dismiss for want of jurisdiction was filed in the district court early in the proceedings. The district court denied the motion and the matter then proceeded to trial. The disposition of that case took almost 8 months. Upon final order the case was appealed and the court of appeals determined that the district court did not have jurisdiction and entered an order accordingly. Had this legislation been in effect at that time, the district judge could have stated in writing his opinion that the motion was controlling and the defendant could thereupon have made application to the court of appeals for review of the order denying the motion, Had the court entertained such a motion and reached the conclusion which it ultimately did, it would have resulted in a saving of time of the district court and considerable expense on the part of the litigants, 1958 U.S.C.C.A.N. 5256.

It is not clear that the Exxon-Mobil decision has, as the Defendants contend, vacated the provisions of 28 U.S.C. § 1331, 1332 and 28 U.S.C § 1257(a) or that it authorizes relitigation of final state determinations in federal courts. If the provisions of 28 U.S.C §1331 and 1332 are still in force and effect, then an immediate appeal pursuant to 28 U.S.C. § 1292(b) to the Court of Appeals will materially advance the termination of this litigation.

Respectfully submitted
Terri Pechner-James and
Sonia Fernandez
By their attorney

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470