UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and
SONIA FERNANDEZ,
                    Plaintiffs                              C.A. No: 03-12499-MLW

v.

CITY OF REVERE et al
              Defendants


PLAINTIFFS MOTION & MEMORANDUM FOR CERTIFICATION OF
INTERLOCUTORY APPEAL UNDER 28 USC §1292(b)


        Now come the plaintiffs, Terri Pechner-James and Sonia Fernandez, and hereby
respectfully move this Court to certify for interlocutory appeal, pursuant to 28 U.S.C.
§1292(b), the following issues presented as a result of the Magistrate Judge's denial of
Plaintiff's motion for a Rooker-Feldman Ruling and Request for Further Instruction on
October 12, 2005. Plaintiff seeks clarification from the federal Court of Appeals with
regard to the following questions: (1) whether the federal district court generally has
appellate jurisdiction to review factual determinations of state adjudicatory bodies, (2)
whether the Rooker-Feldman doctrine is applicable to the facts of this case, and (3)
whether, if applicable to this case, the Rooker-Feldman doctrine, prohibits the federal
district court from appellate review of factual determinations of state adjudicatory bodies
and defendants from relitigating the determinations of these adjudicatory bodies.

        Section 1292(b) provides for certification of interlocutory appeal of orders
"involv[ing] a controlling question of law as to which there is substantial ground for
difference of opinion...an immediate appeal from...[which] may materially advance the
ultimate termination of the litigation." These requirements are met here. The issues
spurred by the Magistrate Judge's denial of Plaintiff's Rooker-Feldman Request are
fundamentally controlling as to further proceedings and their resolution through an

immediate appeal will materially advance the ultimate termination of the litigation. Indeed, if the court finds that the claim is controlled by Rooker-Feldman, the litigation will be significantly truncated, since the defendant will be effectively prevented from its attempts to relitigate the factual determinations of state adjudicatory bodies which are adverse to defendant's position. Further, substantial ground for difference of opinion exists regarding the core issues presented, including a clarification as to the federal district court's jurisdiction authority with regard to appellate review of state adjudicatory proceedings, and the proper interpretation of the Supreme Court's decision in <u>Exxon Mobil Corp v. Saudi Basic Industries Corp.</u>, 125 S. Ct. 1517 (2005), which significantly altered the scope and the standard of applicability of the Rooker-Feldman doctrine.

## BACKGROUND

While being employed as law enforcement officers by the City of Revere, the Plaintiffs were subjected to a hostile work environment. As a result of those experiences, they developed Post Traumatic Stress Disorder (PTSD) and were adjudicated as disabled and awarded disability retirement. Three state adjudicatory bodies, governed by M.G.L. ch. 30A: the Division of Administrative Law Appeals (DALA), the Regional Medical Panel, and the Public Employee Retirement Administration Commission (PERAC), made determinations that the plaintiffs were disabled and awarded them disability retirements.

Those state adjudicatory bodies made the following decisions. DALA ordered the convening of a Medical Panel of experts on March 7, 2003. On July 28, 2003, the Medical Panel filed a unanimous decision with PERAC and the made the following findings:

(a) DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officers.

(b) PERMANENCE: The incapacity mentioned above is likely to be permanent in that anxiety symptoms mentioned in the Prognosis section above are likely to persist for an indefinite period of time even with continued treatment.

(c) CAUSALITY: The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely causative factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder.

Defendant requested a Clarification of the findings of the Regional Medical Panel. The Panel's response on March 1, 2004 was consistent with the Panel's earlier findings of July 28, 2003.

Plaintiff filed claim in state court. Defendant then moved to have the claim transferred to Federal court.

Plaintiffs then filed a request for Rooker-Feldman Ruling and Further Instructions in order to (1) seek federal recognition of state determinations, (2) raise the jurisdictional issue, (3) prevent relitigation of the issues of injury and causation, and (4) avoid conflicting results between the federal court and state determinations on the same issue. On October 12, 2005, the Magistrate Judge denied the request for the Rooker-Feldman Ruling and Further Instructions. In denying the request, the Magistrate Judge refused to recognize the findings and determinations made by DALA, PERAC, and the Regional Medical Panel.

## ARGUMENT

**I.    THE COURT SHOULE CERTIFY THE QUESTIONS PRESENTED FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

This Court may certify an order for interlocutory appeal if it is of the opinion that the order "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These three factors should be applied flexibly and viewed together. See 14 C. Wright, A. Miller & E, Cooper, FEDERAL PRACTICE AND PROCEDURE § 3930 at 415-16 (2d ed. 1996). And while certification of an order under § 1292(b) is discretionary, it is "the duty of the district court…to allow an immediate appeal to be taken when the statutory criteria [in § 1292(b)] are met." Ahrenholz v. Board of Trustees, 219 F.3d 674, 677 (7th Cir, 2000). The standards for interlocutory appeal are met in this case.

