**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James et al            C.A. #03-12499

V

City of Revere et al

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR ROOKER-FELDMAN RULING AND FURTHER INSTRUCTIONS

### Introduction

The *Rooker-Feldman* doctrine is based on the cases of Rooker v Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v Feldman, 460 U.S. 462 (1983). The doctrine expresses the principle that lower federal courts lack subject matter jurisdiction to hear challenges to determinations made by state courts in judicial proceedings. Federal review of state court decisions is barred.

Congress has empowered the federal district courts to exercise only original, not appellate jurisdiction. The *Rooker-Feldman* doctrine is one of a number of doctrines reflecting, and some courts say "safeguarding" our dual system of government. The *Rooker-Feldman* doctrine prevents the compromise of state court independence by assuring that an adverse decision in state courts does not merely "ring the opening bell" for federal litigation of the same issue. Brown & Root, Incorporated v Breckenridge, 211 F3d 194, 198 (4th Cir. 2000) citing Jordahl v Democratic Party of Virginia, 122 F3d 192, 199 (4th Cir. 1997) and FOCUS v Allegheny County Court of Common Pleas, 75 F3d 834, 840 (3rd Cir 1996).

A party in the prior state court action is barred by *Rooker-Feldman* from seeking what in substance would be appellate review of the state court judgment in federal district court, even on the basis that the state court judgment itself violates the loser's federal rights. Whether the relief requested in the later federal court suit is inextricably intertwined with

issues already decided in state court is the key to how *Rooker-Feldman* will be used by the federal district court.

Unlike other preclusion and estoppel principles, the *Rooker-Feldman* doctrine is jurisdictional. A court considering its subject matter jurisdiction must consider *Rooker-Feldman* first, then any other preclusion doctrines raised by the parties. Long v Shorebank Development Corp., 182 F3d 548, 554-555 (7Cir 1999). The existence of subject matter jurisdiction in federal court is a question of law. Subject matter jurisdiction cannot be waived and cannot be conferred by agreement or by court order.

The *Rooker-Feldman* doctrine is broader than preclusion. There is no procedural due process exception to the doctrine. Postma v First Federal S & L of Sioux City, 74 F3d 160, 162 (8th Cir 1996). The issue preclusion requirement that a party had full and fair opportunity to pursue its claim is not applicable. Pirela v Village of North Aurora, 935 F2d 909, 911 7th Cir ) cert. den. 502 U.S. 983 (1991). *Rooker Feldman* is entirely federal and requires no reference to principles of state law. Garry v Geils, 82 F3d 1362 (7th Cir. 1996). Preclusion defenses can be waived; *Rooker-Feldman* is jurisdictional and cannot be waived. The doctrine precludes review even where the state court wrongly decided an issue. Goetzman v Agribank, F.C.B 91 F3d 1173 (8th Cir. 1996).

Background

The Plaintiff, Terri Pechner-James, was sworn in as a Revere Police Officer on September 21, 1995. The last day she was able to work at the Revere Police Department was March 13, 2001. Plaintiff experienced a prolonged, severe, hostile and abusive work environment and discrimination based on sex, during the six years of her employment at the Revere Police Department. Those experiences caused the Plaintiff to be disabled by Post-Traumatic Stress Disorder, to be unable to perform her duties as a police officer and to be constructively discharged from her employment.

The state adjudicatory determinations are included in Paragraphs 14, & 78 of the Plaintiff's verified complaint and attached as **Exhibits A & B.** They appear in Paragraph 110 in Count 1, paragraph 114 in Count 2, paragraph 117 in Count 3, and

paragraphs 121, 122 in Count 4. Other issues raised in her complaint are inextricably intertwined with these determinations. Matters already decided in the prior state adjudication are not subject to relitigation in a federal district court.

Procedural History

On April 19, 2001, the Plaintiff applied to the City of Revere Police Department for " Indemnification under M.G.L.c. 41 Sec. 100.

On April 23, 2001, Mayor Thomas G. Ambrosino, sent a letter in response to an oral request by Plaintiff for paid leave of absence for the next three months. Request denied. Also on April 19, 2001, Plaintiff applied for Leave without Loss of pay Under M.G.L.c 41 Sec. 111F.

On April 25, 2001, Roy Colannino, Chief of Police acknowledged Plaintiff's application for benefits under M.G.L.c. 41 Sec. 111F.

On May 4, 2001, Plaintiff's attorney, James S. Dilday, Esq. sent correspondence to Chief Colannino concerning the Chief's denial of benefits pursuant to M.G.L.c. 41 Sec. 111F to the Plaintiff.

On June 1, 2001, Roy Colannino, Chief of Police responded to Plaintiff's Request to be carried as injured in the Line of Duty.

On March 7, 2003, the State Division of Administrative Law Appeals, after hearing, ordered the "convening of a Regional Medical Panel of experts in psychiatry in order to evaluate Chief Reardon's application for Section 7 retirement." Forty-five (45) exhibits were marked. Both parties were represented. Parties submitted their cases on the documents and argued their respective cases. One tape was made of the proceedings. There was a subsequent hearing before the State Division of Administrative Law Appeals at which the Defendant did cross-examine the plaintiff.

On June 13, 2003, the Regional Medical panel convened. The plaintiff was present and represented by counsel. The Defendants were notified but did not appear and presented no contradictory evidence. The Regional Medical Panel concluded "it is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officers."

The Regional Medical Panel also concluded the following on the question of causality: " The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There are no other likely causative factors apparent in Ms. James' clinical history to substantiate an alternate etiology for the anxiety disorder." ( **See Paragraph 78 and Exhibits A & B of Plaintiff's complaint.** )

On January 28, 2004, the Defendants requested from the Regional Medical Panel a clarification of its report. The Defendants presented the Regional Medical Panel with six questions. The Panel provided a detailed answer to each question.

The Revere Retirement Board subsequently held a hearing required by law. The Plaintiff was present and the Defendants cross-examined her. The Revere Retirement Board subsequently granted her retirements benefits based upon the adjudication of disability made by the Regional Medical Panel of the Massachusetts Public Retirement Administration Commission (PERAC)

Argument

On March 7, 2003, the Massachusetts Division of Administrative Law Appeals held an adjudicatory hearing pursuant to M.G.L.c. 30A. Forty-five (45) exhibits were marked. Both parties were represented at the hearing. Both parties argued their respective cases.

One tape was made of the proceedings. The Massachusetts Division of Administrative Appeals, after hearing, ordered the "convening of a Regional Medical Panel of experts in psychiatry in order to evaluate Chief Reardon's application for Section 7 retirement"

The Regional Medical Panel convened on June 13, 2003. The defendants were notified but waived their right to appear, to participate and to present evidence. The Regional Medical Panel concluded "it is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officers."

The Regional Panel also concluded the following on the question of causation: "The said incapacity is such as might be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed. There is no other likely factors apparent in Ms. James clinical history to substantiate an alternate etiology for the anxiety disorder."

The defendants did not appeal either the decision of the State Administrative Law Appeals or the findings of the Regional Medical Panel. These determinations could have been appealed the superior court but the defendants decided to forego such an appeal. Accordingly, they waived their right to contest these factual findings and are precluded from doing so in this forum. These state decisions became final after the expiration of the appeal period. The defendants did request a clarification of its unanimous decision from the Regional Medical Panel. They presented six detailed questions; the panel provided six detailed responses. The Revere Retirement Board subsequently granted the Plaintiff retirement benefits based upon the adjudication of the State Administrative Board of Law Appeals, the Regional Medical Panel of the Massachusetts Public Retirement Administration Commission (PERAC).

The Plaintiff's determination of disability and its causation are final determinations based upon state law. The defendants were a party to these determinations and are bound by these determinations. The defendants are, therefore, barred by the *Rooker-Feldman* doctrine from seeking, in the federal district court, what, in substance, would be appellate review of state judgments. The relief that the defendants now seek and the extensive discovery they seek to conduct are inextricably intertwined with issues already decided in state proceedings from which they now have no recourse and over which the federal district court does not have subject matter jurisdiction.

The *Rooker-Feldman* doctrine is jurisdictional. It cannot be waived, conferred by agreement or amended by court order. The final, adjudicatory and unchallenged decision of the Massachusetts Administrative Board of Law Appeals and the Regional Medical Panel of PERAC are state adjudications. Appellate jurisdiction lies in the Massachusetts superior court system and in the United States Supreme Court. *Rooker-Feldman* is a complete bar to any relitigation in the federal district court or the federal court of appeals.

Matters that are beyond the subject matter jurisdiction of the federal district court cannot be the subject of expanded interrogatories or any other form of relitigation. The Plaintiff commenced her cause of action in the Suffolk Superior Court. The defendants did not file an answer or otherwise address the Plaintiff's complaint is the superior court. They removed the case to the federal district court where they now seek to relitigate the issues already decided in a state forum.

The defendants have served the Plaintiff with 178 interrogatories. The excessive number, the nature and scope of these interrogatories constitute an assault on the state determinations and rings the opening bell for federal litigation on the identical issues already decided by state adjudicatory bodies. Brown & Root, Incorporated v Breckenridge, 211 F3d 194, 198 (4th Cir. 2000) citing Jordahl v Democratic party of Virginia, 122 F3d 192, 199 (4th Cir 1997) and FOCUS v Allegheny County Court of Common Pleas, 75 F3d 834, 840 (3rd Cir. 1996). The matters already adjudicated by the

state bodies and the issues that are inextricably intertwined with those adjudications are beyond the subject matter of the federal district court and beyond the relitigation efforts of the defendants.

Conclusion:

The *Rooker-Feldman* doctrine is broader than preclusion. There is no procedural due process exception; Postman v First Federal S & L of Sioux City, 74 F3d 160, 162 (8th Cir. 1996); the procedural due process exception would not apply in this case because the state decisions were made pursuant to M.G.L.c. 30A and its adjudicatory provisions. The issue preclusion requirement that a party have a full and fair opportunity to pursue its claim is also not applicable; Pirela v Village of North Aurora, 935 F2d 909, 911 (7th Cir. Cert. den. 502 U.S. 983 (1991).

Not only did the defendants have a full and fair opportunity to participate in the adjudicatory process pursuant to M.G.L.c.30A; they did participate, they did cross-examine and they did submit exhibits, and did make opening and closing statements. Preclusion defenses can be waived. The *Rooker-Feldman* doctrine cannot be waived even if the defendants believe that the state determination was wrongfully decided. Goetzman v Agribank, FCB, 91 F3d 1173 (8th Cir. 1996). Unlike other preclusion and estoppel principles, the *Rooker-Feldman* doctrine is jurisdictional. The defendants cannot use the federal rules of civil procedure to create subject matter jurisdiction where there is none, to circumvent or undermine a valid and binding state determinations, or to relitigate, in federal district court, those issues that are inextricably intertwined with those state determinations.

Terri Pechner-James
By her attorney

*/s/ James S. Dilday*

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

June 28, 2005

Dennis O'Leary, Clerk
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Terri Pechner-James v City of Revere et al C.A. # 03-12499

Dear Sir,

Enclosed please find the following documents for filing:

1. Plaintiff's Request for *Rooker-Feldman* ruling.
2. Memorandum in Support of Plaintiff's Request for *Rooker-Feldman* ruling.
3. Certificate of Service.
4. Certification of Plaintiff's Compliance Pursuant to Local Rule 7.1(a)(2)

Sincerely,

James S. Dilday, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James et al                              C.A. #03-12499

V

City of Revere et al

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiff's Request for *Rooker-Feldman* Ruling and Further Instructions and Memorandum in Support of Plaintiff's Request for *Rooker-Feldman* Ruling and Further Instructions were served upon the parties listed below by first class mail, postage prepaid.

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esq.
John K. Vigliotti, Esq.
Attorenys at Law
397 Grove Street
Worcester, MA 01605

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Date: 6/28/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James et al                                C.A. #03-12499

V

City of Revere et al

### CERTIFICATION OF PLAINTIFF PURSUANT TO LOCAL RULE 7.1(a)2

The undersigned hereby affirms that, prior to filing this motion, he has conferred with counsel for the defendants and has attempted in good faith to resolve or narrow the issues involved in this motion as requited by Local Rule 7.1(a)2.

_____
James S. Dilday, Esq. Attorney for Plaintiff
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470