# EXHIBIT D

Case 1:03-cv-12499-MLW    Document 111-5    Filed 02/02/2006    Page 1 of 3

## Grayer & Dilday, LLP
COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

February 1, 2006

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Re: Pechner-James v City of Revere et al

Dear Attys Porr and Capizzi,

I am in receipt of you letter dated January 30, 2006. This office has complied with the court's order by faxing and mailing you the more than 80 signed supplemental responses to your initial 180 and 132 interrogatories. Both Sonia Fernandez and Terri Pechner-James came into the office for the purpose of personal signing documents as you insisted.

The questions you raised in your letter have been addressed by the provisions of Fed. R.Civ. P. 26(g).
"Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated." Fed. R. Civ. P. 26(g)(2).

The rule is very clear about the purpose of the signature. It provides that
" The signature of the attorney or party constitutes a certification that     to the best of the signer's knowledge, information, and belief, formed     after reasonable inquiry, the request, response or objection is :

    (A) consistent with these rules and warranted by existing law or a  good faith argument for the extension, modification, or reversal of     existing law;
    (B) not interposed for any improper purpose, such as to harass or to     cause unnecessary delay or needless increase in the cost of litigation;     and
    ( C ) not unreasonable or unduly burdensome or expensive, given the     needs of the case, the discovery already had in the case, the amount in     controversy, and the importance of the issues at stake in the litigation

This rule does not require a signature under pains and penalties of perjury from either the attorney or the party.

The rule also provides:

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

The supplemental requests that you made upon both Sonia Fernandez and Terri Pechner-James were not signed. The requests also did not bear the case caption, neither name nor number. The only part of that submission that bore a signature was the cover letter. The Plaintiffs brought the matter to your attention in the introductory paragraph of their responses. You have not responded.

The Plaintiffs, however, have obeyed the orders of the court and have provided you with detailed responses. We have not yet received, either electronically or by mail the supplemental pleading that you stated you filed with the court on January 26, 2006.

Please call if you have any questions.

Sincerely,

James S. Dilday, Esq.