UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and<br>SONIA FERNANDEZ,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF REVERE et. al.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.03cv12499-MLW<br>)<br>)<br>)<br>)<br>) |

THIRD ORDER ON DISCOVERY MOTIONS

SOROKIN, M.J.                                                                              February 6, 2006

     The City of Revere has filed a Motion (Docket #111)[1] in essence complaining that Plaintiff has failed to comply with this Court's January 27, 2006 Order docketed on January 31, 2006.

     1. Fed. R. Civ. P. 33(b)(1) <u>commands</u> that "[e]ach interrogatory shall be answered separately and fully in writing under oath . . . ." The Rule goes on to require that the "answers are to be signed by the person making them" except as to objections which are signed by the attorney. Each Plaintiff has until Friday February 10, 2006 at 5:00 p.m to file with the Court evidence that each of them has signed under oath each of their interrogatory responses produced as of February 10, 2006.

     2. Plaintiffs have until Friday February 10, 2006 at 5:00 p.m. to respond to defendants'

---

[1] Although labeled an "Ex Parte" Motion, the City filed it in the ordinary course using the CM/ECF system which means that plaintiffs' counsel, according to the Court's records, has received electronic notice of the filing and may obtain access to it online. Subsequently, the Clerk's Office staff, noting the "Ex Parte" designation, removed the document from public view. At my Order, the document has been unsealed and placed back in public view as it contains no privileged information and defense counsel indicated to the clerk he did not object.

contention that plaintiffs have failed to produce to defendants signed medical release forms in accord with this Court's Order dated January 27, 2006

3. The records of the Clerk's Office reflect that Defendants filed their narrowed list of objectionable interrogatories with the Court on January 26, 2006 and Plaintiffs' counsel received electronic notice of the same on that date. The Court gave Plaintiffs' until February 2, 2006 to further supplement their interrogatory responses in light of defendants narrowed list of objections. To date, Plaintiffs have neither filed supplemental interrogatory responses with the court nor sought more time to do the same. Documents attached to defendants' filing suggest that plaintiffs' counsel asserts he has not received the defendants' narrowed list. Although that list, in the court's view, is not a prerequisite to the filing of supplemental responses (in light of the detailed objections already made by defendants), it was filed on January 26, 2006, a day before the deadline. Accordingly, each plaintiff has until Friday February 10, 2006 by 5:00 p.m. to serve and to file any supplemental interrogatory responses.

4. Plaintiffs may submit a supplemental memorandum not to exceed five pages by Friday February 10, 2005. Defendants (collectively) may submit a responsive supplemental memorandum not to exceed five pages by Wednesday February 15, 2006.

5. The Court will resolve the pending motions in light of the record after the above filings are complete.

Defendants' Motion (Docket #111) is DENIED WITHOUT PREJUDICE..

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge