UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and
SONIA FERNANDEZ,

    Plaintiffs,

v.

C.A. No.: 03-12499MLW

CITY OF REVERE, THOMAS AMBROSINO,
Mayor, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
Chief, BERNARD FOSTER, SALVATORE
SANTORO, ROY COLANNINO, FREDERICK
ROLAND, THOMAS DOHERTY, JOHN
NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,

    Defendants.

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS AND AWARD FOR EXPENSES[1]

1. **Procedural Background**.

Plaintiffs filed the instant civil action with the Superior Court and it was removed to the U.S. District Court by the defendants on December 11, 2003. Plaintiffs' complaint alleges, *inter alia*, that they have suffered emotional distress, humiliation, physical pain and loss of income and seek 2.5 million dollars apiece.

On October 6, 2005 this Court held a hearing on the defendant City's Motion to Compel Answers to Interrogatories (Docket No. 46) and defendant police officers' Motion to Compel Production of Documents and Award of Expenses (Docket No. 79), among other matters. At said Court hearing, Magistrate Judge Sorokin ordered plaintiffs to respond to the City's

---

[1] This memorandum is collectively filed by all defendants in this case as required by Magistrate Judge Sorokin's Order dated February 6, 2006.

1

interrogatories and produce to defendants certain medical records and medical releases by December 6, 2005 (Docket No. 87).  A special status conference was also held on November 29, 2006 to monitor the progression of the case.  See Docket entry for November 29, 2005.

Plaintiffs failed to comply with the Court's orders and did not produce the court ordered medicals.  The defendant police officers filed a Motion for Sanctions and Award of Expenses with this Court on January 5, 2006 (Docket No. 100).  Likewise, Plaintiffs interrogatory answers were deficient and the City filed a motion for Discovery Sanctions as a result thereof (Docket No. 101).  On January 25, 2006, a court hearing was held on said sanctions motion.  At said hearing, the Court inquired whether plaintiffs provided defense counsel with medical releases.  Plaintiffs' counsel first indicated that he "gave medical releases already."  When all four defense counsel indicated that plaintiffs had provided no medical releases to date, Plaintiffs' counsel then modified his answer by saying that he had "prepared them, but never gave them."  With these representations in tow, the Court ordered plaintiffs to produce the releases for all medical records by January 27th.  Likewise, the Court order the Plaintiffs to review and potentially supplement their responses to the interrogatories that were still considered deficient by the City and to sign their supplemental responses under oath in any event (Docket No. 110 – Second Discovery Order).  Plaintiffs produced no medical releases, did not sign their interrogatory answers under oath and have declined to supplement the interrogatories the City deemed to still be deficient (Docket No. 104).  The Court took under advisement the defendants' sanctions and monetary award requests.

On February 2, 2006, the City filed an Ex Parte Application seeking relief from the briefing limitations set forth in the Second Discovery Order (Docket No. 111).  In response to the City's Ex Parte Application, the Court issued its Third Discovery Order (Docket No. 112).

Pursuant to the Third Discovery Order:

> Each Plaintiff has until Friday February 10, 2006 at 5:00 p.m to file with the Court evidence that each of them has signed under oath each of their interrogatory responses produced as of February 10, 2006. Plaintiffs have until Friday February 10, 2006 at 5:00 p.m. to respond to defendants' contention that plaintiffs have failed to produce to defendants signed medical release forms in accord with this Court's Order dated January 27, 2006. Accordingly, each plaintiff has until Friday February 10, 2006 by 5:00 p.m. to serve and to file any supplemental interrogatory responses. Plaintiffs may submit a supplemental memorandum not to exceed five pages by Friday February 10, 2005. Defendants (collectively) may submit a responsive supplemental memorandum not to exceed five pages by Wednesday February 15, 2006.

The Plaintiffs have utterly failed to comply with the Third Discovery Order. The defendants now update the Court as to discovery matters.

2.   **Discovery Update**.

Plaintiffs have *not* provided the defendants with the Court ordered medical releases, have not submitted supplemental responses to their interrogatory answers under oath, have declined to respond to the remaining interrogatories in contention (Docket No. 104) and have not complied with any of the other Court orders set forth above.

WHEREFORE, the premises being considered, the defendants' respectfully renew their request for dismissal of the instant action and for the monetary sanctions prayed, or, in the alternative, for issue and evidentiary sanctions commensurate with the longstanding discovery abuses identified herein and for the monetary sanctions prayed.

| | |
|---|---|
| Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford, By their attorney, | Defendants City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon By their attorney, |
| /s/ Michael J. Akerson<br>Michael J. Akerson<br>BBO : 558565<br>John K. Vigliotti<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>(508) 754-7285 | /s/ Walter H. Porr, Jr.<br>Paul Capizzi, City Solicitor<br>BBO No. 646296<br>Walter H. Porr, Jr.<br>Assistant City Solicitor<br>BBO No. 659462<br>281 Broadway<br>Revere, MA  02151<br>(781) 286-8166 |

February 13, 2006