UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and )
SONIA FERNANDEZ, )
)
      Plaintiffs, )
) Civil Action No.03cv12499-MLW
   v. )
)
CITY OF REVERE et. al. )
)
      Defendants. )

ORDER ON MOTION FOR SANCTIONS

SOROKIN, M. J.                                           February 17, 2006

On March 2, 2005 the defendant City served Plaintiffs with 179 and 132 interrogatories, respectively. Along with these interrogatories, the City also sent a request that the plaintiffs stipulate to the entry of an Order permitting service of more than 25 interrogatories. Although the City's interrogatories were voluminous in nature, they largely seek basic information; for instance, one interrogatory asks the plaintiffs to identify the persons referred to in a specific paragraph of the Complaint. In its cover letter, the City's counsel stated that the purpose of the interrogatories was to help focus and shorten the depositions of the plaintiffs. Plaintiffs' counsel agreed to stipulate to Defendants' request of the 179 and 132 interrogatories; thereafter the parties filed their stipulated Motion with the Court (Stipulated Motion, Docket #31) and on March 24, 2005, Chief Judge Wolf approved the parties' stipulation (Electronic Order Allowing Motion to Serve Interrogatories Exceeding 25 in Number, dated March 24, 2005).

Plaintiffs did not answer the interrogatories at that time. Instead, on April 12, 2005, Plaintiffs filed an emergency Motion for Protective Order (Docket #33) seeking protection from, *inter alia*, these same interrogatories, which Plaintiffs described as "abusive," and "unreasonable." On May 23, 2005, the City filed a Motion to Compel Plaintiffs to respond to the interrogatories pursuant to the stipulated Order (Docket #46).

On September 15, 2005, these two Motions were referred to the undersigned, and a hearing was held on October 12, 2005. After the hearing, the Court denied Plaintiffs' Emergency Motion and allowed Defendant's Motion to Compel, requiring the plaintiffs to answer the interrogatories. (Order on Discovery Motions, Docket #87). Plaintiffs' counsel requested almost two more months to respond to the interrogatories; the Court agreed, and accordingly set a deadline of December 6, 2005 for Plaintiffs' responses. Thereafter, at a status conference held on November 29, 2005, Plaintiffs' counsel represented that the interrogatory discovery responses were on track.

On or about December 6, 2005, Plaintiffs served their interrogatory responses. The City was dissatisfied with the responses, however, and it wrote a detailed letter to Plaintiffs' counsel explaining the basis for its objections, interrogatory by interrogatory. Ultimately, the City filed a Motion for Sanctions seeking (1) dismissal of the case (2) a monetary award for costs and (3) alternatively, various evidentiary sanctions (Docket # 101).

The Court held a hearing on this and other motions on January 25, 2006. At that hearing, the Court explained that Plaintiffs' answers to the City's interrogatories were deficient. The Court noted that, in response to interrogatories requesting that Plaintiffs identify certain events and/or the individuals described in a specific paragraph of their Complaint, Plaintiffs' responses

2

neither identified the events or persons specifically, nor stated that Plaintiffs could not identify the events or persons more specifically.  Local Rule 26.5(C)(3)(defining "*Identify (With Respect to Persons)*).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.")(emphasis in original);  See, e.g., Interrogatory No. 14 ("IDENTIFY the '[o]ther officers at the scene [who] commented on [your] diminished status' as set forth in paragraph 83 of your **COMPLAINT**")(emphasis in original); Response No. 14 ("The other officers at the scene were members of the Revere Police Department and Officer Luis Rodriquez of the Chelsea Police Department").  In short, the task was a straight forward one.

At, or shortly before, the January 25, 2006. hearing, Plaintiffs filed supplemental interrogatory responses.  These responses suffered from a further problem: neither of the plaintiffs had signed the supplemental answers under oath as required by Fed. R.Civ. P. 33(b)(1).  Mayle v. Ohio Power Co., 853 F.2d 927, *1 (6th Cir.1988)(unpublished)("contrary to Rule 33(a), Fed. R. Civ. P., Mr. Mayle did not answer the interrogatories under oath"); McDougall v. Dunn, 468 F.2d 468, 473 (4th Cir.1972) (stating that Rule 33 requires the party to sign the interrogatory responses under oath).

Accordingly, orally in court and later in a written order, the Court ordered that: (1) each plaintiff sign her supplementary responses under oath by January 27, 2006;  (2) the City identify which of the interrogatory responses, if any, remained objectionable in light of the supplemental responses, by no later than January 27, 2006; and (3) each plaintiff serve further supplemental responses addressing the problems identified by the Court by February 1, 2006 (Discovery Order,

Docket #110, entered January 31, 2006). If, after this process, the City still objected to plaintiffs' response, the Court also ordered that City had to identify the interrogatory answers that remained objectionable by February 8, 2006. The Court reserved judgment on the request for sanctions pending resolution of the merits of the responses.

The City filed papers on February 2, 2006 complaining that Plaintiffs failed to comply with the above Order. (Docket # 111, Ex Parte Motion for Discovery). In light of that filing, and to provide Plaintiffs further time to resolve the matter so that the parties could proceed to the merits of the case, the Court issued a Third Order providing Plaintiffs with another opportunity to sign their interrogatory responses under Oath. (Order, Docket # 112, entered February 6, 2006). On February 9, 2006, Plaintiffs filed their further supplemental responses. Plaintiff Terri Pechner-James failed to sign her supplemental responses under oath (Docket #114-2 (Ex. A) however, and Plaintiff Sonia Fernandez did not sign her supplemental responses at all. (Docket #114-3 (Ex. B). Plaintiffs provided no evidence that they had signed under oath these, or the earlier, supplemental responses.

While their supplemental responses were timely under the Court's third Order, Plaintiffs have failed and refused to sign the supplemental interrogatory responses under oath. Plaintiffs have repeatedly declined the numerous opportunities offered to resolve the interrogatory issue in a simple and straightforward manner, electing instead to engage in a pattern of behavior that has resulted in needless expense and delay. Id. The net effect of this course of conduct has been to delay and impede Plaintiffs' own efforts to seek redress for the serious allegations of wrongful conduct set forth in their Complaint. And, Plaintiffs' counsel has disregarded the plain terms of Rule 33 and this Court Orders. See Fed. R. Civ. P. 37(b)(2)("if a party. . .fails to obey an order

4

to provide or permit discovery . . . the court . . . may much such orders in regard to the failure as are just").

Plaintiffs have pursued a similar course regarding their medical records. Despite the Officer Defendants'[1] requests for production of these documents, and a Motion to Compel the same (Docket #79), Plaintiffs have still failed to produce the documents. At the November 29, 2005 hearing, Plaintiffs' counsel agreed to produce release forms by December 6, 2005, so that defense counsel could seek and obtain these records; Plaintiffs' counsel did not produce a complete set of releases, however. The Officer Defendants moved to compel the medical records a second time, in addition to moving for sanctions (Docket # 100). After hearing the parties on this issue on January 25, 2006, the Court ordered Plaintiffs' counsel to deliver signed release forms to the Officers' counsel's office no later than Friday, January 27, 2006 at 5:00 p.m. (Discovery Order, Docket # 110); see also Clerk's Notes of Hearing on January 25, 2006. The Officer Defendants subsequently complained that Plaintiffs failed to produce the release forms; accordingly, in the Third Discovery Order, the Court ordered Plaintiffs to respond, by February 10, 2006, to the Defendant Officers' allegation that Plaintiffs had not produced the forms. (Order, Docket #112 at ¶ 2).

On February 9, 2006, Plaintiffs filed their supplemental interrogatory responses, as described above, and also submitted a two-page supplemental response to the defendant City of Revere's Motion for Sanctions (Docket # 114). Plaintiffs have not filed any pleading that affirms or denies that they have produced the signed medical release forms, despite the clear directive to

---

[1] "Officer Defendants" here refers to Bernard Foster, Salvatore Santoro, Roy Colannion, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford. See Defendants' Motion for Sanctions and for Award of Sanctions (Docket # 100).

do in the Court's Third Order.  On February 13, 2006, Defendants' filed a collective supplemental memorandum in support of their Motions for sanctions in which they contends that Plaintiffs have not produced any further medical release forms.

In light of all of the foregoing, the Court concludes and finds that Plaintiffs' counsel has disregard the Court's Orders.

In light of the foregoing, each plaintiff is ORDERED to appear with Plaintiffs' Counsel on Friday March 3, 2006 at 9:00 a.m. in Courtroom 14.  At that time, each plaintiff will be given (1) the opportunity to sign or to attest to personally and under oath as to her interrogatory responses and (2) the opportunity to sign multiple original copies of a general standard medical release form.  Absent an agreement between the parties as to the form of the release, Plaintiffs will be provided the opportunity to sign the form used by the United States Probation Office, modified so as to run in favor of Defendants.  The Court reserves judgment on Defendants' request for dismissal until after the hearing on March 3, 2006.

No further litigation of the interrogatory issue will be fruitful.  The City embarked on this course in order to save litigation expense and focus the depositions; this path has not achieved that reasonable goal, however.  The focus of discovery is on the discovery of information; the City can acquire the information that they seek in their interrogatories through their depositions of the plaintiffs.

Finally, as a sanction for failing to comply with the Court's orders, I hereby order Plaintiffs' Counsel to pay counsel for the City of Revere $500.00 and counsel for the police officer defendants $500.00 which I find to be "the reasonable expenses. . . caused by [Plaintiffs'] failure" to comply with the Court's Orders.  Fed. R.Civ. P. 37(b)(2).

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge