# EXHIBIT G

underwear was left on the bulletin board for a week. Another female officer and I had our tires slashed, we think by other male officers. This list goes on and on. There are two different standards for men and women at the police department and it's unlawful sex discrimination.

------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information, and belief.

_(Signature of Complainant)_

SWORN TO AND SUBSCRIBED BEFORE ME THIS 12th Day of March, 2001

NOTARY PUBLIC: _Nayette L. Hobbs_

SIGNATURE    NOTARY    PUBLIC: _Nayette J. Hobbs_ MY    COMMISSION EXPIRES: _July 26, 2007_

# COMMONWEALTH OF MASSACHUSETTS

Suffolk ,ss                                                        Civil Action:


Terri Pechner-James
Sonia Fernandez


V


City of Revere, Thomas Ambrosino, Mayor
City of Revere, Police Department, Terrence Reardon,
Chief Bernard Foster, Salvatore Santoro, Roy Colannino,
Frederick Roland, Thomas Doherty, John Nelson,
James Russo, Michael Murphy and Steven Ford.




## AFFIDAVIT

I, Terri Pechner-James, upon oath swear and affirm as follows:

    1. I am a Plaintiff in the above-named action.
    2. I have read the Complaint in this action.
    3. The statements in the Complaint are true to the best of my knowledge and belief.

Date:  9-30-03                         Signature: *Terri James*

named Defendants barred the plaintiff from full participation in the compensation, the terms, the conditions and the privileges of employment in violation of M.G.L.c. 151 Sec. 1 & (1)(2) and 42 U.S.C. Sec. 2000 (e)-2.

25. Answer: Count 3 of Plaintiff's Complaint is based on the fact that Defendants barred the Plaintiff from full participation in the compensation, the terms, the conditions and the privileges of employment. The facts that support the Plaintiff's claim have been stated in the answer to Interrogatory # 23. The Plaintiff states, in addition, that Defendant, Bernard Foster, isolated the Plaintiff and acted to prevent her acceptance and full integration into the social and professional fabric of the Department. The Plaintiff did not receive compensation in the form of overtime, paid detail work and other means of compensation that would have enhanced the privileges of employment. The Defendants have acted to cover up the full extent of the marginalization of the Plaintiff, the extent of the income she has been denied and her lack of access to the opportunities for advancement provided by the Department.

26. Please state in full and complete detail each and every fact upon which you rely to support your claim, contained in Count 4 of your Verified Complaint, that the above named Defendants conduct was extreme and outrageous that it shocks the conscience and violates the law and in continuous violation of M.G.L.c. 151B Sec. 4A and 42 U.S.C. Sec. 2000(e)-2.

26. Answer: Count 4 of Plaintiff's Complaint is based on the fact that Defendants conduct toward the Plaintiff was extreme and outrageous. The facts that support the Plaintiff's claim have been stated in detail in Plaintiff's answer to Interrogatory # 23. In addition, the Defendants have continued to be hostile toward the Plaintiff. At the time the Complaint was filed, Defendants displayed their contempt and hostility for the Plaintiff by ignoring the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Commission. They had to be coerced into compliance. The Defendants have continued to display the same extreme and outrageous conduct toward the Plaintiff at each stage of the proceedings. They were coerced into providing disability retirement benefits to the Plaintiff. Now, they refuse to provide necessary documents even if "they exist" and have ignored the Court's pretrial order to discuss mediation or settlement.


Terri Pechner-James
1204 S.W. 28th Street
Cape Coral, FL 33914

Dated: 5/7/05

15. His report confirmed the distressing events of that shift and confirmed that Daly had overheard Lieutenant Santoro ask another prisoner, John Barker if he had ever "fucked" Officer James." **(See Attached Exhibit A).** John Barker also provided a written statement that confirmed Lieutenant Santoro's remarks to him.

16. On October 15, 2001, Sergeant Picardi met with investigator, John F. McCabe and prepared a report. **(See Attached Exhibit B.)** This report confirms that Sergeant Picardi returned to the station, at Sergeant Cafarelli's request, and observed that I "was visibly upset and crying." This report confirms that I was so upset that Sergeant Picardi sent me home.

17. Christopher Daley gave the supervisors, Cafarelli, Picardi and Nelson, a written statement that confirms the events of that evening. **(See Attached Exhibit C).** John Barker also gave the investigator a written statement that corroborates the behavior of both Detective Goodwin and Lieutenant Santoro.**(See Attached Exhibit D).**

18. The events of March 13, 2001, were the cumulative result of a climate of hostility and sexual harassment at the Revere Police Department. In addition to the medical opinions of my doctors and the Exhibits attached to my Complaint, the Medical Progress Reports of the Massachusetts General Hospital clearly show the physical and the medical effect of the years of hostility and sexual harassment at the Revere Police Department. **(See Attached Exhibit E).**

Terri Pechner – James

I, Terri Pechner-James, upon oath swear and affirm as follows:

1. I am the affiant and a plaintiff in the above entitled action.
2. I have this Affidavit
3. The statements in this Affidavit are true.

Date: 2-9-04                    Signature: _____

3

**A.173** There is some factual overlap between the provisions of paragraph 126 and paragraph 90 of the Plaintiffs complaint.

174. Where do you presently reside?

**A.174** Plaintiff present resides in Georgetown, Massachusetts.

175. How long have you reside at this address?

**A.175** Plaintiff has resided at the address for several months.

176. If you own the property where you presently reside, when did you purchase it?

**A.176** Plaintiff does not own the property she presently resides.

177. If you are presently employed, identify your employer.

**A.177** The Plaintiff is not employed. She has been adjudicated as disabled by Post Traumatic Stress Disorder experienced at the Revere Police Department.

178. If you are presently employed, state when this employment began.

**A.178** The Plaintiff is not presently employed.

179. If you are presently employed, state the title of your position and provide a description of your job duties.

**A.179** The Plaintiff does not have a title nor does she have job duties. She is not presently employed.

Terri Pechner-James

165. Identify the Defendants who have intimidated, threatened, and coerced you as set forth in paragraph 122 of the complaint.

   A. 165. The policy makers of the City of Revere, Mayor Thomas Ambrosino and the City Council, their agents, Terrence Reardon, Chief of Police and his predecessors, James Russo, former Chief of Police, Roy Colannino, acting chief, Frederick Roland, acting chief Bernard Foster, and Steven Ford, Michael Murphy, and Thomas Doherty, John Nelson and Salvatore Santoro.

Terri Pechner-James

# City of Revere
## Police Department

## Application For Indemnification Under Massachusetts General Laws Chapter 41, Section 100

To Whom It May Concern:

I hereby make application for indemnification under Massachusetts General Law Chapter 41, Section 100. I certify that the expenses for which payment is sought are the natural and proximate result of an accident occurring or of undergoing a hazard peculiar to my employment, while acting in the performance and in the scope of my duty without fault of my own.

I hereby release to the City of Revere's designated physician(s) all information in the City's possession regarding my medical condition. I hereby expressly waive any privilege which I may have relative to this information.

Signature ___Jeni Pechner___    Date 4.19.2001

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Department Recommendation

Approved _____    Denied _____

Signature _____    Date _____

# MEMBER'S APPLICATION for Disability Retirement

PREVIOUSLY IDENTIFIED AS PERA 10-1, 10-3, 10-4, 10-5, 10-6 [1-3], 10-19A-792

## Intent to Retire

| JAMES | TERRI | L | PECHNER |
|---|---|---|---|
| NAME OF APPLICANT [LAST] | [FIRST] | [M.I.] | FORMER OR MAIDEN NAME [IF DIFFERENT] |

| 157 Conant Street | | 017 - 56 - 5959 |
|---|---|---|
| STREET ADDRESS | | SOCIAL SECURITY # |

| Revere | Ma | 02151 | [781] 284-4638 |
|---|---|---|---|
| CITY | STATE | ZIP | PHONE # |

| 04-29-73 | Lynn, MA. | ☐ M  ☒ F | ☐ YES  ☒ NO |
|---|---|---|---|
| DATE OF BIRTH | PLACE OF BIRTH | SEX | ARE YOU A VETERAN? |

**If you will be residing at an address other than the one above [for example, a summer or retirement address] within the next 12 months, please list your alternate address below.**

|  | [    ] |
|---|---|
| ALTERNATE STREET ADDRESS | PHONE # |

| | | | FROM            TO |
|---|---|---|---|
| CITY | STATE | ZIP | DATES IN RESIDENCE AT YOUR ALTERNATE ADDRESS |

I understand that I have the right to apply for Accidental Disability and/or Ordinary Disability Retirement benefits. If I believe my disability may be the result of a job-related incident or injury, I may apply for Accidental Disability benefits and must answer all of the questions on this application. I will be required to provide evidence that my disability occurred as a result of a personal injury sustained or a hazard undergone while in the performance of my duties at a definite place and time without serious and willful misconduct on my part.

If I apply for Accidental Disability and PERAC approves my application after considering the Retirement Board's findings, the Regional Medical Panel Report and other evidence, I will be granted an Accidental Disability.

If I apply for an Accidental Disability and PERAC approves an Ordinary Disability application for me based on the Retirement Board's findings, the Regional Medical Panel Report and other evidence, then I may be retired for Ordinary Disability based on this application, if that is my preference and I meet the other requirements for Ordinary Disability benefits.

## I APPLY TO BE RETIRED ON THE BASIS OF [PLEASE CHECK ONE]:

☒ ACCIDENTAL DISABILITY          ☐ ORDINARY DISABILITY          ☐ BOTH ACCIDENTAL AND ORDINARY DISABILITY

I sign this application under the pains and penalties of perjury. I affirm that the information presented in this application is correct, complete and accurately presented. I understand that giving false or incomplete information on this application may subject me to loss of my benefits as well as civil and criminal penalties.

APPLICANT'S SIGNATURE _____          DATE 2/5/03

PERAC
WWW.STATE.MA.US/PERAC

**RETIREMENT BOARD:** AFFIX YOUR ADDRESS LABEL IN THE BOX PROVIDED AT RIGHT.

39. Sergeant Doherty did not disapprove of profanity. He disapproved only when it was used by female officers. I learned from officers Curcio, Fish and Malatesta about the events of April 18, 1997. Sergeant Doherty conducted a line-up of the three officers and had complaining youths identify the female officer who used profanity. I was not part of that group but Sergeant had said to me that his wife and daughter did not use that kind of language and he would not allow me to use it either.

40. Sergeant Doherty's comments about the female sports commentator during the world series game was a general statement about his opinion of female professionals, including me. His comments were discussed at the January 7, 1999 meeting.

41. I learned about Sergeant Nelson's use of pornography from officer Malestesta, who was on duty and the other witnesses who were present.

42. I am one of the female officers who chauffered and accompanied Chief Russo to lunch. I am not aware that he took any of the problems of the female officers to the Mayor and that the Mayor took any action based on his reports.

43. I filed a complaint in the Suffolk Superior Court verified on September 30, 2003; I attached the DALA Findings of Fact and Conclusion of Law as **Exhibit A** and the Decision of RERAC as **Exhibit B**. **[Exhibit 15].**

44. The Defendants removed this complaint to the federal district court. **[Exhibit 14]**

Sworn under pains and penalties of perjury.


*Terri Pechner-James*

Terri Pechner-James

10

28. The Defendants removed this case to the federal district court after the Medical Panel issued its initial findings on July 28, 2003 but before it responded to the requested clarification on March 29, 2004.  **[Exhibit 14-Docket Sheet]**

Respectfully submitted,

Terri Pechner-James

**A.173**  There is some factual overlap between the provisions of paragraph 126 and paragraph 90 of the Plaintiffs complaint.

174. Where do you presently reside?

**A.174** Plaintiff present resides in Georgetown, Massachusetts.

175. How long have you reside at this address?

**A.175** Plaintiff has resided at the address for several months.

176. If you own the property where you presently reside, when did you purchase it?

**A.176**  Plaintiff does not own the property she presently resides.

177. If you are presently employed, identify your employer.

**A.177** The Plaintiff is not employed. She has been adjudicated as disabled by Post Traumatic Stress Disorder experienced at the Revere Police Department.

178. If you are presently employed, state when this employment began.

**A.178**  The Plaintiff is not presently employed.

179. If you are presently employed, state the title of your position and provide a description of your job duties.

**A.179** The Plaintiff does not have a title nor does she have job duties. She is not presently employed.

Signed under pains and penalties of perjury.


/s/ Terri Pechner-James
Terri Pechner-James

163. Identify the "male employees" to whom you are referring in paragraph 116 of the complaint.

A. 163. Joe Rizzutti, Officer Burns, and Officer McRae.

165. Identify "the Defendants" who have "intimidated, threatened, and coerced" you as set forth in paragraph 122 of the complaint.

A. 165. The policy makers of the City of Revere, Mayor Thomas Ambrosino and the City Council, their agents, Terrence Reardon, Chief of Police and his predecessors, James Russo, former Chief of Police, Roy Colannino, acting chief, Frederick Roland, acting chief Bernard Foster and Steven Ford, Michael Murphy, and Thomas Doherty, John Nelson and Salvatore Santoro.

Signed under pains and penalties of perjury

/s/ Terri Pechner-James
Terri Pechner-James

environment for the Plaintiff. Tacit permission is given when policy makers, and their agents, fail to act to correct violations of the law, fail to provide redress and instead abdicate their responsibility to the Massachusetts Commission Against Discrimination.

119. If your answer to Interrogatory 118 is an affirmative of the contention, identify the employee(s) of the city of Revere Police Department who caused or contributed to the vandalism asset forth in paragraph 73 of the complaint.

A. 119. The Plaintiff is also entitled to know the names and the identities of the officers who caused the vandalism. The Revere Police Department failed to investigate the serious and intentional damage done to its property. The names and identities of the officers who caused the vandalism are unknown to the Plaintiff.

120. If you contend that the vandalism of the assigned automobiles as set forth in paragraph 73 of the complaint was caused by any employee of the City of Revere other than an employee of the Police Department, state the basis of your contention.

A. 120. The Plaintiff does not contend that the vandalism of the assigned automobiles was caused by an employee of the City of Revere other than an employee of the Police Department.

121. If your answer to Interrogatory 120 is an affirmative of the contention, identify the employee(s) of the City of Revere who caused or contributed to the vandalism set forth in paragraph 73 of your complaint.

A. 121. The answer to 120 is not affirmative.

151. Is the meeting with the Mayor alleged in paragraph 105 of the complaint the same meeting as the one alleged in paragraph 49 of the complaint.

A. 151. Terri Pechner-James met with the Mayor on two separate occasions.

Signed under pains and penalties of perjury

/s/ Terri Pechner-James
Terri Pechner-James

6