# EXHIBIT H

asked me about my national origin then said you are all the same a bunch of "cockroaches". On or about 8/7/00, Lt. Ford while in the presence of another male officer said "the next female that complains will be downstairs working as a matron". I took these comments as a threat because I was the only female officer present. On or about 8/13/00, while eating lunch Lt. Ford took a knife and made a stab towards me. On or about 10/12/00, I filed a formal complaint of harassment against Lt. Ford. Someone had drawn a dildo on the chalkboard facing the radioroom. On or about 2/26/01, my firstday in there was womens underwear hanging in the guard room during roll - call. On 2/27/01, I noticed the underwear were still there. The underwear were finally removed after roll - call on 2/28/01. I found this act very offensive, and disrespectful towards female officers. I have attempted to persue the internal chain of command in search of a resolution to this matter, with no results. The harassment I have endured has caused a hostile work environment that has become intolerable.

---

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Sonia Fernandez*
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 14th Day of March, 2001

NOTARY PUBLIC: *Jerome E. Mack*

SIGNATURE NOTARY PUBLIC: *Jerome E. Mack* MY COMMISSION EXPIRES: 7/14/06

## COMMONWEALTH OF MASSACHUSETTS

Suffolk ,ss                                                                         Civil Action:

Terri Pechner-James
Sonia Fernandez

V.

City of Revere, Thomas Ambrosino, Mayor
City of Revere, Police Department, Terrence Reardon,
Chief Bernard Foster, Salvatore Santoro, Roy Colannino,
Frederick Roland, Thomas Doherty, John Nelson,
James Russo, Michael Murphy and Steven Ford.

## **AFFIDAVIT**

I, Sonia Fernandez, upon oath swear and affirm as follows:

1. I am a Plaintiff in the above-named action.
2. I have read the Complaint in this action.
3. The statements in the Complaint are true to the best of my knowledge and belief.

Date: September 30, 2003               Signature: Sonia Fernandez

instructed to report to the Revere Police Department as soon as possible after the day ended. I reported to the Revere Police Department. Chief Russo took me into his office and asked me to sit down. He told me that he had received an anonymous letter which stated that I was suicidal and on drugs. I considered these accusations slanderous. The chief insisted that he wanted to record our interview. This was an extremely stressful situation for me. I am not aware that any other cadets were subject to this kind of anonymous accusation and recorded interview.

(b) My request for leave with pay in March 2001;

(c) Other incidents already stated in Interrogatory No. 21.

Signed under the pains and penalties of perjury this __2__ day of __September__, 2004.

_____
Sonia Fernandez

## CERITIFICATE OF SERVICE

I, Carlton J. Dasent, hereby certify that I served a copy of the within document by first class mail upon: Michael J. Akerson, Esquire and John K. Vigliotti, Esquire, Edward P. Reardon, P.C., 397 Grove Street, Worcester, MA 01605 and Ira H. Zaleznik, Lawson and Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210.

_____
Carlton J. Dasent

A. 130 Plaintiff does not presently have an employer.

131. If you are presently employed, state when this employment began.

A. 131 Plaintiff is not presently employed.

132. If you are presently employed, state the title of your position and provide a description of your job duties.

A. 132 Plaintiff is not presently employed, does not have a title or position and cannot provide a description of job duties.

*Sonia Fernandez*
Sonia Fernandez

toward CoPlaintiff, Terri Pechner-James was known in the Department and was part of the environment that affected the Plaintiff. Paragraph 131 should be read in its entirety.

123. Identify the male employees to whom you are referring in paragraph 134 of the complaint.

A. 123. The Plaintiff requested the same leave as any other injured officer, male or female. Objection: The defendant, by taking paragraph 134 out of context, seeks response to a contention that Plaintiff did not make.

_Sonia Fernandez_
Sonia Fernandez

# City of Revere
## Police Department

Application For Leave Without Loss Of Pay Under
Massachusetts General Laws Chapter 41, Section 111F

To Whom It May Concern:

I hereby certify that I am incapacitated for duty because of an injury sustained in the performance of my duty without fault of my own. Consequently, I make application to the City of Revere to grant me leave without loss of pay in accordance with the provisions of Massachusetts General Law Chapter 41, Section 111F.

I I hereby release to the City of Revere's designated physician(s) all information in the City's possession regarding my medical condition. I hereby expressly waive privilege which I may have relative to this information.

Signature: _Sonia Fernande_ Date: 11/7/02

    2. The panel concluded that the said incapacity is likely to be permanent, and unlikely to respond to further rehabilitation efforts.

    3. The panel concluded that the said incapacity is such as might be the natural and proximate result of the personal injury sustained or hazard undergone on account of which retirement benefit is claimed. The panel based this conclusion on the specific work related "gruesome" events that the patient experienced.

31. The City of Revere did not serve me with a notice of appeal of PERAC's decision.

32. The Post Traumatic Stress Disorder (PTSD) found by the psychiatric medical panel is a "personal injury." The Panel made its finding because the predominant contributing cause of this personal (emotional) injury is an event or series of events occurring within the Revere Police Department by the City of Revere and its authorized agents.

33. This personal injury has made me unable to perform the essential duties of my job as a Police Officer. I lost my employment as a police officer. I lost my career as a police officer. I lost my identity and the sense of self worth connected with that identity. I lost my home during the period that I was on unpaid leave.

34. I filed a complaint in the Suffolk Superior Court verified on September 30, 2003. PERAC did not adjudicate my application for retirement disability until September 20, 2004. **Exhibit 24** was attached to that Complaint.

35. The Defendants removed this complaint to the federal district on December 11, 2003, **[Exhibit 14]** prior to the PERAC adjudication.

Sworn under pains and penalties of perjury.

*Sonia Fernandez* (signature)
Sonia Fernandez

7

19. The Defendants did not appeal this determination pursuant to M.G.L.c. 30A. They did not request a clarification. **[Exhibit 13-M.G.L.c 30A § 14]**

20. The Plaintiff now receives a disability benefit based on this state adjudication..

21. The Plaintiff filed her complaint dated September 30, 2003 in the Suffolk Superior Court. The Defendants moved this case to the federal district court; the case was pending in the federal district court on September 12, 2004 when the PERAC Medical Panel made its adjudication. **[Exhibit 14-Docket Sheet]**

22. The federal and state claims are intertwined in all four (4) counts of the Plaintiff's complaint and all arise from the same nucleus of operative facts.

Respectfully submitted

_Sonia Fernandez_
Sonia Fernandez

4

/s/ Sonia Fernandez  *Sonia Fernandez*
Sonia Fernandez

28

/s/ Sonia Fernandez  *Sonia Fernandez*

CoPlaintiff, Terri Pechner-James was known in the Department and was part of the environment in which the Plaintiff worked. Paragraph 131 should be read in its entirety.

123. Identify the male employees to whom you are referring in paragraph 134 of the complaint.

A. 123. The Plaintiff requested the same leave as any other injured officer, male or female. Objection: The Defendant, by taking paragraph 134 out of context, seeks response to a contention that the Plaintiff did not make.

Signed under pains and penalties of perjury

*Sonia Fernandez*
Sonia Fernandez, Plaintiff

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

identifies the deliberate indifference of the policy makers of the City of Revere as the cause of this incident.

98. Identify the "male offers injured on the job" who were given "paid leave" as set forth in paragraph 105 of the complaint.

A. 98. The Plaintiff's injury was subjected to a different standard. During the period of her employment, there were many officers, whose names she does not recall, who received paid leave for physical injuries.

99. For each male officer identified in response to Interrogatory No.98, describe in detail the date and circumstances of their injury which resulted in their receiving paid leave.

A. 99. The Plaintiff does not have the details, dates and circumstances requested by this interrogatory.

102. Do the allegations of paragraph 105 of the complaint describe the same incident or events as alleged in paragraph 88 of the complaint.

A. 102. The contents of Paragraphs 88 and 105 arise from the same experience.

123. Identify the male employees to whom you are referring in paragraph 134 of the complaint.

A. 123. The Plaintiff requested the same leave as any other injured officer, male or female. Her injury was not given parity with physical injuries; she was not given leave with pay.

Signed under pains and penalties of perjury

/s/ Sonia Fernandez     *Sonia Fernandez*
Sonia Fernandez, Plaintiff