UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and <br> Sonia Fernandez <br>     Plaintiffs, <br><br> v. <br><br> City of Revere, Thomas Ambrosino, Mayor <br> City of Revere, Police Department, <br> Terrence Reardon, Chief, <br> Bernard Foster, Salvatore Santoro, Roy <br> Colannino, Frederick Roland, Thomas Doherty, <br> John Nelson, James Russo, Michael Murphy, <br> and Steven Ford, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. NO. 03-12499-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDRICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD'S STATUS REPORT

Now comes above-stated defendants in the above-entitled matter and provide this Court with the following status report:

I.    DISCOVERY ISSUES.

    A.    Medical Records/Medical Releases.

Given this Court's three orders regarding plaintiffs' outstanding discovery obligations, the Court is aware of the plaintiffs' repeated discovery failures. It is now nearly five months after the Court ordered plaintiffs to produce medical records to the defendants and the same issues remain unresolved. Since October of 2005, plaintiffs has only produced one additional set of medical records for one plaintiff, despite this Court's orders. In an effort to move the case forward, on February 22, 2006 the undersigned defense counsel telefaxed and mailed to plaintiffs' attorney a variety of medical releases for the plaintiffs themselves to sign and return.

    B.    Calendars/Notes of the Plaintiff.

Plaintiff Pechner-James, at her day one deposition, stated that she had calendars/notes in her possession. These documents had not been previously produced even though the documents were the type of documents requested in the Defendants' Request for Production of Documents. The plaintiff never objected to the request nor claimed a privilege. The undersigned defense counsel would like a copy of these notes. See City of Revere's Status Report at p. 3

C.   Depositions.

The undersigned defense counsel has scheduled the plaintiffs' deposition a total of eleven times. The result of these efforts was one deposition of plaintiff Pechner-James, yielding 3.5 hours of actual testimony, given the on and off the record debates about former Attorney Dasent's presence at the deposition, plaintiff's "calendars/notes" and frequent breaks. Despite not having either plaintiffs' complete medical records, the defendants scheduled these depositions in order to gather some background information and to begin delving into some of the liability areas. Any advice that the Court could render in assisting the plaintiffs attendance at depositions would be appreciated.

II.   DISCOVERY SCHEDULE.

At present, given the plethora of discovery issues raised in both this status report and those addressed in the City of Revere's status report, the discovery timetables needs to be addressed with new deadlines established. The undersigned counsel respectfully asks that the Court, in fostering a new discovery schedule, consider the numerous pending discovery issues and the reality that it appears that the defense counsel will need some time to gather a multitude of plaintiffs' medical records not produced by the plaintiffs.

Additionally, the extension of the discovery deadlines should only be extended in favor of the defendants because the plaintiffs have caused the discovery delays in this case. The plaintiffs should not be allowed to take advantage of their own defiance and failures to comply with the Federal Rules of Civil Procedure and the discovery orders of this Court. The Court can prevent this from occurring by only allowing the discovery schedule to be extended in favor of the defendants.

III.   DISPOSITIVE MOTION SCHEDULE.

Since any previous discovery schedule has been jettisoned by the much discussed discovery problems in this case, the defendants ask the Court to set a time table for the filing of summary judgment motions and a filing date for oppositions.

IV.   EXPERT WITNESSES.

It is respectfully requested that the Court enter an order requiring the plaintiffs, within the next 30 days, to designate their expert witness(es) in this case and for the plaintiffs to produce expert report(s) in conformance with the Federal Rules of Civil Procedure.

V.   OTHER MATTERS.

To the extent relevant and to the extent deemed appropriate by this Court, the individual defendants also hereby join in the City of Revere's status report filed on February 28, 2006.

          Defendants Bernard Foster, Salvatore
Santoro, Roy Colannino, Frederick
Roland, Thomas Doherty, John Nelson, James
Russo, Michael Murphy and Steven Ford,
By their attorneys,

/s/ John K. Vigliotti
Michael J. Akerson
BBO#: 558565
John K. Vigliotti
BBO#: 642337
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

Dated: March 1, 2006

## Certifcate of Service

I, John K. Vigliotti, hereby certify that Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Fredrick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford's Status Report has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) as follows:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
via CM/ECF e-mail

Paul Capizzi, City Solicitor
Walter H. Porr, Jr., Asst. City Solicitor
Office of the City Solicitor, City Hall
281 Broadway
Revere, MA 01251
via CM/ECF e-mail

/s/ John K. Vigliotti
John K. Vigliotti