UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES )
and SONIA FERNANDEZ )
    Plaintiffs )
)
VS. )
)
CITY OF REVERE, THOMAS )
AMBROSINO, MAYOR, CITY )
OF REVERE POLICE DEPT. )
TERRENCE REARDON, CHIEF )
OF POLICE, BERNARD FOSTER )
SALVATORE SANTORO, ROY )
COLANNINO, FREDERICK )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and )
STEVEN FORD )
    Defendants )

## PLAINTIFFS, TERRI PECHNER-JAMES AND SONIA FERNANDEZ' MOTION FOR SUMMARY JUDGMENT ON LESS THAN ALL OF THE ISSUES PURSUANT TO FED. R. CIV. P. 56(c).

Now comes the Plaintiffs, Terri Pechner James and Sonia Fernandez, and moves this Honorable Court to grant them summary judgment forthwith against the policymakers, City of Revere City Council and the mayor of the City of Revere, on the issues of disability, permanence, causality, and loss of employment. The Plaintiffs state the following in support of their motion: (1) the issues of disability, permanence, causality and loss of employment have been determined by prior state adjudication; (2) the

principles of stare decisis and federal comity comity for state decisions require recognition of these adjudications; (3) Massachusetts state law applies res judicata and collateral estoppel to these issues. (Request for jury trial after state administrative adjudication denied. <u>Geraldine Ross v MBTA</u>, 2004 LWXIS 271.) (4) Both state and federal law apply res judicata and collateral estoppel to the prior Massachusetts determinations made in this case.

There is therefore no genuine issue as to any material fact and the Plaintiffs are entitled to summary judgment as a matter of law on the issues identified. The remaining unresolved issues are primarily legal. The Plaintiffs have been adjudicated disabled and unable to perform the essential duties of their jobs as Revere Police officers because of their disability.

The violations of M.G.L.c. 151B § 4 and 42 U.S.C.§ 2000(e)(2) are purely legal matters. Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. <u>Crain v Board of Police Comm'rs</u>, 920 F.2d 1402, 1405-06 (1990). See also <u>Celotex v Catrett</u>, 477 U.S. 317, 322-323 (1986); Anderson v Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).

The Plaintiffs also move this Honorable Court to grant them summary judgment, interlocutory in character, pursuant to Fed. R. Civ. P. 56(c) on the liability of the policymakers, City Council of the City of Revere and Mayor of the City of Revere. See: <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1966); <u>College Town, Div of</u>

<u>Interco., Inc. v Massachusetts Commission Against Discrimination</u>, 400 Mass 156, 508 N.E.2d 587 (1987); although there is a genuine issue as to the amount of damages.

Respectfully submitted

Terri Pechner-James and
Sonia Fernandez
By her attorney

_/s/ James S. Dilday_
James S. Dilday, Esq.
27 School street, suite 400
Boston, MA 02108
(617) 227-3470
BBO#124360