UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES        )
and  SONIA FERNANDEZ          )
    Plaintiffs               )
                             )
VS.                           )
                             )
CITY OF REVERE, THOMAS        )
AMBROSINO, MAYOR, CITY        )
OF REVERE POLICE DEPT.        )
TERRENCE REARDON, CHIEF       )
OF POLICE, BERNARD FOSTER)
SALVATORE SANTORO, ROY        )
COLANNINO, FREDERICK          )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and            )
STEVEN FORD                   )
    Defendants                )

## PLAINTIFFS REQUEST FOR RECONSIDERATION OF ORDER ON MOTION FOR SANCTIONS:DOCKET # 115

Plaintiffs hereby request reconsideration of the Court's order of February 17, 2006,

Docket # 115. The Plaintiffs state that the information provided to the court by the

Defendants was inaccurate in part and incomplete in part. This document and the attached

**Exhibits** will show that Plaintiffs have expended considerable time, effort, and expense

to comply with the court's orders. Any neglect claimed by the Defendants is both

unintentional and excusable. Without meeting, conferring, or making service upon

Plaintiffs, the Defendants have filed numerous pleadings in an effort to create the

impression that the Plaintiffs are  intentionally withholding signatures and medical

records. The facts do not support their contention; The Plaintiffs have withheld neither.

Plaintiffs counsel, using its own letterhead, has secured a significant amount of the information identified by the Defendants. Defendants have utterly failed to meet and confer with Plaintiffs or to provide medical releases that the Plaintiffs can sign and return to them. The Defendants have failed to seek or secure a resolution of discovery disputes without court intervention.

**Background:**.

The Plaintiffs filed this civil action in the Suffolk Superior Court on September 30, 2003. The Defendants removed this case to the U.S. District Court on December 11, 2003. Plaintiff, Terri Pechner-James, states in her complaint that the Massachusetts administrative agencies, division of Administrative Law Appeals (DALA) and the Public Employee Retirement Administration Commission (PERAC) had adjudicated her disability. Her disability was post traumatic stress disorder (PTSD) caused by her fellow officers. She was unable to perform the essential duties of her job as a result of her disability and was therefore involuntarily retire. She attached the decisions of both DALA and PERAC to her complaint as **Exhibits A & B.** Plaintiff, Sonia Fernandez, has also been adjudicated with post traumatic stress disorder. (PTSD) She is also unable to perform the essential duties of her job and was involuntarily retired. PERAC did not make her adjudication of disability until September 20, 2004.

Counsel for the City of Revere initially propounded one hundred and eighty (180) interrogatories upon Terri Pechner-James and on hundred and thirty two (132) interrogatories upon Sonia Fernandez. Both Plaintiffs responded to all interrogatories. Counsel for the City of Revere has made several objections. The Plaintiffs have

responded in a timely manner to all objections. Plaintiff has provided almost four
hundred responses.

On February 9, 2006 at 11:09 a.m., the Plaintiffs filed the following documents with the
Court:

> Plaintiffs Second Supplemental Responses to Defendant, City of Revere and
> Opposition To Its Motion For Sanctions.

Defendants filed their ex-parte motion electronically instead of by hard copy. The

Defendants' Supplemental Memorandum In Support Of their Motion For Sanctions filed

by the Reardon, Joyce & Akerson, P.C appears to have been filed electronically but does

not contain the Certificate of Service required for electronic filing. **Exhibit F.** The

Plaintiffs did not receive a hard copy of that motion. Plaintiffs did not receive electronic

notification or written notification of the Third Discovery Order. But by February 9,

2006 they had already filed their supplemental responses. Counsel for the City of Revere

again objected because the responses did not have the phrase "Signed under the pains and

penalties of perjury above the signature line. The Plaintiffs have amended their responses.

They have refilled all three responses and have added the jurat: "Signed under pains and

penalties of perjury" above the signature line. **Exhibits A & B-Certificates of Service**

(1) Plaintiffs counsel promptly requested medical records using its own stationery; they
have provided Defendants with all responses received; Plaintiffs have contacted
Reardon, Joyce & Akerson, P.C. seeking the medical authorizations that use in their
practice. Defendants counsel has not responded.

Defense counsel for the officers requested medical records from the Plaintiffs. Plaintiffs

have provided all the records they have in their possession. Plaintiffs counsel did not

receive from Reardon, Joyce & Akerson, P.C. the copies of Medical Release forms they

use in their practice. On January 26, 2006, the Plaintiffs counsel sent to the providers

identified and to Reardon, Joyce & Akerson, P.C. the following documents:

To Reardon, Joyce & Akerson, P.C.

> (1) copies of cover letters and signed releases by Terri Pechner-James and Sonia
> Fernandez that were sent to the medical providers that you identified in your
> correspondence. If we have omitted any providers kindly let us know as soon
> a possible;

> (2) Copies of the documents submitted to PERAC by Sonia Fernandez and Terri
> Pechner-James;

> (3) 61-page detailed medical notes of Dr. Susan Rudman. **(Exhibit C.)**

The requests were made on Grayer & Dilday stationery and the Releases were their

standard release which stated:

> 1. Authorization To Release Protected Health Information, Medical, Hospital,
> Mental Health And Other Records to Grayer & Dilday signed by both
> Plaintiffs to each medical provider identified in counsel's  letter. The Plaintiff
> also sent a certificate of service.

They also received copies of Terri Pechner-James' authorizations were sent to the
following providers: See **Attached Exhibit C.**

> 1. Eric J. Keroack, M.D.
>    103 Broadway
>    Revere, MA 02151

> 2. Dr. Susan Rudman
>    70 Washington Street, Suite 211
>    Salem, MA 01970

> 3. Dr. Barry
>    268 Main Street
>    Stoneham, MA

> 4. Dr. Elizabeth Miller
>    Dr. Deborah Wald
>    Massachusetts General Hospital
>    300 Ocean Avenue

Revere, MA 02151

They also received copies of Sonia Fernandez authorizations sent to the following

providers:

> 1. MGH Chelsea Health Center
> 151 Everett Avenue
> Chelsea, MA 02150
>
> 2. Beth Israel Deaconess Health Care
> East Boston Neighborhood Health Care
> 1000 Broadway
> Chelsea, MA 02150
>
> 3. Massachusetts General Hospital
> Revere Health Center
> 300 Broadway
> Revere, MA 02151
>
> 4. North Suffolk Counseling Service
> 301 Broadway
> Chelsea, MA 02128
>
> 5. Occupational Health Rehabilitation center
> 1 Harborside Drive
> East Boston, MA 02128
>
> 6. Meditrol, Inc.
> 145 Springfield Street
> Chicopee, MA 01013

All the requests made of Terri Pechner-James have been provided with two notable

exceptions: (1) Dr. Barry's letter was returned; the post office could not locate him; (2)

Dr. Keroack has not yet responded, despite phone calls and requests from the Plaintiff

and counsel.


On February 6, 2006, Plaintiff's counsel, in an effort to expedite the discovery process,

sent a letter to Reardon, Joyce & Akerson, P.C. providing them with an update and

requesting their assistance in locating Dr. Barry. The Plaintiffs request was premised on the fact that Dr. Barry was the doctor for the Revere Police Department for many years. **Exhibit G.** Defense counsel did not respond.

Plaintiff, Terri Pechner-James, has provided Reardon, Joyce and Akerson P.C. with a 61-page detailed medical report from Dr. Rudman. Plaintiff also provided the PERAC records as requested. She also provided copies of the Medical Authorizations sent to the providers and a Certificate of Service as proof of mailing to said providers. **Exhibit C**. The only providers who not yet responded with additional records are Dr. Keroack and the Massachusetts General Hospital.

Plaintiff, Sonia Fernandez, has also provided Reardon, Joyce & Akerson, P.C with the same update. **Exhibit D.** She has agreed to sign releases prepared by Reardon, Joyce & Akerson, P.C. for the release of records held by the providers identified. Defense counsel has not responded. Plaintiff has not received additional records but he has received responses from MGH Chelsea Healthcare Center, 151 Everett Ave, Chelsea, MA 02150 post marked February 14, 2006, indicating the cost of producing such records. **Exhibit E**. Plaintiffs will provide this correspondence to the Defendants so that they can pay the costs and receive the records directly.

### Discovery Update

Plaintiffs have amended both electronically and in writing their responses to the Defendants interrogatories. The amendments "relate back" to the original responses. Both Plaintiffs and Defendants have a duty to amend and to supplement their responses to interrogatories as part of the discovery process. Plaintiffs have prepared and served

Medical Authorization for Release of Medical Records directly upon the providers identified. Plaintiffs will sign the same Medical Authorizations to Reardon, Joyce & Akerson, P.C. as soon as they receive it.   Upon receipt, Plaintiff will sign and return so that Reardon, Joyce & Akerson, P.C can request directly from the providers the additional records they have identified. Without meeting, conferring, or making service upon Plaintiffs, the Defendants have filed numerous pleading in an effort to create discovery disputes over medical records and signatures. The facts do not support their contention.

Case Update

The Defendants have created numerous discovery disputes and requested court intervention, often without either electronic or written notice to the Plaintiffs. If the parties had met and conferred as reqired by Fed. R. Civ.P. 7 and Local Rule 7.1 the discovery issues could have been addressed, prior to and without court intervention. Naviant Marketing Solutions, Inc. v Larry Tucker, Inc. No.02-3201(2003). The Defendants appear to be using the discovery process to avoid dealing with the legal issues at the heart of this case.   On February 17, 2006, the Plaintiffs served a Notice of Motion Pursuant To Local Rule 7.1 and a copy of Plaintiffs Motion For Summary Judgment on Less than All Issues, a Memorandum is Support of that Motion, Affidavits, and numbered Exhibits. The Motion is addressed to the policymakers of the City of Revere but, in an effort to expedite the resolution of this matter, Plaintiffs have provided a complete copy of all documents to Counsel for the City of Revere and to Reardon, Joyce & Akerson, P.C.

7

WHEREFORE, the Plaintiffs request that the court reconsider the sanctions it ordered on February 17, 2006 and recorded in Docket #115. The Plaintiffs state as grounds for their request that:

(1) they have a meritorious case as reflected in the Motion for Summary Judgment on Less Than All Issues;

(2) they have, in good faith, provided almost four hundred (400) responses to Defendants interrogatories;

(3) they have amended all their responses in a manner that 'relate back' to the original responses;

(4) in the absence of an Authorization For Release of Medical Records from Reardon, Joyce & Akerson, P.C. their counsel promptly requested medical records on their own letterhead, provide a Certificate Of Service, and have made a good faith effort to give Reardon, Joyce & Akerson, P.C what they need to get the medical records directly;

(5) they have fulfilled all the conditions that the court stated in its Order On Motion For Sanctions #115.


Respectfully submitted
Terri Pechner-James and
Sonia Fernandez
By their attorney

James S. Dilday, Esq.

8