PRECEDENTIAL

Filed August 8, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3201

NAVIANT MARKETING SOLUTIONS, INC.

v.

LARRY TUCKER, INC.

JEFFREY W. HERRMANN; ROBERT D. ZATORSKI;
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP,
Appellants

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 00-cv-6036
District Judge: Honorable Eduardo C. Robreno

Argued: July 15, 2003

Before: McKEE, BARRY, and ROSENN, *Circuit Judges.*

(Filed: August 8, 2003)

> Peter S. Pearlman, Esq. (Argued)
> Audra DePaolo, Esq.
> Cohn Lifland Pearlman Herrmann &
>   Knopf LLP
> Park 80 Plaza West One
> Saddle Brook, NJ 07663
>   *Counsel Pro Se For Appellants*

2

George B. Randolph, III, Esq.
  (Argued)
Riley Riper Hollin & Colagreco
240 Daylesford Plaza
Suite 240
Paoli, PA 19301
  *Counsel for Appellee*

## OPINION OF THE COURT

*ROSENN*, Circuit Judge.

This case demonstrates the importance of collegiality and professionalism among members of the Bar. Collegiality and professionalism can obviate unnecessary court intervention, needless expense and fees for clients, and protracted legal proceedings. Zealous advocacy on behalf of one's client does not excuse a belligerent and uncompromising approach to the discovery process. This appeal arises out of discovery proceedings that enveloped the underlying dispute and eventually led to sanctions against defendant Larry Tucker, Inc. (Tucker) and its attorneys Robert Zatorski, Esq., and Jeffrey Herrmann, Esq., of Cohn, Lifland, Pearlman, Herrmann & Knopf, LLP (Appellants). The District Court made no explicit findings of misconduct by defense counsel and the record does not support such a finding. Moreover, the District Court found that counsel for plaintiff Naviant Marketing Solutions (Naviant) was overzealous and unreasonable in his approach to discovery. At no time did plaintiff's counsel confer with defense counsel in good faith prior to a motion to compel discovery, or motion for contempt or sanctions. Accordingly, we reverse the District Court's order sanctioning defense counsel.

I.

Tucker is a business engaged in direct mail advertising. Naviant sold a mailing list to Tucker. In November 2000, Naviant sued Tucker in the U.S. District Court for the Eastern District of Pennsylvania for $150,000 alleging

3

breach of contract.[1] Tucker filed various defenses and a counterclaim, asserting that the list was not supplied on a timely basis and that it was deficient in quantity and quality.

On March 2, 2001, Naviant served Tucker with two sets of interrogatories. Tucker, on the verge of bankruptcy, informed appellants that it would be unable to provide the information necessary within thirty days. Cf. Fed. R. Civ. P. 33. Appellants asked Naviant for additional time to comply. On March 30, 2001, Naviant responded by faxed letter that it would not consent to any extension of time.[2] Tucker objected to many but not all of the interrogatories and provided no responsive information before the thirty day period expired on April 2, 2001. On the next day, Naviant moved to compel an answer to the interrogatories. Tucker responded that a shortage of employees had prevented it from complying, but that it would be able to do so if given a short additional time period. On April 24, the District Court granted Tucker ten additional days and declined to impose sanctions.

On May 3, 2001, Tucker provided answers to the interrogatories. On May 8, 2001, Naviant faxed appellants a twenty-page letter demanding more complete answers. Plaintiff threatened to bring a motion for sanctions the morning after the next business day unless Tucker responded to plaintiff's satisfaction immediately. On May 10, 2001, Naviant moved for contempt, alleging that Tucker failed to comply with the Court's April 24 order. This

1. The District Court had diversity jurisdiction over this suit because the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Naviant is a Delaware Corporation with its headquarters and principal place of business in Newtown Square, Pennsylvania. Defendant Larry Tucker, Inc. is a New Jersey Corporation with its principal place of business in Saddle River, New Jersey. This Court has appellate jurisdiction because the District Court's order sanctioning Tucker and appellants dated July 26, 2002 is a final order. 28 U.S.C. § 1291.

2. Plaintiff explains that its reason for rejecting Tucker's request for an extension of time to respond to the interrogatories was "due to the short discovery period dictated by the Court." The court allowed six months for discovery.

4

motion resulted in the sanctions that are addressed in this appeal.

After the motion was filed, the discovery disputes continued, focusing mostly on Naviant's April 24, 2001 document production requests. On June 1, 2001, the Court directed counsel for both parties to meet to resolve in good faith Naviant's discovery requests. This meeting took place on June 18, 2001, but the parties were unable to reach an accord. On July 12, the Court scheduled a hearing on the discovery disputes and ordered Naviant to file a specific list of its concerns by July 18. The Court gave Tucker until July 23 to respond. On July 19, 2001, Tucker served supplemental answers to interrogatories and produced additional documents. Naviant alleged that the answers were non-responsive, particularly as to the contention interrogatories, and also alleged that Tucker's answer to Naviant's document production request was non-responsive.

The District Court heard the discovery disputes on July 26, 2001. Appellants explained that the delay in answering Naviant's interrogatories resulted from Tucker's serious financial difficulties. The District Court accepted this explanation, stating that "I don't think there's going to be a trial here. I think that this organization is going out of business and it's going to file a bankruptcy." The District Court observed that "it appears that the defendant is either unwilling or unable to comply with the discovery requests concerning the counterclaim." The Court severed the counterclaim, a move it described as "the least severe sentence that can be imposed here." The District Court did not discuss the manner in which Tucker's answers to the interrogatories were insufficient. The District Court was sympathetic to appellants' assertion that defendant, rather than defense counsel, was to blame for Tucker's failure to comply with the Court's discovery orders. The District Court acknowledged that "I guess counsel is saying that you don't have the resources in the organization to come up with these documents, that you can't get blood out of a stone. . ."

The District Court granted in part Naviant's motion for contempt. Trial on Naviant's complaint was scheduled for

5

October 1, 2001. The Court held Naviant's request for financial sanctions against Tucker and appellants in abeyance until the end of the trial. The Court gave Tucker ten days to supplement its answers to the contention interrogatories. On August 3, Tucker submitted its third set of answers to the contention interrogatories and withdrew some of its affirmative defenses. On August 13, 2001, Naviant again filed a motion for contempt. Appellants filed a certification that the requested documents had been produced but complained that Naviant had not made good faith efforts to work out discovery disputes with defense counsel prior to filing its motions for contempt.

On August 22, 2001, the District Court considered Naviant's second motion for contempt and sanctions and found that Tucker acted in bad faith by failing to comply with the Court's April 24 and July 25 orders regarding document production. Accordingly, the District Court granted Naviant's second motion for contempt and sanctions.[3] The District Court's ruling does not expressly find any misconduct by defense counsel. On September 12, 2001, as the rest of the nation paused to mourn the tragic events of the prior day, Naviant filed a third contempt motion and a motion for attorneys' fees under Rule 11 and the Court's August 22 order.

On September 20, appellant Herrmann wrote a letter to Naviant's counsel, stating that Larry Tucker would be in Colorado on September 24, 2001 and requested that he reschedule a deposition scheduled for that date. In the letter, appellants suggested two possible alternative dates for the deposition. On September 20, Naviant responded by letter stating that unless Tucker obtained a protective order, the deposition would proceed as planned notwithstanding Herrmann's letter stating that Tucker would not be able to attend at that time. On September 24, 2001, Naviant's counsel made various statements about Larry Tucker not arriving and not having called. However, the transcript of the abortive September 24, 2001 deposition makes no mention of Herrmann's September 21,

---

3. The Court stated that its authority was based on Fed. R. Civ. P. 16 and 37 and the Court's inherent power.

2001 letter or Naviant's response. Likewise, Naviant made no mention of this exchange of letters in its appellate briefs and conspicuously failed to mention the letters during oral argument before this Court. On September 27, Naviant supplemented its third motion for contempt to include its objection that Larry Tucker had not attended the scheduled deposition.

In early October, Tucker sought leave to amend its answer to Naviant's complaint and the Court postponed trial until December. By order dated October 2, the Court struck Tucker's remaining affirmative defenses and permitted Naviant to serve additional interrogatories. On October 24, 2001, the Court granted in part and denied in part Naviant's third motion for contempt and sanctions. On November 27, the Court awarded "attorneys' fees and costs caused by the failure of defendant's 30(b)(6) deponent to appear." That order does not make any specific findings regarding inappropriate or sanctionable conduct on the part of Tucker's attorneys.

The underlying case was tried on the merits in early December 2001. The court awarded Naviant $165,203.66. Appellants sought leave to withdraw from the case and the prosecution of the counterclaim, which had been severed and was still pending. Naviant opposed appellants' motion to withdraw and the Court denied appellants' request. On June 26, 2002, the Court permitted appellants to withdraw from the case and dismissed Tucker's counterclaim with prejudice because it had failed to retain substitute counsel and could not prosecute the counterclaim pro se. The issue of sanctions still remained. On July 16, 2002, the District Court adjudicated Naviant's claims and then revisited its July 25, 2001 order. The Court did not make any additional findings regarding sanctionable conduct by appellants. However, the Court awarded sanctions against both Tucker ($10,087) and appellants, its lawyers ($6076).

These figures represented a 50% reduction in the amount of the award requested by Naviant because of Naviant's overzealous approach to discovery. Appellants timely appealed the sanctions as to themselves, but not as to Tucker.

7

II.

The sole issue in this appeal is whether the District Court abused its discretion in imposing sanctions against defense counsel. Naviant argues that $6076 in sanctions against attorneys is a light sanction and, therefore, the District Court's discretion is particularly broad here. Because the District Court could have summarily dismissed defendant's case, Naviant reasons, the Court's decision "merely [to] sanction[ ] the Appellant, as well as their client, for certain counsel fees incurred by Plaintiff Naviant" should be reviewed deferentially. However, any sanctions imposed on attorneys is a matter of serious concern that extends well beyond the monetary issues involved.

This Court reviews a District Court's decision on a motion for sanctions under Rule 37 for abuse of discretion. *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999). A District Court must make factual findings that are sufficient to support its conclusions of law. *See Ripley v. United States*, 220 U.S. 491, 496 (1911) (explaining that trial courts have a clear duty to make explicit findings and cannot merely offer "ambiguous expression[s] susceptible of being construed one way or another"). Naviant's unpersuasive argument that the District Court was not required to make explicit findings hinges largely on Naviant's extreme and unsupported interpretation of the abuse of discretion standard of review.

Under Rule 37, an attorney may only be sanctioned for personally violating a discovery order or for advising a client to do so. The District Court did not make any explicit statements describing misconduct by defense counsel rather than the defendant. If anything, the District Court expressed sympathy for appellants' circumstances when it stated that "it may be that a lawyer can't represent a party that — who will not cooperate and you are — I'll give you the benefit of the doubt here, that you're trying to do your best under very difficult circumstances."

We are unpersuaded by Naviant's assertion that "the trial court repeatedly noted its findings regarding the Appellants' sanctionable conduct." In response to our inquiry at oral argument for the District Court's specific findings of

8

appellants' sanctionable conduct, George B. Randolph, Naviant's counsel, pointed to the District Court's opinion wherein it stated that "defendant and counsel's conduct during the discovery phases was not substantially justified and there are no circumstances which make this fee award unjust." This conclusory statement does not describe any particular acts or omissions by appellants that constituted misconduct and Randolph could point to none of record. The discovery phase of this trial involved multiple documents, phone calls, hearings, and orders. We are not provided with any details as to when and in what way counsel's conduct justified sanctions.

Naviant suggests that when the District Court awarded attorneys' fees to Naviant for Larry Tucker's failure to appear at a scheduled deposition, the District Court meant to imply that defense counsel acted improperly. In its brief, plaintiff's counsel inserted "[i.e. Appellants']" after the word "Defendant's" in reference to the Court's opinion in the expectation that the word "defendant's" would be read to mean "defense counsel's." This interpolation is baseless and beguiling.[4] Counsel unpersuasively argues also that the District Court's order granting Naviant's motion for contempt and sanctions due to Tucker's failure to comply with the April 24 and July 25 court orders was tantamount to a finding of *defense counsel's* misconduct. He further suggests that the Court's July 25, 2001 decision to hold in abeyance consideration of financial penalties against Tucker and appellants somehow implies a finding of possible misconduct by appellants. None of the examples cited by Naviant's counsel suffice as findings of sanctionable conduct by appellants.

The District Court also failed to make any findings with regard to the specific deficiencies of Tucker's discovery responses. In the absence of specific findings as to which answers were deficient and in what way, it is impossible to discern whether the deficiencies resulted from defense counsel's sanctionable acts or omissions.

---

4. Also, the District Court did not sanction defense counsel for failure to attend the deposition. This was a separate and distinct discovery motion. The Court awarded sanctions against appellants solely with regard to the interrogatory answers.

9

### III.

Rule 37(a) requires that a party moving to compel discovery sanctions must submit to the court "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). Thus, before moving to compel discovery, "a party must first prove that it sought discovery from its opponent." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995). Local Rule 26.1(f) states that "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." E.D. Pa. R. 26.1(f). Naviant's counsel failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention.

Naviant's counsel contended at oral argument and in his brief that he "repeatedly" conferred with defense counsel in an effort to resolve the discovery dispute. We are unable to discover in the record before us that he ever made a *good faith* effort to confer with defense counsel to resolve discovery disputes. When defense counsel initially requested an extension of time to answer Naviant's interrogatories, Naviant's counsel summarily refused. The day after the thirty-day period expired, Naviant moved the Court to compel compliance. The Court granted an additional ten days for Tucker to comply.

On May 3, 2001, Tucker provided answers to the interrogatories. At 4:30 p.m. on Tuesday, May 8, 2001, Naviant's counsel faxed appellants a twenty-page letter demanding more complete answers. The letter contained the following ultimatum: "If Naviant cannot get those full and complete answers by the end of this week (and even more importantly, your written confirmation by end of day tomorrow, May 9, 2001 to provide those full and complete answers by the end of this week), then Naviant will file a Motion for Contempt with the Court." In other words, at the end of the day on Tuesday, Naviant gave Tucker until the end of the day Wednesday to inform Naviant whether it

would respond to its twenty-page list of concerns by Friday. Moreover, the twenty-page list of demands themselves may not have been reasonable and it may have been impossible for Tucker to comply within the timetable imposed by Naviant's counsel. The District Court found that "plaintiff's counsel, in its zeal, at times proliferated and complicated the discovery disputes through numerous and lengthy submissions and with an approach best-characterized as 'shoot first and find out later.'"

There was hardly a "good faith . . . attempt[] to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). In *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147 (D. N.J. 1999), the Court held that sending a fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a sincere effort. *Id.* at 153. Likewise, the District Court here explicitly found that "plaintiff and its counsel's responses [were] not always commensurate with defendant's violations." The District Court also found that "on several occasions, plaintiff's counsel refused to discuss matters on the telephone with defendant's counsel and sought the intervention of the court without first seeking to work out the conflict with defense counsel."

Naviant's counsel's alternative argument that good faith conferral was not required after the District Court's April 24, 2001 order was in place also fails. This argument is based on the difference in language between Rule 37(a) and (b). Rule 37(a) deals with motions for orders compelling disclosure and contains an explicit requirement that the moving party certify its good faith efforts at conferral. Rule 37(b) addresses failure to comply with discovery orders and does not contain an explicit certification requirement.

There may be circumstances in which a party's clear failure to comply with a Court order to turn over a specific item by a date previously specified by the Court obviates the requirement that the moving party confer with its contumacious adversary prior to moving for contempt or sanctions. *See, e.g., Royal Maccabees Life Ins. Co. v. Malachinski*, 2001 U.S. Dist. LEXIS 3362, at *28 (N.D. Ill. March 19, 2001); *Get-A-Grip, II, Inc. v. Hornell Brewing Co.*,

11

2000 U.S. Dist. LEXIS 11961, at *9-*10 n.5 (E.D. Pa. Aug. 8, 2000). However, in the instant case, Tucker's compliance was open to interpretation because it timely responded to the court-ordered interrogatories and Naviant's objection was that the answers were not sufficiently full and complete. Moreover, Naviant *never* made a good faith effort to confer with counsel before or after the District Court's April 24, 2001 order. Finally, the language of Local Rule 26.1(f) is broader than that of Federal Rule 37(b) because it applies generally to discovery motions and applications. E.D. Pa. R. 26.1(f). Thus, the Local Rule also required certification of conferral here.

## IV.

The District Court's July 26, 2002 order sanctioning appellants will be reversed. Cost taxed against appellee.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*