UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES )
and SONIA FERNANDEZ )
    Plaintiffs )
)
VS. )
)
CITY OF REVERE, THOMAS )
AMBROSINO, MAYOR, CITY )
OF REVERE POLICE DEPT. )
TERRENCE REARDON, CHIEF )
OF POLICE, BERNARD FOSTER )
SALVATORE SANTORO, ROY )
COLANNINO, FREDERICK )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and )
STEVEN FORD )
    Defendants )

### PLAINTIFF, SONIA FERNANDEZ, ADDITIONAL SUPPLEMENTATION OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33, and Local Rule 26.5, Plaintiff, Sonia Fernandez, hereby makes additional supplements to the following interrogatories designated by counsel for the Defendant, City of Revere, Thomas Ambrosino, Mayor, City of Revere Police Department, Terrence Reardon, Chief of Police. The Plaintiff is making these additional supplements in an effort to satisfy inquiries from the Defendants. The Plaintiff received requests for supplements from the Defendants said requests contained no case caption and were not signed by either the attorney or the party making them as required by Rule 26. The Plaintiff hereby makes the additional supplements as follows. These responses are signed under pains and penalties of perjury and 'relate back' to her initial responses to these interrogatories:

4. Reference is made to the last paragraph of page 11 of the complaint which states: Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below: Identify each and every event alleged in paragraphs 17-79 of the complaint which you witnessed personally.



A.4. The events that the Plaintiff experienced or personally witnessed are stated herein: Paragraphs 17-79 mainly detail the experiences of Terri Pechner-James. Paragraph 49 addresses the meeting of the Mayor and Sonia Fernandez and her claim of constructive discharge. Paragraph 50 addresses the double standard that the Plaintiffs, including Sonia Fernandez experienced for many years. Paragraph 51 addresses the formidable barriers to full participation created by the hostile environment. The Plaintiffs, including Sonia Fernandez, were harmed by its environment. Paragraph 73, 75, 77 address the "underwear incident " and the cruiser vandalism. Paragraph 73 includes Sonia Fernandez among the female officers who feared for her safety after the vandalism of the cruiser by fellow officers. Paragraph 74, Sonia Fernandez saw the women's leopard underwear on the bulletin board for many days. Paragraph 75 includes Sonia Fernandez among the females who experienced the Defendants deliberate indifference to the Department culture of hostility, humiliation and degradation. The phrase "paragraphs stated above" refers to paragraphs 1-15 and such paragraphs in 17-79 that are relevant to Sonia Fernandez.

5. Reference is made to the last paragraph of page 11 of the complaint which states: Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below: Identify each and every event alleged in paragraph 17-79 of the complaint which you did not witness personally, but of which you were informed by a third party.

A.5. The events that Plaintiff experienced or witnessed are stated in detail in Plaintiff's response to Interrogatory 4. Plaintiff has no recollection of third party involvement. Plaintiff incorporates into her complaint paragraphs 1-15 and the paragraphs designated in her response to Interrogatory 4.

6. Reference is made to the last paragraph of page 11 of the complaint which states: Facts: Sonia Fernandez. The facts that give rise to the claim of Sonia Fernandez incorporate the paragraphs stated above and the events described in detail below: For each event alleged in paragraph 17-79 of the complaint which you did not witness personally, but of which you were informed by a third party, identify the third party who so informed you and the state the exact date, or the closest approximation you have thereof, upon which you were so informed.

A. 6. The Plaintiff has made no reference to third party involvement and cannot state exact date, time or location of such third party involvement.

15. State the exact dates, times and locations, or the closest approximation you have thereof, for each occasion during 1996 and 1997 that Lieutenant Ford routinely made personal and hostile comments about your physical appearance, hair and weight as set forth in paragraph 84 of the complaint.

A. 15. Lieutenant Ford was at the Revere Police Department when he made his remarks. The plaintiff did not record the exact date and time of day. On or about July 1997, Lieutenant Foster heard one of Lt Ford's remarks and verbally reprimanded him.

24. Identify all health care professionals who you contend made a diagnosis that your "loss of appetite, sleeplessness, and crying spells" was caused by the events or incidents which occurred on or before June 24, 1997, which caused you to go to the hospital as set forth in paragraph 85 of the complaint.

A.24. Nancy Aronoff was a social worker at the East Boston Community Health Center.

27. Identify the persons who caused or contributed to the events or incidents which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of the complaint.

A.27. The Plaintiff went to the hospital because of the stress that she was experiencing on the job. The persons who contributed to the events or incidents that caused her to go to the hospital are the Defendants, Terrence Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, and Steven Ford. The parties who caused the events and incidents that disabled the Plaintiff are the Defendant, City of Revere, its policymakers and their policy of deliberate indifference.

30. Identify all health care professionals who you contend made a diagnosis that your "work-related stress" was caused by the events or incidents which occurred on or before November 11, 1997, which caused you to go to the hospital as set forth in paragraph 85 of the complaint.

A. 30. Nancy Aronoff was a social worker at the East Boston Health Center.

31. With reference to paragraph 86 of the complaint, state the dates during which you received counseling from the North Suffolk Counseling Services of Chelsea, Massachusetts.

A.31. The Plaintiff began treating with the North Suffolk Counseling Service on April 14, 2003. She does not recall the dates on which she received counseling.

38. State the basis for your allegation that in the winter of 1997 you were placed on walking routes more frequently than the male members of the Department as set forth in paragraph 87 of the complaint.

A.38. Captain Chaulk and Michael Murphy were mostly responsible for the walking route assignments. Captain Chaulk was the officer who ordered Plaintiff out of the cruiser and gave the cruiser to Officer Kelly who appeared to clearly inebriated. The Plaintiff brought the number of walking routes to the attention of the assigners. They acknowledged but brushed it off as being good for the Plaintiff.

39. State the exact date, or the closest approximation you have thereof, for the date to which you are referring when you state that on one occasion, that winter, the Captain ordered you out of a cruiser and placed you of 1997 as set forth in paragraph 87 of the complaint.

A. 39. The closest approximation is December 15, 1997.

45. State the basis for your allegation that being offered a leave of absence without pay constituted disparate treatment of you as set forth in paragraph 88 of the complaint.

A.45. The policy relied upon to deny the Plaintiff's request was submitted by the Defendants to the Division of Administrative Law Appeals (DALA) during the Plaintiff's disability hearings. **See Attached Exhibit A**. The Defendants did not state that this was a policy that was in general use but relied upon it to justify their denial and their defense of that denial even though this policy is a violation of the parity provisions provided by the laws of the Commonwealth of Massachusetts.

48. State the basis for you allegation that you were unable to return to your usual work in an environment free from sexual hostility as set forth in paragraph 88 of the complaint.

A.48. The Plaintiff returned to the Department in October 2001. She did not resume the duties of police officer that she was employed to perform in September 21, 1995 and which she had performed until March 2001. The hostility of some members of the Department made it impossible for her to return to her usual duties.

49. Identify the supervisors who referred to Hispanics as Spics and African-Americans as Niggers as set forth in paragraph 90 of the complaint.

A.49. Officer Burke heard the remarks that Lieutenant Ford made about the Plaintiff. More important than the names of individual supervisors is the fact that the Defendants have a duty to provide employees with an environment free of this kind of racially offensive conduct. The Defendants, having failed to prevent this conduct now attempt, by the use of this Interrogatory, to shift the burden of investigation to the Plaintiff. Defendants need to shift the burden is the direct result of their own deliberate indifference to the Plaintiff's right to a workplace free of such racially offensive conduct. If, in fact, they cannot identify the supervisors, it is solely because they failed to investigate an obvious violation of the Plaintiff's right to a work place free of such racially offensive conduct.  Gonsalves v City of New Bedford (1996).

50. Identify the coworkers who referred to Hispanics as Spics and African-Americans as Niggers as set forth in paragraph 90 of the complaint.

A.50. The Plaintiff heard the remarks but does not recall the names of the coworkers who referred to Hispanics as Spics and African-Americans as Niggers.

4

51. State the exact dates, or the closest approximation you have thereof, for the dates upon which either a supervisor or coworker referred to Hispanics as spics and African Americans as Niggers as set forth in paragraph 90 of the complaint.

A.51. The Plaintiff does not recall the exact date and time of the racial slurs and offensive remarks but she noted the great emotional distress and discomfort they caused her.

52. State the exact dates, or the closest approximation you have thereof for the dates upon which or during which the altered booking photo was circulated within the Revere Police Department as set forth in paragraph 90 of the complaint.

A.52. The case Number of the person whose photo was altered are: 66439, 66396. His date of birth is 12-10-69. The Plaintiff does not recall the exact date and time of the circulation. She noted the acute distress she experienced as the material was circulated throughout the Department.

53. Identify the persons who created the altered booking photo was circulated within the Revere Police Department as set forth in paragraph 90 of the complaint.

A.53. The Plaintiff observed **Exhibit H** in the Department but has no knowledge who created the caricature. The Plaintiff observed **Exhibit H** being circulated in the Department but does not recall the identities of the persons who circulated it. The Plaintiff is also entitled to know the names of the members of the Revere Police Department who created and circulated **Exhibit H**. More important than the names, however, is the creation of **Exhibit H** within the Revere Police Department and the circulation of **Exhibit H** within the Department. The individual creators and the circulators of **Exhibit H** are the agents of the policy makers of the City of Revere. This racially offensive material could only be created, circulated and remain uninvestigated because of the deliberate indifference of the policy makers. The policy makers cannot shift their duty to investigate Department conduct to the Plaintiff who was new officer of the Revere Police Department. Gonsalves v City of New Bedford. (1996) If, indeed, the Defendants do not know the names of the creators and circulators of **Exhibit H**, their lack of knowledge is due only to their own failure to investigate.

54. Identify the persons who circulated the altered booking photo within the Revere Police Department as set forth in paragraph 90 of the complaint.

A. 54. The person or persons who circulated the racially offensive booking photo within the Revere Police Department were members of the Revere Police Department. The Plaintiff cannot identify by name the makers and the circulators of the offensive material. The Plaintiff states that it is the deliberate indifference of the policy makers of the City of Revere that is responsible for this incident.

62. If you contend that the vandalism of the assigned cruiser as set forth in paragraph 93 of the complaint was caused by any employee of the City of Revere Police Department, state the basis for this contention.

5

A. 62. Plaintiff supplements her response by stating that the vandalism was caused by employees of the City of Revere Police Department. All eight tires, of the two cruisers assigned to two female police officers, were slashed in the parking lot of the International House of Pancakes. This incident was a brazen act of intimidation; it was also the intentional destruction of the Department's property. The Plaintiff is unaware that the Department investigated the incident, identified the perpetrators or punished the vandals.

63. If your answer to Interrogatory 62 is an affirmative of the contention, identify the employees of the City of Revere Police Department who caused or contributed to the vandalism set forth in paragraph 93 of the complaint.

A.63. The Plaintiff's answer is affirmative of the contention. The Plaintiff is unable to identify the employees of the Revere Police Department who caused the vandalism of the two cruisers that had all eight tires slashed. The policy makers of the City of Revere caused and contributed to this act of vandalism because of their policy of deliberate indifference.

64. If you contend that the vandalism of the assigned cruiser as set forth in paragraph 93 of the complaint was caused by any employee of the City of Revere other than an employee of the Police Department, state the basis of this contention.

A.64. The Plaintiff has made no such contention

69. Identify the persons who hung women's underwear on the bulletin board in the guard room of the Revere Police Department as alleged in paragraph 94 of the complaint.

A.69. Plaintiff observed the women's leopard underwear hung on the bulletin board for several days. Plaintiff does not know the identities of the persons who hung the underwear on the board.

70. State the basis of the identification of the persons named in response to Interrogatory No.69.

A.70. The Plaintiff does not identify any individual by name but states that it is the policy makers of the City of Revere and their policies of deliberate indifference that caused this incident.

75. Identify the persons who drew the penis on the chalk board located by the radio communication room as set forth in paragraph 96 of the complaint.

A.75. The Plaintiff does not identify by name any individual(s) who drew the penis on the chalk board located by the radio communication room. The Plaintiff is entitled to a work place free of offensive sexual images like a chalk drawing of an erect penis in the process of ejaculation, with little chalk marks representing the sperm. The Plaintiff

identifies the deliberate indifference of the policy makers of the City of Revere as the cause of this incident.

98. Identify the "male offers injured on the job" who were given "paid leave" as set forth in paragraph 105 of the complaint.

A. 98. The Plaintiff's injury was subjected to a different standard. During the period of her employment, there were many officers, whose names she does not recall, who received paid leave for physical injuries.

99. For each male officer identified in response to Interrogatory No.98, describe in detail the date and circumstances of their injury which resulted in their receiving paid leave.

A. 99. The Plaintiff does not have the details, dates and circumstances requested by this interrogatory.

102. Do the allegations of paragraph 105 of the complaint describe the same incident or events as alleged in paragraph 88 of the complaint.

A. 102. The contents of Paragraphs 88 and 105 arise from the same experience.

123. Identify the male employees to whom you are referring in paragraph 134 of the complaint.

A. 123. The Plaintiff requested the same leave as any other injured officer, male or female. Her injury was not given parity with physical injuries; she was not given leave with pay.

Signed under pains and penalties of perjury

/s/ Sonia Fernandez   *Sonia Fernandez*
Sonia Fernandez, Plaintiff

7