UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>                Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>                Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE
POLICE DEPARTMENT'S, OBJECTIONS AND MOTION TO
STRIKE THE AFFIDAVIT OF TERRI PECHNER-JAMES**

NOW COME Defendants, City of Revere and City of Revere Police Department, and hereby submit their objections to and motion to strike the Affidavit of Terri Pechner-James (Docket No. 122, Exhibit 18).

**Objections and Motion to Strike**

Defendants object to the Affidavit *in toto* on the grounds that it is irrelevant. According to Fed.R.Evid. 402, "[e]vidence which is not relevant is not admissible." In order to be admissible, the proposed evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

In this case, the premise of the Plaintiff's motion for partial summary judgment is that certain administrative agency decisions have *res judicata* effect such that the City's liability has

already been determined and that the only issue left for resolution is damages. See Plaintiff's Motion for Summary Judgment, Docket No. 118, *passim*, and more particularly page 3, "there is a genuine issue [of fact] as to the amount of damages." See also Plaintiff's Memorandum in Support, Docket No. 119, pages 7-22. Taking her motion on its face, then, the only "evidence" necessary would be the subject administrative agency decisions themselves. Indeed, Plaintiff's Memorandum in Support is structured to reflect this reality. See pages 1-7. In fact, Plaintiff Pechner's Affidavit is so irrelevant that it is not even mentioned or cited in her Memorandum in Support, nor is it mentioned or cited in her Statement of Material Facts (Docket No. 122, Exhibit 21).

Thus, by her own admission her affidavit simply is not relevant to the issues presented by her motion and thus it must be stricken as irrelevant.

## Specific Objections By Paragraph

F.R.Civ.P. 56(e) states in relevant part that "[s]upporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." As more fully demonstrated herein, the instant affidavit fails to comply with this rule in many and significant respects.

2.  I received several letters of commendation during the course of my employment, including an official Citation from the Massachusetts Senate.

**Irrelevant.**

3.      I was one of seven (7) female officers hired by the Revere Police Department on the same date.  Four members of this group have left the Revere Police Department.  Three of us filed complaints with the Massachusetts Commission Against Discrimination (MCAD).

**Irrelevant.  Moreover, MCAD determined that the complaint of Kathy Fish lacked probable cause.  See Exhibit "A" attached hereto.**

4.      When I began my employment, the Department did not provide me with a copy of a sexual harassment policy.  I do not remember the exact date that I first saw the present harassment policy but it was dated April 1, 1999.  [Exhibit 22].

**Irrelevant.**

6.      At the time of the meeting, I had not seen a sexual harassment policy or maternity leave policy.

**Irrelevant.  Presumably the meeting being referred to was the meeting of January 7, 1999, cited in paragraph 5.**

9.      After the January 7, 1999 meeting, a cruiser assigned to me and another assigned to Officer Lynn Curcio had all eight (8) tires slashed in the parking lot of the International House of Pancakes.

**Irrelevant.  A copy of the incident report filed by Plaintiff Pechner is attached hereto as Exhibit "B".  There is nothing in this contemporaneous report to suggest that any officer or employee of the City of Revere was responsible for the subject vandalism.  Moreover, in Plaintiff Pechner's answers to the City's interrogatories related to this incident, she is clearly speculating about the perpetrators of the vandalism.  See Docket No. 128, Exhibits 1-3, answers to interrogatories 118-120.**

10. This incident was a traumatic and intimidating experience. The Department has not provided me with the names and identities of the vandals. I do not know if the Department ever conducted an investigation of this act of vandalism. This experience left me feeling vulnerable to attack and without Department support or protection.

**Irrelevant. Moreover, as the incident report (Exhibit "B") reflects, no suspects were identified by Plaintiff Pechner or her fellow officer. Under such circumstances, the City can not be faulted for being unable to investigate the matter further. See Modern Continental/Obayashi v. Mass. Comm'n Against Discrimination, 445 Mass. 96, 114-115 (2005) ("The hearing commissioner also found inadequate Modern's steps with respect to three incidents of graffiti at the site, one such incident occurring on November 10, 1993; the next on March 21, 1994; and the last in early April, 1994. Although noting that 'it is difficult for an employer to fully prevent graffiti, which is typically created both anonymously and surreptitiously,' he again opined that Modern somehow 'could have more thoroughly investigated' these incidents of graffiti, without indicating what could realistically be done to identify the anonymous and surreptitious perpetrator or perpetrators. n23 Where the graffiti itself contained some reference to the original incident in which Edmands was trapped and spied on while using the toilet, it would be reasonable to suspect that the same culprits were behind the graffiti. Other than the fact that the original perpetrators were ironworkers, and that the graffiti artists were also likely to be the same ironworkers or their cohorts, Modern had no ability to identify the particular ironworkers responsible for either form of harassment.")**

11. The rear of my personal automobile was sprayed with a pellet gun and the bumper was damaged.

**Irrelevant.  This incident is not alleged in Plaintiff's MCAD complaint, a true and accurate copy of which is attached hereto as Exhibit "C", nor is it alleged in her complaint. Moreover, there is absolutely nothing about the statement which identifies that date, time, location, perpetrators, etc., concerning this alleged incident.**

15. John Barker told me that Lieutenant Santoro had asked him if he had sex with me. He told me that Christopher Daly had overheard the conversation from his cell next door.

**Hearsay not within an exception.  Moreover, Lieutenant Santoro denies ever making such a remark.  See Docket No. 9, Exhibit 3.**

16. On March 12, 2001, I was working the 4:00 p.m. to midnight shift. Christopher Daly was taken into custody on an outstanding warrant. He told me that he remembered the question that Lieutenant Santoro had asked John Baker in 1998 and he wanted to know why people in the Department were so interested in my sex life. He told me that the Detective upstairs had just asked him if he had sex with me.

**Hearsay not within an exception.  Moreover, Officer Goodwin, the Detective, denies ever making such a remark.  See Docket No. 9, Exhibit 1.**

18. The physical intimidation I felt after the cruisers and my personal automobile were vandalized and the emotional injury I sustained as a result of the incident on March 12, 2001 caused me crippling injury.

**Irrelevant.  Moreover, Plaintiff Pechner's self-diagnoses is inadmissible as she is not competent to render expert opinion testimony as to her condition and its cause.**

23. On the basis of these Findings of Fact the Magistrate made a Conclusion of Law that there could be total and permanent disability and the possibility of a causal connection. The Magistrate reversed the Revere Retirement Board and remanded Officer James' application for

the purpose of convening a Regional Medical Panel of experts in psychiatry in order to evaluate Chief Reardon's application for Section 7 retirement.

**The documents in question speak for themselves. Plaintiff Pechner's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition.**

25.     The Medical Panel made a unanimous recommendation to PERAC. PERAC reviewed the Medical Panel Certificate and on July 28, 2003 issued a decision that included the following findings: . . ."

**The documents in question speak for themselves. Plaintiff Pechner's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition to the Motion for Partial Summary Judgment.**

26.     The attorney for the City of Revere, Ira Zaleznik, Esq. requested from the Medical Panel a clarification of the decision and their findings. On March 29, 2004, the Medical Panel provided a Clarification. The Panel's Clarification unanimously endorsed its earlier findings. PERAC adopted the findings of the Medical Panel and notified me of its decision.

**The documents in question speak for themselves. Plaintiff Pechner's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition.**

27.     The City of Revere did not provide me with a notice of appeal of any decision. I am not aware that the City of Revere appealed the DALA decision to the Contributory Retirement Appeals Board (CRAB) or the PERAC decision to the Superior Court.

**Irrelevant.**

28.     I filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) on or about March 12, 2001.  Prior to filing the complaint, I met with Mayor Thomas Ambrosino to seek redress for the intolerable treatment I was experiencing at the Revere Police Department and to seek administrative leave while I received medical attention.  He denied my request for administrative leave.

**Irrelevant.  Mayor Ambrosino's motion for summary judgment has been granted with respect to this matter.**

29.     The Mayor told me that he was aware of the situation in the Police Department because other female officers had come to see him about it.  He advised me to file a complaint with MCAD.

**Irrelevant.  Mayor Ambrosino's motion for summary judgment has been granted with respect to this matter.**

35.     On August 12, 1999, fellow officers told me that Lieutenant Foster had announced in my absence: "Pechner is going to be assigned inside until further notice because she left early and that only certain people when assigned inside are going to be allowed to operate the radio."  During August 1999, I was assigned inside but I was not allowed to operate the radio and on August 13, 1999, the television was on and Lieutenant Foster ordered me to turn it off.

**Hearsay not within an exception.**

37.     I lost my employment.  I lost my career as a police officer.  I lost my ability to react safely in emergency situations.  I lost my ability to trust my fellow officers.  The predominant contributing cause of my personal (emotional) injury, Post-Traumatic Stress Disorder (PTSD) and panic disorder was the conduct of the City of Revere and its authorized

agents. The medical documents and the decisions of DALA and PERAC have established the causal connection.

**The documents in question speak for themselves. Plaintiff Pechner's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition. Moreover, Plaintiff Pechner's self-diagnoses is inadmissible as she is not competent to render expert opinion testimony as to her condition and its cause.**

39. Sergeant Doherty did not disapprove of profanity. He disapproved only when it was used by female officers. I learned from officers Curcio, Fish and Malatesta about the events of April 18, 1997. Sergeant Doherty conducted a line-up of the three officers and had complaining youths identify the female officer who used profanity. I was not part of that group but Sergeant had said to me that his wife and daughter did not use that kind of language and he would not allow me to use it either.

**Hearsay not within an exception.**

40. Sergeant Doherty's comments about the female sports commentator during the world series game was a general statement about his opinion of female professionals, including me. His comments were discussed at the January 7, 1999 meeting.

**Hearsay not within an exception. Moreover, Plaintiff Pechner is not competent to draw conclusions about Sergeant Doherty's state of mind.**

41. I learned about Sergeant Nelson's use of pornography from officer Malestesta (sic), who was on duty and other witnesses were present.

**Hearsay not within an exception.**

8

42.   I am one of the female officers who chauffered (sic) and accompanied Chief Russo to lunch.  I am not aware that he took any of the problems of the female officers to the Mayor and that the Mayor took any action based on his reports.

**Lack of foundation, lack of personal knowledge.  Moreover, Mayor Ambrosino was not the Mayor when Chief Russo was the Chief.  See Ambrosino motion for summary judgment.  Docket Nos. 37 and 39.**

44.   The Defendants removed this complaint to the federal district court.

**True, but irrelevant.**

For the Defendants, CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,

By their Attorneys,

  /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 15, 2006.

**CERTIFICATE OF SERVICE**

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                      /s/ Walter H. Porr, Jr.
                                      Walter H. Porr, Jr.,

Dated: March 15, 2006