UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>        Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>        Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE
POLICE DEPARTMENT'S, OBJECTIONS AND MOTION TO
STRIKE THE AFFIDAVIT OF SONIA FERNANDEZ**

NOW COME Defendants, City of Revere and City of Revere Police Department, and hereby submit their objections to and motion to strike the Affidavit of Sonia Fernandez (Docket No. 122, Exhibit 19).

**Objections and Motion to Strike**

Defendants object to the Affidavit *in toto* on the grounds that it is irrelevant. According to Fed.R.Evid. 402, "[e]vidence which is not relevant is not admissible." In order to be admissible, the proposed evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

In this case, the premise of the Plaintiff's motion for partial summary judgment is that certain administrative agency decisions have *res judicata* effect such that the City's liability has

already been determined and that the only issue left for resolution is damages. See Plaintiff's Motion for Summary Judgment, Docket No. 118, *passim*, and more particularly page 3, "there is a genuine issue [of fact] as to the amount of damages." See also Plaintiff's Memorandum in Support, Docket No. 119, pages 7-22. Taking her motion on its face, then, the only "evidence" necessary would be the subject administrative agency decisions themselves. Indeed, Plaintiff's Memorandum in Support is structured to reflect this reality. See pages 1-7. In fact, Plaintiff Fernandez's Affidavit is so irrelevant that it is not even mentioned or cited in her Memorandum in Support, nor is it mentioned or cited in her Statement of Material Facts (Docket No. 122, Exhibit 20).

Thus, by her own admission her affidavit simply is not relevant to the issues presented by her motion and thus it must be stricken.

### Specific Objections By Paragraph

F.R.Civ.P. 56(e) states in relevant part that "[s]upporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." As more fully demonstrated herein, the instant affidavit fails to comply with this rule in many and significant respects.

2.      I was one of seven (7) female officers hired by the Revere Police Department on the same date. Four members of this group have left the Revere Police Department. Three members, including myself, filed complaints with the Massachusetts Commission Against Discrimination (MCAD) based upon our experience at the Revere Police Department.

**Irrelevant. Moreover, MCAD determined that the complaint of Kathy Fish lacked probable cause. See Exhibit "A" attached hereto.**

3. When I began my employment, the Department did not provide me with a copy of a sexual harassment policy. I cannot recall the exact date that I first saw the current sexual harassment policy but it was dated April 1, 1999. [Exhibit 22].

**Irrelevant.**

5. At the time of the meeting, I had not seen a sexual harassment policy**; [Exhibit 22]** I had not seen a maternity leave policy.

**Irrelevant. Presumably the meeting being referred to was the meeting of January 7, 1999, cited in paragraph 4.**

8. After the January 7, 1999 meeting, I learned that two cruisers, one assigned to Terri Pechner-James and the other assigned to Lyn Curcio had been vandalized. They had all eight (8) tires slashed while parked at the International House of Pancakes.

**Irrelevant. Hearsay not within an exception. Lack of personal knowledge, lack of foundation. See related objections to the Affidavit of Terri Pechner-James.**

9. The report of this incident was traumatic. I felt intimidated by such violent attack. I do not know if the Department ever investigated this vandalism. I do not know the identities of the perpetrators of this incident. The Department's seeming lack of interest in such a brazen and public act of vandalism made me feel vulnerable to attack and without Department support.

**Irrelevant. Hearsay not within an exception. Lack of personal knowledge, lack of foundation. See related objections to the Affidavit of Terri Pechner-James.**

12. About September 21, 1995, I was summoned into the office of Chief Russo. I was then a new recruit. He confronted me with an anonymous letter that accused me of being,

among other things, a drug user.  I was alone and I was unrepresented.  I did not want to have the interrogation recorded but he insisted.  I felt intimidated and I feared for my career.  I knew that drug allegations, even if unproven could derail my career.

**Irrelevant.**

13.    The Chief referred me to Dr. Barry.  The Chief's allegations were never substantiated.

**Irrelevant.  Moreover, the statement mischaracterizes the allegations from the anonymous letter as the Chief's, as opposed to the letter writer's.**

22.    During a softball game in the summer of 1996, the Revere Police Department had a softball match against the Saugus Police Department.  Sergeant Picardi was on the Revere Police team.  A member of the Saugus team said that he heard that Revere had a lot of women on the force.  Sergeant Griffin agreed and added that "this one [referring to Sgt. Picardi is fucking the Spanish one] referring to the Plaintiff.  (sic)  When I learned of this incident, I was very distressed at the insensitive treatment I was receiving from my fellow officers.

**Hearsay not within an exception.**

25.    On December 7, 2001, Officer Crevoiserat, used the radio system to yell and to engage in abusive conduct toward me.  His outburst was heard by business owners in the community who expressed outrage at his conduct.

**Irrelevant.  Hearsay not within an exception.  Lack of personal knowledge, lack of foundation.**

25. (sic)  By march 2001, the cumulative effect of my experiences at the Revere Police Department forced me to seek leave.  I approached Mayor Ambrosino with a request for leave with pay while I sought treatment for the traumatic experiences that had made it impossible for

me to perform the essential duties of my job. The Mayor offered me unpaid leave and told me to a file a complaint with the Massachusetts Commission Against Discrimination (MCAD) if I had any problems with the Police Department.

**Irrelevant. Mayor Ambrosino's motion for summary judgment has been granted with respect to this matter.**

29.     I presented medical opinions from Dr. Jason Merola, Dr. Darlene Millman and Dr. Christopher Harmon. These health care providers confirmed the causal connection between the hostile work environment of the Revere Police Department and my personal (emotional) injury of post traumatic stress disorder.

**Lack of personal knowledge, lack of foundation, lack of competence to render expert opinion testimony. Best Evidence Rule, Fed.R.Evid. 1002: "To prove the content of a writing, . . ., the original writing, . . . is required, except as otherwise provided in these rules or by Act of Congress." "Though somewhat expanded, Rule 1002 'is otherwise a conventional restatement of the so-called "best evidence" rule.' 5 J. Weinstein & M. Berger, Weinstein's Evidence P 1002[01], at 1002-3 (1993). Except as provided in Rule 1002, 'there is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power.' Id. *Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing*. See United States v. Howard, 953 F.2d 610, 612 & n. 1 (11th Cir.1992); United States v. Tombrello, 666 F.2d 485, 491 (11th Cir.), cert. denied, 456 U.S. 994, 102 S. Ct. 2279, 73 L. Ed. 2d 1291 (1982). It does not, however, 'require production of a document simply because the document contains facts that are also testified to by a witness.' United States v.**

Finkielstain, 718 F. Supp. 1187, 1192 (S.D.N.Y.1989).'" *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994), italic added.

**The documents in question speak for themselves. Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition to Motion for Partial Summary Judgment.**

30. The Medical Panel made a unanimous recommendation to PERAC. PERAC reviewed the medical panel certificate and on September 20, 2004, issued a decision that included the following findings: . . ."

**The documents in question speak for themselves. Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition to Motion for Partial Summary Judgment.**

31. The City of Revere did not serve me with a notice of appeal of PERAC's decision.

**Irrelevant. See Defendant's Opposition to Motion for Partial Summary Judgment.**

32. The Post Traumatic Stress Disorder (PTSD) found by the psychiatric medical panel is a "personal injury." The Panel made its finding because the predominant contributing cause of this personal (emotional) injury is an event or series of events occurring within the Revere Police Department by the City of Revere and its authorized agents.

**The documents in question speak for themselves. Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. See Defendant's Opposition to Motion for Partial Summary Judgment.**

33. This personal injury has made me unable to perform the essential duties of my job as a Police Officer. I lost my employment as a police officer. I lost my career as a police officer.

I lost my identity and sense of self worth connected with that identity.  I lost my home during the period that I was on unpaid leave.

**The documents in question speak for themselves.  Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate.  See Defendant's Opposition.  Moreover, Plaintiff Fernandez's self-diagnoses is inadmissible as she is not competent to render expert opinion testimony as to her condition and its cause.**

35.    The Defendants removed this complaint to the federal district court on December 11, 2003.

**True, but irrelevant.**

For the Defendants, CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,

                                                    By their Attorneys,

                                                    /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 15, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

  /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: March 15, 2006