UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　　　Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, OBJECTIONS AND MOTION TO STRIKE THE STATEMENT OF MATERIAL FACTS OF TERRI PECHNER-JAMES**

NOW COME Defendants, City of Revere and City of Revere Police Department, and hereby submit their objections to and motion to strike the Statement of Material Facts of Plaintiff, Terri Pechner-James (Docket No. 122, Exhibit 21).

**Objections and Motion to Strike**

Defendants object to the Statement *in toto* on the grounds that it does not comply with Fed.R.Civ.P. Rules 11 and 56 and on the further ground that it is a compilation of legal conclusions and unsupported factual assertions that have no ultimate bearing on the outcome of the instant motion.

In this case, the premise of the Plaintiff's motion for partial summary judgment is that certain administrative agency decisions have *res judicata* effect such that the City's liability has already been determined and that the only issue left for resolution is damages. See Plaintiff's

Motion for Summary Judgment, Docket No. 118, *passim*, and more particularly page 3, "there is a genuine issue [of fact] as to the amount of damages."  See also Plaintiff's Memorandum in Support, Docket No. 119, pages 7-22.  Taking her motion on its face, then, the only "evidence" necessary would be the subject administrative agency decisions themselves.  Indeed, Plaintiff's Memorandum in Support is structured to reflect this reality.  See pages 1-7.

A.   **The Statement Fails to Comply with Fed.R.Civ.P. 11:**

With respect to a represented party, Fed.R.Civ.P. 11(a) states that "Every pleading, written motion, . . . shall be signed by at least one attorney of record in the attorney's individual name, . . .".  Pursuant to Fed.R.Civ.P. 11(b), the attorney's signature constitutes a certification by the attorney that the pleading or written motion satisfies certain enumerated conditions.  Obviously, then, if the attorney of record has not signed the subject pleading or written motion, then the required certifications have not been made and the pleading or written motion fails to comply with the rule.

In this case, while the Statement of Facts is presumably signed by the represented party, it is <u>not</u> signed by the attorney of record.

B.   **The Statement Fails to Comply with Fed.R.Civ.P. 56(e):**

Fed.R.Civ.P. 56 (e) states in relevant part that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."  In this case, the papers were submitted under separate cover (see Docket No. 122).  However, Plaintiff Pechner's Affidavit (Docket No. 122, Exhibit 18) does not authenticate any of the documents so filed, nor does any other pleading filed in support of the motion.  Moreover, the documents themselves are <u>not</u> certified.

**Specific Objections By Paragraph**

1.      The policymakers of the City of Revere are its elected officials, Mayor and City Council.  [Exhibit 1 M.G.L.c. 43 § (sic) 56, 58, 59, 61 and Exhibit 2-Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4]

**This is a conclusion of law and not a statement of fact.**

4.      The City of New Bedford also has a Plan B form of government.   [Exhibit 3-Gonzalves v City of New Bedford, 939 F.Supp. 915 (1996)].

**The cited reference is a case decided ten years ago based upon facts which are older still.  Just because the City of New Bedford had a Plan B form of government then does not mean that it has one now.  This "fact" is simply irrelevant.**

8.      James Russo held the title of chief of police when she began her employment at the Revere Police Department.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

9.      Robert Haas was Mayor of the City of Revere when the Plaintiff began her employment at the Revere Police Department.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

10.     Thomas Ambrosino is the successor to Robert Haas as Mayor of the City of Revere; Thomas Ambrosino was the Mayor when the Plaintiff's employment ended.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

11. The Plaintiff's last day of work at the Revere Police Department was March 13, 2001.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

13. After hearing, in which all parties were represented by counsel, DALA found sufficient medical evidence to refer Plaintiff's disability application to the Medical Panel of the Public Employee Retirement Administration Commission (PERAC). [Exhibit 9-DALA decision on Terri Pechner-James]

**This is a conclusion of fact based upon the interpretation of the document. Thus, the document speaks for itself. See Defendants' Opposition to the Motion for Partial Summary Judgment.**

15. After hearing, the Medical Panel of PERAC made findings of fact dated July 28, 2003. [Exhibit 10-PREAC decision on Terri Pechner-James]

**This is a conclusion of fact based upon the interpretation of the document. Thus, the document speaks for itself. See Defendants' Opposition to the Motion for Partial Summary Judgment. More to the point, the Medical Panel issued an opinion based upon medical possibility. It did <u>not</u> make "findings of fact."**

19. The Defendants did not appeal the findings of the Medical Panel. Their counsel requested clarification.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

4

20. On March 29, 2004, the Medical Panel issued a Review of Medical Panel Clarification. The Clarification was unanimous and upheld the Panel's earlier findings. [Exhibit 12-Clarification of PERAC decision sent by Medical Panel]

**This is a conclusion of fact based upon the interpretation of the document. Thus, the document speaks for itself. See Defendants' Opposition to the Motion for Partial Summary Judgment. More to the point, the Medical Panel issued an opinion based upon medical possibility. It did <u>not</u> make "findings of fact."**

22. Both DALA and PERAC received in excess of forty-five (45) exhibits consisting of Plaintiff's work and medical records.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

23. The Plaintiff now receives a disability benefit based on these state adjudications.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e). Moreover, the mischaracterizations of the DALA and PERAC proceedings as "state adjudications" is an erroneous conclusion of law. See Defendants' Opposition to the Motion for Partial Summary Judgment.**

[Signature on next page.]

5

For the Defendants, CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,

By their Attorneys,

/s/ Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 15, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq.<br>Grayer & Dilday, LLP<br>27 School Street, Suite 400<br>Boston, MA 02108<br>Attorneys for the Plaintiffs<br>Via CM/ECF e-mail | Michael J. Akerson, Esq.<br>Reardon, Joyce and Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>Attorneys for Defendants<br>Bernard Foster, Salvatore Santoro,<br>Roy Colannino, Frederick Roland,<br>Thomas Doherty, John Nelson,<br>James Russo, Michael Murphy,<br>and Steven Ford<br>Via CM/ECF e-mail |

/s/ Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: March 15, 2006