UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF REVERE, THOMAS AMBROSINO, )<br>MAYOR, CITY OF REVERE POLICE )<br>DEPARTMENT, TERRENCE REARDON, )<br>CHIEF OF POLICE, BERNARD FOSTER, )<br>SALVATORE SANTORO, ROY COLANNINO, )<br>FREDERICK ROLAND, THOMAS DOHERTY,)<br>JOHN NELSON, JAMES RUSSO, MICHAEL )<br>MURPHY and STEVEN FORD, )<br>Defendants, ) | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, OBJECTIONS AND MOTION TO STRIKE THE STATEMENT OF MATERIAL FACTS OF SONIA FERNANDEZ**

NOW COME Defendants, City of Revere and City of Revere Police Department, and hereby submit their objections to and motion to strike the Statement of Material Facts of Plaintiff, Sonia Fernandez (Docket No. 122, Exhibit 20).

**Objections and Motion to Strike**

Defendants object to the Statement *in toto* on the grounds that it does not comply with Fed.R.Civ.P. Rules 11 and 56 and on the further ground that it is a compilation of legal conclusions and unsupported factual assertions that have no ultimate bearing on the outcome of the instant motion.

In this case, the premise of the Plaintiff's motion for partial summary judgment is that certain administrative agency decisions have *res judicata* effect such that the City's liability has already been determined and that the only issue left for resolution is damages. See Plaintiff's

Motion for Summary Judgment, Docket No. 118, *passim*, and more particularly page 3, "there is a genuine issue [of fact] as to the amount of damages."  See also Plaintiff's Memorandum in Support, Docket No. 119, pages 7-22.  Taking her motion on its face, then, the only "evidence" necessary would be the subject administrative agency decisions themselves.  Indeed, Plaintiff's Memorandum in Support is structured to reflect this reality.  See pages 1-7.

A.      **The Statement Fails to Comply with Fed.R.Civ.P. 11:**

With respect to a represented party, Fed.R.Civ.P. 11(a) states that "Every pleading, written motion, . . . shall be signed by at least one attorney of record in the attorney's individual name, . . .".  Pursuant to Fed.R.Civ.P. 11(b), the attorney's signature constitutes a certification by the attorney that the pleading or written motion satisfies certain enumerated conditions.  Obviously, then, if the attorney of record has not signed the subject pleading or written motion, then the required certifications have not been made and the pleading or written motion fails to comply with the rule.

In this case, while the Statement of Facts is presumably signed by the represented party, it is not signed by the attorney of record.

B.      **The Statement Fails to Comply with Fed.R.Civ.P. 56(e):**

Fed.R.Civ.P. 56 (e) states in relevant part that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."  In this case, the papers were submitted under separate cover (see Docket No. 122).  However, Plaintiff Fernandez's Affidavit (Docket No. 122, Exhibit 19) does not authenticate any of the documents so filed, nor does any other pleading filed in support of the motion.  Moreover, the documents themselves are not certified.

**Specific Objections By Paragraph**

1.    The policymakers of the City of Revere are its elected officials, Mayor and City Council. [Exhibit 1-M.G.L.c. 43 § (sic) 56, 58, 59, 61 and Exhibit 2-Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4]

**This is a conclusion of law and not a statement of fact.**

4.    The City of New Bedford also has a Plan B form of government. [Exhibit 3-<u>Gonzalves v City of New Bedford</u>, 939 F.Supp. 915 (1996)].

**The cited reference is a case decided ten years ago based upon facts which are older still. Just because the City of New Bedford had a Plan B form of government does not mean that it has one at this time. This "fact" is simply irrelevant.**

8.    James Russo held the title of chief of police when she began her employment at the Revere Police Department.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

9.    Robert Haas was Mayor of the City of Revere when the Plaintiff began her employment at the Revere Police Department.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

10.    Thomas Ambrosino is the successor to Robert Haas as Mayor of the City of Revere; Thomas Ambrosino was the Mayor when the Plaintiff's employment ended.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

11.     The Plaintiff was without pay between March and October 2001. [Exhibit 11-PERAC decision on Sonia Fernandez.

**The only evidentiary support for this fact is hearsay, and totem pole hearsay at that, from the referenced report. Thus, this fact is not supported by the record as required by Fed.R.Civ.P. 56(e).**

12.     The Plaintiff was at the Department between October 2001 and September 2002.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e).**

14.     After hearing, the Medical Panel of PERAC made a unanimous finding of fact dated September 12, 2004. [Exhibit 11-PREAC decision on Sonia]

**This is a conclusion of fact based upon the interpretation of the document. Thus, the document speaks for itself. See Defendants' Opposition to the Motion for Partial Summary Judgment. More to the point, the Medical Panel issued an opinion based upon medical possibility. It did <u>not</u> make "findings of fact."**

20.     The Plaintiff now receives a disability benefit based on this state adjudication.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e). Moreover, the mischaracterizations of the PERAC proceedings as a "state adjudication" is an erroneous conclusion of law. See Defendants' Opposition to the Motion for Partial Summary Judgment.**

22.     The federal and state claims are intertwined in all four (4) counts of the Plaintiff's complaint and all arise from the same nucleus of operative facts.

**This fact is unsupported by any citation to the record as required by Fed.R.Civ.P. 56(e). Moreover, it is an incomprehensible conclusion of fact concerning the nature of the complaint whose relevance defies understanding.**

For the Defendants, CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,

By their Attorneys,

 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 15, 2006.

**CERTIFICATE OF SERVICE**

  I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                /s/ Walter H. Porr, Jr.
                Walter H. Porr, Jr.,

Dated: March 15, 2006

6