UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　Defendants, | C.A. No. 03-12499-MLW |

**AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Walter H. Porr, Jr., do hereby depose and state:

1. I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere and City of Revere Police Department, in this action.

2. On Monday, June 6, 2005, I read an article in the Massachusetts Lawyers Weekly newspaper which indicated that Plaintiff's former co-counsel, Carlton Dasent, had been disbarred as the result of an order of the Supreme Judicial Court from mid-May of 2005. Having heard nothing about this from either Mr. Dasent or Attorney James Dilday, I immediately wrote to Attorney Dilday concerning this lack of notification. A true and accurate copy of my letter of June 6, 2005, is attached hereto as Exhibit "A".

3. On June 7, 2005, Attorney Dilday responded to my June 6, 2005, letter stating that Mr. Dasent was appealing his disbarment to the full bench of the Supreme Judicial Court

and that "[o]ther than that, [he] had nothing additional to say about this matter." A true and accurate copy of Attorney Dilday's letter of June 7, 2005, is attached hereto as Exhibit "B".

4. Since neither Mr. Dasent or Attorney Dilday seemed inclined to inform the Court of Mr. Dasent's disbarment, I did so when I filed my status conference report with the Court on June 29, 2005 (Docket No. 51). Mr. Dasent finally got around to informing the Court that he had been disbarred on September 12, 2005 (Docket No. 82).

5. Despite the fact that he had been disbarred, Mr. Dasent was present in Court for the motions hearing on October 6, 2005. Indeed, in denying the City's monetary sanctions request, the Court explicitly made reference to the fact that it perceived that much of the Plaintiffs discovery transgressions could be laid at the feet of Mr. Dasent and that, therefore, it was not going to sanction the Plaintiffs in light thereof.

6. On November 29, 2005, the parties were back in Court for a status conference (see Docket entry for 11/29/05) and, once again, Mr. Dasent was present.

7. On January 10, 2006, the deposition of Plaintiff Pechner commenced at the law offices of Reardon, Joyce and Akerson in Worcester, Massachusetts. Despite the fact that he had been disbarred, Mr. Dasent appeared at the deposition with the intention of being present while it was being taken. Mr. Dasent's presence in Worcester and his intention of sitting-in on the deposition were discussed on the record with Attorney Dilday prior to the examination of Plaintiff Pechner and Attorney Dilday affirmed that Mr. Dasent was <u>not</u> employed by his office. Ultimately, Mr. Dasent was excluded from deposition. A true and accurate copy of the relevant portion of the deposition transcript is attached hereto as Exhibit "C".

8. On January 25, 2005, the parties appeared in Court on the Defendants sanctions motions (see Docket entry for 1/25/06) and, once again, Mr. Dasent was present.

9.      Then, between Friday, February 17, 2006, and Tuesday, February 21, 2006, the City Solicitor's office received two documents which were not only puzzling to me, but also extremely troubling as well as they relate to Mr. Dasent's continuing role in this case. The first, was a faxed letter on Grayer & Dilday letterhead presumably signed by Attorney Dilday and faxed to the City Solicitor's office at 2:47 p.m. on Friday, February 17, 2006. Because the Solicitor's Office closes at noon on Fridays, this fax sat in the output tray of the fax machine until Tuesday morning, February 21, 2006 (Monday, February 20, 2006, being the President's Day holiday), when it was stamped in at 8:24 a.m. and given to me by our Office Manager/Paralegal. Approximately one hour later, the City Solicitor's Office received its mail delivery and the purported original of the fax from Friday was contained therein. Except, instead of the original containing the signature of Mr. Dilday, as in the fax, it instead bore the signature of Mr. Dasent. Needless to say, this anomaly raises a myriad of questions regarding the prosecution of the Plaintiffs' case. More particularly, a review of the correspondence and pleadings from the Grayer & Dilday firm reflect that the purported signature of Attorney Dilday on these documents is wildly inconsistent and presumably incapable of being from the same hand. Copies of the respective letters are attached hereto as Exhibits "D" and "E" respectively. See also Defendants Discovery Order Status Report (Docket No. 116, pages 7-9) Exhibits "D" and "E".

10.     On February 22, 2006, I responded to Attorney Dilday's invitation to meet and confer by writing a lengthy letter to him out lining some of the many failures of the Plaintiffs' motion for partial summary judgment. A true and accurate copy of said letter is attached hereto as Exhibit "F".

3

11. On February 23, 2006, I received by facsimile a letter purportedly from Attorney Dilday, the original of which arrived on February 24, 2006, which supposedly responded to my letter of the previous day. A true and accurate copy of said letter is attached hereto as Exhibit "G".

12. On February 24, 2006, I responded to purported letter from Attorney Dilday by writing another lengthy letter to him out lining more of the many failures of the Plaintiffs' motion for partial summary judgment. A true and accurate copy of said letter is attached hereto as Exhibit "H".

13. Notwithstanding my letters of February 22 and 24, 2006, on February 28, 2006, under a cover letter purportedly signed by Attorney Dilday, the Plaintiffs' motion for partial summary judgment was filed with the Court. A true and accurate copy of said letter is attached hereto as Exhibit "I".

14. Because the letter purportedly sent from Attorney Dilday on February 23, 2006 (Exhibit "G") and the cover letter to the Court dated February 28, 2006 (Exhibit "I"), did not appear to bear Attorney Dilday's authentic signature, and concerned that Mr. Dasent was continuing to practice law by actively preparing and filing pleadings in this case, I began to examine my file for evidence that someone other than Attorney Dilday was actually preparing and signing the pleadings which were being filed in this matter. As part of this examination, I also downloaded a copy of the LLP filing for the law firm of Grayer & Dilday from the website of the Division of Corporations for the Secretary of State for the Commonwealth of Massachusetts. A true and accurate copy of that filing as downloaded from the aforementioned website is attached hereto as Exhibit "J".

4

15. My examination of my file and my comparison of the signatures purporting to be those of Attorney Dilday led to the discovery that many of the pleadings which have been filed and served herein and many of the letters between the parties and/or the Court have been signed by someone other than Attorney Dilday. In particular, many of the pleadings related to the Plaintiffs' motion for partial summary judgment to which this affidavit is addressed also reflect that they were not signed by Attorney Dilday. See Defendants Opposition, pages ____ to ____. More to the point, on March 2, 2006, as part of my last-ditch effort to convince Attorney Dilday of the futility of the Plaintiffs' motion, I also addressed the signature discrepancy issue. A true and accurate copy of my March 2, 2006, letter is attached hereto as Exhibit "K".

16. On March 7, 2006, Attorney Dilday responded to my letter of March 2, 2006. A true and accurate copy of his letter is attached hereto as Exhibit "L". To my mind, that letter speaks for itself. It neither denies the fact that someone other than Attorney Dilday signed four (4) of the six (6) pleadings that constitute Plaintiffs' summary judgment package, nor does it deny the fact that that someone is Mr. Dasent.

Signed under the pains and penalties of perjury this 15th day of March, 2006.

Respectfully submitted,

 /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.

CERTIFICATE OF SERVICE

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

      /s/ Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: March 15, 2006