# EXHIBIT G

Case 1:03-cv-12499-MLW   Document 134-8   Filed 03/15/2006   Page 1 of 3

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

February 23, 2006

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Re: Pechner-James v City of Revere

Dear Attorney Porr,

I am in receipt of your letter dated February 22, 2006 in response to our Local Rule 7.1 Notice of Motion. We agree in part and we disagree in part with the content of your letter.

We agree and we have stated in our motion that the Court must determine the import of the administrative findings of fact, the causation and the disability issues adjudicated by the administrative agencies. Both DALA and PERAC have the statutory authority to make findings of fact, to determine disability issues and to determine causation. I do not think that we disagree on these basic legal propositions. The principle of stare decisis requires these findings of fact, disability determination and causation determination cannot be relitigated. See also 28 U.S.C § 1738. Contrary to your assertions, the real issue is whether these already determined facts constitute violations of M.G.L.c. 151B § 4 and 42 U.S.C. § 2000(e)(2) and we believe that is the only issue involved in these proceedings.

Your letter does not address the detailed findings made by these agencies. These findings of fact made for the purposes of retirement disability cannot be relitigated in a Massachusetts court. The findings of facts are res judicata for any other proceedings in state or federal courts. Your statement substantially understates the significance of the administrative determinations. Your letter does not address the res judicata effect of the findings of fact and the causation made by these administrative agencies. Your letter also does not address the importance of 28 U.S.C. § 1738 and the principles of comity that federal courts grant to state adjudications. We disagree with your assertion that the administrative determinations of disability are unrelated to the facts of this case.

We do not "persist" but we will file our Motion For Summary Judgment with the Court. Our clients have a meritorious case and we believe that we have an obligation to represent them by pursuing all the legal avenues open to us. The fact that we represent opposing sides of the same case and advocate opposing opinions does not mean that the Plaintiffs case does not have merit.

Please call if you have any questions.

Sincerely,

*James S. Dilday*

James S. Dilday, Esq.


Cc: Attorney Michael Akerson