# EXHIBIT K

# THE CITY OF REVERE, MASSACHUSETTS

281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)



Thomas G. Ambrosino
Mayor

March 2, 2006

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.

Dear Attorney Dilday:

Although, quite frankly, I entertain little hope that this letter will achieve its desired aim, I write once more in regard to the motion for summary judgment which you have now filed with the Court. The purpose of this letter is to review the Local Rule 7.1 exchange which preceded the filing of the motion, the clear lack of merit to the motion (an issue which is separate and apart from the issue as to whether or not any of your clients' claims have merit), the troubling question about who is preparing, signing and filing documents on behalf of Plaintiffs in this matter and, finally, to request that you withdraw the motion.

**Local Rule 7.1 Compliance**

By letter dated Wednesday, February 15, 2006, which was received in this office on Tuesday, February 21, 2006 (Monday was the Presidents' Day Holiday), you served upon this office the subject motion for summary judgment "pursuant to Local Rule 7.1 with a request to meet and confer within the next seven (7) days." NOTE: The cover letter from your office was a photocopy of the original and not the original cover itself. I believe that this cover letter bears your authentic signature.

By letter dated Wednesday, February 22, 2006, I responded to your meet and confer request. I concluded this letter by stating "In conclusion, your letter requests that we meet and confer on these issues. If, after you have reviewed this letter, there are issues which you believe remain to be discussed, I expect that I will be here to respond to your call during regular business hours."

On Thursday, February 23, I received a fax from your office at 4:17 p.m. which consisted of a two page letter purporting to respond to my letter of February 22. The original of this letter was received on Friday, February 24, 2006. NOTE: I believe this letter bears a signature which is <u>not</u> authentic.

James S. Dilday, Esq.
March 2, 2006
Page 2

On Friday, February 24, 2006, I responded to the letter from your office of February 23. I concluded this letter by stating "If, after you have reviewed this letter, there are issues which you believe remain to be discussed, I am available to respond to your call during regular business hours as indicated in my prior letter."

On Tuesday, February 28, 2006, you apparently forwarded the summary judgment papers to the Court for filing as indicated by a cover letter bearing that date and directed to the clerk of the court, a copy of which was sent to this office. NOTE: I believe this letter bears a signature which is not authentic.

The question remains, Why did someone file the motion for summary judgment rather than respond to my letter of February 24? Certainly, you had that letter by Monday, February 27 or Tuesday, February 28 at the latest. More to the point, both of my letters engaged your proposed motion on substantive grounds and with an in depth analysis looking at the issues from opposite sides of the same coin. Moreover, my letter of February 24 engaged the misconceptions in the letter from your office dated February 23, which certainly justified a further response from you prior the filing of the motion.

What is particularly of concern about the foregoing is that as part of your Local Rule 7.1 compliance, you served upon this office a document entitled Notice of Motion Pursuant to Local Rule 7.1, to which you attached a copy of a case entitled *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180 (3rd Cir. 2003). NOTE: I believe that this notice bears your authentic signature. Your reason for attaching the *Naviant* case was explicitly stated in the text of your Notice to be in light of "the serious requirement" to meet and confer.

Turning, then, to *Naviant*, I note that on page 186 of the opinion the Court, in reviewing the perfunctory effort at meeting and conferring undertaken by the moving attorney, observed that it was "unable to discover in the record before [it] that [movant's counsel] ever made a *good faith* effort to confer with defense counsel to resolve discovery disputes." Italics in original. Further on page 186 the Court observed that "[t]he District Court found that '[movant's] counsel, in its zeal, at times proliferated and complicated the discovery disputes through numerous and lengthy submissions and with an approach best-characterized as "shoot first and find out later."'" Thus, the Court concluded that "[t]here was hardly a 'good faith . . . attempt[] to confer with the party not making the disclosure in an effort to secure the disclosure without court action.' (Citation omitted). In *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147 (D.N.J. 1999), the Court held that sending a fax and demanding a response the next business day and threatening to file a motion to compel *is a token effort rather than a sincere effort*." Italics added.

While the *Naviant* case is clearly a discovery case, you yourself chose to invoke it in the context of Local Rule 7.1. Frankly, I concur that it is instructive in this regard and agree with your implication that Local Rule 7.1 imposes a requirement of "good faith" and that a "token effort rather than a sincere effort" fails to comply with the rule. Thus, if for no other reason than

James S. Dilday, Esq.
March 2, 2006
Page 3

failure to comply with Local Rule 7.1, I am asking that you withdraw the motion and engage in a sincere effort to evaluate what has been said in our letters of February 22 and 24, together with what is said below.

**The Motion's Lack of Merit**

1.  Procedural Lack of Merit

Assuming for sake of argument that state administrative agency decisions can have *res judicata* effect, what state agency or agencies decisions can have this effect in the context of this case and what are the requirements which must be met in order for that effect to in fact be given to the appropriate agency's decisions.

In the first place, in *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982), the Supreme Court observed that "the EEOC may not consider a claim until a state agency having jurisdiction over employment discrimination complaints has had at least 60 days to resolve the matter, § 706(c), 42 U. S. C. § 2000e-5(c)." In that case, the agency which had such jurisdiction was "the New York State Division of Human Rights (NYHRD), the agency charged with enforcing the New York law prohibiting employment discrimination. N. Y. Exec. Law §§ 295(6), 296(1)(a) (McKinney 1972 and Supp. 1981-1982)." *Id.* at 464. The Supreme Court ultimately determined that the findings of that agency were entitled to *res judicata* effect under 28 U.S.C. § 1738 in the context of a Title VII claim.

Obviously, in our case, the Massachusetts Commission Against Discrimination (MCAD) is the agency charged with enforcing the Massachusetts law prohibiting employment discrimination, and thus, it is only their decisions, and not the decisions from the other agencies which you invoke, which can have *res judicata* effect in this case. I note that although you cite *Kremer* in your memorandum of law (Docket No. 119, pages 9-11), you avoid citing or acknowledging that portion of its holding set forth above. I further note that although you cite *Brunson v. Wall*, 405 Mass. 446 (1989) in your memorandum of law (Docket No. 119, page13), you avoid citing or acknowledging that the Supreme Judicial Court has also recognized that MCAD is the agency charged with enforcing the Massachusetts law prohibiting employment discrimination and that it is there decisions which have *res judicata* effect.

Thus, as an initial procedural matter, you are attempting to apply *res judicata* effect to the wrong agencies and to the wrong decisions.

In the second place, your representation to the contrary notwithstanding (Docket No. 119, pages 5-7), PERAC itself made no findings of fact and reached no decisions in your clients' cases. With respect to both of your clients, you contend that "PERAC reviewed the Medical Panel Certificate and . . . *issued a decision* that included . . . findings of fact." Docket No. 119, page 5, Pechner, citing Exhibit 10 and page 6, Fernandez, citing Exhibit 11. With respect to Plaintiff Pechner, you also argue that "PERAC approved the Medical Panel's recommendation

James S. Dilday, Esq.
March 2, 2006
Page 4

. . .", again citing Exhibit 10. Docket No. 119, page 5. In point of fact, a review of both exhibits reflects that the only actions taken by PERAC were to determine that the Medical Panel Certificates were in order and then to forward them to the local Retirement Board. Nothing in these actions by PERAC could in any way have *res judicata* effect in this case. See 840 C.M.R. 10.11 attached as part of Exhibit 8 to Docket No. 122.

Additionally, to the extent that the Medical Panel made findings (the substance of which were addressed in my February 24 letter), nothing in your motion suggests that there is any authority for the proposition that *res judicata* effect is given to Medical Panel findings. Indeed, it is the Retirement Board which ultimately determines whether or not the retirement will be approved and on what grounds. See 840 C.M.R. 10.11(4) and 10.13 attached as part of Exhibit 8 to Docket No. 122.

2.   Substantive Lack of Merit.

"'When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.' United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 16 L. Ed. 2d 642, 86 S. Ct. 1545 (1966)." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).

Your memorandum cites the findings of DALA and the purported findings of PERAC and then goes on at great length about how the DALA and purported PERAC decisions are final and binding. You then state that the defendants "now seek to establish a new 'predominant contributory cause' of the Plaintiffs (sic) disabilities." Docket No. 199, page 13. In particular, your memorandum states that for Plaintiff Pechner, "[t]he findings of fact by PERAC confirms that the personal (emotional) injury was found because the 'predominant contributing cause' . . . of that injury is an event or series of events occurring within her employment at the Revere Police Department. This is the same conclusion stated in the findings by DALA." Docket No. 119, page 6. Again, as indicated above, PERAC made no factual findings whatsoever and to the extent that DALA and the Medical Panel made such findings (the substance of which were addressed in my February 24 letter), nothing in those findings specifically found that that the "event or series of events occurring within her employment at the Revere Police Department" amounted to sexual harassment in violation of Title VII or G.L. c. 151B, disparate treatment, constructive discharge or infliction of emotional distress. Likewise, with respect to Plaintiff Fernandez, your memorandum states that "[u]nder the statute, such an injury is found only when the 'predominant contributing cause' is 'an event or series of events occurring within,' in this case, the employment of Sonia Fernandez at the Revere Police Department." Docket No. 119, page 7. Again, as indicated above, PERAC made no factual findings whatsoever and to the extent that the Medical Panel made such findings (the substance of which were addressed in my February 24 letter), nothing in those findings specifically found that that the "event or series of events occurring within, in this case, the employment of Sonia Fernandez at the Revere Police Department" amounted to sexual harassment in violation of Title VII or G.L. c. 151B, disparate

James S. Dilday, Esq.
March 2, 2006
Page 5

treatment, constructive discharge or infliction of emotional distress. Quite to the contrary, as your memorandum candidly admits, the "event or series of events occurring within, in this case, the employment of Sonia Fernandez at the Revere Police Department" which caused her emotional injury were "the specific related 'gruesome' events that [Sonia Fernandez] experienced." Docket No. 119, page 6.

Finally, and despite the foregoing, your memorandum in support of your motion utterly fails to articulate the elements for a finding of *res judicata* in the context of Title VII/151B claims and also utterly fails to address the elements of such claims and which of those elements the defendants are foreclosed from litigating. In other words, your memorandum does little more than throw the purported findings of DALA and PERAC against the wall, along with a rambling treatise on *res judicata*, but does nothing to show how the requirements of a *res judicata* finding are met and how the defendants are barred from litigating one or more of the elements of your clients' many claims.

As I have noted in prior pleadings, you presume what you are obligated to prove.

Thus, in light of the foregoing, I am asking that you withdraw this motion to evaluate and rethink its substantive deficiencies, along with the other deficiencies noted herein.

**Who is Preparing, Signing and Filing These Pleadings?**

The Motion materials consist of the following pleadings:

1. Motion for Summary Judgment, Docket No. 118.

2. Memorandum in Support, Docket No. 119.

3. Notice of Motion, Docket No. 121.

4. List of Exhibits, Docket No. 122.

5. Certificate of Compliance, Docket No. 123.

6. Certificate of Service, Docket No. 124.

A review of the signatures on these pleadings reveals to my eye that Docket Nos. 121 and 122 appear to be the only two pleadings of the six which bear your authentic signature. I would note that curiously enough, the letter addressed to this office attached to Docket No. 123 appears to bear your authentic signature, although I would note two things: 1. We have never received the original of this letter, only a photocopy which transmitted your intended pleadings and 2. This letter was not attached to the copy of what is now Docket No. 123 when it was sent to us before filing.

James S. Dilday, Esq.
March 2, 2006
Page 6

In other words, who prepared, signed and caused to be filed Docket Nos. 118, 119, 123 and 124? Indeed, the mailed copies of what are now Docket Nos. 118 and 119 were not signed. Moreover, Docket Nos. 123 and 124 purport to be certifications by you personally, although it is patently obvious that the signatures thereon are <u>not</u> authentic.

It does not take a trained document examiner to realize that there is absolutely no way the signatures on the pleadings mentioned herein can be from the same hand. Moreover, it does not take a Mensa level intellect to entertain the suspicion that the likely person who is, and has been, taking the liberty of signing your name whenever he wants on whatever he wants is Mr. Dasent.

Be that as it may, and whoever the culprit, documents are routinely being signed on your behalf by someone other than yourself. In this case, four out of the six pleadings comprising the motion package were not signed by you. Whether or not my suspicion proves well-founded, I am requesting that you withdraw the motion in light of this glaring and obvious discrepancy.

**Conclusion**

In my letters of February 22 and 24, I mentioned that the parties I represent would seek rule 11 and whatever other sanctions may be available should you persist in filing the motion. Apparently you, or some one acting on your behalf or in your name, has nonetheless persisted in filing the same. Although I expressed at the outset of this letter that I entertain little hope that you will withdraw the motion, I have, nonetheless, undertaken one last effort to convince you that there are many objectively verifiable and legitimate reasons why you should do so. Whether or not I have pursued this course in vain is up to you.

Thank you for your attention to this matter.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

CC:   Attorney Michael Akerson