UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>        Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>        Defendants, | C.A. No. 03-12499-MLW |

### DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, CROSS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**NOW COME** the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**, and hereby move for partial judgment on the pleadings in accordance with Federal Rules of Civil Procedure, Rule 12(c).

**I.**

**PROCEDURAL POSTURE**

On February 28, 2006, Plaintiffs filed their motion for partial summary judgment (Docket Nos. 118, 119, 121, 122, 123 & 124). In addition to their opposition thereto which is being filed concurrently herewith, these Defendants now move for partial judgment on the pleadings as more fully set forth below. For the record, this motion is based entirely upon the pleadings and records on file herein and will invoke those records where necessary by Judicial Notice. See Fed.R.Evid. 201. See *Christensen v. Kingston Sch. Comm.*, 360 F. Supp. 2d 212, 215 (D. Mass. 2005).

## II.

## OVERVIEW OF COMPLAINT

In their <u>verified</u> complaint, Plaintiffs Pechner and Fernandez each allege four claims for relief (denominated "counts") which are essentially identical – hostile work environment/sexual harassment[1], constructive discharge, disparate treatment and emotional distress.  Though not separately articulated, Plaintiffs also make a claim under 42 U.S.C. § 1983.  This motion will address the 42 U.S.C. § 1983, constructive discharge, disparate treatment, emotional distress claims.

**A.     <u>The 42 U.S.C. § 1983 Claim</u>:**

Plaintiffs allege that they "have filed this cause of action pursuant to 42 U.S.C. § 1983" (Complaint, paragraph 12).  However, Plaintiffs' claims under 42 U.S.C. § 1983 must fail since Title VII provides the exclusive remedy for the alleged violations of their Title VII rights.  *Middlesex County Sewage Authority v. National Sea Clammers*, 453 U.S. 1, 19-21, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Prieto v. Rosa*, 894 F.2d 467, 469-470 (1st Cir.1990); *Day v. Wayne County Board of Auditors*, 749 F.2d 1199, 1204-1205 (6th Cir. 1984); *Saffer v. Town of Whitman*, 1986 U.S. Dist. LEXIS 17043 (D.Mass. 1986, Civil Action No. 85-4470-Z); *Christensen v. Lawrence F. Quigley Memorial Hospital*, 656 F.Supp. 14, 18-19 (D.Mass. 1985).[2]  Since Plaintiffs' complaint alleges <u>no other</u> violations of federal law, it fails to state a claim for relief under 42 U.S.C. § 1983.

Thus, any claim pursuant to 42 U.S.C. § 1983 must be dismissed.

---

[1]   Plaintiff Fernandez adds a racial harassment component to this claim for relief.

[2]  Massachusetts' law mirrors federal law in this regard.  Mass. Gen. Laws Ch. 151B is the exclusive remedy for claims of sexual/racial harassment, etc., of the type alleged by Plaintiffs herein and not the State equal rights act or civil rights act, Mass. Gen. Laws ch. 12, §§ 11H and 11I respectively.  *Evans v. T.J. Maxx*, 19 Mass. L. Rep. 129  (Mass. Super. Ct., 2005) and cases cited therein.

**B.     The Disparate Treatment Claims – Count III:**

Both Plaintiffs alleged identical claims of disparate treatment on the two-fold basis that: (1) Mayor Thomas Ambrosino allegedly denied them leaves with pay when he allegedly granted similarly situated male employees leaves with pay; and, (2) they were denied retirement benefits when they were otherwise qualified (Complaint, paragraphs 116–119 (Pechner) and paragraphs 134–137 (Fernandez)).

The Court has already recommended granting the motion for summary judgment of Mayor Ambrosino (Docket No. 37) in which he submitted undisputed, and unopposed, facts (Docket No. 39) which demonstrated that he offered the Plaintiffs leaves of absence without pay on the same terms and conditions as similarly situated male officers. See Docket No. 88. In this regard, the Court has subsequently made it clear that it treats this decision as "law of the case". "Under this doctrine, a court should not reopen issues decided in earlier stages of the same litigation. Messenger v. Anderson, 225 U.S. 436, 444, 56 L. Ed. 1152, 32 S. Ct. 739 (1912)." *Agostini v. Felton*, 521 U.S. 203, 236 (1997). Thus, there is no basis for liability as to these moving Defendants as a result of the conduct of Mayor Ambrosino.

With respect to retirement benefits, these benefits have in fact been awarded by the Revere Retirement Board. Indeed, Plaintiffs' motion for partial summary judgment is based entirely upon this very proposition. See the Statement of Facts of each Plaintiff filed in support thereof which states that they are in fact receiving these benefits. Docket No. 122, Exhibit 21 (Pechner), page 4, No. 23; Docket No. 122, Exhibit 20 (Fernandez), page 4, No. 20. In any event, the Revere Retirement Board is a separate and distinct legal entity. See G.L. c. 32, § 20(4); see also *Buteau v. Norfolk County Retirement Board*, 8 Mass. App. Ct. 391, 392 (Mass. App. Ct. 1979). This separate

legal entity is <u>not</u> named as a Defendant herein and there is no basis for liability as to these moving Defendants as a result of the Retirement Board's conduct.

Thus, as to each Plaintiff, Count III of their complaint must be dismissed.

**C.      The State Tort Emotional Distress Claims – Count IV:**

      1.      Defendants Are Immune to Plaintiffs' Emotional Distress Claim.

Plaintiffs' state law emotional distress claims (their fourth claims for relief) sound in intentional tort (see Complaint, paragraphs 120, 122, 138 & 140). However, a public employer is immune from suits for intentional infliction of emotional distress. *Mellinger v. West Springfield*, 401 Mass. 188, 196 (1987); *Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 475 N.E.2d 727 (1985); *Morash & Sons v. Commonwealth*, 363 Mass. 612, 615, 296 N.E.2d 461 (1973); Mass. Gen. Laws ch. 258, § 1 (1984); *Saffer v. Town of Whitman*, 1986 U.S. Dist. LEXIS 17043 (D.Mass. 1986, Civil Action No. 85-4470-Z).

      2.      Plaintiffs' Emotional Distress Claim is Barred Under "Workers' Compensation".

Additionally, "[i]nsofar as the plaintiff's common law claims are merely recast versions of [their] sexual harassment claims under c. 151B, they are barred by th[e workers' compensation] statute's exclusivity provision. (Citations omitted). . . . [T]hose common law claims not barred by c. 151B, notably the claims for intentional and negligent infliction of emotional distress, are barred by the exclusivity provision of the workers' compensation act, G. L. c. 152, § 24 (1994 ed.)." *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996). Moreover, in the employment context, "the exclusivity provision of the workers' compensation act also precludes an action against an employer for negligent and intentional infliction of emotional distress arising out of sexual harassment in the workplace." *Doe v. Purity Supreme*, 422 Mass. 563, 566 (1996).

Ordinarily, "police officers are excluded from the workers' compensation statutes, G. L. c. 152, § 69, [and] instead receive injury-related benefits under similar statutes. They receive leave with pay under G. L. c. 41, § 111F, and payment for their medical expenses under G. L. c. 41, § 100. Eyssi v. Lawrence, 416 Mass. 194, 198, 618 N.E.2d 1358 (1993)." *Hopkins v. Medeiros*, 48 Mass. App. Ct. 600, 609 (Mass. App. Ct. 2000). However, the Massachusetts Supreme Judicial Court has stated that even though G.L. c. 41, §§ 100 and 111F are not "pure" workers' compensation laws, they are "similar laws". *Wincek v. West Springfield*, 399 Mass. 700, 703-704 n. 3 (1987).

Indeed, the "similarity" between the workers compensation statutes and G.L. c. 41, §§ 100 and 111F is such that "[I]n determining whether [a police officer] is entitled to sick-leave pay under § 111F, [the courts] are guided by cases decided under the *analogous provisions* of G. L. c. 152, § 26. See Wormstead v. Town Manager of Saugus, 366 Mass. 659, 663-664 (1975); DiGloria v. Chief of Police of Methuen, 8 Mass. App. Ct. 506, 511 (1979)." *Blair v. Board of Selectmen*, 24 Mass. App. Ct. 261, 263-264 (Mass. App. Ct. 1987), italics added. See also *Allen v. Board of Selectmen*, 15 Mass. App. Ct. 1009 (Mass. App. Ct. 1983) ("Whether an injury is 'sustained in the performance of . . . [a police officer's] duty' under G. L. c. 41, § 111F, as appearing in St. 1964, c. 149, is generally interpreted by reference to the types of activity covered by *analogous language* in G. L. c. 152 (the Workmen's Compensation Act), especially § 26. See the Wormstead case, 366 Mass. at 663-664 & n.5; DiGloria v. Chief of Police of Methuen, 8 Mass. App. Ct. 506, 511-512 (1979). Compare Foley v. Kibrick, 12 Mass. App. Ct. 382, 386-388 (1981)", italics added) and *Foley v. Kibrick*, 12 Mass. App. Ct. 382, 387 (Mass. App. Ct. 1981) (The Massachusetts Court of Appeal "and the Supreme Judicial Court have, in recent cases interpreting the meaning of various provisions of G. L. c. 41, looked to *analogous provisions* in G. L. c. 152 for guidance . . ."), italics added).

In this case, Plaintiffs' emotional distress claims clearly arise out of their employment by these moving Defendants. Thus, to the extent they were "injured" emotionally as a result of their employment by these Defendants, their exclusive remedy is the analogous/similar workers' compensation statute contained in Chapter 41 of the General Laws.

3. Plaintiffs Have Failed to Comply With G.L. c. 258, §§ 2 and 4.

To the extent Count IV sounds in negligence, it is governed by G. L. c. 258, s. 2 and s. 4. See *Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 282-286 (1985)*. In particular, G. L. c. 258, s. 4 requires that a "civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." "Presentment is . . . a statutory condition precedent to recovery under G. L. c. 258." *Vasys v. Metropolitan Dist. Com., 387 Mass. 51, 55 (1982).*

As such, pleading presentment is required under Massachusetts Rules of Civil Procedure, Rule 9(c), which states in relevant part that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." See *Commesso v. Hingham Housing Authority, 399 Mass. 805, 810 (1987)* ("Although the plaintiff did not allege presentment pursuant to c. 258, § 4, she did allege 'due notice.' That allegation is a sufficient claim of presentment under modern pleading rules. See Mass. R. Civ. P. 8, 365 Mass. 749 (1974).") "A plaintiff who wishes to make certain that he has complied fully with the requirements of G. L. c. 258, § 4, should therefore allege that he has performed all conditions precedent to recovery under the statute." *Vasys, supra at 56.*

In this case, the complaint is silent about presentment or any allegations which would remotely suggest same. Accordingly, Count IV of the complaint fails to state a claim upon which relief can be granted.

Thus, as to each Plaintiff, Count IV of their complaint must be dismissed.

**D.     Constructive Discharge Claims – Count II:**

The Plaintiffs were not constructively discharged, they were medically retired with disabilities. Again, Plaintiffs' motion for partial summary judgment is based entirely upon this very proposition. See the Statement of Facts of each Plaintiff filed in support thereof which states that they are permanently incapable of performing the essential job functions. Docket No. 122, Exhibit 21 (Pechner), page 3, Nos. 16 and 17; Docket No. 122, Exhibit 20 (Fernandez), page 3, Nos. 16 and 17. See also Docket No. 122, Exhibit 18 (Pechner Affidavit), page 9, paragraph 37; Docket No. 122, Exhibit 19 (Fernandez Affidavit), page 7, paragraph 33. In Sonia Fernandez's case in particular, the reason for her disability retirement was "the specific work related 'gruesome' events that [she] experienced." Docket No. 122, Exhibit 19, pages 6-7, paragraph 30 and Docket No. 122, Exhibit 20, page 3, No., 18.

Moreover, as for Sonia Fernandez, the *verified* complaint alleges that she "is and for all relevant purposes ***remains*** an (sic) Police Officer in the Revere Police Department and an employee of the City of Revere, Massachusetts. Docket No. 2, Verified Complaint, page 1, paragraph B, emphasis added. Thus, on the face of the verified complaint, Sonia Fernandez has not been discharged in any event and thus her constructive discharge claim fails to state facts upon which relief can be granted for this reason as well.

Thus, as to each Plaintiff, Count II of their complaint must be dismissed.

7

8

WHEREFORE, the premises being considered, Defendants, City of Revere and City of Revere Police Department, move the Court to grant their Motion for Partial Judgment on the Pleadings as to the claims addressed herein.

For the Defendants, CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,

By their Attorneys,

  /s/ Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 15, 2006.

## CERTIFICATE OF SERVICE

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                               /s/  Walter H. Porr, Jr.
                                               Walter H. Porr, Jr.,

Dated:  March 15, 2006