```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and           )
SONIA FERNANDEZ,                  )
     Plaintiffs,                  )
                                  )
          v.                      )    C.A. No. 03-12499-MLW
                                  )
CITY OF REVERE, ET AL.,           )
     Defendants.                  )
```

                            MEMORANDUM AND ORDER

WOLF, D.J.                                                March 19, 2006

      Defendants Thomas Ambrosino, the Mayor of Revere, and Terrance Reardon, the Police Chief of Revere, has each moved for summary judgment prior to the completion of discovery. In the proceedings before the Magistrate Judge, plaintiffs clarified that neither Ambrosino nor Reardon is being sued in his individual capacity. In a single paragraph, without citation to any caselaw, the Magistrate Judge in his October 12, 2005 Report and Recommendation recommends that the claims against Ambrosino and Reardon in their official capacities be dismissed because the City of Revere is also a defendant and the monetary relief plaintiffs are seeking can be obtained from the City. Plaintiffs object to this recommendation, and Ambrosino and Reardon have responded, without citing caselaw, to their objections.

      The Magistrate Judge's recommendation is not persuasive. As this court has written:

> [A] City is not liable on a respondeat superior basis for the constitutional torts of its employees. Rather [a] City is liable under 42 U.S.C. §1983 only if it is proven

> that the unconstitutional conduct of its employees implements or executes a municipal policy or custom. This means that the actions of subordinate officials alone cannot create municipal liability. Rather, [a] City is potentially liable only for the conduct of its final policymaker or policymakers concerning the conduct in question.

Gonsalves v. City of New Bedford, 939 F.2d 915, 916 (D. Mass. 1995) (citing Monell v. Department of Social Services, 436 U.S. 658, 691-94 (1978); City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)). If municipal liability remains an issue in this case, the court will have to identify the final policymaker or policymakers for the City of Revere. Id. at 917. At this point, Ambrosino, Reardon or both could be an official policymaker. See id. It is, however, not possible to make this determination on the present record. Therefore, it is not appropriate to dismiss Ambrosino or Reardon in their official capacities.

As there are no claims against Ambrosino or Reardon in their individual capacities and it is premature to decide if either or both can be held liable in their official capacities, their motions for summary judgment (Docket Nos. 37 and 29) are hereby DENIED.

       /s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE