UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,**       Plaintiffs, | ) ) ) ) |
| v. | )   C.A. No. 03-12499-MLW |
| | ) |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**       Defendants, | ) ) ) ) ) ) ) ) ) |

**DEFENDANTS, CITY OF REVERE'S, CITY OF
REVERE POLICE DEPARTMENT'S, MAYOR THOMAS
AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S,
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW COME** the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT**, **MAYOR THOMAS AMBROSINO** and **PLICE CHIEF TERENCE REARDON**, and hereby move for partial summary judgment in accordance with Federal Rules of Civil Procedure, Rule 56.

**I.**

**PROCEDURAL POSTURE**

On March 19, 2006, the Court, per Wolf, D.J., issued its Memorandum and Order (Docket No. 136) denying the motions for summary judgment of Police Chief Terence Reardon and Mayor Thomas Ambrosino (Docket Nos. 29 and 37) as it relates to their *official capacities* only.[1]  Since

---

[1] In his Memorandum and Order, Judge Wolf stated that "[i]n the proceedings before the Magistrate Judge, plaintiffs clarified that neither [Mayor] Ambrosino nor [Chief] Reardon [were] being sued in their individual capacity." Memorandum and Order, page 1.  He concluded his Memorandum and Order by observing that "there are no claims against Ambrosino or Reardon in their individual capacities . . ." Memorandum and Order, page 2.  In its Cross Motion

"[a] suit against a public official in his official capacity is a suit against the governmental entity itself", (*Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir. 2005) (citing *Wood v. Hancock County Sheriff's Dep't*, 354 F.3d 57, 58 n.1 (1st Cir. 2003) and *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 705 (1st Cir. 1993)), Defendants, City of Revere and City of Revere Police Department (Defendants), now move for partial summary judgment as it relates to the conduct of Chief Reardon and Mayor Ambrosino in their official capacities. Chief Reardon and Mayor Ambrosino also move for summary judgment just to make clear that they are no longer party-defendants to this case.

Additionally, in the course of denying Mayor Ambrosino's and Chief Reardon's motions for summary judgment on the official capacity issue, the Court observed in passing that their motions had been filed before the completion of discovery. Docket No. 136, page 1. That is not the case now with respect to this motion. See Docket No. 89 and the docket entry for the Status Conference held on November 29, 2005.[2]

**II.**

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE OFFICIAL CAPACITY CLAIM AGAINST CHIEF REARDON**

**CHIEF REARDON WAS NOT A POLICY MAKER AT THE TIME OF OR WITH RESPECT TO THE ALLEGEDLY VIOLATIVE CONDUCT**

Defendants incorporated herein by reference and adopt as if fully restated herein Chief Reardon's motion for summary judgment (Docket No. 29) and the Separate Statement of Undisputed Material Fact (Docket No. 30) filed in support thereof.

---

for Judgment on the Pleadings, Defendants argued that the Recommendation of the Magistrate Judge vis-à-vis Mayor Ambrosino was "law of the case". Docket No. 135, pages 3-4. Insofar as both Mayor Ambrosino and Chief Reardon is concerned, the fact that they are not, and will not be, personally liable to the Plaintiffs remains law of the case. Thus, this motion addresses their conduct in their "official capacity" only.

[2]   While it is true that the Plaintiffs depositions are still being taken, they are the only depositions scheduled and thus it appears that from the Plaintiffs side of the case, discovery has been completed.

With respect to Chief Reardon, the only allegation that specifically refers to him by name is found in paragraph 2, page 1 of the Complaint, which states:

> The Defendant, Terrence (sp) Reardon, is the Chief of the Revere Police Department. He and his predecessors were at all relevant times and or all relevant purposes supervisors of the Plaintiffs.

However, Chief Reardon was not named the Chief of the Revere Police Department until January 15, 2002. See Docket No. 30, Undisputed Material Fact No. 6.

To the extent that Chief Reardon may have been the person referred to simply by the title "Chief of Police", he theoretically may be the subject of the allegations of paragraphs 116, 121, 134 and 139. However, with respect to the allegations of paragraphs 116 and 134, Plaintiffs have stated in their interrogatory answers that those paragraphs refer to former Chief Roy Colanino. See Docket No. 128, Exhibit 1, answer of Plaintiff Pechner to Interrogatory No. 160 and Exhibit 4, answer of Plaintiff Fernandez to Interrogatory No. 120. Thus, the allegations of paragraphs 116 and 134 do <u>not</u> apply to Chief Reardon in the first instance.

This leaves the companion allegations of paragraphs 121 and 139 which state as follows:

<u>Pechner</u>

> 121. The City of Revere, its Mayor and its Police Chief and its Retirement Board[3] have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration Commission, the Defendants have refused to send the Plaintiff the notice required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to this Plaintiff.

<u>Fernandez</u>

> 139. The City of Revere, its Mayor and its Police Chief and its Retirement Board[4] have continued the pervasive pattern of hostility that injured the Plaintiff. Despite

---

[3] As demonstrated in their Amended Cross Motion for Partial Judgment on the Pleadings, the Revere Retirement Board is a separate legal entity which has <u>not</u> been named as a party to this case. See Docket No. 137, pages 3-4.

[4] See footnote 2.

>the fact that the medical opinion they requested supported the Plaintiff's position, the Defendants continue to coerce, threaten and intimidate the Plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) had created conflict with the Union membership, other officers and is unsupported by medical evidence.

In the first place, both sets of allegations are set forth in respective Plaintiff's state tort count for emotional distress. Thus, they have no bearing upon their Title VII or G.L. c. 151B claims against Chief Reardon in his "official capacity" in the first instance. See Defendants' opposition to Plaintiffs' motion for partial summary judgment, Docket No. 129, at pages 9 to 16. Secondly, the Defendants are not liable to Plaintiff on her state tort emotional distress claim in any event. See Motion for Partial Judgment on the Pleadings, Docket No. 135, pages 4-6.

With respect to Plaintiff Pechner, it must first be observed that her last day on the job was March 13, 2001 (Complaint, paragraphs 16, 78, 79 and 113). In other words, Chief Reardon did not become the Chief of Police until 10 months after Plaintiff Pechner walked off the job. Seven (7) months after being appointed Chief of Police, Chief Reardon submitted an Involuntary Retirement Application on behalf of Plaintiff Pechner (Docket No. 30, Undisputed Material Fact No. 7 and Exhibit "G" thereto) who, by that time, had been off the job for seventeen (17) months. Once that Application was submitted, the matter of Plaintiff Pechner's retirement was out of his hands.

Moreover, Plaintiff Pechner's appeal to DALA was an appeal from the decision of the Revere Retirement Board denying the Chief's application, a decision which the Administrative Law Judge determined was correct at the time it was made. See Docket No. 122, Exhibit 9. Likewise, the Medical Panel opinions which were processed by PERAC were also for the benefit of and directed to the Revere Retirement Board. See Docket No. 122, Exhibits 10 and 12. Thus, Chief Reardon had nothing to do with these decisions and, consequently, was not a policy maker with respect to these decisions. And in any event, even if he was a policy maker with respect to these

4

decisions, nothing about those decisions, when viewed in light of the undisputed facts surrounding them, gives rise to any liability on the part of these Defendants on an official capacity basis.

With respect to Plaintiff Fernandez, she indicates in her answer to Interrogatory No. 124, that the event alleged in paragraph 139 (her "coerced" return to work) occurred in October of 2001. See Docket No. 128, Exhibit 4.  Thus, since Chief Reardon was not named Chief of Police until January of 2002, the allegations of paragraph 139 do not apply to him.

In conclusion, it should also be noted that Chief Reardon is not named by Plaintiff Pechner in paragraphs 109 and 113 or by Plaintiff Fernandez in paragraphs 124 and 131 of the complaint, paragraphs which specifically allege racial and sexual harassment, hostile work environment, and constructive discharge directly related to the conduct of others.  Moreover, there are absolutely no allegations whatsoever made against Chief Reardon for any conduct on his part when he was not the Chief of Police (i.e., before January of 2002).

Thus, there is no basis in law or fact for any liability on the part of these moving Defendants for any conduct of Chief Reardon in his "official capacity".

## III.

### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE OFFICIAL CAPACITY CLAIM AGAINST MAYOR AMBROSINO

Defendants incorporated herein by reference and adopt as if fully restated herein Mayor Ambrosino's motion for summary judgment (Docket No. 37) and the Separate Statement of Undisputed Material Fact (Docket No. 39) filed in support thereof.

With respect to Mayor Ambrosino, the only allegations that specifically refer to him by name are found in paragraphs 1 and 105 of the Complaint, which state:

5

1. The Defendant, Thomas Ambrosino, is the Mayor of the City of Revere.[5] The City of Revere was at all relevant times and for all relevant purposes the employer of the Plaintiffs; the Mayor and his predecessors were at all relevant times and for all relevant purposes the supervisors of the Plaintiffs.[6]

105. The barriers created by the Defendants were so formidable that the Plaintiffs went to see Mayor Thomas Ambrosino. The Plaintiff, Sonia Fernandez, also requested the paid leave normally given to male officers injured on the job. The Mayor offered the Plaintiff only an unpaid leave of absence. Three female officers, including Plaintiff, Sonia Fernandez, filed complaints with the MCAD based on facts arising out of the hostile environment that existed in the Revere Police Department. The Plaintiff subsequently returned to work but has been unable to work in the environment of the Revere Police Department.

Though not by name, Mayor Ambrosino is also the subject of the allegations in paragraphs 49, 116, 121, 134 and 139 which states as follows:

Pechner Allegations

49. The Plaintiffs, Terri Pechner James and Sonia Fernandez, met with the [M]ayor of the City of Revere. They met with Captain Roland. They complained that the prolonged, severe, pervasive, hostile, and abusive work environment had caused them injury. They requested leave (sic) of absence with pay. These Defendants offered the Plaintiffs leaves without pay. This decision constituted disparate treatment of Plaintiffs. By this action, the Defendants constructively discharged the Plaintiffs.

116. The Plaintiff, Terri Pechner-James, met with the Mayor, the Chief of Police and Captain Roland and along with other females officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This Plaintiff offered medical evidence of her condition and requested the same leave with pay as is done for male employees.

121. The City of Revere, its Mayor and its Police Chief and its Retirement Board[7] have continued the pervasive pattern of hostility that injured the Plaintiff. Despite

---

[5] Mayor Ambrosino did not assume office until January 3, 2000. See Docket No. 39, Undisputed Material Fact No. 9.

[6] Mayor Ambrosino serves as the Executive Officer for the City of Revere. He is not responsible for the day-to-day supervision, management or operation of the Revere Police Department. Those responsibilities are entrusted to the Police Chief pursuant to Section 2.60.030 of the Revised Ordinances of the City of Revere. Mayor Ambrosino was not and has never been a Supervisor of either Officer Terri Pechner or Officer Sonia Fernandez. The allegation in paragraph 1 on page 1 of the Complaint that the Mayor was "at all relevant times and for all relevant purposes [the] supervisor[] of the Plaintiffs" is not a correct statement of Mayor Ambrosino's duties and responsibilities as the Mayor of the City of Revere. See Docket No. 39, Undisputed Material Fact No. 47.

[7] See footnote 2.

the adjudication of the Department of Administrative Appeals and the unanimous decision of the Medical Panel of the Public Employee Retirement Administration Commission, the Defendants have refused to send the Plaintiff the notice required by law and they have failed to act in accordance with agency directives or otherwise discharge their duty to this Plaintiff.

Fernandez Allegations

134.   The Plaintiff, Sonia Fernandez, met with the Mayor, Chief of Police and Captain Roland and along with other female officers, complained that the prolonged, severe, pervasive, hostile and abusive work environment had cause[d] her injury. This Plaintiff offered medial evidence of her condition and requested the same leave with pay as is done for male employees.

139.   The City of Revere, its Mayor and its Police Chief and its Retirement Board[8] have continued the pervasive pattern of hostility that injured the Plaintiff. Despite the fact that the medical opinion they requested supported the Plaintiff's position, the Defendants continue to coerce, threaten and intimidate the Plaintiff into returning to a sexually and racially hostile environment. Her coerced return (on light duty) had created conflict with the Union membership, other officers and is unsupported by medical evidence.

As an initial matter, paragraphs 49, 105, 116, and 134 all involve the same allegation; namely, that the Plaintiffs were subjected to disparate treatment by Mayor Ambrosino because he allegedly refused to give them leaves with pay when he had allegedly done so for male employees.[9] However, "Since assuming office in January, 2000 Mayor Ambrosino has authorized unpaid leaves of absence to Revere City police officers without regard to race or gender. He has also approved paid leaves of absence without regard to race or gender." Docket No. 30, Undisputed Material Fact No. 48. Plaintiffs offered no evidence to dispute Mayor Ambrosino's Undisputed Material Fact that he did <u>not</u> discriminate on the basis of gender when granting leaves with of without pay.

---

[8]   See Footnote 2.

[9]   Plaintiff Pechner's meeting with Mayor Ambrosino occurred on April 17, 2001. See Docket No. 128, Exhibit 1, Answers to Interrogatory Nos. 63, 150, 158 and 159. Plaintiff Pechner met with Mayor Ambrosino a second time on November 21, 2001, at her grievance hearing, which also involved the leave without pay issue. Docket No. 39, Undisputed Material Fact No. 29; Docket No. 128, Exhibit 1, Answer to Interrogatory No. 150. Plaintiff Fernandez's meeting with Mayor Ambrosino occurred in March of 2001. See Docket No. 128, Exhibit 4, Answers to Interrogatory Nos. 94, 95, and 119.

"In a discrimination action alleging disparate treatment, obtaining comparative information about an employer's treatment of similarly situated employees is often critical to the plaintiff's case. See, e.g., Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997), citing Smith College v. Massachusetts Comm'n Against Discrimination, 376 Mass. 221, 228 (1978) ('The most probative means of establishing that the plaintiff's termination was a pretext for . . . discrimination is to demonstrate that similarly situated . . . employees were treated differently')." *Pardo v. General Hosp. Corp.*, 446 Mass. 1, 9 (2006). Here, Plaintiffs have no such comparative information and so their disparate treatment claim must fail as a matter of law.

Moreover, as to Plaintiff Pechner, she applied for leave with pay benefits under G.L. c. 41, § 111F and then, when that application was denied, she filed a state court action, which she eventually dismissed voluntarily, while also grieving that denial per her union contract. See Docket No. 39, Undisputed Material Fact Nos. 17, 19, 24-30 and 39. Plaintiff Fernandez does not allege that she either applied for these benefits, or that she filed suit regarding the Mayor's decision not to grant her leave with pay or that she grieved that decision. Thus, neither Plaintiff can establish as a matter of law that they were entitled to leaves with pay in the first instance. In the absence of such an entitlement, there simply can be no disparate treatment claim.

In any event, Mayor Ambrosino's non-discriminatory conduct precludes and finding of liability against these Defendants on the basis of official capacity as it relates to Plaintiffs disparate treatment claim.

With respect to the allegations of paragraphs 121 and 139 regarding each Plaintiffs' disability retirement, the Mayor had even less to do with them than Chief Reardon. "Mayor Ambrosino's only involvement with the Revere Retirement Board is to select the second member thereof pursuant to General Law Chapter 20, section (4)(b) and to receive their annual request for appropriation under

8

General Law Chapter 20, section (5)(f), which is then evaluated as part of the annual budget process. Mayor Ambrosino does not participate in, nor does he attempt to influence, the Board in the performance of its duties under General Law Chapter 20, section (5)." Docket No. 39, Undisputed Material Fact No. 49.

Thus, there is no basis for liability against these Defendants with respect to any official capacity claim related to Mayor Ambrosino and the Planitiffs disability retirements.

Finally, like Chief Reardon, Mayor Ambrosino is <u>not</u> named by Pechner in paragraphs 109 and 113 or by Fernandez in paragraphs 124 and 131 of the complaint, which specifically allege racial and sexual harassment, hostile work environment, and constructive discharge directly related to the conduct of others.

WHEREFORE, the premises being considered, Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, move the Court to grant their Motion for Partial Summary Judgment as to the claims addressed herein.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 22, 2006.

**CERTIFICATE OF SERVICE**

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                                      /s/  Walter H. Porr, Jr.
                                                     Walter H. Porr, Jr.,

Dated: March 22, 2006