UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and  SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**PLAINTIFFS OPPOSITION TO DEFENDANTS CROSS MOTION PURSUANT
TO FED. R. CIV. P. 12 (C ) AND REQUEST FOR SUMMARY JUDGMENT**

Now comes the Plaintiffs, Terri Pechner-James and Sonia Fernandez and hereby oppose-Docket #135 as Amended by Docket # 137. This opposition is the Plaintiffs response to the Defendants Cross Motion for Judgment on the Pleadings-Partial by the City of Revere Police Department, City of Revere filed as Docket #135 and Amended Motion filed as Docket # 137 and their request that this Court consider the attached exhibits and convert this motion to one for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Background:

On February 28, 2006, Plaintiffs filed a Motion For Summary Judgment on Less Than All the Issues Pursuant to Fed. R. Civ. P. 56 (c ). Docket # 118 – 124. Defendants filed a response to the Plaintiffs Motion For Summary Judgment –Docket # 129 – 134. That response provided mere denials. It failed to address departmental betrayal that disabled the Plaintiffs and the deliberate indifference of the Defendants-policy makers. Mere denials provided by the Defendants are insufficient to defeat the Plaintiffs Motion For Summary Judgment on Less Than All Issues.  In addition, the Defendants filed a Cross Motion For Judgment on the Pleadings-Docket # 135. They later amended said Motion and filed Docket # 137.

Docket # 137 is based "entirely upon  [unnamed and unidentified] pleadings and records on file herein and will involve those records where necessary by Judicial Notice." The Defendants motion is divided into sections A, B, C, D and purports to address Count III, Count IV, and Count II of Plaintiffs' complaint .It conspicuously does address Count I of the Plaintiffs' complaint.

**Argument:**

**(1) Departmental betrayal destroyed the Plaintiffs capacity to to perform the essential duties of their jobs.**

On July 28, 2003, the Public Employee Retirement Administration Commission (PERAC) issued a decision that included the following findings of fact in the matter of Terri Pechner-James. [Exhibit 10] of Plaintiffs Motion For Summary Judgment.

> DISABILITY: It is the unanimous opinion of our Panel that Ms. James is mentally incapable of performing the essential duties of her job as described in the current job description. [Exhibit 16] on the basis of Anxiety Disorder NOS with features of PTSD and panic disorder. The

> symptoms would interfere with her capacity to react safely in emergency situations and in her ability to trust her fellow officer.

The importance of a police officer's capacity to react safely in emergency situations and the ability to trust in fellow officers was also emphasized by the On Site Academy. (**See Attached Exhibit A.**) The Plaintiff, Terri Pechner-James, attended the On Site Academy on two separate occasions to address job related stress. In an opinion dated January 29, 2003, the Academy stated the following:

> Departmental betrayal is an absolute critical incident for dedicated police officers and firefighters for which their job is to place their life on the line daily. The belief held by most, is that if they take high stakes risks, the safety net is their supervisor or commanding officer. If this safety net proves to be an illusion or supervisors are actively hostile or threatening, the risk on the street becomes overwhelming. The threat is now not only from those who break the law but also from those who are there to uphold it. In this job, unlike most others, officers must depend on coworkers and supervisors to save their lives, if necessary. P.O. James believes that not only would her supervisors not back her, but would put her in harms way.
>
> The Academy concluded: "Working with this kind of stress for an extended period of time produced the symptoms that P.O. James reports."

The opinion of the Academy supports the conclusion reached by Dr. Keroack**:[Plaintiffs Motion For Summary Judgment Docket # 122. ]**

> This condition has likely occurred as a direct result of failure to address the reported sexualized behaviors within a professional organization of law enforcement personnel (within the Revere Police Department).

The opinion of the Academy also supports the conclusion reached by the Public Employee Retirement Administration Commission (PERAC). This Commission concluded that Plaintiff, Terri Pechner-James' disability interfered with her capacity to react safely in emergency situations and in her ability to trust her fellow officers. Plaintiff, Sonia Fernandez, also experienced departmental betrayal that made it impossible for her to perform the essential duties of her job. The Defendants deprived

3

the Plaintiffs of their livelihood and professional opportunity, they deprived them of their identity as police officers, they deprived them of a sense of self-worth achieved over many years of study, work and professional accomplishment. **[Plaintiffs Affidavits & Statements of Facts: Docket # 122.]** The Defendants conduct that caused the Plaintiffs disability is the same conduct that deprived them of their livelihood and professional opportunity. The conduct that disabled the Plaintiffs is the same conduct that deprived them of their identity as police officers. The conduct that disabled the Plaintiffs is the same conduct that deprived them of their sense of self-worth achieved over many years of study, work and professional accomplishment. Departmental betrayal, the deliberate indifference of the Defendants, and the failure of the Defendants to address the sexualized and [racialized] behaviors within the Revere Police Department create strict liability for the policymakers of the City of Revere. College-Town, Div of Interco, Inc. v Massachusetts Commission Against discrimination, 400 Mass. 156, 508 N.E. 2d 587 (1987); Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996).

**(2) Section A of the Defendants motion is at times incomprehensible.**

The Federal Rules of Civil Procedure describe the concept of Fed. R. Civ. P. 12( c) as follows:

> After the pleadings are closed a party may move for summary judgment on the pleadings if no material facts remain at issues and the parties dispute can be resolved on both the pleadings and those facts of which the court can take judicial notice.

Rule 12 (c ) is rarely used. It has been displaced in many instances by the more prevalent use of pre-answer Rule 12 (b) motions to dismiss and post-answer Rule 56 motions for

4

summary judgment. The Court can, however, convert a Rule 12 (c) motion into a motion for summary judgment pursuant to Rule 56.

The Defendant's motion is divided into sections A. B, C, D. Section A seems incomprehensible. The Defendants moved this case from Suffolk Superior Court to the Federal District Court on the grounds that there was a federal question. Section A states: "Plaintiffs complaint alleges <u>no other</u> violations of federal law. The section contains six (6) case citations but the cases do not explain the Defendants statement nor does it address the Sexual Harassment/Hostile Environment facts stated in Count 1 of the Plaintiffs complaint.

**(3)** **Plaintiffs are entitled to summary judgment on Count 1 of their respective complaints.**

The Supreme Court has outlined the tests a Plaintiff must meet to succeed in a hostile work environment claim: (1) that she is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiffs employment; (5) that sexually objectionable conduct was both objectively and subjectively offensive such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. See <u>O'Rourke v City of Providence</u>, 235 F. 3d 713, 728 (1st Cir. 2001).

Both Plaintiffs have satisfied all six (6) tests required by Count 1 of their complaint. (1) Both Terri Pechner-James and Sonia Fernandez are of the female sex and are therefore members of a protected class for purposes of M.G.L.c. 151B and 42 U.S.C. § 2000(e)2.

5

(2) Both Plaintiffs were subjected to unwelcome sexual harassment and Sonia Fernandez was subjected to hostile treatment based upon her race and her hearing disability. **[See Affidavit of Sonia Fernandez and Statement of Facts by Sonia Fernandez; See also Affidavit of Terri Pechner-James and Statement of Facts by Terri Pechner-James] Docket #122.**

(3) The facts stated in the Plaintiffs Affidavits and Statements of Facts are based upon sex in both cases and also upon race and disability in the case of Sonia Fernandez. (4) The Plaintiffs Affidavits, Statement of Facts, the decisions of DALA and PERAC, the opinion of the On Site Academy-**Attached as Exhibit A** to this document, all clearly demonstrate that the work conditions of the Plaintiffs were severe and pervasive. They were sufficiently severe and pervasive that they altered the conditions of their employment. The Plaintiffs experienced departmental betrayal when they were placed on walking routes in high crime areas without the support from their superiors necessary to create safety.  The "underwear incident", the penis drawing, the comments by superior officers, including former chief of police, James Russo,  created an environment in which the Plaintiffs reasonably concluded that they did not have the support of their superiors. This departmental betrayal is the core cause of the injury that disabled both Plaintiffs.

(5) The Plaintiffs have stated in their verified complaint, their Statement of Facts and their Affidavits-Docket # 122 -that the conduct of the Defendants was objectionable and offensive. This conduct was subjectively offensive to the Plaintiffs and objective sources such as PERAC, DALA and the On Site Academy have objectively characterized the Defendant's conduct as hostile and abusive.

(6) The basis of strict liability for employers is clearly stated in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996); <u>College Town, Div of Interco,Inc. v Massachusetts Commission Against Discrimination</u>, 400 Mass. 156, 508 N.E. 2d 587 (1987). The departmental betrayal that caused the Plaintiffs injury, the deliberate indifference of the policy makers to the Plaintiffs injury, constitute the basis of the Defendants strict liability in this matter. The Plaintiffs have met all six of the criteria required for judgment on Count 1 of their respective complaints and they are entitled to summary judgment.

**(4). The Plaintiffs are entitled to summary judgment on Count II of the Complaint**.

"To establish hostile work environment, plaintiffs, like <u>Suders</u>, must show harassing behavior sufficiently severe or pervasive to alter the conditions of [their] employment." <u>Meritor Savings Bank, FSB v Vinson</u>, 477 U.S. 57, 67, 91 L. Ed. 2d 49, 106 S.Ct. 2399 (1986); See <u>Harris V Forklift Systems, Inc</u>. 510 U.S. 17, 22, 126 L.Ed 2d. 295 (1993). The very fact that the discriminatory conduct was so severe or pervasive that it created a work environment abusive to employees because of their gender offends Title VII broad rule of workplace equality. Beyond that, we hold, to establish "constructive discharge" the plaintiff must make a further showing. She must show that the "abusive working environment became so intolerable that her resignation qualified as a fitting response." <u>Pennsylvania State Police v Suders</u>, 542 U.S. 129, 124 S. Ct. 2342, 2347 (2004).

Both Plaintiffs have demonstrated to PERAC that their working environment became so intolerable that their resignation (framed as a request for leave of absence) qualified as a fitting response. Plaintiff, Terri Pechner-James also demonstrated the same facts to

7

DALA and to the On Site Academy. The working environment was so intolerable that Plaintiff, Sonia Fernandez, accepted leave without pay from March 2001 to October 2001. During this period, she experienced great financial hardship and lost her home. She now lives in a rented apartment.

The working environment became so intolerable that Plaintiff, Terri Pechner-James, accepted leave from the Revere Police Department on March 13, 2001 and never returned. She experienced also great financial hardship. Departmental betrayal and an environment that caused both Plaintiffs to be adjudicated as having Post Traumatic Stress Disorder (PTSD) can safely be described as "so intolerable" that leaving permanently,[even if it is characterized as unpaid leave] "qualified as a fitting response." <u>Suders</u> at 129. Plaintiffs may now be receiving disability retirement benefits but the circumstances under which they left their employment meet the criteria of "constructive discharge' as defined by <u>Suders</u>. The Plaintiffs are entitled to Summary Judgment on Count II of their respective complaints.

### **(5) The Plaintiffs are entitled to Summary Judgment on Count III of their complaint**.

Disparate treatment requires the Plaintiffs to establish the following:

(1) they were members of a protected class;
(2) they were subject to an employment action;
(3) they were qualified for the job;
(4) for the same or similar conduct they were treated differently than similarly situated employees. See <u>McDonnell Douglass Corp v Green</u>, 411 U.S. 792, 36 L.Ed. 2d 668, 93 S. Ct. 1817 (1973).

The Plaintiffs, Terri Pechner-James and Sonia Fernandez are (1) members of a protected class for the purposes of M.G.L.c. §151B and 42 U.S.C. § 2000(e)2; (2)

8

they were subject to adverse employment action; they lost their employment, their professional income, their professional identity; (3) they were qualified for the job and began their employment on September 21, 1995; (4) the requested leave with pay, the policy makers denied their request based on a policy attached as **Exhibit B**. This policy violates the state law but the Defendants relied on this policy to deny benefits to the Plaintiffs and then used the policy to defend their actions at the hearing before DALA and PERAC. The Plaintiffs are entitled to summary judgment on Count III of their complaint because they have met all the criteria required to establish disparate treatment.

## (6) The Plaintiffs are entitled to Summary Judgment on Count IV of their complaint.

The Plaintiffs receive disability retirement benefits pursuant to G.L.c. 32 § 7. This statute is not the workmens compensation statute and it does not provide the exclusive remedy for the departmental betrayal and the deliberate indifference of the policy makers. The findings of DALA and PERAC and the opinion of the On Site Academy all support the conclusion that (1) the Defendants are the cause of the Plaintiffs distress; (2) the impact of department betrayal was so "severe" that Plaintiffs became disabled and were unable to perform the essential duties of their employment; and (3) that the departmental betrayal and the Defendants deliberate indifference to the Defendants was "extreme and outrageous." The Plaintiffs are entitled to summary judgment on Count IV of their Complaint.

WHEREFORE, the Plaintiffs move that this Court convert this cross motion pursuant to Rule 12 (c ) to a motion for Summary Judgment and grant summary judgment to the Plaintiffs on all Counts of their respective complaints.

Respectfully submitted,
Terri Pechner-James and
Sonia Fernandez, Plaintiffs
By their attorney,

     /s/James S. Dilday_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

**EXHIBIT A**

**EXHIBIT B**