# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 03-12499-MLW** |
| | ) | |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,** | ) | |
| **Defendants,** | ) | |

## DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S, OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**NOW COME** the Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT**, **MAYOR THOMAS AMBROSINO** and **POLICE CHIEF TERENCE REARDON**, and hereby submit their opposition to Plaintiffs' motion for summary judgment.[1]

---

1  Plaintiffs' pleading (Docket No. 139) is captioned "Plaintiffs Opposition to Defendants Cross Motion Pursuant to Fed. R. Civ. P. 12 (c) and Request for Summary Judgment". A review of this ten (10) page pleading reveals that the only "opposition" to the cross motion for judgment on the pleadings consists of (1) approximately seven (7) lines at the conclusion of the Background section on page 2 which are largely descriptive of the cross motion, though they also include the obviously meritless claim that the cross motion does not name or identify the pleadings and records upon which it relies; and, (2) two paragraphs under Argument sub-heading 2 on pages 4 and 5 which complain that Section II.A of the cross motion (Docket No. 137, page 2) is apparently incomprehensible. Apparently, Plaintiffs' counsel does not grasp the concept that their Title VII (42 U.S.C. § 2000(e)) claims are federal claims in the first instance and that in the absence of other, non-Title VII based claims, there is no basis for 42 U.S.C. § 1983 liability. That being said, the so-called "opposition" is really no opposition at all. Thus, for all intents and purposes, the Defendants' cross motion is unopposed and should be granted. That leaves the bulk of the Plaintiffs' instant pleading, styled "Request for Summary Judgment", which is, in fact, an expansion upon their partial motion for summary judgment (Docket Nos. 118, 119, 121, 122, 123 and 124) previously filed herein. Whether one views the instant "Request" as a new motion or as an unauthorized supplement to the old (Local Rule 7.1(B)(3) requires leave of Court for "all other papers"), for the reasons more fully set forth below, Defendants feel that they have no choice but to respond.

# I.

## IF AT FIRST YOU DON'T SUCCEED . . .

Plaintiffs' latest pleading takes the old chestnut, "If at first you don't succeed, try, try again", to an all time low.[2]  If the stakes were not so high, Defendants would simply ignore what is yet another meritless pleading in what has become a long line of meritless pleadings.[3]  But the stakes are high, and when failure to respond runs the risk of waiver (see Fed. R. Civ. P. 56(e):  "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party"), Defendants have no choice but to answer up.  In doing so, they will be as succinct as possible.

- Contrary to Plaintiffs' assertion (Docket No. 139, page 2, Background, 1st paragraph), Defendants' opposition to their motion for partial summary judgment is <u>not</u> based upon "mere denials".  As the opposition pleadings (Dockets Nos. 129-134) speak for themselves, nothing further need be said about this assertion.

- "Departmental betrayal" (Docket No. 139, page 2, Argument (1)), an argument which makes its very first appearance in this case in this motion, is neither identical to nor coextensive

---

[2]   This is now the fourth time that Plaintiff Pechner has sought summary judgment and the third time for Plaintiff Fernandez.  Docket No. 3 (Pechner), denied on procedural grounds (Docket No. 10).  Docket No. 53 (Pechner/Fernandez), denied on the merits (Docket No. 87).  Docket Nos. 118, 119, 121, 122, 123 and 124 (Pechner/Fernandez), pending.  Docket No. 139 (Pechner/Fernandez), pending.

[3]   See, e.g., Docket No. 3 (Pechner partial motion for summary judgment), denied on procedural grounds (Docket No. 10).  Docket No. 33 (Pechner/Fernandez emergency motion for protective order), denied on the merits (Docekt No. 87).  Docket No. 37 (Pechner/Fernandez motion for sanctions), denied on the merits (Docket No. 87).  Docket No. 53 (Pechner/Fernandez request for Rooker-Feldman ruling), denied on the merits (Docket No. 87).  Docket No. 74 (Pechner/Fernandez motion for Rule 11 sanctions), denied on the merits (Docket No. 87).  Docket Nos. 108 and 109 (Pechner/Fernandez motion for 28 U.S.C. § 1292(b) certification), withdrawn (Docket No. 127).  Docket No. 120 (Pechner/Fernandez motion for reconsideration of sanctions), denied on the merits (Docket No. 127).  That the more recent motion for summary judgment (Docket Nos. 118, 119, 121, 122, 123 and 124) is patently without merit is demonstrated by the Defendants' response thereto (Docket Nos. 129-134).  That the instant motion is meritless is self-evident, though nonetheless highlighted by this opposition.

with a Title VII or a G.L. c. 151B violation.[4]  Moreover, Defendants object to any and all references to the On Site Academy documentation referred to in the motion on the grounds that (1) it has never been produced in discovery, despite the Court's multiple orders directing Plaintiffs to produce their medical records (See Docket Nos. 87, 110 and 115); (2) copies of the relevant documents are not attached to the motion in contravention to Fed. R. Civ. P. 56(e) and Local Rule 56.1; (3) the cited text from the document appears to render expert medical opinions which are not stated with the required degree of medical certainty/probability; and, (4) the cited text from the document appears to rely upon hearsay and totem pole hearsay, none of which is within an exception to the hearsay rule.

• Plaintiffs' cursory pass at demonstrating that they are entitled to summary judgment on the various counts of their complaint suffers from all of the defects identified in Defendants' original opposition pleadings and must necessarily fail in the wake of Defendants' unopposed cross motion for partial judgment on the pleadings (Docket No. 137) and their motion for partial summary judgment (Docket No. 138), both of which are incorporated herein by reference.

WHEREFORE, the premises being considered, Plaintiffs' "request" for summary judgment must be denied.

[Signature on next page.]

---

[4]  Indeed, in Sonia Fernandez's case, how being retired on disability for the emotional trauma of witnessing multiple "gruesome events" could constitute "Departmental betrayal" defies comprehension.  But then again, so does everything else about Plaintiffs' prosecution of this case.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,


/s/ Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 27, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108
Attorneys for the Plaintiffs
Via CM/ECF e-mail

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford
Via CM/ECF e-mail


/s/ Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: March 27, 2006