UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>            Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>            Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, OPPOSITION TO
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

**NOW COMES** the Defendant, **CITY OF REVERE,** and hereby submits its opposition to Plaintiffs' motion for enlargement of time.

**I.**

**THIS DISCOVERY MOTION FAILS TO COMPLY
WITH LOCAL RULES 7.1(A)(2), 26.2(C) AND
37.1(B) AND THUS, CAN NOT BE CONSIDERED**

Plaintiffs' discovery motion reveals on its face that there was no effort to meet and confer prior to its being filed and thus, since there was no such conference, there can be and is no certification that such a conference took place as required by the rules. Local Rule 26.2(C) states that "[t]he judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion." Thus, the instant motion can not even be considered.

**II.**

**GOOD CAUSE IS LACKING FOR THE GRANTING OF THE MOTION**

This case was removed to federal court on December 11, 2003 (Docket No. 1). The parties filed their Joint Statement pursuant to Local Rule 16.1(D) on June 22, 2004 (Docket No. 21). The parties agreed that Plaintiffs' expert witness reports and disclosures would be completed no later than March 28, 2005, and that expert witness depositions would be completed by May 28, 2005. The parties filed their Revised Joint Statement pursuant to Local Rule 16.1(D) on September 23, 2004 (Docket No. 27), wherein they revised the foregoing dates to June 28 and August 28, 2005, respectively. The Court entered its Scheduling Order herein on September 24, 2004 (Docket No. 26) wherein it adopted the June 28, 2005, expert designation and disclosure date and set September 30, 2005, as the completion date for all discovery.

Plaintiffs' filed an uninvited status report on April 22, 2005 (Docket No. 44). This pleading addressed settlement and nothing further. On the contrary, it was the status report of these Defendants (Docket No. 49) which more specifically outlined the discovery breakdowns being experienced in this case and specifically requested a further scheduling conference to deal with them and their implications to the current scheduling order. These Defendants reiterated that theme in their supplemental status report (Docket No. 51) filed herein on June 29, 2005.

Plaintiffs' expert designation and disclosure date of June 28, 2005, came and went without the designation or disclosure of any experts. In the absence of any experts on behalf of Plaintiffs', these Defendants declined to retain or designate any experts.

A motions hearing was conducted by the Court on October 6, 2005. At the end of the hearing, the Court took up the scheduling of the case and instructed counsel for the parties to "go out in the hall now and talk about a schedule. If you can come to an agreement as to the schedule then

just report to the clerk that you have reached an agreement and you can file a one page joint proposed schedule starting with the December 6th date." Docket No. 141, page 46, line 25 – page 47, line 16 (Quote from page 47, lines 8-12); see also Docket No. 87, page 1, 1st paragraph. At no time during the hearing did Plaintiffs' counsel say anything about expert witness designation or disclosure. Indeed, on October 17, 2005, the parties filed their Joint Stipulation and Order Modifying the Scheduling Order (Docket No. 89). It too is silent regarding expert witness designation or disclosure.

On November 29, 2005, the Court held a further status conference in this matter. During the course of that conference, the Court adopted the joint stipulation. Docket No. 142, page 6, lines 12-14; see also Docket entry dated November 29, 2005. Moreover, the Court specifically asked if "this is a case you need to expend money for experts or no?" Docket No. 142, page 9, lines 10-11. Counsel for these Defendants responded that "No experts had been designated." Docket No. 142, page 9, line 12. **Counsel for the Plaintiffs responded: "I don't think so. . . . You know, because the whole expert issue from our side I think is tied into the PERI Act [PERAC] and the retirement process." Docket No. 142, page 9, lines 13 and 15-17.** Bold added for emphasis.

On March 3, 2006, the Court conducted yet another hearing in this matter related to outstanding discovery. Without any formal or informal request from Plaintiffs' counsel, and despite the fact that Plaintiffs' counsel expressed little or no need for experts, the Court, on its own initiative, offered to give the Plaintiffs until March 30, 2006, within which to designate experts and disclose their reports. See Docket entry for March 3, 2006 (a copy of the transcript is on order but not yet available).

Now, Plaintiffs are before the Court seeking a sixty (60) day extension of time within which to designate experts they never intended to call in the first place. The prejudice to these Defendants

3

notwithstanding, the "Request" fails to demonstrate good cause. In the first place, the "Request" purportedly has two (2) exhibits, neither of which are actually attached. More fundamentally, Fed. R. Civ. P. 16(b) (last paragraph) states that a "schedule shall not be modified except upon a showing of good cause." Likewise, Local Rule 16.1(G) states that the scheduling order can be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." In this case there are no affidavits, no evidentiary materials and no references to the record. In short, there is nothing upon which to base a finding of good cause.

Moreover, it seems clear from the face of the pleadings that the potential experts identified therein were only contacted <u>after</u> March 3, 2006. This case has been pending since October of 2003. Expert discovery deadlines were set through a cooperative process in 2004. The deadlines came and went in 2005. Plaintiffs' counsel stated on the record he intended to call no experts. Now, at the end of March of 2006, after they have already been given a pass for the failure to designate experts in the first instance, they are seeking sixty (60) additional days over and above the nearly thirty (30) days they were <u>not</u> entitled to to begin with. Their "Request" must be denied.

WHEREFORE, the premises being considered, "request" for an enlargement of time within which to designate experts must be denied.

[Signature on next page.]

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

/s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 27, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

/s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  March 27, 2006