UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and  SONIA FERNANDEZ | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER | ) |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
|     Defendants | ) |

**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO CONDUCT  DISCOVERY.**

Now comes the Plaintiffs and oppose the Defendants motion for partial summary judgment Docket #  138   and request an extension of time to conduct the depositions and serve the interrogatories and other instruments of discovery needed to determine the municipal policy and custom of the City of Revere and the liability of its final policymaker or policymakers.

**Background:**

On March 20, 2006, the Court, per Wolf, D.J. issued a Memorandum and Order Docket # 136 denying the Defendants motion for summary judgment as requested in Docket #29 and Docket # 37. On March 22, 2006, two (2) days later, the Defendants refiled the same motion for partial summary judgment Docket # 138 that Wolf, D.J. had just denied. The Defendants did not provide the Plaintiffs with the notice required by Local Rule 7.1 and failed to file with the court the certification required by Local Rule 7.1(2).

**Argument:**

The Court, Wolf, D.J. stated in its decision:

> As this court has written:
>
> Rather [a] city is liable …if it is proven that the institutional conduct of its employees implements or executes a municipal policy or custom. This means that the actions of subordinate officials alone cannot create municipal liability. Rather [a] city is potentially liable only for the conduct of its final policy maker or policy makers concerning the conduct in question. Citing <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915, 919 (D.Mass 1995). <u>Monell v Department of Social Services</u>, 436 U.S. 658, 691-94 (1978); <u>City of St. Louis v Praprotnik</u>, 485 U.S. 112, 123 (1988).

The Court further stated that "At this point, Ambrosino, Reardon or both could be an official policy maker. Therefore it is not appropriate to dismiss Ambrosino or Reardon in their official capacities."

The Defendants failed to comply with Local Rule 7.1 prior to filing this motion. Local Rule 7.1 state the following:

2

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

> No motion shall be filed unless counsel certify that they have conferred and have attempted to resolve or narrow the issue. Rule 7.1(2)

The Defendants filed their motion two (2) days after the Court, Wolf, D.J. entered its Memorandum & Order Docket #136. The Defendants did not serve their motion upon the Plaintiffs in the manner required by Local Rule 7.1 and they did not file with the court a certificate of compliance as required by Local Rule 7.1 (2).

The Defendants filed their motion without any affidavits or supporting documents. They provided no evidence or averments that showed why the Mayor, Thomas Ambrosino, the City of Revere or the Chief of Police of the City of Revere are not the final policy makers. Despite the Court's decision in <u>Gonsalves v City of New Bedford</u>, supra. and this Court's Memorandum and Order Docket # 136, the Defendants continue to confuse personal and municipal liability. The City of Revere is liable for the conduct of its final policy makers or policy makers concerning the conduct in question.

Prior to March 20, 2006 and the entry of Judge Mark. L. Wolf's Order denying the summary judgment requested in Docket # 29 and #37, the Plaintiffs have not had the opportunity, through the use of deposition, interrogatories and other instruments of discovery, to examine the Defendants. An examination of the Defendants is essential for the Court to determine whether the unconstitutional conduct of the Defendants' employees implements or executes a municipal policy or custom.

WHEREFORE, the plaintiffs request that this court:
1. deny the Defendants new motion for partial summary judgment; and

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

2. grant them an extension of time to conduct interrogatories and depositions of these Defendants in order to determine the municipal policy or custom of the City of Revere.

Terri Pechner-James and
Sonia Fernandez
By their attorneys

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

**CERTIFICATE OF SERVICE**

I, James S. Dilday, Esq. attorney for the Plaintiffs, Terri Pechner-James and Sonia Fernandez, hereby certify that I have electronically filed the attached document with the Clerk of the court using the CM/ECF system and by mailing postage prepaid. I also caused to be served upon counsel of record, at the address stated below, by mailing postage prepaid:

    Michael J. Akerson, Esq.
    Reardon, Joyce & Akerson, P.C.
    397 Grove Street
    Worcester, MA 01605

    Walter Porr, Esq.
    Paul Capizzi, Esq.
    Office of the City solicitor
    281 Broadway
    Revere, MA 02151

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.

Dated: March 30, 2006

Document Produced by deskPDF Unregistered :: http://www.docudesk.com