UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,  )<br>　　　　　　Plaintiffs,　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>CITY OF REVERE, THOMAS AMBROSINO, )<br>MAYOR, CITY OF REVERE POLICE   )<br>DEPARTMENT, TERRENCE REARDON,  )<br>CHIEF OF POLICE, BERNARD FOSTER, )<br>SALVATORE SANTORO, ROY COLANNINO, )<br>FREDERICK ROLAND, THOMAS DOHERTY,)<br>JOHN NELSON, JAMES RUSSO, MICHAEL )<br>MURPHY and STEVEN FORD,　　　　)<br>　　　　　　Defendants,　　　)  | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, THOMAS AMBROSINOS'S AND TERENCE REARDON'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO CONDUCT DISCOVERY**

**NOW COME** Defendants, **CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, THOMAS AMBROSINO AND TERENCE REARDON,** and hereby submit their opposition to Plaintiffs' "Request" for Extension of Time to Conduct Discovery.

**I.**

**THE DISCOVERY MOTION FAILS TO COMPLY
WITH LOCAL RULES 7.1(A)(2), 26.2(C) AND
37.1(B) AND THUS, CAN NOT BE CONSIDERED**

The Plaintiffs' have an annoying habit of labeling their "motions" (see Fed. R. Civ. P 7(b)(1) ("An application to the court for an order shall be by motion")) as "requests" (see e.g., Docket No. 140, Request for Enlargement of Time) and then failing to demonstrate that they have both complied with the rules related to the motion or that there is good cause for the relief they are "requesting" (see e.g., Docket No. 144 and the Court's electronic order of March 28, 2006). They have the even

more annoying habit of combining these motions as part of their opposition pleading to another party's motion (see e.g., Docket No. 139), which is what they have done once again here.

In this case, Plaintiffs' "request an extension of time to conduct the depositions and serve the interrogatories and other instruments of discovery needed to determine the municipal custom and policy of the City of Revere and the liability of its final policymaker or policymakers." Docket No. 146, page 1. Thus, this is clearly a discovery motion, as was Docket No. 140.[1]

In the first place, the written discovery deadline has come and gone. Docket No. 89 and Docket entry for November 29, 2005. Thus, instead of an extension of time, what Plaintiffs actually need is relief from the scheduling order. However, Plaintiffs' discovery motion, like its predecessor, reveals on its face that there was no meet and confer prior to its being filed and thus, since there was no such conference, there can be and is no certification that such a conference took place as required by the rules. Local Rule 26.2(C) states that "[t]he judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion." Thus, the instant motion can not even be considered.[2]

---

[1]  The present motion is most definitely not a request for relief under Fed.R.Civ.P. 56(e). In the first place, absolutely no mention is made of Fed.R.Civ.P. 56(e) in the motion and in the second, no effort is made to satisfy its rigorous standards.

[2]  In the opposition section of their motion, Plaintiffs suggest that these Defendants have not complied with Local Rule 7.1 as it relates to their partial motion for summary judgment. Nothing could be further from the truth. In what can only be characterized as both a gross over-simplification and a careless mischaracterization, Plaintiffs themselves observe that the Defendants' instant motion is a refiling of their previous motions (plural, not singular) for summary judgment (not partial summary judgment). Docket No. 146, page 2, Background paragraph. Defendants' current motion for partial summary judgment is far more sophisticated than Plaintiffs have let on and their non-responsive opposition reflects their failure of comprehension on this point. Be that as it may, Defendants have complied with Local Rule 7.1 as demonstrated by Docket Nos. 32 and 38.

## II.

**GOOD CAUSE IS LACKING FOR THE GRANTING OF THE MOTION**

This case was removed to federal court on December 11, 2003 (Docket No. 1). The parties filed their Joint Statement pursuant to Local Rule 16.1(D) on June 22, 2004 (Docket No. 21). The parties agreed that written discovery and depositions would be completed by Februay 28, 2005. The parties filed their Revised Joint Statement pursuant to Local Rule 16.1(D) on September 23, 2004 (Docket No. 27), wherein they revised the foregoing date to May 28, 2005. The Court entered its Scheduling Order herein on September 24, 2004 (Docket No. 26) wherein it set September 30, 2005, as the completion date for all discovery.

Plaintiffs' filed an uninvited status report on April 22, 2005 (Docket No. 44). This pleading addressed settlement and nothing further. On the contrary, it was the status report of these Defendants (Docket No. 49) which more specifically outlined the discovery breakdowns being experienced in this case and specifically requested a further scheduling conference to deal with them and their implications to the current scheduling order. These Defendants reiterated that theme in their supplemental status report (Docket No. 51) filed herein on June 29, 2005.

The discovery completion date of September 30, 2005, came and went without the Plaintiffs seeking any relief from the same.

A motions hearing was conducted by the Court on October 6, 2005. At the end of the hearing, the Court took up the scheduling of the case and instructed counsel for the parties to "go out in the hall now and talk about a schedule. If you can come to an agreement as to the schedule then just report to the clerk that you have reached an agreement and you can file a one page joint proposed schedule starting with the December 6th date." Docket No. 141, page 46, line 25 – page 47, line 16 (Quote from page 47, lines 8-12); see also Docket No. 87, page 1, 1st paragraph. On

October 17, 2005, the parties filed their Joint Stipulation and Order Modifying the Scheduling Order (Docket No. 89). It set December 6, 2005, as the written discovery completion date. On November 29, 2005, the Court held a further status conference in this matter. During the course of that conference, the Court adopted the joint stipulation. Docket No. 142, page 6, lines 12-14; see also Docket entry dated November 29, 2005.

On March 3, 2006, the Court conducted yet another hearing in this matter related to outstanding discovery. The Plaintiffs did not indicate any need for relief from the current discovery schedule.

Now, Plaintiffs are before the Court seeking an unspecified extension of time within which to "serve interrogatories and other instruments of discovery." The prejudice to these Defendants notwithstanding, the "Request" fails to demonstrate good cause. The only thing of substance[3] which the Plaintiffs offer in support of their request is the unsubstantiated and blatantly false assertion that they "have not had the opportunity, through the use of depositions, interrogatories and other instruments of discovery, to examine the Defendants." Docket No. 149, page 3, last paragraph. The utter absurdity of this assertion is all the refutation it needs.

More fundamentally, Fed. R. Civ. P. 16(b) (last paragraph) states that a "schedule shall not be modified except upon a showing of good cause." Likewise, Local Rule 16.1(G) states that the scheduling order can be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." In this case there are no affidavits, no evidentiary materials and no references to the record. In short, there is nothing upon which to base a finding of good cause. The Planitiffs' "Request" must be denied.

---

[3] The word "substance" is used here to denote "genre" and not "content". As even the most cursory glance at the motion will reveal, there is no substantive content to support it.

4

WHEREFORE, the premises being considered, "request" for an extension of time within which to conduct discovery must be denied.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 31, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

 /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  March 31, 2006

5