UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and SONIA FERNANDEZ | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER | ) |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
|     Defendants | ) |

**PLAINTIFF AND COUNSEL REQUEST FOR *IN CAMERA* EXAMINATION OF MEDICAL RECORDS**

Now come the Plaintiff, Terri Pechner-James and her Counsel, James S. Dilday, Esq. and hereby request that this court conduct an *in camera* examination of the medical records provided by Dr. Eric Keroack. The parties state the following as grounds for their request:

1. On January 26, 2006, pursuant to this court's order, counsel's office sent an authorization signed by the Plaintiff, Terri Pechner-James, to Dr. Eric Keroack requesting a copy of her medical records.

2. On March 3, 2006, the Plaintiff gave written authorization to Reardon, Joyce, & Akerson, P.C. counsel for the Defendant-officers-to obtain the same information. It is not known whether the Defendants have requested or received the same information from Dr. Keroack in the month that has elapsed since they obtained the authorization.

3. In correspondence dated February 23, 2006, but received by counsel's office several days later, Dr. Keroack's office mailed the medical records that Plaintiff's counsel had requested on January 26, 2006 to her counsel, James S. Dilday, Esq. at his office 27 School Street, Suite 400, Boston, MA 02108.

4. Even though Defendants counsel had in their possession signed authorizations to obtain the same information from Dr. Keroack, Plaintiff's counsel immediately communicated the receipt of these records to Defendants counsel. Upon examination of said records, Plaintiff's counsel observed that several of the medical records provided belonged to Mark James, the husband of the Plaintiff. The records contained diagnosis, professional assessments and medical prescriptions.

5. Mark James is not a Plaintiff, he has not given oral or written authorization for release of his medical records; he has made no claim for loss of consortium, He has objected to the release of said records by his doctor and the further release by the office of Plaintiff's counsel.

6. Plaintiffs and her counsel seeks the court's guidance in making a determination on which records provided by Dr. Keroack are covered by the order of the court.

Neither Plaintiff nor her counsel are seeking a particular outcome; they seek only the guidance of the court and will make the records available to the court for *in camera* examination at such time and in such manner as prescribed by the court.

WHEREFORE, the Plaintiff and her counsel request that:

(1) this court instruct them on the time and manner in which it desires to receive the records; and

(2) conduct an in camera examination to determine which records are relevant to its order.

Terri Pechner-James
By her counsel


 /s/ James S. Dilday, Esq.
James .S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470