UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>            Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>            Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, RESPONSE TO
PLAINTIFFS' MOTION FOR IN CAMERA REVIEW**

**NOW COMES** the Defendant, **CITY OF REVERE,** and hereby submits its response to Plaintiffs' motion for in camera review.

**I.**

**THE MEDICAL RECORDS SHOULD BE TURNED OVER FORTHWITH**

Plaintiff Pechner was ordered by the Court to produce copies of her medical records in October 2005 (Docket No. 87). Her failure to do so resulted in subsequent orders which culminated in an order that she appear in Court and sign releases for all of her medical records (Docket Nos. 110, 115 and 127).[1] Despite the fact that Plaintiff Pechner has her medical records from Dr.

---

[1] Plaintiff makes much of the fact that the Defendants have obtained a release which would presumably cover the same records which are in her possession, but which she refuses to produce to the Defendants. The fact of the matter remains that while the Defendants have indeed forwarded the release to Dr. Keroack, no records have yet been produced. Given the fact that Defendants have been seeking these records from Plaintiff Pechner for in excess of a year and that she is under an order of the Court to produce them, her refusal to produce them when she acknowledges that they are in her possession simply due to the fact that Defendants have a release in the works is of no merit.

Keroack in her possession, she refuses to produce them. The purported justification for this decision is that "Plaintiff's counsel observed that several of the medical records provided belonged to Mark James, the husband of the Plaintiff. The records contained diagnosis, professional assessments and medical prescriptions." Docket No. 150, page 4, paragraph 4. **But Dr. Keroack is an obstetrician and gynecologist.[2]** See Exhibit "A" hereto which is a copy Dr. Keroack's Physician Profile obtained from the Massachusetts Board of Registration in Medicine.

The long and the short of the matter is that these records have been produced by Dr. Keroack in response to Plaintiff Pechner's request that she be given a copy of her medical records. They are her medical records and she is obligated to produce them.

## II.

## IN CAMERA REVIEW

Defendants contend that there is neither a legal basis,[3] nor any other reason, for an *in camera* review of the subject medical records. The issue of *in camera* review arose at the second session of Plaintiff Pechner's deposition on March 14, 2006, when the issue of Attorney Dilday's unilateral withholding of the disputed records was discussed. When it became evident that Attorney Dilday would not turn over the records, counsel for these responding Defendants demanded that he

---

[2] Plaintiff's counsel makes the representation that Mark James has not authorized the release of "his" medical records and that he objects "to the release of said records by 'his' doctor." Docket No. 150, page 2, paragraph 5. The absence of any affidavit from Mr. James aside, Defendants can only wonder why Mr. James, a male, was receiving medical care and treatment from an obstetrician and gynecologist?? Inquiring minds would like to know. Be that as it may, when Dr. Keroack sent copies of Plaintiff Pechner's medical records to Plaintiff's counsel, these were obviously part of them. Thus, Dr. Keroack saw them as part of Plaintiff Pechner's records and Plaintiff's counsel has no right or authority to arbitrarily and unilaterally refuse to produce them simply because they make reference to Plaintiff's husband.

[3] Mr. James has not appeared in this action, specially or otherwise, to seek a protective order for "his" obstetrical and gynecological records. He was certainly free to do so if he so chose. Inasmuch as the Defendants have been after these records for more than a year now, a fact of which he must have been aware, he has had more than adequate time to come up on the net, lodge an objection and seek a protective order. Plaintiff's counsel's apparent attempt to act as a quasi-proxy for Mr. James fails to meet or satisfy any legal standard for a protective order of which these Defendants are aware. Note also that Plaintiff and her counsel expressly state that they are <u>not</u> "seeking a particular outcome" as a result of the *in camera* review they are "requesting". Docket No. 150, page 3

*immediately* file them with the Court, along with whatever pleading he felt appropriate to justify his conduct, so that the matter could be resolved as quickly as possible. Although it has taken Plaintiff's counsel more than three (3) weeks to file his pro forma "request", at least he has finally done so.

The bottom line is that the records in question are part of Plaintiff Pechner's medical records and are subject to production. *If*, and these Defendants stress the *if*, the Court determines that these records must or will be reviewed in camera, then Defendants respectfully request that Plaintiff and her counsel be ordered to produce the records at the April 11, 2006, status conference and the Court review and release them at that time.

WHEREFORE, the premises being considered, the "request" for *in camera* review should be denied or, in the alternative, Plaintiff and her counsel should be ordered to produce the records at the April 11, 2006, status conference and the Court should review and release them at that time.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated:  April 6, 2006.

**CERTIFICATE OF SERVICE**

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                                              /s/ Walter H. Porr, Jr.
                                                              Walter H. Porr, Jr.,

Dated: April 6, 2006