UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, <br><br>  Plaintiffs, <br><br> v. <br><br> CITY OF REVERE, THOMAS AMBROSINO, Mayor, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, Chief, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, <br><br>  Defendants. | C.A. No.: 03-12499MLW |

## PLAINTIFFS MOTION TO STRIKE-DOCKET #134-AFFIDAVIT OF WALTER H. PORR, JR AND ATTACHED EXHIBITS

Now comes the Plaintiffs and move this Honorable Court to strike the documents included in Docket # 134: Affidavit of Walter H. Porr, Jr. and Exhibits A-L and to seal said documents. The Plaintiffs state the following in support of their motion.

### Applicable Law:

An affidavit that supports a motion for summary judgment must satisfy three prerequisites: (1) it must be sworn upon personal knowledge; (2) it must state specific facts admissible in evidence at the time of trial; and (3) it must establish that affiant is competent to testify. Fed. R. Civ. P. 56(e).

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

**Background:**

The Plaintiffs filed a Motion For Summary Judgment On Less Than All Issues: Docket # 118 – 124. The Defendants filed a response: Docket # 129- 134. The Defendants provided "mere denials" in response to Plaintiffs motion. They did not provide a "concise statement" as required by Fed. R. Civ. P. 56 and Local Rule 56.1 in response to Plaintiffs motion. Instead, the Defendants co-counsel, Walter H. Porr, Jr. filed a sixteen (16) paragraph affidavit and twelve (12) exhibits: A-L. Neither the sixteen paragraphs nor the twelve exhibits remotely address the issues of departmental betrayal and the deliberate indifference of the policymakers of the City of Revere that injured the Plaintiffs.

The Plaintiffs motion for summary judgment required the Defendants to come forward with at least one sworn averment of specific fact essential to their defenses. Evidence not contentions avoid summary judgment. [Lujan v National Wildlife, Fed'n, 497 U.S. 871, 888-89, 110 S. Ct. 3177, 3188-89, 111 L.Ed 2d 695 (1990)] See also:[Al-Zubaidy v TEK, Indus., Inc., 406 F.3d 1030, 1036 (8th Cir. 2005)]. The affidavit of Walter H. Porr, Jr., co-counsel for the Defendants, is "sworn under the pains and penalties of perjury" but is not averment of specific facts that responds to departmental betrayal or the deliberate indifference of the Defendants.

The sixteen paragraphs of the affidavit of Walter H. Porr, Jr. are a direct attack on Plaintiffs counsel, James S. Dilday, Esq. The affidavit contains allegations, contentions,

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

and innuendo about Plaintiffs counsel but it has provided no evidence, no sworn averment of specific fact and no defense of the deliberate indifference of his clients.

**Argument:**

(1) The affidavit of Walter H. Porr, Jr. fails to meet the requirements of a summary judgment affidavit as required by Fed. R. Civ. P. 56(e)

An affidavit, to be considered on motion for summary judgment, must satisfy three prerequisites: (1) it must be sworn upon personal knowledge; (2) it must state specific facts admissible in evidence at time of trial; and (3) it must be offered by a competent affiant. Courts do not favor affidavits, such as that of Walter H. Porr, Jr., that do not meet these prerequisites. See Patterson v County of Oneida, 375 F.3d 206, 219 (2nd Cir. 2004); Lantec, Inc. v Novell, Inc. 306 F.3d 1003 (10th Cir. 2002).

The affidavit of Defendants counsel states that it is "signed under pains and penalties of perjury" but it is not sworn upon personal knowledge. All sixteen paragraphs of the affidavit are based upon inferences and personal opinions held, maintained and expressed by Walter H. Porr, Jr. They are not based upon personal knowledge. [Nieves-Luciano v Hernandez-Torres, 397 F. 3d 1, 5 (1st Cir. 2005).

The sixteen paragraphs of the affidavit of Walter H. Porr, Jr are based upon correspondence, documents and opinions created by him. [Paragraph 1-16 of his affidavit]. The twelve exhibits attached are primarily his conclusory statements and some responses from Plaintiffs counsel. The controversy created by Walter H. Porr, Jr. and included in his affidavit concerns how Plaintiffs counsel, James S. Dilday, Esq. manages his law office. The affidavit does not contain "specific facts" that would be

3

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

admissible at the time of trial. [Moore v J.B. Hunt Transport, Inc., 221 F.3d 9444 (7th Cir.2000)][Perez v Volvo Car Corp., 247 F. 3d 303, 315-16 (1st Cir. 2001.)]. Conclusory averments, such as "**my** examination of **my** file and **my** comparison" **[Paragraph 15 of affidavit]** are little more than allegations in affidavit form. These averments are speculation and conjecture, they are insufficient to support counsel's affidavit; they are also insufficient to avoid summary judgment. [Lujan v National Wildlife, Fed'n, 497 U.S. 871, 888-89, 110 S. Ct. 3177, 3188-89, 111 L.Ed 2d 695 (1990)].

(2) The affidavit of Walter H. Porr, Jr. demonstrates that he is not competent to testify. The issues in this case are the departmental betrayal that caused the Plaintiffs injuries and the deliberate indifference of the policy makers of the City of Revere. Walter H. Porr, Jr. is co-counsel and represents the Defendants. The manner in which the Plaintiffs counsel, James S. Dilday, Esq. manages his office is not part of this cause of action; in addition, statements of counsel are not competent to oppose the Plaintiffs summary judgment motion. [Orson, Inc. v Miramax Film Corp., 79 F. 3d. 1358, 1372 (3rd Cir. 1996)] See also [Lopez v Corporacion Azucarera de Puerto Rico, 938 F. 2d 1510, 1516.n.11 (1st Cir. 1991)].

The sixteen paragraphs of Defendants counsel's affidavit contain counsel's description of a course of correspondence that he initiated with Plaintiffs counsel. This course of correspondence culminated in a letter dated March 7, 2006 in which Plaintiffs counsel finally responded as follows:

4

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

> In reference to your letter dated March 2, 2005, I see no need to respond to your non-issues regarding signatures. You are not authorized to determine whom I authorize to sign documents on my behalf.

Plaintiffs counsel ends his letter as follows:

> Hopefully we will be able to conduct this litigation in a civil and professional manner without the use of innuendo and needless allegations regarding issues that are not germane to the litigation.

Plaintiffs counsel made a plea for civility and a request for a respite from the acrimonious atmosphere created by Defendants counsel, Walter H. Porr, Jr. This plea does not support the submission of counsel's affidavit and exhibits. Defendants counsel's attempt to use Plaintiffs counsel's request for civility as a defense against Plaintiffs Motion for Summary Judgment On Less Than All Issues must fail. It does not satisfy the prerequisites of Fed. R. Civ. P. 56(e).

WHEREFORE, the Plaintiffs request that:

   1. The sixteen paragraph summary judgment affidavit and its attachments filed by Walter Porr, Jr.- Docket #134 -be stricken and its contents sealed.

   2. Such other relief as the Court deems just and proper.

Terri Pechner-James and
Sonia Fernandez
By their attorney


 /s/ James S. Dilday, Esq.
James S. Dilday, Esq.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com