UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, | : : : |
| Plaintiffs, | : : |
| v. | :   C.A. No.: 03-12499MLW |
| CITY OF REVERE, THOMAS AMBROSINO, Mayor, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, Chief, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, | : : : : : : : : : |
| Defendants. | : |

## REQUEST FOR ADMISSIONS OF MATERIAL FACTS AS SET FORTH BY PLAINTIFFS

Now come the Plaintiffs, Terri Pechner-James and Sonia Fernandez, and request the admission of material facts as set forth by the Plaintiffs in their Statements of Fact in support of their Motion for Summary Judgment of Less Than All of the Issues (Docket Nos. 118, 119, 121, 122, 123, &124) on the grounds that Defendants have failed to submit to the Court a "concise statement of material facts" with their Opposition to Plaintiffs' Motion for Summary Judgment to as required under District of Massachusetts Local Rule 56.1.

STATEMENT OF FACTS

On February 28, 2006, the Plaintiffs filed a Motion for Summary Judgment On Less Than All of the Issues, pursuant to Fed. R. Civ. P. 56(c). (Docket No. 118). The Plaintiffs filed the following documents in support of the motion:

1. Notice of Motion and Attached from Third Circuit Court of Appeals. (Docket No. 121

2. Exhibit and List – Exhibit 1-26, including Affidavit of Sonia Fernandez, Statement of Facts by Sonia Fernandez, Affidavit of Terri Pechner-James, and Statement of Facts by Terri Pechner-James  (Docket No. 122).

3. Memorandum in Support of Motion (Docket No. 119).

4. Certificate of Compliance Pursuant to Rule 7.1 (Docket No. 123).

5. Certificate of Service by Plaintiffs (Docket No. 124)


On March 15, 2006, the Defendants filed the following with the Court:

1. Opposition to Plaintiffs Motion for Summary Judgment on Less Than All the Issues (Docket No. 129).

2. Objection to Docket No. 122--Plaintiffs Exhibit List, Affidavit of Terri Pechner-James (Docket No. 130).

3. Objection to Docket No. 122--Affidavit of Sonia Fernandez (Docket No. 131).

4. Objection to Docket No. 122--Statement of Material Facts of Terri Pechner-James (Docket No. 132).

5. Objection to Docket No. 122—Statement of Material Facts of Sonia Fernandez (Docket No. 133).

6. Affidavit of Walter Porr, Jr. and twelve (12) Exhibits (Docket No. 134).

ARGUMENT

Rule 56(e) of the Federal Rules of Civil Procedure states that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.C.P. 56(c) is supplemented by District of Massachusetts Local Rule 56.1.  D. Mass. R. 56.1 requires that:

Opposition to motions of summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party shall be deemed for the purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by the opposing parties.

The United States Court of Appeals for the First Circuit has noted that such local rules were "developed by the district courts in this circuit in response to this court's concern that, absent such rules, summary judgment practice could too easily become a game of cat-and-mouse, giving rise to the "specter of district court judges being unfairly sandbagged by unadvertised factual issues." (citation omitted) Such rules are a distinct improvement -- and parties ignore them at their peril. In that spirit, we have held that noncompliance with such a rule, as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly." Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

The Defendants have not filed a "concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried with page references to affidavits, depositions, and other documentation." Defendants have filed only one

affidavit (Docket No. 134) and several objections to Plaintiffs' Affidavits and Statements of Facts (Docket Nos. 130-133). The Defendants mere denials do not satisfy the requirements of D. Mass. R. 56.1. Conversely, the material facts presented in the Statements should be admitted for the purpose of deciding the Plaintiffs Motion for Summary Judgment on Less Than All of the Issues. United States v. Parcel of Land & Residence at 18 Oakwood Street, 958 F.2d 1, 4 (1st Cir. `1992) (Nonmovant's failure to submit a statement of facts had "the legal effect of admitting the [movant's] factual assertions), McKenzie v. Potter, 2004 U.S. Dist. LEXIS 17356, 2 (D. Mass. 2004) (Failure of nonmovant to comply by submitting a "statement of material facts" under D. Mass. 56.1 resulted in admission of moving party's statement of facts and "prevents the nonmovant from disputing the facts in the movant's statement of facts"), Rodio v. R.J. Reynolds Tobacco Company, 2006 U.S. Dist. LEXIS 3418 (D. Mass. 2006) ("To the extent that [the nonmoving party] has failed to present supported facts that controvert the factual assertions contained in [moving party's] Local Rule 56.1 Statement, the court will deem the defendant's facts admitted."), St. Paul Fire and Marine Insurance Company, as Subrogee of Vicam, L.P. v. Birch, Steward, Kolasch & Birch, LLP, 379 F. Supp. 2d 183 (D. Mass. 2006), Napier v. F/V DEESIE, Inc, 360 F. Supp. 2d 195 (D. Mass 2005), GE Capital Healthcare Fin. Servs. v. Fall River Walk-In Emergency Med Office, 2004 U.S. Dist. LEXIS 75 (D. Mass. 2004).

Under D. Mass. R. 56.1, "it was incumbent on the [Defendants] to include in [their] opposition to the [Plaintiff's] motion "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried." Cochran v. Quest Software, Inc., 328 F.3d 1, 12 (1st. Cir. 2003). Defendants have not done so.

Therefore, Plaintiffs respectfully request that the material facts presented in Plaintiffs Terri Pechner-James and Sonia Fernandez Statements of Facts (Docket No. 122) be admitted for the purposes of the deciding Plaintiffs Motion for Summary Judgment on Less Than All of the Issues.

        Respectfully Submitted,

        TERRI PECHNER-JAMES

        and SONIA FERNANDEZ

        By their attorney,

        /s/ James S. Dilday_____

        James S. Dilday, BBO# 124360
        Grayer & Dilday, LLP
        27 School Street, Suite 400
        Boston, MA 02108
        (617)227-3470

DATED: