UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,**    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )   C.A. No. 03-12499-MLW |
| | ) |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, CITY OF REVERE'S, OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF
WALTER H. PORR, JR. AND ATTACHED EXHIBITS**

**NOW COMES** the Defendant, **CITY OF REVERE,** and hereby submits its opposition to Plaintiffs' motion to strike the Affidavit of Walter H. Porr, Jr. and attached exhibits.

**I.**

**THE LOCAL RULE 7.1(A)(2) CERTIFICATION IS A SHAM
AND THUS, THE MOTION SHOULD NOT BE CONSIDERED**

Local Rule 7.1(A)(2) requires the moving party to make a *good-faith* effort to resolve or narrows the issues *prior to* filing a motion and that counsel for the moving party certify that such has been done. The certificate with respect to this motion (Docket No. 157) is a sham. On April 3, 2006, Defendant's counsel received a letter on Grayer & Dilday letterhead dated March 30, 2006, forwarding the instant pleading. A true and correct copy of same is attached hereto as Exhibit "A". The Court will observe that the letter is UNSIGNED, but rather, bears an electronic filing inscription.

Included with the letter was an undated Notice of Motion inviting counsel to meet and confer within the next seven (7) days. A true and correct copy of same is attached hereto as Exhibit "B". The Court will observe that the notice is UNSIGNED, but rather, bears an electronic filing inscription.

On April 3, 2006, the same day it was received, counsel for the Defendant responded by letter questioning the lack of signature on the letter (a curious and recent phenomena also observed in two letters to the Court dated March 23 and March 27, 2006, which are attached hereto as Exhibits "C" and "D", respectively) and, more importantly, expressing his concern that he has no way of knowing whether or not it is really Attorney Dilday with whom he is meeting and conferring. A true and correct copy of same is attached hereto as Exhibit "E". See also Defendants' argument that Plaintiffs' motion for partial summary judgment (Docket No. 118) fails procedurally for this very reason (Docket No. 129, pages 4-8).

In light of the foregoing, Plaintiffs' assertion in their Local Rule 7.1 certification (Docket No. 157) that "[t]he Defendants' counsel did not reply" is blatantly false. In point of fact, Plaintiffs' counsel has not replied to Defendant's counsel's letter of April 3, 2006, and more to the point, he has not engaged in a ***good faith*** effort to meet and confer.

Thus, the certification is a sham and the motion should be dropped without any further consideration.

## II.

**THE AFFIDAVIT IS RELEVANT AND ADMISSIBLE ON THE ISSUE OF PLAINTIFFS NON-COMPLIANCE WITH FED.R.CIV.P. RULE 11**

In their opposition to Plaintiffs' motion for partial summary judgment, Defendants argue that the said motion and certain pleadings related thereto fail to comply with Fed. R. Civ. P. 11 in that they have not been signed (said signature constituting a certification as to compliance with the

substantive legal standard vis-à-vis the pleading) by the attorney of record, or by any attorney for that matter. Docket No. 129, pages 1-4. The foundational evidence in support of this argument is set forth in the Affidavit and its exhibits. Failure of a pleading to comply with Rule 11 is grounds for it to be stricken (see Docket No. 129, pages 3-4).

Thus, Plaintiffs' argument that the Affidavit and its exhibits do not "remotely address the issues of departmental betrayal and deliberate indifference of the policymakers of the City of Revere" (Docket No. 154, page 2); that they provide "no defense of the deliberate indifference of his clients" (Docket No 154, page 3); and, that "[t]he issues in this case are departmental betrayal that caused the Plaintiffs injuries and the deliberate indifference of the policy makers of the City of Revere" (Docket No. 154, page 4) misses the point entirely.

### III.

### THE AFFIDAVIT IS RELEVANT AND ADMISSIBLE ON THE ISSUE OF PLAINTIFFS NON-COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

In their opposition to Plaintiffs' motion for partial summary judgment, Defendants argue that the said motion and certain pleadings related thereto fail to comply with Local Rule 7.1(A)(2) and as such, it must be stricken. Docket No. 129, pages 4-8. The foundational evidence in support of this argument is set forth in the Affidavit and its exhibits. Failure of a pleading to comply with Local Rule 7.1 is grounds for it to be stricken (see Docket No. 129, page 8).

Thus, Plaintiffs' arguments regarding the scope of the affidavit (see Section II above) miss the point entirely.

## IV.

## THE AFFIDAVIT IS BASED UPON PERSONAL KNOWLEDGE AND IS PROPERLY ADMISSIBLE

Plaintiffs make the bald assertions that "[t]he affidavit contains allegations, contentions, and innuendo about Plaintiffs counsel . . ." (Docket No. 154, page 2-3); "All sixteen paragraphs of the affidavit are based upon inferences and personal opinions held, maintained and expressed by Walter H. Porr, Jr. They are not based upon personal knowledge" (Docket No. 154, page 3); "The twelve exhibits attached are primarily his conclusory statements and some responses from Plaintiffs counsel" (Docket No. 154, page 3); and, "These averments are speculation and conjecture, they are insufficient to support counsel's affidavit" (Docket No. 154, page 4). But simply saying it doesn't make it so and the Affidavit not only speaks for itself in this regard, but is buttressed by Attorney Dilday's letter of March 7, 2006 (which does <u>not</u> deny the assertions raised in this regard in counsel's letter of March 2, 2006) (see Docket No. 134, Exhibits "L" and "K" respectively) and by counsel's subsequent affidavit filed on March 27, 2006 (Docket No. 145), to which no objection has been lodged.

Finally, as the Court observed in *Ryan v. United States*, 384 F.2d 379, 380 (1st Cir. 1967):

> Testimony that an individual piece of writing was written by a certain person, **in the absence of actual observation of the event** is, in reality, an opinion. A witness may testify to such an opinion only if he has special qualifications to do so. These may be based on expert training and experience in handwriting analysis in general, **or they may be based upon experience with the handwriting of the individual in question**. . . . [¶] . . . The assistant treasurer, on the other hand, **asserted a general familiarity with the handwriting of the defendant**. While the requisite knowledge has sometimes been phrased as "considerable familiarity," rather than "familiarity," Noyes v. Noyes, 1916, 224 Mass. 125, 130, 112 N.E. 850, the defendant in no way suggested that this possible distinction was troubling him. The witness' position in the bank, where the defendant was a teller, made his assertion of familiarity entirely reasonable. Under these circumstances the government had made a prima facie showing . . .

4

Here, the issue is not admissibility for purposes of jury trial. Rather, it is for making a prima facie showing that various pleadings do not comply with the Federal and Local Rules and that someone other than Plaintiffs' counsel is preparing and filing these pleadings and purporting to meet and confer in Plaintiffs' counsel's name. Attorney Dilday's letter of March 7, 2006, does <u>not</u> refute this claim, nor has he filed an affidavit refuting this claim. His silence is deafening and the conclusion therefrom, and from the face of the challenged pleadings is obvious.

## V.

### ITS NOT ABOUT CIVILITY, ITS ABOUT OBLIGATION

Plaintiffs and their counsel whine that their "plea for civility and [] request for a respite from the acrimonious atmosphere created by Defendants counsel" have gone unheeded. Docket No. 154, page 5. An ironic, if not farcical, complaint from parties who have repeatedly and consistently abused the discovery process, defied court orders and filed pleadings, like the one this opposition addresses, that were procedurally deficient and substantively without merit. Again, they miss the point.

Fed. R. Civ. P. 11 and Local Rule 7.1(A)(2) impose obligations which are both substantive and procedural in nature. They may be a "non-issue" with Plaintiffs and their counsel (March 7, 2006, letter), but they are <u>not</u> a non-issue to these defendants (Docket No. 129, pages 2-3) and they <u>should not</u> be a non-issue to the Court.

WHEREFORE, the premises being considered, the motion to strike the Affidavit of Walter H. Porr, Jr., must be denied.

[Signature on next page.]

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

/s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated:  April 6, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

/s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  April 6, 2006