UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **TERRI PECHNER-JAMES and SONIA** | ) | |
| **FERNANDEZ,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 03-12499-MLW** |
| | ) | |
| **CITY OF REVERE, THOMAS AMBROSINO,** | ) | |
| **MAYOR, CITY OF REVERE POLICE** | ) | |
| **DEPARTMENT, TERRENCE REARDON,** | ) | |
| **CHIEF OF POLICE, BERNARD FOSTER,** | ) | |
| **SALVATORE SANTORO, ROY COLANNINO,** | ) | |
| **FREDERICK ROLAND, THOMAS DOHERTY,** | ) | |
| **JOHN NELSON, JAMES RUSSO, MICHAEL** | ) | |
| **MURPHY and STEVEN FORD,** | ) | |
| **Defendants,** | ) | |

DEFENDANT, CITY OF REVERE'S, FOURTH STATUS REPORT

**NOW COMES** the Defendant, **CITY OF REVERE,** and hereby submits its fourth status report.

## I.

## PENDING MOTIONS

The following motions are pending:

1.  Plaintiffs' motion for partial summary judgment and request for summary judgment (Docket Nos. 118, 119, 121, 122, 123, 124 and 139); opposed (Docket Nos. 129-134, 143 and 145).

2.  Defendant, City of Revere's, et al, partial motion for judgment on the pleadings (Docket No. 137); opposed?? (Docket No. 139).

3.  Defendant, City of Revere's, et al, partial motion for summary judgment (Docket No. 138); opposed (Docket No.146).

4.  Plaintiffs' "request" for extension of time to conduct discovery (Docket No. 146); opposed (Docket No. 147).

5.    Plaintiffs' motion to file expert witness information (Docket No. 148); opposed (Docket No. 149)

6.    Plaintiffs' "request" for *in camera* examination of medical records (Docket No. 150); response (Docket No. 153).

7.    Plaintiffs' motion to strike the Affidavit of Walter H. Porr, Jr. (Docket No. 154); opposed (Docket No. 158).

8.    Plaintiffs' request for admissions of material facts as set forth by Plaintiffs (Docket No. 155); opposed (Docket No. 159).

9.    Defendant, City of Revere's, motion for Rule 11 sanctions, to be filed on April 10, 2006 (Docket No. 16__).

With the exception of the last three of these, the Court's electronic order of April 6, 2006, indicates that these motions will be heard during the status conference. Moreover, with respect to Plaintiffs' "request" for *in camera* examination of medical records (Docket No. 150), the Court's electronic order of April 6, 2006, indicates that the Plaintiffs' counsel is to bring the medical records which are the subject thereof.

Finally, since briefing is complete on Docket No. 154 (Motion to strike Porr Affidavit) and Docket No. 155 (Request for Admissions), the Court is respectfully requested to entertain those motions as well.

## II.

## MOTIONS WITHIN OPPOSITIONS

Plaintiffs' counsel has developed the habit of asserting new motions for affirmative relief within what are ostensibly opposition pleadings (see e.g., Docket Nos. 139 and 146). The problem with this approach is that the pleading gets docketed by the CM/ECF system as an opposition to the underlying motion only and not separately as a motion in its own right. Thus, when the Defendants seek to oppose that portion of the pleading which is actually a new motion for affirmative relief, because the CM/ECF system does not list the opposition pleading as a motion in its own right, it will

not accept the Defendants' pleading as an opposition per se. As a result, Defendants are forced to use some alternative pleading designation which does not truly reflect the nature of the pleading being filed.

Defendants request an order from the Court directing Plaintiffs' counsel to cease and desist from this practice. Oppositions are oppositions. Motions are motions. They should not be combined as the CM/ECF system is not designed to handle pleadings in this fashion. More to the point, they should not be combined because they are separate and distinct pleadings in any event. The mere fact that they may be related to the same issue does not mean that it is proper to combine a motion in its own right with an opposition to another motion.

### III.

### OUSTANDING DISCOVERY ISSUES

1.      Plaintiffs' Depositions.

Terri Pechner was deposed on January 10 and March 14, 2006. On both January 10 and March 14, Attorney Dilday arrived late and on March 14, 2006, he had to leave early. Thus, only seven (7) hours (one (1) day) of deposition time has actually occurred as of this filing.

Plaintiff Pechner is scheduled for an additional day of deposition tomorrow, April 7, 2006, and although it is currently "on", there remains the possibility that it may be cancelled due to the purported illness of her counsel (see Exhibit "A" hereto).

Sonia Fernandez was deposed on March 21 and 24, 2006. On both March 21 and 24, Attorney Dilday arrived late and had to leave early. She was scheduled for an additional day of deposition on April 6, 2006, but that has been cancelled due to the purported illness of her counsel (see Exhibit "A" hereto). Thus, only six (6) hours (< one (1) day) of deposition time has actually occurred.

In its Order on Motion for Sanctions (Docket No. 115), the Court, after reciting the long and tortured history surrounding the City's efforts to obtain responses to interrogatories that had been the subject of a stipulation between the parties, observed that "[n]o further litigation of the interrogatory issue will be fruitful. The City embarked on this course in order to save litigation expense and focus the depositions; this path has not achieved that reasonable goal, however. The focus of discovery is on the discovery of information; **the City can acquire the information that they (sic) seek in their (sic) interrogatories through their (sic) depositions of the plaintiffs.**" Docket No. 115, page 6, emphasis added.

The original motion for additional time for the Plaintiffs' depositions (Docket No. 59) was premised upon the belief that the interrogatories would be answered in good faith and thereby expedite the deposition process. As the Court's order makes clear, that has not happened. As the Court's order also makes clear, the reason that that has not happened is exclusively the fault of the Plaintiffs. Thus, since the Court has determined that the City must resort to the deposition process to obtain the answers to its interrogatory questions, the City requests that it be given a minimum of two (2) additional days to complete the depositions of the Plaintiffs.

    2.    Plaintiff Pechner's Medical Records.

        a.    The On Site Academy Records.

Plaintiff Pechner has now filed a "Request" for summary judgment which relies upon medical records from the On Site Academy (see Docket No. 139). Despite the Defendants attempts to obtain Plaintiff Pechner's medical records spanning an entire year (Docket Nos. 34, 87, 100, 110, 113, 115, 117 and Docket entry for March 3, 2006), these records were never produced. **Now they are being used in a "Request" for summary judgment against the Defendants.**

       b.     Dr. Keroack Records.

Plaintiff Pechner is apparently in possession of full and complete copies, or nearly full and complete copies, of her medical records from Dr. Keroack. **Yet she refuses to produce portions of them to these defendants.** Apparently, Plaintiff Pechner takes the position that because her gynecologist also provided medical care and treatment to her husband[1] (see Docket No. 150), any records which refer to both of them, or to her husband alone, are exempt from the Court's order compelling her to produce her medical records. Defendants have responded to this contention (Docket No. 153) and restate their request here that the documents be produced forthwith.

## IV.

## THE TIME HAS COME TO DISMISS PLAINTIFF PECHNER'S CASE

Plaintiff Pechner continues to engage in discovery abuses, unabated by the Court's numerous orders and despite the Court's lecture in open court of March 3, 2006. Records which should have been at least identified, if not produced, in early 2004 as part of her initial disclosures (Fed.R.Civ.P. 26(a)(1)(B)); or which should have been produced no later than April 2005 in response to legitimate discovery requests; or which should have been produced by December 2005 in response to the Court's Discovery Order (Docket No. 87); or on any number of different dates thereafter in light of the numerous other discovery orders, have yet to be produced and, in some cases, are now being used as exhibits against these Defendants in substantive pleadings seeking to establish liability.

---

[1]   This is <u>not</u> a typographical error. Apparently, Dr. Keroack, though not licensed as a psychologist, psychiatrist, clinical social worker or counselor (see Docket No. 153, Exhibit "A"), nonetheless undertook to provide counseling to both Plaintiff Pechner and her husband. Given the fact that Plaintiff Pechner and her husband have one child of their own, and that Plaintiff Pechner had two children from prior liaisons before she and her husband were married, the counseling most probably did not involved medical issues related to pregnancy, childbearing or gynecology. This leaves marital counseling as the only plausible alternative, which is indeed what apparently happened. These counseling sessions were noted by the good doctor and said notes were placed in Plaintiff Pechner's medical record. To the extent that the notes only involve Plaintiff Pechner, at least some of them have been produced and bear out the assumption that the counseling being provided was marital counseling.

**Enough is enough**.  Defendants have been victimized by Plaintiff Pechner's discovery abuses for in excess of a year.  Numerous Court orders have failed to bring this practice to a halt.  Prejudice is manifested by the Plaintiff's use of some of these medical records in substantive pleadings now filed against these Defendants.  The conduct of the Plaintiff exceeds egregious.  It is morally reprehensible.  It is legally indefensible.  It makes a mockery of this Court's orders and of the Federal Rules of Civil Procedure.  It returns to the long repudiated days of "trial by ambush."  Justice demands an end to the ambush.  Plaintiff Pechner's case must be dismissed.

Pursuant to Federal Rules of Civil Procedure, Rule 41(b) "a defendant may move for dismissal of an action or of any claim against the defendant" "[f]or failure of the plaintiff to . . . comply with these rules or any order of court."  ". . . Rule 41(b) dismissals [are reviewed] for abuse of discretion (citation omitted), . . . under the 'open-ended balancing test' appropriate in these matters, Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. 1990)."  *Pinero Capo v. United States*, 7 F.3d 283, 284 (1st Cir. 1993).

"Absent an abuse of discretion, this court may not disturb a district court's dismissal of an action for failure of the plaintiff to comply with court orders.  National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).  A plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering an order of dismissal under Rule 37.  Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).  [¶]  . . . it is well settled that the question on review is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did. National Hockey League v. Metropolitan Hockey Club, 427 U.S. at 642."  *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535, 537 (1st Cir. 1988).

Defendants' previously moved for dismissal of this action (Docket Nos. 100, 101 and 104). The Court indicated that it was holding the dismissal sanction in abeyance (Docket No. 110, page 2, paragraphs 4 and 5. Defendants have ordered the transcript for the January 25, 2006 hearing which is not yet available, but which counsel believes will also reflect that the dismissal sanction was being held in abeyance). The time has come for the Court to grant the Defendants' motion for dismissal as to Plaintiff Pechner.


For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,


 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#:  646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated:  April 6, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108
Attorneys for the Plaintiffs
Via CM/ECF e-mail

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford
Via CM/ECF e-mail


 /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  April 6, 2006