UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Terri Pechner-James and** | ) | |
| **Sonia Fernandez** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **City of Revere, Thomas Ambrosino, Mayor** | ) | **C.A. NO. 03-12499-MLW** |
| **City of Revere, Police Department,** | ) | |
| **Terrence Reardon, Chief,** | ) | |
| **Bernard Foster, Salvatore Santoro, Roy** | ) | |
| **Colannino, Frederick Roland, Thomas Doherty,** | ) | |
| **John Nelson, James Russo, Michael Murphy,** | ) | |
| **and Steven Ford,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDRICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD'S STATUS REPORT**

Now come above-stated defendants in the above-entitled matter and provide this Court with the following status report:

I.    DISCOVERY ISSUES.

A.    Medical Records

1. Medical Record Releases

The plaintiffs have executed the medical records requested of them by Defendants' counsel. Defendants' counsel have sent out the medical releases to the plaintiffs' various healthcare providers. Although defendants' counsel has received some of the requested records, we are still awaiting responses from several of the healthcare providers.

2. On Site Academy Records

On or about March 24, 2006, plaintiffs filed a request for summary judgment. In that motion, Plaintiff James references medical records from her apparent treatment at the "On Site Academy" in Gardner, Massachusetts, to support her position. To date, plaintiff James failed to disclose this information in her automatic disclosures or in response to any of the Defendants' discovery requests and has failed to provide the complete records from the On Site Academy.

3. Doctor Keroack's Records

Defendants' counsel received a letter dated March 9, 2006, bearing Attorney Dilday's signature delineating dates that Plaintiff James had been treated by Dr. Keroack, along with some treatment records. This was the first time the plaintiff produced Dr. Keroack's notes. Later, the defendants learn that Attorney Dilday was and is in possession of full and complete copies of plaintiff James' medical records from Dr. Keroack when another letter was received from Attorney Dilday indicating that he intentionally redacted some of the records.

The unilateral redaction of the records was discussed at plaintiff James' March 14, 2006 deposition. At that time Attorney Dilday indicated that he would file a motion with the court regarding the records, seeking advice from the court, because he claimed that Mr. James' records are referenced in Dr. Keroack's notes. On March 27, 2006, Attorney Michael Akerson sent a letter addressing the plaintiff's discovery failures, asserting that since Attorney Dilday was in possession of all the records, then he must produce all of them or court intervention would be sought to compel production. (See letter attached as Exhibit A). Defendants' counsel subsequently received plaintiffs' motion for an *in camera* review of the records, which is now pending before this court.

B. Depositions.

On March 3, 2006, the parties attended the Status Conference before Judge Sorokin. At the conference the court directed the parties to set deposition dates due to plaintiffs' unilaterally and frequently cancelling their depositions dates. As a result, plaintiffs' and defendants' counsel agreed upon deposition dates for the plaintiffs before leaving Court that day. The plaintiffs' depositions were scheduled as follows: plaintiff Pechner-James would be deposed on March 14 and April 7, 2006, and Sonia Fernandez would be deposed on March 21, 24 and April 6, 2006.

Although some of the depositions have taken place, they have not been completed because plaintiffs have showed up late and have departed. This behavior resulted in only approximately seven hours of total testimony for plaintiff Pechner-James for the first two deposition days.[1] In regards to plaintiff Fernandez, her deposition took place, but once again, due to plaintiff's one hour late arrival on each day, and requiring to leave early on both dates, only approximately six (6) hours of testimony was taken.

The scheduled deposition of plaintiff Fernandez on April 6, 2006, was cancelled by plaintiffs' counsel, claiming he felt run down and had chills throughout his body. Defendants' do not take issue with the fact Attorney Dilday became ill, but find the manner of notification

---

[1] Plaintiff James was previously been deposed on January 10, 2006 and only two additional dates were scheduled for her deposition at the March 3, 2006 status conference. The late arrival, breaks and plaintiffs' counsel need to leave the depositions early over the first two depositions yielded only seven hours of actual testimony. Plaintiff James was deposed on April 7, 2006.

inappropriate. Plaintiffs' counsel was aware Attorney John Vigliotti was conducting the deposition of plaintiff Fernandez, but Attorney Dilday e-mailed Attorney Michael Akerson instead. Attorney Dilday's e-mail was sent out at 5:15 p.m. on April 5, 2006 explaining why he was cancelling the deposition. This was the only means in which Attorney Dilday sought to provide notification of the deposition cancellation. There were no telephone calls, facsimile or voice messages left at Defendants' counsels office. The late notice and the manner in which it was communicated prevented notification to the stenographer or Attorney Vigliotti. As a result the stenographer attended the deposition and forwarding a $95.00 attendance fee to the defendants' attorney. Attorney Vigliotti was not aware that Plaintiff Fernandez's deposition had been cancelled until he received a telephone call from Attorney Walter Porr, Jr., informing him at approximately 9:30 a.m. on the morning of April 6, 2006.

Therefore, because of the delays and time restrictions caused by the plaintiffs, defendants' counsel seek additional days for the depositions of the plaintiffs. On April 7, 2006 the parties has reserved 5 days in May 2006 for the continuation and conclusion of the plaintiffs' depositions.

II.    DISCOVERY SCHEDULE.

At present, given the plethora of discovery issues raised in both this status report and those addressed in the City of Revere's status report, the discovery timetables needs to be addressed with new deadlines established for the completion of the plaintiffs depositions. The undersigned counsel respectfully asks that the Court, in fostering a new discovery schedule, consider the numerous pending discovery issues and the reality that it appears that the defense counsel is still awaiting some of the plaintiffs' medical records that were not produced by the plaintiffs.

Additionally, the extension of the discovery deadlines should only be extended in favor of the defendants because the plaintiffs have caused the discovery delays in this case. The plaintiffs should not be allowed to take advantage of their own defiance and failures to comply with the Federal Rules of Civil Procedure and the discovery orders of this Court. The Court can prevent this from occurring by only allowing the discovery schedule to be extended in favor of the defendants.

III.    DISPOSITIVE MOTION SCHEDULE.

Since any previous discovery schedule has been jettisoned by the much discussed discovery problems in this case, the defendants ask the Court to set a time table for the filing of summary judgment motions and a filing date for oppositions. The undersigned defendants plan to filed dispositive motions upon the conclusion of discovery.

IV.    EXPERT WITNESSES.

On March 3, 2006, the court allowed the plaintiff additional time to disclose their experts in compliance with the Fed.R.Civ.P. 26(a)(2) (A) and 26(a)(2)(B). The court set March 30, 2006, as the deadline for the plaintiffs to make their expert disclosures. Instead of doing so, the

3

plaintiffs, despite this case being filed in 2003 and the date for expert disclosures passing, sought an extension of time, which the court denied. This court denied the extension request. The plaintiffs on March 31, 2006, filed a motion to file expert witness information (Docket No. 148), a day after disclosure were to have been made and without consultation with defendants' counsel pursuant to Local Rules 7.1(A)(2) and Local Rule 26.1. Although it is unclear what plaintiffs are seeking from filing this motion with the court, defendants' counsel are opposing whatever relief the plaintiffs are seeking by their motion.

Additionally, the issue remains whether the plaintiffs will seek to declare their treating doctors as their experts. The plaintiffs have failed to comply with Fed.R.Civ.P 26(a)(2)(B) requirement that the disclosures "be accompanied by a written report prepared and signed by the witness. The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the qualifications of the witness, including a list of a ll publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other case in which the witness has testified as an expert at trial or by deposition within the preceding four years." The medical records provided by the plaintiffs do not meet these requirements.

The plaintiffs have failed to make their expert disclosures by the court ordered deadline of March 30, 2006. See Fed.R.Civ.P 26(a)(2)(c)). Thus, the defendants request that the Court issue an order that the plaintiffs have failed to designate experts pursuant to the Federal Rules of Civil Procedure and are thereby barred from declaring any experts, including their treating doctors.

V.    OTHER MATTERS.

To the extent relevant and to the extent deemed appropriate by this Court, the individual defendants also hereby join in the City of Revere's status report filed on April 6, 2006.

> Defendants Bernard Foster, Salvatore
> Santoro, Roy Colannino, Frederick
> Roland, Thomas Doherty, John Nelson, James
> Russo, Michael Murphy and Steven Ford,
> By their attorneys,
>
> /s/ John K. Vigliotti
> Michael J. Akerson
> BBO#: 558565
> John K. Vigliotti
> BBO#: 642337
> REARDON, JOYCE & AKERSON, P.C.
> 397 Grove Street
> Worcester, MA 01605
> (508) 754-7285

Dated: April 7, 2006

4

## **Certifcate of Service**

I, John K. Vigliotti, hereby certify that Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Fredrick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford's Status Report has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) as follows:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
via CM/ECF e-mail

Paul Capizzi, City Solicitor
Walter H. Porr, Jr., Asst. City Solicitor
Office of the City Solicitor, City Hall
281 Broadway
Revere, MA 01251
via CM/ECF e-mail

/s/ John K. Vigliotti
John K. Vigliotti

5