UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and )<br>Sonia Fernandez )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>City of Revere, Thomas Ambrosino, Mayor )<br>City of Revere, Police Department, )<br>Terrence Reardon, Chief, )<br>Bernard Foster, Salvatore Santoro, Roy )<br>Colannino, Frederick Roland, Thomas Doherty, )<br>John Nelson, James Russo, Michael Murphy, )<br>and Steven Ford, )<br>    Defendants. )<br> ) | C.A. NO. 03-12499-MLW |

## DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDRICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE EXPERT WITNESS INFORMATION

Now comes defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford, (hereinafter referred to as "the individual defendant officers"), by and through their undersigned counsel, and hereby oppose "Plaintiffs' Motion to File Expert Witness Information." As grounds therefore, the individual Defendant officers state the following:

I.    **BACKGROUND**

The instant action was commenced by means of a Verified Complaint dated September 30, 2003. The action was filed in Suffolk Superior Court and subsequently removed to the federal court on December 11, 2003 (Docket No. 1). The scheduling order has been in existence since June 22, 2004. (Docket No. 21) The original scheduled designated March 28, 2005, as the

date for the plaintiffs to disclose their expert witness and reports and set May 28, 2005, as the date expert depositions would be completed. A revised Joint Statement was submitted to the court on or about September 23, 2004, (Docket No. 27), wherein the expert disclosures dates where extended to June 28, 2005, and expert depositions were to be completed by August 28, 2005. The time for the plaintiffs to disclose experts and conduct expert depositions came and went without the plaintiffs engaging in either such activity.

The parties subsequent modifications of the Scheduling Order have been silent regarding expert witness designation or disclosure. It was not until November 29, 2005, that the issue of experts was raised again. On this date the plaintiffs' counsel did not request any extensions and indicated that no experts had been designated. Docket No. 142, page 9, line 12. It was not until the hearing on March 3, 2006, that the expert issue arose. On this date the Court allowed the plaintiffs an opportunity to designate experts and disclose their reports by March 30, 2006. On March 24, 2006, plaintiffs' counsel filed a request for Enlargement of Time (Docket No. 140), seeking a sixty (60) day extension of the March 30, 2006 expert designations and disclosure deadline imposed by this Court. The Court denied plaintiff's enlargement request on March 28, 2006. The plaintiffs have now filed a there latest pleading captioned "Motion to File Expert Witness Information."

## II.   ARGUMENT

### A.   <u>Plaintiffs have failed to file their motion in compliance with Local Rules 7.1(A)(2), 26.2(C) and 37.1.</u>

The plaintiffs have filed a motion requesting this Court allow them to file expert witness information. The plaintiffs' filing is inadequate because they have not complied with the Local Rules 7.1(A)(2), 26.2(C) and 37.1(B). The plaintiffs have failed to "consult in good faith to

2

resolve or narrow the issue" with the individual Defendant officers' counsel. Local Rule 7.1(a)(2). The plaintiffs' failed to engage in such conference and their filing lacks the requisite certification that such a conference occurred, and as such, the plaintiffs' filing should be denied.

B.  Plaintiffs fail to show "good cause" for allowance of their motion.

Assuming *arguendo*, that the Court was willing to address the plaintiffs' motion on its merits, it must still be denied.[1] First, the plaintiffs are back before the court on a Motion to File Expert Witness Information which was filed after the March 30, 2006, deadline imposed by this Court. In requesting such relief, the plaintiffs are in essence requesting a modification of the schedule. "A schedule shall not be modified except upon showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge. Fed.R.Civ.P. 16(b). The rule is expanded upon by Local Rule 16.1 (g) which states "only upon a showing of good cause supported by affidavits, other evidentiary material, or references to pertinent portions of the record." Here, the plaintiffs have failed to produce any such evidentiary material to support their motion, without such evidentiary material, there cannot be a finding of good cause and plaintiffs' motion must be denied.

C.  Plaintiffs' purported expert disclosures fail to comply with the Federal Rules of Civil Procedure.

Plaintiffs' "expert" disclosure fails to comply with the Federal Rules of Civil Procedure

---

[1] Defendants' counsel is puzzled by the Plaintiffs' motion as the rules do not require disclosure of experts to be filed with the court. Therefore, Defendants' counsel is assuming that the Plaintiffs motion is requesting a further adjustment and extension of the March 3, 2006 Scheduling Order, to allow their disclosure of their purported economic expert and his report after the court imposed deadline of March 30, 2006.

regarding expert witnesses.[2]  Specifically, plaintiffs' disclosures fail to comply with Fed.R.Civ.P 26(a)(2)(B) and the requirement that the disclosures "be accompanied by a written report prepared and signed by the witness.  The reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other case in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Plaintiffs' economic expert disclosures fail to satisfy these requirements, and as such should be stricken.

        Defendants Bernard Foster, Salvatore
        Santoro, Roy Colannino, Frederick
        Roland, Thomas Doherty, John Nelson, James
        Russo, Michael Murphy and Steven Ford,
        By their attorneys,

        /s/ John K. Vigliotti
        Michael J. Akerson
        BBO#: 558565
        John K. Vigliotti
        BBO#: 642337
        REARDON, JOYCE & AKERSON, P.C.
        397 Grove Street
        Worcester, MA 01605
        (508) 754-7285

Dated: April 10, 2006

---

[2] Interestingly, plaintiffs fail to identify any medical witness as an expert, and their only attempt at disclosing an expert remains a purported economic expert which is at issue herein.

## Certifcate of Service

I, John K. Vigliotti, hereby certify that Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Fredrick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford's Status Report has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) as follows:

James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
via CM/ECF e-mail

Paul Capizzi, City Solicitor
Walter H. Porr, Jr., Asst. City Solicitor
Office of the City Solicitor, City Hall
281 Broadway
Revere, MA 01251
via CM/ECF e-mail

/s/ John K. Vigliotti
John K. Vigliotti