**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,**<br>    **Plaintiffs,**<br><br>v.<br><br>**CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**<br>    **Defendants,** | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE
POLICE DEPARTMENT'S, MOTION FOR RULE 11 SANCTIONS**

NOW COMES Defendants, City of Revere and the City of Revere Police Department, and hereby submit their Motion for Federal Rules of Civil Procedure, Rule 11, sanctions.

**DEFENDANTS ARE ENTITLED TO AND
SHOULD BE AWARDED RULE 11 SANCTIONS**

Defendants refer to and incorporate herein by reference their opposition to Plaintiffs' Motion for Summary Judgment on Less Than All Issues (Docket No. 118 – Motion, Docket No. 129 – Opposition). The Defendants have complied with the Rule 11 "safe harbor" provisions. See Affidavit of Walter H. Porr, Jr., filed concurrently herewith and Exhibit "B" thereto.

**A.** **Plaintiffs' Summary Judgment Motion Was Filed in Violation of Fed.R.Civ.P. 11(a):**

As demonstrated by Defendants opposition (Docket No. 129, pages 1-4), the Plaintiffs' partial motion for summary judgment was filed in violation of Rule 11(a).

B.   **Plaintiffs' Summary Judgment Motion Was Filed in Violation of Local Rule 7.1:**

As demonstrated by Defendants' opposition (Docket No. 129, pages 4-8), the Plaintiffs' partial motion for summary judgment was filed in violation of Local Rule 7.1. Defendants' further demonstrated that this failure was part of a longstanding pattern and practice of such failures. Docket No. 129, page 8.

C.   **Plaintiffs' Summary Judgment Motion Was Patently Without Merit:**

1.   Under No Set of Circumstances Could the DALA or PERAC Documents Be Interpreted in the Manner Proposed by Plaintiffs.

Throughout their motion, Plaintiffs repeatedly characterized the PERAC documents as constituting "adjudications" and "findings of fact". No reasonable person could or would have looked at these documents and reached that conclusion. See Docket No. 129, pages 9-11 and Docket No. 134, Exhibits "F" and "H".

As for the DALA "adjudication" and "findings of fact" related to Plaintiff Pechner, they have absolutely no bearing or relevance to any of the claims set forth in her complaint. See Docket No. 129, pages 11-12 and Docket No. 134, Exhibits "F" and "H". No reasonable person could or would have looked at that document and reached any other conclusion.

2.   Under No Set of Circumstances Could the DALA or PERAC Documents Have *Res Judicata* Effect Even If Interpreted in the Manner Proposed by Plaintiffs.

"The doctrine of res judicata promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation. See Comm'r v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 92 L. Ed. 898 (1948). A claim will be precluded by res judicata if the following elements are demonstrated: '(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.' Gonzalez v. Banco Central Corp., 27 F.3d 751, 755 (1st

2

Cir. 1994)." *Caballero-Rivera v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 86-87 (1st Cir. 2002).

In the first place, it must be noted here that <u>nowhere</u> in Plaintiffs motion do they even identify, much less address, the standard for the application of the doctrine of *res judicata*, despite the fact that it is the entire premise of their motion. Perhaps that is because even the most cursory review of that standard demonstrates that it is inapplicable here.

Secondly, as indicated previously, PERAC did <u>not</u> adjudicate anything and the only thing DALA adjudicated was that Plaintiff Pechner's retirement application should be referred to a Regional Medical Panel. Therefore, there was and is no "final judgment on the merits in an earlier suit [with] sufficient identicality between the causes of action asserted in the earlier and later suits" which could or would bring the doctrine of *res judicata* into play in this case.

Finally, as demonstrated by the Defendants' opposition (Docket No. 129, pages 12-14), neither DALA nor PERAC are agencies whose decisions could be given *res judicata* effect in the context of claims based upon Title VII and/or G.L. c. 151B. See also Docket No. 134, Exhibit "K", pages 3 and 4.

Thus, no reasonable person could or would look at those documents and reach the conclusion that they met the standard for the application of the doctrine of *res judicata* here.

**D.** <u>**Filing a Motion in Violation of the Rules Violates Rule 11**</u>**:**

"Rule 11 requires the District Court to impose some form of sanction 'when warranted by groundless or abusive practices.' Westmoreland v. CBS, 248 U.S. App. D.C. 255, 770 F.2d 1168, 1174 (D.C. Cir. 1985)." *McLaughlin v. Bradlee*, 256 U.S. App. D.C. 119 (D.C. Cir. 1986).

Filing a motion in violation of Rule 11 and Local Rule 7.1 is clearly an abusive practice requiring sanctions, particularly when it is not the first time.

E.    **Filing a Patently Meritless Motion Violates Rule 11:**

Rule 11(b)(2) states that "[b]y presenting to the court [ ] a pleading, written motion, or other paper, an attorney [ ] is certifying that **to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances**, the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" (emphasis added).

In this case, Plaintiff's Counsel can not satisfy any of Rule 11's requirements and this failure is magnified by the fact that it was repeatedly brought to his attention before and after the motion was filed. Docket No. 134, Exhibits "F", "H" and "K". Moreover, Plaintiff's Counsel treated the Local Rule 7.1(a)(2) requirement as a mere formality, going through the motions without engaging its substance. All of the foregoing matters were brought to his attention, yet instead of taking these realities seriously and thereby narrowing or resolving the issues, Plaintiff's Counsel simply filed the motion as is and subsequently refused these Defendants' request for its withdrawal.

### SANCTIONS REQUESTED

A.    **Dismissal:**

"'The central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.' Cooter & Gell, 496 U.S. at 393 (quoting Advisory Committee Note on Rule 11, 28 U.S.C. App. p. 576). Dismissal is a legitimate sanction under Rule 11, see Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993); Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir. 1979), for serious misconduct when lesser sanctions would be ineffective or are unavailable. See Dodson v. Runyon, 86 F.3d 37, 39-40 (2d

Cir. 1996); Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993)." *Marina Mgmt. Servs. v. Vessel My Girls*, 340 U.S. App. D.C. 92 (D.C. Cir. 2000).

Dismissal is warranted here. As demonstrated above, Plaintiffs' Counsel has engaged in serious misconduct and given the persistent pattern of discovery and rules abuses extent in this case, a lesser sanction would obviously be ineffective.

**B.    Monetary:**

"A pleading determined to be in contravention of the Rule subjects both the signer and the party he represents to 'an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.' [Rule 11]. We take as given that the District Court correctly determined that petitioner's filings were insufficiently well grounded to satisfy the Rule, **the payment of attorney's fees was a reasonable sanction in response**, and the imposition of joint and several liability was appropriate." *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992) (emphasis added).

In light of the foregoing, the City is entitled to an award of sanctions in the form of reasonable attorney's fees. "Although the 'American Rule' prohibits the shifting of attorney's fees in most cases, see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 44 L. Ed. 2d 141, 95 S. Ct. 1612, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, id., at 258-259, 260." *Chambers v. NASCO*, 501 U.S. 32 (1991).

In this context, the appropriate hourly fee to be applied in calculating award of attorney fees is the prevailing rate in the district in which suit is litigated, irrespective of the fee usually

5

charged by the attorney. *Segarra v Messina*, 158 FRD 230 (ND NY. 1994,); *Binghamton Masonic Temple v Bares*, 168 FRD 121 (ND NY. 1996) (Attorney's fees should be calculated according to prevailing rates in community for similar services by lawyers of reasonably comparable skill, experience and reputation.)

Based upon the foregoing, Defendants seek an award of attorney's fees in the amount of $7,500.00 based upon the affidavit of Walter H. Porr, Jr., filed concurrently herewith.

For the Defendants, CITY OF REVERE and the CITY OF REVERE POLICE DEPARTMENT,

By their Attorneys,

  /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq.
City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: March 16, 2006.

**CERTIFICATE OF SERVICE**

  I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

                /s/ Walter H. Porr, Jr.
                Walter H. Porr, Jr.,

Dated: April 10, 2006