UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　Defendants, | C.A. No. 03-12499-MLW |

**AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT
OF DEFEDANTS' MOTION FOR RULE 11 SANCTIONS**

I, Walter H. Porr, Jr., do hereby depose and state:

1. I am an Assistant City Attorney for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere and the City of Revere Police Department, in this action. I prepared the said Defendants' opposition to Plaintiffs' motion for partial summary judgment.

2. In my Affidavit of March 15, 2006 (Docket No. 134), I detailed the date, times and events relevant to the Plaintiffs' motion for partial summary judgment and my clients' opposition thereto. I also attached true and correct copies of the relevant documents which were involved (Docket No. 134, Exhibits "A" to "L"). This Affidavit incorporates said Affidavit herein by reference. In addition, I attach hereto as Exhibit "A" a true and accurate copy of the February 15, 2006, cover letter from Attorney James Dilday which accompanied the Plaintiffs' summary judgment pleadings.

3.I estimate that between February 21 and 22, 2006, I spent at least one (1) hour reviewing the Plaintiffs' partial motion for summary judgment and the cover letter thereto with its invitation that I meet and confer with Attorney Dilday regarding same and that I spent an additional one (1) hour researching the law and preparing my letter of February 22, 2006, sent in reply.

4.I estimate that between February 23 and 24, 2006, I spent at least one (1) hour reviewing a letter purportedly from Attorney Dilday dated February 23, 2006, researching the law and preparing my letter of February 24, 2006, sent in reply.

5.I estimate that on March 2, 2006, I spent at least one (1) hour preparing the letter to Attorney Dilday which I sent that day.

6.I estimate that between March 8 to 10, 2006, I spent at least ten (10) hours examining in detail Plaintiffs' summary judgment pleadings (reading closely the memorandum in support and the 26 Exhibits, particularly both Plaintiffs' affidavits and their separate statements of material fact), conducting legal research, and commencing the drafting of my clients' opposition pleadings.

7.On Monday, March 13 and Wednesday, March 15, 2006, I spent at least ten (10) hours (combined) completing the necessary research and drafting of my clients' opposition pleadings, along with their cross-motion for partial judgment on the pleadings. Once these pleadings were complete and final, I then filed them with the Court via CM/ECF.

8.Today, Thursday, March 16, 2006, I have spent four (4) hours researching and preparing my clients' motion for Rule 11 sanctions, this Affidavit in support thereof and my letter to Attorney Dilday transmitting the same to him in compliance with Fed.R.Civ.P. 11. A true and accurate copy of said transmittal letter is attached hereto as Exhibit "B".

9. If Plaintiffs' Counsel does not avail himself of the 21 day safe harbor provision of Rule 11, then the instant motion will be filed and no doubt heard at oral argument. Travel from Revere to the Federal Court in Boston by public transportation takes approximately one half hour if all connections are timely made. Hearing on the motion may take between one half hour to an hour depending upon the Court's calendar. Thus, appearing at the hearing may take an additional two hours time.

10. I was first licensed to practice law in the State of California and the United States District Court for the Eastern District of California on December 7, 1988. I was subsequently licensed to appear before the Ninth Circuit Court of Appeals, the United States Supreme Court and the United States District Court for the Central District of California. On January 29, 2004, I was licensed to practice law in the Commonwealth of Massachusetts and the First Circuit Court of Appeals. On February 25, 2004, I was licensed to practice before the United States District Court for the District of Massachusetts.

11. Since late 1990, I have continuously been involved in the trial and/or appellate litigation of claims in the federal district and appellate courts. I have tried over 15 cases to verdict in the Eastern District of California (the vast majority of which were jury trials) and have defended approximately six cases in the Ninth Circuit Court of Appeals, two of which required oral argument. I have tried to verdict and defended on appeal a similar number of cases in state court. The majority of my trial experience was gained in my capacity as a Deputy City Attorney for the City of Bakersfield, California from December 16, 1990 to January 3, 2003.

12. I appeared as counsel for the City of Revere in the case entitled Falta v. City of Revere, Case No. 03-10065-RWZ, and was instrumental in the settlement of that case during the pre-trial conference in January 2005 before Judge Rya Zobel. I have also appeared as counsel of

record for the City of Revere in the case entitled City of Revere v. Boston/Logan Airport Associates, LLC, Case No. 03-10280-NMG, and was instrumental in preparing the City's motion for summary judgment and the opposition to Boston/Logan's motion for summary judgment, both of which are still pending. I am also counsel of record for the City of Revere in the case entitled Vieux v. City of Revere, 06-10041-WGY, a case which was just recently filed and is currently in discovery.

       13. From 2004 to the present, I have both maintained a private practice of law in the Boston area and, as of December 2004, I have worked for the City of Revere as the Assistant City Solicitor. Based upon my own practice of law, my interaction with other practitioners in the greater Boston area, my review of outside counsel agreements for the City of Revere and my general knowledge of the local legal community, it is my opinion that an hourly rate of $250.00 per hour is reasonable for an attorney with over 17 years of trial and appellate experience in federal court.

       14. Based upon the foregoing, the City of Revere is seeking sanctions in the amount of $7,500.00 based upon the expenditure of thirty (30) hours time at an hourly rate of $250.00 per hour.

Signed under the pains and penalties of perjury this 16th day of March, 2006.

                                               Respectfully submitted,

                                               /s/ Walter H. Porr, Jr.
                                               Walter H. Porr, Jr.

**CERTIFICATE OF SERVICE**

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

                                                  /s/ Walter H. Porr, Jr.
                                                  Walter H. Porr, Jr.,

Dated: April 10, 2006