UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES )
and SONIA FERNANDEZ )
      Plaintiffs )
       )
VS. )
       )
CITY OF REVERE, THOMAS )
AMBROSINO, MAYOR, CITY )
OF REVERE POLICE DEPT. )
TERRENCE REARDON, CHIEF )
OF POLICE, BERNARD FOSTER )
SALVATORE SANTORO, ROY )
COLANNINO, FREDERICK )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and )
STEVEN FORD )
      Defendants )

**RESPONSE TO DEFENDANT, CITY OF REVERE STATUS REPORT-DOCKET No: 160**

Now comes the Plaintiffs and makes the following response to the Defendant, City of Revere, Status Report Docket No: 160. On April 6, 2006, the Defendant, City of Revere, filed an eight-page, four section document entitled Status Report; the report is a thinly veiled, legally unsupported motion to dismiss. The Plaintiffs oppose the Defendants motion but seek to assist the court by stating the following:

The Plaintiffs state, for consideration by the court, that the following motions have not yet been resolved by the court:

    1. Plaintiffs Motion for Summary Judgment On Less than All Issues: Docket Nos. 118 – 124; defendants opposition and Affidavit of Walter H. Porr, Jr. Docket Nos: 129 – 134.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

2. Defendants Cross Motion For Judgment On The Pleadings, Docket No: 135; opposition by Plaintiffs. Docket Nos. 139.

3. Defendants opposition to Request For Summary Judgment: Docket # 142 and counsel affidavit: Docket No. 145.

4. Defendants Motion For Partial Summary Judgment: Docket No. 138; Plaintiffs Opposition and Request for Extension Of Time To Conduct Discovery Docket No: 146.

5. Plaintiffs Motion to file expert witness information: Docket # 148; opposition Docket No: 149.

6. Plaintiffs Request for In Camera Examination of medical records: Docket No: 150; opposition Docket No: 153.

7. Plaintiffs Motion to Strike Affidavit of Walter H. Porr, Jr. : Docket 154; opposition: Docket No. 158

8. Plaintiffs Request For Admission of Material Facts as set forth by Plaintiff: docket 155; opposition: Docket No; 159.

**<u>The remainder of the Defendant's Status Report is a thinly veiled motion to dismiss.</u>**

The Defendants have filed several unsolicited status reports: Docket No: 45 on May 9, 2005; Docket No: 49 on May 23, 2005; Docket No: 116 on February 28, 2006; Docket No: 117 on March 1, 2006 and Docket No: on April 6, 2006. These status reports vary but they all contain complaints against the Plaintiffs, their present counsel and their former counsel; they usually end with a request to dismiss the Plaintiffs complaint. The latest status report follows that pattern.

Docket No: 160 seeks dismissal of the complaint of Terri Pechner-James because her counsel, for reasons of medical necessity, missed the deposition of Sonia Fernandez scheduled for April 6, 2006 even though he was able to attend the deposition of Terri Pechner-James on April 7, 2006. The Defendants also erroneously claim that they were unaware of the On Site Academy and its single two-page report. This claim cannot be

2

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

substantiated.

The On Site Academy report was part of the Plaintiffs disability hearing. The Defendants former counsel, Ira Zaleznik, Esq. requested and received that report along with many others, the Plaintiff, provided this document to DALA and to the PERAC Medical Panel and she testified about it before the Medical Panel. The Medical Panel found the same lack of trust that the On Site Academy terms "departmental betrayal". The Plaintiffs have identified the On Site Academy as a potential expert witness. The Plaintiff, Terri Pechner-James, can only benefit from the use of the On Site Academy and the reports that it has prepared; there is no incentive to withhold this information.

Finally, without citing any statute or case law, the Defendants are seeking to benefit from Dr. Keroack's delay in providing medical notes on the Plaintiff. Terri Pechner-James. Plaintiff's counsel provided the documents that they had in their possession and that they had used for the administrative hearings. The Defendants subsequently sought medical notes that the Plaintiff did not have. Both Plaintiff and her counsel requested, in writing and in person, the notes sought by the Defendants. In addition, the Defendant, City of Revere, has signed authorizations to obtain the Plaintiffs medical records; those authorizations have no expiration date. On March 3, 2006, the Plaintiff provided Reardon, Joyce & Akerson, P.C. counsel for the Defendants with signed authorizations to secure its own copies of medical records, including the notes held by Dr. Keroack.

The Plaintiff made a good faith effort to secure Dr. Keroack's records. On January 26, 2006, Plaintiff's counsel made a formal request to Dr. Keroack. In a letter dated February 23, 2006, Dr. Keroack mailed records to plaintiffs counsel. Those records contain several notes that pertain to the Plaintiff's husband, Mark James.

3

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

On March 14, 2006, incident to a deposition of Plaintiff, counsel for all parties discussed this issue and the fact that records regarding Mark James were withheld. It was agreed by the parties that the motion seeking clarification would be filed by plaintiff's counsel. Plaintiff's counsel has filed a request for court guidance. Docket No: 150. The Defendant has objected. The Court has scheduled Plaintiff's request for hearing on April 11, 2006. The Defendants claim of a one year delay is without substance and the Defendants are aware that as late as January 26, 2006, neither Plaintiff nor her counsel had received said medical records from Dr. Keroack.

The Defendants latest pleading Docket No: 160 is its most recent motion to dismiss. This motion is filed without compliance with Local rule 7.1(a)(2); the facts it states are erroneous and its request is unsupported by legal authority.

WHEREFORE, the Plaintiffs request that this Court:

1. Strike the part of the Report that is a motion to dismiss; and

2. Grant such other relief as the court deems just and proper.

Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Document Produced by deskPDF Unregistered :: http://www.docudesk.com