UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER- JAMES and )
SONIA FERNANDEZ, )
  )
  Plaintiffs, )
  )  Civil Action No.03cv12499-MLW
  v. )
  )
CITY OF REVERE et. al. )
  )
  Defendants. )

OMNIBUS DISCOVERY ORDER AND STATUS REPORT

SOROKIN, M. J.

The parties came before the Court on April 11, 2006 for hearing on all of the pending motions. The Court hereby makes the following ORDERS and FINDINGS.

A.  Discovery

All of the discovery in this case is complete except as noted below.

1.  Experts

The deadlines originally agreed to by the parties provided for Expert Disclosures and Expert Discovery to be completed by March 28, 2005 and May 28, 2005, respectively (Docket #21). Both of these deadlines passed without either side making any expert disclosures. The parties later agreed to revise these dates to June 28, 2005 and August 28, 2005, respectively (Docket #27). The Court (Wolf, C.J.) established June 28, 2005 and September 30, 2005 as the respective dates (Docket #26). On November 29, 2005, I requested that counsel propose

revisions to the discovery schedule. Acting upon the parties' joint motion (Docket #89), the Court subsequently extended the discovery period until March 31, 2006. Neither side requested an extension of the period for expert disclosures at that time or otherwise apprised the Court that further time for expert discovery or disclosures was required. At a status conference on March 3, 2006, the Court extended the expert disclosure date to March 30, 2006. On March 24, 2006, Plaintiffs filed a Motion seeking leave to extend the March 30th deadline by sixty days. On March 28, 2006, I denied this opposed Motion for failure to comply with Local Rule 7.1 (Electronic Order dated 3/28/2006). On March 31, 2006, <u>one day after the deadline for expert disclosures had passed</u>, Plaintiffs filed a two sentence pleading titled "Motion to File Expert Witness Information" with an expert report regarding damages attached (Docket #148). Defendants oppose the Motion.

     Plaintiffs' Motion is DENIED for two reasons. First, plaintiffs failed to meet the deadline for expert disclosures, and did not provide a basis for the requested enlargement of time at this very late date. At oral argument, counsel did not explain the rationale for needing additional time; counsel merely argued that defendants would not be prejudiced by allowing the Motion, and further noted that the Court had not established a firm trial date. These arguments are of no consequence. An efficient litigation process and Orders of the Court require counsels' compliance with both court imposed discovery deadlines and the Local Rules. Plaintiffs have had numerous opportunities within the discovery period to serve their expert report or seek, properly, leave of court to extend the period. They have not done so, and the instant motion is

untimely.  Moreover, plaintiffs' counsel failed to comply with Local Rule 7.1(c).[1]  "Valid local rules are an important vehicle by which courts operate.  Such rules carry the force of law, . . . and they are binding upon the litigants and upon the court itself."  Air Line Pilots Association v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994).  A district court has "great leeway in the application and enforcement of its local rules."  United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992).  See also  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 93-94 (1st Cir. 1996) (plaintiffs never sought to confer with opposing counsel as local rules required).  Accordingly, the Motion is DENIED.

   2. Fact Discovery

      a. Fact discovery closed on March 31, 2006.  Defendants seek an enlargement of that period for two reasons.  First, they seek more time because of delays in obtaining medical releases and records from the plaintiffs.  Second, the depositions of the plaintiffs remain unfinished due to scheduling difficulties, the unanticipated illness of plaintiffs' counsel and the late arrival or early departure of plaintiff(s) from the depositions.   In light of the foregoing, the parties are hereby granted leave to complete the depositions of the Plaintiffs until June 1, 2006.

      b. Previously, the Court authorized three days of depositions as to each plaintiff.  To date, roughly two days have occurred as to each plaintiff.  The Individual Defendants seek one more day of deposition time as to each plaintiff.  Neither plaintiff objects.  Accordingly, their request is granted.

---

[1] This deficiency is especially glaring in light of the Court's disposition of Plaintiffs' earlier motion for an extension of time and is reason enough to deny the Motion.  I note that this is not the first instance of counsel's failure to comply with the rules governing the discovery process in this matter.  See Docket # 115 (Order imposing sanctions after counsel's failure to comply with the Court's Order regarding interrogatories).

c. The City Defendants (including the Mayor and Police Chief in their official capacities) request three and one-half days for the deposition of each Plaintiff (to date only counsel for the Individual Defendants have conducted the depositions). Plaintiffs object, and propose that the City Defendants be allowed only one day of deposition for each Plaintiff. Under the totality of the circumstances, including the difficulties that defendants encountered in obtaining answers to the Interrogatories, the City Defendants have established good cause for leave to take a total of two and one-half days of deposition of each Plaintiff. In particular, I note that the allegations in the verified complaint are serious ones stretching over a several year period involving a number of specific events as well as allegations of formal or informal policies in violation of the law.

d. Each deposition day, if in Worcester, shall commence at 10:00 a.m. and proceed until 5:00 p.m. with a break for lunch of one hour. Absent illness, or agreement on the record at the deposition (or in writing) between all counsel, the Court expects each counsel and the deponent to appear for the depositions at the agreed upon time and remain until 5:00 p.m. **The parties shall file with the Court a list of the agreed upon deposition dates no later than April 21, 2006. This list must include a sufficient number of dates to ensure that all depositions are able to be completed by June 1, 2006. All counsel are reminded to conduct themselves in a professional manner during the depositions especially during questioning regarding matters of a personal nature.**

e. Plaintiffs' Motion to Enlarge the Period for Discovery (Docket #146) so that they may take discovery regarding whether the Mayor and/or Chief of Police were official policymakers is ALLOWED IN PART. Throughout this litigation the City of Revere has been a defendant. I had

recommended that summary judgment enter in favor of the Mayor and Chief of Police, each of whom had been sued in their official capacity <u>only</u>.  On March 24, 2006, Chief Judge Wolf declined to accept that recommendation.  Accordingly, Plaintiffs have now filed a Motion to Enlarge the Period for Discovery (Docket #146) so that they may take discovery regarding whether the Mayor and/or Chief of Police were official policymakers.  Defendants oppose the Motion.

Plaintiffs have had ample opportunity to take appropriate discovery regarding the policies and practices of the City of Revere as well as the Chief's predecessors, all of whom are defendants in this case.  Plaintiffs may, however, require discovery regarding either the Mayor or the Chief's status, during the period each of them held their respective positions, as final or official policymakers of the policies applicable to this case.  Unfortunately, Plaintiffs' cursory Motion contains no explanation of the discovery they seek and at the hearing Plaintiffs' counsel stated he could not explain precisely the discovery he seeks.  Thus, I ALLOW IN PART the Motion to take the foregoing discovery.  **Plaintiffs shall file by April 19, 2006 a copy of all of the written discovery, if any, they propose to serve on the defendants, a list of the witnesses, if any, they seek to depose and a description, not to exceed three pages, of why the targeted discovery they seek was not already undertaken and remains necessary.  Defendants shall have one week to file a response not to exceed five pages.**

    3. Medical Records

Plaintiffs filed a Motion for In Camera Review Examination of Medical Records (Docket #150).  In the Motion, Plaintiffs state that one of Ms. Pechner-James' Doctors, Dr. Keroack, produced medical records pertaining to Mark James, Pechner-James' husband, along with

Pechner-James' records. Mr. James appeared unrepresented at the hearing. I note that Mr. James is not a party to this suit and his wife has made no claim for loss of consortium or otherwise put his medical or mental state in issue. Mr. James stated his objection to turning over the documents and reported (informally and not under oath) that Dr. Keroack conducted some therapy sessions with Mr. James alone and others with Mr. James and his wife and still others with just Ms. Pechner-James. Plaintiff simply requested that the Court review the matter; she took no position on whether the documents should be produced to defendants. Plaintiffs' counsel represented that he has produced all of the records but those referring partially or wholly to Mr. James. At the hearing, in light of an agreed to protective order which I entered as an Order of the Court at the hearing, I ordered the records produced to the defendants. Upon reflection, I reconsidered my decision and obtained the documents from counsel while they were still in Court.

I have now reviewed the documents. The Clerk shall produce to Attorney Akerson[2] the documents containing: the notes that pertain only to Ms. Pechner-James and the notes of joint sessions that pertain to both Ms. Pechner-James and Mr. James. In some instances, some or all of a joint-session note pertains only to Mr. James. The Court has redacted from the copies produced to Attorney Akerson the portion(s) of the joint-session records that pertain only to Mr. James. In addition, the Clerk shall return to Attorney Dilday the documents containing notes that pertain only to Mr. James, made during his solo visits with Dr. Keroack. The Clerk shall maintain in two separate sealed envelopes (1) unredacted copies of those pages produced to Mr.

---

[2] Attorney Akerson has agreed to provide counsel for the City Defendants with copies of these records.

Akerson; and (2) a copy of the documents pertaining only to Mr. James that are returned to Attorney Dilday.  **Plaintiffs' counsel shall serve a copy of this Order on Mr. James no later than the close of business Friday April 14, 2006 and a file a certification with the Court by the same date stating that he has made service.  The Clerk shall not release any documents pursuant to this Order until Thursday April 20, 2006.**

B. Summary Judgment

Three Motions for Partial Summary Judgment are pending (two by the City Defendants and one by the Plaintiffs).  The Individual Defendants intend to file for summary judgment upon the conclusion of discovery.  The City intends to file a further motion for summary judgment upon the completion of discovery.  Principles of efficient case management suggest that the Court consider all motions for summary judgment together and that the undersigned issue one comprehensive Report and Recommendation to Chief Judge Wolf that addresses all dispositive motions.  At the hearing, the parties agreed with this course of action and each party agreed to withdraw its motion(s) for summary judgment as well as the related motions to strike, etc.

Accordingly, the Clerk shall terminate as withdrawn the following Motions: Plaintiffs' Motion for Partial Summary Judgment (Docket #118); Defendant Revere's Motion for Partial Judgment on the Pleadings (Docket #137); Defendant Revere's Motion for Partial Summary Judgment (Docket #138); Plaintiff's Motion to Strike the Affidavit of Walter Porr (Docket #154); Plaintiffs' Request for Admissions of Material Facts (Docket #155).  Although Plaintiffs withdrew their motion for partial summary judgment, the City requested the Court address it.  Upon reflection I decline to do so.  Plaintiffs have agreed to withdraw it at this time. The resolution of the Motion in conjunction with the other Motions for Summary Judgment will

promote a timely, efficient and just resolution of the dispositive motions.

All Motions for Summary Judgment are now due sixty days after the close of discovery. Oppositions are due thirty days thereafter. If a party wishes to renew a withdrawn motion, it may do so by filing a motion so requesting and in that motion noting the docket numbers of all the filings (supporting and opposing) relevant to the previously withdrawn motion. No further briefing of the motion will be necessary.

C.  Other

Plaintiffs indicated they have located a new witness that they may seek to depose. **If so, Plaintiffs must file a Motion seeking leave and explaining the basis for doing so no later than April 21, 2006.**

Defendants' Motion for Rule 11 Sanctions (Docket # 163) is DENIED as it does not bear a Local Rule 7.1 Certificate. In addition, because the Motion appears premised upon the notion that Plaintiffs' Motion for Partial Summary Judgment is frivolous, the Motion appears premature in any event.

As explained at the hearing, all future Local Rule 7.1 conferrals must occur orally, either in person or over the telephone, between the relevant defense counsel and Mr. Dilday.

**Counsel shall appear for a status conference on May 22, 2006 at 2:00 p.m.**

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge

Dated: April 12, 2006