UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and <br> Sonia Fernandez, <br>    Plaintiffs, <br><br> v. <br><br> City of Revere, Thomas Ambrosino, Mayor <br> City of Revere, Police Department, <br> Terrence Reardon, Chief, <br> Bernard Foster, Salvatore Santoro, Roy <br> Colannino, Frederick Roland, Thomas Doherty, <br> John Nelson, James Russo, Michael Murphy, <br> and Steven Ford, <br>    Defendants. | C.A. NO. 03-12499-MLW |

## STIPULATION AND PROTECTIVE ORDER

1.  The herein agreement (Stipulation) shall govern the request, production, maintenance, copying, use, disclosure, disposal, and return of the Plaintiffs', Terri Pechner-James and Sonia Fernandez, medical records requested for production in connection with the above-captioned matter by counsel for the Plaintiffs, Terri Pechner-James and Sonia Fernandez, or counsel for the Defendants (hereinafter collectively referred to as the "Parties"). The Parties, and their respective counsel, agree to be bound by this Stipulation and shall act in conformity with the terms of this Stipulation.

2.  The term used in this Stipulation, "medical records" shall refer to any requested documents produced by the Parties during discovery from a doctor, Psychiatrist, Psychologist, counselor, social worker, hospital, chiropractor, radiologist, paramedic or other healthcare provider that is designated as confidential, private, and/or privileged nature (hereinafter referenced as "confidential") and has been so marked, or so designated in writing as such by counsel of record, at the time of its production to the

requesting party. Any and all copies of such medical records made by counsel in connection with this litigation are made subject to the provisions of this Stipulation and such copies shall be treated, in all respects, as confidential. Should a medical record be so designated as confidential, the Parties shall treat all portions, sections, and parts of the document, and all information contained therein, as subject to the provisions of this Stipulation.

3. Medical records so designated as confidential, or the information contained therein, shall not, without the express consent of the producing party or by specific order of the Court, be disclosed to any person other than counsel of record for the Parties except that such information may be released to: a) persons regularly employed or otherwise associated with the law firms of such attorneys, whose assistance is required by said attorneys in the preparation for trial of this case; and, b) expert witnesses and consultants retained by the Parties in connection with this proceeding, to the extent such disclosure is necessary for the trial or preparation for trial of this case.

4. If a party seeks to establish that a medical record, either in its entirety or in certain provisions, portions, and sections, is not of a confidential nature and is not entitled to the protections afforded by this Stipulation, the party contesting the designation of confidentiality shall notify all counsel of the objection and the basis for the objection. If the Parties, through their respective counsel, cannot resolve the dispute within ten (10) days of such notification being made, the party seeking to preserve the designation of confidentiality shall file an appropriate motion with the Court and, as such party is in the best position with regard to knowledge as to the nature of the medical record or information, shall bear the burden of establishing that the medical record or information is confidential and is to be afforded the protections of this Stipulation.

5. Prior to disclosing any confidential information to any person listed above in paragraph 3(b), counsel shall obtain from such expert or consultant a written acknowledgment that he or she has read this

Stipulation and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel.

6. Designated medical records are to be used solely as necessary for the litigation of this matter, or as necessary for the preparation thereof by counsel. Any and all other uses are expressly prohibited.

7. It is anticipated that, within the course of discovery and the litigation of this matter, depositions will be taken and that, at times, such depositions will involve the disclosure of confidential information. To the extent that depositions of the Parties or of expert witnesses or other consultants are taken, the scope of this Stipulation extends to such individuals or entities as provided above and the provisions of this Stipulation shall be respected in such proceedings. Should an individual or entity not subject, pursuant to paragraphs 1, 3, or 5, to this Stipulation be deposed in connection with this matter, and should such deposition involve the disclosure of confidential information, any portions thereof containing such information are subject to the provisions of this Stipulation and shall be so designated either on the record in the deposition or shall be deemed to have been designated within 30 days after receipt by counsel of a transcript of such deposition.

8. Counsel for the Parties may discuss with their respective clients the substance of confidential medical records or information; however, the Parties shall not be provided with a copy of any such confidential medical records.

9. Nothing in this Stipulation shall prohibit, during the litigation and trial of this matter, the use of any designated medical records in pre- and post-trial motions, depositions, and mediation concerning this matter. Such use shall not constitute a waiver (express or implied) or general release of the provisions of this Stipulation.

10. This Stipulation and Protective Order may be modified by written stipulation of the Parties hereto,

by and through respective counsel, without leave of court.

11.     At the conclusion of this case, all medical records and information subject to this Stipulation, and all copies thereof, shall be returned within ten (10) days to the party which produced such materials by any and all persons to whom such material has been furnished.

12.     This Stipulation may be entered, on the request of a party, as an order of the above Court in which this action is pending. Whether or not it has been so entered, its terms shall be specifically enforceable by motion in this action, and such terms shall survive any judgment, settlement, discontinuance, dismissal, or other disposition of this action.

Respectfully submitted on behalf of the parties by their respective counsel:

The Defendants, Bernard Foster, Salvatore
Santoro, Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson, James Russo
Michael Murphy and Steven Ford,
By their attorneys,

_____
Michael J. Akerson
BBO # 558565
John K. Vigliotti
BBO # 642337
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

The Defendants, City of Revere, Mayor
Thomas Ambrosino, City or Revere Police
Department and Chief Terrence Reardon,
By their attorneys,

_____
Paul Cappizzi, City Solicitor
BBO # 646296
Walter J. Porr, Jr., Asst. City Solicitor
BBO # 659462
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

The Plaintiffs, Terri Pechner-James and
Sonia Fernandez
By their attorney,

_____
James Dilday
Grayer & Dilday, LLP
BBO #
27 School Street, Suite 400
Boston, MA 02108

4

Dated: April 10, 2006

SO ORDERED:

_____
The Honorable Judge Sorokin

Dated: _____