UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES   ) | |
| and  SONIA FERNANDEZ       ) | |
|               Plaintiffs    ) | |
|                       ) | |
| VS.                                                ) | |
|                       ) | |
| CITY OF REVERE, THOMAS   ) | |
| AMBROSINO, MAYOR, CITY   ) | |
| OF REVERE POLICE DEPT.    ) | |
| TERRENCE REARDON, CHIEF  ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY   ) | |
| COLANNINO, FREDERICK       ) | |
| ROLAND, THOMAS DOHERTY  ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and           ) | |
| STEVEN FORD                          ) | |
|       Defendants                 ) | |

**PLAINTIFFS RESPONSE TO DISCOVERY PORTION OF  OMNIBUS ORDER**

**Status:**

On April 12, 2006, the Court, Magistrate Sorokin, stated the following as part of Docket No: 166:

> Thus, I ALLOW IN PART, the Motion to take the foregoing discovery. Plaintiff shall file by April 19, 2006, a copy of all the written discovery, if any, they propose and a description, not to exceed three pages of why the targeted discovery they seek was not already undertaken and remains necessary. Defendants shall have one week to file a response not to exceed five pages.

**Background:**

On March 4, 2005, Terrence Reardon, Chief of Police of the City of Revere filed a motion for summary judgment, Docket No. 29; on April 14, 2005, Thomas Ambrosino filed a motion for summary judgment, Docket No. 37. The Plaintiffs opposed these motions.  On September 15, 2005, Chief Judge Wolf, referred this case to  Magistrate Sorokin, Docket No. 81. On October 12, 2005, the Magistrate recommended, in  Docket No. 88, that Judge Wolf allow the Defendants motions as stated in Docket No. 37 and 29. On October 20, 2005, the Plaintiff filed timely appeals to Docket No. 88. On March 20,

2006, Judge Wolf, in Docket No. 136, allowed the plaintiffs appeal and rejected the recommendation that the Magistrate made in Docket No. 88.

After October 12, 2005, the Magistrate instructed all counsel to treat the Defendants, Thomas Ambrosino and Terrence Reardon as though his recommendation had been accepted by the judge. The Defendants have therefore been unavailable since October 12, 2005. The acrimonious environment created by the Defendants, particularly, Walter H. Porr, Jr. has made the pursuit of discovery all but impossible. His response to a simple, eleven item, straightforward document request epitomizes his attitude to the Plaintiffs pursuit of discovery. All eleven responses included the following sentence: **"The documents, to the extent they exist, will not be produced." Docket No. 34-2.**

Judge Wolf noted that both the Defendants motion was unsupported by legal authority and the Magistrate's recommendation was unpersuasive. He then stated: "At this point, Ambrosino, Reardon or both could be an official policymaker." The Plaintiffs now have five weeks and a crowded deposition calendar. The proposed depositions can establish how the policy makers acquiesced in the long standing practice and custom of the city of revere.

**(1)  Policy makers and municipal liability are crucial to Phase Two of this case; failure to investigate and failure to discipline are the cornerstone of municipal liability.**

In Bardanaro v McLoed, 871 F.2d 1151, 1161 (1st Cir. 1989), there was a successful supervisory claim against the mayor and the chief of police. There was a failure to discipline and a failure to investigate the kind of behavior that caused the Plaintiff's injury. The custom of failure to discipline and to investigate was affirmed by the supervisors and by the policy makers. This failure created a general atmosphere of lack of discipline that amounted to deliberate indifference and that deliberate indifference was the moving force behind the injury of the plaintiff. The Court in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996) established the injury in Phase One of the case and in Phase Two it established municipal liability. The City of New Bedford in Gonsalves, like these defendants, advanced the arguments of direct responsibility and the personal involvement. The Court rejected those arguments. It found instead that failure to discipline and failure to investigate created the atmosphere of deliberate indifference that injured Morris Pina. The liability for this injury was shared between the New Bedford City Council and the Mayor. Id at 917.

**(2) Depositions are necessary because only policymakers can establish how they customarily practice the responsibilities of their office.**

In a Statement of Undisputed Material Facts submitted in support of Thomas Ambrosino's motion for summary judgment, Docket No. 39-1, paragraph 47 Walter H. Porr, Jr acknowledges that "Mayor Ambrosino serves as the Executive Officer for the City of Revere." In Docket No. 37, Mayor Ambrosino states:

> "Mayor Ambrosino serves as the Chief Executive Officer of the City of Revere. He is not responsible for the day-to-day supervision, management or operation of the Revere Police Department. Those responsibilities are entrusted to the Police Chief pursuant to Section 2.60.030 of the Revised Ordinances of the City of Revere. Para. 47.

The Mayor acknowledges that the Plaintiffs informed him of their complaints. He does not acknowledge any other source of information. He does not state that he pursued any investigation or discipline. He responded in accordance with the usual custom and practice, acquiesced in the behavior that injured the Plaintiffs and referred them to the Massachusetts Commission Against Discrimination.   His deposition is necessary. It could not be pursued earlier because of the Magistrate's instructions and the conduct of Walter H. Porr, Jr.

The custom and practice of the  policy makers is central to Phase Two of the trial. In Gonsalves, Mayor John Bullard answered interrogatories and was deposed, Chief Richard Benoit answered interrogatories and was deposed, and Cynthia Kruger, City Councilor was also deposed for Phase Two of the trial. The acquiescence of the policy makers, in this case,  is particularly important because (1) the department had no sexual harassment policy; (2) it had no procedures for redress;(3) it did not have a maternity leave policy; (4) it did not have facilities for the exclusive use of female police officers and female members of the public.   The department established a sexual harassment policy dated April 1, 1999. The document lists the following as violations of the policy:

> I. Displaying sexual suggestive pictures, objects, cartoons or posters. **[See Paragraphs 62, 63, 64] of Plaintiff's complaint.**
> M. Sexual epithets, jokes, written or oral references to sexual conduct, gossip regarding one's sex life, comments on an individual's body, comments about an individual's sexual activity, deficiencies or prowess. **[See Paragraphs 35, 36-47] of Plaintiffs complaint.**
> N. Language in another's presence or conduct even if not directed to said individual-once it is known the [s]he objects. **[See paragraph 52-64 & Paragraph 70-77] of Plaintiffs complaint.**

Even though the conduct stated in the Plaintiffs complaint violates this policy,  the policymakers, in their numerous pleadings, have provided no evidence that their customs or practices have changed.  On the contrary their conduct is consistent with their long standing practice and custom.

The Plaintiffs have prepared a draft of 100 questions for each policy maker. The Court has established June 1, 2006 for the completion of all discovery. The deposition schedule for the next  five weeks does not allow for the Plaintiffs to send interrogatories, have them returned and conduct depositions. The Plaintiffs will conduct only depositions instead at a time that is convenient for the parties.
/s/ James S. Dilday, Esq.
James S. Dilday, Esq.