UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　　Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S, REPLY TO PLAINTIFFS' RESPONSE TO DISCOVERY PORTIONS OF OMNIBUS ORDER**

COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their reply to Plaintiffs' Response to the Court's Omnibus Discovery Order (Docket No. 166).

**I.**

**Background**

Plaintiffs' start their discussion of the background of this case with Chief Reardon's filing of his motion for summary judgment on March 4, 2005 (Docket No. 29). Conspicuously absent from this discussion is any reference to calendar year 2004, during which Plaintiffs' were free to pursue whatever discovery they deemed appropriate.

Plaintiffs' continue their discussion of the background of this case by reference to Mayor Ambrosino's filing of his motion for summary judgment on April 14, 2005 (Docket No. 37).

They then indicate that Judge Wolf referred the case to Magistrate Judge Sorokin on September 15, 2005 (Docket No. 81).  Conspicuously absent from this discussion is any reference to the months of January through September, 2005, during which Plaintiffs' were free to pursue whatever discovery they deemed appropriate.

Plaintiffs' then allude to the fact that after October 12, 2005, Magistrate Judge Sorokin "instructed all counsel to treat the Defendants, Thomas Ambrosino and Terence Reardon as though his recommendation had been accepted by the judge.  ***The Defendants have therefore been unavailable since October 12, 2005.***"  Docket No. 171, page 2, first full paragraph, emphasis added.  True, but so what?  The original Discovery cut-off date, a date which was set one year earlier, was September 30, 2005 (Docket No. 26).  Thus, the initial "unavailability" of these Defendants was the product of the discovery schedule and <u>not</u> anything done by the Magistrate Judge or Defendants' counsel.[1]  Originally, Plaintiffs had all of 2004 and the first 9 months of 2005 within which to conduct whatever discovery they deemed appropriate, subject only to the requirements of Fed.R.Civ.P. 26.[2]

Moreover, as the Omnibus Discovery Order correctly indicates, on November 29, 2005, the Court asked for and was provided with a revised discovery schedule which allowed for

---

[1]  Aside from just plain silly, Plaintiffs' *ad hominem* attacks on Defendants' counsel make no sense.  If, as Plaintiffs seem to believe, Defendants' counsel had truly created an acrimonious environment which made discovery all but impossible and that his conduct had prevented them from taking the Mayor's deposition, then they had, and have always had, their remedy under Fed.R.Civ.P. 26 and 37.  Indeed, the one specific incident they do cite, see Docket No. 171, page 2, first full paragraph, relates to a discovery dispute concerning the City's response to a document production request, for which Plaintiffs sought relief, but which resulted in only the barest minimum of relief being granted.  See Docket Nos. 34, 40 and 87.  The long and the short of the matter is that Plaintiffs have pursued only minimal written discovery, much of it tangential and irrelevant, and have noticed no depositions whatsoever.  Nothing, as a matter of either fact or law, has ever prevented them from conducting discovery in this case, other than the candid admission of Plaintiffs' counsel in open court on April 11, 2006, that he had no idea what discovery he really wanted or needed.  Thus, blaming Defendants' counsel or the Court for Plaintiffs' lack of discovery is disingenuous, at best, and dishonest, at worst.

[2]  See Docket No. 26.  Here again, Plaintiffs reference to the fact that the Mayor and Chief of Police answered interrogatories and were deposed in the *Gonsalves* case is simply irrelevant.  Nothing prevented Mayor Ambrosino and/or Chief Reardon from being ***timely*** served with interrogatories and deposed in this case.  Nothing, of course, except Plaintiffs lack of diligence.  See footnote 1.

depositions to be conducted through March 31, 2006.  See Docket No. 166, pages 1-2, referencing Docket No. 89.  Again, the Plaintiffs failure to avail themselves of the extension of the discovery deadline speaks volumes.

Finally, the mere fact that Mayor Ambrosino and Chief Reardon may not have been viewed as parties as of October 12, 2005, does not negate the fact that they could have been deposed as percipient witnesses at any time within the discovery framework.

## II.

## Policymakers

Plaintiffs' abstract discussion of policymaker liability is pointless, since neither Mayor Ambrosino, nor Chief Reardon, have done anything in their official capacity which would subject the City of Revere to liability in any event.  See Docket Nos. 29, 30, 37, 39, and 138. Moreover, as to Chief Reardon, the next section of Plaintiffs Response regarding depositions of the policymakers makes no reference to him at all and suggests no reason why his deposition would be of any merit or value to the presentation of their case.

Finally, there are no allegations in the verified complaint directed at any prior Mayor (see Docket No. 138) and, with respect to the prior Chiefs of Police, Russo, Colannino and Roland, they are all individually named parties who could have been deposed a long, long time ago.

## III.

## Deposition of the Mayor

Plaintiffs assert that they informed the Mayor of their complaints and that he did not pursue an investigation of them and/or discipline the alleged perpetrators.  They further allege that this was "in accordance with the usual custom and practice" and that as a result, he "acquiesced in the behavior that injured the Plaintiffs and referred them to the Massachusetts

Commission Against Discrimination." Docket No. 171, page 3, second paragraph. Plaintiffs further allege that this "conduct is consistent with [his] long standing practice and custom."

But the Mayor was not elected and sworn in as Mayor until January of 2000 and he was not approached by the Plaintiffs until March of 2001, <u>after</u> Plaintiff Pechner had walked-off the job and <u>after</u> all of the incidents of alleged sexual or racial harassment had already occurred. A review of the complaint will reveal on its face that <u>after</u> March of 2001, no further acts of alleged sexual or racial harassment occurred.[3] And, while Plaintiffs make reference to the sexual harassment policy of April 1, 1999, adopted by the Police Department, and complain that the alleged transgressions which *preceded* it were violative of this policy, on the face of the complaint there are only two alleged incidents which occurred after the policy was adopted that would arguably offend the cited provisions: namely, the alleged underwear display in February of 2001 (nearly two years after the policy was adopted) (complaint, paragraphs 74, 75, 94 and 95) and the interrogation in March of 2001 (complaint, paragraph 45), which the alleged perpetrator and an eye witness thereof deny happened (Docket No. 9; Exhibits 1 and 2).

Finally, by the time Mayor Ambrosino took office, many of the alleged perpetrators of the allegedly harassing conduct were retired and more were retired by the time the Plaintiffs finally complained to him in March of 2001. Of the alleged perpetrators of the allegedly harassing conduct named in the complaint, only Captain Murphy, Lieutenant Ford and Sergeant Nelson remain on the force. But as for Sergeant Nelson, the one and only incident involving him occurred before 1999 (see Complaint, paragraphs 62-64) and this incident was addressed at the

---

[3] While it is true that in paragraph 34 of the complaint, Plaintiff Pechner alleges that on June 26, 2001, Lieutenant, now Captain, Murphy made the "secretary" remark. This date can <u>not</u> be correct since in paragraphs 16, 78, and 79, Plaintiff Pechner alleges in no uncertain terms that March 13, 2001, was her last day on the job. Likewise, in paragraph 103 of the complaint, Plaintiff Fernandez alleges that Lieutenant Foster made a derogatory remark about her hearing aids in January of 2001 and that Officer Crevoiserat was rude to her on the radio in December of 2001. But there is nothing in the allegations of paragraph 103 which reflect either sexual or racial harassment.

4

January 7, 1999, meeting and their has been no reoccurrence (see Complaint, Exhibit "D", page 5, lines 194-203). Likewise, with respect Lt. Ford, all but one of the "hostile" remarks he allegedly made occurred from 1996-1998 (Complaint, paragraphs 25, 26, 84, 98 and 125). The one remark he allegedly made in January of 2000 concerned the residents of the City of Chelsea as a whole and not any particular group of people (Complaint, paragraphs 99 and 125).

Thus, on its face, and particularly in light of the uncontroverted evidence presented in support of the Mayor's motion for summary judgment, the Plaintiffs' Response once again fails to make a showing that his deposition as a policymaker would be even remotely of any value.

As for Chief Reardon, he is not explicitly mentioned in this section of the Response and even if he was, he was not named Chief until January of 2002, and the uncontroverted evidence presented in support of his motion for summary judgment makes an even more compelling case that his deposition would be a colossal waste of time.

**IV.**

**Written Discovery Should Not Be Allowed**

The Omnibus Discovery Order directed the Plaintiffs to file their proposed written discovery by April 19, 2006. Docket No. 166, page 5. This they failed to do and the Court extended the deadline by electronic order until Friday, April 21, 2006. See Docket entry for April 20, 2006. Plaintiffs failed to comply with this order as well. Thus, no written discovery should be allowed. [4]

---

[4] Plaintiffs state that "[t]he deposition schedule for the next five weeks does not allow for the Plaintiffs to send interrogatories, have them returned and conduct depositions." Docket No. 171, page 3, last paragraph. The truth of the matter is, had the Plaintiffs submitted to the timely efforts of the Defendants to depose them in 2005 and/or had they arrived in a timely fashion at their depositions in 2006 and not left early, the parties might not be faced with a crowded deposition schedule. Plaintiffs' complaint in this regard sounds far too much like children who murder their parents and then throw themselves upon the mercy of the Court because they are now orphans.

5

WHEREFORE, the premises being considered, the Plaintiffs untimely, unjustified, and unconvincing request for discovery which they inexcusably failed to conduct over at least a two year period of time must be denied.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

 /s/ Walter H. Porr, Jr.
Paul Capizzi, Esq., City Solicitor
BBO#: 646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: April 24, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

 /s/ Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: April 24, 2006