UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES )
and SONIA FERNANDEZ )
    Plaintiffs )
     )
VS. )
     )
CITY OF REVERE, THOMAS )
AMBROSINO, MAYOR, CITY )
OF REVERE POLICE DEPT. )
TERRENCE REARDON, CHIEF )
OF POLICE, BERNARD FOSTER)
SALVATORE SANTORO, ROY )
COLANNINO, FREDERICK )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and )
STEVEN FORD )
    Defendants )

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO
DEFENDANT TERRENCE REARDON**

Plaintiff requests that defendant Terrence Reardon answer under oath the following interrogatories, within 30 days of the time of service, in accordance with Rule 33 of the Federal Rules of Civil Procedure. These interrogatories shall be deemed continuing so as to require supplemental answers if you obtain further information between the time answers are served and the time of trial.

*Definitions*

*Communication.* The term shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

*Concerning.* The term shall mean, referring to, describing, evidencing, or constituting.

*Document.* The term shall refer to all writings and materials of any kind, including, but not limited to, orders, instructions, reports, directives, summaries, interviews, complaints, statements (whether signed or unsigned), transcripts, regulations, memoranda, notes,

correspondence, diagrams, maps and drafts. "Document" also refers to records including, but not limited to, photographs, microfilm, videotape, audiotape, motion pictures and any other electronic or mechanical recording. "Document" includes originals and copies.

***Incident***. The term shall refer to the entire transaction between Terri Pechner-James defendants and the Revere Police Department during the period of her employment, September 1, 1995 to March 12, 2001.

***Identify***. When the term pertains to person, the term shall mean to give, to the extent known, the

　　a) type of document

　　b) general subject matter

　　c) date of the document; and

　　d) author(s), addressee(s), and recipient(s).

When the term pertains to person, the term shall mean to give to, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of that person need by listed in response to subsequent discovery requesting the identification of that person.

### *Instructions*

When an interrogatory calls for the party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

　　a) identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusion referred to by the interrogatory;

　　b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory

　　c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory,

## *Interrogatories*

1. Please describe yourself by stating your full name, height, weight, eye color, hair color, race, and date of birth.
2. Please identify all employment held from your seventeenth birthday until the present.
    a. The name and address of each person or entity that employed you;
    b. The dates that you were so employed;
    c. The positions and ranks held while so employed;
    d. The duties you performed and what duties were associated with each position and/or rank while so employed;
    e. The reason or reasons for the termination of your previous employment;
    f. Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:
        1. The nature and substance of the training you received;
        2. The inclusive dates of the period during which you received training;
        3. The name and address of each specialized school you attended to receive such training;
        4. The dates of attendance at each such specialized school;
        5. The nature and substance of the training offered at each such specialized school;
        6. The degree or certificate, if any, that you received from each such specialized school.
3. Describe your training in:
    a. The provision of service to victims of sexual harassment.
    b. The identification of instances of sexual harassment.
4. Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered

against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

5. Do you presently have any investments which yield any income? If yes, state:
   a. The nature of each such investment;
   b. The amount of each such investment;
   c. The amount of income from each such investment during the preceding three (3) years.

6. Do you own any real property in whole or in part? If yes, state the street address of the property, the legal form of your ownership, the names of all co-owners of the property and the approximate value of your interest in the property.

7. Have you ever been the subject of a civilian complaint? If yes, state:
   a. When each complaint was made.
   b. The name and address of each complainant.
   c. To whom each complaint was made.
   d. Where each complaint was made.
   e. Describe in detail the allegations of each complaint.

8. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer and employee of the Revere Police Department with abuse of your lawful authority, sexual harassment or the violation of any person's state or federal civil rights? If yes, state for each such suit:
   a. The name and address of each plaintiff;
   b. The name and address of each defendant;
   c. The nature of the cause of action;
   d. The date on which the suit was instituted;
   e. The court in which the suit was instituted and the docket number;
   f. The name and address of the attorney for each party;
   g. The result of each suit that has been concluded by judgment or settlement.

9. Have you ever been treated and/or evaluated by a psychiatrist, psychologist or any other mental health worker? If yes, state the following:
   a. The name, address and qualifications of the individual you saw;

    b. The date of each visit;

    c. The purpose of your visits;

    d. The results of your evaluation and/or treatment.

10. Do you intend to call any expert witnesses at trial? If yes, for each one state:
    a. The name and present address of said expert witness;
    b. The subject matter on which the expert is expected to testify;
    c. The substance of the facts and opinions to which the expert is expected to testify;
    d. A summary of the grounds for each opinion.
11. Do you intend to call any witnesses at trial? If yes, for each witness state the name, present address or if not available the last known address, and the telephone number of said witness.
12. Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date and place of occurrence and result.
13. Did the Revere Police Department conduct an investigation of the circumstances of the end of the Plaintiff Terri Pechner-James employment at the Revere Police Department. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events involving the Revere Police Department preceding and following the ending of the Plaintiff's employment at the Revere Police Department.
14. Did you review any documents concerning and/or containing any information pertaining to Plaintiff's ending of her employment at the Revere Police Department on March 12, 2001. If so, identify each document by stating:
    a. The name of each document (please refer to the term "document" as defined herein;
    b. The creator of each document;
    c. The name and address of the person who presented you with each document;
    d. The date on which you received each document;
    e. The dates on which you reviewed each document;

5

  f. The name and address of each person with whom you reviewed or discussed the document;

  g. Any inconsistencies which you noted at the time between any of the documents or contents reviewed.

15. Identify by name, residential address, badge number and district or unit each member of the Revere Police Department who was present on the final evening of the Plaintiff's employment at the Revere Police Department.

16. Identify each and every report, written and oral, you made concerning the incident.

17. Are there any statements in any report filed concerning the incident that you now believe are not accurate? If so, identify the inaccurate statement and describe in what way it is inaccurate.

18. Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or any laws of the Commonwealth of Massachusetts or the United States were violated.

19. Do you contend that all of the evidence you reviewed concerning the experiences and the ending of the Plaintiff's employment supports your decision and that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any of the officers involved? If so, please state the basis for your contention.

20. Did you have any communications with the Roy Colannio and Thomas Ambrosino or any other City officials concerning the Plaintiff at any time from the date of the incident through and including the present time? If so, please state the date and time of each communication, the individuals present, the subject matter discussed, the identity of the documents, facts and persons discussed, state

in as much detail as possible what you said to Thomas Ambrosio and Roy Colannino and/or Revere City official and what he, she, or they said to you.

21. At any time, did you and/or the Revere Police Department supply or give to the City of Revere and/or its then mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on which such documents were provided, the person to whom the documents were provided and the person providing the documents?

22. Identify each and every informal or formal complaint made against a Revere Police Officer since 1990 alleging that the officer engaged in violation of civil rights based on sex, race or any other protected class, by stating for each complaint:

   a. The name and address of each person who brought the complaint;
   b. The date on which the informal or formal complaint was made;
   c. The date of each alleged incident which is the subject of the complaint;
   d. The name and address of each officer against whom the complaint was made;
   e. The person to whom the complaint was made;
   f. The substance of each complaint;
   g. The identity of each document pertaining to the incident;
   h. The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during and/or as a result of the incident and/or complaint;
   i. Each and every person interviewed by the Revere Police Department concerning the alleged incident;
   j. The outcome and/or disposition of each complaint
   k. The name and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

23. Identify each and every person who the Revere Police Department contacted and/or had communications with concerning the investigation of Plaintiff's complaint to the Department about the events of March 12, 2001.
24. Identify all persons (including persons/attendants and police officers) who were in the police station of the Revere Police Department on the evening of March 12, 2001.
25. Identify all law enforcement officials who were involved in the investigation of the Plaintiff's complaint. For each law enforcement official who was involved in the investigation, state in detail:
    a. The name, address, and telephone number of the official involved;
    b. The tasks concerning the investigation of Plaintiff's complaint that were assigned to the official;
    c. The dates on which each task was accomplished;
    d. The date(s) on which you reviewed the official's work or report;
    e. The dates on which you communicated with the official about the investigation and the communications which were exchanged between the official and you and/or the Revere Police Department.
    f. The impact which each communication had on your decision and/or that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any members of the Revere Police Department.
26. Identify all complaints of sex, race, or other kinds of discrimination against the Revere Police Department since September 12, 1995 and five years prior to that date. For each such incident state:
    a. The name and last known address of each complainant;
    b. The date of the complaint;
    c. The details of the circumstances surrounding the complaint;
    d. The names of any Revere police officers or attendants having contact with the complainant;
    e. Whether or not the Revere Police Department conducted an investigation into the complaint and if so, identify all documents pertaining to such

8

investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during and/or as result of the incident and/or complaint;

f. Each and every person interviewed by the Revere Police Department concerning the alleged incident;

g. The outcome and/or disposition of the investigation into each complaint

h. The name and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

Terri L. Pechner James
By her attorney,

*James S. Dilday*
James S. Dilday
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
BBO# 124360

## CERTIFICATE OF SERVICE

I, James S. Dilday, hereby certify that on 4/19/06 I served a copy of the witin document by first class mail as follows:

Walter H. Porr, Esquire
Paul Capizzi, Esquire
Office of City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esquire
John H. Vigliotti, Esquire
397 Grove Street
Worcester, MA 01605

James S. Dilday
Grayer & Dilday
27 School Street
Boston, MA 02108
(617) 227-3470
BBO# 124360

DATED: