## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER)** | |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

### PLAINTIFF, SONIA FERNANDEZ,  FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT CITY OF REVERE

Pursuant to Fed. R. Civ. P., Rule 34, the plaintiff, Sonia Fernandez, requests the defendant City of Revere to file a written response to this request and to produce the following documents for inspection and copying at the office of counsel for the plaintiff. This request is to be construed as continuing and therefore requires supplemental responses to the extent required by Fed. R. Civ. P. 26(e).  In the event the defendant asserts a claim of privilege as to any requested document, each such privileged document should be individually identified, including the date the document was prepared, the author of the document, the number of pages, the address of the document, the present location of the document and the substance of the communication or document to the extent that it is not privileged.

### Definitions

"**Document**" refers to any writing, graphic matter or electronically or photographically recorded item, including notes, correspondence, inter-and intra-office communications, circulars, announcements, directories, filings, agreements, reports, studies, work records, notebooks, diaries, minutes, calendars, schedules, accounts, journals, ledgers, statements, sound recordings, electronically retrievable data or other form of memorializing information in the possession, custody or control of the defendant or known to the defendant where located, however reproduced, including draft and final versions.

"**Statement**" includes documents, as defined above, and any recitation of facts recorded by any means.

"**Correspondence**" includes all recorded communications of any kind, written or electronic, including letters, notes, memoranda, voice messages and all other means of recorded or memorialized communication.

"**And**" and "**Or**" shall, mean where the context permits, be construed to mean "and/or".

"**Person**" means any natural person, corporation , association, firm, partnership or other business or legal entity and officers, employees, agents, attorneys and representatives of such entities, as the context requires.

"**Incident**" refers to the entire transaction between Sonia Fernandez and the defendants and all preceding and superseding events that led to the end of her employment with the Revere Police Department.

"**The plaintiff**" refers to  Sonia Fernandez.

### Requested Documents

1.    Any and all documents concerning the circumstances surrounding the termination of the plaintiff's employment including, but not limited to, the following:

  a.  Statements and/or interviews of witnesses, the plaintiff, police officers, medical personnel or other persons regarding the incident;

  b.  All chronologies prepared by any Revere police officer involved in the incident with the plaintiff.

2

    c.  All reports relating to or referring to the incident including any investigations by the Revere police or any prosecuting authority made ay any time after the incident;

    d.  All incident reports concerning the plaintiff during the period of her employment from September 21, 1995 to the end of her employment.

    e.  All so called "street files" concerning the incident.

    f.  All supplementary and/or follow-up reports concerning the incident.

    g.  All reports by supervisory personnel concerning the incident and/or all investigations of the incident.

    h.  All complaints filed against Sonia Fernandez during the course of her employment.

    i.  All reports by the Revere Police, the Massachusetts Commission Against Discrimination and any other state agency concerning the plaintiff's treatment during her tenure as a police officer.

2.    All photographs, diagrams or other such documents depicting any party, witness, location or physical object concerning the incident that caused the Plaintiff's termination.

3.    All records, including but not limited to, personnel, financial and administrative that pertain to the plaintiff.

4.    All documents concerning or arising from a claim for personal or other injuries allegedly received by an Revere police officer as a result of the plaintiff's actions, including but not limited to the following: reports to the Revere Police Department regarding injuries sustained in the line of duty and requests for injured leave and medical records submitted to substantiate those claims.

5.    The complete personnel files maintained by the Revere Police Department regarding the defendants Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford. This includes, but is not limited to, files kept by the Chief of Police and any Revere police officers and any

records of any Revere Police Department personnel, unit, bureau or division responsible for investigating sexual harassment complaints.

6.   All documents concerning every complaint of sex harassment or discrimination filed against Mayor Thomas Ambrosino or his immediate predecessor Mayor Haas, the defendant police officers: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colanino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford for the period from September 1, 1995 to present.

7.   All documents relating to any administrative complaints against the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colanino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford from September 1, 1995 to present, including but not limited to, violations of personnel regulations and violations of internal procedures.

8.   All performance evaluations and any other similar documents concerning the defendants Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colanino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford from the date of their appointment as a City of Revere police officer to the present.

9.   All documents concerning reports filed by the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford while in the course of his employment as a Revere police officer against the plaintiff.

10.  All documents concerning injuries to female members of the public who were arrested by any of the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford while in the course of his employment as a Revere police officer.

11.  All documents regarding sexual harassment training received by the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colanino, Frederick Roland, Thomas Doherty, John Nelson, James Russo,

4

Michael Murphy, Steven Ford from the date of their appointment as a Revere police officers to the present.

12.  All documents regarding any complaints of sexual harassment and other related complaints against any of the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford from September 1,1995 to the present.

13.  All documents regarding the application of the sexual harassment policy by Revere police department from September 1, 1995 to present. These documents include, but are not limited to, every sexual harassment report, miscellaneous report, report regarding the attendance, topics covered and all documents regarding the review and the input received from Revere police officers.

14.  All annual reports, summaries or other similar documents regarding the functioning of any personnel, unit, bureau or division responsible for sexual harassment complaints and investigation within the Revere Police Department.

15.  All documents which concern or relate to any psychological or psychiatric referral, evaluation or treatment of any of the defendants : Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colanino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford.. This includes, but is not limited to, any documents maintained by the Revere Police Department or Revere Police Stress Program.

16.  The complete file of any Revere Police Department personnel, unit, bureau or division charged with the responsibility for internal affairs, including but not limited to investigating and redressing complaints of sexual harassment within the Revere Police Department.

17.  Any and all documents reflecting or referring to procedures to be utilized in the investigation of complaints and/or reports of use of sexual harassment by Revere police officers.

5

18.  Any and all documents reflecting or referring to procedures to be utilized in addressing, redressing or prosecuting a complaint of sexual harassment by the Revere Police Department.

19.  Any and all material, documents, reports and correspondence provided to the Federal Bureau of Investigation or the United States Justice Department in response to requests for such information arising from allegations of violations of civil rights and/or sexual harassment by Revere Police officers, from January 1, 1990 to the present.

20.  Any and all material, documents, reports and correspondence provided to the Massachusetts State Police, the Massachusetts Attorney General, the Massachusetts Commission Against Discrimination in response to requests for such information arising from allegations of violations of civil rights by Revere police officers from January 1, 1990 to the present.

21.  For each and every complaint, report or notice made to or received by the Revere Police Department from January 1, 1990 to the present, in which an allegation was made that a police officer engaged in sexual harassment, including but not limited to civilian complaints, reports by police officers and law suits instigated and/or threatened, provide the following:

   a.  All initial complaints, records and other documents reflecting the initiation of the complaint process;

   b.  All documents reflecting actions taken by the Revere Police Department as a result of receiving the initial complaint or report;

   c.  All documents reflecting the results of any investigation of the initial complaint or report;

   d.  All documents reflecting the conclusion and/or disposition of the matter, including any and all documents reflecting disciplinary action taken against any person.

   e.  All judgments entered against the Revere Police Department, the city of Revere and/or any police officer from September 1, 1990 to the present.

6

   f. All settlement agreements and/or releases in all legal actions instituted or threatened against the Revere Police Department, The City of Revere, and/or any police officer from September 1, 1995 to the present.

22. All training materials including manuals, handouts, outlines, films, etc. which have been used in training the defendants: Terrance Reardon, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, Steven Ford regarding the identification, investigation, and the redressing of sexual harassment complaints, including the administrative mechanism for pursuing said complaints, from their initial training at the Academy to the present.

23. All documents reflecting training of Revere Police Department personnel concerning the processing of sexual harassment claims in effect as of the beginning of the plaintiff's period of employment.

24. All documents reflecting the policies, procedures and/or practices for Revere Police Department personnel concerning the implementation and prevention of sexual harassment in the Revere Police Department.

25. All documents, including but not limited to reports and the conclusions of investigating personnel, reflecting the existence of sexual harassment by Revere police from January 1,1990 to the present.

26. All documents concerning any investigation by any personnel, unit, bureau or division responsible for the investigation of sexual harassment. This request specifically includes, but is not limited to, copies of any tape records of interviews along with any transcripts of such interviews.

27. The following documents, as they were in effect on the date of the plaintiff's employment:

  a. Rules and Regulations manual

  b. In-Service Training manual

  c. Departmental policies concerning sexual harassment, complaint, handling of the complaints, handling of training of officers

  d. General Orders

  e. Written Orders

f. Written Policies

28. All documents containing information regarding the termination of the Plaintiff's employment, including documents prepared by Revere police officers, any agents or employees of the City of Revere and any persons acting in concert with them. This includes, but is not limited to, documents which were prepared as a result of investigations by the following individuals:

a. Terrance Reardon

b. Bernard Foster

c. Salvatore Santoro

d. Roy Colanino

e. Frederick Roland

f. Thomas Doherty

g. John Nelson

h. James Russo

i. Michael Murphy

j. Steven Ford

29. Tape recording of all telephone calls to or from the Revere Police Department regarding the Plaintiff and the radio exchanges with Officer Crevoiserat, along with transcripts of these calls. This specifically includes, but is not limited to calls among Revere police officers.

30. Tapes of all City of Revere police radio traffic from the time of the first call by the Plaintiff to the last comment by Officer Crevoiserat that evening as described in Plaintiff's complaint.

31. All logs, minutes, notes and records reflecting or referring to officers on duty during that evening in 1998.

32. All logs, minutes, notes and records reflecting or referring to persons employed or present at the Revere Police Headquarters the evening of the incident.

8

33. All summaries, reports, compilation and/or other documents reflecting complaints made against Revere Police officers for sexual harassment from March 13, 1990 to the present.

34. All summaries, reports, compilation and/or other documents reflecting disciplinary actions taken against Revere Police officers for sexual harassment from March 13, 1990 to the present.

35. All documents the defendants intend to offer at trial.

36. All documents not produced in response to any previous request that refer or relate to the plaintiff and the termination of her employment with the Revere Police Department.

37. Any and all documents produced by the City of Revere's psychologist, Dr. Barry generated in connection with the Defendant's recommended visitation to Dr. Barry.

38. Any and all documents including, but not limited to, recorded or transcribed conversations, interviews, and interrogations that James Russo conducted with Sonia Fernandez before, during and after her employment with the City of Revere.

40. Any and all documents including, but not limited to, medical records, psychological and/or psychiatric records generated by Dr. Barry or any other professional before, during and after her admission to the Police Academy and before during and after her employment with the Revere Police Department.

41. All records of compensation paid to the Plaintiff, Sonia Fernandez, before, during and after her employment with the Revere Police Department.

Sonia Fernandez
By her attorney,

*James S. Dilday*

James S. Dilday
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
BBO# 124360

9

## CERTIFICATE OF SERVICE

I, James S. Dilday, hereby certify that on $4/19/06$ I served a copy of the witin document by first class mail as follows:

Walter H. Porr, Esquire
Paul Capizzi, Esquire
Office of City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esquire
John H. Vigliotti, Esquire
397 Grove Street
Worcester, MA 01605

James S. Dilday
Grayer & Dilday
27 School Street
Boston, MA 02108
(617) 227-3470
BBO# 124360

DATED:

10