UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER- JAMES and SONIA FERNANDEZ,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF REVERE et. al.<br><br>   Defendants. | Civil Action No.03cv12499-MLW |

ORDER ON PLAINTIFFS' REQUEST TO ENLARGE THE PERIOD FOR DISCOVERY

May 1, 2006

SOROKIN, M. J.

Before the Court are Plaintiffs' Request to Enlarge the Period for Discovery (Docket # 146), Plaintiffs' Response to Discovery Portion of the Omnibus Order (Docket # 171), and Defendants' Response thereto (Docket # 174). At issue is whether the period for fact discovery should be extended to permit Plaintiffs to serve interrogatories and requests for the production of documents on, and take the depositions of, defendants the City of Revere, Mayor Ambrosino and Chief Reardon. For the reasons set forth below, the Court ALLOWS in part and DENIES in part Plaintiffs' Request to Enlarge.

BACKGROUND

On October 6, 2003, the plaintiffs, two female police officers in the City of Revere, filed a verified complaint in Suffolk Superior Court asserting claims for hostile work environment

1

based upon sexual and racial harassment (Count I), constructive discharge (Count II), disparate treatment (Count III); and infliction of emotional distress (Count IV). Named as Defendants are the City of Revere, its current mayor and chief of police, Thomas Ambrosino and Terrance Reardon, respectively (collectively the "Municipal Defendants"), and nine other individuals alleged to have been employed in various positions at the Revere Police Department during the time period at issue (collectively the "Individual Defendants"). On December 11, 2003, Defendants removed the matter to this Court.

On September 24, 2004, Judge Wolf entered a Scheduling Order that set the date of September 30, 2005 for the close of discovery (Docket # 26). Thereafter, several discovery disputes arose. On March 16, 2005, the parties filed a Stipulated Motion permitting the Defendants to serve on Plaintiffs a number of interrogatories in excess of the 25 allowed by the Local Rules. I note that the Stipulation was filed after Attorney Porr sent to Attorney Dilday a copy of both sets of interrogatories and a letter in which he explained his justification for the relatively large number of proposed interrogatories. The Motion specifically stated that Pechner-James would be served with 179 interrogatories, and that Fernandez would be served with 132 interrogatories. It was signed by James Dilday, counsel for plaintiffs, and Walter Porr, counsel for the Municipal Defendants (Docket # 31). On March 24, 2005, Judge Wolf entered an electronic endorsement adopting the parties' stipulation.

On April 12, 2005, Plaintiffs filed an Emergency Motion for a Protective Order in which they alleged that defense counsel, through serving such a large number of interrogatories, had abused the professional courtesy extended by Plaintiffs' counsel (Docket # 33). On the same date, Plaintiffs filed a Motion to Compel Production of Documents and Request for Sanctions

(Docket # 34). In that motion, Plaintiffs reported that they had served the Municipal Defendants with a Request for the Production of Documents pertaining to the annual income from paid detail work, overtime pay, cost of living or other income increases, benefits, and all other payments made to male officers of the same rank as plaintiffs. The requests sought the identical information with regard to plaintiffs. Defendants purportedly refused to produce any documents in response to the 11 requests. The Motion did not address any other discovery served upon Defendants by the Plaintiffs.

On May 23, 2005, the City filed a Motion to Compel Plaintiffs' Answers to Interrogatories (Docket # 46). On June 29, 2005, the Municipal Defendants filed a Motion for Relief of Time Limit, seeking additional hours for the depositions of Plaintiffs, beyond the seven hours allocated by the Rules (Docket #59). On September 13, 2005, the Individual Defendants filed a Motion to Compel the Production of Documents in which they complained that Plaintiffs' responses to their requests for medical records were inadequate, incomplete, and overdue (Docket #79). All of the above motions[1] were heard by this Court on October 6, 2005.

With regard to the Emergency Motion for a Protective Order (Docket # 33), Attorney Dilday argued that although he wanted to be reasonable and allow more than 25 interrogatories, he was "probably in error" to stipulate to such a large number. According to Attorney Dilday,

> "As a matter of course, I always do that [allow additional interrogatories] to be reasonable with other lawyers. *I didn't go into the detail to look to see exactly what he was looking to do.* And I wrote back to Mr. Porr after we got into this prolonged and protracted issues [sic] about it that I apologized to him for agreeing to that, but I didn't realize that when I did it I was talking about 311 interrogatories, and I thought that that was something that I would have never

---

[1] In addition to several motions for summary judgment filed by both sides which are of no import to this decision except as noted below.

3

agreed to *had I been looking at it in careful analysis . . .*" (Transcript of 10/6/05 hearing, Docket # 141, pages 25-26)(emphasis added).

On October 12, 2005, this Court issued an Order on Discovery Motions (Docket # 87). In that Order, Plaintiffs' Emergency Motion for a Protective Order (Docket # 33) was DENIED; Plaintiffs' Motion to Compel Production of Documents and Request for Sanctions (Docket # 34) was DENIED except that the City was ordered to produce the detail pay information regarding each plaintiff and each similarly situated male officer; the City's Motion to Compel Plaintiffs' Answers to Interrogatories (Docket # 46) was ALLOWED and each Plaintiff was ordered to respond to the Interrogatories by December 6, 2005; and the Plaintiffs were ordered to produce the medical releases/records referred to in the Individual Defendants' Motion to Compel the Production of Documents (Docket # 79) by December 6, 2005. Finally, Defendants' Motion for Relief from the Time Limit (Docket # 59) was ALLOWED, and Defendants were granted leave to depose Plaintiffs for up to three days.

Also on October 12, 2005, I issued a Report and Recommendation (Docket # 88) in which I recommended to Judge Wolf that he allow Mayor Ambrosino's and Chief Reardon's Motions for Summary Judgment (Docket #s 37 and 29, respectively). On October 17, 2005, the parties filed a Joint Motion to Modify the Scheduling Order (Docket # 89). As the discovery period originally set by Judge Wolf had closed on September 30, 2005, counsel requested that the discovery period be extended in light of the fact that their various discovery motions had not been resolved until October 12, 2005.

On November 29, 2005 I held a Status Conference at which Attorney Porr stated that Plaintiffs had not filed an objection to my Report and Recommendation regarding the Motions

for Summary Judgment within the requisite 10-day time period. Although this was in fact an incorrect statement, it was unbeknownst to the Court and defense counsel at that time. The confusion is understandable due to an error in docketing in the Clerk's Office. Plaintiffs had, in fact, filed a timely Objection, but it was not docketed until several weeks later (See Electronic Docket entry of 11/7/05: Notice of Correction Made by Court Staff). In any event, Attorney Dilday did not bring to the Court's attention that Plaintiffs had indeed filed a timely Objection to my Report & Recommendation. Accordingly, I stated that "the 10 days [for objecting] has passed and I take it, I haven't looked at the docket, but based on your representation if there's been no objection filed . . . you don't need to respond to [Plaintiffs' Interrogatories]." (Transcript of 11/29/05 hearing, Docket # 142, page 3). However, I remarked that "[i]f Judge Wolf rejects my recommendation as to these two people [Ambrosino and Reardon], then you'll respond in the normal fashion." (Id.)[2]

Counsel then informed the Court as to the status of their discovery. Attorney Porr indicated that Defendants were still waiting for Plaintiffs' responses to interrogatories and the full production of their medical records, and that they intended to depose Plaintiffs and perhaps one or more of their health care providers (Id., page 4). Attorney Dilday indicated that he planned to depose some of the people who were working as active police officers during the timeframe at issue. (Id.) He further indicated that he "would be talking about, I think it's Captain Reardon. I can't remember the names . . . probably by the end of February I would think we

---

[2] I note that a portion of the transcript is missing from the record. My comments here were plainly in response to something counsel said about interrogatories. When I reviewed the transcript, I noted that it began after the hearing had begun. An inquiry to the court reporter revealed that counsel's initial comments were not picked up on the recording.

5

should be able to resolve the depositions." (Id., page 5). Following the hearing, I granted the Joint Motion to Modify the Scheduling Order and adopted the deadlines proposed by counsel. I ordered that the deadline for written discovery be extended until December 6, 2005; Depositions be concluded by March 31, 2006; and motions for summary judgment be filed by May 31, 2006. No objections were voiced by either party.

On January 4, 2006 and January 9, 2006, the Individual Defendants and the City filed Motions for Sanctions (Docket #s 100 and 101, respectively) seeking dismissal of all claims for Plaintiffs' failure to comply with the Court's Order that directed Plaintiffs to provide the requested medical records and answers to interrogatories by December 6, 2005. On January 25, 2006, I held a hearing at which I ordered Plaintiffs to sign, under oath, and serve upon defense counsel, the pertinent medical releases and answers to interrogatories, signed under oath, by January 27, 2006 (See Order of January 31, 2006, Docket # 110). On February 2, 2006, the City complained that Plaintiffs had once again failed to comply with my Order (Docket # 111) by again serving unsigned answers to their interrogatories. On February 6, 2006, I issued a Third Order on Discovery Motions which provided Plaintiffs with yet another opportunity, until February 10, 2006, to sign their interrogatory responses under oath (Docket # 112). They were also ordered to respond by February 10, 2006 to defendants' contention that they had failed to produce their medical release forms (Id.)

In disregard of my Order, however, Pechner-James failed to sign her responses under oath, and Fernandez did not sign her responses at all. In addition, they made no response with regard to their medical release forms. As a consequence, on February 17, 2006, I issued an Order wherein Plaintiffs' counsel was sanctioned for engaging in "a pattern of behavior that has

resulted in needless expense and delay." I further noted that "[t]he net effect of this course of conduct has been to delay and impede Plaintiffs' own efforts to seek redress for the serious allegations of wrongful conduct set forth in their Complaint. And, Plaintiffs' counsel has disregarded the plain terms of Rule 33 and this Court's Orders." (Docket # 115). Plaintiffs' counsel was ordered to pay counsel for the City $500.00 and counsel for the Individual Defendants $500.00. I also reserved on Defendants' request to dismiss all of Plaintiffs' claims for failure to answer the interrogatories under oath.

In order to provide Plaintiffs with one final opportunity to answer their interrogatories under oath, I ordered them to appear in person at a Status Conference on March 3, 2006. At that Status Conference, Plaintiffs were put on the stand to attest under oath with respect to their interrogatory answers. They did. I also granted Plaintiffs' request to extend the deadline for expert disclosures until March 30, 2006.

On March 20, 2006, Chief Judge Wolf rejected my Report and Recommendation and DENIED Ambrosino's and Reardon's Motions for Summary Judgment (Docket # 136). Chief Judge Wolf explained, "At this point, Ambrosino, Reardon or both could be an official policymaker. It is, however, not possible to make this determination on the present record. Therefore, it is not appropriate to dismiss Ambrosino or Reardon in their official capacities." Memorandum & Order dated March 19, 2006 at 2 (internal citation omitted).

As of March 20, 2006, eleven (11) days remained in the extended period for deposition discovery, which was set to close on March 31, 2006. On March 22, 2006, the Municipal Defendants filed a second Motion for Partial Summary Judgment (Docket # 138). On March 24, 2006, Plaintiffs filed a Motion for Extension of Time to May 23, 2006 to File Expert Reports and

Disclosures (Docket # 140). I denied this Motion for Plaintiffs' counsel's failure to Comply with Local Rule 7.1. Thus, the deadline for expert disclosure remained March 30, 2006. Nonetheless, on March 31, 2006, Plaintiffs filed a Motion for Leave to File Expert Witness Information (docket # 149). On the same date, Plaintiffs filed an "Opposition to Defendants' Motion for Partial Summary Judgment and Request for Extension of Time to Conduct Discovery" (Docket #146). In that Opposition/Request, Plaintiffs contend that

> "Prior to March 20, 2006 and the entry of Judge Mark L. Wolf's Order denying the summary judgment requested in Docket # 29 and # 37, the *Plaintiffs have not had the opportunity, through the use of deposition, interrogatories and other instruments of discovery, to examine the Defendants.* An examination of the Defendants is essential for the Court to determine whether the unconstitutional conduct of the Defendants' employees implements or executes a municipal policy or custom." (Docket # 146, page 3) (emphasis added).

On April 11, 2006, I held a hearing on the parties' pending motions. With regard to Plaintiffs' Request to Enlarge the Period for Discovery (Docket #146), I inquired of Plaintiffs' counsel as to what additional discovery he contemplated, and from whom. Unfortunately, he responded that at that time, he could not state precisely the discovery he sought.

On the following day, April 12, 2006, I issued an Omnibus Discovery Order and Status Report (Docket # 166) in which I allowed in part Plaintiffs' Request to Enlarge the Period for Discovery (Docket #146). The request was allowed in part in order to provide Plaintiffs' counsel an opportunity to show with specificity what further discovery he needed, and to show cause for why he had not undertaken the discovery before the written discovery deadline of December 6, 2005 and the deposition deadline of March 31, 2006. The Order was clear:

> Plaintiffs shall file by April 19, 2006 a copy of all of the written discovery, if any, they propose to serve on the defendants, a list of the witnesses, if any, they seek to depose and a description, not to exceed three pages, of why the targeted discovery

they seek was not already undertaken and remains necessary. Defendants shall have one week to file a response not to exceed five pages.

In the Order I also denied Plaintiffs' Motion to File Expert Witness Information (Docket # 148) for counsel's failure to provide a basis for an extension past the March 30, 2006 deadline, and for failure to comply with Local Rule 7.1 (again).

On April 19, 2006, Plaintiffs filed their Response to the Discovery Portion of the Omnibus Order (Docket # 171). However, Plaintiffs failed to follow the Court's directive to file by April 19, 2006 " a copy of all of the written discovery, if any, they propose to serve on the defendants." (Order, Docket # 166)(emphasis added). Rather, Plaintiffs filed a list of the following four documents that they assert they had previously served on defendants, but remained unanswered:

1. Pechner-James' First Set of Interrogatories to Ambrosino;

2. Pechner-James' First Set of Interrogatories to Reardon;

3. Fernandez' First Request for Production of Documents[3]; and

4. Fernandez' First Set of Interrogatories to Ambrosino. (Docket # 172).

On April 20, 2006, I issued an Electronic Order indicating that Plaintiffs had failed to comply with the Omnibus Order (Docket # 166) because they had not filed a copy of the written discovery sought as directed. They were ordered to do so by the close of business on April 21, 2006.

On the same date, April 20, 2006, the plaintiffs filed five documents with the Clerk's Office. They were entered onto the docket on April 25, 2006. Plaintiffs have failed to comply

---

[3] It does not state to whom this Request was propounded.

with Local Rule 5.4, which provides that as of January 1, 2006, "[u]nless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein." Counsel is reminded that he has not sought exemption from this rule; indeed, he has previously filed documents electronically as required.

The written discovery now sought by Plaintiffs is as follows:

1. Pechner-James' First Set of Interrogatories to Reardon (Docket # 175);

2. Fernandez' First Set of Interrogatories to Ambrosino (Docket # 176);

3. Pechner-James' First Request for Production of Documents to the City (Docket #177);

4. Fernandez' First Request for Production of Documents to the City (Docket #178); and

5. Fernandez' First Set of Interrogatories to Ambrosino (Docket # 179)[4].

## DISCUSSION

Federal Rule of Civil Procedure mandates that the discovery "schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). In the Advisory Committee notes to the rule pertaining to the 1983 Amendment, the Committee stated that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Plaintiffs are entitled to answers to interrogatories from Ambrosino and Reardon, <u>provided that the interrogatories were served prior to December 6, 2005, the deadline for written discovery</u>. As previously noted, I told Attorney Porr at the hearing on November 29, 2005 that in light of his representation that Plaintiffs had not filed an objection to my Report and Recommendation on summary judgment, he did not, at that

---

[4] I note that Docket # 179 is identical to the document listed as Docket # 176.

time, need to respond to interrogatories served on Reardon and Ambrosino.[5] I reminded counsel, however, that "[i]f Judge Wolf rejects my recommendation as to those two people, then you'll respond in the normal fashion." (Transcript of 11/29/05 hearing, Docket # 142, page 3). **Accordingly, Ambrosino and Reardon must respond to any interrogatories that were served upon them on or before December 6, 2005 within 20 days of the date of this Order.**[6]

However, Plaintiffs are not entitled to responses to their Request for Production of Documents to the City of Revere (Docket #s 177 and 178). Plaintiffs do not represent that they served these Requests on or before December 6, 2005, when written discovery closed. Plaintiffs have had every opportunity during the lengthy course of this litigation to seek this discovery from the City,[7] and apparently have not attempted to do so until several months after the deadline has passed. Accordingly, their request is DENIED.[8]

Nor are Plaintiffs entitled to an extension of time to conduct the depositions of Ambrosino and Reardon. As an initial matter, it must be noted that although Plaintiffs have styled Docket #146 as an "Opposition" and "Request", it in fact contains a substantive Motion

---

[5] Although the record is not clear, it is the Court's understanding that Reardon and Ambrosino had indeed been served with interrogatories prior to that hearing.

[6] If the interrogatories requested in Docket #s 175, 176, and/or 179 differ at all from any interrogatories that may have been served prior to December 6, 2005, defendants need not answer them. Plaintiffs are only entitled to responses to interrogatories that they served within the period for written discovery.

[7] I note as an aside that the City was not the subject of the summary judgment motion for which I issued a Report and Recommendation.

[8] If the plaintiffs in fact did serve these discovery requests prior to December 6, 2005 and they have not received satisfactory responses, their proper relief is sought through a motion to compel.

11

that seeks an extension of time. As such, Plaintiffs were required to, but did not, comply with Local Rule 7.1 and confer with opposing counsel before filing the Motion. Plaintiffs' failure to comply with Local Rule 7.1 before filing the Request for an Extension is reason alone to deny the Request, especially in light of the fact that several of Plaintiffs' motions have been denied throughout the course of this litigation for such failure. Plaintiffs' continued failure to comply with the Rules is unacceptable, as it unnecessarily hinders efficient case management.

Moreover, in their Response to the Omnibus Order on Discovery, Plaintiffs represented that

> After October 12, 2005, the Magistrate instructed all counsel to treat the Defendants, Thomas Ambrosino and Terrence Reardon as though his recommendation had been accepted by the [District] Judge. The Defendants have therefore been unavailable since October 12, 2005. The acrimonious environment created by the Defendants, particularly Walter H. Porr, Jr. has made the pursuit of discovery all but impossible. His response to a simple, eleven item, straightforward document request epitomizes his attitude to the Plaintiffs' pursuit of discovery . . . The proposed depositions can establish how the policy makers acquiesced in the long standing practice and custom of the City of Revere.

This logic is flawed for a number of reasons. First, it was not until November 29, 2005, not October 12, 2005, that I informed Attorney Porr that he need not respond to Plaintiffs' interrogatories *at that time*. In any event, it was clear to all present, including Plaintiffs' counsel, that my Report and Recommendation might be rejected by Judge Wolf. (See Transcript of 11/29/05 hearing, Docket # 142, page 3, wherein I remarked that "[i]f Judge Wolf rejects my recommendation as to these two people [Ambrosino and Reardon], then you'll respond in the normal fashion.") All counsel are charged with the knowledge of that possibility and of their responsibility to proceed accordingly. At no time did Plaintiffs' counsel object, nor did he

discuss his desire to take the depositions of defendants. In addition, at no time did this Court indicate that the discovery deadlines would be extended.

Second, counsel have been keenly aware of the discovery deadlines imposed in this matter. Plaintiffs had every opportunity during the original discovery period which closed on September 30, 2005 to notice the depositions of Ambrosino and Reardon. However, the Court understands that they elected not to do so. The deadline for depositions was extended to March 31, 2006, providing Plaintiffs further opportunity to do so. Again, they failed to do so. In fact, from the record before me, it appears that at no time during the course of this lengthy litigation did plaintiffs notice the deposition of *any* defendants, or non-parties as fact witnesses, to this matter.[9]

Even if I accept Plaintiffs' assertion that the defendants have been "unavailable" since October 12, 2005, which I do not, Plaintiffs' argument is unavailing.[10] After Chief Judge Wolf issued his Order on summary judgment on March 20, 2006, <u>eleven days</u> before the close of deposition discovery, Plaintiffs had ample opportunity to, at minimum, *notice* the depositions of Ambrosino and Reardon to ensure that they acted within the deadline. They did not do so.

---

[9] Of course, there were no limits on Plaintiffs' opportunity to take discovery from the other parties in this case, including the City, on any discoverable topic including all of the facts and circumstances relating to the allegations in the Complaint, the identity of the City's final policymakers, or the City's policies relating to this case.

[10] In any event, plaintiffs' justification for their Request for Enlargement is that they needed an "extension of time to conduct interrogatories and depositions of these Defendants *in order to determine the municipal policy or custom of the City of Revere*." (Docket # 146, page 4)(emphasis added). As noted in my Omnibus Discovery Order, "Plaintiffs have had ample opportunity to take appropriate discovery regarding the policies and practices of the City of Revere as well as the Chief's predecessors, all of whom are defendants in this case." (Docket # 166).

13

Rather, they waited until the very same day that discovery closed to request an extension. Moreover, as noted above, their request was made improperly, as it was contained in the second part of their Opposition to Defendants' motion for summary judgment, rather than filed as a separate motion subject to the "meet and confer" rules.

As stated in the Omnibus Discovery Order,

> An efficient litigation process and Orders of the Court require counsel's compliance with both court imposed discovery deadlines and the Local Rules. Plaintiffs have had numerous opportunities within the discovery period to [serve their discovery] or seek, properly, leave of court to extend the period. They have not done so, and the instant motion is untimely. Moreover, plaintiffs' counsel failed to comply with Local Rule 7.1(c). "Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law . . . and they are binding upon the litigants and upon the court itself." Airline Pilots Association v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir.1994). A district court has "great leeway in the application and enforcement of its local rules." United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992). See also Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 93-94 (1st Cir. 1996) (plaintiffs never sought to confer with opposing counsel as local rules required).

A court "is free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir.1999). At the hearing on October 6, 2005, I stated that it was "crunch time . . . [and the] timing rules need to be followed more precisely . . . so that we can keep things moving." (Transcript of 10/6/05 hearing, page 46). Plaintiffs have had more than adequate opportunity to notice the depositions of Ambrosino and Reardon, and have not shown cause as to why their request for an extension should be granted at the eleventh hour.

Third, Plaintiffs assert that the City's attorney has been "acrimonious" and that his conduct has prevented discovery. Allegations of attorney misconduct are serious. If defense counsel failed to respond properly to deposition notices, document requests, or other discovery

requests, it is Plaintiffs' burden to bring such matters to the attention of the Court. In the instant litigation, Plaintiffs have filed only one motion to compel, Docket # 34, which did not concern any of the issues discussed herein, and was resolved partially in Plaintiffs' favor on October 12, 2005. Since that time, the Court has held four status conferences and motion hearings, yet at no time have Plaintiffs sought an additional order compelling discovery.[11]

Finally, it bears mention that it was the *Plaintiffs and/or their counsel*, not Defendants, who repeatedly disregarded various Discovery Orders of the Court and were thus ultimately sanctioned. The record is utterly devoid of evidence to support the assertion that defense counsel bears responsibility for the fact that Plaintiffs have not yet taken the discovery they now request.

The failure of Plaintiffs to seek the requested discovery within the deadline agreed to by counsel and adopted by the Court can be imputed to no one but Plaintiffs themselves. They have not shown cause why they did not seek the depositions of Ambrosino and Reardon prior to the close of deposition discovery, and their request for an extension on the last day of the discovery period is without merit. In addition, Plaintiffs failed to comply with Local Rule 7.1's requirement to meet and confer.

---

[11] I note that Plaintiffs filed various motions for sanctions which they withdrew. Said motions are not relevant to this discussion, as they pertain to methods by which defense counsel pursued further answers from Plaintiffs, not any allegation that defense counsel was preventing discovery of his client(s) from proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for additional discovery is DENIED, except that Ambrosino and Reardon are directed to respond to Interrogatories served upon them on or before December 6, 2005 no later than 20 days from the date of this Order.

SO ORDERED.

Leo T. Sorokin

/s/ LEO T. SOROKIN
United States Magistrate Judge