UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>      Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>      Defendants, | )<br>)<br>)<br>)<br>)<br>)  C.A.  No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S, MOTION FOR SANCTIONS FOR PLAINTIFF SONIA FERNANDEZ'S FAILURE TO COMPLY WITH OMNIBUS DISCOVERY ORDER**

      COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby move the Court to issue an order imposing sanctions upon Plaintiff Sonia Fernandez for her failure to comply with the Court's Omnibus Discovery Order (Docket No. 166).

**I.**

**Background**

      The Court's Omnibus Discovery Order issued on April 12, 2006, instructed the parties to "file with the Court a list of the agreed upon deposition dates no later than April 21, 2006.  This list must include a sufficient number of dates to ensure that all depositions are completed by June 1, 2006."  See Docket No. 166, page 4, subparagraph A.2.d.  On April 20, 2006, Plaintiff's Counsel, Attorney James Dilday, called City Solicitor Paul Capizzi about additional deposition

dates needed to comply with the Court's Omnibus Discovery order.  Affidavit of Paul Capizzi. Moreover, Attorney Dilday asked if some of the depositions could be conducted in Revere and for fewer hours than called for by the Omnibus Discovery Order.  Affidavit of Paul Capizzi. One of the dates suggested by Attorney Dilday and agreed to by these moving defendants was May 4, 2006, from 1:00 to 5:00 p.m. at Revere City Hall.  Affidavit of Paul Capizzi.

The parties filed the agreed upon discovery schedule as required by the Omnibus Discovery Order.  See Docket No. 173.[1]  The May 4, 2006, deposition date was on the list so filed.  Moreover, on April 28, Counsel for the individual officer defendants sent a letter via fax to Plaintiffs' Counsel outlining which Plaintiff would be deposed on the chosen dates.  See Exhibit "A" hereto.  Plaintiffs' Counsel responded later that day acknowledging receipt of the deposition and schedule and requesting a further accommodation not relevant here.  See Exhibit "B" hereto. With the schedule thus set, Counsel for the individual officer defendants then sent out the requisite deposition notices later that same day.  See Exhibit "C" hereto.[2]  The City of Revere received the deposition notices sent on April 28, 2006, on May 1, 2006.  See Exhibit "C", page 1, bottom of the page.

The Court's Omnibus Discovery Order also informed the parties that "[a]bsent illness, or agreement on the record at the deposition (or in writing) between all counsel, the Court expects each counsel and the deponent to appear for the depositions at the agreed upon time and remain until 5:00 p.m." See Docket No. 166, page 4, subparagraph A.2.d.

Plaintiff Sonia Fernandez and her Counsel failed to appear for her deposition scheduled for May 4, 2006, from 1:00 to 5:00 p.m. at Revere City Hall, Revere, Massachusetts.  Affidavit

---

[1]   The Court's attention is directed to page two of Docket No. 173 which reflects an accommodation made to Plaintiffs' Counsel vis-à-vis the discovery schedule.  This accommodation is at the heart of the instant motion.

[2]   For purposes of this motion, only the relevant deposition notice has been attached to the Exhibit.

of Walter H. Porr, Jr. Counsel for these moving defendants was given no notice whatsoever that Plaintiff Fernandez and her Counsel would not be appearing for the deposition. Affidavit of Walter H. Porr, Jr. When 1:15 p.m. arrived and Plaintiff Fernandez and her Counsel were not present, a telephone call was placed to Plaintiff's Counsel's office which was answered by an answering machine. Affidavit of Walter H. Porr, Jr. A message was left regarding the non-appearance at the deposition. Affidavit of Walter H. Porr, Jr. By 2:00 p.m., when neither Plaintiff Fernandez nor her Counsel, had appeared and when the message left at Plaintiff's Counsel's office had not been returned, Counsel for these moving defendants went on the record to make a record of her non-appearance. Affidavit of Walter H. Porr, Jr.

At 3:05 p.m. on May 4, 2006, Counsel for these moving defendants received a call from Plaintiff's Counsel during which he, Plaintiff's Counsel, professed not to know that a deposition had actually been scheduled for today, although he knew it was a possibility that a deposition would be scheduled for today. Affidavit of Walter H. Porr, Jr. In light of the fact that (1) Plaintiff's Counsel was the one who called and proposed the May 4, 2006, deposition date; (2) the deposition schedule filed with the Court on April 21, 2006 (Docket No. 173) included this date; and, (3) the exchange of correspondence and deposition notices on April 28, 2006 (Exhibits "A" to "C" hereto) also included this date, Counsel for these moving defendants found this representation to be lacking in credibility and decided that it was pointless to argue the point, instead choosing to limit the substance of his response to confirming that a deposition had indeed been scheduled and confirming that the deposition for May 5, 2006, would indeed go forward. Affidavit of Walter H. Porr, Jr.

## II.

### Plaintiff Sonia Fernandez's Case Should Be Dismissed

The Court's Omnibus Discovery Order (Docket No. 166) and its Order on Plaintiffs' Request to Enlarge the Period For Discovery (Docket No. 181) say all that needs to be said about Plaintiff's and her Counsel's failures to comply with the Federal Rules of Civil Procedure and this Court's orders as they relate to discovery, among other matters.  For Plaintiff's Counsel to represent that he did not know that a deposition was scheduled for May 4, 2006, when he himself proposed the date and it was subsequently the subject of a court filing and two letters, strains credulity beyond the breaking point.  There is simply no way on God's green earth he could not have known given the un-impeachable document trail of which he was a part.  It is equally telling that Plaintiff's Counsel apparently did not even to bother to inform his client of her deposition, despite the Court's order and the scheduling activities rehearsed above.

The Court's authority to dismiss this case as to Plaintiff Sonia Fernandez is clear and has been briefed repeatedly in previous motions related to her prior discovery failures.  Here again, the Court's Omnibus Discovery Order (Docket No. 166) and its Order on Plaintiffs' Request to Enlarge the Period For Discovery (Docket No. 181) say all that needs to be said about the inexcusable failure of the Plaintiff and her Counsel in this regard.  Enough is enough.  There is no longer any acceptable excuse for yet another failure to comply with not only a duty based upon the Federal Rules, but also a duty imposed by yet another order of this Court.

Inasmuch as all lesser forms of sanction have failed, dismissal is not only warranted, but apparently long over due.

## III.

### Defendants Are Also Entitled to Monetary Sanctions

Fed.R.Civ.P. 37(b)(2) authorizes monetary sanctions under the circumstances presented here. These moving defendants seek sanction in the amount of $750.00. See Affidavit of Walter H. Porr, Jr.

WHEREFORE, the premises being considered, Plaintiff Sonia Fernandez's action should be dismissed and these moving defendants awarded $750.00 in monetary sanctions.

For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

By their Attorneys,

 /s/  Walter H. Porr, Jr.
Paul Capizzi, Esq., City Solicitor
BBO#:  646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: May 5, 2006.

**CERTIFICATE OF SERVICE**

   I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                       /s/ Walter H. Porr, Jr.
                       Walter H. Porr, Jr.,

Dated: May 5, 2006