UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | C.A. No. 03-12499-MLW |

### AFFIDAVIT OF WALTER H. PORR, JR., IN SUPPORT OF DEFEDANTS' MOTION FOR SANCTIONS

I, Walter H. Porr, Jr., do hereby depose and state:

1.  I am an Assistant City Solicitor for the City of Revere and have been so employed since December 13, 2004. I am an attorney of record for Defendants, City of Revere and the City of Revere Police Department, in this action. I prepared the said Defendants' opposition to Plaintiffs' motion for partial summary judgment.

2.  Plaintiff Sonia Fernandez and her Counsel failed to appear for her deposition scheduled for May 4, 2006, from 1:00 to 5:00 p.m. at Revere City Hall, Revere, Massachusetts. I was given no notice whatsoever that Plaintiff Fernandez and her Counsel would not be appearing for the deposition.

3.  When 1:15 p.m. arrived and Plaintiff Fernandez and her Counsel were not present, a telephone call was placed to Plaintiff's Counsel's office which was answered by an answering machine. A message was left regarding the non-appearance at the deposition. By

2:00 p.m., when neither Plaintiff Fernandez nor her Counsel, had appeared and when the message left at Plaintiff's Counsel's office had not been returned, I went on the record make a record of the non-appearance.

4.      At 3:05 p.m. on May 4, 2006, I received a call from James Dilday, Plaintiff's Counsel, during which he professed not to know that a deposition had actually been scheduled for today, although he stated that he knew it was a possibility that a deposition would be scheduled for today.  In light of the fact that Attorney Dilday was the one who had requested the May 4, 2006, deposition date, the fact that the deposition schedule filed with the Court on April 21, 2006 (Docket No. 173) included that date and the further fact that the exchange of correspondence and deposition notices on April 28, 2006 (Exhibits "A" to "C" hereto) also included that date, I found this representation to be lacking in credibility and decided that it was pointless to argue the point, instead choosing to limit the substance of my response to confirming that a deposition had indeed been scheduled and confirming that the deposition for May 5, 2006, would indeed go forward.

5.      I spent one (1) hour waiting for Plaintiff Sonia Fernandez and Attorney Dilday to appear at the deposition and that I spent an additional two (2) hours preparing the motion, exhibits, this affidavit which is being filed in support and the Local Rule 7.1 certification and then filing them with the Court by ECF.

6.      I was first licensed to practice law in the State of California and the United States District Court for the Eastern District of California on December 7, 1988.  I was subsequently licensed to appear before the Ninth Circuit Court of Appeals, the United States Supreme Court and the United States District Court for the Central District of California.  On January 29, 2004, I was licensed to practice law in the Commonwealth of Massachusetts and the First Circuit Court

of Appeals. On February 25, 2004, I was licensed to practice before the United States District Court for the District of Massachusetts.

7. Since late 1990, I have continuously been involved in the trial and/or appellate litigation of claims in the federal district and appellate courts. I have tried over 15 cases to verdict in the Eastern District of California (the vast majority of which were jury trials) and have defended approximately six cases in the Ninth Circuit Court of Appeals, two of which required oral argument. I have tried to verdict and defended on appeal a similar number of cases in state court. The majority of my trial experience was gained in my capacity as a Deputy City Attorney for the City of Bakersfield, California from December 16, 1990 to January 3, 2003.

8. I appeared as counsel for the City of Revere in the case entitled Falta v. City of Revere, Case No. 03-10065-RWZ, and was instrumental in the settlement of that case during the pre-trial conference in January 2005 before Judge Rya Zobel. I have also appeared as counsel of record for the City of Revere in the case entitled City of Revere v. Boston/Logan Airport Associates, LLC, Case No. 03-10280-NMG, and was instrumental in preparing the City's motion for summary judgment and the opposition to Boston/Logan's motion for summary judgment, both of which are still pending. I am also counsel of record for the City of Revere in the case entitled Vieux v. City of Revere, 06-10041-WGY, a case which was just recently filed and is currently in discovery.

9. From 2004 to the present, I have both maintained a private practice of law in the Boston area and, as of December 2004, I have worked for the City of Revere as the Assistant City Solicitor. Based upon my own practice of law, my interaction with other practitioners in the greater Boston area, my review of outside counsel agreements for the City of Revere and my general knowledge of the local legal community, it is my opinion that an hourly rate of $250.00

per hour is reasonable for an attorney with over 17 years of trial and appellate experience in federal court.

      10.    Based upon the foregoing, the City of Revere is seeking sanctions in the amount of $750.00 based upon the expenditure of three (3) hours time at an hourly rate of $250.00 per hour.

Signed under the pains and penalties of perjury this 5th day of May, 2006.

                                  Respectfully submitted,

                                  /s/ Walter H. Porr, Jr.
                                  Walter H. Porr, Jr.

**CERTIFICATE OF SERVICE**

  I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

                /s/ Walter H. Porr, Jr.
                Walter H. Porr, Jr.,

Dated: May 5, 2006