UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES** and **SONIA FERNANDEZ**, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    C.A. No.: 03-12499MLW |
| | : |
| **CITY OF REVERE, THOMAS AMBROSINO,** Mayor, **CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON,** Chief, **BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY** and **STEVEN FORD,** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## OPPOSITION OF PLAINTIFF SONIA FERNANDEZ TO DEFENDANTS CITY OF REVERE'S MOTION FOR SANCTIONS

Now comes the plaintiff, Sonia Fernandez, and files her opposition to defendant City of Revere, Mayor Thomas Ambrosino, and Chief of Police Thomas Reardon's motion to dismiss for failure to appear at a deposition scheduled for May 4, 2006. For reason, plaintiff states that through inadvertence and mistake the deposition was missed.

Plaintiff's counsel and attorney Michael Akerson agreed on prospective dates for depositions to supplement those that had been previously scheduled. Plaintiff's counsel gave attorney Akerson possible dates of May 4, 2006, May 11, 2008, May 16, 2006 and May 19, 2006 with the request that they be scheduled in Revere because plaintiff's counsel would be in court on each of those days in the greater Boston area, and scheduled

those depositions as an accommodation to the defendants and the courts concerns regarding completing the depositions prior to June 1, 2006.

There was no consultation with plaintiff's counsel regarding the finalization of the schedule and there were never any formal deposition notices sent to plaintiff regarding those dates for Revere. Plaintiff's counsel read the deposition notices for Worcester but did not notice the schedule for Revere, although he acknowledges that the schedule was in the April 28, 2006 letter.

There has been no clear design to circumvent the court's order and counsel was truly unaware that there had been a deposition scheduled for May 4, 2006. Counsel has no reason to fabricate a story for this court or any one else. He was in error and did not realize that there was a deposition scheduled for May 4, 2006 until he arrived at his office at approximately 3:00PM after transporting his son to and from the hospital because of a ruptured Achilles tendon injury. Had counsel been cognizant of the deposition, he would have made alternative arrangements for the hospital trip.

Plaintiff requests that such a harsh resolution as proposed by attorney Walter Porr be denied. At the deposition of Terri Pechner-James on May 5, 2006, counsel reiterated his mistake to attorneys Porr and Vigliotti. Attorney Vigliotti and counsel resolved this matter by counsel agreeing to pay attorney Vigliotti for his expenses, which amounted to $542.48. Attorney Porr at that Rule 7.1 conference stated that he wanted one of two things: that either Ms Fernandez be precluded from testifying at trial or agree to a voluntary dismissal. When counsel refused to adhere to Attorney Porr's demand, the motion for sanctions was filed. The position of Attorney Porr at the Rule 7.1 conference was not made in the spirit of compromise but made in a manner that no attorney could or would accept.

For the above cited reasons, plaintiff respectfully requests that the defendant's motion for sanctions, which is in reality a motion to dismiss, be denied.

                                              Respectfully submitted,

                                              /s/_James S. Dilday
Grayer & Dilday, LLP
27 School Street
Boston, MA 02108
617-227-3470
BBO# 124360