UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>   Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>   Defendants, | )<br>)<br>)<br>)<br>)  C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S, MOTION FOR SANCTIONS FOR PLAINTIFF TERRI PECHNER-JAME'S FAILURE TO COMPLY WITH OMNIBUS DISCOVERY ORDER**

  COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby move the Court to issue an order imposing sanctions upon Plaintiff Terri Pechner-James (Pechner) for her failure to comply with the Court's Omnibus Discovery Order (Docket No. 166) or, in the alternative and/or in addition, for a protective order.

**I.**

**Background**

  The Court's Omnibus Discovery Order issued on April 12, 2006, instructed the parties to "file with the Court a list of the agreed upon deposition dates no later than April 21, 2006. This list must include a sufficient number of dates to ensure that all depositions are completed by June 1, 2006." See Docket No. 166, page 4, subparagraph A.2.d. On April 20, 2006, Plaintiff's

Counsel, Attorney James Dilday, called City Solicitor Paul Capizzi about additional deposition dates needed to comply with the Court's Omnibus Discovery order. See Affidavit of Paul Capizzi, Docket No. 183. Moreover, Attorney Dilday asked if some of the depositions could be conducted in Revere and for fewer hours than called for by the Omnibus Discovery Order. Affidavit of Paul Capizzi, Docket No. 183. One of the dates suggested by Attorney Dilday and agreed to by these moving defendants was May 11, 2006, from 1:00 to 5:00 p.m. at Revere City Hall. Affidavit of Paul Capizzi, Docket No. 183.

The parties filed the agreed upon discovery schedule as required by the Omnibus Discovery Order. See Docket No. 173.[1] The May 11, 2006, deposition date was on the list so filed. Moreover, on April 28, Counsel for the individual officer defendants sent a letter via fax to Plaintiffs' Counsel outlining which Plaintiff would be deposed on the chosen dates. See Docket No. 182, Exhibit "A" thereto. Plaintiffs' Counsel responded later that day acknowledging receipt of the deposition and schedule and requesting a further accommodation not relevant here. See Docket No. 182, Exhibit "B" thereto. With the schedule thus set, Counsel for the individual officer defendants then sent out the requisite deposition notices later that same day. See Exhibit "A" hereto.[2] The City of Revere received the deposition notices sent on April 28, 2006, on May 1, 2006. See Exhibit "A", page 1, bottom of the page.

The Court's Omnibus Discovery Order also informed the parties that "[a]bsent illness, or agreement on the record at the deposition (or in writing) between all counsel, the Court expects each counsel and the deponent to appear for the depositions at the agreed upon time and remain until 5:00 p.m." See Docket No. 166, page 4, subparagraph A.2.d.

---

[1]  The Court's attention is directed to page two of Docket No. 173 which reflects an accommodation made to Plaintiffs' Counsel vis-à-vis the discovery schedule. This accommodation is at the heart of the instant motion.

[2]  For purposes of this motion, only the relevant deposition notice has been attached to the Exhibit.

A.     **The May 5, 2005, Deposition of Plaintiff Pechner:**

Plaintiff Pechner appeared for her deposition scheduled for May 5, 2006, from 10:00 to 5:00 p.m. at the Offices of Reardon, Joyce and Akerson in Worcester, Massachusetts. A true and accurate copy of the transcript of the deposition is being filed concurrently herewith under separate cover.[3] Affidavit of Walter H. Porr, Jr. This was the first day for Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Reardon to examine Plaintiff Pechner.

Notwithstanding the Court's admonishment to her in open court on March 3, 2006, throughout the course of the deposition, Plaintiff Pechner (1) has refused to answer proper and legitimate questions (see Exhibit "B" hereto); (2) has answered many questions in a non-responsive manner forcing the question to be re-asked (see Exhibit "C" hereto); (3) has became combative and engaged in speeches and diatribes instead of answering the question (see Exhibit "D" hereto); and, (4) has mocked and taunted the deposition examiner (see Exhibit "E" hereto). Plaintiff Pechner's approach to the deposition can best be explained in her own words:  "***I'm going to speak and say what I want to say, whether it's your day or not.***" Emphasis added. Pechner Deposition, page 743, lines 14-15. In other words, the Court's admonishment of March 3, 2006, means nothing to Plaintiff Pechner.

Moreover, during the course of the deposition, the deposition examiner asked Plaintiff's Counsel to intervene with Plaintiff Pechner to get her to curb her abusive behavior. See Pechner Deposition Transcript, page 608, line 13 to page 609, line 17 and page 660, line 12 to page 661,

---

[3]     While Counsel for these moving Defendants is very well aware that the Court's calendar is full, it is respectfully requested that the Court read the transcript in its entirety in order to gain as full a flavor as possible of Plaintiff Pechner's hostility to the cross-examiner, her combativeness and her refusal to answer legitimate questions. Moreover, this examination will also vindicate the cross-examiner and reflect that he maintained his professional composure through-out the deposition process, something he would have done in any event notwithstanding the Court's order to maintain professional demeanor.

line 19.  Plaintiff's Counsel steadfastly refused to do anything to bring his client under control and to have her behave in manner conducive to completing the deposition in a timely and reasonable manner.  Indeed, Plaintiff's Counsel explicitly stated that he was "not going to restrict the answer.  *The judge may restrict the answer.*  I'm not going to restrict what she says."  Italics added.  Pechner Deposition, page 660, lines 18-20.  In addition, Plaintiff's Counsel stated that Plaintiff "has to get her emotions out here."  Pechner Deposition, page 660, lines 20-21.[4]  Thus, apparently the Court's admonishment of March 3, 2006, means nothing to Plaintiffs' Counsel either.

Finally, after another one of her diatribes, she left the deposition prior to the Court ordered time of 5:00 p.m.  Affidavit of Walter H. Porr, Jr.  NOTE:  Prior to peremptorily leaving the deposition, Plaintiff Pechner expressed that she was "exhausted."  Pechner Deposition, page 753, lines 6-13.  In fairness to the Plaintiff, Counsel for these moving defendants who was conducting the examination inquired further and offered to suspend the deposition if she was too tired to continue.  Pechner Deposition, page 753, line 14 – page 754, line 7.  Plaintiff Pechner stated that that the deposition could go on.  Pechner Deposition, page 754, lines 1-7.

**B.**  **The Non-Attended Deposition of May 11, 2005:**

Plaintiff Pechner was scheduled for deposition on May 11, 2006.  See Docket No. 173, etc.  Neither she, nor her counsel appeared for her deposition on that date.  Instead, on May 9, 2006, Attorney Dilday faxed a letter to all defense counsel which requested that Plaintiff Fernandez be deposed in place of Plaintiff Pechner.  See Exhibit "F" attached hereto.  As will be observed, no explanation was offered for this request to switch deponents.  Efforts to reach

---

[4]  Aside from the obvious abdication of his role as an Attorney and Counsellor at Law, Plaintiff's Counsel's statement that the Plaintiff "has to get her emotions out here" reflects a fundamental misunderstanding of the deposition process.  Depositions are NOT therapy sessions.  They are cross-examinations conducted under oath in the context of civil discovery in preparation for trial.

4

Attorney Dilday by telephone to obtain an explanation for this change in the schedule were unavailing. See Exhibit "G" attached hereto.

Then, on May 10, 2006, Attorney Dilday faxed yet another letter to all defense counsel, this time requesting that the already shortened deposition be shortened even further. See Exhibit "H" attached hereto.

As a result of the inability to establish direct contact with Attorney Dilday and obtain some sort of an explanation for the changes in the Court ordered deposition schedule, Defendants' Counsel felt they had no choice but to cancel Plaintiff Pechner's deposition for May 11, 2006. See Exhibit "G."

It should here be noted that while Attorney Dilday can not seem to make time to comply with the Court ordered deposition schedule, he has seemed to find ample time to file a worthless and meritless appeal of the Court's most recent, thorough and exhaustive discovery order. See Docket No. 186. No doubt he will have used the time garnered from his failure to appear for the May 11 deposition to comply with the Court's electronic order of May 9, 2006, that he file a response by noon on May 12, 2006, to these moving defendants motions regarding his failure to appear for deposition on May 4, 2006.

## II.

### Plaintiff Pechner's Case Should Be Dismissed

The Court's Omnibus Discovery Order (Docket No. 166) and its Order on Plaintiffs' Request to Enlarge the Period For Discovery (Docket No. 181) say all that needs to be said about Plaintiff's and her Counsel's failures to comply with the Federal Rules of Civil Procedure and this Court's orders as they relate to discovery, among other matters. Plaintiff Pechner's behavior

5

at her deposition and her Counsel's failure to take action to correct it are inexcusable and in clear violation of the Civil Discovery provisions and this Court's various orders related thereto.

The Court's authority to dismiss this case as to Plaintiff Pechner is clear and has been briefed repeatedly in previous motions related to her prior discovery failures. Here again, the Court's Omnibus Discovery Order (Docket No. 166) and its Order on Plaintiffs' Request to Enlarge the Period For Discovery (Docket No. 181) say all that needs to be said about the inexcusable failure of the Plaintiff and her Counsel in this regard. Enough is enough. There is no longer any acceptable excuse for yet another failure to comply with not only a duty based upon the Federal Rules, but also a duty imposed by yet another order of this Court.

Inasmuch as all lesser forms of sanction have failed, dismissal is not only warranted, but apparently long over due.

### III.

### Defendants Are Also Entitled to Monetary Sanctions

Fed.R.Civ.P. 37(b)(2) authorizes monetary sanctions under the circumstances presented here. These moving defendants seek sanction in the amount of $5,800.00 for the time spent in deposition on May 5, 2006 (including travel time); the cost of the transcript; and, the time spent preparing and arguing this motion. See Affidavit of Walter H. Porr, Jr.

### IV.

### Alternatively, Defendants Are Entitled to a Protective Order

Pursuant to Fed.R.Civ.P. 26(c), the Court has the power to enter a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." These moving defendants and their counsel seek that protection here.

Plaintiff Pechner's refusal to answer questions clearly encompassed within Fed.R.Civ.P. 26(b)(1); her frequently non-responsive answers; her frequently combative behavior, irrelevant diatribes and uncalled for speeches; and, her mocking and taunting of Defendants' Counsel are all totally unacceptable and unnecessarily prolong the deposition process and make it more costly.  Defendants and their counsel are entitled to an order of the court directing Plaintiff Pechner to cease and desist from this insolent and improper behavior and a further order from the Court directing her counsel to instruct in her duties and obligations to comply with the Court's orders and answer the questions put to her in a straightforward and honest manner.

Additionally, Plaintiff Pechner's behavior during the deposition of May 5, 2006, has effectively cost these moving Defendants one of the few days they have been given to depose this party as part of the preparation of their defense of the case.  Accordingly, Defendants also seek a protective order which does not count the May 5 deposition session as one of the days allotted to these defendants.

WHEREFORE, the premises being considered, Plaintiff Pechner's action should be dismissed and these moving defendants awarded $5,800.00 in monetary sanctions, or, if not dismissed, in addition to monetary sanctions, these moving defendants request for protective order be granted.

[Signature on next page.]

    For the Defendants, CITY OF REVERE, CITY OF REVERE POLICE DEPARTMENT, MAYOR THOMAS AMBROSINO and POLICE CHIEF TERENCE REARDON

                                        By their Attorneys,

                                        /s/ Walter H. Porr, Jr.
                                        Paul Capizzi, Esq., City Solicitor
                                        BBO#:  646296
                                        Walter H. Porr, Jr., Esq.
                                        Assistant City Solicitor
                                        BBO#:  659462
                                        wporr@revere.org
                                        City Hall, 281 Broadway
                                        Revere, MA 02151
                                        781-286-8166

Dated: May 12, 2006.

## CERTIFICATE OF SERVICE

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                        /s/ Walter H. Porr, Jr.
                                        Walter H. Porr, Jr.,

Dated:  May 12, 2006