# EXHIBIT G

# REARDON, JOYCE & AKERSON, P.C.

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

May 10, 2006
Via telefax # 617-227-9231

James S. Dilday, Esq.
27 School Street, Suit 400
Boston, MA 02108

RE:   Pechner-James and Fernandez v. City of Revere, et als

Dear Attorney Dilday:

    I am in receipt of two letters from you that were telefaxed to my office on dated May, 9, 2006, and the second letter on May 10, 2006. Both of these letters request changes to the previously agreed to deposition schedule. The May 9, 2006, letter requests that the deposition scheduled for Thursday, May 11, 2006, be modified so as to substitute Sonia Fernandez as the deponent instead of Terri Pechner-James. The letter did not contain an explanation for the requested change, not to mention the late notice being given. On May 9th I called your office in an attempt to contact you, but I only received your voice mail. My voice mail message to you stated that I needed to speak with you regarding your request due to the lack of explanation in your letter as to the desire deponent change. On May 10, 2006, I again received a telefaxed letter from you requesting another change in the deposition scheduled for May 11, 2006. Specifically, the letter indicated that you had court in the morning of the 11th and that you needed to change the deposition start time 1:00 p.m. until 2:00 p.m. and that the deposition would conclude at 5:00 p.m. The letter did not address any of the concerns I detailed in my message to you on May 9, 2006.

    I subsequently received a voice mail message from you at approximately 12:00 p.m. on May 10, 2006. The message indicated that you had received my voice mail message yesterday and that you were in court and requested that I call you on your cellular telephone. I could not do so because the cellular telephone number you left on my voice mail was inaudible. As a result I contacted your office and left you a detailed message about my concerns over the requested changes to the deposition schedule and the uncertainties I had about who was going to be deposed on May 11, 2006, as we had not had the opportunity to discuss it and thus I could not agree to the changes.

    Although I understand in the practice of law circumstances arise that can play havoc with one's schedule and in most cases I would be agreeable to accommodate another attorney who has

May 10, 2006                                                    Page 2

a conflict, but I cannot do so in this case. As you know we set the plaintiffs' depositions schedules pursuant to Judge Sorokin's Omibus Discovery Order, which was filed as part of the Defendants' Status Report. The current deposition schedule was modified from Judge Sorokin's order to accommodate your request that some of the depositions take place in Revere and be conducted only in the afternoon, from 1:00 p.m. to 5:00 p.m. Both of the modifications on our part reflect our continuing effort to get the depositions completed despite that they are a hardship on our office in terms of time, travel, attorneys fees and expenses. Attorney Michael Akerson sent you a confirmation of the deposition schedule and who was going to be deposed on which days, in an attempt to avoid the situation that we now find ourselves in. This was followed up by serving upon you the deposition notices.

With that said, the scheduling of the depositions have been an ongoing problem in this matter. As recently as May 4, 2006, we had problems when Ms. Fernandez and you did not show for a scheduled deposition. Therefore, because of the uncertainty of who will show for the deposition on Thursday, May 11, 2006, which directly impacts our ability to prepare for such, and your request to begin at 2:00 p.m. instead of 1:00 p.m., which substantially limits the time available for the deposition, I am considering it **cancelled**. Accordingly, I shall notify the stenographic company not to show in Revere on the 11th. Please note that I have copied counsel for the City of Revere with this letter as per earlier direction of Judge Sorokin and custom.

Should you have any questions, please feel free to contact me.

                                        Very truly yours,

                                        [signature]
                                        John K. Vigliotti

cc:   Paul Capizzi, City Solicitor- via telefax # 781-286-8205
      Walter Porr, Jr., Asst City Solicitor - via telefax #781-286-8205

# REARDON, JOYCE & AKERSON, P.C.

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

## FAX TRANSMITTAL SHEET

**TO:** James Dilday, Esq.
**CC:** Revere Solicitor's Office

**FROM:** John K. Vigliotti, Esq.

**DATE:** May 10, 2006

**RE:** Pechner, et al v. City of Revere

**FAX NO:** 617-227-9231

**NUMBER OF PAGES:** 3 INCLUDING COVER SHEET.

If you do not receive the complete transmittal or if any part is illegible, please call **Donna** at (508) 754-7285.

**COMMENTS:**

****NOTICE OF CONFIDENTIALITY****

THE INFORMATION CONTAINED IN THIS TRANSMITTAL IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS TRANSMITTAL MAY BE AN ATTORNEY/CLIENT COMMUNICATION, AND AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS TRANSMITTAL IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS TRANSMITTAL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TO REARDON, JOYCE & AKERSON, P.C., BY MAIL. THANK YOU.