UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND CHIEF TERENCE REARDON'S, OPPOSITION TO PLAINTIFFS' APPEAL OF ORDER ON <u>PLAINTIFFS REQUEST TO ENLARGE TIME FOR DISCOVERY</u>**

COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Tomas Ambrosino and Chief Terence Reardon, and hereby submit their opposition to Plaintiffs' Appeal of the Court's Order (Docket No. 181) denying their request to enlarge time for discovery and states as follows:

**I.**

**Procedural Posture of This "Appeal"**

Although styled as an "appeal" under Fed.R.Civ.P. 72, since the order being "appealed" is a discovery order, what Plaintiffs are really doing is objecting to the order of the Magistrate Judge pursuant to Fed.R.Civ.P. 72(a). See *Popular Imports v Wong's Int'l*, (1996, ED NY) 166 FRD 276 and *IBEW Local No. 181 Retirement Fund, Annuity Fund & Health Fund by Kogut v Casatelli Elec.*, (1996, ND NY) 168 FRD 130. As such, "[t]he district judge to whom the case is

assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). See also *Popular Imports v Wong's Int'l, supra*, 166 FRD at 277 ("Pretrial discovery questions are generally considered nondispositive and are thus reviewed under this 'clearly erroneous' standard. See Commodity Futures Trading Comm'n v. Standard Forex. Inc., 882 F. Supp. 40, 42 (E.D.N.Y. 1995).")

"Under this standard, [the district court will] affirm the decision unless '"on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed."' Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948)). 'Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if his discretion is abused.' Comeau v. Rupp, 142 F.R.D. 683, 684-85 (D. Kan. 1992)." *ARIZA v. U.S. WEST COMMUNS., INC.*, 167 F.R.D. 131, 133 (D. Colo. 1996). See also *Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44 (D.N.Y. 1999) ("[W]ith respect to discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." Evans v. Visual Technology Inc., 1994 U.S. Dist. LEXIS 850, 1994 WL 28002, at *2 (N.D.N.Y. 1994) (McCurn, J.).)

Plaintiffs' "appeal" neither recognizes nor addresses the standard of review applicable to the discovery order of the Magistrate Judge pursuant to a Rule 72(a) objection. For the reasons set forth more fully below, their "appeal" fails to demonstrate that the Magistrate Judge's order was "clearly erroneous or contrary to law," and thus their objection must be overruled since there was no abuse of discretion.

## II.

## Motion to Strike Additional Evidence

The substantive portion of Plaintiffs' 29 page "appeal" is set forth in pages 1 to 8. Pages 9 through 29 are labeled as Exhibits "A" through "C" and are proposed deposition questions for Mayor Ambrosino, Chief Reardon and an unnamed City Council member. See Docket No. 186, pages 7 and 9 - 29. However, Exhibits "A" to "C" were never submitted to the Magistrate Judge for his review and consideration as part of the underlying request for relief, despite the clear and explicit order of the Magistrate Judge that Plaintiffs do so (see Docket No. 161, page 5, as more fully set forth below and fn. 2 hereto), and no explanation for this failure is offered by the Plaintiffs in their "appeal."[1]

Where, as here, the Magistrate Judge was <u>not</u> presented with evidence by the time of the hearing which resulted in the order being challenged, Plaintiffs may not present such evidence for the first time as part of an objection under Fed.R.Civ.P. 72(a). See *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) ("In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992); Lithuanian Commerce Corp., 177 F.R.D. at 213.")

Thus, Exhibits "A" through "C" are untimely and inappropriate and must be stricken.

---

[1] Here, it should be noted that at the bottom of page 3 of Docket No. 171, Plaintiffs represent that they "have prepared a draft of 100 questions for each policy maker." Yet, despite having prepared these drafts, they did not submit them to the Court at that time.

3

### III.

### The Magistrate Judge's Order Was Neither Clearly Erroneous Nor Contrary to Law

**A.     <u>The Nature of the Requested Relief and the Procedural Posture Relevant Thereto</u>:**

Buried within their opposition (Docket No. 147) of <u>March 31, 2006</u>, to these opposing Defendants motion for partial summary judgment (Docket No. 138), Plaintiffs "request[ed] an extension of time to conduct the depositions and serve the interrogatories and other instruments of discovery needed to determine the municipal policy and custom of the City of Revere and the liability of its final policymaker or policymakers."  (Docket No. 147, page 1.)

Defendants opposed (Docket No. 147) on the grounds that the relevant discovery deadlines had come and gone and that Plaintiffs had failed to demonstrate good cause as required by Fed.R.Civ.P. 16(b) and Local Rule 16.1(G) to modify the scheduling order to reopen discovery.

The Magistrate Judge then issued an Omnibus Discovery Order and Status Report (Docket No. 166) stating that "Plaintiffs shall file by April 19, 2006 a copy of all the written discovery, if any, they propose to serve on the defendants, a list of the witnesses, if any, they seek to depose and a description, not to exceed three pages, of why the targeted discovery they seek was not already undertaken and remains necessary.  Defendants shall have one week to file a response not to exceed five pages."  Docket No. 166, page 5.  For a preview of the Magistrate Judge's Order which is the subject of this appeal, see Docket No. 166, Section A.2.e., pages 4-5.  Plaintiffs did <u>not</u> object to this order pursuant to Fed.R.Civ.P. 72(a).

Plaintiffs responded to the Magistrate Judge's Omnibus Discovery Order by filing Docket Nos. 171, 172 and 175-180.[2] These Defendants responded to and further opposed Plaintiffs requested discovery in their reply entered as Docket No. 174.

With these pleadings before it (see Docket No. 181, page 1, introductory paragraph), the Magistrate Judge entered the order which is the subject of this "appeal."  Of particular significance here is the Magistrate Judge's thorough and exhaustive review of the procedural posture of this case, particularly as it relates to discovery and the Plaintiffs conduct in relation thereto.  See Docket No. 181, pages 1 – 10.[3]

**B.    <u>Plaintiffs Failed to Show Good Cause For the Requested Relief</u>:**

In his Omnibus Discovery Order (Docket No. 166), the Magistrate Judge "allowed in part [Plaintiffs' Request to Enlarge the Period for Discovery (Docket #146)] in order to provide Plaintiffs' counsel an opportunity to show with specificity what further discovery he needed, ***and to show cause for why he had not undertaken that discovery before the written discovery deadline of December 6, 2005 and the deposition deadline of March 31, 2006***."  Emphasis added.  See Docket No. 181, page 8.

Plaintiffs' substantive response (Docket No. 171), like their "request" preceding it (Docket No. 146), failed to demonstrate the required "good cause," despite the Magistrate Judge's order requiring that cause be shown.

In allowing the Plaintiffs' "request" in part (Docket No. 181, page 10, first paragraph under Discussion heading) and denying the balance (Docket No. 181, pages 10-15), the

---

[2]   Noticeably absent from these filings are Exhibits "A" through "C" filed as part of this "appeal."

[3]   The Court is especially invited to compare and contrast the Magistrate Judge's review of the Background of this case (Docket No. 181, pages 1-10) with that of the Plaintiffs (Docket No. 186, pages 2-3).  Any resemblance to reality in the Plaintiffs recitation of this case's Background is purely coincidental.

Magistrate Judge conducted an extensive good cause analysis, despite the fact that it had been totally ignored by the Plaintiffs.

Yet, despite the fact that the Magistrate Judge first ordered Plaintiffs to demonstrate good cause and then determined that they had failed to do so, Plaintiffs' "appeal" makes no mention of the good cause standard whatsoever and consequently undertakes no effort to demonstrate that the Magistrate Judge's order regarding the failure to demonstrate good cause is an abuse of discretion. Thus, not only were Plaintiffs' underlying pleadings deficient in identifying and then satisfying the legal standard for the relief they "requested," so too, their "appeal" fails to identify and then satisfy the legal standard for the relief they seek now. This two-fold failure of not even attempting to show, much less demonstrate, their entitlement to the relief they sought before the Magistrate Judge and now the District Court Judge necessitates that their "appeal" be overruled and the decision of the Magistrate Judge upheld.

C. **The Magistrate Judge's Order Is NOT and Was NOT Calculated to Frustrate the Order of the District Court:**

After rehearsing select portions of this Court's Order regarding Mayor Ambrosino's and Chief Reardon's summary judgment motions (Docket No. 136), Plaintiffs then look to the deposition schedule as it then existed and complain that "[t]he expectations of the Magistrate are unreasonable." Docket No. 186, page 5. What expectations of the Magistrate????? What in the world are Plaintiffs talking about here???? The order which they are appealing was entered on May 1, 2006, while they are arguing about the deposition schedule in March of 2006. To risk the obvious, this makes no sense whatsoever.

Plaintiffs continue in this incoherent vein when they state that "[t]he Magistrate's recommendation violates the spirit and intent of the Judge's order." Docket No. 186, page 6.

What recommendations of the Magistrate???? What spirit and intent of the Judge's order???? This makes no sense.

Finally, Plaintiffs state that they "sought the extension of time so that the deposition of the Mayor and the Chief could be conducted *in the normal and usual manner*."[4] Emphasis added. Docket No. 186, page 6. If the "normal and usual manner" means in conformance with the scheduling order, then Plaintiffs' had from late December of 2003 until December 6 of 2005 to propound written discovery and until March 31, 2006, to notice the depositions they sought. Why didn't they do so????? This is a question they have never answered and their failure to answer this question defeats their efforts at relief now.

### IV.

### There Was NO Abuse of Discretion

In the final analysis, the only reason Plaintiffs will not be able to undertake the "requested" discovery is the simple fact that they just waited until it was too late and, after the deadlines had long passed, they then failed to demonstrate good cause for having allowed it to happen. On "appeal," they repeat these errors by failing to address the relevant standard of review and demonstrate how the Magistrate Judge could have possibly abused his discretion, when they never properly invoked it in the first instance. They have no one to blame but themselves, their efforts to deflect that blame upon others notwithstanding, and, thus, their "appeal" must be overruled and the ruling of the Magistrate Judge sustained.

---

[4] By the very nature of the case, seeking relief to take depositions or conduct other discovery *after* the discovery deadline has passed is not conducting discovery "in the normal and usual manner." That is why good cause must be shown in the first instance. If Plaintiffs had pursued this discovery "in the normal and usual manner," they would have been entitled to it as a matter of right. As it is, they did not, and now they must show good cause for this failure, something they have consistently failed to do.

7

        For the Defendant, **CITY OF REVERE**,
By its Attorneys,

  /s/ Walter H. Porr, Jr.
Paul Capizzi, Esq., City Solicitor
BBO#: 646296
pcapizzi@rvere.org
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: May 15, 2006.

## CERTIFICATE OF SERVICE

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

  /s/ Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated: May 15, 2006