UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, SUPPLEMENTAL MEMORANDUM OF LAW RE: MOTION FOR SANCTIONS, DOCKET NO. 182**

COMES NOW Defendant, City of Revere, and hereby submits its supplemental memorandum of law in support of its motion for sanctions, Docket No. 182.

**I.**

**Plaintiff Fernandez Failed to Appear for Her Deposition Scheduled for May 18, 2006**

Plaintiff Fernandez failed to appear for her deposition scheduled for May 18, 2006. See Supplemental Affidavit of Walter H. Porr, Jr., filed concurrently herewith and Docket No. 182 and the exhibits filed in support thereof. Though Plaintiff's Counsel did not speak directly to Counsel for these Defendants, it is Counsel's understanding via Attorney John Vigliotti, Counsel for the individual officer Defendants, that Plaintiff Fernandez informed her Counsel that she had been unable to sleep the night before and could not travel to Worcester and appear for her scheduled deposition. See Porr Affidavit.

Thus, in addition to missing her scheduled deposition on May 4, the late start and early departure from her deposition session on May 12, and the nearly one hour late start on the afternoon of May 16, another scheduled deposition day has been lost. At this rate, Plaintiff Fernandez's deposition may never be completed.[1]

## II.

### Dismissal is Clearly Appropriate at This Time

Surely at this point, Defendants need not belabor the continuing pattern of discovery abuse presented by Plaintiff's failure to appear for deposition. Indeed, both Plaintiffs seem infected by some aversion to being deposed about their multitudinous claims for which they are seeking millions of dollars in damages. One would think that if they truly had a meritorious claim based upon verifiable instances of real harassment, that they would be only too eager to be deposed and make their case. In fact, quite the opposite has happened. And that, notwithstanding the Court's admonishment to them at a March 3, 2006, hearing which was itself a highly unusual proceeding made necessary by their discovery abuses with respect to interrogatories and medical records.

First it was interrogatories, then it was medical records, and now it is depositions. At every step along the discovery highway, Plaintiffs have failed to live up to their obligations under the civil discovery rules, even to the point of violating orders of this Court. The Court's Docket and its orders of April 12 and May 1, 2006 (Docket Nos. 166 and 181, respectively), speak for themselves in this regard. Surely the Plaintiffs, individually and collectively, have been living on borrowed time. There are no overtime periods in civil litigation. The gun has sounded. The game has ended. It is time to turn out the lights and go home.

---

[1]  One has to wonder, if Plaintiff Fernandez can not withstand the rigors of between one to one and one-half days of deposition per week, how is she going to withstand a two to three week trial featuring several days of cross-examination consecutively??

## III.

## Additional Monetary Sanctions are Appropriate

Defendants seek additional monetary sanctions from Plaintiff Sonia Fernandez in the amount of $1,280.60 as set forth in the supplemental affidavit of Walter H. Porr, Jr.

        For the Defendant, **CITY OF REVERE**,
        By its Attorneys,

          /s/ Walter H. Porr, Jr.
        Paul Capizzi, Esq., City Solicitor
        BBO#:  646296
        Walter H. Porr, Jr., Esq., Assistant City Solicitor
        BBO#:  659462
        City Hall, 281 Broadway
        Revere, MA 02151
        781-286-8166

Dated: May 18, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

         /s/ Walter H. Porr, Jr.
Dated:  May 18, 2006        Walter H. Porr, Jr.,

3