UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES** and : <br> **SONIA FERNANDEZ**, : <br>  : <br> Plaintiffs, : <br>  : <br> v. : <br>  : <br> **CITY OF REVERE, THOMAS AMBROSINO**, : <br> Mayor, **CITY OF REVERE POLICE** : <br> **DEPARTMENT, TERRENCE REARDON**, : <br> Chief, **BERNARD FOSTER, SALVATORE** : <br> **SANTORO, ROY COLANNINO, FREDERICK** : <br> **ROLAND, THOMAS DOHERTY, JOHN** : <br> **NELSON, JAMES RUSSO, MICHAEL** : <br> **MURPHY and STEVEN FORD**, : <br>  : <br> Defendants. : <br> _____: | C.A. No.: 03-12499MLW |

**OPPOSITION OF PLAINTIFF TERRI PECHNER-JAMES TO DEFENDANT
CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR
THOMAS AMBROSINO'S AND POLICE CHIEF TERRENCE REARDON'S,
MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH
<u>OMNIBUS DISCOVERY ORDER</u>**

Now comes the plaintiff, Terri Pechner-James to file her opposition to the defendants motion for sanctions and respectfully requests that the defendants motion for dismissal or alternatively monetary sanctions or a protective order be denied. As reasons therefore, Ms. Pechner-James has complied in good faith and to the best of her abilities with this Court's Omnibus Discover Order (Docket No. 166).

    A. <u>**The May 5, 2006 deposition of Plaintiff Pechner-James**</u>

Defendants' counsel acknowledges that Ms. Pechner-James did appear for her deposition which was scheduled on that date in his Motion for Sanctions. (Doc. No. 188) He also makes several allegations regarding Ms. Pechner-James's behavior at that

deposition. He contends that Ms. Pechner-James has been "combative" and "nonresponsive." In support of such contention, defendant's counsel has submitted, several exhibits, including a complete transcript of the deposition. These transcripts, however, reveal no behavior that warrants the sanctioning of Ms. Pechner-James or her counsel.

Plaintiff acknowledges these depositions are tense and emotional proceedings. However, Attorney Porr fails to acknowledge or accept his contribution to whatever hostility may develop during the depositions in which he cross-examines the plaintiff. As the court has acknowledged during the last hearing, Ms. Pechner-James is indeed already under a great deal of stress during these depositions based on the sensitive subject matter and the emotions which recalling these events evokes. She also expressed to the court, during that same hearing, her concerns about the level of professionalism and lack of sensitivity to the subject matter displayed during these depositions by defendants' counsel. Attorney Porr has exacerbated the situation by asking privacy invasive questions which are absolutely irrelevant to this litigation. Those questions include inquiries into Ms. Pechner-James sexual experiences since high school, when she had her first child, and whether or not she has had an abortion.

Defendants have submitted a series of Exhibits A-H in support of their Motion for Sanctions against Ms. Pechner-James, including a complete transcript of the May 5, 2006 deposition. Exhibit B specifically recounts an exchange between Attorney Porr and Ms. Pechner-James where Attorney Porr asks these types of invasive questions about Ms. Pecher-James sexual history. As is within her right, Ms. Pechner-James chose not to answer. Further, the transcript also indicates that Attorney Porr refuses to accept that when Ms. Pechner-James responds that she does not know the answer to a relevant question. She must repeatedly state that she does not know or recall the answer because he refuses to accept her response, and continues to push the question. While Ms. Pechner-James's responses to Attorney Porr's examination may not be the answers that counsel would like, she does indeed answer his questions to the best of her recollection and ability. The fact that Ms. Pechner-James does not know the answer to a question is not the same as a "nonresponsive" answer. No sanctions should be granted on that basis.

**B. The Deposition Scheduled for May 11, 2005**

On May 9, 2006, counsel for Ms. Pechner-James faxed a letter to all defense counsel with requested that Plaintiff Fernandez be deposed on May 11, 2006 instead of Plaintiff Pechner-James. Defense counsel's claim that because they did not have the opportunity to speak with plaintiffs' counsel directly to determine why Ms. Pechner would not be able to attend that deposition instead of Ms. Fernandez still does not negate that fact that there was no need to cancel the deposition or incur any costs since Plaintiff Fernandez was willing and available to be deposed in place of Ms. Pechner-James. Ms. Pechner-James did not fail to appear for a scheduled deposition. Rather, defense counsel chose to cancel the scheduled deposition instead of opting to depose Ms. Fernandez, which would have been a reasonable substitute, given that Ms. Fernandez still had several days of depositions yet to be completed.  Ms. Pechner-James should not be penalized or sanctioned for that conscious decision on the part of defense counsel to scrap the deposition altogether.

**C. Defendants Motion For Sanctions Should Be Denied**

Ms. Pechner-James has complied in good faith with the requirements of this court's Omnibus Discovery Order. Thus far she has completed several days of depositions and answered the questions posed to her to the best of her recollection and abilities. Due to an unforeseen family situation, she was unable to attend the deposition scheduled on May 11, 2006. Plaintiffs counsel quickly moved to remedy the situation so that there would be as little inconvenience to defense counsel as possible.

Defense counsel seeks to have Ms. Pechner-James's claim dismissed for daring to express emotion during these depositions and answering questions in a manner that he subjectively, rather than objectively, deems unsatisfying. In addition, counsel also seeks to erroneously make Ms. Pechner-James accountable for defense counsel's decision to cancel deposition, rather than allow her co-plaintiff Sonia Fernandez to be deposed in her place on May 11, 2006.  Neither of those reasons is sufficient to warrant dismissal in this case.

Further, Defense counsel's demand of $5,800.00 for monetary sanctions for "time spent in deposition on May 5, 2006 (including travel time); the cost of the transcript; and the time spent preparing and arguing this motion" is ridiculous. Ms. Pechner-James participated fully in the deposition scheduled on that day. She and her counsel invested just as much time and energy into that deposition as defense counsel. For Attorney Porr, who is a salaried employee of the City of Revere and not paid on an hourly basis, to even ask for such an excessive sum and under such circumstances is outrageous.

For the above cited reasons, plaintiff Terri Pechner-James respectfully requests that the defendant's motion for sanctions be denied Plaintiff further request that the court sanction attorney Porr for continually filing frivolous and petty motions for sanctions that only prolong the litigation process and waste valuable time of both the court and the litigants. As the court previously stated, it wants this matter to be tried on the merits. Obviously, attorney Porr does not, as evidenced by these wasteful motions for sanctions which are in reality motions to dismiss. The silence of counsel for the individual police officer defendants on these matters is deafening.

        Respectfully submitted,

/s/_James S. Dilday
Grayer & Dilday, LLP
27 School Street
Boston, MA 02108
617-227-3470
BBO# 124360