# EXHIBIT C

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET - SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

May 9, 2006

**BY FAX**

Michael Akerson, Esquire
John Vigliotti, Esquire
397 Grove Street
Worcester, MA 01605

Walter H. Porr, Esquire
Paul Capizzi, Esquire
Office of City Solicitor
281 Broadway
Revere, MA 02151

    Re:    Terri L. Pechner James, et al
    Vs.    City of Revere, et al
           U.S. District Court
           Docket No. 03-12499 MLW

Dear Counsel:

With respect to the deposition scheduled for May 11, 2006, it is requested that we do Sonia Fernandez in place of Terri Pechner James. We will discuss Terri's new date at that time.

Please call me if you have any questions.

Very truly yours,

James S. Dilday

JSD:jab



**Grayer & Dilday, LLP**

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

May 10, 2006

**BY FAX**

Michael Akerson, Esquire
John Vigliotti, Esquire
397 Grove Street
Worcester, MA 01605

Walter H. Porr, Esquire
Paul Capizzi, Esquire
Office of City Solicitor
281 Broadway
Revere, MA 02151

      Re:    Terri L. Pechner James, et al
      Vs.   City of Revere, et al
            U.S. District Court
            **Docket No. 03-12499 MLW**

Dear Counsel:

    I have a court appearance in the morning and would request the deposition time be changed from 1:00 p.m. – 5:00., to 2:00 p.m. to 5:00 p.m.

    Please call me if you have any questions.

                            Very truly yours,

                            James S. Dilday

JSD:jab



# REARDON, JOYCE & AKERSON, P.C.

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

May 10, 2006
Via telefax # 617-227-9231

James S. Dilday, Esq.
27 School Street, Suit 400
Boston, MA 02108

RE: Pechner-James and Fernandez v. City of Revere, et als

Dear Attorney Dilday:

    I am in receipt of two letters from you that were telefaxed to my office on dated May, 9, 2006, and the second letter on May 10, 2006. Both of these letters request changes to the previously agreed to deposition schedule. The May 9, 2006, letter requests that the deposition scheduled for Thursday, May 11, 2006, be modified so as to substitute Sonia Fernandez as the deponent instead of Terri Pechner-James. The letter did not contain an explanation for the requested change, not to mention the late notice being given. On May 9th I called your office in an attempt to contact you, but I only received your voice mail. My voice mail message to you stated that I needed to speak with you regarding your request due to the lack of explanation in your letter as to the desire deponent change. On May 10, 2006, I again received a telefaxed letter from you requesting another change in the deposition scheduled for May 11, 2006. Specifically, the letter indicated that you had court in the morning of the 11th and that you needed to change the deposition start time 1:00 p.m. until 2:00 p.m. and that the deposition would conclude at 5:00 p.m. The letter did not address any of the concerns I detailed in my message to you on May 9, 2006.

    I subsequently received a voice mail message from you at approximately 12:00 p.m. on May 10, 2006. The message indicated that you had received my voice mail message yesterday and that you were in court and requested that I call you on your cellular telephone. I could not do so because the cellular telephone number you left on my voice mail was inaudible. As a result I contacted your office and left you a detailed message about my concerns over the requested changes to the deposition schedule and the uncertainties I had about who was going to be deposed on May 11, 2006, as we had not had the opportunity to discuss it and thus I could not agree to the changes.

    Although I understand in the practice of law circumstances arise that can play havoc with one's schedule and in most cases I would be agreeable to accommodate another attorney who has



May 10, 2006                                                                 Page 2

a conflict, but I cannot do so in this case. As you know we set the plaintiffs' depositions schedules pursuant to Judge Sorokin's Omibus Discovery Order, which was filed as part of the Defendants' Status Report. The current deposition schedule was modified from Judge Sorokin's order to accommodate your request that some of the depositions take place in Revere and be conducted only in the afternoon, from 1:00 p.m. to 5:00 p.m. Both of the modifications on our part reflect our continuing effort to get the depositions completed despite that they are a hardship on our office in terms of time, travel, attorneys fees and expenses. Attorney Michael Akerson sent you a confirmation of the deposition schedule and who was going to be deposed on which days, in an attempt to avoid the situation that we now find ourselves in. This was followed up by serving upon you the deposition notices.

With that said, the scheduling of the depositions have been an ongoing problem in this matter. As recently as May 4, 2006, we had problems when Ms. Fernandez and you did not show for a scheduled deposition. Therefore, because of the uncertainty of who will show for the deposition on Thursday, May 11, 2006, which directly impacts our ability to prepare for such, and your request to begin at 2:00 p.m. instead of 1:00 p.m., which substantially limits the time available for the deposition, I am considering it **cancelled**. Accordingly, I shall notify the stenographic company not to show in Revere on the 11th. Please note that I have copied counsel for the City of Revere with this letter as per earlier direction of Judge Sorokin and custom.

Should you have any questions, please feel free to contact me.

                                                            Very truly yours,

                                                            John K. Vigliotti

cc:   Paul Capizzi, City Solicitor- via telefax # 781-286-8205
      Walter Porr, Jr., Asst City Solicitor - via telefax #781-286-8205

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

May 11, 2006
Via telefax 508-754-7220

John K. Vigliotti, Esq.
397 Grove Street
Worcester, MA 01605

Re: Pechner-James and Fernandez v. City of Revere, et.al.

Dear Attorney Vigliotti:

I was surprised and amazed at the tone and content of your letter dated May 10, 2006 cancelling the deposition that was scheduled for today. As you know, I informed you on May 9, 2006 that Ms. Pechner-James would not be available for the deposition on May 11, 2006 and we would substitute Ms. Fernandez. I thought that would not be a problem since we missed the Fernandez deposition that was scheduled for May 4, 2006.

Ms. Pechner-James had personal reasons involving one of her children, which was the reason for the change. The reason why she could not make the deposition, in my mind was not relevant since we agreed to substitute Ms. Fernandez. You should be aware that when I arranged the afternoon dates with Mr. Akerson, I suggested the afternoon and Revere as a location because on each of those dates, I had morning court appearances. However in trying to be cooperative and move this process along, I may have scheduled depositions times that would turn out to be tough on my time schedule. You should also be aware that I never was consulted nor agreed to the individuals that would be deposed on the afternoon dates. I received deposition notices for the morning dates, but only a schedule drawn by defense counsel as to the people scheduled on the various afternoon dates, without my input or agreement.

I understand your concern with only a three-hour schedule, but I would have gone to 6:00pm. Also, Mr. Porr could have taken the lead on this deposition as he did in Worcester on May 5, 2006 for Ms. Pechner-James's deposition. We were not told that Mr. Porr would be conducting questions at a deposition scheduled by Mr. Akerson. Also, on that same date, Mr. Porr told you and me that he had prepared for the Fernandez deposition and filed a motion for sanctions detailing his preparation for that deposition in spite of the fact that, in open court, he corrected Mr. Akerson stating that you would need at least an additional day or more with Ms Fernandez. The point is that if you and your colleagues are serious about getting this case to trial, instead of stalling and creating non-issues to run to magistrate Sorokin about, we should try to resolve the depositions as expeditiously as possible.



In your letter, you state that you left me a voice mail regarding uncertainties you had about who was going to be deposed on May 11, 2006. There was no reason for concern. I had told you that Ms. Fernandez was going to appear on that date. Any uncertainty you had was all in your mind because my correspondence was clear.

Also, be advised that the current deposition schedule was not modified to accommodate my request because none of the afternoon depositions were part of the original schedule. I volunteered to give up my afternoons after court appearances to accommodate you and your colleagues. The reality is that defense counsel has done nothing to accommodate me in any way since this lawsuit began. The only one being civil and accommodating in this action is me. As you are aware, I have several active cases with a full trial schedule and almost daily court appearances. I do not have the luxury of devoting all of my time exclusively to this litigation, and must juggle your demands with the needs of my other clients. Thus far, I have been extraordinarily accommodating to those demands in spite of the discourteous and disrespectful correspondence and general attitude that I have received. I do not believe that I am asking too much in expecting that courtesy and accommodation in return.

Terri Pechner-James has a familial obligation which conflicts with the time for her next deposition scheduled for May 19, 2006. Therefore, we would like to substitute Sonia Fernandez on that date. Further, per my earlier letter, I would like to restate that I have an orthopedic surgeon's appointment on May 18, 2006 at 10:30am as a result of a recent emergency procedure. In the spirit of accommodation, we would like to proceed with the deposition scheduled for that day, if you would be willing to move the location of the deposition from Worcester to Boston or Revere and begin at 1:00pm. Please let me know if this solution is agreeable.

Hopefully, we can bring this acrimony to a close and move forward. The discourteousness is unnecessary and, ultimately, further frustrates the speed of this litigation. To that end, please be advised that my clients will not be answering any more questions about their sex lives, their children's fathers, and, in particular, privacy invading questions regarding whether they have had an abortion as asked by Mr. Porr on May 5, 2006.

Very Truly Yours,

*James S. Dilday (JSD)*

James S. Dilday