UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>  Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>  Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE READON'S, SUPPLEMENTAL MEMORANDUM OF LAW RE: MOTION FOR SANCTIONS, DOCKET NO. 188**

COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their supplemental memorandum of law in support of their motion for sanctions, Docket No. 188.

**I.**

**Plaintiff Pechner-James' Deposition Misconduct Continues Unabated**

**A.** **Background:**

On March 3, 2006, this Court admonished Plaintiff Pechner-James' (Pechner) in open court about her duties as a litigant vis-à-vis discovery. In their motion for sanctions filed herein on May 12, 2006 (Docket No. 188), these Defendants argued that Plaintiff Pechner's deposition behavior ignored this admonition and was unacceptable and worthy of sanctions (see pages 3-4 and Exhibits "C", "D" and "E"). At the status conference of May 22, 2006, the Court took this

motion, and the companion motion related to Plaintiff Sonia Fernandez (Docket No. 182), under advisement. See Docket No. 199, Discovery Order. In addition, the Court specifically advised Plaintiffs' Counsel in open court regarding the obligation of the Plaintiffs to appear at their depositions and to answer the questions put to them.

As more fully set forth herein, it appears that the Court's admonition was to no avail with respect to Plaintiff Pechner.

**B.** **The May 25, 2006, Deposition Session:**

May 25, 2006, was the second deposition session where Counsel for these moving Defendants was given the opportunity to cross-examine Plaintiff Pechner. Notwithstanding the Court's admonition to her Counsel at the status conference of May 22, 2006, Plaintiff Pechner continued to engage in non-responsive speeches and diatribes, argued with the cross-examiner, engaged in sarcastic and snide remarks, evaded answering legitimate questions and otherwise behaved in a manner which made the deposition session unproductive and wasteful of time and money. Attached hereto as Exhibit "A" is a list of the deposition testimony reflecting Plaintiff Pechner's continued abusive behavior.

Because of Plaintiff Pechner's deposition conduct, Counsel for these moving Defendants was repeatedly forced to re-ask his questions, re-focus the witness, or chase her down rabbit holes of her own making, only to reach the end and be told that she does not know or does not remember the answer to the question originally asked. As the deposition progressed, Plaintiff Pechner became deliberately sarcastic and snide in her responses. Additionally, on several occasions, she told the cross-examiner to move on and ask further questions, indicating her refusal and/or unwillingness to answer the question pending.

During her first deposition session with this cross-examiner on May 5, 2006, Plaintiff Pechner stated: "*I'm going to speak and say what I want to say, whether it's your day or not.*" Emphasis added, Docket No. 191, Pechner Deposition, Volume IV, page 743, lines 14-15. Her second deposition session lived up to her words from the first. In other words, the Court's admonishments of March 3 and May 22, 2006, mean nothing to Plaintiff Pechner.

As a result of this conduct, precious and limited deposition time was *again* wasted and a more costly deposition transcript will necessarily result, since it will be filled with non-responsive, argumentative, sarcastic, snide and abusive answers and statements that have no evidentiary value.

C.      **The May 30, 2006, Deposition Session:**

Plaintiff Pechner was again deposed on May 30, 2006, this time by Counsel for the individually named officer Defendants, Michael Akerson. During the course of this deposition session, from 10:40 a.m. until 4:30 p.m.,[1] Plaintiff Pechner was equally argumentative, combative and non-responsive with respect to her answers to Attorney Akerson's questions. If necessary, Counsel for these moving Defendants will prepare an exhibit demonstrating the same when the transcript is available.

## II.

### MEANINGFUL SANCTIONS MUST BE IMPOSED

In what the Court itself described as a highly unusual session, on March 3, 2006, the Court personally instructed the Plaintiffs as to their discovery obligations. At the May 22, 2006, status conference, the Court had before it a plethora of examples from Plaintiff Pechner's deposition session of May 5, 2006, reflecting extreme misconduct and abuse during her

---

[1] This deposition session started 10 minutes late due to the late arrival of Plaintiff and her Counsel, featured a one hour lunch break, and ended one half hour early because Plaintiff Pechner indicated that she could not continue.

deposition. Plaintiff Pechner's Counsel was specifically admonished regarding her deposition conduct and reminded of her discovery obligations. Yet, during her May 25, 2006, deposition session, Plaintiff Pechner's conduct was no better.

Defendants can only conclude that the abusive conduct will only end by the issuance of a dismissal sanction or by an evidentiary and monetary sanction significant enough get Plaintiff Pechner's attention, since nothing the Court has done to date seems to have accomplished that end. Thus, these moving Defendants propose the following sanctions in the following order:

1.  Dismissal.

2.  Alternative No. 1 to dismissal – Plaintiff Pechner is precluded from testifying at trial or submitting any of her deposition testimony or any affidavit from herself in opposition to any Defendants motion for summary judgment.

3.  Alternative No. 2 to dismissal – Plaintiff Pechner is precluded from testifying at trial or submitting any of her deposition testimony or any affidavit from herself in opposition to any Defendants motion for summary judgment with respect to the subject matter of the questions set forth in Exhibits "C", "D" and "E" to Docket No. 188 and Exhibit "A" hereto.

4.  If neither dismissal nor Alternative No. 1 to dismissal is adopted by the Court, then these moving Defendants seek an additional deposition day to make up for the abusive deposition conduct of May 25, 2006. In addition, these Defendants seek the full day sought in their motion (Docket No. 188) for the abusive conduct of May 5, 2006. Only by making it clear to Plaintiff Pechner that she will remain in deposition until she properly answers the questions put to her will the Court get her attention, particularly if it does not elect one of the other remedies suggested. Plaintiff Pechner must know in no uncertain terms that her dilatory tactics will not prevent these Defendants from obtaining the discovery to which they are entitled.

5.      Monetary Sanctions – Regardless of which of the options suggested above that the Court adopts, these Defendants seek the sanctions they requested in their original motion ($5,800.00), plus additional monetary sanctions based upon another wasted deposition day (travel time – 2 hours @ $250.00/ hr; deposition time – 6 hours @ $250.00/ hr; and deposition transcript costs - $908.65 - see Exhibit "B" hereto) in the amount of $2,908.65.  Here again, it seems certain that unless and until the Court makes it painfully clear to Plaintiff Pechner that she can not continue to behave the way she has, she will not stop her abusive deposition behavior. Appropriate monetary sanctions are necessary as a part of effectively communicating this message.  Thus, Defendants seek sanctions in the amount of $8,708.65.

                                            For the Defendants, **CITY OF REVERE**,
**CITY OF REVERE POLICE DEPARTMENT,
MAYOR THOMAS AMBROSINO, AND
POLICE CHIEF TERENCE REARDON**
By their Attorneys,

 /s/ Walter H. Porr, Jr.
Paul Capizzi, Esq., City Solicitor
BBO#:  646296
Walter H. Porr, Jr., Esq., Assistant City Solicitor
BBO#:  659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: May 31, 2006.

**CERTIFICATE OF SERVICE**

    I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

|  |  |
|---|---|
|  |  /s/  Walter H. Porr, Jr. |
| Dated:  May 31, 2006 | Walter H. Porr, Jr., |