## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

### MOTION FOR ORDER COMPELLING DEFENDANT, TERRENCE REARDON, TO ANSWER INTERROGATORIES PURSUANT TO FED. R. CIV. P. 37(a)

Now comes the Plaintiffs and hereby makes application for an order that compels the Defendant, Terrence Reardon, to answer the interrogatories served upon him by the Plaintiffs and propounded upon him pursuant to an order of this court. The Plaintiffs state the following as grounds for their application:

1. On May 1, 2006, Magistrate-Judge, Leo T. Sorokin, ordered the Defendant to respond to interrogatories no later than twenty (20) days from May 1, 2006. **Docket No. 181**.

2. The Plaintiff served the Interrogatories attached as **Exhibit B**. The document contains twenty-six (26) questions.

1

3. The Defendant provided the same stock response to **Interrogatories1,2,3,4,5,6,7,8,9 and 12.** That response states as follows:

> **Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

4. The City of Revere has a Plan B charter; the Mayor of the City is the Chief Executive Officer; he appoints the Chief of Police; the City Council confirms the Chief of Police. The Chief of Police executes the orders of the Mayor. **Revere City Ordinance 2.60.30.**

5. The Mayor has general superintendence of the Police Department and direct control of his appointment and dismissal. The Defendant, Terrence Reardon, was appointed by the codefendant, Thomas Ambrosino. He was a ranking officer in the Revere Police Department, prior to his appointment as Chief of Police. Prior to his appointment as chief, he also worked closely with Kathy Fish and had knowledge of the complaints of Kathy Fish and the Plaintiffs.

6. During the decades that Terrence Reardon was an official of the Revere Police Department, the Department had no sexual harassment policy, no maternity leave policy, it had no facilities for the exclusive use of female officers and members of the public.

**Interrogatory No.2** This Interrogatory is designed to address the Chief's training, experience and sensitivity in matters that relate to sexual harassment and matters of discrimination. The central issue is municipal liability. Determining who is a policymaker is a legal question to be resolved by the trial judge. Jett v Dallas Independent School District, 49 U.S. 701, 737. This trial judge has identified this Defendant and the Mayor as policymakers. **Docket No. 136.**

This Interrogatory is important because (1) in order to determine liability, the court must consider "the relevant legal material including the state and local positive law, as well as the custom and usage having the force of law <u>Jett</u> citing <u>City of St. Louis v Praprotnik</u>, 485 U.S. 112 (1988); and (2) the jury must decide whether the policymaker acquiesced in a longstanding practice or custom which constitutes the "standard operating procedure" of the City of Revere.

The Chief's knowledge, experience, training and sensitivity to these matters is crucial to making this determination. The Defendant's response to Interrogatory 2 is crucial to the establishment of municipal liability. The Interrogatory is not just "calculated to lead to the discovery of evidence"; it requires information that is not only admissible but is essential to municipal liability. Thomas Ambrosino, in response to his interrogatory No. 18 stated:

> **I do not directly supervise the Revere Police Department. That function is trusted to the Chief of Police. I rely upon the Chief of Police, a trained law enforcement professional, with many years of experience, to operate the Police department in accordance with the law.**

The Mayor's response has heightened the need for a complete response by the Chief to this Interrogatory No.2. The nature and substance of the training he received, the period during which he received the training, the name and address of the schools that provided the training, the nature and substance of the training offered by each school, and any certificates that he may have received. This information is particularly important because Terrence Reardon was, for many years, a ranking officer in the Revere Police Department and he worked closely with Kathy Fish and was familiar with the Plaintiffs cases before he was appointed to be Chief of Police.

**Interrogatory No. 3** The Defendant provides the same response to this question that he provided for Interrogatories1,2,4,5,6,7,8,9 and 12. If he has no such training he should so state. It is intentionally evasive and deliberately non-responsive to provide this stock answer to such an important question.

**Interrogatory No.4**. This Interrogatory is a request for insurance information. The answer to this question is relevant to the issue of damages and the satisfaction of legal fees and costs. It would be admissible in Phase Two of the trial. To provide the same answer to this question that Defendant provided to Interrogatories 1,2,3,5,6,7,8,9 and 12 constitutes the deliberate filing of an evasive and non-responsive answer by the Defendant. Fed. R. Civ. P. 26 takes a very broad approach with respect to what information is discoverable. Rule 26 includes the kind of information requested of the Defendant in this interrogatory. See Rule 26(b)(1)(in depth discussion of the scope of discovery.) The requested information need not be admissible, only relevant. Damages, satisfaction of judgments, legal fees and costs are both admissible and relevant.

**Interrogatory No. 5** This interrogatory also seeks information that is relevant to the issue of damages and satisfaction of judgments. To provide the same answer to this question that Defendant provided to Interrogatories1,2,3,4,6,7,8,9 and 12 constitutes the deliberate filing of an evasive and non-responsive answer by the Defendant.

**Interrogatory No.6** This interrogatory also seeks information that is relevant and admissible on the issue of damages and satisfaction of judgments. To provide the same answer to this question that Defendant provided to Interrogatories 1,2,3,5,7,8,9 and 12 constitutes the deliberate filing of an evasive and non-responsive answer by the Defendant.

**Interrogatory No. 7** This interrogatory seeks information about civilian complaints against the Defendant. The time period is open but it is clearly aimed at the period of time during which he was a police officer in the Revere Police Department. The court can take judicial notice of the fact that during this period, Terrence Reardon was a ranking officer of the Department. In this capacity he would be aware of the policies and practices of the Revere Police Department. He would also be aware of the Department's methods of handling complaints of any nature. It is important for a policy maker to answer this question.

**Interrogatory No.8.** This interrogatory seeks information about the Defendant's involvement in lawsuits that arise from sexual harassment and other forms of discrimination. The Defendant acknowledges the above-named cause of action but no others. As "a trained law enforcement professional with many years of experience" in the Revere Police Department, a response to this interrogatory would provide the standard operating procedure of the Department. It would also provide an example of the longstanding practices, the customs and the usage of the Revere Police Department in handling such matters.

It is intentionally evasive and deliberately non-responsive to provide the same answer to this question and he provided to interrogatories 1,2,3,4,5,6,7,9, and 12.

**Interrogatory No. 9** This interrogatory seeks information about the Defendant's experience that is relevant to the Defendant's sensitivity and attitude toward the Plaintiffs and their complaint. This interrogatory should not be dismissed with the same stock answer as interrogatories 1,2,3,4,5,6,7,8, and 12.

**Interrogatory No. 12** It is dismissive, deliberately evasive and intentionally non-responsive to provide the same stock answer to this question that he provided to all the earlier interrogatories except No. 10 and No. 11.

**Interrogatory No. 13** This interrogatory seeks information about the investigatory process of the Revere Police Department. This interrogatory does not seek the information provided. The Department's procedural response to the MCAD complaint is not what was requested. The interrogatory seeks information about the "sequence of events" involved in the investigation of the Plaintiffs complaint. The Defendant's response did not provide this information.

In his attempt to avoid the question, the Defendant made inconsistent and conflicting statements. He first states that "Terri Pechner-James walked off the job on March 13, 2001", he next concedes that he sought involuntary retirement disability for her. These

contradictory statements beg the following question. "Does Terrence Reardon seek involuntary disability retirement for all police officers who "walk off the job." This response is evasive. It fails to address the investigation processes of the Revere Police Department. This nonresponse is intentional because Terrence Reardon. "a trained law enforcement professional with many years of experience" in the Revere Police Department would have first-hand experience and detailed knowledge of the information required by this question.

**Interrogatory No. 14.** This request is neither vague nor ambiguous. It does not seek information about the involuntary disability retirement process. This interrogatory is specifically asking the Defendant to provide the results of any independent investigation conducted by the Department. The evasive nature of this answer would indicate that neither the Defendant nor his predecessor conducted such an investigation.

It is a fair inference from the Defendant's response to this question that there was no investigation; there was no review and there are no documents generated pursuant to an investigation or a review. The Defendant's response is vague and ambiguous and he should be compelled to respond directly to the Plaintiffs question. The court should consider a nonresponse an admission that the Defendants failed to investigate and to produce any documents pursuant to an investigation or review.

**Interrogatory No. 15** The Defendant failed to identify by name, residential address, badge number and district or unit the members of the Revere Police Department who were present on the final evening of Terri Pechner-James' employment.

**Interrogatory No 16** This response is a direct admission that the Defendant conducted no investigation of the incident and produced no reports, written or oral.

**Interrogatory No. 17** Defendant's response to this interrogatory is misleading. The interrogatory requests "statements in any reports that are not accurate." The response: "None made by me or my staff" is deliberately misleading. It implies that there was an

investigation. It also implies that reports were generated and that there were no inaccurate statements made in those reports by him or his staff.  In fact, no investigations were done and no reports were prepared. In addition, the question asked for "statements in any reports," it did not request "suspicions." This response is intentionally evasive.

**Interrogatory No. 18** The response to this interrogatory is misleading. The interrogatory is seeking to establish whether as a result of an investigation, the Chief of Police and /or the Revere Police Department made any conclusions about violations of the law. The Defendant's response does not state that the City Solicitor conducted an investigation. It stated that the City Solicitor (an advocate and present counsel of record for the Defendants) took the position that "no rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth or of the United States have been violated."

This response deliberately evades the question of what facts did the Defendant rely upon in reaching the stated conclusion.

**Interrogatory No. 19** This response is either intentionally evasive or it is an outright admission that the Defendant did not conduct an investigation of the Plaintiffs complaints. He concedes reviewing only medical records in connection with the application for involuntary disability retirement. This response is consistent with the longstanding practice and custom of the Defendants in dealing with matters of sexual harassment and discrimination.

**Interrogatory No. 20** Roy Colannino was in charge of the Revere Police Department prior to the appointment of Terrence Reardon as Chief of Police. According to this response, there was no communication between Roy Colannino and Terrence Reardon as part of the transition. The Defendant's communication with Thomas Ambrosino is limited to the retirement proceedings. This response confirms both the lack of investigation and the absence of communication between the policymakers. The purpose of this interrogatory was to establish how the parties related to each other in dealing with

the documents, facts and persons discussed in the investigation of Plaintiffs complaint. This response confirms that there was both a breakdown of the relationship between the policymakers and there was also a systemic failure to investigate the complaints.

**Interrogatory 21** A responsive answer to this question would detail the relationship between the Chief of Police and the Mayor in the conduct of the investigation. The Defendant concedes submitting "medical reports to the Retirement Board as part of the retirement application." The medical reports relied upon for the involuntary disability retirement referenced post traumatic stress disorder suffered as a result of the Plaintiffs experience on the job.

Neither the attorney client nor the work product privileges compel the nonresponse that the Defendant has provided. Submitting medical records to the Retirement Board is part of the retirement application process. The submission of medical records to the Retirement Board is not a substitute for an investigation of the cause of the Plaintiffs disability.

**Interrogatory No.22** Defendant's response to this interrogatory is deliberately incomplete. The interrogatory asks for "each and every informal or formal complaint made against a Revere Police Officer alleging the officer engaged in violation of civil rights based on sex, race or any other protected class." The question encompasses a period beginning in 1990, five years before the start of the Plaintiffs employment in September 1995. . It is a companion question to Interrogatory No 26; it inquires about the individual officers, No.26 inquires about the Department.

The Defendant has limited his response to the "sexual harassment complaint made "by the Plaintiffs herein and Kathy Fish." This response fails. This interrogatory was designed to obtain information on civil rights violations based on class, race, sex and other protected categories. The question has eleven subparts. The Defendant has not responded to the Interrogatory or any of its subparts.

8

**Interrogatory No. 23**  This interrogatory is neither vague nor ambiguous. It seeks to determine the breath of the investigation of Plaintiffs complaints. As policymaker(s) neither the Chief of Police nor the Mayor have the right under state law and their city's ordinances to ignore the Plaintiffs complaints.  This response is an admission that the Defendant's office conducted no investigation, contacted no person and communicated with no one about the Plaintiffs complaints.

The procedural response of the Office of the City Solicitor to the MCAD complaint does not relieve the Defendant or his predecessor -in -office of their obligation to investigate. A failure to investigate supports the conclusion that the general denial filed by  the City Solicitor was not based upon facts but on the custom and usage of the Defendants. The attorney-client and work product privileges are not absolute and do not, in any case, substitute for a failure to investigate. The Defendant asserts the attorney-client and work product privileges as a substitute for a response.  He states no reason why they apply to his response to Interrogatory No.23.

**Interrogatory No. 24**  The shift schedule attached contains the names of police personnel; the schedule does not contain the names of persons or attendant who were in the Revere Police Department on the evening identified. This response is incomplete.

**Interrogatory No. 25**  This interrogatory seeks detail of the investigation of the Plaintiffs complaints. It seeks to identify the investigation, not by the Defendant, but by law enforcement officials. Unlike Interrogatory No. 23, the focus of this interrogatory is outside not inside the Department.

The Defendants response to Interrogatory No. 23 was non-responsive to that interrogatory and even more inappropriate to this interrogatory. This interrogatory has six (6) subparts each seek specific information. Without stating caselaw of  procedural authority, the Defendant asserts the attorney-client and work product privileges as his response to this interrogatory. The Defendant's response to this interrogatory is an admission that his office failed to pursue and investigation of Plaintiffs complaints and it

also failed to secure the services of law enforcement officials to assist in such investigations.

**Interrogatory No. 26**  The irony of  the Defendant's answer to this interrogatory cannot be overstated. This interrogatory encompasses a period "since September 12, 1995 (beginning of Plaintiffs employment) and five (5) years prior to that date. It seeks to identify all complaints of sex, race and other kinds of discrimination brought against the Revere Police Department during a discrete period of time. The interrogatory seeks information about complaints brought against the Department as opposed to individual officers-(see Interrogatory No. 22).

This interrogatory seeks to establish the standard operating procedure of the Defendants in handling complaints based on sex, race, and other forms of discrimination. It is a reasonable conclusion, based upon the Defendant's failure to answer this Interrogatory 22 and this interrogatory that: (1) there is a longstanding practice or custom to allow such complaints to go to the MCAD, (2)  have the Office of the City Solicitor file a procedural denial of the complaint and (3) fail to conduct any investigation or seek help in conducting an investigation.

The final irony of the Defendant's response is that the Defendants and their counsel have propounded in excess of three hundred interrogatories on the Plaintiffs and the Plaintiffs have provided three hundred and eighty-eight responses. The Defendant states the following as his response to Interrogatory No. 26:

> **Objection: This interrogatory exceeds the number of interrogatories allowed under Fed. R. Civ. P. 33(a).**

This response is particularly poignant because the Defendant provided the following response to ten (10) of the remaining twenty five (25) interrogatories:

> **Objection: The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

WHEREFORE, the Plaintiffs request that:

1. The Defendant be compelled to answer the Interrogatories ordered by the Court and propounded by the Plaintiffs; or

2. Have the failure to respond be considered an admission that the Defendants acquiesced in a longstanding practice and custom of failing to investigate complaints of sexual harassment and other forms of discrimination; and

3. The Defendants provide the Plaintiffs with copies of the contents of the "banker's boxes" that they intend to use at trial to show that Plaintiffs, Terri Pechner-James, in particular, was not "Mother Teresa."

4. Such other relief as this Court deems just and proper.


Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.

James S. Dilday, Esq.

11