UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )   C.A. No. 03-12499-MLW |
| | ) |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, MAYOR THOMAS AMBROSINO'S,
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
FURTHER ANSWERS TO INTERROGATORIES**

COMES NOW Defendant, Mayor Thomas Ambrosino, and hereby submits his opposition to Plaintiffs'[1] motion to compel further answers to interrogatories.

I.

**THE DISCOVERY MOTION FAILS TO COMPLY
WITH LOCAL RULES 7.1(A)(2), 26.2(C) AND
37.1(B) AND THUS, CAN NOT BE CONSIDERED**

Plaintiffs' are making an "application for an Order compelling the Defendant, Thomas Ambrosino, to answer . . . interrogatories. . ." Docket No. 202. Thus, this is clearly a discovery motion. However, Plaintiffs' motion, like many of its predecessors (see Docket Nos. 140, 146, 148 and 203), reveals on its face that there was no pre-filing conference as required by Local

---

[1] Although the introductory paragraph of the motion suggests that this motion is being filed by both Plaintiffs, paragraph 2 of the motion states that "[t]he Plaintiff [singular] served the interrogatories attached as **Exhibit A**." While the motion does not specify which Plaintiff, the interrogatories attached as Exhibit "A" are clearly related to Plaintiff Pechner only and thus, for purposes of this motion, Mayor Ambrosino assumes that the moving party is Plaintiff Pechner.

Rule 7.1(A)(2). Thus, since there was no such conference, there can be and is no certification that such a conference took place, as also required by Local Rule 7.1(A)(2). Local Rule 26.2(C) states that "[t]he judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion."

To quote this Court in this case: "This deficiency is especially glaring in light of the Court's disposition of Plaintiffs' earlier motion for an extension of time and is reason enough to deny the Motion. I note that this is not the first instance of counsel's failure to comply with the rules governing the discovery process in this matter. See Docket # 115 (Order imposing sanctions after counsel's failure to comply with the Court's Order regarding interrogatories)." Docket No. 166, Omnibus Discovery Order and Status Report, page 3, footnote 1. The footnote is related to the Court's finding that Plaintiffs and their counsel had failed to comply with Local Rule 7.1 regarding an expert witness motion (Docket No. 148).

Thus, the instant motion can not even be considered.

## II.

### THE DISCOVERY MOTION FAILS TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 37(a)(2)(B) AND THUS, CAN NOT BE CONSIDERED

Plaintiffs' discovery motion also fails to demonstrate on its face that there was any compliance with Federal Rule of Civil Procedure 37(a)(2)(B) which also requires certification of a meet and confer process prior to the filing of any motion to compel. Again, this failure means that the motion may not even be considered since this requirement is a mandatory prerequisite.

## III.

## THE DISCOVERY MOTION IS PROCEDURALLY DEFECTIVE AND THUS, CAN NOT BE CONSIDERED

Plaintiffs' discovery motion also fails to comply with Local Rule 37.1(B)(1), (3) and (4) in that there is no explanation for the failure to conduct the discovery conference; there is no articulation of "[t]he nature of the case and the facts relevant to the discovery matters to be decided;" and, the text of each disputed interrogatory and the text of the response thereto is not set forth in the motion, although a nearly illegible copy of the answers are attached to the motion.

While the motion purports to articulate "the moving party's position as to each contested issue," (Local Rule 37.1(B)(5)), it does so largely in a vacuum.

## IV.

## MAYOR AMBROSINO'S OBJECTIONS AND ANSWERS WERE VALID AND PROPER

**A.    Context is Everything:**

First and foremost, it must be remembered that Mayor Ambrosino did not take office as Mayor until **January of 2000**. See Docket Nos. 37, 39 and 138. Neither Plaintiff contacted him about the issues raised in their complaint until approximately March of 2001, around the time they filed their MCAD complaints. *Id*. The only thing which Mayor Ambrosino allegedly did concerning Plaintiff Pechner was deny her leave with pay when he had allegedly granted leave with pay for male officers. Complaint, ¶ 116; see also Docket Nos. 37, 39 and 138.

The Mayor is not being sued in his personal capacity. Docket No. 136. The Plaintiff's statement that "[t]his trial judge has identified this Defendant and the Chief of Police as policymakers" (motion, page 2, fourth paragraph) grossly overstates and oversimplifies the case.

B.    The "Stock Response":

In paragraph no. 3 on pages 1 and 2 of the motion, Plaintiff identifies what she calls Mayor Ambrosino's "stock response."  Plaintiff then asserts that "[t]o provide the same answer to this question that Defendant provided to Interrogatory No. 2 constitutes the deliberate filing of an evasive answer and non-responsive answer by the Defendant."  See e.g., Motion, page 2, last paragraph; see also page 4, second paragraph.  The short answer to this ridiculous assertion is that Plaintiff asked so many patently objectionable questions that they all deserved the same response.

Interrogatory No. 1:  Although Plaintiff indicates that Mayor Ambrosino gave the "stock" answer to interrogatory No. 1 (Motion, page 1, paragraph 3), she does not address the matter further.  For the record, in addition to his name, Interrogatory No. 1 sought Mayor Ambrosino's **"height, weight, eye color, hair color, race, and date of birth."**  See Exhibit "A."  Even assuming for sake of argument that Mayor Ambrosino was still in the case in his individual capacity, HOW COULD THESE QUESTIONS BE EVEN REMOTELY PROPER UNDER FED.R.CIV.P. 26???

Interrogatory No. 2:  This interrogatory seeks the identification of "**all** employment held from [Mayor Ambrosino's] seventeenth birthday until the present," with 6 subcategories of questions related thereto.  Again, putting the interrogatory in context, it is objectionable because it is grossly overbroad, among other things.  Plaintiff states that "[t]his interrogatory is designed to address the Mayor's training and experience in matters that relate to sexual harassment and matters of discrimination."  Motion, page 2, fourth paragraph.  Plaintiff goes on to assert that for purposes of municipal liability, "[t]he Mayor's knowledge, experience, training and sensitivity to these matters is crucial to making this determination."  Motion, page 2, sixth paragraph.  But

4

here again, the only allegation in the complaint that Mayor Ambrosino engaged in any actionable conduct concerns a disparate treatment claim which his motion for summary judgment demonstrates must fail as a matter of law. More particularly, Plaintiff's opposition to that motion, Docket Nos. 61 and 62, presented no factual or legal matter to controvert the Mayor's motion. Thus, the objection was valid and proper.

Interrogatory No. 3: This interrogatory seeks information regarding Mayor Ambrosino's insurance, purportedly because it "is relevant to the issue of damages and would be admissible in Phase Two of the trial." Motion, page 2, last paragraph. This makes absolutely no sense, even under the most generous interpretation of Fed.R.Civ.P. 26(b)(1). Thus, the objection was valid and proper.

Interrogatory No. 8: This interrogatory sought information as to whether or not Mayor Ambrosino was ever arrested or convicted of **"any crime whatsoever"**. Emphasis added. The obvious overbreadth notwithstanding, Plaintiff's offers no explanation whatsoever for why this inquiry is even remotely relevant (Motion, page 4, second paragraph). Needless to say, the objection was valid and proper.

Interrogatory Nos. 12 and 13: Plaintiff's motion indicates that Mayor Ambrosino interposed the stock objection to interrogatories 12 and 13. A review of the interrogatories on their face (see Exhibit "A") will reflect otherwise. Objections to Mayor Ambrosino's responses to these interrogatories will be dealt with below.

C.  **The Non-Stock Responses:**

Interrogatory No. 4 sought information about prior complaints of sexual harassment by Revere Police Officers. Mayor Ambrosino answered this interrogatory without objection and in doing so, implicitly resorted to the provisions of Fed.R.Civ.P. 33(d) and indicated that a copy of

5

the relevant documents from Kathy Fish's MCAD complaint had already been produced to Plaintiff and that Plaintiff was already in possession of similar documents related to her own and her co-plaintiff's MCAD complaints. Plaintiff's objection is incomprehensible.

Interrogatory No. 5 sought information about prior lawsuits alleging "abuse of lawful authority, sexual harassment or the violation of any person's state or federal civil rights." Mayor Ambrosino interposed an objection based upon overbreadth, burdensomeness, oppressiveness and harassment and, without waiving said objection, answered the interrogatory to the fullest extent that he could. Plaintiff's argument regarding the same (Motion, page 3, second full paragraph) is incomprehensible.

Interrogatory No. 7 sought a "list of all persons who have knowledge of any discoverable matter pertaining to this suit." Mayor Ambrosino interposed an objection based upon overbreadth, burdensomeness, oppressiveness and attorney-client and attorney work product privileges and, without waiving said objection, answered the interrogatory to the fullest extent that he could, implicitly invoking the provisions of Fed.R.Civ.P. 33(d). Plaintiff's argument regarding the same (Motion, page 3, third full paragraph and page 4, first paragraph) is incomprehensible.

Interrogatory No. 9 sought information about any "investigation of the circumstances of the ending of Terri Pechner James employment with the police department." Mayor Ambrosino answered the question. Plaintiff's argument regarding the same (Motion, page 4, third and fourth paragraphs) is incomprehensible.

Interrogatory No. 10. sought "information pertaining to the **sexual harassment disability retirement** from the Revere Police Department." Emphasis added. Aside from the fact that the interrogatory does not identify whose disability retirement is being asked about, neither Plaintiff

were awarded a "sexual harassment disability retirement" in this case. Thus, Mayor Ambrosino interposed an objection based upon vagueness, ambiguity and argumentativeness and, without waiving said objection, answered the interrogatory to the fullest extent that he could. Plaintiff's argument regarding the same (Motion, page 4, last paragraph and page 5, first paragraph) is incomprehensible.

Interrogatory No. 11: Mayor Ambrosino answered this interrogatory without objection. Plaintiff's argument regarding the same (Motion, page 5, second paragraph) is incomprehensible.

Interrogatory No. 12: Mayor Ambrosino interposed an objection based upon attorney-client and attorney work product privileges and, without waiving said objection, answered the interrogatory to the fullest extent that he could, implicitly invoking the provisions of Fed.R.Civ.P. 33(d). Plaintiff's argument regarding the same (Motion, page 5, fourth and fifth paragraphs) is incomprehensible.

Interrogatory No. 13: Mayor Ambrosino interposed an objection based upon vagueness and, without waiving said objection, answered the interrogatory to the fullest extent that he could. Plaintiff's argument regarding the same (Motion, page 5, last paragraph to page 6) is incomprehensible.

Interrogatory No. 14: Mayor Ambrosino interposed an objection based upon overbreadth, burdensomeness and oppressiveness and, without waiving said objection, answered the interrogatory to the fullest extent that he could. Plaintiff's argument regarding the same (Motion, page 6, first full paragraph) is incomprehensible.

Interrogatory No. 15: Mayor Ambrosino interposed an objection based upon attorney-client and attorney work product privileges. The investigation spoken of was conducted by and through the City Solicitor's office in order to respond to the MCAD complaints of the Plaintiffs

and then this civil action. Plaintiff's argument that the "[I]nterrogatory seeks information about the mechanism used to investigate complaints of sexual harassment" simply makes no sense in light of the interrogatory itself. The balance of Plaintiff's argument regarding the same (Motion, page 6, third full paragraph) is incomprehensible.

Interrogatory No. 16: Mayor Ambrosino answered this interrogatory without objection. Plaintiff's argument regarding the same (Motion, page 6, last paragraph and page 7 first two paragraphs) is incomprehensible.

Interrogatory No. 17: Mayor Ambrosino interposed an objection based upon overbreadth, burdensomeness and oppressiveness. Plaintiff's argument regarding the same (Motion, page 7, third paragraph) is incomprehensible.

Interrogatory No. 18: Mayor Ambrosino answered this interrogatory without objection. Plaintiff's argument regarding the same (Motion, page 7, fourth and following paragraphs) is incomprehensible.

## V.

### Request for Monetary Sanctions

Pursuant to Fed.R.Civ.P. 37(a)(4)(B), Mayor Ambrosino seeks an award of attorney's fees for this patently unjustified motion. The continuing failure of Plaintiff and her counsel to meet and confer as required by the rules has been amply demonstrated in this case (see Sections I and II, supra) and continues unabated with not only this motion, but also with its companion related to Chief Reardon, Docket No. 203. Added to that are also the procedural deficiencies of this and the companion motion, which make it infinitely more difficult to address them on their merits.

And speaking of merit, there is absolutely no merit to this motion whatsoever. None. No justification, much less "substantial justification," exists for this motion. Its utter lack of merit is patent. Accordingly, Mayor Ambrosino seeks sanctions in the amount of $500.00 as set forth in the affidavit of Walter H. Porr, Jr., filed concurrently herewith.

> For the Defendant, **MAYOR THOMAS AMBROSINO**,
> By his Attorneys,
>
>   /s/ Walter H. Porr, Jr.
> Paul Capizzi, Esq., City Solicitor
> BBO#: 646296
> Walter H. Porr, Jr., Esq., Assistant City Solicitor
> BBO#: 659462
> City Hall, 281 Broadway
> Revere, MA 02151
> 781-286-8166

Dated: June 1, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

                                              /s/ Walter H. Porr, Jr.
Dated: June 1, 2006                           Walter H. Porr, Jr.,