UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANT, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE READON'S, SECOND SUPPLEMENTAL MEMORANDUM OF LAW RE: MOTION FOR SANCTIONS, DOCKET NO. 188**

　　COME NOW Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their second supplemental memorandum of law in support of their motion for sanctions re: Plaintiff Pechner-James (Pechner), Docket No. 188.

**I.**

**Plaintiff Pechner-James' Deposition Misconduct Continues Unabated**

**A.　Background:**

　　On March 3, 2006, this Court admonished Plaintiff Pechner in open court about her duties as a litigant vis-à-vis discovery. In their motion for sanctions filed herein on May 12, 2006 (Docket No. 188), these Defendants argued that Plaintiff Pechner's deposition behavior ignored this admonition and was unacceptable and worthy of sanctions (see pages 3-4 and

Exhibits "C", "D" and "E"). At the status conference of May 22, 2006, the Court took this motion, and the companion motion related to Plaintiff Sonia Fernandez (Docket No. 182), under advisement. See Docket No. 199, Discovery Order. In addition, the Court specifically advised Plaintiffs' Counsel in open court regarding the obligation of the Plaintiffs to appear at their depositions and to answer the questions put to them.

On May 31, 2006, these moving Defendants filed their supplemental memorandum of law arguing that Plaintiff Pechner's deposition conduct on May 25, 2006, continued to violate the Federal Rules of Civil Procedure and this Court's orders. Docket No. 201. Noted in that pleading was the fact that her conduct at the May 30, 2005, deposition session conducted by attorney Michael Akerson was also unacceptable (see subsection C below).

Despite the Court's orders and these Defendants pleas for help from the Court to curb Plaintiff Pechner's abusive deposition behavior, it continued unabated at her latest deposition session on June 7, 2006.

**B.    The June 7, 2006, Deposition Session:**

1.    Late Arrival and Early Departure.

Plaintiff Pechner's deposition was scheduled to begin at 10:00 a.m. and go to 5:00 p.m. on June 7, 2006. See Docket No. 200. Plaintiff's Counsel, Attorney Dawne Thorne, arrived an hour late and the deposition did not commence until a few minutes after 11:00 a.m.[1] At the commencement of the deposition, Attorney Thorne offered that the deposition session could go to 6 p.m. to make up for her late arrival. See Exhibit "A" hereto.

---

[1] Appearing on behalf of Plaintiff Pechner was attorney Dawne Thorne, an associate of Counsel of Record, Attorney James Dilday. Apparently, Ms. Thorne does not have a driver's license. On this occasion, Ms. Thorne opted to take the commuter rail from Boston to Framingham, where she was picked-up by a friend and driven to Worcester. For whatever reason, she arrived an hour late. Given the history of tardiness in this case, coupled with the Court's explicit order regarding the deposition schedule (Docket No. 166, Omnibus Discovery Order, page 4, subparagraph A.2.d), this failure to arrive on time is simply inexcusable regardless of the reason.

After the lunch recess, Attorney Thorne indicated to Counsel for these moving Defendants that she had been instructed by Attorney Dilday to terminate the deposition at 4:00 p.m., apparently because Attorney Dilday, with whom she had spoken during the recess, was of the impression that the allotted time for Plaintiff Pechner's deposition had elapsed. After an off-the-record discussion between counsel and a private conference between Attorney Thorne and Plaintiff Pechner, it was announced on the record that Plaintiff Pechner would terminate the deposition at 4:30 p.m. See Exhibit "B" hereto.

Ultimately, as the 4:30 p.m. termination time approached, Plaintiff Pechner stated that she would continue until 5:00 p.m. in compliance with the Court's prior order. See Exhibit "C" hereto.

Despite her stated intention of continuing until 5:00 p.m., the deposition was suspended at 4:45 p.m. because Plaintiff Pechner could not continue. See Exhibit "D" hereto.

Thus, yet another deposition session with Plaintiff Pechner began late and ended early, despite the Court's order that depositions were to commence at 10:00 a.m. and continue until 5:00 p.m.

2.    The Abusive Deposition Conduct By Plaintiff Pechner.

June 7, 2006, was the third deposition session where Counsel for these moving Defendants was given the opportunity to cross-examine Plaintiff Pechner. Notwithstanding the Court's admonition to her Counsel at the status conference of May 22, 2006, and the Supplemental filing of May 31, 2006, regarding the May 25 and May 30, 2006, deposition sessions, Plaintiff Pechner continued to engage in non-responsive speeches and diatribes, argued with the cross-examiner, engaged in sarcastic and snide remarks, evaded answering legitimate questions and otherwise behaved in a manner which made the deposition session unproductive

and wasteful of time and money. Attached hereto as Exhibit "E" is a list of the deposition testimony reflecting Plaintiff Pechner's continued abusive behavior.

Because of Plaintiff Pechner's deposition conduct, Counsel for these moving Defendants was once again forced to repeatedly re-ask his questions, re-focus the witness, or chase her in circles because of one run-around after another, only to be told that she does not know or does not remember the answer to the question originally asked. As the deposition progressed, Plaintiff Pechner became more abusive and confrontational in her responses. Finally, the cross-examiner felt it necessary to lecture her twice for her abusive behavior. See Exhibit E, items 24 and 25.[2]

**C.    The May 30, 2006, Deposition Session:**

1.    Early Departure.

Plaintiff Pechner's deposition was scheduled to begin at 10:30 a.m. and go to 5:00 p.m. on May 30, 2006. See Docket No. 200. The deposition was suspended at 4:30 p.m. because Plaintiff Pechner could not continue. See Exhibit "F" hereto.

2.    The Abusive Deposition Conduct By Plaintiff Pechner.

During her cross-examination by Attorney Micheal Akerson, Plaintiff Pechner engaged in the same abusive conduct experienced by Counsel for these moving Defendants. Attached hereto as Exhibit "G" is a list of the deposition testimony reflecting Plaintiff Pechner's abusive behavior toward Attorney Akerson.

**D.    The Deposition Misconduct is Deliberate:**

During her first deposition session with this cross-examiner on May 5, 2006, Plaintiff Pechner stated: "***I'm going to speak and say what I want to say, whether it's your day or not.***" Emphasis added, Docket No. 191, Pechner Deposition, Volume IV, page 743, lines 14-15. Her

---

[2]    During the first such lecture, Plaintiff Pechner pejoratively referred to the cross-examiner as "killer."

4

third deposition session with this cross-examiner, like her second, lived up to her words from the first. In other words, the Court's admonishments of March 3 and May 22, 2006, mean nothing to Plaintiff Pechner.

As a result of this conduct, precious and limited deposition time was *again* wasted and a more costly deposition transcript necessarily resulted, since it is filled with non-responsive, argumentative, sarcastic, snide and abusive answers and statements that have no evidentiary value.

**II.**

**Plaintiff Pechner is Apparently Refusing to Complete Her Deposition**

On June 8, 2006, after the last deposition session with Plaintiff Pechner (see Section I, subsection B, above), Counsel for these moving Defendants attempted to reach Attorney Dilday by phone to discuss the remaining deposition time and scheduling issues. Since he was not in the office, a letter was faxed to him detailing the outstanding time and scheduling issues. A true and accurate copy of said letter is attached hereto as Exhibit "H." On June 10, 2006, Attorney Dilday responded, basically indicating that both Plaintiffs, and particularly Plaintiff Pechner, would not be appearing for any more deposition sessions. A true and accurate copy of said letter is attached hereto as Exhibit "I."[3] As indicated by the defendants in their letter, however, neither Plaintiff has completed the two and one half days of deposition allotted to these defendants. Thus, on June 12, 2006, Counsel for these defendants once again wrote to Attorney Dilday about the need for additional times and dates to complete at least the Court ordered portions of the Plaintiffs' depositions. A true and accurate copy of said letter is attached hereto as Exhibit "J." Likewise,

---

[3] As has so frequently been the case in this matter, Attorney Dilday makes repeated assertions that the real reason for the depositions problems is Defense Counsel, and not his client. Yet, as with every other such assertion, there is no reference to the record to substantiate the claim. The reason is obvious, the claims is, and has always been, baseless.

5

Counsel for the individual officer defendants also wrote to Attorney Dilday concerning completing the Court ordered portion of the depositions. A true and accurate copy of said letter is attached hereto as Exhibit "K." As a result of these latter letters, a *tentative* schedule for the week of June 19 –23 was established which would complete Plaintiff Pechner's court ordered portion of the deposition schedule, but still leave one half day for Sonia Fernandez. A true and accurate copy of the letter confirming this *tentative* schedule is attached hereto as Exhibit "L." As of the filing of this supplemental memorandum, Attorney Dilday has not confirmed that Plaintiff Pechner will appear for the remainder of her court ordered deposition time.

### III.

### MEANINGFUL SANCTIONS MUST BE IMPOSED

In what the Court itself described as a highly unusual session, on March 3, 2006, the Court personally instructed the Plaintiffs as to their discovery obligations. At the May 22, 2006, status conference, the Court had before it a plethora of examples from Plaintiff Pechner's deposition session of May 5, 2006, reflecting extreme misconduct and abuse during her deposition. Plaintiff Pechner's Counsel was specifically admonished regarding her deposition conduct and reminded of her discovery obligations. Yet, during her May 25, May 30 and June 7, 2006, deposition sessions, Plaintiff Pechner's conduct was no better, if not worse.

Defendants can only conclude that the abusive conduct will only end by the issuance of a dismissal sanction or by an evidentiary and monetary sanction significant enough get Plaintiff Pechner's attention, since nothing the Court has done to date seems to have accomplished that end. Thus, these moving Defendants propose the following sanctions in the following order:

1. Dismissal.

    2.    Alternative No. 1 to dismissal – Plaintiff Pechner is precluded from testifying at trial or submitting any of her deposition testimony or any affidavit from herself in opposition to any Defendants motion for summary judgment.

    3.    Alternative No. 2 to dismissal – Plaintiff Pechner is precluded from testifying at trial or submitting any of her deposition testimony or any affidavit from herself in opposition to any Defendants motion for summary judgment with respect to the subject matter of the questions set forth in Exhibits "C", "D" and "E" to Docket No. 188, Exhibit "A" to Docket No. 201 and Exhibits "E" and "G" hereto.

    4.    If neither dismissal nor Alternative No. 1 to dismissal is adopted by the Court, then these moving Defendants seek an additional deposition day ***each*** to make up for the abusive deposition conduct of May 25, May 30 and June 7, 2006. In addition, these Defendants seek the full day sought in their motion (Docket No. 188) for the abusive conduct of May 5, 2006. Only by making it clear to Plaintiff Pechner that she will remain in deposition until she properly answers the questions put to her will the Court get her attention, particularly if it does not elect one of the other remedies suggested. Plaintiff Pechner must know in no uncertain terms that her dilatory tactics will not prevent these Defendants from obtaining the discovery to which they are entitled.

    5.    Monetary Sanctions – Regardless of which of the options suggested above that the Court adopts, these Defendants seek the sanctions they requested in their original motion ($5,800.00), plus the monetary sanctions sought in the supplemental memorandum ($2,908.65), plus additional monetary sanctions based upon another wasted deposition day (travel time – 2 hours @ $250.00/ hr; deposition time – 4.75 hours @ $250.00/ hr; and deposition transcript costs - $517.00 - see Exhibit "M" hereto) in the amount of $2,204.50. *At a minimum* with respect to

7

June 7, 2006, Defendants must be compensated in the amount of $250.00 for the hour they were forced to sit around and wait for the arrival of Plaintiff's Counsel.

Here again, it seems certain that unless and until the Court makes it painfully clear to Plaintiff Pechner that she can not continue to behave the way she has, she will not stop her abusive deposition behavior. Appropriate monetary sanctions are necessary as a part of effectively communicating this message. Thus, Defendants seek total sanctions in the amount of $10,913.15.

>For the Defendants, **CITY OF REVERE**,
>**CITY OF REVERE POLICE DEPARTMENT,**
>**MAYOR THOMAS AMBROSINO, AND**
>**POLICE CHIEF TERENCE REARDON**
>By their Attorneys,
>
>  /s/ Walter H. Porr, Jr.
>Paul Capizzi, Esq., City Solicitor
>BBO#:  646296
>Walter H. Porr, Jr., Esq., Assistant City Solicitor
>BBO#:  659462
>City Hall, 281 Broadway
>Revere, MA 02151
>781-286-8166

Dated:  June 14, 2006.

**CERTIFICATE OF SERVICE**

      I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere and the City of Revere Police Department, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |
| | Via CM/ECF e-mail |

                                      /s/ Walter H. Porr, Jr.
                                      Walter H. Porr, Jr.,

Dated: June 14, 2006