# EXHIBIT K



# REARDON, JOYCE & AKERSON, P.C.
## ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)

397 Grove Street, Worcester, Massachusetts 01605
508-754-7285   fax: 508-754-7220   www.rja-law.com

Edward P. Reardon (Retired)
Austin M. Joyce
Michael J. Akerson
John K. Vigliotti
Andrew J. Gambaccini

June 12, 2006
Via telefax 617-227-9231 & US Mail

James S. Dilday, Esq.
Attorney Dawn Thorne
27 School Street, Suit 400
Boston, MA 02108

RE:   Pechner-James and Fernandez v. City of Revere, et als

Dear Attorneys Dilday and Thorne:

    With reference to the above-matter, I write to secure a date from your office with regard to continuing Ms. James deposition since Mr. Porr needed to re-set the previously agreed to June 12 deposition date. I had called your office on Friday (the 9th), leaving a message in the general delivery mail voice mail box given that Jim's regular box was not accepting messages. This letter follows-up on my message and Mr. Porr's letter, and a letter reviewed today from Mr. Dilday to Mr. Porr dated June 10. While I am not quite sure what the June 10th letter states, the last full paragraph states that you are not quite sure when you can make-up the June 12, 2006 date. Please correct me if my assumption that you do not intend to have Ms. James appear at any further depositions is erroneous.

    This said, I need to point out a few reasons why a new date needs to be set. Although the Court ordered that depositions be held during certain specific hours with certain times for breaks, this has not been the case. More often than not the depositions have started late, taken frequent breaks and have ended early– all a function of the plaintiffs' situation. Despite the days set for depositions, the hours taken have not been consistent with the schedule set by the Court and agreed to by the plaintiffs. I also need to mention that much of the testimony of Ms. James has been difficult to obtain because of her desire not to answer questions the first time, and her desire to raise what I deem to be tangential matters to her MCAD complaint and Court civil action. Also, the plaintiffs have chosen to name 12 defendants in an action alleging facts from 1996 through the present with numerous Counts against each

June 12, 2006                                                                                    Page 2

defendant and many different theories of liability and damages. I request that you contact me regarding these matters. Please note that if my assumption is Paragraph One above is correct, then under Local Rule 7.1 I request a conference to discuss these matters in advance of filing a motion with Judge Sorokin seeking his advice and order to conclude the plaintiff's deposition.

If you have any questions, please contact me. I look forward to your call to discuss the above issues.

Very truly yours,

Michael J. Akerson

cc:    Paul Capizzi, City Solicitor    Via telefax 781-286-8205
       Walter Porr, Jr. Asst City Solicitor