UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Terri Pechner-James and** ) <br> **Sonia Fernandez** ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **City of Revere, Thomas Ambrosino, Mayor** ) <br> **City of Revere, Police Department,** ) <br> **Terrence Reardon, Chief,** ) <br> **Bernard Foster, Salvatore Santoro, Roy** ) <br> **Colannino, Frederick Roland, Thomas Doherty,** ) <br> **John Nelson, James Russo, Michael Murphy,** ) <br> **and Steven Ford,** ) <br> **Defendants.** ) <br> ) | C.A. NO. 03-12499-MLW |

**DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDRICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD'S STATUS REPORT**

Now come the defendants in the above-entitled matter and provide this Court with the following status report in advance of the June 27, 2006, status conference:

I.  DISCOVERY ISSUES

A.  <u>Malatesta Notes.</u>

Plaintiff Sonia Fernandez's deposition under oath on June 22, 2006, revealed that she has read and reviewed certain written notes prepared by Revere Police Officer Lynn Malatesta. Ms. Fernandez further stated that said notes were 20-50 pages in length and that she reviewed them at Attorney Dilday's office where they are housed. The undersigned counsel directed a June 22, 2006, letter to Attorney Dilday's office requesting that said notes be produced at plaintiff James' June 23, 2006, deposition in Revere or conference the matter per Local Rule 7.1. (Attached as Exhibit "A"). While said notes were not produced on June 23rd, Mr. Dilday indicated that he

would check with former Attorney Carlton Dasent about them sometime during the week of June 26, 2006, and then advise counsel. The undersigned counsel reserve the right to file motions and request sanction if the notes existed for the past three years of this litigation and were not produced. The defendants requested the notes and statements of witnesses in a proper discovery request to which plaintiffs' responded without objection, yet meanwhile not producing said documents.

    B. <u>Depositions of Plaintiff James.</u>

From prior Court conferences, the Court is aware of the difficulties deposing the plaintiffs. Despite the number of deposition days scheduled, the productivity of said depositions of Plaintiff James has fallen well short of the mark of the average deposition.[1] It is important for the Court to note that although many deposition days were scheduled, the majority of them were not fruitful. Below is an outline of plaintiff James depositions, reflecting the dates, scheduled time and lost time:

| Date | Scheduled Time | Lost Time |
| --- | --- | --- |
| January 10, 2006 | 9:30-5:00 | 1:22 |
| March 14, 2006 | 9:30-5:00 | 3:22 |
| April 7, 2006 | 9:30-5:00 | 1:20 |
| May 5, 2006 | 10:00-5:00 | 45 mins |
| May 19, 2006 | 1:00-5:00 | 1:01 |
| May 25, 2006 | 10:00-5:00 | 8 mins |
| May 30, 2006 | 10:00-5:00 | 1:11 |

---

[1] Counsel for the City of Revere has filed several sanction motions and status reports regarding plaintiff James' demeanor and refusal to appropriately respond to queries regarding her complaint allegations and matters relevant thereto. Without needlessly repeating those issues again here, the counsel for the individual defendants joins in the City's motions and status report to the extent relevant and deemed appropriate by the Court.

| | | |
|---|---|---|
| June 7, 2006 | 10:00-5:00 | 1:16 |
| June 23, 2006 | 9:00-1:00 | 15 mins |
| | Total Lost Time: | 10 hours 40 minutes |

The "Lost Time" column reflects the late starts and early departure by the plaintiff and/or her counsel, either as a function of tardiness, other obligations, or plaintiff's lack of desire to continue due to being tired, upset, or incensed.[2]  This has lead to the total lost time of 10 hours and 40 minutes.   As such, the City of Revere's counsel has additional questions for plaintiff James regarding liability issues and he has not yet addressed plaintiff's alleged damage claim.  Counsel for the individual defendants examination regarding damages has not yet concluded.  For these reasons, along with those referenced in the City of Revere's motions, additional time is needed to complete plaintiff James' deposition.  Moreover, the undersigned would request that the plaintiff be admonished for her insolent attitude toward not only defense counsel, but also the Court system, and consider the sanctions addressed in the City's pleadings.

      C.     <u>Plaintiff James' Husband Mark James</u>.

In the instant civil action plaintiff Terri James asserts that she suffers emotional damage resulting from the defendants' actions over a ten year period.  Plaintiff also asserts that her emotional distress continues to the current times.  Despite these assertions, plaintiff refuses to respond to the inquiries regarding her husband.  Counsel for the defendants advises the Court that they believe that given plaintiff's alleged on-going emotional damage claim, they are entitled to inquire about issues which may provide stressors to the plaintiff outside of the Revere police department.  The undersigned counsel contends that they have a good faith basis to represent to this court that plaintiff James had many home life stressors, none of which were the

---

[2] The Lost Time calculation does not address cell phone breaks, bathroom breaks, tissue breaks, smoking breaks or extended lunch breaks.  In addition, not included in the lost time equation is the time where plaintiff argued with counsel, or when there were on the record conversations between counsel regarding the examination.

named defendants. Specifically, counsel references the medical records of a Dr. Keroack and his records that the Court received, *in camera*, for inspection prior to releasing them to defense counsel. Counsel advocates that plaintiff should be reminded of her obligation to appropriately respond to questions regarding the prosecution of her claims and the defenses raised relevant thereof. The Court's advice is sought on this matter.

II. DISPOSITIVE MOTION SCHEDULE

Given the vast discovery problems that have existed since the inception of this case, and those that continue to date, the defendants ask the Court to set a time table for the filing of summary judgment motions and request that the date be no sooner than 60 days after the last deposition transcript is produced to counsel. It is also requested that the Court set an opposition filing date.

Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford,
By their attorneys,

/s/ Michael J. Akerson
Michael J. Akerson
John K. Vigliotti
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

**CERTIFICATE OF SERVICE**

  I, John K. Vigliotti, hereby certify that Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford's Status Report has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                 By: /s/ John K. Vigliotti
                    John K. Vigliotti, Esq.