UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES<br>and SONIA FERNANDEZ<br>   Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF REVERE, THOMAS<br>AMBROSINO, MAYOR, CITY<br>OF REVERE POLICE DEPT.<br>TERRENCE REARDON, CHIEF<br>OF POLICE, BERNARD FOSTER<br>SALVATORE SANTORO, ROY<br>COLANNINO, FREDERICK<br>ROLAND, THOMAS DOHERTY<br>JOHN NELSON, JAMES RUSSO<br>MICHAEL MURPHY and<br>STEVEN FORD<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### OPPOSITION TO CITY DEFENDANTS UNSOLICITED SIXTH STATUS REPORT

Now come the Plaintiffs, Terri Pechner-James and Sonia Fernandez and oppose Docket No. 210-City Defendants Sixth Status Report. The Plaintiffs state the following as grounds for their opposition:

1. Local rule 7.1(2) states: No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

2. The Defendants Sixth Status Report is defective for several reasons including: (1) it is a motion by Defendants seeking depositions in excess of the depositions ordered by the court; and (2) it is not solicited by the court or required by the Rules of Civil Procedure; and (3) it is one of the ways in which these Defendants have multiplied litigation and engaged in bad faith toward the Plaintiffs.

3. The City Defendants unsolicited Sixth Status Report was filed on June 15, 2006. The Plaintiffs conferred with the Defendants, despite the Defendants failure to (1) file an appropriate motion; (2) send the Plaintiffs a notice of consultation; and (3) provide a certificate of consultation with the filing of their motion as required by Local Rule 7.1.

4. On June 22, 2006, Plaintiff, Terri Pechner-James, provided an additional half-a-day of deposition testimony to Walter H. Porr. She appeared at the office of the City Solicitor of the City of Revere accompanied by counsel. Defendants counsel examined the Plaintiff from 9:00 a.m. to 1:00 p.m.

5. The Plaintiff, Terri Pechner-James, had completed the two and one half days ordered by the court on May 22, 2006 at 2:00 p.m.

6. The Plaintiff has complied with all the court ordered depositions.

7. Plaintiff, Terri Pechner-James has submitted to the following depositions:
    January 10, 2006
    February 7, 2006
    March 14, 2006
    April 14, 2006
    May 5, 2006
    May 19, 2006
    May 25, 2006
    May 30, 2006
    June 7, 2006
    June 22, 2006

8. Plaintiff, Sonia Fernandez, has submitted to the following depositions:
    March 21, 2006
    March 24, 2006

      May 12, 2006
      May 16, 2006
      May 19, 2006
      May 26, 2006
      June 2, 2006
      June 9, 2006
      June 21, 2006

9. Both Plaintiffs have submitted to court ordered depositions. They have complied fully with the court's orders on depositions and Terri Pechner-James has provided an additional four (4) hours of deposition, by agreement of the parties. No further depositions are ordered or necessary.

10. The Plaintiff, Terri Pechner-james, has experienced intense and very personal abuse from Assistant City Solicitor of the City of Revere, Walter H. Porr, Jr. Esq.

11. On May 5, 2006, Walter H. Porr, provided the most glaring example of his abusive behavior. At page 721, of that deposition, he asked the Plaintiff whether she had pregnancies other than the ones that resulted in the birth of her three children.

12. There are only two possible answers to this question. Either an abortion or a miscarriage. The Plaintiff refused to answer. Walter H. Porr filed a motion to compel.

13. The court heard the Defendants motion to compel on May 22, 2006. The court denied the Motion to Compel filed by Walter H. Porr. The court also sealed the copy of the entire deposition filed by Walter H. Porr in support of his motion. The court further instructed Walter H. Porr to refrain from that pursuing that line of questioning.

14. On May 25, 2006, Walter H. Porr opened that deposition with more questions about abortions and miscarriages. Despite the courts explicit instructions, Walter H. Porr asked the plaintiff specifically: "Have you had any miscarriages?"

15. He then proceeded to spend the first six (6) pages of that deposition asking the Plaintiff about miscarriages and pursuing topics that the court instructed him not to pursue.

16. Walter H. Porr's pursuit of this information was not only a direct violation of the court's instructions but it was an attempt to harass, annoy and embarrass the Plaintiff. He had asked the Plaintiff on a previous occasion: "From September 1995 when you were sworn in as a police officer until March 13, 2001…were you pregnant during that time frame at all." The Plaintiff answered "No."

17. Walter H. Porr later in the deposition of May 25 2006 tried to make a tenuous but unconvincing connection between his forbidden line of questioning and the Defendants lack of a sexual harassment policy. This connection is a fig leaf designed only to hide his violation of the court's order.

18. To the extent that the Defendants Sixth Status Report is a motion for additional time; it should be denied. It fails to comply with Local Rule 7.1. The other parts of the Report are now moot ; they have been superseded by events that that have intervened since June 15, 2006.

WHEREFORE, the Plaintiffs request that the Defendants Sixth Status Report be stricken and its contents disregarded in their entirety.

Terri Pechner-James and
Sonia Fernandez
By their counsel


/s/ James S. Dilday, Esq.
James S. Dilday, Esq.

5

Case 1:03-cv-12499-MLW    Document 214    Filed 06/27/2006    Page 5 of 5