UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and  SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**PLAINTIFFS RESPONSE TO DOCKET NOS. 188 AND 209**

**Background:**

The Plaintiffs are two members of a group of seven female officers who were hired by the Revere Police Department on September 12, 1995. The Plaintiffs successfully completed the training required of police officers;  they pursued professional development during their tenure as police officers.  Four of the officers who were hired on September 12, 1995 left the Department. Three of those officers filed complaints with the Massachusetts Commission Against Discrimination (MCAD); prior to the filing, they had met with and informed the Mayor that harassment and discrimination in the Department had made it impossible for them to continue to work there.

These two Plaintiffs commenced their cause of action in the Suffolk Superior Court-Case No. 03-4685G.  The Defendants, in an exercise of forum-shopping, removed the complaint to the U.S. District Court. **Docket No.1: Notice of Removal**.

Their complaints state the following causes of action: (1) Hostile work environment/sexual/racial; (2) Constructive Discharge; (3) Disparate Treatment; (4) Infliction of Emotional Distress. The Plaintiffs were hired into a Department that still does not have a maternity leave policy, did not have a sexual harassment policy at the time of their employment; has not mechanism or policy for providing redress for sexual or racial discrimination and no facilities for the exclusive use of female officers.

The Plaintiffs have been adjudicated as having post traumatic stress disorder (PTSD) as a result of their experiences at the Revere Police Department. They both receive disability retirement benefits.

The Defendants have displayed a deliberate indifference to the state and federal laws on sexual and racial discrimination, maternity leave policies, and municipal liability for the breach of those policies as stated in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996) and other cases in this circuit.   The deliberate indifference of the Defendants have harmed the plaintiffs. Their deliberate indifference is evident in their continuing lack of a maternity leave policy and  a sexual harassment policy that is implemented.

This indifference is also evident in the Department's callous disregard for the Plaintiffs safety. They placed the Plaintiffs on walking routes in dangerous areas at night without proper backup. This indifference is also evident in the Department's failure to investigate acts of vandalism directed at cruisers assigned to female officers; this indifference is also evident in the mayor's failure to investigate or cause to be investigated complaints that the plaintiffs and other officers made directly to him.

Deliberate indifference is also evident in the fact that Terrence Reardon, has not changed the custom and the practices of the Department since he became the Chief of Police. He

2

was a Lieutenant in the Revere Police Department prior to his appointment as Chief of Police. He had knowledge of the custom and practices that existed prior to his appointment by the Mayor and his confirmation by the City Council. The Defendants indifference is also evident in their failure to provide separate facilities for the exclusive use of women although they were ordered to provide such facilities by the Commonwealth of Massachusetts.

Whether the Plaintiff, Terri Pechner-James, had pregnancies other than those that resulted in the birth of her three children is not a defense to the customs, practices and policy failures of the Defendants. It is a line of questioning whose sole intent is to annoy and embarrass the Plaintiff. The Defendants have no defense. They do not claim to have a defense. Their only defense seems to be **"bankers boxes"** full of information about abortions and miscarriages designed to show that Plaintiff, Terri Pechner-James is not **"Mother Teresa."** The Defendants have yet to produce the contents of these **"bankers boxes."**

**Facts:**

The first deposition in this case was held on January 10, 2006. Plaintiff, Terri Pechner-James was deposed at the offices of Reardon, Joyce & Akerson, PC. 397 Grove Street, Worcester, MA 01605. She arrived promptly at 10:00 am. The deposition started at 10:20 am. The deposing attorney concluded the session at 4:00 pm. She has attended a total of nine (9) depositions; she has been deposed for 43 hours. Her last deposition was June 22, 2006.

Plaintiff, Sonia Fernandez, was first deposed on March 21, 2006. Her last deposition was on June 21, 2006. She has attended a total of eight (8) depositions. She has been deposed for 31 hours.

Assistant City Solicitor, Walter Porr, has conducted the following depositions of the Plaintiff, Terri Pechner-James:

       May 5, 2006
       May 25, 2006
       June 7, 2006
       June 22, 2006

The other five (5) depositions were conducted by Attorney Akerson of Reardon, Joyce & Akerson, P.C

The Assistant City Solicitor, after every deposition of the Plaintiff, filed a Motion for Sanctions against the Plaintiff, Terri Pechner-James and her counsel. Docket Nos. 188 and 209 are the most recent such pleadings filed by the Assistant City Solicitor. The depositions are now suspended.

**Argument:**

(1) <u>The Defendants are asking the court to punish and sanction the Plaintiff because of her disability. Their repeated requests must be denied. To grant their requests would make the court complicit with kind of discrimination the Defendants have practiced against the Plaintiff.</u>

The repeated requests for sanctions by the Assistant City Solicitor is, at best, a paradox. It is paradoxical because the results that he seeks cannot be attained by the requests he has made. It is a conundrum that cannot be solved by sanctions or more depositions. Plaintiff, Terri Pechner-James, has been diagnosed with Post Traumatic Stress Disorder(PTSD). **(See Attached Exhibit A-Definition of Post Traumatic Stress Disorder-DSM IV-TR**) Her condition has been confirmed. Defendant, Terrence Reardon, relied upon this condition when he filed the involuntary disability retirement application for her. Public Employee Retirement Administration Commission (PERAC) relied upon it in their award of retirement disability benefits.

However, for purposes of this lawsuit, the Assistant City Solicitor has based his defense on denial of her disability. The abusive and confrontational manner of the Assistant City Solicitor has forced the Plaintiff to reexperience the trauma of her term of employment at the Revere Police Department. The traumatic experience of the depositions was particularly noticeable during the last deposition on June 22, 2006.

It took place at Revere City Hall, which is in close proximity to the plaintiff's former place of employment. The transcript Vol. IX Page 1572 reflects that the Plaintiff was retraumatized and the Assistant City Solicitor was distressed. He stated the following:

> I am getting a sense from the witness that she is not here. I know her body is sitting across the table from me, but the responses are flat, they are monotone, she is staring off into space, her voice is low. Id 1572 **Exhibit 1**

The Defendants denial and refusal to acknowledge the effects of post traumatic stress disorder for purposes of this trial, has created misinterpretations of the responses of the Plaintiff, Terri Pechner-James. The responses of Plaintiff, Terri Pechner-James, can be best understood, not by denial but, by the use of the criteria found in DSM IV-TR at page 468. **Exhibit 2** The Manual states as follows:

> B. The traumatic event is persistently reexperienced in one (or more) of the following ways:
>
> (3) acting or feeling as if the traumatic event were recurring (includes a sense of reliving the experience, illusions, hallucinations, and dissociative flashback episodes, including those that occur on awakening or when intoxicated).

Section C. Persistent avoidance of stimuli associated with the trauma and numbing of general responsiveness (not present before the trauma), as indicated by three (or more) of the following:

> (1) efforts to avoid thoughts, feelings, or conversations associated with the trauma
> (2) efforts to avoid activities, places, or people that arouse recollections of the trauma
> (3) inability to recall an important aspect of the trauma.

Section D. Persistent symptoms of increased arousal (not present before the trauma), as indicated by two (or more) of the following:

> (2) irritability or outbursts of anger
> (3) difficulty concentrating

The Assistant City Solicitor is likely to experience more not less distress in future depositions.

**(2) The Assistant City Solicitor asked inappropriate questions; he now seeks to be rewarded with additional deposition time because the Plaintiff properly objected to his inappropriate questions.**

On May 5, 2006, the Plaintiff attended a deposition at the offices of Reardon, Joyce & Akerson, P.C. The deposition began at 10:15 am. The deposing attorney was the Assistant City Solicitor of the City of Revere, Walter Porr. He asked 891 questions. The deposition was recorded in Vol. IV. The transcript began on Page No. 554; it ended on page 759; it covered 205 pages.

There are eleven instances on which the Plaintiff refused to answer inappropriate questions. They are:

      Page 663     Lines 2-4
      Page 664     Lines 14-15
      Page 664     Lines 22-23
      Page 678     Lines 7-10
      Page 679     Lines 20-22
      Page 681     Lines 7-9
      Page 721     Lines 7-9
      Page 721     Lines 14-15
      Page 730     Lines 5-9
      Page 744     Lines 4-5

The Assistant City Solicitor filed a motion for sanctions against the Plaintiff in Docket No. 188. Among the sanctions he sought was an additional day of deposition testimony. This matter has since been resolved. Plaintiff and counsel agreed to grant the Assistant City Solicitor half a day of additional deposition testimony on June 22, 2006. He accepted. The deposition was held. It began at 9:15 am, it concluded at 1:03 pm. The transcript of the proceedings is Vol. IX pages 1569 to 1761-202 pages of testimony. The Assistant City Solicitor is still pursuing sanctions against the Plaintiff because of answers she provided during the deposition of May 5, 2006-Vol. IV Page No. 550 to 759.

Specifically, the following exchange took place at page 721. See **Exhibit 3**  The Assistant City Solicitor asked:

> Have you had any other pregnancies other than the ones that resulted in the birth of your three children?
>
> A. I am going to refuse to answer that question.
>
> Porr: Would you mark the record, please.

> Porr: How many other pregnancies did you have?
>
> A. No one said I had any, but I don't think it's relevant to the case, so I'm going to refuse to answer any….
>
> Porr: Would you mark the record, please.

The other ten instances See **Exhibits 4-14** on which the Plaintiff refused to answer related to either sexual intercourse or pregnancies. On May 22, 2006, the Court denied the Defendants request to compel answers to the eleven issues he had identified. The court ordered sealed the documents that the Assistant City Solicitor had filed in support of Docket No. 188. During the May 25, 2006 deposition, after a brief introduction, the first substantive question that the Assistant City Solicitor asked the Plaintiff was "**Have you had any miscarriages?" Exhibit 15** p.909. A question that clearly violated the spirit, if not the direct order, of the court on May 22, 2006.

**Conclusion**

The Defendants have no defense. They do not pretend to have a defense. The Assistant City Solicitors request for additional discovery time is a diversionary tactic. Ad hominem attacks on the Plaintiff does not create a defense to the policy failures of his clients.

The Defendants failure to recognize post traumatic stress disorder for purposes of this case, the insistence of the Assistant City Solicitor that the Plaintiff respond as if she is not a victim of a disability have presented the court with a distinct problem. The Assistant City Solicitor wants the court to use its coercive powers to compel the Plaintiff, Terri Pechner James, to act as though she is not a victim of post traumatic stress disorder. He is, in effect, requesting that the court punish and sanction the Plaintiff for her disability. The Assistant City Solicitor is attempting, by his many requests for sanctions, to make the court a party to the kind of discrimination to which his clients have subjected the Plaintiff.

The Plaintiffs actions and responses are consistent with post traumatic stress disorder. She is still receiving treatment on a regular basis because of the severity of her disability. The Assistant City Solicitor refuses to acknowledge or be sensitive to the emotionally heightened state that the Plaintiff enters while repeatedly recalling the traumatic events during his depositions. His callous disregard for the Plaintiff's emotional condition is evident from the deposition transcripts. The Defendants have acknowledged the disorder for disability retirement purposes.

As stated earlier, the Assistant City Solicitor has already received an additional four (4) hours with the Plaintiff pursuant to an agreement with Plaintiff's counsel. The Plaintiff has submitted to more deposition time than the court ordered. Additional depositions, especially ones that are conducted on or near the Plaintiff's former place of employment will only serve to have her reexperience the trauma; another such event would simply aggravate the symptoms; it would produce no useful information.

Sanctions will not solve this problem; more depositions will only aggravate. Recognition of the Plaintiff's disability is the only solution to the dilemma that the court faces. It is the only solution for the Assistant City Solicitor. His requests for more depositions, more sanctions and more punishment cannot produce the results he seeks. His motions must be denied.

Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/James S. Dilday, Esq.
James S. Dilday, Esq.