UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **TERRI PECHNER-JAMES and SONIA** | ) | |
| **FERNANDEZ,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A.  No. 03-12499-MLW** |
| | ) | |
| **CITY OF REVERE, THOMAS AMBROSINO,** | ) | |
| **MAYOR, CITY OF REVERE POLICE** | ) | |
| **DEPARTMENT, TERRENCE REARDON,** | ) | |
| **CHIEF OF POLICE, BERNARD FOSTER,** | ) | |
| **SALVATORE SANTORO, ROY COLANNINO,** | ) | |
| **FREDERICK ROLAND, THOMAS DOHERTY,** | ) | |
| **JOHN NELSON, JAMES RUSSO, MICHAEL** | ) | |
| **MURPHY and STEVEN FORD,** | ) | |
| **Defendants,** | ) | |

CITY DEFENDANTS' REPLY TO PLAINTIFFS'
STATEMENT OF COMPLIANCE WITH DEPOSITION ORDER

**NOW COME** Defendants, City of Revere, City of Revere Police Department, Mayor

Thomas Ambrosino and Police Chief Terence Reardon (City Defendants), and hereby submit their

Reply to Plaintiffs' Statement of Compliance with Deposition Order (Docket No. 217).

I.

THE DEPOSITION ISSUES AND STATUS

A.    Issues:

1.    The Time Issue.

a.    Overview:

The City Defendants incorporate herein by reference the Discovery Overview section of their

Sixth Status Report (Docket No. 210, pages 2 – 6, Section II.A, Overview of City Defendants'

Discovery Approach).

For their part, Plaintiffs take the position that their "depositions have been a very difficult ordeal;" that "[i]t would be a manifest injustice to subject them to further depositions" and that further depositions would "serve only to aggravate their disability and intensify the hostility that they experienced at the Revere Police Department." Docket No. 217, page 6. In other words, as they have consistently done throughout this case, Plaintiffs make the assertion that liability is a foregone conclusion (see e.g., Docket No. 216, pages 1-3 and pages 7 and 8 (Conclusion)) and that consequently, they should not have to be deposed or respond to any other discovery (see e.g., Plaintiffs' Emergency Motion for Protective Order, Docket No. 33).

In addition, they also tally up the alleged number of hours they have been deposed, without providing any citation to the record in support thereof, as if to suggest that the mere number of hours alone means anything.

***However, the mere number of hours or days a particular deponent has been required to sit for deposition examination is meaningless <u>in the abstract</u>***. Even Plaintiffs' Counsel agrees with this general proposition.

Deposition of Terri Pechner-James, Vol. IX, pages 1760 – 1761:

MR. AKERSON: I state for the record that given a couple pending motions, I deem this deposition to be suspended, not concluded.

MR. PORR: Yes. I agree.

MR. DILDAY: And for the record, I deem it to be concluded, and that's based upon the number of times that Ms. James has been to various depositions, which I counted either nine or ten separate appearances at depositions.

MR. PORR: Yeah. And just for the record, I trust you realize that the mere number of times the witness has to appear at a deposition may have nothing to do with whether or not the deposition is in any way excessive. In other words, depending upon the nature of the claims, the amount of claims, all the issues involved in the case, just because there's been nine different sessions doesn't necessarily mean that, you know, it's been excessive.

MR. DILDAY: Doesn't mean that they're not excessive either.

MR. PORR:  No.  I understand that.  It just means there's been nine sessions.

MR. DILDAY:  True.  We agree on that.

MR. PORR:  Okay.  Fair enough.

MR. AKERSON:  Lastly, to conclude this, what I deem to be a suspended deposition, I also add to Mr. Porr's comments that the depositions have started late and ended early at excessive rates throughout my view.  I think that will be addressed with Judge Sorokin as well.  Thank you for coming.

      b.    <u>Deposition Length Pursuant to Federal Rule of Civil Procedure 30(d)(2)</u>:

Federal Rules of Civil Procedure, Rule 30(d)(2) states in relevant part that:  "The court ***must*** allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."  Emphasis added.

      i.    The Court ***Must*** Allow Additional Time – Defining "Must."

The Rule's use of the word "***must***" is significant.  The word "must" generally speaks of a mandatory effect.  See e.g., *Kelly v. United States*, 924 F.2d 355, 360 (1st Cir. 1991); see also *Rolland v. Romney*, 318 F.3d 42, 55 (1st Cir. 2003) ("The statutory requirements [pursuant to 42 U.S.C. § 1396r, a part of the Nursing Home Reform Amendments] for states and nursing facilities are clearly mandatory rather than advisory.  The word 'must' is repeated frequently.  See Bryson, 308 F.3d at 89 (concluding that the words 'must' and 'shall' denoted statutory requirements rather than mere guidelines).  For example, with regard to the prescreening for new residents, nursing facilities 'must not admit' any new resident who has not been screened by the state, 42 U.S.C. § 1396r(b)(3)(F); they 'must provide' specified services, id. § 1396r(b)(4)(A); and they 'must' inform residents of their legal rights, id. § 1396r(c)(1)(B).  States are instructed that they 'must have in effect a preadmission screening program,' id. § 1396r(e)(7)(A)(i); they 'must review and determine'

3

whether current nursing facility residents require nursing facility levels of care and specialized services, id. § 1396r(e)(7)(B)(i); and they 'must' utilize the results of that screening in order to house and serve residents in specific ways, id. § 1396r(e)(7)(C). Not only are the directives mandatory, but deadlines are often prescribed").

<div style="text-align:center">ii.      The Right to Fairly Examine the Deponent.</div>

As long as the examination is "fair," then the Court "must" allow sufficient time.  In this context, "fair" is defined by Federal Rules of Civil Procedure, Rule 26(b)(1), which states in relevant part that:  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"The scope of examination is defined in Rule 26(b) as '* * * any matter, not privileged, which is relevant to the subject matter involved * * *.'  ***The language is broad***.  It cannot be said that the matters inquired into were not relevant to the subject matter or that they would not 'lead to the discovery of admissible evidence.'  Would that judges had the means of divination to forecast the former resulting in the latter with unfailing accuracy.  We can only be as accurate as a weather forecaster.  Need I say more?" Emphasis added.  *Miller v. Sun Chemical Corp*., 12 F.R.D. 181, 182 (D.N.J. 1952)

Thus, it is recognized that a "fair examination" can be, and frequently is, a "broad examination."  In this context, Rule 30(d)(2) references the limitations set forth in Rule 26(b)(2).  In

<div style="text-align:center">4</div>

this regard, Rule 26(b)(2) states in relevant part that that Court may limit discovery "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

At issue here are the depositions of the Plaintiffs. Obviously, the Plaintiffs are parties to the case who will testify at trial or in opposition to summary judgment by way of affidavit. The discovery being sought is not "unreasonably cumulative or duplicative, [n]or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Indeed, the only way that the Defendants can learn what the Plaintiffs have to say is to ask them at deposition.[1]

Moreover, this is the only opportunity, and the only method, by which Defendants can obtain this discovery. See footnote 1.

Finally, the burden or expense of depositions is not outweighed by their benefits. First, the needs of the case are such that the Defendants must rely upon the Plaintiffs' depositions to flesh out the allegations in their complaint, learn of their intended testimony at trial or by way of affidavit and prepare their defense. Secondly, the amount in controversy is in the millions if Plaintiffs' *verified* complaint is to be believed. Third, while depositions are time consuming, they are not necessarily resource intensive. Fourth, the issues at stake in the litigation, i.e., multiple causes of action spanning events over a period of at least six years involving over a dozen defendants, necessarily center around the testimony of the Plaintiffs. Their testimony is their case. Fifth, the importance of

---

[1]    Here again, it is worth remembering that the Court has already determined that the Plaintiffs have improperly frustrated the Defendants efforts to use interrogatories to gain much of this information. See Docket No. 166.

taking the Plaintiffs depositions can not be underestimated and is generally a given. Who in their right mind could be expected to take a case to trial involving multiple claims totaling millions of dollars in damages without taking the opposing parties' depositions.

Thus, as the matter now stands, Defendants must be given the necessary additional time to conduct a fair examination of the Plaintiffs.

"Plaintiff[s] ha[ve] not sustained [their] claim that the examination[s] ha[ve] been oppressive. . . . The questions asked do not appear to be oppressive in nature. ¶ There is no showing by plaintiff[s] that the examination has been or is intended to be conducted by defendant in bad faith. Thus there is no basis for an order limiting the scope of any further examination." *Idle Wild Farm, Inc. v. W. R. Grace & Co.*, 22 F.R.D. 334, 336 (D.N.Y. 1958). See also *Schwartz v. Broadcast Music*, D.C.S.D.N.Y., 16 F.R.D. 31, 33: ("While federal courts are thus authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules.")

        iii.    The Right to Additional Time When the Deponent or Another Person Impedes or Delays the Examination.

Rule 30(d)(2) also provides that the examining party is entitled to additional time "if the deponent or another person, or other circumstance, impedes or delays the examination." In this case, at least with respect to Plaintiff Pechner, the deponent has clearly gone out of her way to "impede or delay" her examination. Moreover, repeated pleas to her Counsel to bring the deponent under control have fallen on deaf ears and thus, Plaintiff's Counsel is "another person" responsible for impeding and delaying the deposition examination. Parties are bound by the actions of their attorneys, and "any other notion would be wholly inconsistent with our system of representative litigation." *Scola v. Beaulieu Wielsbeke*, 131 F.3d 1073, 1075 (1st Cir. 1997).

Thus, the additional time requested herein to complete the depositions of the Plaintiffs must be allowed.

2.  <u>Defining The Deposition Day</u>:

In its Omnibus Discovery Order, the Court stated that "Each deposition day, if in Worcester, shall commence at 10:00 a.m. and proceed until 5:00 p.m. with a break for lunch of one hour." Docket No. 166, page 4, Section A.2.d.[2]  This would amount to six (6) hours of deposition time, assuming no other breaks.

According to Federal Rules of Civil Procedure, Rule 30(d)(2), "Unless otherwise authorized by the court or stipulated by the parties, **a deposition is limited to one day of seven hours**."  Thus, the Federal Rules define a deposition day as seven (7) hours.

The City Defendants have consistently argued that a deposition day should be calculated as seven (7) hours pursuant to the Federal Rules.  See Docket No. 59.  Thus, 2.5 days, the length of time allowed by the Court pursuant to the Omnibus Discovery Order (Docket No. 166, page 4) equals 17.5 hours of deposition time.

As a result of the Omnibus Discovery Order, a deposition schedule was submitted to the Court on April 21, 2006.  See Docket No. 173.

---

[2]    The Court allowed for the 10:00 a.m. start time out of deference to Attorney Dilday's schedule which apparently involves teaching an early morning class at Bunker Hill Community College.  Yet, on those days when Attorney Dilday's Associate, Dawne Thorne, was covering the deposition, there was no offer to start at 9:00 a.m. to allow for a more efficient use of every one's time.  Perhaps that is because Attorney Throne does not have a driver's license and can't even make it to a 10:00 a.m. deposition on time.  See Docket No. 209, page 2, section I.B.1 and Exhibit "A" thereto.

3.    Plaintiff Pechner – Deposition Time Remaining Per Omnibus Discovery Order (Docket No. 166) and Discovery Order (Docket No. 199):

**May 5, 2006 (Scheduled 10:00 a.m. to 5:00 p.m. – Docket No. 173):**

Commenced at 10:15 a.m.[3]  Off the record discussion at Plaintiff's Counsel's request from 10:18 a.m. to 10:24 a.m.  Recess at Plaintiff's request from 11:44 a.m. to 11:54 a.m.  Lunch recess from 12:20 p.m. to 1:33 p.m.  Recess at Plaintiff's request from 2:30 p.m. to 2:42 p.m.  Recess at Plaintiff's request from 3:51 p.m. to 4:02 p.m.  Deposition adjourned at approximately 4:15 p.m.[4] Attached hereto as Exhibit "A" are excerpts from the May 5, 2006, deposition session for the foregoing events.  Total elapsed time – 4.25 hours (254 minutes).[5]

While Plaintiff Pechner concurs with the 10:15 start time, she submits that the session ended at 5:00 p.m. and considers this to equal 6 hours, despite the fact that it would only be 5.75 hours, excluding an hour for lunch.  See Docket No. 217, page 5, entry for May 5, 2006.  Clearly, Plaintiff Pechner is mistaken to assert that the deposition went until 5:00 p.m. in light of the record produced herewith.  See footnote 7.  Moreover, Plaintiff Pechner fails to account for the break time.

---

[3]  Plaintiff Pechner asserts that she was on time for her deposition on this date.  Docket No. 215, page 1, paragraph no. 3.  She concedes, however, that the deposition did not start until 10:15 a.m. due to a Local Rule 7.1 conference conducted between her attorney, Attorney Vigliotti and counsel for the City Defendants. Docket No. 215, page 1, paragraph no. 4.  All of this was reflected on the record at the beginning of the deposition session.  See Exhibit "A" hereto.  The point here is that despite the fact that she was on time, her deposition started 15 minutes late due to deposition issues caused by her co-plaintiff.  Indeed, at her co-plaintiff's next deposition session, the attorneys conducted an on the record Local Rule 7.1 conference as a result of Plaintiff Pechner's deposition conduct on this date.  See Docket No. 194.

[4]  The Court Reporter did not record the time the deposition adjourned, but in discussions with her by Attorney Michael Akerson, she has indicated that she estimates that the deposition adjourned at 4:15 p.m. due to the number of transcript pages generated after the last break.  The elapsed time from the commencement of the deposition at 10:15 a.m. until the last break at 3:31 p.m. was 241 minutes or four (4) hours.  The number of transcript pages is 197 (pages 554 to 750). This averages 1.22 minutes per page.  The number of transcript pages from the last recess to adjournment is 10 (pages 750 to 759).  This would equate to 12 additional minutes of deposition (1.22 minutes X 10 pages).  Thus, the deposition resumed at 4:02 p.m. and adjourned 12 minutes later at approximately 4:15 p.m.

[5]  According to the Notes of the Advisory Committee on the 2000 amendments to Federal Rules of Civil Procedure, Rule 30(d):  "Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that **the only time to be counted is the time occupied by the actual deposition**."  Emphasis added.

Correcting for the 15 minutes lost due to the late start, the 45 minutes lost due to the early departure, the 15 minutes for the extended lunch, and the 40 minutes in breaks, results in a deduction of nearly two hours from the six hours, equaling the 4.25 hours set forth by an examination of the record. See Exhibit "A."

At the meet and confer session conducted one week later, Counsel for the City Defendants' stated that one of the remedies he sought for Plaintiff Pechner's behavior was that the May 5, 2006, deposition <u>not</u> count against the allotment of 2.5 days which had been given to his clients' by the Court. See Docket No. 194, Exhibit "A," transcript page 26 (Exhibit page 27), lines 18 – 22 and transcript page 27 (Exhibit page 28), lines 12 – 18. <u>Plaintiff's Counsel agreed to allow for an additional half day</u>. See Docket No. 194, Exhibit "A," transcript page 29 (Exhibit page 30), line 4 to transcript page 30 (Exhibit page 31), line 3. See also Docket No. 193, Defendants' Joint Status Report, page 2, Section II.2 and Docket No. 199, Discovery Order, page 1, first substantive paragraph and page 2, paragraph No. 2.[6]

Thus, in their Joint Status Report, the City Defendants indicated that they still had "two full days remaining on their current allotment of deposition days" as it concerned Plaintiff Pechner; that the individual officers had one full remaining day on their allotment; <u>but</u>, that Plaintiff Pechner was only currently scheduled for two and one-half days of deposition. Docket No. 193, page 2, subsection II.2, <u>Terri Pechner</u>, second paragraph. In its Discovery Order dated May 22, 2006, the Court indicated that "[t]o date, a half-day of deposition time for Ms. Pechner-James has not occurred (sic) . . ." Docket No. 199, page 1, last paragraph. Here, the Court clearly meant that "a half-day of deposition time for Ms. Pechner-James has not <u>been scheduled</u>" (3 days remaining and only 2.5 scheduled). But Plaintiff Pechner has seized upon the order as written to claim that <u>after</u> May 22,

---

[6]    For their part, City Defendants still seek a full day. See Docket No. 188, page 7, second paragraph.

2006, she "has completed two days and 6 hours of depositions. This record of attendance exceeds, by almost two and one half days the half a day ordered by the court in Docket No. 199." Docket No. 217, page 3, last paragraph carrying-over to page 4.

**May 25, 2006 (Scheduled 10:00 a.m. to 5:00 p.m. – Docket No. 173):**

Commenced at 10:08 a.m. Recess at Plaintiff's request from 12:00 p.m. to 12:15 p.m. Lunch recess from 1:05 p.m. to 2:15 p.m. Recess at Plaintiff's Counsel's request from 3:05 p.m. to 3:06 p.m. Recess taken from 3:55 p.m. to 4:07 p.m. Deposition adjourned at 5:00 p.m. Attached hereto as Exhibit "B" are excerpts from the May 25, 2006, deposition session for the foregoing events. Total elapsed time – 5.25 hours (315 minutes).

Plaintiff Pechner reports 6 hours of deposition time (see Docket No. 217, page 3, entry for May 25, 2006) by failing to take into account the extended lunch hour and the breaks which equal an additional 45 minutes of lost deposition time, equaling the 5.25 hours set forth by an examination of the record. See Exhibit "B."

**June 7, 2006 (Scheduled 10:00 a.m. to 5:00 p.m. – Docket No. 200, Exhibit "A"):**

Commenced at 11:00 a.m. Recess to allow Plaintiff to compose herself taken from 11:45 to 11:51. Lunch recess from 1:20 p.m. to 2:10 p.m. Recess at Plaintiff's request from 4:20 p.m. to 4:23 p.m. Deposition adjourned at 4:44 p.m. Attached hereto as Exhibit "C" are excerpts from the June 7, 2006, deposition session for the foregoing events. Total elapsed time – 4.40 hours (285 minutes).

Plaintiff Pechner reports 5 hours of deposition time (see Docket No. 217, page 3, entry for June 7, 2006) by failing to take into account the full amount of time for the lunch hour (50 minutes instead of 40 minutes) and the breaks which together equal an additional 19 minutes of lost deposition time, equaling the 4.40 hours set forth by an examination of the record. See Exhibit "C."

**June 22, 2006 (9:00 a.m. to 1 p.m. – Docket No. 200, Exhibit "A," make-up for June 12, 2006, by agreement of the parties):**

Commenced at 9:15 a.m.  Recess at Plaintiff's Counsel's request from 11:33 a.m. to 11:52 a.m.  Off the record from 12:50 p.m. to 12:52 p.m. due to a cellular phone call received by Plaintiff's Counsel.  Deposition adjourned at 1:00 p.m.[7]  Attached hereto as Exhibit "D" are excerpts from the June 22, 2006, deposition session for the foregoing events.[8]  Total elapsed time – 3.25 hours (196 minutes).

Plaintiff Pechner reports 4 hours of deposition time (see Docket No. 217, page 3, entry for June 7, 2006) by failing to take into account that the deposition started 15 minutes late, the breaks equaled an additional 21 minutes of lost deposition time, and Attorney Akerson used the last 8 minutes, thus equaling the 3.25 hours set forth by an examination of the record.  See Exhibit "D."

| Total Deposition Time: | May 5, 2006 | 4.25 hours[9] |
| | May 25, 2006 | 5.25 hours |
| | June 7, 2006 | 4.40 hours |
| | June 22, 2006 | 3.25 hours |
| | | 17.15 hours[10] |

**Balance Due:**            **0.35 hours + 3.5 hours (see footnote 9) = 3.85 hours.**

---

[7]   After the break caused by Plaintiff's Counsel taking a cellular phone call, Plaintiff's Counsel agreed that Attorney Akerson could ask a few follow-up questions in light of Plaintiff Pechner's testimony concerning former Chief Roy Colannino.  Exhibit "D," Pechner Deposition, Volume IX, page 1751, lines 13 – 24.  Thus, City Defendants have not counted this time against their court ordered allotment.

[8]   Included in the excerpt are two references to off the record discussions that were not timed.  See transcript pages 1587 and 1725.

[9]   Subject to Plaintiff's Counsel's agreement that for May 5, 2006, City Defendants got one-half day (3.5 hours) back.  See page 9.

[10]   This total includes the many on the record discussions between counsel whereby City Defendants' Counsel sought to get Plaintiff's Counsel to bring his client under control and get her to answer the question being posed in a responsive manner.  Also included within this total are the many questions asked at the opening of each deposition session about Plaintiff Pechner mental and physical health and her ability, or potential lack thereof, to proceed with the deposition in the first instance.

4.    Plaintiff Fernandez - Deposition Time Remaining Per Omnibus Discovery Order:

**May 12, 2006 (Scheduled 10:00 a.m. to 5:00 p.m. – Docket No. 173):**

Commenced at 10:43 a.m.  Recess taken from 11:28 a.m. to 11:31 a.m.  Lunch recess taken from 12:27 p.m. to 1:40 p.m.  Recess at Plaintiff's Counsel's request taken from 3:12 p.m. to 3:22 p.m.  Deposition adjourned at 4:22 p.m.  Attached hereto as Exhibit "E" are excerpts from the May 12, 2006, deposition session for the foregoing events.[11]   Total elapsed time – 4.25 hours (253 minutes).

Plaintiff Fernandez reports 5 hours of deposition time (see Docket No. 217, page 4, entry for May 12, 2006) by reporting a 45 minute lunch hour when it was actually 73 minutes; by reporting a 4:30 ending time when it was actually 4:22 p.m.; and, by failing to take into account 13 minutes of recess time.  Deducting these 49 minutes (0.75 of an hour) from 5 hours equals the 4.25 hours set forth by an examination of the record.  See Exhibit "E."

**May 16, 2006 (Scheduled 1:00 p.m. to 5:00 p.m. – Docket No. 173):**

Commenced at 1:30 p.m.  Cellular telephone "Hat Trick," last call recess from 2:31 p.m. to 2:32 p.m.  Recess at Plaintiff's request from 2:35 p.m. to 2:43 p.m.  Recess at Plaintiff's request from 4:04 p.m. to 4:09 p.m.  Deposition adjourned at 4:55 p.m.  Attached hereto as Exhibit "F" are excerpts from the May 16, 2006, deposition session for the foregoing events.[12]   Total elapsed time – 3.20 hours (191 minutes).

Plaintiff Fernandez incorrectly reports that the deposition on May 16, 2006, started at 10:30 a.m. and ended at 1:30 p.m. (Docket No. 217, page 4, entry for May 16, 2006), when in fact it started at 1:30 p.m. and ended at 4:55 p.m.  See Exhibit "F."  The elapsed time was 3.20 hours as reflected

---

[11]   Included in the excerpt is one reference to an off the record discussion that was not timed.  See transcript page 502.

[12]   Included in the excerpt are two references to off the record discussions that were not timed.  See transcript pages 788 and 791.

by the record.  See Exhibit "F."

Thus, in their Joint Status Report, the City Defendants indicated that they still had "over one and one half days remaining on their current allotment of deposition days" as it concerned Plaintiff Fernandez; that the individual officers had one full remaining day on their allotment; but, that Plaintiff Fernandez was only currently scheduled for two days of deposition.  Docket No. 193, page 3, subsection II.2, <u>Sonia Fernandez</u>, second paragraph.  In its Discovery Order dated May 22, 2006, the Court indicated that "[t]o date, . . . one and one-half days of deposition time for Ms. Fernandez has not occurred . . ."  Docket No. 199, page 1, last paragraph.  Here, the City Defendants believe Court meant that <u>their remaining allotment</u> of one and one-half more days for deposing Plaintiff Fernandez had not yet occurred.   But Plaintiff Fernandez has seized upon the order as written to claim that <u>after</u> May 22, 2006, she "has completed two (2) days and one-half hour of depositions. Her attendance has exceeded the one and one-half day requirement of the court by one-half day plus one-half hour.  Docket No. 217, page 2, last paragraph carrying-over to page 3.

**June 2, 2006  (Scheduled 1:00 p.m. to 5:00 p.m. – Docket No. 200, Exhibit "A"):**

Commenced at 12:58 p.m.  Recess from 3:05 p.m. to 3:15 p.m.  Deposition adjourned at 5:00 p.m.  Attached hereto as Exhibit "G" are excerpts from the June 2, 2006, deposition session for the foregoing events.[13]   Total elapsed time – 3.90 hours (232 minutes).

Plaintiff Fernandez reports 4 hours of deposition time (see Docket No. 217, page 2, entry for June 2, 2006) by failing to account for the 10 minute recess.  Deducting these 10 minutes from 4 hours equals the 3.90 hours set forth by an examination of the record.  See Exhibit "G."

---

[13]   Included in the excerpt are four references to off the record discussions that were not timed.  See transcript pages 1088, 1150, 1175 and 1181.

**June 21, 2006 (Scheduled 9:00 a.m. to 12:00 p.m. - Docket No. 200, Exhibit "A," make-up for June 12, 2006, by agreement of the parties):**

Commenced at 9:17 a.m.  Deposition adjourned at 12:25 p.m.  Attached hereto as Exhibit "H" are excerpts from the June 21, 2006, deposition session for the foregoing events.[14]  Total elapsed time – 3.10 hours (188 minutes).

Plaintiff Fernandez reports 3 hours.  Docket No. 217, page 2, entry for June 21, 2006.

| Total Deposition Time: | May 12, 2006 | 4.25 hours |
|---|---|---|
| | May 16, 2006 | 3.20 hours |
| | June 2, 2006 | 3.90 hours |
| | June 21, 2006 | 3.10 hours |
| | | 14.45 hours |

**Balance Due:**          **3.05 hours.**

B.    **Status of the Depositions:**

1.    Plaintiff Pechner's Deposition.

To date, and notwithstanding the issues related to the above-referenced pending motion, approximately 17.15 hours of deposition time with Plaintiff Pechner has enabled the cross-examiner to cover background information, the beginning of Plaintiff Pechner's employment in September of 95 and reach June of 2000 (some 58 months).   While the calculation can only be imprecise given the lack of uniformity of events and dates, this pace nonetheless translates to approximately 20 minutes per month  /  3 months per hour  /  1 year per four hours.[15]

The outermost date in the complaint concerning Plaintiff Pechner is July 28, 2003.  See Complaint, paragraph 78 and Exhibit "B" thereto.  Plaintiff Pechner was ultimately retired in 2004, with an effective date reaching back to 2002.  Thus, *if* the current pattern holds true to form, it

---

[14]    Included in the excerpt are two references to off the record discussions that were not timed.  See transcript pages 1619 and 1644.

[15]    The exact amount is 18 minutes per month rounded to the nearest whole number.  City Defendants have further rounded this to 20 minutes, the nearest whole division of the hour.

should take approximately twelve hours to cover the three years from July of 2000 to June of 2003. Furthermore, City Defendants estimate that it will take at least another four hours to cover July 2003 to retirement, review Plaintiff Pechner's medical records and cover her damage claims.

Thus, at a minimum, in addition to the nearly four (4) hours still owed to the City Defendants pursuant to the Omnibus Discovery Order (see above), the City Defendants should be given two more days (14 hours), for a total of 18 hours, to finish the deposition of Plaintiff Pechner. **NOTE**: This estimate is roughly consistent with the time sought in City Defendants' Sixth Status Report. See Docket No. 210, page 7, second full paragraph.

2.    Plaintiff Fernandez's Deposition.

To date, approximately 14.45 hours of deposition time with Plaintiff Fernadez has enabled the cross-examiner to cover background information, the beginning of Plaintiff Fernandez's employment in September of 95 and reach November of 98 (some 39 months). While the calculation can only be imprecise given the lack of uniformity of events and dates, this pace nonetheless translates to approximately 20 minutes per month  /  3 months per hour  /  1 year per four hours.[16]

The outermost date in the complaint concerning Plaintiff Fernandez is June 19, 2003. See Complaint, paragraph 129 and Exhibit "G" thereto. Plaintiff Fernandez was ultimately retired in 2004 as the result, at least in part, of an on the job physical injury in September of 2002 from which she never returned to work. Thus, *if* this pattern holds true to form, it should take approximately 16 hours to cover the almost four years from December of 1998 to September of 2002. Furthermore, City Defendants estimate that it will take at least another four hours to cover September 2002 to retirement, review Plaintiff Fernandez's medical records and cover her damage claims.

---

[16]    The exact amount is 22 minutes per month rounded to the nearest whole number. City Defendants have further rounded this to 20 minutes, the nearest whole division of the hour.

Thus, at a minimum, in addition to the three (3) hours still owed to the City Defendants pursuant to the Omnibus Discovery Order (see above), the City Defendants should be given two and one-half more days, for a total of 20 hours, to finish the deposition of Plaintiff Fernandez.  **NOTE**: This estimate is one day more than the time sought in City Defendants' Sixth Status Report.  See Docket No. 210, page 9, last paragraph.[17]

<div style="margin-left: 40%;">

For the Defendants
By their Attorneys,


 /s/  Walter H. Porr, Jr
Paul Capizzi, Esq., City Solicitor
BBO#:  646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

</div>

Dated:  July 7, 2006.

---

[17]  Here, it is perhaps worth noting one apparently significant difference between the depositions of each Plaintiff.  Due to the manner in which the medical records were received and the timing of the depositions, Counsel for the City Defendants has been able to integrate Plaintiff Fernandez's medical records into his chronological outline and has been examining her about them as they fit within the chronology.  Such has not been the case with Plaintiff Pechner.  With one notable exception, Counsel for the City Defendants has yet to inquire of Plaintiff Pechner about her medical records. Thus, Plaintiff Pechner's deposition sessions have proceeded farther chronologically as a result.  It remains to be seen how quickly her deposition will be able to proceed through her voluminous medical records.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108
Attorneys for the Plaintiffs
Via CM/ECF e-mail

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford
Via CM/ECF e-mail


 /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  July 7, 2006