## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

### MOTION FOR ORDER COMPELLING DEFENDANT, THOMAS AMBROSINO TO ANSWER INTERROGATORIES PURSUANT TO FED. R. CIV. P. 37(a)

Now comes the Plaintiffs and hereby makes application for an Order compelling the Defendant, Thomas Ambrosino, to answer the interrogatories propounded upon him pursuant to an order of this court. The Plaintiffs state the following as grounds for their application:

1. On May 1, 2006, Magistrate-Judge, Leo T. Sorokin, ordered the Defendant to respond to interrogatories no later than twenty (20) days from May 1, 2006. **Docket No. 181**.

2. The Plaintiff served the Interrogatories.  The document contains eighteen (18) questions.

3. The Defendant provided the same stock response to Interrogatories **1,2,3,8,12, and 13.** That response states as follows:

**Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is**

**relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

4. The City of Revere has a Plan B charter; the Mayor of the City is the Chief Executive Officer; he appoints the Chief of Police; the City Council confirms the Chief of Police. The Chief of Police executes the orders of the Mayor.

5.  The Mayor has general superintendence of the Police Department and direct control of his appointment and dismissal.

 **Interrogatory No.2** This Interrogatory is designed to address the Mayor's training and experience in matters that relate to sexual harassment and matters of discrimination. The central issue is municipal liability. Determining who is a policymaker is a legal question to be resolved by the trial judge. Jett v Dallas Independent School District, 49 U.S. 701, 737. This trial judge has identified this Defendant and the Chief of Police as policymakers. **Docket No. 136.**

This Interrogatory is important because (1) in order to determine liability, the court must consider "the relevant legal material including the state and local positive law, as well as the custom and usage having the force of law. Jett citing City of St. Louis v Praprotnik, 485 U.S. 112 (1988); and (2) the jury must decide whether the policymaker acquiesced in a longstanding practice or custom which constitutes the "standard operating procedure" of the City of Revere.

The Mayor's knowledge, experience, training and sensitivity to these matters is crucial to making this determination. The Defendant's response to Interrogatory 2 is crucial to the establishment of municipal liability. The Interrogatory is not just "calculated to lead to the discovery of evidence";  it requires information that is not only admissible but is the core criterion of municipal liability.

**Interrogatory No.3.**  This Interrogatory is a request for insurance information. The answer to this question is relevant to the issue of damages and would be admissible in Phase Two of the trial. To provide the same answer to this question that Defendant provided to Interrogatory No. 2 constitutes the deliberate filing of an evasive and  non-responsive answer by the Defendant.  Fed. R. Civ. P. 26 takes a very broad approach with respect to what information is discoverable. Rule 26 includes the kind of information requested of the Defendant in this interrogatory. See Rule 26(b)(1)(in depth

discussion of the scope of discovery.) The requested information need not be admissible, only relevant. Damages is both admissible and relevant.

**Interrogatory No. 4.**  Interrogatory No.4 seeks information that is admissible and highly relevant to the "custom and usage" of the City of Revere. The manner in which the Defendant, Mayor Thomas Ambrosino handled the complaints referenced in Interrogatory No.4 is admissible and highly relevant to the "standard operating procedure" of the City of Revere. See Pembauer v City of Cincinnatti, 475 U.S. 469 (1986).  The Defendant acknowledges that "I was informed of the complaints of Kathy Fish and the Plaintiffs herein."  Except for the vague statement, "The City of Revere responded to each of these complaints as required by law and the procedures of the MCAD" , this response provides no evidence of a "standard operating procedure" that involved investigation or the exercise of superintendence over the police department. The Mayor has not denied that Kathy Fish and the Plaintiffs brought their complaints directly to him.

**Interrogatory No.5** seeks information about the longstanding practice or custom of the City of Revere in the manner in which it deals with "abuse of lawful authority, sexual harassment, or other violation of any person's state or federal civil rights"  The Defendant's answer is non-responsive. A casual reference to an unidentified "public record" is deliberately evasive. The Defendant's response acknowledges only the present
 cause of action by the Plaintiffs. It first claims that this information is "overbroad, burdensome, oppressive" but then states that the information is a public record and is available on line. The Defendant fails to identify the public record or the online  address where this information is available.

**Interrogatory No. 7**  Defendant's counsel, Walter H. Porr claimed, on two occasions,  in open court on May 22, 2006 that he has **"bankers boxes"** full of information about the Plaintiffs. He stated that he intended to use this information at trial to show that Terri Pechner-James was not "**Mother Teresa.**"  On the same day that Walter H. Porr made this statement in open court, he provided Plaintiffs counsel with this response that claims that a request for this same information is "overbroad, burdensome, and oppressive.

He states that city employees "may be reached through the Office of the City Solicitor for the City of Revere" after asserting that the Interrogatory "invades the attorney-client and work product

privileges." This is a deliberately and intentionally evasive response. This response is not designed to further the goals of Rule 26;  It can fairly and safely be described as discovery abuse. See Rule 26(b)(3)(in depth discussion of discovery of work product)  and Rule 26(b)(1)(in depth discussion of the scope of discovery).

**Interrogatory No.8.** The Defendant provided the same answer to this question that he provided to Interrogatories 1,2,3,12,and 13. This answer is non responsive. It is nothing more than the repetition of a stock response.

**Interrogatory No.9** The answer to this interrogatory is crucial. It does not seek information about the Massachusetts Commission Against Discrimination. The heart of this case is the lack of investigation by the command staff of the Revere Police Department and the deliberate indifference of the Mayor.  It is clear that the command staff turned a blind eye to instances of abuse that should clearly have been investigated. It is also clear that Mayor Thomas Ambrosino, like Mayor John Bullard in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996), displayed a deliberate indifference and acted in accordance with the "custom and usage" of the City of Revere when he neglected to investigate the actions of personnel upon whom he conferred authority. See <u>College Town, Div of Interco, Inc. v MCAD</u>, 400 Mass. 156, 508 N.E.2d 587 (1987).

It is insufficient to say "Plaintiff Pechner walked of the job on March 13, 2001." This statement is deliberately and intentionally non-responsive. The Defendants recommended Plaintiff Pechner for Involuntary Disability Retirement based upon a diagnosis of  Post Traumatic Stress Disorder caused by events that occurred while she was an employee at the Revere Police Department.  The Defendant's answer places total reliance on the MCAD and fails to identify any actions that he, as a policy maker, took or ordered.

**Interrogatory No.10** The answer to this interrogatory is also crucial. Both Plaintiffs received involuntary disability retirement. The basis of the application was the diagnosis of post traumatic stress disorder caused by events that occurred while they were employees of the Revere Police Department.

The purpose of this interrogatory is to determine the nature, depth and extent of the investigation that the Defendant conducted or caused to be conducted. This Interrogatory has subparts (a-h). It is

specific in nature and is neither vague nor ambiguous. It is only the Defendant's responsive that is argumentative.

**Interrogatory No.11**. Defendant's answer is both non-responsive and evasive. It is non-responsive, because it attempts to substitute the City Solicitor's conclusion for a response by the Defendant. The answer to Interrogatories 9 and 10 make it clear that the Defendant did not conduct or order the conduct of any investigation into the Plaintiffs complaints. Yet the answer to Interrogatory No. 11 states a conclusion "that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United states have been violated. "

This answer is both evasive and invalid. It states a conclusion that is based on having conducted no investigation. The "dispositive" denials filed by the Office of the City Solicitor cannot be a substitute for a response by the Defendant.

**Interrogatory No. 12** The answer to this interrogatory is crucial.  Whether by acquiescence in a longstanding practice or custom, the Defendant failed to perform or failed to order an investigation is at the heart of the municipal liability of the City of Revere. Interrogatory seeks the identification of documents that pertain to the investigation of the Plaintiffs complaints.

It specifically asks for (a) documents or reports of any kind; (b) conversations regarding the incident; (c) inspections of the detention area; (d) documents regarding the training of any officers; (e) all records reviewed pertaining to the officers or detention attendants involved in this litigation.  This Interrogatory does not ask about the documents the Defendant submitted in support of his motion for summary judgment. The attorney-client and work product privilege is not a bar to a proper response to this question.

**Interrogatory No.13** This interrogatory seeks information about communication between the Mayor, the Chief of Police, whether, the individual in that position was Roy Colannino, Terrence Reardon or any other city official about the constructive discharge of the Plaintiffs from their employment. There was no question about the MCAD or the complaints that the Plaintiffs filed with the MCAD. The interrogatory seeks merely to determine the extent to which the Mayor exercises his statutory powers over the Revere Police Department. The Defendant's response tries to delegate his statutory responsibility to  the MCAD, the City Solicitors Office and other appointees and employees. He

wants to rely upon the action of these parties to explain his failure to exercise his statutory responsibility.  This response is deliberately and intentionally unresponsive.

**Interrogatory No. 14**  The answer to this interrogatory is crucial. This Interrogatory has parts (a-e); it seeks to specifically determine the "custom and usage" of the City of Revere in handling complaints of police misconduct and sexual harassment. The Defendant did not answer any of the parts of Interrogatory No.14. This answer indicates a deliberate indifference to the Plaintiffs complaints. It also reflects an acquiescence in a longstanding practice and a deliberate indifference that is the "standard operating procedure" of the City of Revere.

**Interrogatory No. 15.** This Interrogatory seeks information about the mechanism used to investigate complaints of sexual harassment. The Defendant's response does not state why the "attorney-client and work product privileges" constitute an obstacle to the identification of individuals who were involved in the investigation of the Plaintiffs sexual harassment complaints.

The Defendant's improper reliance on "attorney-client and work product privileges" appears to be a subterfuge designed to obscure the failure of the Defendant to conduct or to order the conduct of an investigation. These privileges  cannot shield the Defendant from his failure to conduct or to order the conduct of an investigation, it cannot shield the Defendants from their failure to have a sexual harassment policy for the first four years of the Plaintiffs employment, it cannot shield the Defendants from the consequences of their failure to have a maternity leave policy.  The Defendant's response is intentionally evasive and deliberately non-responsive.

**Interrogatory No. 16** The Defendant's response to this Interrogatory is either deliberately evasive or it is an open admission of a deliberate failure to investigate. The Plaintiffs sexual harassment complaint did not originate at the MCAD. The Plaintiffs complaint originated in the Revere Police Department. The Plaintiffs and Kathy Fish met with the Mayor prior to filing their complaint with the MCAD. The Mayor advised them to file complaints with the MCAD but did not investigate or order an investigation of the complaints.

By this response, the Mayor simply acquiesced in the longstanding practice of ignoring complaints of sexual harassment. By his own admission, he "had little to no involvement in responding to them and no idea what, if any officers of the Revere Police Department assisted in this regard."

The City Solicitor's office filed denials of the Plaintiffs complaints. The procedural requirement of filing a response to MCAD complaints is not a substitute for the statutory responsibility of the Mayor of a Plan B charter city, like the City of Revere.

**Interrogatory No. 17** This interrogatory encompasses a ten-year period prior to the hiring of the Plaintiffs and the ten-year period since the hiring of the Plaintiffs, including the period of their employment. This span of time is a reasonable period over which to establish a "longstanding practice or custom." The longstanding practice, the custom, the standard operating procedures of the City of Revere is both relevant and admissible. The Defendant fails to answer the question and relies instead on public records which are not identified by time, date or location. The Defendant's failure to answer this interrogatory is an admission of the longstanding practice, custom and standard operating procedure of the City of Revere.

**Interrogatory No. 18**  This Interrogatory seeks a response directly from the Defendant, Mayor of the City of Revere. It does not ask whether he supervises the Revere Police Department. The Interrogatory asks the Mayor to "identify all the efforts that he made, as mayor, to ensure that the Revere Police Department carried out its duties in accordance with federal, state and municipal laws and in accordance with the Revere Police Department's rules and regulations.

The Defendant fails to identify any efforts that he made as Mayor and chief executive officer of the City of Revere to  fulfill one of his legal obligations. He does not acknowledge his statutory authority or his statutory responsibility as the chief executive. His response places total reliance upon his appointee, the Chief of Police. He acknowledges no responsibility for the supervision of his appointee upon whom he has conferred authority.  See College Town, Div of Interco, Inc. v MCAD, 400 Mass. 156, 508 N.E.2d 587 (1987

This response is an acknowledgement by the Mayor of the longstanding practice of the City of Revere. His total reliance on the MCAD and the Chief of Police constitutes the deliberate indifference and the standard operating procedure that constitutes the basis of municipal liability. See Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996); College Town, Div of Interco, Inc. v MCAD, 400 Mass. 156, 508 N.E.2d 587 (1987

WHEREFORE, the Plaintiffs request that:

    1. The Defendant be compelled to answer the Interrogatories propounded by the Plaintiffs; or

    2. The Court consider the Defendants failure to respond an admission that the Defendants acquiesced in a longstanding practice and custom of failing to investigate complaints of sexual harassment and other forms of discrimination.

    3. The Defendants provide the Plaintiffs with copies of the contents of the "**banker's boxes**" that they intend to use at trial to show that Plaintiffs, Terri Pechner-James, in particular, was not "**Mother Teresa.**"

    4. Such other relief as this Court deems just and proper.

Plaintiffs
By their attorney

 /s/ James S. Dilday, Esq.
James S. Dilday, Esq.

**EXHIBIT A**

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and SONIA FERNANDEZ,
     Plaintiffs,
       **)**

       **)**

v.

            C.A. No. 03-12499-MLW
CITY OF REVERE, THOMAS AMBROSINO, ) MAYOR, CITY
OF REVERE POLICE DEPARTMENT, TERRENCE
DEPARTMENT, TERRENCE **REARDON,**   **)**
CHIEF OF POLICE, BERNARD FOSTER,  **)**
SALVATORE SANTORO, ROY COLANNINO,)
FREDERICK ROLAND, THOMAS DOHERTY,)
JOHN NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,
     Defendants,

       **)**
       **)**
       **)**


DEFENDANT, MAYOR THOMAS AMBROSINO'S,
<u>ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>


   COMES NOW Defendant, Mayor Thomas Ambrosino, and hereby answers Plaintiffs'

first set of interrogatories as follows:


1.  Please describe yourself stating your full name, height, weight, eye color, hair color, race, and
date of birth.

   A. Thomas G. Ambrosino. Objection. The balance of the interrogatory seeks information
   which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of
   evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party
   to this action in his individual capacity.

2.  Please identify all employment held from your seventeenth birthday until the present.

   a. The name and address of each person or entity that employed you;
   b. The dates that you were so employed;
   c. The positions and ranks held while so employed;
   d.  The duties you performed and what duties were associated with each position rank
while so employed;

e. The reason or reasons for the termination of your previous employment;

f.        Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:

- The nature and substance of the training received;
- The inclusive dates of the period during which you received training
- The name and address of each specialized school you attended to receive such training

- The dates if attendance at each such specialized school
- The nature and substance of the training offered at each such specialized school
- The degree of certificate, if any, that you received from such specialized school

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

3.        Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

4.        During your term of office as mayor of the City of Revere, were you or City officials informed of any complaints of sexual harassment made by police officers of the City of Revere. If yes, state:

a.        When each complaint was made;
b.        The name and address of each complainant;
c.        To whom each complaint was made;
d.        Were each complaint was made;
e.        When you or other City officials were informed of each complaint;
f.        What if anything you or other City officials did regarding each complaint;
g.        Describe in detail the allegations of each complaint.

A. I was informed of the complaints of Kathy Fish and the Plaintiffs herein. Copies of some

of the relevant documents from the Kathy Fish complaint have already been provided to Plaintiffs. Plaintiffs have copies of their own MCAD complaints and the documents generated in response thereto. The City of Revere responded to each of these complaints as required by law and the procedures of the MCAD.

5.    During your term of office as the mayor of Revere, were you
                                                              the City of Revere
police officers of the City of Revere ever a defendant in any suit which charged
you, individually or in your official capacity as mayor of City of Revere, the City of
Revere

            police officers of the City of Revere
                                          police officers of the City of
Revere with abuse of lawful authority, sexual harassment or the violation of any person's
state of federal civil rights? If yes, state for each suit:

a. The name and address of each plaintiff;
b. The name and address of each defendant;
c. The nature of the cause of action;
d. The date on which the suit was instituted;
e. The court in which the suit was instituted and the docket number;
f. The name and address of the attorney for each party;
g. The result of each suit that has been concluded by judgment or settlement;
h. What steps, if any, were undertaken to ensure that violations did not occur again

A. Objection. The interrogatory is overbroad, burdensome, oppressive and harassing, particularly since the information requested is available as a matter of public record and may also be accessible on line. Without waiving said objection, the only sexual harassment lawsuit of which I am aware is the present action.

6.    Do you intend to call any expert witnesses at trial? If yes, for each on state:

a. The name and present address of said witness;
b. The subject matter on which the expert is expected to testify;
c. The substance of the facts and opinions to which the expert is expected to testify;
d. A summary of the grounds for each opinion.

A.    No.

7.    Please list all persons who have knowledge of any discoverable matter pertaining to this suit. For each person, state the name, present address or if not available the last known address, and the telephone number of said person.
A. Objection. As framed, the interrogatory is overbroad, burdensome and oppressive and invades the attorney-client and attorney work product privileges. I do not know, independent of the discovery process itself,

names of all persons who have knowledge of any discoverable matter pertaining to this suit." Presumably, such persons would include all personnel of the Revere Police Department from at least September, 1995, up to and including the retirement of Sonia Fernandez. All city employees may be reached through the Office of the City Solicitor for the City of Revere. Plaintiffs, their

witnesses and their treating medical providers are known to them. I do not know the addresses of individuals such as John Barker or Christopher Daley or any other potential third party who might know something about this case.

8. Have you ever been arrested convicted of any crime whatsoever? If yes, state the offense, date and place of occurrence and result.

   A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.

9. Did you, individually or in your official capacity as mayor of Revere, or any other official of the City of Revere or Revere Police Department conduct an investigation of the circumstances of the ending of

Pechner James employment with the police department? If yes, state specifically and in detail, as accurately as you can, the name and address of the person who conducted the investigation, the authority under which they conducted such investigation, the nature of such investigation, the result of such investigation, and the action taken by you or the City of Revere regarding, or as a result of, the investigation.

   A. Plaintiff Pechner walked of the job on March 13,2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD). The City investigated and responded to Plaintiff MCAD complaint in due course as required by MCAD procedures. Plaintiff Pechner has a copy of the City's response to her MCAD complaint and is aware of the fact that said complaint never reached final adjudication due to her filing of an action in Superior Court. The City concluded that no actionable discrimination occurred. As for her disability retirement, Plaintiff Pechner has a copy of all the relevant records from that proceeding as well.

10. Did you review any documents concerning containing any information pertaining to the sexual harassment disability retirement from the Revere Police Department? If so, identify each document by stating;

   a.   The name of each document (please refer to the term "document" as defined herein;
   b.   The creator of each document;
   c.   The name and address of the person who present you with each document;
   d.   The date on which you received each document;
   e.   The date on which you reviewed each document;
   f.   The name and address of each person with whom you reviewed or discussed the document;
   g.   Any inconsistencies which you noted at the time between any of the documents or contents reviewed;
   h.   Any action you took, or considered but did not take as a result of knowledge of the incident, through the documents.

A. Objection. As framed, the interrogatory is vague, ambiguous and argumentative. Assuming that the interrogatory is a continuation of the previous interrogatory, it is also objectionable on the grounds that Plaintiff Pechner, nor Plaintiff Fernandez for that matter, received a disability retirement due to sexual harassment. Thus, inasmuch as there are no documents pertaining to any sexual harassment disability retirement, no such documents were reviewed.

**11** - Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determinations as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or any laws of the Commonwealth of Massachusetts or the United States were violated in the circumstances surrounding the employment and the ending of her employment.

The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the complaint on file herein and also all of the dispositive pleadings filed by the City, the Chief and myself in the instant action.

12.   Please identify all of the evidence you reviewed concerning the sexual harassment complaint of

Pechner James and ending of her employment. Such evidence should include but is not limited to:

  a.    All documents or reports of any kind;
  b.    All conversations you have regarding the incident;
  c.    All inspections you made of the detention area;
  d.    All documents regarding the training of any of the officers; and
  e.    All records reviewed pertaining to the officers, or detention attendants involved in this litigation.

A. Objection. The interrogatory invades the attorney-client and attorney work product privileges. Without waiving said privileges, I reviewed the documents submitted in support of my motion for summary judgment and the motion for summary judgment of Chief I may have reviewed some of the documents submitted to MCAD.

13.   Did you have any communications with the defendant Terrance and/or Roy Colannino or any other City officials concerning the employment and the ending of her employment through and including present time? If so, please state the date and time of each communication, the individuals present, the subject mater discussed, the identity of the documents, facts and persons discussed, state in as much detail as possible what you said to defendants Terrence and Roy Colannino and/or the individual Revere Police Officers Revere City Official and what he, she, or they said to you.

A. Objection. As framed, the interrogatory is vague and ambiguous. Assuming that the interrogatory is a continuation of the previous interrogatory, presumably the interrogatory speaks only to Plaintiff Pechner. To the best of my recollection, in March of 2001, Chief

Colannino was on extended sick leave pending retirement. I do not recall any conversations with him concerning Plaintiff Pechner's employment with the City of Revere. I would not have spoken to Chief Terence

about Plaintiff Pechner's employment until after I had appointed him Chief in January of **2002.** By that time, the MCAD complaint was being handled directly by the City Solicitor's office and so I would have dealt with them regarding it and not Chief As for Plaintiff Pechner's medical retirement, I may have spoken to Chief about that in passing, but I recall nothing specifically.

14.    Identify each and every informal or formal complaint made against the City of Revere the Revere Police Department, and/or a Revere Police Officer, of which you were aware, during your term of office as mayor, alleging police misconduct, including sexual harassment by stating for each complaint;

     a.    The name and address of each person who brought the complaint;
     b.    The date on which the informal or formal complaint was made;
     c.    The date of each alleged incident which is the subject of the complaint;
     d.    The name and address of each officer against whom the complaint was made;
     e.    The person to whom the complaint was made;
     f.    The substance of each complaint;
     g.    The identity of each document pertaining to the incident;
     h.    The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during

as    a

result of the incident and/or complaint;

     i.    Each and every person interviewed by the Revere Police Department concerning the alleged incident;
     j.    The outcome and/or disposition of each complaint;

The name and address of each and every employee of the City of Revere to whom the complaint, its outcome

disposition was communicated.

     1.    Each and every decision you made regarding or as a result of each complaint.

A. Objection. The request is overbroad, burdensome and oppressive. Without waiving said objection, the only complaints regarding sexual harassment were made by the Plaintiffs herein and Kathy Fish. Records related to Kathy Fish's MCAD complaint have already been produced. The information related to the Plaintiffs' complaints are already in Plaintiffs possession.

15. Identify each and every person who your and/or the City of Revere the Revere Police Department contacted and/or had communicatio ns with concerning the

investigation
of any and all
claims     of
sexual
harassment
filed by and
(sic)   police
officer against
the    Revere
Police
Department.

A. Objection. The request invades the attorney-client and attorney work product privileges.

16.    Identify all law enforcement officials who were involved in the investigation of sexual
harassment complaints by the Plaintiff

other police officers. For each law
enforcement official and city official who was involved in the investigation, state in
detail:

a.    The name, address, and telephone number of the official involved;
b.    The tasks concerning the investigation that were assigned to the official;
c.    The dates on which each task was accomplished;
d.    The

on which you reviewed the official's work or report;

e.    The dates on which you communicated with the official about investigation and the
communications which were exchanged between the official and you the Revere Police Department.
f.    The impact which each communication had on your decision and/or that of the Revere
Police Department not to convene a board of inquiry or institute disciplinary actions against any
members of the Revere Police Department.

**A.** The investigation and response to the MCAD complaints of the Plaintiffs herein and of
Kathy Fish were handled by the City Solicitor's office. I had little to no involvement in
responding to them and have no idea what, if any, officers of the Revere Police Department
assisted in this regard. See Chief Reardon's answer to an interrogatory similar to this one.

17.    Identify all violation of civil rights occurring during the past twenty years in which an
employee of the Revere Police Department complaint or sued the Revere Police Department.
For each such incident state:

a.    The name and last known address of each party;
b.    The date of the violation;
c.    The details of the circumstances surrounding the reported violation;
d.    The name of the investigating officers, and any Revere police officers having contact
with the parties.
e.    Whether or not the Revere Police Department conducted an investigation into the

reported violations and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during

as result of the violation and/or complaint.

      f.     Each and every person interviewed by the Revere Police Department concerning the alleged violation from the date of said violation to the present.

      g.     The outcome and/or disposition of the investigation into each victim's case.

      h.     The names and address of each and every employee of the City of Revere to whom the complaint, its outcome

disposition was communicated.

**A.** Objection. The request is overbroad, burdensome and oppressive and not reasonably calculated to lead to the discovery of evidence which is relevant or admissible. Moreover, the request seeks information which is probably equally available to Plaintiff from the public record.

18.    Identify all efforts you made as the Mayor of Revere to insure that the Revere Police Department carried our its duties lawfully in accordance with federal, state, and municipal laws and in accordance with the Revere Police Department rules and regulations.

**A.** I do not directly supervise the Revere Police Department. That function is entrusted to the Chief of Police. I rely upon the Chief of Police, a trained law enforcement professional with many years of experience, to operate the Police Department in accordance wit the Chief any issues which may be of

Sworn and subscribed to under the 2006.

h the law.  As and when the need arises, I discuss with y be of **concern**.

the pains and penalties of perjury this ___ day of May

_____
Thomas G. Ambrosino

8

For Defendant, MAYOR THOMAS AMBROSINO, By his Attorneys,

_____
Paul Capizzi, Esq., City Solicitor
BBO#:  646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
659462 wporr@revere.org City Hall, 28 1 Broadway Revere, MA 02 15 1 78 1-286-8 166
Dated: May 19,2006.

**CERTIFICATE OF SERVICE**

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence hereby certify that I have personally served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

James S. Dilday, Esq.
Grayer          Dilday, LLP
27 School Street, Suite 400
Boston, MA 02 108
Attorneys for the Plaintiffs

Michael J. Akerson, Esq.
          Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 0 1605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

Delivered in open Court on May 22,2006.

_____
Walter H. Porr, Jr.,

Dated: May 22,2006

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA | ) | |
| FERNANDEZ, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-12499-MLW |
| | ) | |
| CITY OF REVERE, THOMAS AMBROSINO, | ) | |
| MAYOR, CITY OF REVERE POLICE | ) | |
| DEPARTMENT, TERRENCE REARDON, | ) | |
| CHIEF OF POLICE, BERNARD FOSTER, | ) | |
| SALVATORE SANTORO, ROY COLANNINO, | ) | |
| FREDERICK ROLAND, THOMAS DOHERTY, | ) | |
| JOHN NELSON, JAMES RUSSO, MICHAEL | ) | |
| MURPHY and STEVEN FORD, | ) | |
| Defendants, | ) | |

DEFENDANT, CHIEF TERENCE REARDON'S,
ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant, Chief Terence Reardon, and hereby answers Plaintiffs' first

set of interrogatories as follows:

1.      Please describe yourself stating your full name, height, weight, eye color, hair color, race, and date of birth.

        **A.      Terence K. Reardon.   Objection.   The balance of the interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

2.      Please identify all employment held from your seventeenth birthday until the present.

        a. The name and address of each person or entity that employed you;

        b. The dates that you were so employed;

        c. The positions and ranks held while so employed;

        d. The duties you performed and what duties were associated with each position and/or rank while so employed;

        e. The reason or reasons for the termination of your previous employment;

1

f.      Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:

    -     The nature and substance of the training you received;

    -     The inclusive dates of the period during which you received training

    -     The name and address of each specialized school you attended to receive such training

    -     The dates if attendance at each such specialized school

    -     The nature and substance of the training offered at each such specialized school

    -     The degree of certificate, if any, that you received from each such specialized school

A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

3.      Describe your training in:

    a.     The provision of service to victims of sexual harassment

    b.     The identification of instances of sexual harassment

A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

4.      Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

5.    Do you presently have any investments which yield income? If yes, state:

    a.     The nature of each such investment

    b.     The amount of each such investment

    c.     The amount of income from each such investment during the preceding three (3) years.

*2*

A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

6.      Do you own any real property in whole or in part? If yes, state the street address of the property, the legal form of your ownership, the names of all co-owners of the property and the approximate value of your interest in the property.

A. Objection. The interrogatory seeks information which is neither relevant nor admissible,

nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

7.  Have you ever been the subject of a civilian complaint? If yes, state:

  a. When each complaint was made
  b. The name and address of each complainant
  c. To whom each complaint was made
  d. Where each complaint was made.
  e. Describe in detail the allegations of each complaint

  A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

8.  Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer and employee of the Revere Police Department with abuse of your lawful authority, sexual harassment or the violation. of any person's state or federal civil rights? If yes, state for each suit:

  a. The name and address of each plaintiff;
  b. The name and address of each defendant;
  c. The nature of the cause of action;
  d. The date on which the suit was instituted;
  e. The court in which the suit was instituted and the docket number;
  f. The name and address of the attorney for each party;
  g. The result of each suit that has been concluded by judgment or settlement

  A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity. The only official capacity sexual harassment suit is the present action.

9. Have you ever been treated evaluated by a psychiatrist, psychologist or any other mental health worker? If yes, state the following:


and/or


  a. The name, address and qualifications of the individual you saw;
  b. The date of each visit;
  c. The purpose of your visits;
  d. The results of your evaluation


treatment


  A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

10.    Do you intend to call any expert witness at trial? If yes, for each one state:

    a. The name and present address of said witness;
    b. The subject matter on which the expert is expected to testify;
    c. The substance of the facts and opinions to which the expert is expected to testify
    d. A summary of the grounds for each opinion.

A.    No.

11.    Do you intend to call any witnesses at trial? If yes, for each witness state the name, present address or if not available the last known address, and the telephone number of said witness.

A.    No.

12. Have you ever been arrested convicted of any crime whatsoever? If yes, state the offense, date and place of occurrence and result.


and/or


A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.

13.    Did the Revere Police Department conduct an investigation of the circumstances of the end of the Plaintiff James employment at the Revere Police Department. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events involving the Revere Police Department preceding and following the ending of the Plaintiffs employment at the Revere Police Department.

A. Terri Pechner-James walked off the job on March 13,2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD). The City investigated and responded to Plaintiff Pechner's MCAD complaint in due course as required by MCAD procedures. I was not the Chief of Police at that time and was not involved in responding to her MCAD complaint. As for Plaintiff Pechner's medical retirement, when her treating physician indicated that she was not capable of returning to a full duty status, I submitted an application for her retirement.

14. Did you review any documents concerning containing any information pertaining to ending of her employment at the Revere Police Department on March 12,

2001. If so, identify each document by stating:

    a. The name of each document (please refer to the "document" as defined herein;

    b. The creator of each document;
    c. The name and address of the person who presented you with each document;
    d. The date on which you received each document:

e. The dates on which you reviewed each document;

f. The name and address of each person with whom you reviewed or discussed the

g. Any inconsistencies which you noted at the time between any of the documents or

document;

contents reviewed.

A. Objection. The request is vague and ambiguous. Assuming that the interrogatory is a continuation of the previous interrogatory, I reviewed the medical records submitted with Plaintiff Pechner's retirement application contemporaneously with the submission of said application. Plaintiff Pechner is already in possession of all such documents. I am not currently aware of any inconsistencies in these documents, though I have not reviewed them since they were submitted to the Retirement Board.

15.    Identify by name, residential address, badge number and district or unit each member of the Revere Police Department who was present on the final evening of the Plaintiffs employment at the Revere Police Department.

A. The shift schedule for said date has already been provided to Plaintiff in a prior discovery response.

16.    Identify each and every report, written and oral, you made concerning the incident.

A.    None that I recall except the involuntary disability application.

17.    Are there any statements in any report filed concerning the incident that you now believe are not accurate? If do, identify the inaccurate statement and describe in what way it is inaccurate.

A. None made by me or my staff. I suspect that many of the statements attributed to Plaintiff Pechner are falsehoods and that the statements of her physicians are erroneous due to falsehoods being told to them by Plaintiff Pechner.

18. Did you the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or any laws of the Commonwealth of Massachusetts or the United States were violated.

and/or

A. The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the complaint on file herein and also all of the dispositive pleadings filed by the City, the Mayor and myself in the instant action.

19. Do you contend that all of the evidence you reviewed concerning the experiences and ending of the employment supports your decision and that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any of the officers involved? If so, please state the basis for your contention.

A. I only reviewed medical records related to Plaintiff involuntary disability retirement application. Nothing in these records suggested the need for a board of inquiry or disciplinary action.

20. Did you have any communications with Roy Colannino and Thomas Ambrosino or any other City officials concerning the Plaintiff at any time from the date of the incident through and including the present time? If so, please state the date and time of each communication, the individuals present, the subject matter discussed, the identity of the documents, facts and persons discussed, state in as much detail as possible what you said to Thomas Ambrosino and Roy Colannino

and/or Revere City official and what he, she, or they said to you.

6

A. Roy Colanino -no. Mayor Ambrosino -only in relation to Plaintiff Pechner's retirement proceedings. Said communications would have been contemporaneous with the retirement process and would have concerned the same.

21. At any time, did you the Revere Police Department supply or give to the City of Revere

and/or

its mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on which such documents were provided, the person to whom the documents were provided and the person providing the documents?

A. Objection. This request invades the attorney-client and attorney work product privileges. It is also vague and ambiguous. Assuming the request relates to Plaintiff

Pechner, and without waiving said objections, the City's attorneys' have had access to whatever records them deem necessary or appropriate to respond to the MCAD complaint or this litigation. Moreover, I submitted medical records and reports to the Retirement Board as part of the retirement application.

22. Identify each and every or formal complaint made against a Revere Police Officer since 1990

alleging that the officer engaged in violation of civil rights based on sex, race or any other protected class, by stating for each complaint:

a.      The name and address of each person who brought the complaint;

b.      The date on which the informal or formal complaint was made;

c.      The date of each alleged incident which is the subject of the complaint;

d.      The name and address of each officer against whom the complaint was made;

e.      The person to whom the complaint was made;

f.      The substance of each complaint;

g.      The identity of each document pertaining to the incident;

h.      The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during

                                                                              as      a

result of the incident


                              complaint;

i.      Each and every person interviewed by the Revere Police Department concerning the alleged incident;

j.      The outcome

                    and/or disposition of each complaint;

k.   The name and address of each and every employee of the City of Revere to whom the complaint, its outcome


                         disposition was communicated.


A. Objection. The request is overbroad, burdensome and oppressive. Without waiving said objection, the only complaints regarding sexual harassment were made by the Plaintiffs herein and Kathy Fish. Records related to Kathy Fish's MCAD complaint have already been produced. The information related to the Plaintiffs' complaints are already in Plaintiffs' possession.


                              7

23. Identify each and every person who the Revere Police Department contacted had
                                                                              communications with concerning the investigation

of Plaintif fs compla int to the Depart ment about the events of March 12,200 1.

A. Objection. This request invades the attorney-client and attorney work product privileges. It is also vague and ambiguous. Assuming the request relates to Plaintiff Pechner, and without waiving said objections, the investigation of Plaintiff's MCAD complaint was directed by the City Solicitor and not the Revere Police Department. I was not involved in this process inasmuch as I was not named Chief until 10 months later.

24. Identify all persons (including and police officers) who were in the police station of the Revere Police Department on the evening of March 12,200 1.

persons/attendants

A. Attached hereto is a shift schedule for the evening of March 12,2001.

25.     Identify all law enforcement officials who were involved in the investigation of the complaint. For each law enforcement official who was involved in the investigation, state in detail:

a. The name, address, and telephone number of the official involved;
b. The tasks concerning the investigation of the complaint that were

    assigned to the official;

c. The dates on which each task was accomplished;
d. The

    date(s) on which you reviewed the official's work or report;

    e. The dates on which you communicated with the official about the investigation

and the communications which were exchanged between the official and you

and/or the Revere Police Department

f. The impact which each communication had on your decision

and/or that of the

Revere Police Department not to convene a board of inquiry or institute

disciplinary actions against any members of the Revere Police Department.

A. Objection. This request invades the attorney-client and attorney work product privileges. Without waiving said objection, see the response to interrogatory no. 23.

26.    Identify all complaints of sex, race, or other kinds of discrimination against the Revere Police Department since September 12, 1995 and five years prior to that date. For each such incident state:

a. The name and last known address of each complainant;
b.    The date of the complaint;
c.    The details of the circumstances surrounding the complaint;
d.    The names of any Revere police officers or attendants having contact with the complainant;
e.    Whether or not the Revere Police Department conducted an investigation into the complaint and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during

8

and/or as result of the incident

and/or complaint

f.    Each and every person interviewed by the Revere Police Department concerning the alleged incident;
g.    The outcome

disposition of the investigation into each complaint

h.  The name and address of each and every employee of the city of Revere to whom the complaint, its outcome

disposition was communicated.

**A. Objection. This interrogatory exceeds the number of interrogatories allowed under**

**33(a).**

Signed under the pains and penalties of perjury this

of May, 2006.

Terence

For Defendant, CHIEF TERENCE

REARDON,

By his Attorneys,

Paul Capizzi, Esq., City Solicitor

BBO#: 646296 Walter H.

Jr., Esq. Assistant City Solicitor

BBO#: 659462
wporr@revere.org

City Hall, 28 1 Broadway Revere, MA 02 15 1
78 1-286-8166

Dated: May 18,2006.

9