UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and  SONIA FERNANDEZ ) | |
|      Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|      Defendants ) | |

**NOTICE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1 AND Fed. R.Civ.P. 37(a)(2)**

On May 1, 2006, Magistrate-Judge, Leo T. Sorokin ordered the Defendants, Thomas Ambrosino and Terrence Reardon to respond to the interrogatories identified no later than twenty (20) days from May 1, 2006.(the date of the order) **Docket No. 181**. The interrogatories served upon Thomas Ambrosino contained eighteen (18) questions; the interrogatories served upon Terrence Reardon contained twenty-six (26) questions. The order was silent on the other pleadings that were served upon your clients

Thomas Ambrosino made the following response to six (6) of the eighteen interrogatories; Chief Reardon made the same response to ten (10) of the twenty-five (25) interrogatories he answered. That response states as follows:

> **Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

Almost forty (40) percent of the policymakers responses rely on this boilerplate objection. These Defendants have not provided the kind of responses contemplated by the rules of discovery.

The purpose of this notice is to request that we meet and confer as required by both the Local Rules and the Federal Rules of Civil Procedure. The central issue of this case is the liability of the policymakers for their failure to investigate. See **Broderick v Evans,** Docket No. 02-11540-RGS (April 27, 2006)(jury verdict for Plaintiff on City of Boston's failure to investigate). In order to facilitate the meeting and conference, I am requesting that you state your objection, provide the information or documents requested, and preserve relevance and admissibility decisions for the trial judge.

If your clients do not have the information or did not conduct an investigation please state without making any judgments about the admissibility or relevance of the question. The scope of discovery is broad and the Rules encourage voluntary disclosure. A party may discover any matter that is relevant to any claim, issue or defense that is pleaded in a case, regardless of which party raises the claim, issue or defense. Rule 26(b)(1) describes the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

The information and documents requested by the Plaintiffs pleadings are covered by the voluntary disclosure provisions of Rule 26(a). The most recent revision of the discovery rules in 2000 was designed to reduce and in many cases eliminate discovery litigation. Please respond to this notice within ten (10) days of the date of this letter, so that we can

arrange to obtain the information and documents and avoid further litigation. I look forward to hearing from you.


Terri Pechner-James and
Sonia Fernandez
By their attorney


/s/ James S. Dilday, Esq.
James S. Dilday, Esq.