UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES       ) | |
| and  SONIA FERNANDEZ         ) | |
|      Plaintiffs              ) | |
|                              ) | |
| VS.                          ) | |
|                              ) | |
| CITY OF REVERE, THOMAS       ) | |
| AMBROSINO, MAYOR, CITY       ) | |
| OF REVERE POLICE DEPT.       ) | |
| TERRENCE REARDON, CHIEF      ) | |
| OF POLICE, BERNARD FOSTER    ) | |
| SALVATORE SANTORO, ROY       ) | |
| COLANNINO, FREDERICK         ) | |
| ROLAND, THOMAS DOHERTY       ) | |
| JOHN NELSON, JAMES RUSSO     ) | |
| MICHAEL MURPHY and           ) | |
| STEVEN FORD                  ) | |
|      Defendants              ) | |

### AFFIDAVIT OF DILIGENT SEARCH BY JAMES S. DILDAY

I, James S. Dilday, Esq. duly sworn, depose and say:

1. I represent Sonia Fernandez, Plaintiff in the above entitled action.

2. On June 21, 2006, my client, Sonia Fernandez, was being deposed by Attorney Walter Porr at Revere City Hall, 281 Broadway, Revere, Massachusetts. Portions of that transcript is attached as **Exhibit 2.**

3. I was personally unable to attend that deposition; Attorney Dawne Thorne of my office accompanied Sonia Fernandez to that deposition.

4. Attorney Thorne informed me, after the deposition, that Sonia Fernandez had testified that she saw a copy of notes prepared by Revere Police Officer Lynn Malatesta in my office.

5. I have reviewed the transcript of the deposition. At the end of the transcript, Attorney Vigliotti of Reardon Joyce & Akerson, P.C 397 Grove Street, Worcester, Massachusetts instructed Attorney Thorne to request a copy of those notes from me. At a hearing held in

this matter on June 27, 2006, the Judge-Magistrate, Leo T. Sorokin instructed me to provide the notes of Lynn Malatesta that are within my possession and under my control.

6. The transcript indicates at pages 1687 and 1688 that neither Attorney Thorne nor Attorney Vigliotti were aware of the existence of Lynn Malatesta's notes prior to the deposition on June 21, 2006. I was also not aware of the existence of those notes until the deposition transcript of June 21, 2006.

7. Since the deposition and the court's order of June 27, 2006, I have made a diligent search of my office. I have search the pleadings prepared in this case; I have searched all notes used in connection with this litigation or in preparation for this litigation; I have searched all filing cabinets and storage facilities where pleadings of this case are stored.

8. After an exhaustive and diligent search, I have been unable to locate Lynn Malatesta's notes. I did not receive those notes directly from Lynn Malatesta. I have never met Lynn Malatesta or had any direct communication with her. I did not receive a copy of Lynn Malatesta's notes from Sonia Fernandez. See **Exhibit 2** – Deposition transcript page 1542 Lines 2-3. I did not receive a copy of Lynn Malatesta's notes from Terri Pechner-James.

9. I have no personal knowledge of these notes and I have not found in my office any documents that fit their description.

10. I did not attend the deposition but I have communicated to Attorney Porr and Attorney Vigliotti and I have represented to the court, that I have no knowledge of these notes and that they are not in my possession or under my control.

Sworn under pains and penalties of perjury,


/s/ James S. Dilday, Esq.
James S. Dilday, Esq.