UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

TERRI PECHNER-JAMES and
SONIA FERNANDEZ,

    Plaintiffs,

v.                                                                           C.A. No.: 03-12499MLW

CITY OF REVERE, THOMAS AMBROSINO,
Mayor, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
Chief, BERNARD FOSTER, SALVATORE
SANTORO, ROY COLANNINO, FREDERICK
ROLAND, THOMAS DOHERTY, JOHN
NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,

    Defendants.
_____

**MOTION FOR SANCTIONS AND FOR AWARD OF EXPENSES OF DEFENDANTS
BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK
ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL
MURPHY AND STEVEN FORD**

Now come the Defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick

Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford,

(hereinafter "Defendants"[1]) by and through their undersigned counsel and pursuant to Rule 37 (c)

of the Federal Rules of Civil Procedure, and respectfully request that this Court sanction the

Plaintiffs, Terri Pechner-James (hereinafter "Plaintiff James") and Sonia Fernandez (hereinafter

---

[1]     The other named Defendants, the City of Revere, Thomas Ambrosino, the City of Revere Police Department and Terrence Reardon are represented by the City of Revere Law Department.

1

"Plaintiff Fernandez"), by dismissing their complaint against the Defendants with prejudice, for Plaintiffs' failure to produce, or identify in their discovery responses, Lynn Malatesta's notes (hereinafter "Malatesta notes"), which pertain to the underlying facts of this litigation. The Defendants further request that this Court award the Defendants the reasonable expenses associated with this Motion and their attempts to resolve the issues associated with it. As grounds therefore, the Defendants state the following:

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The instant action, alleging sundry federal and state causes of action against various municipal and individual Defendants, was commenced by means of a Verified Complaint dated September 30, 2003. This Verified Complaint alleges that the Plaintiffs Pechner-James and Fernandez, while employed as law enforcement officers for the City of Revere, were subjected to a hostile work environment in violation of federal and state law (Count I);[2] were constructively discharged from their employment with the City of Revere (Count II); were subjected to disparate treatment (Count III); and were subjected to the impermissible and intentional infliction of emotional distress by the named Defendants. (Count IV). The Plaintiffs claim that they have become permanently disabled, and have suffered severe emotional and physical damages as a direct result of the hostile environment in which they worked and the disparate treatment they were subjected to while Revere Police Officers. (Verified Compl. ¶¶ 122, 140).

---

[2]Although many of the Plaintiffs' claims arise out of a common nucleus of operative allegations, it should be noted that while Plaintiff Sonia Fernandez alleges that she was discriminated against on both gender and racial lines; *see* Verified Complaint, ¶¶ 123-140; Plaintiff Pechner-James' allegations are confined to discrimination based on her gender. *See* Verified Complaint, ¶¶ 108-122.

**II.   THE PLAINTIFFS FAILED TO PRODUCE AND/OR DISCLOSE DISCOVERY PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE.**

Although the Court has attempted to address the continuing discovery issues in this case by allowing the Defendants' previous Motion to Compel (Docket No.110) and sanctioning the Plaintiffs, (Docket No.115) the discovery abuses by the Plaintiffs have continued and have reached a new level.  The latest abuse by the Plaintiffs relates to their failure to produce, or even to disclose, notes taken by another female Revere Police Officer, Lynn Malatesta.  These are notes that the Plaintiffs had knowledge of, at some time had possession of and control over and of which the Defendants were not aware until June 21, 2006, almost three years into this litigation.  Now, conveniently, they claim they are not "knowingly" in possession of the notes. (Exhibit A, Attorney Dilday's July 11, 2006 letter).  The issue of the Malatesta notes first surfaced on June 21, 2006, at the deposition of Plaintiff Fernandez, when she was being questioned by Assistant City Solicitor Walter Porr.  Mr. Porr was inquiring about how Plaintiff Fernandez knew a certain date referenced in her complaint.  Plaintiff Fernandez testified that it came from Officer Malatesta's notes. (Exhibit B, Fernandez Deposition Transcript Vol. VIII, p.1535)  Plaintiff Fernandez further testified that she had seen those notes in her attorney's office. (Exhibit B, Fernandez Deposition Transcript Vol. VIII , p. 1535).  Mr. Porr then asked if Mr. Dilday had them and Plaintiff Fernandez said that she "believed so" and that the last time she saw them was two to three years ago in Mr. Dilday's office. (Exhibit B, Fernandez Deposition Transcript Vol. VIII, p.1535).  Plaintiff was unsure if she or Plaintiff James brought them to Attorney Dilday, but she did recall seeing them in his office.  (Exhibit B, Fernandez Deposition Transcript Vol. VIII, p.1542).

Plaintiff Fernandez's testimony leads one to draw the logical conclusion that she relied on dates and events from Malatesta's notes to draft portions of her complaint. Her deposition on June 21, 2006 was the first time this information was disclosed to the Defendants. The Plaintiffs' failure to disclose that they had possession of these notes, at some point in time, and in fact used such notes to recall incidents raised in the Plaintiffs' complaint is clearly a violation of Fed.R.Civ.P.26(e)(1) and 26(e)(2).

The Plaintiffs not only failed to disclose their possession of the Malatesta notes in their Automatic Disclosures, but failed to disclose them in their discovery responses to the Defendants' First Request for Production of Documents, (attached as Exhibit C is Defendants' First Request for Production of Documents to Plaintiff Fernandez and attached as Exhibit D are Defendants' First Request for Production of Documents to Plaintiff James) and Defendants' First Set of Interrogatories (attached as Exhibit E is Defendants' First Set of Interrogatories to Plaintiff Fernandez and attached as Exhibit F is Defendants' First Set of Interrogatories to Plaintiff James), which were served upon the Plaintiff Fernandez in August of 2004 and Plaintiff James in February of 2005. The Defendants' discovery requests clearly cover the Malatesta notes not only once, but several times. Specifically, the Defendants' Request for Production of Documents, in relevant part, requested the following documents:

> 1. "All written statements, transcriptions of oral statements, interviews and testimony, whether recorded or other wise, and recorded statements, interviews and testimony which have not been transcribed, given by any and all witnesses, either directly or indirectly, including any court proceedings and relating to the alleged incident referred to in your complaint" (Exhibit C, Request No. 6; Exhibit D, Request No. 6 )
>
> 2. "Full and complete companies of any and all statements of any witnesses to facts alleged in the complaint." (Exhibit C, Request No. 12.; Exhibit D, Request No. 12)

3. "Copies of any and all documents within the plaintiff's possession, custody or control which pertain in any way to the incidents and events alleged in the Plaintiff's Verified Complaint, including but not limited to: the alleged pervasive sexually hostile work environment, sexual harassment, racially offensive and derogatory remarks, the alleged disparate treatment afforded the plaintiff based upon her gender." (Exhibit C, Request No. 16; Exhibit D, Request No. 17)

4. "Copies of any and all documents within the Plaintiff's possession, custody or control, including but not limited to statements, correspondence, or memoranda relating to the alleged disparate treatment of other female officers reference in the plaintiff's Verified Complaint." (Exhibit C, Request No. 18; Exhibit D, Request No. 21)

The Malatesta notes were not produced or identified in any of the Plaintiffs' responses to these requests for production of documents. The Defendants' Request for Interrogatories, in relevant part, requested answers to the following interrogatories:

1. "State the name, telephone number, and present address of each person having personal knowledge of or who was a witness to any of the facts, events, occurrences and allegations contained in the Verified Complaint." (Exhibit E, Interrogatory No. 4; Exhibit F, Interrogatory No. 4)

2. "Please state whether you, your attorney, or other agent has received a written statement, signed or unsigned, form any person relating or referring to the facts, events or incidents referred to in you Verified Complaint, and if so, please identify from whom the statement was received; the date of the statement; who took such statement; and whether it was signed by the person." (Exhibit E, Interrogatory No. 13; and Exhibit F, Interrogatory No. 15)

These discovery requests were never objected to in any form by the Plaintiffs and thus it is clear that the Malatesta notes should have been produced, or at a minimum disclosed, by the Plaintiffs in their discovery responses, but were not, as required by the Federal Rules of Civil Procedure.[3]

---

[3] The Plaintiffs' failure to object to these request waived any objections that they may now attempt to raise, especially where they have failed to provide evidence to the Court of good cause to excuse their failure. Fed.R.Civ.P. 33 (b) (4).

## II. ARGUMENT

### A. The Plaintiffs' failure to disclose discoverable information and documents requires mandatory exclusion.

"Discovery serves a useful purpose . . . together with pre-trial procedures [,they] make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Procter & Gable, Co.*, 356 U.S. 677, 682 (1958). The Plaintiffs conduct in this case evinces their belief that this should not be the case, as demonstrated by their several discovery failures, as outlined in the City of Revere's Omibus Reply to Plaintiffs' Response to Motion For Sanctions, (Docket No. 220).[4] The Plaintiffs' "pattern of recalcitrance in violation of the court orders and rules of civil procedure" must result in this Court imposing sanctions upon them. *Melo-Tone Vending, Inc. v. Sherry, Inc.*, 39 Mass. App. Ct. 315, 320 (1995). The question then for the Court is what is the appropriate sanction to impose in this instance and with this procedural background.

Here, there is no substantial justification for the failure over the past three years to disclose the information required by Fed.R.Civ.P. 26(a) and 26(e)(2). See Fed.R.Civ.P. 37(c).

---

[4] In addition to the Malatesta notes not being disclosed or produced, the Plaintiffs continuously have failed to produce discovery required pursuant to the Federal Rules of Civil Procedure. As detailed in the City of Revere's Omibus reply,(Docket No. 220), there have been numerous and continued discovery failures by the Plaintiffs during the course of this litigation. The Plaintiffs' discovery abuses have included: not promptly responding to interrogatories, which took over a year for a formal response and only after this Court's intervention to secure responses signed under oath; and the Plaintiffs have not produced documents or have not produced documents in a timely fashion. For example at various times, Plaintiff James has withheld her personal notes and calendars; Plaintiff Fernandez has failed to produce her notes until their existence was revealed during one of her depositions; Plaintiff James has never appropriately disclosed or produced her On-Site Academy records; and, Plaintiff James has testified at her deposition about her private investigator having obtained notes and a statement from Lynn Malatesta which have never been produced. (Docket No. 220, Exhibit B).

This action is certainly not harmless to the Defendants, where the Plaintiffs are seeking millions of dollars in damages. The failure to disclose the Malatesta notes has prejudiced the Defendants' ability to prepare a defense fully, and has influenced negatively the taking of the Plaintiffs' deposition and the discovery process. The Malatesta notes appear to have been relied upon by Plaintiff Fernandez to recall certain dates and events, and presumably were relied upon by Plaintiff James as well. In a case where the statute of limitations is an issue for summary judgment, the Plaintiffs' lack of first hand information about events and when they occurred is certainly relevant. The Plaintiffs' failure to disclose the existence of the Malatesta notes and to be questioned about how much they were relied upon in formulating their complaint and their discovery answers undoubtedly has prejudiced the Defendants' ability to prepare a defense and ability to move for summary judgment. For example, if the Plaintiffs did not have first hand knowledge of events or times contained in their complaint, they would be barred from testifying about those matters in the course of summary judgment proceedings, motion hearings and/or trial. The Plaintiffs' failure to disclose such information has now undeniably prevented the Defendants from discerning the Plaintiffs' first hand knowledge from knowledge obtained from reviewing the Malatesta notes.

  Therefore, the Court must interject itself in the matter to rectify the wrong perpetrated upon the Defendants by the Plaintiffs, and should impose the mandatory sanction of Fed.R.Civ.P. 37(c)(1). The rule is mandatory: a party that fails to make the required disclosures shall not be allowed to use the evidence at trial, at a hearing or on a motion. *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998); Fed.R.Civ.P. 37(c). Here, that would be any information obtained from the Malatesta notes or any information from Officer Malatesta herself. The rule "clearly

contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Klonoski,* 156 F.3d at 269. The sanctions must be imposed "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in absence os such a deterrent." *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976).

      B.      **The Plaintiffs' discovery failures require the Court to use its discretion to impose additional sanctions upon the Plaintiffs.**

Additionally, because of the irreparable damage to the Defendants' defense, as a result of the Plaintiffs' failure to disclose the notes, a more severe sanction must be imposed in addition to, or in lieu of, preventing the Plaintiffs from introducing into evidence any material or testimony related to the Malatesta notes, including any information from Officer Malatesta herself. The Court has several options at its disposal pursuant to Fed.R.Civ. 37(c)(1), authorizing the exclusion of the non-disclosed evidence, including the use of Fed.R.Civ.P. 37 (b) (2) (A), (B) and (C) sanctions of the striking of pleadings, or parts thereof, the stay of further proceedings until the order is obeyed, or the dismissal of the complaint.

The Defendants request, based upon the facts of this particular case and what amounts to extreme misconduct by the Plaintiffs in the discovery process, that the Court dismiss the Plaintiffs complaint against them. The Plaintiffs have disregarded this Court's orders in the past (Docket No. 110) by not producing discovery to the Defendants and now again have failed to disclose required information and documents. Other courts have found these types of discovery failures to be a paradigmatic examples of extreme misconduct. *See. e.g.*, *Torres-Vargas v.*

8

*Pereira*, 431 F.3d 389, 393 (1st Cir. 2005).  In cases of extreme misconduct, the federal courts have held that it is not an abuse of discretion to dismiss a plaintiff's complaint. *Id*.  Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources. *Id*.

The Plaintiffs' blatant failure to comply with their responsibilities pursuant to the Rules of Civil Procedure by intentionally withholding evidence required to be disclosed, requested in both the Defendants' Request for Production of Documents and the Interrogatories requires this Court to use its discretion and impose the sanction of dismissal upon the Plaintiffs.  The Plaintiffs cannot hide behind their claim that they are not knowingly in possession of the requested documents.  These documents were requested almost two years ago and should have been produced, or at a minimum identified, by the Plaintiffs in their discovery responses. "[A] party can seek documents and other matters in the possession, custody or control of the opposing party." *Strom v. American Honda Motor Co., Inc*., 423 Mass 330, 335 (1996).  Additionally, at some point in time, presumably within the last two to three years, the Malatesta notes were not only in the possession of the Plaintiffs, but their attorney.  (Exhibit B, Fernandez Deposition Transcript Vol. VIII, p. 1535-1536).  Now the Plaintiffs and their counsel are claiming ignorance, despite Plaintiff Fernandez's testimony under oath about viewing the notes in her attorney's office.  Whether the attorney who reviewed the notes was Carlton Dasent or Attorney James Dilday does not matter because the document should have been identified and produced in the Plaintiffs' Automatic Disclosures, Responses to Request for Production of Documents and Interrogatory Responses.

The Plaintiffs have flouted the Rules of Civil Procedure and this Court and it is settled

law that they do so at their own peril. *Torres-Vargas*, 431 F.3d at 393, citing *Rosario-Diaz v. Gonzales*, 140 F. 3d 312, 315 (1st Cir. 1998). This disregard of the Rules of Civil Procedure, especially after the Court has addressed Plaintiffs' discovery failures in the past, is the type of extreme misconduct that justifies this Court to sanction them by dismissing the complaint against the Defendants. Such "a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example." *Torres-Vargas,* 431 F. 3d at 393*, See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S.639, 643 (1976). The Plaintiffs were forewarned during the course of this litigation about their discovery failures and have been sanctioned by this Court as a result (Docket No. 115). Despite the previous warnings from this Court,[5] the Plaintiffs have ignored the Rules of Civil Procedure by failing to disclose and produce the required discovery.

Therefore, the Defendants request that this Court sanction the Plaintiffs for withholding evidence, an abuse of the discovery process, by dismissing their complaint with prejudice. The Court would be well within its authority to dismiss with prejudice under the facts of this case. The history of this case and the latest discovery failures by the Plaintiffs clearly show their defiant conduct towards cooperating in the discovery process and with the Court. The Plaintiffs' behavior has gone beyond the level of extreme misconduct and it would not be an abuse of this Court discretion to dismiss Plaintiffs' complaint against the Defendants under these circumstances. *See Torres-Vargas v. Pereira*, 431 F.3d at 393.

Additionally, the Defendants further move this Court, pursuant to Fed. R. Civ. P. 37, to

---

[5]    This Court is aware that on numerous occasions during the several Status Conferences and hearings since October, 2005 the Plaintiffs have been instructed by Judge Sorokin about their obligations to cooperate in the discovery process, which included providing documents they had to disclose and produce.

order the Plaintiffs to pay the Defendants' reasonable expenses, including attorney's fees, incurred in the preparation and presentation of this Motion and in prior efforts to produce an informal remedy through good faith effort and cooperation.  Given Plaintiffs' failures in this regard, and the resultant unnecessary work by Defendants' counsel, the Defendant suggest a reasonable award of one thousand five hundred ($1,500.00) dollars as attested to by the attached affidavit of Attorney John K. Vigliotti, appended hereto as Exhibit G.

        Defendants Bernard Foster, Salvatore
        Santoro, Roy Colannino, Frederick
        Roland, Thomas Doherty, John Nelson, James
        Russo, Michael Murphy and Steven Ford,
        By their attorneys,

        /s/ John K. Vigliotti
        Michael J. Akerson
        BBO#: 558565
        John K. Vigliotti
        BBO#: 642337
        REARDON, JOYCE & AKERSON, P.C.
        397 Grove Street
        Worcester, MA 01605
        (508) 754-7285

Dated: July 14, 2006

**CERTIFICATE OF SERVICE**

    I, John K. Vigliotti, hereby certify that Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy and Steven Ford's Status Report has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        By: /s/ John K. Vigliotti

John K. Vigliotti, Esq.

Case 1:03-cv-12499-MLW    Document 234    Filed 07/14/2006    Page 12 of 12

John K. Vigliotti, Esq.