# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terri Pechner-James and<br>Sonia Fernandez,<br>    Plaintiffs,<br><br>v.<br><br>City of Revere, et, al<br>    Defendants. | C.A. No. 03-1249MLW |

### DEFENDANTS BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY, AND STEVEN FORD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SONIA FERNANDEZ

Now come defendants, Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford, in the above-entitled action and requests the plaintiff, Sonia Fernandez, to produce the following documents according to Rule 34 of the Federal Rules of Civil Procedure. The documents requested are to be produced at the office of Edward P. Reardon, P.C. 397 Grove Street, Worcester, Massachusetts 01605, within thirty (30) days from the date of the said request. The plaintiff, at her option, may comply with the request by mailing copies of the documents to the above named attorney on or before the date such documents are to be produced.

1.      All reports, or copies thereof, of doctors, psychiatric, therapists, ambulance technicians, nurses, hospitals, clinics, paramedics, radiologists, laboratories and chiropractors or other health care providers concerning treatment, diagnosis and prognosis of the plaintiff as a result of the injuries alleged in your complaint.

2.      Full and complete copies of any and all medical records compiled by any hospital, doctor or other medical practitioner concerning their examinations and treatment of the plaintiff from five years before the date of the alleged incident in the complaint until the present date.

3.      Any and all photographs, slides, videotapes, and films, or copies thereof, depicting the nature and extent of the plaintiff's injury/injuries and/or disability/disabilities as a result of the alleged incident referred to in your complaint.

4.      All bills, statements, original or copies, covering any and all medical treatment by physicians, hospitals, psychiatric and/or other health care providers and any and all bills or statements covering x-rays and laboratories incurred by or on behalf of the plaintiff with regard

to all injuries allegedly suffered from the date of the incident referred to in your complaint until the date such documents are produced by the plaintiff.

5. All written statements, transcriptions or oral statements, interviews, and testimony, whether recorded or otherwise, and recorded statements, interviews and testimony which have not been transcribed, given by the defendants relating to the alleged incident referred to in your complaint.

6. All written statements, transcriptions of oral statements, interviews and testimony, whether recorded or otherwise, and recorded statements, interviews, and testimony which have not been transcribed, given by any and all witnesses, either directly or indirectly, including any court proceedings and relating to the alleged incident referred to in your complaint.

7. Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means made by the plaintiff which are in the possession of the plaintiff, or under her control.

8. All copies of reports or complaints made by the plaintiff to any police department or governmental agency with regard to the facts of the alleged incident or injuries suffered as a result thereof.

9. Copies of any and all applications, notices, proof of loss reports, letters or correspondence sent or submitted by the plaintiff to any insurance company or its agents dealing with any physical infirmity, defect or injury arising out of the alleged incident referred to in your complaint.

10. Any and all documents which support your claim as to the amount of lost income or diminution of earning capacity that the you suffered as a result of the actions of the defendants.

11. Full and complete copies of any and all investigator reports concerning the incidents alleged in the complaint, including but not limited to OSHA's formal report about the poor working conditions at the Revere Police Department.

12. Full and complete copies of any and all statements of any witnesses to the facts alleged in the complaint.

13. All reports, or copies thereof, of doctors, dentists, therapists, ambulance technicians, nurses, hospitals, clinics, paramedics, radiologists, laboratories and chiropractors or other health care providers concerning treatment, diagnosis and prognosis of the plaintiff from five years before the incident alleged in your complaint until the present date.

14. Full and complete copies of the plaintiff's state and federal income tax returns for the period 1995 to the present.

15. Full and complete copies of any and all W-2 forms evidencing income received by the plaintiff for the period 1995 to the present.

16. Copies of any and all documents within the plaintiff's possession, custody or control which pertain in any way to the incidents and events alleged in the Plaintiff's Verified Complaint, including but not limited to: the alleged pervasive sexually hostile work environment, sexual harassment, racially offensive and derogatory remarks, the alleged disparate treatment afforded the plaintiff based upon her gender.

17. Copies of any and all documents within the Plaintiff's possession, custody or control which relate to her employment history for the past seven (7) years including but not limited to: copies of all performance reviews and assignments by superior officer of Revere Police Department.

18. Copies of any and all documents within the Plaintiff's possession, custody or control, including but not limited to statements, correspondence, or memoranda relating to the alleged disparate treatment of other female officers referenced in the plaintiff's Verified Complaint.

19. Copies of any and all documents referenced in the Plaintiff's Answers to the Defendants Interrogatories.

20. Copies of any an all documents in which you complained in writing to your superior officers or administrators regarding the facts alleged in your Verified Complaint.

21. Copies of any and all complaints, pleadings, correspondence, affidavits, and findings with relation to any complaint that you made with the Massachusetts Commission Against Discrimination or the E.E.O.C. while employed by the Revere Police Department.

22. Copies of any and all correspondence, whether orally or written, including but not limited to those sent to the Revere Police Department and/or The City of Revere in referencing the allegations contained in your Verified Complaint.

The defendants
By their attorneys,

Michael J. Akerson, Esq.
BBO #: 558565
John K. Vigliotti
BBO #: 642337
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

## CERTIFICATE OF SERVICE

I, John K. Vigliotti, hereby certify that I have on this ____ day of _____, mailed a copy of the enclosed **DEFENDANTS' BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY, AND STEVEN FORD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SONIA FERNANDEZ**, by first class, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

Ira H. Zaleznik
Lawson and Weitzen, LLP
Attorneys at Law
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

By: _____
John K. Vigliotti