```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

TERRI PECHNER-JAMES and         )
SONIA FERNANDEZ,                )
    Plaintiffs,                 )
                                )
    v.                          )   C.A. No. 03-12499-MLW
                                )
CITY OF REVERE, ET AL.,         )
    Defendants.                 )
```

MEMORANDUM AND ORDER

WOLF, C.J.                                         September 1, 2006

Plaintiffs Terri Pechner-James and Sonia Fernandez filed a "Notice of Appeal of Order on Discovery Motions Pursuant to Rule 72," objecting to Magistrate Judge Leo Sorokin's denial of their "Request for Rooker-Feldman Ruling and Further Instructions." Defendants filed an opposition. For the reasons described below, the plaintiffs' objection is not meritorious.

In their underlying request for a Rooker-Feldman ruling, the plaintiffs asked the court to recognize the determination made by the Massachusetts Division of Administrative Law Appeals and the Regional Medical Panel of the Massachusetts Public Employment Retirement Adjudication ("PERAC") that Pechner-James is disabled and that the cause of her disability was the hostile work environment that she experienced while working for the Revere Police Department. Moreover, the plaintiffs asked the court to shield these determinations and all issues inextricably intertwined with them from relitigation in federal court by applying the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263

U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The Magistrate Judge denied these requests on the basis that the Rooker-Feldman doctrine does not apply in this case and that the plaintiffs' Rooker-Feldman request should instead be construed as a request for issue preclusion. As a result, the Magistrate Judge instructed the plaintiffs to submit supplemental briefing on issue preclusion.

It does not matter whether the Magistrate Judge's denial of the plaintiff's request for a Rooker-Feldman ruling is subject to de novo review or a clearly erroneous standard of review under Rule 72 of the Federal Rules of Civil Procedure. Even under a de novo standard of review, which is the standard that is the most generous to the plaintiffs, it is clear that the Magistrate Judge's denial of the Rooker-Feldman request was correct.

The Rooker-Feldman doctrine stems from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In these cases, the Supreme Court held that federal district courts "are empowered to exercise original, not appellate, jurisdiction." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005). The Supreme Court has narrowly confined the application of the Rooker-Feldman doctrine to "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id., 544 U.S. 280, 284 (2005).  The "doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."  Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 644 n.3 (2002).

In this case, the Magistrate Judge correctly found the Rooker-Feldman doctrine inapplicable because the plaintiffs were not seeking to prevent this court from reviewing and rejecting a state-court judgment.  Oct. 6, 2005 Tr. at 7.  Instead, he accurately stated that the plaintiffs were seeking to give "preclusive effect to [an] administrative decision."  Id. at 7-8.  In fact, the plaintiffs' attorney acknowledged that the request for a Rooker-Feldman ruling was intended to give preclusive effect to the factual findings made by the state administrative law judge against the City of Revere.  Id. at 10.

Therefore, the request for a Rooker-Feldman ruling fails on two independent grounds.  First, the plaintiffs have failed to reference any state-court judgment in connection with their Rooker-Feldman request.  Instead, they seek to give preclusive effect to findings made by a state administrative agency.  As explained earlier, the Supreme Court in Verizon Maryland, Inc., supra, expressly stated that the Rooker-Feldman doctrine does not apply to

3

such a decision. The plaintiffs' request for a Rooker-Feldman ruling was properly denied on this basis alone.

Second, even though the plaintiffs' request was labeled as a request for a Rooker-Feldman ruling, counsel for the plaintiffs acknowledged that the request essentially raised an issue of preclusion. Oct. 6, 2005 Tr. at 10. Rooker-Feldman issues and preclusion issues are distinct. Rooker-Feldman issues are jurisdictional in nature, raising "subject-matter jurisdiction [issues] in an action [that a federal district court] would otherwise be empowered to adjudicate under a congressional grant of authority . . . ." Exxon Mobil Corp., 544 at 291. "Preclusion is not a jurisdictional matter." Id. at 293. "Rooker-Feldman does not otherwise override or supplant preclusion doctrine," Id. at 284. As counsel for the plaintiffs agreed that their request was actually one seeking issue-preclusion, the Magistrate Judge was correct in denying the request for a Rooker-Feldman ruling and ordering the plaintiffs to submit briefs that developed the issue-preclusion matter more fully.

Accordingly, it is hereby ORDERED that the Plaintiffs' "Notice of Appeal of Order on Discovery Motions Pursuant to Rule 72" (Docket No. 91) is DENIED.

/s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE