UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

TERRI  PECHNER- JAMES and    )
SONIA FERNANDEZ,             )
                             )
            Plaintiffs,       )
                             )          Civil Action No.03cv12499-MLW
      v.                      )
                             )
CITY OF REVERE et. al.        )
                             )
            Defendants.       )
_____)

ORDER ON DISCOVERY MATTERS

September 11, 2006

SOROKIN, M. J.


      A.  Deposition Conduct

      Before the Court are several motions in which Defendants City of Revere, City of Revere

Police Department, Mayor Thomas Ambrosino, and Police Chief Terrence Reardon (collectively,

the "City Defendants") seek sanctions for Plaintiffs' conduct during depositions.   The Court

makes the following rulings:

            1.  Motion for Sanctions for Sonia Fernandez' Failure to Comply with Omnibus
                Discovery Order  (Docket # 182 )

      The City Defendants seek a total of $750.00 in sanctions for Plaintiff Fernandez and her

counsel's  failure to appear for her scheduled deposition on May 4, 2006.  It is indisputable that

this failure to appear was caused by Plaintiff's counsel, who acknowledges that he "did not notice

the schedule [for the deposition], although he acknowledges that the schedule was [sent to him

by defense counsel]."  See Docket # 187.

The City Defendants seek three hours worth of time, charged at a rate of $250.00 per hour.  According to the affidavit submitted by counsel, one hour was spent waiting for Plaintiff and her counsel to appear, and two hours were spent preparing the instant motion.

The motion is <u>ALLOWED IN PART</u>.  The City Defendants are entitled to compensation for one hour of waiting time.  The request for two hours of time spent preparing the motion is <u>DENIED</u>.  In the Opposition to the motion, counsel for Fernandez represents that he was presented with two options during the 7.1 conference: (1) that Fernandez agree to be precluded from testifying at trial; or (2) that she agree to a voluntary dismissal.  <u>See</u> Docket # 187, page 2. Counsel for the City Defendants has not disputed this assertion.   The Court views these options as unreasonable, and accordingly the motion is unjustified. I note that counsel for the Individual Defendants agreed to accept compensation for his expenses.  Counsel for the City Defendants should have done the same.  Counsel for Fernandez is hereby ORDERED to remit to the City Defendants $250.00 for one hour of waiting time.

2. <u>Supplemental Memorandum of Law in Support of Docket #182 (Docket # 195)</u>

The City Defendants seek sanctions for Fernandez' failure to appear for her deposition on May 18, 2006. Fernandez subsequently testified that she was ill and that she left a voice mail for her attorney at 5:50 a.m. to inform him of her inability to attend the deposition.  She was treated by a doctor later that day, and was diagnosed with a viral infection.  It is neither unusual nor unreasonable for a person to cancel a deposition due to illness.  Despite defense counsel's suggestions of suspicious behavior on Fernandez' part, the record does not contain any reason to doubt her contention that she was ill.  Fernandez made an effort to call her counsel early in the morning on the day of her deposition, and counsel received notice of the cancellation (albeit

while *en route*) prior to the starting time.  The motion is <u>DENIED</u>.

This request is denied on the merits.  However, it is also important to note that the request was made in the form of a "Supplemental Memorandum of Law," rather than by way of motion. With this submission, the City Defendants seek relief that is discrete from the relief originally sought in Docket # 182.  Because the request for relief made in Docket # 195 pertains to a different deposition scheduled on a different date, the City Defendants are required to file a separate motion, accompanied by a certificate of consultation in compliance with Rule 7.1. Failure to do so is sufficient grounds for denial.

3. <u>Motion for Sanctions for Pechner-James' Failure to Comply with Omnibus Discovery Order (Docket # 188) and Supplemental Memoranda of Law in Support of Docket #188 (Docket #s  201, 209, and 211)</u>

In these submissions, the City Defendants seek sanctions for Plaintiff  Pechner-James' behavior during her depositions on May 5 (<u>See</u> Docket # 188), May 25 (<u>See</u> Docket #201), June 7 (<u>See</u> Docket # 209), and June 22, 2006 (<u>See</u> Docket # 211).  Defendants contend that the depositions were unproductive and wasteful because Pechner-James was non-responsive, combative, and mocking in her manner.  Defendants seek various sanctions, including (1) dismissal; (2) that Pechner-James be precluded from testifying at trial or through affidavit; (3) that she be precluded from testifying with regard to specific subject matters; (4) an additional day of deposition time; (5) a protective order; and (6) monetary sanctions in the amount of $13,038.45 ($5800.00 for the May 5 deposition; $2908.65 for the May 25 deposition; $2204.50 for the June 7 deposition; and  $2125.30 for the June 22 deposition).[1]

---

[1]Defendants seek all of their fees and costs for all of each deposition.

3

The Court has conducted a review of all of the deposition transcripts submitted by the City Defendants. Everyone involved in this matter is all too familiar with the contentious nature of the litigation to date. Any lawsuit is an adversarial process and, in a case such as this one, a certain amount of tension is to be expected. The subject matter of this case is difficult and intensely personal as plaintiffs make claims involving psychological harm. For that reason, the Court instructed counsel that any deposition transcripts filed as an exhibit to a motion must be filed under seal.

The Court agrees with the City Defendants that Pechner-James has not at all times conducted herself as an ideal deponent. Indeed, the transcripts reveal several instances of her refusing to answer questions and/or responding to questions in a sarcastic or combative manner. However, the transcripts also reveal several instances of counsel posing inappropriate and irrelevant questions which can only be viewed as inflammatory. The fact that certain portions of the depositions were "wasteful" or "unproductive" is attributable to both sides.

The City Defendants were granted a generous allotment of deposition time, and they have obtained meaningful and useful discovery after many hours of questioning. I note that Pechner-James has sat for five and one-half days of deposition, three days taken by the Individual Defendants and two and one-half days taken by the City Defendants. The transcripts do not establish that Pechner-James thwarted these Defendants' discovery rights to the extent that the requested sanctions are warranted. Accordingly, the motion and the requests made in the supplemental memoranda are DENIED.[2]

---

[2] The request is DENIED without prejudice ONLY insofar as it relates to Plaintiff's counsel's late arrival to the deposition on June 7, 2006. Counsel for the City Defendants is arguably entitled to compensation for time spent waiting. However, as noted above, a request for

    4.  <u>Motion to Strike Objection to City Defendants' Unsolicited Sixth Status Report (Docket # 221)</u>

The City Defendants move to strike Plaintiffs' opposition to their Sixth Status Report, in which Pechner-James claims to have "experienced intense and very personal abuse" from defense counsel. According to the City Defendants, the opposition should be stricken pursuant to Fed.R.Civ.P. 12(f) as "immaterial, impertinent, or scandalous matter." This request is <u>DENIED</u>. The assertion is a characterization of Pechner-James' feelings, which are not immaterial to the discovery issues that have arisen in this case. The City Defendants also challenge other contentions Plaintiffs' made in this document regarding Pechner-James' deposition. The Court does not accept Plaintiffs' counsel's characterization of the events at issue. Plaintiff's counsel is advised to refrain from generalizations without citation to the record and to make every effort to ensure the accuracy of a representation before it is made. However, the City Defendants have not established that the document should be struck. The motion is <u>DENIED</u>.

    5.  <u>Reardon and Ambrosino's Oppositions to Plaintiffs' Motions to Compel (Docket #s 204 and 206)</u>

On May 31, 2006, Plaintiffs filed motions to compel Reardon and Ambrosino to answer interrogatories (Docket #s 203 and 205, respectively). Defendants filed their opposition on June 1, 2006, and Plaintiffs withdrew the motions on June 13, 2006.

No certificate of consultation pursuant to Local Rule 7.1 was filed as required, nor does there appear to have been any sort of effort to "meet and confer." The Court is "free to enforce

---

sanctions must be made in the form of a motion. The Court is willing to entertain a properly filed motion for sanctions <u>only with respect to counsel's late arrival</u> after counsel confers as required by Local Rule 7.1 and if counsel fail to resolve the issue in the course of their good faith discussions. The motion need be no longer than two to three pages.

its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." <u>Samos Imex Corp. v. Nextel Communications, Inc.</u>, 194 F.3d 301, 305 (1st Cir. 1999). Plaintiffs' counsel has been admonished repeatedly with regard to Local Rule 7.1 requirement. <u>See</u> Order on Plaintiffs' Request to Enlarge the Period for Discovery (Docket # 181); Omnibus Discovery Order of April 12, 2006 (Docket # 166).

According to his affidavits, counsel for Reardon and Ambrosino expended considerable time to review and respond to the motions. <u>See</u> Docket #s 205 and 207. Accordingly, the requests for sanctions are <u>ALLOWED</u>. Plaintiffs' counsel is hereby ORDERED to remit to Reardon $1,000.00, and to Ambrosino $500.00.

B. <u>Remaining Deposition Time</u>

At the last status conference on June 27, 2006, counsel to all parties provided the Court with an accounting of time spent to date in each of the plaintiffs' depositions. The accounting was subsequently supplemented by Plaintiffs and the City Defendants. (<u>See</u> Docket #s 217 and 222). The City Defendants contend that neither Plaintiff has sat for all of the deposition time ordered by the Court. The following discussion concerns only the deposition time awarded to the City Defendants. In addition to that time, each plaintiff sat for three days each of deposition conducted by counsel for the Individual Defendants. See Omnibus Discovery Order and Status Report at 3-4 (Docket #166).

1. <u>Pechner-James</u>

According to Pechner-James, she has been deposed for a total of 22 hours by the City Defendants since May 5, 2006. The City Defendants contend that they have deposed her for a total of 17.15 hours during the same time period. The City Defendants argue that they are

6

entitled to .35 more hours (based on a 7 hour deposition day), plus more time by agreement with Plaintiff's counsel and for various sanctions.

Fed.R.Civ.P. 30(d)(2) provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." In the Order dated April 12, 2006, this Court authorized the City Defendants to take a total of two and one-half days of deposition of each Plaintiff. See Docket # 166. The Order further stated that "[e]ach deposition day, if in Worcester, shall commence at 10:00 a.m. and proceed until 5:00 p.m. with a break for lunch of one hour." Id.

Even accepting the City Defendants' argument that they are entitled to 17.5 hours of deposition time, they are not entitled to further time with Pechner-James. The Court has calculated that Pechner-James has spent a total of 19 hours and 9 minutes in deposition time with the City Defendants. To arrive at this figure, the Court has taken the City Defendants' calculations of time duration for the depositions conducted on May 5, 2006, May 25, 2006, June 7, 2006 and June 22, 2006. While I accept the Defendants' subtraction of time for lunch breaks, late arrivals and early departures due to Plaintiff, I do not accept subtraction for breaks.

Although the City Defendants point to the Advisory Committee notes to the 2000 Amendment stating that breaks should not count toward the seven hour deposition limit, the Advisory Committee also stated that "[i]t is also assumed that there will be reasonable breaks during the day. *Preoccupation with timing is to be avoided*." (Emphasis added). This Court will not engage in such a narrow counting that breaks of only one to three minutes in duration are subtracted, nor will it consider breaks and off the record discussions of a lengthier duration. Such breaks are part and parcel of every deposition and will not be subtracted by this Court.

Counsel are reminded that this rule and the accompanying notes are written with regard to <u>one</u> seven-hour deposition.  Here, the City Defendants were granted two and one-half days.  Over nineteen hours is more than sufficient time for a deposition in this case, especially when the co-defendants also took Pechner-James' deposition for three days.  The City Defendants are <u>DENIED</u> leave to conduct further depositions of Pechner-James pursuant to the Omnibus Discovery Order.

       2. <u>Fernandez</u>

According to Fernandez, she has been deposed for a total of 15.5 hours by the City Defendants since May 12, 2006.  According to the City Defendants, she has been deposed for a total of 14.45 hours during the same time period.  The City Defendants argue that they are entitled to 3.05 more hours (based on a 7 hour deposition day).

Using the same method of calculation as used above with Pechner-James, the Court finds that Fernandez has sat for a total of 15 hours.  Therefore, the City Defendants are entitled to depose Fernandez once more for a total of 2.5 hours.  Absent a different agreement among counsel, the deposition will commence at 10:00 a.m. and conclude at 12:30 p.m. with ordinary breaks included within this time, but the lunch break occurring after the conclusion of the deposition.  Counsel shall agree upon a date for the deposition which date shall be on or before October 12, 2006.

C.  <u>Other Matters</u>

The Court will not resolve any requests that are made as part of a Supplemental Memorandum of Law, or in a Status Report.  All requests for relief must be made in the form of

8

a properly filed motion.

CONCLUSION

_____For the foregoing reasons, Plaintiffs' Counsel is hereby ORDERED to pay the City

Defendants $250.  Plaintiffs' Counsel is further ORDERED to pay to Reardon the sum of

$1,000.00, and to Ambrosino the sum of $500.00.  The City Defendants are entitled to 2.5 hours

of deposition time with Fernandez.

_____SO ORDERED.


/s/ LEO T.  SOROKIN_____
UNITED STATES MAGISTRATE JUDGE