UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and  SONIA FERNANDEZ | ) |
| Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER | ) |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
| Defendants | ) |

### CERTIFICATE OF CONSULTATION ON PLAINTIFFS MOTION TO COMPEL RESPONSES TO INTERROGATORIES FROM MAYOR AMBROSINO AND CHIEF REARDON

On May 1, 2006, **- Docket No. 181** – the Court ordered Defendants, Thomas Ambrosino and Terrence Reardon to respond to Plaintiffs Interrogatories. The interrogatories had been propounded upon the Defendants prior to December 6, 2005. The interrogatories were neither numerous nor burdensome. The Plaintiffs served eighteen (18) interrogatories upon Thomas Ambrosino; they served twenty-six (26) interrogatories upon Terrence Reardon. The order was silent on the other pleadings that the Plaintiff had served upon the Defendants.

Defendant Ambrosino made the following stock response to six (6) of his eighteen (18) interrogatories; Defendant Reardon made that same stock response to ten (10) of his twenty-five (25) interrogatories. That response states:

> **Objection. The interrogatory seeks information which is neither relevant not admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since [Mayor Ambrosino/Chief Reardon] is not a party to this action in his individual capacity.**

On May 31, 2006, the Plaintiff filed their first Motion to Compel the Defendants to provide responses that comply with the Federal Rules of Civil Procedure. **Docket Nos. 202, 203.** The Plaintiffs withdrew their initial motion Docket No. 208, on June 13, 2006. On June 22, 2006, counsel for Plaintiffs and for Defendants conducted an almost two-hour conference. They discussed in detail how to bring the Defendants responses into compliance. Both parties agreed that Defendants would provide amended responses by July 7, 2006.

The Defendants failed to provide the agreed upon responses by July 7, 2006. On July 10, 2006, the Plaintiffs filed **Docket Nos. 224 and 225**. These Motions For Order Compelling answers to interrogatories were accompanied by a memorandum, exhibits, notice of consultation and certificate of consultation. **Docket Nos. 226 through 231**.

On July 12, 2006, at the request of the Defendants counsel, **Exhibit 1,** the Plaintiffs again withdrew their Motion. **Docket Nos 224 and 225** and again agreed to give the Defendants more time to file more detailed and complete responses. On July 19, 2006, Defendant Ambrosino provided supplemental responses to questions 2, 7, 9, 10, 11, 12, 15, 16, and 17; Defendant Reardon provided supplemental responses to questions 13, 15, 21, 22, 23, 24, 25, and 26. The supplemental responses left the remaining interrogatories unanswered. The supplemental responses are included as **Attachments A & B to Exhibit 5 in the Notice of Consultation.**

In a cover letter dated August 1, 2006, the Plaintiffs, pursuant to Local Rule 7.1 sent the following documents to Defendants counsel:

1. Notice of Consultation Pursuant to Local rule 7.1 and Fed. R. Civ. P 37(a).
2. Motion For Order Compelling Defendant, Thomas Ambrosino To Answer Interrogatories Pursuant to Fed. R. Civ. P. 37(a)
3. Motion for Order To compel Defendant, Terrence Reardon, to Answer Interrogatories Pursuant To Fed. R. Civ. P. 37(a)
4. Plaintiffs Memorandum In support of Motion for Order To Compel Defendants to answer Interrogatories Pursuant to Fed. R. Civ. P. 37(a). The Exhibits attached to the memorandum were:

    (1) Plaintiffs Motion To Compel Production – 3 pages
    Defendants Answer To Request for Production dated 3-1-05
    Boston Globe Article dated 3-12-05
    Response of Edward Reardon, PC.

    (2) List of Documents filed on April 19, 2006 pursuant to Docket No. 166.
    (3) Defendants Motion to Strike Plaintiffs Opposition To their Motion For Summary Judgment- 2 pages.
    (4) Letter dated March 23, 2005 from Walter H. Porr rejecting the <u>Gonsalves</u> decision.

The letter stated that the Plaintiffs were sending the pleadings listed above pursuant to Local Rule 7.1 and Fed. R. Civ. P. 37(a) in an effort to meet and confer and to try to narrow or resolve the issues of investigation, failure to investigate and other issues involved in this case. The letter further stated:"After granting the Defendants several extensions, the Plaintiffs received from the Defendants, on July 19, 2006 **Attachments A & B to Exhibit 5 to the Notice of Consultation.** The letter closed by stating: "The proposed date for requesting court intervention is August 7, 2006. "

On August 7, 2006, counsel for counsel for Plaintiffs and Defendants conferred by telephone. On August 8, 2006, Defendants counsel sent correspondence to Plaintiffs counsel. **Exhibit 6.** The letter of Defendants counsel characterized the

3

Plaintiffs Motion To Compel as "hodgepodge" and "mishmash" and failed to include the required responses to the unanswered interrogatories.

On August 14, 2006, Plaintiffs counsel corresponded by letter and by facsimile with Defendants counsel. Plaintiffs correspondence emphasized the reasons for their motion to compel. The Plaintiffs granted the Defendants a further extension until August 23, 2006 to provide responses to all interrogatories. **Exhibit 7.** In a letter dated August 17, 2006, Defendants conceded that, by their own calculations, "only three interrogatories are in issue as it concerns Mayor Ambrosino" and "only seven interrogatories and one part of an eighth, are in issue as it concerns Chief Reardon." **Exhibit 8.**

**Exhibit 8** included unsolicited office notes of Defendants counsel but no responses to the interrogatories. No responses even to the interrogatories that he identified in his letter. In a letter dated August 22, 2006, Plaintiffs counsel responded to Exhibit 8. Plaintiffs tried to resolve the issues. Plaintiffs agreed to waive responses to interrogatories Nos. 1,6, and 8 for Mayor Ambrosino and interrogatories Nos. 1,10, 11, and 12 for Chief Reardon. In addition, the Plaintiffs extended the deadline for response from August 23, 2006 to August 28, 2006. **Exhibit 9.**

Despite the waivers and extensions that the Plaintiffs have granted the defendants and despite the Defendants own acknowledgement in **Exhibit 8** that responses are outstanding, the Defendants have failed to respond.

The Plaintiffs, pursuant to Local Rule 7.1 has served the requisite Certificate of Compliance with each motion. **Exhibit 10**. The Plaintiffs have conferred and consulted, on several occasions, both in writing and by conference call. The Plaintiffs have complied with the requirements of Local Rule 7.1. Nonetheless, the Plaintiffs remain willing to withdraw this motion if the Defendants provide the requisite responses prior to any hearing that the Court may schedule in this matter. In the event that the Defendants fail to provide the requisite responses, the

4

Plaintiffs request that their Motion For An Order To Compel Answers to Interrogatories be granted.


Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.