EXHIBIT 6-August 8, 2006 Letter from Defendants counsel

# THE CITY OF REVERE, MASSACHUSETTS
281 Broadway
Revere, MA 02151



OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

**Thomas G. Ambrosino**
Mayor

August 8, 2006

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re: **Pechner-James, et al., v. City of Revere, et al.**

Dear Attorney Dilday:

This letter is in follow-up to our telephone conversation of this afternoon wherein you requested that I send you a letter outlining my concerns regarding your latest correspondence as it relates to the supplemental interrogatory responses of Mayor Ambrosino and Police Chief Terence Reardon. On July 19, 2006, I mailed to you the aforesaid supplemental interrogatory responses. I heard nothing about these responses until August 7, 2006, when I received a package of documents under your unsigned cover letter dated August 1, 2006. Your cover letter references these supplemental responses on page 2 as Exhibit 5. Exhibit 5 consists of these responses, plus a document entitled Plaintiffs (sic) Notice of Consultation on Motion to Compel Mayor (sic) and Chief's Answers to Interrogatories. Aside from your cover letter and Exhibit 5, neither the existence nor, more importantly, the substance of the supplemental responses is addressed in the other pleadings included in the package. Instead, the remaining pleadings look to be reprints of what had been previously been filed before you were served with the supplemental responses.

In other words, the current collection of documents is a mishmash of old, outdated, pleadings and new, uninformative, pleadings. Nothing from this hodgepodge of documents tells me what, if anything, is wrong with the supplemental answers.

Moreover, this current set of pleadings does not acknowledge that in several cases during our June 22, 2006, discovery conference, you indicated to me that certain responses were acceptable and that you would not be pressing for further supplementation.

I understand from our conversation this afternoon that your associate, Ms. Dawne Thorne, sent out this package without your seeing it. Apparently she was not aware of the substance of our meet and confer session of June 22, 2006, and the understandings we reached at that time. Moreover, it appears that she did not appreciate the need to articulate what, if any, deficiencies exist vis-à-vis the supplemental answers. How can we meet and confer when I have no idea what your concerns concerning the supplemental answers are in the first place?

James S. Dilday, Esq.
August 8, 2006
Page 2

Additionally, how could the court render any assistance without your pleadings articulating what problems exist with respect to the supplemental responses?

    I trust this letter provides you with the information and insight your were seeking when you asked me to put my concerns in writing. If you have any issues with the supplemental responses, please let me know and I will be more than willing to hear you out, as I did on June 22, 2006. Otherwise, I will assume that the supplemental responses are satisfactory and the issue is closed.

    Should you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

*Walter H. Porr, Jr.*
Walter H. Porr, Jr.
Assistant City Solicitor

cc:    Michael Akerson, Esq.

EXHIBIT 7-August 14, 2006 Letter from Plaintiffs counsel

**GRAYER & DILDAY, LLP**
27 School Street, Suite 400
Boston, MA 02740
Tel No: (617) 227-3470
Fax No: (617) 227-9231

August 14, 2006

Paul Capizzi, Esq. **Fax No : (781) 286-8166**
Walter H. Porr, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Re: Terri Pechner-James et al v City of Revere et al.

Dear Attorneys Capizzi and Porr,

The purpose of this letter is to respond to your letter dated August 8, 2006. The purpose of our letter of August 1, 2006 was to request, without commenting on the few supplemental responses you provided, that the court order written responses to all interrogatories. The Plaintiffs reserve the right to comment on all responses when they have been completed in writing.

It is unfortunate that you developed the belief that responses, as incomplete and evasive as the ones that you have provided were "acceptable". Such responses would not be "acceptable" to you. You would have immediately filed a motion to compel followed very swiftly by a request for sanctions, if the situation were reversed.

We are not requesting sanctions. We are seeking responses, in writing, to all interrogatories. In a letter dated July 19, 2006, you responded to our motion to compel by providing eight (8) supplemental answers from Defendant, Thomas Ambrosino, and nine (9) supplemental answers from Defendant, Terrence Reardon.

We provided you with two extensions of time, after the initial request. The supplemental answers that the Defendants provided supplements only responses previously made. The remainder of the interrogatories remain unanswered.

The documents that you disparagingly refer to in your letter of August 8, 2006 as "hodgepodge" and "mishmash" state very clearly the reasons that the Plaintiffs seek a written response to all interrogatories, not just the ones that you selected as worthy of response. It is also clear from those documents that your refusal and failure to respond are both historic and unacceptable.

The Plaintiffs are granting the Defendants another extension until August 23, 2006 to provide responses to all interrogatories. Please give us a call if you have any questions.


Sincerely,


/s/James S. Dilday, Esq.
James S. Dilday, Esq.


Cc: Michael Akerson, Esq.

EXHIBIT 8- August 17, 2006 Letter from Defendants Counsel



THE CITY OF REVERE, MASSACHUSETTS
281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

August 17, 2006

**VIA HAND DELIVERY**

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

  Re: **Pechner-James, et al., v. City of Revere, et al.**

Dear Attorney Dilday:

  I called your office early this morning and left a voice mail message for you asking you to return my call. I received a return call at 2:50 p.m. from a person (female) whom I assume is a secretary and who informed me that you had received my earlier message, had been in court all day and would not be in tomorrow. Hence this letter, despite Judge Sorokin's request/order that we talk by phone, if not in person, regarding these matters.

  I am writing about the letter from your office dated August 14, 2006. This letter is again unsigned, as if it were an electronically filed document for federal court as opposed to a letter from you. Moreover, the letter was posted from Providence, Rhode Island, in a plain envelope with a Supergirl stamp (the one received by Michael Akerson's office had a Wonder Woman stamp) and was not on your usual letterhead. The reason I mention these details is because I do not think my letters are reaching you in the first place. In our phone conversation of August 7th, you told me that the August 1 letter from your office was sent out by your associate, Dawne Thorne, and that you had not seen it. I memorialized this revelation in my letter of August 8th. The letter from your office of August 14th does not challenge my recollection of what you told me in this regard. Finally, like "your" letter of August 1, "your" letter of August 14 does not address our nearly one and one-half hour conversation of June 22, 2006, when you clearly indicated that many of Mayor Ambrosino's and Chief Reardon's responses were OK and that you were no longer contesting those particular responses.

  On this latter point, I am attaching hereto a copy of my notes from our conversation of June 22, 2006. With respect to Mayor Ambrosino, you agreed that his answers to interrogatories 1, 3, 4, 6, 8, and 13 were OK. I agreed to amend interrogatories 2 (post law school employment info only), 7, 9, 10, 11, 12, 15, 16 and 17, which I did. We did not agree on the need to supplement interrogatories 5 and 14 and I do not recall what decision we reached with respect to interrogatory no. 18, though upon reviewing it, I believe the answer is responsive and complete.

James S. Dilday, Esq.
August 17, 2006
Page 2

In any event, as matters now stand, at most, only three interrogatories are in issue as it concerns Mayor Ambrosino. With respect to Chief Reardon, you agreed that his answers to interrogatories 4, 5, 6, 10, 11, 16, 17, 19 and 20 were OK. I agreed to amend interrogatories 13, 15, 18 (Ambrosino no. 11), 21, 22 (Ambrosino no. 17); 23 (Ambrosino no. 15), 24 (Ambrosino no. 15), 25 (Ambrosino no. 16) and 26 (90 to 95 time-frame), which I did. We did not agree on the need to supplement interrogatories 1 (age only), 2, 3, 7 and 8 and you were undecided on interrogatories 9, 12 and 14. In any event, as matters now stand, at most, only seven interrogatories, and one part of an eighth, are in issue as it concerns Chief Reardon.

Neither "your" letter of August 1, and the pleadings which accompanied it, nor "your" letter of August 14 address the foregoing realities. How can we meet and confer when I have no idea what your concerns concerning the supplemental answers are in the first place? How can we meet and confer when you have not told me what you have decided as to interrogatories 9, 12 and 14 with respect to Chief Reardon? How can we meet and confer when I am not even sure my letters are getting to you? Additionally, how could the court render any assistance without your pleadings articulating what problems exist with respect to these issues?

As I said in my letter of August 8th: "If you have any issues with the supplemental responses, please let me know and I will be more than willing to hear you out, as I did on June 22, 2006. Otherwise, I will assume that the supplemental responses are satisfactory and the issue is closed."

Should you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

cc: Michael Akerson, Esq.

EXHIBIT 9-August 22, 2006 Letter from Plaintiffs counsel

# Grayer & Dilday, LLP

COUNSELLORS-AT-LAW
27 SCHOOL STREET – SUITE 400
BOSTON, MASSACHUSETTS 02108
TEL. (617) 227-3470 • FAX (617) 227-9231

August 22, 2006

Paul Capizzi, Esq.
Walter H. Porr, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Re: Pechner-James et al v City of Revere et al

Dear Attorneys Capizzi and Porr,

I am in receipt of your letter dated August 17, 2006. I am returning the notes that you included with your letter. Neither I nor anyone in my office requested the notes that you included in your letter. If, as you indicate, these notes were, in fact, prepared during our telephone conference, they would be subject to protection either by the "attorney-client privilege" or the "work product doctrine".

You have made both improper and indiscriminate use of both protections. The Plaintiffs have had to make repeated requests for responses to eighteen (18) interrogatories for Mayor Thomas Ambrosino and twenty-six (26) interrogatories for Chief Terrence Reardon, as a result of your abuse of these protections. Your sudden decision to produce your own unsolicited office notes while using the attorney client privilege and the work product doctrine to avoid answering a limited number of interrogatories makes a mockery of the discovery process.

The result of your decision is that interrogatories that were served upon your clients prior to December 6, 2005 and responses that were ordered by the court on May 1, 2006, Docket No. 181, are still unanswered.

Mayor Thomas Ambrosino:

In your supplemental responses you provided responses to Interrogatories 2, 7, 9, 10, 11, 12, 15, 16, and 17. Your client has provided nine (9) responses. The remaining interrogatories are unanswered. The Plaintiffs have agreed to waive responses No. 1, No. 6 and No. 8. The following interrogatories remain unanswered: No. 3, No. 4, No. 5, No. 13, No. 14, and No. 18.

Terrence Reardon:

In your supplemental responses you answered interrogatories No. 13, No. 15, No. 22, No. 23, No. 24, No. 25, and No. 26. The Plaintiffs have agreed to waive the responses to

interrogatories No. 1, No. 10, No. 11, and No. 12. The following interrogatories remain unanswered: No. 2, No. 3, No. 4, No. 5, No. 6, No. 7, No. 8, No. 9, No. 14, No. 16, No. 17, No. 18, No. 19, No. 20.

Please do not make any assumptions until you have provided complete answers to all interrogatories and the Plaintiffs have responded. Plaintiffs will respond to your supplemental responses when they have all been provided.

The Plaintiffs will extend the deadline for your response from August 23, 2006 to August 28, 2006 in order to give you an opportunity to provide complete responses and to comply with the court's order of Docket No. 181. This letter is self-explanatory but if you have any questions about the contents of this letter, please contact us because Judge Sorokin requires that we talk by phone, if not in person, regarding these matters. I will have a short trial in Roxbury Court tomorrow, but will leave this letter with attorney Thorne and she might be able to assist you.

Sincerely,

James S. Dilday

EXHIBIT 10-Certificate of Compliance

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES )
and SONIA FERNANDEZ )
    Plaintiffs )
     )
VS. )
     )
CITY OF REVERE, THOMAS )
AMBROSINO, MAYOR, CITY )
OF REVERE POLICE DEPT. )
TERRENCE REARDON, CHIEF )
OF POLICE, BERNARD FOSTER )
SALVATORE SANTORO, ROY )
COLANNINO, FREDERICK )
ROLAND, THOMAS DOHERTY )
JOHN NELSON, JAMES RUSSO )
MICHAEL MURPHY and )
STEVEN FORD )
    Defendants )

## CERTIFICATE OF CONSULTATION ON PLAINTIFFS MOTION TO COMPEL RESPONSES TO INTERROGATORIES FROM MAYOR AMBROSINO AND CHIEF REARDON

On May 1, 2006, - **Docket No. 181** – the Court ordered Defendants, Thomas Ambrosino and Terrence Reardon to respond to Plaintiffs Interrogatories. The interrogatories had been propounded upon the Defendants prior to December 6, 2005. The interrogatories were neither numerous nor burdensome. The Plaintiffs served eighteen (18) interrogatories upon Thomas Ambrosino; they served twenty-six (26) interrogatories upon Terrence Reardon. The order was silent on the other pleadings that the Plaintiff had served upon the Defendants.

Defendant Ambrosino made the following stock response to six (6) of his eighteen (18) interrogatories; Defendant Reardon made that same stock response to ten (10) of his twenty-five (25) interrogatories. That response states:

> **Objection. The interrogatory seeks information which is neither relevant not admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since [Mayor Ambrosino/Chief Reardon] is  not a party to this action in his individual capacity.**

On May 31, 2006, the Plaintiff filed their first Motion to Compel the Defendants to provide responses that comply with the Federal Rules of Civil Procedure. **Docket Nos. 202, 203.** The Plaintiffs withdrew their initial motion Docket No. 208, on June 13, 2006. On June 22, 2006, counsel for Plaintiffs and for Defendants conducted an almost two-hour conference. They discussed in detail how to bring the Defendants responses into compliance. Both parties agreed that Defendants would provide amended responses by July 7, 2006.

The Defendants failed to provide the agreed upon responses by July 7, 2006. On July 10, 2006, the Plaintiffs filed **Docket Nos. 224 and 225**. These Motions For Order Compelling answers to interrogatories were accompanied by a memorandum, exhibits, notice of consultation and certificate of consultation. **Docket Nos. 226 through 231**.

On July 12, 2006, at the request of the Defendants counsel, **Exhibit 1,** the Plaintiffs again withdrew their Motion. **Docket Nos 224 and 225** and again agreed to give the Defendants more time to file more detailed and complete responses. On July 19, 2006, Defendant Ambrosino provided supplemental responses to questions 2, 7, 9, 10, 11, 12, 15, 16, and 17; Defendant Reardon provided supplemental responses to questions 13, 15, 21, 22, 23, 24, 25, and 26. The supplemental responses left the remaining interrogatories unanswered. The supplemental responses are included as **Attachments A & B to Exhibit 5 in the Notice of Consultation.**

In a cover letter dated August 1, 2006, the Plaintiffs, pursuant to Local Rule 7.1 sent the following documents to Defendants counsel:

1. Notice of Consultation Pursuant to Local rule 7.1 and Fed. R. Civ. P 37(a).
2. Motion For Order Compelling Defendant, Thomas Ambrosino To Answer Interrogatories Pursuant to Fed. R. Civ. P. 37(a)
3. Motion for Order To compel Defendant, Terrence Reardon, to Answer Interrogatories Pursuant To Fed. R. Civ. P. 37(a)
4. Plaintiffs Memorandum In support of Motion for Order To Compel Defendants to answer Interrogatories Pursuant to Fed. R. Civ. P. 37(a). The Exhibits attached to the memorandum were:
   (1) Plaintiffs Motion To Compel Production – 3 pages
   Defendants Answer To Request for Production dated 3-1-05
   Boston Globe Article dated 3-12-05
   Response of Edward Reardon, PC.

   (2) List of Documents filed on April 19, 2006 pursuant to Docket No. 166.
   (3) Defendants Motion to Strike Plaintiffs Opposition To their Motion For Summary Judgment- 2 pages.
   (4) Letter dated March 23, 2005 from Walter H. Porr rejecting the Gonsalves decision.

The letter stated that the Plaintiffs were sending the pleadings listed above pursuant to Local Rule 7.1 and Fed. R. Civ. P. 37(a) in an effort to meet and confer and to try to narrow or resolve the issues of investigation, failure to investigate and other issues involved in this case. The letter further stated:"After granting the Defendants several extensions, the Plaintiffs received from the Defendants, on July 19, 2006 **Attachments A & B to Exhibit 5 to the Notice of Consultation.** The letter closed by stating: "The proposed date for requesting court intervention is August 7, 2006. "

On August 7, 2006, counsel for counsel for Plaintiffs and Defendants conferred by telephone. On August 8, 2006, Defendants counsel sent correspondence to Plaintiffs counsel. **Exhibit 6.** The letter of Defendants counsel characterized the

3

Plaintiffs Motion To Compel as "hodgepodge" and "mishmash" and failed to include the required responses to the unanswered interrogatories.

On August 14, 2006, Plaintiffs counsel corresponded by letter and by facsimile with Defendants counsel. Plaintiffs correspondence emphasized the reasons for their motion to compel. The Plaintiffs granted the Defendants a further extension until August 23, 2006 to provide responses to all interrogatories. **Exhibit 7.** In a letter dated August 17, 2006, Defendants conceded that, by their own calculations, "only three interrogatories are in issue as it concerns Mayor Ambrosino" and "only seven interrogatories and one part of an eighth, are in issue as it concerns Chief Reardon." **Exhibit 8.**

**Exhibit 8** included unsolicited office notes of Defendants counsel but no responses to the interrogatories. No responses even to the interrogatories that he identified in his letter. In a letter dated August 22, 2006, Plaintiffs counsel responded to Exhibit 8. Plaintiffs tried to resolve the issues. Plaintiffs agreed to waive responses to interrogatories Nos. 1,6, and 8 for Mayor Ambrosino and interrogatories Nos. 1,10, 11, and 12 for Chief Reardon. In addition, the Plaintiffs extended the deadline for response from August 23, 2006 to August 28, 2006. **Exhibit 9.**

Despite the waivers and extensions that the Plaintiffs have granted the defendants and despite the Defendants own acknowledgement in **Exhibit 8** that responses are outstanding, the Defendants have failed to respond.

The Plaintiffs, pursuant to Local Rule 7.1 has served the requisite Certificate of Compliance with each motion. **Exhibit 10**. The Plaintiffs have conferred and consulted, on several occasions, both in writing and by conference call. The Plaintiffs have complied with the requirements of Local Rule 7.1. Nonetheless, the Plaintiffs remain willing to withdraw this motion if the Defendants provide the requisite responses prior to any hearing that the Court may schedule in this matter. In the event that the Defendants fail to provide the requisite responses, the

Plaintiffs request that their Motion For An Order To Compel Answers to Interrogatories be granted.

Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.

5