UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,** ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,** ) <br> Defendants,  ) | C.A. No. 03-12499-MLW |

**DEFENDANTS' COMBINED OPPOSITIONS TO
MOTIONS TO COMPEL ANSWERS TO INTERROGATORIES**

**NOW COME** Defendants, Mayor Thomas Ambrosino and Police Chief Terence Reardon, and hereby submit their combined opposition to Plaintiffs' Motions to compel answers to interrogatories (Docket Nos. 242 and 243).

**Background**

This is the third time that Plaintiffs have filed identical motions to compel Mayor Ambrosino and Chief Reardon to answer interrogatories (Compare Docket Nos. 202, 224 and 242 – Ambrosino and Docket Nos. 203, 225 and 243 – Reardon).

The first motions (Docket No. 202 – Ambrosino and Docket No. 203 – Reardon) were opposed on both procedural and substantive grounds (See Docket No. 206 – Ambrosino and Docket No. 204 – Reardon). Plaintiffs withdrew the motions after the oppositions had been filed (See Docket No. 208), but in its recent Order on Discovery Matters, the Court nonetheless sanctioned

Plaintiffs' Counsel for failing to comply with Local Rule 7.1 (See Docket No. 241, Section A.5, pages 5-6).

Plaintiffs second filing of the same motions occurred on July 10, 2006 (See Docket No. 224 – Ambrosino and Docket No. 225 – Reardon; see also Docket No. 226 – Memorandum of Law; Docket No. 227 – Local Rule 7.1 Certificate; Docket No. 228 – Duplicate Local Rule 7.1 Certificate; Docket No. 229 – Notice of Consultation Pursuant to Local Rule 7.1; and, Docket No. 230 – Exhibits 1 and A – C).[1]  As it turns out, <u>the one and only time</u> Plaintiffs' Counsel and Counsel for these Defendants have actually talked about the substance of these motions was on June 22, 2006 (See Docket Nos. 227 and 228, page 2, second and third full paragraphs; see also Docket No. 244, page 2, second half of the second paragraph; see also the further discussion of this conference, *infra*, and the Affidavit of Walter H. Porr, Jr., (Porr Affidavit) filed concurrently herewith).  As a result of that conference, these Defendants agreed to supplement certain answers by Friday, July 7, 2006.  For a variety of reasons not germane here, Defendants were unable to meet the July 7, 2006, deadline and on Monday, July 10, 2006, they sent a letter to Plaintiffs' Counsel regarding this fact.  While this letter was going out in the mail, the second set of motions posted through ECF.  Upon receipt of Defendants' Counsel's letter, Plaintiffs withdrew these motions as well (See Docket No. 231; see also Docket Nos. 242 and 243 – Certificates of Consultation, page 2, 4th paragraph).

This, then, leads to the current filing of the same motions (Docket No. 242 – Ambrosino and Docket No. 243 – Reardon).  Attached to said motions are identical Certificates of Consultation.  The only other documents filed in support of these motions was an Exhibit package containing documents labeled as Exhibits 6 – 10 (Exhibit 10 is yet another copy of the Certificate of

---

[1]  Although Docket No. 230 only consisted of Exhibits 1 and A – C, Plaintiffs Memorandum of Law (Docket No. 226) also referenced an Exhibit 2 (page 3), Exhibit 3 (page 4) and Exhibit 4 (page 11).  While these Defendants acknowledge they were sent these Exhibits by mail prior to the filing of the motions (See Docket Nos. 227 and 228), for some reason they were never filed with the Court.

Consultation filed as part of Docket Nos. 242 and 243).  The Certificates of Consultation reference an Exhibit 1 in the fourth paragraph on page 2, which is presumably the letter of Defendants' Counsel dated July 10, 2006, though it is not attached to the Exhibit package (Docket No. 244). Additionally, the Certificates of Consultation also reference an Exhibit 5 in the fourth paragraph on page 2, which is identified as Defendants Ambrosino's and Reardon's supplemental interrogatory answers, though again, they are not attached to the Exhibit package (Docket No. 244; but see Exhibit 9 thereto referencing the supplemental answers).[2]

      Thus, as the matter now stands, these motions are before the Court with neither the interrogatory questions and answers, nor the supplemental answers, having been filed.  Also missing from the Plaintiffs' filing are the several pages of notes taken by Defense Counsel regarding the meet and confer of June 22, 2006, which were sent to Plaintiffs' Counsel with Defense Counsel's letter of August 17, 2006 (See Docket No. 244, Exhibit 8; see also Exhibit 9, page 1, 1st paragraph and Exhibit 6, page 1, last 2 paragraphs).  Those notes are attached hereto as Exhibit "A."  Porr Affidavit.

---

[2]  For the record, on August 7, 2006, Defendants' Counsel received a letter from Plaintiffs' Counsel dated August 1, 2006.  Attached to this letter were a (1) Notice of Consultation (identical to the one filed on July 10, 2006 as Docket No. 229 – but not filed in support of the current motion); (2) Motion to Compel – Ambrosino – filed as Docket No. 242; (3) Motion to Compel – Reardon – filed as Docket No. 243; (4) Memorandum of Law (identical to the one filed on July 10, 2006 as Docket No. 226 – but not filed in support of the current motion); (5) Exhibits 1 – 4 (Exhibit 1 being identical to the one filed on July 10, 2006 as Docket No. 230 – but not filed in support of the current motion – and Exhibits 2 – 4 being the same ones received previously but not filed in support of either the previous motion or the current motion); and (6) Exhibit 5 – Notice of Consultation which had Mayor Ambrosino's and Chief Reardon's supplemental responses attached thereto – not filed in support of the current motion.  Why only two of these six documents were filed with the Court is nowhere explained by the Plaintiffs.

**The Motions Are Procedurally Defective and Should Be Denied for That Reason**

A.      **The Motion Fails to Comply with Local Rule 37.1(b)(2):**

Local Rule 37.1(b)(2) provides that "[i]f a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; *the matters on which the parties reached agreement*; *and the issues remaining to be decided by the court*" must be stated with particularity in the supporting memorandum.  Italics added.

Plaintiffs have filed two identical "Certificates of Consultation" setting forth their efforts to comply with Local Rules 7.1 and 37.1 and Federal Rules of Civil Procedure, Rule 37 (see Docket Nos. 242 and 243), supported by Exhibits reflecting an exchange of correspondence, <u>but no actual meeting or conferring</u>.  More to the point, while Plaintiffs acknowledge in passing that counsel actually conferred at length about the interrogatories on June 22, 2006 (See Docket Nos. 227 and 228, page 2, second and third full paragraphs; see also Docket No. 244, page 2), they do <u>not</u> acknowledge the outcome of that conference.

As a result of the conference conducted on June 22, 2006, Plaintiffs' Counsel agreed that the following interrogatory answers were "OK" and that no further supplementation was required: **Ambrosino**:  1, 3, 4, 6, 8, and 13.   **Reardon**:    4, 5, 6, 10, 11, 16, 17, 19 and 20.  See Exhibit "A" and Porr Affidavit.

As a result of the conference conducted on June 22, 2006, Defendants' Counsel agreed to supplement the following interrogatory answers:   **Ambrosino**:   2 (post law school employment info only), 7, 9, 10, 11, 12, 15, 16 and 17.   **Reardon**:    13, 15, 18 (same as Ambrosino no. 11), 21, 22 (same as Ambrosino no. 17); 23 (same as Ambrosino no. 15), 24 (same as Ambrosino no. 15), 25 (same as Ambrosino no. 16) and 26 (90 to 95 time-frame).  These interrogatories were indeed supplemented as alluded to by Plaintiffs' pleadings (See Certificates of Consultation attached to

4

Docket Nos. 242 and 243; see also footnote 2).

Thus, as matters stood after the conference of June 22, 2006, and after Defendants submitted there supplemental interrogatory answers, the only interrogatories in issue were: **Ambrosino**: 5, 14 and 18.  **Reardon**:    2, 3, 7, 8, 9 and 14.  See Exhibit "A" and Docket No. 244, Exhibit 8.[3]

Plaintiffs' motion fails to address these issues and thus fails to comply with Local Rule 37.1(b)(2).

B.      **The Motion Fails to Comply with Local Rule 37.1(b)(4) & (5):**

Local Rule 37.1(b)(4) provides that "[e]ach interrogatory . . . raising an issue to be decided by the court, and the response thereto" must be stated with particularity in the supporting memorandum.

Likewise, Local Rule 37.1(b)(5) provides that "[a] statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item" must also be set forth in the supporting memorandum.

Here again, Plaintiffs' motions fail to comply with this requirement as well.  While there are vague allusions to the interrogatories in question and the perceived insufficiency of the answers and/or supplemental answers to them, neither the interrogatories themselves, nor the answer or supplemental answers have been put before the Court.

Thus, Plaintiffs' motion fails to comply with Local Rule 37.1(b)(4) & (5).

---

[3] As for Chief Reardon, Interrogatory No. 1, as to age only, and Interrogatory No. 12 were still in dispute, but Plaintiffs have since waived any further answer to these interrogatories.  See Docket No. 244, Exhibit 9, Paragraph under the Heading entitled "Terence Reardon."

5

**C.   There Has Been No Conference Under Either Local Rule 7.1 or 37.1 or Federal Rule 37:**

Although Plaintiffs attempt to paint a picture of compliance with Local Rules 7.1 and 37.1 and Federal Rule of Civil Procedure, Rule 37, the long and the short of the matter is that they sent a plethora of documents to Defendants' Counsel on August 1, 2006, which resulted in an exchange of correspondence, <u>but no conference</u>. Not only does this violate the foregoing rules, it also violates this Courts Omnibus Discovery Order entered herein on April 12, 2006 (See Docket No. 166, page 8, Section C: "As explained at the hearing, *all future Local Rule 7.1 conferrals must occur orally, either in person or over the telephone*, between the relevant defense counsel and Mr. Dilday"). Italics added.

In this regard, the Court's attention is directed to the letter of Defendants' Counsel of August 8, 2006 (Docket No. 244, Exhibit 6). As indicated therein, <u>Defendants' Counsel called</u> Attorney Dilday, only to be asked to put his concerns in writing, hence Exhibit 6. After a woefully non-responsive letter (Docket No. 244, Exhibit 7), <u>Defendants' Counsel called</u> Attorney Dilday once again, but was unable to reach him, hence he wrote another letter "despite Judge Sorokin's request/order that we talk by phone, if not in person regarding these matters" (Docket No. 244, Exhibit 8). This resulted in yet another non-responsive letter wherein Attorney Dilday states, ironically enough, that his "letter is self-explanatory but if [Defense Counsel] ha[d] any questions about the contents of this letter, please contact us because Judge Sorokin requires that we talk by phone, if not in person, regarding these matters" (Docket No. 244, Exhibit 9).

Both the Local Rules and the Federal Rules place the onus to meet and confer upon the party bringing the motion, <u>not the party opposing it</u>. The Omnibus Discovery Order reinforced that basic obligation. Yet, despite these Rules and Orders of the Court, it was Defense Counsel who took the initiative to call Attorney Dilday's office twice, both times unsuccessfully. Thus, since the service

6

of the supplemental interrogatory responses, there has not been a meet and confer as required by the Rules and Orders of the Court and thus, the motions should be denied for this defect as well. (See Docket No. 241, pages 5-6, Section A.5: "Plaintiffs' counsel has been admonished repeatedly with regard to (sic) Local Rule 7.1 requirement." As a result of yet another failure in this regard, Plaintiffs' Counsel was sanctioned $1,500.00).

### The Motions Are Substantively Without Merit

Because Plaintiffs' motions duplicate their prior motions, though they have not re-filed their prior memorandum of law, Defendants incorporate herein by reference their prior oppositions set forth in Docket Nos. 204 and 206. To the extent Plaintiffs are complaining about Defendants supplemental interrogatory responses, since neither those responses, nor the purported deficiencies with respect to said responses are before the Court (see above), Defendants have no way of responding thereto.

### Defendants Are Once Again Entitled to Monetary Sanctions

Federal Rules of Civil Procedure, Rule 37(a)(4)(B) states, with exceptions clearly not applicable here, that if a motion to compel "is denied, the court . . . shall, . . ., require . . . the attorney filing the motion . . . to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, . . ."

As set forth in the Affidavit of Walter H. Porr, Jr., filed concurrently herein, he has spent four (4) hours undertaking the necessary tasks of reading and reviewing the motion, the related file document concerning the two (2) prior motions which were identical and the Courts orders related thereto, plus preparing this motion, his affidavit and filing the same via ECF. In addition, should this matter require hearing, it is estimated that the travel time to and from the Court, plus the hearing time for the motion will encompass another two (2) hours.

Based upon the Court's prior award as set forth in Docket No. 241, Defendants' Counsel is once again seeking sanctions at the rate of $250.00 per hour. Thus, sanctions are sought in the amount of $1,500.00.

For the Defendants
By their Attorneys,


 /s/  Walter H. Porr, Jr
Paul Capizzi, Esq., City Solicitor
BBO#:  646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#:  659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated:  October 2, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I caused to be served upon counsel of record, at the address stated below, via the method indicated, a true copy of same:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| Via CM/ECF e-mail | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |
| | Via CM/ECF e-mail |

 /s/  Walter H. Porr, Jr.
Walter H. Porr, Jr.,

Dated:  October 2, 2006