**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

                                        **CIVIL ACTION NO. 03-12499 MLW**

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  **SONIA FERNANDEZ** | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     Defendants | ) |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
COMPELLING DEFENDANTS TO ANSWER INTERROGATORIES
PURSUANT TO FED. R. CIV. P. 37(a)**

**Introduction:**

On May 1, 2006, Magistrate-Judge, Leo T. Sorokin ordered the Defendants, Thomas Ambrosino and Terrence Reardon to respond to interrogatories no later than twenty (20) days from May 1, 2006.(the date of the order) **Docket No. 181**. The interrogatories served upon Thomas Ambrosino contained eighteen (18) questions; the interrogatories served upon Terrence Reardon contained twenty-six (26) questions.

Thomas Ambrosino made the following response to six (6) of the eighteen (18) interrogatories; Chief Reardon made the same response to ten (10) of the twenty-five (25) interrogatories he answered. That response states as follows:

> **Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

Almost forty (40) percent of the policymakers responses rely on this boilerplate objection. These Defendants have not provided the kind of responses contemplated by the rules of discovery and that are vital to the Defendants defense.

A party may discover any matter that is relevant to any claim, issue or defense that is pleaded in a case, regardless of which party raises the claim, issue or defense. Rules 26(b)(1) describes the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

**Argument:**

<u>(1) Both Defendants deliberately and intentionally violated the provisions of Fed. R.Civ. P. 26 and made a mockery of the court ordered interrogatories.</u>

The Defendants have been consistent in their refusal to provide discovery or a defense. On April 12, 2005, the Plaintiffs filed a Motion To Compel Production of Documents and Request For Sanctions Pursuant to Fed. R. Civ. P. 37(a)(2). **Docket # 34**. See Also Attached **Exhibit 1**. Docket No. 34 was made necessary because the Defendants had provided the following stock response to all eleven (11) requests for documents:

> **Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, the request is overbroad as to time. The documents to the extent they still exist will not be produced.**

On April 19, 2006, the Plaintiffs filed six (6) set of pleadings from both Plaintiffs with the court. See Attached **Exhibit 2**. Those pleadings sought to obtain documents, information and the results of investigations that the Defendants had conducted. The court ordered the Defendants to respond to two of the Plaintiffs pleadings. The Defendants as part of their operating procedure provided no documents, no information and the following response:

> **Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

The central issue of this case is the failure to investigate as a standard operating procedure. See **Broderick v Evans**, Case No. 02-11540 RGS(jury verdict for Plaintiff on City of Boston's failure to investigate (April 27, 2006). The Defendants have no maternity leave policy; they had no sexual harassment policy until 1999; they have no separate facilities for the exclusive use of the female officers and female members of the public. In addition, they failed to investigate the complaints of the Plaintiffs as a matter of custom and usage.

The Defendants failed to investigate the vandalism of all eight (8) tires of vehicles driven by female officers; they failed to investigate complaints of sexual harassment; they failed to investigate sexually offensive pictures and articles of female clothing placed in highly visible places in the Department; they failed to investigate racially offensive caricatures of African-American prepared and circulated in the Department.

The Plaintiffs and Kathy Fish brought their complaints directly to the Defendant, Thomas Ambrosino. He took no action. He told them to file complaints with the Massachusetts Commission Against Discrimination (MCAD). The Defendants had a responsibility to investigate the behavior of those upon whom they conferred authority. They failed to do so. The liability of the Defendants is demonstrably clear. The information and documents Plaintiffs requested from Defendants is crucial to the Defendants defense. The Defendants have provided only predictable objections.

<u>(2) The Defendants have not historically presented a defense or provided documents or information relevant to their defense. They do not claim or pretend to have a defense.</u>

On February 28, 2006, Plaintiffs filed a Motion for Summary Judgment On Less Than All Issues Pursuant To Fed. R. Civ. P. 56. **Docket Nos 118 to 124**;  Local Rule 56.1 states in relevant part that:

> Opposition to motions for summary judgment shall include **a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried**, with page references to affidavits, depositions and other documentation…. Material facts of record set forth in the statements required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing party unless controverted by the statement to be served by opposing parties.

The Defendants filed a response but failed to include **"a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried.."**  The "material facts of record set forth" by the Plaintiffs in the Motion For Summary Judgment On Less Than All Issues are deemed admitted.  Those "material facts of record" were not controverted by the "concise statement" required by Local Rule 56.1.  The Plaintiffs subsequently filed a Request for Admissions.  The Defendants omission of the required statement was knowing, intentional and consistent with the fact that they have no defense.

On another occasion, the Defendant, Thomas Ambrosino filed a Motion For Summary Judgment. The Plaintiffs filed an Opposition. The Defendants filed a Motion To Strike the Plaintiffs Opposition. **Docket No. 64**. (7/18/2005).  The Defendants motion to strike quoted the exact language from Local Rule 56.1 stated above.  See Also **Attached Exhibit 3.**

The Defendants were aware, in July 2005, of the requirements of Local Rule 56.1.  They intentionally and deliberately omitted that statement from their later response to the Plaintiffs Summary Judgment motion.   In addition, neither Defendant has indicated that he intends to call any witnesses at trial. Their only defense seems to be "**bankers boxes**"

full of undisclosed documents.  The Defendants openly state their intent  to use these documents to show  that the Plaintiffs, particularly, Terri Pechner-James is not **"Mother Teresa."**

The Defendants strategy has been clear for some time.  They have managed to use the discovery process to subvert the issues and to divert attention from their failure to investigate. The excessive number of pleadings and docket entries in this case tells the story.   In **Broderick v Evans**, Case No. 02-11540 RG , **Docket No. 70** stated  ( JURY VERDICT in favor of plaintiffs against the City of Boston and Paul Evans). Absent from that docket of the Broderick case is the multiplication of discovery pleadings that have caused the entries in this case  to exceed two hundred (200). Discovery is not yet complete.  No trial date has been set.

These interrogatories  sought documents, investigations reports, investigation methods, witnesses, witness statements, and other information both relevant and admissible on the question of investigation.   The  sixteen (16) objections and other non-responses that the Defendants have filed are the latest example of how they multiply litigation.  They provide boilerplate objections instead of  substantive responses. Their deliberate indifference to their duty to investigate is reflected in their collective responses. That boilerplate response  stated below is consistent with and a repetition of  the Defendants responses to other discovery requests. See **Attached Exhibit 1**

> **Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

The policymakers failure to investigate,  their parallel failure to respond to discovery requests, their deliberate indifference to the Plaintiffs and to their own defense appear to be standard operating procedure for the City of Revere. These failures mirror the Plaintiffs experience;  they confirm the neglect that the Plaintiffs experienced. These failures also confirm that  these policymakers have acquiesced in a longstanding pattern of neglect. The Mayor referred the Plaintiffs to the MCAD. He failed to conduct or to have conducted an investigation of the complaints that the Plaintiffs made to him.

Terrence Reardon also had learned of the complaints from Kathy Fish and the Plaintiffs. He too engaged in a pattern of neglect. The Office of the City Solicitor filed a procedural denial with the MCAD. That response does not constitute an investigation by the Defendants. As in <u>Broderick,</u> supra. "banker's boxes" of attacks on the plaintiffs do not constitute a defense to the policymakers failure to investigate. The basis of municipal liability in this Circuit is clear. See <u>Gonsalves v City of New Bedford,</u> 939 F. Supp. 915 (1996).

<u>(3) The policymakers response contains no case law, no precedent and no definition of admissibility or of relevance that supports their many objections.</u>

Rule 26(b)(1) states that relevant inadmissible evidence is discoverable if it is reasonably calculated to lead to the discovery of admissible evidence. <u>Glover v South Carolina Law Enforcement Division,</u> 170 F.3d 411 (4th Cir. 1999), cert. dism'd 528 U.S. 1146, 1120 S. Ct. 1005, 145 L.Ed2d 1065 (2000). Conversely, admissible evidence is almost always discoverable. See Advisory Note to the 2000 Amendment to Rule 26(b)(1).

The policymakers provided the same objection to sixteen (16) distinct and separate interrogatories. The information sought was both relevant and admissible. Their objections to the remaining interrogatories were equally non-responsive. The Defendants objections did not provide information and did not identify documents. They also did not provide the Defendants methods of investigating complaints of sexual harassment and other forms of discrimination.

Mayor Ambrosino refused to answer Interrogatory No.5 by saying "the information requested is available as a matter of public record and may be accessible on line." He also refused to answer Interrogatory No. 12 because "the request seeks information which is probably equally available to Plaintiffs from the public record." His response failed to identify the condition, location or online address of this information. Rule 26 (b)(1) explicitly authorizes discovery about the location and existence of documents and other evidence and about the identity and location of persons having knowledge of discoverable matters. It is generally not proper to object on the basis that the party

already has the information it is requesting or the information is in the public record, as Mayor Ambrosino asserts in response to Interrogatories Nos. 5 and 17. Mid-Atlantic Recycling Technologies, Inc. v City of Vineland, 272 F.R.D 81 (D.N.J. 2004); Petruska v Johns-Mansville, 83 F.R.D. 32, 35 (E.D.Pa. 1979).   The power to investigate, the responsibility to investigate and the failure to investigate are both relevant and admissible. Discovery on these issues is explicitly authorized by Rule 26 (b)(1).

In addition, the Defendants, by their own admission, have deliberately and intentionally withheld "**Banker's boxes**" full of information that is covered by the automatic disclosure requirements of Rule 26. They clearly intend to use this information at trial. On May 22, 2006, in open court, Walter H. Porr, counsel for the Defendant claimed, on more than one occasion that he had "**banker's boxes**" full of information which he intended to use against the Plaintiffs, Terri Pechner-James, in particular, to show that she was not **"Mother Teresa**."  Neither the policymakers nor their counsel has provided the Plaintiffs with the "**bankers boxes.**" They have not identified the content of those boxes. Discovery is generally allowed on matters that would be used to impeach other parties' witnesses. Hickman v Taylor, 329 U.S. 495, 511, 67 S. Ct. 385, 394, 91 L.Ed. 451 (1947); Varga v Rockwell International Corp., 242 F.3d 693, 697 (6th Cir  2001)(a party may not hold back materials to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.)  The Defendants did not  mention the "**bankers boxes**" as part of their objection, they stated no reason  that the contents were not subject to automatic disclosure; they have stated only their intent to use these documents at trial.

(4) The insurance information requested by Interrogatory 4,5, and 6 to Chief Reardon and Interrogatory No.3 to Thomas Ambrosino is specifically allowed by Rule 26(a)(1)(D).

Interrogatories No. 4,5, and 6 to Chief Reardon and  Interrogatory No.3 to Thomas Ambrosino make similar requests for insurance information. Each party must provide, without awaiting a discovery request,  all insurance policies that may provide coverage for part or all of any judgment that might be entered in the action. Gluck v Ansett

Australia Ltd. 204 F.R.D. 217, 222 (D.D.C. 2001); Flores v Southern Peru Copper Corp. 203 F.R.D 92 (S.D.N.Y 2001).

Both Defendants provided identical responses. They both decided, without citing case law, statute or precedent that information on insurance "is neither relevant nor admissible." The Defendants conclusion is a direct contradiction to Rule 26 (a)(1)(D) which requires that they provide this information without a discovery request. Their response is a direct affront to the Rule 26 and to the order of the court.

Rule 26(a)(1)(D) requires the Defendants to provide, without awaiting a discovery request:

> For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

(5) The Defendants failure to investigate, both internal and external, is at the heart of this case. Assertion of the attorney-client privilege and the work product protection is not a shield against Defendant's liability for this failure.

Interrogatory No. 16 to Mayor Ambrosino and Interrogatory No. 25 to Chief Reardon both seek the same information from each policymaker. These two interrogatories seek detail from each policymaker about the involvement of (outside) law enforcement officials who were not members of the Revere Police Department. Defendant Ambrosino deliberately misreads the Interrogatory No. 16. He does not identify any law enforcement official; he makes non-responsive statements about the MCAD complaint and then states: "I had little or no involvement in responding to them and have no idea what, if any, officers of the Revere Police Department assisted in this regard.

Chief Reardon also misreads Interrogatory No. 25. His response is briefer and more evasive than Mayor Ambrosino. The Chief imports his response from No. 23. Interrogatory No. 23 asks about internal investigations. The Chief's reliance on No. 23 constitutes an intentional failure to respond. This interrogatory has six (6) subparts, each part seeks specific information about the nature and conduct of the external investigation.

Chief Reardon invokes both the attorney-client and work product privileges as a shield against providing responses to Interrogatory No. 25.   Chief Reardon has the burden of establishing the existence and the applicability of the attorney-client privilege and the work product protection.  Heathman v U.S.District Court, 508 F.2d 1032, 1033 (9th Cir. 1974); Martin Marietta Materials, Inc. v Bedford Reinforced Plastics, Inc. 227 F.R.D. 382 (W.Pa. 2005)(party asserting privilege has burden.). His twelve (12) response simply asserts both the privilege and the protection.  His response fails to provide sufficient information so that the court and opposing counsel can assess the applicability of the privilege and the protection to Interrogatory No. 25. Rule 26(b)(5); Burns v Imagine Films Entertainment, Inc. 164 F.R.D. 589 (W.D. NY 1996).

Fed. R. Civ. P. 26(b)(5) states:
> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed  in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Chief Reardon has not met the burden established by Fed. R. Civ.P. 26(b)(5). He has made the claim expressly but he has not described the nature of the documents, communications, or the things not produced. He has not disclosed them in a manner that, without revealing information  itself privileged or protected, would enable the court and the plaintiffs to assess the applicability of both the attorney-client privilege and the work product protection claimed.  Mayor Ambrosino has, for the same reasons, not met the burden established by Rule 26(b)(5). The attorney-client privilege and the work product protection does not provide the Defendants with a shield against liability for their failure to investigate or their failure to respond to the court ordered interrogatories.

Chief Reardon in response to Interrogatories 21 and 25 asserted the "attorney-client privilege and work product protection" together as a shield against providing a responsive answer to Interrogatories. Mayor Ambrosino, in response to Interrogatories 7, 12, and 15,

also asserts both attorney-client privilege and work product protection together as a shield against providing a responsive answer.

It is true that privileged matters are protected from discovery. <u>Goodyear Tire & Rubber Co., v Chiles Power Supply, Inc</u>. 332 F.3d 976 (6th Cir. 2003). Attorney-client privilege and work product protection are two distinct and separate privileges. Neither privilege is absolute. Attorneys with discoverable facts not covered by attorney-client privilege or work product protection are subject to discovery. <u>United Phosphorus, Ltd. v Midland Fumigani, Inc. 164 F.R.D. 245</u> (D. Kan. 1995). The privileges, to the extent that they exist in this case, belong to Mayor Ambrosino and to Chief Reardon; they do not belong to the Office of the City Solicitor. The party asserting the privilege has the burden of proving that the privilege applies. Rule 26(a)(1)(A) requires that a party must:

> Without awaiting a discovery request, provide to other parties:
>> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses

The core concept of this rule is that at the commencement of discovery, the identity of witnesses, a description of documents by category and location, a computation of each category of damages and insurance information is disclosed without need for interrogatories and motions to compel interrogatories.

Chief Reardon did comply with Rule 26 voluntarily and now resists the courts order. The Defendant's did not respond to Interrogatories 15 and 24 by providing the telephone number of each individual or identify the individuals in a manner that would allow the Plaintiffs to contact and secure information from them.

<u>(6) The Defendants are unrepentant in their determination to ignore the United States Supreme Court and the First Circuit's doctrine of municipal liability.</u>

The Defendants unrepentant failure to consider, follow and adopt the holdings of the United States Supreme Court and the First Circuit in cases including <u>Gonsalves v City of</u>

New Bedford, 939 F. Supp. 915 (1996); Bardonaro v McLoed, 871 F. 2d 1151, 1161 (1st Cir. 1989); and Broderick v Evans, Docket No. 02-11540 RGS (April 27, 2006) constitutes a violation of the "reasonable inquiry" requirement of Rule 26(g). Counsel for the Defendants, Walter H. Porr has stated in a letter dated March 23, 2005, that he finds Gonsalves v City of New Bedford  "**inapplicable on the facts of this case**". See Attached **Exhibit 4**.  On October 20, 2005, the Plaintiffs provided the Defendants and their counsel, Walter Porr and filed with the court a Memorandum On Municipal Liability. **Docket No. 97.**  The Defendants and their counsel continue to refuse to make the "reasonable inquiry" required by Fed. R. Civ. P. 26 (g), despite the case law, the Plaintiffs memorandum, the rulings of the United States Supreme Court, the Defendants default on the Plaintiffs motion for summary judgment, the stated importance of the duty to investigate and their obvious failure to investigate.

The Defendants have chosen to file responses to the interrogatories that deliberately ignore the United States Supreme Court and the First Circuit's doctrine of municipal liability. Fed. R. Civ. P. 26(g) states:

> Every discovery request, response or objection must be signed by at least one attorney of record…. The signature constitutes a certification to the best of the signers knowledge, information and belief formed after "reasonable inquiry". See Allender v Raytheon Aircraft Co., 220 F.R.D. 661, 666 (D. Kan 2004)(counsel's unrepentant failure to consider, follow and cite the Tenth Circuit's holding in Biocore also amounts to a violation of the "reasonable inquiry" requirement of Rule 26(g).

Both Defendants and their counsel signed the Answers To Interrogatories ordered by the court. The signers of a discovery document are under an obligation to make a reasonable inquiry into the issues covered by his certification before signing the document. See GreenLeaf Nursery v E.I. DuPont De Nemours and Co., 341 F. 3d 1292, 1305 (11th Cir. 2003)(the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand).  The Plaintiffs interrogatories seek information and documents that are relevant to the longstanding practices, the customs, the usages, the

11

standard operating procedure of the City of Revere, and the manner in which it investigates sexual harassment and discrimination cases.

The Federal Rules of Civil Procedure expect the certifying attorney to ensure that the client has provided all responsive information and documents. Legault v Zambarano, 105 F. 3d 24, 28 (1st Cir. 1997). This circuit has clearly stated its doctrine of municipal liability. The failure to investigate is at the heart of the "deliberate indifference" that renders this municipality liable for harm to the Plaintiffs. See Gonsalves, Bardonaro and Broderick supra. The signatures of both Defendants and their counsel constitute a certification, to the best of their knowledge, information and belief formed after "reasonable inquiry" that disclosure us complete and correct. See Metropolitan Opera Assn, Inc. v Local 100, Hotel Employees and Restaurant Employees International Union, 212 F.R.D. 178, 222, n. 28 (S.D.N.Y. 2003).

Beyond the mere repetition of the same stock response to forty (40) percent of the Plaintiffs interrogatories, neither the Defendants nor their counsel have stated "substantial justification" for their failure to respond. They have failed to respond to the Plaintiffs interrogatories, they have breached their duty to conduct "reasonable inquiry" into the doctrine of municipal liability as articulated by the First Circuit and the United States Supreme Court, and they have failed to provide responses that, despite their signatures, were complete and correct. They have again failed to present the necessary defense. The refusal of the Defendants and their counsel to respond is not supported by caselaw, legal precedent or the state of their own pleadings.

(7)  The Plan B charter adopted by the City of Revere has established the roles and responsibilities of the policymakers; their pleadings have documented their failure to investigate.

The United States Supreme Court held in Pembauer v City of Cincinnati, 475 U.S. 469 (1986) that a single decision of a policymaker may establish municipal liability binding the City. The standard articulated by the Court is not the date of appointment of a particular policymaker but whether "by acquiescence in a longstanding practice or

12

custom" the policymaker caused injury to the Plaintiff(s). If the longstanding practice or custom constituted the "standard operating procedure" of the local governmental entity, then the policymaker is liable. Jett v Dallas Independent School District, 49 U.S. 701, 737; City of St. Louis v Praprotnik, 485 U.S. 112 (1988).

Policymaking authority may be delegated only when a subordinate's discretionary powers are not limited by the official policy and are not subject to review. Propratnik at 112; Mandel v Doe, 888 F.2d 783 (11 Cir. 1989). Policymaking cannot be delegated in this case. The City of Revere has adopted a Plan B charter, similar to the City of New Bedford. It is an undisputed fact the Plan B form of government was in effect when the Plaintiffs began their employment and was still in effect when their employment ended.

The Plan B charter provide the following in M.G.L.c. 43:

> Section 58. There shall be a mayor, elected by and from the qualified voters of the city, who shall be the chief executive officer of the city.

> Section 59. The legislative powers of the city shall be vested in a city council. One of its members shall be elected by the council annually as its president.

The City of Revere Regulations provide the following:

> 2:09:10 Mayor-Powers and duties generally.
>
> > The Mayor shall have the general powers and perform the duties as set forth in the charter and under the General Laws, or as may be prescribed by the provisions of this revision and other ordinances adopted by the city council.

> 2.60.30    Chief of Police
>
> > A. The chief of police shall have general charge and supervision of all officers and patrolmen and other personnel of the police department, shall have precedence and control of the same whenever engaged in the same service and shall report forthwith to the mayor any violation of duty on the part of any member of the department.
>
> > E. The chief shall comply with and execute the orders of the mayor.

The Mayor is the Chief executive Officer, the City Council has the legislative and revenue raising powers; the Chief of Police is nominated by the Mayor and confirmed by the City Council; the chief shall comply with and execute the orders of the Mayor. The actions of the Chief of Police are, by statute and ordinance subject to review. The Mayor and the City Council are the policymakers for the City of Revere. See <u>Gonsalves,</u> supra.

<u>Conclusion:</u>

Both the United States Supreme Court and the First Circuit have clearly articulated the doctrine of municipal liability.  The deliberate indifference of the policymakers demonstrated by a failure to investigate created municipal liability for the Plaintiffs injuries. The Plaintiffs have provided a Memorandum On Municipal Liability. **Docket No. 97** Plaintiffs have also included a detail discussion of the doctrine in their Motion For Summary Judgment On Less Than All Issues. **Docket Nos 118-124**.  The Defendants also have a duty to make "reasonable inquiry" about the law of municipal liability prior to signing responses to the interrogatories.

The Defendants and their counsel have intentionally and without "substantial justification" ignored the decisions of the United States Supreme Court and those of the First Circuit; they have deliberately breached their duty to conduct the "reasonable inquiry" required by Fed. R. Civ. P. 26(g); they have no defense against municipal liability as defined by <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996); <u>Broderick v Evans</u>, Case No. 02-11540 RGS; <u>Bardonaro v McLoed</u>, 871 F. 2d 1151, 1161 (1st Cir. 1989).

Terri Pechner-James and
Sonia Fernandez
By their attorney



/s/James S. Dilday, Esq.
James S. Dilday, Esq.

Case 1:03-cv-12499-MLW    Document 247    Filed 10/03/2006    Page 15 of 15