# EXHIBIT 1

Plaintiffs Motion To Compel Production-3pages
Defendants Answer To Request For Production -5 pages 3-1-2005
Boston Globe Article - 2 pages 3-12-2005
Response of Edward Reardon, PC- 3 pages 11-5-2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terri Pechner-James and                    C.A. #03-1249MLW
Sonia Fernandez
         Plaintiff

V

City of Revere et al
         Defendants.

## Motion to Compel Production of Documents
## and Request for Sanctions Pursuant to Fed. R. Civ. P. 37(a)2

Now comes the Plaintiffs, Terri Pechner-James and Sonia Fernandez, and move this Honorable Court to Compel the Defendants, City of Revere, Thomas Ambrosino, Mayor and the Revere Police Department, Terrence Reardon, Chief, to Produce the Documents which they have deliberately refused to provide as stated in **Exhibit A.** Failure to disclose or produce materials requested in discovery can constitute misconduct under the procedural rules. See Gonsalves v City of New Bedford, 168 F.R.D at 115. The Plaintiffs state the following in support of their motion:

1. The Plaintiffs pursuant to Fed. R. Civ. P. 26 served the Defendants, City of Revere, Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Revere Police Department with a Request for Production of Documents.

2. The Requests were numbered one through eleven (1 through 11). The Defendants have refused to produce any documents.

3. The Defendants failed to cooperate with discovery. Their response included the following statement: **"The documents, to the extent they exist, will not be produced."** The Defendants repeated this statement eleven (11) times.

4. The first line of all of the Defendant's responses reads as follows: "Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information."

5. This statement is disingenuous. The Defendants knew that this statement was patently false at the time they made the response to Plaintiffs request. This response constitutes a cover-up. See Gonsalves v City of New Bedford, 939 F. Supp. 915.

6. The Plaintiffs ask the Court to take judicial notice of the fact that the total compensation of police officers consists of basic salary, overtime and income from paid detail work. The income from overtime and paid detail work often exceeds the basic salary. **See Attached Exhibit B-Boston Globe Article.**

7. The Plaintiffs hereby certify that prior to serving the Request for Production of Documents, they, by their counsel, attempted to confer and to secure the documents by sending a letter to both counsels for Defendants.

8. The attorney for the police officers, Edward Reardon, P.C. responded by letter confirming that the City of Revere and the Revere Police Department were the parties to whom our "informal request" for discovery was directed. Plaintiffs confirmed that they had already directed the Request to the proper parties. See **Attached Exhibit C**

9. Counsel for the City of Revere and the Revere Police Department did not confer, attempt to confer or in any way respond to the Plaintiffs informal request for discovery.

10. The Plaintiffs then sent a formal Request for Production of Documents. The Defendants were defiant. They provided no documents. The final statement in each of their eleven (11) responses stated:" The documents, to the extent they still exist, will not be produced."

11. The documents requested are relevant to the issue of damages and to liability. Withholding them constitutes a cover-up and the court cannot calculate the full measure of Plaintiffs lost income without these disclosures.

WHEREFORE, the Plaintiffs request:

1. That the Court strike the answers that the Defendants provided in **Exhibit A**;

2. Compel the Defendants to provide the Plaintiffs with the documents requested and any other related documents;

3. Award Plaintiffs counsel reasonable attorneys fees and expenses incurred in the preparation, serving and filing of this motion;

4. Such other relief as the Court deems just and proper.

Terri Pechner-James
Sonia Fernandez
By her attorneys

*/s/ Carlton Dasent*

Carlton J. Dasent, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02740
(617) 227-3470
(617) 894-2087

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>    Defendants, | )<br>)<br>)<br>)<br>)  C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS, CITY OF REVERE'S, CITY OF REVERE POLICE DEPARTMENT'S, MAYOR THOMAS AMBROSINO'S AND POLICE CHIEF TERENCE REARDON'S ANSWERS TO PLAINTIFFS, TERRI PECHNER-JAMES' AND SONIA FERNANDEZ' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon and hereby submits there responses to Plaintiff, Terri Pechner-James' and Sonia Fernandez' First Request for Production of Documents.

1. Full and complete copies of any and all documents that show the annual income derived from "paid detail" work received by male officers of the same rank as the Plaintiffs from September 1995 to present.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

2. Full and complete copies of any and all documents that show the annual amount of "paid detail" income received by Plaintiffs, Terri Pechner-James and Sonia Fernandez, respectively, from September 1995 to present.

>  Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, these records should already be in Plaintiffs' possession. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

3. Full and complete copies of any and all documents that show the annual amount of overtime pay earned by the average male officers of the same rank from September 1995 to present.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, the phrase "average male officers" is vague and ambiguous. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

4. Full and complete copies of any and all documents that show the annual amount of overtime income received by each of the Plaintiffs, Terri Pechner-James and Sonia Fernandez from September 1995 to present.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, these records should already be in Plaintiffs' possession. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

5. Full and complete copies of any and all documents that show the annual percentage or amount of any cost of living or other indexed cost of living increases contained in the contract(s) that governed the salaries and working conditions of the officers in the Revere Police Department.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

6. Full and complete copies of any and all documents that show the cost of living, contractual or other kind of increases that both Terri Pechner-James and Sonia Fernandez received between September 1995 to Present.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, these records should already be in Plaintiffs' possession. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced

2

7. Full and complete copies of any and all documents that show the annual value of the benefit package provided to the Revere police officers of the same rank as the Plaintiffs.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced.

8. Full and complete copies of any and all documents that show the annual value of the benefits package provided to the Plaintiffs, Terri Pechner-James and Sonia Fernandez respectively from September 1995 to Present.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, these records should already be in Plaintiffs' possession. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced

9. Full and complete copies of any and all documents that show all payments, including but not limited to salary payments, disability payments made to the Plaintiffs, Terri Pechner-James and Sonia Fernandez, include the date and purpose of said payments.

   Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, these records should already be in Plaintiffs' possession. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced

10. Full and complete copies of any and all documents that how all payments made to medical and/or health related institutions for services to the Plaintiff, Terri Pechner-James and Sonia Fernandez; include the date and purpose of said payments.

    Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced

11. Full and complete copies of any and all documents that show the conclusions stated by OSHA in its formal report about the poor working conditions at the Revere Police Department.

    Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Additionally, the request is overbroad as to time. The documents, to the extent they still exist, will not be produced

    _____
    Paul Capizzi, Esq.
    City Solicitor
    BBO#: 646296
    Walter H. Porr, Jr., Esq.
    Assistant City Solicitor
    BBO#: 659462
    City Hall, 281 Broadway
    Revere, MA 02151
    781-286-8166

Dated: March 1, 2005

4

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have, this day forwarded a copy of the foregoing Defendants, City of Revere's, City of Revere Police Department's, Mayor Thomas Ambrosino's and Police Chief Terence Reardon's Answers to Plaintiffs, Terri Pechner-James' and Sonia Fernandez' First Request for Production of Documents to all parties herein by mailing same, this date, via first class mail, postage prepaid to:

James S. Dilday, Esq.
Carlton J. Dasent, Esq.
27 School Street, Suite 400
Boston, MA 02108
Atttorneys for the Plaintiffs


Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

                                                           Walter H. Porr, Jr.,
                                                           Assistant City Solicitor
                                                           BBO# 659462
                                                           City Hall, 281 Broadway
                                                           Revere, MA  02151
                                                           781-286-8166

Dated: March ___, 2005

# EXHIBIT B

**COMING SUNDAY IN THE MAGAZINE**

# BEST OF THE NEW
103 great finds! New stores, ideas, spaces, faces, hot spots, and restaurants


'Jake' i
ABC trie
urban ac
Living|Arts

VOLUME 267
NUMBER 71

50 cents
75 cents beyond
30 miles from Boston

★★★

# The Boston G

SATURDAY, MARCH 12, 200

# 19 officers earned over $200,000 in '04

**By Suzanne Smalley**
GLOBE STAFF

Nineteen Boston police officers made more than $200,000 in 2004, earning amounts far beyond their base salaries by working overtime or private-detail shifts, according to city payroll records and city officials.

The records, obtained by the Globe through state open-records laws, show that 143 officers made more than $160,000, exceeding the $136,615 salary Police Commissioner Kathleen M. O'Toole collected during the same period. Mayor Thomas M. Menino made $152,885.

The officer salaries dwarfed figures in 2003, when only two officers made more than $200,000 and 22 made more than $160,000.

Police officials said the sharp increases are the result of the major overtime requirements of the Democratic National Convention and the Red Sox postseason. In addition, officers received retroactive payments after unions, including the Boston Police Patrolmen's Association and the Boston Police Superior Officers Federation, finalized new contracts this summer.

"Public safety is number one," said police Sergeant Thomas Sexton. "As a result, overtime is incurred, and officers are deployed to ensure public safety at all special events."

Big events notwithstanding, critics said the numbers are a warning that Police Department spending on overtime is too high.

POLICE, Page B4

# 19 police officers earn over $200,000 in '04

► POLICE
*Continued from Page A1*

Samuel Tyler — president of the Boston Municipal Research Bureau, a business-funded watchdog group — called the numbers troubling and said that the city will have to find ways to cut costs in the future. Tyler said that since officer pay increased with new contracts, the department must be more vigilant about managing expensive overtime and sick time. In its contract, the patrolmen's union negotiated a 14.5 percent pay raise over four years.

"I think it is a factor of collective bargaining," Tyler said. "It certainly has made the cost of providing services, particularly police services, much more expensive. That has to be taken into consideration when we have these discussions about manpower being less than it was 10 years ago. Well, 10 years ago it didn't cost nearly so much for an officer."

O'Toole and police union officials declined to comment. Councilor at Large Maura Hennigan, who this week launched her campaign to unseat Menino, said that she considers the money spent on overtime in the Police Department to be "out of control."

"We need to increase the number of uniformed police officers within the BPD," Hennigan said. "We are paying exorbitant amounts of overtime. It's expensive for the taxpayers, but it also begs the question: Are the police going to be able to do their job? They're going to be tired."

The current base pay for first-year police officers is $46,615 for patrolmen; $72,876 for sergeants; $84,829 for lieutenants; and $98,719 for captains.

Salary figures for deputy superintendents and superintendents are determined on an individual basis.

Officers can supplement their base salaries by working paid details at construction sites or for other contractors. High-earners also tend to work large amounts of overtime, including overtime and private details, police officers are allowed to work 16 hours a day, 96 hours a week, and 320 hours a month.

The Police Department spent millions on overtime in single weeks last year. In early August, not long after the Democratic National Convention ended, the department paid $4.55 million in overtime. Officials said much of that money was for overtime for officers to cover for co-workers on summer vacation. During the last week in August, when officers flooded the streets after a surge in violent crime, $1.8 million in overtime was paid.

O'Toole has pledged to hire 9( additional officers this year. Bu Tyler said the newly released earnings numbers make it clear that Menino will need to consider alternatives to hiring more officers.

He said Boston has traditionally paid its police officers more than most other departments around the country.

According to an independent budget commission, the average salary for a patrolman in New York is $66,000. The average Boston police officer earns $83,700.

Tyler said he hopes officials will consider hiring more civilians in areas where police officers are not needed, though he acknowledged the clout of the police unions here may make it difficult to eliminate jobs and some of the perks Boston officers enjoy, such as the paid detail system, which exists almost nowhere else in the country.

"The police unions are much stronger in this area than they are in much of the rest of the country," Tyler said. "That has allowed them to benefit by these generous contracts."

A study published in November by the Beacon Hill Institute at Suffolk University said that taxpayers and businesses could have saved $37 million to $67 million if companies and government agencies were allowed to hire civilian flaggers to direct traffic at construction sites.

The study also concluded that even though Massachusetts is the only state where police officers routinely direct traffic, the state had the highest rate of accidents causing property damage and the second highest rate causing bodily injury between 1998 and 2000

*Suzanne Smalley can be reached at ssmalley@globe.com.*

## The $200,000 club

Nineteen Boston police employees earned over $200,00 in 2004. All supplemented their base pay with overtime and other extras. By contrast, Mayor Thomas M. Menino earned $152,885 last year.

| Name | Job | Rank Base Rate | 2004 Total Pay |
|---|---|---|---|
| Armstrong, Francis W. | Police Captain | $90,561.64 | $234,726 |
| Evans, William B. | Police Captain | 90,561.64 | $224,123 |
| Hosein, Haseeb | Police Lieutenant | 74,297.64 | $220,231 |
| Kervin, John Edward | Police Captain | 86,557.64 | $219,513 |
| Kervin, Timothy M. | Police Lieutenant | 74,297.64 | $218,764 |
| Keeler, Daniel M. | Police Sergeant (Det.) | 67,590.64 | $218,558 |
| Kraft, Martin B. | Police Sergeant | 63,748.36 | 210,225 |
| Flaherty, Robert M. | Police Captain | 90,561.64 | 209,289 |
| Russell, Paul J. | Police Captain | 90,561.64 | 207,967 |
| Frangie, Ghassoub P. | Police Lieutenant | 74,297.64 | 206,913 |
| Conley, Frederick J. | Police Lieutenant | 74,297.64 | 205,588 |
| Broderick, Michael B. | Police Captain | 90,561.64 | 203,776 |
| Michalosky, Christine M. | Police Captain | 90,561.64 | 202,956 |
| Robertson, J. | Police Sergeant (Det.) | 67,590.64 | 201,824 |
| Feeney, William J. | Police Sergeant (Det) | 67,590.64 | 201,263 |
| King, Peter | Police Lieutenant | 74,297.64 | 201,125 |
| Simmons, Edward D. | Police Lieutenant (Det.) | 78,149.76 | 201,087 |
| Orourke, Bernard P. | Police Captain/DDC | 90,561.64 | 200,955 |
| Vickers, Mark W. | Police Sergeant (Det.) | 67,590.64 | 200,610 |

SOURCE: City of Boston payroll records

GLOBE STAFF GRAPHIC

# EXHIBIT C

**LAW OFFICES CARLTON J. DASENT**
27 School Street, Suite 400
Boston, MA 02108
Tel No: (617) 227-3470
Fax No: (617) 227-9231

November 4, 2004

John K. Vigliotti, Esq.
Michael J. Akerson, Esq.
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605

Re: Terri Pechner-James et al v City of Revere et al C.A. No: 03-1249 MLW

Dear Attorneys Akerson & Vigliotti,

I am in receipt of you letter dated November 5, 2004. The purpose of this letter is for information purposes only. I have requested the same information from the attorney that represents the City of Revere and the Revere Police Department.

I have not yet received a response from him but he is aware of my request.

Sincerely,

*[signature]*

Carlton J. Dasent, Esq.


Cc: Ira H. Zaleznik, Esq.
　　Paul Capizzi, City Solicitor

# EDWARD P. REARDON, P.C.

EDWARD P. REARDON(retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCIN

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

November 5, 2004

Attorney Carlton Dasent
27 School Street, Suite 400
Boston, MA 02108

RE: Pechner-James and Fernandez v. City of Revere, et als

Dear Attorney Dasent:

I write in response to your letter dated November 4, 2004. In that letter it appears you are informally requesting numerous discovery information regarding income from "detail work", overtime pay, living, contractual or other kind of pay increases, benefit packages and disability payment records for your client, the Revere Police Department and the City of Revere.

As I am sure you are aware our office represents the individual officers and not the City of Revere. The information you are seeking is not something that is within the control or custody of our clients as individual officers. It appears that this informal request for discovery was not requested from the proper individuals. Thus, you will have to attempt another avenue to retrieve the information that you are seeking.

Should you have any questions, please feel free to contact me.

Very truly yours,

John K. Vigliotti, Esq.

cc: Ira H. Zaleznik, Esq.
    Paul Capizzi, City Solicitor

# CERTIFICATE OF SERVICE

I, Carlton J. Dasent Esq., Attorney for the Plaintiffs, hereby certify that I have, this day served a copy of the attached Motion to Compel Production of Documents and Request for Sanctions Pursuant to Fed. R. Civ. P. 37(a)(2) on the parties listed below by mailing to them postage prepaid at the addresses listed below:

Walter H. Porr, Esq.
Paul Capizzi, Esq.
Office of the City Solicitor
281 Broadway
Revere, MA 02151

Michael Akerson, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

_/s/ Carlton Dasent_
Carlton J. Dasent, Esq.
James S. Dilday, Esq
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470
(617) 894-2087

Dated: 4-11-05