# EXHIBIT 3

**Defendants Motion To Strike Plaintiffs Opposition To Their Motion For Summary Judgment**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　　　Defendants, | C.A. No. 03-12499-MLW |

### DEFENDANT, MAYOR THOMAS AMBROSINO'S, MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING MEMORANDUM IN SUPPORT THEREOF

NOW COMES Defendant, **MAYOR THOMAS AMBROSINO**, and hereby moves the Court to strike Plaintiffs' Opposition to his Motion for Summary Judgment and accompanying Memorandum in Support thereof and in support hereof state as follows:

### THE OPPOSITION IS GROSSLY AND INEXCUSABLY UNTIMELY

Defendant, Mayor Ambrosino's, motion for summary judgment was personally served on Plaintiffs' Counsel on March 31, 2005 and filed with the Court on April 12, 2005. In light of the fact that the motion was pre-served upon Plaintiffs' Counsel as part of Defendant Ambrosino's Local Rule 7.1(A)(2) effort, it would be reasonable to consider the actual service date to be April 12, 2005, the date of filing. Since Plaintiffs' Counsel is listed as receiving electronic notification of all filings, he would have received notice of the filing of the motion on or about that day.

Pursuant to Local Rule 7.1(B)(2), Plaintiffs had fourteen (14) days from service of the motion to file their opposition, which would mean by the end of April. The opposition which they have now filed is over two (2) months late and without leave of court.

Moreover, it is not as if they were unaware that the motion was being treated as unopposed due to their lack of timely opposition. On May 23, 2005 and again on June 29, 2005, Defendant Ambrosino filed a Status Report and Request for Further Scheduling Conference and Supplemental Status Report and Request for Further Scheduling Conference, both of which referenced Defendant Ambrosino's motion as being unopposed. Plaintiffs delay until well into July to file such an opposition without leave of Court is grossly untimely and inexcusable.

### THE OPPOSITION FAILS TO COMLPY WITH LOCAL RULE 56.1

Local Rule 56.1 states in relevant part that:

"Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. ... Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."

Plaintiffs' Opposition fails to comply with Local Rule 56.1 inasmuch as it is not supported by the required separate statement. Thus, Defendant Ambrosino's stated facts as set forth in his separate statement are deemed admitted for purposes of the instant motion despite Plaintiffs assertion to the contrary (Plaintiffs' Opposition, page 1, second full paragraph).