# EXHIBIT 4

**Letter from Walter H. Porr on <u>Gonsalves</u> dated March 23, 2005**

# THE CITY OF REVERE, MASSACHUSETTS



281 Broadway
Revere, MA 02151

OFFICE OF THE CITY SOLICITOR
Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
(781) 286-8205 (FAX)

Thomas G. Ambrosino
Mayor

March 23, 2005

James S. Dilday, Esq.
Grayer & Dilday
27 School Street, Suite 400
Boston, MA 02108

Carlton J. Dasent, Esq.
Law Offices of Carlton J. Dasent
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James, et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mssrs. Dilday and Dasent:

The purpose of this letter is to acknowledge Mr. Dasent's telephone call of this morning in relation to the outstanding motion for summary judgment of Chief Reardon. I have read the case of *Gonsalves v. City of New Bedford*, 939 F.Supp. 915 (D.Mass. 1996) as suggested by Mr. Dasent, but must confess that I find it to be inapplicable on the facts of this case. Moreover, to the extent *Gonsalves* includes a general analysis of municipal liability principles under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny, while I have no issue with that analysis, it does not change the justification and basis for Chief' Reardon's motion in any event.

As to Chief Reardon, his position as articulated in his motion is that he did not engage in acts of sexual harassment, a position with which the Plaintiffs seem to be in agreement since there are no allegations in the complaint that he did. Additionally, it is Chief Reardon's position that he did not cause or create the existence of a hostile work environment. In large part this is based upon the fact that all of the alleged acts of sexual harassment which allegedly created the hostile work environment occurred prior to his tenure as Chief. I find nothing in *Gonsalves* which addresses facts of this nature or the law applicable thereto vis-à-vis the Chief. To the extent the Plaintiffs might be trying to hold the City of Revere strictly or vicariously liable for the alleged hostile work environment, I find nothing in *Gonsalves* which speaks to this issue either.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Walter H. Porr, Jr.
Assistant City Solicitor

Cc:   Michael J. Akerson, Esq.