**EXHIBIT 5- PLAINTIFFS NOTICE OF CONSULTATION ON MOTION TO**

**COMPEL MAYOR AND CHIEF'S ANSWERS TO INTERROGATORIES**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

## PLAINTIFFS NOTICE OF CONSULTATION ON MOTION TO COMPEL MAYOR AND CHIEF'S ANSWERS TO INTERROGATORIES

On May 1, 2006, Docket No. 181, the Magistrate-Judge, Leo T. Sorokin, ordered the

Defendants, Thomas Ambrosino and Terrence Reardon, to respond to the interrogatories

identified no later than May 21, 2006 (twenty (20) days from the date of the order.) The

interrogatories served upon Thomas Ambrosino contained eighteen (18) questions; the

interrogatories served upon Terrence Reardon contained twenty-six (26) questions. The

order limited itself to these two pleadings filed by the Plaintiffs.

The Defendants have refused to answer most of the interrogatories. Thomas Ambrosino

made the following response to six (6) of the eighteen (18) interrogatories; Terrence

Reardon also made the following response to ten (10) of the twenty-five (25)

interrogatories he answered. That response states the following:

> **Objection: The interrogatory seeks information which is neither relevant nor
> admissible, nor reasonably calculated to lead to the discovery of evidence
> which is relevant or admissible, particularly since Mayor Ambrosino (Chief
> Reardon) is not a party to this action in his individual capacity.**

Thomas Ambrosino provided this same stock response to interrogatories 1, 2, 3, 8, 12,

and 13; Terrence Reardon provided that same stock response to interrogatories 1, 2, 3, 4,

5, 6, 7, 8, 9, and 12. Almost forty (40) percent of the responses of these Defendants

responses uses the same exact boilerplate language.


The Plaintiffs have made several attempts to obtain the responses to the court-ordered

interrogatories.

> On May 31, 2006, Docket No 203, the Plaintiffs filed a Motion To Compel
> Terrence Reardon's Answers to Interrogatories.

> On May 31, 2006, Docket No. 202, the Plaintiffs filed a Motion To Compel,
> Thomas Ambrosino's Answer To Interrogatories

On June 13, 2006, Docket No. 208, the Plaintiffs filed a Notice of Withdrawal of Docket

Nos. 202 and 203. This Withdrawal gave the Defendants additional time to respond to the

interrogatories ordered by the court on May 1, 2006.


On July 10, 2006, Docket Nos, 224 – 231, the Plaintiffs filed a revised Motion To

Compel. The parties had conferred by telephone and agreed on July 7, 2006 as the

2

deadline for a response. The Defendants did not meet the deadline and did not respond by July 7, 2006. The Plaintiffs filed their Motion to Compel.

On July 12, 2006, after the Plaintiffs had filed their motion, the Defendants requested an additional extension of time to answer the Interrogatories that were ordered on May 1, 2006. The Plaintiffs withdrew their motion in order to give the Defendants the additional time requested.

On July 19, 2006, the Defendants responded. Defendant Thomas Ambrosino provided supplementary responses to Interrogatories 2, 7, 9, 10, 11, 12, 12, 12, 16, and 17 – Nine (9) responses. **See Attachment A of Exhibit 5.** The remainder of his original responses remained the same. The responses to No. 2 and No. 12 were the only two of the stock responses that were changed. The Defendant, Terrence Reardon, also responded. He provided supplementary responses to Interrogatories 13, 15, 21, 22, 23, 24, 25, and 26 – Eight responses. **See Attachment B of Exhibit 5.** All stock responses remained the same; all other responses, except the responses identified here remained the same.

Despite the extensions of time and the relatively small number of interrogatories, the Defendants have responded in their usual intransigent manner. The Defendants have been consistent in their refusal to provide discovery or to state a defense. On April 12, 2005, the Plaintiffs filed a Motion to Compel Documents and Request For Sanctions Pursuant to Fed. R. Civ. P. 37(a)(2). **Docket No. 34. Also Exhibit 1 Attached.** That

motion was necessary because the Defendants, then as now, had provided the following stock responses to all eleven (11) requests for documents:

> **Objection. This request is irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible information. Moreover, the request is overbroad as to time. The documents to the extent that still exist will not be produced.**

The Defendants present responses are consistent with their past conduct. The Plaintiffs have provided in excess of three hundred and eighty-eight (388) interrogatory responses to these Defendants. Sonia Fernandez has been subjected to a total of eight (8) depositions and Terri Pechner-James has been subjected to a total of nine (9) depositions. It is not yet clear the extent to which these recent experiences have worsened their condition. These Defendants have not been deposed and they are refusing to answer a small number of interrogatories. As a matter of basic equity, it seems that the Defendants could respond to a total of less than forty-five (45) questions between both parties.

The purpose of this notice is to request that we meet and confer as required by both the Local Rules and the Federal Rules of Civil Procedure. The central issue of this case is the liability of the policymakers for their failure to investigate. See **Broderick v Evans**, Docket No. 02-11540 RGS(April 27, 2006)(jury verdict for Plaintiff on City of Boston's failure to investigate.) Local Rule 7.1 and Fed. R. Civ. P. 37(a)(2) require that we meet and confer in order to resolve the issues without court intervention. In order to facilitate the meeting and conference I am requesting the following:

> 1. That we meet and/or confer about the Defendants, Thomas Ambrosino and Terrence Reardon, providing answers to the interrogatories that you did not address in your correspondence of July 19, 2006;

4

2. That Terrence Reardon provide responsive answers to all interrogatories. As you have stated, Terrence Reardon, was a Lieutenant in the Revere Police Department, prior to his appointment as Chief of Police. His responses must include his activities, his knowledge and his experiences as a member of the Revere Police Department, as lieutenant, chief and in any other capacity that he served the Revere Police Department. He did not serve the Revere Police Department in his individual capacity. Terrence Reardon has knowledge of the policies and practices of the Revere Police Department. He has knowledge of the policies and practices that injured the Plaintiffs. He worked closely with Kathy Fish. If he has made no change in the policies and practices of the Department since he became Chief, then he has acquiesced in the longstanding customs and usages of the Revere Police Department. Your often repeated argument about individual involvement is intentionally contrary to Gonsalves v City of New Bedford, 939 F. Supp 915 (1996) and the jurisprudence of this Circuit on municipal liability.

The scope of discovery is broad and the Federal Rules of Civil Procedure encourage

voluntary disclosure. A party may discover any matter that is relevant to any claim, issue

or defense. Rule 26 (b)(1) describes the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, including the existence, description, nature, custody, condition and location of persons having knowledge of any discoverable matter

The most recent revision of the Federal Rules of Civil Procedure in 2000 was designed to

reduce and in many cases eliminate discovery litigation. It is true that privileged matters

are protected from discovery. Goodyear Tire & Rubber Co., v Chiles Power Supply, Inc.

332 F.3d 976 (6th Cir. 2003.) Attorney-client privilege and work product protection are

two distinct and separate privileges. Neither privilege is absolute. Attorneys with

discoverable facts are not covered by attorney-client privilege or work product protection.

Those facts are subject to discovery. United Phosphorus, Ltd v Midland Fumigani, Inc.

164 F.R.D. 245 (D. Kan. 1995). The party asserting the privilege has the burden of

proving that the privilege applies. Rule 26(a)(1)(A) requires that a party must:

Without awaiting a discovery request, provide to other parties:

> (A) the name and, if known, the address and telephone number of each
> individual likely to have discoverable information that the disclosing party
> may use to support its claim or defenses.

The Defendants have simply asserted attorney-client and work protection as a bar to discovery. They have not met their burden of proving that the protections of the doctrines apply to them. They have not provided the telephone number of each individual or the identity of the individual nor have they identified the individuals in a manner that would allow the Plaintiffs to contact and secure information from them.

We are seeking the responses to the unanswered interrogatories. If your refusal to answer is supported by case law, we are requesting the case law on which you rely. If you intend to assert the attorney-client or work product protections as a basis for your refusal, we are requesting the case law on which you rely.

Please call prior to August 7, 2006, if you have any questions or if you intend to meet or confer as required by Local Rule 7.1 and Fed. R. Civ. P. 37(a).

Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.

6

# ATTACHMENT –A - TO EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA | ) | |
| FERNANDEZ, | ) | |
|       Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-12499-MLW |
| | ) | |
| CITY OF REVERE, THOMAS AMBROSINO, | ) | |
| MAYOR, CITY OF REVERE POLICE | ) | |
| DEPARTMENT, TERRENCE REARDON, | ) | |
| CHIEF OF POLICE, BERNARD FOSTER, | ) | |
| SALVATORE SANTORO, ROY COLANNINO, | ) | |
| FREDERICK ROLAND, THOMAS DOHERTY, | ) | |
| JOHN NELSON, JAMES RUSSO, MICHAEL | ) | |
| MURPHY and STEVEN FORD, | ) | |
|       Defendants, | ) | |

**DEFENDANT, MAYOR THOMAS AMBROSINO'S, SUPPLEMENTAL
ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

COMES NOW Defendant, Mayor Thomas Ambrosino, and hereby supplements some of

his previous answers Plaintiffs' first set of interrogatories as follows:

2.     Please identify all employment held from your seventeenth birthday until the present.

    a.  The name and address of each person or entity that employed you;
    b.  The dates that you were so employed;
    c.  The positions and ranks held while so employed;
    d.  The duties you performed and what duties were associated with each position
       and/or rank while so employed;
    e.  The reason or reasons for the termination of your previous employment;
    f.  Whether or not you received training prior to or while you were so employed by
       each person or entity that employed you.  If you received any training (including
       review or refresher courses), state:

          -  The nature and substance of the training you received;
          -  The inclusive dates of the period during which you received
             training
          -  The name and address of each specialized school you attended to
             receive such training
          -  The dates if attendance at each such specialized school

- The nature and substance of the training offered at each such specialized school
- The degree of certificate, if any, that you received from each such specialized school

**A.    Objection.  The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity**.

**S.A.    (a)    Palmer & Dodge, 111 Huntington Avenue, Boston, MA 02199**

**Law Office of Thomas Ambrosino, 385 Broadway, Revere, MA 02151**

**City of Revere, 281 Broadway, Revere, MA 02151**

**(b)    Summer, 1986, to April, 1994.**

**April, 1994, to January, 2000**

**January 2000 to present.**

**(c)    Associate Attorney**

**Solo practitioner**

**Mayor**

**(d)    Typical duties of an associate attorney for a major law firm.**

**Typical duties of a solo practitioner.**

**Executive Officer for the City of Revere.**

**(e)    Opened my own law practice.**

**Elected Mayor of the City of Revere.**

**N/A.**

**(f)    Objection.  See above.  In addition, the interrogatory is burdensome, annoying and oppressive.  Without waiving said objection, I am a graduate of Harvard Law School, Class of 1986.  With respect to employment  discrimination/sexual-racial  harassment,  I  did  not receive any specialized training.**

7.   Please list all persons who have knowledge of any discoverable matter pertaining to this suit. For each person, state the name, present address or if not available the last known address, and the telephone number of said person.

**A.    Objection.  As framed, the interrogatory is overbroad, burdensome and oppressive and invades the attorney-client and attorney work product privileges. I do not know, independent of the discovery process itself, "the names of all persons who have knowledge of any discoverable matter pertaining to this suit." Presumably, such persons would include all personnel of the Revere Police Department from at least September, 1995, up to and including the retirement of Sonia Fernandez. All city employees may be reached through the Office of the City Solicitor for the City of Revere. Plaintiffs, their witnesses and their treating medical providers are known to them. I do not know the addresses of individuals such as John Barker or Christopher Daley or any other potential third party who might know something about this case.**

**S.A.    I know of no other individuals, other than those identified above (see, e.g., Plaintiff Pechner's notes from 2001 which identify virtually every officer on the Revere Police Department) who would have "knowledge of any discoverable matter pertaining to this suit." Although I spoke about the Plaintiffs' MCAD complaints to the City Council in Executive Session on April 30, 2001, I do not recall the substance of my remarks, but at best, they would have been co-extensive with the City's Position Statements filed with MCAD.  I do not specifically recall anything that Chief Roland may have said during that meeting.**

9.   Did you, individually or in your official capacity as mayor of Revere, or any other official of the City of Revere or Revere Police Department conduct an investigation of the circumstances of the ending of Terri Pechner James employment with the police department?  If yes, state specifically and in detail, as accurately as you can, the name and address of the person who conducted the investigation, the authority under which they conducted such investigation, the nature of such investigation, the result of such investigation, and the action taken by you or the City of Revere regarding, or as a result of, the investigation.

**A.    Plaintiff Pechner walked off the job on March 13, 2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD).   The City investigated and responded to Plaintiff Pechner's MCAD complaint in due course as required by MCAD procedures. Plaintiff Pechner has a copy of the City's response to her MCAD complaint and is aware of the fact that said complaint never reached final adjudication due to her filing of an action in Superior Court. The City concluded that no actionable discrimination occurred. As for her disability retirement, Plaintiff Pechner has a copy of all the relevant records from that proceeding as well.**

**S.A.    I did not personally investigate the circumstances regarding the ending of Terri Pechner-James employment with the City of Revere.**

To the extent those circumstances are/were encompassed within her MCAD complaint, they were investigated by the City Solicitor's Office, which was tasked with the responsibility of responding thereto. Then City Solicitor Robert Marra was responsible for responding to the MCAD complaint and it is my belief that his point of contact with the Revere Police Department was Captain Fred Roland. The nature of the investigation was geared towards responding to the specifics of the allegations set forth in the MCAD complaint. The results of the investigation are detailed in the City's Position Statement filed with MCAD and served upon Plaintiff Pechner-James. Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal standards, no further action was taken by me.

To the extent those circumstances are related to the incident involving an arrestee by the name of Christopher Daly, Chief Roy Colannino obtained a report from Sergeants Nelson, Cafarelli and Picardi dated March 15, 2001, which included a written statement from Christopher Daly dated March 13, 2001, along with memorandums dated March 15, 2001, from Detectives Brian Goodwin and Thomas Malone and then Lieutenant Dennis Collyer. I understand that the outcome of Chief Colannino's investigation was "unsubstantiated," no doubt due to the conflicting statements of the participants of the alleged incident. I further understand that no further action was taken as a result of this finding. See the Exhibits attached to my statement of undisputed material facts filed in support of my motion for summary judgment.

10.  Did you review any documents concerning and/or containing any information pertaining to the sexual harassment disability retirement from the Revere Police Department? If so, identify each document by stating;

    a.  The name of each document (please refer to the term "document" as defined herein;

    b.  The creator of each document;

    c.  The name and address of the person who present you with each document;

    d.  The date on which you received each document;

    e.  The date on which you reviewed each document;

    f.  The name and address of each person with whom you reviewed or discussed the document;

    g.  Any inconsistencies which you noted at the time between any of the documents or contents reviewed;

    h.  Any action you took, or considered but did not take as a result of knowledge of the incident, through the documents.

A.    Objection.    As framed, the interrogatory is vague, ambiguous and argumentative. Assuming that the interrogatory is a continuation of the previous interrogatory, it is also objectionable on the grounds that Plaintiff Pechner, nor

**Plaintiff Fernandez for that matter, received a disability retirement due to sexual harassment. Thus, inasmuch as there are no documents pertaining to any sexual harassment disability retirement, no such documents were reviewed.**

**S.A.    Plaintiff Pechner-James disability retirement, as with Plaintiff Fernandez's disability retirement, was submitted by the Chief of Police directly to the Revere Retirement Board. While I had a general awareness that the disability process was ongoing, I was not involved in that process and did not review any of the documents related thereto.**

11.    Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determinations as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or any laws of the Commonwealth of Massachusetts or the United States were violated in the circumstances surrounding the employment and the ending of her employment.

**A.    The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the complaint on file herein and also all of the dispositive pleadings filed by the City, the Chief and myself in the instant action.**

**S.A.    Objection. The request as framed lacks any context whatsoever and is so completely open ended as to encompass anything and everything. Without waving said objection, and presuming that the interrogatory is directed to the "incident" as set forth in the definitional section preceding, I did not make an independent determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department, or any laws of the Commonwealth or of the United States had been violated. I relied upon the investigation conducted by the City Solicitor and the conclusions he reached as a result of that investigation as presented in the City's Position Statement filed with MCAD.**

12.    Please identify all of the evidence you reviewed concerning the sexual harassment complaint of Terri Pechner James and ending of her employment. Such evidence should include but is not limited to:

  a.    All documents or reports of any kind;

  b.    All conversations you have regarding the incident;

  c.    All inspections you made of the detention area;

  d.    All documents regarding the training of any of the officers; and

5

e. All records reviewed pertaining to the officers, or detention attendants involved in this litigation.

**A.    Objection. The interrogatory invades the attorney-client and attorney work product privileges. Without waiving said privileges, I reviewed the documents submitted in support of my motion for summary judgment and the motion for summary judgment of Chief Reardon. I may have reviewed some of the documents submitted to MCAD.**

**S.A.    I may have reviewed the City's Position Statement filed with MCAD.**

15.    Identify each and every person who your and/or the City of Revere and/or the Revere Police Department contacted and/or had communications with concerning the investigation of any and all claims of sexual harassment filed by and (sic) police officer against the Revere Police Department.

**A.    Objection. The request invades the attorney-client and attorney work product privileges.**

**S.A.    Objection. Inasmuch as the claim of Kathy Fish was determined to lack probable cause by MCAD and Ms. Fish took no further action thereafter, to the extent the interrogatory is attempting to reach information concerning communications related to said claim, it is not reasonably calculated to lead to the discovery of relevant or admissible evidence and is therefore irrelevant.**

**It is my understanding that former City Solicitor Robert Marra's point of contact at the Revere Police Department was Captain Fred Roland, now retired. A review of the City's Position Statement in response to the MCAD complaints of both Plaintiff Pechner and Plaintiff Fernandez reveals the names of the individuals with whom the City communicated regarding the same.**

**I, along with then City Solicitor Robert Marra and Police Chief Roy Colannino and the City Personnel Director, attended an Executive Session of the Revere City Council on April 30, 2001, to discuss the MCAD complaints of Kathy Fish and the Plaintiffs herein.**

16.    Identify all law enforcement officials who were involved in the investigation of sexual harassment complaints by the Plaintiff and/of other police officers. For each law enforcement official and city official who was involved in the investigation, state in detail:

a. The name, address, and telephone number of the official involved;

b. The tasks concerning the investigation that were assigned to the official;

c. The dates on which each task was accomplished;

d. The date(s) on which you reviewed the official's work or report;

    e.   The dates on which you communicated with the official about investigation and the communications which were exchanged between the official and you and/or the Revere Police Department.

    f.   The impact which each communication had on your decision and/or that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any members of the Revere Police Department.

**A.    The investigation and response to the MCAD complaints of the Plaintiffs herein and of Kathy Fish were handled by the City Solicitor's office. I had little to no involvement in responding to them and have no idea what, if any, officers of the Revere Police Department assisted in this regard. See Chief Reardon's answer to an interrogatory similar to this one.**

**S.A.    (a)    Captain Fred Roland, now retired and represented herein by Reardon, Joyce & Akerson, P.C. See also the City's Position Statement filed in response to each Plaintiff's MCAD complaint for the names of the other individuals with who were involved in the investigation.**

**(b)    I do not know the specific task(s) assigned to Capt. Roland, if any, by former City Solicitor Robert Marra. It is my understanding that Capt. Roland served as Solicitor Marra's point of contact with the Revere Police Department.**

**(c)    Unknown, if any.**

**(d)    I did not review Capt. Roland's "work" and am unaware and any report prepared by him. I may have reviewed the City of Revere's Position Statement filed with MCAD in the normal course of business, but I have no specific memory of doing so.**

**(e)    I was not in contact with Capt. Roland regarding the MCAD complaint. Objection. This request invades the attorney-client privilege to the extent it seeks details concerning any communications I may have had with the then City Solicitor.**

**(f)    Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal standards (see the City's Position Statement filed with MCAD), no further action was taken by me.**

17.    Identify all violation of civil rights occurring during the past twenty years in which an employee of the Revere Police Department complaint or sued the Revere Police Department. For each such incident state:

    a.   The name and last known address of each party;

b.  The date of the violation;

c.  The details of the circumstances surrounding the reported violation;

d.  The name of the investigating officers, and any Revere police officers having contact with the parties.

e.  Whether or not the Revere Police Department conducted an investigation into the reported violations and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during and/or as result of the violation and/or complaint.

f.  Each and every person interviewed by the Revere Police Department concerning the alleged violation from the date of said violation to the present.

g.  The outcome and/or disposition of the investigation into each victim's case.

h.  The names and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

**A.    Objection. The request is overbroad, burdensome and oppressive and not reasonably calculated to lead to the discovery of evidence which is relevant or admissible. Moreover, the request seeks information which is probably equally available to Plaintiff from the public record.**

**S.A.    For the time-frame of 1990 to 2002, I am informed and believed there were no such complaints.**

Sworn and subscribed to under the pains and penalties of perjury this _____ day of July 2006.

_____
Thomas G. Ambrosino

For Defendant, MAYOR THOMAS AMBROSINO,
By his Attorneys,

_____
Paul Capizzi, Esq., City Solicitor
BBO#: 646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: July ____, 2006.

8

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I have personally served upon counsel of record, at the address stated below, via United States Mail, first class postage prepaid, a true copy of same.

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108
Attorneys for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.,

Dated: July 19, 2006

9

## ATTACHMENT –B - TO EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03-12499-MLW |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

**DEFENDANT, CHIEF TERENCE REARDON'S, SUPPLEMENTAL
ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

COMES NOW Defendant, Chief Terence Reardon, and hereby supplements some of his

previous answers Plaintiffs' first set of interrogatories as follows:

13.　Did the Revere Police Department conduct an investigation of the circumstances of the end of the Plaintiff Terri-Pechner James employment at the Revere Police Department. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events involving the Revere Police Department preceding and following the ending of the Plaintiff's employment at the Revere Police Department.

　　**A.　Terri Pechner-James walked off the job on March 13, 2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD). The City investigated and responded to Plaintiff Pechner's MCAD complaint in due course as required by MCAD procedures. I was not the Chief of Police at that time and was not involved in responding to her MCAD complaint. As for Plaintiff Pechner's medical retirement, when her treating physician indicated that she was not capable of returning to a full duty status, I submitted an application for her retirement.**

　　**S.A.　I did not personally investigate the circumstances regarding the ending of Terri Pechner-James employment with the City of Revere.**

1

To the extent those circumstances are/were encompassed within her MCAD complaint, they were investigated by the City Solicitor's Office, which was tasked with the responsibility of responding thereto. Then City Solicitor Robert Marra was responsible for responding to the MCAD complaint and it is my belief that his point of contact with the Revere Police Department was Captain Fred Roland. The nature of the investigation was geared towards responding to the specifics of the allegations set forth in the MCAD complaint. The results of the investigation are detailed in the City's Position Statement filed with MCAD and served upon Plaintiff Pechner-James. Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal standards, no further action was taken by me. More to the point, I was not appointed Chief of Police until January of 2002, some ten months after Plaintiff Pechner walked off the job and nine months after the City responded to her MCAD complaint.

To the extent those circumstances are related to the incident involving an arrestee by the name of Christopher Daly, Chief Roy Colannino obtained a report from Sergeants Nelson, Cafarelli and Picardi dated March 15, 2001, which included a written statement from Christopher Daly dated March 13, 2001, along with memorandums dated March 15, 2001, from Detectives Brian Goodwin and Thomas Malone and then Lieutenant Dennis Collyer. I understand that the outcome of Chief Colannino's investigation was "unsubstantiated," no doubt due to the conflicting statements of the participants of the alleged incident. I further understand that no further action was taken as a result of this finding. See the Exhibits attached to Mayor Thomas Ambrosino's statement of undisputed material facts filed in support of my motion for summary judgment.

15.  Identify by name, residential address, badge number and district or unit each member of the Revere Police Department who was present on the final evening of the Plaintiff's employment at the Revere Police Department.

A.  The shift schedule for said date has already been provided to Plaintiff in a prior discovery response.

S.A.  Objection. The request is vague as to time. Undoubtedly, at one or more times throughout the night, all of the individuals listed on the shift schedule would have been in the Police Station on the evening of March 12, 2001. Moreover, pursuant to M.G.L. c. 66, § 10(d), the home addresses of law enforcement officers are not public record and disclosing such information would be an unwarranted invasion of said officers privacy under the circumstances. Additionally, presumably Plaintiff Pechner knows who was in the Police Station at the time of the incident to which she alludes and could appropriately narrow her inquiry to avoid an unwarranted and intrusive fishing expedition.

18.  Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or any laws of the Commonwealth of Massachusetts or the United States were violated.

**A.    The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the complaint on file herein and also all of the dispositive pleadings filed by the City, the Mayor and myself in the instant action.**

**S.A.    Objection. The request as framed lacks any context whatsoever and is so completely open ended as to encompass anything and everything. Without waving said objection, and presuming that the interrogatory is directed to the "incident" as set forth in the definitional section preceding, I did not make an independent determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department, or any laws of the Commonwealth or of the United States had been violated, since the incident occurred ten months prior to my appointment as Chief. Apparently, then Chief Colannino determined that the allegations surrounding the incident involving Christopher Daly were unsubstantiated. As to Plaintiff Pechner's MCAD complaint, apparently the then City Solicitor concluded that no violations had occurred. See the City's Position Statement filed with MCAD.**

21.  At any time, did you and/or the Revere Police Department supply or give to the City of Revere and/or its mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on which such documents were provided, the person to whom the documents were provided and the person providing the documents?

**A.    Objection. This request invades the attorney-client and attorney work product privileges. It is also vague and ambiguous. Assuming the request relates to Plaintiff Pechner, and without waiving said objections, the City's attorneys' have had access to whatever records them deem necessary or appropriate to respond to the MCAD complaint or this litigation. Moreover, I submitted medical records and reports to the Retirement Board as part of the retirement application.**

**S.A.    Further Objection. Requiring the City, through its Solicitor, to divulge which documents it has asked for and obtained copies of would violate the attorney work product privilege as it would disclose the mental impressions and thought processes of the City's attorneys in terms of which documents they felt were potentially important and which documents they did not. Moreover, by the very**

3

**nature of the case, the Police Department is a part of the organic structure of the City of Revere. Thus, the question essentially asks: Did the City of Revere supply or give the City of Revere any documents? Moreover, since the documents are City documents in the first instance, no record is kept of when they are reviewed or by whom. Thus, the dates upon which copies of the documents were provided to the City Solicitor's office would not be recorded. I have no idea if any documents were provided to the Mayor, as opposed to the City Solicitor, and there would be no record of such in the ordinary course of business.**

22.    Identify each and every informal or formal complaint made against a Revere Police Officer since 1990 alleging that the officer engaged in violation of civil rights based on sex, race or any other protected class, by stating for each complaint:

    a.    The name and address of each person who brought the complaint;

    b.    The date on which the informal or formal complaint was made;

    c.    The date of each alleged incident which is the subject of the complaint;

    d.    The name and address of each officer against whom the complaint was made;

    e.    The person to whom the complaint was made;

    f.    The substance of each complaint;

    g.    The identity of each document pertaining to the incident;

    a.    The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during and/or as a result of the incident and/or complaint;

    b.    Each and every person interviewed by the Revere Police Department concerning the alleged incident;

    c.    The outcome and/or disposition of each complaint;

    d.    The name and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

**A.    Objection. The request is overbroad, burdensome and oppressive. Without waiving said objection, the only complaints regarding sexual harassment were made by the Plaintiffs herein aud Kathy Fish. Records related to Kathy Fish's MCAD complaint have already been produced. The information related to the Plaintiffs' complaints are already in Plaintiffs' possession.**

**S.A.    For the time-frame of 1990 to 2002, I am informed and believe that there were no such complaints.**

23.    Identify each and every person who the Revere Police Department contacted and/or had communications with concerning the investigation of Plaintiff's complaint to the Department about the events of March 12, 2001.

**A.    Objection.  This request invades the attorney-client and attorney work product privileges.  It is also vague and ambiguous.  Assuming the request relates to Plaintiff Pechner, and without waiving said objections, the investigation of Plaintiff's MCAD complaint was directed by the City Solicitor and not the Revere Police Department.  I was not involved in this process inasmuch as I was not named Chief until 10 months later.**

**S.A.    It is my understanding that former City Solicitor Robert Marra's point of contact at the Revere Police Department was Captain Fred Roland, now retired.  A review of the City's Position Statement in response to the MCAD complaint of Plaintiff Pechner reveals the names of the individuals with whom the City communicated regarding the same.**

**It is also my understanding that Mayor Thomas Ambrosino, along with then City Solicitor Robert Marra and Police Chief Roy Colannino and the City Personnel Director, attended an Executive Session of the Revere City Council on April 30, 2001, to discuss the MCAD complaints of Kathy Fish and the Plaintiffs herein.  I was not a participant in that Executive Session.**

24.    Identify all persons (including persons/attendants and police officers) who were in the police station of the Revere Police Department on the evening of March 12, 2001.

**A.    Attached hereto is a shift schedule for the evening of March 12, 2001.**

**S.A.    Objection.  The request is vague as to time.  Undoubtedly, at one or more times throughout the night, all of the individuals listed on the shift schedule would have been in the Police Station on the evening of March 12, 2001.  Moreover, pursuant to M.G.L. c. 66, § 10(d), the home addresses of law enforcement officers are not public record and disclosing such information would be an unwarranted invasion of said officers privacy under the circumstances.  Additionally, presumably Plaintiff Pechner knows who was in the Police Station at the time of the incident to which she alludes and could appropriately narrow her inquiry to avoid an unwarranted and intrusive fishing expedition.**

25.    Identify all law enforcement officials who were involved in the investigation of the Plaintiff's complaint. For each law enforcement official who was involved in the investigation, state in detail:

    a.   The name, address, and telephone number of the official involved;

    b.   The tasks concerning the investigation of the Plaintiff's complaint that were assigned to the official;

    c.   The dates on which each task was accomplished;

    d.   The date(s) on which you reviewed the official's work or report;

e. The dates on which you communicated with the official about the investigation and the communications which were exchanged between the official and you and/or the Revere Police Department

f. The impact which each communication had on your decision and/or that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any members of the Revere Police Department.

**A.    Objection.**  This request invades the attorney-client and attorney work product privileges.   Without waiving said objection, see the response to interrogatory no. 23.

**S.A.  (a)    Captain Fred Roland, now retired and represented herein by Reardon, Joyce & Akerson, P.C. See also the City's Position Statement filed in response to each Plaintiff's MCAD complaint for the names of the other individuals with who were involved in the investigation.**

**(b)    I do not know the specific task(s) assigned to Capt. Roland, if any, by former City Solicitor Robert Marra. It is my understanding that Capt. Roland served as Solicitor Marra's point of contact with the Revere Police Department.**

**(c)    Unknown, if any.**

**(d)    I did not review Capt. Roland's "work" and am unaware and any report prepared by him.  I did not review the City of Revere's Position Statement filed with MCAD.**

**(e)    I was not involved in the investigation of the MCAD complaint or the Christopher Daly incident.**

**(f)    None, since I was not the Chief of Police at the time.**

26. Identify all complaints of sex, race, or other kinds of discrimination against the Revere Police Department since September 12, 1995 and five years prior to that date. For each such incident state:

a. The name and last known address of each complainant;

b. The date of the complaint;

c. The details of the circumstances surrounding the complaint;

d. The names of any Revere police officers or attendants having contact with the complainant;

e.  Whether or not the Revere Police Department conducted an investigation into the complaint and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during and/or as result of the incident and/or complaint

f.  Each and every person interviewed by the Revere Police Department concerning the alleged incident;

g.  The outcome and/or disposition of the investigation into each complaint

h.  The name and address of each and every employee of the city of Revere to whom the complaint, its outcome and/or disposition was communicated.

**A.    Objection. This interrogatory exceeds the number of interrogatories allowed under Fed.R.Civ.P. 33(a).**

**S.A.    For the time-frame of 1990 to 1995, I am informed and believe that there were no such complaints aside from the complaints of the Plaintiffs to this action and that of Kathy Fish, the latter of which was determined to lack probable cause by the Massachusetts Commission Against Discrimination.**

Signed under the pains and penalties of perjury this ___ of July, 2006.

Terence Reardon

For Defendant, CHIEF TERENCE REARDON,

By his Attorneys,

Paul Capizzi, Esq., City Solicitor
BBO#: 646296
Walter H. Porr, Jr., Esq.
Assistant City Solicitor
BBO#: 659462
wporr@revere.org
City Hall, 281 Broadway
Revere, MA 02151
781-286-8166

Dated: July _17_, 2006.

## CERTIFICATE OF SERVICE

I, Walter H. Porr, Jr., Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino and Police Chief Terence Reardon, hereby certify that I personally served upon counsel of record, at the address stated below, by United States Mail, first class postage prepaid, a true copy of same.

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108  ,
Attorneys for the Plaintiffs

Michael J. Akerson, Esq.
Reardon, Joyce and Akerson, P.C.
397 Grove Street
Worcester, MA 01605
Attorneys for Defendants
Bernard Foster, Salvatore Santoro,
Roy Colannino, Frederick Roland,
Thomas Doherty, John Nelson,
James Russo, Michael Murphy,
and Steven Ford

_____
Walter H. Porr, Jr.

Dated: July ___, 2006

8