UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRI PECHNER- JAMES and SONIA FERNANDEZ,

Plaintiffs,

v.

CITY OF REVERE et. al.

Defendants.

Civil Action No.03cv12499-MLW

ORDER ON DEFENDANTS' MOTION FOR SANCTIONS AND FOR AWARD OF EXPENSES (Docket # 234)

October 20, 2006

SOROKIN, M. J.

On July 14, 2006, the Individual Defendants[1] filed a motion for sanctions after discovering that plaintiff Sonia Fernandez relied on notes taken by a fellow female police officer for information relating to the instant litigation.

On June 21, 2006, Fernandez was deposed by counsel for the City Defendants. When faced with a question regarding how she knew a certain date referenced in the Verified Complaint,[2] Fernandez testified that she knew the date because she saw it in the notes of her colleague, Officer Lynn Malatesta (hereinafter, the "Malatesta notes"). Prior to this date, defendants had not been made aware of the existence of the Malatesta notes.

[1] The Individual Defendants are Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford.

[2] The date related to Paragraph 96 of the Verified Complaint, which described an alleged incident in which a drawing of a penis was displayed on a police department chalk board. In the Verified Complaint, the date was not specified, but was merely referred to as "a 1998 incident."

The following exchanges then ensued between counsel and Fernandez:

Q: You've seen Officer Lynn Malatesta's notes?

A: Yes, I have.

Q: Where did you see those notes?

A: In my attorney's office.

Q: Mr. Dilday has them?

A: I believe so.

Q: When did you last see Officer Lynn Malatesta's notes in Mr. Dilday's office?

A: Years ago.

Q: Can you be a little more precise in terms of how many years ago?

A: Two or three.

Q: Do you know how Mr. Dilday came about a copy of Officer Lynn Malatesta's notes?

A: I don't know if she gave me a copy or if she gave [Plaintiff James] a copy.

* * *

Q: Had you seen Lynn Malatesta's notes prior to seeing them in Mr. Dilday's office?

A: Yes.

* * *

Q: So your recollection is that Lynn showed you a copy of her notes at least once while you were still working for the Revere Police Department?

A: Yes.

Q: You have since seen the notes in Attorney Dilday's office?

A: I did.

Q: Have you seen them any other time?

A: No.

The Individual Defendants argue that Plaintiffs' failure to disclose that they had possession of the Malatesta notes, and used such notes to recall incidents alleged in the Verified Complaint, is a violation of Fed.R.Civ.P. 26(e)(1)[3] and 26(e)(2).[4] Defendants contend that plaintiffs should have produced the Malatesta notes in their Initial Disclosures and in response to the following four Requests for Production of Documents:

1. "All written statements, transcriptions of oral statements, interviews and testimony, whether recorded or otherwise, and recorded statements, interviews and testimony which have not been transcribed, given by any and all witnesses, either directly or indirectly, including any court proceedings and relating to the alleged incident referred to in your complaint."

2. "Full and complete companies [sic] of any and all statements of any witnesses to facts alleged in the complaint."

3. "Copies of any and all documents within the plaintiff's possession, custody or control which pertain in any way to the incidents and events alleged in the Plaintiff's Verified Complaint, including but not limited to: the alleged pervasive sexually hostile work environment, sexual harassment, racially offensive and derogatory remarks, the alleged disparate treatment afforded the plaintiff based upon her gender."

---

[3] Rule 26(e)(1) provides, in pertinent part: "A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

[4] Rule 26(e)(2) provides: "A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

    4.      "Copies of any and all documents within the Plaintiff's possession, custody or control, including but not limited to statements, correspondence, or memoranda relating to the alleged disparate treatment of other female officers reference [sic] in the plaintiff's Verified Complaint."

In addition, the Individual Defendants argue that plaintiffs should have disclosed the Malatesta notes in response to the following two Interrogatories:

    1.      **Interrogatory No. 4:**

            "State the name, telephone number, and present address of each person having personal knowledge of or [sic] who was a witness to any of the facts, events, occurrences and allegations contained in the Verified Complaint."

    2.      **Interrogatory No. 13 (for Fernandez)**
            **Interrogatory No. 15 (for Pechner-James):**

            "Please state whether you, your attorney, or other agent has received a written statement, signed or unsigned, form [sic] any person relating or referring to the facts, events or incidents referred to in you [sic] Verified Complaint, and if so, please identify from whom the statement was received; the date of the statement; who took such statement; and whether it was signed by the person."

Defendants argue that their ability to prepare a defense has been prejudiced by plaintiffs' failure to produce the Malatesta notes. They maintain that Fernandez relied upon the notes to recall certain "dates and events," and they presume that her co-plaintiff, Terri Pechner-James, did so as well. Defendants next aver that the plaintiffs' lack of first hand information about dates and events is relevant for summary judgment purposes. They argue, for example, that if plaintiffs did not have first hand knowledge of events or dates, they would be barred from testifying about said matters. Defendants also suggest that the plaintiff's knowledge (or lack thereof) of certain dates is relevant to support an argument for dismissal based on the statute of

limitations.

Defendants seek several sanctions. First, they argue that pursuant to Fed.R.Civ.P. 37(c)[5], any information obtained from the Malatesta notes, or any information from Officer Malatesta herself, must be precluded from trial, at a hearing, or on a motion. Second, they seek dismissal of the Verified Complaint with prejudice. Defendants argue that plaintiffs have intentionally withheld evidence that was required to be disclosed, and that failure to do so requires dismissal, especially in light of plaintiffs' "discovery errors" in the past.[6] Finally, they seek sanctions of $1,500.00 for their reasonable expenses and attorney's fees incurred in the preparation of their motion.

Regarding the document requests, counsel for plaintiffs has filed an affidavit in which he states that he has no personal knowledge of the Malatesta notes, and that neither plaintiff ever provided the notes to him. See Docket # 232. In addition, counsel avers that after being instructed by this Court on June 27, 2006, to provide to defense counsel the Malatesta notes in his possession, custody or control, he conducted a diligent search of his office and was unable to locate the notes. Fernandez testified under oath at her deposition that she has not seen the Malatesta notes in two or three years. There is nothing in the record to indicate that James had possession, custody, or control of the notes at the time that she responded to the defendants'

---

[5] Rule 37(c) provides: "(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions."

[6] The Court presumes familiarity with the record, and does not recount here previous discovery disputes.

discovery requests.[7]

Neither plaintiffs nor their counsel appear to have had "possession, custody, or control" of the Malatesta notes at the time they prepared their responses to the Requests for Production of Documents and Interrogatories (or since that time). Accordingly, they were not required to produce the notes in response to the Requests for Production of Documents. See Fed.R.Civ.P. 34(a) ("Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents . . . which are in the *possession, custody or control* of the party upon whom the request is served.") (emphasis added).

Turning to the interrogatories, there is no harm to defendants with regard to plaintiffs' responses to Interrogatory No. 4, as Officer Lynn Malatesta herself was made known to them, both in writing and during the discovery process as a percipient witness. Malatesta was specifically named in paragraphs 55 and 63 of the Verified Complaint, wherein plaintiffs recounted alleged instances of harassment that created a hostile work environment. In addition, this Court finds that the numerous references to "other female officers" throughout the Verified Complaint sufficiently placed defendants on notice that Lynn Malatesta, one of only a small number of female police officers working at the same time for the Revere Police Department, would have personal knowledge of, and potentially be a witness to, the events in question. In

[7] In an abundance of caution, the Court reminds plaintiffs and their counsel of their obligation under Rule 26(e)(2) to produce the Malatesta notes if they are in fact in possession, custody, or control of said notes.

addition, Officer Malatesta was mentioned during the plaintiffs' depositions.[8] It cannot be said, therefore, that she "ha[d] not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(2). However, plaintiffs clearly should have identified the Malatesta notes as "a written statement, signed or unsigned, form [sic] any person relating or referring to the facts, events or incidents referred to in you [sic] Verified Complaint" in their responses to Interrogatory Nos. 13 and 15 (for Pechner-James and Fernandez, respectively). The question is whether plaintiffs' failure to supplement their responses warrants a sanction.

Rule 26 by its very terms is a corrective rule; it affords parties the opportunity (indeed, it *requires* the parties) to amend or supplement a response in the event that they discover that their initial response was incomplete or incorrect. Here, it appears that Fernandez and her counsel became aware that their interrogatory responses were incomplete on June 21, 2006. That discovery triggered the potential obligation to supplement the initial responses under Rule 26(e)(2).

However, plaintiffs were under a duty to amend their prior discovery responses only if they "learn[ed] that the response[s] [were] in some material respect incomplete or incorrect *and if the additional or corrective information ha[d] not otherwise been made known to the other parties during the discovery process or in writing*." Fed.R.Civ.P. 26(e)(2) (emphasis added). All of the defendants were placed on notice of the existence of the notes at the same time that

---

[8] For example, during her deposition on June 7, 2006, plaintiff James testified that Lynn Malatesta told her that another female police officer did not believe "a lot of the stuff that happened to us females." See Docket # 209-6 at 68. In addition, James testified that Officer Mannara called Malatesta a "patrolwoman" in April of 1999. Id. at 69.

plaintiffs were put on notice that their discovery responses were inadequate. Therefore, Rule 26(e)(2) does not apply, and plaintiffs were not required to supplement their responses, because at the time that they became aware of their error, the defendants were not "unaware of the new or corrective information." Id.

To be sure, plaintiffs should have identified the Malatesta notes in their original interrogatory responses. However, while defendants correctly note that Rule 37(c)(1) imposes sanctions for a party's failure to comply with Rule 26's requirements, they have not established that plaintiffs in fact violated the Rule. Even assuming *arguendo* that plaintiffs were in violation, that "is far from saying that the district court is obligated to exclude evidence based on such a failure *when it occurs long before trial and is likely subject to correction without much harm to the opposing party*. . ." Samos Imex Corp. v. Nextel Comms., Inc., 194 F.3d 301, 305 (1st Cir. 1999)(emphasis added).

As the Supreme Court has noted, the "pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure . . . [t]he way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 500-501 (1947). Indeed, the purpose of Rule 26(e)'s supplementation requirement is to "increase[] the quality and fairness of the trial by narrowing the issues and eliminating surprise." Colon-Millin v. Sears Roebuck of Puerto Rico, Inc., 455 F.3d 30, 37 (1st Cir. 2006), quoting Licardi v. TIG Ins. Group, 140 F.3d 357, 363 (1st Cir. 1998). Clearly, the Rule is concerned primarily with last minute disclosures on the eve of trial, or even during trial. See Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003)("an important object of these rules is to avoid

trial by ambush."); LaPlace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002)(upholding the district court's exclusion of expert testimony due to untimely disclosure seven days before trial.).

The First Circuit has instructed that in assessing an alleged violation of Rule 26, among the factors to consider are "the conduct of the trial, the importance of the evidence to its opponent, and the ability of the [opposing party] to formulate a response." Licciardi v. TIG Insurance Group, 140 F.3d 357, 363 (1st Cir. 1998), quoting Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985). With these guidelines in mind, it must be noted at the outset that this case is still in its relatively early stages. The deposition deadline for Fernandez was October 12, 2006. The parties have not filed summary judgment papers, nor has a trial date been set. The Malatesta notes may be important to defendants' case, but defendants have not been rendered unable to formulate a response. Licciardi v. TIG Insurance Group, 140 F.3d at 363. After the existence of the notes was revealed, defendants had time remaining in their allocation of hours to depose Fernandez. In addition, now that they are aware of the notes, defendants are free to seek them through whatever means are available.

Defendants' argument that the plaintiffs might not have first hand knowledge of certain (or many) of the events pertaining to the allegations in the complaint is unavailing. The record before the Court fails to support that conclusion. The complaint was verified by each plaintiff and each plaintiff sat for 17.5 hours of deposition testimony conducted by skilled defense counsel with years of experience litigating cases in federal court which gave defendants ample opportunity to probe the basis for plaintiffs' allegations. At this point, the only event in question is the "chalkboard incident," about which both plaintiffs provided testimony during their depositions. At most, defendants have established that Fernandez simply used the Malatesta

notes to refresh her recollection as to the precise date of the event.

CONCLUSION

For the foregoing reasons, the motion for sanctions is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin

______________________________________
UNITED STATES MAGISTRATE JUDGE