# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

## BRIEF:
## MASSACHUSETTS  ADMINISTRATIVE DETERMINATIONS IN FEDERAL COURT: THE APPLICATION OF RES JUDICATA AND COLLATERAL ESTOPPEL

**Plaintiffs Attorney**
**James S. Dilday, Esq.**
**27 School Street, Suite 400**
**Boston, MA 02108**
**(617) 227-3470**

## TABLE OF CONTENTS

**Background**

**1. The function of *res judicata* or claim preclusion and
*collateral estoppel* or issue preclusion has been to enforce repose       p.4
on the judicial process..**


**2. Both the Supreme Judicial Court of Massachusetts and the              p.6
Massachusetts Appeals Court have applied the doctrine of
res judicata or claim preclusion and collateral estoppel or
issue preclusion in the context of state administrative agency
adjudicatory proceedings.**


**3. The principles of res judicata and collateral estoppel                p.9
that apply to other administrative agencies apply with
equal force to the administrative determinations of the
Contributory Retirement Appeal Board (CRAB),
Division of Administrative Law Appeals (DALA),
and the Public Employee Retirement Administration
Commission (PERAC).**


**4. Massachusetts administrative determinations are                       p.11
entitled to the same preclusive effect in federal courts
that the Supreme Judicial Court and the Massachusetts
Appeals court apply in Massachusetts courts.**


**5. Under Massachusetts law DALA, PERAC and CRAB                          p. 14
are courts of competent jurisdiction; their administrative
adjudications, while not resolving the Title VII issues,
preclude all Defendants from relitigating the issues of
injury and causation administratively determined by those agencies.**


**6. The administrative adjudication of the Plaintiffs disability          p.15
and its causation is conclusive and binding on all parties to
this action; mutuality is not required.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 03-12499 MLW**

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

**BRIEF IN SUPPORT OF ISSUE PRECLUSION AS APPLIED TO STATE**
**ADMINISTRATIVE DETERMINATIONS IN FEDERAL COURT**

**Background:**

The Plaintiffs filed a Request for Rooker-Feldman Ruling and Further Instructions-Docket No: 53, a Memorandum in Support of said Request-Docket No: 54 and a Supplemental Memorandum In Support of said Request-Docket No: 73.  Magistrate-Judge Leo Sorokin denied the Plaintifffs Request relying on <u>Exxon-Mobil Corp., v Saudi Basic Industries Corp.,</u> 544 U.S. 280, 283 (2005) and <u>Verizon Maryland, Inc., v Public Service Commission of Maryland,</u> 535 U.S. 635, 644, n. 3 (2002).

The Magistrate identified the issue as seeking to give preclusive effect to an administrative determination. The Plaintiffs counsel agreed.  The Plaintiffs withdrew

their Rooker-Feldman Request. The Plaintiffs subsequently filed a Motion For Summary Judgment on Less Than All Issues: Docket Nos. 118 -124.   The Plaintiffs devoted a portion of the Memorandum that accompanied that Motion to the matter of issue preclusion. Docket No.119.   At the Court's request the Plaintiffs withdrew their Motion For Summary Judgment On Less Than All Issues.   On September 1, 2006, Docket No: 240, Chief Judge Wolf issued a Memorandum and Order that upheld the decision of the Magistrate-Judge and recognized the need for a more detailed discussion of the "issue-preclusion matter". The Judge stated the following in the final paragraph of  his Memorandum and Order:

> As counsel for the plaintiffs agreed that their request was actually one seeking issue-preclusion, the Magistrate was correct in denying the request for a Rooker-Feldman ruling and ordering the Plaintiffs to submit briefs that developed the issue-preclusion matter more fully. Docket No: 240. p. 4.

The purpose of this document is to comply with the Judge's order and to develop the issue preclusion matter more fully.   The Plaintiffs have asked the Court to recognize the determinations made by the Massachusetts Division of Administrative Law Appeals (DALA), the Massachusetts Public Employment Retirement Administration Commission (PERAC) and its Regional Medical Panel (The Medical Panel).   The documents are included in a bound volume and recorded in Docket No. 122.  These administrative bodies have adjudicated both Plaintiffs as disabled.  The cause of their disability is the hostile work environment they experienced while working for the Revere Police Department. The Plaintiffs seek to preclude the Defendants from relitigating their disability and its causation.


**(1) The function of _res judicata_ or claim preclusion and _collateral estoppel_ or issue preclusion has been to enforce repose on the judicial process..**

Res judicata or claim preclusion as it is now called by the authors of the most recent Restatement of the Law of Judgments, and collateral estoppel or issue preclusion as it is now called in the Restatement are essentially products of the judicial system. Cella, Massachusetts Practice: Administrative Law and Practice  § 431 citing American Law

Institute, Restatement of the Law Second, Judgments 2d (1982). Res judicata or claim preclusion holds that a final judgment on the merits is an absolute bar to a subsequent suit `between the same parties, on the same cause of action. Judgments 2d §§ 18-26 (1982). Collateral estoppel or issue preclusion holds that a judgment on the merits in a prior suit between the same parties, even where it is not the same cause of action involved, precludes the relitigation of any issues actually litigated and determined in the prior suit. Judgments 2d §§ 27-38 (1982).

The function of res judicata or claim preclusion and collateral estoppel or issue preclusion has been to enforce repose in the judicial process and to establish the proposition that no one ought to relitigate matters which have been fully tried and litigated on the merits in a prior judicial trial. At some point, there should be an end to litigation. Judgments 2d Chapter 1, Introduction, pp. 10-13 (1982).

In recent years, there has been a growing body of decisional authority at the federal and the state level applying these doctrines to the conduct of administrative adjudications and to the decisions of administrative agencies in adjudicative proceedings. Judgment 2nd Volume 2 § 83, Reporter's Notes, Comments (a) and (f). (1982)

In 1966, the United States Supreme Court in United States v Utah Construction and Mining Company, 384 U.S. 394, 86 S. Ct. 1545, 16 L.Ed. 2d 642 (1966) held: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. Id at 422, 86 S. Ct. at 1560, L.Ed 2d at 661.  It is now generally accepted that  decisions of administrative agencies will be accorded preclusive effect, either in terms of claim preclusion or issue preclusion, not only in adjudicative proceedings before the same administrative agencies, but in subsequent proceedings brought in the courts. Judgments 2nd Volume 2, § 83, Comments (b) and (f) (1982).

**(2) Both the Supreme Judicial Court of  Massachusetts and the Massachusetts Appeals Court have applied the doctrine of res judicata or claim preclusion and collateral estoppel or issue preclusion in the context of state administrative agency adjudicatory proceedings.**

A number of recent decisions are of some significance in establishing the general contours of judicial doctrinal analysis in this area.  In Massachusetts, both the Supreme Judicial Court and the Court of Appeals have applied the principles of res judicata and collateral estoppel to a broad range of administrative determinations, including the administrative decisions of DALA and PERAC and the Contributory Retirement Appeal Board (CRAB).

In <u>Almeida v The Travelers Insurance Company</u>, 383 Mass 226, 418 N.E.2d 602 (1981), the Supreme Judicial, on its own initiative, ordered direct appellate review of the preclusive effect of administrative determinations in subsequent court proceedings. The Court held "we agree with the Superior Court judge and conclude that in a subsequent civil action the board's surcharge determination precludes relitigation of the issues underlying that determination. We affirm. Id at 226-227, 416 N.E.2d 603.

The facts of the Almeida case are not in dispute. Almeida was insured under a standard Massachusetts motor vehicle liability policy. After a collision, he filed a claim. His insurer, Travelers denied his claim and determined the he was more than fifty percent at fault. Almeida appealed to the Board of Appeals of Motor Vehicle Liability Policies and Bonds. . The Board, an administrative agency, reversed Travelers decision.

Almeida resubmitted his claim. Travelers again denied his claim. Almeida brought a small claims action against Travelers. Travelers again opposed his claim. Almeida, relying on the Board's administrative decision, brought a civil action and during the process he filed a motion for partial summary judgment on the issue of liability alone based upon the Board's decision in his favor. The court allowed his motion and agreed that Travelers was foreclosed from contesting liability because the Board's administrative decision had conclusively established that Almeida was not more than fifty-percent

negligent. Travelers appealed the decision to the Superior Court; the Superior Court upheld the Board's administrative determination.  Travelers appealed. The Supreme Judicial Court, on its own initiative, ordered direct appellate review and affirmed the preclusive effect of the Board's administrative determination.

In Corrigan v General Electric Company, 406 Mass. 478 (1990), the Supreme Judicial Court, on its own initiative, transferred this case from the Appeals Court. The Court reviewed the preclusive effect of an administrative determination by the Industrial Accident Board (IAB) on a subsequent loss of consortium claim in a civil action.  The Court held " when a spouse with a sufficiently related claim has fully litigated an issue, an employer should not be forced to relitigate the same issue. Id. at 481. The Court granted preclusive effect to the administrative determination of the Industrial Accidents Board; this preclusion prevented relitigation of the same issue in the wife's complaint for loss of consortium.

In an earlier case,  Martin v Ring, 401 Mass. 59 (1987), the Industrial Accidents Board, a competent tribunal determined, after hearing, that the Plaintiff's back injury was not caused by his fall from the second floor porch of the homeowner's house. His wife could not be a party to the hearing at the Industrial Accidents Board. She subsequently brought a negligence action against the homeowner.

The homeowner filed a motion in Limine to preclude the introduction of evidence on the issue of causation because the administrative agency had made a prior determination that Ring's injury was not caused by the fall from the homeowner's porch.  The Superior Court Judge granted the motion in Limine and directed a verdict for the homeowner.  The Superior Court Judge reported his interlocutory ruling pursuant to Mass. R. Civ. P. 64, the Supreme Judicial Court granted the Plaintiff's request for direct appellate review. The Supreme Judicial Court affirmed that the wife was collaterally estopped from relitigating the issue of causation because that issue had already been adjudicated by the administrative agency.  The Court stated:

In the present case against the estate of the homeowner, the defendant has asserted the defense of collateral estoppel. The judicial doctrine of issue preclusion also known as collateral estoppel, provides that "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Citing Judgments 2nd § 27 (1982); Fireside Motors, Inc. v Nissan Motor Corp. in U.S.A., 395 Mass 366, 372 (1985);.. The purpose of this doctrine is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments. See Massachusetts Property Ins. Underwriting Ass'n v Norrington, 395 Mass 751, 756 (1985). In certain circumstances, mutuality of parties is not required. See Section 6, infra.

Almeida, Corrigan and Martin are not the only cases in which the Supreme Judicial Court has applied the preclusive effect of administrative determinations to subsequent civil litigation. In The Trustees of the Stigmatine Fathers, Inc. v Secretary of Administration and Finance, 369 Mass. 562 (1976), the Supreme Judicial Court granted direct appellate review. The Court precluded the Secretary of Administration and Finance from asserting alleged deficiencies in a prior consent decree from being used in subsequent litigation by the Secretary.

The preclusive effect of administrative determinations in subsequent civil proceedings has been applied both by the Court of Appeals and the Supreme Judicial Court. In Morganelli v Building Inspector of Canton, 7 Mass. App. Ct. 475 (1979), two abutters sought to revoke a building permit issued by the building inspector. The Court of Appeals dismissed the abutters complaint on the grounds that res judicata precluded the abutters from relitigating the administrative determination of the building commission. In Conservation Commission of Falmouth v Pacheco, 49 Mass. App. Ct. 737 (2000), the Appeals Court precluded Pacheco from "relitigating the jurisdictional issue which he raised, lost and twice failed to appeal." The Appeals Court, by its decision, upheld the administrative determination of the Conservation Commission, an administrative agency of the Town of Falmouth. The Court of Appeals also applied the same principles to determinations of the Department of Industrial Accidents (DIA) in Green v Town of Brookline, 53 App. Ct. 120 (2001). The central issue in Green was whether the administrative judge for the DIA erred by failing to give preclusive effect to issues

decided by a hearing officer for the Civil Service Commission in an earlier proceeding in which Green had appealed her discharge.

The Appeals Court held "that the administrative judge erred as a matter of law in failing to give preclusive effect to the issues litigated before the commission. Errors of law prevent our deferral to the reviewing board; therefore we must vacate the decision of the DIA and remand the matter to the DIA for further proceedings consistent with this opinion." Green at 121. Citing Van Munching Co. v Alcoholic Bevs. Control Commn., 41 Mass. App. Ct. 308, 309-310 (1996); Patterson v Liberty Mut. Ins. Co., 48 Mass App. Ct. 586, 587 n. 5 (2000).

The Massachusetts Supreme Judicial Court and the Court of Appeals have both demonstrated that the principle of giving preclusive effect to the determination of administrative agencies is a well established rule of law in Massachusetts. These Courts have applied this principle to administrative agencies that serve functions as widely divergent as the Energy Facilities Siting Board and the Department of Public Health. See: Box Pond Association v Energy Facilities Siting Board, 435 Mass. 408 (2001) and Anderson Insulation Company, Inc. v Department of Public Health, No. 02-P-1469 (2004).

**(3) The principles of res judicata and collateral estoppel that apply to other administrative agencies apply with equal force to the administrative determinations of the Contributory Retirement Appeal Board (CRAB), Division of Administrative Law Appeals (DALA), and the Public Employee Retirement Administration Commission (PERAC).**

The Division of Administrative Law Appeals (DALA) and the Public Employee Retirement Adminstration Commission (PERAC) were created by M.G.L.c. 7 § 4H and M.G.L.c. 7 § 49 respectively. For the Contributory Retirement Appeal Board (CRAB) see M.G.L.c 32 § 16 (4). These Massachusetts administrative agencies are governed the Code Of Massachusetts Regulations (CMR) including the adjudicatory provisions of Sections 801 and 840 CMR.

The Supreme Judicial Court in <u>Evans v Contributory Retirement Appeal Board</u>, 46 Mass. App. Ct. 229 (1999) provides a lucid and detailed description of the role played by each of these administrative agencies in the Massachusetts public employee retirement system.

The procedural history of the Evans case is remarkably similar to the procedural history of the Plaintiffs in this case, particularly the history of Terri Pechner-James. Their outcomes are not the same but the procedural steps are parallel. In <u>Evans</u>, the Plaintiff made a claim to the Boston Retirement Board. The Boston Retirement Board rejected the claim. The Plaintiff appealed to the Contributory Retirement Appeal Board (CRAB). CRAB referred the matter to the Division of Administrative Law Appeals (DALA). The administrative judge of DALA, after hearing, decided against the Plaintiff. CRAB adopted the magistrate's findings as its own and also adopted the magistrates decision. The Plaintiff petitioned the Superior Court for review of the CRAB decision under the State Administrative Procedure Act, G.L.c. 30A § 14.

The Superior Court judge affirmed the CRAB decision. Evans appealed to the Massachusetts Appeals Court. The Appeals Court affirmed the decision of CRAB and the Superior Court judge. The Appeals Court, in affirming those decisions stated the following:

> In such matters of interpretation, the court is admonished by G.L.c. 30A § 14(7) as amended by St. 1973, c. 1114 § 3, to give "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as the discretionary authority conferred upon it. See <u>Massachusetts Org. of State Engineers & Scientists v Labor Relations Commission</u>, 389 Mass. 920, 924 (1983); <u>United States Jaycees v Massachusetts Commission Against Discrimination,</u> 391 Mass. 594, 600 (1984).

Massachusetts Superior Courts in <u>Horgan v Contributory Retirement Appeal Board</u>, 2001 WL 915255 (Mass. Super. 2001) and <u>Queenan v Contributory Retirement Appeal Board</u>, 2001 Mass. Super LEXIS 91 deferred to CRAB's decision. The Court in <u>Queenan</u> relied upon several decisions of the Supreme Judicial Court and the Court of Appeals to support

its decision.   It cited McCarthy v CRAB, 342 Mass 45, 48-49, 172 N.E.2d 120 (1961); Namay v CRAB, 19 App. Ct. 456, 463,  475 N.E.2d 419 (1985); Quincy Retirement Board v CRAB, 340 Mass. 56, 60, 162 N.E.2d 802 (1959) and Retirement Board of Revere v CRAB, 36 Mass. App. Ct. 106, 626 N.E.2d 332 (1994). The Queenan court also cited  several cases in which the Supreme Judical Court and the Court of Appeals had recognized the adjudicative determinations of other administrative agencies such as the Board of Appeals of Motor Vehicle liability Policies and Boards, State Building Code Commission, Commissioner of Public Welfare, Alcohol Beverages Control Commission, Labor Relations Commission and Housing Appeals and other administrative agencies discussed supra.


**(4) Massachusetts administrative determinations are entitled to the same preclusive effect in federal courts that the Supreme Judicial Court and the Massachusetts Appeals court apply in Massachusetts courts.**

In United States v Utah Construction and Mining Company, 384 U.S. 394, 86 S. Ct. 1545, 16 L.Ed 2d 642 (1966), the United States Supreme Court declared:

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.  Id at 422, 86 S. Ct. at 1560, 16 L.Ed 2d at 661.

In Massachusetts the decisions of administrative agencies are accorded preclusive effect in proceedings before the same administrative agency and in subsequent proceedings brought in Massachusetts courts. See Almeida supra.  Utah Construction has held that when an administrative agency, such as DALA, PERAC or CRAB, is acting in a judicial capacity and resolves disputed issues of fact before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata and or collateral estoppel to enforce repose. Massachusetts Practice, Cella, Administrative Law & Practice, § 431.


The adjudicative determinations made by DALA, PERAC and CRAB are made by administrative tribunals and are made in the manner established by Restatement of Law,

Judgments 2d § 83 (1) and (2). The Massachusetts statutory provisions that govern
DALA, PERAC and CRAB are contained in M.G.L.c. 7 § 4H, M.G.L.c. 7 § 49 and
M.G.L.c. 32 § 16(4).  The regulations that govern their conduct of adjudicatory
determinations are contained in 801 Code of Massachusetts Regulations (CMR) 1:00 et
seq. and 840 Code of Massachusetts Regulations (CMR) 10:00 et seq. The process for
judicial review of these administrative determinations are contained in the Massachusetts
Administrative Procedure Act – M.G.L. c. 30A, specifically § 14. These statutory and
regulatory provisions are clear, detailed and meet the criteria established by Judgments
2d § 83 (2)(a-d).  The latter criteria are as follows:

> (a) adequate notice to persons who are to be bound by the adjudication,
>
> (b) The right on behalf of a party to present evidence, and legal argument in
> support of the party's contentions and fair opportunity to rebut evidence and
> argument by opposing parties;
>
> (c ) A formulation of issues of law and fact in terms of the application of rules
> with respect to specified parties concerning a specific transaction, situation, or
> status, or a specific series thereof;
>
> (d) A rule of finality, specifying a point in the proceeding when presentations are
> terminated and a final decision is rendered;

The elements of adjudicatory procedure described in Subsections 2(a)-(d) above are
found in proceedings under the Federal Administrative Procedure Act, 5 U.S.C §§ 551 et
seq. , in the Model State Administrative Procedure Act, the Massachusetts
Administrative Procedure Act and the regulations promulgated pursuant to those Acts.
Judgment 2d § 83.  Both the Massachusetts Supreme Judicial Court and the
Massachusetts Court of Appeals have acknowledged the validity of the administrative
proceedings conducted by DALA, PERAC and CRAB and the administrative
determinations made by those agencies. See Queenan**,** Horgan, Namay, Quincy, and
Revere supra.

The adjudicatory determinations of DALA, PERAC and CRAB are entitled to the same
preclusive effect in the federal courts that they receive in the state courts.  The
Defendants in this case, elected not to appeal the administrative determinations that

PERAC and DALA made in the Plaintiffs cases. Instead, the Revere Retirement Board conducted a subsequent hearing and awarded retirement disability benefits to the Plaintiffs.

The Defendants decision, not to appeal the decisions of DALA and PERAC, does not affect the validity of these agency decisions or the preclusive effect to which they are entitled in subsequent state or federal court proceedings. In University of Tennessee v Elliot, 478 U.S. 788, 799, 106 S. Ct. 3220, 3227, 92 L.Ed 2d 635 (1986) Elliot, a black employee of the University of Tennessee was discharged for alleged inadequate work performance and misconduct. He requested an administrative hearing. Prior to that hearing, he filed a Title VII action in federal court.

The federal court allowed the administrative proceeding to go forward. The administrative law judge ruled against Elliot. Elliot did not seek review in state court. The federal court granted summary judgment to the University on the grounds that the state administrative decision against Elliot was entitled to preclusive effect. The Federal Court of Appeals reversed the District Court decision.

The Court of Appeals held that the Elliot's Title VII claim was governed by Kremer v Chemical Construction Corp., 456 U.S. 461, 102 S.Ct 1883, 72 L.Ed 2d 262 which held that unreviewed state administrative proceedings did not have preclusive effect on employee's Title VII discrimination claims. Neither Elliot nor Kremer apply to the Plaintiffs in this case. Neither plaintiff brought a discrimination case to the retirement board.  Neither DALA, PERAC nor CRAB made any administrative determinations on Title VII or on discrimination claims.

The Plaintiffs are seeking only to give preclusive effect to the findings of fact and conclusions of law made by DALA and PERAC concerning  their disability and its causation. The statutes and the regulations that govern the public employee disability retirement structure have a built-in appeal and opportunity for judicial review pursuant to M.G.L.c. 30A § 14.  The Defendants had an opportunity to appeal, they elected not to

appeal. If a party has the opportunity to appeal, preclusive effect will attach regardless of whether the party actually appealed. <u>Misischia v Pirie</u>, 60 F. 3d 626, 628-630 (9th Cir. 1995) quoting <u>Eilrich v Remas</u>, 839 F. 2d 630, 632 (9th Cir. 1988). If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision by foregoing the right to appeal. Kach, Charles H, <u>Administrative Law And Practice</u> 2d Edition, §8.52.

The United States Supreme Court's decision in <u>Utah Mining</u> requires that this Court give preclusive effect to the administrative determinations of the DALA and PERAC. This Court and a jury will make the ultimate decision on the Plaintiffs Title VII claims. That decision must, however, grant preclusive effect to the administrative determinations made by the PERAC and DALA on the issues of injury and causation. An administrative adjudication becomes preclusive when it has become final in accordance with the rules of adjudicatory process; it is not necessary that the administrative adjudication have been reviewed and affirmed by a court. Judgments 2d § 83 (a).

**(5) Under Massachusetts law DALA, PERAC and CRAB are courts of competent jurisdiction; their administrative adjudications, while not resolving the Title VII issues, preclude all Defendants from relitigating the issues of injury and causation administratively determined by those agencies.**

The deciding question is whether DALA, PERAC, and CRAB, the administrative agencies of the retirement structure constitute a court of competent jurisdiction for purposes of issue preclusion and claim preclusion. The Supreme Judicial Court in <u>Almeida</u> provided a clear definition of a court of competent jurisdiction:

> Generally, in order to satisfy the element, it is necessary that the judgment be rendered by a tribunal recognized by law as possessing the right to adjudicate the controversy. Where power or jurisdiction over a subject is delegated to any public officer or tribunal and its exercise is confided to his or their discretion, the facts necessarily established by decision lawfully made pursuant to that authority are binding and conclusive…. The obvious reason for such a rule is to prevent relitigation of an issue before a different tribunal. <u>Almeida</u> at 230.

14

The Supreme Judicial Court found that the Board of Appeals in <u>Almeida</u> was a court of competent jurisdiction and gave preclusive effect to its decision in subsequent litigation by Travelers Insurance Company.  DALA, PERAC and CRAB are recognized by Massachusetts law as possessing the right to adjudicate eligibility for disability retirement benefits and to determine the causation of said disability.  The power or jurisdiction over disability retirement is delegated to the public officers of these agencies and the exercise of that power and jurisdiction is confided to the discretion of DALA, PERAC and CRAB by the provisions of M.G.L.c 7 § 9H, § 7 and M.G.L.c 32 § 16(4).

The facts necessarily established by the decisions of these agencies lawfully made pursuant to their authority are binding and conclusive. The findings of fact and the conclusions of law that they made pursuant to their authority, in the cases of Terri Pechner-James and Sonia Fernandez, are binding and conclusive. These findings and conclusions of law are not dispositive of the Plaintiffs Title VII claims. They are binding and conclusive on the issues of injury and causation.

These findings and conclusions of law place these Defendants in the same position as Travelers Insurance Company in <u>Almeida</u>. The Defendants are precluded, by prior administrative determination, from relitigating the issues of injury and causation.

**<u>(6) The administrative adjudication of the Plaintiffs disability and its causation is conclusive and binding on all parties to this action; mutuality is not required.</u>**

A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly determined by a court of competent jurisdiction….cannot be disputed in a subsequent suit between the same parties or their privies…." <u>State of Montana et al. v United States</u>, 440 U.S. 147, 152, 59 L.Ed. 2d 210, 99 S. Ct. 970 (1979) citing <u>Southern Pacific R. Co. v United States</u>, 168 U.S. 1, 48-49, 42 L. Ed. 355, 18 S. Ct. 18 (1897). Restatement of the Law, Judgments 2d § 41 states:

> (1) A person who is not a party to an action but who is represented by a party is bound by …a judgment as though he were a party. A person is represented by a party who is :

>> (d) An officer or agency invested by law with authority to represent the person's interest.

The Office of the City Solicitor of the City of Revere, Ira Zaleznik, Esq. represented all Defendants during the adjudicatory process.  Ira Zaleznik, Esq. introduced affidavits from several officers during the adjudicatory process of both DALA and PERAC; he cross-examined the Plaintiff, Terri Pechner-James, in particular and stated that he represented all Defendants. At the hearing before the Revere Retirement Board for Terri Pechner-James, Ira Zaleznik Esq.  was the hearing officer for the Retirement Board, the representative of the City of Revere and the representative of  all the Defendants in this civil action.

The representation of the Defendants remained unchanged until February 24, 2004- Docket No. 4. On that date Austin M. Joyce, Esq. and Michael Akerson, Esq. of Reardon, Joyce & Akerson, P.C. entered their appearance for the officers. On June 22, 2004- Docket No. 22- John K. Vigliotti, Esq. of the same firm also  entered his appearance on behalf of the officers.  The crucial importance of this earlier representation is supported by Restatement of the Law, Judgments 2d § 41 cited supra.

 The Supreme Judicial Court in <u>Stigmatine Fathers</u>, supra. provides this analysis:

> The crucial point is whether or not in the earlier litigation the representative had authority to represent its [the party's] interest in a final adjudication of the issue in controversy.  Id at 566.

There is no doubt that the Office of the City Solicitor, as an aspect of the powers and responsibilities of his office exercised the authority to defend the Defendants against the Plaintiffs application for retirement disability. That kind of authority is generally construed as exclusive, and as solely within the authority of the official or agency involved. Judgments 2d § 41.

The Defendants in this case are the municipality of Revere, its appointees and employees [privies]. Courts have invoked the principle stated in Judgments 2d § 41 (1)(d) supra and held that litigation by a governmental agency is binding on citizens [employees] who were not parties to the prior litigation. The Defendants in this case are employees and former employees, not citizens, and the Office of the City Solicitor of the City of Revere had the authority to and did represent them in the adjudicatory proceedings.

The principle that a prior governmental or municipal representation of  private and public interests can preclude relitigation of issues or claims has been applied in a wide range of cases in many jurisdictions. In Rynburger v Diarymen's Fertilizer Coop., Inc. 266 Cal. App. 269, 276-278 (1968) (homeowners in close proximity to a fertilizer plant were precluded from prosecuting an action alleging a private nuisance because the city had lost a previous suit alleging public nuisance.) In Allied Van Lines, Inc. v Central Forwarding, Inc. 535 S.W. 412, 415-416 (Tex. Civ. App.)(1976)(motor carriers precluded from relitigation because of prior proceedings by the Attorney General); Hoffman v Public Employees Retirement Bd., 31 Or. App. 85 (1977)(County action precluded because of prior action by the State Board)  Morganelli at 486.

The municipal employees of the City of Revere and the Revere Police Department do not have the financial interest of Rynburger, the pecuniary interest of Allied Van Lines or the personal interest of Hoffman.  Municipal representation of their interest as employees is entirely appropriate in this case.

> "It is rudimentary, whatever the definition of "claim" or of the older term "cause of action" , that all defenses….had to be raised in the prior action. The first action would be a bar even if, as is not the case here, only one section of the by-law had been put in issue."  Morganelli v Building Inspector of Canton, 7 App. Ct 475, 480 (1979) citing Trustees of Stigmatine Fathers, Inc. v Secretary of Administration and Finance, 369 Mass at 564-567.

The Defendants in this case, like the Plaintiffs in Morganelli, are bound by prior determinations.  The City of Revere has a Plan B Charter-Docket No 97 and Attachments. The Mayor and the City Council are responsible for the policy and the

policy failures of the municipality. The Mayor appoints the chief of Police, the City Council confirms him. The Defendants, other than the municipal Defendants, were employees of the City of Revere and the Revere Police Department. They were in privity with their municipal employer and implemented its policies, lack of policies and its failure of policies. They were represented by the City Solicitor, Ira Zaleznik, Esq. during the adjudicatory process, some Defendants introduced affidavits and the Office of the City Solicitor argued on their behalf.

Under these circumstances, the ruling of the administrative agencies is "inextricably interwoven with" the administrative determination in favor of the Plaintiffs. Morganelli at 480 citing Sheehan Construction Company v Dudley, 299 Mass 48, 50-51 (1937). The administrative determination in favor of the Plaintiffs, like the "1939 plan" in Morganelli is "conclusive upon the parties and those persons whom they represent. Jamaica Pond Aqueduct Corp., v Chandler, 121 Mass 1,2, (1870). The Defendants, including the Defendants represented in this action by Reardon, Joyce and Akerson, P.C are collaterally estopped from relitigating the Plaintiffs retirement disability determinations.

Terri Pechner-James and
Sonia Fernandez
By their attorney

/s/ James S. Dilday, Esq.
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02740
(617) 227-3470