# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**TERRI PECHNER-JAMES and
SONIA FERNANDEZ, Plaintiffs,**

**v.**

          **C.A. No. 03-12499-MLW**

**CITY OF REVERE, THOMAS AMBROSINO,
 MAYOR, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
CHIEF OF POLICE, BERNARD FOSTER,
SALVATORE SANTORO, ROY COLANNINO,
FREDERICK ROLAND, THOMAS DOHERTY,
JOHN NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,
     Defendants,**

## CHIEF TERENCE REARDON'S, ANSWERS AND SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant, Chief Terence and hereby answers Plaintiffs' first set of interrogatories as follows:

1.  Please describe  yourself stating your full name, height, weight, eye color, hair color, race,  and date of birth.

**A.  Terence K. Reardon.   Objection.  The balance of the interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

2. Please identify all employment held from your seventeenth birthday until the present.

a. The name and address of each person or entity that employed you;

b. The dates that you were so employed;

c. The positions and ranks held while so employed;

d. The duties you performed what duties were associated with each position and/or rank while so employed;

e. The reason or reasons for the termination of your previous employment;

f. Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:

-The nature and substance of the training you received;
-The inclusive dates of the period during which you received training
-The name and address of each specialized school you attended to receive such training
-The dates if attendance at each such specialized school
- The nature and substance of the training offered at each such specialized school
-The degree of certificate, if any, that you received from each such specialized school

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

3. Describe your training in:

a. The provision of service to victims of sexual  harassment

b. The identification of instances of sexual harassment

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

4. Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

5. Do you presently have any investments which yield income? If yes, state:

a. The nature of each such investment

b. The amount of such investment

c. The amount of income from each such investment during the preceding three (3) years.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

6. Do you own any real property in whole or in part? If yes, state the street address of the property, the legal form of your ownership, the names of all co-owners of the property and the approximate value of your interest in the property.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

7. Have you ever been the subject of a civilian complaint? If yes, state:

a. When each complaint was made

b. The and address of each

c. To whom each complaint was made

d. Where each complaint was made.

e. Describe in detail the allegations of each complaint

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

8. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer and employee of the Revere Police Department with abuse of your lawful authority, sexual harassment or the violation of any person's state or federal civil rights? If yes, state for each suit:

a. The name and address of each plaintiff;

b. The name and address of each defendant;

c. The nature of the cause of action;

d. The date on which the suit was instituted:

e. The court in which the suit was instituted and the docket number;

f. The name and address of the attorney for each party;

g. The result of each suit has been concluded by judgment or settlement

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity. The only official capacity sexual harassment suit is the present action.**

9. Have you ever been treated evaluated by a psychiatrist, psychologist or any other mental health worker? If yes, state the following:

a. The name, address and qualifications of the individual you saw;

b. The date of each visit;

c. The purpose of your visits;

d. The results of your evaluation and/or treatment

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

10. Do you intend to call any expert witness at trial? If yes, for each one state:

a. The name and present address of said witness;

b. The subject matter on which the expert is expected to testify;

c. The substance of the facts and opinions to which the expert is expected to testify

d. A summary of the grounds for each opinion.

**A. No**.

11. Do you intend to call any witnesses at trial? If yes, for each witness state the name, present  address or if not available the last known address, and the telephone number of said witness.

**A. No.**

12. Have you ever been arrested convicted of any crime whatsoever? If yes, state the offense, date and place of occurrence and result.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence is relevant or admissible, particularly since Chief is not a party to this action in his individual capacity.**

13. Did the Revere Police Department conduct an investigation of the circumstances of the end of the Plaintiff Terri-Pechner James employment at the Revere Police Department. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events involving the Revere Police Department preceding and following the ending of the Plaintiffs employment at the Revere Police Department.

**A. Terri Pechner-James walked off the job on March 13,2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD). The City investigated and responded to Plaintiff Pechner's MCAD complaint in due course as required by MCAD procedures. I was not the Chief of Police at that time and was not involved in responding to her MCAD complaint. As for Plaintiff medical retirement, when her treating physician indicated that she was not capable of returning to a full duty status, I submitted an application for her retirement.**

**S.A. I did not personally investigate the circumstances regarding the ending of Terri Pechner-James employment with the City of Revere. To the extent those circumstances are/were encompassed within her MCAD complaint, they were investigated by the City Solicitor's Office, which was tasked with the responsibility of responding thereto. Then City Solicitor Robert Marra was responsible for responding to the MCAD complaint and it is my belief that his point of contact with the Revere Police Department was Captain Fred Roland. The nature of the investigation was geared towards responding to the specifics of the allegations set forth in the MCAD complaint. The results of the investigation are detailed in the City's Position Statement filed with MCAD and served upon Plaintiff Pechner-James. Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal**

**standards, no further action was taken by me. More to the point, I was not appointed Chief of Police until January of 2002, some ten months after Plaintiff Pechner walked off the job and nine months after the City responded to her MCAD complaint.**

**To the extent those circumstances are related to the incident involving an arrestee by the name of Christopher Daly, Chief Roy Colannino obtained a report from Sergeants Nelson, Cafarelli and Picardi dated March 15, 2001, which included a written statement from Christopher Daly dated March 13, 2001, along with memorandums dated March 15, 2001, from Detectives Brian Goodwin and Thomas Malone and then Lieutenant Dennis Collyer. I understand that the outcome of Chief Colannino's investigation was "unsubstantiated," no doubt due to the conflicting statements of the participants of the alleged incident. I further understand that no further action was taken as a result of this finding. See the Exhibits attached to Mayor Thomas Ambrosino's statement of undisputed material facts filed in support of my motion for summary judgment.**

14. Did you review any documents concerning containing any information pertaining to Plaintiffs ending of her employment at the Revere Police Department on March 12, 2001. If so, identify each document by stating:

a. The name of each document (please refer to the term "document" as defined herein;

b. The creator of each document;

c. The name and address of the person who presented you with each document;

d. The date on which you received each document:

e. The dates on which you reviewed each document;

f. The name and address of each person with whom you reviewed or discussed the document;

g. Any inconsistencies which you noted at the time between any of the documents or contents reviewed.

**A. Objection. The request is vague and ambiguous. Assuming that the interrogatory is a continuation of the previous interrogatory, I reviewed the medical records submitted with Plaintiff Pechner's retirement application contemporaneously with the submission of said application. Plaintiff Pechner is already in possession of all such documents. I am not currently aware of any**

**inconsistencies in these documents, though I have not reviewed them since they were submitted to the Retirement Board.**

15. Identify by name, residential address, badge number and district or unit each member of the Revere Police Department who was present on the final evening of the Plaintiffs employment at the Revere Police Department.

**A. The shift schedule for said date has already been provided to Plaintiff in a prior discovery response.**

**S.A. Objection. The request is vague as to time. Undoubtedly, at one or more times throughout the night, all of the individuals listed on the shift schedule would have been in the Police Station on the evening of March 12, 2001. Moreover, pursuant to M.G.L. c. 66, § 10(d), the home addresses of law enforcement officers are not public record and disclosing such information would be an unwarranted invasion of said officers privacy under the circumstances. Additionally, presumably Plaintiff Pechner knows who was in the Police Station at the time of the incident to which she alludes and could appropriately narrow her inquiry to avoid an unwarranted and intrusive fishing expedition.**

16. Identify each and every report, written and oral, you made concerning the incident.

**A. None that I recall except the involuntary disability application.**

17. Are there any statements in any report filed concerning the incident that you now believe are not accurate? If do, identify the inaccurate statement and describe in way it is inaccurate.

**A. None made by me or my staff. I suspect that many of the statements attributed to Plaintiff Pechner are falsehoods and that the statements of her physicians are erroneous due to falsehoods being told to them by Plaintiff Pechner.**

18. Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you the Revere Police Department's determination including every fact you relied on in making a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws or ordinances of the City of Revere or laws of the of Massachusetts or the United States were violated.

**A. The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the**

complaint on file herein and also all of the dispositive pleadings filed by the City, the Mayor and myself in the instant action.

**S.A. Objection. The request as framed lacks any context whatsoever and is so completely open ended as to encompass anything and everything. Without waving said objection, and presuming that the interrogatory is directed to the "incident" as set forth in the definitional section preceding, I did not make an independent determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department, or any laws of the Commonwealth or of the United States had been violated, since the incident occurred ten months prior to my appointment as Chief. Apparently, then Chief Colannino determined that the allegations surrounding the incident involving Christopher Daly were unsubstantiated. As to Plaintiff MCAD complaint, apparently the then City Solicitor concluded that no violations had occurred. See the City's Position Statement filed with MCAD.**

19. Do you contend that all of the evidence you reviewed concerning the experiences and ending of the Plaintiffs employment supports your decision and that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any of the officers involved? If so, please state the basis for your contention.

**A. I only reviewed medical records related to Plaintiff Pechner's involuntary disability retirement application. Nothing in these records suggested the need for a board of inquiry or disciplinary action.**

20. Did you have any communications with Roy Colannino and Thomas Ambrosino or any other City officials concerning the Plaintiff at any time from the date of the incident and including the present time? If so, please state the date and time of each the individuals present, the subject matter discussed, the identity of the documents, facts and persons discussed, state in as much detail as possible what you said to Thomas Ambrosino and Roy Colannino and/or Revere City official and what he, she, or they said to you.

**A. Roy Colanino -no. Mayor Ambrosino -only in relation to Plaintiff Pechner's retirement proceedings. Said communications would have been contemporaneous with the retirement process and would have concerned the same.**

21. At any time, did you and/or the Revere Police Department supply or give to the City of Revere and/or its mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on such documents were provided, the person to whom the documents were provided and the person providing the documents?

**A. Objection. This request invades the attorney-client and attorney work product privileges. It is also vague and ambiguous. Assuming the request relates to Plaintiff Pechner, and without waiving said objections, the City's attorneys' have had access to whatever records them deem necessary or appropriate to respond to the MCAD complaint or this litigation. Moreover, I submitted medical records and reports to the Retirement Board as part of the retirement application.**

**S.A. Further Objection. Requiring the City, through its Solicitor, to divulge which documents it has asked for and obtained copies of would violate the attorney work product privilege as it would disclose the mental impressions and thought processes of the City's attorneys in terms of which they felt were potentially important and which documents they did not. Moreover, by the very nature of the case, the Police Department is a part of the organic structure of the City of Revere. Thus, the question essentially asks: Did the City of Revere supply or give the City of Revere any documents? Moreover, since the documents are City documents in the first instance, no record is kept of when they are reviewed or by whom. Thus, the dates upon which copies of the documents were provided to the City Solicitor's office would not be recorded. I have no idea if any documents were provided to the Mayor, as opposed to the City Solicitor, and there would be no record of such in the ordinary course of business.**

22. Identify each and every informal or formal complaint made against a Revere Police Officer since 1990 alleging that the officer engaged in violation of civil rights based on sex, race or any protected class, by stating for each complaint:

a. The name and address of each person who brought the complaint;

b. The date on which the informal or formal complaint was made;

c. The date of each alleged incident which is the subject of the complaint;

d. The name and address of each officer against whom the complaint was made;

e. The person to whom the complaint was made;

f. The substance of each complaint;

g. The identity of each document pertaining to the incident;

h. The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during as a result of the incident complaint;

i. Each and every person interviewed by the Revere Police Department concerning the alleged incident;

j. The outcome disposition of each complaint;
k. The name and address of each and every employee of the City of
Revere to whom the complaint, its outcome disposition was communicated.

**A. Objection. The request is overbroad, burdensome and oppressive.
Without waiving said objection, the only regarding sexual harassment were made by
the Plaintiffs herein and Kathy Fish. Records related to Kathy Fish's MCAD
complaint have already been produced. The information related to the Plaintiffs'
complaints are already in Plaintiffs' possession.**

**S.A. For the time-frame of 1990 to 2002, I am informed and believe that
there were no such complaints.**

23. Identify each and every person who the Revere Police Department
contacted had communications with concerning the investigation of
Plaintiffs complaint to the Department about the events of March 12,2001.

**A. Objection. This request invades the attorney-client and attorney
work product privileges. It is also vague and ambiguous. Assuming the
request relates to Plaintiff Pechner, and without waiving said objections,
the investigation of MCAD complaint was directed by the City Solicitor and not the
Revere Police Department. I was not involved in this process inasmuch as I was
not named Chief until 10 months later.**

**S.A. It is my understanding that former City Solicitor Robert Marra's point of
contact at the Revere Police Department was Captain Fred Roland, now
retired. A review of the City's Position Statement in response to the
MCAD complaint of Plaintiff the names of the individuals with whom the City
communicated the same.**

**It is also my understanding that Mayor Thomas Ambrosino, along with
then City Solicitor Robert Marra and Police Chief Roy Colannino and the
City Personnel Director, attended an Executive Session of the Revere City
Council on April 30, 2001, to discuss the MCAD complaints of Kathy Fish
and the Plaintiffs herein. I was not a participant in that Executive
Session.**

24. Identify all persons (including and police officers) who were in
the police  of the Revere Police Department on the evening of March 12,2001.

**A. Attached hereto is a shift schedule for the evening of March 12,2001.**

**S.A. Objection. The request is vague as to time. Undoubtedly, at one or
more times throughout the night, all of the individuals listed on the**

**shift schedule would have been in the Police Station on the evening of March 12, 2001. Moreover, pursuant to M.G.L. c. 66 § 10 (d), the home addresses of law enforcement officers are not public record and disclosing such information would be an unwarranted invasion of said officers privacy under the circumstances. Additionally, presumably Plaintiff Pechner knows who was in the Police Station at the time of the incident to which she alludes and could appropriately narrow her inquiry to avoid an unwarranted and intrusive fishing expedition.**

25. Identify all law enforcement officials who were involved in the investigation of the Plaintiffs complaint. For each law enforcement official who was involved in the investigation, state in detail:

a. The name, address, and telephone number of the official involved;

b. The tasks concerning the investigation of the Plaintiffs complaint that were assigned to the official;

c. The dates on which each task was accomplished;

d. The date(s) on which you reviewed the official's work or report;

 e. The dates on which you communicated with the official about the investigation and the communications which were exchanged between the official and you and/or  the Revere Police Department.

f. The impact which each communication had on your decision that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any members of the Revere Police Department.

**A. Objection. This request invades the attorney-client and attorney work. Without waiving said objection, see the response to interrogatory no. 23.**

**S.A.      (a) Captain Fred Roland, now retired and represented herein by Reardon, Joyce,Akerson, P.C.  See also the City's Position Statement filed in response to each MCAD complaint for the names of the other individuals with who were involved in the investigation.**

**(b)      I do not know the specific task(s) assigned to Capt. Roland, if any, by former City Solicitor Robert Marra. It is my understanding that Capt. Roland served as Solicitor point of contact with the Revere Police Department.**

**(c) Unknown, if any.**

**(d) I did not review Capt. Roland's "work" and am unaware and any report**

**prepared by him. I did not review the City of Revere's Position Statement filed with MCAD.**

**(e) I was not involved in the investigation of the MCAD complaint or the Christopher Daly incident.**

**(f) None, since I was not the Chief of Police at the time.**

26. Identify all complaints of sex, race, or other kinds of discrimination against the Revere Police Department since September 12, 1995 and five years prior to that date. For each such incident state:

a. The name and last known address of each complainant;

b. The date of the complaint;

c. The details of the circumstances surrounding the complaint;

d. The names of any Revere police officers or attendants having contact with the complainant;

e. Whether or not Revere Police Department conducted an investigation into the complaint and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by the Revere Police Department during and/or as result of the incident and/or complaint.

f. Each and every person interviewed by the Revere Police Department concerning the alleged incident;

g. The outcome and/or disposition of the investigation into each complaint;

h. The name and address of each and every employee of the city of Revere to whom the complaint, its outcome and/or disposition was communicated.

**A. Objection. This interrogatory exceeds the number of interrogatories allowed under Fed. R. Civ. P. 33(a).**

**S.A. For the time-frame of 1990 to 1995, I am informed and believe that there were no such complaints aside from the complaints of the Plaintiffs to this action and that of Kathy Fish, the latter of which was determined to lack probable cause by the Massachusetts Commission Against Discrimination.**