UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TERRI PECHNER-JAMES and
SONIA FERNANDEZ, Plaintiffs,**

v.                                                                C.A. No. 03-12499-MLW

**CITY OF REVERE, THOMAS AMBROSINO,
MAYOR, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
CHIEF OF POLICE, BERNARD FOSTER,
SALVATORE SANTORO, ROY COLANNINO,
FREDERICK ROLAND, THOMAS DOHERTY,
JOHN NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,**
        **Defendants,**

## THOMAS AMBROSINO
## FIRST AND SUPPLEMENTAL ANSWERS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant, Mayor Thomas Ambrosino, and hereby answers Plaintiffs' first set of interrogatories as follows:

1. Please describe yourself stating your full name, height, weight, eye color, hair color, race, and date of birth.

**A. Thomas G. Ambrosino. Objection. The balance of the interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

2. Please identify all employment held from your seventeenth birthday until the present.

a. The name and address of each person or entity that employed you;

b. The dates that you were so employed;

c. The positions and ranks held while so employed;

d. The duties you performed and what duties were associated with each position and/or rank while so employed;

e. The reason or reasons for the termination of your previous employment;

f. Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:

>   -The nature and substance of the training you received;
>   -The inclusive dates of the period during which you received training
>   -The name and address of each specialized school you attended to received such training
>   -The dates if attendance at each such specialized school
>   -The nature and substance of the training offered at each such specialized school
>   -The degree of certificate, if any, that you received from each such specialized school

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

**S.A. (a) Palmer & Dodge, 111 Huntington Avenue, Boston, MA 02199**
   **Law Office of Thomas Ambrosino, 385 Broadway, Revere, MA 02151**
   **City of Revere, 281 Broadway, Revere, MA 02151**
   **(b) Summer, 1986, to April, 1994.**
   **April, 1994, to January, 2000**
   **January 2000 to present.**
   **(c) Associate Attorney**
   **Solo practitioner**
   **Mayor**
   **(d) Typical duties of an associate attorney for a major law firm.**
   **Typical duties of a solo practitioner.**
   **Executive Officer for the City of Revere.**
   **(e) Opened my own law practice.**
   **Elected Mayor of the City of Revere.**


>   **(f) Objection. See above. In addition, the interrogatory is burdensome, annoying and oppressive. Without waiving said objection, I am a graduate of Harvard Law School, Class of 1986. With respect to employment harassment, I did not receive any specialized training.**

2

3. Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

4. During your term of office as mayor of the City of Revere, were you or City officials informed of any complaints of sexual harassment made by police officers of the City of Revere. If yes, state:

a. When each complaint was made;

b. The name and address of each complainant;

c. To whom each complaint was made;

d. Where each complaint was made;

e. When you or other City officials were informed of each complaint;

f. What if anything you or other City officials did regarding each complaint;

g. Describe in detail the allegations of each complaint.

**A. I was informed of the complaints of Kathy Fish and the Plaintiffs herein. Copies of some of the relevant documents from the Kathy Fish complaint have already been provided to Plaintiffs. Plaintiffs have copies of their own MCAD complaints and the documents generated in response thereto. The City of Revere responded to each of these complaints as required by law and the procedures of the MCAD.**

5. During your term of office as the mayor of Revere, were you and/or the City of Revere and/or police officers of the City of Revere ever a defendant in any suit which charged you, individually or in your official capacity as mayor of City of Revere, the City of Revere and/or the police officers of the City of Revere and/or the police officers of the City of Revere with abuse of lawful authority, sexual harassment or the violation of any person's state of federal civil rights ? If yes, state for each suit:

a. The name address of each plaintiff;

b. The name and address of each defendant;

3

c. The nature of the cause of action;

d. The date on which the suit was instituted;

e. The court in which the suit was instituted and the docket number;

f. The name and address of the attorney for each party;

g. The result of each suit that has been concluded by judgment or settlement;

h. What steps, if any, were undertaken to ensure that violations did not occur again

**A. Objection. The interrogatory is overbroad, burdensome, oppressive and harassing, particularly since the information requested is available as a of public record and may also be accessible on line. Without waiving said objection, the only sexual harassment lawsuit of which I am aware is the present action.**

6. Do you intend to call any expert witnesses at trial? If yes, for each on state:

a. The name and present address of said witness;

b. The subject matter on which the expert is expected to testify;

c. The substance of the facts and opinions to which expert is expected to testify;

d. A summary of the grounds for each opinion.

**A. No.**

7. Please list all persons who have knowledge of any discoverable matter pertaining to this suit. For each person, state the name, present address or if not available the last known address, and the telephone number of said person.

**A. Objection. As framed, the interrogatory is overbroad, burdensome and oppressive and invades the attorney-client and attorney work product privileges. I do not know, independent of the discovery process itself, "the names of all persons who have knowledge of any discoverable matter pertaining to this suit."Presumably, such persons would include all personnel of the Revere Police Department from at least September, 1995, up to and including the retirement of Sonia Fernandez. All city employees may be reached through the Office of the City Solicitor for the City of Revere. Plaintiffs, their witnesses and their treating medical providers are known to them. I do not know the addresses of individuals such as John Barker or Christopher Daley or any other potential third party who know something about this case**.

4

**S.A. I know of no other individuals, other than those identified above (see e.g., Plaintiff Pechner's notes from 2001 which identify virtually every officer on the Revere Police Department) who would have "knowledge of any discoverable matter pertaining to this suit." Although I spoke about the Plaintiffs' MCAD complaints to the City Council in Executive Session on April 30, 2001, I do not recall the substance of my remarks, but at best, they would have been co-extensive with the City's Position Statements filed with MCAD. I do not specifically recall anything that Chief Roland may have said during that meeting.**

8. Have you ever been arrested convicted of any crime whatsoever? If yes, state the offense, date and place of occurrence and result.

**A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.**

9. Did you, individually or in your official capacity as mayor of Revere, or any other official of the City of Revere or Revere Police Department conduct an investigation of the circumstances of the ending of Terri Pechner James employment with the police department? If yes, state specifically and in detail, as accurately as you can, the name and address of the person who conducted the investigation, the authority under which they conducted such investigation, the nature of such investigation, the result of such investigation, and the action taken by you or the City of Revere regarding, or as a result of, the investigation.

**A. Plaintiff Pechner walked of the job on March 13, 2001, the day after she filed her complaint with the Massachusetts Commission Against Discrimination (MCAD). The City investigated and responded to Plaintiff MCAD complaint in due course as required by MCAD procedures. Plaintiff Pechner has a copy of the City's response to her MCAD complaint and is aware of the fact that said complaint never reached final adjudication due to her filing of an action in Superior Court. The City concluded that no actionable discrimination occurred. As for her disability retirement, Plaintiff Pechner has a copy of all the relevant records from that proceeding as well.**

**S.A. I did not personally investigate the circumstances regarding the ending of Terri Pechner-James employment with the City of Revere. To the extent those circumstances are/were encompassed within her MCAD complaint, they were investigated by the City Solicitor's Office, which was tasked with the responsibility of responding thereto. Then City Solicitor Robert Marra was responsible for responding to the MCAD complaint and it is my belief that his point of contact with the Revere Police Department was Captain Fred Roland. The nature of the investigation was geared towards responding to the specifics of the allegations set**

5

**forth in the MCAD complaint. The results of the investigation are detailed in the City's Position Statement filed with MCAD and served upon Plaintiff Pechner-James. Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal standards, no further action was taken me.**

**To the extent those circumstances are related to the incident involving an arrestee by the name of Christopher Daly, Chief Roy Colannino obtained a report from Sergeants Nelson, Cafarelli and Picardi dated March 15, 2001, which included a written statement from Christopher Daly dated March 13, 2001, along with memorandums dated March 15, 2001, from Detectives Brian and Thomas and then Lieutenant Dennis Collyer. I understand that the outcome of Chief Colannino's investigation was "unsubstantiated," no doubt due to the conflicting statements of the participants of the alleged incident. I further understand that no further action was taken as a result of this finding. See the Exhibits attached to my statement of undisputed material facts filed in support of my motion for summary judgment.**

10. Did you review any documents concerning containing any information pertaining to the Plaintiffs disability retirement from the Revere Police Department? If so, identify each document by stating;

a. The name of each document (please refer to the term as defined herein;

b. The creator of each document;

c. The name and address of the person who present you with each document;

d. The date on which you received each document;

e. The date on which you reviewed each document;

f. The name and address of each person with whom you reviewed or discussed the document;

g. Any inconsistencies which you noted at the time between any of the documents or contents reviewed;

h. Any action you took, or considered but did not take as a result of knowledge of the incident, through the documents.

**A. Objection. As framed, the interrogatory is vague, ambiguous and argumentative. Assuming that the interrogatory is a continuation of the previous interrogatory, it is also objectionable on the grounds that Plaintiff Pechner, nor Plaintiff Fernandez for that matter, received a disability retirement due to**

**sexual harassment. Thus, inasmuch as there are no documents pertaining to any sexual harassment disability retirement, no such documents were reviewed.**

**S.A. Plaintiff Pechner-James disability retirement, as with Plaintiff Fernandez's disability retirement, was submitted by the Chief of Police directly to the Revere Retirement Board. While I had a general awareness that the disability process was ongoing, I was not involved in that process and did review any of the documents related thereto.**

11. Did you and/or the Revere Police Department make a determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department or any laws of the Commonwealth of Massachusetts or the United States were violated? If so, please state the basis for you and/or the Revere Police Department's determination including every fact you relied on in making a determinations as to whether or not any rules, regulations, orders or policies of the Revere Police Department or laws or ordinances of the City of Revere or any laws of the of the Commonwealth of Massachusetts or the United States were violated in the circumstances surrounding the employment and the ending of her employment.

**A. The City Solicitor has concluded that no rules, regulations, orders or policies of the Revere Police Department, nor any laws of the Commonwealth or of the United States have been violated. See the City's MCAD response, the City's answer to the complaint on file herein and also all of the dispositive pleadings filed by the City, the Chief and myself in the instant action.**

**S.A. Objection. The request as framed lacks any context whatsoever and is so completely open ended as to encompass anything and everything. Without waving said objection, and presuming that the interrogatory is directed to the "incident" as set forth in the definitional section preceding, I did not make an independent determination as to whether or not any rules, regulations, orders or policies of the Revere Police Department, or any laws of the Commonwealth or of the United States had been violated. I relied upon the investigation conducted by the City Solicitor and the conclusions he reached as a result of that investigation as presented in the City's Position Statement filed with MCAD.**

12. Please identify all of the evidence you reviewed concerning the sexual harassment complaint of Terri Pechner-James and ending of her employment. Such evidence should include but is not limited to:

a. All documents or reports of any kind;

b. All conversations you have regarding the incident;

c. All inspections you made of the detention area;

7

d. All documents regarding the training of any of the officers; and

e. All records reviewed pertaining to the officers, or detention attendants in this litigation.


**A. Objection. The interrogatory invades the attorney-client and attorney work product privileges. Without waiving said privileges, I reviewed the documents submitted in support of my motion for summary judgment and the motion for summary judgment of Chief I may have reviewed some of the documents submitted to MCAD.**

**S.A. I may have reviewed the City's Position Statement filed with MCAD.**

13. Did you have any communications with the defendant Terrance Roy Colannino or other City officials concerning the employment and the ending of her employment through and including present time? If so, please state the date and time of each communication, the individuals present, the subject mater discussed, the identity of the documents, facts, and persons discussed, state in as much detail as possible what you said to defendants Terrence Reardon and Roy Colannino and/or the individual Revere Police Officers and/or Revere City Official and what he, she, or they said to you.

**A. Objection. As framed, the interrogatory is vague and ambiguous. Assuming that the interrogatory is a continuation of the previous interrogatory, presumably the interrogatory speaks only to Plaintiff Pechner. To the best of my recollection, in March of 2001, Chief Colannino was on extended sick leave pending retirement. I do not recall any conversations with him concerning Plaintiff Pechner's employment with the City of Revere. I would not have spoken to Chief Terence Reardon about Plaintiff Pechner's employment until after I had appointed him Chief in January of 2002. By that time, the MCAD complaint was being handled directly by the City Solicitor's office and so I would have dealt with them regarding it and not Chief As for Plaintiff Pechner's medical retirement, I may have spoken to Chief about that in passing, but I recall nothing specifically.**

14. Identify each and every informal or complaint made against the City of Revere and/or the Revere Police Department, and/or a Revere Police Officer, of which you were aware, during your term of office as mayor, alleging police misconduct, including sexual harassment by stating for each complaint:

a. The name and address of each person who brought the complaint;

b. The date on which the informal or formal complaint was made;

c. The date of each alleged incident which is the subject of the complaint;

d. The name and address of each officer against whom the complaint was made;

8

e. The person to whom the complaint was made;

f. The substance of each complaint;

g. The identity of each document pertaining to the incident;

h. The identity of each document reviewed by Revere Police Department authorities and generated by the Revere Police Department during and/or as a result of the incident and/or complaint;

i. Each and every person interviewed by the Revere Police Department concerning the alleged incident;

j. The outcome and/or disposition of each complaint;

k. The name and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

l. Each and every decision you made regarding or as a result of each complaint.

**A. Objection. The request is overbroad, burdensome and oppressive. Without waiving said objection, the only complaints regarding sexual harassment were made by the Plaintiffs herein and Kathy Fish. Records related to Kathy Fish's MCAD complaint have already been produced. The information related to the Plaintiffs' complaints are already in Plaintiffs possession.**

15. Identify each and every person who you and/or the City of Revere and/or the Revere Police Department contacted and/or had communications with concerning the investigation of any and all claims of sexual harassment filed by and (sic) police officer against the Revere Police Department.

**A. Objection. The request invades the attorney-client and attorney work product privileges.**

**S. A. Objection. Inasmuch as the claim of Kathy Fish was determined to lack probable cause by MCAD and Ms. Fish took no further action thereafter, to the extent the interrogatory is attempting to reach information concerning communications related to said claim, it is not reasonably calculated to lead to the discovery of relevant or admissible evidence and is therefore irrelevant.**

**It is my understanding that former City Solicitor Robert point of contact at the Revere Police Department was Captain Fred Roland, now retired. A review of the**

9

**City's Position Statement in response to the MCAD complaints of both Plaintiff Pechner and Plaintiff Fernandez reveals the names of the individuals with whom the City communicated regarding the same.**

**I, along with then City Solicitor Robert Marra and Police Chief Roy Colannino and the City Personnel Director, attended an Executive Session of the Revere City Council on April 30, 2001, to discuss the MCAD complaints of Kathy Fish and the Plaintiffs herein.**

16. Identify all law enforcement officials who were involved in the investigation of sexual harassment complaints by the Plaintiffs and /or other police officers. For each law enforcement official and city official who was involved in the investigation, state in detail:

a. The name, address, and telephone number of the official involved;

b. The tasks concerning the investigation that were assigned to the official;

c. The dates on which each task was accomplished;

d. The on which you reviewed the official's work or report;

e. The dates on which you communicated with the official about investigation and the which were exchanged between the official and you and/or the Revere Police Department.

f. The impact which each communication had on your decision and/or that of the Revere Police Department not to convene a board of inquiry or institute disciplinary actions against any members of the Revere Police Department.

**A. The investigation and response to the MCAD complaints of the Plaintiffs herein and of Kathy Fish were handled by the City Solicitor's office. I had little to no involvement in responding to them and have no idea what, if any, officers of the Revere Police assisted in this regard. See Chief Reardon's answer to an interrogatory similar to this one.**

**S.A.    (a) Captain Fred Roland, now retired and represented herein by Reardon, Joyce & Akerson, P.C. See also the City's Position Statement filed in response to each Plaintiff's MCAD complaint for the names of the other individuals with who were involved in the investigation.**

**(b) I do not know the specific tasks assigned to Capt. Roland, if any, by former City Solicitor Robert Marra. It is my understanding that Capt. Roland served as Solicitor Marra's point of contact with the Revere Police Department.**

**(c) Unknown, if any.**

**(d) I did not review Capt. Roland's and am unaware and any report prepared by him. I may have reviewed the City of Revere's Position Statement filed with MCAD in the normal course of business, but I have no specific memory of doing so.**

**(e) I was not in contact with Capt. Roland regarding the MCAD complaint. Objection. This request invades the attorney-client privilege to the extent it seeks details concerning any communications I may have had with the then City Solicitor.**

**(f) Since the investigation revealed no acts of sexual harassment or sex based discrimination as defined under the relevant legal standards (see the City's Position Statement filed with MCAD), no further action was taken by me.**

17. Identify all violation of civil rights occurring during the past twenty years in which an employee of the Revere Police Department complaint or sued the Revere Police Department. For each incident state:

   a. The name and last known address of each party;
   b. The date of the violation;
   c. The details of the circumstances surrounding the reported violation;
   d. The name of the investigating officers, and any Revere police officers having contact with the parties.
   e. Whether or not the Revere Police Department conducted an investigation into the reported violations and if so, identify all documents pertaining to such investigation, the date such documents were created, the creator of such documents, the date the Revere Police Department received the documents, and each document reviewed by the Revere Police Department and any documents generated by Revere Police Department during and/or as result of the violation and/or complaint.
   f. Each and every person interviewed by the Revere Police Department concerning the alleged violation from the date of said violation to the present.
   g. The outcome and/or disposition of the investigation into each victim's case.
   h. The names and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated.

**A. Objection. The request is overbroad, burdensome and oppressive and not reasonably calculated to lead to the discovery of evidence which is relevant or admissible. Moreover, the request seeks information which is probably equally available to Plaintiff from the public record.**

11

**S.A. For the time-frame of 1990 to 2002, I am informed and believed there were no such complaints.**

18.     Identify all efforts you made as the Mayor of Revere to insure that the Revere Police Department carried our its duties lawfully in accordance with federal, state, and municipal laws and in accordance with the Revere Police Department rules and regulations.

**A. I do not directly supervise the Revere Police Department. That function is entrusted to the Chief of Police. I rely upon the Chief of Police, a trained law enforcement professional with many years of experience, to operate the Police Department in accordance with the law. As and when the need arises, I discuss with the Chief any issues which may be of concern.**