UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TERRI PECHNER-JAMES and
SONIA FERNANDEZ, Plaintiffs,**

v.                                                           C.A. No. 03-12499-MLW

**CITY OF REVERE, THOMAS AMBROSINO,
MAYOR, CITY OF REVERE POLICE
DEPARTMENT, TERRENCE REARDON,
CHIEF OF POLICE, BERNARD FOSTER,
SALVATORE SANTORO, ROY COLANNINO,
FREDERICK ROLAND, THOMAS DOHERTY,
JOHN NELSON, JAMES RUSSO, MICHAEL
MURPHY and STEVEN FORD,**
         **Defendants,**

**PLAINTIFFS POSITIONS AS TO CONTESTED ISSUES ON RESPONSES
PROVIDED BY DEFENDANT, THOMAS AMBROSINO**

Pursuant to the Court's Order of October 23, 2006, the Plaintiffs state below their position as to each contested Response to Interrogatories provided by Defendant, Thomas Ambrosino.

Interrogatory No .3:  Plaintiffs Position In Response

The Response to Interrogatory 3 is relevant and admissible on the issues of satisfaction of judgments, and payment of damages. These issues will undoubtedly arise during Phase Two of the trial. Fed. R. Civ. P. 26 takes a very broad view with respect to what information is discoverable. See Rule 16 (b)(1)(in depth discussion of the scope of discovery). Requested information need not be admissible, only relevant. Determination and satisfaction of damages are both relevant and admissible.

Interrogatory No. 4: Plaintiffs Position In Response

Interrogatory No. 4 seeks information that is admissible and highly relevant to "custom and usage" of the City of Revere. The manner in which the Defendant, Mayor, Thomas Ambrosino handled the complaints referenced in Interrogatory No. 4 is both relevant and

admissible to the "standard operating procedure" of the City of Revere. See <u>Pembauer v City of Cincinnatti</u>, 475 U.S. 469 (1986). The Defendant acknowledges that "I was informed of the complaints of Kathy Fish and the Plaintiffs herein." The Mayor describes his response to the complaints as follows:" The City of Revere responded to each of these complaints as required by law and the procedures of the MCAD. His response fails to acknowledge his general superintendence powers over the Police Department provided by the Plan B Charter that governs the City of Revere. The MCAD cannot exercise this power and their actions are not a substitute for action by the chief executive officer of the City of Revere.

<u>Interrogatory No. 5. Plaintiffs Position In Response</u>

Interrogatory No. 5 seeks information about the longstanding practice or custom of the City of Revere in the manner in which it deals with "abuse of lawful authority, sexual harassment, or other violation of any person's state or federal civil rights." The Defendant's answer is non-responsive. A casual reference to an unidentified public document is deliberately evasive. The Defendant's entire response relies upon an unidentified "online address" and a "public record" whose location is unknown.

<u>Interrogatory No. 7. Plaintiffs Position In Response</u>

The standard for discoverable material is relevance, not admissibility. Defendants counsel, on two separate occasions, in open court, on May 22, 2006 stated that he has "bankers boxes" full of information about the Plaintiffs. He also stated very clearly that he intended to use the content of those boxes at trial. On the same day that he made those statements in court, he provided Plaintiffs counsel with these responses. Information that Defendants counsel intends to introduce at trial is clearly relevant, presumably admissible and within the scope of Rule 26.

The Defendant states that city employees "may be reached through the Office of the City Solicitor for the City of Revere. This statement comes on the heels of his assertion that

2

this Interrogatory " invades the attorney-client and work product privileges." This response is deliberately and intentionally evasive. It is designed to frustrate the discovery objectives of Rule 26. See Rule 26(b)(3)(in depth discussion of recovery of work product and Rule 26(b)(1)(in depth discussion of the scope of discovery.) Neither the Defendant's Answer nor his supplemental answer satisfy the discovery requirements of Rule 26(b)(1) and Rule 26(b)(3).

Interrogatory No.8: Plaintiffs Position In Response

The Defendant provided the same answer to this question that he provided to Interrogatories 1,2,3,12, and 13. The interrogatories are not similar; the Defendant's responses are the same. The response is the repetition of a stock answer. It is deliberately evasive and constitutes a non-response.

Interrogatory No. 9: Plaintiffs Position In Response
The Defendant's answer to this Interrogatory is crucial. The Defendant provides information about the Massachusetts Commission Against Discrimination (MCAD). The powers and responsibilities of the chief executive officer of the City of Revere cannot be delegated to the MCAD. Both the initial and supplemental answers that the Defendant provided are evasive and constitutes a non-response.

At the heart of this case is the municipal liability of the City of Revere and the strict liability of its policymakers for the injury caused by those upon whom they conferred authority. Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996); College Town, Div. of Interco., Inc. v MCAD, 400 Mass 156, 508 N.E.3d 587 (1987). See Also Docket No. 87.  The failure to investigate, the deliberate indifference of the Mayor is central to this liability. Mayor Thomas Ambrosino, like Mayor John Bullard in Gonsalves v City of New Bedford, supra. has failed to exercise his powers as chief executive officer and permitted a pattern of deliberate indifference to injure the Plaintiffs. He, like Mayor Bullard, acted in accordance with the "custom and usage" of the municipality. The City of Revere, like the City of New Bedford, has a Plan B Charter. Mayor Thomas

Ambrosino, like Mayor John Bullard, is the chief executive officer and is liable for the injuries caused by those upon whom he conferred authority. See College-Town, supra.

This interrogatory seeks answers to the investigation of Plaintiffs complaints. It requests information on the nature of any investigation that was conducted, the results of any investigation that the mayor conducted and the manner in which he exercised his statutory powers over the Revere Police Department. Both the initial and the supplemental responses attempt to substitute the actions of the MCAD as a substitute for the exercise of the Mayor's statutory powers. Both the initial and the supplemental answers constitute a non-response.

Interrogatory No. 10: Plaintiffs Position In Response

The purpose of this interrogatory is to determine the nature, depth and the extent of the investigation that the Defendant conducted or caused to be conducted. This Interrogatory has subparts (a-h). The responses required are specific in nature. The Plaintiffs were disabled by the post-traumatic stress of their employment at the Revere Police Department. The Interrogatory seeks information on any investigation by the mayor into the cause of the Plaintiffs injury. Failure to conduct such an investigation is evidence of deliberate indifference.

Interrogatory No. 11: Plaintiffs Position In Response

The Plaintiffs were injured by their employment at the Revere Police Department. The purpose of Interrogatory No. 11 is to determine whether the mayor and/or the Revere Police Department conducted an investigation of the cause of the injury and whether the circumstances that caused the injuries violated state or federal laws. It was the legal responsibility of the mayor to make such a determination because the Plaintiffs reprted their experiences directly to him.

In Interrogatory No. 9, the Mayor states that City Solicitor, Robert Marra responded to the MCAD complaint. Both the initial and the supplemental response rely upon a legal

4

defense developed by the City Solicitor's office rather that an investigation conducted by either party. The Mayor's failure to investigate is further evidence of a policy of deliberate indifference to the Plaintiffs injuries.

Interrogatory No. 12: Plaintiffs Position In Response

This interrogatory requests the evidence that resulted from the mayor's investigation of the cause of the Plaintiffs injuries and consequent ending of employment. The interrogatory specifically asks for (a) document or reports of any kind; (b) conversations regarding the incident; (c) inspection of the detention area; (d) documents regarding the training of any officers; and (e) all records reviewed pertaining to the officers or attendants involved in this litigation.

Attorney-client privilege and work-product protection are two distinct and separate privileges. Neither is absolute. Attorneys with discoverable facts are not covered by attorney-client privilege or work product protection. Those facts are subject to discovery. United Phosphorus Ltd. v Midland Fumigani, Inc., 164 F.R.D. 245 (D. Kan. 1995). The party asserting the privilege has the burden of proving that the privilege applies. The Defendant has asserted the privilege but has not met the burden of proving that the privilege applies. He is using it simply as a bar to discovery. The Defendant has asserted the privilege but has given no reasons why the court should uphold his assertion. There is no legal support for the Defendants non-response to this interrogatory.

Interrogatory No. 13: Plaintiffs Position In Response

This interrogatory seeks to determine the extent to which the Mayor exercises his statutory powers of the Revere Police Department. The Defendant did not provide a supplemental response. The MCAD cannot exercise the mayor's statutory powers. This answer is deliberately evasive and constitutes a non-response.

Interrogatory No. 14: Plaintiffs Position In Response

This interrogatory has subparts (a-e); it seeks to specifically determine the "custom and usage" of the City of Revere in handling complaints of sexual harassment and police misconduct. It does not ask for the medical information that the Defendant provided. Substituting medical information for factual determination based upon an investigation is deliberately evasive. This evasion reflects a deliberate indifference and an acquiescence in the "standard operating procedure" of the City of Revere. This evasive answer underscores the mayor's failure to review or to treat complaints of sexual harassment with more than the customary indifference. This answer constitutes a non-response to the Plaintiffs interrogatory.

Interrogatory No. 15: Plaintiffs Position In Response

The Defendant failed to identify the "prior discovery response" in which he provided the information requested by this interrogatory. The supplemental answer is more evasive than the initial answer. The supplemental answer provides information that was not requested. Neither Kathy Fish, Robert Marra nor the MCAD are members of the Revere Police Department.  This answer constitutes a non-response to the Plaintiffs interrogatory.

Interrogatory No. 16: Plaintiffs Position In Response

The answer to this interrogatory contains an important admission by the Mayor about his role in the investigation of the Plaintiffs complaints. He stated: "I had no involvement." This answer also states: "See Chief Reardon's answer to an interrogatory similar to this one." The answer fails to identify the specific interrogatory it wishes to incorporate into this response. The supplemental answers confirm that the mayor (a) could not identify the law enforcement or police officers involved in the investigation of the sexual harassment complaints;(b) he did not know the tasks that were assigned to the officers involved; (c) he did not know the dates on which each task was accomplished; (d) he did not review the reports of these officials or officers' (e) that he was not in contact with Capt. Roland,

6

yet he states with certainty (f) that the investigation revealed no acts of sexual harassment or sex-based discrimination." This response demonstrates a deliberate indifference, a failure to act, a posture of non-involvement and a failure to exercise statutory authority. This answer constitutes a non-response to the Plaintiffs interrogatory.

Interrogatory No. 17. Plaintiffs Position In Response

This interrogatory encompasses a ten-year period prior to the hiring of the Plaintiff and a ten-year period since the Plaintiffs date of employment. This period of time is reasonable. The policies of the City of Revere during this period are part of the City's longstanding practice, custom and standard operating procedure. The Defendant has failed to identify "the public record on which he relies for his response to this interrogatory. The Defendant's failure to answer this interrogatory constitutes an admission that its longstnding practice, custom and standard operating procedure have made it impossible to answer this Interrogatory. His supplemental answer is based upon information and belief, not personal knowledge. This answer constitutes a non-response to the Plaintiffs interrogatory.

Interrogatory No.18: Plaintiffs Position in Response

This interrogatory has no supplemental response. It asks the mayor to "identify all efforts that he made, as mayor, to ensure that the Revere Police Department carried out its duties lawfully and in accordance with federal, state and municipal laws and in accordance with the Revere Police Department rules and regulations."

The mayor is the chief executive officer of the City of Revere. This response places total reliance upon his appointee, the chief of police. He fails to mention either his statutory responsibility or his statutory authority. The position of chief of police is clearly a position upon which the mayor has conferred authority. See College-Town. The position of chief of police, created by city ordinance, does not have the statutory authority of the mayor and does not absolve the mayor of statutory responsibility. This answer constitutes a non-response to the Plaintiffs interrogatory.

7

/s/ James S. Dilday_____
James S. Dilday, BBO# 124360
Grayer & Dilday, LLP
27 School Street Suite 400
Boston, MA 02108
(617)227-3470

8