UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and SONIA FERNANDEZ | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER | ) |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
|     Defendants | ) |

## NOTICE OF ATTORNEY'S LIEN AGAINST PROCEEDS OF TERRI PECHNER-JAMES

Pursuant to M.G.L.c. 221 § 50, James S. Dilday and Carlton J. Dasent, collectively referred to hereinafter as "counsel" request that this Honorable Court acknowledge this Notice of Attorney's Lien and establish for the benefit of counsel a lien against any and all proceeds due to Plaintiff, Terri Pechner-James in the pending matter whether said proceeds are received by judgment of the court, or by settlement of the parties.

Counsel hereby requests a hearing on the Notice of Attorney's Lien on the grounds that counsel has given notice to the Plaintiff and her new counsel of the existence of counsel's claim and the Plaintiff has failed to respond; counsel has made several offers to meet and confer with Plaintiff and her counsel; neither party has responded to counsel's requests to "meet and confer." Counsel states the following as grounds for their lien and for their request for hearing:

1. M.G.L.c. 221 § 50 states as follows:

**Chapter 221: Section 50. Attorney's lien for fees; enforcement**

Section 50. From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

2. James S. Dilday, represented the Plaintiff until February 6, 2007 when the Plaintiff terminated his representation; Carlton J. Dasent represented the Plaintiff until September 12, 2005. Both parties are hereinafter referred to as "counsel".

3. Counsel made court appearances, attended administrative proceedings before state boards and commissions; counsel was authorized to and commenced a cause of action for the Plaintiff. Counsel successfully represented the Plaintiff in proceedings before the Massachusetts Division of Administrative Law Appeals, the Revere Retirement Board, and the Massachusetts Public Employee Retirement Administration Commission.

4. Counsel filed a civil action for the Plaintiff in Suffolk Superior Court, No: 03-4685-G; the Defendants moved this civil action to Federal District Court.

5. In addition to representing the Plaintiff, Terri Pechner-James, before boards, commissions and in court proceedings, counsel traveled to several depositions and meetings including depositions held on January 20, 2006, March 14, 2006, April 7, 2006, May 5, 2006, May 25, 2006, May 30, 2006, June 7, 2006 and June 22, 2006.

6. The Defendant, particularly the City of Revere, multiplied litigation and created more than two hundred sixty (260) docket entries; most of the municipality's pleadings were repetitious, oppressive, often offensive, and unnecessary.

7. Counsel's statement of attorney's fees reflects the often excessive and abusive litigation practices of the municipality and its former counsel, Walter H. Porr, Jr.

8. Both time sheets submitted in support of this lien account for a total of eighteen hundred and ten point thirty-six (1,810.36) hours spent representing the Plaintiff during the past six (6) years.

9. M.G.L.c. 221 § 50 provides that counsel who appeared for Plaintiff in proceedings "shall have a lien for his reasonable fees" upon the Plaintiff's cause of action and "the proceeds derived therefrom."

10. The lien that counsel seeks is reasonable. Counsel currently bills client's at a rate of Three Hundred and Fifty ($350.00) dollars per hour. Counsel has billed the Plaintiff at the reduced rate of Two Hundred and Fifty ($250.00) dollars for the entire period of her representation. This rate is reasonable and consistent with rates charged in this jurisdiction.

11. The total lien of $452, 290 that counsel seeks is, likewise, reasonable. The numerous depositions attended, the plethora of pleadings filed by the Defendants, including motions to compel the Plaintiff to answer repeated questions about abortions, miscarriages and sexual intercourse at her junior prom.

   WHEREFORE, counsel moves this Honorable court to acknowledge this Notice of Lien, establish an attorney's lien in the amount requested, for the benefit of counsel and against any and all proceeds due to Plaintiff, Terri Pechner-James in the pending matter whether said proceeds are received by judgment of the court or by settlement of the parties, and to find:

1. The time expended by counsel and detailed in Exhibits A and B attached is reasonable;

2. The hourly rate charged by counsel is likewise reasonable considering the rates charged in this jurisdiction;

3. The lien of $452, 290 sought by counsel is, likewise, reasonable considering the numerous depositions attended, the plethora of pleadings filed by the Defendants, the excessive number of docket entries, counsel's success at the administrative hearings and success; counsel's success in bringing Plaintiff's case to the mediation stage and continuous legal representation over six (6) years of litigation.

4. Such other and further relief as this court may deem just and proper.

## REQUEST FOR HEARING

Counsel hereby requests a hearing at the Court's discretion, on this Notice of Attorney's Lien on the Plaintiff's proceeds, prior to any agreement or judgment whether determined by mediation or by order of the court in the above captioned matter.

Respectfully submitted,

/s/ James S. Dilday_____
James S. Dilday, BBO# 124360
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470