Patrick J. Sacco, Esq.
The Crest Group, LLC
600 W. Cummings Park, Ste 1000
Woburn, MA 01801

Re: Terri Pechner-James et al v City of Revere et al

Dear Mr. Sacco:

I am enclosing a billing statement of the time this office and associated attorneys have spent working on Ms Pechner-James case from the inception of our representation to the date that we were terminated. We have tried to separate out the time spent on Ms Pechner-James' matter from that of Sonia Fernandez. When there is a situation where we were doing the same work for both individuals, we have billed Ms Pechner-James for half of that work.

As I am sure you are aware, Massachusetts law overwhelmingly supports the right of an attorney to recover attorneys fees under a contingent fee agreement that has been terminated, as in this case, by a Plaintiff. M.G.L.c. 221 § 50 states the following:

> From the authorized commencement of an action, counterclaim or other proceedings in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or the attorney, the court in which the proceedings is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

The contingency agreement signed by the Plaintiff complies with the law in Massachusetts and states the following:

> 6. If the attorney(s) are discharged by the client prior to the conclusion of this representation, the attorney(s) shall be entitled to be compensated for their reasonable expenses and disbursements. Further, the attorney(s) are to be compensated for the fair value of the services rendered to the Client up to the time of the discharge, but the amount of the fees shall not be due them until the subject matter litigation is concluded.

Under M.G.L.c. 221 § 50, the court must determine whether a lien exists and, if so, enforce it for the amount found to exist. <u>Elbaum v Sullivan</u>, 344 mass 662, 664 (1962). The statute provides for attorneys fees **"from the commencement of an action…in any court, or appearance in any proceeding before any State….board or commission."**

This office commenced an action-See U.S. District Court of Massachusetts Case No: 03-12499-and appeared in proceedings before such state boards and commissions as DALA, PERAC and the Revere Retirement Board. The lien against any "judgment, decree or order" in favor of Plaintiff, Terri Pechner-James and any "proceeds derived therefrom" has been perfected by our appearances and commencement of action. Grady v Boyle, 1994 Mass. App. Div 163 (1992).

Attorneys liens are devices, first created by common law. They help attorneys deal with the often-encountered reluctance of certain clients to pay for legal fees at the conclusion of a matter. See Boswell v Zephyr Lines, Inc. 414 Mass 241 (1993).

Enforcement of Lien:

Boswell v Zephyr Lines, Inc, 414 Mass 241, 249 (1993) demonstrated that the attorney has a contractual or quantum meruit right to recover fees either from his client or pursuant to some other arrangement between the parties. M.G.L.c. 221 § 50 requires that the attorney show that:

(1) an action was commenced, PCR Management Co., Heath Properties v Credle, 427 Mass 636, 694N.E.2d 1273 (1998);

(2) the attorney appeared for the client in that action, (or appeared before a board or commission) Boswell v Zephyr Lines, Inc, 414 Mass 241, 249 (1993);

(3) a court entered a judgment, decree, or order in that action Craft v Kane, 51 Mass App. Ct. 648, 747 N.E.2d 748 (2001);

(4) the judgment, decree, or order was favorable to the attorney's client, Cohen v Liberty, 38 Mass App. Ct. 1, 644 N.E.2d 250 (1995); and

(5) proceeds were derived from that judgment, decree or order, In re Leading Edge Products, Inc., 121 B.R. 128 (BkrtcyD. Mass (1990).

For purposes of M.G.L.c. 221 § 50, a "judgment" includes a stipulation of dismissal, and "proceeds" encompass monetary settlements. An attorney's lien can attach to proceeds derived from a stipulation of dismissal filed pursuant to an agreement to settle a claim in return for the payment of money. Craft v Kane, 51 Mass. App. Ct. 648, 747 N.E.2d 748 (2001).

The Massachusetts Appeals Court in Phelps Steel, Inc v Von Deak & Others, 24 Mass. App. Ct. 592 (1987) articulated clearly the principles that apply to this case. The attorneys in Phelps, Cain, Hibbard, Myers & Cook (CHMC) asserted an attorneys lien under M.G.L.c. 221 § 50 following the rupture of the attorney client relationship. The Massachusetts Appeals Court affirmed the judgment awarding the lien to CHMC.

CHMC had acted as counsel for Phelps Steel Inc., the case went well for Phelps;

2

Phelps received a judgment in its favor of $286, 651. Subsequently the relationship between Phelps and CHMC soured. Phelps informed CHMC that it had engaged a replacement. Phelps, relying on White v Harlow (1855) argued that "the withdrawal of a lawyer from the case forfeits the attorneys fees." Id at 593. The Appeals Court disagreed. It awarded attorneys fees to CHMC. This office, unlike the attorneys at CHMC, did not decide to withdraw but withdrew at the request of the Plaintiff; this office withdrew after the commencement of the action, after intense litigation-Docket Entries in excess of 260, and after this office had commenced settlement negotiations for Terri Pechner-James. The Plaintiff's obligation, in this case, is equal to or greater than the obligation of the Plaintiff in Phelps. The U.S. District Court in which this case is currently pending has jurisdiction and can determine the issue of our attorneys lien. Gagne v Cedar Development Co. 32 Mass App. Dec. 71 (App. Div. 1965).

Fee Shifting Provision:

In Northeast Avionics v City of Westfield, 63 Mass App Ct 509 (2005), the Massachusetts Appeals Court addressed the issued of fee shifting provisions. The Court held that by entering into a settlement agreement, the client waived the right under the lease's fee-shifting provision to demand that Defendant City, as losing party, pay client's attorney's fees, and instead attorney's lien attached to settlement proceeds. The settlement agreement released both parties from all obligations in the lease agreement and did not make any exception to preserve lease's fee-shifting provision; the Defendant's signing of settlement agreement did not waive the right to require payment from settlement proceeds.

If the Plaintiff, Terri Pechner-James, enters into a settlement agreement in which she waives any federal, state, statutory or other rights that she may have to fee-shifting and if she enters into a settlement agreement in which she fails to demand that the Defendant City, as losing party, pay her attorneys fees, then the attorneys lien will attach directly to the settlement proceeds. To be more emphatic, if the settlement agreement that Terri Pechner-James executes, as a result of these negotiations, releases both parties from all obligations and if it fails to make the Defendant City liable for attorneys fees, then the our attorneys lien will attached directly to the proceeds of the settlement agreement. Northeast Avionics.

Conclusion:

This office has submitted a bill to you for a total of One Thousand Eight Hundred and Eighty-Two hours (1882). During the course of this litigation, which has lasted more than six (6) years, our rates have ranged from $250 to $350 Dollars per hour. In the spirit of compromise, we will use the rate of $250 Dollars an hour to calculate the amount due on the enclosed bill. The total amount owed to this office, based on the reduced hourly rate, is Four Hundred and Seventy Thousand Five Hundred Dollars ($470,500). We have also incurred expenses for expert costs, deposition costs and other incidental expenses; the Plaintiff did provide some money for expenses; those funds were expended to pay for the numerous depositions, copying and mailing and other office expenses.

3

We look forward to hearing from you and working with you to settle the issue of our attorney's lien as part of the upcoming mediation process.

Sincerely,

_____
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470