UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**CERTIFICATE OF CONSULTATION ON NOTICE OF ATTORNEY'S LIEN**

Undersigned counsel has complied with the requirements of Local Rule 7.1 as it relates to the attached Notice of Attorney's Lien. Below is a brief history of counsel's attempts to "meet and confer" with present counsel for former client, Terri Pechner-James prior to the filing of this Notice of Attorney's Lien.

1. On March 26, 2007, undersigned counsel sent the following to the office of present counsel for Plaintiff, Terri Pechner-James: (a) Bill for legal services rendered to client up to and including February 6, 2007; (b) a four-page letter notifying Plaintiff's present counsel of the provisions of M. G. L. c. 221 § 50 creating the lien and citing supporting case law; and (c) a request to "meet and confer" on the issue.

2. Undersigned counsel received no response to the letter of March 26, 2007.

3. On April 11, 2007, undersigned counsel sent a letter in which he again requested an opportunity to "meet and confer" pursuant to the local rules of the United States District Court on Tuesday, April 17, 2007 at 3:00 p.m. or Friday, April 20, 2007 at 3:00 p.m.

4. On April 19, 2007, undersigned counsel received a letter faxed from the office of Plaintiff's present counsel stating that he would be available to discuss this matter via teleconference next Friday, April 27, 2007 at 10:00 a.m.

5. On April 23, 2007, the office of undersigned counsel faxed a letter confirming the meeting of April 27, 2007.

6. On April 25, 2007, the office of Plaintiff's present counsel faxed a letter to undersigned counsel in which he (1) cancelled the teleconference planned for April 27, 2007 and (2) stated that he was not aware of any rules that required him to "meet and confer" with undersigned counsel.

7. The issues of the Attorney's Lien pursuant to M.G.L.c. 221 § 50 remains unresolved and the impact of the fee-shifting provisions that govern Title VII actions also remain unresolved.

Undersigned counsel has complied with the requirements of Local Rule 7.1 and hereby filed the accompanying Notice of Attorneys Lien and supporting time-sheets.


/s/ James S. Dilday, Esq.
James S. Dilday, Esq.