# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

TERRI L. PECHNER-JAMES    )
and  SONIA FERNANDEZ      )
    Plaintiffs           )
                     )
VS.                       )
                     )
CITY OF REVERE, THOMAS    )
AMBROSINO, MAYOR, CITY    )
OF REVERE POLICE DEPT.    )
TERRENCE REARDON, CHIEF   )
OF POLICE, BERNARD FOSTER )
SALVATORE SANTORO, ROY    )
COLANNINO, FREDERICK      )
ROLAND, THOMAS DOHERTY    )
JOHN NELSON, JAMES RUSSO  )
MICHAEL MURPHY and        )
STEVEN FORD               )
    Defendants            )

## COUNSEL'S REQUEST FOR RULINGS OF LAW

Now come former counsel for Plaintiff, Terri Pechner-James and request the rulings of

law stated herein.  James S. Dilday, Esquire represented the Plaintiff until February 6,

2007 when the Plaintiff requested termination of representation-Docket Nos: 256, 257,

258 and 259. Carlton J Dasent jointly with James S. Dilday, hereinafter collectively

referred to as Counsel,  represented the Plaintiff at administrative hearings before the

Massachusetts Commission Against Discrimination (MCAD), the Division of

Administrative Law Appeals (DALA), and the Public Employee Retirement

Administration Commission Administration (PERAC). Counsel also represented the

Plaintiff in the Suffolk Superior Court and the United District Court for the District of

Massachusetts. Carlton J. Dasent terminated appearances in the case on September 12, 2005.  Prior to the events of Docket No: 256, the Plaintiff, Terri Pechner-James had entered into a contingent fee agreement with Counsel.

Upon termination of the agreement with Counsel, Counsel was left to seek reasonable compensation based on quantum meruit and pursuant to M.G.L.c. 221 § 50. Counsel requests that the Court find the following as law to control this situation.

1.    In the absence of a contingent fee agreement, an attorney is  entitled to fees from a client by establishing a quantum meruit basis for recovery.  Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 249-250 (1993).  Counsel has established performance that constitutes the basis of their recovery in Docket Nos: 1 through 259 and the provisions of M.G.L.c. 221 § 50-Docket No: 266.

2.    A Plaintiff has the unqualified right to discharge his/her legal representative, with or without cause.  Malonis v. Harrington, 442 Mass. 692 (2004); Salem Realty Co. v. Matera, 384 Mass. 803, 804 (1981).

3.    A client's discharge of an attorney ends the attorney's right to recover fees under the contract of employment, in this case, the contingent fee agreement. The attorney can, however, then recover under a theory of quantum meruit for the reasonable value of legal services rendered.  Craft v. Kane, 65 Mass. App.

Ct. 322 (2005). The attorney can also recover on a lien provided by M.G.L.c. 221 § 50.

4.    When an attorney has been discharged, the contingency fee contract, in the absence of a showing of substantial performance or discharge was done in bad faith; the attorneys are entitled to recovery of the fair and reasonable value of their services. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 249-250 (1993). Docket Nos: 1 through 259 confirm Counsel's substantial performance during six (6) years of representation and substantiates Counsel's right to recover at least the fair and reasonable value of their services as stated in Docket No: 266.

5.    The right to discharge an attorney is unconditional. Termination of the first attorney discharges the express contract embodied in the contingent fee agreement. The first attorney has an absolute right to be compensated for the fair and reasonable value of the services he rendered under a theory of quantum meruit in order to prevent unjust enrichment. Malonis v. Harrington, 442 Mass. 692 (2004). Counsel also has a right to recover pursuant to M.G.L.c. 221 § 50 at least the amounts established in Docket No: 266.

6.    The Plaintiff, Terri Pechner-James, reimbursed the expenses incurred by Counsel. This conduct is evidence of a shared expectation of all parties that Terri Pechner-James has assumed the responsibility for paying the attorneys

3

fees for Counsel.  <u>Malonis v. Harrington</u>, 442 Mass. 692, 699 (2004); <u>Wozniak & Padula v. Gilmore, Rees, Carlson & Cataldo, PC</u>, 2005 Mass. App. Div. 49 (2005).

7.    The client has an obligation to compensate the discharged attorney for, at least, the fair and reasonable value of services and skills expended on her behalf, on a theory of quantum meruit. The basis for this legal obligation is derived from principles of equity and fairness and to prevent unjust enrichment of one party (free legal services to the client) at the expense of another (the discharged attorney).  A review of the facts may reveal the client and her successor counsel had the reasonable expectation that successor counsel assumed the responsibility to pay the discharged attorney.  If this is the reasonable expectation of the parties, Patrick Sacco, Esquire, successor counsel is now obligated to pay Counsel, at least,  the quantum meruit  value of the legal services Counsel provided to the client.  <u>Malonis v. Harrington</u>, 442 Mass. 692, 696-697 (2004)

8.    In determining what is a fair and reasonable charge to be made by an attorney for his or her services, "[m]any considerations are pertinent, including the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by

controversy, and the results secured."  No one of the factors is necessarily decisive. "[T]he weight to be given to each of them will vary according to the nature of the services rendered in the particular instance under examination." Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1933);  See S.J.C. Rule 3:07, DR 2--106 (B), as appearing in 382 Mass. 772 (1981); McLaughlin v. Old Colony Trust Co., 313 Mass. 329, 335 (1943).


9.    A client should never be made to pay a legal fee twice.  Malonis v. Harrington, 442 Mass. 692, 696-697 ((2004). The fee-shifting provisions of 42 U.S.C. § 2000e(5)(k) and the holding of Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996) require the municipal Defendants, City of Revere, Thomas Ambrosino, Mayor and Terrence Reardon, Chief of Police, to pay the attorney fees incurred by the Plaintiff, Terri Pechner-James. Docket No: 266.


10.    Counsel's requests that the Court  determine whether the Plaintiff in this Title VII suit, Terri Pechner-James, and successor counsel, Patrick Sacco, Esquire had the reasonable expectation that they are obligated to pay to Counsel, the reasonable amount of the legal services they rendered in the above-captioned matter.  This expectation includes whether successor counsel and the client accept personal responsibility for payment to Counsel and whether they had taken any steps under the fee-shifting provisions of 42 U.S.C. § 2000e(5)(k) to secure payment from the municipal Defendants or to support Counsel's request for such payment.

In the present case, there is evidence to support the conclusion that Patrick Sacco, Esquire and the Plaintiff intended to pay for the legal services of prior counsel. This evidence includes but is not limited to Plaintiff and her counsel's decision not to file a timely objection to Docket No: 266, Plaintiff's payment of case expenses, and the fact that Patrick Sacco and his office did not enter the case until February 2, 2007-Docket Nos: 258 and 259; their appearance occurs after the Court, Counsel and all parties had decided on Mediation and had established dates for the early discussions.

Counsel represented the Plaintiff, Terri Pechner-James, for more than six (6) years. Patrick Sacco, Esquire and his office have represented the Plaintiff since February 2, 2007; their representation has lasted six (6) months as of August 2, 2007. The municipal Defendants, City of Revere, Thomas Ambrosino, Mayor, Terrence Reardon, Chief of Police are obligated to pay the legal fees incurred by the Plaintiff pursuant to the provisions of the fee-shifting statutes and the Notice of Lien filed as Docket No: 266. If, under these facts, Patrick Sacco, Esquire receives payment from the municipal Defendants for Counsel's more than six (6) years of legal representation, he is legally obligated to pay Counsel, at least the amounts established in Docket No: 266. Given a finding of this reasonable expectation, the length of Counsel's representation, the intensity of the litigation, the multiplication of pleadings by the City of Revere and the numerous responses required of

6

Counsel, concluding otherwise would allow Patrick Sacco, Esquire to be unjustly enriched by permitting him to retain the entire fee. <u>Malonis v. Harrington</u>, 442 Mass. 692, 696-697 ((2004) (citing <u>Salamon v. Terra,</u> 394 Mass 857, 859 (1985).

11.    The Massachusetts Rules of Professional Conduct states:

"(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. The factors to be considered in determining whether a fee is clearly excessive include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent."

SJC Rules of Professional Conduct, Rule 1.5

Under all the facts and circumstances of this case, a determination in favor of Counsel, herein is warranted. Given the current procedural status of the case a determination in favor of Counsel would facilitate Mediation session scheduled for September 19, 2007.

Respectfully submitted,
Counsel by,

/s/James S. Dilday
James S. Dilday
Grayer & Dilday, LLP
27 School Street
Boston, MA 02108
617-227-3470
BBO# 124360

CERTIFICATE OF SERVICE

I, James S. Dilday, certify that a copy of the within Request for Rulings was served on all parties of record by filing same with the ECF system.

August 13, 2007


/s/James S. Dilday
James S. Dilday, Esq.
27 School Street
Boston, MA 02108
(617) 227-3470