UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  **SONIA FERNANDEZ** | ) |
|     **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     **Defendants** | ) |

**NOTICE OF ATTORNEY'S LIEN, REQUEST FOR DETERMINATION AND ENFORCEMENT PURSUANT TO M.G.L.c. 221 § 50 and PAYMENT PURSUANT TO THE FEE-SHIFTING STATUTE M.G.L.c. 12 § 11 I.**

The Petitioner, Carlton J. Dasent, was co-lead counsel with James S. Dilday and provided legal representation to the Plaintiff, Terri Pechner-James as indicated in Docket No: 266. This Notice of Attorney's Lien and accompanying documents apply only to the Petitioner only and relate back to **Docket No: 266**.

The Petitioner seeks to recover pursuant to M.G.L.c.221 § 50-the Massachusetts Attorney's Lien Statute-for the reasonable value of services rendered to the Plaintiff up to September 12, 2005 as indicated in Exhibit A. This is an equitable proceeding that seeks to determine the reasonable value of Petitioner's services and to give an offset to Plaintiff for any amounts due her. The Petitioner represented the Plaintiff in retirement disability proceedings before the Division of Administrative Appeals (DALA), the Public

Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB). Petitioner also represented the Plaintiff in both the Suffolk Superior Court and the United State District Court.

Pursuant to M.G.L.c. 221 § 50, the Plaintiff moves this Honorable Court to (1) determine and enforce an Attorney's Lien in favor of the Petitioner as stated in the attached Statement of Attorney's Fees and Costs; and (2) order the Defendants to pay Petitioner pursuant to the fee-shifting provisions of M.G.L.c. 12 § 11 I. Petitioner hereby requests a hearing on this petition and states the following as grounds for his request:

1. M.G.L.c. 221 § 50 states as follows:

> **Chapter 221: Section 50. Attorney's lien for fees; enforcement**
>
> Section 50. From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

2. Petitioner, Carlton J. Dasent, represented the Plaintiff until September 12, 2005. **(See Attached Exhibit A- Statement of Attorney's Fees and Costs)**

3. Petitioner made court appearances, attended administrative proceedings before state boards and commissions; the Petitioner was authorized to and did commence cause of action 03-4685-G in the Suffolk Superior Court. The Defendants moved the case to the U.S. District Court-Docket No:1-where the Petitioner continued to represent the Plaintiff.

4. Counsel successfully represented the Plaintiff at several administrative hearings before the Massachusetts Division of Administrative Law Appeals (DALA), the Massachusetts Public Employee Retirement Administration commission (PERAC) and the Revere Retirement Board (RRB) which produced an order or decree in the Plaintiff's favor.

5. After September 12, 2005, the Plaintiff continued to be represented by Attorney James S. Dilday until she terminated him on February 27, 2007 during the planning sessions for the mediation.

6. After September 12, 2005, Attorney James S. Dilday, co-lead counsel continued to represent the Plaintiff until she abruptly terminated him on Febraury 27, 2007 during the planning sessions of the negotiations.

7. In a conference held on September 24, 2004, Judge mark L. wolf advised the parties to seek a settlement to the case. The Plaintiff made several attempts; the Defendants rejected them.

8. On February 14, 2005, Docket No: 28, the Defendants recorded their substitution of counsel. Walter Porr and Paul Capizzi replaced Ira Zaleznik, Esq. The Defendants chose instead to engage in intense and multiplied litigation.

9. At a hearing held on November 2, 2006, the Docket reflects that the Magistrate recommended that mediation was appropriate. The Plaintiff abruptly discharged Attorney Dilday while he was in the process of preparing for the recommended mediation. Docket Nos: 256 and 257.

10. On March 6, 2007, the Court entered the following electronic order. "The plaintiffs appear to be pursuing, separately, private mediation with the defendants. In the event a referral to the Court's mediation program is desired, the parties shall notify the Court."

11. The case was not settled by private mediation. On March 20, 2007, the court sent: Electronic Notice of Assignment to ADR Provider. United States Magistrate-Judge Marianne B. Bowler appointed. The Court will contact counsel with regard to scheduling. **(See docket entry of that date.)**

12. On March 21, 2007, the Court notified counsel. Docket No: 262 stated: Notice of ADR Conference Mediation Hearing set for 5-15-2007 at 10:00 am in courtroom 25 before Magistrate-Judge Marianne B. Bowler. All parties are REQUIRED to attend and MUST have full binding settlement authority. Leave of Court is required for any exceptions. All confidential mediation briefs are to be submitted to the Court VIA FACSIMILE at (617) 204-5833 no later than TWO BUSINESS DAYS prior to the hearing.

13. The Defendant, City of Revere was the first to seek " leave of court" for a continuance: **Docket No: 264**; the Mediator granted the City's request on May 4, 2007.

14. On June 19, 2007, leave of court was again sought and granted-**Docket No: 265**. The mediation was continued to August 2, 2007 at 10:00 am.

15. On July 12, 2007, new counsel for the Plaintiff, Terri Pechner-James, sought "leave of court" to continue the date of the mediation. **Docket No: 267**. The mediator granted the relief requested.

16. On September 13, 2007, the counsel for the Defendant officers requested to be excused from the mediation on September 17, 2007. The mediator, Magistrate-Judge Marianne B. Bowler entered an electronic order granting the relief requested . **Docket No: 269.**

17. On September 18, 2007, the Magistrate-Judge issued a Notice of ADR Conference that continued the mediation hearing to September 27, 2007 at 12:00 p.m. in Courtroom 25.

18. On September 27, 2007, the court entered the following: "REPORT of Alternative dispute Resolution Provider. The case as to Terri pechner-James is settled." **Docket No: 271**

19. On October 2, 2007, the Court recorded the result of the settlement. The result of the court-ordered and supervised mediation and settlement was recorded in **Docket No: 272**.

20. **Docket No: 272** states: STIPULATION of Dismissal with Prejudice as to claims of Plaintiff, Terri Pechner-James only.

21. This Stipulation of Dismissal was achieved as the result of private mediation. It was achieved as the result of the court ordered Alternative Dispute Resolution (ADR) conducted by Magistrate-Judge Marianne B. Bowler; entries in connection with the mediation were recorded on the docket of this case.

22. The Defendants agreed to make a monetary payment, that is more than $1 and more than $1,500, to the Plaintiff, Terri Pechner-James as part of the settlement.

23. The Plaintiff, Terri Pechner-James is a prevailing party as stated in M.G.L.c. 12 § 11 I and is entitled to the benefits of its fee-shifting provisions. The Court can in its discretion grant the Plaintiff the benefits of the fee-shifting provisions of 42 U.S.C. § 2000e-5(k).

WHEREFORE, the Petitioner requests the following:

1. Determination and enforcement of the attorney's lien pursuant to the provisions of M.G.L.c. 221 § 50 in the amount stated in Exhibit A or in an amount that the court deems reasonable.

2. Determination and enforcement of the attorney's lien pursuant to M.G.L.c. 12 § 11 I in the amount stated in Exhibit A and order payment by the Defendants pursuant to the fee-shifting provisions of this statute.

3. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Carlton J. Dasent
Carlton J. Dasent, Petitioner
109-8th Street,
New Bedford, MA 02740
(617) 894-2087