UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES and SONIA FERNANDEZ<br>    Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPT.)<br>TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER)<br>SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY JOHN NELSON, JAMES RUSSO MICHAEL MURPHY and STEVEN FORD<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF NOTICE OF ATTORNEY'S LIEN, REQUEST FOR DETERMINATION AND ENFORCEMENT PURSUANT TO M.G.L.c. 221 § 50 and PAYMENT PURSUANT TO THE FEE-SHIFTING STATUTE M.G.L.c. 12 § 11 I.**

The Petitioner, Carlton J. Dasent was co-lead counsel with Attorney James S. Dilday and provided legal representation to the Plaintiff, Terri Pechner-James as indicated in **Docket No: 266**. The attached Notice of Attorney's Lien and Statement of Attorney's Fees and Costs are for the Petitioner only and relate back to **Docket No 266.**

The Petitioner does not seek to recover on a contract. The Petitioner seeks to recover pursuant to M.G.L.c. 221 § 50-the Massachusetts Attorney's Lien statute- for the reasonable value of services rendered to the Plaintiff, Terri Pechner-James up to September 12, 2005 as indicated in **Exhibit A.** This is an equitable proceeding that seeks to determine and enforce the reasonable value of Petitioner's services. The Petitioner represented the Plaintiff in retirement disability proceedings before the Division of Administrative Law Appeals (DALA), the Public Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB).

The Petitioner has also represented the Plaintiff in Civil Action: 03-4685-G in Suffolk Superior Court. The Defendants moved the civil action to the U.S. District Court. **Docket No: 1**. The Petitioner continued to represent the plaintiff after the Defendants moved the matter to the District Court. The Petitioner has attached a Statement of Attorney's Fees & Costs to this Notice of Attorney's Lien; he seeks to recover the reasonable value of services rendered to the Plaintiff, Terri Pechner-James up to September 12, 2005. **See Docket No: 266.**

On September 24, 2004, Chief Judge Mark L. Wolf advised the parties to seek a settlement of this case. The Petitioner, along with co-counsel made several attempts at settlement. The Defendants rejected all offers and attempts at settlement. The Defendants responded to the Judge's instruction by conducting a period of intense and sometimes repetitious litigation which greatly increased the docket entries. The number of docket entries tripled between the Judge's instructions and the termination of the Petitioner on September 12, 2005.

On February 14, 2005, **Docket No: 28**-the Defendants recorded substitution of counsel. Walter Porr, Esq. and Paul Capizzi, Esq. replaced Ira Zaleznik, Esq. The docket entries now exceed two hundred and seventy (270).

The Court advised the parties, after the departure of Walter Porr, Esq., that mediation private or court supervised was appropriate. That hearing was held on November 2, 2006.

On March 6, 2007, the Court made the following electronic entry: "The plaintiffs appear to be pursuing, separately, private mediation with the defendants. In the event a referral to the Court's mediation program is desired, the parties shall notify the Court."

The case was not settled by private mediation. The court mediation program as outlined in Local Rule 16.4 was utilized. The settlement and Stipulation of Dismissal-Docket No: 272-were achieved with the supervision, oversight and direct involvement of the Court.

On March 20, 2007, the Court sent Electronic Notice of assignment to ADR Provider. The entry stated United States Magistrate-Judge Marianne B. Bowler appointed. The Court will contact counsel with regard to scheduling. (See Docket Entry of March 20, 2007.)

On March 21, 2007, the Court notified counsel of the mediation date. **Docket No: 262**.

The entry stated: "Notice of ADR Conference Mediation Hearing set for 5-15-2007 at 10:00 am in Courtroom 25 before Magistrate Marianne B. Bowler. All parties are REQUIRED to attend and MUST have full binding settlement authority. All confidential mediation briefs are to be submitted to the court VIA FACSIMILE at (617) 204-5833 no later than TWO BUSINESS DAYS prior to the hearing.

The Magistrate-Judge was required to make several rulings during the period of mediation. The Defendants, City of Revere was the first to seek "leave of court"; they requested a continuance **Docket No: 264**. The mediator granted the City's request on May 4, 2007. On June 19, 2007, "leave of court" was again requested-Docket No: 265; the mediator, Magistrate-Judge Marianne B. Bowler, granted the motion to continue requested in **Docket No: 265**. She continued the mediation to August 2, 2007 at 10:00 am.

On July 12, 2007, the mediator made a third ruling. Counsel for the Plaintiff requested "leave of court" for a continuance of the mediation date. **Docket No: 267.** On the same date, the mediator entered an electronic order granting the relief requested. On September 13, 2007, the counsel for

the Defendant officers, in **Docket No: 269**, requested and received permission to be excused from the mediation.

On September 18, 2007, the mediator issued a Notice of ADR Conference that continued the mediation to September 27, 2007 at 12:00 pm in Courtroom 25. On September 27, 2007, the Court entered a "REPORT of Alternative Dispute Resolution Provider: The case as to Terri Pechner-James is settled: **Docket No 271.**

The Court recorded the report of the settlement and the Stipulation of Dismissal in **Docket Nos: 271 and 272**. The settlement that the Plaintiff entered into with the Defendants was not the result of private mediation. It was court-ordered; the result achieved was due solely to the supervision, oversight and direct involvement of the court.

The supervision, oversight and direct involvement of the court provides the judicial imprimatur makes the Plaintiff a prevailing party and the Petitioner entitled to the relief sought pursuant to M.G.L.c. 221 § 50 and M.G.L.c. 12 § 11 I.

**Applicable Law:**

M.G.L.c. 221 § 50; M.G.L.c. 12 § 11 I and 42 U.S.C. § 2000e-5(k).

Local Rules of Federal District Court: Rule 16.4

**ARGUMENT**

**(1) M.G.L. c. 221 § 50 provides the Petitioner with a lien for the reasonable value of his services; it authorizes this Court to determine and enforce the lien for the reasonable value of services upon the entry of judgment, decree or other order.**

M.G.L.c. 221 § 50 states the following:

> From the authorized commencement of an action, counterclaim or other proceeding in any proceeding in any court or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceedings shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceedings, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court may determine and enforce the lien…

The lien against the "proceeds" that the Plaintiff derived pursuant to her settlement and Stipulation of Dismissal-**Docket Nos: 271 and 272**-are based squarely on Massachusetts law. Petitioner's right to have his fees paid by the Defendants is based upon the fee-shifting statute- M.G.L.c. 12 § 11 I.  Massachusetts law recognizes a stipulation of dismissal, such as the one

3

made and entered in **Docket No: 272**, as a judgment within the meaning of the attorney's lien statute-M.G.L.c. 221 § 50. In Craft v Kane, 51 Mass App. Ct. 648, 653, 747 N.E.2d 748, 2001 Mass. App. LEXIS 356, the Massachusetts Appeals Court stated:

> The docket sheet indicates that this case was disposed of by stipulation of dismissal, Under Mass R. Civ. P. 58 as amended 371 Mass. 908 (1977), a stipulation of dismissal constitutes a judgment. Id at 653.

The Court concluded that "because G.L.c. 221 § 50 expressly refers to judgment "entered or made" the stipulation of dismissal constituted a judgment within the meaning of the attorney's lien statute." Id at 653. Neither the order of dismissal not the stipulation of dismissal appear in the record of the Craft case. The docket, however, indicates that on October 7, 1997, " the case having been reported settled, it is ordered that the action be and hereby [is] dismissed, to be vacated, if an agreement for judgment is filed within 30 days." Id at 650 n. 51.

The docket entry **No: 272** in the Plaintiff's case is similar to the docket entry in Craft. **Docket No: 261** contain a Report from Magistrate-Judge Marianne B. Bowler to Chief Judge Wolf. The Report stated that on September 27, 2007, "the Magistrate-Judge had an Alternative Dispute Resolution Proceeding and the case was settled: Your clerk should enter a 60-day order of dismissal." **Docket No: 272,** like the docket entry in Craft, constitutes a judgment within the meaning of M.G.L.c. 221 § 50. There is no "prevailing party" requirement under this statute. The Petitioner is entitled, under Massachusetts law, to the determination and enforcement of his lien.

The monetary settlement favorable to Terri Pechner-James is similar to the monetary settlement in Phalon v TCC, 9 Mass. L. Rep. 657, 1999 Mass. Super. LEXIS 105 and the stipulation of dismissal in Phalon is similar to the stipulation of dismissal in **Docket No: 272**. They both constitute a judgment for purposes of M.G.L.c. 221 § 50. The Court in Phalon, citing Cohen v Lindsey, 38 Mass. App. Ct. at 4 stated:

> "Stipulations of dismissal constitutes judgments under Mass. R. Civ. P 58"   Note 13 in Phalon cites Rule 58 in relevant part:

> Every judgment shall be set forth on a separate document, but when a party files an agreement for judgment, or a notice or stipulation of dismissal pursuant to Rule 41(a)1, the agreement notice or stipulation…shall upon being filed constitute the judgment for all purposes, and no separate document need be filed.

4

In <u>Phalon</u>, the stipulation of dismissal accompanied by monetary payment to the Plaintiff triggered the attorney's fee provision of M.G.L.c. 221 § 50. The Petitioner's lien, like the lien in Phalon, matured upon the entry of **Docket No: 272**. This docket entry constitutes a "judgment, decree or any type of court order obtained." M.G.L.c. 221 § 50.

The recognition of Petitioner's lien is consistent with Massachusetts law and the decision of the Supreme Judicial Court in <u>Boswell v Zephyr Lines, Inc</u>., 414 Mass. 241; 606 N.E.2d 1336 (1993). The Court validated the use and function of the attorney's lien and stated the following:

> Attorney's liens are devices, first created by the common law, which help attorneys deal with the oft-encountered reluctance of certain clients to pay for legal fees at the conclusion of a matter. McCann<u>; The Attorney's Lien in Massachusetts</u>, 69 Mass. L.Rev. 68 (1984). As Chief Judge Cardozo aptly put it, the attorney's lien protects attorneys "against the knavery of their clients' by disabling the clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained. <u>Matter of Heinsheimer,</u> 214 N.Y. 361, 364, (1915), quoted McCann, supra at 68 n.1. In other words, the attorney's lien grants the unpaid attorney a tool for recovery of legal fees which surpasses in effectiveness a traditional action in contract or in quantum meruit. Id at 248.

M.G.L.c. 221 § 50 support the Petitioner's request for determination and enforcement of his attorney's lien. M.G.L.c. 12 § 11 I , the Massachusetts Civil Rights Act (MCRA) shifts the payment of said lien to the Defendants, City of Revere, Thomas Ambrosino, Mayor and City of Revere Police Department, Thomas Reardon, Chief.

**(2) The Courts of the First Circuit and Massachusetts courts have consistently recognized parties, like the Plaintiff, as a prevailing party; they have also recognized the fee-shifting provision and the duty of Defendants under that provision.**

The Massachusetts Civil Rights Act (MCRA) M.G.L.c. 12 § 11 I provides that:

> "any aggrieved person who prevails in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorney's fees in an amount to be fixed by the court."

The First Circuit <u>in Krewson v City of Quincy</u>, 74 F3d 15 (1996) appeal after remand 107 F3d 84, relied upon Massachusetts law in the determination and enforcement of an attorney's lien in that case. The Court stated the following:

> "Prevailing party"-The Supreme Judicial Court of Massachusetts has concluded that the Legislature intended "prevail" to have the same meaning [in ch. 12 § 11 I] as it does in 42 U.S.C. 1988 citing <u>Batchelder v Allied Stores Corp</u>., 393 Mass 819, 822, 473 N.E.2d 1128 (1985).

5

The Court then proceeded to acknowledge that "a plaintiff who wins nominal damages is a prevailing party under § 1988" citing Farrar v Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 506, 573, 121 L.Ed 2d 494 (1992), was entitled to prevailing party status under Massachusetts law even with nominal damages of $1,500. Id at 17. The Krewson court also acknowledged the primacy of "the state law remedy for a state law cause of action" because the requewst for attorney's fees was a substantive part of the plaintiff's claim, citing Northern Heal Corp v Campo Industries, Inc., 851 F.2d 456, 475 (1st Cir. 1988).

The Petitioner's request for the determination and the enforcement of M.G.L.c. 221 § 50 is a state law remedy and is as substantive as the plaintiffs claims for attorney's fees in Krewson and Northern Heal. The First Circuit in Wagner v City of Holyoke, Massachusetts, 404 F.3d 504 (1st Cir. 2005) held that "nominal damages" award made the plaintiff eligible for attorney's fees. The amount of the award was $1; the amount of the attorney's fees was $72, 840. The First Circuit Court of Appeals upheld the award because the plaintiff had prevailed, even with nominal damages. The Court held that both the plaintiff's nominal damages and the award of attorney's fees was appropriate.

The settlement award paid to the Plaintiff, Terri Pechner-James, pursuant to the Stipulation of Dismissal-**Docket No. 272**- exceeds the damages of $1,500 paid in Krewson and the $1 award paid in Wagner. The Petitioner, pursuant to M.G.L.c. 221 § 50, is entitled to the determination and enforcement of an attorney's lien on any "proceeds" derived by the Plaintiff, Terri Pechner-James. The Petitioner, pursuant to the fee-shifting provisions of M.G.L.c. 12 § 11 I (MCRA) is entitled to receive from the Defendants legal fees in the amount requested in this petition.

Massachusetts law recognizes settlement awards such as the award to the Plaintiff, Terri Pechner-James, as an appropriate basis for enforcing a statutory lien and for an award of attorney's fees. Philip A. Phalon et al. v Technical Communications et al. 9 L.Rep. 657, 1999 Mass. Super. LEXIS . 105.The Plaintiff in Phalon moved for an attorney's lien on settlement proceeds pursuant to M.G.L.c. 221 § 50. The Court granted the lien on the settlement proceeds. A secret settlement between parties cannot be used to defeat the attorney's lien statute. Gagne v Cedar Development Co., 32 Mass. App. Dec. at 76; the court has a right to determine the attorney's lien. See Boswell v Zephyr Lines, Inc. , 414 Mass. 241, 606 N.E.2d 1336; In re Leading Edge Products, Inc., 121 B.R. 128 (D. Mass. 1990).

The conduct of the Plaintiff, Terri Pechner-James, fall squarely within the decision of this Court in <u>Renaud v General Motors Corporation</u>, 316 F. Supp. 77, 2004 U.S. Dist. LEXIS 8150(2004). The Plaintiff in <u>Renaud</u> represented his client Renaud before his union, administrative agencies and the U.S. District Court. As a result of the attorney's representation, Renaud's employer made a settlement offer to Renaud. Within days of the settlement offer, the Plaintiff informed the attorney that his services were no longer needed or desired. The Plaintiff took the position that he owed the attorney nothing.

The Petitioner, Carlton J. Dasent, successfully represented the Plaintiff, Terri Pechner-James, before the Division of Administrative Law Appeals (DALA), the Public Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB). On October 23, 2006, a brief was filed-**Docket No: 251**. The Brief was entitled: Massachusetts Administrative Determinations In Federal Court: The Application of Res Judicata and Collateral Estoppel.

The Brief was based on the Petitioner's successful representation of Terri Pechner-James in her administrative hearings. Like the client in Renaud, successful representation did not deter her from deciding that she owed nothing to the Petitioner or to Attorney James S. Dilday who continued to represent her up to the beginning of the court ordered mediation. The Court in Renaud recognized that M.G.L.c. 221 § 50 is designed as a remedy for the kind of situation created by Renaud and by this Plaintiff.

In Massachusetts, both the common law and the statutory law aid an attorney in enforcing an attorney's lien. Massachusetts law will recognize an attorney's lien, in quantum meruit, under the statute, even where there is no written agreement. Id at 78. Massachusetts law recognizes that Petitioner is entitled pursuant to M.G.L.c. 221 § 50 to a lien on the Plaintiff's proceeds; it also recognizes the Petitioner's right to payment by the Defendants under the fee-shifting provisions of M.G.L.c. 12 § 11 I.

**(3) Buckhannon and its progeny do not require a different result that the result obtained under Massachusetts law.**

The United States Supreme Court in <u>Buckhannon Board and Care Home, Inc., v West Virginia Department of Health and Human Resources, et al,</u> 532 U.S. 598; 121 S. Ct. 1835; 149 L.Ed. 855 (2001) discarded the "catalyst theory"; it recognized "an enforceable judgment, consent decree, or settlement giving some of the legal relief sought " as the basis for granting a prevailing party attorney's fees. This Court in <u>Berishev v Chertoff,</u> 486 F. Supp.202; 2007 U.S. Dist. LEXIS

34791 (2007) identified the "prevailing party" as the first and threshold issue of that decision. The court, citing Buckhannon at 602 defined "prevailing party" as employed in numerous fee-shifting statutes. A "prevailing party", the Court stated is the beneficiary of a "material alteration of the legal relationship of the parties.." Id at 604 citing Texas State Teachers Ass'n v Garland Independent Sch Dist., 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L.Ed 2d 866 (1989). Such material alteration includes judgment on the merits, as well as consent decrees that memorialize settlement agreements. Id. Consent decrees, though often silent on the issue of liability, are included because they constitute a court-ordered change in the legal relationship. Id.

The Berishev court continued:

> The Supreme Court focused on this aspect of a judicially sanctioned change to define the outer parameters of the term "prevailing party". It would not be extended so far as to include a "catalyst theory", whereby a party seeks to recover due to defendant's "voluntary change in conduct" that lacks the necessary judicial imprimatur on the change." Id at 605.

The Berishev court, citing the First Circuit case Smith v Fitchburg Public Schools, 401 F.3d 16 (1st Cir. 2005) stated the First Circuit's interpretation of Buckhannon as requiring two elements to be a "prevailing party." The first element is (1) a material alteration of the legal relationship of the parties; and (2) a judicial imprimatur on the change. Smith, 401 Fd at 22. Id 205.

There is no question that the first element is satisfied in this case. As stated in Section 2 of this memorandum, infra, nominal damages of $1 in Wagner and $1,500 in Krewson were enough to meet the requirements of " material alteration" for this purpose. There is no question that the second element has also been satisfied in this case. The Defendants have no defense; they have stated no defense; they have never claimed to have a defense. The settlement and stipulation recorded in **Docket Nos: 271 and 272** were not achieved by a voluntary process or by private mediation.

The settlement achieved by the parties was the result of the Court mediation program as outlined in Local Rule 16.4. The supervision, oversight and the direct involvement of Magistrate-Judge Marianne B. Bowler in achieving this settlement provides the necessary level of "judicial imprimatur" necessary to satisfy the second element of the Smith test. That level of supervision, oversight, and direct involvement is evident and recorded in Docket Nos: 262, 264, 265, 267,

269,271 and 272.; also included in this evidence are the unnumbered docket entries that begin on March 6, 2007 and end with the Stipulation of Dismissal on September 27, 2007.

The fee-shifting statute that governs Title VII claims state:

> In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party …a reasonable fee..   42 U.S.C. § 2000e-5(k).

42 U.S.C. § 2000e-5(k) differs from M.G.L.c. 12 § 11 I in that it places the award of a "reasonable fee" in the "discretion" of the court. It does not contain the mandatory provisions of M.G.L.c. 12 § 11I.  The application of 42 U.S.C. § 2000e-5(k) does not change the result achieved by the application of Massachusetts law.

**(4) The attorney's lien that the Petitioner has filed in the attached documents as Exhibit A is reasonable and can be enforced by this Court; the Petitioner's lien is consistent with practices in this jurisdiction. .**

The Petitioner has submitted a request for a total of 945.46 hours; the rate requested is $200 per hour; the total amount requested is $189,092. The history of this case underscores both the skill and the endurance displayed by the Petitioner. The docket sheet confirms that the Petitioner filed the Plaintiff's complaint in October 2003; the Defendants removed the case to the U.S. District Court on December 11, 2003. **Docket No:1.**

On September 24, 2004, when Chief Judge Wolf advised the parties to settle the case. The number of docket entries was twenty-six (26). On February 14, 2005, when the substitution of counsel took place the number of docket entries was twenty-eight (28). By September 12, 2005, the number of docket entries had almost tripled to seventy-eight (78). The number of docket entries now exceed 272.  The drastic increase in the number of docket entries after February 14, 2005 can be directly attributed to the litigation strategy adopted by the Defendants. The Defendants adopted a strategy of intense, repetitious and sometimes abusive litigation which often included personal attacks on the Plaintiffs and their counsel. The result was a multiplication of litigation which resulted in a docket count that now exceeds two hundred and seventy (270).

The excessive docket entries in this case present a sharp contrast with the case of Grady v Wareham Police Department, CA # 1:05-CU-10097. Ellen Grady filed a complaint with this Court on January 14, 2005. The parties entered a Stipulation of Dismissal on December 1, 2006. The total number of docket entries is thirty-one (31).

The Stipulation of Dismissal-**Docket No:31-**filed in Grady contains similar language to the Stipulation of Dismissal filed in this case. The Stipulation in Grady states:

> The undersigned hereby stipulate and agree that the Amended Complaint against Defendants filed by Plaintiff be dismissed with prejudice and without costs to either party. All parties hereby waive any right to appeal. **Docket No: 31**

The reported details of the Grady settlement were as follows:

> 1. Ellen Grady was allowed to stay on the Police Department payroll until she retires at age 55 in July 2009. She will collect annually about $70,000;
>
> 2. She received $19,000 for her emotional stress and mental suffering;
>
> 3. Her law firm, Shilepsky, O"Connell will be paid $160,000 in fees.
>
>> Boston Globe, October 20, 2006 citing from the settlement agreement obtained from the town of Wareham.

The Petitioner's lien as contained in **Exhibit A** covers a longer period of representation and seeks approximately the same recovery of fees. The Petitioner's request is reasonable and appropriate because of the history of the case.

**Conclusion:**

Determination and enforcement of an attorney's lien is a substantive issue of Massachusetts law. It is governed by the provisions of M.G.L.c. 221 § 50. The fee the Petitioner seeks is reasonable particularly because of the history of this case. The fee-shifting provisions of M.G.L.c. 12 § 11 I are also a substantive issue of Massachusetts law. Together both statutes support the payment of the reasonable fees stated in **Exhibit A.**

**Respectfully submitted,**

**/S/ Carlton J. Dasent**

**Carlton J. Dasent, Petitioner**

**109-8th Street**

**New Bedford, MA 02740    (617) 894-2087**