**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 03-12499 MLW**

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**AFFIDAVIT OF PETITIONER, CARLTON J. DASENT, IN SUPPORT OF ATTORNEY'S LIEN PETITION AGAINST TERRI PECHNER-JAMES PURSUANT TO M.G.L.c. 221 § 50.**

I, Carlton J. Dasent, hereinafter referred to as Petitioner, duly sworn depose and say:

1. I was co-lead counsel with James S. Dilday, Esq. on the above-captioned case and represented Terri Pechner-James until September 12, 2005.

2. During the period of representation I performed the services detailed in **Exhibit A**.

3. I successfully represented the Plaintiff at several administrative hearings before the Massachusetts Division of Administrative Law Appeals (DALA), the Massachusetts Public Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB).

4. The success of the administrative hearings formed the basis of the four counts of the Plaintiff's complaint. On or about October 12, 2003, the Plaintiff authorized me to file a civil complaint on her behalf. I commenced Civil Action No: 03-4685-G in the Suffolk Superior Court.

5. The Defendants moved this case to the United States District Court as indicated in **Docket No: 1**. I continued to represent her in the District Court until September 12, 2005.

6. I attended a status conference on September 24, 2004; Chief Judge Mark L. Wolf advised the parties at that conference to pursue a settlement of the case.

7. I subsequently researched the case law indicated in **Exhibit A**, prepared the necessary settlement memorandum and tried to pursue settlement discussions. The Defendants rejected Plaintiff's efforts and no settlement was ever achieved.

8. On February 14, 2005, the Defendants changed counsel. **Docket No: 28.** Ira Zaleznik, Esq. was replaced by Walter Porr, Esq and Paul Capizzi, Esq.

9. After the change of counsel, the Defendants, Walter Porr, in particular, multiplied litigation in a manner that often included personal attacks on the Plaintiff and her counsel. The nature and number of the excessive docket entries speak for themselves.

10. The case record indicates that the docket entries almost tripled in the short period between February 14, 2005 and September 12, 2005; the docket entries now exceed two hundred and seventy (270).

11. I have researched similar case in the District. The case of Grady v Town of Wareham demonstrates the excessive nature of the Defendants strategy. Grady has only thirty (30) docket entries. It ended in a stipulation of dismissal after only two years. The Plaintiff, Ellen Grady, received a monetary settlement and an award of attorney's fees of $160,000.

12. The amount of the lien stated in Exhibit A is reasonable; it reflects the work necessary to respond to the Defendants litigation strategy and to effectively represent the Plaintiff.

13. I have confirmed by examination of the docket that the Plaintiff, Terri Pechner-James entered a stipulation of dismissal-Docket No: 272. She is a prevailing party under Massachusetts law and the Petitioner is entitled to have his lien enforced under M.G.L.c. 221 § 50 and his fees paid by the Defendants under the provisions of M.G.L.c. 12 § 11 I.

Sworn under pains and penalties of perjury.

/s/ Carlton J. Dasent

Carlton J. Dasent, Petitioner
109-8th Street
New Bedford, MA 02740
(617) 894-2087