UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  **SONIA FERNANDEZ** | ) |
|     **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     **Defendants** | ) |

**PETITIONER CARLTON J. DASENT'S NOTICE OF ATTORNEY'S LIEN, REQUEST FOR DETERMINATION AND ENFORCEMENT PURSUANT TO M.G.L.c. 221 § 50 AND PAYMENT FROM DEFENDANTS PURSUANT TO THE PROVISIONS OF M.G.L.c. 12 § 11I.**

The Petitioner, Carlton J. Dasent, was co-lead counsel with James S. Dilday, Esq. and provided legal representation to the Plaintiff, Sonia Fernandez. This Notice of Attorney's Lien, Request For Determination and Enforcement and Payment Pursuant to the Fee-Shifting Statutes applies to the Petitioner only and covers representation up to and including September 12, 2005.

The Petitioner seeks to recover pursuant to M.G.L. c. 221 §50—the Massachusetts Attorney's Lien Statute—for the reasonable value of his services as stated in detail in

**Exhibit A**. The Petitioner represented the Plaintiff in retirement disability proceedings before the Division of Administrative Law Appeals (DALA), the Public Employee Retirement Administration Commission (PERAC), and the Revere Retirement Board (RRB). Petitioner also represented the Plaintiff both in Suffolk Superior Court and the United States District Court.

Pursuant to M.G.L. c. 221 §50, the Plaintiff moves this Honorable Court to (1) determine and enforce an Attorney's Lien in favor of the Petitioner as stated in the attached Statement of Attorney's Fees and Costs, accompanying Memorandum; and (2) order the Defendants to pay Petitioner pursuant to the fee-shifting provisions of M.G.L. c. 12 §11I. Petitioner hereby requests a hearing on this petition and states the following as grounds for his request:

1. M.G.L. c. 221 §50 states the following:

   From the authorized commencement of an action, counterclaim or other proceeding in any proceeding in nay court or appearance in any proceeding before any state or federal department, board, or commission, the attorney who appears for a client in such proceedings shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim, or claim, upon the judgment, decree, or other order in his client's favor entered or made in such proceedings, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court may determine and enforce the lien…

2. Petitioner, Carlton J. Dasent, represented the Plaintiff until September 12, 2005.

   **(See Attached Exhibit A—Statement of Attorney's Fees and Costs and Accompanying Memorandum)**.

3. Petitioner made court appearances, attended administrative proceedings before state boards and commissions; the Petitioner was authorized to and did commence a cause of action in the Suffolk Superior Court: 03-4685G. The Defendants moved the case to the United States District Court (**Docket No. 1**) where the Petitioner continued to represent the Plaintiff.

4. Counsel successfully represented the Plaintiff at several administrative hearings before the Massachusetts Division of Administrative Law Appeals (DALA), the Massachusetts Public Employee Retirement Administrative Commission (PERAC) and the Revere Retirement Board (RRB) which produced an order or decree in her favor. **See Attached Exhibit A.**

5. After September 12, 2005, the Plaintiff continued to be represented by Attorney James S. Dilday.

6. In a conference held on September 24, 2004, Chief Judge Mark L. Wolf advised the parties to read Gonsalves v. City of New Bedford, 939 F. Supp 915 (1996) seek settlement to the case. The Plaintiff made several offers of settlement. The Defendants rejected them. The Court subsequently recommended Alternative Dispute Resolution. As Docket No. 270 confirms, the case is still not resolved.

7. The deliberate strategy adopted by the Defendants has prolonged the case and frustrated all attempts at settlement. On February 14, 2005, the Defendants changed counsel (**Docket No. 28**). They replaced Ira Zaleznik, Esq. with Walter Porr, Esq. and Paul Capizzi, Esq.

8. After the change in counsel, new counsel Walter Porr, in particular, deliberately multiplied litigation in a manner that often included personal attacks. The nature and number of the excessive docket entries speak for themselves.

9. The case record indicates that the docket entries increased dramatically between the date of the Chief Judge's admonition and September 12, 2005. The docket entries now exceed two hundred and seventy.

10. Petitioner has conducted research on discrimination cases in the First Circuit.

11. My research has confirmed that the number of docket entries generated by the Defendants multiplication of litigation is excessive. The recent case of <u>Grady v. Town of Wareham</u>, 05-10097-JGD, clearly demonstrates the Petitioner's conclusion.

12. Ms. Grady has only thirty (30) docket entries. The case was commenced two years later than the above-captioned case. The Stipulation of Dismissal which ended the <u>Grady</u> case was entered on December 1, 2006. The case was filed in 2005.

13. Ms. Grady received a monetary settlement, injunctive relief, and an award of attorney's fees of $160,000.

14. The amount of the inchoate lien requested in Exhibit A and the attached documents is reasonable. The lien amount detailed in Exhibit A reflects a period that doubles the entire life of the <u>Grady</u> case.

15. Exhibit A reflects the work, time, and expense made necessary by the Defendants litigation strategy.

16. Petitioner's inchoate lien as stated in Exhibit A exists pursuant to M.G.L. c. 221 §50 and will mature when there is a judgment, settlement or other appropriate disposition of the case.

17. The fee-shifting provisions of M.G.L. c. 12 §11I require the Defendants to satisfy the Petitioner's lien.

18. The Plaintiff was referred to Alternative Dispute Resolution (ADR). As Docket No. 270 indicates, the case was not settled and no judgment decree or other court order has been entered in her case.

19. Petitioner acknowledges that his inchoate lien will mature when there is a judgment, decree, or other as defined by M.G.L. c. 221 §50.

WHEREFORE, the Petitioner requests the following:

1. Determination and enforcement of the attorney's lien pursuant to the provisions of M.G.L. c. 221 §50 as stated in Exhibit A in an amount that the court deems reasonable;

2. Payment by the Defendants of the lien pursuant to the fee-shifting provisions of M.G.L. c. 12 §11I; and

3. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Carlton J. Dasent_____
Carlton J. Dasent, Petitioner
109 8th Strret
New Bedford, MA 02740
(617) 894-2087