# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

## ATTORNEYS FEES & COSTS FOR SONIA FERNANDEZ

| | | |
|---|---|---|
| 3-15-01 | Meeting with client; discussed unpaid leave from RPD; also discussed sexual/racial harassment complaint | 2.5 |
| 3-16-01 | Conference with client; discussed how RPD  handles discrimination complaint; also discussed impact of leave without pay | 1.5 |
| 3-17-01 | Conference with client about fellow officers who witnessed the discrimination she experienced; also discussed the experiences of other female officers | 1.5 |
| 3-19-01 | Reviewed facts that would be included in MCAD complaint | 2.5 |
| 3-19-01 | Conference with client about use of racial slurs in the Department; discussed altered booking photograph and other instances of racially hostile behavior in the Department | 1.1 |
| 3-20-01 | Reviewed with client reports she made to RPD; its lack of investi- | |

1

|   |   |   |
|---|---|---|
|   | gative procedures | 1.1 |
| 3-20-01 | Discussed with client medical records from Beth Israel | 1.5 |
| 3-21-01 | Discussed with client medical records from East Boston Neighborhood Health Center | 1.5 |
| 3-23-01 | Discussed with client medical records from North Suffolk Mental Health Asspciation | 1.5 |
| 3-20-01 | Discussed Sexual Harassment policy dated April 1, 1999; discussed with client whether policy was in place at commencement of her employment | 1.5 |
| 3-25-01 | Reviewed psychiatric records from Beth Israel Deaconess | 1.5 |
| 3-25-01 | Reviewed psychiatric records from East Boston Neighborhood Health Center | 1.5 |
| 3-25-01 | Reviewed psychiatric records from North Suffolk Mental Health Association | 1.5 |
| 3-26-01 | Prepared draft of complaint to be used in disability hearings and filed in court | 2.5 |
| 3-27-01 | Reviewed medical, psychiatric and personal information; assessed discriminatory statement by Lt Ford for purposes of MCAD complaint | 1.1 |
| 3-27-01 | Work session with client to discuss legal remedies including retirement disability benefits | 2.5 |
| 3-28-01 | Work session with associates to discuss legal remedies available to client and methods of implementation | 2.1 |
| 3-29-01 | Meeting with client to discuss pursuit of leave with pay and being carried as injured on the job | 1.5 |
| 3-30-01 | Discussed with client application; voluntary v involuntary application for retirement benefits; also discussed MCAD complaint | 1.5 |
| 4-2-01 | Discussed personal finances and impact of leave without pay on her home, her finances and her family | 1.1 |
| 4-3-01 | Discussed with client the process of filing Indemnification of |   |

|  |  |  |
|---|---|---|
|  | Medical Bills and Application for Continuation of Wages | 1.5 |
| 4-4-01 | Discussed Mayor's response to request of other police officers; discussed likelihood of getting leave with pay | 0.75 |
| 4-5-01 | Reviewed file; analyzed racial and sexual harassment complaint; analyzed request to be carried as injured on duty | 1.25 |
| 4-6-01 | Reviewed case law and statute applicable to being carried as injured in duty | 1.25 |
| 4-7-01 | Reviewed documents, case law and past practices of RPD; reviewed cases of psychiatric injury or disability | 1.25 |
| 4-9-01 | Analyzed union contract with RPD; reviewed client's rights and protections under the contract | 1.1 |
| 4-10-01 | Discussed with client her rights under the union contract; also discussed the procedure for trying to enforce her right to leave with pay; also discussed union benefits available | 1.1 |
| 4-11-01 | Researched the requirements of M.G.L.c.41 § 111F and the bene fits provided; discussed possible application | 2.5 |
| 4-13-01 | Discussed with client her leave of absence and need to follow procedure to preserve her case | 1.1 |
| 4-14-01 | Telephone conference with client | 0.5 |
| 4-16-01 | Meeting with client to discuss details of request for leave w/o loss of pay and Sec. 111F benefits | 1.1 |
| 4-17-01 | Telephone conference with client; discussed the Department's responses to her request for leave; also discussed the advantage of leave over resignation | 1.1 |
| 4-18-01 | Reviewed medical and psychiatric information; reviewed facts of MCAD complaint; reviewed City's response to client's leave of absence request | 1.1 |
| 4-19-01 | Discussed with client substance and procedure for MCAD complaint | 0.5 |
| 4-19-01 | Discussed substance and procedure for Section 111F benefits | 0.5 |

| | | |
|---|---|---|
| 4-20-01 | Discussed with client stressful and discriminatory conduct by RPD; her decision to accept leave w/o pay and her relationship with Mayor Ambrosino and Chief Colannino | 1.5 |
| 4-21-01 | Discussed MCAD complaint and procedure for amendment | 0.5 |
| 4-23-01 | Discussed legal, practical and administrative alternatives available during the period of leave | 0.5 |
| 4-24-01 | Conference with client to discuss Mayor's denial of fellow officers request for leave with pay | 0.5 |
| 4-25-01 | Reviewed forms; statutes and case law on Involuntary and Voluntary Retirement Disability; reviewed procedure for Voluntary; reviewed procedure for Involuntary; reviewed Role of the chief of police | 2.5 |
| 4-26-01 | Detailed discussion of Sec 111F benefits and the double standard applied by the Department; also discussed how the policy of the Department violated the current state of the law | 2.5 |
| 4-26-01 | Meeting with client to discuss pursuit of benefits during leave without pay | 1.5 |
| 4-27-01 | Reviewed client's medical and psychiatric records | 1.5 |
| 4-27-01 | Identified records that were relevant to and supported client's disability | 0.75 |
| 4-30-01 | Reviewed report to Chief Russo from Captains Roland and Chaulk dated 12-21-98 | 0.75 |
| 4-30-01 | Reviewed report to Chief Russo from Captains Roland and Chaulk dated 1-14-98 | 0.75 |
| 4-30-01 | Reviewed report to Chief Russo from Captains Roland and Chaulk dated 1-14-99 | 0.75 |
| 5-1-01 | Meeting with client; discussed the advantage of seeking disability through the Involuntary procedure | 1.1 |
| 5-2-01 | Reviewed documents on PTSD in preparation for meeting with client; reviewed retirement disability claim with PTSD as basis | 1.5 |
| 5-3-01 | Discussed with client the anxiety, depression and insomnia that is | |

|  |  |  |
|---|---|---|
|  | the basis for her disability; discussed her relationship with providers and their diagnosis of generalized anxiety and depression as the cause of disability | 2.1 |
| 5-4-01 | Reviewed copy of notes from East Boston Neighborhood Health Center | 1.1 |
| 5-4-01 | Reviewed copy of notes from North Suffolk Mental Health Association | 1.1 |
| 5-4-01 | Reviewed copy of notes from Beth Israel Deaconess | 1.1 |
| 5-7-01 | Conference; discussed documents that support disability from East Boston Neighborhood Health Center | 0.75 |
| 5-7-01 | Conference; discussed documents that support disability from North Suffolk Mental Health Association | 0.75 |
| 5-7-01 | Conference; discussed documents from Beth Israel | 0.75 |
| 5-9-01 | Discussed with client how to use documents from Dr. Harmon and other professionals in support of her application and the diagnosis of PTSD | 1.5 |
| 5-10-01 | Conference with distressed client about the state of her finances as a result of being without an income | 1.5 |
| 5-14-01 | Preparation for meeting with client | 0.5 |
| 5-14-01 | Meeting with client to discuss possible injunction and other legal remedies in the event of denial of benefits by the City | 1.5 |
| 5-15-01 | Research in preparation for possible filing of Preliminary injunction against City's practice of routinely denying § 111F benefits to injured by psychiatric injuries | 2.5 |
| 5-16-01 | Conference with client about the mechanics of seeking an injunction against City | 0.75 |
| 5-17-01 | Prepared summary of client's conference; researched and detailed elements of injunctive relief | 0.75 |
| 5-18-01 | Prepared first draft of injunction | 2.5 |
| 5-19-01 | Discussed draft with client; also discussed actions being taken by other officers | 1.5 |

| | | |
|---|---|---|
| 5-21-01 | Preparation for meeting with client to discuss documentation of PTSD; the City's interpretation of psychiatric disabilities | 1.75 |
| 5-22-01 | Discussion with client; reviewed legal remedies; reviewed City's practice of denying emotional and psychiatric Injuries | 1.25 |
| 5-23-01 | Review of client's on-going treatment for anxiety, depression and insomnia; researched client's case in light of criteria for disability | 1.5 |
| 5-24-01 | Meeting to discuss with client the administrative process of establishing substantial evidence of emotional and psychiatric disability; discussed details of administrative process; emphasized need to exhaust administrative remedies | 1.5 |
| 5-25-01 | Researched the statutes and regulations governing DALA | 1.5 |
| 5-25-01 | Researched the statutes and regulations governing PERAC | 1.5 |
| 5-25-01 | Researched the statutes and regulations governing MCAD | 1.5 |
| 5-26-01 | Discussed with client the role of each agency and its impact on the client's case | 1.5 |
| 5-28-01 | Preparation for meeting | 0.5 |
| 5-29-01 | Discussed need for ongoing treatment; ongoing need for prescriptions to control anxiety, depression and insomnia; discussed importance of obtaining and preserving copies of treatment records as evidence | 1.75 |
| 5-30-01 | Review of client's records; review of client's current medical and psychiatric records | 1.5 |
| 5-31-01 | Discussed other female officers and their experiences; discussed Kathy Fish, Lynn Malatesta, and Terri Pechner | 1.5 |
| 6-1-01 | Conference with client concerning how to deal with the City during her unpaid leave; discussed role of counsel in dealing with the City | 0.75 |
| 6-2-01 | Discussed with client the role of the union in getting her disability acknowledged; discussed with client the City's position stated by Chief Colannino that "purely psychological | |

6

|        | disorders are not normally considered as work-related"; discussed remedies available | 2.1 |
|--------|--------------------------------------------------------------------------------------|-----|
| 6-4-01 | Discussed with client the Department's direct communication during her unpaid leave and her representation by this office | 0.75 |
| 6-5-01 | Discussed financial impact of unpaid leave; also discussed the impact on her family; discussed the stress of unpaid leave, the fear and intimidation she experience at the Department | 1.5 |
| 6-6-01 | Research of disability statutes; review of parity provisions between physical and emotional injuries; analysis of work related conditions | 1.5 |
| 6-7-01 | Conference about RPD and officers who received leave with pay | 0.75 |
| 6-8-01 | Discussed possibility of written communication to City | 0.5 |
| 6-11-01 | Examine the impact of loss of employment; read notes on client's loss of self-esteem, loss of professional identity and experience of hostility from fellow officers | 2.5 |
| 6-12-01 | Conference; discussed relationship with RPD and the City during leave | 1.1 |
| 6-13-01 | Discussed possible return to RPD; discussion of terms of such return and functions to be performed | 1.75 |
| 6-15-01 | Discussed client's MCAD complaint and complaints filed by Kathy Fish and Terri Pechner | 1.25 |
| 6-18-01 | Discussed MCAD complaint as prerequisite for filing cause of action, preliminary discussion of procedure for filing complaint | 1.25 |
| 6-19-01 | Conference about MCAD and its procedures | 0.75 |
| 6-20-01 | Discussion of financial impact of forced leave without pay; addressed impact on housing, family and other demands | 1.5 |
| 6-22-01 | Review of case file; civil action; action seeking MCAD and court relief; also evaluated prospects of Sec 111F benefits | 1.75 |
| 6-25-01 | Review of medical and psychiatric records from providers | 2.5 |
| 6-27-01 | Research and preparation for client's Involuntary Retirement | |

| | | |
|---|---|---|
| | Application | 1.5 |
| 7-2-01 | Office conference on materials for client's various applications | 1.5 |
| 7-2-01 | Conference with client about supporting materials for application | 0.5 |
| 7-2-01 | Review of the anxiety, depression, insomnia and the intimidation experienced by the client because of her complaints and application for benefits | 1.75 |
| 7-5-01 | Reviewed correspondence from Jason Merola, M.D and Dr. Harmon on the traumatic effects of the client's experiences At the RPD | 0.75 |
| 7-6-01 | Discussed with client the possibility of returning to work; discussed ability to perform duties of police officer | 0.75 |
| 7-9-01 | Discussed with client the arranging of a meeting with a union representative to discuss the terms of return to work | 0.75 |
| 8-1-01 | Discussed with client the future of her employment; discussed the essential tasks of a police officer as stated in guidelines provided by RPD | 1.5 |
| 8-1-01 | Discussed meaning of foreseeable future and the requirements of the disability statute | 0.75 |
| 8-1-01 | Discussed the relationship between depression and anxiety and the essential duties of a police officer; also discussed the practical effects of return to work | 1.5 |
| 8-2-01 | Conference with client | 2.5 |
| 8-3-01 | Reviewed clients medical and psychiatric records | 1.5 |
| 8-6-01 | Discussed standards that govern the implementation of disability; 72% of current wages required by statute; dependent allowance;; parity required by law between physical and psychological (PTSD) injuries | 1.5 |
| 8-6-01 | Discussed the standards applied by the City of Revere; highlighted the difference in the state and the city standards; City's rejection of state policy | 1.5 |
| 8-10-01 | Discussed review with client in anticipation of response from RPD | 0.75 |

| | | |
|---|---|---|
| 8-13-01 | Reviewed client's records from 2000 | 1.5 |
| 8-15-01 | Reviewed with client the meaning and the implication of the following terms: foreseeable future, essential tasks, anxiety, depression and the disability criteria | 2.1 |
| 8-17-01 | Discussed impact on medication prescribed and any impact on returning to work | 0.75 |
| 8-20-01 | Client is being approached about returning to work; she is uncertain about conditions governing her return | 1.5 |
| 8-27-01 | Preparation and meeting with client to discuss department decisions and client options | 1.5 |
| 8-29-01 | Review of RPD report dated 1-14-99 about sexual harassment within RPD; selection of incidents appropriate to client | 2.5 |
| 8-31-01 | Reviewed records and medical opinions, discussed alternatives retirement, title VII action, MCAD complaint, discussed the advantages of state and federal courts | 2.5 |
| 10-1-01 | Discussed client's decision to return to work; discussed the duties and restriction of duties involved in her return | 1.5 |
| 10-11-01 | Discussed practices of the City of Revere, made comparison with Boston and Salem-cities that recognize parity; discussed impact on Current case | 1.5 |
| 1-19-02 | Researched Packaging Industries Group, Inc. v Cheney; | 1.5 |
| 1-22-02 | Conference; discussed the details and the content of evidentiary materials required to support PTSD adjudication | 2.5 |
| 1-24-02 | Office consultation with associates on possible responses to a denial of any injunction; also possible remedies available | 1.5 |
| 1-28-02 | Discussion of best available choices; appeal and other remedies | 1.5 |
| 1-29-02 | Researched; studied state remedies pursuant to G.L.c. 151B | 2.5 |
| 1-29-02 | Organized summary of research | 0.5 |
| 1-30-02 | Researched and studied administrative remedies; G.L.c. 32 and applicable Codes of Massachusetts regulations | 2.1 |

| | | |
|---|---|---|
| 1-31-02 | Associate conference about strategy; identification of appropriate remedies; prioritized available remedies | 1.5 |
| 2-5-02 | Conference; client concerned about Terrence Reardon being appointed the new chief of police; discussed impact on her return to work | 1.5 |
| 2-6-02 | Conference; examined with client her present experiences at work; discussed her medication, also discussed the current level of anxiety and the unchanged nature of her environment | 2.5 |
| 2-7-02 | Discussed chances and methods of recovering money lost during unpaid leave | 0.75 |
| 3-5-02 | Reviewed the implementation of administrative, state and federal remedies available to the client | 1.75 |
| 3-26-02 | Conference; client discussed Ft Myers and Florida possibility | 0.75 |
| 7-9-02 | Conference; discussion of client's physical condition; also her emotional condition; also the need for medical support for her Involuntary application | 0.75 |
| 9-16-02 | Reviewed some Department records in support of sexual harassment claim | 1.5 |
| 9-18-02 | Researched G.L.c.32 and regs relevant to Involuntary Retirement Application; reviewed statutes and appeal Prerequisites | 1.5 |
| 9-19-02 | Conference with client about additional documents needed and comprehensive history of her employment, including list of all superior officers and positions held during perod of employment | 1.5 |
| 9-20-02 | Research; copied and read Plymouth County v CRAB; copied and read other decisions from DALA & CRAB | 2.5 |
| 9-23-02 | Reviewed medical notes from 1998 | 1.5 |
| 9-23-02 | Reviewed psychiatric and work records from 1998 | 2.1 |
| 9-23-02 | Reviewed medical records and doctor's notes from 1999 | 1.5 |

10

| | | |
|---|---|---|
| 9-23-02 | Reviewed client's notes and work records from 1999 | 1.5 |
| 9-23-02 | Reviewed medical records from 2000 | 1.5 |
| 9-23-02 | Reviewed work records and notes from 2000 | 1.5 |
| 9-23-02 | Reviewed medical records and psychiatric records from 2000 | 1.5 |
| 9-24-02 | Reviewed medical records from 2001 | 1.5 |
| 9-24-02 | Reviewed work records, client notes and made draft of statement of facts | 1.5 |
| 9-25-02 | Reviewed medical records from 1996 | 1.5 |
| 9-25-02 | Reviewed work records and client notes form 1996 | 1.5 |
| 9-25-02 | Reviewed medical records from 1997 | 1.5 |
| 9-27-02 | Discussed disability retirement process; discussed relationship with Dr. Harmon and Dr. Merola; | 1.5 |
| 9-30-02 | Research; issue of permanency; reviewed statutes and administrative decisions | 1.1 |
| 9-30-02 | Research; issue of medical panel; reviewed statutes and Code of Mass regulations; reviewed appeal procedure and finality of DALA & PERAC decisions | 1.1 |
| 9-30-02 | Research; G.L.c. 32 and G.L.c. 7; review of legal prerequisites for client's disability | 1.1 |
| 10-28-02 | Prepared draft for appeal of denial; researched documents required for appeal | 1.5 |
| 10-29-02 | Research; reviewed John Collins treatise-Chief's Guide To Injured On Duty-Psychological Incapacity; document relied Upon by City for denial of PTSD and psychological disorders In violation of state law | 1.5 |
| 10-29-02 | Identified the eight (8) cases relied upon by John Collins in this treatise | 1.5 |
| 10-30-02 | Copied English v Board of Selectmen of Watertown | 0.5 |
| 10-30-02 | Read and researched English v Board; detailed review and | |

| | notation of cases | 2.5 |
|---|---|---|
| 10-30-02 | Researched cases cited in English, shepardized cases cited in English | 1.75 |
| 10-30-02 | Summarized research and study of English and related cases | 1.5 |
| 10-31-02 | Reviewed Fitzgibbons Case | 1.5 |
| 10-31-02 | Reviewed current version of G.L.c. 152 Sec 59; compared language relied upon in the Collins treatise with the current statute | 2.5 |
| 10-31-02 | Reviewed Kelly's Case | 1.5 |
| 10-31-02 | Researched Kelly's Case and cases cited therein | 2.5 |
| 10-31-02 | Reviewed amended statute; examined impact on both caselaw and statutes relied upon by the treatise | 1.5 |
| 11-1-02 | Read Hughes v City of Malden | 1.5 |
| 11-1-02 | Reviewed facts of client's case after reading Hughes | 0.75 |
| 11-1-02 | Prepared notes on Hughes; does not support position on PTSD. | 0.75 |
| 11-1-02 | Read Sugrue v CRAB | 1.5 |
| 11-2-02 | Read Eyssi v City of Lawrence | 1.5 |
| 11-2-02 | Read Collins Treatise; noted "police officers" are not covered by G. L. c. 152; treatise inapplicable to this case | 0.75 |
| 11-2-02 | Reviewed Sugrue and made notes; Sugrue replaced by more recent cases | 1.75 |
| 11-2-02 | Read and noted PTSD section of Collins treatise | 0.75 |
| 11-4-02 | Read Marcoux v Town of Bellingham | 1.25 |
| 11-4-02 | Reviewed facts of client's case | 0.75 |
| 11-4-02 | Compared Marcoux and Hughes; neither case supports position of RPD | 1.25 |
| 11-4-02 | Prepared notes necessary for administrative appeal and | |

|          |                                                                                                                                                                                    |      |
|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          | civil action                                                                                                                                                                       | 0.75 |
| 11-5-02  | Comprehensive review of defense provided by RPD; caselaw, treatises and current state of the law                                                                                    | 1.5  |
| 11-6-02  | Conference; discussed client's depression, loss of employment, medication prescribed                                                                                               | 1.5  |
| 11-6-02  | Conference; discussed loss of identity, and other factors that relate  to loss of employment                                                                                        | 0.75 |
| 11-6-02  | Conference; established wages in September 2002 when employment ended, discussed  lack of promotions, pay increases, commendations received during employment; interruption of her work and studies | 1.5  |
| 11-7-02  | Research; noted that client damages should include compensation for loss of depression, loss of professional identity, loss of income and personal injury                           | 1.25 |
| 11-22-02 | Discussed client's finances and her continued receipt of disability after September departure                                                                                       | 0.75 |
| 12-1-02  | Review of Kathy Fish's MCAD complaint                                                                                                                                               | 0.75 |
| 12-2-02  | Reviewed client's MCAD complaint                                                                                                                                                    | 0.5  |
| 12-3-02  | Reviewed City's response to Client's complaint, Kathy Fish's and Terri Pechner's complaint                                                                                          | 1.5  |
| 12-4-02  | Researched defenses used by City against officer's complaint                                                                                                                        | 0.75 |
| 12-12-02 | Researched City's response entitled: The Request for Sexual Harassment Policy, Female bathroom and Maternity Policy                                                                  | 1.5  |
| 12-12-02 | Analyzed section with particular emphasis on Sexual Harass-ment Policy and admitted absence of maternity leave policy                                                               | 1.25 |
| 12-13-02 | Read Amended Sexual harassment Policy issued 8-3-00                                                                                                                                 | 0.75 |
| 12-13-02 | Read and analyzed Sexual Harassment Policy dated 4-1-99 and Amended Policy                                                                                                          | 1.5  |
| 12-16-02 | Reviewed Section 1.4.1 to 1.4.4 of Sexual harassment Policy                                                                                                                         | 0.5  |

| | | |
|---|---|---|
| 12-16-02 | Reviewed Section 1.4.10 to 1.4.12 of Sexual Harassment Policy | 0.5 |
| 12-17-02 | Reviewed G.L.c.41 Sec 100 | 0.5 |
| 12-17-02 | Analyzed sections of RPD's response: Underwear on Bulletin Board; "poor taste" admission but no statement of investigation | 0.75 |
| 12-17-02 | Reviewed MCAD complaints in preparation for Statement of Facts of Plaintiff's complaint | 2.5 |
| 12-20-02 | Reviewed medical records, reviewed clients notes indicating distress, depression, anxiety and the disabling nature of dealing with the RPD | 1.5 |
| 12-21-02 | Read and analyzed complaint of Kathy Fish; compared the experiences with client's experiences in the RPD | 0.75 |
| 12-23-02 | Read Lt. Collyer's  investigation report on Kathy Fish's complaint | 1.5 |
| 12-23-02 | Read and analyzed Details of Investigation section; noted absence of reliance on Department's Sexual Harassment Policy | 1.5 |
| 12-23-02 | Read and analyzed Conclusion section; report noted evidence of less than perfect supervisory practice by Lt Foster; report noted the existence of hostility and friction between Lt Foster and subordinate officer | 1.25 |
| 12-23-02 | Compared client's statement of facts with Sexual Harassment Complaint submitted by Kathy Fish | 0.75 |
| 12-30-02 | Read and analyzed report to Chief Russo from Capts Roland and Chaulk dated 12-21-98 | 0.75 |
| 12-30-02 | Read and analyzed report from Capt Roland and Capt Chaulk Re: Sexual Harassment Complaints dated 1-14-99 to Chief Russo | 0.75 |
| 12-30-02 | Reviewed details of Lt. Santoro's treatment of complaints made by female officers; interpreted reports; included reports in Statement of Facts | 0.75 |
| 12-30-02 | Reviewed details of Sgt Goodwin and his treatment of female officers as part of the environment of the RPD | 0.75 |
| 12-30-02 | Reviewed details of Sgt Doherty's treatment of female officers; examined his biased policies on swearing and conduct on the job as | |

|  |  |  |
|---|---|---|
|  | part of the RPD | 0.75 |
| 12-30-02 | Reviewed in detail Sgt Doherty's comments about the female sport's commentator; the incident with Curcio, Malatesta and Fish | 1.5 |
| 12-31-02 | Reviewed client's personal experience with Officer Crevoiserat; also reviewed Crevoiserat's treatment of other female officers and his contribution to the hostile environment of the RPD | 1.5 |
| 12-31-02 | Reviewed Sgt Nelson's use of pornography in the presence of Lynn Malatesta | 0.75 |
| 12-31-02 | Reviewed reports of Client's experience with Lt Ford and his negative comments to her about her heritage and that of Hispanics | 1.25 |
| 12-31-02 | Reviewed detailed description of Chief Russo's comments at the Citizens Police Academy; also his well-known comments about "crocheting" and "WIC mothers." | 1.5 |
| 12-31-02 | Reviewed conclusion that "female officers have legitimate complaints; also noted "errant behavior " of  RPD | 0.75 |
| 1-2-03 | Researched G.L.c. 151B Sec. 4; read statutes and annotated cases; examined standards of  sex discrimination cases | 0.75 |
| 1-2-03 | Researched the "terms, conditions and privileges of employment;" read annotated cases | 1.75 |
| 1-2-03 | Researched statute of limitations and the elements of a prima facie case of discrimination | 0.75 |
| 1-3-03 | Researched statute of limitations; statutory requirements of Notice of Claim, time limits and requirements of G.L.c. 258 | 2.5 |
| 1-3-03 | Researched 42 USC 2000e-2 –Unlawful employment practices | 1.5 |
| 1-6-03 | Research; read and analyzed 42 USC 2000e-2(a)(1)&(2) (1) to fail or refuse to hire;(2) deprive or otherwise adversely affect; read statutes and annotated cases | 1.5 |
| 1-7-03 | Prepared draft of paragraphs 1-4 of the Statement of Facts; | 0.75 |
| 1-8-03 | Reviewed client's disparate work assignments; also reviewed work assignments that were dangerous and without proper |  |

|         | support-commonly defined as departmental betrayal | 1.5 |
|---------|---------------------------------------------------|-----|
| 1-8-03  | Reviewed Lt Foster's public announcement of depriva-tion of privileges for Off. Pechner; analyzed impact on atmosphere in the Department | 0.75 |
| 1-8-03  | Reviewed other events of disparate treatment that client witnessed at the RPD | 1.25 |
| 1-10-03 | Reviewed events that involved fellow officers, Curcio, Fish and Malatesta and their impact on client's experience At the RPD | 1.25 |
| 1-10-03 | Reviewed other examples of Sgt Doherty's double standard | 0.75 |
| 1-11-03 | Reviewed events of 2-23-97; reviewed treatment of Officer Mangino by Chief Russo | 0.75 |
| 1-13-03 | Reviewed events of 2-26-01 to 3-2-01 the Underwear Incident; reviewed both reports, clients statements, and official response | 0.75 |
| 1-14-03 | Reviewed medical notes and psychiatric notes in preparation for filing client's complaint; | 1.5 |
| 1-15-03 | Discussed letters of commendation, citations and other work-related acknowledgements received by client; prepared for drafting complaint | 1.5 |
| 1-15-03 | Discussed how workplace hostility caused emotional injury; discussed incident relevant to MCAD complaint | 1.5 |
| 1-15-03 | Reviewed G.L.c. 32, disability provisions and applicable regulations; preliminary discussion with client | 1.25 |
| 1-17-03 | Discussed facts of this case; encouraged client to prepare more detailed chronological account of events and the name and rank of supervisors that contributed or acquiesced in the environment of the RPD | 1.25 |
| 1-21-03 | Drafted portions of the Complaint | 0.75 |
| 1-24-03 | Drafted parts of the Statement of Facts that involved Chief Russo, the underwear incident and the reports to the Chief | 1.5 |
| 1-29-03 | Discussed format of complaint; Exhibits, Statement of Facts, identified parts of the complaint that were individual to | |

| | | |
|---|---|---|
| | each Plaintiff and parts that were joint | 1.5 |
| 1-30-03 | Reviewed file and medical documents | 0.75 |
| 1-28-03 | Reviewed events of 1995 to 1996 at the RPD | 0.75 |
| 1-28-03 | Reviewed events of 1997 at RPD for complaint | 0.75 |
| 1-28-03 | Reviewed events of 1998 at RPD for cmplaint | 0.75 |
| 1-28-03 | Reviewed events of 1999 at RPD for complaint | 0.75 |
| 1-28-03 | Reviewed events of 2000 at RPD for complaint | 0.75 |
| 1-29-03 | Reviewed constructive discharge, rehire and other events of 2001 | 0.75 |
| 1-31-03 | Office conference with associate; discussed details of client's experience and included them in Plaintiffs complaint | 2.5 |
| 2-1-03 | Reviewed permanency standard required by statute and regulations | 1.5 |
| 2-4-03 | Conference with Ira Zaleznik, Esq. about disability award for client | 0.5 |
| 2-6-03 | Conference with client; discussed a summary of hostile work environment as defined by the SJC in College-Town v MCAD | 1.25 |
| 2-6-03 | Conference with client; discussed summary of unlawful discrimination and constructive discharge as stated in 42 USC 2000e-2 | 1.5 |
| 2-6-03 | Discussed "disparate treatment"; requested client to review notes and records for further instances of disparate treatment | 0.75 |
| 2-7-03 | Research; read and analyzed MGLc. 151B Sec 4 and case law | 1.5 |
| 2-7-03 | Research; read and analyzed CollegeTown v MCAD; analyzed strict liability ruling of SJC and legislative intent; harassment by supervisors (on whom authority is conferred) creates strict liability | 1.5 |
| 2-7-03 | Research; read and analyzed Burlington Industries v Ellerth; federal guidance on employer liability for supervisor | 1.5 |
| 2-8-03 | Research; read and analyzed Faragher v City of Boca Raton; also federal guidance on employer liability for supervisor | 1.5 |

| | | |
|---|---|---|
| 2-9-03 | Researched G.L.c. 151B Sec 3A | 0.75 |
| 2-10-03 | Examined Sexual Harassment Policy published by City in 1999; also examined Amended Policy published in 2000, noted absence of policy prior to 1999; also noted paucity of training programs and absence of documented attendance at such programs | 0.75 |
| 2-11-03 | Examined Burlington v Ellerth and Faragher v City of Boca Raton; examined whether defenses apply to this case; cases subject to review by US Supreme Ct; | 1.5 |
| 2-12-03 | Research; statute of limitations for filing civil action; client can file timely action in both state and federal courts | 0.75 |
| 2-12-03 | Drafted Notice of Claim pursuant to GLc. 258 for the City of Revere; | 1.1 |
| 2-12-03 | Prepared complaint to be used with Notice of Claim; prerequisite to filing suit | 2.5 |
| 2-13-03 | Drafted settlement agreement; researched details | 1.5 |
| 2-13-02 | Identified (1) Hostile Environment/Sexual/Racial Harassment Law;  (2)Constructive Discharge (3) Infliction of Emotional Distress (4) Disparate Treatment | 1.5 |
| 2-15-03 | Researched damages issue; researched Title VII damages | 0.75 |
| 2-15-03 | Rechecked statute Glc. 258 to verify standards required of Notice of Claim and the prerequisites to filing a cause of Action | 1.1 |
| 2-16-03 | Researched Stathos v Bowden; analyzed outcome of case and recognition of disparate treatment under MGLc 151B | 1.5 |
| 2-16-03 | Researched Monell v Dept of Social Services of the City of New York; analyzed municipal liability; studied precedent overruling Monroe v Pape-municipality is "person." | 1.5 |
| 2-16-03 | Gonsalves v City of New Bedford; read case for municipal liability; policymakers create liability by their deliberate indifference and failure to investigate; Mayor and City Council final policymakers | 2.5 |
| 2-17-03 | Researched  Footnotes of Gonsalves; read Bordanaro v McLoed and other First Circuit cases; noted Gonsalves as leading First | |

| | | |
|---|---|---|
| | Circuit case | 1.5 |
| 2-17-03 | Researched Pembauer v City of Cincinnati; analyzed holding that final policymaking cannot be delegated; policy makers cannot escape liability | 1.1 |
| 2-17-03 | City of St Louis v Praprotnik; analyzed holding that policymaking can be shared | 0.75 |
| 2-17-03 | Researched Jett v Dallas Independent School District; analyzed reasoning and holding; policymakers, not superintendent liable; analyzed Joiner v City of Ridgland and its holding that policy makers , not city attorney, held liable;  Police Commission, not police chief, was liable in Coming Up v San Francisco | 3.5 |
| 2-19-03 | Started final version of Notice of Claim; prepared FACTS; checked dates, times, places and parties | 0.75 |
| 2-19-03 |  Prepared Count 1-checked elements of prima facie case and damages section | 0.75 |
| 2-19-03 | Prepared Count 11-checked elements of prima facie case and damages section | 0.75 |
| 2-19-03 | Prepared Count III-checked elements of prima facie case and damages section | 0.75 |
| 2-19-03 | Prepared Count IV-checked elements of prima facie case and damages section | 0.75 |
| 2-19-03 | Performed final review of Notice of Claim | 1.5 |
| 2-20-03 | Prepared, copied and attached selected Exhibits; incorporated into Notice of Claim Exhibits provided by Plaintiff | 1.25 |
| 2-21-03 | Forwarded copies of Notice of Claim to associates and client for review | 0.5 |
| 2-21-03 | Printed copies; made folders | 0.5 |
| 2-22-03 | Made revisions to NOC; made copies of changes | 0.75 |
| 2-24-03 | Conference with client; made revisions at request of client | 0.75 |

| | | |
|---|---|---|
| 2-25-03 | Delivered Notice of Claim and Exhibits to Sheriffs Office for service on the City of Revere | 0.5 |
| 2-25-03 | Prepared press releases with copy of NOC and Exhibits | 1.5 |
| 2-26-03 | Preparation of material for Boston Globe and conference | 0.5 |
| 2-27-03 | Preparation of material for Boston Herald and conference | 0.5 |
| 2-27-03 | Preparation of material for pickup by Herald;phone call | 0.5 |
| 2-28-03 | Conference with client about press release to Globe | 0.5 |
| 2-28-03 | Conference with client about Channel 7's request for on camera interview | 0.5 |
| 3-3-03 | Reviewed list of superior officers and functions at RPD | 0.75 |
| 3-3-03 | Reviewed facts of case and client's notes | 0.75 |
| 3-3-03 | Identified actions of supervisors selected as Defendants for civil action | 0.75 |
| 3-4-03 | Reviewed MGLc 258 Sec 4; c. 214 Sec 1; c. 12 Sec 11*l;* and 42 USC 2000e-2 and reviewed complaint | 1.5 |
| 3-5-03 | Reviewed history and facts of client's case; reviewed Background section of complaint | 0.75 |
| 3-5-03 | Prepared preliminary draft of Settlement Proposal, including topic headings | 0.75 |
| 3-5-03 | Preliminary draft of Facts for settlement proposal | 0.75 |
| 3-6-03 | Completed press releases for Globe and Herald | 0.75 |
| 3-6-03 | Assembled Notice of Claim and Exhibits for review by both the Globe and the Herald | 0.75 |
| 3-7-03 | Conference with Marie Szaniszlo of the Boston Herald | 0.25 |
| 3-7-03 | Conference with Boston Globe-MetroNorth section | 0.25 |
| 3-8-03 | Researched strict liability and 100 % liability under both Mass and Federal law; shepardized CollegeTown, Ellerth, and Suders | 2.5 |

| | | |
|---|---|---|
| 3-10-03 | Reviewed DALA and PERAC decisions; examined applicability to client's case | 0.5 |
| 3-10-03 | Reviewed decisions made in the case of Terri Pechner-James; examined decision and exhibits; examined appeal procedure; reviewed findings of fact and noted causal connection between coplaintiffs injury and hostile environment of the RPD; | 2.5 |
| 3-11-03 | Reviewed findings 4 through 9 of coplaintiff;noted exhibits 6 and 7 and causal relationship; also noted findings 9 and 3; compared insomnia and fatigue, inability to perform job, with anxiety, depression and insomnia experienced by client. | 2.5 |
| 3-11-03 | Compared Findings 3, 6 and 9 and the ALJ's conclusion that coplaintiff was unable "to return to any form of duty within the Police Department" with client's experiences at the RPD | 1.5 |
| 3-12-03 | Reviewed client's continuing emotional distress and reviewed continued need for medication prescribed | 0.75 |
| 3-13-03 | Reviewed press release faxed to Lynn Item on 3-9-03; reviewed story in Lynn Item on the "historic hiring" by the City of Revere; article about the seven female officers, including the Plaintiff hired by the RPD | 0.5 |
| 3-17-03 | Follow-up to Boston Herald, Marie Szaniszlo; faxed updated press release and supporting documents to her | 0.75 |
| 3-17-03 | Reviewed provisions of GLc. 32 Sec 16(4) for elements of (personal injury) | 0.75 |
| 3-28-03 | Discussed with office associate the prerequisites that had been met for the filing of civil action; discussed Notice of Claim, the time requirement and the preparation of the civil complaint | 1.5 |
| 3-31-03 | Reviewed portions of complaint already drafted | 0.75 |
| 3-31-03 | Reviewed portions of complaint already drafted | 0.75 |
| 3-31-03 | Reviewed notes prepared by client, checked facts and compared statements with documents | 0.5 |
| 3-31-03 | Drafted sections of complaint with named Defendants and basis for cause of action | 2.5 |
| 4-1-03 | Reviewed MGLc 151B Sec 4 and 42 USC 2000e-2; compared | |

| | | |
|---|---|---|
| | prerequisites for liability | 1.5 |
| 4-1-03 | Drafted Paragraph 12-Applicable Law including both Mass and Federal law | 1.5 |
| 4-1-03 | Drafted Paragraph 13; included references to federal and state law | 0.75 |
| 4-1-03 | Reviewed doctrine of strict liability; CollegeTown v MCAD; Burlington Industries v Ellerth and Faragher v City of Boca Raton | 1.5 |
| 4-2-03 | Reviewed client's notes and drafted Paragraph 14 of the complaint | 0.75 |
| 4-2-03 | Reviewed events, start of work at RPD, MCAD complaint, instances of hostility and abuse | 0.5 |
| 4-2-03 | Drafted portion of paragraph 14 that pertained to Sonia Fernandez | 0.75 |
| 4-2-03 | Drafted Paragraph 15 based on review of events | 0.5 |
| 4-2-03 | Reviewed previous drafts of complaint | 0.5 |
| 4-2-03 | Reviewed client's notes, statements and all information related to her constructive discharge from the RPD | 1.5 |
| 4-4-03 | Reviewed actions of Roy Colannino, as chief and his responses to female officers complaints; reviewed actions of Captain Roland and the reports that he filed with Chief Russo; reviewed whether his successors had constructive knowledge of those reports | 2.5 |
| 4-4-03 | Reviewed drafts of paragraphs 48 -51 on behalf of Plaintiff | 0.75 |
| 4-4-03 | Reviewed previous drafts of Paragraphs 52-61 on behalf of Plaintiff | 0.75 |
| 4-7-03 | Reviewed client's notes for events and conduct that involved the application of disparate treatment; reviewed documents on Curcio, Malatesta and Fish | 1.25 |
| 4-8-03 | Reviewed pornography incident that involved Sgt Nelson; researched cases that involved jury verdict against user of pornography | 1.25 |
| 4-8-03 | Drafted paragraphs of complaint based on Sgt Nelson's use | |

| | | |
|---|---|---|
| | of pornography | 1.1 |
| 4-9-03 | Reviewed Revere Ordinance 2:60:030 and the responsibilities of the Chief of Police; noted Chief's duty to comply and execute orders of the mayor | 0.75 |
| 4-9-03 | Reviewed duties of the chief, responsibility to the mayor, reports provided to him by Capts Roland and Chaulk; analyzed duties and all reports in preparation for paragraphs 65-69 | 1.25 |
| 4-10-03 | Reviewed provisions of MGLc 149 Sec 105D; reviewed the scope of maternity leave, analyzed the relationship between this statute and GLc. 151 Sec 4 | 1.25 |
| 4-10-03 | Reviewed the client's notes as they relate to the Underwear Incident, reviewed in their entirety both reports of the incident; Also reviewed both reports submitted to Chief Russo by Capts Chaulk and Roland | 1.25 |
| 4-11-03 | Researched front pay award/front pay damages for hostile work environment/sexual/racial harassment | 1.1 |
| 4-11-03 | Researched CollegeTown and doctrine of strict liability in Massachusetts | 1.1 |
| 4-12-03 | Researched damages for Constructive Discharge, back pay mitigated by disability payment, back pay damages, front pay damages, front pay and back pay | 1.1 |
| 4-12-03 | Researched damages for Disparate Treatment, back pay, front pay, back and front pay damages and attorneys fees as permitted by 42 USC 2000e-2 5(k) | 1.1 |
| 4-12-03 | Researched damages for Infliction of Emotional Distress | 0.75 |
| 4-15-03 | Reviewed Local Rules of Court; analyzed Local rule 7.1 and 56.1 | 1.25 |
| 4-15-03 | Read Lesbian and Gay Organization v Rudolph Guiliani for procedural preclusion; standard of review and res judicata | 1.25 |
| 4-15-03 | Reviewed Agreement between Teamsters Local 25 and City of Revere for the period 7-1-97 to 6-30-00; reviewed dates of client's employment; reviewed Article 8, Article 9, Grievance Procedure and Arbitration, Paying Police Detail | 1.1 |

| | | |
|---|---|---|
| 4-15-03 | Review of  client's right to Grievance Procedure; noted role of Paying Police Details in Police Compensation; reviewed client's Notes for compensation derived from paying police details | 0.5 |
| 4-15-03 | Reviewed 1997 DOJ document: Law Enforcement Management and Administrative Statistics:Data for Individual State And Local Agencies with 100 or more officers; analyzed whether the City of Revere provides:Educational Incentive, Hazardous Duty and Shift Differential pay and any benefit derived by client | 1.5 |
| 4-16-03 | Review of 840 CMR 6:00: Standard Rules for Disclosure of Information promulgated by PERAC under the authority of MGLc 7 Sec 50 and MGLc 32 Sec 6 and 21; sections applicable To both client and employer 10:01 and 10:21 | 1.5 |
| 4-16-03 | Reviewed Sexual Harassment Policy amended in 2000; prepared notes for inclusion in complaint | 0.5 |
| 4-17-03 | Reviewed Legislative Act required for New Bedford to satisfy the judgment in Gonsalves v City of New Bedford; An Act Relative To the financing of Final Judgment By the City of New Bedford | 0.75 |
| 4-17-03 | Review of US Supreme Court Rule 35 on the Substitution of Public Officers | 0.5 |
| 4-17-03 | Researched 6 Moore-Federal Practice-Substitution of Parties Section 25:10, 25:45 | 0.75 |
| 4-17-03 | Review of USCS Fed Rules App. Proc R 43-Substitution of Parties: Automatic Substitution of Officeholders | 0.5 |
| 4-17-03 | Researched 6 Moore's Fed Practice:Sec 343.11-343.13; re-searched Kincaid v Rush:Substitution is procedural only; reviewed USCS Fed Rules Civ Proc R 25-Substitution of Parties | 2.5 |
| 4-18-03 | Researched 6 Moore Fed Practice: Substitution of Parties Sec 25:02, 25.10-25 and relevant sections on substitution | 1.5 |
| 4-18-03 | Reviewed Task List for Police Officer in Mass;analyzed sections A through H | 1.5 |
| 4-18-03 | Read and analyzed Horgan v CRAB; | 0.75 |
| 4-18-03 | Read and analyzed Evans v CRAB | 0.75 |

24

| | | |
|---|---|---|
| 4-18-03 | Read and analyzed Blanchette v CRAB; did analysis of "personal injury" to include "mental or emotional disability where predominant contributing cause of such disability is an event or series of events occurring within any employment" | 1.5 |
| 4-21-03 | Read and analyzed Sugrue v CRAB again | 0.75 |
| 4-21-03 | Read Suders v Easton; analyzed issues of sexual harassment/hostile environment, tangible job action, and constructive discharge | 1.5 |
| 4-21-03 | Researched "tangible employment action" and "materially adverse employment action"; analyzed elements of Title VII | 0.5 |
| 4-21-03 | Researched Ellerth & Faragher; US Supreme Court create strict liability for employers; compared Ellerth/Faragher and CollegeTown as separate bases of liability in this case | 1.5 |
| 4-22-03 | Reviewed Local Rule 56.1 and its requirement of concise statement; reference to affidavits, deposition and other documents; reviewed the standards required of opposition: concise statement, page reference to affidavits, depositions and other documentation | 0.75 |
| 4-22-03 | Noted: admission of moving party's facts unless controverted by non-moving party in Rule 56.1 | 0.5 |
| 4-23-03 | Review of Fed R. Civ P 56-Standard for Granting or Denying Summary Judgment; reviewed meaning of Genuine Issue, Controlling Legal Standards, Material Facts Appropriate As a Matter of Law | 1.5 |
| 4-23-03 | Reviewed Anderson v Liberty Lobby, Inc | 0.5 |
| 4-23-03 | Reviewed and researched Torres-Rosado v Rotger-Sabat | 0.5 |
| 4-23-03 | Reviewed and researched Celotex v Catrett | 0.5 |
| 4-23-03 | Reviewed burden on non-moving party in summary judgment; mere denials insufficient; First Nat'l Bank v Cities Serv Co | 0.75 |
| 4-24-03 | Reviewed what non-moving party must show by affidavit, deposition testimony or otherwise; reviewed Millar v Houghton, Rule 56(e) and Anderson v Liberty Lobby | 0.75 |

| | | |
|---|---|---|
| 4-24-03 | Reviewed mandatory requirement of counterstatement; analyzed AM Capens Co v American Trading, Jackson v Finnegan-facts admitted, if not disputed by counter-statement | 1.5 |
| 4-25-03 | Reviewed Rule 56(d) for Partial Summary Judgment on liability alone; also reviewed Russell v Enterprise Rent A Car of Rhode Island for procedural requirements | 0.75 |
| 4-28-03 | Reviewed "Law of the Case" doctrine and partial summary judgment adjudication; reviewed Palmer v Fox Software, Inc | 1.5 |
| 4-28-03 | Reviewed Burkhart v Washington Metro Area Transit Authority for dispositive nature of such motion | 0.75 |
| 4-30-03 | Review of requirements of Affidavits in Summary Judgment and Rule 56(e); reviewed requirements: Sworn, Personal Knowledge and Specific Admissible Facts | 0.75 |
| 4-30-03 | Review of Adickes v SH Kress & Co-unsworn affidavit insufficient | 0.75 |
| 4-30-03 | Review of Automatic Radio MFG Co v Hazeltine Inc for standards required for affidavits | 0.75 |
| 4-30-03 | Specific facts-not conclusory statement required; review of Moore v JB Hunt Transportation, Inc | 0.75 |
| 5-1-03 | Conference with co-counsel on Press Releases; analyzed future of case | 0.5 |
| 5-1-03 | Conference with press; press wants court development before publishing further stories; conference with associate about filing complaint at end of 180 days required by Notice of Claim statute | 0.5 |
| 5-1-03 | Reviewed CRAB decision in Plymouth V CRAB for inclusive definition of "personal injury". | 0.75 |
| 5-2-03 | Reviewed work-related facts that triggered Newman's depression (Plymouth County); compared Newman's condition with client's condition and experiences | 0.75 |
| 5-2-03 | Reviewed procedural role of regional medical panel; its evaluation of Newman, noted medical panel unanimous decision | 0.75 |

| | | |
|---|---|---|
| 5-2-03 | Reviewed injury and causation in (Plymouth); the natural and proximate result of Newman's disability-"work stress"; made comparisons with client's "work stress" and her resulting depression | 0.75 |
| 5-5-03 | Read and analyzed Namay v CRAB; | 0.75 |
| 5-5-03 | Reviewed standards for disability as discussed in Kelly's Case-stemmed from "a single work-related event or series of events | 0.75 |
| 5-5-03 | Reviewed other standard-product of gradual deterioration; read Zerofski's case | 0.75 |
| 5-5-03 | Read and analyzed Adams v CRAB; noted court's deference to CRAB's experience in the area of disability and its function in applying the provisions of MGLc 32 Sec 6&7 et seq. | |
| 5-6-03 | Compared Newman's lack of pre-existing mental or emotional illness with client's corresponding lack of pre-existing mental or emotional illness; read reports | 1.5 |
| 5-6-03 | Compared the depression, anxiety and insomnia of client with the injuries suffered in Blanchette and Plynouth cases | 0.75 |
| 5-7-03 | Reviewed Appeals Court court traditional deference to CRAB's determinations of facts and findings established by magistrate | 0.75 |
| 5-7-03 | Reviewed Vinal v CRAB; compared Vinal with Blanchette and Plymouth | 0.75 |
| 5-7-03 | Compared "major depression" of Newman, "mental incapacity" in Blanchette; contrasted case law with policy of RPD and its reliance on the treatise by John Collins; noted clear disparity | 1.5 |
| 5-8-03 | Office conference with associate; discussed recognition of major depression in Plymouth, mental incapacity in Blanchette, deference to CRAB by courts | 0.75 |
| 5-9-03 | Read and analyzed CollegeTown Div. of Interco v MCAD; reviewed employment discrimination prohibited by GLc. 151B Sec 4(1); applies to terms, conditions or privileges of employment, Encompasses a work environment pervaded by abuse and Harassment | 0.75 |
| 5-9-03 | Reviewed the legal implications of full participation in the work place; reviewed offensive comments and other conduct that | |

|  |  |  |
|--|--|--|
|  | created barriers against full and untrammeled participation in the workplace; the definition of discrimination includes these activities pursuant to MGLc 151B Sec 4 | 0.75 |
| 5-9-03 | Reviewed section on award of damages; damages permitted and interest calculated from time the proceedings commenced | 0.5 |
| 5-9-03 | Reviewed standard of review applied by the SJC to MCAD administrative decisions; reviewed substantial evidence and provisions of MGLc 30A Sec. 14(7) | 0.75 |
| 5-9-03 | Reviewed MGLc 231 Sec 6B for interest rate to be used in calculating interest; noted commencement of proceedings was the period from which interest should be awarded | 0.75 |
| 5-12-03 | Reviewed effects of harassment in CollegeTown; noted that "harassment by supervisor stigmatizes and employee"; reflects an attitude that the employee is not considered equal to other employees; reviewed clients notes on treatment by Lt Ford | 1.5 |
| 5-12-03 | Reviewed implied threat of harassment in CollegeTown; noted that such harassment carries implied threat that supervisor will punish resistance through exercising supervisory powers; reviewed client's notes and statement of facts; evaluated treatment client received from Lt Ford and other supervisors | 0.75 |
| 5-12-03 | Reviewed employer liability for sexual harassment of subordinates committed by supervisors; noted consistent policy applied in Mass and by MCAD | 0.5 |
| 5-12-03 | Read and analyzed School Comm of Wellesley v Labor Relations Comm'n on judicial deference to agency decision | 0.75 |
| 5-12-03 | Reviewed holding of CollegeTown; employer had conferred on supervisor substantial authority over his subordinates; employer, CollegeTown, is liable for discrimination by the supervisor | 0.75 |
| 5-13-03 | Compared Meritor Savings Bank v Vinson with CollegeTown | 0.75 |
| 5-13-03 | Compared Ellerth & Faragher with CollegeTown | 0.75 |
| 5-13-03 | Compared holding of Vernett v Hough with commentator's proposal that "employer should be strictly liable" for harassment by supervisors | 0.75 |
| 5-13-03 | Reviewed earlier cases of strict liability for tangible job detriment |  |

| | | |
|---|---|---|
| | under Title VII; Henson v Dundee and Tidwell v American Oil Co | 1.5 |
| 5-14-03 | Reviewed Gonsalves v City of New Bedford; examined case for this Circuit's policy on municipal liability; compared deliberate indifference with strict liability in CollegeTown and Ellerth/Faragher | 1.5 |
| 5-14-03 | Reviewed Sexual harassment Policy adopted in 1999; examined Section 1.4.3 for examples of such conduct; analyzed sections F through M and examined complaint for instances of violation Of this policy by Plaintiff's supervisors | 1.5 |
| 5-15-03 | Reviewed MGLc 43 Sec 56 on Plan B charters for the City of Revere and the City of New Bedford | 0.75 |
| 5-15-03 | Reviewed MGLc 43 Sec 58 for tenure of Class B mayor | 0.5 |
| 5-15-03 | Reviewed MGLc 43 Sec 59: compared structure and composition of City Council of Revere and City Council of New Bedford | 1.5 |
| 5-15-03 | Reviewed Revised Ordinances of City of Revere on duties and responsibilities of Mayor, City Council, and Chief of Police compared Ordinances with their counterparts in the City of New Bedford | 1.5 |
| 5-19-03 | Reviewed Gonsalves v City of New Bedford for role of jury and judge in the phases of the trial | 0.75 |
| 5-19-03 | Reviewed Bordanoro v McLoed; compared basis of liability with basis of liability in Gonsalves | 0.75 |
| 5-19-03 | Reviewed Pembauer, Propratnik, Jett, Joiner and ComingUp Inc compared their basis of liability | 2.5 |
| 6-9-03 | Reviewed medical and psychiatric records of client | 0.75 |
| 6-10-03 | Researched Kerr Selgas v American Airlines; issues researched: front pay and reinstatement both available under Title VII | 1.5 |
| 6-10-03 | Researched Brown v Scott Paper Worldwide Co; issue researched definition of "employer" under Washington law versus definition under Mass law; also compared Brown with CollegeTown and the definition of employer | 2.1 |

| | | |
|---|---|---|
| 6-11-03 | Reviewed Ellerth: issue-no need for tangible job detriment in order o pursue lawsuit against employer; employer presumptively liable | 0.75 |
| 6-11-03 | Reviewed Faragher-employer liable even if employer lacks notice; reviewed client's case for "offensive remarks and gestures" and tangible job detriment; compared client's case with Ellerth | 1.5 |
| 6-11-03 | Reviewed client's case for use of anti-harassment policy; examined RPD's lack of defense; reviewed client's complaint of sexual harassment; compared client's case to Faragher for compliance with any prerequisite that may have been necessary | 1.5 |
| 6-12-03 | Researched Minger v Reinhard Distributing Co. Inc; issue attorneys fees; court affirmed award of attorneys fees even when jury found sex found sexual harassment but declined to award damages | 1.5 |
| 6-12-03 | Analyzed Minger court policy rationale; failure to fully compensate attorneys who represent plaintiffs in discrimination claims will discourage actions whose primary effects are vindication of citizens right to be free of discrimination and the deterrence of unlawful and discriminatory conduct; court implemented legislative intent of statute | 0.5 |
| 6-13-03 | Researched Pollard v E I duPont; identified issues of front pay, back pay, reinstatement, compensatory and punitive damages under Title VII and 42 USC 1981 | 0.75 |
| 6-16-03 | Researched Pollard; issue was –hostile work environment in violation of Title VII; Compared client to Pollard; Pollard's work environment resulted in medical leave of absence for psychological reasons; compared the hostility of Pollard's environment to the environment of the client | 1.5 |
| 6-16-03 | Analyzed District Court's award of $300,000 in compensatory damages under 42 USC 1981a (b)(3); issue:cap on compensatory damages placed by 42 USC 1981 | 0.75 |
| 6-16-03 | Read and analyzed Sec 706(g); language of newly authorized Sec 1981a remedies in the 1991 Act were in addition to 706(g) Remedies | 1,25 |

| 6-17-03 | Reviewed article by Jeff Harley: Supreme Court Removes Cap on Front Pay in Discrimination Cases; analysis:distinction between sexual harassment and gender based discrimination; Pollard was harassed because she was a woman doing what Was traditionally considered a man's job | 1.5 |

6-17-03    Analysis of the environment in Pollard; court described wretched indifference to an employee who was "lowly drowning in an environment that was completely unacceptable while her employer sat and watched"; reviewed client's notes and made comparisons of the client's environment                                                          1.25

6-17-03    Reviewed article: Front Pay awards in title VII Discrimination Cases Not Capped by Laura Licht; analyzed procedural steps of Case; read analysis of court's statutory interpretation that Revealed congressional intent                                                                    1.25

6-18-03    Analysis of 1991 Act; expanded to include equitable remedies; allowed compensatory and punitive damages; removal of statutory cap;                                                                                                                 0.75

6-18-03    Analysis of court's resolution of circuit's conflict; analyzed traditional remedies that were insufficient; Sup Ct. held cap limited congressional intent; examined how other appellate courts excluded front pay from statutory cap; examined resolution of conflict                                                          1.25

6-19-03    Proposed and discussed meeting with City Solicitor to resolve case prior to expiration of Notice of Claim                             0.5

6-19-03    Researched jury awards for sexual harassment in other jurisdictions; Glendale, Calif-jury 8 men and 4 women award $3.5 million; Iowa- $81 Million to 47 yearold UPS employee; $500,000 in compensatory damages and $80.2 Million in punitive damages; New Jersey- $875,000 to female airline pilot for repeated harassment by pornography                                                  1.5

6-23-03    Reviewed constructive discharge; reviewed 3rd Circuit cases, 8th Circuit cases; compared contrary 2nd Circuit and 6th Circuit cases; Examined client's working conditions and compared them to the Intolerable work conditions experienced by Off Suders whose case Was on appeal to the US Supreme Court                                      1.25

6-24-03    Reviewed CollegeTown, Ellerth & Faragher for inclusion in Settlement Memorandum and Plaintiffs complaint                             1.1

| | | |
|---|---|---|
| 6-25-03 | Reviewed clients case, personal and work data in preparation for drafting Settlement proposal | 0.75 |
| 6-25-03 | Calculating total damages including emotional distress | 0.25 |
| 6-26-03 | Drafted statement for Settlement Proposal: Caption:The Defendant's Liability is 100% under State and Federal Law; Included CollegeTown, Ellerth, Faragher and Suders v Easton | 1.25 |
| 6-30-03 | Assembled Settlement Proposal for presentation to Office of the City Solicitor | 0.75 |
| 7-7-03 | General review of the Standard Rules of Disability Retirement 840 CMR 10:00 | 1.1 |
| 7-7-03 | Specific review of four (4) mamdatory findings | 0.75 |
| 7-7-03 | Detailed review of "permanency"; reviewed provisions of 10:14(1) and 10:04(2); detailed review of "natural and proximate cause" and the the three (3) presumptions that apply; examined presumptions that apply to client's condition | 0.75 |
| 7-7-03 | Detailed review of 10.04(4) &(5) and their subsections; examined these provisions for applicability to client's diagnosis | 0.75 |
| 7-8-03 | Detailed review of 10.05: Proceedings, Parties; Representation; Record; the term proceedings encompass the "accidental disability Retirement" sought by Plaintiff | 0.5 |
| 7-8-03 | Reviewed parties as defined in 10.05(2); Parties include City of Revere; parties bound by outcome of proceedings | 0.75 |
| 7-8-03 | Reviewed 10.05 and 10.06; detailed review of  documentary evidence, testimonial evidence, record keeping and other uses of evidence in administrative hearing | 1.5 |
| 7-9-03 | Detailed review of 10.06 and MGLc 32 Sec 7; examined the latitude provided for discovery of personal, work related, medical records; also noted the use of authorizations to gain documents from physicians and insurance companies; noted the exhaustive discovery allowed by regulations | 1.5 |
| 7-9-03 | Detailed review of 10:06(1)(h); further authorizations-client | |

|         | provided authorizations to permit physicians and medical institutions described in 10.06(1)(g)(2) for the purpose of explaning records, treatment performed or statement of prognosis | 0.75 |
|---------|---|---|
| 7-9-03  | Compared discovery provisions of 840 CMR 10.06 (a-h) with discovery provisions of Fed R. Civ Procedure | 1.5 |
| 7-10-03 | Detailed review of 10.06(2): Involuntary Retirement procedure for the head of department filing for member who has become totally and permanently unable to perform the essential duties of her job; MGLc 32 Sec 7 and Form 10-2A reviewed; Form 10-7 also available to Dept head; review of process to be used by Chief Reardon | 1.25 |
| 7-10-07 | Detailed review of 10:07 and time limits; 15 days for department head to file statement with RRB; Chief Reardon has 15 days to provide application to RRB | 0.5 |
| 7-10-07 | Reviewed Chief Reardon's obligations under sections (a-j) | 1.5 |
| 7-10-07 | Reviewed  all sections of Sec 10.08; examined in detail the the administrative detail and the compliance with the evidentiary standards of c. 30A | 1.75 |
| 7-11-03 | Reviewed 10.09 Sec 103: Investigation;Denial;Appeal; review of procedure for denial and appeal | 0.5 |
| 7-12-03 | Reviewed all sections of 10.10 including provisions for scheduling and rescheduling examinations | 1.1 |
| 7-14-07 | Reviewed dates, nature of reports and timelines established by regulations; also reviewed procedure for clarification and right to appeal; noted detail compliance with due process in regulations | 1.1 |
| 7-15-03 | Reviewed 10.11-all sections: examined how the City's retirement board is bound by the State regulations and offers due process | 0.75 |
| 7-15-03 | Reviewed all sections of 10.12 and its procedures for the conduct of hearings; examined section and noted emphasis on affording all parties an opportunity to present all infor-mation and argument relevant to the proceedings and preserving the record | 1.1 |

33

| | | |
|---|---|---|
| 7-16-03 | General review of 10.12(3)(f) Evidence: Read and assessed sections 1-5 for compliance with GLc 30A | 0.75 |
| 7-16-03 | Reviewed in detail (f)(1) General Standard of Evidence: The kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs; compared this standard with the definition of substantial evidence as used in c. 30A | 0.75 |
| 7-16-03 | Reviewed (f)(2): Testimony: Stipulations: Availability of witnesses provided to all parties; analyzed section for due process; telephone conferences permitted, use of stipulations, other evidentiary tools within the discretion of presiding officer; assessed process for availability and reliability | 1.25 |
| 7-16-03 | Reviewed (f)(4) and (5): Review of regulations use of Judicial Notice and the recording and preservation of evidence as required By due process | 1.1 |
| 7-21-03 | Reviewed 10.13: Decision: Examined time frames and notice requirements; written notice required; reviewed standards of GLc 32 Sec 7; 180 day time limit used in client's case | 0.75 |
| 8-12-03 | Reviewed MGLc 258 Sec 4 and Notice of Claim filed with City of Revere in February 2003; reviewed matter for expiration date 180 days-prerequisite for filing suit | 0.5 |
| 8-12-03 | Preliminary review of Notice of Claim; evaluated federal statutes; analyzed state statutes; determined theories of liability available under state statutes and case law; reviewed theories of recovery under state law and theories of recovery under federal law; analyzed advantage of pleading state statutes and remedies only | 0.75 |
| 8-13-03 | Reviewed Notice of Claim; reviewed draft of complaint; reviewed state statutes MGLc 151B Sec 4; c. 214 Sec 1; C. 12 Sec 11*I* and c. 258 Sec 4 | 0.75 |
| 8-13-03 | Further conference with associate on the result of filing Plaintiff's case in Massachusetts Superior Court based on state remedies only | 0.5 |
| 8-13-03 | Conference with associate on the effects of adding Title VII; assessed effects if case is filed in or moved to federal court | 0.5 |
| 8-13-03 | Identified all named Defendants by reviewing their tenure, the supervisory capacity and period of supervision; also | |

|         |                                                                                                                                                                                                                                                                                                                                                  |      |
|---------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|         | identified policy makers and Defendants upon whom they conferred authority                                                                                                                                                                                                                                                                        | 1.25 |
| 8-14-03 | Reviewed Satisfaction of Prerequisites; prepared content of paragraph in manner that complied fully with c. 258 Sec 4; reviewed prerequisites; reviewed client's MCAD complaint; reviewed Notice of Claim; performed compliance check on all documents                                                                                              | 1.25 |
| 8-14-03 | Reviewed MGLc 151B Sec 4 and CollegeTown; examined client's right to workplace free from hostility, sexual/racial harassment and other workplace harms; reviewed the non-delegable special relationship between employer and employee established by CollegeTown; incorporated into Applicable Law the legal conclusion of CollegeTown; examined strict liability of CollegeTown and evaluated it as basis for suit | 0.75 |
| 8-14-03 | Reviewed MGLc 30A; examined the impact of administrative law on the issues of causality, injury, disability in federal court                                                                                                                                                                                                                      | 0.75 |
| 8-15-03 | Reviewed principle of constructive discharge and its use in state law                                                                                                                                                                                                                                                                             | 0.5  |
| 8-15-03 | Reviewed complaint of Kathy Fish and response of RPD; compared client's experiences; noted clearly intolerable conditions and failure to acknowledge conditions by RPD                                                                                                                                                                             |      |
| 8-25-03 | Reviewed client's notes; reviewed command structure of RPD; noted Roy Colannino was Acting Chief, James Russo was chief, Capt Roland was a supervisor and Lt Ford was a supervisor of The Plaintiff; examined records for actions that confirm the Actions that the RPD took address the conditions that injured The Plaintiff.                      | 0.75 |
| 8-25-03 | Reviewed client's notes; reviewed Department's report of December 1998 and January 1999; focused on the conduct Of Sgt Doherty; noted use of double standard; reviewed the events of April 18, 1997 and the manner in which fellow officers Curcio, Fish and Malatesta were treated by Sgt Doherty                                                   | 1.5  |
| 8-25-03 | Reviewed Sgt Nelson's use of pornography and the jury verdict in the Continental case                                                                                                                                                                                                                                                             | 0.5  |
| 8-26-03 | Reviewed client's notes, department memorandum and other                                                                                                                                                                                                                                                                                          |      |

|         |                                                                                                                                                                                                                     |      |
|---------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|         | documents that relate to the tenure of James Russo as chief of police;reviewed December 1889 report, reviewed January 1999 report, noted that hostile environment that constructively discharged client persisted throughout his tenure | 1.5  |
| 8-26-03 | Reviewed Citizens Academy incident; noted Chief's snub of Officer Mangino; examined Chief's deliberate indifference To the presence and the experiences of female officers | 0.75 |
| 8-26-03 | Noted Chief Russo's "WIC meeting" and "crocheting"; included chief's statements as part of complaint | 0.5  |
| 8-27-03 | Noted indifference of department; prior to April 1999, it had no maternity leave policy or sexual harassment policy; reviewed MCAD complaint of Kathy Fish;reviewed MCAD complaint of client; reviewed MCAD complaint of Terri James; analyzed Department's responses to complaints; analyzed the Department's position that it had no need for a maternity leave policy | 0.75 |
| 8-27-03 | Included historical absence of both policies in complaint | 0.5  |
| 8-27-03 | Reviewed details of January 1999 report to Chief Russo; identified instances of hostile conduct toward female officers; identified fear of reprisal, intimidation and fear of punishment as experiences common to the female officers of the RPD, in-cluding client | 1.5  |
| 8-27-03 | Reviewed experiences of Plaintiff's fellow officers whose cruisers were vandalized | 0.5  |
| 8-27-03 | Reviewed reports of underwear incident; reviewed details of female leopard patterned underwear on bulletin board for several days; no investigation; similar response to vandalism; embarrassment and humiliation noted as response to experiences | 0.5  |
| 8-27-03 | Identified last paycheck to Plaintiff in March 2001; leave without pay granted but economic hardship caused by RPD | 0.5  |
| 8-28-03 | Summary of Count 1 of client case-Hostile Environment/Sexual Racial Harassment | 0.5  |
| 8-28-03 | Summary of count II of client's case-Constructive Discharge | 0.5  |
| 8-28-03 | Summary of Count III of client's case-Disparate Treatment | 0.5  |
| 8-28-03 | Summary of Count IV of client's case-Infliction of Emotional |      |

|  |  |  |
|---|---|---|
|  | Distress | 0.5 |
| 8-28-03 | Reviewed all exhibits except A & B for attachment to complaint | 1.5 |
| 8-29-03 | Reviewed all four (4) counts for applicability of federal statutes; selected 42 USC 2000e-2 Title VII as applicable to the facts; compared MGLc 151B sec 4 with federal statute; also reviewed Ellerth & Faragher; compared the federal-no employer defense-With the strict liability holding of CollegeTown by the SJC | 1.5 |
| 9-2-03 | Amended all counts to add federal statutes; also amended applicable law section to add federal statutes and US Supreme Court cases, Ellerth, Faragher and Suders v Easton | 1.5 |
| 9-2-03 | Researched Kerr Selgas v American Airlines and Pollard v duPont; issues-front pay, back pay, reinstatement, compensatory damages and punitive damages | 0.75 |
| 9-2-03 | Researched Brown v Scott Paper; issue-supervisors in Washington State held personally liable for discrimination; employers in Mass held liable for supervisors acts of discrimination | 0.75 |
| 9-2-03 | Compared Pollard's experiences at duPont with client's experiences at RPD; hostile work environment in Pollard violated Title VII; hostile environment at RPD violated Title VII; hostile environment in Pollard resulted in medical Leave of absence; hostile environment at RPD caused client Emotional damage | 1.5 |
| 9-2-03 | Compared court's description of "wretched indifference" in Pollard to the client's treatment at the hands of the RPD | 0.5 |
| 9-3-03 | Researched Article on Front Pay Awards in title VII Discrimination Cases by Laura Licht | 0.75 |
| 9-3-03 | Researched Article on Front Pay by Angela H. Myers; analyzed Supreme Court's interpretation of 1991 statute; Court removed interpretation that placed cap on front pay; Pollard allows damages requested in this case | 0.75 |
| 9-3-03 | Researched Article on the appeal of Suders v Easton to the US Supreme Court; constructive discharge the functional equivalent of actual termination | 0.75 |
| 9-3-03 | Read Article: Employers Can Be Held Liable For Sexual Harassment that Takes Place Without Their Knowledge by |  |

| | | |
|---|---|---:|
| | D.M. Moschos, Esq. | 1.1 |
| 9-4-03 | Analyzed Ellerth and Faragher; analyzed Moschos' premise that employer can be held liable even in the absence of knowledge; examined the role of the liability of the employer in Moschos is same as the employer in CollegeTown | 1.1 |
| 9-4-03 | Analyzed the impact of federal v state statute of limitations; examined how statute of limitations and prerequisites affect the filing of client's civil action | 0.75 |
| 9-4-03 | Analyzed conduct of the RPD and applied Moschos's analysis; found (1) no policy prohibiting sexual harassment prior to April 1, 1999; (2) no evidence of appropriate supervisor training; (3) no complaint procedure; (4) deliberate and wretched indifference to the enforcement of policy during client's tenure | 0.75 |
| 9-5-03 | Reviewed Moschos' analysis of the concept of "authority conferred"; reviewed the Plan B charter of the City of Revere; analyzed the powers and responsibilities of the mayor and city council and their relationship to the chief of police | 1.1 |
| 9-8-03 | Examined holding of Gonsalves v City of New Bedford; applied Gonsalves criteria and determined that mayor and city council were the policy makers for the purpose of this case | 0.75 |
| 9-8-03 | Analyzed the defendants in Gonsalves, including the policy makers; mayor, city, chief of police and numerous officers are similar to the parties in this case | 0.75 |
| 9-8-03 | Analyzed court's observation in Gonsalves that the mayor failed to investigate, mayor did not review whether investigations were being conducted thoroughly and impartially; mayor did not review whether chief reporting all violations to him; the city council did not review matters; performed comparative analysis with the City of Revere; these defendants exhibited the same indifference and neglect as the defendants in Gonsalves | 1.5 |
| 9-8-03 | Analyzed steps for establishing municipal liability; (1) deliberate indifference;(2) causation established by evidence;(3)authority conferred by municipality | 0.75 |
| 9-9-03 | Read MCAD complaint of Kathy Fish; read information that Lt Foster's daughter became pregnant while a police officer; quality of the air was unsafe for a pregnant person; Lt Foster's | |

| | | |
|---|---|---|
| | daughter was allowed to stay at her parents house in Revere or report to the Revere High School; no maternity policy was ever adopted or implemented | 0.75 |
| 9-22-03 | Checked final revisions on complaint; checked and verified all defendants, municipal defendants, policymakers and individual defendants who were supervisors of the Plaintiff | 1.1 |
| 9-22-03 | Checked prerequisites: notice of claim, proper service, 180 day requirement, MCAD complaint filed more than 180 days; all prerequisites met | 0.75 |
| 9-22-03 | Checked section on Applicable Law and applicable federal law; checked cases cited in support of strict liability; CollegeTown case selected; Ellerth-Faragher cases selected; also checked Suders v Easton (on appeal); prepared section for filing | 0.75 |
| 9-22-03 | Checked Background section; reviewed dates of commencement and termination of employment, experience of hostility; denial of full participation in RPD and deliberate indifference of RPD | 0.75 |
| 9-23-03 | Detailed review of "parity" for psychological injuries in Mass; read and analyzed Begin's case where the SJC ruled that Begin's "acute anxiety state" did not constitute compensable injury; this 1968 case remained law until 1978 | 1.25 |
| 9-23-03 | Preliminary review of Fitzgibbons and Albanese cases; SJC recognizes mental or emotional disorders as entitled to compensation; compared 1978 and 1979 cases with Collins treatise relied upon by City. City's position based upon overruled cases and statutes | 0.75 |
| 9-23-03 | Detailed review of Fitzibbons Case (1978); SJC recognized "mental and emotional disorder" as having parity with physical injuries; analysis of PTSD as compensable workplace injury under Mass law | 0.75 |
| 9-23-03 | Detailed review of Albanese's Case; reviewed client's case and any denial of benefits based on the Collins treatise | 0.75 |
| 9-24-03 | Reviewed medical records from various providers; selected documents that support the client's cause of action | 1.5 |
| 9-25-03 | Reviewed paragraphs 123 to 130 in preparation for filing | 0.75 |

| 9-25-03 | Reviewed paragraphs 131 to 133 in preparation for filing | 0.75 |

| 9-25-03 | Reviewed paragraphs 134 to 137 in preparation for filing | 0.75 |

| 9-25-03 | Reviewed paragraphs 138 to 140 in preparation or filing | 0.75 |

| 9-25-03 | Reviewed respective section on damages | 1.25 |

9-30-03    Reviewed damages; researched punitive damages,
           also reviewed full range of damages available in Title VII
           cases;

10-6-03    Reviewed all four (4) counts of plaintiff's complaint, prepared
           for filing in Superior Court on 10-8-03; final review of the
           parties to the complaint, the prerequisites, MCAD filing;
           Notice of Claim; made determination of completeness;
           Reviewed and compared MGLc 151B Sec 4 and 42 USC 2000e-2;
           Reviewed other state and federal statutes cited in paragraph 12    0.75

10-6-03    Analyzed CollegeTown and the strict liability standard;
           analyzed Ellerth & Faragher & Suders for federal strict
           liability standard; did analysis of both federal and state
           strict liability and applied standards to the facts and the
           findings in this case                                             0.75

10-7-03    Reviewed Boston Herald story; compared press release
           with content of published story                                  0.5

10-7-03    Analyzed four counts of Plaintiff's complaint; examined
           Count 1 for instances of Hostile Environment/Sexual/Racial
           Harassment selected; analysis of Count II-examined the ele-
           ments of constructive discharge also analysis of damages
           available, front pay without cap, back pay, compensatory damages,
           analysis of Count III- examined selection of instances of disparate
           treatment and damages available; considered front pay without cap,
           back-pay-no reinstatement; compensatory damages; analysis of
           Count IV-examined the elements of infliction of emotional
           distress; examined damages available – front pay without cap,
           back pay and compensatory damages                                 1.25

10-8-03    Filed complaint, attachenments and Affidavit required for
           Verification with Suffolk Superior Court No: 03-4685G;
           Paid filing fee to Clerk; prepared Cover Sheet required by
           Court; made copies of complaint with attachments; purchased
           Summons for each Defendant                                        0.75

| | | |
|---|---|---|
| 10-10-03 | Read and analyzed legal commentary:Damages Available Under WEFA and Title VII; examined subheading; examined Subheadings; analysis of argument: Title VII is the federal law That outlaws discrimination; examined compensatory damages Not subject to cap; back pay, interest and front pay. | 0.75 |
| 10-10-03 | Examined parameters of front pay; awarded in lieu of reinstatement, designed to compensate Plaintiff for immediate effects of unlawful termination; other uses-compensation for loss of earning capacity, diminished earnings; analyzed this case for the existence of both front pay and loss of earning capacity | 0.75 |
| 10-10-03 | Examined recovery of attorney's fees and costs; analyzed 42 USC 1988(b)(c); analyzed Plaintiff's entitlement to fees and costs | 0.5 |
| 10-14-03 | Read and analyzed article: Sexual Harassment; relevant section In theWorkplace: analysis of articles definition of Title VII and Its purpose; Title VII prohibits sex discrimination by an employer With respect to terms, conditions, or privileges of employment; Analyzed guidelines of EEOC developed to enforce Title VII; Examined guidelines and analyzed the intimidating, hostile And offensive working environment experienced by the Plaintiff In light of the US Supreme Ct's interpretation of these guidelines | 0.75 |
| 10-14-03 | Read and analyzed Meritor v Vinson; first case to acknowledge victims of such harassment could sue for monetary damages | 0.75 |
| 10-15-03 | Analyzed the difference between the trial court in Meritor, EEOC guidelines and the US Supreme Court reasoning; trial Court focused on whether employee suffered tangible economic Loss; US Supreme Court relied on EEOC guidelines regarding Hostile work environment; Ct make anology between sexual And racial harassment | 2.5 |
| 10-15-03 | Reviewed Harris Forklift Systems; Ct defines environment to include experiences of other female employees who were not Plaintiffs | 1.5 |
| 10-15-03 | Analyzed Oncale v Sundowner Offshore Services; case confirmed Harris and extended sexual harassment to members of the same sex | 0.75 |
| 10-17-03 | Reviewed client's MCAD complaint; checked the date of the commencement of her employment; checked date anti-harassment | |

|  |  |  |
|---|---|---|
|  | adopted; checked efforts to communicate anti-harassment policy or any other evidence of reasonable care; conclusion-no Ellerth/ Faragher defense available to Defendants | 0.75 |
| 10-17-03 | Analyzed Gebser v Lago Vista Independent School District; court used "deliberately indifferent " standard for liability in School District case; compared this Title VII case with Gonsalves that used the same standard | 1.5 |
| 10-27-03 | Procedural review of civil action: 03-4685G; complaint filed in Suffolk Superior Court 10-8-03; correspondence with Office of the City Solicitor requesting that it accept service for Mayor Ambrosino and Chief Reardon; letter sent to Essex County Sheriff's office with summons and complaints for parties who Live in Essex County | 0.75 |
| 10-27-03 | Procedural review of service of process on supervisors in 03-4685G; prepared summones to accompany verified complaint, exhibits and affidavits to be served on non-Essex County parties | 1.25 |
| 12-11-03 | Reviewed Notice of Removal filed with Federal District Court; checked removal stature and procedures | 1.5 |
| 12-12-03 | Checked Plaintiff's complaint for time limits on answers due and default procedure | 0.75 |
| 1-8-04 | Researched Fed. R. Civ. P. 56(c); checked rule and case law; prepared for motion for partial summary judgment | 1.5 |
| 1-9-04 | Reviewed Plaintiff's complaint for previous administrative rulings; | 0.75 |
| 2-12-04 | Reviewed Plaintiff's complaint and documents for motion for summary judgment | 1.5 |
| 2-24-04 | Discussed with client the appearance of the firm of Reardon, Joyce & Akerson for the officers | 0.5 |
| 2-25-04 | Reviewed Defendants Motion for Extension of Time, no objection filed by the Plaintiff | 0.5 |
| 2-27-04 | Reviewed City's answer to the Plaintiff's complaint | 1.5 |
| 3-4-04 | Reviewed officer's answer to Plaintiff's complaint | 2.5 |
| 3-9-04 | Attended administrative conference with client | 1.5 |

| | | |
|---|---|---|
| 4-15-04 | Conference with client about the direction of the case in Federal Court | 1.5 |
| 6-2-04 | Reviewed scheduling notice and scheduling conference set for 6-24-04 at 3:30 pm | 0.5 |
| 6-3-04 | Prepared schedule; discussed with opposing counsel | 0.75 |
| 6-21-04 | Reviewed Certification pursuant to Local Rule 16.1 from all Defendants | 1.5 |
| 6-22-04 | Prepared joint statement on scheduling conference | 0.75 |
| 6-22-04 | Discussion of joint statement on scheduling conference; scheduled dates | 0.75 |
| 7-14-04 | Prepared certification pursuant to Local Rule 16.1 on Sonia Fernandez. | 1.5 |
| 8-19-04 | Reviewed notice of scheduling conference set for 9-23-04 | 0.75 |
| 8-20-04 | Reviewed Request for Production of 26 Documents from the counsel for Defendant officers | 4.1 |
| 8-21-04 | Reviewed Requests 1 through 8; examined Plaintiff's documents; assembled documents requested | 4.1 |
| 8-23-04 | Reviewed Requests 9 though 15; examined Plaintiff's documents; assembled documents requested | 4.1 |
| 8-25-04 | Reviewed Requests 16 through 20;examined Plaintiff's documents; assembled documents requested | 4.1 |
| 8-27-04 | Reviewed Requests 21 through 26;examined Plaintiff's documents; assembled documents requested | 4.1 |
| 9-23-04 | Preparation for conference on scheduling order; review of complaint and exhibits, preparation of notes for conference | 2.5 |
| 9-24-04 | Attended conference; discussion of facts, discussion of case law and merits of case. | 3.1 |
| 9-24-04 | Discussion of scheduling and further conference; pretrial set for 11-17-05; amended pleadings due by 10-8-04; trial set for 11-25-05 | 1.5 |

| | | |
|---|---|---|
| 9-27-04 | Reviewed Plaintiff's complaint and analyzed developments in administrative case for retirement disability; researched amendments to complaint | 1.5 |
| 10-25-04 | Reviewed Plaintiff's Responses to 1st Set of Interrogatories and mailed copy to counsels | 4.1 |
| 10-22-04 | Reviewed Plaintiff's Production of Documents; evaluated questions and corresponding responses; sent documents to counsels | 4.1 |
| 10-26-04 | Reviewed court's decision to terminate motions; evaluated impact of court's decision on client's case | 1.5 |
| 2-14-05 | Notified client that the City had new attorney; Ira Zaleznik had replaced by Paul Capizzi and Walter Porr | 0.75 |
| 3-1-05 | Reviewed Terrence Reardon's Motion For Summary Judgment; reviewed his Exhibits A-H | 3.5 |
| 3-4-05 | Reviewed Terrence Reardon's additional Exhibits I-J | 1.5 |
| 3-7-05 | Reviewed each of 10 Exhibits and analyzed for relevance to Plaintiff's case | 2.5 |
| 3-16-05 | Reviewed Stipulation of Motion Permitting Service of Written Interrogatories exceeding 25 in number | 1.5 |
| 3-24-05 | Discussed with office associate Stipulation and electronic order | 0.75 |
| 4-1-05 | Drafting Emergency Motion For Protective Order & Request for Hearing on Stipulated Motion | 2.5 |
| 4-10-05 | Preparing final draft of Emergency Motion | 1.5 |
| 4-14-05 | Reviewed Exhibits for Emergency Motion | 1.5 |
| 4-12-05 | Drafted Motion to Compel Discovery pursuant to Fed. R. Civ P. 37(a)(2) | 2.5 |
| 4-12-05 | Prepared exhibits for attachment to motion | 1.5 |
| 4-12-05 | Prepared and filed motion and exhibits | 1.5 |

| | | |
|---|---|---|
| 3-10-05 | Prepared draft Opposition to Terrence Reardon's motion for summary judgment | 1.1 |
| 3-12-05 | Researched memorandum in support of opposition | 3.5 |
| 3-12-05 | Prepared draft version of Opposition | 2.5 |
| 3-12-05 | Prepared final version of Opposition | 1.1 |
| 4-13-05 | Reviewed motion for summary judgment by Mayor Ambrosino | 1.5 |
| 4-13-05 | Reviewed Statement of Facts Filed by Mayor Ambrosino | 1.5 |
| 4-13-05 | Reviewed Affidavit of Walter Porr and other Attachments | 3.5 |
| 4-13-05 | Reviewed City's Opposition to Plaintiff's Motion to Compel Discovery-Docket No:40 | 1.5 |
| 4-15-05 | Reviewed City's Opposition to Docket No 33-Plaintiffs Emergency Motion for Protective Order | 1.75 |
| 4-15-05 | Reviewed Affidavit filed by City in support of Docket No:42 | 0.75 |
| 4-22-05 | Reviewed Status Report-Docket No:44-filed by City | 1.1 |
| 5-9-05 | Reviewed Status Report filed by counsel for Defendant officers | 2.5 |
| 5-23-05 | Reviewed City's Motion to Compel Answers to Interrogatories | 1.5 |
| 5-23-05 | Reviewed Affidavit of Walter Porr in Support of his Motion To Compel | 0.75 |
| 5-23-05 | Reviewed Certificate of Consultation on Affidavit and Motion To Compel | 0.75 |
| 5-23-05 | Reviewed Status Report and Request for Further Scheduling Conference by the City | 2.5 |
| 6-29-05 | Reviewed Motion by the city for Leave to file a memorandum in support of their motion for summary judgment in excess of twenty pages | 2.5 |
| 6-29-05 | Reviewed Supplemental Status Report and Request for Further | |

| | Scheduling Conference by the City | 2.1 |
|---|---|---|
| 6-29-05 | Reviewed Certificate of Consultation re:Memo is excess of 20 pages | 0.75 |
| 6-28-05 | Researched material for  Rooker-Feldman memorandum | 4.1 |
| 6-29-05 | Prepared facts and arguments for Rooker Feldman memo | 3.5 |
| 6-29-05 | Prepared Certificate of Consultation and Certificate of Service for Rooker-Feldman | 1.5 |
| 6-30-05 | Reviewed City's Motion for Relief from time Limits | 1.5 |
| 7-6-05 | Reviewed City's Opposition To Rooker-Feldman | 1.5 |
| 7-6-05 | Reviewed Affidavit of Walter Porr in opposition to Rooker Feldman | 0.75 |
| 7-8-05 | Drafted opposition to No: 59-Motion for Relief from Time Limits | 2.5 |
| 7-8-05 | Drafted memo in opposition to Ambrosino Motion for Summary Judgment | 4.1 |
| 7-8-05 | Researched Plaintiff's opposition to No: 61; researched cases for Plaintiffs opposition to No: 61 | 4.5 |
| 7-8-05 | Drafted Plaintiff's opposition to City's Motion for Leave | 1.5 |
| 7-13-05 | Reviewed City's Motion to Strike Plaintiff's Opposition To Ambrosino's Summary Judgment Motion | 1.5 |
| 7-13-05 | Drafted Opposition to No:63; Plaintiff opposed to City's Motion to Strike | 3.5 |
| 7-21-05 | Reviewed Certificate of Consultation for Nos 61 and 64 filed by City. | 0.75 |
| 7-21-05 | Reviewed Defendant officers Opposition to Rooker-Feldman | 1.5 |
| 7-29-05 | Reviewed Notice of Hearing on Docket Nos. 53, 31, 46, 34, and 59 on September 23, 2005 | 1.5 |
| 7-30-05 | Reviewed Nos. 53, 31, 46 | 2.5 |

| | | |
|---|---|---|
| 8-1-05 | Reviewed Nos. 46, 34 and 59 | 3.5 |
| 8-2-05 | Reviewed City's Motion for Rule 11 Sanctions | 0.75 |
| 8-2-05 | Reviewed Affidavit of Walter Porr re: Rule 11 Sanctions | 0.75 |
| 8-2-05 | Reviewed Certificate of Consultation for Rule 11 Sanctions | 0.75 |
| 8-10-05 | Researched Plaintiff's Supplemental Memorandum in Support of Rooker-Feldman | 2.5 |
| 8-15-05 | Drafted Plaintiff's Supplemental Memorandum in opposition to No:67 | 2.5 |
| 8-15-05 | Drafted Plaintiff's Motion for Rule 11 Sanctions Against the City and Opposition to Defendants Motion For Rule 11 Sanctions | 3.1 |
| 8-18-05 | Reviewed City's Motion To Strike Plaintiff's Supplemental Memorandum. | 1.5 |
| 8-18-05 | Researched substance of City's Motion to Strike | 2.1 |
| 8-18-05 | Reviewed together City's Motion to Strike, Plaintiff's Motion for Sanctions and Opposition No: 74 | 1.5 |
| 8-19-05 | Reviewed Certificate of Consultation attached to Motion To Strike | 1.5 |
| 9-12-05 | Reviewed Defendants Motion To Compel Production and Award of Expenses; also reviewed 16 exhibits filed with Motion | 3.5 |

**TOTAL HOURS**                                                                        **808.5**

**HOURLY RATE:**          **$200.00**

**BILL TOTAL**          **($200.00 X 808.5 HOURS)**          **$161,700**


Respectfully Submitted,


/s/Carlton J. Dasent
Carlton J. Dasent, Petitioner

47

109-8[th] Street
New Bedford, MA 02740
(617) 894-2087