UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** and **SONIA FERNANDEZ**  Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPT. TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY JOHN NELSON, JAMES RUSSO MICHAEL MURPHY and STEVEN FORD**  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF NOTICE OF ATTORNEY'S LIEN, REQUEST FOR DETERMINATION AND ENFORCEMENT PURSUANT TO M.G.L.c. 221 § 50 and PAYMENT FROM DEFENDANTS PURSUANT TO THE PROVISIONS OF M.G.L.c. 12 § 11I.**

**Facts:**

The Petitioner, Carlton J Dasent, was co-lead counsel with Attorney James S. Dilday and provided legal representation to the plaintiff, Sonia Fernandez. The attached Notice of Attorney's Lien, Request for Determination and Enforcement Pursuant to M.G.L.c. 221 § 50 and Payment from Defendants pursuant to M.G.L.c. 12 § 11I is submitted by the Petitioner on his own behalf.

Petitioner presents a substantive issue of Massachusetts law. Petitioner has filed, under Massachusetts law, an inchoate lien to recover the reasonable value of his services,

1

pursuant to M.G.L.c. 221 § 50. The scope and value of said services are indicated n **Exhibit A.**

The Petitioner requests an equitable proceeding that will determine the reasonable value of the services rendered and enforce the lien that arises, pursuant to M.G.L.c. 221 § 50, under the appropriate circumstances. The Petitioner also seeks payment from Defendants pursuant to the fee-shifting provisions of M.G.L.c. 12 § 11 I, when the inchoate lien matures.

The petitioner successfully represented the Plaintiff, Sonia Fernandez, in retirement disability proceedings before the Division of Administrative Law Appeals (DALA), the Public Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB). The Petitioner has represented the Plaintiff in Suffolk Superior Court :Civil Action: 03-4685G., in the United States District Court. See **Docket No: 1**.

The Petitioner has attached as **Exhibit A** a Statement of Attorney's Services and Costs in support of his request for lien determination, enforcement and payment by Defendants.

The Docket entries indicate that on September 24, 2004, Chief Judge Wolf advised the parties to read Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996) and seek a settlement. The Petitioner made several attempt and prepared several offers of settlement. The Defendants took the position that, contrary to the Judge's instruction, Gonsalves had no relevance to this case. They rejected all settlement efforts.

The Defendants chose instead to multiply litigation and dramatically increase the number of docket entries. The Court ordered Alternative Dispute Resolution. The Plaintiff participated in the mediation process but, once again, as **Docket 270** indicates, there was no settlement; the Petitioner's lien remains inchoate and will mature when a judgment, decree or other order, including a settlement is entered in the favor of Sonia Fernandez.

<u>Applicable Law:</u>

M.G.L.c. 221 § 50; M.G.L.c. 12 § 11I

**ARGUMENT**

**(1) M.G.L.c. 221 § 50 provides the Petitioner with an inchoate lien for the reasonable value of his services**.

M.G.L.c. 221 § 50 provides the Petitioner with an inchoate lien for the reasonable value of his services; it authorizes this Court to determine and enforce a lien for the reasonable value of services upon the entry of judgment, decree or other order. The statute states the following:

> From the authorized commencement of an action, counterclaim or other proceeding in any proceeding in any court or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceedings shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceedings, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding in not pending in a court, the superior court may determine and enforce the lien...

This statute gives an attorney a right to assert a "charging lien" to secure compensation for legal services rendered. See Boswell v Zephyr Lines, Inc. 414 Mass. 241, 244, 606 N.E2d 1336 (1993). The lien takes effect from the commencement of an action or any proceedings in any court or before any state or federal department, board or commission. G.L.c. 221 § 50. See Black, Attorney's Lien in Massachusetts, 43 Mass. L.Q. (No.3) 33,36 (1958), Cohen v Lindsey, 38 Mass App Ct. 1, 4, 644 N.E2d 250; 1995 Mass App. LEXIS 4.

The Petitioner commenced proceedings for the Plaintiff, Sonia Fernandez, before Massachusetts boards and commissions-DALA and PERAC and appeared for the Plaintiff in the Suffolk Superior Court and the United States District Court. **Exhibit A**

As Docket No: 270 indicates, the Plaintiff, Sonia Fernandez, has not settled her case and no judgment, decree or other order has been entered in her case. The Petitioner's lien, filed prior to judgment, will become choate upon the entry of a judgment, decree or other order pursuant to M.G.L.c. 221 § 50.

**(2) An inchoate lien arose in favor of the Petitioner upon the commencement of his representation of plaintiff; that lien will mature upon the entry of a judgment, decree or other order under Massachusetts law.**

In view of the 1945 statute, G.L.c. 221 § 50, the <u>Hoy</u> case, (93 F. Supp. 264) (1950) and the <u>Newton Housing Authority</u> case (5 Mass. App. 1 (1977), it appears that a charging lien can be asserted on a cause of action, prior to a judgment, for reasonable fees and expenses, which gives the attorney a much broader lien than was provided for under prior statutes.

McCann, <u>Attorney's Lien in Massachusetts</u>, 69 Mass. L. Rev. 68, 84 (1984).

The courts of the Commonwealth, including the courts of the First Circuit, have determined and enforced the provisions of M.G.L.c. 221 § 50 including the theory of the inchoate lien.

This Court, <u>In Hoy's Claim. Thurston v Hutchinson</u>, 93 F. Supp. 265, 1950 U.S. Dist. LEXIS 2304 recognized the inchoate lien and determined and enforced the matured lien pursuant to M.G.L.c. 221 §50. In <u>Hoy</u>, Hutchinson, a citizen of Massachusetts, injured Thurston, a citizen of Maine. Thurston engaged Massachusetts attorney, Hoy. Hoy entered a complaint against Hutchinson on June 28, 1949. On the same day, Thurston, behind his attorney's back, gave Hutchinson a general release from all actions arising out of the injury in exchange for $10, 400. The next day, after the receipt of the money, Thurston discharged Hoy.

Hoy, in response, filed an opposing "motion to arrest the judgment" on the grounds that he was filing suit to "establish the fair value of his services" and to "establish an attorney's lien for such services" pursuant to M.G.L.221 §50.

The District Court addressed as its first question whether "Hoy had a lien on his client's cause of action." The Court held in Hoy's favor and stated the following

The statute purports to confer an attorney's lien upon a cause of action regardless of whether suit upon the cause of action is brought in the federal or the state courts.

4

M.G.L.221 §50 provides that "From the commencement of an action in any court...the attorney..shall have a lien ...upon his client's cause of action.." and there is no reason to deny the statute the application to federal suits which it apparently seeks. For the right given to the attorney-the security conferred- is not a procedural but a substantive right. citing Woodbury v Andrew Jergans Co., 2nd Cir. 69 F. 2d 49; Nolan v Hemingway Bros. Interstate Trucking Co., D.C.S.N.Y., 88 F. Supp. 111. It follows that if-as the present record indicates, Hoy filed the complaint in this court even one minute before Thurston released Hutchinson, Hoy had a lien upon Thurston's cause of action. Id at 266

This U.S. District Court holding in Hoy , support the Petitioner's lien in the causes of action filed by the plaintiff, Sonia Fernandez. The Petitioner commenced his representation of Sonia Fernandez before state administrative agencies and later appeared for her in Suffolk Superior Court and this United District Court. The fact that the Defendants moved this case to Federal Court-**Docket No: 1**, does not affect the substantive nature of this petition or validity of Petitioner's lien. Hoy at 266.

The inchoate lien was recognized by the Supreme Judicial Court in PGR Management Company, Inc. Heath Properties v Helen Credle, 427 Mass. 636, 694 N.E2d 1273, 1988 Mass. LEXIS 326. The Court articulated the following holding:

> Thus, pursuant to G.L.c. 221 § 50, an inchoate lien in favor of the tenant's attorney arose upon the filing of the tenant's counterclaim and matured upon the entry of the judgment for the tenant. See Torphy v Reder, 357 Mass. 153, 155-56, 527 N.E2d 435 (1970)...The lien attached to tenant's award. Boswell v Zephyr Lines, Inc., 414 Mass 241, 244, 606 N.E2d 1336 (1993). Moreover, because the attorney's lien arose prior to the judgment for the landlord, it has priority under the principle first in time, first in right. See Murphy v Brilliant Co., 323 Mass. 526, 532, 83 N.E2d 166 (1948). Accord Continental Cas. Co., v Kelly, 70 App. D.C. 320, 106 F2d 841, 843 (D.C. 1939); Cetenko v United Cal. Bank, 30 Cal 3d 528, 534, 179 Cal. Rptr 902, 638 P.2d 1299(1982)   Id at 640.

In PGR Management, the Supreme Judicial Court, not only recognized the inchoate lien but established its priority position against other potential liens. The inchoate lien held by the Petitioner has the same status and the same priority position as the inchoate lien in PGR.

5

The Massachusetts Appeals Court reaffirmed the existence of the inchoate lien and the priority of its position in Craft v Kane, 51 Mass. App. Ct. 698, 747 N.E2d 748, 2001 Mass. App LEXIS 356. The Appeals Court utilized the history of the statute to emphasize the Court's consistent interpretation of the 1945 amendment of M.G.L.221 §50. The court stated:

There is no merit to the executor's argument. We pointed out in Cohen v Lindsey, 38 Mass App ct 1, 4-5, 644 N.E.2d 250 (1995) that prior to the 1945 amendment, St 1945 c.397 § 1, "a statutory attorney's lien existed only after the entry of judgment in the client's favor." Cohen at 4. After the 1945 amendment, an inchoate lien for an attorney's reasonable fees and expenses upon his client's cause of action arises as of the commencement of an authorized action. See PGR Mgmt. Co., Inc., Heath Properties v Credle, 427 636, 640, 694 N.E.2d 1273 (1998). It becomes choate, and attaches to "any type of court order subsequently obtained in a client's favor." G.L.c. 221 §50. The interlocutory order of the first judge was an order in Cellai's client's favor, with the result that Cellai's inchoate lien arising upon the filing of the action became choate or matured, at the time of the order. "

The Appeals court noted the recognition and use of the inchoate lien in Bankruptcy Court. The Court cited In re Albert, 206 B.R. 636, 639 (D. Mass. 1997)(when an attorney files an action, an inchoate lien arises in the attorney's favor.. The lien becomes choate when a judgment, decree or other is entered in the client's favor and attaches to any "proceeds derived therefrom." The Appeals Court recognized both the origin and the priority of the statute and stated:

> Moreover, because Cellai's lien under c. 221 § 50 arose on the commencement of Craft's suit against the executor, and as a result his notice of lien was first in time when filed, it remained unaffected by the later dismissal of the suit, see PGR Mgmt Co., Inc., Heath Properties, 427 Mass. At 640 and aatached to whatever amount is finally determined to have been due Craft out of the fire insurance proceeds of $48, 732.38 which formed the res of the constructive trust. See Cohen v Lindsey, 38 Mass App Ct at 5. See also Smith v Consalve, 37 Mass. App. Ct 192, 194 n.3, 638 N.E2d 501 (1994).    Id at 652

6

The substantive nature of the lien requested by Petitioner is underscored by the Bankruptcy Court in In re Albert, 206 B.R 636, 639 (D. Mass 1997); the Massachusetts Appeals Court relied upon this case from the Bankruptcy Court in its Craft opinion. The Bankruptcy Court relying on Massachusetts law and precedent stated:

> Massachusetts law is clear that when an attorney files an action, an inchoate lien arises in the attorney's favor.Billingham v Wynn & Wynn, P.C. (In re Rothwell) 159 B.R 374, 379 (Bankr. D. Mass (1993); In re Leading Edge Products, Inc., 12 B.R. 128, 131 (Bankr. D. Mass. 1990). See Cohen v Lindsey, 38 App. Ct. 1, 5, 644 N.E2d 250, 252 (1995)(lien takes effect upon the authorized commencement of an action in any court.") The lien becomes choate when a judgment, decree or other order is entered in the client's favor and attaches to any proceeds derived therefrom. Rothwell, 159 B.R. 379; Leading Edge Products, Inc., 121 B.R. at 130.   Id at 640

The Albert court clearly relied on M.G.L.221 §50 determine the lien and to establish priority under the Bankruptcy Code §546(b). The Court stated:

> Bankruptcy courts have held that where state law provides that the effective date of an attorney's lien relate back to the attorney's services, 546(b)[of the Bankruptcy Code] protects the attorney's lien from being avoided by the trustee....Massachusetts law provides that the attorney shall have a lien "from the authorized commencement of the action."M.G.L.221 §50. See Thurston v Hutchinson, (In re Hoy's Claim.) 93 F. Supp 265, 266 (D.Mass. 1950) (lien arises from moment action is filed); Rothwell, 159 B.R. at 379; Leading Edge Products, 121 B.R. at 131; Cohen, 38 Mass. App. Ct at 5, 644 N.E2d at 252(lien takes effect from authorized commencement of action; John s. McCann, the Attorney's Lien in Massachusetts, 69 Mass. L. Rev. 68, 83-84 (1984).    Id at 640.

**Exhibit A** clearly demonstrates that petitioner commenced proceedings in courts and before administrative bodies as required by M.G.L.221 §50. Her case is currently unsettled and no judgment, decree or other order has been entered in her case. **Docket No: 270.** Both Massachusetts and federal law recognize the substantive nature claims pursuant to M.G.L.c. 221 § 50 and the validity of the petitioner's claim.

Since In re Hoy's Claim, 93 F. Supp. 265 (1950) both the federal courts, including the bankruptcy courts, and the Massachusetts courts have held that the inchoate lien created by the 1945 amendment to M.G.L.221 §50 matures upon the entry of a judgment, decree or other order and takes priority over other liens. See Wilson v Wilbert, 98-12299 WGY;

2001 U.S. Dist LEXIS 23227; Phalon v TCC, 9 Mass. L. Rep. 657, 1999 Mass. Super. LEXIS 105.

The statute and the existing case law validates the inchoate lien sought by the Petitioner for services rendered in **Exhibit A**; they also determine that said lien will mature when there is a judgment, decree or order entered in favor of Sonia Fernandez and that said lien takes priority over other liens.

## (2) Jurisdiction: The federal court has jurisdiction to determine and enforce a lien pursuant to M.G.L.221 §50.

M.G.L.c. 221 § 50 provides the following:

> From the authorized commencement of an action,......any proceeding in any court or appearance in any proceeding before any state or federal department board or commission...

The statute clearly provides for a lien on proceedings "before DALA, PERAC and the RRB. This court, in Hoy,supra. resolved the question of this court's jurisdiction. The court stated the following:

> The answer is that if the federal court has jurisdiction of the client's cause of action-as it has in the instant case-because Hutchinson and Thurston are citizens of different states and more than $3,000 is in controversy-it has ancillary jurisdiction over the lien controversy. Woodbury v Andrew Jergans Co., 2 Cir. 69 F. 2d 49.      Id at 266.

The Defendants moved this case to the United States Dsitrict Court: **Docket No: 1**. That fact does not change the court's jurisdiction. The Plaintiff filed four causes of action based on state and federal statutes, including Title VII claims and claims based on violations of M.G.L.c. 151B. The court properly has jurisdiction of the federal claims and same ancillary jurisdiction of the state claims, including claims under M.G.L.c. 221 §50, that it had in Hoy. The ancillary jurisdiction the court exercised in Hoy can be properly exercised in this case.

**3. Legislative intent: Both Massachusetts and federal courts have consistently interpreted the provisions of M.G.L.221 §50 and fee-shifting statutes in a manner consistent with the intent of the Massachusetts legislature.**

The Supreme Judicial court in PGR Management, supra described its enforcement policy as follows:

> Enforcing an attorney's lien serves two policy interests. First, it protects attorney's ..by disabling the clients from receiving the fruits of recoveries without paying for valuable services by which the recoveries were obtained. Boswell, supra, at 248, quoting Matter of Heinsheimer, 214 N.Y. 361, 364, 108 N.E 636 (1915). Second, and more importantly, by ensuring that lawyers will be compensated for their services, the lien provides access to legal services to clients with colorable claims who otherwise could not afford legal services. See Cetenko,supra, at 536.    Id at 640.

The Supreme Judicial Court in PGR Management, supra determined and enforced the provisions of M.G.L.221 §50 as consistent with legislative intent. The Court held as follows:

> "Our conclusion is consistent with G.L.c. 235 § 27 which prohibits the setoff of execution' as to the portion of [an] execution upon which [an] attorney has a lien under [c. 221 § 50]. It is also consistent with the fee-shifting provision in c. 186 § 14, that seeks to encourage the private enforcement of particular laws chosen by the Legislature. See Lincoln St Realty Co., v Green, 374 Mass. 630, 632, 373 N.E.2d 1172.       Id at 641

The Supreme Judicial Court stated explicitly the public purpose of M.G.L.221 §50 and the fee-shifting statutes. It stated:

> Permitting a setoff where an indigent tenant owes a landlord more than the landlord owes the tenant would be contrary to these goals. If the setoff were permitted, because the tenant is unlikely to have other funds with which to pay her attorney, the tenant's attorney, rather than the landlord, would bear the expense of the litigation. This would discourage attorneys from taking such cases.  Id at 640

**Conclusion:**

The Massachusetts Civil Rights Act (MCRA) M.G.L.c. 12 § 11 I provides that:

> Any aggrieved person who prevails in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorney's fees in an amount to be fixed by the court.

The fee-shifting provisions of MCRA are based on the same legislative intent as the fee-shifting provisions of M.G.L.c. 186 § 14. These statutes "seek to encourage the private enforcement of particular laws chosen by the Legislature". PGR Management at 641.

The Petitioner has filed Notice of Attorney's Lien, Request For Determination And Enforcement Pursuant To M.G.L.c. 221 § 50 and Payment Pursuant To the Fee-Shifting Provisions of M.G.L.c. 12 § 11 I.  Determination and enforcement of the Petitioner's attorney's lien pursuant to c. 221 § 50 would be consistent with legislative intent; determination and enforcement against the Defendants would be consistent with fee-shifting provisions of c. 12 § 11 I.

> "Because the tenant is unlikely to have other funds with which to pay her attorney, the tenant's attorney, rather than the landlord, would bear the expense of the litigation, This would discourage attorneys from taking such cases. PGR Management at 640

This clearly articulated conclusion by the Supreme Judicial Court in PGR Management, supra, validates the Petitioner's request to this Court for determination, enforcement and payment pursuant to the fee-shifting statutes. The remedy sought by the Petitioner is not only consistent with legislative intent,  it is private litigation  that has a public purpose. The attorney's lien is protected for a public reason.

That public purpose placed the attorney's lien in Craft, supra, beyond the power of any agreement between Craft and the executor; it placed the attorney's lien in Hoy, supra, beyond the power of any agreement between Thurston and Hutchinson.  That public purpose places Petitioner's Request beyond the power of any agreement between the

Plaintiff and the Defendants. The state court in <u>Craft</u> and the Federal District Court in <u>Hoy</u> have held that the attorney's consent is required to discharge his lien.

Respectfully submitted,

/s/ Carlton J. Dasent_____

Carlton J. Dasent, Petitioner
109-8th Street
New Bedford, MA 02740
(617) 894-2087