UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** and **SONIA FERNANDEZ** **Plaintiffs** | ) ) ) ) |
| VS. | ) ) |
| **CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPT. TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY JOHN NELSON, JAMES RUSSO MICHAEL MURPHY and STEVEN FORD** **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**AFFIDAVIT OF PETTITIONER, CARLTON J. DASENT, IN SUPPORT OF ATTORNEY'S LIEN PETTITION IN THE MATTER OF SONIA FERNANDEZ PURSUANT TO M.G.L.c. 221 § 50**

I, Carlton J. Dasent, hereinafter referred to as Petitioner,, duly sworn , depose and say:

1. I was co-lead counsel with James S. Dilday, Esq, on the case of Sonia Fernandez and represented her before state administrative agencies and before the Suffolk County Superior Court in Massachusetts and in the United States District Court for the District of Massachusetts until September 12, 2005.

2. During the period of representation outlined in **Exhibit A**, I performed for Sonia Fernandez the services described in the **Exhibit.**

3. M.G.L.c. 221 § 50 gives me an inchoate lien against Sonia Fernandez' for services

1

rendered both in court appearances and before administrative agencies as stated in detail in **Exhibit A.**

4. M.G.L.c. 12 § 11I recognizes that Petitioner's inchoate lien will mature and become secured as soon as the Plaintiff becomes a prevailing party.

5. I successfully represented the Plaintiff, Sonia Fernandez, at the adminstrative hearings before the Massachusetts Division of Administrative Law Appeals (DALA), the Massachusetts Public Employee Retirement Administration Commission (PERAC) and the Revere Retirement Board (RRB).

6. The four (4) counts of the Plaintiff's civil complaint was based on the same facts as her successful request for disability retirement. On October 12, 2003, I commenced on the Plaintiff's behalf, a civil complaint in the Suffolk Superior Court-Civil Action: 03-4685G.

7. The Defendants moved the Plaintiff's case to the United States District Court in December 2002. Petitioner continued to represent the Plaintiff until September 12, 2005.

8. I attended, along with co-lead counsel, a status conference on September 24, 2004; Chief Judge Mark L. Wolf admonished the parties to read Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996) and to settle this case.

9.Petitioner subsequently researched the case law to which the Judge referred. I prepared the necessary settlement memorandum and supporting materials and tried to pursue settlement discussions with the Defendants. The Defendants took the position that Gonsalves had no bearing on this case and refused to engage in settlement talks. No settlement was ever attempted or achieved as a result of the Defendants response.

10. On February 14, 2005, the Defendants changed counsel-Docket No: 28. Ira Zaleznik, Esq. Was replaced by Walter Porr, Esq. and Paul Capizzi, Esq.

11. After the change of counsel, Defendants counsel, Walter Porr, Esq., in particular, deliberately multiplied litigation in a manner that often included personal attacks on Petitioner and Plaintiff. The nature and number of the excessive docket entries speak for themselves.

12. The case record indicates that the docket entries tripled between the date of the Chief Judge's admonition and September 12, 2005. The docket entries now exceed two hundred

and seventy.

13. Petitioner has conducted research on discrimination cases in the First Circuit

14. My research has confirmed the excessive nature of the docket entries provided by the Defendants and multiplication of litigation in which they have engaged. The recent case of Grady v Town of Wareham, 05-10097-JGD clearly demonstrates Petitioner's conclusion.

15. Grady has only thirty (30) dockt entries. The case was commenced two years later than the above-captioned case. The Stipulation of Dismissal With Prejudice was entered almost one-year ago, December 1, 2006.

16. Ms. Grady received a monetary settlement, injunctive relief and an award of attorney's fees of $160,000.

17. The amount of the inchoate lien requested in Exhibit A and related documents is reasonable. The lien amount in **Exhibit A** reflects a period that doubles the life of the Grady case.

18. Exhibit A reflects the work, time and expense made necessary by the Defendants litigation strategy.

19. Petitioner's inchoate lien as stated in Exhibit A exists pursuant to M.G.L.c. 221 § 50 and will mature when there is a judgment , settlement or other appropriate disposition of the case.

20. The fee-shifting provisions of M.G.L.c. 12 § 11I requires the Defendants to satisfy the Petitioner's lien; only the Petitioner can discharge the lien. The Plaintiff cannot discharge the lien and the plaintiff cannot enter into an agreement with the Defendant that discharges Petitioner's lien.

21. The Plaintiff was referred to Alternative Dispute Resolution (ADR). As **Docket No: 270** indicates, the case was not settled and no judgment, decree or other order was entered in her case.

21. Petitioner acknowledges that his lien will become choate and matured when a judgment, decree or other order as defined by M.G.L.c. 221 § 50 is entered in her case.

Sworn under pains and penalties of perjury.

/s/ Carlton J. Dasent_____

3

Carlton J. Dasent, Petitioner
109-8th Street
New Bedford, MA 02740
(617) 894-2087