UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  **SONIA FERNANDEZ** | ) |
|     **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     **Defendants** | ) |

### REINSTATEMENT OF MOTION FOR RULING OF LAW-DOCKET NO: 268 AND REASSERTION OF ATTORNEY'S LIEN- DOCKET NO: 266.

Undersigned counsel, James S. Dilday, Esq., hereby reasserts the attorney's lien in **Docket No: 266** and reinstates his motion for ruling of law in **Docket No: 268.** Both the reassertion and the reinstatement are necessary because Plaintiff's counsel has breached the terms and conditions of the settlement agreement mediated by the court. Undersigned counsel needs clarification and assistance from the court in shaping a remedy for the breach caused by the conduct of Plaintiff's counsel. Counsel states the following in support of his request:

1. The Docket Sheet confirms that the undersigned was a lead counsel for Terri Pechner-James from the commencement of this cause of action until discharge on January 12, 2007-**Docket Nos: 256, 257**.  **Docket No: 266** will confirm that, as counsel, I also represented  the Plaintiff before administrative boards and commissions as required by M.G.L.c. 221 § 50.

2. On January 19, 2007, I filed a motion to withdraw at the request of the Plaintiff. **Docket Nos: 256, 257.**

3. I filed an attorney's lien-**Docket No: 266**-in this case, after giving Plaintiff's counsel adequate notice and following the procedural requirements of Local Rule 7.1. **(See Attached Affidavit.)**

4. Plaintiff's counsel failed to respond to requests to "meet and confer" as required by the procedural rules.  In a letter dated April 25, 2007, Peter J. Unitt, Esq. acknowledged receipt of the materials sent to him pursuant to Local Rule 7.1 and further stated "we look forward to addressing this issue upon completion of litigation."

5. The filing of **Docket No: 266** included an itemized bill for my services and the services of co-counsel, Carlton J. Dasent, up to September 15, 2005. The pleading was filed after meeting the requirements of Local Rule 7.1. All parties had notice of the attorney's lien contained therein.

6. On October 2, 2007, the plaintiff, Terri Pechner-James, entered a Stipulation of Dismissal-**Docket No: 272**.  The details and terms of the Stipulation were negotiated by Magistrate-Judge Marianne B. Bowler, acting as mediator pursuant to Local Rule 16.4.

7. The details and terms of the Stipulation included certain **oral** conditions: (1) my voluntary withdrawal of my motion for ruling of law in **Docket No: 268**, and (2) the payment of $12,500 of fees and costs.

8. Undersigned counsel withdrew **Docket No 268**, the Court entered a Stipulation of Dismissal, the Defendants and their insurer paid Plaintiff's counsel the agreed upon sum, Plaintiff's counsel has made no payment to me or to my office.

9. At a court scheduled hearing on September 27, 2007, the undersigned confirmed the conditions negotiated by the mediator. I withdrew, on the record, **Docket No: 268**. During that court session, I learned that the Defendants and their insurer had already made payment to Plaintiff's counsel, Peter J. Unitt, Esq and Patrick J. Sacco, Esq. several weeks earlier.

10. It became clear to me and to the court that I had withdrawn my motion as part of the negotiated agreement but that Plaintiff's counsel had breached their part of the agreement and failed to make the required payment.

11. I have subsequently contacted the office of Plaintiff's counsel. I have sent letters requesting payment; I have sent requested releases; all to no avail. Plaintiff's counsel  has steadfastly refused to fulfill the terms and conditions negotiated by the mediator and has withheld, without authorization, the funds required to me and my office.

12. The attorney's lien filed on June 27, 2007-**Docket No; 266**-remains undischarged; it is being reasserted.

13. Former counsel filed his own Notice of Lien-**Docket No:273**; this docket entry relates back to **Docket No: 266** but is not the same as **Docket No: 266**. It covers former

counsel's services up to September 12, 2005. Former counsel has also filed his own separate lien on the case of co-plaintiff, Sonia Fernandez-**Docket No: 274**.

14. The Motion for Ruling of Law-**Docket No: 268**-which I withdrew on September 27, 2007 at the court's request is being reinstated. Its reinstatement is made necessary because Plaintiff's counsel breached the agreement negotiated by the mediator.

WHEREFORE, undersigned counsel respectfully requests that this Court:

    1. Reinstate undersigned counsel's Request for Rulings of law and schedule the requested hearing-**Docket No: 268**;

    2. Permit undersigned counsel to reassert his attorney's lien as stated in **Docket No: 266** except for the portions superseded by **Docket No: 273** and schedule the requested hearing;

    3. Impose a constructive trust upon the funds paid to Plaintiff's counsel by the Defendants and their insurer; such a constructive trust is necessary to satisfy the liens asserted in **Docket Nos: 266 and 273**.

    4. Such other relief as the court deems just and proper.

Respectfully submitted,

/s/ James S. Dilday
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470