UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  SONIA FERNANDEZ | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     Defendants | ) |

**AFFIDAVIT OF JAMES S. DILDAY, ESQ. IN SUPPORT OF REINSTATEMENT OF DOCKET  NO:  268 AND REASSERTION OF DOCKET NO:266**

I, James S. Dilday, Esq. duly sworn depose and state as follows:

1. I was co-counsel for Terri Pechner-James until September 12, 2005 when co-counsel, Carlton J. Dasent was terminated from the case. I remained counsel to the Plaintiff until January 12, 2007 when the Plaintiff requested termination of my representation- **Docket Nos: 256 and 257.**

2. Neither I nor my office has signed a contingency agreement with Terri Pechner-James.

3. I commenced a cause of action for the Plaintiff, Terri Pechner-James and I also represented her as stated in **Docket No: 266**.

4. On January 19, 2007, I filed a motion to withdraw at the request of the Plaintiff- **Docket Nos: 256, 257.**

5. On March 26, 2007, I commenced the process of filing an attorney's lien pursuant to M.G.L.c. 221 § 50.

6. I sent to Plaintiff's new counsel, the Crest Group, Patrick J. Sacco, Esq. and Peter J. Unitt, Esq. the following documents pursuant to Local Rule 7.1: (1) Statement of Legal Services rendered to Plaintiff; (2) a four-page Notice of Lien pursuant to M.G.L.c. 221 § 50 which contained a discussion of the importance of the fee-shifting statute; and (3) a request to "meet and confer" pursuant to Local Rule 7.1.

7. I received no response.

8. On April 11, 2007, I sent another letter in which I made a second request to "meet and confer". I offered the dates of April 17, 2007 at 3:00 pm or April 20, 2007 at 3:00 pm.

9. Plaintiff's counsel subsequently confirmed a teleconference date of April 27, 2007 at 10:00 am.

10. Plaintiff's counsel failed to keep this appointment.

11. Counsel stated in correspondence that they were unaware of any rules that required them to "meet and confer".

12. In a letter dated April 25, 2007, Peter Unitt, Esq acknowledged the attorney's lien and stated "we look forward to addressing this issue upon completion of litigation."

13. After satisfying the requirements of Local Rule 7.1, I filed **Docket No: 266**. All parties had notice of the attorney's lien contained therein.

14. Attached to **Docket No: 266** was an itemized bill, the bill included my services and the services of co-counsel, Carlton J. Dasent up to September 12, 2005.

15. Plaintiff, Terri Pechner-James, entered a Stipulation of Dismissal on October 2, 2007- **Docket No: 272**. The details and terms of the Stipulation were negotiated by Magistrate – Judge Marianne B. Bowler, acting as mediator pursuant to Local Rule 16.4.

16. The details and terms of the Stipulation included (1) my voluntary withdrawal of my motion for ruling of law in **Docket No: 268**, and (2) the payment of $12, 500 in fees and costs. The Magistrate-Judge informed me of these terms by telephone and I gave my oral consent to the terms of the settlement that was being negotiated.

17. At a hearing scheduled on September 27, 2007, scheduled by Magistrate-Judge Sorokin I withdrew **Docket No: 268**, and confirmed that the Pechner-James matter had been settled.

18. That same day, in open court, the Defendants and their insurer disclosed that they had made payment to Plaintiff's counsel, including the payment of my fees and costs, several weeks earlier.

19. I realized, at that moment, that Plaintiff's counsel had breached the agreement brokered by the mediator, Magistrate-Judge Marianne B. Bowler. They had failed to notify my office that they were in receipt of the funds disbursed by the Defendants insurer and they had failed to make any payment to me.

20. I have contacted the office of Plaintiff's counsel. I have, in accordance with their instructions, sent releases; I have sent letters requesting payment. Plaintiff's counsel has steadfastly refused to fulfill the conditions negotiated by the mediator. They have retained the entire proceeds, made no payments to me and breached the agreement negotiated by the mediator.

21. The attorney's lien filed on June 27, 2007 remains undischarged-**Docket No: 266**; it is being reasserted. The motion for ruling of law-**Docket No: 268** has become necessary and is being reinstated. Plaintiff's counsel have, by their conduct, breached the terms and conditions of the negotiated settlement and created the basis for reasserting **Docket No: 266** and reinstating **Docket No: 268.**

Signed on 29th day of November, 2007,

 /s/ James S. Dilday
James S. Dilday, Esq.
27 School Street, Suite 400
Boston, MA 02740
(617) 227-3470