UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499-MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES | ) |
| and  SONIA FERNANDEZ | ) |
| **Plaintiffs** | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF REVERE, THOMAS | ) |
| AMBROSINO, MAYOR, CITY | ) |
| OF REVERE POLICE DEPT. | ) |
| TERRENCE REARDON, CHIEF | ) |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY | ) |
| COLANNINO, FREDERICK | ) |
| ROLAND, THOMAS DOHERTY | ) |
| JOHN NELSON, JAMES RUSSO | ) |
| MICHAEL MURPHY and | ) |
| STEVEN FORD | ) |
| **Defendants** | ) |

## OPPOSITION TO PLAINTIFF'S MOTION AND REQUEST FOR SANCTIONS AGAINST PLAINTIFF, TERRI PECHNER-JAMES AND HER COUNSEL, PATRICK SACCO AND PETER UNITT PURSUANT TO LOCAL RULE 1.3

On January 2, 2008, the Plaintiff and her counsel filed **Docket No: 277**. The motion seeks to dissolve the attorney's lien filed by Plaintiff's former counsel, Carlton J. Dasent at **Docket No: 273** and the Reinstatement of Lien filed by Attorney James S. Dilday in **Docket No: 275.**

The undersigned, Carlton J. Dasent, opposes the Plaintiff's motion to dissolve the attorney's lien filed in this case, and states the following as grounds for his opposition:

1. The Plaintiff filed her motion to Dissolve **Docket No: 273** on January 2, 2008 without compliance with Local Rule 7.1.

1

2. Local Rule 7.1 (2) provides: No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

3. Neither Plaintiff nor her counsel conferred, attempted to confer, met or attempted to meet with the undersigned. In addition, neither the Plaintiff nor her counsel attempted in good faith to resolve or narrow the issue as required by Local Rule 7.1

4. **Docket No: 277** has attachments A-F; these attachments do not include a certificate of consultation pursuant to Local Rule 7.1 or any other form of certification that meets the requirements of Local Rule 7.1(2).

5. In a Docket entry on October 23, 2006, this Court emphasized "Plaintiffs are required to meet and confer PRIOR to filing the motion."

6. For failure to follow a standing order of this court and their failure to observe the provisions of Local Rule 7.1, the motion filed by Plaintiff and her counsel should be dismissed.

7. In addition, the motion lacks substance. The attorney's lien asserted in **Docket No: 273** is based on M.G.L.c. 221 § 50 and the case law cited therein. The related docket entries **Nos 266, 273 and 275** are also based on M.G.L.c. 221 § 50 and case law cited therein.

8. Without citation of case law or statute, the Plaintiff, Terri Pechner-James and her counsel are seeking to dissolve **Docket No: 273;** they did not include among their exhibits any document that shows that the undersigned released his lien.

9. The have erroneously stated that Plaintiff can release the undersigned's lien, that Attorney Dilday can release the undersigned's lien in violation of M.G.L.c. 221 § 50 and the case law cited in **Docket No: 273.**

2

10. The Plaintiff and her counsel have attached Contingent Fee Agreement-Paragraph 6 as an Exhibit. That document states: "If the attorney(s) are discharged by the client prior to the conclusion of their representation, the attorney(s) shall be entitled to be compensated for their reasonable expenses and disbursements. Further, the attorney(s) are to be compensated for the fair value of the services rendered to the client up to the time of discharge, but the amount of the fee shall not be due them until the subject matter litigation is concluded."

11. This provision contains no limitation on the attorney's fees except "fair value of the services rendered to the client up to the time of discharge." It is undisputed that counsel was discharged prior to the conclusion of representation; it is also undisputed that when the Plaintiff entered the Stipulation of Dismissal-**Docket No: 272**-the subject matter litigation was concluded.

12. This provision is consistent with the second paragraph of Exhibit 1 of **Docket No: 273.** The Plaintiff and her counsel provide no case law in support of their position that the undersigned's attorney's fees is limited to amounts that they have agreed.

13. Their position is in direct contradiction to Massachusetts law. A secret settlement agreement cannot be used to defeat the attorney's lien statute. Gagne v Cedar Development Co., 32 Mass App. Dec. at 76; the Plaintiff and the Defendant cannot agree among themselves to discharge an attorney's lien without the attorney's consent. In re Hoy's Claim, Thurston v Hutchinson, 93 F. Supp 265;1950 U.S. Dist. LEXIS 2304.

14. The above is a long standing principle of Massachusetts law. Plaintiff and her counsel have cited no case law or statute to support their contention that their agreement, deliberately, without the consent of the undersigned should not be governed by In re Hoy's Claim.

15. The undersigned was present in the Court on the date that the Plaintiff concluded her settlement with the Defendants. The undersigned indicated to the Mediator that he had a lien on the case and therefore had an interest in the outcome. The

3

Mediator told the undersigned that he could not be present for the mediation but that the lien would be dealt with "appropriately." Both Plaintiff and her counsel were in the Courtroom during this exchange. They were on notice both by the docket record and by the undersigned's oral representation that the undersigned had an interest in **Docket No: 266**.

16. The Plaintiff and her counsel were negligent. They entered into a Stipulation of Dismissal-**Docket No: 272**-without obtaining a release of all liens. They have provided no evidence that they attempted to obtain the consent of the undersigned. They neglected to meet and confer prior to filing their motion; they have neglected to inform the undersigned that they had received funds that were to be applied to the discharge of his lien pursuant to their Stipulation of Dismissal.

17. The Plaintiff and her counsel have asserted but failed to establish that the undersigned should not be paid pursuant to the fee-shifting provisions of M.G.L. c 12 § 11I; the court has the right to determine the amount of the attorney's lien. Boswell v Zephyr Lines, Inc., 414 Mass. 241, 606 N.E.2d 1336; In re Leading Edge Products, Inc. 121 B.R. 128 (D. Mass. 1990).

18. The Plaintiff and her counsel have provided no statute or caselaw to substantiate that the terms of **Docket No: 272** limits the courts ability to determine the amount of the attorney's lien pursuant to the M.G.L.c. 221. § 50 and the fee-shifting provisions of M.G.L.c. 12 § 11I.

19. The only case law that the Plaintiff and her counsel cited in their motion is Kourouvacilis v American Fed. Of State, Cty & Munic. Employees, 65 Mass. App. Ct. 521,532, appeal denied, 446 Mass 1108 (2006). This case is inapplicable. The testimony of Dr. Eric Keroack, the Plaintiff's treating physician was crucial to Phase One of the Plaintiff's case. The loss of Dr. Keroack and the Plaintiff's current relationship with him severely damaged Phase One of Plaintiff's case.

20. The Plaintiff's inability to survive Phase One of the case severely compromised Phase Two-the Damages section- of the case. The reduced demand that the Plaintiff

4

claims can be attributed directly to her current and past relationship with her treating physician and her resulting inability to prove liability.

**WHEREFORE,** the undersigned requests that this Court:

1. Sanction the Plaintiff and her counsel pursuant to Local Rule 1.3 for their failure to comply with the orders of this court and the provisions of Local Rule 7.1.

2. Dismiss the Plaintiff's Motion as stated in **Docket No: 277** and grant the relief sought by the undersigned in **Docket No: 273;**

3. Impose such other sanctions as this Court deems just and proper.

**THE UNDERSIGNED REQUESTS A HEARING ON THE ISSUES STATED HEREIN**

Carlton J. Dasent

109-8[th] Street

New Bedford, MA 02740

(617) 894-2087

Dated:  1/9/08

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 03-12499 MLW**

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.)** | |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER)** | |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK )** | |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

## CERTIFICATE OF SERVICE

I, Carlton J. Dasent, hereby certify that on the date stated below I served upon the Clerk, U.S. District Court, 1 Courthouse Way, Boston, MA 02210 and counsel for all parties by mail, postage prepaid, the following documents:

1. Request for Permission to File Documents Electronically; and

2. Opposition to Plaintiff's Motion And Request For Sanctions Against Plaintiff, Terri Pechner-James and Her Counsel.

Carlton J. Dasent
109-8th Street
New Bedford, MA 02740
(617) 894-2087

Dated: 1/9/08