UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERRI PECHNER-JAMES and SONIA FERNANDEZ,**<br>　　　　　Plaintiffs,<br><br>v.<br><br>**CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,**<br>　　　　　Defendants. | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, MOTION FOR LEAVE TO FILE MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT IN EXCESS OF TWENTY PAGES**

**NOW COME** the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**, and hereby move the Court in accordance with Local Rule 7.1(B)(4) for permission to submit a memorandum in support of their motion for Summary Judgment in excess of twenty pages. In support of the request, the Defendants state as follows:

　　1.　　The 23-page verified complaint in this case features 140 paragraphs whose allegations span an approximate nine year time-frame (1995 to 2003 inclusive). Many of the charging paragraphs contain multiple sentences with allegations concerning different people, events, and dates. Plaintiff alleges a large number of incidents which must necessarily be addressed to demonstrate the Defendants' entitlement to summary judgment.

　　2.　　Plaintiff has explicitly alleged four claims for relief. Plaintiff's first claim for relief involves combined claims of sexual harassment and hostile work environment, and includes a claim of racial harassment. All claims are simultaneously advanced under both Title VII of the Civil

Rights Act of 1964 (42 U.S.C. § 2000e) and Mass. Gen. Laws ch. 151B.  In addition, Plaintiff makes a sweeping claim for relief under 42 U.S.C. § 1983.

3.      The Defendants' motion for summary judgment advances along two fronts: (1) it can largely be demonstrated on the face of the Complaint that the vast majority of alleged incidents of discrimination are time-barred; and (2) it can largely be demonstrated on the face of the Complaint that a significant proportion of the alleged incidents of discrimination amount to nothing more than "garden-variety unfairness" or other acts based on non-protected characteristics.  Shorn of non-actionable conduct, what little is left of the allegations of discrimination amounts to stray comments and innocuous behavior spread over a period of time spanning a number of years.

4.      Defendants' motion for summary judgment must, of necessity, articulate the relevant legal standards for both statutes of limitation defenses under Title VII and 151B, and the substantive bases for liability/non-liability also under Title VII and 151B.  The motion must then apply these legal standards to the facts as alleged by the Plaintiff.  Given the number of alleged incidents to be addressed, there is simply no way the Defendants can adequately address the issues within the twenty page limit imposed by Local Rule 7.1(B)(4).

5.      Prior to the filing of this motion, Defendants attempted to resolve or narrow the issues that would necessarily have to be addressed by their intended motion for summary judgment as required by Local Rule 7.1(A)(2).  To this end, on June 13, 2005, Defendants' then counsel sent a letter to Plaintiff's counsel pursuant to Local Rule 7.1(A)(2) outlining the thrust of the motion and the basis for the Defendants' claims of defense.  A true and accurate copy of that letter is attached to the accompanying Defendants' Certificate of Compliance with Local Rule 7.1(A)(2) as Exhibit "A".  On information and belief, Plaintiff's counsel did not respond to that letter.  Thus, counsel's effort to narrow or resolve issues was unsuccessful, necessitating this motion.

6.      Counsel has endeavored in good faith to reduce the length of motion to the extent feasible, but has needed a total of 29 pages to present properly the issues for adjudication. Since these issues will ultimately have to be decided by the Court prior to trial in any event, Defendants believe that a comprehensive motion now will save the Court and the parties a significant amount of time and energy later.

WHEREFORE, Defendants respectfully request leave to file a memorandum of 29 pages in support of their motion for summary judgment.

CITY OF REVERE and CITY OF REVERE POLICE DEPARTMENT,
By their attorneys,

 /s/  Daniel E. Doherty_____
Paul Capizzi, City Solicitor
BBO#: 646296A
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010A
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/  Daniel E. Doherty_____
Daniel E. Doherty
Assistant City Solicitor

Dated:  January 23, 2008