June 13, 2005

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

Re:   Pechner-James ,et al., v. City of Revere, et al.
      USDC MA Case No. 03-12499-MLW

Dear Mr. Dilday:

The purpose of this letter is to comply with Local Rule 7.1(A)(2) by conferring with regards to the City of Revere's and the City of Revere Police Department's potential liability in this matter prior to the filing a motion for summary judgment to adjudicate the same. In this regard, I offer the following thoughts:

1.   Ms. Pechner filed her complaint with MCAD on March 12, 2001; Ms. Fernandez on March 14, 2001. These complaints were then automatically cross-filed with the EEOC by MCAD.

2.   The complaint in this matter was filed on October 6, 2003.

3.   The relevant statutes of limitations for alleged acts of discrimination are as follows:

   Title VII – 240 days from the date of filing, or, in this case, July 16, 2000.
   151B – 3 years prior to filing suit, or, in this case, October 6, 2000.

   Alleged acts of discrimination occurring prior to these dates are time-barred.

4.   Conduct which is not based upon a protected characteristic and/or "garden-variety unfairness" is not actionable under either Title VII or 151B.

5.   Stray comments, merely offensive utterances and innocuous behavior does not violate Title VII or 151B.

6.   Shorn of non-actionable conduct and giving your clients the benefit of the doubt with regards to conduct which is potentially actionable, the respective complaints of Ms. Pechner and Ms. Fernandez can be summarized as follows:

James S. Dilday, Esq.
Page 2
June 13, 2005

Pechner:

| Date | Event |
|---|---|
| 2/23/97 | Chief Russo utters a stray comment about the good old days. |
| 7/5/97 | Lt. Foster orders Pechner to turn off the TV while male officers are allowed to watch the TV. |
| 1/25/98 | Sgt. Doherty utters stray comment about female sports broadcaster. |
| 12/11/98 | Lt. Santoro asks an offensive question of a suspect about whether or not the suspect and Officer Pechner had ever had sexual relations. |
| 1/7/99 (prior to) | Chief Russo utters stray WIC comment. [He retires 2/28/99.] |
| | Sgt. Nelson holds up centerfold picture and makes offensive comments. |
| | Lt. Santoro makes offensive comments about his penis and female officers bodies. |
| | Sgt. Doherty exhibits double standard about female officers swearing. |
| **1/7/99** | **Capts Chaulk and Roland meet with female officers concerning complaints of sexual harassment.** |
| 8/13/99 | Male Officer turns on TV and is not reprimanded by Lt. Foster. |
| 6/26/00 | Lt. Murphy utters stray secretary comment. |
| **7/16/00** | **Title VII Statute of Limitations.** |
| **10/6/00** | **151B Statute of Limitations.** |
| 2/28/01 | The so-called "underwear incident." |
| 3/12/01 | An unnamed Detective asks an offensive question of a suspect about whether or not the suspect and Officer Pechner had ever had sexual relations. |

James S. Dilday, Esq.
Page 3
June 13, 2005

Fernandez:

| Date | Event |
|---|---|
| 5/96 | Male co-worker utters stray "hooker" comment. |
| 2/23/97 | Chief Russo utters a stray comment about the good old days. |
| Winter, 97 | Fernandez assigned to walking routes more frequently than male officers, by whom the Complaint does not state. |
| 1/25/98 | Sgt. Doherty utters stray comment about female sports broadcaster. |
| 1998 | Male penis drawn on chalkboard in radio room. |
| 11/1/98 | Lt. Ford disparages Hispanic race. |
| 1/7/99 (prior to) | Chief Russo utters stray WIC comment. [He retires 2/28/99.] |
| | Sgt. Nelson allegedly holds up centerfold picture and makes offensive comments. |
| | Lt. Santoro makes offensive comments about his penis and female officers bodies. |
| | Sgt. Doherty exhibits double standard about female officers swearing. |
| **1/7/99** | **Capts Chaulk and Roland meet with female officers concerning complaints of sexual harassment.** |
| **7/16/00** | **Title VII Statute of Limitations.** |
| **10/6/00** | **151B Statute of Limitations.** |
| 2/28/01 | The so-called "underwear incident." |

The long and the short of the matter is that the "underwear incident" is an isolated and innocuous event which simply does not rise to the level of sexual harassment. In Pechner's case, adding the co-workers question to the suspect adds nothing since that incident is not actionable either. Thus, there are no timely complaints which are actionable under either Title VII or 151B.

James S. Dilday, Esq.
Page 4
June 13, 2005


Moreover, the continuing violation doctrine will not rescue the time-barred claims for two reasons. First, both Pechner and James knew they were allegedly being discriminated against, hence their participation in the January 1999 meeting with Capts. Chaulk and Roland. Since they were on notice as of January 1999, they can not use the continuing violation doctrine to save their time barred claims. Secondly, there must be a timely claim upon which to anchor time-barred claims. In this case, as demonstrated above, there are no potentially timely actionable claims of discrimination.

Finally, even if you look at the pattern of alleged claims, you have a handful of stray comments, merely offensive utterances or innocuous events happening over a lengthy period of time. Many of the incidents are one time events involving co-workers which would not subject the City to vicarious liability under either federal or state law. I the long run, the events are neither severe enough or pervasive enough to state a claim.

I am prepared to test my analysis of the case by summary judgment, even at this stage and despite your clients' discovery failures and the further fact that they have yet to be deposed. As indicated above, I am writing to comply with my obligations under Local Rule 7.1(A)(2). Moreover, please be advised that I have almost completed my drafting of the City's motion and that I anticipate that such a motion would run to between 30 – 35 pages. Thus, if we are unable to resolve or narrow some of the issues raised by your clients' complaint, I will also need to file a motion with the Court to exceed the 20 page limitation for supporting memoranda imposed by Local Rule 7.1(B)(4).

Thank you for your attention to this matter. I await your reply. Should you have any questions, please do not hesitate to contact me.

Sincerely,


Walter H. Porr, Jr.
Assistant City Solicitor

Cc:    Michael J. Akerson, Esq.