UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>        Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>        Defendants, | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND CITY OF REVERE POLICE DEPARTMENT'S, SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, **CITY OF REVERE** and **CITY OF REVERE POLICE DEPARTMENT**, and hereby submit their Statement of Undisputed Material Fact in Support of their Motion for Summary Judgment, in accordance with Fed. R. Civ. P. 56.

**I. REQUEST FOR JUDICIAL NOTICE**

Pursuant to Fed. R. Evid. 201, Defendants request that the Court take judicial notice of the Statements of Undisputed Material Fact filed in support of the previously filed Motions for Summary Judgment of Defendant Police Chief Terence Reardon (Docket No. 30, filing date of March 1, 2005) and Defendant Mayor Thomas Ambrosino (Docket No. 39, filing date of April 12, 2005). Defendants also request that the Court take judicial notice of the Affidavit of Terri Pechner-James executed on February 9, 2004, and filed in support of her Motion for Partial Summary Judgment (Docket No. 3, filing date of February 12, 2004), along with the exhibits filed in support thereof. Finally, Defendants further request that the Court take judicial notice of the Defendants

Opposition to Plaintiff Pechner's Motion for Partial Summary Judgment (Docket No. 9, filing date of March 15, 2004), along with the exhibits filed in support thereof.

Where a judicially noticed fact is referenced herein, a specific citation to the relevant summary judgment record will be given.

## II. UNDISPUTED MATERIAL FACTS

1. Plaintiff Sonia Fernandez ("Plaintiff" or "Fernandez") received a right-to-sue letter from the Equal Employment Opportunity Commission on June 10, 2004. (Affidavit of Walter H. Porr, Jr., and Exhibits "A" and "B" attached thereto).

2. Mayor Ambrosino offered Fernandez leave of absence without pay on the same terms and conditions as similarly situated male officers. (See Ambrosino Separate Statement of Undisputed Material Facts, Fact No. 48).[1]

3. The Revere Retirement Board is a separate statutory body under Mass. law which is not a party to this case (Ambrosino Separate Statement of Undisputed Material Facts, Fact Nos. 2 & 49). (See fn. 1).

4. Fernandez was awarded disability retirement benefits in a manner consistent with the retirement laws and, thus, in a non-discriminatory fashion. (Ambrosino Separate Statement of Undisputed Material Facts, Fact Nos. 42 & 44) (See fn. 1).

5. Plaintiff Fernandez filed her claim with MCAD on or about March 12, 2001. (Complaint, ¶¶ 11 and 105; Ambrosino Statement of Undisputed Material Fact, Fact No. 12 and Exhibit "G" attached thereto).[2]

---

[1] Plaintiff has filed no separate statement of material facts in opposition to Mayor Ambrosino's separate statement, nor submitted any counter affidavits or other evidence in opposition. "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Local Rule 56.1.

[2] Plaintiff Fernandez's MCAD complaint was actually filed two days later, on March 14, 2001. (See Exhibit "G" attached to Defendant Ambrosino's Statement of Undisputed Material Fact). Inasmuch as it appears that this two day

6. The instant action was filed in state court on October 6, 2003. (Judicial Notice of the Court's file herein, Federal Rules of Evidence, Rule 201).

7. Chief Russo retired on February 28, 1999 (Ambrosino Statement of Undisputed Material Fact, Fact No. 7).

8. Super Bowl XXXII was played on January 25, 1998. (Affidavit of Walter H. Porr, Jr., and Exhibits "C" attached thereto).

9. Sergeant Doherty "did not make loud and sexually offensive remarks regarding a female sports commentator and [he] did not say that the commentator got the job by giving someone a blow job. This was not said to Officer Pechner or otherwise." (Affidavit of Thomas Doherty, Exhibit "5", previously filed in support of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment).

10. "At no time did [Lieutenant Santoro] ask any prisoners, including a John Baker, held at the Revere Police station if they had ever 'fucked' Revere Officer Terri Pechner-James." (Affidavit of Salvatore Santoro, Exhibit "3", previously filed in support of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment).

11. Sergeant Nelson "did not hold up a magazine centerfold of a naked woman making loud comments about different parts of the female's anatomy before a female Revere Police Officer and a citizen of the City. (Affidavit of John Nelson, Exhibit "4", previously filed in support of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment).

12. On February 7, 1999, <u>an unknown person or persons</u> allegedly vandalized two city patrol vehicles, one of which was assigned to former plaintiff, Terri Pechner-James. (Pechner

---

difference has no ultimate bearing on the outcome of this motion, Defendants will use the March 12, 2001, date alleged in Plaintiff's Complaint.

3

Motion for Partial Summary Judgment, Exhibit "19".) The complaint merely alleges that the vandalism occurred after the January 7, 1999 meeting (Complaint, paragraphs 73 and 93). However, the Revere Police Report attached to Pechner's Motion for Partial Summary Judgment as Exhibit "19" reflects that this incident occurred on February 7, 1999.

13. The complaint alleges that the underwear was hung on the bulletin board on February 26, 2001 (Complaint, paragraphs 74 and 94). Attached to the complaint as Exhibit "E" is a barely legible copy of the Revere Police Report regarding this incident. Attached to Plaintiff Pechner's Motion for Partial Summary Judgment as Exhibit "20" is an equally illegible copy of this report. Nonetheless, the Table of Contents for Plaintiff Pechner's Motion for Partial Summary Judgment, List of Exhibits, identifies the date of this report as February 28, 2001. A legible copy of this report bearing a February 28, 2001, date is attached to the Affidavit of Walter H. Porr, Jr., as Exhibit "D".

14. After the January 1999 meeting, Captains Chaulk and Roland followed-up with a number of counseling sessions with those individuals against whom complaints had been made and reported on this counseling follow-up to then Chief Roy Colannino on February 15, 1999. (Affidavit of Michael Murphy and Exhibit "A" thereto.)

15. The original booking photo which was adulterated, Exhibit "H" to the complaint, was taken on September 1, 1997. (Affidavit of Michael Murphy and Exhibits "B" and "C" thereto).

16. In her MCAD Complaint, Plaintiff Fernandez states the following:

> I have been continuously harassed by Lt. Foster due to my hearing problem. Lt. Foster has made inappropriate comments such as "turn up your hearing aide." "Why don't you put the phone in your good ear." For several months during 2000, I was not given dispatch duty. On or about 4/5/00 Lt. Foster took me off dispatch, and made hand gestures mocking me due to my hearing problem.

4

CITY OF REVERE and CITY OF REVERE POLICE
DEPARTMENT,
By their attorneys,


 /s/  Daniel E. Doherty_____
Paul Capizzi, City Solicitor
BBO#: 646296A
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010A
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


 /s/  Daniel E. Doherty_____
Daniel E. Doherty


Dated:  January 23, 2008