UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES<br>and SONIA FERNANDEZ<br>    Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF REVERE, THOMAS<br>AMBROSINO, MAYOR, CITY<br>OF REVERE POLICE DEPT.<br>TERRENCE REARDON, CHIEF<br>OF POLICE, BERNARD FOSTER<br>SALVATORE SANTORO, ROY<br>COLANNINO, FREDERICK<br>ROLAND, THOMAS DOHERTY<br>JOHN NELSON, JAMES RUSSO<br>MICHAEL MURPHY and<br>STEVEN FORD<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF, SONIA FERNANDEZ'S, SUMMARY OF CASE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(c)**

**Introduction:**

The Plaintiff filed her Verified Complaint in the Suffolk Superior Court, Case Number: 03-4685G. The Defendant removed this case to the Federal District Court on December 11, 2003. **Docket No. 1.** The Plaintiff seeks summary judgment on the four causes of action stated in her Verified Complaint. The Plaintiff states the following causes of action:

1. Hostile Work Environment/Sexual/Racial Harassment: The Plaintiff seeks remedies for violations of M.G.L.c. 151B § 4 and 42 U.S.C. 2000(e)-2. The Plaintiff's remedy of strict liability is based on the decision of the Supreme Judicial Court in College Town, Div of Interco. Inc., v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass. 156 (1987); the following cases support the Plaintiff's position: Burlington Industries v Ellerth, 524 U.S. 742, Faragher v City of Boca Raton, 424 U.S. 775,808 (1990).

1

2. <u>Constructive Discharge:</u> The Plaintiff was constructively discharged because her abusive working environment was so intolerable that she became disabled and was forced to leave the Revere Police Department. The Plaintiff's decision was supported by Chief Terrence Reardon who filed an Involuntary Retirement Application for the Plaintiff based on her disability. **[Exhibit I].** The Public Employee Retirement Administration Commission (PERAC) granted the Chief's request after hearing and consideration of the same facts that support Plaintiff's Verified Complaint. The hostile work environment that the Plaintiff experienced in the Revere Police Department and the Plaintiff's response falls squarely within the decision of the United States Supreme Court in <u>Pennsylvania State Police v Suders,</u> 542 U.S. 129 (2004).

3. <u>Disparate Treatment</u>: The Mayor's decision to grant unpaid leave to this disabled Plaintiff and paid leave to officers with other injuries was based on Defendant's use of an outdated policy. That policy described as "Copy of Atty John Collins Treatise On the Chief's Guide To Injured on Duty-Chapter 2. **[Exhibit U.]**

4.<u>Infliction of Emotional Distress</u>: the Plaintiff suffered emotional distress and became disabled because of the blatant racist and misogynistic statements and practices of the Revere Police Department. The outrageousness of the Defendant's conduct and the injury they caused to the Plaintiff is stated in detail in the notes of her professional providers. **[Exhibits F & G]**

The other issues central to the Plaintiff's motion are stated below:
**Res Judicata and Collateral Estoppel**: The Plaintiff used the identical Statement of Facts in both the Plaintiff's administrative claim and her civil action. It is undisputed that the issues of disability(personal injury), permanence, causality and loss of employment have been determined by prior state adjudication. The Plaintiff has prepared a brief that addresses this crucial issue. The Brief is entitled: <u>Massachusetts Administrative Determinations In Federal Court: The Application of Res Judicata And Collateral Estoppel</u>: **[Docket No: 251 and Exhibit S].**

**Municipal Liability:** The liability of the Mayor and the Revere City Council is based on Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996). The Plaintiff has submitted a memorandum on municipal liability; it is recorded at [**Docket No: 97 and attached as Exhibit V**]

**Outstanding Issue:**

The only issue that has not been administratively determined is whether the "deliberate indifference" of the Mayor and the City Council makes them liable as established in Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996) and "strictly liable" as defined by the Supreme Judicial Court in College Town, Div of Interco. Inc., v Massachusetts Commission Against Discrimination, 400 Mass 156, 508 N.E.2d 587 (1987). This issue is a purely legal one and can be resolved by this Court. Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. Crain v Board of Police Comm'rs, 920 F. 2d 1302, 1405-06 (1990). See also Celotex v Catrett, 477 U.S. 317, 322-323 (1986); Anderson v Liberty Lobby, Inc. 477 U.S. 242, 249-250 (1986).

Respectfully Submitted,

/s/James S. Dilday, Esq.
James S. Dilday, BBO# 124360
Dilday & Associates, LLC
27 School Street, Suite 400
Boston, MA 02108
(617) 227-3470

Dated: 1/23/08

### Certificate of Service

     I hereby certify that I have caused to be served a true copy of the foregoing document by electronic filing of same on the CM/ECF Filing System on this 23rd day of January, 2008.

                                              /s/ James S. Dilday
                                              James S. Dilday