UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES <br> and SONIA FERNANDEZ <br>     Plaintiffs | ) <br> ) <br> ) <br> ) |
| VS. | ) <br> ) |
| CITY OF REVERE, THOMAS <br> AMBROSINO, MAYOR, CITY <br> OF REVERE POLICE DEPT. <br> TERRENCE REARDON, CHIEF <br> OF POLICE, BERNARD FOSTER <br> SALVATORE SANTORO, ROY <br> COLANNINO, FREDERICK <br> ROLAND, THOMAS DOHERTY <br> JOHN NELSON, JAMES RUSSO <br> MICHAEL MURPHY and <br> STEVEN FORD <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SONIA FERNANDEZ STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERR IS NO GENUINE ISSUE TO BE TRIED PURSUANT TO LOCAL RULE 56.1

1. The policymakers of the City of Revere are its elected officials, Mayor and City Council. **[Exhibit L-M.G.L.c. § 56, 59, 61 and Exhibit M- Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4.]**

2. Pursuant to Acts 1964, Chapter 115, the citizens for the City of Revere were authorized to vote at the biennial state election in the current year on the question of adopting the Plan B form of government. **[Exhibit M-Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4]**

3. On November 3, 1964, the Citizens of the City of Revere adopted Plan B form of government. **[Exhibit M]**

4. The City of New Bedford also has a Plan B form of government. **[Exhibit N-Gonsalves v City of New Bedford, 939 F. Supp 915 (1996).**

5. The position of the Chief of Police in both the City of Revere and the City of New Bedford is created by City ordinance. The Chief of Police of the City of Revere is appointed by the Mayor subject to confirmation by the City Council. This position in the City of Revere was made exempt from the civil service laws of the Commonwealth. **[Exhibit O-Affidavit of Thomas Ambrosino & Letter of Appointment to Terrence Reardon]**

6. The ordinances of the City of Revere require the Chief of Police to comply with and execute the orders of the Mayor. **[Exhibit P-Revised Ordinances of the City of Revere, Massachusetts § 2.60.030]**

7. On September 21, 1995, Sonia Fernandez took the oath of office and before Notary Public, John J. Henry "gave oath to the faithful performance of the duties of said office."**[ Exhibit B-Mayor's Letter of Appointment to Police Department.]**

8. James Russo held the title of chief of police when she began her employment at the Revere Police Department.

9. Robert J. Haas was the Mayor of the City of Revere when the Plaintiff began her employment at the City of Revere, Police Department. **[Exhibit B-Mayor's Letter of Appointment to Police Department.]**

10. Thomas Ambrosino is the present Mayor of the City of Revere and he was the Mayor who granted her unpaid leave of absence and who extended her unpaid leave of absence. **[Exhibit K-Mayor's Extension of her Unpaid Leave of Absence.]**

11. The Plaintiff was unpaid from March 15, 2001 to September 30, 2001.**[Exhibit K]**

12. The Plaintiff was at the Department from October 1, 2001 to September 10, 2002.

13. PERAC was created by M.G.L.c. 7 § 49 and makes adjudications subject to 840 CMR 10:00 et seq. **[Exhibit Q- M.G.L.c. 7 § 49 & 840 CMR 10:00]**

14. After hearing, the medical panel of PERAC made a unanimous finding of fact dated September 12, 2004 [**Exhibit J]** in response to the Involuntary Retirement Application filed by Chief Reardon. **[Exhibit I].**

15. The Psychiatric Medical panel concluded that the Plaintiff, Sonia Fernandez had met the criteria for post traumatic stress disorder (PTSD) based on the hostile work environment of the Revere Police Department. **[Exhibit J]**

16. The psychiatric panel concluded that the patient was mentally incapable of performing the essential duties of her job as a Police Officer as described in the current job description. The panel based this conclusion on the severity of the patient's psychiatric symptoms and the professional support provided. **[Exhibit J]**

17. The panel concluded that the said incapacity is likely to be permanent and unlikely to respond to further rehabilitation efforts. **[Exhibit J]**

18. The panel concluded that the said incapacity is such as might be the natural and proximate result of the personal injury sustained or hazard undergone on which retirement is claimed. The panel based this conclusion on the specific work related "gruesome events" which are a normal part of police work.

19. The hostile environment gave these otherwise routine events traumatic force. **[Exhibits F & G.]**

20. The Defendants did not appeal this determination as provided by M.G.L.c. 30A. They also did not request clarification. **[Exhibit R-M.G.L.c. 30A § 14]**

21. The Plaintiff now receives retirement disability based on this adjudication.

22. The Plaintiff filed her complaint dated September 30, 2003 in the Suffolk Superior Court. The Defendants moved this case to the Federal District Court.

23. The Plaintiff has filed the following brief at the urging of the Court: **Massachusetts Administrative Determination in Federal Court: The application of Res Judicata and Collateral Estoppel-Docket No: 251. [Exhibit S]**

24. The federal and state claims are intertwined in all four (4) counts of the Plaintiff's complaint and all arise from the same nucleus of operative facts.

Respectfully submitted,

/s/Sonia Fernandez_____
Sonia Fernandez