**Exhibit I- Involuntary Retirement Application filed by Chief Reardon for Plaintiff**

# Involuntary Retirement Application (To Be Filed by an Employer)

**Updated August, 2003**

| Retirement Board: Please place your address and phone number here. ▶ | Revere Retirement Board<br>281 Broadway, City Hall<br>Revere, MA  02151<br><br>(781) 286-8173 |
|---|---|

To: | Revere | Retirement Board

This is an application to involuntarily retire the member named below. Attached is an explanation of the member's rights to a hearing and to appeal, and a brief statement of the member's retirement options. The member should contact his/her retirement board for further information or assistance.

A fair summary of the reasons for filing this application is below. The retirement board will review this application, together with information supplied by the employer and, if desired, by the member. If appropriate, the retirement board may then request a regional medical panel be convened. Based on the information gathered and the medical panel's opinion, the board will vote whether to approve or deny this application. The application will then be forwarded to the Public Employee Retirement Administration Commission for review and approval.

Pursuant to G.L. c. 32, §16(1), I respectfully request that | Sonia Fernandez | (name of member), whose Social Security Number is | 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 |, be retired on the basis of (please check one):

☐ Ordinary Disability    ☑ Accidental Disability    ☐ Superannuation

I offer the following fair summary of facts as the basis for my opinion that the member should be involuntarily retired:

Please See Fair Summary of Facts attached as Addendum Item

Has this employee been officially investigated for or charged with misappropriation of funds from his/her employer or convicted of any crime related to his/her office or position? ☐ Yes ☑ No
If **yes**, please provide documentation.

I am submitting this form and the following attachments to the member's retirement board:

- A description of the member's job that includes all of his/her duties and responsibilities. I have specified those duties that are considered to be essential.

- Copies of all applicable medical information and accident reports.

- I will send a copy of this application form, a brief statement of the member's retirement options, and a statement of the member's rights to a hearing and review to the member by certified mail. I will then file a notice of delivery, including the certified mail return receipt, with the member's retirement board.

| Terence K. Reardon | Chief of Police |
| Name of Department Head (print) | Title of Department Head |
| _(signature)_ | 4/23/04 |
| Signature of Department Head | Date |

COMMONWEALTH OF MASSACHUSETTS | PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
WEB | WWW.STATE.MA.US/PERAC




Chapter 32: Section 16 of the General Laws of Massachusetts Involuntary Retirement; Right to a Hearing; Right of Review or Appeal.

### Section 16 (1): Involuntary Retirement and Right to a Hearing

(a) Any head of a department who is of the opinion that any member employed therein should be retired for superannuation, ordinary disability or accidental disability, in accordance with the provisions of section five, six, or seven, as the case may be, may file with the board on a prescribed form a written application for such retirement. Such application shall include a fair summary of the facts upon which such opinion is premised.

The applicant shall forthwith deliver to such member by registered mail, with a return receipt requested, a true copy of such application, together with a brief statement of the options available to such member on his retirement and a statement of his right, if any, to request a hearing with regard to such retirement and of the right, if any, of review available to him, as provided for in this section, in case he is aggrieved by any action taken or decision of the board rendered or by failure of the board to act upon his request or to render a decision within the time specified in this subdivision. Upon such delivery to such member the head of the department, or one acting in his behalf, shall file with the board under the penalties of perjury a written notice of such delivery, including the date thereof.

(b) Any member in service classified in Group 1, Group 2 or Group 4 who has attained age fifty-five and completed fifteen or more years of creditable service, or any member in service so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, for whom an application for his retirement is filed by the head of his department as provided for in paragraph (a) of this subdivision, may, within fifteen days of the receipt of his copy of such application, file with the board a written request for a private or public hearing upon such application. If no such request is so filed, the facts set forth in such application shall be deemed to be admitted by such member; otherwise such hearing shall be held not less than ten nor more than thirty days after the filing of the request. The board, after giving due notice, shall conduct such hearing in such manner and at such time or times as the best interests of all parties concerned may require. The board shall prepare and file with its clerk or secretary a certificate containing its findings and decision, copies of which shall be sent to the proper parties within fifteen days after completion of such hearing.

(c) If the board finds that any member should be retired under the provisions of this subdivision, he shall receive the same retirement allowance as he would have received had the application been made by himself. If the board finds that such member should not be retired, he shall continue in his office or position without loss of compensation, subject to the provisions of sections one to twenty-eight inclusive, as though no such application had been made.

(There is no subdivision (2))

### Section 16 (3): Right of Review by District Court

(a) Any member classified in Group 1, Group 2 or Group 4 who has attained age fifty-five and completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, or any such member who is a veteran and has completed ten or more years of creditable service, and who is aggrieved by any action taken or decision of a board or the public employee retirement administration commission rendered with reference to his involuntary retirement under the provisions of subdivision (1) or to his removal or discharge as set forth in subdivision (2), or any member who is aggrieved by any action taken or decision of a board or the public employee retirement administration commission rendered with reference to his dereliction of duty as set forth in section fifteen, may, within thirty days after the certification of the decision of the board, bring a petition in the

**Involuntary Retirement Application** (to be filed by an employer)                3

---

**Section 16 (3): Right of Review by District Court (Continued)**
district court within the territorial jurisdiction in which he resides praying that such action and decision be reviewed by the court.

After such notice as the court deems necessary, it shall review such action and decision, hear any and all evidence and determine whether such action was justified. If the court finds that such action was justified the decision of the board or the public employee retirement administration commission shall be affirmed; otherwise it shall be reversed and of no effect. If the court finds that such member was unjustifiably retired, removed or discharged from his office or position he shall be reinstated thereto without loss of compensation. The decision of the court shall be final.

(b) Any member whose office or position is subject to chapter thirty-one or to the rules and regulations made under authority thereof, who is aggrieved by any action taken or decision of a board or the public employee retirement administration commission rendered as described in paragraph (a) of this subdivision shall, for the purposes of sections one to twenty-eight, inclusive, have and retain such of the rights provided by sections forty-two A, forty-two B, forty-three and forty-five of chapter thirty-one as applied to his particular office or position, and the court shall, in addition to the matters it is required to review under such sections of chapter thirty-one, affirm or disaffirm the decision of the board or the public employee retirement administration commission as provided for in paragraph (a) of this subdivision.

**(4): Right of Appeal to Contributory Retirement Appeal Board**
There shall be an unpaid contributory retirement appeal board which shall consist of three members as follows: an assistant attorney general who shall be designated in writing from time to time by the attorney general who shall act as chairman, the public employee retirement administration commission or an assistant who shall be designated in writing, from time to time, by the said commission, and a member appointed by the governor for a term of five years. In the event the matter before the contributory retirement appeal board deals with any matter related to disability retirement or interim benefits as awarded by the division of administrative law appeals, the commissioner of public health or his designee shall substitute for the public employee retirement administration commission.

The members of the contributory retirement appeal board shall be compensated for any expenses incurred in the performance of their official duties. On matters other than those subject to review by the district court as provided for in subdivision (3), or other than those which would have been subject to review had the requirement for the minimum period of creditable service been fulfilled, any person when aggrieved by any action taken or decision of the retirement board or the public employee retirement administration commission rendered, or by the failure of a retirement board or the public employee retirement administration commission to act, may appeal to the contributory retirement appeal board by filing therewith a claim in writing within fifteen days of notification of such action or decision of the retirement board or the commission, or may so appeal within fifteen days after the expiration of the time specified in sections one to twenty-eight, inclusive, within which a board or the commission must act upon a written request thereto, or within fifteen days after the expiration of one month following the date of filing a written request with the board or the commission if no time for action thereon is specified, in case the board or the commission failed to act thereon within the time specified or within one month, as the case may be. The contributory retirement appeal board, after giving due notice, shall, not less than ten nor more than sixty days after filing of any such claim of appeal, assign such appeal to the division of administrative law appeals for a hearing. The division of administrative law appeals shall maintain the official records of the contributory retirement appeal board. After the conclusion of such hearing, the division of Administrative Law Appeals shall submit to the parties a written decision which shall be final and binding upon the board involved and upon all other parties, and shall be complied with by such

**Involuntary Retirement Application** (to be filed by an employer)                    4

---

**Section 16 (4): Right of Appeal to Contributory Retirement Appeal Board (Continued)**
 board and by such parties, unless within fifteen days after such decision, (1) either party objects to such decision, in writing, to the contributory retirement appeal board, or (2) the contributory retirement appeal board orders, in writing, that said board shall review such decision and take such further action as is appropriate and consistent with the appeal provided by this section. The contributory retirement appeal board shall then pass upon the appeal within six months after the conclusion of such hearing, and its decision shall be final and binding upon the board involved and upon all other parties, and shall be complied with by such board and by such parties. Any person, upon making an appeal involving a disability retirement allowance, shall be permitted to retire for superannuation retirement, if otherwise eligible, pending the decision of the contributory retirement appeal board, but in no event shall such action prejudice the person from receiving any further benefits which the contributory retirement appeal board may grant in its decision nor shall the person upon a finding in favor of the employer be required to reimburse the employer for payments made prior to the decision of the contributory retirement appeal board.

On appeals involving disability or where medical reports are part of the proceedings, the contributory retirement appeal board may request further information from the members of the appropriate regional medical panel, or may employ a registered physician to advise them in determination of an appeal.

The contributory retirement appeal board shall have the power to subpoena witnesses, administer oaths and examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute. Fees for such witnesses shall be the same as for witnesses before the courts in civil actions, and shall be paid from the Appropriation Fund of the division of administrative law appeals.

The contributory retirement appeal board, acting through the division of administrative law appeals, shall arrange for the publication of its decisions and the cost of such publication shall be paid from the Appropriation Fund of the division of administrative law appeals.

The contributory retirement appeal board shall establish a fee structure for appeals brought under this section, which shall be subject to the approval of the commissioner of administration.

The division of administrative law appeals shall submit to the contributory retirement appeal board on an annual basis a report on the status of all cases that have been assigned to the division of administrative law appeals for a hearing.

**(5): Provisions Not Applicable to Certain Members**
The provisions of this section relative to the right of any member to a hearing or to the right of review by the district court shall not apply in the case of the removal or discharge of any state official or of any official of any political subdivision of the commonwealth for which provision is otherwise made in any general or special law, anything in this section to the contrary notwithstanding. The provisions of this section relative to the right of any member to a hearing or to the right of review by the district court shall not apply to any teacher or principal or superintendent of schools employed at discretion or any superintendent employed under a contract, for the duration of his contract, or any principal or supervisor, who has been dismissed, demoted, or removed from a position by a vote of a school committee under the provisions of section forty-two, forty-two A or section sixty-three of chapter seventy-one. The provisions of this section shall not apply to any member classified in Group 3.

**Involuntary Retirement Application** (to be filed by an employer)                          5

### Information About Retirement Options

Your retirement board will provide you with a Choice of Retirement Option Form, and will assist you in making an informed selection about selecting the option that is best for you, but a brief description of the options available to you is included here. Any public employee who retires on the basis of ordinary or accidental disability or superannuation may elect to have his or her retirement allowance paid according to one of the three following Options. If you fail to select an Option, the allowance will be paid under Option B.

### Option A

Election of Option A means that you will receive the full retirement allowance in monthly payments as long as you live. Allowance payments will cease upon your death and no benefits will be provided to your survivors.

### Option B

Option B provides you with a lifetime allowance which is 3% to 5% less per month than Option A. The annuity portion of your allowance will be reduced to allow a benefit for your beneficiary. If your death occurs before the total payments of the annuity portion of your allowance equal your total accumulated deductions at your retirement, the unexpended balance of your total accumulated deductions will be paid to your surviving beneficiary of record, (or, if there is no beneficiary living, the person or persons who appear to be entitled in the judgement of your retirement board).

### Option C

Selecting Option C means that the allowance payments that you receive during your lifetime will be approximately 20% less than those you would have received under Option A. Upon your death, your designated beneficiary will be paid a monthly allowance for the remainder of his or her lifetime. That allowance will be equal to two-thirds of the allowance which was being paid to you at the time of your death. Only your spouse, former spouse who has not remarried, child, father, mother, sister or brother may be your beneficiary.

### Spousal Acknowledgment

The retirement option election of any married member is not valid unless the signature of the member's spouse indicating the member's spouse's knowledge and understanding of the retirement option selected accompanies it.