**Exhibit J- Administrative Determination of Disability by PERAC**

# PERAC

**COMMONWEALTH OF MASSACHUSETTS | PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION**

DOMENIC J. F. RUSSO, Chairman | A. JOSEPH DeNUCCI, Vice Chairman
KENNETH J. DONNELLY | ERIC A. KRISS | JAMES M. MACHADO | DONALD R. MARQUIS

JOSEPH E. CONNARTON, Executive Director

TO:      REVERE RETIREMENT BOARD

FROM:    MEDICAL PANEL UNIT

DATE:    SEPTEMBER 20, 2004

RE:      REVIEW OF MEDICAL PANEL CERTIFICATE

*rec'd 9/21/04*

---

Please be advised that P.E.R.A.C. has completed its review of the following Medical Panel Certificate(s) and found the Certificate(s) to be in order: **Drs. Albeck, Sciascia & Lurie**

## Sonia Fernandez

**Your retirement board is encouraged to review the attached report(s) to determine if it is completed to your satisfaction.**

If upon review of the enclosed report, your board determines that additional information or clarification is required, the board may submit to PERAC in writing, a request which identifies the additional information which is desired. The board's request will then be forwarded by this office to the physicians.

Your retirement board may also choose to write directly to the medical panel for clarification. **PERAC must be provided with a copy of all correspondence between the board and the medical panel.**

If you should have any questions regarding the enclosed material, please do not hesitate to contact this office.

BL/kmh
Enclosure





Commonwealth of Massachusetts
Public Employee Retirement Administration Commission
5 Middlesex Avenue, 3rd Floor
Somerville, MA  02145
(617) 591-8956
Fax (617) 628-4414

## APPLICANT INFORMATION

PERAC ID:   2004249790      TYPE OF DISABILITY:   ACC (M)

SOCIAL SECURITY NUMBER:        030560666

MEMBER:                        Sonia  Fernandez

MEMBER ADDRESS:                197 Ridge Road

                               Revere, MA 02151

RETIREMENT BOARD:              Revere Retirement Board

OCCUPATION:                    POLICE

EMPLOYER:                      Cheif Terence Reardon

REGIONAL MEDICAL PANEL
PHYSICIAN:                     Joseph Albeck, M.D. — PSYCHI
                               Thomas R Sciascia, M.D. — NEUROL
                               Melvyn Lurie, M.D. — PSYCHI

MEDICAL PANEL SPECIALTY:       PSYCHI

EXAMINATION LOCATION:          Sancta Maria Nursing Facility
                               799 Concord Avenue, Ground Floor
                               Cambridge, MA 02138

DATE:                          Friday, August 13, 2004

TIME:                          11:30 AM

COMMONWEALTH OF MASSACHUSSETTS
PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
REGIONAL MEDICAL PANEL CERTIFICATE

MEMBER:    Sonia Fernandez                     S.S. #: 030560666
PERAC ID:  2004249790                          TYPE OF DISABILITY: ACC

The member's retirement board will provide you with all information relating to the member's claimed disability and the current job description. This information is critical to your ability to perform a comprehensive medical evaluation and assess the member's ability to perform the essential duties of his/her job. If this information has not been received, please contact the PERAC Medical Panel Unit.

---

DID THE MEDICAL PANEL REVIEW THE MEMBER'S JOB DESCRIPTION?

YES ☑    NO ☐

DID THE MEDICAL PANEL RECEIVE AND REVIEW MEDICAL RECORDS IDENTIFIED ON THE TRANSMITTAL OF BACKGROUND INFORMATION TO A REGIONAL MEDICAL PANEL FORM PRIOR TO RENDERING A MEDICAL OPINION IN THIS CASE?

YES ☑    NO ☐

PLEASE LIST ANY RECORDS NOT LISTED ON THE TRANSMITTAL OF BACKGROUND INFORMATION TO A REGIONAL MEDICAL PANEL FORM, WHICH THE PANEL REVIEWED.


1. IS THE MEMBER MENTALLY OR PHYSICALLY INCAPABLE OF PERFORMING THE ESSENTIAL DUTIES OF HIS OR HER JOB AS DESCRIBED IN THE CURRENT JOB DESCRIPTION?

YES ☑    NO ☐
Please continue ONLY if you answered yes to question #1.

2. IS SAID INCAPACITY LIKELY TO BE PERMANENT?

YES ☑    NO ☐

PERMANENCY:   A disability is permanent if it will continue for an indefinite period of time which is likely never to end even though recovery at some remote, unknown time is possible. If the medical panel is unable to determine when the applicant will no longer be disabled, they must consider the disability to be permanent. However, if the recovery is reasonably certain after a fairly definite time, the disability cannot be classified as permanent. It is imperative that the medical panel make its determination based on the actual examination of the applicant and other available medical tests or medical records which have been provided. It is *not* the physician's task to look into employment possibilities that may become available to an applicant at some future point in time.

COMMONWEALTH OF MASSACHUSETTS
PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
CERTIFICATE FOR ACCIDENTAL DISABILITY

**MEMBER:** Sonia Fernandez
**PERAC ID:** 2004249790     **S.S. #:** 030560666     **TYPE OF DISABILITY:** ACC

PLEASE CONSIDER POINTS A AND B BEFORE RESPONDING TO QUESTION #3.
POINTS A AND B SHOULD ALSO BE DISCUSSED IN YOUR NARRATIVE .

A. Whether there is any other event or condition in the member/applicant's medical history, or in any other evidence provided to the panel, other than the personal injury sustained or hazard undergone upon which the disability retirement is claimed, that might have contributed to or resulted in the disability claimed.

B. Whether it is more likely than not that the disability was caused by the condition or event described in (A) rather than the personal injury sustained or hazard undergone which is the basis for the disability claim, and the basis for your conclusion.

3. IS SAID INCAPACITY SUCH AS MIGHT BE THE NATURAL AND PROXIMATE RESULT OF THE PERSONAL INJURY SUSTAINED OR HAZARD UNDERGONE ON ACCOUNT OF WHICH RETIREMENT IS CLAIMED?*

YES ☑     NO ☐

**Aggravation of a Pre-Existing Condition Standard:** If the acceleration of a pre-existing condition or injury is as a result of an accident or hazard undergone, in the performance of the applicant's duties, causation would be established. However, if the disability is due to the natural progression of the pre-existing condition, or was not aggravated by the alleged injury sustained or hazard undergone, causation would not be established.

**\*PLEASE NOTE:** When constructing your response to the question of causality (#3) in accidental disability narrative reports, your opinion must be stated in terms of medical possibility and not in terms of medical certainty.

COMMONWEALTH OF MASSACHUSETTS
PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION

## CERTIFICATION OF MEDICAL PANEL FINDINGS

MEMBER:    Sonia Fernandez                    S.S. #: 030560666
PERAC ID:  2004249790                         TYPE OF DISABILITY: ACC

---

### MAJORITY OPINION

*In the case of a joint examination, all three physicians must sign if they are in agreement with the majority opinion.*

I hereby certify that I have examined the member named on this certificate, and that the findings stated in this certificate and narrative express my professional medical opinion which was arrived at in an independent manner and free of undue influence.

_____ M.D.

_____ M.D.

_____ M.D.

---

### MINORITY OPINION

*To be completed only if a joint examination is conducted by all three physicians.*
*The dissenting physician MUST also complete the Medical Panel Certification Minority Report.*

I hereby certify that I have examined the member along with the other members of the medical panel and that I respectfully disagree with the Majority findings.

_____ M.D.

---

### APPLICANT PHYSICIAN AND/OR EMPLOYER'S PHYSICIAN

I hereby certify that I was present at the examination conducted by the Regional Medical Panel Physician(s). I understand that I have a right to submit a written opinion to the Retirement Board.

_____ M.D.

_____ M.D.

THOMAS SCIASCIA, M.D.
Consulting Neurologist
108 Oliver Road
Belmont, Massachusetts 02478
617/484-2267

September 12th, 2004

Kevin Blanchette
PERAC
5 Middlesex Avenue, 3rd Floor
Somerville, MA  02145

RE:  Sonia Fernandez
     SS#:  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

Dear Sir:

I examined the patient Sonia Fernandez with fellow psychiatric medical panel members Dr. Melvyn Lurie and Dr. Joseph Albeck at the Sancta Maria Nursing Facility, located at 799 Concord Avenue in Cambridge, Massachusetts on August 13th, 2004. The purpose of the examination was to determine the patient's degree of medical impairment. The history was obtained from the patient and the medical records that were forwarded to us by your office. Carlton Dascnt was present during the 30 minute evaluation.

The patient is a 38 year old right handed woman who became a Police Officer in 1995. Job description for Police Officer was reviewed by the panel.

The patient reports that the work environment was always "unfriendly". She states that by the year 2000, she began suffering from weight loss (weight dropped from 100 to 94 pounds), insomnia, autonomic symptoms such as tachycardia, sweating, vomiting, and diarrhea that would occur several times per day. The patient attributed these symptoms to what she views as unfair reprimands for work related performance and an environment of "harassment".

The patient states that she finally left work without pay between March and October of 2001 for psychiatric related issues. She states that, during this time period, she was under economic stress due to lack of pay. However, the patient reports that her above-noted medical symptoms were not as severe. She states that if she had any contact with the police department, the symptoms as noted would be exacerbated.

The patient worked between October 2001 and January 2002. She reports that the work environment hostility remained unchanged. After a two week work absence in January 2002, she returned to work and then last worked in September of 2002. The patient reports that there is litigation pending regarding her work situation.

Physician Dr. Millman states in a March 23rd, 2001 letter that the patient was initially evaluated in July of 2000 when she was diagnosed with major depressive disorder and panic disorder without agoraphobia.

The patient reports that in the course of her work she experienced multiple gruesome events. She described in detail one event in which an individual shot himself in the head and she was at the crime scene. The patient reports that, as a result of these work related experiences, she began to experience nightmares, intrusive thoughts, and episodes of anxiety during which she relived the experience of being at the crime scenes.

The patient states that she was evaluated by psychiatrist Dr. Harmon in April of 2003 and has continued treatment with him up to the present time. Dr. Harmon states in his August 27th, 2003 handwritten note that the patient had a diagnosis of panic disorder, and post traumatic stress disorder.

In addition to the patient's psychiatric conditions, she has medical diagnoses that are summarized by Dr. Guerrini in an October 9th, 2003 office note.

The patient reports today that she is currently on the medication Clonopin, Ambien, Zantec, and Cleocin.

The patient states that she currently weighs approximately 115 pounds. She states that she still experiences autonomic symptoms as mentioned above, however they are less frequent and severe in nature.

## EXAMINATION

MENTAL STATUS: The patient was awake and alert. The patient communicated with no obvious language disturbance. The patient's affect appeared appropriate. The patient was a some what tangential historian.

## IMPRESSION

The psychiatric medical panel concluded that the patient met the criteria for a post traumatic stress disorder (PTSD).

1.    The psychiatric medical panel concluded that the patient was mentally incapable of performing the essential duties of her job as a Police Officer as described in the current job description. The panel based this conclusion on the severity of the patient's psychiatric complaints.

2.    The panel concluded that the said incapacity is likely to be permanent, and unlikely to respond to further rehabilitation efforts.

3.    The panel concluded that the said incapacity is such as might be the natural and proximate result of the personal injury sustained or hazard undergone on account of which retirement is claimed. The panel based this conclusion on the specific work related "gruesome" events that the patient experienced.

-2-

The undersigned medical panel members hereby attach their signatures to the

Psychiatric Medical Panel Report on the patient _SONIA FERNANDEZ_, seen

on _Aug 13, 2004_ at the Sancta Maria Nursing Facility, 799 Concord Avenue

in Cambridge, Massachusetts.


Joseph Albeck, M.D.


Melvyn Lync, M.D.


Thomas Sciascia, M.D.