Exhibit Q- M.G.L.c. 7 § 49 and 840 CMR 10:00

The General Laws of Massachusetts

[Search the Laws]

PART I. ADMINISTRATION OF THE GOVERNMENT

TITLE II. EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE COMMONWEALTH

CHAPTER 7. EXECUTIVE OFFICE FOR ADMINISTRATION AND FINANCE

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

PUBLIC BUILDING CONSTRUCTION

**Chapter 7: Section 49. Public employee retirement administration commission; members; executive director**

Section 49. (a) There shall be within the executive office of administration and finance, but not subject to its control, a public employee retirement administration commission consisting of seven members, three of whom shall be appointed by the governor, three of whom shall be appointed by the state auditor, and one of whom shall be chosen by the first six members and who shall be chairman. Of the three persons appointed by the governor, one shall be the governor or his designee, one shall be a representative of a public safety union, and one shall be qualified by having training and experience in the investment of funds as a result of having been principally employed in such occupation for a period of at least ten years. Of the three persons appointed by the state auditor, one shall be the state auditor or his designee, the president of the Massachusetts AFL–CIO or his designee, and one shall be a representative of the Massachusetts Municipal Association. Each member of the commission shall serve for a term of five years; provided, however, that in making initial appointments, the governor and the state auditor shall each appoint one member for a term of three years and one member for a term of four years. The members shall serve without compensation but shall receive their necessary expenses incurred in the discharge of their official duties. Upon the expiration of the term of an appointed member, or the chairman, or a vacancy otherwise created in said positions, the successor for said position shall be appointed in the manner aforesaid, or for the remainder of said term, whichever is applicable. In the event the representative of a public safety union or the designee of the president of the Massachusetts AFL/CIO is a public employee, he or she shall be granted leave, without loss of pay or benefits and without being required to make up lost time, if on duty, for regularly scheduled work hours while in the performance of responsibilities of the commission. The public employee retirement administration commission shall select an executive director, and enter into an employment contract with said director. The provisions of sections nine A, forty-five, forty-six, and forty-six C of chapter thirty, chapter thirty-one, and chapter one hundred and fifty E shall not apply to the executive director or any other employee of the commission.

(b) Four members of the board shall constitute a quorum; provided however, that a majority of members present and voting shall be needed to approve any motions.

(c) The executive director shall, with the approval of the commission:

(i) plan, direct, coordinate and execute administrative functions in conformity with the policies and directives of the commission;

(ii) employ an actuary, a general counsel and other employees as necessary, prescribe their duties and fix their compensation; provided, however, that the salaries of such employees shall not exceed the sum annually approved therefor by the commission; and

(iii) report to the commission on all operations under his control and supervision.

(d) The commission shall adopt an annual budget and supplemental budgets as deemed necessary by the said commission. Said budgets shall be funded from the investment income account of the state employees and state teachers' system.

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

840 CMR 10.00: STANDARD RULES FOR DISABILITY RETIREMENT

Section

10.01: Definitions
10.02: Purpose of Standard Rules; Retirement Board Policy
10.03: Supplementary Rules; Approval by Commission
10.04: Standard for Decision; Findings of Fact
10.05: Proceedings; Parties; Representation; Record
10.06: Proceedings for Ordinary or Accidental Disability Retirement; Applications; Additional Information
10.07: Information to be Obtained From Member's Department Head or Employer
10.08: Medical Panel; Formation and Instructions to Panel
10.09: Investigation of Facts; Denial of Certain Applications; Appeal
10.10: Examination by Medical Panel
10.11: Notice of Medical Panel's Findings; Further Examination by Medical Panel; Denial of Application; When Hearing Shall be Held by Retirement Board
10.12: Hearing by Retirement Board
10.13: Decision
10.14: Annual Statement of Earnings; Definition of Earnings From Earned Income; Refunds and Modifications Based on Earnings Information
10.15: Examination of a Member Previously Retired for Disability
10.16: Modification of Retirement Allowance and Fair Amount of Outside Earnings and Potential Earnings Pursuant to M.G.L. c. 32, § 8(3)
10.17: Evaluation For Rehabilitation Pursuant to M.G.L. c. 32, § 8(1)(a)
10.18: Rehabilitation Pursuant to M.G.L. c. 32, § 8
10.19: Rehabilitation Pursuant to M.G.L. c. 32, § 21
10.20: Essential Duties
10.21: Failure to Provide Information or Documents; Violation of Regulations

840 CMR 10.00 is the standard rules for disability retirement promulgated by the Public Employee Retirement Administration Commission under the authority of M.G.L. c. 7, § 50 and M.G.L. c. 32, §§ 6 and 21. Except as may otherwise be provided by the Commission, or by supplementary rules of a particular retirement board approved by the Commission, 840 CMR 10.00 shall govern the following disability proceedings and procedures commenced by or before any retirement board after September 4, 1998:

(1) Proceedings for ordinary and accidental disability retirement;

(2) Proceedings for restoration to active service of members retired for disability;

(3) Proceedings for modification of the retirement allowance of members retired for disability;

(4) Procedures for medical examinations by medical panels on applications for disability retirement;

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(5) Procedures for re-examination, evaluation and rehabilitation of members retired for disability; and

(6) Procedures for annual reporting of earnings and refunds under M.G.L. c. 32, § 91A by members retired for disability.

10.01: Definitions

Unless a different meaning is plainly required by the context, words and phrases used in 840 CMR 10.00 shall have the meanings assigned them by M.G.L. c. 32 and Commission's regulations (840 CMR 1.00 et seq.) and if no meaning is so assigned, they shall have their ordinary meanings.

10.02: Purpose of Standard Rules; Retirement Board Policy

The purpose of 840 CMR 10.00 is to establish uniform standards and procedures to be applied by retirement boards in ordinary and accidental disability retirement proceedings and procedures under M.G.L. c. 32, §§ 6, 7, 8 and 91A. It shall be the policy of the retirement board to make every reasonable effort to assist retirement system members to exercise all rights and obtain all benefits to which entitled and as authorized by the laws governing ordinary and accidental disability retirement, while protecting the retirement system and the public against claims and payments for disability retirement not authorized by law.

10.03: Supplementary Rules; Approval by Commission

Any retirement board may promulgate supplementary rules for disability retirement but supplementary rules shall be consistent with 840 CMR 10.00, shall conform to the standard for decision set forth in 840 CMR 10.04 and shall take effect only as approved by the Commission pursuant to 840 CMR 14.02.

10.04: Standard For Decision; Findings of Fact

(1) No retirement for ordinary or accidental disability shall be allowed unless the retirement board, based upon substantial evidence, makes findings of the facts upon which it relied in making its decision. The board must find that:
   (a) The member is unable to perform the essential duties of his position; and
   (b) The inability is likely to be permanent; and
   (c) If the application is for accidental disability retirement, that the incapacity is the natural and proximate result of a personal injury sustained or hazard undergone while in the performance of the member's duties at some definite place and some definite time without serious and willful misconduct on the member's part; and
   (d) The member should be retired.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(5) Procedures for re-examination, evaluation and rehabilitation of members retired for disability; and

(6) Procedures for annual reporting of earnings and refunds under M.G.L. c. 32, § 91A by members retired for disability.

### 10.01: Definitions

Unless a different meaning is plainly required by the context, words and phrases used in 840 CMR 10.00 shall have the meanings assigned them by M.G.L. c. 32 and Commission's regulations (840 CMR 1.00 et seq.) and if no meaning is so assigned, they shall have their ordinary meanings.

### 10.02: Purpose of Standard Rules; Retirement Board Policy

The purpose of 840 CMR 10.00 is to establish uniform standards and procedures to be applied by retirement boards in ordinary and accidental disability retirement proceedings and procedures under M.G.L. c. 32, §§ 6, 7, 8 and 91A. It shall be the policy of the retirement board to make every reasonable effort to assist retirement system members to exercise all rights and obtain all benefits to which entitled and as authorized by the laws governing ordinary and accidental disability retirement, while protecting the retirement system and the public against claims and payments for disability retirement not authorized by law.

### 10.03: Supplementary Rules; Approval by Commission

Any retirement board may promulgate supplementary rules for disability retirement but supplementary rules shall be consistent with 840 CMR 10.00, shall conform to the standard for decision set forth in 840 CMR 10.04 and shall take effect only as approved by the Commission pursuant to 840 CMR 14.02.

### 10.04: Standard For Decision, Findings of Fact

(1) No retirement for ordinary or accidental disability shall be allowed unless the retirement board, based upon substantial evidence, makes findings of the facts upon which it relied in making its decision. The board must find that:
 (a) The member is unable to perform the essential duties of his position; and
 (b) The inability is likely to be permanent; and
 (c) If the application is for accidental disability retirement, that the incapacity is the natural and proximate result of a personal injury sustained or hazard undergone while in the performance of the member's duties at some definite place and some definite time without serious and willful misconduct on the member's part; and
 (d) The member should be retired.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(2) In making the finding required by 840 CMR 10.04(1)(b) the retirement board shall consider, but not be limited to, the following factors:
  (a) Whether the nature of the condition or injury is such that it can be expected to improve over a reasonable period of time;
  (b) Whether the nature of the condition or injury is such that it could be expected to improve if the member were willing to undergo reasonable medical treatment or rehabilitation.

(3) In making the finding required by 840 CMR 10.04(1)(c) the retirement board shall apply the following presumptions:
  (a) The retirement board shall presume that any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death to a member as described in M.G.L. c. 32, § 94 was suffered in the line of duty unless the contrary is shown by competent evidence.
  (b) The retirement board shall presume that any condition of impairment of health caused by any disease of the lungs or respiratory tract, resulting in total disability or death to a member described in M.G.L. c. 32, § 94A was suffered in the line of duty, as a result of the inhalation of noxious fumes or poisonous gases, unless the contrary is shown by competent evidence.
  (c) The retirement board shall presume that any condition of cancer affecting the skin or central nervous system, lymphatic, digestive, hematological, urinary, skeletal, oral or prostate systems, or lung or respiratory tract resulting in disability or death to a member described in M.G.L. c. 32, § 94B was suffered in the line of duty unless it is shown by a preponderance of the evidence that non-service connected risk factors or non-service connected accidents or hazards undergone caused such incapacity.

(4) In making the finding required by 840 CMR 10.04(1)(c) the retirement board shall determine:
  (a) Whether the presumptions set forth in 840 CMR 10.04(4)(a), (b) or (c) apply. If one of the presumptions applies to the application:
    1. Whether the applicant successfully passed a physical examination upon entry to service or subsequent thereto which failed to reveal any evidence of such condition; and
    2. Whether in the line of duty an applicant claiming the presumption contained in M.G.L. c. 32, § 94A responded to calls that would have involved the inhalation of or exposure to noxious fumes or poisonous gasses; and
    3. Whether an applicant claiming the presumption contained in M.G.L. c. 32, § 94B served in a position that renders him or her eligible for the application of the presumption for at least five years and regularly responded to calls of fire during some portion of his or her service; and
    4. Whether an applicant who left active service and is claiming the presumption contained in M.G.L. c. 32, § 94B first discovered the condition for which retirement is sought within five years of the last date that he or she actively served in a position described in M.G.L. c. 32, § 94B.

8/27/04