840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

5. Whether any contrary evidence is sufficient to overcome the applicable presumption
(b) Whether other causal factors related to the member's physical or mental condition might have contributed to the disability claimed; and
(c) Whether any event other than the accident or hazard upon which the disability retirement is claimed might have contributed to the disability claimed.

10.05: Proceedings; Parties; Representation; Record

(1) Proceedings. Disability proceedings include proceedings:
 (a) For ordinary and accidental disability retirement of members in service;
 (b) For rehabilitation of members retired for disability;
 (c) For restoration to active service of members retired for disability; and
 (d) For modification of the retirement allowance of members retired for disability.

(2) Parties. Parties to a proceeding for ordinary or accidental disability retirement include the member who files the application. If the application is filed by a department head, the department head and the member who is the subject of the application shall be parties to the application. The party to a proceeding for modification of the retirement allowance of a member retired for disability is the member who is the subject of the proceeding. Parties to a proceeding for restoration to active service of a member retired for disability include the retired member, the member's employer and the head of any department identified by the employer as a department in which a vacancy exists to which the member may be restored under M.G.L. c. 32, § 8(2). Any person authorized by the retirement board to intervene or otherwise authorized by law to participate as a party in any proceeding shall be a party to that proceeding for purposes of 840 CMR 10.00.

(3) Representation. A party may appear in his or her own behalf or may be accompanied, represented and advised by an authorized representative who may be an attorney, legal guardian or other person authorized to represent the party in the proceedings. Any authorized representative shall file with the retirement board a written appearance which shall contain the representative's name, address and telephone number and the name of the party represented.

(4) Record. All evidence, whether documentary, testimonial, or in other form, offered by a party, the retirement board or any other person or entity in a disability proceeding and any issue, contention or argument raised with respect thereto, shall be included in the record of the proceeding.

10.06: Proceedings for Ordinary or Accidental Disability Retirement; Applications; Additional Information

Proceedings for ordinary or accidental disability retirement may be brought by filing an application with the retirement board and with the employer. The application shall consist of the forms prescribed by 840 CMR 10.06, and shall be considered filed as of the date upon which the applicant completes and submits all the required forms to the retirement board. If the retirement board or the Commission believes any part of the application contains false, fictitious or fraudulent information, the board or the Commission shall notify the Attorney General or the appropriate district attorney.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(1) <u>Voluntary Retirement</u>. Any member in service who becomes totally and permanently unable to perform the essential duties of his or her job under the circumstances described in M.G.L. c. 32, § 6 (relating to ordinary disability) or § 7 (relating to accidental disability) may file an application for retirement. Every member-applicant shall also file:
   (a) A sworn statement indicating the members intent to retire;
   (b) A certificate from a licensed medical doctor;
   (c) A written statement authorizing release of information from the Federal Internal Revenue Service and the Department of Revenue relative to the annual gross earned income of the member in accordance with M.G.L. c. 32, §§ 6(1) and 7(1);
   (d) If the application is for accidental disability retirement, a sworn statement on Form 10-3 of the circumstances of the event or hazard undergone from which the personal injury was sustained upon which the disability retirement allowance is claimed;
   (e) The member's sworn statement of the member's duties of employment and the specific duties the member is now unable to perform as a result of the disability claimed;
   (f) A statement of the member's education and training, employment history and off-duty physical activities;
   (g) Authorizations on such other form as may be required by a person, institution or other agency having custody of the member's records, for release of medical or insurance records relating to the member as follows:
      1. records of the member's personal physicians and of the physician submitting the certificate described in 840 CMR 10.06(1)(b);
      2. records of all physicians or medical institutions examining or treating the member for the condition or personal injury upon which the application is based;
      3. records of all physical examinations performed within the five year period prior to the application or, if none are available for that period, the most recent;
      4. the member's workers' compensation records or, if applicable, any records in connection with application for or receipt of benefits pursuant to M.G.L. c. 41, § 111F;
      5. the member's medical records for the last five years;
      6. the accident or claim reports for the last five years of any insurer in connection with the personal injury sustained or the hazard undergone upon which the application is based;
   (h) Authorizations permitting the physicians and medical institutions described in 840 CMR 10.06(1)(g)2. to further explain the records, treatment performed, or statement or prognosis.

(2) <u>Involuntary Retirement</u>. The department head of any member in service who becomes totally and permanently unable to perform the essential duties of his or her job under the circumstances described in M.G.L. c. 32, § 6 (relating to ordinary disability) or § 7 (relating to accidental disability) may file an application for retirement on Form 10-2A. Department head applicants shall also file the statements by the department head or employer (Form 10-7) described in 840 CMR 10.07 and any medical information available to the department head or employer on which the application is based.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

10.07: Information to be Obtained From Member's Department Head or Employer

Except as provided in 840 CMR 10.09, upon receipt of an application by a member for ordinary or accidental disability retirement, the retirement board shall request the statements required by 840 CMR 10.07 from the member's department head or employer. If the department head does not supervise the member, the department head's statement required by 840 CMR 10.07(1) shall be prepared by the member's direct supervisor and shall be counter-signed by the department head. The department head's statement shall be filed with the retirement board within 15 days of the date that the department head receives it.

(1) Department Head's or Employer's Statement. The retirement board shall request a statement from the member's department head or employer.
   (a) Providing a job description for the member's job and describing the member's duties and responsibilities;
   (b) Specifically identifying the essential duties of the position;
   (c) Describing any particular physical or mental requirements prescribed for the position;
   (d) Providing any medical records in the member's personnel file relating to the member's physical condition at the time of the member's employment or thereafter, which shall include any record of a pre-employment physical, any record relating to in-service physical examinations and all medical records relating to the disability claimed;
   (e) Providing any records of the member's education and training or of the member's qualifications;
   (f) Describing the specific duties the member cannot or may not be able to perform as a result of the disability or incapacity claimed;
   (g) Stating whether, in the department head's or employer's opinion the member may be able to perform the essential duties of the member's job;
   (h) If the application is for an accidental disability retirement, describing the event, accident or hazard undergone upon which the disability is being claimed, attaching copies of any and all injury or incident reports, and the statements of any witnesses to the injury or incident and providing any other information which may bear upon the cause of the member's claimed disability;
   (i) Stating whether the position is classified under civil service;
   (j) Stating whether the member's claimed disability is a result of any misconduct on the part of the member.

10.08: Medical Panel, Formation and Instruction to Panel

(1) Except as provided in 840 CMR 10.09, upon receiving an application for disability retirement, the retirement board shall petition the Commission to schedule a medical examination of the member by a regional medical panel.

(2) If a medical panel is requested by the retirement board as a result of a decision of the Division of Administrative Law Appeals or the Contributory Retirement Appeal Board a copy of the decision must be forwarded to the Commission along with the request for the appointment of a medical panel request.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(3) Such regional medical panel shall consist of three physicians who shall not be associated as defined in M.G.L. c. 32, § 6(3), who shall be selected for the purpose of examining the member whose retirement is under consideration and shall, so far as practicable, be skilled in the particular branch of medicine or surgery involved in the case. The Commission shall appoint one of the three physicians as Medical Panel Coordinator to facilitate panel proceedings.

(4) Such regional medical panel shall meet within 60 days after appointment by the Commission to conduct its examination. If the panel fails to meet within 60 days, the Commission shall require the three physicians to conduct such examinations separately. If the Commission determines that it is unlikely the medical panel will be able to meet within 60 days, the Commission may, with the written consent of the member, authorize separate examinations.

(5) Upon request of a member, the Commission shall schedule separate examinations as soon as practicable thereafter. A request for separate examinations may be filed at any time. A request for separate examinations will not ordinarily be considered, however, if received by the Commission less than 48 hours prior to a scheduled examination by a regional medical panel unless the request is filed pursuant to the provisions of 840 CMR 10.10(5). The Commission shall so far as practicable schedule separate examinations with the same three physicians who were appointed to the regional medical panel unless the request is filed pursuant to the provisions of 840 CMR 10.10(5).

(6) Upon designation of the regional medical panel, the retirement board shall send to each panel physician, prior to the examination, all information obtained pursuant to 840 CMR 10.09(1), and advise the panel of the availability and location of any other medical data or reports known to the retirement board. The retirement board shall also provide the medical panel with copies of all documents in the member's file that may be of assistance to the panel, including, without limitation, the following:
    (a) The statement of the member's physician;
    (b) The member's statement of duties;
    (c) The member's statement of background, qualifications and physical activities;
    (d) The department head's or employer's statement;
    (e) For accidental disability claims, the member's statement of circumstances of personal injury or hazard undergone;
    (f) For accidental disability claims, copies of any injury reports filed with the retirement board or the applicant's employer.

(7) The medical panel shall not be provided with copies of the certificates and narratives of medical panels which previously examined the member or with copies of decisions by the Division of Administrative Law Appeals or the Contributory Retirement Appeal Board involving the member.

(8) The applicant shall be responsible for providing X-Rays, EKG tracings and other records that cannot readily be photocopied to the Medical Panel Coordinator designated by the Commission who shall forward such information to the other two panel physicians. The applicant is responsible for making the necessary arrangements for the return of these materials to the proper facility or treating physician.

8/27/04