840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

10.09: Investigation of Facts; Denial of Certain Applications; Appeal

(1) The retirement board shall obtain any pertinent information known to exist without regard to the five year time periods stated in 840 CMR 10.06(1)(g)3., 5. and 6., including any record listed in 840 CMR 10.06(1)(g) relating to an application for ordinary or accidental disability retirement and shall conduct such investigation as may be necessary to determine the facts.

(2) At any stage of a proceeding on an ordinary or accidental disability retirement application the retirement board may terminate the proceeding and deny the application if it determines that the member cannot be retired as a matter of law.

(3) If the retirement board decides to deny an application under 840 CMR 10.09, notice of the decision, basis for the board's decision, and right to appeal shall be sent to all parties as provided by 840 CMR 10.13(3).

10.10: Examination by Medical Panel

(1) *Notice.* In proceedings for disability retirement the Commission shall give all parties at least 14 days notice of the medical panel examination. An applicant may waive his or her right to 14 days notice by filing a written waiver with the Commission. Examinations shall be held at a reasonably convenient time and place for all parties.

(2) *Examination.* A physical examination and/or psychiatric evaluation of the member shall be conducted by the regional medical panel. If fewer than three physicians are present at a regional medical panel examination, and the member consents in writing, the physician or physicians present shall conduct the examination and any physicians not present shall conduct a separate examination.

(3) *Medical Tests.* The medical panel may suggest any "non-invasive" medical test which the panel considers necessary to render an opinion of the member's medical condition. The Commission shall assume the cost of any non-invasive test suggested by the medical panel up to an amount that the Commission shall determine annually. This annual determination will be communicated to all retirement boards during the month of January. No test the cost of which exceeds the annual amount determined by the Commission shall be ordered or required by the medical panel without the advance approval of the Commission.

(4) *Representation.* At the election of the member and employer respectively, the member's physician and employer's physician, may be present and may answer questions from the panel during the decision making process of the panel. In the case of separate examinations, the member's physician and the employer's physician shall have the opportunity to attend each examination. Either physician may disagree with the findings of the panel or, in the case of separate examinations, with any of the three physicians and may so indicate by signing the panel certificate in the space provided and by filing a written statement with the Commission within ten days following the examination. Neither physician shall otherwise participate in the decision making process of the panel.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(5) Rescheduling of Examination. If a member is unable to attend a scheduled medical panel examination, or in the case of single exams any one of the three separate examinations, the member shall notify the Commission and may request that the examination be rescheduled. The Commission will ordinarily grant requests for rescheduling only for extenuating circumstances such as death in the family or hospitalization or serious illness of the member, provided that appropriate documentation of such is provided to the Commission. If a request for rescheduling is denied by the Commission, and the applicant fails to appear at the originally scheduled examination, the retirement board may deny the application and notice of the decision and right to appeal shall be sent to all parties as provided by 840 CMR 10.13(3).

(6) Failure to Appear. If a member fails to appear at a scheduled examination without having been granted a request for rescheduling by the Commission, the member shall reimburse the Commission for the costs of that examination before a new examination shall be scheduled. If the application is for involuntary retirement under the provisions of M.G.L. c. 32, § 16, the employer shall be responsible for reimbursement to the Commission if the employee fails to appear at a scheduled examination. Reimbursement may be waived if the Commission finds that there was just cause for the member's failure to appear.

(7) Confidentiality. Since the principal purpose of the examination is to discuss and evaluate the physical condition or mental health of the member, attendance at the examination shall be limited to the member and the medical panel physician(s), the employee's physician and the employer's physician. The member's attorney and the employer's attorney may attend the examination. The member may permit the presence of other individuals, provided that their presence will not disrupt the examination. No document received during the examination shall be made available to the public except as may be required by other laws and regulations applicable to such records.

(8) Documents Submitted to the Medical Panel. Any documents that are submitted to the medical panel by anyone other than the retirement board will be transmitted to the Commission by the panel. The Commission will provide copies of the documents to the retirement board.

(9) Certification of Panel Findings. The medical panel, or in the case of separate examinations each medical panel physician, shall report their findings and recommendations to the retirement board through the Commission on certificates supplied by the Commission within 60 days after completing their examinations. The panel or physician, as the case may be, shall forward the report to the Commission for approval for payment of medical panel services. Within five days of receiving a properly completed medical panel or physician report, the Commission shall forward the report to the retirement board. The medical panel physicians shall certify whether the member is unable to perform the essential duties of his job, whether the inability is likely to be permanent and, if the application is for accidental disability, whether the disability is such as might be the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed. The physician designated by the Commission as Medical Panel Coordinator or, in the case of separate examinations, each medical panel physician, shall also file a narrative statement describing in detail the findings and recommendations of the report. The names and addresses of all persons attending the medical panel examination, a listing of all

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

documents presented to the medical panel at the examination and all medical tests and/or X-Rays ordered by the medical panel shall be listed in the space provided on the Medical Panel Certificate.

10.11: <u>Notice of Medical Panel Findings; Further Examination by Medical Panel; Denial of Application; When Hearing Shall be held by the Retirement Board</u>

(1) Within 30 days of receipt of a medical panel report by the retirement board or, in the case of separate examinations, 30 days of receipt of the last of the three separate reports, the retirement board shall notify the parties of the panel's findings, and provide the member with a copy of all certificates and documents completed by the medical panel physicians.

(2) If upon review of a medical panel report by the retirement board, or in the case of separate examinations, any individual report, the retirement board determines that additional information or further clarification is needed from the medical panel, the board shall request such information from the medical panel and shall provide a copy of such request to the Commission. At the request of the retirement board, the Commission shall assist the retirement board in obtaining whatever information is deemed necessary.

(3) If the medical panel findings preclude retirement for the disability claimed, the retirement board shall either deny the application or, if it determines that further examination by a medical panel may be warranted, the retirement board shall petition the Commission to schedule a new examination by a medical panel, stating the circumstances warranting a new examination. If the Commission grants a request for a new medical panel, the retirement board shall proceed as provided in 840 CMR 10.08(6). If the Commission declines to schedule a new examination, it shall so notify the retirement board and the retirement board shall deny the application. Notice of the decision and right to appeal shall be sent to all parties as provided by 840 CMR 10.13(3).

(4) If the medical panel findings permit retirement for the disability claimed, the retirement board shall determine whether or not to approve the application. A hearing may be held on any disability retirement application and shall be held upon request of the member. The retirement board shall hold a hearing on any involuntary disability retirement application where a hearing is timely requested by the member. If a hearing is held notice shall be given and the hearing shall be held as provided in 840 CMR 10.12.

10.12: <u>Hearing by Retirement Board</u>

(1) <u>Notice</u>. The retirement board shall give all parties at least 30 days notice of the time and place for the hearing and of the issues involved in the hearing. If the issues cannot be fully stated in advance of the hearing, they shall be fully stated as soon as practicable. In all cases of delayed statements, or where subsequent amendment of the issues is necessary, sufficient time shall be allowed after full statement or amendment to afford all parties reasonable opportunity to prepare and present evidence and argument respecting the issues.

(2) <u>Discovery</u>. Any party and any authorized representative shall, at any time after a hearing has been requested or ordered and after reasonable notice to the retirement board, be permitted to examine and copy or photocopy, at cost and during normal business hours, any document in the

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

case file pertaining to the member's file or the record of the hearing. All other discovery shall be at the discretion of the retirement board. A request for discovery may be made by any party at any time after a hearing has been requested or ordered.

(3) <u>Conduct of Hearing</u>. Hearings shall be conducted in an informal manner that affords all parties an opportunity to present all information and argument relevant to the proceeding.

(a) Presiding Officer. The chairperson of the retirement board, any other member of the board acting as chairperson, or any individual designated by the board, shall be the presiding officer and shall assure parties the right to call and question witnesses and introduce exhibits, and to present argument, relevant to the proceeding. The presiding officer shall assure an orderly presentation of the evidence and argument and that a record is made of the hearing.

(b) Continuances. The presiding officer may change the date, time or place of the hearing on his own motion or on the request of any party, upon due notice to all other parties, and may continue the hearing to a subsequent date to permit any party to present additional evidence, witnesses or other materials. At any time prior to decision, the presiding officer may reconvene the hearing for any purpose upon ten days written notice to all parties, stating therein the purposes for reconvening, and the date, time and place of the reconvened hearing.

(c) Oaths; Rulings; Briefs. The presiding officer shall administer the oath or affirmation to witnesses, shall rule upon the admissibility of evidence and upon any requests for rulings, and may order that written briefs be submitted by the parties.

(d) The Record. All proceedings in connection with the hearing shall be recorded by electronic or stenographic means and such record shall be maintained as part of the hearing record. Transcripts or duplicate tapes of the proceedings shall be supplied to any party, upon request, at that party's expense. At the discretion of the presiding officer, any party may be permitted to maintain a record so long as this does not interfere with the conduct of the proceedings. All documents and other evidence received shall also become part of the record.

(e) <u>Executive Session</u>. Since the principal purpose of a hearing on a disability retirement application is to discuss and evaluate the physical condition or mental health of the member, the hearing shall be held in executive session unless the member requests that the meeting be open. In such executive session only the retirement board, the secretary and the retirement board's counsel, the parties and their authorized representatives and such other persons as the presiding officer shall deem necessary for the conduct of the hearing shall be permitted to be present. No executive session shall be held until the retirement board has first convened in open session for which notice has been given, a majority of the members of the board have voted to go into executive session and the vote of each member is recorded on a roll call vote and entered into the minutes, the presiding officer has stated the purpose for an executive session, and has stated before the executive session if the board will reconvene after the executive session. The records of the hearing in executive session shall not be made available to the public except in accordance with the board's regulations on privacy and confidentiality and such other laws or regulations as may be applicable to such records.

(f) <u>Evidence</u>.

    1. <u>General</u>. The retirement board need not observe the rules of evidence observed by courts but shall observe the rules of privilege recognized by law. Evidence shall be admitted and given probative effect only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs. Unduly repetitious evidence may be excluded.

8/27/04