840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

2. *Testimony; Stipulations.* Witnesses shall testify under oath or affirmation and shall be available for questions by all parties. If a witness cannot, as a practical matter, be available in person the witness shall be available and testify by telephone conference call, or by any other reasonable means ordered by the presiding officer. Stipulations by the parties as to any fact or as to the testimony that would be given by an absent witness may be offered and received as evidence.

3. *Documentary Evidence.* Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference in the discretion of the presiding officer.

4. *Taking Notice of Facts.* The retirement board may take notice of any fact which may be judicially noticed by the courts, and any fact within the retirement board's specialized knowledge. Parties shall be notified and afforded an opportunity to contest any facts so noticed.

5. *Evidence to be Part of Record.* All evidence, including any records, reports and documents of the retirement board, to be considered in making a decision shall be offered and made a part of the record of the proceeding and the record shall at all times be open for inspection by any party or authorized representative during business hours. The retirement board may, with notice to all parties, require any party to submit additional evidence for the record and shall afford parties an opportunity to submit rebuttal evidence.

(g) *Subpoenas.*

1. *Issuance.* The presiding officer shall, within five days of a written request of a party, issue a subpoena requiring the attendance and testimony of a witness or the production of any evidence including books, records, correspondence or documents relating to any matter in question at a hearing on a disability application.

2. *Request to Vacate.* Any person subpoenaed may file a written request requesting the presiding officer to vacate or modify the subpoena.

3. *Decision on Request to Vacate or Modify Subpoena.* The presiding officer shall notify all parties of the request to vacate or modify the subpoena and afford parties a reasonable time to respond. The presiding officer shall grant the request to vacate or modify the subpoena if the testimony or evidence subpoenaed does not relate with reasonable directness to any matter at issue in the proceeding or if the subpoena is otherwise unreasonable or oppressive.

(h) If any person fails to comply with a properly issued subpoena, the retirement board or the party requesting the issuance of the subpoena may petition the superior court for an order requiring compliance.

10.13: Decision

In all disability proceedings the decision of the retirement board shall be based exclusively on the record of the hearing or, if there is no hearing, on the record of the proceeding. A written decision shall be made as soon as administratively feasible and copies of the decision shall be sent to all parties as provided in 840 CMR 10.13.

(1) *Proceedings for Disability Retirement.* In proceedings for disability retirement the retirement board shall determine whether the member is eligible for disability retirement under M.G.L. c. 32, §§ 6 or 7, or under another section of general or special law, and under the standard set forth in 840 CMR 10.04. In no event shall the decision be later than 180 days after the

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

application for disability retirement is filed unless an extension is granted by the Commission under M.G.L. c. 32, § 6(4) or § 7(6).

(a) Decision to Grant Application; Information to be Sent to Commission. If the retirement board decides to grant an application for disability retirement, a copy of the decision shall be sent to the Commission on the appropriate form together with a statement of the facts found by the retirement board and all of the documentary evidence in the record that may be of assistance to the Commission including, without limitation, the following:

1. The certificate(s) of the medical panel, including any and all correspondence from the medical panel;
2. The certificate of the applicant's physician;
3. All descriptions of the accident, if the application is for accidental disability;
4. All descriptions of the member's duties;
5. All documents prepared by the member in connection with the application;
6. All documents prepared by the employer in connection with the application;
7. All documents prepared by the retirement board in connection with the application.

(b) Decision to Deny Application. If the retirement board decides to deny an application for disability retirement the board shall notify the Commission and notice of the decision and right to appeal shall be sent to all parties as provided by 840 CMR 10.13(3).

(2) Decision to Restore a Member Who Was Retired for Disability to Active Service.

(a) If within two years of retirement a medical panel convened pursuant to M.G.L. c. 32, § 8 unanimously finds that the member is able to perform the essential duties of the position from which he or she retired or so finds following completion of a rehabilitation program the member shall be returned to such position if it is vacant or a similar job within the same department for which he or she is qualified and his or her disability retirement shall be revoked. If such position is not vacant, the last person appointed to that rank or position shall be reduced in rank or position to create a vacancy and the person who was reduced in rank or position shall be placed at the top of the list to fill such rank or position for a two year period. The retirement board shall notify the member, the employer and the State Human Resources Division of the panel's determination. A copy of this notification shall be sent to the Commission.

(b) If after two years from the date of retirement a medical panel unanimously determines that the disability retiree is qualified for and able to perform the essential duties of the position from which he or she retired or a similar position within the same department, as determined by the State Human Resources Division, the member shall be returned to said position, provided the position is vacant. If a vacancy exists, the member shall be restored to active service in the position from which he or she retired. If no vacancy exists, the member shall be granted a preference for the next available position or similar position for which he is so qualified. The retirement board shall notify the member, the employer and the State Human Resources Division of the panel's determination. A copy of this notification shall be sent to the Commission.

(c) If a retiree is found able to return to his or her position as provided in 840 CMR 10.13(2)(b), and if no vacancy exists in the same or in a similar position, the retiree shall continue to receive his or her retirement allowance until reinstatement takes place or until the member's pension is reduced or revoked as a result of the submission of earnings information under M.G.L. c. 32, § 91A.

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

(d) If a member refuses to return to service or to file such information as the retirement board or the Commission shall require, the retirement board shall suspend his or her retirement allowance.

(e) If any member is restored to active service, his or her retirement allowance shall cease and the individual shall again become a member in service and regular deductions shall again be taken from regular compensation.

(f) Any creditable service in effect at the time of the member's retirement for disability shall thereupon be restored to full force and effect and, upon subsequent retirement, the member shall be entitled to a normal yearly allowance computed as though such disability retirement had not taken place. No additional contributions shall be required for receiving such creditable service. The amount of creditable service to be granted for the period during which the member received a disability retirement allowance shall be based on the average amount of creditable service earned by the member for the 24 months immediately preceding the last day for which the member received regular compensation.

(g) The provisions of 840 CMR 10.13(2) shall not apply to any person who upon restoration to service would be classified in Group 3.

(3) <u>Notice of Decision; Appeal</u>.

(a) If the retirement board decides to deny an application for disability retirement, notice of the decision shall be sent to all parties within three days of the decision.

(b) A copy of M.G.L. c. 32, §§ 16(3) and (4) shall be included with the notice of decision and, upon request, the retirement board shall assist the applicant or retired member, as the case may be, in the filing of an appeal.

10.14:   <u>Annual Statement of Earnings; Definition of Earnings From Earned Income; Refunds and Modifications Based on Earnings Information</u>

(1) The retirement board shall provide such information as the Commission shall require to assist it in performing its responsibilities pursuant to M.G.L. c. 32, §§ 91A and 91B.

(2) Upon receipt of notice from the Commission that a disability retiree has failed to file the Annual Statement of Earnings required by M.G.L. 32, § 91A, the retirement board shall review all information received and shall suspend the member's rights in and to the disability retirement allowance until the member has complied with the reporting requirements under M.G.L. 32, § 91A. Prior to any suspension of benefits, the member shall be given a written notice and an opportunity to be heard by the retirement board and, upon such termination or reduction of benefits, shall have the right to appeal such action to the Contributory Retirement Appeal Board.

(3) Upon receipt of notice from the Commission that a disability retiree has had earnings in excess of the amount allowed by M.G.L. 32, § 91A, the board shall request the member to refund the retirement allowance for that year or a portion thereof equal to such excess, as the case may be. Initial notice of a request for refund shall include the calculation on which the request is based and shall state that the member may, within 15 days, file a written request for a hearing to show cause why the disability retirement allowances should not be suspended or terminated or why no refund is due. If a retiree files a request for hearing, such hearing shall be held within 30 days of such request for hearing. The board shall notify the member of its decision, including a final request for refund, if any, within 30 days of the hearing. If the member is to be required to

8/27/04

840 CMR: PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION

refund an amount to the board, the notice of the board's decision shall include notification that the member's allowance shall be withheld until the refund is made. The member shall also be notified that if the refund is not made, payment of the retirement allowance shall be resumed only when the amounts withheld are sufficient to pay the amount of the refund. A copy of M.G.L. c. 32, § 16(4) shall be included with the notice of decision and, upon request, the retirement board shall advise and assist the applicant or retired member, as the case may be, in the filing of an appeal.

(4) The term "earnings from earned income" as used in G.L. c. 32, § 91A shall mean income that implies some labor, management or supervision in the production thereof, not income derived from ownership of property. For purposes of G.L. c. 32, § 91A, if an individual operates a business for profit, individually or through an agent, that individual does not have the option of classifying such income as dividends as opposed to wages. Profits derived from the operation of a business through some labor, management or supervision of such profits are earned income, regardless of how a retiree categorized such income for income tax or other purposes.

10.15: Examination of a Member Previously Retired for Disability

(1) If after an evaluation pursuant to M.G.L. c. 32, § 8 it is determined that a retired member is able to perform the essential duties of the position from which he or she retired or a similar job within the same department for which he or she is qualified without a medical or vocational rehabilitation program, or after the completion of a rehabilitation program as provided in 840 CMR 10.18, the Commission shall appoint a medical panel to examine the member to determine the scope of the member's mental physical capabilities and whether the member is able to perform the essential duties of his job or the essential duties of a similar job within the same department given the member's condition.

(2) The Commission shall appoint a panel to consist of a single physician or a three member medical panel. If a three member panel is appointed, the physicians need not examine the member at the same time and place. The panel shall consist of a physician skilled in the particular branch of medicine or surgery that would encompass the condition for which the member retired and such other physicians as the Commission determines necessary to determine the scope of the member's capabilities and whether the member is able to perform the essential duties of his or her job or the essential duties of a similar job within the same department given the member's condition.

(3) The Commission shall give the member, the employer and the retirement board at least 14 days notice of the medical panel examination. An applicant may waive his or her right to 14 days notice by filing a written waiver with the Commission. Examinations shall be held at a reasonably convenient time and place for all parties.

(4) Medical Tests. The medical panel may suggest any "non-invasive" medical test which the panel considers necessary to render an opinion of the member's medical condition. The Commission shall assume the cost of any non-invasive test suggested by the medical panel up to an amount that the Commission shall determine annually. This annual determination will be communicated to all retirement boards during the month of January. No test the cost of which exceeds the annual amount determined by the Commission shall be ordered or required by the medical panel without the advance approval of the Commission.

8/27/04