Exhibit T- Mayor Ambrosino and Chief Reardon's Supplemental Answers to Interrogatories



**Thomas G. Ambrosino**
Mayor

## City of REVERE
Office of the City Solicitor
City Hall
281 Broadway
Revere, MA 02151

Paul Capizzi
Walter H. Porr, Jr.
(781) 286-8166
FAX (781) 286-8205
www.revere.org

December 13, 2006

James S. Dilday, Esq.
Grayer & Dilday, LLP
27 School Street, Suite 400
Boston, MA 02108

    Re:    **Pechner-James, et al., v. City of Revere, et al.**

Dear Mr. Dilday:

    I have the enclosed the following relative to the above-referenced matter:

1.    Defendant, Mayor Thomas Ambrosino's, Further Supplemental Answers To Plaintiffs' First Set Of Interrogatories; and

2.    Defendant, Chief Terence Reardon's, Further Supplemental Answers To Plaintiffs' First Set Of Interrogatories.

Thank your for your consideration attention to this matter.

                                            Sincerely,

                                            Daniel E. Doherty
                                            Assistant City Solicitor

DED/sf
Enclosures

    cc:    Michael J. Akerson, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>      Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>      Defendants. | C.A. No. 03-12499-MLW |

### DEFENDANT, CHIEF TERENCE REARDON'S, FURTHER SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant, Chief Terence Reardon, and hereby further supplements his previous answers to Plaintiffs' interrogatories 2, 3, 4, 8, 10, 11, and 21 as follows:

2. Please identify all employment held from your seventeenth birthday until the present.

   a. The name and address of each person or entity that employed you;

   b. The dates that you were so employed;

   c. The positions and ranks held while so employed;

   d. The duties you performed and what duties were associated with each position and/or rank while so employed;

   e. The reason or reasons for the termination of your previous employment;

   f. Whether or not you received training prior to or while you were so employed by each person or entity that employed you. If you received any training (including review or refresher courses), state:

      - The nature and substance of the training you received;

      - The inclusive dates of the period during which you received training

      - The name and address of each specialized school you attended to receive such training

- The dates if attendance at each such specialized school

- The nature and substance of the training offered at each such specialized school

- The degree of certificate, if any, that you received from each such specialized school

**A.     Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

**S.A.    Further answering 2.c. above, I have held the following positions and ranks with the Revere Police Department:**

**Chief of Police – January, 2002 – present**
**Lieutenant – October, 1994 – January, 2002**
**Sergeant – January, 1991 – October, 1994**
**Patrolman – April, 1986 – January, 1991**

3.  Describe your training in:

   a.   The provision of service to victims of sexual harassment

   b.   The identification of instances of sexual harassment

**A.     Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

**S.A.    Further answering, I attended a sexual harassment seminar in February, 1996, and am familiar with the Revere Police Department's Sexual Harassment Policy.**

4.  Has any insurance company, bonding agency or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

**A.     Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity.**

**S.A.    I am informed that the City of Revere has a Public Officials and Employment Liability Insurance policy issued by Coregis Insurance Company which may provide coverage for only part of the alleged loss. The policy, number**

2

      POI-001013, effective July 1, 2000, through July 1, 2001, is an indemnity, no duty to defend, mutual consent policy. The limit of liability is $1,000,000 per loss and in the aggregate. The coverage is subject to a $25,000 self-insured retention which must be satisfied before the right to indemnity accrues.

8. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer and employee of the Revere Police Department with abuse of your lawful authority, sexual harassment, or the violation of any person's state or federal civil rights? If yes, state for each suit:

   a. The name and address of each plaintiff;
   b. The name and address of each defendant;
   c. The nature of the cause of action;
   d. The date on which the suit was instituted;
   e. The court in which the suit was instituted and the docket number;
   b. The name and address of the attorney for each party;
   c. The result of each suit that has been concluded by judgment or settlement.

   A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Chief Reardon is not a party to this action in his individual capacity. The only official capacity sexual harassment suit is the present action.

   S.A. Further answering this interrogatory, other than the present action, I have not been a defendant in any suit in which I was charged with sexual harassment or violation of a person's state or federal civil rights.

10. Do you intend to call any expert witness at trial? If yes, for each one state:

    a. The name and present address of said witness;
    b. The subject matter on which the expert is expected to testify;
    c. The substance of the facts and opinions to which the expert is expected to testify
    d. A summary of the grounds for each opinion.
    A. No.

    S.A. I am informed by my attorneys that a determination has not yet been made as to whether expert witnesses will be called to testify at trial, but that they reserve the right to supplement this answer as appropriate in advance of trial.

11. Do you intend to call any witnesses at trial? If yes, for each witness state the name, present address or if not available the last known address, and the telephone number of said witness.

3

    A.    No.

    S.A.    I am informed by my attorneys that a determination has not yet been made as to who may be called as witnesses at trial, but that they agree to disclose this information as appropriate in advance of trial.

21.    At any time, did you and/or the Revere Police Department supply or give to the City of Revere and/or its mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on which such documents were provided, the person to whom the documents were provided and the person providing the documents?

    A.    Objection. This request invades the attorney-client and attorney work product privileges. It is also vague and ambiguous. Assuming the request relates to Plaintiff Pechner, and without waiving said objections, the City's attorneys' have had access to whatever records they deem necessary or appropriate to respond to the MCAD complaint or this litigation. Moreover, I submitted medical records and reports to the Retirement Board as part of the retirement application.

    S.A.    Further Objection. Requiring the City, through its Solicitor, to divulge which documents it has asked for and obtained copies of would violate the attorney work product privilege as it would disclose the mental impressions and thought processes of the City's attorneys in terms of which documents they felt were potentially important and which documents they did not. Moreover, by the very nature of the case, the Police Department is a part of the organic structure of the City of Revere. Thus, the question essentially asks: Did the City of Revere supply or give the City of Revere any documents? Moreover, since the documents are City documents in the first instance, no record is kept of when they are reviewed or by whom. Thus, the dates upon which copies of the documents were provided to the City Solicitor's office would not be recorded. I have no idea if any documents were provided to the Mayor, as opposed to the City Solicitor, and there would be no record of such in the ordinary course of business.

    Further S.A.    Further supplementing this answer, I did not provide the Mayor with any documents concerning Plaintiff's employment with the City of Revere.

Sworn and subscribed to under the pains and penalties of perjury this 13TH of December, 2006.

                                                      _____
                                                      Terence Reardon

CHIEF TERENCE REARDON,
By his Attorneys,

/s/ Paul Capizzi

Paul Capizzi, City Solicitor
BBO#: 646296
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166


## CERTIFICATE OF SERVICE

I, Daniel E. Doherty, Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino, and Police Chief Terence Reardon, hereby certify that I have this day served the within document upon all of the parties herein by mailing a copy of same via first class mail, postage prepaid, to:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants |
| | Bernard Foster, Salvatore Santoro, |
| | Roy Colannino, Frederick Roland, |
| | Thomas Doherty, John Nelson, |
| | James Russo, Michael Murphy, |
| | and Steven Ford |

/s/ Daniel E. Doherty

Dated: December 13th, 2006

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>      Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 03-12499-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, MAYOR THOMAS AMBROSINO'S, FURTHER SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant, Mayor Thomas Ambrosino, and hereby further supplements his previous answers to Plaintiffs' interrogatories 3, 4, 5, 6, and 14 as follows:

3. Has any insurance company, bonding agency, or your employer agreed to insure or indemnify you for legal expenses for any judgments which may be entered against you in this case? If yes, describe any such agreement in detail or identify the documents containing and concerning the agreement.

   A. Objection. The interrogatory seeks information which is neither relevant nor admissible, nor reasonably calculated to lead to the discovery of evidence which is relevant or admissible, particularly since Mayor Ambrosino is not a party to this action in his individual capacity.

   S.A. The City of Revere has a Public Officials and Employment Liability Insurance policy issued by Coregis Insurance Company which may provide coverage for only part of the alleged loss. The policy, number POI-001013, effective July 1, 2000, through July 1, 2001, is an indemnity, no duty to defend, mutual consent policy. The limit of liability is $1,000,000 per loss and in the aggregate. The coverage is subject to a $25,000 self-insured retention which must be satisfied before the right to indemnity accrues.

4. During your term of office as mayor of the City of Revere, were you or City officials informed of any complaints of sexual harassment made by police officers of the City of Revere. If yes, state:

   a. When each complaint was made;

   b. The name and address of each complainant;

   c. To whom each complaint was made;

   d. Were each complaint was made;

   e. When you or other City officials were informed of each complaint;

   f. What if anything you or other City officials did regarding each complaint;

   g. Describe in detail the allegations of each complaint.

   **A. I was informed of the complaints of Kathy Fish and the Plaintiffs herein. Copies of some of the relevant documents from the Kathy Fish complaint have already been provided to Plaintiffs. Plaintiffs have copies of their own MCAD complaints and the documents generated in response thereto. The City of Revere responded to each of these complaints as required by law and the procedures of the MCAD.**

   **S.A. Further answering 4.f. above, I spoke with Captain Frederick Roland and other command staff, possibly Acting Chief Roy Colaninno, to see if the complaints were being properly investigated, and was satisfied that they were being properly investigated. I also had spoken directly with Ms. Pechner-James and Ms. Fernandez both in the presence of their attorney, James Dilday, and independently, and told them that if the command staff found no merit to their allegations they would have to pursue their claims through the appropriate legal forum. In addition, I informed the City Council of Plaintiffs' complaint in an Executive Session on April 30, 2001. Although I cannot recall every other action I may have taken in regard to the complaints, I believe that some of the actions I took are mentioned in other filings in this case.**

5. During your term of office as the mayor of Revere, were you and/or the City of Revere, and/or police officers of the City of Revere ever a defendant in any suit which charged you, individually or in your official capacity as mayor of City of Revere, the City of Revere, and/or police officers of the City of Revere, and/or police officers of the City of Revere with abuse of lawful authority, sexual harassment, or the violation of any person's state of federal civil rights? If yes, state for each suit:

   a. The name and address of each plaintiff;

   b. The name and address of each defendant;

   c. The nature of the cause of action;

   d. The date on which the suit was instituted;

2

e.  The court in which the suit was instituted and the docket number;

f.  The name and address of the attorney for each party;

g.  The result of each suit that has been concluded by judgment or settlement;

h.  What steps, if any, were undertaken to ensure that violations did not occur again.

A.  Objection. The interrogatory is overbroad, burdensome, oppressive and harassing, particularly since the information requested is available as a matter of public record and may also be accessible on line. Without waiving said objection, the only sexual harassment lawsuit of which I am aware is the present action.

S.A.  Further answering this interrogatory, aside from the instant case, I am informed by the City Solicitor of the following cases in which the City was a defendant in a suit brought by a City employee alleging sexual harassment or violation of civil rights, or by a non-employee alleging sexual harassment or racial discrimination:

*Juan Portillo v. City of Revere et als. (U.S. District Court Civil Action No. 00-10584-RGS):* Plaintiff filed action in U.S. District Court on or about March 27, 2000, against the City, the owner of Wonderland Ballroom, and individual police officers, alleging violations of state and federal civil rights arising from an incident where Plaintiff was taken into protective custody; the City and the individual officers denied the alleged violations, and the case was settled before trial.

*Kathy Fish v. City of Revere:* MCAD case filed January 30, 2001, in which complainant, a Revere police officer, alleged sex discrimination; MCAD Docket No. 01310239; the City denied that it committed the alleged violations; a finding of lack of probable cause was affirmed on appeal before the MCAD.

*Margaret Reska v. City of Revere:* MCAD case filed April 19, 2001, in which complainant, a City employee, alleged sex discrimination and sexual harassment; MCAD Docket No. 01131018; the City denied that it committed the alleged violations; the MCAD found no probable cause, and the case was subsequently settled and dismissed.

*Joseph M. Rizzuti v. City of Revere:* MCAD case filed August 28, 2001, in which complainant, a Revere police officer, alleged disability discrimination; MCAD Docket No. 01132387; the City denied that it committed the alleged violations; settled and dismissed.

*Mark James v. City of Revere:* MCAD case in which complainant, a Revere police officer, alleged disability discrimination.

*Mouna Kandy Suboh v. City of Revere et als. (U.S. District Court Civil Action No. 00-10584-RGS):* Plaintiff filed action in U.S. District Court on March 6, 2000, against the City of Revere, individual police officers, and other defendants, alleging violations of constitutional rights as a result of their investigation and handling of an

3

  e.  The court in which the suit was instituted and the docket number;

  f.  The name and address of the attorney for each party;

  g.  The result of each suit that has been concluded by judgment or settlement;

  h.  What steps, if any, were undertaken to ensure that violations did not occur again.

A. Objection. The interrogatory is overbroad, burdensome, oppressive and harassing, particularly since the information requested is available as a matter of public record and may also be accessible on line. Without waiving said objection, the only sexual harassment lawsuit of which I am aware is the present action.

S.A. Further answering this interrogatory, aside from the instant case, I am informed by the City Solicitor of the following cases in which the City was a defendant in a suit brought by a City employee alleging sexual harassment or violation of civil rights, or by a non-employee alleging sexual harassment or racial discrimination:

*Juan Portillo v. City of Revere et als. (U.S. District Court Civil Action No. 00-10584-RGS):* Plaintiff filed action in U.S. District Court on or about March 27, 2000, against the City, the owner of Wonderland Ballroom, and individual police officers, alleging violations of state and federal civil rights arising from an incident where Plaintiff was taken into protective custody; the City and the individual officers denied the alleged violations, and the case was settled before trial.

*Kathy Fish v. City of Revere:* MCAD case filed January 30, 2001, in which complainant, a Revere police officer, alleged sex discrimination; MCAD Docket No. 01310239; the City denied that it committed the alleged violations; a finding of lack of probable cause was affirmed on appeal before the MCAD.

*Margaret Reska v. City of Revere:* MCAD case filed April 19, 2001, in which complainant, a City employee, alleged sex discrimination and sexual harassment; MCAD Docket No. 01131018; the City denied that it committed the alleged violations; the MCAD found no probable cause, and the case was subsequently settled and dismissed.

*Joseph M. Rizzuti v. City of Revere:* MCAD case filed August 28, 2001, in which complainant, a Revere police officer, alleged disability discrimination; MCAD Docket No. 01132387; the City denied that it committed the alleged violations; settled and dismissed.

*Mark James v. City of Revere:* MCAD case in which complainant, a Revere police officer, alleged disability discrimination.

*Mouna Kandy Suboh v. City of Revere et als. (U.S. District Court Civil Action No. 00-10584-RGS):* Plaintiff filed action in U.S. District Court on March 6, 2000, against the City of Revere, individual police officers, and other defendants, alleging violations of constitutional rights as a result of their investigation and handling of an

3

incident where plaintiff allegedly kidnapped her own daughter from the custody of plaintiff's parents who were visiting from Morocco. When Revere Police found the daughter with plaintiff, they returned the child to the grandparents. The City of Revere and all of the police defendants, with the exception of the officer who returned the child to the grandparents, were dismissed by stipulation. A federal jury found in favor of the remaining officer.

*Marnie Falta v. City of Revere et al. (U.S. District Court Civil Action No. 03-10065-RWZ):* Plaintiff filed action in U.S. District Court on or about January 8, 2003, against the City of Revere and an individual police officer, alleging violations of state and federal civil rights arising from an incident where Plaintiff was taken into protective custody; the City and the individual officer denied the alleged violations, and the case was settled before trial.

*Mohammed Labiad v. Karen Belanger:* MCAD case filed November 9, 2005, against City Parking Control Officer alleging discrimination and retaliation; MCAD Docket No. 05BPA02983; a probable cause finding was entered, and the case is currently in the post-determination discovery phase.

*Israel Vieux v. City of Revere et als. (U.S. District Court Civil Action No. 06-10041-LTS):* Plaintiff filed action in U.S. District Court on January 9, 2006, against the City of Revere and three unidentified police officers, alleging racial discrimination and violations of state and federal civil rights; the City has denied that the incident or the alleged violations occurred, and discovery is proceeding.

*Arthur Looby v. City of Revere et al. (Suffolk Superior Court Civil Action No. SUCV2006-03163-E):* In this action, filed on July 26, 2006, the pro se plaintiff alleges violation of civil rights arising out of an incident where he was arrested for public drinking and disorderly conduct. The City and the police officer deny any wrongful conduct and have moved to dismiss the complaint.

6. Do you intend to call any expert witnesses at trial? If yes, for each on state:

   a. The name and present address of said witness;

   b. The subject matter on which the expert is expected to testify;

   c. The substance of the facts and opinions to which the expert is expected to testify;

   d. A summary of the grounds for each opinion.

   A. No.

   S.A. I am informed by my attorneys that a determination has not yet been made as to whether expert witnesses will be called to testify at trial, but that they reserve the right to supplement this answer as appropriate in advance of trial.

14. Identify each and every informal or formal complaint made against the City of Revere and/or the Revere Police Department, and/or a Revere Police Officer, of which you were

aware, during your term of office as mayor, alleging police misconduct, including sexual harassment by stating for each complaint:

    a.    The name and address of each person who brought the complaint;

    b.    The date on which the informal or formal complaint was made;

    c.    The date of each alleged incident which is the subject of the complaint;

    d.    The name and address of each officer against whom the complaint was made;

    e.    The person to whom the complaint was made;

    f.    The substance of each complaint;

    g.    The identity of each document pertaining to the incident;

    h.    The identity of each document reviewed by Revere Police Department authorities and any documents generated by the Revere Police Department during and/or as a result of the incident and/or complaint;

    i.    Each and every person interviewed by the Revere Police Department concerning the alleged incident;

    j.    The outcome and/or disposition of each complaint;

    k.    The name and address of each and every employee of the City of Revere to whom the complaint, its outcome and/or disposition was communicated;

    l.    Each and every decision you made regarding or as a result of each complaint.

**A.** Objection. The request is overbroad, burdensome and oppressive. Without waiving said objection, the only complaints regarding sexual harassment were made by the Plaintiffs herein and Kathy Fish. Records related to Kathy Fish's MCAD complaint have already been produced. The information related to the Plaintiffs' complaints are already in Plaintiffs possession.

**S.A.** Please see my supplemental answer to interrogatory #5 for a listing of cases in which complaints were made against the City, the Revere Police Department, or Revere police officers since I have been in office, alleging police misconduct, including sexual harassment.

Sworn and subscribed to under the pains and penalties of perjury this 13th day of December, 2006.

Thomas G. Ambrosino

5

MAYOR THOMAS AMBROSINO,
By his Attorneys,

/s/ Paul Capizzi
Paul Capizzi, City Solicitor
BBO#: 646296
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

## CERTIFICATE OF SERVICE

I, Daniel E. Doherty, Assistant City Solicitor and counsel of record for the Defendants, City of Revere, City of Revere Police Department, Mayor Thomas Ambrosino, and Police Chief Terence Reardon, hereby certify that I have this day served the within document upon all of the parties herein by mailing a copy of same via first class mail, postage prepaid, to:

| | |
|---|---|
| James S. Dilday, Esq. | Michael J. Akerson, Esq. |
| Grayer & Dilday, LLP | Reardon, Joyce and Akerson, P.C. |
| 27 School Street, Suite 400 | 397 Grove Street |
| Boston, MA 02108 | Worcester, MA 01605 |
| Attorneys for the Plaintiffs | Attorneys for Defendants Bernard Foster, Salvatore Santoro, Roy Colannino, Frederick Roland, Thomas Doherty, John Nelson, James Russo, Michael Murphy, and Steven Ford |

/s/ Daniel E. Doherty
Daniel E. Doherty

Dated: December 13th, 2006

6