**Exhibit W- Sexual Harassment Policy of the Revere Police Department dated April 1, 1999.**



# SEXUAL HARASSMENT POLICY

*Captain William Gannon*
*Sergeant Michael Cutillo*
*April 1, 1999*

## *INDEX*

1. *Definition of Sexual Harassment*     page 1-2

2. *Examples of Sexual Harassment*     page 2-3

3. *Responsibilities of All Employees*     page 3

4. *Reporting Procedures*     page 3

5. *Filing Complaints*     page 5

6. *Sexual Harassment - Employee Complaint Form*     See Attached

REVERE POLICE

| General Order | NO. G99-01 | Date of Issue<br>April 1, 1999 | Effective Date<br>April 1, 1999 |
|---|---|---|---|
| Subject: SEXUAL HARASSMENT POLICY | | New ☒    Amends ☐ | |
| Reference(s) | Page<br>1 Of 5 | Distribution:<br>ALL PERSONNEL | |

## 1.4.1  BACKGROUND

Sexual harassment in the workplace is unlawful. Employees and applicants for employment with a police agency have a right to be free from sexual harassment. Individuals who are victimized by sexual harassment have statutory remedies, which include filing a complaint with an administrative agency and or the courts, both on a state and federal level. It is unlawful to retaliate against an employee for filing a complaint of sexual harassment or for cooperating in an investigation of a complaint for sexual harassment. The Department has developed this policy to familiarize employees with applicable legal guidelines. This policy affords those who feel they are victims of sexual harassment with a procedure for making the employer aware of the problem and the opportunity to remedy the situation.

This department is concerned with allegations of sexual harassment in the workplace, whether by superiors, coworkers or even non-employees. A copy of this Policy & Procedure will be given to a new employee at the start of their employment and to all other employees.

## 1.4.2  DEFINITION OF SEXUAL HARASSMENT

A. In Massachusetts, the legal definition for "sexual harassment" includes sexual advances, requests for sexual favors, and verbal or physical conduct of a sexual nature when:

1. Submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly for a term or condition of employment or as a basis for employment decisions; or

2. Such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment. Under these definitions, direct or implied requests by a supervisor of sexual favors in exchange for actual or promised job benefits such as favorable reviews, salary increases, promotions, increased benefits or continued employment constitutes sexual harassment.

B. Sexual harassment is not, by definition, limited to prohibited conduct by a male employee toward a female employee rather:

1. A man as well as a woman may be the victim of sexual harassment, and a woman as well as a man may be the harasser.

2. The harasser does not have to be the victim's supervisor. [S]He may also be an agent of the supervisor, a supervisory employee who does not supervise the victim, a non-supervisory employee (co-worker) or, in some circumstances, even a non-employee.

1