3. The victim does not have to be of the opposite sex from the harasser.

4. The victim does not have to be the person to whom the unwelcome sexual conduct is directed. [S]He may also be someone who is affected by such conduct when it is directed toward another person. For example, the sexual harassment of one female (or male) employee may create an intimidating, hostile, or offensive working environment for another female (or male) co-worker or interfere with the co-worker's work performance. The belief that such interference has occurred must be objectively reasonable.

5. Sexual harassment does not depend on the victim having suffered an actual economic injury as a result of the harasser's conduct. For example, improper sexual advances, which do not result in the loss of a promotion by the victim or the discharge of the victim, may nonetheless constitute sexual harassment where the harasser interferes with the victim's work or creates a harmful or offensive work environment. The belief that such interference occurred must be objectively reasonable.

### 1.4.3 EXAMPLES OF SEXUAL HARASSMENT

While it is not possible to list all circumstances that may constitute sexual harassment, the following are some examples of conduct which if unwelcome, may constitute sexual harassment depending upon the totality of the circumstances including the severity of the conduct and its pervasiveness:

A. Demanding sexual favors accompanied by overt threats concerning one's job, performance evaluation, promotion, etc.

B. Engaging in reprisals (not granting promotions, assigning undesirable tasks, making negative statements about the victim's personal or work conduct, etc.), as a result of an individual's refusing to engage in social/sexual behavior.

C. Contact with any sexual part of a co-worker's body (e.g., touching, patting or pinching).

D. Unwelcome sexual advances-whether they involve touching or not.

E. Touching any nonsexual part of the body (e.g., shoulder, etc.) after that person has verbally or otherwise indicated that such touching is unwanted.

F. Refusing to take action or to enforce disciplinary measures against a person who has been sexually harassing another staff member or otherwise condoning such behavior.

G. Inquiries into one's sexual experiences.

H. Continuing to ask a person to socialize after work when that person has verbally or in writing indicated no interest in such activities.

I. Displaying sexually suggestive pictures, objects, cartoons or posters.

J. Subtle pressure for sexual activities; e.g., continuing to write suggestive notes or letters after being informed they are unwelcome.

K. Verbal harassment or abuse; e.g., referring to or calling a person an endearing, demeaning or sexualized term, or making reference to a person's physical characteristic (e.g., pregnancy) whether or not that person has verbally or in writing indicated to the harasser or the Department that [s]he does not wish to be addressed or referred to in that manner.

2

L. Leering, ogling, whistling, blowing kisses, throwing gestures, suggestive or insulting comments.

M. Sexual epithets, jokes, written or oral references to sexual conduct; gossip regarding one's sex life; comments on an individual's body; comments about an individual's sexual activity, deficiencies, or prowess.

N. Language in another's presence or conduct even if not directed to said individual—once it is known that [s]he objects.

### 1.4.4  RESPONSIBILITIES OF ALL EMPLOYEES

Each employee is personally responsible for:

A. Ensuring that [s]he does not sexually harass any other employee, applicant for employment, or other individual in the workplace;

B. Cooperating in the investigation of complaints of alleged sexual harassment by providing any information [s]he possesses concerning the matters being investigated; and

C. Otherwise cooperating with the Department's efforts to prevent and eliminate sexual harassment and to maintain a working environment free from such unlawful sexual harassment.

### 1.4.5  SANCTIONS

Any employee found to have engaged in sexual harassment in violation of this policy is subject to disciplinary action up to and including termination of employment.

### 1.4.6  REPORTING PROCEDURES

Any employee who believes [s]he has been the victim of sexual harassment is encouraged to report this fact as soon as possible to his/her supervisor. Any supervisor who receives a complaint or observes sexual harassment shall immediately report such information through the chain of command to the Chief of Police. In addition, any supervisor who receives a complaint of sexual harassment shall submit a Sexual Harassment – Supervisor Report to the Chief of Police/his designee. If the employee believes that the nature of the sexual harassment or the identity of the alleged perpetrator is such that [s]he is not comfortable discussing the situation with her/his immediate supervisor, the employee may contact the next higher level of supervision in the chain of command above the supervisor or, if this is not appropriate, should report the matter to the Chief of Police/his designee. In the event the employee feels it is not appropriate to contact the Chief of Police/his designee, [s]he may contact the Appointing Authority/his designee.

### 1.4.7  INFORMAL PROCEEDINGS

A. The supervisor or the Chief of Police/his designee who receives the initial complaint may propose informal remedies. If the victim agrees to pursue this approach, the supervisor, or the Chief of Police/his designee will meet with the alleged harasser, to discuss the fact that a sexual harassment incident or practice has been reported, and propose a remedy. Informal remedies may include but are not limited to written or verbal apologies, face to face meetings with the affected parties, counseling, or additional training.

B. If the informal remedy is accepted by the alleged harasser, the situation will be monitored closely