UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** ) | |
| and  **SONIA FERNANDEZ** ) | |
|     **Plaintiffs** ) | |
| ) | |
| VS. ) | |
| ) | |
| **CITY OF REVERE, THOMAS** ) | |
| **AMBROSINO, MAYOR, CITY** ) | |
| **OF REVERE POLICE DEPT.** ) | |
| **TERRENCE REARDON, CHIEF** ) | |
| **OF POLICE, BERNARD FOSTER**) | |
| **SALVATORE SANTORO, ROY** ) | |
| **COLANNINO, FREDERICK** ) | |
| **ROLAND, THOMAS DOHERTY** ) | |
| **JOHN NELSON, JAMES RUSSO** ) | |
| **MICHAEL MURPHY and** ) | |
| **STEVEN FORD** ) | |
|     **Defendants** ) | |

**MEMORANDUM IN SUPPORT OF ATTORNEY DILDAY'S REINSTATEMENT
OF LIEN-DOCKET NO:275**

**Facts**

**Docket No: 266** contains a comprehensive attorney's lien pursuant to M.G.L.c. 221 § 50; for the sake of judicial efficiency the document includes billing services rendered to Plaintiff Terri Pechner-James from two independent sources, the firm of Grayer & Dilday up to the date of their termination and Carlton Dasent up to September 12, 2005.

The issue in this case began when the Plaintiff, Terri Pechner-James, settled her case. That settlement is reflected in Docket Nos: 271 and 272 and recorded on September 27, 2007.  During the negotiations, Attorney James Dilday made an oral agreement to

1

accept $12,500 to release the claims of the firm against Terri Pechner-James. He agreed and subsequently withdrew Docket No: 268. As a result of the settlement, settlement funds were paid to Plaintiff and her counsel who had an obligation, pursuant to an oral agreement negotiated the same day to pay Attorney Dilday the agreed upon sum of $12,500.

Plaintiff and her counsel failed to make any payment pursuant to the oral agreement. Plaintiff and her counsel received funds, they disbursed funds, they used funds and they failed to notify Attorney Dilday of the receipt, use and disbursement of said funds. Most notably they failed to pay him the agreed upon sum of $12,500. On October 30, 2007, Attorney Dilday learned in open court that Plaintiff and her counsel had received payment of funds pursuant to the settlement agreement

On November 1, 2007, Attorney Dilday sent Plaintiff's counsel a letter that memorialized the terms of the oral agreement, clarifying the limits of that agreement and requesting the agreed upon payment of $12,500. Plaintiff's counsel still did not contact Attorney Dilday or attempt to make the agreed upon payment.

The deliberate and intentional failure of Plaintiff and her counsel prompted Attorney Dilday to reinstate **Docket No: 268** and also to reinstate that portion of **Docket No: 266** that applies to him and his firm. See **Docket No: 275**. [The bill for the services of Carlton Dasent originally included in **Docket No: 266** for purposes of judicial clarity has been filed separately in **Docket No: 273**]. Plaintiff and her counsel still did not contact Attorney Dilday. Instead on January 2, 2008, Plaintiff's Counsel filed a motion to Dissolve **Docket Nos: 266, 273 and 275**. The Plaintiff's motion contains Exhibits A-F but no certification that they have "met and conferred" prior to filing this motion. The

2

motion is devoid of certification because Plaintiff's counsel made a deliberate and intentional choice to disregard the rule of the Court that require them to "meet" and "confer" and to "resolve or narrow the issue."

The Plaintiff and her counsel have asserted two legally indefensible positions as justification for their breach of contract. Their first position is that, without express, implied or apparent authority, the oral agreement included a release of the claims of Carlton Dasent for the legal services he rendered to the Plaintiff. The second position is that the oral agreement released the rights of all parties under the fee-shifting statutes. These statutes were never discussed or included in either the written or the oral agreement.

## Argument

1. <u>The Plaintiff and her counsel made a deliberate and intentional choice to disregard the rules of the District Court.</u>

Local Rule 7.1(2) provides as follows:

> No motion shall be filed unless counsel certify that they have conferred and attempted in good faith to resolve or narrow the issue.

This Court has made adherence to Local Rule 7.1 a requirement of motions filed in this case. Docket Entry dated October 23, 2006, states: "Plaintiffs are required to meet and confer PRIOR to filing…" This court has dismissed motions filed in this case for failure to comply with the Local Rules. The courts of this Circuit have dismissed other cases for failure to comply with either Fed. R.Civ.P. 37(a)(1) or Local Rule 7.1. See <u>Hasbro, Inc., v George Serafino et al</u>. , 168 F.R.D. 99, 1996 U.S.Dist LEXIS 11965.

In <u>Converse, Inc. v Reebok International Ltd</u>., CA 2001-CV-12249 RCL, Converse filed motions that were accompanied by extensive legal memoranda and

3

affidavits, a certificate of compliance regarding Local Rule 7.1 and other materials. Converse's efforts to meet and confer consisted of leaving a voice mail for Reebok's counsel 29 minutes prior to filing the motion. The Magistrate-Judge found that converse's conduct merited sanctions. The Magistrate-Judge recommended that "sanctions be imposed in the form of attorney's fees and costs incurred by Reebok"

The Plaintiff and her counsel in this case did not even acknowledge Local Rule 7.1; they did not even initiate a phone call "29 minutes before the filing" of their motion, they did not even leave Attorney Dilday the obligatory voice mail as Converse's counsel had done. They even failed to observe the formality of filing the required certification as Converse's counsel did. The Plaintiff and her counsel deliberately and intentionally disregarded Local Rule 7.1.

The Court in <u>Converse Inc., v Reebok International, LTD</u>, 328 F. Supp.2d 166, 2004 U.S.Dist. LEXIS 151000 wholeheartedly endorsed the Magistrate-Judge's decision in this case. The Court stated: "The purpose of Rule 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court. Rule 7.1 does not have a "no harm, no foul" escape clause" Id at 170.

The Plaintiff and her counsel failed to acknowledge the court's need to conserve judicial resources; they deliberately and intentionally brought the dispute that they had created to the court without first seeking to "narrow the contours of disagreement." Their conduct was egregious. Rule 7.1 does not have a "no harm, no foul" escape clause." The Plaintiff and her counsel cannot escape the sanctions they have incurred by their deliberate violation of Rule 7.1.

4

Converse's efforts to comply with Rule 7.1 were totally inadequate but they observed the formalities, including they filed a certificate of consultation. Plaintiff and her counsel did not even observe the formalities. Their conduct falls squarely within the findings of the Court in <u>Converse</u>, "a deliberate choice to disregard the rules of the District Court." Id at 170.  The sanction of $2,800 in attorneys fees sought in this case [Paragraph 26 of Companion Affidavit] is the minimum sanction this court should impose because of the deliberate and intentional nature of the conduct of the Plaintiff and her counsel.

2. <u>The bad faith displayed by Plaintiff and her counsel is not limited to their disregard for the rules of the court, it permeates the substance of their motion.</u>

The Plaintiff's motion is based on two legally indefensible positions.  Their first position is that, without express, implied or apparent authority, the oral agreement included a release of the claims of a third party, Carlton Dasent, for the legal services he rendered to the Plaintiff. The second position is that the oral agreement released the rights of all parties under the fee-shifting statutes. These statutes were never discussed or included in either the written or the oral agreement.

The Plaintiff's first position is an attempt to incorporate a third party into a contract by the partnership by estoppel doctrine.  Partnership by estoppel is governed by M.G.L.c. 108A § 16. To prevail under this doctrine, a plaintiff must prove four elements. The Plaintiff has neither alleged or proven these elements. Failure to establish any of the four requirements precludes recovery on an estoppel theory. <u>Brown v Gerstein</u>, 17 Mass. App. Ct. 558, 571, 460 N.E.2d 1043 (1984). In <u>Brown</u>, partnership by estoppel was not established even where attorneys shared stationery bearing both of their names. Brown,

5

17 Mass. App. Ct. at 572. The Plaintiff and her counsel have not asserted and there is no evidence to support a finding that Attorney Dilday and Carlton Dasent "shared stationery bearing both their names". Even if this were the case, that would be insufficient to create a partnership by estoppel. See <u>Zichelle v Parigian</u>, 22 Mass. L. Rep. 125, 2006 Mass. Super LEXIS 656.

An oral contract, just like a written contract, must have ascertainable essential terms in order to be enforceable. There must be agreement on the essential terms of the transaction in order that the nature and extent of the obligations of the parties can be determined and, hence, enforced. The meaning of an oral contract must be ascertainable with reasonable certainty. <u>Zichelle</u> at 125.

The essential terms of this oral contract are (1) Attorney Dilday released the claims of his firm against Terri Pechner-James for further legal fees and costs; (2) the obligation of Terri Pechner-James and her counsel was to pay Attorney Dilday $12,500. The nature and extent of the other elements that the Plaintiff and her counsel are attempting to include within the oral agreement cannot be determined with the requisite degree of certainty. They are unenforceable under Massachusetts law.

## **Conclusion**

The Plaintiff and her counsel breached their oral contract, received, disbursed and used the settlement proceeds. They intentionally failed to notify Attorney Dilday of their receipt of funds; they also refused to pay him The defenses they created to justify their conduct are not supported by Massachusetts law. They have displayed bad faith both in their violation of the terms of the oral contract and in their deliberate and intentional disregard of the District Court Rule 7.1.

Respectfully submitted,

/s/James S. Dilday_____
James S. Dilday, BBO# 124360
Dilday & Associates, LLC
27 School Street, Suite 400
Boston, MA 02108
(617)227-3470

Dated: February 7, 2008

**Certificate of Service**

      I, James S. Dilday, hereby certify that I caused to be served a true copy of the foregoing document to all parties of record by electronic filing on the CM/ECF Pacer System on February 7, 2008

                                               /s/ James S. Dilday_____
                                               James S. Dilday