UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**COUNSEL'S AFFIDAVIT IN SUPPORT OF DOCKET NO:275-
REINSTATEMENT OF LIEN**

I, James S. Dilday, Esq. duly sworn depose and say:

1. **Docket No: 266** contains a Notice of Attorney's Lien filed by my old firm

   Grayer & Dilday. For the sake of judicial efficiency, it also combined billing

   for services rendered by Carlton Dasent up to September 12, 2005.

2. On September 27, 2007, the Plaintiff, Terri Pechner-James, settled her case.

   **Docket No: 271** and entered a Stipulation of Dismissal: **Docket No: 272.**

1

3. On behalf of Grayer & Dilday, I agreed to accept a fee of $12,500 as part of that settlement. I made no representation with regard to the portion of **Docket No: 266** that pertained to the services of Carlton Dasent.

4. I also made no representation with regard to the claims of my firm against the Defendant, City of Revere, pursuant to the fee-shifting statutes.

5. At a Status Conference on October 30, 2007 held before Magistrate-Judge, Leo T. Sorokin, I withdrew my request for a hearing stated in **Docket No: 268** in reliance upon the oral agreement that was part of the settlement recorded in **Docket Nos: 271 and 272**. At the same time I learned from the insurer of the Defendant, City of Revere that the Plaintiff, Terri Pechner-James, and her counsel, had received settlement funds in connection with the settlement recorded in **Docket Nos: 271 and 272.**

6. At that time of the Status Conference, I had received no verbal or written correspondence from the Plaintiff or her counsel; I had received no payment from either party and had received no acknowledgement from either party that they had received payment from the Defendant's insurer.

7. I immediately contacted Plaintiff's counsel by telephone. Plaintiff's counsel confirmed that they had received payment almost one month earlier. On November 1, 2007, I sent a letter to Plaintiff's counsel in which I clearly

articulated the terms of the oral agreement and requested payment of the agreed upon sum of $12, 500.

8. The letter dated November 1, 2007, **[Exhibit 1]** clearly stated the terms of the oral agreement. My letter made it clear to Plaintiff's counsel that I could not and did not speak for Carlton Dasent. It also made it clear that I had not agreed to release the City of Revere from any payment of fees due under the provisions of the applicable fee-shifting statute. It also made it clear that my firm was entitled to $12, 500.

9. Plaintiff's counsel has still made no payment.

10. As a result of the failure of Plaintiff's counsel to make the agreed upon payment, I reinstated the portion of **Docket No: 266** that applied to my firm. I also reinstated **Docket No: 268**-Request for Hearing.  See **Docket No: 275**.

11. Carlton Dasent filed a separate Notice of Lien-**Docket No: 273** based on the part of **Docket No; 266** that applied to his services up to September 12, 2005.

12. On January 2, 2008, **Docket No: 277**, the Plaintiff and her counsel filed a motion seeking to dissolve the Reinstatement of Lien filed by Grayer & Dilday and the Notice of Lien filed by Carlton Dasent.

3

13. Plaintiff's Counsel filed **Docket No: 277** without compliance with Local Rule 7.1.

14. Local Rule 7.1(2) provides: **"No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue. "**

15. Plaintiff's counsel not only failed to make the required payment of $12,500 but they also failed to make a good faith effort to resolve or narrow the issue as required by Local Rule 7.1.

16. The Plaintiff's Motion-**Docket No: 277**-has attachments A-F. None of these attachments is a Certificate of Consultation pursuant to Local Rule 7.1. Plaintiff's motion is devoid of any form of certification that meets the requirements of Local Rule 7.1(2).

17. In a Docket Entry dated October 23, 2006, this Court emphasized: "Plaintiffs are required to meet and confer PRIOR to filing …"  This Court has, in the past, dismissed motions for failure to comply with Local Rule 7.1. This motion should be dismissed in accordance with that policy.

18. In addition, **Docket No: 277** lacks substance. It is a thinly veiled attempt to hide the fact that Plaintiff and her counsel received, disbursed and otherwise

used funds that should have been properly paid to my firm. Without citation of caselaw, statute or regulation, the Plaintiff's counsel seeks to dissolve **Docket Nos: 266, 273, and 275** because they have no defense to their breach of contract and their violation of the terms of the oral agreement.

19. The Plaintiff's motion is in direct conflict with the provisions of M.G.L.c. 221 § 50 and its case law. A secret settlement agreement cannot be used to defeat the attorney's lien statute. <u>Gagne v Cedar Development</u>, 32 Mass. App. Dec. at 76; the Plaintiff and the Defendants cannot agree among themselves to discharge and attorney's lien or attorney's right under the fee-shifting statute, without the attorney's consent.

20. The fee-shifting statute was not discussed or included as part of the oral agreement.

21. The terms of the oral agreement are limited by their nature. The terms of the oral agreement are as follows:
    1. My firm agreed to release Terri Pechner-James from further personal liability for legal fees and expenses that she had incurred with my firm. My firm was to receive $12,500 in exchange for the release of that claim.
    2. I did not have express, implied or apparent authority to bind Carlton Dasent or to negotiate his rights under the fee-shifting statute or the

5

    provisions of M.G.L.c. 221 § 50. The oral agreement could not and did not include this provision.

3. The right of my firm under the fee-shifting statutes was not discussed or included in the oral agreement.

22. Plaintiff's counsel beached the terms of the oral agreement when they failed to perform as required. The deliberately failed to send my firm the agreed upon $12,500 even after I provided them with a document that released all the parties that could be permissibly released under the oral agreement.

23. The Plaintiff and her counsel are, at a minimum, negligent. They entered into a Stipulation of Dismissal-**Docket No: 272**, they accepted and disbursed funds without notifying my firm of the receipt and disbursement of said funds.

24. The Plaintiff and her counsel knew or should have known that Plaintiff and the City of Revere could not secretly determine the rights of other parties under M.G.L.c. 221 § 50 and the fee-shifting statutes. The Plaintiff and her counsel assert these two indefensible positions only after they were confronted with their breach of contract. These defenses must fail.

25. The Plaintiff's decision to accept a settlement was personal. The only case that Plaintiff's counsel cites in his motion is <u>Kouravacilis v American Fed. Of State, Cty & Munic. Employees</u>, 65 Mass. App. Ct. 521, 532, appeal den, 446

Mass. 1108 (2006). This case is inapplicable. The Plaintiff has a statutory remedy that exceeds the amount of the settlement they accepted.

26. Plaintiff and her counsel breached the contract and then filed a frivolous motion. Their motion fails to comply with Local Rule 7.1. As a result I am requesting sanctions against Plaintiff and her counsel. In addition to payment pursuant to the contract, I am seeking the following sanctions for their filing of a defective and frivolous motion:

> Preparation of Reinstatement Lien and accompanying documents: 2 hrs at $350 per hr. $700
>
> Research and Preparation of Affidavit on 2-8-08: 3 hours at $350 per hour $1050
>
> Preparation of Memorandum in Support of Reinstatement: 3 hours at $350 per hour $1050
>
> Total Legal Fees $2,800

Sworn under pains and penalties of perjury,

/s/James S. Dilday_____
James S. Dilday, Esq.

Dated: February 7, 2008