UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>          Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>          Defendants. | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND MAYOR THOMAS AMBROSINO'S, OPPOSITION TO PLAINTIFF, SONIA FERNANDEZ', MOTION FOR SUMMARY JUDGMENT**

The Defendants, City of Revere and Mayor Thomas Ambrosino (hereinafter "City"), hereby submit their opposition to Plaintiff, Sonia Fernandez', Motion for Summary Judgment (Document Nos. 284, 285 & 286).

**The Motion is Without Merit and Must Be Denied**

Plaintiff Fernandez's motion must be denied because it is obvious that there exist multiple genuine issues of material fact upon which proof of the elements of her claims against the City under Title VII (42 U.S.C. § 2000e) and Mass. Gen. Laws ch. 151B would depend. In her motion Plaintiff seeks to circumvent the need for such proof based on the following rubric: (1) She was awarded disability retirement, and whatever findings of fact/decision were made during that administrative process are binding upon the City (and presumably Plaintiff as well) here; and (2) these now incontrovertible facts/decision entitle her to summary judgment upon all of her claims. Since, as will be more fully demonstrated herein, the disability retirement proceedings did not address, much less

adjudicate, Plaintiff's Title VII and 151B claims, neither prong of this rubric can be satisfied by Plaintiff.

**A.     The Purported Findings of Fact by PERAC Are Not Binding**

*1.     PERAC Made No "Findings of Fact" and Issued No "Decisions."*

In support of her motion, Plaintiff submitted the following PERAC documents: a PERAC cover letter (1 page); an Applicant Information sheet (1 page); a Regional Medical Panel Certificate (3 pages); and a medical opinion letter (3 pages). See Document No. 286-2, List of Exhibits, Exhibit No. J.

A review of the PERAC documents demonstrates that the only action taken by PERAC was (1) to review and determine that the Medical Panel Certificate was in order and then (2) to forward that Certificate to the Revere Retirement Board for action. See Exhibit J, page 1. Thus, PERAC made no "findings of fact" and issued no "decisions". Indeed, the only thing PERAC did was forward the report of the Medical Panel to the local retirement board.

At this juncture, the Court should be aware of a noteworthy feature of the Regional Medical Panel Certificate. On page two of the pre-printed certificate, there is a footnote associated with question #3 which reads: "*PLEASE NOTE: When constructing your response to the question of causality (#3) in accidental disability narrative reports, your opinion must be stated in terms of medical *possibility* and not in terms of medical *certainty*." Italic added and underline added to "not". As this Court is well aware, medical expert opinion testimony on causation of injury is typically expressed in terms of reasonable medical probability/certainty, not mere possibility. *See, e.g., Sevigny's Case*, 337 Mass. 747, 749 (1958) (physician's testimony that "there is a possible causal relationship between the infection and the development of acute leukemia in this case" was no more than mere speculation or conjecture). *See also* Black's Law Dictionary 1294 (8th ed. 2004) (which

defines "reasonable medical probability" or "reasonable medical certainty" as those terms are used in tort actions as "a standard requiring a showing that the injury was more likely than not caused by a particular stimulus, based on the general consensus of recognized [scientific] thought" as cited in *Burke v. Town of Walpole*, 405 F.3d 66, 91 (1st Cir. 2005).

Indeed, the ultimate opinion of the Regional Medical Panel is set forth in its report in the last section entitled "Impression." The Medical Panel expressed its opinion that the Plaintiff's incapacity is "such as <u>might</u> be the natural and proximate result of the personal (emotional) injury sustained or hazard undergone on account of which retirement is claimed." Exhibit J, emphasis added. Thus, as an initial matter, it appears that the Medical Panel opinion would necessarily fail to qualify as admissible expert opinion under Fed. R. Evid. 702. *See United States v. Schneider*, 111 F.3d 197, 201 (1st Cir. 1997) ("Finally, if the evidence is expert testimony, it must meet the further requisites of scientific reliability and helpfulness to the jury. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).").

  2.  *The PERAC Action is not Binding in This Case.*

Assuming for sake of argument that state administrative agency findings of fact and/or decisions can have *res judicata* effect, the question remains: What state agency or agencies' findings/decisions can have this effect in the context of this case, and what are the requirements which must be met in order for that effect to in fact be given to the appropriate agency's findings/decisions?

In the first place, in *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982), the Supreme Court observed that "the EEOC may not consider a claim until a state agency having jurisdiction over employment discrimination complaints has had at least 60 days to resolve the matter, § 706(c), 42 U. S. C. § 2000e-5(c)." In that case, the agency which had such jurisdiction

was "the New York State Division of Human Rights (NYHRD), the agency charged with enforcing the New York law prohibiting employment discrimination. N. Y. Exec. Law §§ 295(6), 296(1)(a) (McKinney 1972 and Supp. 1981-1982)." *Id*. at 464. The Supreme Court ultimately determined that the findings of that agency were entitled to *res judicata* effect under 28 U.S.C. § 1738 in the context of a Title VII claim. Here, the Massachusetts Commission Against Discrimination (MCAD) is the agency charged with enforcing the Massachusetts law prohibiting employment discrimination (*see Brunson v. Wall*, 405 Mass. 446 (1989)), and thus, it is only their decisions, and not a "decision" of PERAC which can have *res judicata* effect in this case.

Thus, as an initial matter, the Plaintiff is attempting to apply *res judicata* effect to the wrong agencies and to the wrong decisions. In the second place, as indicated above, PERAC itself made no findings of fact and reached no decisions with respect to Plaintiff's claims herein. Finally, to the extent that the Regional Medical Panel expressed an opinion about the possibility of causation regarding Plaintiff's disability retirement, it made no findings of fact, and nothing in Plaintiffs' motion even remotely suggests that there is any authority for the proposition that *res judicata* effect is given to Medical Panel opinions/findings, particularly opinions/findings that are not based upon reasonable medical certainty/probability. Indeed, it is the Retirement Board which ultimately determines whether or not the retirement will be approved and on what grounds. See 840 C.M.R. 10.11(4) and 10.13.

**B.    Plaintiff Fernandez is Not Entitled to Summary Judgment**

The Medical Panel's opinion noted that Plaintiff Fernandez "report[ed] that the work environment was always 'unfriendly' [and that she] attributed [her] symptoms to what she view[ed] as unfair reprimands for work related performance and an environment of 'harassment.'" Exhibit J,

Opinion Letter, page 1, 3rd paragraph, emphasis added.  It further noted that Plaintiff "worked between October 2001 and January 2002.  She report[ed] that the work environment hostility remained unchanged. . . . [She] report[ed] that there is litigation pending regarding her work situation." Exhibit J, Opinion Letter, page 1, 5th paragraph.  It then noted that Plaintiff "report[ed] that in the course of her work she experience multiple gruesome events.  She described in detail one event in which an individual shot himself in the head and she was at the crime scene.  [She] report[ed] that as a result of these work related experiences, she began to experience nightmares, intrusive thoughts, and episodes of anxiety during which she relived the experience of being at the crime scenes." Exhibit J, Opinion Letter, page 1, 7th paragraph.  The Medical Panel's "Impression" was that Plaintiff Fernandez was permanently incapacitated due to Post Traumatic Stress Disorder and that such "incapacity [was] such as might be the natural and proximate result of the personal injury sustained or hazard undergone on account of which retirement is claimed.  <u>The panel based this conclusion on the specific work related 'gruesome' events that the patient experienced</u>." Exhibit J, Opinion Letter, page 2, last paragraph, emphasis added.

If, as Plaintiff argues, "[t]he administrative decision of PERAC [] established the issues of disability (personal) injury, permanence, causation and loss of employment [and] res judicata and collateral estoppel apply to PERAC's administrative decision in federal court[,]" (Memorandum in Support, pages 16-17) then the permanent disability which caused her to lose her employment was post traumatic stress disorder caused by the "gruesome" events which she experienced and <u>not</u> the alleged "unfriendly" work environment.

More to the point, witnessing "gruesome" events is, unfortunately, an inescapable aspect of employment as a law enforcement officer.  The fact that there is a strong likelihood that an officer will in fact witness "gruesome" events which cause personal (emotional) injury that results in

5

disability and loss of employment does not mean that the employer is responsible in damages pursuant to 42 U.S.C. § 2000(e)(2) and G.L. c. 151B.

In this context, if any party is entitled to summary judgment, it is the City. Accordingly, Plaintiff's motion must be denied.

C. **There is No Basis for Municipal Liability on the Grounds Set Forth in Plaintiff's Motion**

Plaintiff's entire argument regarding who the policymakers are for municipal liability (see Memorandum in Support, pages 12-16) presumes that liability has already been established, impliedly by virtue of the alleged binding effect in the instant litigation of the PERAC administrative action addressed above. Memorandum in Support, page 12, "The question for this Court to decide is whether the decisions of the Mayor and City Council . . . caused the deprivation of the Plaintiff's rights . . . ." In fact, the case around which Plaintiff builds her argument, Gonasalves v. City of New Bedford, 939 F. Supp. 915 (1996), was a case in which the liability of the individual police officers had already been established in phase one of a bifurcated trial, id. at 916, and all the court was doing was deciding, as a question of law, who the policymaker was for purposes of municipal liability under § 1983, and describing what the plaintiff in that case would have to prove to establish municipal liability in phase two the trial. Id. at 920.

Similarly, Plaintiff's entire argument as to why she is entitled to summary judgment on all of her claims (see Memorandum in Support, pages 16-20) also depends on her meritless res judicata construct. Memorandum in Support, page 17, "The legal issue that remains after the administrative decision is whether the finding of the administrative agency can also satisfy the requirements of the Plaintiff's causes of action." As amply demonstrated above, the PERAC administrative action that resulted in Plaintiff Fernandez's being awarded a disability retirement did not adjudicate in any way, shape, or form any of the elements of her claims under Title VII (42 U.S.C. § 2000e) or Mass. Gen.

6

Laws ch. 151B. The administrative proceedings established only that Plaintiff was entitled to a disability retirement due to Post Traumatic Stress Disorder based on "gruesome" events experienced on the job. In other words, while PERAC found that Plaintiff suffered from work related PTSD, there were no findings whatsoever that such condition was caused by or related to a hostile work environment sexual harassment, or conditions which would constitute a constructive discharge, or disparate treatment, or intentional infliction of emotional distress. The facts that Plaintiff would have to prove to establish the elements of such claims are all genuine issues of material fact. Therefore, Plaintiff has not demonstrated that she is entitled to summary judgment and her motion must be denied.

For the foregoing reasons, the City respectfully requests that Plaintiff's Motion or Summary Judgment be denied.

        CITY OF REVERE and MAYOR THOMAS AMBROSINO,
By their attorneys,

 /s/  Daniel E. Doherty_____
Paul Capizzi, City Solicitor
BBO#: 646296A
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010A
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

### CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/  Daniel E. Doherty_____
Daniel E. Doherty

Dated:  February 21, 2008