UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRI PECHNER-JAMES and SONIA FERNANDEZ,<br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPARTMENT, TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER, SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY, JOHN NELSON, JAMES RUSSO, MICHAEL MURPHY and STEVEN FORD,<br>　　　　　Defendants. | C.A. No. 03-12499-MLW |

**DEFENDANTS, CITY OF REVERE'S AND MAYOR THOMAS AMBROSINO'S, OBJECTIONS AND MOTION TO STRIKE THE STATEMENT OF MATERIAL FACTS OF SONIA FERNANDEZ**

NOW COME the Defendants, City of Revere and Mayor Thomas Ambrosino, and hereby submit their objections to and motion to strike the Statement of Material Facts of Plaintiff, Sonia Fernandez (Docket No. 285).

**Objections and Motion to Strike**

Defendants object to the Statement *in toto* on the grounds that it does not comply with Fed. R. Civ. P. 11, and on the further ground that it is a compilation of legal conclusions and unsupported factual assertions that have no ultimate bearing on the outcome of the instant motion.

The essence of Plaintiff's motion for summary judgment is that certain administrative agency decisions have res judicata effect such that the issues of disability, permanence, causality, and loss of employment have already been determined and that the only issue left for resolution is "whether the Defendants' conduct satisfies the four counts of Plaintiff's complaint." See

Plaintiff's Motion for Summary Judgment, Docket No. 284. See also Plaintiff's Memorandum in Support, Docket No. 286, pages 16-20. Taking her motion on its face, then, the only "evidence" necessary would be the subject administrative agency decisions themselves.

### The Statement Fails to Comply with Fed. R. Civ. P. 11

With respect to a represented party, Fed. R. Civ. P. 11(a) states that "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name . . . ." Pursuant to Fed. R. Civ. P. 11(b), the attorney's signature constitutes a certification by the attorney that the pleading, written motion, or other paper satisfies certain enumerated conditions. Therefore, if the subject pleading, written motion, or other paper has not been signed by the attorney of record, then the required certifications have not been made and the submission fails to comply with the rule.

Here, while the Statement of Material Facts appears to have been signed by the Plaintiff herself, it is not signed by her attorney of record. Therefore, counsel of record has no accountability for false and deliberately misleading statements contained herein. See, for instance, ¶¶ 15, 16 & 18 below.

### Specific Objections By Paragraph

1. The policymakers of the City of Revere are its elected officials, Mayor and City Council. [Exhibit L-M.G.L.c. 43 § 56, 59, 61 and Exhibit M-Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4].

   **This is a conclusion of law and not a statement of fact.**

4. The City of New Bedford also has a Plan B form of government. [Exhibit N-Gonzalves v City of New Bedford, 939 F.Supp. 915 (1996)].

**The cited case was decided almost twelve years ago based upon facts which are older still. Just because the City of New Bedford had a Plan B form of government then does not mean that it has one at this time. Moreover, what form of government the City of New Bedford had or has is irrelevant to any issue in this case.**

5.   The position of the Chief of Police in both the City or Revere and the City of New Bedford is created by City ordinance. The Chief of Police of the City of Revere is appointed by the Mayor subject to confirmation by the City Council. This position in the city of Revere was made exempt from the civil service laws of the Commonwealth. [Exhibit O-Affidavit of Thomas Ambrosino & Letter of Appointment to Terrence Reardon].

**How the position of Chief of Police is created in the City of New Bedford is irrelevant to any issue in this case.**

8.   James Russo held the title of chief of police when she began her employment at the Revere Police Department.

**This statement of fact is unsupported by any citation to the record as required by Local Rule 56.1.**

11.  The Plaintiff was unpaid from March 15, 2001, to September 30, 2001. [Exhibit K].

**The referenced document supports only that the Mayor granted Plaintiff an additional three-month unpaid leave of absence effective July 1, 2001, until September 30, 2001. Thus, the record, as required by Local Rule 56.1, does not adequately support this statement.**

12.  The Plaintiff was at the Department between October 2001 to September 10, 2002.

**This statement is ambiguous and is also unsupported by any citation to the record as required by Local Rule 56.1.**

14.     After hearing, the Medical Panel of PERAC made a unanimous finding of fact dated September 12, 2004 [Exhibit J] in response to the Involuntary Retirement Application filed by Chief Reardon. [Exhibit I].

**This statement is ambiguous to the extent that it does not identify the "finding of fact." Further, the issues of whether and the extent to which the Medical Panel made findings of fact involve disputed issues of fact and law which depend upon the interpretation of the referenced document. In this regard, the document speaks for itself. See Defendants' Opposition to Plaintiff's Motion for Summary Judgment. In fact, the Defendants contend that the Medical Panel rendered an opinion solely on the question of the degree of Plaintiff's alleged impairment, and deny that the Medical Panel made findings of fact at all.**

15.     The Psychiatric Medical panel concluded that the Plaintiff, Sonia Fernandez had met the criteria for post traumatic stress disorder (PTSD) based on the hostile work environment of the Revere Police Department. [Exhibit J].

**This statement is patently false and not made in good faith. No reasonable person could possibly interpret the Medical Panel's conclusion that the Plaintiff met the criteria for PTSD as being based on the alleged hostile work environment of the Revere Police Department. Not only did the Panel not say this, but it clearly stated that it was basing its conclusion on the "specific work related 'gruesome' events" that the patient experienced. Since the word "gruesome" was specifically mentioned in the history portion of the narrative only in reference to events Plaintiff had experienced at crime scenes - like**

4

someone who had shot himself in the head – it is obvious that the Medical Panel was referring to the horrible crime scene experiences, and not the alleged hostile work environment at the Police Department.

16.  The psychiatric panel concluded that the patient was mentally incapable of performing the essential duties of her job as a Police Officer as described in the current job description.  The panel based this conclusion on the severity of the patient's psychiatric symptoms and the professional support provided.  [Exhibit J].

**This is an exact quote from the Panel's conclusion, except for the last part of the second sentence.  Again, the gratuitous inclusion of the clause, "and the professional support provided," is patently false and deliberately distorts and misstates the Panel's meaning.**

18.  The panel concluded that the said incapacity is such as might be the natural and proximate result of the personal injury sustained or hazard undergone on which retirement is claimed.  The panel based this conclusion on the specific work related "gruesome events" which are a normal part of police work.

**Here, the Plaintiff takes the same improper liberties with the Panel's language as she did above in paragraph 16.  Again, she deliberately distorts and misstates the Panel's meaning by substituting her own words – "which are a normal part of police work" – for the words the Panel used – "that the patient experienced."  The attempted deception is underscored by the manner in which she seamlessly splices her made-up clause into the Panel's quoted language.**

19.  The hostile environment gave these otherwise routine events traumatic force.  [Exhibits F & G].

5

**This statement is ambiguous to the extent it is unclear whether "these otherwise routine events" are the "gruesome events" referred to above. In any event, the Defendants dispute that the alleged hostile environment caused Plaintiff trauma or that the referenced documents – doctor's notes containing Plaintiff's own self-serving statements made after she commenced litigation against the City – support such an assertion.**

20.    The Defendants did not appeal this determination as provided by M.G.L. c. 30A. They also did not request clarification.  [Exhibit R-M.G.L.c. 30A § 14].

**This statement is ambiguous in that it is unclear what determination is referred to. To the extent Plaintiff is referring to some aspect of the Medical Panel's conclusion, the Defendants contend that whether they appealed any determination based on the Medical Panel's conclusion or requested clarification is irrelevant to any issue in this case.**

21.    The Plaintiff now receives retirement disability based on this adjudication.

**This statement is unsupported by any citation to the record as required by Local Rule 56.1.  Moreover, the characterization of the PERAC proceedings as an "adjudication" is an erroneous conclusion of law.  See Defendants' Opposition to Plaintiff's Motion Summary Judgment.**

24.    The federal and state claims are intertwined in all four (4) counts of the Plaintiff's complaint and all arise from the same nucleus of operative facts.

**This statement of fact is unsupported by any citation to the record as required by Local Rule 56.1.  Moreover, it is an incomprehensible conclusion of law and fact.**

        CITY OF REVERE and MAYOR THOMAS AMBROSINO,
By their attorneys,

 /s/ Daniel E. Doherty_____
Paul Capizzi, City Solicitor
BBO#: 646296A
Daniel E. Doherty
Assistant City Solicitor
BBO#: 127010A
City Hall, 281 Broadway
Revere, MA 02151
(781) 286-8166

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/ Daniel E. Doherty_____
Daniel E. Doherty

Dated: February 21, 2008