UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

_____
TERRI L. PECHNER-JAMES        )
and  SONIA FERNANDEZ          )
    Plaintiffs                )
                              )
VS.                           )
                              )
CITY OF REVERE, THOMAS        )
AMBROSINO, MAYOR, CITY        )
OF REVERE POLICE DEPT.        )
TERRENCE REARDON, CHIEF       )
OF POLICE, BERNARD FOSTER     )
SALVATORE SANTORO, ROY        )
COLANNINO, FREDERICK          )
ROLAND, THOMAS DOHERTY        )
JOHN NELSON, JAMES RUSSO      )
MICHAEL MURPHY and            )
STEVEN FORD                   )
    Defendants.               )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1

**Background:**

The Plaintiff, Sonia Fernandez, in response to the Court's order filed her Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) **Docket Nos: 284, 285 and 286**. She included in her filing an Affidavit, List of Exhibits, Statement of Undisputed Facts, a Summary of her Case and a Memorandum in Support of her Motion.

The Defendants also filed a Motion for Summary Judgment that fails to comply with Local Rule 56.1 and whose legal basis violates both Massachusetts and Federal laws**.** The Plaintiff, pursuant to Local Rule 56.1, hereby opposes the Defendants motion as recorded in the docket numbers listed above.

Local Rule 56.1 requires:

1

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried….. Failure to include such a statement constitutes grounds for denial of the motion.

### PLAINTIFF'S OVERVIEW OF DEFENDANTS MOTION

The Defendants motion contains a section headed Overview of Plaintiff's Complaint. This section contains many inaccuracies and factual errors. The Defendants claim there is a § 1983 claim; there is no such claim. There is also no unopposed or pending motion for summary judgment, except the instant motion. Their prior motions for summary judgment at **Docket Nos: 29 and 37** were recommended for approval at **Docket No: 88.** the recommendation was rejected at **Document No: 136**.

**(1)Disparate Treatment:**

The Mayor allegedly relied upon Plaintiff's **Exhibit U** when he denied the Plaintiff paid leave. The Mayor knew or should have known that the treatise was an improper legal foundation upon which to base that decision. The definition of "personal injury" that encompasses the Plaintiff's disability was amended fifteen years earlier; it became effective January 1, 1986. See M.G.L.c. 152 § (1) 7A. The result of the Mayor's action was discrimination against the Plaintiff. He denied her paid leave in a manner that violated M.G.L.c. 152 § (1) 7A. He deprived her of paid leave from March 15, 2001 to September 30, 2001.

**(2)Emotional Distress Claims:**

The Plaintiff has shown that her supervisors, including Lieutenants Foster and Ford, should have known that they were causing her emotional distress by their attacks on her. The Defendants incorrectly states the Plaintiff's claim. The Defendants incorrectly claim immunity from emotional distress claims. M.G.L.c. 258 § 2 states:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee. While acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances.

The Defendants are not immune. M.G.L.c. 258 § 2 provides the Defendants no defense against the Plaintiff's claim for emotional distress. The Plaintiff is entitled to summary judgment as a matter of law.

### (3) Workmens Compensation:

Workmens Compensation exclusivity provisions do not apply to the Defendants. M.G.L.c. 152 § 69 provides that police officers are exempt from the Workmens Compensation act. "While a series of amendments have since extended coverage to most governmental employees, the two groups which have never been brought under this umbrella are members of a police or fire force." This exclusion of police and firefighters from the scope of the act remains in force today. Eyssi v City of Lawrence, 416 Mass 194, 197-8 (1993). The Workmens Compensation Act provides the Defendants no defense against the Plaintiff's claims. The Plaintiff is entitled to summary judgment as a matter of law.

### Argument

### (1) The Defendants have failed to include a concise statement; they have not complied with Local Rule 56.1

The Defendants have not provided the concise statement required by Local Rule 56.1. The Statement at **Docket No: 282** contains two parts. The first part is "Request for Judicial Notice", this section requests judicial notice of Defendants prior motions for summary judgment recorded in **Docket Nos: 37 and 29.** Those motions were recommended for allowance in **Docket No: 88;** the recommendation was rejected in **Docket No: 136.**

The second part of the statement is headed: Undisputed Material Facts. This part has sixteen paragraphs.

3

Paragraph 1 confirms that the Plaintiff received a right-to-sue letter from the EEOC. It is undisputed that the Plaintiff filed her complaint with the Massachusetts Commission Against Discrimination (MCAD) and that complaint was pending when she filed her civil complaint. It is undisputed that the Plaintiff complied with the statutory prerequisites when she filed her complaint.

2. Paragraph 2 is now uncontested because it had been subject to prior administrative adjudication. . The Plaintiff agrees that she was offered leave of absence without pay. This action by Defendant Thomas Ambrosino is the basis of the Plaintiff's complaint for Disparate Treatment. See Plaintiff's Complaint and Case Summary in **Docket No: 284 Attachment No:2**. This fact and the Defendants liability have been adjudicated by the administrative tribunal. The Plaintiff is entitled to summary judgment as a matter of law.

3. Paragraph 3 states that the Revere Retirement Board is a separate statutory body. The action taken by the Revere Retirement Board was based upon the prior administrative decisions of the Division of Administrative Law Appeals and the Public Employee Retirement Administration Commission. The Plaintiff has presented the impact of these decisions in **Exhibit S** attached to her present motion for summary judgment: **Brief: Massachusetts Administrative Determination in Federal Court: The Application of Res Judicata and Collateral Estoppel.**

4. Paragraph 4 : The part of paragraph 4 that states that "Fernandez was awarded disability retirement benefits in a manner consistent with retirement laws" is uncontested. The remainder of paragraph 4 is a nonsequitur. Whether there was discrimination is a legal question which the court can determine.

5. Paragraph 5. It is uncontested that Plaintiff Sonia Fernandez filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) in March 2001 and she filed her civil complaint in October 2003. This paragraph confirms that the Plaintiff satisfied the prerequisite for filing her complaint and that she filed in a timely manner.

6. It is uncontested that the Plaintiff filed her complaint in state court in October 2003.

7. Paragraph 7. It is uncontested that Chief Russo retired.

8. Paragraph 8. The date of the Superbowl is uncontested.

9. Paragraph 9:This paragraph is an old denial by the Defendants. It is a contested fact that is part of the hostile environment that disabled the Plaintiff. This contested fact was adjudicated in favor of the Plaintiff in the administrative hearings. Its only relevance is that the Plaintiff can be harmed by conduct that is part of her environment even though not personally directed at her. See **Exhibit S** attached to Plaintiff's Motion for Summary Judgment.

10. This paragraph is an old denial by the Defendants. It is a denial of an incident that involved Terri Pechner-James, who is no longer part of this case. It was a contested fact at the administrative hearings. It was adjudicated that this incident was part of the hostile environment that disabled former Plaintiff, Terri Pechner-James. It relevance here is that it underscores the hostility of the environment in which the Plaintiff worked. The Plaintiff can be harmed by conduct that is part of her environment even though the conduct is not directed at her personally. This contested fact was adjudicated in favor of the Plaintiff in the administrative hearings. See **Exhibit S** attached to Plaintiff's Motion for Summary Judgment.

11. This paragraph is an old denial by the Defendants. It is a denial of an incident that involved the use of pornography by supervisors. It was a contested fact that was part of the hostile environment that disabled the Plaintiff. This contested fact was adjudicated in favor of the Plaintiff in the administrative hearings. See **Exhibit S** attached to Plaintiff's Motion for Summary Judgment.

12. Paragraph 12: This paragraph confirms that the vandalism of the Department's vehicles occurred after the meeting of January 7, 1999. It confirms the Plaintiff's

argument of "continuing violation" and contradicts the Defendants contention that the January 7, 1999 meeting solved the problems of the Department's hostile environment.

13. Paragraph 13. The Defendants confirm, in this paragraph, the occurrence of the "underwear incident" and the reports of the incident.

14. The remedial actions claimed by the Defendants in this paragraph are immaterial. The Plaintiff was demoted. A demotion is a "tangible job action" as defined by of the United States Supreme Court in Pennsylvania State Police v Suders, 542 U.S. 129 (2004. The defenses sought by the Defendants are unavailing. The defenses are also unavailing because of the strict liability policy of College Town, Div of Interco. Inc., Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass 156 (1987) .

15. Paragraph 15. This paragraph is uncontested and is concrete evidence of the racially hostile environment that permeated the Revere Police Department.

16. Paragraph 16. This paragraph is uncontested. It confirms that the Plaintiff included her disability claim in her complaint to the MCAD. It also confirms that she met the prerequisite for filing her civil complaint.

17.  Paragraphs 9, 10, 11, 12, 13, 14, 15, 16 allege, as contested facts, that have been subject to prior administrative adjudication. **[Exhibit S.]**  Paragraph 1states no contested issue; Paragraph 2 misstates the Plaintiff's case of Disparate Treatment. The only issue that remains is one that the court can decide as a matter of law. Paragraph 3 states no contested issue for trial. Paragraph 4, like Paragraph 2, misstates the Plaintiff's claim. The cause of Plaintiff's disability was the hostile environment of the Revere Police Department. This fact was adjudicated by the administrative agency that "awarded disability retirement." The Defendants have stated some uncontested facts, some contested facts that were the subject of prior adjudication and some facts that are not relevant to this case. They have, however,  failed to "include a concise statement of the

material facts of record as to which [the Defendants] contend there is no genuine issue to be tried" as required by Local Rule 56.1.

**(2) The material facts of record have been subject to prior administrative adjudication; the only question is whether those facts satisfy the legal requirements of the causes of action on which the Plaintiff seeks summary judgment.**

The Plaintiff has filed a concise statement as required by Local Rule 56.1. She has also filed a Statement of Material Facts-**Docket No: 285**. The Plaintiff seeks summary judgment on the causes of action stated in her Verified complaint and on discrimination based on disability as stated in her motion. The stated causes of action are as follows:

1. Hostile Work Environment/Sexual/Racial Harassment: The Plaintiff seeks remedies for violations of M.G.L.c. 151B § 4 and 42 U.S.C. § 2000(e)-2. A related issue is the application of the doctrine of strict liability based on College Town, Div of Interco., v Massachusetts Commission Against Discrimination, 508 N.E.2d 587, 400 Mass. 156 (1987). The following cases from the United States Supreme Court support summary judgment for the Plaintiff. Burlington Industries v Ellerth, 524 U.S. 742, Faragher v City of Boca Raton, 424 U.S. 775 (1990).

2. Constructive Discharge: The hostile environment that the Plaintiff experienced in the Revere Police Department and her response both fall squarely within the parameters of the decision of the United States Supreme court in Pennsylvania State Police v Suders, 542 U.S. 129 (2004).

3. Disparate Treatment: The Mayor's decision to grant the Plaintiff unpaid leave was based on "Atty John Collins Treatise On The Chief's Guide to Injured on Duty-Chapter 2 [**Exhibit U**]. This decision was a violation of M.G.L.c. 152 § 1(7A). This statute was amended and became effective January 1, 1986. The Mayor's violation of this provision deprived the Plaintiff of paid leave from March 15, 2001 to September 30, 2001.

4. Inflicition of Emotional Distress:  Count 4 states Inflicition of Emotional Distress; it does not specify whether it is intentional or negligent inflicition of emotional distress. [Municipalities are subject to liability  for negligent inflicition of emotional distress [ M.G.L.c. 258 § 2];  police and firefighters are exempt from the workmen's compensation law.  [M.G.L.c. 152 § 69.]  Lieutenants Foster, Ford and Chief Russo knew or should have known that their conduct would cause the Plaintiff emotional distress. Lieutenant Foster knew or should have known that his repeated taunts about the Plaintiff's hearing would cause emotional distress. Lieutenant Ford knew or should have known that his repeated disparagement of Hispanic people would cause emotional distress; Chief Russo knew or should have known that the use of his position to accuse the plaintiff of drug use and her family of criminal activity would cause severe emotional distress.

The Plaintiff's claim of disability discrimination is based on the fact that Lieutenant Foster discriminated against her on the basis of her hearing disability as defined by 42 U.S.C. § 12112 (5)(A).

**(3) The Plaintiff is entitled to summary judgment as a matter of law.**

The Plaintiff filed a Motion for Summary Judgment-**Docket No: 284**; that motion was accompanied by Plaintiff's  Affidavit and Case Summary. The Plaintiff also filed a Statement of Material Facts pursuant to Local Rule 56.1-**Docket No: 286**.  The Plaintiff also filed a Memorandum in Support of **Docket No: 284**.  Attached to that Memorandum were **Exhibits A-X**.  The Plaintiff incorporates **Docket Nos: 284, 285, and 286**   into her Opposition to the Defendants Motion for summary judgment as required by Local Rule 56.1.
The Plaintiff incorporates the Summary of Case recorded as **Exhibit 2** in **Docket No: 284;** this document is the Plaintiff's  concise statement of the material facts of record; the record also contains the Plaintiff's position that the only questions that were not resolved were  legal and therefore appropriate for disposition in summary judgment.

The two pivotal exhibits filed by the Plaintiff are **Exhibits V-Memorandum on Municipality** and **Exhibit S-Brief: Massachusetts Administrative Determination in Federal Court: The Application of Res Judicata and Collateral Estoppel.** The liability of the Mayor of Revere and the City Council is based on its Class B Charter as stated in M.G.L.c. 43 § 56-61 and the leading case in this circuit <u>Gonsalves v City of New Bedford,</u> 939 F. Supp. 915 (1996). This memorandum is also recorded at **Docket No: 97.**

The Plaintiff relied upon the identical statement of fact in both the administrative hearings and her civil complaint. It is undisputed that the issues of disability, causation, permanence, and connection to the workplace have been determined by prior state adjudication. **Exhibit S** also recorded at **Docket No: 251** has clearly established that the finding of facts in Massachusetts administrative agencies are recognized in federal courts.

The only issue that has not been administratively determined is whether the " deliberate indifference" and the "standard operating procedure" of the Mayor and the City Council of the City of Revere makes them liable as established in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996). A related determination is whether the Defendants are "strictly liable" as defined by the Supreme Judicial Court in <u>College Town, Div of Interco., v Massachusetts Commission Against Discrimination</u>, 400 Mass. 156, 508 N.E.2d 587 (1987). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. <u>Crain v Board of Police Comm'rs</u>, 920 F.2d 1302, 1405-06 (1990). See also <u>Celotex v Catrett</u>, 477 U.S. 317, 322-23(1986); <u>Anderson v Liberty Lobby, Inc</u>. 477 U.S. 242, 249-50 (1986). The Defendants motion should be denied and the Plaintiff's motion for summary judgment should be granted as a matter of law.

**(4) The Defendants are not entitled to summary judgment as a matter of law; their request is in direct conflict with decisions of the United States Supreme Court and the Massachusetts Supreme Judicial Court**

The Defendants have not articulated any reasons that they are entitled to summary judgment based on the controlling cases (1) the United States Supreme Court case in <u>National Railroad Passenger Corporation v Abner Morgan,</u> 536 U.S. 101, 122 S. Ct. 2061 (2002); (2) the Supreme Judicial court case of <u>Cuddyer v Stop and Shop Supermarket Company</u>, 434 Mass 521, 529 (2001); and (3) Massachusetts Appeals Court case of <u>Clifton v MBTA</u>, 62 Mass. App. Ct. 164 (2004) and the provisions of 804 CMR § 1.10(2).

The Defendants motion is in direct conflict with the holdings stated in <u>Morgan</u>, <u>Cuddyer,</u> and <u>Clifton</u>. The United States Supreme Court in <u>Morgan</u> held that a charge alleging hostile work environment will not be time-barred if all acts constituting the claim are part of the same unlawful practice and at least on act falls within the filing period. The Court stated:

> We hold that consideration of the entire scope of a hostile environment, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period. Id at 105.

The holding of the Supreme Judicial Court in <u>Cuddyer</u> is compatible with the U.S. Supreme Court ruling in <u>Morgan</u>. The superior court judge in <u>Cuddyer</u> primarily concluded that the Plaintiff's claim was barred by the six-month statute of limitations set forth in G.L.c. 151B § 5 for complaint filed with the MCAD. This is the same position being argued by the Defendants.

The Plaintiff in <u>Cuddyer</u> appealed. The Supreme Judicial Court granted direct appellate review to examine the application of the six-month statute of limitations in a claim for sexual harassment. The court examined the specific question and held:

> We conclude that the plaintiff has set forth an actionable case of sexual harassment and that based on the continuing violation doctrine her claim is not barred by the six-month limitation period. Id at 522.

The Supreme Judicial Court then vacated the Superior Court's grant of summary judgment to the Defendants. The summary judgment that the Defendants seek is in direct conflict with this holding in Cuddyer. The Defendants concede that at least eleven incidents occur within the limitation period. Cuddyer clearly supports the application of the continuing violation doctrine to the events included in the Plaintiff's Affidavit and her Verified Complaint.

The continuing violation doctrine that the Supreme Judicial Court relied upon in Cuddyer and Clifton is set forth in 804 CMR § 1.10(2); it states in relevant part:

> Provided, however, that the 300-day requirement shall not be a bar to filing in thoses instances where… the unlawful conduct complained of is of a continuing nature. Para. 1

The Massachusetts Supreme Judicial Court has declared the doctrine of "continuing violation" an essential part of the legislative grant of power to the Massachusetts Commission of Discrimination. The court stated:

> Both this Court and the Appeals Court have relied on the continuing violation doctrine to permit plaintiffs to seek damages if the alleged events are part of an ongoing pattern of discrimination and there is a discrete violation within the six-month limitation period to anchor the earlier claims, citing Lynn Teachers Union, Local 1037 v MCAD supra, Carter v Commissioner of Corrections, supra, See also Rock v MCAD, 384 Mass. 198, 207-208(1981)(examining facial validity of MCAD's Rule on continuing violations and concluding "there is no literal or functional inconsistency between the [continuing violation] rule and [the six-month limitation period], and the rule merely carries out the scheme or design of [G.L.c. 151B]

The Court concluded that "the rule allows the MCAD to fulfill its statutory obligation of providing an effective "remedy [for] ongoing discrimination policies by an employer." Id at 207. The Court acknowledged that "there is a natural affinity between the hostile work environment theory and the continuing violation doctrine" citing O'Rourke v O'Rourke, 235 F. 3d 713, 727 (1st Cir. 713, 727 (1st cir. 2001)

11

**<u>Conclusion:</u>**

The Defendants have created an artificial distinction between events that support the Plaintiffs claims of Hostile Work Environment and Constructive Discharge. **[See Exhibit A attached hereto.]** This distinction is not recognized by M.G.L.c 151B; it is not recognized by the Massachusetts Supreme Judicial Court; it is not recognized by the Massachusetts Appeals Court and it is not recognized by the United States Supreme Court.  This distinction is artificial because actions by Lieutenants Ford and Foster occur in both periods; the "standard operating procedure" of the Defendants  as defined in <u>Gonsalves v City of New Bedford</u>, 939 F. Supp. 915 (1996) continued throughout the period of the Plaintiff's employment.

"A hostile environment typically comprises a succession of harassing acts, each of which 'may not be actionable on its own.' In addition, a hostile work environment claim 'cannot be said to occur on any particular day.' In other words, the actionable wrong is the environment, not the individual acts that taken together, create the environment." <u>Ledbetter v Goodyear tire & Rubber Co</u>., 127 S. Ct. 2162, 2175  (2007). The U.S. Supreme Court reaffirmed <u>Morgan</u> in <u>Ledbetter</u>  and confirmed the principle that the statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability. <u>Morgan</u> at 118.

The hostile environment that injured the Plaintiff is part of the "standard operating procedure" of the Defendants as explained by the Mayor and the Chief of Police in their responses to interrogatories. **[Exhibit T.]**  This standard operating procedure encompasses a time period that includes the Plaintiff interrogation by Chief Russo in 1995 and  the Plaintiff's demotion by the Department up to and including her last day of work September 12, 2002.  See **Plaintiff's Affidavit.**  The separate individual acts that are part of the Plaintiff's hostile environment claim cannot be separated from the whole for purposes of timely filing and liability.  The Defendants have no defense; the defenses they have tried to assert are ineffective as to counts based on M.G.L.c. 151B § 4 and 42

U.S.C. § 2000e-(2); they do not apply to Plaintiff's common-law and other claims which were timely filed.  The Plaintiff is entitled to summary judgment as a matter of law.

                                               Respectfully Submitted,

                                               /s/James S. Dilday_____
                                               James S. Dilday, BBO#124360
                                               Dilday & Associates, LLC
                                               27 School Street, Suite 400
                                               Boston, MA 02108
                                               (617) 227-3470

Dated: 2/21/2008

## Certificate of Service

    I, James S. Dilday, hereby certify that I caused to be served a true copy of the foregoing document via electronic filing with the CM/ECF Pacer system.

                                               /s/ James S. Dilday_____
                                               James S. Dilday

Dated: 2/21/2008