UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| and  **SONIA FERNANDEZ** | ) |
|     Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
|     Defendants | ) |

**PLAINTIFF'S REPLY TO DEFENDNANTS CITY OF REVERE AND MAYOR THOMAS AMBROSINO'S OPPOSITION TO PLAINTIFF SONIA FERNANDEZ'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 290)**

**Background:**

The Plaintiff, Sonia Fernandez, timely filed her Motion for Summary Judgment at **Docket Nos: 284, 285 and 286**. The Plaintiff also filed her Opposition to the Defendants motion at **Docket No: 293.** The Plaintiff hereby files this document as a Reply to the Defendant's Opposition which is recorded in Docket Nos: 290, 291, and 292. This latter document consists of three (3) separate documents and more than twenty-seven (27) pages which exceed the limit stated by the Court.

**(1)Docket No: 290 is in direct conflict with Massachusetts administrative law and contradicts the provisions of 840 CMR 10:00 cited by the Defendants in their pleading.**

1

The Defendants argue that there were no findings, no decisions and no adjudications; they also argue that administrative agency decisions are not binding. They cite 840 CMR 10:11(4) and 10:13 in support of their position. This argument is self-contradictory and not supported by Massachusetts administrative law and practice.

The preamble of 840 CMR 10:00 states the following:

> 840 CMR 10:00 is the standard rules for disability retirement promulgated by the Public Employee Administration Commission under the authority of M.G.L.c. 7 § 50 and M.G.L.c. 32 §§ 6 and 21. …840 CMR 10:00 shall govern the following disability proceedings and procedures commenced by or before any retirement board after September 4, 1998.
>
> (1) Proceedings for ordinary and accidental disability retirement;
> (4) Procedures for medical examinations by medical panels on applications for disability retirement;

The purpose of PERAC's adjudicatory rules are stated in the following section:

> 10:02 Purpose of Standard Rules:Retirement Board Policy

The purpose of 840 CMR 10:00 is to establish uniform standards and procedures to be applied by retirement boards in ordinary and accidental disability retirement proceedings and procedures under M.G.L.c. 32 §§ 6,7,8 and 91A. It shall be the policy of the retirement board to make every reasonable effort to assist retirement system members to exercise all rights and obtain all benefits to which entitled and as authorized by the laws governing ordinary and accidental disability retirtement, while protecting the retirement system and the public against claims and payments for disability retirement not authorized by law.

PERAC's standards for valid decision making, the requirement and importance of substantial evidence and findings of fact are stated in the following section:

> 10:04: Standard For Decision, Findings of Fact
> (1) No retirement for ordinary or accidental disability shall be allowed unless the retirement board, based upon substantial evidence, makes findings of the facts upon which it relied in making its decision. The board must find that:
> (a) The member is unable to perform the essential duties of his position; and
> (b) The inability is likely to be permanent; and
> I If the application is for accidental disability retirement, that the incapacity is the natural and proximate result of a personal injury sustained or hazard undergone while in the performance of the member's duties at some definite place and some definite time without serious and willful misconduct on the member's part; and
> (d) the member should be retired.

The authority of the Medical Panel to make findings and the relationship between the findings of the PERAC Medical Panel and the local retirement board, like the Revere Retirement Board, is stated in 840 CMR 10:10(9).

> (9) Certification of Panel Findings.
> The medical panel…shall report their findings and recommendations to the retirement board through the Commission on certificates supplied by the Commission within 60 days after completing their examinations. The panel or physician… shall forward the report to the Commission for approval for payment of medical panel services. Within five days of receiving a properly completed medical panel or physician report, the Commission shall forward the report to the retirement board. The medical panel physicians shall certify whether the member is unable to perform the essential duties of his job, whether the inability is likely to be permanent and, if the application is for accidental disability, whether the disability I such as might be the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed. The physician designated by the Commission as Medical Panel Coordinator ….shall also file a narrative describing in detail the findings and recommendations of the report.

The medical panel that heard the case of the Plaintiff reported its findings and recommendations on the certificates supplied by the Commission. The Medical Panel certified its findings as required by 840 CMR 10:10(9); it included the narrative statement that described in detail the findings and recommendations of the report.

The next step in the process of this adjudication is described in 840 CMR 10:11(4) and states as follows:

> (4) If the medical panel findings permit retirement for the disability claimed, the retirement board shall determine whether or not to approve the application.

The Revere Retirement Board had the duty under these procedures to determine whether or not to approve the Plaintiff's application. It clearly chose to approve the Plaintiff's disability retirement application.

The final steps in this procedure iare governed by the provisions of 840 CMR 10:13. The provisions of 840 CMR 10:13 states:

> 10:13 Decision

> In all disability proceedings the decision of the retirement board shall be based exclusively on the record of the hearing or, if there is no hearing, on the record of the proceeding.

The retirement board approved the findings of the medical panel and did not hold a hearing. The decision to grant disability to the Plaintiff had to be based upon "the record of the proceedings." The record of the proceedings includes the findings of the medical panel but it is not limited to those findings.

The final procedural step in the grant of disability retirement is outlined in 840 CMR 10:13(1)(a). This section states the following:

> (a) Decision to Grant Application: Information to be Sent to Commission. If the retirement board decides to grant an application for disability retirement, a copy of the decision shall be sent to the Commission on the appropriate form together with a statement of the facts found by the retirement board and all the documentary evidence in the record that may be of assistance to the Commission including, without limitation, the following:
>
> 1. The certificate(s) of the medical panel, including any and all correspondence from the medical panel;
> 2. The certificate of the applicant's physician;
> 3. All descriptions of the accident, if the application is for accidental disability;
> 4. All descriptions of the member's duties;
> 5. All documents prepared by the member in connection with the application;
> 6. All documents prepared by the employer in connection with the application;
> 7. All documents prepared by the retirement board in connection with the application.

The Commission approved the retirement board's decision to grant the Plaintiff's application for disability. The documentation that the retirement board forwarded to the Commission included (5) documents, including a statement of facts, which are also part of her civil complaint; (2) psychiatric opinions from Dr. Millman, Beth Israel Hospital and other service providers. **Docket No: 286.**

The Involuntary Application filed by the Chief Reardon was not based on "gruesome events"; the documents required from the Plaintiff by (5) above include statements about

the hostile environment of the Revere Police Department but does not mention "gruesome events". The Defendants did not mention "gruesome events" or provide any documentation that "gruesome events" not hostile work environment caused the Plaintiff' disability. The documentation that the Revere Retirement Board provided to the Commission for its approval contained only one document that mentioned "gruesome events." The provider opinions, attached to the Plaintiff's Motion for Summary Judgment as **Exhibits F & G**, mention "gruesome events" not as the basis of the Plaintiff's disability but as work condition aggravated by the hostile work environment of the Revere Police Department.

The Plaintiff's retirement disability was clearly adjudicated pursuant to the provisions of 840 CMR 10:00 et seq. The medical panel is clearly authorized to make findings; it made findings. The Revere Retirement Board and the Commission clearly made an administrative decision to grant the Plaintiff retirement disability. The Defendants are collaterally estopped from retrying the facts on which the Plaintiff's disability is based**.**

Respectfully submitted,

By her attorney,

/s/ James S. Dilday_____
James S. Dilday, BBO# 124360
Dilday & Associates, LLC
27 School Street, Suite 400
Boston, MA 02108
(617)227-3470

Dated: 3/3/08

### Certificate of Service

I, James S. Dilday, hereby certify that I caused to be served a true copy of the foregoing document upon electronic filing via the CM/ECF Pacer system.

5

/s/ James S. Dilday
James S. Dilday

Dated: 3/3/08