UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES ) | |
| and  SONIA FERNANDEZ ) | |
|     Plaintiffs ) | |
| ) | |
| VS. ) | |
| ) | |
| CITY OF REVERE, THOMAS ) | |
| AMBROSINO, MAYOR, CITY ) | |
| OF REVERE POLICE DEPT. ) | |
| TERRENCE REARDON, CHIEF ) | |
| OF POLICE, BERNARD FOSTER ) | |
| SALVATORE SANTORO, ROY ) | |
| COLANNINO, FREDERICK ) | |
| ROLAND, THOMAS DOHERTY ) | |
| JOHN NELSON, JAMES RUSSO ) | |
| MICHAEL MURPHY and ) | |
| STEVEN FORD ) | |
|     Defendants ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS CITY OF REVERE AND MAYOR THOMAS AMBROSINO'S OBJECTIONS AND MOTION TO STRIKE THE STATEMENT OF MATERIAL FACTS OF SONIA FERNANDEZ (DOCKET NO. 291)**

The Plaintiff, Sonia Fernandez, timely filed her Motion For Summary Judgment at **Docket Nos: 284, 285, and 286**. The Plaintiff also filed her Opposition to the Defendants motion –**Docket No: 293.**

The Plaintiff hereby files this document as a Reply to Defendants Opposition to her Statement Of Material Facts. The Defendants have filed three separate documents as part of their opposition. Docket Nos: 290, 291, and 292. This method of filing allows the Defendants to exceed the twenty page limit filed set by the court for Opposition pleadings. The Plaintiff's Statement of Material Facts and signed by the Plaintiff is filed at **Docket No: 285 Exhibit 1.** Attached as **Exhibit A** to this document is a Statement of Material Facts signed by Plaintiff's counsel.

1

Below is a paragraph by paragraph response to the Defendants and their objections:

1. The policymakers of the City of Revere are its elected officials, Mayor and City Council [Exhibit L-M.G.L. c. 43 §56, 59, 61 and Exhibit M-Thomas Ambrosino's Statement of Undisputed Facts paragraphs 3 & 4]

*Defendants' Objection: This is conclusion of law and not a statement of fact.*

**Plaintiff's Response: The paragraph includes facts from the Defendants Statement of Undisputed Facts and the facts of which the Court can take judicial notice.**

4. The City of New Bedford also has a Plan B form of government. [Exhibit N-<u>Gonsalves v. City of New Bedford</u>, 939 F. Supp. 915 (1996)].

*Defendants' Objection: The cited case was decided almost twelve years ago based upon facts which are older still. Just because the City of New Bedford has a Plan B form of government then does not mean it has one at this time. Moreover, what form of government the City of New Bedford had or has is irrelevant to any issue in this case.*

**Plaintiff's Response: The Defendant, City of Revere and the City of New Bedford both have Plan B form of government. That fact is both relevant and admissible because <u>Gonsalves v City of New Bedford,</u> 939 F. supp. 915 (1996) is the controlling case on municipal liability in this circuit.**

5. The position of the Chief of Police in both the City of Revere and the City of New Bedford is created by City ordinance. The Chief of Police of the City of Revere is appointed by the Mayor subject to confirmation by the City Council. This position in the City of Revere was made exempt from the civil service laws of the Commonwealth. [Exhibit 0-Affidavit of Thomas Ambrosino & Letter of Appointment to Terrance Reardon].

*Defendants' Objection: How the position of the Chief of Police is created in the City of New Bedford is irrelevant to any issue in this case.*

**Plaintiff's Response: The City ordinances of both cities created the relationship between the Mayor and the Chief of Police. This relationship is crucial to the municipal liability of the City of Revere.**

8. James Russo held the title of the Chief of Police when she began her employment at the Revere Police Department.

*Defendants' Objection: This statement of fact is unsupported by any citation to the record as required by Local Rule 56.1.*

**Plaintiff's Response: Paragraphs 7-11 of the Plaintiff's Affidavit confirm both the Chief's position and her early experiences with Chief Russo.**

11. The Plaintiff was unpaid from March 15, 2001 to September 30, 2001. [Exhibit K].

*Defendants' Objection: The referenced document supports only that the Mayor granted Plaintiff an additional three-month unpaid leave of absence effective July 1, 2001, until September 30, 2001. Thus, the record, as required by Local Rule 56.1, does not adequately support this statement.*

**Plaintiff's Response: The Plaintiff was unpaid from March 16, 2001 until September 30, 2001. The letter from the Mayor granting leave from March 16, 2001 to June 16, 2001 is attached to this document as Exhibit B.**

12. The Plaintiff was at the Department between October 2001 to September 10, 2002.

3

*Defendants' Objection: The statement is ambiguous and is also unsupported by any citation to the record as required by Local Rule 56.1/*

**Plaintiff's Response: The Plaintiff was demoted. She returned to the department on October 1, 2001 but was not allowed to resume the essential duties of her job.**

14. After hearing, the Medical Panel of PERAC made a unanimous finding of fact dated September 12, 2004 [Exhibit J] in response to the Involuntary Retirement Application filed by Chief Reardon. [Exhibit J].

*Defendants Objection: This statement is ambiguous to the extent that it does not identify the "finding of fact." Further, the issues of whether and the extent to which the Medical Panel made findings of fact involve disputed issues of fact and law which defend upon the interpretation of the reference document. In this regard, the document speaks for itself. See Defendants' Opposition to Plaintiff's Motion for Summary Judgment. In fact, the Defendants contend that the Medical Panel rendered an opinion solely on the question of the degree of plaintiff's alleged impairment, and deny that the Medical Panel made findings of fact at all.*

**Plaintiff's Response: The Medical panel is authorized to make the finding of fact that constituted the basis of the Plaintiff's retirement disability. 840 CMR 10:11(4).**

15. The Psychiatric Medical panel concluded that the Plaintiff, Sonia Fernandez, had met the criteria for post traumatic stress disorder (PTSD) based on the hostile work environment of the Revere Police Department. [Exhibit J].

*Defendants' Objection: This statement is patently false and not made in good faith. No reasonable person could possibly interpret the Medical Panel's conclusion that the Plaintiff had met the criteria for PTSD as being based on the alleged hostile work environment of the Revere Police Department. Not only did the Panel not say this, but it clearly stated that it was basing its conclusion on the "specific work related 'gruesome' events" that the patient experienced. Since the word "gruesome" was specifically*

4

*mentioned in the history portion of the narrative only in reference to events Plaintiff had experienced at crime scenes – like someone had shot himself in the head – it is obvious that the Medical Panel was referring to the horrible crime scene experiences, and not the alleged hostile work environment at the Police Department.*

**Plaintiff's Response: The decision of the medical panel was based on substantial evidence. 840 CMR 10:04(1). The Plaintiff's oral testimony of "gruesome events" does not, standing alone, constitute substantial evidence. The decision had to be based on the entire record including the plaintiff's narrative of the hostile work environment and the professional opinions submitted.**

16. The psychiatric panel concluded that the patient was mentally incapable of performing the essential duties of her job as a Police Officer as described in the current job description. The panel based this conclusion on the severity of the patient's psychiatric symptoms and the professional support provided. [Exhibit J].

*Defendants' Objection: This is an exact quote from the Panel's conclusion, except for the last part of the second sentence. Again, the gratuitous inclusion of the clause, "and the professional support provided," is patently false and deliberately distorts and misstates the Panel's meaning.*

**Plaintiff's Response: Dr. Millman and other service providers supplied documentation that completed the record and supported the panel's conclusion.**

18. The panel concluded that the said incapacity is such as might be the natural and proximate result of the personal injury sustained or hazard undergone on which retirement is claimed. The panel based this conclusion on the specific work related "gruesome events" which are a normal part of police work.

*Defendants' Objections: Here, the Plaintiff takes the same improper liberties with the Panel's language as she did above in paragraph 16. Again, she deliberately distorts and*

5

*misstates the Panel's meaning by substituting her own words – "which are a normal part of police work" – for the words the Panel used – "that the patient experienced." The attempted deception is underscored by the manner in which she seamlessly splices her made-up clause into the Panel's quoted language.*

**Plaintiff's Response: The only "attempted deception" comes from the Defendants. The "gruesome events" to which the plaintiff testified are, in fact, part of police work. To ignore documentary evidence in favor of oral testimony, to exclude one source of evidence at the expense of the other, to pretend that the testimony of "gruesome events" constitutes the sole and complete basis for the panel's decision is willing self-deception. Substantial evidence requires consideration of the entire record.**

19. The hostile environment gave these otherwise routine events traumatic force. [Exhibits F & G].

*Defendants' Objection: The statement is ambiguous to the extent it is unclear whether "these otherwise routine events" are the "gruesome events" referred to above. In any event, the Defendants dispute that the alleged hostile environment caused Plaintiff trauma or that the referenced documents – doctor's notes containing Plaintiff's own self-serving statements made after she commenced litigation against the City – support such an assertion.*

**Plaintiff's Response: The Plaintiff's statement is clear and unambiguous. It is based on the entire record and the Plaintiff's entire experience at the Revere Police Department.**

20. The Defendants did not appeal this determination as provided by M.G.L. c. 30A. They also did not request clarification. [Exhibit R- M.G.L. c. 30A §14].

*Defendants' Objection: This statement is ambiguous in that it is unclear what determination is referred to. To the extent Plaintiff is referring to some aspect of the Medical Panel's conclusion, the Defendants contend that whether they appealed any determination based on the Medical Panel's conclusion or requested clarification is irrelevant to any issue on this case.*

**Plaintiff's Response: M.G.L.c. provides appeal rights for adjudicatory determinations made pursuant to 840 CMR 10:00 et seq.  These determinations become final after the expiration of the appeal period. The determination in Exhibit J became final at the expiration of the appeal period provided in M.G.L.c. 30A.**

21. The Plaintiff now receives retirement disability based on this adjudication.

*Defendants' Objection: This statement is unsupported by any citation to the record as required by Local Rule 56.1. Moreover, the characterization of the PERAC proceedings as an "adjudication" is an erroneous conclusion of law. See Defendants' Opposition to Plaintiff's Motion for Summary Judgment.*

**Plaintiff's Response: The proceedings that determined the Plaintiff's disability and the procedures used in the proceedings are recorded at 840 CMR 10:00 et seq. These regulations were promulgated by the Public Employee Retirement Administration Commission (PERAC) under the authority of M.G.L.c. 7 §50 and M.G.L.c. 32 §§ 6 and 21.**

24. The federal and state claims are intertwined in all four (4) counts of the Plaintiff's complaint and all arise from the same nucleus of operative facts.

*Defendants' Objection: This statement of fact is unsupported by any citation the record as required by Local Rule 56.1. Moreover, it is an incomprehensible conclusion of law and fact.*

**Plaintiff's Response**: The Plaintiff's complaint stated two counts based on M.G.L.c. 151 § 4 and 42 U.S.C. § 2000e-2; two other counts are based on common law; the plaintiff also makes a claim based on discrimination based on disability. Docket No:1 and Exhibit X in Docket No:286.

These responses should be incorporated into the Plaintiff's Statement of Material Facts and the documents should be embraced in their entirety.

    Respectfully submitted,

    By her attorney,

    /s/ James S Dilday_____
    James S. Dilday, BBO# 124360
    Dilday & Associates, LLC
    27 School Street, Suite 400
    Boston, MA 02108
    (617) 227-3470

Dated: 3/3/08

### Certificate of Service

    I, James S. Dilday, hereby certify that I have caused to be served upon all parties of record a true copy of the foregoing document by electronic filing via the CM/ECF Pacer system.

    /s/ James S. Dilday_____
    James S. Dilday

Dated: 3/3/08