**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 03-12499 MLW**

| | |
|---|---|
| **TERRI L. PECHNER-JAMES** | ) |
| **and  SONIA FERNANDEZ** | ) |
| **Plaintiffs** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **CITY OF REVERE, THOMAS** | ) |
| **AMBROSINO, MAYOR, CITY** | ) |
| **OF REVERE POLICE DEPT.** | ) |
| **TERRENCE REARDON, CHIEF** | ) |
| **OF POLICE, BERNARD FOSTER** | ) |
| **SALVATORE SANTORO, ROY** | ) |
| **COLANNINO, FREDERICK** | ) |
| **ROLAND, THOMAS DOHERTY** | ) |
| **JOHN NELSON, JAMES RUSSO** | ) |
| **MICHAEL MURPHY and** | ) |
| **STEVEN FORD** | ) |
| **Defendants** | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS CITY OF REVERE AND MAYOR**
**THOMAS AMBROSINO'S OBJECTIONS AND MOTION TO STRIKE AFFIDAVIT  OF**
**SONIA FERNANDEZ (DOCKET NO. 292)**

The Plaintiff, Sonia Fernandez, timely filed her Motion For Summary Judgment at

**Docket Nos: 284, 285, and 286**. The Plaintiff also filed her Opposition to the Defendants motion

–**Docket No: 293.**

The Plaintiff hereby files this document as a Reply to Defendants Opposition to her

Affidavit. The Defendants have filed three separate documents as part of their opposition.

Docket Nos: 290, 291, and 292. This method of filing allows the Defendants to exceed the

twenty page limit filed set by the court for Opposition pleadings. The Plaintiff's Affidavit is filed

at **Docket No: 284 Exhibit 1.**  Below is a paragraph by paragraph response to the Defendants

and their objections.

**<u>Requirements of Affidavit</u>**

An affidavit for purposes of Fed. R. Civ. P. 56(e) must meet three prerequisites: (1) it must be sworn upon personal knowledge; (2) it must state specific facts admissible in evidence at time of trial; (3) it must be offered by a competent affiant. The Defendants have objected to the Plaintiff's Affidavit filed with her Motion For Summary Judgment. The Plaintiff responds as follows:

4. I was one of a group of seven (7) female officers who were hired by the Revere Police Department at the same time.   Most of my fellow female officers are no longer employed by the Revere Police Department.    Three (3) female officers, including myself, filed discrimination complaints with the Massachusetts Commission Against Discrimination (MCAD) based on the hostile environment of the Revere Police Department.

_Defendants' Objection_: _Objection.  Irrelevent._

**Plaintiff's Response: Paragraph 4 of Plaintiff's affidavit meets the three prerequisites. The paragraph is based on her personal knowledge, it was included in a sworn document; it is a fact that would be admitted at trial; the Mayor admitted in Exhibit T attached to Plaintiff's Motion For Summary Judgment, that  other female officers have filed complaints with the MCAD; and the Plaintiff is competent to testify. The Defendants objection of relevancy is not part of the prerequisites; it is an objection that may be interposed at time of trial.**

6. I pursued my professional objectives in spite of the hostile work environment of the Revere Police Department.

_Defendants' Objection_: _Objection.  Lack of foundation.  Assumes facts._

**Plaintiff's Response: Paragraph 6 meets the three criteria discussed above. Lack of foundation and assumption of facts are objections that can be interposed at trial. They do not individually or collectively render the Plaintiff's affidavit improper.**

8. I was a new recruit at the time of the meeting. Chief Russo confronted me with a letter from an anonymous party. That letter accused me of drug use, accused my family of criminal activities. I was alone with the Chief. I had no legal representation at this meeting. I did not want to have my interrogation by the Chief to be recorded by the Chief decided to record it. **Paragraph 104 of Plaintiff's Verified Complaint.** The Chief never provided me with a copy of my interrogation.

*Defendants' Objection: Objection. Irrelevant.*

**Plaintiff's Response: Paragraph 8 was included in Plaintiff's sworn affidavit; it contains facts that are admissible at trial; the Plaintiff is competent to testify to her personal experiences of paragraph 8. Relevancy is a defense that can be interposed at trial but it is not one of the elements required by Fed. R. Civ. P. 56(e).**

9. I felt intimidated by the meeting and the interrogation; I feared for my new career.
I knew that allegations of drug use and criminal conduct, even untrue, could derail my career and damages my reputation.

*Defendants' Objection: Objection.  Irrelevant.*

**Plaintiff's Response: Paragraph was included in Plaintiff's sworn affidavit; it contains facts that are admissible at time of trial, and Plaintiff, Sonia Fernandez, is competent to testify about the contents of paragraph 9. Defendants' objection of relevancy can be interposed at trial but it is not on of the three prerequisites of Fed. R. Civ. P. 56(e).**

10. Chief Russo ended the interrogation by referring me to Dr. Barry who was a consultant for the Revere Police Department.   Dr. Barry did not substantiate the allegations of Chief Russo.

*Defendants' Objection:  Objection.  Irrelevant.  Moreover, the statement mischaracterizes the allegations contained in the anonymous letter as the Chief's, as opposed to the letter writer's.*

**Plaintiff's Response**: **Paragraph 10 was included in the Plaintiff's sworn affidavit; it contains facts admissible in evidence at the time of trial; the Plaintiff is competent to testify to her personal experiences; the paragraph does not characterize, it simply states Plaintiff's experience.**

11. Chief Russo was the highest ranking of my superiors in the Police Department. His conduct, as the Chief, affected my perception of myself and the hostility that I experienced in the Department.

_Defendants' Objection_: _Irrelevant.  Moreover, the second sentence is incomprehensible._

**Plaintiff's Response**: **Paragraph 11 of Plaintiff's Affidavit meets the three prerequisites of Fed. R. Civ. P. 56(e). It was included in a sworn affidavit; it states a fact of which the court could take judicial notice and which is admissible at trial; the plaintiff is competent to testify to her experience with Chief Russo. Relevancy is an objection that can be interposed at trial but it is not an element of Fed. R. Civ. P. 56(e).**

12. The Citizen's Academy is a public relations forum conducted by the Department. This forum gives the Chief and other supervisors an opportunity to introduce new and subordinate officers to the general public.

_Defendants' Objection_: _Objection.  Irrelevant._

**Plaintiff's Response**: **Paragraph 12 was included in Plaintiff's sworn affidavit. It meets the three prerequisites of a proper affidavit; it states a fact that is admissible at trial; and the Plaintiff is competent to testify of her experience. The Defendants objection can be interposed at trial but it is not one of the prerequisites of Fed. R. Civ. P. 56(e).**

18. The lack of departmental support that is crucial to police work was absent from

my relationship with the superior officers.   Captain Roland was one of my superiors.   On one occasion in May 1996, he called me at home and instructed me to appear at Shirley Avenue to translate. He did not inform me that I was being called to a homicide scene.

*Defendants' Objection*: *Objection. The statement contains  facts  on  which  Plaintiff  Fernandez is  not competent to testify, and assumes facts.*

**Plaintiff's Response: Paragraph 18 was included in Plaintiff's sworn affidavit. The facts stated therein are admissible at trial; the Plaintiff is competent to testify about her personal relationship with her superior officers; she is competent to testify telephone calls to which she responded; she is competent to testify about her experience that night on Shirley Avenue.**

20. Captain Roland's decision placed me, as a police officer, in danger by summoning (sic) to a homicide scene without proper information, uniform or weapon.

*Defendants' Objection*: *Objection. The statement contains facts  on  which  Plaintiff  Fernandez is  not competent to testify.*

**Plaintiff's Response: Paragraph 20 was included in Plaintiff's sworn affidavit; the fact that she was at the homicide scene without information, uniform or weapon is admissible at trial; she is competent to testify about her experience and the contents of paragraph 20.**

21. After I arrived at the homicide scene, I noted that Officer Arcos and Officer Kevin Colannino, both of whom the Department had certified as Spanish-speaking, had not been summoned to the scene as translators.

*Defendants' Objection*: *Objection.  Irrelevant and assumes facts.*

**Plaintiff's Response: Paragraph 21 was included in a sworn affidavit; it contains facts that are admissible at trial, and the Plaintiff is competent to testify to her experience and observations at the homicide scene.**

23. Other supervisors commented on the inherent dangerousness of my position. Both Lieutenant Wallace and Sergeant Picardi agreed that Captain Roland placed me in a dangerous position at a homicide scene without a gun or uniform.

*Defendants' Objection: Objection.  Allegations contained in this statement are not made on personal knowledge and are based on inadmissible hearsay.*

**Plaintiff's Response: Paragraph 23 was included in a sworn affidavit; it contains facts that the Plaintiff heard and experienced and that are admissible at trial. The Plaintiff is competent to testify to her experiences and her observations.**

24. The Shirley Avenue incident is not the only occasion that a supervisor placed me in a dangerous situation without proper equipment or support.

*Defendants' Objection: Objection. The statement contains facts on which Plaintiff Fernandez is not competent to testify, and assumes facts.*

**Plaintiff's Response: Paragraph 24 was included in a sworn affidavit; its contents are based upon the Plaintiff's knowledge and experience; she is competent to testify to both her experience and her knowledge.**

25. During the winter months of 1997, Captain Chaulk assigned me to "walking routes" at the Northgate Shopping Center.  One winter night he ordered me to exit the cruiser and to walk, unaccompanied and without peer supporting the parking lot of the shopping center. **Paragraph 7 of Plaintiff's Verified Complaint.**

*Defendants' Objection: Objection.  Irrelevant.*

**Plaintiff's Response: Paragraph 25 was included in a sworn affidavit; it contains Plaintiff's experiences. These experiences are admissible at trial and the Plaintiff is competent to testify to these experiences. Paragraph 25 meets the prerequisites of Fed. R. Civ. P. 56(e). Objections of relevancy can be interposed at trial but they are not part of the prerequisites of compliance with Fed. R. Civ. P. 56(e).**

30. I have hearing loss.   This fact was known to the Department when I was employed.  It has been confirmed by several medical authorities including Beth Israel Deaconess Medical Center; that Center stated in a report dated July 11, 2000: <u>"Additionally, the patient has decreased hearing in each ear which has been attributed to lead paint ingestion as a child.   The left ear has a greater hearing loss than the right."</u>  **Exhibit D**.

*Defendants' Objection: Objection. Plaintiff's statements contained in the treatment notes are irrelevant and inadmissible. Further, evidence of medical conditions and the results of physical examinations are inadmissible in the absence of expert testimony. Since Plaintiff has disclosed no medical expert witnesses in this case and has no expectation of producing any such experts, such evidence is entirely incompetent and inadmissible.*

**Plaintiff's Response: Paragraph 30 was included in the Plaintiff's sworn affidavit. This information is known to her, it is contained in her medical records and it is admissible at trial. These records are kept in the normal course of business, they are medical records. Plaintiff's treating physician can testify, not as an expert, but as a "witness to the facts of their examination, diagnosis and treatment of the patient." <u>McDermott v FedEx Ground Systems</u>, 2007 U.S. Dist LEXIS 95961 (Dec. 20, 2007). Both the Plaintiff and her treating physicians are competent to testify. Objections on the grounds of relevancy can be interposed at trial but do not affect the propriety of the affidavit.**

33. Lieutenant Foster also made hostile remarked that were personal in nature.   On February 28, 2000, he entered the radio room where I was working and told me, angrily, to "pick up my hair."  He remarked: "What do you think?  You're special?"  He further ordered me to get

my hair off my shoulders or get it cut.   I found his remark unrelated to my work, hostile in tone and personal in nature.

_Defendants' Objection_: _Objection.  Minor reprimands of this nature are entirely irrelevant._

**Plaintiff's Response: Paragraph 33 was included in Plaintiff's sworn affidavit. The contents of the paragraph are admissible at trial, they are part of the hostile work environment and an integral link in the chain of Lieutenant Foster's "continuing violation" of Plaintiff civil rights. The Plaintiff is competent to testify about her experiences with Lieutenant Foster. Objections on the grounds of relevancy can be interposed at trial but do not affect the validity of the plaintiff's affidavit.**

34.  I was not the only female officer who experienced the hostility of the Revere Police Department. On January 7, 1999, I attended a meeting at the Revere Beachmont station. The female patrol division requested this meeting. The purpose of this meeting was to bring to the attention of the Department the collective experiences of the female patrol division.

_Defendants' Objection_: _Objection to the extent that allegations contained in this statement are not made on personal knowledge and are based on inadmissible hearsay._

**Plaintiff's Response: Paragraph 34 was included in Plaintiff's sworn affidavit. The existence of the meting, the subject matter of the meeting, the documents generated as a result of the meeting of January 7, 1999 are admissible at trial. The Plaintiff is competent to testify. In addition, the Defendants have not identified the portions of this short paragraph to which they object.**

35. The meeting confirmed that other female officers were experiencing hostility and harassment from supervisors at the Revere Police Department.   On January 14, 1999, Captain Chaulk and Captain Roland prepared a written report of that meeting.   **Verified Complaint Exhibit D**.

*Defendants' Objection: Objection. Allegations contained in this statement are not made on personal knowledge and are based on inadmissible hearsay*

**Plaintiff's Response: Paragraph 35 was included in the Plaintiff's sworn affidavit; the report prepared as a result of that meeting is admissible as a business record; the Plaintiff's experience of that meeting is also admissible; the Plaintiff is also clearly competent to testify. Business records and personal observations are not hearsay; these objections can be interposed at trial.**

36. I read the report.   The report reflected the content of the meeting.   It documented that the other female officers were also experiencing hostility and harassment from the Revere Police Department.

*Defendants' Objection: Objection. The document it refers to speaks for itself.*

**Plaintiff's Response: Paragraph 36 was included in Plaintiff's sworn affidavit; the report is admissible as a business record; the Plaintiff is competent to testify about what she read. "The document it refers to speaks for itself" is neither a requirement of an affidavit nor grounds for an objection.**

37. After the meeting of January 7, 1999, I learned that two cruisers, one assigned to Terri Pechner-James and the other assigned to Lyn Curcio at night.   The cruisers had been parked at the International House of Pancakes.  All eight (8) tires had been slashed.

*Defendants' Objection: Objection. Allegations contained in this statement are not made on personal knowledge and are based on inadmissible hearsay.   Moreover, the alleged incident is irrelevant to any issue in the case.*

**Plaintiff's Response: Paragraph 37 was included in the Plaintiff's sworn affidavit; The vandalism of these cruisers is crucial to the hostile environment in which the Plaintiff worked. The co-plaintiff and Lyn Curcio were involved in the incident. The Defendants**

**have failed to show that the Plaintiff acquired her knowledge of this incident in a manner that qualifies as hearsay. The Plaintiff is competent to testify to what she heard, saw or read. This incident is highly relevant to the hostile work environment of this case.**

38. The report of this incident was traumatic.   I felt intimidated by such a violent night attack on the automobile of fellow officers.   My feeling of intimidation was increased because of the response of the Department.

*Defendants' Objection: Objection. Allegations contained in this statement are not made on personal knowledge, are based on inadmissible hearsay, and assume facts. Moreover, the alleged incident is irrelevant to any issue in this case.*

**Plaintiff's Response: Paragraph 38 was included in the Plaintiff's sworn affidavit. Her experience of this incident is admissible and the plaintiff is clearly competent to testify. The Defendants objection is boilerplate and an exact repetition of their objection to No.37.**

39. I do not know the identities of the vandals.   The Department also did not tell us that they investigated the incident or that they made a good faith effort to find the vandals.   My feeling of insecurity and vulnerability as a female police officer was increased because the Department seemed indifferent to an obvious threat to lives of female police officers and deliberate damage to their property.

*Defendants' Objection: Objection.   Allegations contained in this statement are not made on  personal knowledge, are based on inadmissible hearsay, and assume facts.   Moreover, the alleged incident is irrelevant to any issue in the case.*

**Plaintiff's Response: Paragraph 39 was included in the Plaintiff's sworn affidavit. Because the case involves Post Traumatic Stress Disorder and a hostile work environment, paragraph 39 is admissible as evidence. The plaintiff is competent to testify. The Plaintiff's personal experience does not constitute hearsay.**

42. During the summer of 1996, the Revere Police Department had a softball match against the Saugus Police Department.   Sergeant Picardi was on the Revere Police team.   A member of the Saugus team said that he heard that Revere had a lot of women on the force. Sergeant Griffin agreed and added that "this one (referring to Sgt. Picardi) is fucking the Spanish one (referring to me)."   This insensitive statement by one of my superiors in the Department was extremely distressing to me.

*Defendants' Objection: Objection. Allegations contained in this statement are not made on personal knowledge and are based on inadmissible multilevel hearsay.*

**Plaintiff's Response: Paragraph 42 was included in the Plaintiff's sworn affidavit. The Plaintiff is competent to testify about a conversation with a man with whom she had a relationship. Her conversation is the source of her knowledge. He conversation is admissible not for the truth of what it asserts but to show the conversation and the relationship. Paragraph 42 is admissible and the plaintiff is competent to testify about her experience.**

46. I sought professional help in my effort to keep my job and to cope with the hostility of the environment in which I worked.  At the North Suffolk Mental Health Association, I was treated by several professionals.   The notes from the Association confirm that as late as April 7, 2003, I was suffering from "Chronic Depression and numbness," "insomnia," "mood instability" and eating instability."   **Exhibit F-North Suffolk Mental Health Association-11 items**.

*Defendants' Objection: Objection.   Plaintiff's self-serving statements contained in treatment notes are irrelevant and inadmissible.   Medical diagnoses and opinions are inadmissible in the absence of expert testimony.   Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, such opinions are entirely incompetent and inadmissible.  Moreover, in the absence of expert testimony as to the cause of such symptoms, they are irrelevant.*

**Plaintiff's Response**: Paragraph 46 was included in the Plaintiff's sworn affidavit. The medical diagnoses and opinions are business records kept in the regular course of business, medical records and are admissible through a keeper of the records. In addition, Plaintiff's treating physicians and service providers can testify, not as an expert, but as a "witness to the facts of their examination, diagnosis and treatment of patient". **McDermott v FedEx Ground Systems**, 2007 U.S. dist. LEXIS 95961 (Dec. 20, 2007). Both the Plaintiff and her treating professionals are competent to testify.

47. The notes from the Association will confirm that on April 14, 2003, that (sic) I complained of "crying spells, anger/irritability."   The Notes also confirm that I experienced "multiple acts of hostility (racial slurs against Hispanic people, against Chelsea residents."   The (sic) also reveal that I felt "belittled, mocked, and harassed due to [my] hearing disability."

*Defendants' Objection: Objection.  Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.*

**Plaintiff's Response**: Paragraph 47 was included in the Plaintiff's sworn affidavit.  The medical diagnoses and opinions of the Association are highly relevant in a case that is based on "hostile work environment", Post Traumatic Stress Disorder and racial discrimination. The Notes are admissible as medical records and as records kept in the ordinary course of business. The Plaintiff is competent to testify about her treatment and diagnosis by the Association.

48. The Notes also reveal that I "felt overwhelmed by being sent into dangerous situations alone." This kind of treatment is commonly referred to as departmental betrayal.

*Defendants' Objection: Objection. Plaintiff's self-serving statements contained  in  treatment notes  are irrelevant and inadmissible.   Further, statements and opinions concerning what Plaintiff terms "departmental betrayal" are inadmissible in the absence of expert testimony. Since Plaintiff has disclosed no expert witnesses in this case and has no expectation of producing any such experts, such statements and opinions are entirely incompetent and inadmissible.*

**Plaintiff's Response**: **Paragraph 48 was included in the Plaintiff's sworn affidavit. The statements and opinions concerning "departmental betrayal" are admissible as business/medical records; the testimony of her treating professionals is also admissible, not as experts, but as "witnesses to the facts of their examination, diagnosis and treatment of the patient". See <u>FedEx Ground Systems</u>, supra.**

49. The Notes also confirm that I witnessed routine police tragedies, mutilated bodies and children dying in a fire; these tragedies were "all made worse by [my] colleagues coping mechanism of "disrespectful" humor which was disrespectful to crime victims.   Police work, even the tragedies, did not disable me.   It was the persistent "disrespectful" attitude even when expressed as humor that made the environment of the Revere Police Department an impossible place in which to work.

*Defendants' Objection: Objection.   Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.*

**Plaintiff's Response**: **Paragraph 49 was included in the Plaintiff's sworn affidavit. The statements in the Notes of the Association are relevant because they provide a context for the "gruesome events" that the Defendants emphasized in Docket No: 290. These statements are also admissible as business/medical records; the testimony of treating professionals is also admissible, not as experts but as witnesses to the facts of their examination, diagnosis and treatment of the Plaintiff. See <u>FedEx Ground Systems</u>, supra.**

50. The Association Notes of April  14,  2003, confirm that I was diagnosed with panic, anxiety and moderate case of Post Traumatic Stress Disorder.   I received therapy and medication for my diagnosed conditions.

*Defendants' Objection: Objection.    Medical diagnoses and opinions are inadmissible in the absence of expert testimony.  Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, such opinions are*

*entirely incompetent and inadmissible. Moreover, in the absence of expert testimony as to the cause of the alleged symptoms and conditions, they are irrelevant.*

**Plaintiff's Response: Paragraph 50 was included in the Plaintiff's sworn affidavit. The medical diagnoses and opinions are admissible as business/medical records; the testimony of treating professionals is also admissible, not as experts, but as witnesses to the facts of their examinations, diagnosis and treatment of the Plaintiff. See FedEx Ground Systems, supra.**

51. I was also treated by doctors and psychotherapists at the Beth Israel Deaconess Medical Center/Healthcare Associates, 3390 Brookline Avenue, Boston, MA 022115.  I was treated by the Medical Center during 2000 and 2001.  Their Notes are attached as **Exhibit G-Beth Israel Deaconess Medical Center-Notes 14 items**.

*Defendants' Objection: Objection. Plaintiff's self-serving statements contained in treatment notes are irrelevant and inadmissible. Medical diagnoses and opinions are inadmissible in the absence of expert testimony. Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, such opinions are entirely incompetent and inadmissible. Moreover, in the absence of expert testimony as to the cause of such symptoms, they are irrelevant.*

**Plaintiff's Response: Paragraph 51 was included in the Plaintiff's sworn affidavit. The medical diagnoses and the opinions of the doctors and the psychotherapists at the Beth Israel Deaconess Medical Center/Healthcare Associates are business/medical records and admissible; the treating professionals of the Beth Israel Deaconess Medical Center can also testify, not as experts, but as witnesses to the facts of their examination, diagnosis and treatment of the Plaintiff. See FedEx Ground Systems, supra.**

52. The notes of Geoffrey S. Gilmartin, M.D., and Gila Kreigel, M.D. dated January 5, 2000 confirm that I was diagnosed with Panic Attacks; it also confirms that I was suffering from increased stress.  The report confirmed that the doctors prescribed medication and

discussed the "importance of maintenance of supportive network" to counteract the negative effect of my negative work environment.

_Defendants' Objection_: _Same objection as to ¶ 51._

**Plaintiff's Response**: **Paragraph 52 was included in the Plaintiff's sworn affidavit. The diagnoses of Geoffrey S. Gilmartin, M.D. and Gila Kreigel, M.D. are business/medical records and admissible; these treating physicians can testify, not as experts, but as witnesses to the facts of their examination, diagnosis and treatment of the Plaintiff. See FedEx Ground Systems, supra.**

53. Page 14 of Exhibit G confirms that my "psychiatric symptoms" affected my ability to gain weight.

_Defendants' Objection_: _Objection.  Plaintiff's self-serving statements contained in treatment notes are irrelevant and inadmissible.  Medical opinions concerning symptoms and their effects are inadmissible in the absence of expert testimony.  Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, such opinions are entirely incompetent and inadmissible.  Moreover, in the absence of expert testimony as to the cause of such symptoms, they are irrelevant._

**Plaintiff's Response**: **Paragraph 53 was included in the Plaintiff's sworn affidavit. The diagnoses and opinions mentioned in paragraph 53 are business/medical records and admissible. The treating professionals can testify, not as experts, but as witnesses to the facts of their examination, diagnosis and treatment of the Plaintiff.**

54. Dr. Marlene Millman on page 14 of Exhibit G confirms on July 11, 2000, that my "insomnia" and "panic attacks" dated back to the time that I began work as a police officer.  The report confirmed my statement "I don't want to go to work anymore."   Her notes confirm my feeling of hopelessness and helplessness during this period.   Her report also confirmed my hearing loss: "the left ear [having] greater loss than the right."

*Defendants' Objection: Objection.   Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.*

**Plaintiff's Response: Paragraph 54 was included in the Plaintiff's sworn affidavit. Dr, Millman's diagnoses are business/medical records, they are already on record and they are admissible. Dr. Millman can testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

55. Dr. Millman's report also confirmed that I was experiencing a "Major depressive disorder, Panic Disorder without agoraphobia.  She also listed Job Stress as part of her diagnoses.

*Defendants' Objection: Objection.   Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.  Dr. Millman's opinions concerning diagnoses are inadmissible in the absence of expert testimony.   Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, Dr. Millman's statements and opinions are entirely incompetent and inadmissible.   Moreover, in the absence of expert testimony as to the cause of such diagnoses, they are irrelevant.*

**Plaintiff's Response:  Paragraph 55 was included in the Plaintiff's sworn affidavit. Dr, Millman's diagnoses are business/medical records, they are already on record and they are admissible. Dr. Millman can testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

56. On March 23, 2001, Dr. Millman wrote me a summary of my treatment.   She stated that I as diagnosed on July 2000 with a Major Depressive Disorder and that on February 12,  2001 I still met the criteria for Major Depressive Disorder and Panic Disorder without agoraphobia.   Exhibit G-Page 31.   She wrote this summary because I requested it in support of my request to Mayor Ambrosino for leave with pay.  The Mayor denied my request.

*Defendants' Objection: Objection.   Dr. Millman's opinions concerning diagnoses are inadmissible in the absence of expert testimony.   Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, Dr. Millman's statements and opinions are entirely incompetent and inadmissible.   Moreover, in the absence of expert testimony as to the cause of such diagnoses, they are irrelevant.*

**Plaintiff's Response**: **Paragraph 56 was included in the Plaintiff's sworn affidavit. Dr, Millman's diagnoses are business/medical records, they are already on record and they are admissible. Dr. Millman is competent to  testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff. The Plaintiff is also competent to testify to her treatment by Dr. Millman**.

57. On March 28, 2001, I visited with Dr. Jason Merola and Leonor Fernandez as part of a follow-up.   Dr. Merola noted that my  "insomnia, weight loss, anxiety and depressive symptoms" were continuing.   He noted and I observed that my weight had fallen from 101.2 to 99.2.   His notes reflect my experience of having difficulty at work and having difficult sleeping through the night.

*Defendants' Objection: Objection.   Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.   Further, Dr. Merola's findings concerning Plaintiff's medical condition  and  symptoms  are  inadmissible  in  the  absence  of  expert  testimony. Since Plaintiff has disclosed no medical or psychiatric expert witnesses in this case and has no expectation of producing any such experts, Dr. Merola's findings are entirely incompetent and inadmissible.   Moreover, in the absence of expert testimony as to the cause of such findings, they are irrelevant.*

**Plaintiff's Response**: **Paragraph 57 was included in the Plaintiff's sworn affidavit. Dr, Merola's diagnoses are business/medical records, they are already on record and they are admissible. Dr. Merola can testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

58. On April 3, 2001, my Social Worker, Elsie Parilla, L.I.C.S.W. described in her report my Presenting Problem as follows: "I am a police officer in the city of Revere and I have been harassed because of my poor hearing, my gender and race."  Exhibit G-Page 43.

_Defendants' Objection_: Objection.  Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.

**Plaintiff's Response**: **Paragraph 58 was included in the Plaintiff's sworn affidavit. Elsie Parilla's [ LICSW] diagnoses are business/medical records, they are already on record and they are admissible. She is competent to testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

59. Her report reflects my experience that "a series of incidents have caused her quite a bit of distress which include the hanging of a set of panties on the clip board of the police station where she works."   Her report correctly reflected that I was "the only [Latina] police officer that works there."

_Defendants' Objection:_ Objection.   Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.

**Plaintiff's Response**: **Paragraph 59 was included in the Plaintiff's sworn affidavit. Elsie Parilla's diagnoses are business/medical records, they are already on record and they are admissible. Elsie Parilla can testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

60. Her report included a reference to my experience with Lieutenant Ford when he stated "all Latinos were still considered cockroaches."   She accurately reflected my feelings when I stated to her that I was "uncomfortable, felt alienated and started to feel that I was [not ] being made part of the police force."

*Defendants' Objection*: *Objection.  Plaintiff's self-serving statements contained in treatment notes  are irrelevant and inadmissible.*

**Plaintiff's Response**: **Paragraph 60 was included in the Plaintiff's sworn affidavit. Elsie Parilla's diagnoses are business/medical records, they are already on record and they are admissible. Elsie Parilla is competent to testify, not as an expert, but as a witness to the facts of the examination of the plaintiff, the diagnosis and the treatment of the plaintiff.**

61. As a result of my experiences, it became impossible to continue to perform the essential duties on my job.   Mayor Thomas Ambrosino offered me unpaid leave of absence.   I was on unpaid leave of absence from March 2001 until October 2001.  I suffered loss of revenue and severe financial distress followed.  I lost my home during this period because of my inability to maintain mortgage payments.  I was returned to the Department in October 2001 but I was not returned to the essential duties of my job as described in **Exhibit H-Police Officer Essential Tasks.**

*Defendants' Objection*: *Objection.   The documents in question speak for themselves.   Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. Moreover, Plaintiff's self-diagnosis is inadmissible as she is not competent to render expert opinion testimony as to her condition and its cause.*

**Plaintiff's Response**: **Paragraph 61 was included in the plaintiff's sworn affidavit. The Plaintiff's is competent to testify that it became impossible for her to perform the essential duties of her job. The Mayor did offer her an unpaid leave of absence. The plaintiff did remain on leave from March 15, 2001 to September 30, 2001. The Plaintiff did suffer loss of revenue, severe financial distress did follow. The Plaintiff did lose her home because of her inability, without income, to maintain her mortgage payments. The Plaintiff was demoted. She was returned to the workplace but not to the essential duties of her job. These facts are admissible and the plaintiff is clearly competent to testify to these facts.**

62. On April 23, 2004, Chief Terrence Reardon, filed an Involuntary Retirement Application on my behalf.   Exhibit I-Involuntary Retirement Application.   The basis of the Employer filed application was that I was unable to perform the duties as stated in Exhibit H because of post traumatic stress disorder, and the anxiety, insomnia, and depression confirmed in the professional reports of my physicians and social workers.

*Defendants' Objection: Objection.  The document in question speaks for itself.  Plaintiff Fernandez's mischaracterization of the document is inadmissible, not to mention grossly inaccurate. Moreover, Plaintiff is not competent to render expert opinion testimony as to her alleged condition and its cause.*

**Plaintiff's Response: Paragraph 62 was included in Plaintiff's sworn affidavit. Exhibit I does speak for itself and it is admissible; the reason that the Plaintiff's application was assigned to the psychiatric panel was because of the basis of the application. That fact is also admissible. The Plaintiff is competent to testify about the content and purpose of her application.**

63. On August 13, 2004, at 11:30 a.m. a panel of three doctors appointed by the Public Employee Retirement Administration Commission (PERAC) examined me at the Sancta Maria Nursing Facility, 799 Concord Avenue, Cambridge, MA.

*Defendants' Objection: Objection.  The documents in question speak for themselves.*

**Plaintiff's Response: Paragraph 63 was included in Plaintiff's sworn affidavit. The documents do speak for themselves and there is no basis for the Defendants objection. These facts are admissible. The plaintiff is competent to testify.**

64. The panel considered my testimony and the professional supporting information contained in Exhibits F & G, specifically the opinions of Dr. Jason Merola, Dr. Darlene Millman, and Dr. Christopher Harmon.   These providers confirmed the causal connection between the

hostile work environment of the Revere Police Department and the personal (emotional) injury that made me unable to perform the duties stated in **Exhibit H**.

_Defendants' Objection_: Objection.   The documents in question speak for themselves.   Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate. Moreover, Plaintiff has no personal knowledge of what the panel considered, and is not competent to render expert opinion testimony as to her alleged condition and its cause.

**Plaintiff's Response**: **Paragraph 64 was included in Plaintiff's sworn affidavit. These documents do speak for themselves. The opinions of Dr. Harmon, Dr. Millman, and Dr. Merola were submitted to the Panel by the plaintiff. These reports are admissible and were part of the proceedings. The Plaintiff read the reports and is competent to confirm what was stated in the reports.**

65. The Medical Panel made a unanimous recommendation to PERAC.   PERAC reviewed the findings of the medical panel certificate and on September 20, 2004, issued adecision that included the following findings: . . .   ."

_Defendants' Objection_: Objection.   The documents in question speak for themselves.   Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate.

**Plaintiff's Response**: **Paragraph 65 was included in the sworn affidavit of the plaintiff. The Medical Panel findings, the unanimous recommendation to PERAC and PERAC's review are all part of the administrative record. These records are part of the adjudicatory process of 840 CMR 10:00 et seq. They are admissible. The plaintiff is competent to testify about her experience with the medical panel and the PERAC decision.**

66. The gruesome events referred to by PERAC are the same tragedies that I have referred to in paragraph 49.   They are a routine part of police work.   The events were "all made worse by [my] colleagues coping mechanism of "disrespectful" humor-disrespectful to crime

victims."   It was the disrespect, the isolation, the sense of departmental betrayal that caused my

personal (emotional) injury.

_Defendants' Objection_: *Objection.   Plaintiff's self-serving statements contained in treatment notes are irrelevant and inadmissible.   Moreover, Plaintiff's self-diagnosis is inadmissible as she is not competent to render expert opinion testimony as to her alleged condition and its cause.*

**Plaintiff's Response: Paragraph 66 was included in the sworn affidavit of the Plaintiff. The Plaintiff is repeating her statements to one of her providers. The Plaintiff's statements of her experience are admissible. She is competent to testify to her experiences.**

67. This personal (emotional) injury caused me to be unable to perform the essential

duties of my job as a police officer.   I lost my employment.   I lost my career.   I lost my identity

and sense of self-worth.   I lost the home I (sic) which I resided with my family during the time I

was on unpaid leave.

_Defendants's Objection_: *Objection.   The documents in question speak for themselves. Plaintiff's Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate.   Moreover, Plaintiff's self-diagnosis is inadmissible as she is not competent to render expert opinion testimony as to her alleged condition and its cause.*

**Plaintiff's Response: Paragraph 67 was included in the sworn affidavit of the plaintiff. The Plaintiff became unable to perform the essential duties of her job as a police officer; she lost her employment; she lost her career; she lost her identity and sense of self-worth; she lost her home. These facts are admissible and the plaintiff is competent to testify to them.**

68. The Post Traumatic Stress Disorder  (PTSD) found by the psychiatric medical

panel is a "personal injury."   The Panel made its finding because the predominant contributing

cause of this personal (emotional) injury is an event or series of events occurring within the

Revere Police Department, the City of Revere and its authorized agents.

*Defendants's Objection*: *Objection.   The documents in question speak for themselves.   Plaintiff Fernandez's mischaracterization of the documents is inadmissible, not to mention grossly inaccurate.*

**Plaintiff's Response: Paragraph 68 was included in the sworn affidavit of the Plaintiff. The administrative  decision of the panel is admissible; the plaintiff is competent to testify about this decision.**

69. The City of Revere did not serve me with a notice of appeal of PERAC's decision.

*Defendant's Objection*: *Objection.  Irrelevant.*

**Plaintiff's Response: Paragraph 69 was included in the sworn affidavit of the Plaintiff. M.G.L.c. 30A provides appeal rights for administrative determinations make pursuant to 840 CMR 10:00 et seq. If the appeal is not exercised in a timely manner, the administrative decision becomes final. Exercising the appeal requires serving the Plaintiff with the notice of appeal. The Court can take judicial notice of this law and recognize the administrative decision.  The Plaintiff is competent to testify that she did not receive a notice of appeal; the administrative decision became final at the end of the appeal period. The Defendants are collaterally estopped from relitigating the issues of this case.**

70. I filed a verified complaint in the Suffolk Superior Court on September 30, 2003. PERAC made its decision-**Exhibit J**-on September 20, 2004.   The Defendants removed the complaint to the Federal District Court on December 11, 2003.

*Defendants' Objection*: *True, but Irrelevant.*

**Plaintiff's Response: Paragraph 70 was included in the sworn affidavit of the Plaintiff. The administrative decision in Exhibit J resolved many outstanding issues in the Plaintiff's**

**Verified Complaint.  The resolution of these issues constitute the basis of the Plaintiff's Motion for Summary Judgment.**

<u>**Conclusion**</u>

The Affidavit filed by the Plaintiff in her Motion for Summary Judgment satisfies the prerequisites stated in Fed. R. Civ. P. 56(e). The Plaintiff's Affidavit is proper, is in compliance with the Federal rules and should be considered in its entirety as part of the Plaintiff's pending Motion for Summary Judgment.

Respectfully submitted,

By her attorney,

/s/ James S. Dilday_____
James S. Dilday, BBO# 124360
Dilday & Associates, LLC
27 School Street, Suite 400
Boston, MA 02108
(617)227-3470

Dated: 3/3/08

<u>**Certificate of Service**</u>

I, James S. Dilday, hereby certify that I caused to be served a true copy of the foregoing document upon electronic filing via the CM/ECF Pacer system.

/s/ James S. Dilday_____
James S. Dilday

Dated: 3/3/08