UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12499 MLW

| | |
|---|---|
| TERRI L. PECHNER-JAMES and SONIA FERNANDEZ<br>    Plaintiffs | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF REVERE, THOMAS AMBROSINO, MAYOR, CITY OF REVERE POLICE DEPT. TERRENCE REARDON, CHIEF OF POLICE, BERNARD FOSTER SALVATORE SANTORO, ROY COLANNINO, FREDERICK ROLAND, THOMAS DOHERTY JOHN NELSON, JAMES RUSSO MICHAEL MURPHY and STEVEN FORD<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF SONIA FERNANDEZ'S RESPONSE TO ORDER OF APRIL 1, 2008 AND DEFENDANT TERRENCE REARDON'S MOTION FOR SUMMARY JUDGMENT ( DOCKET NO. 29)**

**Background**

The Defendants filed -Docket No. 29-Motion For Summary Judgment by Terrence Reardon; the court recorded that motion on March 1, 2005. The Plaintiff filed a response to Docket No. 29. The Plaintiff filed a Motion for Summary Judgment with Supporting documents: **Docket Nos: 284, 285, and 286.** The Plaintiff hereby incorporates her earlier response to Docket No. 29; she also incorporates the Statement of Material Facts, the Affidavit of Sonia Fernandez and all the documents and exhibits filed in support of her Motion For Summary Judgment in response to Docket No. 29.

The Magistrate-Judge entered 'Report and Recommendations, it recommended that the Court allow the motion for summary judgment requested in Docket No. 29. Objections to the Report and Recommendations were due by October 26, 2005. The Plaintiff, filed the objection required by Rule 72; the court recorded the Plaintiff's

objection on October 20, 2005. The Plaintiff also filed **Docket No. 97**-Memorandum on Municipal Liability; the court recorded this memorandum on October 20, 2005.

Chief Judge Wolf denied the Report and Recommendations of the Magistrate-Judge in **Docket No. 136**; the court recorded this on March 20, 2006. Discovery has been completed since Judge Wolf's decision in **Docket No. 136**.  Co-Plaintiff, Terri Pechner James has settled her case-Docket No. 271.  Plaintiff, Sonia Fernandez, has filed : Motion for Summary Judgment & Affidavit-**Docket No. 284**; Statement of Material Facts-**Docket No. 285**; Memorandum in support of Plaintiff's Motion For Summary Judgment with Supporting Exhibits-**Docket No. 286**; the court recorded these pleadings on January 23, 2008.

The Municipal Defendants have filed their own separate Motion For Summary Judgment. The Defendants have responded to Plaintiff's Motion For Summary Judgment and Plaintiff has replied to their responses. On March 20, 2008, the Magistrate-Judge requested "courtesy copies of all papers related to the motions for summary judgment (including motions, memoranda in support or in opposition, affidavits, exhibits, statements of facts, etc.) in Clerk's Office no later than Thursday, March 27, 2008. The documents should be clearly labeled: "**COURTESY COPIES-NOT FOR DOCKETING.**" The Plaintiff provided a timely courtesy copy to the court.

On April 1, 2008, the Magistrate-Judge issued the following electronic ORDER:

> On January 23, 2008, the City of Revere and its Police Department filed a summary judgment (Docket No. 281). Within the motion, defendants state that Mayor Thomas Ambrosino and Chief Reardon "are reasserting their own previously filed motions for summary judgment, dated March 30, 2005, and February 28, 2005, respectively." The motions previously filed by Ambrosino and Reardon were DENIED by Chief Judge Wolf on March 20, 2006 (Docket No. 136). In his Order, Chief Judge Wolf stated, "If municipal liability remains an issue in this case, the court will have to identify the final policy maker or policymakers for the City of Revere. At this point, Ambrosino or Reardon or both could be an official policymaker. It is, however, not possible to make this determination on the present record. Therefore, it is not appropriate to dismiss Ambrosino or Reardon in their official capacities". Now that discovery is closed, both Ambrosino and Reardon apparently wish to renew their motions for summary judgment. The Court will consider the motions renewed insofar as they relate to the claims by Plaintiff Fernandez. The motions shall be incorporated by reference into Docket No. 281.

2

**Argument**

1. **Chief Reardon is not a policymaker for the purposes of this case; the Plaintiff's voluntary dismissal of Chief Reardon would have claim preclusive effect but not issue preclusive effect**

Determining who is a policymaker for a municipality is a "legal question to be resolved by the trial judge before the case is submitted to the jury". <u>Jett v Dallas Independent School District</u>, 49 U.S. 701, 737. The relevant legal materials include the "state and local positive law" as well as the "custom and usage" having the force of law." Id at 737 [citing <u>City of St. Louis v Praprotnik</u>, 485 U.S. 112 (1988). A single decision of a policymaker may establish municipal liability binding the City. <u>Pembauer v City of Cincinnati</u>, 475 U.S. 469 (1986).

The positive law of the Commonwealth of Massachusetts-M.G.L.c. 43 § 56-61 and the positive law of the City of Revere-Regulations 2:09:10 and 2:60:30. The positive law makes it clear that the Mayor and the City Council are the policymakers. The positive lawof the City of Revere, like the positive law of the City of New Bedford, clearly establish that the Chief of Police who is appointed by the mayor and confirmed by the City Council, complies with and "executes the orders of the Mayor." **See Docket No. 97.**

The "custom and usage" of the City of Revere is clearly stated by both Chief Reardon and Mayor Ambrosino in their Supplemental Responses to Interrogatories attached as **Exhibit T** to Plaintiff's Motion For Summary Judgment. The Plaintiff's Interrogatory No.2(c) to Terrence Reardon seeks the following information:

> 2. Please identify all employment held from your seventeenth birthday until the present:
> (c) The positions and ranks held while so employed;

The Defendant's Supplemental Answer states:

> S.A. Furthering 2.c. above, I have held the following positions and ranks with the Revere Police Department:
>> Chief of Police- January 2002 –present

3

> Lieutenant- October 1994-January 2002
>
> Sergeant-January 1991-October 1994
>
> Patrolman-April 1986- January 1991

Terrence Reardon was an "agent" or "employee" of the Revere Police Department since April 1986. He has been an "agent" or "employee" for a period that exceeds two decades. His success in the Revere Police Department is both noteworthy and remarkable. He was a patrolman for approximately five years; he was a sergeant for approximately three years; he was a lieutenant for almost eight years; he has been the Chief of Police for almost seven years.

Chief Reardon's lengthy and successful work history detailed in his Supplemental Response to Interrogatory No.2.(c) contrasts sharply with his extremely limited knowledge and education on the issue of sexual harassment indicated in his response to Interrogatory No.3.  The Plaintiff's Interrogatory No.3 states:

> Describe your training in:
>
> a. The provision of services to victims of sexual harassment.
>
> b. The identification of instances of sexual harassment

The content of the Defendant's Supplemental Answer defines the "custom" and "usage" of the policymakers of the City of Revere. His response states as follows:

> S.A. Further answering, I attended a sexual harassment seminar in February 1996, and I am familiar with the Revere Police Department's Sexual Harassment Policy.

Chief Reardon, by his answer, concedes that in more than two decades as an "agent" or "employee" of the policymakers he has attended only **one** sexual harassment seminar. Chief Reardon states as part of his response that he was familiar with the Revere Police Department's Sexual Harassment Policy." The Sexual Harassment Policy is dated April 1, 1999. Section 14.6 of the Policy provides for contacting the Appointing Authority {Mayor/City Council] or designee under appropriate circumstances. The Policy lists the following examples of sexual harassment:

4

I. Displaying sexual suggestive pictures, objects, cartoons or posters**. [See Paragraphs 62, 63, 64] of Plaintiffs complaint.**

M. Sexual epithets, jokes, written or oral references to sexual conduct, gossip regarding one's sex life; comments on an individual's body, comments about an individual's sexual activity, deficiencies or prowess. **[See Paragraphs 35, 36-47] of Plaintiffs complaint.**

N. Language in another's p[resence or conduct even if not directed to said individual-once it is known that [s]he objects**. [See Paragraphs 52-64 & Paragraphs 70-77] of Plaintiffs complaint.**

The violations described above have been described in the Plaintiff's complaint to the Massachusetts Commission Against Discrimination (MCAD), the Public Employee Retirement Administration Commission (PERAC) and her civil complaint filed with the Suffolk Superior court in October 2003. Chief Reardon, by his own admission, was appointed in January 2002.

The extent of the administrative negligence practiced by the policymakers is evident from Chief Reardon's Supplemental Answers, and Further Supplemental Answers to Plaintiff's Interrogatory No. 21; that Interrogatory asks:

> 21. At any time, did you and/or the Revere Police Department supply or give to the City of Revere and/or its mayor, any documents concerning the employment of the Plaintiff with the Revere Police Department. If so, please identify the documents provided, the dates on which such documents were provided, the person to whom the documents were provided and the person providing the documents?

Chief Reardon states the following in his further supplemental answers:

> Further S.A. Further supplementing this answer, I did not provide the mayor with any documents concerning Plaintiff's employment with the City of Revere.

5

The Chief's first response was evasive. His Supplemental Answer was lengthy, more detailed and revealing; it stated:

> S.A. I have no idea if any documents were provided to the Mayor, as opposed to the City Solicitor, and there would be no record of such in the ordinary course of business

This response does not address whether any such documents were provided to the Revere City Council even though the Interrogatory specifically states "to the City of Revere and/or its mayor". It is fair to assume that if no documents were provided "in the ordinary course of business" to the Mayor then none were provided to the City Council.

Despite the language of the Sexual Harassment Policy, despite the positive law of the Commonwealth of Massachusetts, despite the positive law of the City of Revere. Chief Reardon, according to his Supplemental Answers, worked as the "agent" or "employee" of a policymaker that has no administrative mechanism with which to deal with complaints of sexual harassment "in the ordinary course of business."

"When a supervisory official is placed on actual notice…administrative negligence can rise to the level of deliberate indifference." <u>Kolisek v Nelson</u>, C.A. 92-12820 MLW, 2000 U.S. District, LEXIS 13355 citing <u>Barrie v Grand County, Utah</u>, 119 F 3d. 862, 868-69 (10th Cir. 1997). Actual knowledge creates deliberate indifference. Chief Reardon became Chief in January 2002, more than one year before the Plaintiff filed her civil action; he participated in her administrative request for retirement disability. He had actual notice of the Plaintiff's complaint. His deliberate indifference, as an "agent" and "employee" of the policymakers was implementation of the "custom and usage" of the City of Revere.

The motion that Chief Reardon seeks to reasset is fatally flawed and based on caselaw from 1937. It is difficult to understand why a motion that has as its central argument: **"These incidents occurred before Chief Reardon's tenure as Police chief**

6

**of the City of Revere"** is being renewed. The emphasis of the motion is on the personal involvement and the personal responsibility of Terrence Reardon. **Docket No. 136** states:

> In the proceedings before the Magistrate Judge, plaintiffs clarified that neither Ambrosino nor Reardon is being sued in his individual capacity**. Docket No. 136- Memorandum and order by WOLF, D.J.**

The repeated argument is a denial of individual responsibility but it is unavailing because it has already been determined that Chief Reardon is not being sued in his individual capacity. Liability against the City of Revere is premised on the legal basis that a municipality could be liable in certain cases when its agents and employees committed constitutional violations in their execution of the policy or custom of the municipality. Gonsalves v City of New Bedford, 939 F. Supp. 915 (1996). In addition, Docket No. 29 fails to comply with the requirements of Local Rule 56.1 and Fed. R. Civ. P. 56 and should be dismissed for that reason alone.

Chief Reardon is not being sued in his individual capacity, he is the "agent" and "employee" of the City of Revere; he was, in many instances, the agent of the deliberate indifference practiced by the municipality. The positive law of both the Commonwealth of Massachusetts and the City of Revere do not support Chief Reardon as the policymaker of this municipality. Under these circumstances, it is appropriate for the Plaintiff to voluntarily dismiss her claim against Chief Reardon while maintaining her causes of action against the municipality.

The voluntary dismissal of claims against Chief Reardon is consistent with Judge Wolf's ruling in **Docket No. 136** and the absence of personal liability. The dismissal will have a claim preclusive effect and will bar any attempt to relitigate the same claim against the Chief. The dismissal will not however have an issue preclusive effect on any remaining factual questions, it will not have an issue preclusive effect on the issues of deliberate indifference, agency or employee status and any factual issue that has not been subject to prior adjudication. **See Docket No. 251**. See United States v Cunan, 156 F.3d 110, 114 (1st Cir. 1998). Some issues have been subject to prior adjudication-**Docket**

**Nos: 284 & 251**; the Chief can be called to testify on the issues that remain, if they are not decided by the court prior to trial. See <u>Wilson v Town of Mendon</u>, 204 F. 3d 1,7 (1st Cir. 2002) which held that an individual can sue the city without also proceeding against officers who committed underlying constitutional violations. See also <u>Amadeo v Principal Mut. Life Ins. Co</u>. 290 F. 3d. 1152, 1159 (9th Cir. 2002).

          Respectfully submitted,
          By her attorney,

          /s/ James S. Dilday_____
          James S. Dilday, BBO# 124360
          Dilday & Associates, LLC
          27 School Street, Suite 400
          Boston, MA 02108
          (617)227-3470

Dated: 4/14/08

## Certificate of Service

    I, James S. Dilday, hereby certify that I caused to be served a true copy of the foregoing document upon electronic filing via the CM/ECF Pacer system.

          /s/ James S. Dilday_____
          James S. Dilday

Dated: 4/14/08