### A. The Issues Presented Contain Controlling Questions of Law

A "controlling question of law" under §1292(b) "is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings f the court's or the parties' resources." Judical Watch, Inc. v. Nat'l Energy Policy Dev. Group, 223 F. Supp. 2d 16, 19 (D.D.C. 2002). While "[c]ontrolling questions of law include issues that would terminate an action if the district court's order were reversed…The resolution of an issue need not necessarily terminate an action in order to be 'controlling', but instead may involve a procedural determination that may significantly impact the action." APCC Services, Inc. v. AT&T Corp,. 297 F. Supp 2d 101, 105 (D.D.C. 2003), citing Kinghoffer v. S.N.C. Anchille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).

The issues presented for certification present "controlling question[s] of law" under § 1292(b). Section 28 U.S.C § 1257(a) provides that a review of state court decisions lies only with the United States Supreme Court.  Congress has empowered the federal district courts to exercise original, but not appellate jurisdiction § 1331, 1332. Direct review of state court decision is barred. The Rooker-Feldman doctrine provides that a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000) (quoting District of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983)) Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and

reverse unfavorable state-court judgments." Federacion de Maestros de Puerto Rico v.
Junta de Relaciones de Trabajo del Puerto Rico, 410 F.3d 17, 20 (1st Cir. 2005), quoting
Exxon Mobil, at 1521. The issue of whether or not the Rooker-Feldman doctrine is
applicable to facts of this case has a substantial and significant impact on the length and
direction of the present litigation.

### B.  An Interlocutory Appeal Will Materially Advance The Litigation

The issue of whether an order presents a controlling question of law and whether
an interlocutory appeal will materially advance the litigation are closely related and,
indeed, blend together. See 16C Wright, A. Miller & E. Cooper, FEDERAL PRACTICE
AND PROCEDURE § 3930 at 415-16 2d. ed. 1996. For the same reasons that issues
present controlling questions of law in this case, an interlocutory appeal of the issues will
materially advance this litigation. If the federal district court lacks jurisdiction to review
the final judgments of state adjudicatory bodies, then the litigation would be significantly
truncated since defendant would be unable to relitigate the factual determinations of the
previous state adjudicatory proceedings which used the identical fact pattern now
presented before this court and adjudged that plaintiffs suffered from Anxiety Disorder
NOS with features of PTSD and panic disorder which was proximately caused by their
experiences with City of Revere law enforcement. All that would remain would be the
determination of damages to be awarded.

### C.  Substantial Ground for Difference of Opinion Exists With Respect to the Issues Presented

Plaintiffs respectfully submit that substantial ground for difference of opinion
exists with respect to the issues presented. The issue of jurisdiction is one of utmost
importance. Indeed, that issue in particular for which Plaintiffs seek certification appear
to be among those which § 1292(b) was enacted to counteract. McFarlin v. Conseco
Services, LLC cites the Senate Judiciary Committee Report, S. Rep. No. 2424 (1958)
which offers this insight into the type of situation Congress intended § 1292(b) to
address:

[I]n a recent case, a motion to dismiss for want of jurisdiction was filed in the district court early in the proceedings. The district court denied the motion and the matter then proceeded to trial. The disposition of that case took almost 8 months. Upon final order the case was appealed and the court of appeals determined that the district court did not have jurisdiction and entered an order accordingly. Had this legislation been in effect at that time, the district judge could have stated in writing his opinion that the motion was controlling and the defendant could thereupon have made application to the court of appeals for a review of the order denying the motion. Had the court of appeals entertained such a motion and reached the conclusion which it ultimately did, it would have resulted in a saving of the time of the district court and considerable expense on the part of the litigants. 1958 U.S.C.C.A.N. 5256.

381 F.3d 1251 (11th Cir. 2004). If this Court lacks jurisdiction and that determination is made subsequent to a full disposition of this case, it would be a tremendous waste of judicial and legal resources.

In addition, the Supreme Court's ruling in Exxon Mobil significantly altered the applicability and as a result the methodology for applying the Rooker-Feldman doctrine. The test for the applicability of the newly reformed Rooker-Feldman doctrine is still unclear in light of this recent decision. Whether the Rooker-Feldman doctrine applies to the specific facts of this case is a crucial determination which will have a substantial impact should the doctrine be applicable.

## CONCLUSION

For these reasons, the issues presented involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal to the Court of Appeals will materially advance the ultimate termination of this litigation. Accordingly, this Court should certify these issues for interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

TERRI PECHNER-JAMES and
SONIA FERNANDEZ
By their attorney

_____
James S. Dilday, BBO# 124360
Grayer & Dilday, LLP
27 School Street
Boston, MA 02108
(617)227-3470

DATED: